UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

STIPULATION AND AGREED ORDER RESOLVING
PLAINTIFF BLANCA IRIS MARRERO'S MOTION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth and PBA pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Stability Act* ("PROMESA"),[2] and Blanca Iris Marrero ("Movant") hereby stipulate and agree as follows:

**RECITALS**

**The Postpetition Action**

A. On March 19, 2021, Movant alleges that she slipped and fell on a sidewalk outside of a government building. On January 3, 2022, Movant filed an action, captioned *Marrero Rosario v. Departamento de Seguridad Publica, et al.*, Case No. SJ2022CV00O13 (the "Postpetition Action"), in the Court of First Instance in the San Juan Superior Court (the "Commonwealth Court") against the Commonwealth, the Puerto Rico Department of Justice, the Puerto Rico Police Department, and PBA (collectively, the "Government Parties"), together with certain other parties, relating to the alleged slip and fall, and seeking damages in an amount of "no less than $300,000." *Id.* at 5.

B. On April 4, 2022, the Commonwealth filed a notice of injunction (the "Injunction Notice") in the Postpetition Action, notifying the Commonwealth Court of the occurrence of the Plan Effective Date and the Discharge Injunction (both as defined below). On May 19, 2022, the Commonwealth Court issued a partial judgment staying the Postpetition Action.

**The Commonwealth's and PBA's Title III Cases**

C. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA Section 315(b), filed a voluntary petition with the United States District Court for the District of Puerto Rico (the "Title III Court") for relief pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

D. On September 27, 2019, PBA, by and through the Oversight Board, as PBA's representative pursuant to PROMESA Section 315(b), filed a voluntary petition with the Title III Court for relief pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case").

E. On January 18, 2022, the Title III Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Commonwealth Plan").

F. Section 92.3 of the Commonwealth Plan and decretal paragraph 59 of the Confirmation Order provide for, among other things, an injunction from and after the effective date of the Commonwealth Plan on the prosecution of claims discharged pursuant to the Commonwealth Plan (the "Discharge Injunction").

G. On March 15, 2022, the effective date of the Commonwealth Plan occurred, and the Commonwealth Plan was substantially consummated (the "Plan Effective Date"). [ECF No. 20349].

**Movant's Administrative Expense Motion**

H. On June 12, 2022, Movant filed *Plaintiff Blanca Iris Marrero's Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 21192] (the "Motion"), seeking allowance of an administrative expense claim of $300,000 (the "Tort Claim"). Movant concurrently filed a proof of Administrative Expense Claim (POC No. 180384) (the "Administrative Expense POC").

I. On August 26, 2022, the Debtors filed the *Debtors' Objection to Plaintiff Bianca Iris Marrero's Motion for Allowance and Payment of Administrative Expense Claim* [ECF No. 21931].

J. The Debtors and Movant subsequently met and conferred and have resolved the Motion and Administrative Expense POC as set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Stipulation") shall become effective upon entry of an order of the Title III Court approving the terms and provisions hereof (the "Stipulation Effective Date").

2. The Motion is hereby withdrawn, with prejudice.

3. The Administrative Expense POC shall be deemed withdrawn with prejudice.

4. From and after the Stipulation Effective Date, the Discharge Injunction is modified solely to the limited extent necessary for Movant (i) to continue the Postpetition Action, including, without limitation, any appeal thereof, solely against the following insurance policies for the Government Parties and the applicable insurers pursuant to the Puerto Rico Insurance Code, Title 26 Laws of Puerto Rico Annotated Section 2003 *et al.* and/or additional statutes applicable to direct actions against an insurer party and related policies: (a) Triple-S Propiedad and (b) MAPFRE PRAICO Insurance Company (such insurers collectively, the "Insurers", and such policies collectively, the "Insurance Policies"), which have filed appearances in the Postpetition Action, and (ii) to seek discovery, including requests for admissions, production of documents, and taking of depositions, from the Government Parties in connection with the Postpetition Action.

5. To the extent that it does not impede a direct action against the Insurance Policies, subject to policy limits, Movant releases the Government Parties, including its agencies, related entities constituting the central government, as listed at [ECF No. 2828], and its covered territorial instrumentalities, approved by the Oversight Board at its September 30, 2016 meeting [ECF No. 1299-15 in Case No. 17-3567], from any claim or cause of action, whether known, unknown, asserted or assertable directly or derivatively, fixed, contingent, matured, unmatured, disputed, undisputed, in law, equity or otherwise, and whether asserted or unasserted, that arose, in whole or in part, prior to the Plan Effective Date, including, without limitation, claims arising from or relating to the Postpetition Action, the Motion, or the Administrative Expense POC; _provided, however_, the foregoing shall not be deemed to release the Government Parties solely to the limited extent to allow Movant to assert direct claims against the Insurers or the Insurance Policies, and for the Insurers to make distributions pursuant to the applicable Insurance Policies.

6. The Commonwealth, PBA, and Movant represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

7. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; or (b) a waiver of the Commonwealth's or PBA's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movant, or assert any related rights, claims, or defenses and all such rights are reserved.

8. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities except as expressly provided in this Stipulation, (b) evidence of any willingness or obligation on the Commonwealth's or PBA's part to consent to any other or future modifications of or relief from the Discharge Injunction or any injunction with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Plan or Confirmation Order. The Government Parties and Movant reserve all rights, defenses, and protections with respect to any matters pending or that may arise in connection with the Plan, the Confirmation Order, the Postpetition Action (including, without limitation, with respect to any discovery in connection therewith), and the Administrative Expense POC.

9. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

10. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

11. This Stipulation shall be binding on the parties' successors and assigns.

12. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

13. The Title III Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

Dated: March 29, 2023

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| **PROSKAUER ROSE LLP** | **LAW OFFICES OF F. VAN DERDYS** |
| */s/ Brian S. Rosen* | */s/ Fernando Van Derdys* |
| Martin J. Bienenstock (pro hac vice) | Fernando Van Derdys, Esq. |
| Brian S. Rosen (pro hac vice) | USDC-PR No. 201913 |
| | |
| Eleven Times Square | P.O. Box 9021888 |
| New York, NY 10036 | San Juan, Puerto Rico 00902-1888 |
| Tel: (212) 969-3000 | Phone: 787.519.2211 |
| Fax: (212) 969-2900 | fvanderdys@gmail.com |
| | |
| | *Attorney for Movant* |

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704

250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth and PBA*

SO ORDERED.

Dated: March 29, 2023

                                                                /s/ Laura Taylor Swain
                                                              LAURA TAYLOR SWAIN
                                                             United States District Judge