**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **In re:** | **PROMESA** |
| **THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO** | **Title III** |
| **as representative of** | **No. 17 BK 3283-LTS** |
| **THE COMMONWEALTH OF PUERTO RICO, et al** | |
| **Debtors** | |

**MOTION FOR RELIEF FROM STAY
RESPECTING SECOND CAUSE OF ACTION (ATTORNEYS FEES)
IN *ARES ET AL V. SECRETARY OF LABOR*
AFTER COMPLETION OF CONFERRAL PROCESS**

**TO THE HONORABLE JUDGE LAURA TAYLOR SWAIN:**

**NOW COMES the attorney for PETITIONERS** in the *Mandamus* case of *Ares et al v. Secretario del Trabajo, Civ. No. SJ2017CV02280,* part of a group of seventeen (17) long-time employees of the Department of Labor of the Commonwealth of Puerto Rico[1] who requested mandamus relief against the Secretary of the Department, respecting an alleged violation of their right to an early retirement pursuant to Law 211-2015. Among other things, the petitioners in the above-referenced case indicated that their inclusion in the above retirement plan would represent a savings for the Government of Puerto Rico.

The original Mandamus petition (copy appended hereto) pled *two causes of action*. The first cause of action, pursuant to Mandamus jurisdiction, was based on the ministerial

---

[1]The original petitioners in the *Mandamus* petition are: Gilberto Ares Candelaria; Nilda P. Barbosa Rodriguez; Ana E. Collazo Guzmán; Arnaldo Colón Colón; Melvin Colón Vélez, Angel L. De Jesús Fernández; Maribel García Cruz; Carlos González Juarbe; Marilyn Hernández Santiago; Carmen D. López Hernández; Tomás Montañez Rosado; Julia T. Pena De Jesús; Evelyn Pratts Collazo; Norma I. Rivera Nieves; Edna Sáez Sánchez; Manuel F. Sánchez Incle and Juan D. Sierra Ortega**.**

duty of the Secretary of Labor to include all of the petitioners in the above-mentioned retirement program. As of approximately two weeks ago, after more than five years of litigation, each and every one of the 17 original petitioners has either accepted alternative voluntary retirement or has had his/her right to the Act 211 "pre-retirement" affirmed by the Courts of Puerto Rico and eventually agreed-to by the Commonwealth. Accordingly, there is absolutely no legal issue remaining with respect to the mandamus action itself.

This lift-stay request is addressed exclusively to the *second cause of action*, related to **attorneys fees** for undersigned counsel who has successfully represented the petitioners for over five years without charging for her services.

The request is made pursuant to a special (and quite unusual) law of Puerto Rico, Law 402 of 1950, 32 LPRA sec. 3114 et seq, which prohibits attorneys who successfully pursue *any* claims by employees against their employers from charging *any* amounts to their clients under threat of a potential law suit against them and ethical issues. *See, Berkan/Méndez v. Mead Johnson, 204 DPR 183 (2020). Berkan/Méndez v. Mead Johnson, 204 DPR 183 (2020)* (affirming the interpretation of Law 402 put forth by the undersigned); See, also, *In re Martí, 2016 TSPR* 1; and *In re Rivera Franco, 169 DPR 237 (2006)* (concerning the ethical violations.)

It should be noted that under the statutory framework under Law 402, the request for attorneys fees is separate from the original action. It is a cause of action for which the *attorneys* can file separately from the employees, once there has been a successful resolution of the underlying case, but no agreement on attorneys fees. See, *Berkan/Méndez v. Mead Johnson,* op cit. Accordingly, this *second cause of action* did not accrue until the final resolution of the underlying matter.

2

The tortuous history of the case can be summarized as follows: Several years ago, the underlying *mandamus* case was stayed, provoking several requests for Relief from the Stay imposed by the San Juan Superior Court, at the behest of the Government of Puerto Rico. *See, eg.* Docket 3691, Docket No. 3725.

This Court issued a Memorandum Order denying the Motion for Relief from Stay, at Docket No. 3751. After exhausting the meet-and-confer process mandated by the operative Case Management Order, the petitioners moved this Court for relief from the Stay. Following significant efforts and conversations among the parties, the Stay was lifted pursuant to a Settlement, which prohibited the final "execution" of any judgment. Thereafter, the Commonwealth answered the Petition/Complaint which had been filed in October of 2017, a trial was held, and the mandamus was issued. This was confirmed on appeal; there were then subsequent proceedings, and finally, the underlying case was resolved. All petitioners are currently enjoying their retirement benefits as required.

As noted above, however, count "b" on the separate statutory fees has not yet been addressed for reasons which will be set forth below.

The undersigned **hereby certifies** that prior to filing this motion, she utilized the meet and confer procedures required under the Management Order, by sending a request to the listed attorneys, dated February 7, 2023, to reach an agreement which would allow her to seek and obtain attorneys fees for this hard-fought struggle, for which she has received no compensation whatsoever. A copy of the February 7th letter and its attachments are appended hereto.

The attorneys to whom the letter was addressed have not responded to the same.

3

## **PROCEDURAL BACKGROUND**

The original mandamus action in the local court, presented on **October 31, 2017** (i.e. *after* the Title III action) addressed the failure of the Department of Labor and Human Resources and its then secretary, to perform the ministerial duty which would have mandated the pre-retirement of the petitioners pursuant to Law 211-2015 "pre-retirement" program (later amended by Law 106-2017, by Law 262-2018) and more recently by Law 72-2019.

After the Superior Court initially issued a ruling in favor of the petitioners on a preliminary issue back in late 2017, the Government requested discretionary review in the Puerto Rico Court of Appeals (TA). When the Government failed to prevail on the interlocutory appeal and on its request for reconsideration thereof, it notified the PROMESA Stay, and the case was paralyzed for over a year.

The progress of the Interlocutory Appeal was as follows:

The Government requested discretionary review in <u>Ares et al v. Secretario del Trabajo, KLCE 20180076</u>. The Government also presented a Motion to Stay the case below, which was granted immediately by the Court of Appeals pending action on the petition for discretionary review. It should be noted that this Stay was procedural and had nothing to do with the Title III case.

On February 28, 2018, however, the Court of Appeals in the case ***denied*** the Petition for discretionary review (*"certiorari"*) and lifted the Stay previously ordered. On March 14. 2018, the Government presented a Request for Reconsideration regarding the denial of its petition for discretionary review, which was denied on March 27, 2018.

On April 4, 2018, the Government presented to the Superior Court a *"Notice of Stay*

*of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of PROMESA."* Attached to the "Notice" was a copy of the "Fourth Amended Case Management Procedures" issued by this court on that same day, April 4, 2018.

On April 20, 2018, the Superior Court issued Judgement in <u>Ares et al v. Secretario del Trabajo</u>, *Civ. No. SJ2017CV02280,* which reads in its entirety as follows:

> ### JUDGMENT
>
> The Department of Justice of the Government of Puerto Rico has appeared through a *"Notice of Stay of the Procedures by Virtue of the Petition presented by the Government of Puerto Rico under Title III of Promesa.,"* in which it requests a stay of the proceeding, pursuant to Sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under Section 301(a) of Promesa, 48 USC §2161(a).
> To that effect, a Judgment is issued declaring the stay of the proceedings in this case.
> We reserve jurisdiction expressly to declare the reopening [of the case], at the request of the interested party, in case the stay order is lifted at any time after the date of the current judgment and the interested party appears before this forum requesting the continuation of the proceedings.

On May 24, 2018, the Court of Appeals in <u>Ares et al v. Secretario del Trabajo, KLCE 20180076</u> issued the *Mandate* with respect to the denial of the Petition for Interlocutory Review (*certiarori*) which had been requested by the Government. By that time, however, the Superior Court had already stayed the case.

Thereafter, further efforts were made to be able to litigate the case, with the presentation of requests to lift the stay directed at this Court. *See, eg., Doc. Number 3476-1 in the instant case.*

These efforts eventually resulted in a Stipulation and an agreement to modify the Stay, to permit litigation of the action. This was finally done in August of 2019, when a

5

stipulation was signed by the parties, allowing for "modification of the Title III Stay, to the limited extent necessary to proceed to final judgment," short of execution.

By Motion dated September 17, 2019, the attorneys for the Government this Court they were joining the lift-stay relief contemplated in the aforementioned agreed upon modification of the stay. *See, Docket No. 8825 in 17 BK 3283-LTS; see, also, Stipulation regarding the Lifting of Stay, both documents appended hereto.*

Following the lifting of the stay by this Court, the parties in *Ares v. Secretary,* continued the litigation. After several hearings and a trial, on July 15, 2020, Judge Judge Laurecelis Roqués) of the Extraordinary Remedies Section of the Court of First Instance in San Juan ("TPI") issued a Judgment finding in favor of the petitioners. *See, Attached Judgment of July 15, 2020 in Case No. SJ2017CV02280.* Judge Roqués, however, explicitly reserved decision any determination on the *Second Cause of Action* (for statutory attorneys fees), because in her understanding, "the Stipulation for the modification of the Stay excluded from her consideration all "*monetary claims.*"[2]

The Commonwealth appealed the Judgment to the Puerto Rico Court of Appeals, in Case No. 2020-0715. On November 18, 2020, the Court of Appeals (TA) affirmed the Judgment, modifying it, however, to return the matter to the Office of Management and Budget (OPG) "to reevaluate the viability of funds taking into account the current economic situation of the agency." *November 18th TA Judgment, at page 26 (translation of pertinent language provided).*

---

[2] Note that the undersigned disputes this interpretation on the basis of (1) the language of the Stipulation; and (2) the nature of statutory attorneys fees, which have been analyzed in the analogous Eleventh Amendment context. *See, for example,* <u>Fitzpatrick v. Bitzer</u>, *427 U.S. 445 (1976) (discussing waiver and Section 5 of the 14th Amendment).* There is a difference between money claims - which were not involved in this case about pre-retirement - and a claim for statutory fees.)

This was followed by close to two years of administrative bureaucracy, coupled with several hearings in the Superior Court. Eventually all of the petitioners were "pre-retired" appropriately (upon the required positive feedback from OPG regarding budgetary impact). According to representations the trial attorney for the Commonwealth, Department of Justice (DOJ) attorney, Susanne Lugo, made to the Superior Court, the FOMB was consulted throughout the process.

On December 9, 2022, the DOJ presented a motion to the TPI, affirming that the underlying issues in the case, concerning the pre-retirement of the petitioners, were finally resolved. We quote from the motion, Entry Number 120 in SUMAC, in the original Spanish:

> Este Honorable Tribunal ha ordenado a las partes a mantenerlo informado de cualquier desarrollo relacionado al cumplimiento con las órdenes dictadas en el presente caso.
>
> 2) Conforme a ello, el compareciente informa que la Oficina de Gerencia y Presupuesto (OGP) aprobó el planteamiento sometido en agosto de 2022. Este planteamiento tenía el propósito de añadir a los empleados [Fulano y Sutano] quienes eran los últimos dos empleados demandantes que restaban por ser incluidos a los beneficios del Preretiro ….y finiquitar los asuntos concernientes con la sentencia adversa en este caso.
>
> … 3) Ante ello, toda vez que todos los trámites requeridos a la Agencia han sido realizados y no resta acción a realizar por el DTRH para preretirar empleados demandantes, se solicita con el mayor de los respetos que se dé por cumplida la sentencia dictada y se decrete el cierre y archivo del caso de autos.

In compliance with an Order of the TPI, the undersigned presented an Informative Motion to the Superior Court, dated December 19, 2022, in which she advised the court that the underlying issues of pre-retirement had finally been resolved, but that there remained

7

the issue of statutory attorneys fees, stating *inter alia,* as follows:

> On the other hand, the Cause of Action numbered "b", about attorneys fees, remains pending. That cause of action is primarily based on Law 402 of 1950, which prohibits attorneys for employees from charging for their services rendered ... and condemns the employer to pay those fees.
>
> Pursuant to the statutory prohibition, as well as her ethical duty, the undersigned affirms before this Honorable Court that she has not charged any amount for her professional services ...." (*Motion presented December 19, 2022 in Ares v. Sec., 2017-CV02199, Translation provided*)

The undersigned also informed the TPI that on December 19, 2022, she had written to DOJ attorney Lugo, asking for the *DOJ* to *agree to a stipulation lifting any stay with respect to attorneys fees.*[3] In her December 19th email to atty. Lugo, the undersigned specifically invoked the conferral procedures, but stated that "I am writing to you first, but if there is someone else to whom I must direct this request, please let me know. (In the past, I've been told to direct it to the Board's attorneys, but they in turn have told me to direct it to the DOJ.")

Having heard no response from the DOJ, on January 9, 2023, the undersigned sent a follow-up email, dated January 9, 2023, in which she noted that the TPI had set a close deadline for a further report on the matter. That same day, attorney Lugo informed the undersigned that "[e]l asunto ha sido referido a la Secretaría Auxiliar de lo Civil (SAC) [o sea, sus supervisores dentro del Departamento de Justicia] para la determinación

---

[3] It should be observed that the undersigned addressed her request directly to the DOJ at that time, in light of previous experience, since in 2018, when she first attempted to lift the stay, addressing a letter to attorneys Hermann Bauer, Ubaldo Fernánez, Diana Pérez and Andrés López (pursuant to the Case Management Order then in effect), she was instructed to direct her request to the Department of Justice (DOJ).

8

correspondiente. Una vez tenga una respuesta de la SAC, le informaré. Por el momento, no tengo información adicional para brindarle."

It was not until January 18th, 2023, that the DOJ finally expressed its position. It did so in a filing before the TPI titled *"Moción en Cumplimiento de Orden y Oposición a Reapetura (sic) de Segunda Causa de Acción". See, attached.* Rather than address the request by the undersigned made as early as December to lift any remaining stay, the DOJ, now urges the TPI to declare itself *without* jurisdiction to hear the request for attorneys fees, by adopting its view that this Court's January Confirmation Order, and the Injunction enforcing the Adjustment Plan applies to this case. The DOJ has argued before the Superior Court that the claim is barred because there has been no proof of claim filed (this, despite the fact that the underlying case was stayed for years, as a claim against the Commonwealth). This was the *first* time that the Commonwealth raised the aforementioned Confirmation order and Injunction as a bar to the attorneys fees claim. Moreover, it should be noticed that the attorneys fees claim, although first *alleged* in 2017, did not *ripen* until all the matters in the underlying case were resolved in November of 2022, and therefore should not be considered a "claim" covered in any manner by the Adjustment Plan and/or Injunction referenced above.

On March 20, 2023, the Superior Court addressed these matters in a resolution, which held in abeyance the resolution of the separate request for attorneys fees until this matter could be addressed by the instant forum. The Resolution states in pertinent part:

9

> .... por razones de prudencia y autolimitación judicial, dictamos la presente **Resolución** mediante la cual mantenemos en suspenso la solicitud de la parte peticionaria a los fines de que se decrete la reapertura de la causa de acción de honorarios de abogado incluida en la demanda de epígrafe. Ello hasta tanto se nos informe el desenlace de la solicitud cursada por la parte peticionaria a la Junta de Supervisión Fiscal y la AAFAF en virtud de la orden de manejo de caso emitida por el Tribunal Federal en el caso núm. 17-03283.
>
> No obstante, se aclara que este Tribunal aún no ha adjudicado la controversia jurisdiccional aquí reseñada. Por consiguiente, el Tribunal se reserva la facultad para emitir una determinación definitiva sobre este asunto y decretar la reapertura de la reclamación de honorarios de abogado, de ello ser procedente (una vez se conteste la carta cursada por la parte peticionaria o a solicitud fundamentada de las partes). A su vez, las partes podrán dar seguimiento a dicho trámite, por lo que se ordena que mantengan al Tribunal informado sobre cualquier desarrollo pertinente con relación a este asunto. [4]

In other words, the Superior Court is awaiting the determination of the instant request before going forward with its own determination respecting the viability of the second cause of action, for attorneys' fees.

---

[4] .... "On the basis of prudence and judicial restraint, we issue the current Resolution, through which we hold in abeyance the request by **the petiti**oner to have the Court reopen the case n order to address the cause of action re attorneys fees, included in the Complaint in this case. This is until we are informed what has transpired with respect to the request sent by the petitioner to the FOMB and AAFAF, in compliance with the Management Order issued by the Federal Court in Case Number17-03283.

"However, it is clarified that this Court has not yet adjudicated the jurisdictional controversy described (in this resolution). Therefore, the Court reserves the power to issue a definitive determination regarding this matter and to declare the reopening of the attorneys fees claim, if this is appropriate (once the letter sent by the petitioner is answered or on the basis of a reasoned request by the parties.) At the same time, the parties can give follow-up to that effort. Accordingly, they are ordered to keep the Court informed about any development respecting this matter.

## CERTIFICATION REGARDING MEET-AND-CONFER PROCESS

I, Judith Berkan, attorney for the movants, do hereby certify as follows:

1. On February 7, 2023, the undersigned directed an extensive letter *by email* and by messenger to the attorneys for the Oversight Board and for AAFAF, advising them of the intent of the petitioners to request a lifting of the stay and to requesting their engagement in the conferral process.

2. The aforementioned letter included the following: Identity of Movants and contact information; a description of the lawsuit; the amount claimed and cause of action; the status of the underlying claims; and an explanation of the cause as to why the stay should be lifted. *Id.*

3. To date, although several weeks have passed since the above-referenced communication, the undersigned has not received any additional feedback from the atorneys for AAFAF and the FOMB, to whom the original communication had been directed.

4. The motivation for this *renewed* request for a lifting of the stay can be found in the title of the aforementioned letter, as well as in this motion.

5. In addition to the above, the undersigned further complied with the Case Management Order in the PROMESA litigation, by providing attorneys for AAFAF, for the Oversight Board, and for the Commonwealth of Puerto Rico Department of Justice with the following information: Identify of Movants and Contact Information; identification of the cause of action related to attorneys fees; the underlying cause of action and its accrual, the status of the underlying claims, why attorneys fees under Law 402 present a separate cause of action; cause as to why the stay should be lifted

6. Section 362(d)(1) of Title 11 of the United States Code, incorporated into Section 201 of the PROMESA law, *48 U.S.C. 2161 et seq,* provides for the relief from the automatic stay for "cause." Although "cause" is not defined, this court has looked to the factors enunciated in the bankruptcy context by the Second Circuit in *In re Sonnax Indus, Inc., 907 F.2d 1280, 1286 (2nd Cir. 1990),* to address such questions.

7. Factors applicable to such stay decisions include, but are not limited to: the following: (1) the relationship between the action and the bankruptcy case; (2) whether relief would result in a partial or complete resolution of the issues; (3) whether litigation in another forum will prejudice the interests of other creditors; (4) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; and (5) the impact of the stay on the parties; and the balance of harms. *Goya Foods v. Ulpiano Unanue-Casal, et al, 159 B.R. 90, at 95-96 (D.P.R. 1993).*

8. In the instant case, there is basically no relationship between the Title III filing and the request for attorneys fees. The Litigation would completely resolve the second cause of action; allowing the Litigation to proceed will cause no prejudice the interests of other creditors; the cause of action did not accrue until approximately one month ago (and is therefore neither a pre-petition action nor one which is covered by the recent Injunction and Approval; the "interest of judicial economy and the expeditious and economical determination of litigation" clearly favors allowing this case to go forward. The second cause of action is a simple matter, which in all likelihood will be resolved expeditiously on the basis of motion papers. Pursuant to an equitable analysis of the "impact of the stay on the parties and the balance of harms," the granting of relief will allow the undersigned to receive payment for some of the five years of uncompensated labor, just to assure

compliance with the government's ministerial duties. An equitable case-by-case balancing of the various harms at stake clearly mitigates against the imposition of a stay in this Litigation.

9. Not a single one of the attorneys to whom the February 7th letter was addressed responded to the undersigned

/s/ Judith Berkan
*Judith Berkan*

It is respectfully submitted that the facts set forth herein are more than sufficient to justify the failure of the petitioners' undersigned counsel to further meet and confer with the Debtors' attorneys, who simply have ignored her requests to agree to lift the stay or otherwise resolve this impasse.

WHEREFORE, the undersigned attorney for the Petitioners respectfully requests that this court enter an Order vacating the PROMESA stay issued by the Superior Court in the case of <u>Ares et al v. Secretario del Trabajo</u>, *Civ. No. SJ2017CV02280,* allowing it to resolve the only remaining issue, that of attorneys fees.

### **Attorney Verification under penalty of perjury**:

I, Judith Berkan, do hereby state as follows:

1. I have been a practicing attorney since 1974, admitted to practice in Connecticut that year and in the courts of Puerto Rico in 1980.

2. I represented the petitioners in the *Mandamus* action before the Superior Court of Puerto Rico, <u>Ares et al v. Secretario del Trabajo</u>, *Civ. No. SJ2017CV02280,* and before

13

the Court of Appeals for Puerto Rico, <u>Ares et al v. Secretario del Trabajo,</u> *KLCE 20180076*.

3. I drafted the pleadings, motions and briefs in the aforementioned cases in the Spanish language.

4. I am completely bilingual.

5. All references to translations of the text of Spanish-language documents in the instant motion are based on my own translations.

6. My clients do not have the economic resources to pay for translations of the pleadings, briefs and motions in the above-referenced cases.

7. I also affirmatively state that the asseverations contained in the Certification regarding compliance with the Case Management Order contained at pages 11-13 of this Motion are true and correct.

I make this statement under penalty of perjury and declare it to be true pursuant to the provisions of 28 USC §1746.

In San Juan, Puerto Rico this 17th day of September, 2019.

/s/ <u>JUDITH BERKAN</u>


Respectfully submitted in San Juan, Puerto Rico this 17th day of September, 2019


**Berkan/Mendez**
O'Neill St. G-11
San Juan, P.R. 00918-2301
Tel. (787) 764-0814;Fax (787) 250-0986
berkanmendez@gmail.com

By: /s/ <u>JUDITH BERKAN</u>
    USDC No.200803
    berkanj@microjuris.com

**CERTIFICATION**: This is to certify that this motion is being submitted through the ECF filing system, which will automatically notify all counsel of record.

/s/ JUDITH BERKAN