**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>The Financial Oversight and Management Board for Puerto Rico,<br><br>as representative of<br><br>The Commonwealth of Puerto Rico, et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING PROOFS OF CLAIM OF
JOSEFINA GUINOT-MELÈNDEZ (CLAIM NOS. 169331 & 179649)**

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5532-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Economic Stability Act* ("PROMESA"), [2] on the one hand, and Josefina Guinot-Meléndez ("Claimant" or "Ms. Guinot"), on the other hand, hereby enter into this stipulation (the "Stipulation") regarding Ms. Guinot's proofs of claim (Nos. 169331 & 179649), as follows:

## RECITALS

1. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's sole Title III representative pursuant to PROMESA Section 315(b), filed a voluntary petition with the United States District Court for the District of Puerto Rico (the "Court") for relief pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

2. On April 16, 2019, Ms. Guinot filed *pro se* Proof of Claim No. 169331 ("Claim 169331") in the Commonwealth Title III Case, asserting liabilities associated with an appeal of her dismissal from the Mental Services Administration of Health and Addiction (known by its Spanish acronym, "ASSMCA") made to the Public Service Appellate Commission (known by its Spanish acronym, "CASP"), Appeal No. 2001-07-0054 (the "Litigation"). That same day, Ms. Guinot submitted *pro se* a *Request for Lift of Stay* [ECF No. 7580], which was terminated without prejudice on June 24, 2019, *see* ECF No. 7582.

3. On March 6, 2020, the Commonwealth filed the *One Hundred Seventy-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient and Late-Filed Claims* [ECF No. 12125] (the "One Hundred Seventy-First Omnibus Objection"), which objected to, *inter alia*, Claim 169331.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

4. On March 19, 2020, the Court issued the *Order Granting One Hundred Seventy-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims and Late-Filed Claims* [ECF No. 16132] (the "Order Granting the One Hundred Seventy-First Omnibus Objection"), disallowing, *inter alia*, Claim 169331.

5. On December 8, 2020, through counsel, Ms. Guinot filed a *Renewed Request for Lift of Stay* [ECF No. 15379] (the "Renewed Request for Lift of Stay"), which was withdrawn on January 21, 2021, *see* ECF No. 15686.

6. On July 8, 2021 and August 8, 2021, CASP issued two resolutions in connection with the Litigation (the "CASP Resolutions"), holding, among other things, that Ms. Guinot had been unlawfully dismissed. *See* ECF No. 18532.

7. On October 18, 2021, based on the CASP Resolutions, Ms. Guinot (a) filed the *Motion To Set Aside Order, Informing Receipt Of Resolution, And Requesting Equitable Compensation* [ECF No. 18532] (the "Motion to Set Aside"), asserting that the Order Granting the One Hundred Seventy-First Omnibus Objection should be set aside; and (b) filed superseding Proof of Claim No. 179649 ("Claim 179649") in the Commonwealth Title III Case.

8. On February 4, 2022, the Commonwealth filed the *Four Hundred Fourteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Late-Filed Claims* [ECF No. 20040] (the "Four Hundred Fourteenth Omnibus Objection"), which objected to, *inter alia*, Claim 179649.

9. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Commonwealth Plan").

10. On March 15, 2022, the effective date of the Commonwealth Plan occurred, and the Commonwealth Plan was substantially consummated [ECF No. 20349].

11. As set forth herein, the Commonwealth and Ms. Guinot have reached a consensual resolution of the Motion to Set Aside and the relief requested therein.

**NOW, THEREFORE,** IT IS HEREBY STIPULATED AND AGREED, by and among the Commonwealth and Claimant, through their respective counsel, as follows:

## AGREEMENT

1. The Debtors shall file a notice of this Stipulation (the "Notice") within seven (7) days of execution thereof by the Parties.

2. Upon execution of this Stipulation, Claim 169331 shall be deemed withdrawn in its entirety, with prejudice.

3. The Debtors will transfer into Administrative Claims Reconciliation[3] the portions of the Claim 179649 asserting unpaid back wages and benefits in the amount of $611,000. Ms.

---

[3] This transfer is pursuant to the Court's March 12, 2020 *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"). The ACR Order authorized the Debtors to resolve certain Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance Claims (each as defined in the ACR Order) using the Debtors' existing administrative reconciliation processes ("Administrative Claims Reconciliation") in accordance with the procedures contained in Exhibit A to the ACR Order.

Guinot understands that her requests for the salary and benefits she alleges were wrongfully denied will ultimately be paid in the amount determined appropriate by the relevant agency (*i.e.*, ASSMCA) as required by the ACR Order. Consistent with the terms of the ACR Order, Ms. Guinot will retain all existing rights to appeal ASSMCA's determination as to the amount of her salary and benefits.

4. Kroll Restructuring Administration LLC and the Clerk of the Court are authorized and directed to update the Commonwealth's claim register maintained in the Commonwealth Title III Case to reflect the partial transfer of Claim 179649 and the withdrawal of Claim 169331.

5. Upon execution of this Stipulation, the portions of Claim 179649 seeking (i) compensatory and consequential damages in the amount of $500,000, (ii) punitive damages in the amount of $500,000, and (iii) attorney fees in the amount of $300,000 are deemed withdrawn with prejudice.

6. The Motion to Set Aside is hereby withdrawn as moot, and the Notice shall reflect the withdrawal of the Motion to Set Aside.

7. The Four Hundred Fourteenth Omnibus Objection is withdrawn as to Claim 179649, without prejudice.

8. The parties hereto represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon the parties.

9. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation

of this Stipulation shall be deemed to be, or construed as an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit.

10. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities (except as expressly provided in this Stipulation), (b) evidence of any willingness or obligation on the Commonwealth's part or on Ms. Guinot's part to consent to any other or future treatment of claims with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Commonwealth Plan or Confirmation Order.

11. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

12. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

13. This Stipulation shall be binding on the parties' successors and assigns.

14. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

15. This Stipulation may not be modified other than by a signed writing executed by the parties hereto.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

**STIPULATED AND AGREED TO ON MARCH 30, 2023 BY:**

| **PROSKAUER ROSE LLP** | **SANTIAGO-SASTRE LAW OFFICE** |
|---|---|
| */s/ Brian S. Rosen* | */s/ William Santiago-Sastre* |
| Martin J. Bienenstock (*pro hac vice*) | William Santiago-Sastre |
| Brian S. Rosen (*pro hac vice*) | USDC PR NO. 201106 |
| Laura Stafford (*pro hac vice*) | P.O. Box No. 1801 |
| Eleven Times Square | Sabana Seca P.R. 00952-1801 |
| New York, NY 10036 | (786) 622-3939 |
| Tel: (212) 969-3000 | |
| Fax: (212) 969-2900 | *Attorney for Claimant* |

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth of Puerto Rico*