**Exhibit T**

# Kramer Levin



**Matthew M. Madden**
Partner
**T** 202.775.4529
**F** 212.715.4510
mmadden@kramerlevin.com

2000 K St. NW, 4th Floor
Washington, D.C. 20006
**T** 202.775.4500
**F** 202.775.4510

March 28, 2023

Margaret Dale, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036

Ashley Pavel, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660

Re:  *In re: The Financial Oversight And Management Board For Puerto Rico, as Representative of Puerto Rico Electric Power Authority*, No. 17-04780-LTS

Dear Counsel:

I write on behalf of the Ad Hoc Group, and with the approval of counsel to Assured, Syncora, and the Bond Trustee (together, the "Objecting Bondholder Parties") to follow up on Friday's meet-and-confer about deposition and document discovery related to the Oversight Board's proposed Title III Plan of Adjustment for PREPA (the "Plan").

## I.   Depositions

**Oversight Board Member Depositions.** We have been unable to resolve the parties' dispute regarding the depositions of Oversight Board members other than David Skeel.  In the meantime, and reserving all rights, you agreed to provide available dates for Mr. Skeel's deposition, as well as Mr. Mujica's.  We also plan to depose David Brownstein, Ojas Shah, and William Zarakas between April 10 and April 21—please also provide their available dates.

You asked whether the Objecting Bondholder Parties plan to serve a deposition notice on the Oversight Board under Rule 30(b)(6).  We do not.

As we also discussed during the meet-and-confer, please let us know whether any Oversight Board member has individual counsel in connection with their potential depositions in this case.

Margaret Dale, Esq.
Ashley Pavel
March 28, 2023



**AAFAF Depositions.** On March 15, 2023, at counsel for AAFAF's request and as a courtesy, we sent a letter explaining some of our reasons for seeking to depose four government witnesses and consultants. You still have not confirmed whether and when any of those witnesses will be made available for deposition, and reiterated during the meet-and-confer that you are still considering our request. We understand your view that a 30(b)(6) deposition of witnesses selected by AAFAF may be better suited to answer some or all of our questions on several relevant topics, but we do not plan to forgo these specific individual depositions. We do understand, however, that these individual witnesses could conceivably be designated to testify in response to any Rule 30(b)(6) deposition notice served on their respective government entities, and so we will get back to you promptly on whether and when we intend to serve such a notice on any of those entities.

## II. Document Requests

### A. Proposal for Electronic Searches (Requests Nos. 1, 2, 4, 6)

During the meet-and-confer, we discussed at length the Oversight Board's asserted relevance and overbreadth objections to many of our document requests, and our position that the Oversight Board and AAFAF must reasonably search for and produce all documents and communications responsive to our requests, not only documents relied upon by the Oversight Board in drafting the Plan. We also discussed the Oversight Board's and AAFAF's refusal, except in very limited respects, to search for and produce any responsive communications.

Counsel for the Oversight Board ultimately agreed to consider proposed electronic searches for documents responsive to Requests Nos. 2 and 6 only. By contrast, counsel for the Oversight Board stated that it would not even consider a search term and custodian proposal for any other request, and in particular for Requests Nos. 1 and 4.[1]

Without waiving any rights regarding the scope of our requests, we propose that the Oversight Board search for documents and communications responsive to these requests using the following search parameters.

**Request No. 2** (documents concerning PREPA's ability or plans to obtain the confirmation, effectiveness, or consummation of the Plan, including to secure any necessary approvals of the Legacy Charge, New Bonds, or other Plan components by PREB or by any other entity):

- Proposed Custodians: The "promesa.org" email accounts, other email accounts used to communicate with anyone about PREPA, WhatsApp messages, text messages, or other communications software used by (1) David Skeel; Andrew

---

[1] Counsel for the Oversight Board noted that it was conducting some searches of communications related to its agreement with Vitol in response to Request No. 5 but did not explain the parameters of that search. Please clarify.

Margaret Dale, Esq.
Ashley Pavel
March 28, 2023



Biggs; Hon. Arthur J. González; Antonio Medina; John Nixon; Justin Peterson; Betty Rosa; and Robert Mujica, or (2) other Oversight Board staff members.

- Proposed Time Frame: March 2022–present (and ongoing)

- Proposed Search Terms:

    - PREPA and "confirm!" or "consummat!" or "final!"[2] and ("Plan" or "POA" or "DS" or "Disclos!")

    - ("PREPA" or "PREB" or legislat! or governor) AND ("Legacy Charge" OR "LC" OR "New Bonds" OR "rate!" OR "plan")

**Request No. 6** (communications regarding the Plan or Disclosure Statement):

- Proposed Custodians: Same as above.

- Proposed Time Frame: September 2022–present (and ongoing)

- Proposed Search Terms:

    - (PREPA and "plan" OR "disclosure statement" OR "DS") AND ("rate!" OR "Legacy Charge" OR "Transition Charge" OR "afford!" OR "share of wallet" OR "wallet share" OR "SOW" OR "load forecast" OR "New Bonds" OR "CVI" or "bondholders" OR "Ad Hoc Group" OR "Assured" OR "monolines" OR "debt capacity" OR "debt sustainability" OR "lien!" OR "recourse" OR "non-recourse" OR "vote" OR "approv!" OR "disput!" OR "disagree!" OR "dissent!")

Please let us know as soon as possible if you will agree to run searches using these search terms and parameters and provide the resulting document count so that any burden can be assessed.

### B. The Oversight's Board Assertions of Mediation and Deliberative Process Privilege (Requests Nos. 3, 5, 26)

**Request No. 3** (documents concerning proposed, contemplated, or rejected PREPA rate changes) & **Request No. 26** (documents concerning LUMA requests/proposals for higher rates). You explained your position during the meet-and-confer that any contemplated changes in PREPA's electricity rates, or LUMA's request or proposal for higher rates, would be a public policy determination on which any internal deliberations or communications would be subject to the deliberative process privilege. It is nearly

---

[2] Please note, the "!" in the proposed search terms set forth herein is intended to indicate searching all possible ending of the preceding search term; this may be achieved using whichever symbol or search feature enables this in the search software you are using for your searches.

3

Margaret Dale, Esq.
Ashley Pavel
March 28, 2023



impossible for us to evaluate that assertion without a privilege log, and so we reserve our right to challenge this assertion after receiving a log of responsive documents being withheld. Please confirm if the Oversight Board and AAFAF decline to provide such a log for these documents and generally.

**Request No. 5** (negotiations and agreements with settling creditors). You stated you were prepared to produce responsive non-privileged emails regarding the settlement with Vitol that took place prior to the date on which a common interest privilege attached to such communications (which you assert happened on May 14, 2022). We look forward to this forthcoming production.

You also informed us that based upon your searches and review of documents in response to this request, you are now of the view that all responsive communications with National and the Fuel Line Lenders are subject to mediation confidentiality. Here too, we reserve the right to challenge this assertion after we have reviewed the documents that are produced, and after we have reviewed the Oversight Board's privilege log. Please confirm if the Oversight Board declines to provide such a log for these documents.

### C. Additional Searches and Investigations (Requests Nos. 1, 5, 7, 11, 12, 14, 17, 18, 19, 20, 24, 28, 29)

During the parties' prior correspondence and during the March 24 meet-and-confer, counsel for the Oversight Board represented that you are continuing to investigate and search for non-privileged documents responsive to several requests, and that you would get back to us within a week on the status of these requests.

We identify those requests here to be sure that we are all on the same page. First, in the Oversight Board's letter dated March 22, 2023, you stated that you are searching for additional documents responsive to Requests Nos. 7, 19, 20, 28, and 29. Second, during the meet-and-confer, you further assured us that you are searching for certain additional documents responsive to Requests No. 1(a), (b), (d), (e), (g) and (h), as well as Requests Nos. 5, 11, 12, 13,[3] 17[4], 18, 24. Please provide an update this week on the status of these searches, and when any additional document production will be substantially complete.

---

[3] With respect to Request Nos. 11, 12, and 13, you stated that you would investigate whether there is any factual source material and data underlying the November 8 Proposal, the November 2022 Materials, or the December 13, 2022 SOW Comparisons (as referenced in the respective requests) that was not included in the Mediation Data Room.

[4] Request No. 17 seeks presentations to the Oversight Board and AAFAF concerning PREPA. We clarified that we are not looking only for presentations concerning the Plan itself, but also for presentations on any topics that bear on issues addressed by the Plan. For example, revenues, load, debt burdens, new rates or charges, and other topics. You stated that your review is ongoing, but have continued to assert relevance objections to this request. We remain willing to discuss reasonable limits on the scope of this request once the Oversight Board provides information about the quantity, frequency, or topics of responsive presentations.

Margaret Dale, Esq.
Ashley Pavel
March 28, 2023



### D. Other Follow-Up Items (Requests Nos. 25, 30, 32)

**Request No. 25** (federal funding received, pledged, committed, obligated, or disbursed by the federal government to PREPA since January 1, 2017). We look forward to your future production of the updated version of the document entitled "Permanent Master Tracker 06072022, Index No. 4.17.8.5" from the Mediation Data Room. Once that updated version is produced, we will review and update you on whether the updated spreadsheet resolves this request.

**Request No. 30** (documents concerning work performed on PREPA's 2023 Fiscal Plan). During the meet-and-confer, counsel to the Oversight Board confirmed that new analyses, models, projections, and estimates responsive to our Document Requests would not be withheld from production just because those materials may later be incorporated into a new fiscal plan.

We also asked whether the Oversight Board intends to rely on the new PREPA fiscal plan that is scheduled to be certified on June 2, 2023. The Oversight Board's certification and reliance on a new fiscal plan would fundamentally prejudice objecting interested parties, who would need to update expert analyses, seek additional discovery, and re-depose certain fact witnesses on how the new fiscal plan bears on the confirmability of the Plan. You stated that you would get back to us on this question, and we look forward to hearing back from you promptly.

**Request No. 32** (documents already produced to other parties or creditors). You stated during our meet-and-confer discussion that you would consider providing us with additional information about formal productions made in PREPA's various Title III proceedings and litigations to which we were not parties, so that we can determine which productions would likely have documents relevant to Plan confirmation. We look forward to receiving that information. We ask that you also provide similar information concerning any informal productions made to any bondholder or monoline (other than the Objecting Bondholder Parties), to the Official Committee of Unsecured Creditors, to Vitol, or to the Fuel Line Lenders.

\* \* \*

As to Document Requests not addressed in this letter, as you know we continue to review the production and your responses, and to follow up on specific items and information. We have also submitted to the Court in the *Status Report Regarding Discovery Disputes of the Ad Hoc Group of PREPA Bondholders, U.S. Bank National Association, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and Syncora Guarantee, Inc.* (ECF No. 3360) certain other issues for which the parties confirmed their disagreement.

We look forward to your response to our proposals, and further discussion regarding the issues that remain open.

Margaret Dale, Esq.
Ashley Pavel
March 28, 2023



Very truly yours,

Matthew Madden

cc: William Natbony
Susheel Kirpalani
Michael McCarthy

6