**Exhibit U**

**Proskauer**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 31, 2023

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

<u>VIA E-MAIL</u>

Matthew M. Madden, Esq.
Kramer Levin Naftalis & Frankel LLP
2000 K Street NW, 4th Floor
Washington, DC 20006

Re:   *In re: The Financial Oversight and Management Board For Puerto Rico, as Representative of Puerto Rico Electric Power Authority*, No. 17-04780-LTS

Dear Matt:

I write on behalf of the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as Title III representative of the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), in response to your letter dated March 28, 2023 regarding the parties' meet and confer on March 24, 2023 (the "<u>Letter</u>"), and further to our previous correspondence.

***Depositions.*** We agree that the parties have been unable to resolve their dispute regarding the depositions of other Oversight Board members other than Chairman David Skeel and Executive Director Robert Mujica. We also take note of your request to depose David Brownstein, Ojas Shah, and William Zarakas. In the interests of efficiency and cooperation, we intend to provide their availability, as well as the availability for Chairman Skeel and Director Mujica, in separate correspondence to you and counsel to the Ad Hoc Committee of National Claim Assignees. Thank you for confirming that you will not serve a Rule 30(b)(6) deposition notice on the Oversight Board.

***Discovery Requests.*** We disagree with your Letter's characterization of the Oversight Board's willingness to consider proposals regarding search terms and custodians for the Requests. The Oversight Board is willing to consider reasonable proposals for search terms, time frames, and custodians for other Requests with the goal of narrowing the Bondholders' overbroad Requests. With respect to Request Nos. 1 and 4, as explained further in our response to the Bondholders' status report, the Oversight Board believes these requests are incredibly overbroad or not relevant to the confirmation of the Plan, and thus does not believe it is productive to proceed with such searches. As these Requests are the subject of the ongoing discovery dispute before the Court, we will await the Court's determination.

The Letter addresses a number of other Requests, which we respond to in turn.

<u>Request No. 2</u> (documents concerning PREPA's ability or plans to obtain the confirmation, effectiveness, or consummation of the Plan, including to secure any necessary approvals of the Legacy Charge, New Bonds, or other Plan components by PREB or by any other entity); and

**Proskauer**

Matthew M. Madden, Esq.
March 31, 2023
Page 2

Request No. 6 (communications regarding the Plan or Disclosure Statement). Thank you for providing search terms, time frames, and custodians in an effort to narrow these Requests. We will agree to run these searches through promesa.gov[1] emails for all Oversight Board members, Mr. Mujica, and for Alejandro Figueroa, Fausto Hernandez, and Fernando Bruno, each an Oversight Board staff member whose responsibilities include matters related to PREPA, in order to determine whether your proposal generates a reasonably limited set of documents for review. We will provide those search results as soon as we are able.

Request No. 3 (documents concerning proposed, contemplated, or rejected PREPA rate changes). At the March 24 meet and confer, the Oversight Board noted that it was producing several documents from PREB related to rejected rate changes sought by PREPA, but that documents regarding PREPA's "proposed" or "contemplated" rate changes would be overwhelmingly protected from disclosure by the deliberative process privilege, the mediation privilege, the attorney client privilege and/or the work product privilege. The Oversight Board is preparing a categorical privilege log.

Request No. 26 (documents concerning LUMA requests/proposals for higher rates). The Oversight Board believes internal deliberations or communications, to the extent they exist, would be privileged, but not LUMA's requests or proposals themselves, or any related documents that may be in LUMA's possession. As we have previously represented, the Oversight Board has been in contact with LUMA regarding this and other Requests, and has produced responsive documents it has received from LUMA's counsel, even though the documents are in LUMA's possession, custody, and control.

Request No. 5 (negotiations and agreements with settling creditors). We are uploading to the Depository today the responsive, non-privileged emails regarding the Vitol settlement,[2] and will add to the privilege log documents related to the National and Fuel Line Lenders settlements.

Request No. 7 (documents related to proposed interest rates and market value of the bonds under the Plan). Our investigation into documents responsive to Request No. 7 continues, but at this time we believe there are no responsive documents.

Request Nos. 19 (distributed generation installations and costs); Request No. 20 (number of permanent disconnection from PREPA's grid); Request No. 28 (documents concerning LUMA customers' electrical consumption); and Request No. 29 (documents concerning capital expenditures). We note that these requests are also the subject of your subpoena to LUMA and

---

[1] The Letter identifies as the Oversight Board's email domain name as "promesa.org," but the correct domain name is "promesa.gov". Additionally, to date, the Oversight Board has run these searches only through "promesa.gov" email addresses as it is still in the process of collecting any potentially relevant non-promesa.gov emails and text messages.

[2] We had previously noted, as your Letter reflects, that the common interest privilege with Vitol attached on May 14, 2022. This was an inadvertent error—the correct date is July 14, 2022.

**Proskauer**

Matthew M. Madden, Esq.
March 31, 2023
Page 3

we have been in communication with LUMA for documents responsive to these Requests. We have already uploaded to the Plan Depository a substantial amount of consumption data that is responsive to Request No. 28, and are uploading additional documents responsive to Request No. 29 today. Thus far, we have not located any additional responsive non-privileged documents for Request Nos. 19 and 20 beyond what we have already produced in the Plan Depository.

Request No. 11 (documents concerning the November 8, 2022 Proposal); Request No. 12 (documents concerning the November 2022 Materials); Request No. 13 (documents concerning the December 13, 2022 SOW Comparison). We are continuing our investigation regarding Requests Nos. 11-13 by speaking with our advisors in order to collect factual source material and data underlying the November 8 Proposal, the November 2022 Materials, and the December 13, 2022 SOW Comparisons that were not included in the mediation data room, if any. We will provide an update promptly if we identify any responsive documents.

Request No. 18 (documents sufficient to show distributed generation interconnection requests). As explained in our March 22 letter, it is our understanding that customers are not required to make distributed generation interconnection requests to LUMA but may submit applications under certain circumstances. We are continuing to investigate this with LUMA and should we receive from LUMA any responsive documents, we will upload them to the Plan Depository.

Request No. 24 (documents concerning the net metering program). We have already uploaded responsive documents to the Plan Depository, while also continuing to communicate with LUMA to identify if there are additional responsive documents. We note that Request Nos. 18 and 24 are also the subject of your subpoena to LUMA.

Request No. 1(a) (PREPA's ability to pay its legacy debt and other expenses). The Oversight Board is continuing to investigate this Request by speaking with its advisors, but has thus far not found any responsive, non-privileged analyses. This Request is also the subject of your subpoena to LUMA.

Request No. 1(b) (PREPA's base and other rates for electricity). The Oversight Board identifies a document previously uploaded to the Plan Depository, FOMB_PREPA 00001494 – FOMB_PREPA 00001569, as responsive to this Request.

Request No. 1(d) (PREPA electricity load). The Oversight Board is continuing to investigate this Request by speaking with LUMA, and will upload any responsive documents that we discover as a result of this investigation. Data regarding PREPA's electricity load can be found in PREPA's 2022 Fiscal Plan and related data and in documents in the folder labeled "BIT Back Up Materials."

Request No. 1(e) (PREPA financial data). The Oversight Board will upload additional documents responsive to this Request today, and the Oversight Board is continuing to investigate by speaking with LUMA whether further documents responsive to this Request exist.

**Proskauer**

Matthew M. Madden, Esq.
March 31, 2023
Page 4

      Request No. 1(g) (PREPA's transition to renewable energy sources). The Oversight Board has uploaded documents responsive to this Request, such as LUMA's System Remediation Plan, and will upload additional documents to the Plan Depository today.

      Request No. 1(h) (theft of electricity from PREPA). The Oversight Board has not located any non-privileged documents responsive to this Request but it is continuing to investigate by speaking to LUMA whether additional responsive documents exist. This Request is also the subject of your subpoena to LUMA.

      Request No. 25 (documents concerning funds for capital expenditures). We will be uploading to the Plan Depository today the updated version of "Permanent Master Tracker 06072022, Index No. 4.17.8.5."

      Request No. 30 (documents concerning the 2023 Fiscal Plan). For Request No. 30, the Oversight Board's position is the same: If there are non-privileged final models or analyses or factual source material that underlie the 2023 PREPA Fiscal Plan, we will identify them and produce them. With respect to your question about the forthcoming 2023 PREPA Fiscal Plan, pursuant to PROMESA section 104(j), the Plan of Adjustment must be consistent with the certified Fiscal Plan.

      Request No. 32 (documents produced in PREPA's Title III case). The Oversight Board awaits your identification of any document productions in proceedings that the Bondholders were party to that you think are relevant and should be uploaded to the Plan Depository, as you committed to do on the March 24 meet-and-confer. For proceedings in which the Bondholders were not a party, we are willing to provide the initial complaint of these proceedings and you can identify if any of those proceedings have information that you believe is relevant to confirmability of the Plan, and we will consider uploading productions from those proceedings. Additionally, the Bondholders represented at the March 24 meet-and-confer that they would consider how to narrow the request for informal productions made to other parties. We look forward to your proposal for narrowing that part of the Request, as asking us to look for and provide information about any informal productions that may have occurred is not a meaningful step towards narrowing this aspect of the Request.

      We remain willing to meet and confer to attempt to come to an agreement and/or narrow these and any other issues that may arise.

Sincerely,

*/s/ Margaret A. Dale*

cc:    Elizabeth McKeen, Esq.
       William Natbony, Esq.

**Proskauer**

Matthew M. Madden, Esq.
March 31, 2023
Page 5

      Susheel Kirpalani, Esq.
      Michael McCarthy, Esq.

**Proskauer**

Matthew M. Madden, Esq.
March 31, 2023
Page 5

    Susheel Kirpalani, Esq.
    Michael McCarthy, Esq.

**Proskauer**