**Estimated Hearing Date:** June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 20, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br>    Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-3566-LTS<br><br>**This Application relates only to ERS and shall be filed in the lead case No. 17-BK-3283-LTS and ERS's Title III Case (Case No. 17-BK-3566-LTS)** |

## SUMMARY SHEET TO
## THIRTEENTH INTERIM FEE APPLICATION OF
## PROSKAUER ROSE LLP FOR COMPENSATION FOR
## SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
## INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
## MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE OF
## THE DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
## OF PUERTO RICO, FOR THE PERIOD JUNE 1, 2021 THROUGH OCTOBER 31, 2021

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Title III Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | June 1, 2021 through October 31, 2021 (the "Compensation Period")[2] |
| Amount of Fees Sought: | $22,109.20 |
| Gross-Up Amount:[3] | -- |
| Amount of Expense Reimbursement Sought: | $29,334.62 |
| Total Fees and Expenses Sought for Compensation Period: | $51,443.82 |

This is a(n) _____ Monthly __X__ Interim ___ Final Fee Application

This is the Thirteenth interim fee application filed by Proskauer in the Debtor's Title III Case. The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2] This fee application covers the Thirteenth Interim Compensation Period (June 1, 2021 – September 30, 2021) and Fourteenth Interim Compensation Period (October 1, 2021 – January 31, 2022). Although the Fourteenth Interim Compensation Period is October 1, 2021 – January 31, 2022 pursuant to the Interim Compensation Order, Proskauer did not bill any time to ERS after October 31, 2021. Therefore Proskauer submits that the preparation and filing of a single fee application for the Thirteenth and Fourteenth Interim Compensation Periods is an efficient use of the Debtor's resources and will make the review of Proskauer's fee applications in the ERS Title III case more efficient for the Court and other parties in interest.

[3] Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding"). Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2020, and is not currently requesting its approval.

**Thirteenth and Fourteenth combined Interim Compensation Periods**
**June 1, 2021 – October 31, 2021**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Fifty-First** 7/28/2021 | 6/1/21 to 6/30/21 | $2,001.90 | $1,801.71 | $3,220.00 | $1,801.71 | $3,220.00 |
| **Fifty-Second** 8/20/2021 | 7/1/21 to 7/31/21 | $8,698.40 | $7,828.56 | $5,147.00 | $7,828.56 | $5,147.00 |
| **Fifty–Third** 9/15/2021 | 8/1/21 to 8/31/21 | $9,924.80 | $8,932.32 | $13,545.38 | $8,932.32 | $13,545.38 |
| **Fifty-Fourth** 10/4/2021 | 9/1/21 to 9/30/21 | $0.00 | $0.00 | $3,045.20 | $0.00 | $3,045.20 |
| **Fifty-Fifth** 12/1/2021 | 10/1/21 to 10/31/21 | $1,484.10 | $1,335.69 | $4,377.04 | $1,335.69 | $4,377.04 |
| | **Totals:** | **$22,109.20** | **$19,898.28** | **$29,334.62** | **$19,898.28** | **$29,334.62** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $853.00[4] |
| Blended Rate in This Application for All Timekeepers: | $531.47 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $19,898.28 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $29,334.62 |
| Number of Professionals Included in this Application:[5] | 10 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 9 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, |

---

[4]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 34, and thus the actual number of timekeepers was 24 fewer than anticipated.

| | for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing a sworn certification, attached to Proskauer's Tenth Interim Application as Exhibit A [Case No. 17-3283, ECF No. 16144]. Rates have not increased during this Compensation Period. |
|---|---|

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period June 1, 2021 through October 31, 2021**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Firestein, Michael A. | Litigation – 1983 | $853 | 6.90 | $5,885.70 |
| Levitan, Jeffrey W. | BSGR&B[8] – 1983 | $853 | 3.90 | $3,326.70 |
| Weise, Steven O. | Corporate – 1974 | $853 | 1.50 | $1,279.50 |
| **Total for Partners:** | | | **12.30** | **$10,491.90** |
| *SENIOR COUNSEL* | | | | |
| Roche, Jennifer L. | Litigation – 2007 | $853 | 2.10 | $1,791.30 |
| **Total for Senior Counsel:** | | | **2.10** | **$1,791.30** |
| *ASSOCIATES* | | | | |
| Esses, Joshua A. | BSGR&B – 2017 | $853 | 0.30 | $255.90 |
| Stafford, Laura | Litigation – 2012 | $853 | 1.90 | $1,620.70 |
| Volin, Megan R. | BSGR&B – 2020 | $853 | 1.20 | $1,023.60 |
| **Total for Associates:** | | | **3.40** | **$2,900.20** |
| *PARAPROFESSIONALS* | | | | |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $291 | 22.30 | $6,489.30 |

---

[7] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2021, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour. Rates have not increased during this Compensation Period.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Silvestro, Lawrence T. | Litigation Paralegal – N/A | $291 | 0.40 | $116.40 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $291 | 1.10 | $320.10 |
| **Total for Paraprofessionals:** | | | **23.80** | **$6,925.80** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **41.60** | **$22,109.20** |

**<u>Schedule 3</u>**

**Summary of Professional Services Rendered by Project
Category for the Period June 1, 2021 through October 31, 2021**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 206 | Documents Filed on Behalf of the Board | 6.50 | $5,544.50 |
| 210 | Analysis and Strategy | 10.10 | $8,615.30 |
| 212 | General Administration | 1.50 | $436.50 |
| 218 | Employment and Fee Applications | 23.50 | $7,512.90 |
| **Total for All Project Categories:** | | **41.60** | **$22,109.20** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period June 1, 2021 through October 31, 2021**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| HighQ Licensing | $740.00 |
| Practice Support Vendors | $19,573.44 |
| Transcripts & Depositions | $9,021.18 |
| **Total:** | **$29,334.62** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, _excluding bankruptcy_** | **BILLED**<br><br>**In this fee application[9]** |
| Partners | $1,298 | $853 |
| Senior Counsel | $1,089 | $853 |
| Associates (7 or more years since first admission) | $1,028 | $853 |
| Associates (4–6 years since first admission) | $944 | $853 |
| Associates (1– 3 years since first admission) | $807 | $853 |
| e-Discovery Attorneys | $755 | N/A |
| Paraprofessionals | $340 | $291 |
| **All Timekeepers Aggregated:** | **$994** | **$531.47** |

---

[9] _See supra_ note 7.

**Estimated Hearing Date:** June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: April 20, 2023 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO,<br>    Debtor. | PROMESA<br>Title III<br>Case No. 17-BK-3566-LTS<br><br>**This Application relates only to ERS and shall be filed in the lead Case No. 17-BK-3283-LTS and ERS's Title III Case (Case No. 17-BK-3566-LTS)** |

## THIRTEENTH INTERIM FEE APPLICATION
## OF PROSKAUER ROSE LLP FOR COMPENSATION
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
## INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
## MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE OF
## THE DEBTOR, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT
## OF PUERTO RICO, FOR THE PERIOD JUNE 1, 2021 THROUGH OCTOBER 31, 2021

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management

Board for Puerto Rico (the "Oversight Board" or "FOMB") as Title III representative of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Employees Retirement System of the Government of Puerto Rico (the "Debtor" or "ERS")
pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*
("PROMESA"),[2] hereby submits this thirteenth interim application (the "Application"),[3] pursuant
to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules"),[4]   Rule 2016–1 of the Local Bankruptcy Rules for the United States
Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States
Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses
Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive
Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in
accordance with this Court's *Third Amended Order Setting Procedures for Interim and Final
Compensation and Reimbursement of Expenses of Professionals* [ECF No. 20546][5] (the "Interim
Compensation Order"), for (a) allowance of interim compensation for professional services
performed by Proskauer for the period commencing June 1, 2021 through and including October
31, 2021 (the "Compensation Period") in the amount of **$22,109.20**, constituting fees for
professional services rendered, and (b) reimbursement of its actual and necessary expenses in the
amount of **$29,334.62** incurred during the Compensation Period**.**  In support of the Application,
Proskauer respectfully avers as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does
not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on
behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case,
Case No. 17-BK-3283-LTS.

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III

Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9. On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period May 21, 2017 through September 30, 2017* [ECF No. 2045] (the "First Interim Application").

10. On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2872] (the "Second Interim Application").

11. On July 17, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3590] (the "Third Interim Application").

12. On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico,*

*for the Period June 1, 2018 through September 30, 2018* [ECF No. 4292] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7049] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8737] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9630] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto*

*Rico, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12833] (the "Eighth Interim Application").

17.    On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14350] (the "Ninth Interim Application").

18.    On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period June 1, 2020 through September 30, 2020* [ECF No. 16144] (the "Tenth Interim Application").

19.    On July 29, 2021, Proskauer filed the *Eleventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17589] (the "Eleventh Interim Application").

20.    On January 5, 2022, Proskauer filed the *Twelfth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Employees Retirement System of the Government of Puerto Rico, for the Period February 1, 2021 through May 31, 2021* [ECF No. 19696] (the "Twelfth Interim Application").

21.     On July 28, 2021 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its fifty-first monthly fee statement for the period June 1, 2021 through June 30, 2021.  On August 20, 2021, Proskauer served on the Notice Parties its fifty-second monthly fee statement for the period July 1, 2021 through July 31, 2021.  On September 15, 2021, Proskauer served on the Notice Parties its fifty-third monthly fee statement for the period August 1, 2021 through August 31, 2021.  On October 4, 2021, Proskauer served on the Notice Parties its fifty-fourth monthly fee statement for the period September 1, 2021 through September 30, 2021.  On December 1, 2021, Proskauer served on the Notice Parties its fifty-fifth monthly fee statement for the period October 1, 2021 through October 31, 2021.  Proskauer did not serve further monthly fee statements for ERS because no fees or expenses were incurred after October 31, 2021.

22.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$49,232.90** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$49,232.90** with respect to fee statements filed during the Compensation Period.

### Summary of Services Rendered by Proskauer During the Compensation Period

23.     The instant Application is Proskauer's Thirteenth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications in all the pending Title III cases more efficient for the Court and other readers, paragraphs 24 through 27 of the instant Application, the corresponding paragraphs in each of Proskauer's

Thirteenth interim fee applications in the pending Commonwealth, HTA, and PREPA Title III cases, and paragraphs 18 through 21 in the Sixth interim fee application in the pending PBA Title III case, are identical and cover the principal activities in all the Title III cases.

24.     During the Compensation Period, Puerto Rico entered a new chapter in its restructuring with the approval of the disclosure statement for the Commonwealth, ERS, and PBA's plan of adjustment, paving the way for confirmation of the plan of adjustment and a path forward to economic recovery and growth. The plan of adjustment for the Commonwealth, ERS, and PBA was confirmed in January 2022 following an extensive hearing in November 2021, and went effective on March 15, 2022. The overwhelmingly consensual nature of the restructuring was the product of extraordinary efforts by all the Oversight Board's advisors, including Proskauer. The confirmed plan reduces Puerto Rico's debt by 80% and saves Puerto Rico more than $50 billion in debt payments. The services rendered by Proskauer were also essential to significant progress in PREPA and HTA's Title III cases, and during the Compensation Period Proskauer engaged with the parties to those cases to advance PREPA and HTA's restructurings. The continuing coronavirus pandemic affecting Puerto Rico and the global economy during this Compensation Period imposed additional economic and administrative challenges to the Commonwealth and its covered instrumentalities. The Oversight Board remained focused on protecting the health and welfare of the people of Puerto Rico, while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island. The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and to cover the expenses related to the pandemic. Proskauer continued to provide legal and strategic advice to the

Oversight Board to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico.  Among others, Proskauer's notable undertakings during this Compensation Period included:

- Further Development of the Amended Joint Plan and Disclosure Statement.  On November 20, 2020, the Oversight Board approved the resumption of negotiations concerning the plan of adjustment with creditors and other parties pursuant to the mediation agreement, with mediation sessions resuming during the first week of December 2020. During the Compensation Period, Proskauer, on behalf of the Oversight Board and under the guidance of the Mediation Team led by the Honorable Judge Barbara J. Houser, participated in multiple mediation sessions and informal meetings with the Commonwealth, AAFAF, the parties to the Plan Support Agreement (the "PSA"), certain insurers and holders of bonds issued by various Puerto Rico entities (Assured Guaranty Corporation, Assured Guaranty Municipal Corporation (both together, "Assured"), Ambac Assurance Corporation ("Ambac"), and Financial Guaranty Insurance Company ("FGIC", and together with Assured and Ambac, collectively, the "Monolines"), the Unsecured Creditors' Committee (the "UCC"), the Retiree Committee, AmeriNational Community Services, LLC and Cantor-Katz Collateral Monitor LLC (the "DRA Parties"), and various unions with the goal of developing and establishing a framework and a timeline for consensual debt restructuring.

  On June 29, 2021, Proskauer, on behalf of the Oversight Board, filed the proposed *Fourth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. (Corrected Version)* [ECF No. 17194] and related proposed Disclosure Statement [ECF No. 17192], reflecting revisions made by the Debtors in response to various objections received to the Third Amended Plan and Disclosure Statement, On July 12, 2021, Proskauer, on behalf of the Oversight Board, filed the proposed *Fifth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17306], and related proposed disclosure statement (as amended from time to time, the "Disclosure Statement") [ECF No. 17308],  incorporating the terms of a settlement with the UCC that increased the guaranteed aggregate recovery to holders of certain general unsecured claims and a prospective agreement with certain teachers' unions.

  At an initial hearing to consider approval of the Disclosure Statement on July 14, 2021, Proskauer, on behalf of the Oversight Board, announced that the Board had reached an understanding with Ambac and FGIC regarding the treatment of certain claims, and the hearing was continued. On July 27, 2021, Proskauer, on behalf of the Oversight Board, filed the proposed *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17516] and related proposed Disclosure Statement [ECF No. 17517], incorporating the terms of a new plan support agreement with Ambac and FGIC that settled their asserted claims against the Commonwealth and the Puerto Rico Infrastructure Financial Authority, and reflecting revisions made by the Debtors in response to,

among other things, the *Order Regarding Rulings Made on the Record at the July 13-14, 2021, Hearing Concerning the Proposed Disclosure Statement and Plan of Adjustment* [ECF No. 17387].

On July 29, 2021, the Court held the continued disclosure statement hearing to consider, among other things, the adequacy of the information contained in the Disclosure Statement for the Sixth Amended Plan. Subject certain modifications to be made, the Title III Court approved the proposed Disclosure Statement. On July 30, 2021, Proskauer, on behalf of the Oversight Board, filed the proposed *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 17627] (the "<u>Plan</u>") and related proposed Disclosure Statement [ECF No. 17628].   On August 2, 2021, the Court issued *Order (I) Approving Disclosure Statement, (II) Fixing Voting Record Date, (III) Approving Confirmation Hearing Notice and Confirmation Schedule, (IV) Approving Solicitation Packages and Distribution Procedures, (V) Approving Forms of Ballots, and Voting and Election Procedures, (VI) Approving Notice of Non-Voting Status, (VII) Fixing Voting, Election, and Confirmation Deadlines, and (VIII) Approving Vote Tabulation Procedures* [ECF No. 17639].

- <u>Confirmation Related Discovery</u>.  On July 20, 2021, the Title III Court issued the *Order Establishing Preliminary Confirmation Submission and Discovery Procedures, and Directing Notice to Creditors of the Same* [ECF No. 17431], and on August 2, 2021, the Title III Court issued the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640], which identified the procedures and deadlines for creditors to obtain access to the confirmation data repository, disclose their proposed fact and expert witnesses, submit confirmation related expert reports and disclosures, and otherwise conduct Plan related discovery.

During the Compensation Period, Proskauer attorneys and paraprofessionals devoted significant time and effort to discovery related to the anticipated confirmation hearing on the proposed Plan. They analyzed a variety of legal and procedural issues related to Plan related discovery, collected and reviewed numerous documents for responsiveness and privilege in preparation for production, opposed and responded to multiple discovery requests by creditors and committees, conferred with and analyzed various data from the Oversight Board's advisors and experts, and prepared for and participated in numerous meet-and-confer communications and depositions of fact and expert witnesses. They also filed numerous status reports to the Title III Court on the progress of discovery and defended the Oversight Board's position in discovery disputes in the Title III Court.

Proskauer professionals also worked diligently with Prime Clerk LLC and Liquid Litigation Management to finalize the setup of the confirmation data hosting repository, upload plan confirmation related documents to the repository, and

provide safe and secure access to documents and technical assistance in English
and Spanish languages to the repository users.

- Ambac Pension Related Claim Objection.  On June 3, 2021, Ambac filed the
*Objection of Ambac Assurance Corporation, Pursuant to Bankruptcy Code
Section 502 and Bankruptcy Rule 3007, to Claim Asserted by the Official
Committee of Retired Employees of the Commonwealth of Puerto Rico Appointed
in the Commonwealth's Title III Case* [ECF No. 16884], seeking to disallow the
proof of claim filed by the Retiree Committee to the extent it overstated pension
liabilities. On June 11, 2021, Ambac filed its urgent motion proposing a briefing
schedule with respect to its claim objection. On June 17, 2021, Proskauer
submitted the *Response of Financial Oversight and Management Board for
Puerto Rico to Ambac Assurance Corporation's Urgent Motion for Briefing
Schedule with Respect to the Objection of Ambac Assurance Corporation,
Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claim
Asserted by the Official Committee of Retired Employees of the Commonwealth of
Puerto Rico Appointed in the Commonwealth's Title III Case* [ECF No. 17069],
arguing that Ambac's claim objection should be terminated for lack of standing
and that the treatment of pension claims under the proposed Plan was not based
on the Retiree Committee's claim.  On June 21, 2021, Ambac filed its reply in
support of its scheduling motion. On June 21, 2021, the UCC filed its statement
supporting the issues raised in Ambac's claim objection.  On June 22, 2021, the
Title III Court entered an order denying both Ambac's claim objection and the
scheduling motion without prejudice and ordering the parties to meet-and-confer
to develop an appropriate schedule for litigation and discovery on issues
concerning the quantification of pension-related claims in connection with the
anticipated confirmation of the Plan [ECF No. 17140]. The parties met and
conferred telephonically on June 29, 2021 and exchanged further
communications, filing a joint status report on July 7, 2021 proposing their
alternative discovery schedules. On July 15, 2021, pursuant to separate joinders,
Ambac and FGIC joined the HTA/CCDA related plan support agreement. On July
27, 2021, the Oversight Board, on behalf of the Commonwealth, and Ambac and
FGIC entered into the PRIFA related plan support agreement and, pursuant to
separate joinders, Ambac and FGIC joined the amended and restated plan support
agreement related to general obligation bonds. As a result of Ambac's entry into
the plan support agreements, matters related to Ambac's disputes were stayed
pending confirmation of the Plan.

- Certified Fiscal Plans and Compliance with PROMESA.  During the
Compensation Period, Proskauer continued to advise the Oversight Board in its
statutory duty to review proposed Commonwealth fiscal plans and to develop and
certify budgets for fiscal year 2022. In consultation with the Government and the
Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), the
Oversight Board certified several fiscal year 2022 budgets, including the General
Fund, Special Revenue Fund, and Federal Fund Budgets for the Commonwealth,
PREPA, HTA, the Puerto Rico Aqueduct and Sewer Authority, the University of

11

Puerto Rico, COFINA, the Puerto Rico Industrial Company, the Public Corporation for Supervision and Insurance of Cooperatives of Puerto Rico, and the Municipal Revenues Collection Center, as announced at a public meeting on July 1, 2021.

Proskauer attorneys supported the Oversight Board in its commitment to ensuring the Government's compliance with PROMESA in proposing, enacting, implementing, and enforcing legislation. Specifically, during the Compensation Period, Proskauer continued to work diligently with the Oversight Board in relation to the Board's efforts to nullify the enactment of House Bill 120 ("HB 120") as significantly inconsistent with the certified fiscal plans and likely to impair or defeat PROMESA's purposes. As proposed, HB 120 established a no-cuts policy to certain pensions, mandated a transfer of $4.5 billion to the newly created pension trust, and directed the Government to repudiate any plan of adjustment that required pension or budget cuts. HB 120 would have had negative effect on the restructuring of the Commonwealth and would have derailed the Oversight Board's efforts to confirm the proposed plan of adjustment. After the Puerto Rico Governor signed HB 120 into law as Act 7-2021 ("Act 7") on June 9, 2021, Proskauer advised the Oversight Board in drafting demand letters to the Governor to request nullification of the Act in its entirety, and subsequently, on July 2, 2021, filed an adversary proceeding on behalf of the Oversight Board against the Governor, AAFAF, the Honorable José Luis Dalmau Santiago (the "Senate President"), and the Honorable Rafael Hernández Montañez (the "House Speaker") to enjoin the enforcement of and to nullify Act 7, *FOMB v. Pierluisi*, Adv. Proc. No. 21-0072. On August 13, 2021, Proskauer, on behalf of the Oversight Board, filed a motion for summary judgment, which was subsequently fully briefed. Several Puerto Rico unions filed amicus briefs in support of the Government. On October 13, 2021, the Title III Court granted the Oversight Board's motion for summary judgment in part, and declared Act 7 nullified, unenforceable, and of no effect, and enjoined the Government from implementing and enforcing the Act.

Proskauer also advised the Oversight Board on its communications and negotiations with the Puerto Rico Government and Legislature in its efforts to prevent the enactment of House Bills 886 and 887 ("HB 886" and "HB 887") and House Bills 26 and 27 ("HB 26" and "HB 27"), proposed by the Government in response to the Act 7 related litigation. Among other measures, the Bills purported to impose a rejection of pension cuts across all instrumentalities of the Commonwealth Government contrary to the requirements of the certified Fiscal Plans and in violation of PROMESA.

- LUMA Energy Contract.  On October 26, 2020, Unión De Trabajadores de la Industria Eléctrica y Riego ("UTIER") and Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica ("SREAEE") appealed the Title III Court decision granting the Government Parties' motion to allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the June 22, 2020 Puerto Rico Transmission and

Distribution System Operation and Maintenance Agreement (the "O&M Agreement") between PREPA, the Puerto Rico Public-Private Partnerships Authority, and LUMA Energy, LLC and LUMA Energy SevCo, LLC ("collectively, "LUMA Energy"). The case was fully briefed and was argued on June 8, 2021. On August 12, 2021, the judgment of the Title III Court was affirmed.[6]

On May 3, 2021, the Title III Court granted the Government Parties' motion requesting that the Title III Court allow an administrative expense claim for amounts to be paid to LUMA Energy by PREPA during the interim period under certain agreements.[7]   UTIER and SREAEE appealed to the First Circuit on May 13, 2021 (Case No. 21-1446). On July 17, 2021, the appellants filed a motion to hold the appeal in abeyance until a decision was issued in the related case No. 20-2041, and on September 1, 2021, after the First Circuit affirmed the Title III Court decision in the related case, filed a motion to voluntary dismiss the case.

On June 2, 2021 Proskauer, on behalf of the Oversight Board, reported to the Title III Court that the Interim Period Service Commencement Date under the O&M Agreement occurred on June 1, 2021 and LUMA Energy commenced operating and maintaining PREPA's transmission and distribution system.[8]

Litigation regarding the validity of the LUMA O&M Agreement remains ongoing in the adversary proceedings filed by UTIER and SREAEE.[9]

On June 4, 2021, SREAEE filed its first amended adversary complaint and UTIER filed its second amended adversary complaint, both seeking a Title III Court order declaring the O&M Agreement and LUMA Energy's administrative expense priority treatment in the Title III case null and void, and Act 29-2009, authorizing the O&M Agreement, unconstitutional. [10] On July 19, 2021, Proskauer, on behalf of the Oversight Board, joined other defendants in their motions to dismiss SREAEE and UTIER's amended complaints. The motions have been fully briefed and both are currently *sub judice*.

On June 1, 2021, Hon. José Luis Dalmau Santiago, the Puerto Rico Senate President, filed a complaint in the Puerto Rico Court of First Instance in San Juan, alleging that the O&M Agreement had not been recorded with the Puerto Rico

---

[6] *See* Opinion, *UTIER v. PREPA*, Case No. 20-2041 (1st Cir. Aug. 12, 2021).

[7] *See Memorandum Order Granting Government Parties' Motion for Order Allowing Administrative Expense Claim for Amounts to Be Paid to LUMA Energy by PREPA During Interim Period Under Supplemental Agreement and the T&D Contract* [ECF No. 16665].

[8] *See Informative Motion Regarding LUMA's Commencement of Operation and Maintenance of PREPA's T&D System* [Case No. 17-4780, ECF No. 2503].

[9] Adv. Pro. Nos. 21-00041 and 21-00049.

[10] See *First Amended Adversary Complaint* [Adv. Proc. No. 21-0049; ECF No. 7] and *Second Amended Adversary Complaint* [Adv. Proc. No. 21-0041; ECF No. 64].

Digital Real Estate Registry and therefore was in violation of Puerto Rico law and should be declared null and void.[11] The complaint also sought to prohibit LUMA Energy from exercising authority under the O&M Agreement and to return the administration and management of the transmission and distribution system back to PREPA.  On June 3, 2021, the Executive Director of PREPA removed the Senate complaint to the Title III Court as adversary proceeding No. 21-0059. On June 24, 2021, Proskauer, on behalf of the Oversight Board, filed a motion to compel the plaintiff to withdraw the complaint as violating the automatic stay. The motion was fully briefed and on February 7, 2022, the Title III Court granted the motion and declared the complaint null and void. On February 15, 2022, in accordance with the Court's order, the Senate complaint was withdrawn.[12]

- <u>DRA Related Disputes</u>.  On March 31, 2021, AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority (the "<u>DRA</u>"), and Cantor-Katz Collateral Monitor LLC, as the collateral monitor for Wilmington Trust, N.A., (collectively, the "<u>DRA Parties</u>"), filed *The DRA Parties' Amended Motion and Memorandum of Law in Support of Their Request for Adequate Protection or Relief from the Automatic Stay*, seeking a Title III Court order granting the DRA adequate protection of its interest in certain HTA related excise tax revenues [ECF No. 16276].  On April 21, 2021, Proskauer, on behalf of the Oversight Board, joined other Government Parties in their objection to the DRA Parties' standing to seek relief from the automatic stay or adequate protection. Proskauer defended the Oversight Board's position at oral argument on the standing issue on August 4, 2021.  The Court overruled the Government Parties' standing objection as it related to the adequate protection, and deferred consideration of the standing objection as to relief from the automatic stay, pending further clarification of the nature and scope of the stay relief that the DRA Parties sought [ECF No. 17725].

  On June 15, 2021, the DRA Parties filed *The DRA Parties' Motion for Allowance of an Administrative Expense Claim* [ECF No. 17009] (the "<u>DRA Administrative Expense Claim Motion</u>"), seeking a Title III Court order allowing an administrative expense claim equal to the amount of the DRA's collateral that was retained by the Commonwealth during the pendency of its Title III case.  On June 26, 2021, the DRA Parties initiated a related adversary proceeding *AmeriNational Community Services, LLC v. Ambac Assurance Corporation*, Adv. Proc. No. 21-0068 (the "<u>DRA Adversary Proceeding</u>").  On July 16, 2021, the Title III Court ordered the DRA Parties and the Oversight Board, together with other parties, to

---

[11] See *Senado de Puerto Rico, Represented by its President, Hon. José Luis Dalmau Santiago v. Commonwealth of Puerto Rico, et al.*, Civil Case No. 2021CV03356.

[12] See *Debtor's Memorandum of Law and Motion Pursuant to Bankruptcy Code Sections 105(a) and 362 for Order Directing Complaint To Be Withdrawn* [Case No. 17-4780; ECF No. 2530]; *Memorandum Order Granting Debtor's Motion Pursuant to Bankruptcy Code Sections 105(A) and 362 for Order Directing Complaint To Be Withdrawn* [Adv. Proc. No. 21-0059; ECF No. 20], and *Motion in Compliance with Order* [Adv. Proc. No. 21-0059; ECF No. 22].

meet and confer and to file a joint status report concerning when and in what procedural context the DRA Parties' challenges were to be presented to the Court.

On July 23, 2021, the parties submitted a joint status report in accordance with the Court's order, and on September 9, 2021, Proskauer filed the Oversight Board's opposition to the DRA Administrative Expense Claim Motion [ECF No. 18065]. On September 24, 2021, the DRA Parties filed their reply memorandum in support of the Motion, attaching an expert report by Lizette Martinez, CPA, CFF, CFE. On September 28, 2021, Proskauer filed an evidentiary objection to the Martinez expert report and on October 11, 2021, Proskauer filed a related reply in support of the evidentiary objection. On October 29, 2021, the Title III Court denied the DRA Administrative Expense Claim Motion [ECF No. 18892].

On July 28, 2021, Proskauer filed the *Urgent Motion of Financial Oversight and Management Board for Leave to Intervene as Defendant, on Behalf of Commonwealth and HTA, in DRA Adversary Proceeding with Respect to Counts I, II, and IV of Complaint, with Full Party Rights* [ECF No. 17551; Adv. Proc. No. 21-0068, ECF No. 26], which was granted on August 11, 2021. On August 26, 2021, Proskauer submitted the intervening defendant Oversight Board's motion to dismiss, or in the alternative, to stay counts I, II and IV of the DRA Parties' complaint [Adv. Proc. No. 21-0068, ECF No. 40], and on October 8, 2021, the related reply in support. On October 29, 2021, the Title III Court granted the Monolines' motion to dismiss the DRA Adversary Proceeding, rendering the Oversight Board's motion to dismiss moot [Adv. Proc. No. 21-0068, ECF No. 83].

25. Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests by analyzing and objecting to duplicative, incorrectly filed, and otherwise deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer communications with claimants to achieve the best possible outcome for the Debtors. Among the major claims-related matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

- Claim Objections. In connection with proofs of claim filed against the Debtors,[13] Proskauer filed a total of 60 omnibus objections between June 1, 2021 and September 30, 2021. Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and

---

[13] Pursuant to the Bar Date Orders [Case No. 17-BK-3283, ECF Nos. 2521, 3160, 12260, and 13403], approximately 188,814 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC, formerly known as Prime Clerk, LLC.

preparing replies in support of the objections. Due to COVID-19 pandemic-related restrictions, including the inability of the Court to hold in-person hearings, the Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn the hearings on omnibus claim objections.

- Alternative Dispute Resolution ("ADR"). To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "ADR Procedures"). On April 1, 2020, the final ADR Procedures were approved by the Court.[14] During the Compensation Period, Proskauer filed its *Fourteenth, Fifteenth,* and *Sixteenth Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 17208, 17832, and 18259], transferring 40 additional claims to the ADR process. On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed its *Sixth* and *Seventh Alternative Dispute Resolution Status Notices* [ECF Nos. 17267 and 17997], providing an update to the Court regarding the status of the claims transferred into the ADR process.

- Administrative Reconciliation of Claims ("ACR"). To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes. The Court approved proposed ACR Procedures on March 12, 2020.[15] During the Compensation Period, Proskauer filed its *Thirteenth* through *Seventeenth Notices of Transfer of Claims to Administrative Claims Reconciliation* [ECF Nos. 16926, 17128, 17212, 17320, and 17968], transferring over 12,700 additional claims into Administrative Claims Reconciliation. On August 3, 2021, Proskauer filed the *Sixth Administrative Claim Reconciliation Status Notice* [ECF No. 17659], and on October 1, 2021, the *Seventh Administrative Claim Reconciliation Status Notice* [ECF No. 18363], providing an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the ACR transfer notices and reporting that in total, over 23,680 of ACR transferred claims had been successfully resolved by the end of the Compensation Period.

26.     First Circuit and Supreme Court Appeals. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as the Title III representative of the Debtors.

---

[14] See *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

Some of the appellate matters where Proskauer attorneys represented the Oversight Board included:

- U.S. Supreme Court *Certiorari* Petition:

  (1) UECFSE v. Commonwealth, Case No. 20-1466 (U.S.). On April 16, 2021, two unions representing public employees, UECFSE and UMCFSE, filed a petition for a writ of certiorari appealing the First Circuit judgment affirming the Title III Court's dismissal of their complaint against the Oversight Board alleging that certain laws impermissibly interfered with their collective bargaining rights.[16] Proskauer, on behalf of the Oversight Board, opposed the petition on August 2, 2021, and on October 4, 2021 the petition for writ of certiorari was denied.

- First Circuit Appeals:

  (1) Assured v. FOMB, Case No. 20-1847 (the "Section 926 Appeal"). On August 25, 2020, the Monolines appealed the Title III Court orders denying their motion for appointment of a trustee under section 926 of the Bankruptcy Code to pursue their claims on behalf of HTA against the Commonwealth and their request for a related bridge order.[17] On February 17, 2021, the Monolines filed their appellants' brief. The DRA Parties intervened in support of the Monolines on April 12, 2021. On behalf of the Oversight Board, Proskauer submitted a responsive brief on April 19, 2021. AAFAF submitted its response on the same date. The appellants requested that they be allowed to file their final form briefs on May 26, 2021, and that request was granted. After the appellants' final form opening and reply briefs were tendered, Proskauer filed a final form reply on June 6, 2021 and AAFAF on June 8, 2021. The matter was fully briefed. Two of the Monolines, Assured and National, reached an agreement with the Oversight Board in spring of 2021 with respect to their clams. In July of 2021, the remaining Monolines, Ambac and FGIC, reached the agreement with the Board, and on July 29, 2021, the Monolines filed their motion to voluntary dismiss their appeal. The motion was granted on July 30, 2021.

  (2) UTIER v. PREPA, Case No. 20-2041. On October 26, 2020, UTIER and SREAEE appealed the Title III Court decision granting the Government Parties'

---

[15] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

[16] *See* October 28, 2020, *Judgment* and *Opinion,* Case Nos. 19-2028 (1st Cir.).

[17] *See Order Denying Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 13825; Case No. 17-3567, ECF No. 889] and *Memorandum Opinion and Order Denying Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation* [ECF No. 14012; Case No. 17-3567, ECF No. 912].

motion to allow an administrative expense claim for any accrued and unpaid front-end transition obligations incurred by PREPA under the T&D Contract (the "LUMA Initial Administrative Expense Motion").  UTIER and SREAEE filed their opening appellate brief on February 15, 2021, and Proskauer, on behalf of the Oversight Board, filed an opposition on April 20, 2021. Proskauer attorneys defended the Board's position at the oral argument on June 8, 2021. On August 12, 2021, the judgment of the Title III Court was affirmed.

(3) Pierluisi v. FOMB, Case No. 21-1071.  On January 21, 2021, the Government appealed the Title III Court's orders denying its motion for summary judgment, granting in part the Oversight Board's summary judgment motion, and enjoining the Government from implementing and enforcing Acts 82, 138, 176, 181, and 47.[18] On April 19, 2021, the appellants Governor Pierluisi and AAFAF filed their opening brief, which was re-filed on May 7, 2021 to conform with rules of the Court. On June 16, 2021, the House Speaker submitted his amicus curiae brief in support of the reversal of the challenged judgment. On July 7, 2021, Proskauer, on behalf of the Oversight Board, filed its responsive brief. The appellants replied on July 28, 2021, and on August 11, 2021, Proskauer submitted the Oversight Board's sur-reply.  On September 15, 2021, Proskauer attorneys defended the Board's position at oral argument. On June 22, 2022, First Circuit affirmed the Title III Court decision.

(4) Pinto Lugo v. Government of the United States of America, Case No.  21-1283. On April 27, 2021, an individual plaintiff René Pinto-Lugo and certain non-profit corporations and labor unions appealed from the Title III Court opinion dismissing their underlying second complaint for lack of Article III standing and deeming futile their request to re-plead.[19]  On August 18, 2021, the appellants submitted their opening brief, which was re-filed on October 13, 2021 to conform with the rules of the Court.  On January 7, 2022, Proskauer, on behalf of the Oversight Board, submitted its responsive appellate brief.

(5) Johnson v. FOMB, Case No. 21-1611.  On August 27, 2021, individual creditor Obe Johnson, appearing *pro se*,  appealed the Title III Court orders denying his multiple motions for relief from the automatic stay.[20] Mr. Johnson subsequently filed with the First Circuit two motions to lift the automatic stay and a motion for

---

[18] *See Opinion and Order Denying the Government's Motions for Summary Judgment and Granting in Part the Oversight Board's Motions for Summary Judgment; Order to Show Cause Regarding Dismissal of Remaining Claims and Counterclaims; Order Dismissing Remaining Counts and Counterclaims and Directing Entry of Judgment in the Above-Captioned Adversary Proceedings,* and *Judgment* [Adv. Proc. Nos. 20-0080, 20-0082 – 0085].

[19] *See Memorandum Order Overruling Objections and Adopting Report and Recommendations* [Adv. Proc. No.18-0041; ECF No. 124].

[20] *See Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772, Order Denying Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 13510), Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the  Automatic Stay (Docket Entry No. 16942)* [ECF Nos. 13316, 13599, and 17184].

permission to appeal *in forma pauperis*.  On behalf of the Oversight Board, Proskauer filed its opposition to the appellant's first lift stay motion on October 4, 2021, and its opposition to the *in forma pauperis* request and the second lift stay motion on November 29, 2021.  On August 22, 2022, First Circuit affirmed the Title III Court's decision.

27.   In addition to the above, Proskauer has represented the Oversight Board and Title III Debtors in numerous adversary proceedings and other contested matters brought by the Debtors' bondholders and the Monolines, the Puerto Rico Government and its agencies, creditors, and other parties.  The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- PREPA RSA and Plan of Adjustment.  On May 22, 2020, the Title III Court confirmed the indefinite adjournment of the PREPA 9019 Motion deadlines [Case No. 17-4780, ECF No. 2006].   As mandated by the Court, on July 11, 2021, the Government Parties submitted their joint status report apprising the Court of the conditions on the Island, the ongoing evaluation of the PREPA RSA in light of the changing economic landscape, and proposed next steps with respect to the further development and implementation of the PREPA RSA [Case No. 17-4780, ECF No. 2544]. The Government Parties, including the Oversight Board, continued evaluating whether any amendments were necessary in light of COVID-19 and the unsettled economic and political landscape on the Island. The Oversight Board continued to meet and negotiate with representatives for certain bondholders that are party to the RSA and with the Puerto Rico Government and legislative leaders regarding outstanding issues in connection with the implementation of the RSA,  required legislative amendments, and PREPA's Title III restructuring.  Ultimately, the Legislature failed to enact the legislation the RSA depended on and the Governor terminated the RSA.

- PREPA PPOA Rejection and Assumption Motions. In line with PREPA's goal of supplying reliable electric power to ratepayers in Puerto Rico at the lowest cost possible, and to better align this objective with the PREPA certified fiscal plan, in 2017 the Oversight Board implemented a contract review policy for certain power purchase and operating agreements ("PPOAs") with renewable energy project developers. On August 2, 2021, Proskauer, on behalf of the Oversight Board, filed two *Notices of Assumption of Power Purchase Operating Agreement* requesting the Title III Court to enter an order approving assumption of the renewable power purchase operating agreements with Ciro One Salinas, LLC and Xzerta Tec Solar I LLC [Case No. 17-4780; ECF Nos. 2577 and 2578].   On August 10, 2021, Windmar Renewable Energy, Inc. ("Windmar") objected to the Notices. On September 29, 2021, Proskauer submitted its reply in support of PREPA's assumption of the PPOAs, and on October 6, 2021, Proskauer attorneys defended PREPA's position at oral argument. At the hearing, the Title III Court delivered

an oral ruling allowing PREPA to assume the PPOAs at issue, and that assumption was memorialized on December 8, 2021.[21]

- Catesby Jones v. PREPA, Adv. Proc. No. 20-0115.  On September 19, 2020, a declaratory judgment action was brought against the Special Claims Committee and UCC as PREPA co-trustees by certain electricity ratepayers in Puerto Rico (the "Ratepayers") seeking an order finding that the claims asserted by PREPA in *SCC v. Inspectorate America Corp.*, Adv. Proc. No. 19-0388, are not the assets of PREPA's estate, that the certified class of ratepayers in *Ismael Marrero Rolon v. Autoridad de Energia Electrica*, No. 3:15-cv-01167-JAG (D.P.R.) are the appropriate holders of those claims, and granting relief from the automatic stay to permit the Ratepayers to pursue their direct claims against PREPA in the *Ismael Marrero Rolon* case. On February 2, 2021 plaintiffs filed their second amended complaint. On behalf of PREPA, on March 30, 2021 Proskauer moved to dismiss counts I and II of the second amended complaint and defended the Debtor's position at the omnibus hearing on June 16, 2021. On June 24, 2021 the motion to dismiss counts I and II was granted by the Title III Court.

- UTIER v. PREPA, Adv. Proc. No. 17-0229 (the "UTIER CBA Adversary Proceeding").  On March 12, 2021, UTIER filed its third amended complaint in the adversary action against PREPA, the Oversight Board, and individual executive defendants, alleging in its surviving claims that certain Puerto Rico laws negatively affected the UTIER collective bargaining agreement in violation of the Contract Clauses of the United States and Puerto Rico Constitutions. On April 26, 2021, Proskauer answered the complaint on behalf of the Oversight Board, and on the same date, jointly with counsel for the individual defendants, filed the amended motion to dismiss UTIER's third amended complaint. On April 26, 2021, UTIER filed four motions in limine to exclude the expert testimony offered by the defendants. On June 1, 2021, Proskauer, jointly with counsel for individual executive defendants, filed the joint motion for summary judgment. On July 2, 2021, UTIER filed its own amended motion for summary judgment. On July 19, 2021, Proskauer filed PREPA's reply in support of the amended motion to dismiss, which the individual defendants joined. On September 10, 2021, Proskauer filed the Oversight Board's opposition to the four motions in limine. The same day, Proskauer, together with counsel for individual executive defendants, filed defendants' opposition to UTIER's summary judgment and, and on December 8, 2021, the joint defendants' reply in support of their motion for summary judgment. On February 4, 2022, the Title III Court granted the PREPA's and individual defendants' motion and dismissed the surviving claims in UTIER's third amended complaint against them with no further leave to amend.[22]  On March 3, 2022, UTIER appealed the Title III Court decision. On

---

[21] *See Amended Memorandum Opinion Regarding Notices of Puerto Rico Electric Power Authority for Entry of an Order Approving PREPA to Assume Certain Power Purchase and Operating Agreements* and *Amended Order Approving PREPA's Assumption of Power Purchase Agreements* [Case 17-4780; ECF Nos. 2666 and 2667].

[22] *See Memorandum Opinion and Order Granting PREPA's and Individual Defendants' Motion to Dismiss Plaintiff's Third Amended Adversary Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [Adv. Proc. No. 17-0299; ECF No. 218].

September 20, 2022, the Title III Court granted the Defendants' motion for summary judgment and closed the adversary proceeding.

- <u>La Liga de Ciudades de Puerto Rico v. FOMB, Adv. Proc. No. 21-0026 (the "La Liga Adversary Proceeding")</u>.  On March 14, 2021, a not-for-profit organization of Puerto Rico Mayors from various municipalities (La Liga de Ciudades de Puerto Rico or "<u>La Liga</u>") commenced an adversary action against the Oversight Board, among others, seeking a Title III Court order prohibiting collection of funds from the municipalities for the time period allegedly exempted by Law 29, enjoining the Board from interfering with fiduciary duties owed by AAFAF and CRIM to the municipalities, and declaring nonexistent the municipalities' debts to CRIM, ASES and Puerto Rico Retirement System.  On May 14, 2021, Proskauer, on behalf of the Oversight Board, filed a motion to dismiss the La Liga complaint and on July 14, 2021, the reply in support of the motion. The Oversight Board's motion, together with motions to dismiss filed by other parties, was granted by the Title III Court on January 4, 2022, and on  January 18, 2022, La Liga filed its Notice of Appeal with the First Circuit. *La Liga de Ciudades de Puerto Rico v. FOMB*, Case No. 22-1062 (1st Cir.).

- <u>R&D Master Enterprises, Inc. v. FOMB, Case No. 21-cv-01317-RAM (D.P.R.)</u>. On July 8, 2021, three Puerto Rico private corporations and two private citizens filed a complaint in the District Court of Puerto seeking an order requiring the Oversight Board to evaluate the loan sale agreement under which their loans had been transferred from The Economic Development Bank for Puerto Rico (the "<u>BDE</u>") to private entity PR Recovery and Development JV, LLC.  On July 27, 2021, Proskauer, on behalf of the Oversight Board, and Natalie Jaresko as its Executive Director, moved to transfer the R&D Master Enterprises dispute to the pending Title III case of the Commonwealth of Puerto Rico. On August 6, 2021, plaintiffs opposed the transfer and Proskauer filed the reply in support on August 17, 2021. The transfer was denied on October 25, 2021.  On September 3, 2021, Proskauer filed the Oversight Board's and Natalie Jaresko's motion to dismiss plaintiffs' complaint for lack of jurisdiction. On September 15, 2021, the plaintiffs responded in opposition to dismissal and on September 29, 2021, Proskauer filed the reply in support. On February 14, 2022, a group of private citizens and clients of the BDE filed a motion to intervene in the R&D Master Enterprises dispute. On February 25, 2022, Proskauer filed the Oversight Board's and Natalie Jaresko's opposition to the putative intervenors' motion.

28.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

29.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$22,109.20** as compensation for professional services rendered; and (b) **$29,334.62** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  The Application reflects the sizeable discount embedded in Proskauer's Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing in the Compensation Period up to 53% discounts on the hourly rates of its most senior partners.

30.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

31.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

32.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 14.40 recorded hours by Proskauer's partners and senior counsel; 3.40 recorded hours by associates; and 23.80 recorded hours by paraprofessionals. As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.   In accordance with

Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**. The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board. The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents. **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees. No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

33.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each Project Category is organized in accordance with Guidelines paragraph C.8.b. If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future. In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application. Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**. While Proskauer billed only 41.60 hours to ERS during the Compensation Period, Proskauer has billed substantially more time to ERS during prior Compensation Periods. In

addition, during the Compensation Period, substantial work was done to advance ERS's restructuring in connection with the proposed Commonwealth, ERS, and PBA plan of adjustment and related disclosure statement, which provide for a comprehensive restructuring of ERS's debt, but which work was billed to other Project Categories related to the Commonwealth as it involves multiple Debtors.

**Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5**

34.    The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |
| Response: | No. |
| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 40.2% below the budgeted fees). |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees. |
| Response: | No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements. |
| **Question**: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. |

Response:       No time was spent redacting time records on account of privilege concerns.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:       Yes.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2021, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $853 per hour, for e-discovery attorneys of $421 per hour, and for paraprofessionals of $291 per hour.  Rates have not increased during this Compensation Period.

**Gross-Up Amount**

35.     Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

36.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.  Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

37.     For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement

25

Letter and understandings with the Commonwealth government. In prior Fee Applications, Proskauer requested approval for periods prior to October 2020. If it becomes necessary to request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a subsequent time.

**Professionals Billing Fewer Than Five Hours per Month**

38.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[23]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Esses, Joshua A. | June | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with drafting omnibus objections to claims filed against the Debtor. |

---

[23] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.  Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Firestein, Michael A. | July, August | Mr. Firestein is a partner in Proskauer's litigation department who analyzed the Cooperativas' claims and their impact on confirmation of the Debtor's plan of adjustment, and advised on communications with the Cooperativas' counsel and drafting the related omnibus objection to the Cooperativas' claims. |
| Levitan, Jeffrey W. | August | Mr. Levitan is a partner in Proskauer's BSGR&B group who advised on drafting the omnibus objection to the Cooperativas' claims. |
| Petrov, Natasha | June – August, October | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with drafting Proskauer's Eleventh Interim Application and Twelfth Interim Application. |
| Roche, Jennifer L. | July, August | Ms. Roche is a senior counsel in Proskauer's litigation department who advised on communications with the Cooperativas' counsel and drafting the omnibus objection to the Cooperativas' claims. |
| Silvestro, Lawrence T. | July | Mr. Silvestro is a paralegal in Proskauer's litigation department who assisted with case management related tasks. |
| Singer, Tal J. | July | Mr. Singer is a paralegal in Proskauer's BSGR&B group who assisted with case management related tasks. |
| Stafford, Laura | August | Ms. Stafford is an associate in Proskauer's litigation department who assisted with drafting the omnibus objection to the Cooperativas' claims. |
| Volin, Megan R. | July | Ms. Volin is an associate in Proskauer's BSGR&B group who assisted with drafting Proskauer's Eleventh Interim Application. |
| Weise, Steven O. | August | Mr. Weise is a partner in Proskauer's corporate department who advised on drafting the omnibus objection to the Cooperativas' claims. |

## Summary Description of Professional Services

39.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.  Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

## I.     **Matter No. 33260.0007 (PROMESA Title III: ERS)**

40.     This matter number covers time spent relating to the core ERS Title III case, including, for example, litigation matters relating to the core ERS Title III case and time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

(a)   Employment and Fee Applications (Project Category 218)
        (Fees: $7,512.90; Hours: 23.50)

41.     This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of interim fee applications. Specifically, Proskauer attorneys and paraprofessionals spent time drafting Proskauer's Eleventh Interim Application and Twelfth Interim Application.

## II.    **Matter No. 33260.0068 (ERS Title III – Cooperativa de Ahoro y Creditor Vegabajena)**

42.     This matter number covers time spent working on the Oversight Board's opposition to a complaint for declaratory relief filed by secured creditor Cooperativa de Ahorro y Credito Vegabajena (together with other credit unions, the "Cooperativas") requesting the Court's affirmation of its security interests, including *Cooperativa de Ahorro y Credito Vegabajena v. FOMB*, Adv. Proc. No. 19-0028 (the "Cooperativa Adversary Proceeding"), and related proofs of claim filed by Cooperativa de Ahorro y Crédito Vegabajeña.

   (a)   <u>Analysis and Strategy (Project Category 210)</u>
       (Fees: <u>$8,615.30</u>; Hours: <u>10.10</u>)

43.    This Project Category includes time spent related to legal analysis on, and strategic approaches to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, and preparing for and attending depositions.  Specifically, Proskauer attorneys spent time reviewing and analyzing the status of the Cooperativa Adversary Proceeding, communicating with the Cooperativas' counsel regarding the Title III Court order staying the case pending confirmation of the Debtor's plan of adjustment, further developing the Oversight Board's litigation strategy, analyzing the Cooperativas' claims and their impact on confirmation of the Debtor's plan of adjustment, and drafting the Three Hundred Eighty-Ninth Omnibus Objection to Claims seeking to disallow the Cooperativas' claims arising from personal loan agreements.

\*     \*     \*     \*

44.    The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

45.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

## Actual and Necessary Expenses of Proskauer

46.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

47.     In accordance with paragraph C.13 of the Appendix B Guidelines, and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) transcription services, and (b) litigation support.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

48.     As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

49.     During the Compensation Period, Proskauer has disbursed **$29,334.62** as necessary and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are

not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services). Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## **Compensation Paid and Its Source**

50.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor. In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor. There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

51.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation. PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;

31

(3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

52.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

**<u>Reservations</u>**

53.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

## Notice

54.     Pursuant to the Interim Compensation Order and the *Sixteenth Amended Notice,*

*Case Management and Administrative Procedures* [ECF No. 20190-1], notice of this Application

has been filed in the Debtor's Title III Case and the lead Commonwealth of Puerto Rico's Title

III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com) and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

    (i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

    (j) the Puerto Rico Department of Treasury, P.O. Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

    (k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

    (l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

    55.    Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

    WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$22,109.20**, and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$29,334.62**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred

during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and

(d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:  March 31, 2023
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
        ppossinger@proskauer.com
        ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*