# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF No. 23269** |
| NORTH SIGHT COMMUNICATIONS, INC.,<br><br>    Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Respondents. | |

## OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO NORTH SIGHT COMMUNICATIONS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to *North Sight Communications, Inc.'s Motion for Allowance and Payment of Post-petition Administrative Expense Claim* [Case No. 17-3283, ECF No. 23269][3] (the "Motion"), filed by North Sight Communications, Inc. ("Movant"). In support of the Objection, the Debtor respectfully represents:

## PRELIMINARY STATEMENT

1. Movant asserts it is entitled to administrative expense priority for an asserted litigation claim arising after the commencement of the Debtor's Title III case. Movant's sole contention to support its claim to administrative expense priority is that the asserted claim arose post-petition. The Motion should be denied because (i) the asserted claim is contingent at this time, and should instead be resolved pursuant to the claims resolution process and pursuant to the timeline established in the Debtor's Title III case, the Plan, and the Confirmation Order (each as defined below), and (ii) Movant has failed to articulate a reason its asserted claim satisfies the requirements for administrative expense priority treatment.

## BACKGROUND

2. On May 3, 2017, the Commonwealth filed a petition pursuant to Title III of PROMESA to commence its Title III case.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Unless otherwise stated, all ECF Nos. shall refer to the docket in Case No. 17-3283.

1

3. On October 9, 2020, Movant filed an action, captioned *North Sight Communications, Inc. v. Department of Public Safety, et al.,* Case No. SJ2020CV05478 (the "Postpetition Action"), in the Court of First Instance in the San Juan Superior Court (the "Commonwealth Court") against the Department of Public Safety, the General Services Administration, the Puerto Rico Police Bureau, and certain other parties, relating to the alleged purchase of portable radios, requesting, among other things, the Commonwealth Court order the parties to purchase certain portable radios. The Postpetition Action remains pending in the Commonwealth Court.

4. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[4] Section 92.2 of the Plan discharged and released the Debtor from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." Plan § 92.2(a).

5. On March 15, 2022, the Plan was substantially consummated [ECF No. 20349]. Beginning on the Effective Date, the Confirmation Order permanently enjoined parties from "commencing or continuing, directly or indirectly . . . any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind" on any discharged Claims against the Debtor (the "Discharge Injunction"). Confirmation Order ¶ 59.

---

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

2

6. Decretal paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligations with respect thereto." The deadline to file proofs of Administrative Expense Claims was June 13, 2022, which was extended to January 18, 2023, solely with respect to certain claims or causes of action, pursuant to the *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650]. Section 82.1 of the Plan provides that the Oversight Board "shall file and serve all objection to Claims as soon as practicable, but, in each instance, not later than one hundred eighty (180) days following the Effective Date or such later date as may be approved by the Title III Court." The deadline for the Debtor to object to Claims was September 11, 2022, which was extended to September 4, 2023 pursuant to the *Order Granting Debtors' Motion for an Order Further Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 23476] (the "Extension Order").

7. On January 18, 2023, Movant filed the Motion, seeking allowance of an administrative expense claim of no less than $1,497,500.00 or, in the alternative, $422,500.00 (the "NSCI Claim").[5]

## ARGUMENT

**I.  The Motion Does Not Establish Entitlement to Allowance for the Asserted Claim**

8. Parties seeking administrative priority status for their claims must establish liability under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a

---

[5] NSCI has not filed a proof of Administrative Expense Claim. However, the Oversight Board will treat the Motion as a timely filed proof of Administrative Expense Claim. The Commonwealth reserves all rights, defenses, objections, and arguments in connection with such proof of Administrative Expense Claim.

3

creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (B.A.P. 1st Cir. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."); September 28, 2022 Hr'g Tr. 118:20-22 ("The Court's discretion is broad, but it still falls to the claimant to establish the liability of the [D]ebtor under applicable law."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" the Commonwealth. 11 U.S.C. § 503(b)(1)(A)(i).

9. "The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 631 B.R. 596, 604 (D.P.R. 2021) (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). A party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted).

10. Here, Movant has not met the burden of proving entitlement to administrative expense status. Movant's sole reason for administrative expense priority treatment of its asserted

4

claim is that the claim arose post-petition. Mot. ¶ 7. Such barebones assertion fall well short of Movant's burden.

11. A claim does not constitute an administrative expense simply because it accrued post-petition, the expense must also provide a benefit to the estate. *See In re Drexel Burnham Lambert Grp.*, 134 B.R. at 489. Movant makes no attempt to satisfy this part of the test. Due to infirmities in the procurement process rendering any obligation of the government to purchase the radios null and void pursuant to Commonwealth law, among other things, which is the subject to the Postpetition Action, the General Services Administration and the Puerto Rico Police Bureau have not accepted delivery of any portable radios.

12. Further, Movant ignores the contingent nature of the NSCI Claim. The Postpetition Action remains pending in the Commonwealth Court, meaning liability has not been established on the Debtor's part. Movant therefore does not hold a liquidated claim from which it can seek recovery. Put simply, before Movant can recover from the Debtor, Movant must first establish liability.

## II. The Motion Attempts to Circumvent the Process for Resolving Claims Established Pursuant to the Plan

13. The Motion constitutes an attempt to circumvent the process established in Section 82.1 of the Plan for resolving disputed Claims. As explained above, the Oversight Board has until September 4, 2023 to object to Claims pursuant to the Extension Order. The Board requires this time to review filed Claims and determine the most effective path forward to resolve asserted Claims—which may, for example, include liquidating a Claim through the alternative dispute resolution process established in these Title III Cases or in its original forum. Movant seeks, in contravention of the Plan, to short-circuit this process and require the Board to resolve the NSCI Claim prematurely, while other similarly situated claimants proceed through the claims resolution

5

process established in this Title III case. As a result, the Motion should be denied so as to allow the Debtor and the Oversight Board to follow the procedures established pursuant to the Plan for resolving Claims.

WHEREFORE the Debtor respectfully requests the Court deny the Motion and grant it such other further relief as is just.

| | |
|---|---|
| Dated: April 7, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*<br><br>*/s/ Hermann D. Bauer*<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtor* |