UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS<br>(Jointly Administered) |

**REPLY OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO THE RESPONSE FILED BY JOSE A. FIGUEROA SIERRA [ECF NO. 18818] TO THE THREE HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE PUERTO RICO ELECTRIC POWER AUTHORITY TO MISCLASSIFIED CLAIMS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

The Puerto Rico Electric and Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this reply (the "Reply") to the response filed by Jose A. Figueroa Sierra ("Figueroa Sierra") [Case No. 17 BK 3283-LTS, ECF No. 18818][3] (the "Response") to the *Three Hundred Eighty-Seventh Omnibus Objection (Substantive) of the Puerto Rico Electric Power Authority to Misclassified Claims* [ECF No. 17926] (the "Three Hundred Eighty-Seventh Omnibus Objection"). In support of this Reply, PREPA respectfully represents as follows:

1. On August 20, 2021, PREPA filed the Three Hundred Eighty-Seventh Omnibus Objection seeking to reclassify certain claims that assert an incorrect or improper classification (the "Claims to be Reclassified"), each as listed on Exhibit A thereto. As described in the Three Hundred Eighty-Seventh Omnibus Objection, the Claims to be Reclassified incorrectly or improperly assert that they are secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or other priority pursuant to 11 U.S.C. § 507(a). However, upon a reasonable review of the Claims to be Reclassified and the Debtor's books and records, the Debtor has concluded that the Claims to be Reclassified are not entitled to such asserted priority.

2. Any party who disputed the Three Hundred Eighty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on September 20, 2021 in accordance with the Court-approved notice attached to the Three Hundred Eighty-Seventh

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Unless otherwise stated, references to the docket shall refer to Case No. 17-3283.

Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Three Hundred Eighty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 17989].

3. Figueroa Sierra filed a claim against PREPA on October 20, 2020, which was logged by Prime Clerk LLC as Proof of Claim No. 177404 (the "Figueroa Sierra Claim"). The Figueroa Sierra Claim asserts liabilities against PREPA on account of injuries allegedly resulting from exposure to asbestos while employed by PREPA. The Figueroa Sierra Claim further asserts it is entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). As set forth in the Three Hundred Eighty-Seventh Omnibus Objection, only creditors who sold goods to PREPA within twenty (20) days of commencement of PREPA's Title III Case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). The Figueroa Sierra Claim attaches as supporting documentation certain medical records substantiating the alleged injury. Because the Figueroa Sierra Claim does not assert any liability on account of goods sold to PREPA within twenty (20) days of commencement of PREPA's Title III Case, it is not entitled to administrative expense priority as asserted.

4. The Response was filed with the Court on October 26, 2021, and docketed as ECF No. 18818. Therein, Figueroa Sierra provides additional details regarding the circumstances of his alleged exposure to asbestos and certain legal and regulatory proceedings related thereto. The Response does not address PREPA's contention that the Figueroa Sierra Claim is erroneously asserted as an administrative expense or other priority claim under 11 U.S.C. §§ 503(b) or 507(a) and is not entitled to treatment pursuant to 11 U.S.C. § 503(b)(9). Specifically, the Response does not allege that Figueroa Sierra sold goods to PREPA within the statutorily prescribed timeframe.

Nor does the Response assert any other basis entitling the Figueroa Sierra Claim to administrative expense priority.

5.      Because the Response does not provide a basis entitling the Figueroa Sierra Claim to administrative expense priority, the Figueroa Sierra Claim should be reclassified as a general unsecured claim. The Debtor reserves its right to object to the Figueroa Sierra Claim on any other basis whatsoever.

6.      For the foregoing reasons, the Debtor respectfully requests that the Court grant the Three Hundred Eighty-Seventh Omnibus Objection and reclassify the Figueroa Sierra Claim notwithstanding the Response.

[*Remainder of page is intentionally left blank*]

|  |  |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Luis F. del Valle-Emmanuelli<br>Luis F. del Valle-Emmanuelli<br>USDC-PR No. 209514<br>P.O. Box 79897<br>Carolina, Puerto Rico 00984-9897<br>Tel. 787.647.3503<br>Fax. N/A<br>dvelawoffices@gmail.com<br><br>Of Counsel for A&S Legal Studio, PSC<br>434 Ave. Hostos<br>San Juan, PR 00918<br>Tel: (787) 751-6764/763-0565<br>Fax: (787) 763-8260<br><br>/s/ Martin J. Bienenstock<br>Martin J. Bienenstock<br>Ehud Barak<br>Paul V. Possinger<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br>Email: mbienenstock@proskauer.com<br>        ebarak@proskauer.com<br>        ppossinger@proskauer.com<br><br>*Attorneys for the Financial*<br>*Oversight and Management Board*<br>*as representative for PREPA* |

5