UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      1.      On July 1, 2022, the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Four Hundred Seventy-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Claims Asserting Liabilities Owed by Entities that Are not Title III Debtors* [ECF No. 21426] (the "Four Hundred Seventy-Fifth Omnibus Objection").

2. The Four Hundred Seventy-Fifth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, claims that seek recovery for asserted liabilities owed by entities that are not Title III Debtors (collectively, the "Claims to Be Disallowed").

3. Any party who disputed the Four Hundred Seventy-Fifth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on August 1, 2022 in accordance with the Court-approved notice attached to the Four Hundred Seventy-Fifth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four Hundred Seventy-Fifth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 21525].

4. On August 9, 2022, the Debtors received correspondence (the "Arocho Rivera Response") from Heriberto Arocho Rivera ("Arocho Rivera") in connection with the Four Hundred Seventy-Fifth Omnibus Objection. A true and correct copy of the Arocho Rivera

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

Response and its corresponding certified translation are attached hereto as Exhibit "A" and Exhibit "A-1," respectively.

5. Arocho Rivera filed a proof of claim against the Commonwealth on July 30, 2019, which was logged by Kroll Restructuring Administration LLC as Proof of Claim No. 169996 (the "Arocho Rivera Claim"). The Arocho Rivera Claim purports to assert liabilities in an unknown amount associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation").

6. The Arocho Rivera Response attaches various documents establishing Arocho Rivera's employment with the Sugar Corporation and reiterates his claim for allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation. Arocho Rivera Response at 1. In addition, Arocho Rivera asserts that "[t]he Fiscal Oversight Board and its lawyers have been claiming that the sugar plants are not part of Title III. I consider that this one is because it was subsidized by the Puerto Rico Land Authority and the Government of the Commonwealth. The Government of the Commonwealth allocated the funding to operate those sugar plants and for payroll expenses." *Id.*

7. As set forth in the Four Hundred Seventy-Fifth Omnibus Objection, the Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence. During its existence, the Sugar Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ." *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c); Sugar Corporation Certificate of Incorporation, Article 1(b)). Upon its dissolution, the operations and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority. 5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico

3

Land] Authority shall retain the liabilities . . ."). The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941. 28 L.P.R.A. § 242(a). The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof." 28 L.P.R.A. § 242(c). Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

8. The Arocho Rivera Response does not address the fact that the Sugar Corporation and the Puerto Rico Land Authority are not Title III entities, but rather, separate and independent government entities, one of which has since been dissolved. Additionally, the Arocho Rivera Response did not—and cannot—articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations. The fact that the Commonwealth may have provided funding to the Sugar Corporation does not alter the fact that the two entities are legally separate and independent entities. Thus, the Arocho Rivera Claim should be disallowed.

9. For the foregoing reasons, the Debtors respectfully request that the Court grant the Four Hundred Seventy-Fifth Omnibus Objection, notwithstanding the Arocho Rivera Response.

Dated: April 11, 2023
      San Juan, Puerto Rico

Respectfully submitted,

<u>/s/ *Luis F. del Valle-Emmanuelli*</u>
Luis F. del Valle-Emmanuelli
USDC-PR No. 209514
P.O. Box 79897
Carolina, Puerto Rico 00984-9897
Tel. 787.647.3503
Fax. N/A
dvelawoffices@gmail.com

Of Counsel for A&S Legal Studio, PSC
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764/763-0565
Fax: (787) 763-8260

<u>/s/ *Brian S. Rosen*</u>
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*