**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES FILED BY CLAIMANTS CARMEN D. CARRASQUILLO [ECF NO. 19754] AND JOEL NEGRÓN GUZMÁN [ECF NO. 19725] TO THE THREE HUNDRED NINETY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM TO NO LIABILITY CLAIMS FILED BY AEELA MEMBERS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Three Hundred Ninety-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to No Liability Claims Filed by AEELA Members* [ECF No. 19548] (the "Three Hundred Ninety-Ninth Omnibus Objection"). In support of this Reply, the Debtors respectfully represent as follows:

1. On December 17, 2021, the Debtors filed the Three Hundred Ninety-Ninth Omnibus Objection seeking to disallow claims asserting liabilities associated with financial products issued by members of the Asociación de Empleados del ELA ("AEELA"), which is not a Title III Debtor, and whose liabilities are not guaranteed by the Commonwealth, each as set forth on Exhibit A thereto (collectively, the "Claims to Be Disallowed").

2. Any party who disputed the Three Hundred Ninety-Ninth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022, in accordance with the Court-approved notice attached to the Three Hundred Ninety-Ninth Omnibus Objection as Exhibit C thereto, which was served in English and Spanish on the individual creditors subject to the Three Hundred Ninety-Ninth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

3. The following responses to the Three Hundred Ninety-Ninth Omnibus Objection were filed:

- An untitled response [ECF No. 19754] (the "Carrasquillo Response") filed by claimant Carmen D. Carrasquillo ("Carrasquillo"), and

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

- An untitled response [ECF No. 19725] (the "Negrón Guzmán Response," and together with the Carrasquillo Response, the "Responses") filed by claimant Joel Negrón Guzmán ("Negrón Guzmán," and together with Carrasquillo, the "Claimants").

### I. The Carrasquillo Response

4. On September 9, 2020, Carrasquillo filed a proof of claim against the Commonwealth, which was logged by Kroll as Proof of Claim No. 175239 (the "Carrasquillo Claim"), asserting $56,400 against the Department of Education, an agency of the Commonwealth, for allegedly accrued, but unpaid, wages per "[Law] 89-1979." Carrasquillo Claim at 2-3. The Carrasquillo Claim also includes a "Request for Liquidation of Savings and Dividends" issued by AEELA. Carrasquillo Claim at 5.

5. On July 13, 2021, the Debtors filed the *Sixteenth Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 17320], which transferred the portion of the Carrasquillo Claim asserting allegedly accrued but unpaid wages to ACR. The remainder of the claim asserting liabilities on the basis of the AEELA financial products was logged by Kroll as Proof of Claim No. 175239-1 (the "Remaining Carrasquillo Claim") and objected to on the Three Hundred Ninety-Ninth Omnibus Objection.

6. The Carrasquillo Response, a Spanish-language letter, dated January 10, 2022, was filed on January 12, 2022, and docketed as ECF No. 19754 on January 13, 2022. Therein, Carrasquillo does not address the Commonwealth's contention that the Remaining Carrasquillo Claim should be disallowed because it asserts liabilities based on AEELA products when AEELA is not a Title III Debtor. Instead, the Carrasquillo Response states that "all of [her] time included in the claim was with the Department of Education under the Commonwealth of Puerto Rico," and

that she "never worked for the Association of Employees of the Commonwealth (AEELA)." Carrasquillo Response at 1.

7. AEELA is a separate entity that is legally distinct from the Commonwealth and each of the other Title III Debtors, and neither the Commonwealth nor any other Title III Debtor has guaranteed liabilities associated with AEELA's financial products. Neither the Carrasquillo Response nor the Carrasquillo Claim provides a basis for asserting a claim against either the Commonwealth or any other Title III Debtor for amounts owed by AEELA, a separate, legally distinct entity.

8. Accordingly, because the Carrasquillo Response does not dispute that the Commonwealth is not liable for the AEELA financial products and does not otherwise provide a basis for asserting liability against the Commonwealth, the Remaining Carrasquillo Claim should be disallowed.

## II. The Negrón Guzmán Response

9. On June 1, 2018, Negrón Guzmán filed a proof of claim against the Commonwealth, which was logged by Kroll as Proof of Claim No. 71072 (the "Negrón Guzmán Claim"), asserting $7,800 against the Department of Correction and Rehabilitation, an agency of the Commonwealth, for accrued, but unpaid, wages in relation to the "Romerazo" wage increase. Negrón Guzmán Claim at 2-3.

10. On December 12, 2019, the Debtors filed the *One Hundred Fourteenth Omnibus Objection (Non-Substantive) to Deficient Claims Asserting Interests Based Upon Unspecified Puerto Rico Statutes* [ECF No. 9564] (the "One Hundred Fourteenth Omnibus Objection"). On February 5, 2020, Negrón Guzmán filed a Spanish-language letter dated January 31, 2020 as a response to the One Hundred Fourteenth Omnibus Objection, which was docketed as ECF No.

4

10721 (the "Negrón Guzmán Response to the One Hundred Fourteenth Omnibus Objection"). Therein, Negrón Guzmán includes, as an unmarked exhibit, an AEELA statement to "corroborate his claim." Negrón Guzmán Response to the One Hundred Fourteenth Omnibus Objection at 1.

11. On November 11, 2020, the Debtors filed the *Fifth Notice of Transfer of Claims to Administrative Claims Reconciliation* [EFC No. 15086], which transferred the portion of the Negrón Guzmán Claim asserting allegedly accrued but unpaid wages to ACR. The remainder of the claim asserting liabilities on the basis of the AEELA financial products was logged by Kroll as Proof of Claim No. 71072-1 (the "Remaining Negrón Guzmán Claim") and objected to on the Three Hundred Ninety-Ninth Omnibus Objection.

12. The Negrón Guzmán Response, a Spanish-language letter, dated January 4, 2022, was filed on January 10, 2022, and docketed as ECF No. 19725 on January 11, 2022. Therein, Negrón Guzmán does not address the Commonwealth's contention that the Remaining Negrón Guzmán Claim should be disallowed because it asserts liabilities based on the AEELA financial products when AEELA is not a Title III Debtor. Instead, Negrón Guzmán states that his claim is in relation to the "Romerazo" wage increase and per diem payments, which were allegedly accrued, but unpaid. Negrón Guzmán Response at 1. As stated above, the portion of the Negrón Guzmán Claim asserting accrued but unpaid wages was previously transferred into ACR. The sole document submitted by Negrón Guzmán regarding AEELA's financial products—an AEELA-issued summary of Negrón Guzmán's AEELA accounts [ECF No. 10721]—fails to support a basis for asserting liability against the Commonwealth.

13. As explained above, AEELA is a separate entity that is legally distinct from the Title III Debtors, and none of the Title III Debtors have guaranteed its liabilities. Because the Negrón Guzmán Response does not dispute that the Commonwealth is not liable for the AEELA

5

financial products and does not otherwise provide a basis for asserting liability against the Commonwealth, the Remaining Negrón Guzmán Claim should be disallowed.

14. Accordingly, for the foregoing reasons, the Commonwealth respectfully requests the Claims be disallowed, notwithstanding the Responses.

[*Remainder of page is intentionally left blank*]

| | |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>/s/ Brian S. Rosen<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |