UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                 Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES [ECF NOS. 19729, 19753, 19800, 19801, 19802, 19821, 19825, 19826, 19827, 19829, 19832, 19852, 19877, 19878, 19878, 19881, 19883, 19884, 19888, 19891, 19927, 19977, 20061, 20062, 20133, 20288, 20472, 21054] TO THE FOUR HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight,*

---

¹ The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Four Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Sales Tax Financing Corporation to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 19552] (the "Four Hundred Third Omnibus Objection"), and in support of the Reply, respectfully states as follows:

1. On December 17, 2021, the Debtor filed the Four Hundred Third Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). As set forth in the Four Hundred Third Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. Any party who disputed the Four Hundred Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022, in accordance with the Court-approved notices attached to the Four Hundred Fourth Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

3. The Claims to Be Disallowed assert liabilities against entities such as the University of Puerto Rico, the Puerto Rico Telephone Company, and other private entities, such as the Sugar Corporation. None of those entities, however, is a Title III Debtor; in fact, each entity is separate and legally distinct from any Title III Debtor.

4. The following responses addressing the Four Hundred Third Omnibus Objection in connection with employment at the Sugar Corporation were interposed:

- *Reply to Omnibus Objection* [ECF No. 19927] (the "Alicea Rivera Response") filed by Jose Alicea Rivera ("Alicea Rivera");

- *Reply to Omnibus Objection* [ECF No. 20288] (the "Marrero Borges Response") filed by Antonio Juan Marrero Borges ("Marrero Borges"); and

- A letter [ECF No. 19877] (the "Munoz Cruz Response," and together with the Alicea Rivera Response, the Marrero Borges Response, and the Munoz Cruz Response, the "Sugar Corporation Responses"), filed by Nelida Munoz Cruz ("Munoz Cruz," and together with Alicea Rivera, Marrero Borges, and Munoz Cruz, the "Sugar Corporation Claimants").

5. The following responses addressing the Four Hundred Third Omnibus Objection in connection with employment at the Puerto Rico Telephone Company were interposed:

- *Reply to Omnibus Objection* [ECF No. 19884] (the "Acosta Diaz Response") filed by Xilma M. Acosta Diaz ("Acosta Diaz");

- *Reply to Omnibus Objection* [ECF No. 19827] (the "Alvarez Martinez Response") filed by Keirry del Carmen Alvarez Martinez ("Alvarez Martinez");

- *Reply to Omnibus Objection* [ECF No. 19888] (the "Andino Response") filed by José Pérez Andino ("Andino");

- *Reply to Omnibus Objection* [ECF No. 19891] (the "Burgos Response") filed by William Narvaez Burgos ("Burgos");

- *Reply to Omnibus Objection* [ECF No. 19832] (the "Colon Correa Response") filed by Heriberto Colon Correa ("Colon Correa");

- *Reply to Omnibus Objection* [ECF No. 19752] (the "Colon Vega Response") filed by Irma Colon Vega ("Colon Vega");

3

- *Reply to Omnibus Objection* [ECF No. 19852] (the "Colon Response") filed by Marta F. Colon ("Colon");

- *Reply to Omnibus Objection* [ECF No. 20133] (the "Crispin Santiago Response") filed by Marina Crispin Santiago ("Crispin Santiago");

- *Reply to Omnibus Objection* [ECF No. 19883] (the "Garcia Response") filed by Alba N. Garcia ("Garcia");

- *Reply to Omnibus Objection* [ECF No. 19825] (the "Heredia Alvarez Response") filed by Nelson Heredia Alvarez ("Heredia Alvarez");

- *Reply to Omnibus Objection* [ECF No. 19977] (the "Hernandez Hernandez Response") filed by Felicita Hernandez Hernandez ("Hernandez Hernandez");

- *Reply to Omnibus Objection* [ECF No. 20062] (the "Maysonet Response") filed by Jose A. Maysonet ("Maysonet");

- *Reply to Omnibus Objection* [ECF No. 19800] (the "Morales Hernandez Response") filed by Milagros Morales Hernandez ("Morales Hernandez");

- *Reply to Omnibus Objection* [ECF No. 19821] (the "Ortiz Otero Response") filed by Fredesvinda Ortiz Otero ("Ortiz Otero");

- *Reply to Omnibus Objection* [ECF No. 19801] (the "Rosado Colon Response") filed by Jacqueline Rosado Colon ("Rosado Colon");

- *Reply to Omnibus Objection* [ECF No. 20061] (the "Santos Martinez Response") filed by Gladys Santos Martinez ("Santos Martinez");

- *Reply to Omnibus Objection* [ECF Nos. 19729] (the "Toro Response") filed by Alicia Beniquez Toro ("Toro");

- *Reply to Omnibus Objection* [ECF No. 19826] (the "Torres Orraca Response") filed by Lillian I. Torres Orraca ("Torres Orraca");

- *Reply to Omnibus Objection* [ECF No. 19878] (the "Torres Torres Response") filed by Emerina Torres Torres ("Torres Torres");

- *Reply to Omnibus Objection* [ECF No. 19881] (the "Valdez Peralta Response") filed by Carmen D. Valdez Peralta ("Valdez Peralta");

- *Reply to Omnibus Objection* [ECF No. 19802] (the "Velazquez Response") filed by Maria Isabel Velazquez ("Velazquez");

- *Reply to Omnibus Objection* [ECF No. 19829] (the "Velez Response") filed by Leticia Velez ("Velez"); and

- *Reply to Omnibus Objection* [ECF No. 19753] (the "Ydrach Vivoni Response," and together with the Acosta Diaz Response, the Alvarez Martinez Response, the Andino Response, the Burgos Response, the Colon Correa Response, the Colon Vega Response, the Colon Response, the Crispin Santiago Response, the Garcia Response, the Heredia Alvarez Response, the Hernandez Hernandez Response, the Maysonet Response, the Morales Hernandez Response, the Ortiz Otero Response, the Rosado Colon Response, the Santos Martinez Response, the Toro Response, the Torres Orraca Response, the Torres Torres Response, the Valdez Peralta Response, the Velazquez Response, the Velez Response, and the Torres Orraca Response, the "Telephone Company Responses"), filed by filed by Maria T. Ydrach Vivoni ("Ydrach Vivoni," and together with Acosta Diaz, Alvarez Martinez, Andino, Burgos, Colon Correa, Colon Vega, Colon, Crispin Santiago, Garcia, Heredia Alvarez, Hernandez Hernandez, Maysonet, Morales Hernandez, Ortiz Otero, Rosado Colon, Santos Martinez, Toro, Torres Orraca, Torres Torres, Valdez Peralta, Velazquez, Velez Response, and Torres Orraca, the "Puerto Rico Telephone Company Claimants").

6. The following response addressing the Four Hundred Third Omnibus Objection in connection with employment at the University of Puerto Rico was interposed:

- *Reply to Omnibus Objection* [ECF No. 20472] (the "Perez Lopez Response") filed by Wanda I. Perez Lopez ("Perez Lopez").

**I. The Sugar Corporation Responses**

7. Sugar Corporation Claimants filed proofs of claim against the Commonwealth purporting to assert liability associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation Claims").[3]

8. The Puerto Rico Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence. During its existence, the Puerto Rico Sugar Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ." *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c); Sugar Corporation Certificate of Incorporation, Article 1(b)). Upon its dissolution, the operations

---

[3] A detailed summary of each Sugar Corporation Response is provided in **Appendix A**.

5

and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority. 5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico Land] Authority shall retain the liabilities . . ."). The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941. 28 L.P.R.A. § 242(a). The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof." 28 L.P.R.A. § 242(c). Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

9. The Sugar Corporation Responses do not address the Debtors' contention that the Puerto Rico Sugar Corporation is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Additionally, the Sugar Corporation Claimants have not—and cannot—articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations. Accordingly, the Sugar Corporation Claims should be disallowed.

## II. The Telephone Company Responses

10. Telephone Company Claimants filed proofs of claim against the Commonwealth purporting to assert liability associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company (the "Telephone Company Claims").[4]

11. The Telephone Company Responses all include a completed Response Form and supporting documentation. Although the language differs slightly, all Telephone Company Responses assert that Telephone Company Claimants were employees of the Puerto Rico Telephone Company prior to its privatization in 1999 and are therefore entitled to accrued, but unpaid, wages purportedly owed by the Telephone Company. *See, e.g.*, Colon Correa Response at 3; Valdez Peralta Response at 3.

12. However, the Telephone Company Claimants fail to provide any legal or factual basis to impute any of the pre-1999 debts of the Puerto Rico Telephone Company—a non-debtor corporation that was owned by the Puerto Rico Telephone Authority, a non-debtor corporation—to the Commonwealth, or any other Title III Debtor. *See Anaya Serbia v. Lausell*, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the [Puerto Rico Telephone Company]," that the [Puerto Rico Telephone Company] "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); *see also* 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis 1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the

---

[4] A detailed summary of each Telephone Company Response is provided in **Appendix A**.

7

power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

13. The Telephone Company Responses do not address the Debtors' contention that the Puerto Rico Telephone Company is not a Title III entity, nor have they shown that a Title III entity has assumed the debts of the Puerto Rico Telephone Company. Accordingly, the Telephone Company Claims should be disallowed.

### III. The University of Puerto Rico Response

14. Perez Lopez filed a proof of claim against the Commonwealth on September 14, 2020, and it was logged by Prime Clerk as Proof of Claim No. 175574 (the "Perez Lopez Claim"). The Perez Lopez Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the University of Puerto Rico.

15. The Perez Lopez Response was filed on March 31, 2022. Therein, Perez Lopez states that their claim should not be considered for dismissal, as their claim is based on "money owed through the approval by the government of the Commonwealth of Puerto Rico" of various laws. Perez Lopez Response at 1. The Perez Lopez Response encloses documents showing proof of Perez Lopez's employment with the University of Puerto Rico. Perez Lopez Response, Exhibit 1.

16. As explained in the Four Hundred Third Omnibus Objection, the University of Puerto Rico is not a Title III Debtor, and is a separate entity, legally distinct from the Commonwealth, ERS, COFINA, and each of the other Title III Debtors. Accordingly, the Perez Lopez Claim should be disallowed.

17. Accordingly, because the above Responses do not provide a basis for asserting liabilities associated with the Claims, the Debtors respectfully requests the Claims be disallowed, notwithstanding the Responses.

Dated: April 11, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944


*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Debtors*

**APPENDIX A**

| Puerto Rico Telephone Company Claimants | | | |
|---|---|---|---|
| **Claimant** | **Claim No.** | **Date Response Filed / ECF No.** | **Response** |
| Xilma M. Acosta Diaz | 176183 | 1.25.22 / 19884 | Acosta Diaz asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Acosta Diaz Response at 2.<br><br>The Acosta Diaz Response encloses documents showing proof of Acosta Diaz's employment with the Telephone Company. Acosta Diaz Response, Exhibit 1. |
| Keirry del Carmen Alvarez Martinez | 174504 | 1.18.22 / 19827 | Alvarez Martinez asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Alvarez Martinez Response at 2.<br><br>The Alvarez Martinez Response encloses documents showing proof of Alvarez Martinez's employment with the Telephone Company. Alvarez Martinez Response, Exhibit 1 at 2. |
| José Pérez Andino | 175048 | 1.24.22 / 19888 | Andino asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of Puerto Rico (Commonwealth)." Andino Response at 3.<br><br>The Andino Response does not enclose documentation showing proof of their employment with the Telephone Company. |
| William Narvaez Burgos | 175054 | 1.24.22 / 19891 | Burgos asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of Puerto Rico (Commonwealth)." Burgos Response at 3.<br><br>The Burgos Response does not enclose documentation showing proof of their employment with the Telephone Company. |

| Heriberto Colon Correa | 175966 | 1.18.22 / 19832 | Colon Correa asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of Puerto Rico (Commonwealth)." Colon Correa Response at 3. The Colon Correa Response encloses documents showing proof of Colon Correa's employment with the Telephone Company. Colon Correa Response, Exhibit 1. |
|---|---|---|---|
| Irma Colon Vega | 139162 | 1.08.22 / 19752 | Colon Vega asserts that their claim should not be disallowed, as their claim is for "money owed . . . because of salary increases established in laws that were signed during the period in which Puerto Rico Telephone was an agency of the Commonwealth of Puerto Rico." Colon Vega Response at 2. The Colon Vega Response encloses documents showing proof of Colon Vega's employment with the Telephone Company. Colon Vega Response, Exhibit 1 at 2–3. |
| Marta F. Colon | 175627 | 1.20.22 / 19852 | Colon asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of PR." Colon Response at 2. The Colon Response encloses documents showing proof of Colon's employment with the Telephone Company. Colon Response, Exhibit 1. |
| Marina Crispin Santiago | 176233 | 2.14.22 / 20133 | Crispin Santiago asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years that the [Telephone Company] belonged to the Commonwealth." Crispin Santiago Response at 2. The Crispin Santiago Response encloses documents showing proof of Crispin Santiago's employment with the Telephone Company. Crispin Santiago Response, Exhibit 1. |
| Alba N. Garcia | 175486 | 1.21.22 / 19883 | Garcia asserts that their claim should not be disallowed, as their claim is for money owed for wage increases "from laws that were enacted during the time that the Puerto Rico Telephone Co. was an agency of the Government of Puerto Rico." Garcia Response at 3. The Garcia Response does not enclose documentation showing proof of their employment with the Telephone Company. |

2

| Nelson Heredia Alvarez | 176410 | 1.18.22 / 19825 | Heredia Alvarez asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of Puerto Rico (Commonwealth)." Heredia Alvarez Response at 2.<br><br>The Heredia Alvarez Response encloses documents showing proof of Heredia Alvarez's employment with the Telephone Company. Heredia Alvarez Response, Exhibit 1. |
|---|---|---|---|
| Felicita Hernandez Hernandez | 176160 | 1.31.22 / 19977 | Hernandez Hernandez asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years that [the Telephone Company] belonged to the Commonwealth of Puerto Rico." Hernandez Hernandez Response at 2.<br><br>The Hernandez Hernandez Response encloses documents showing proof of Hernandez Hernandez's employment with the Telephone Company. Hernandez Hernandez Response, Exhibit 1. |
| Jose A. Maysonet | 176316 | 2.07.22 / 20062 | Maysonet asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years that the [Telephone Company] belonged to the Government of Puerto Rico." Maysonet Response at 2.<br><br>The Maysonet Response encloses documents showing proof of Maysonet's employment with the Telephone Company. Maysonet Response, Exhibit 1. |
| Milagros Morales Hernandez | 175529 | 1.14.22 / 19800 | Morales Hernandez asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the year that [the Telephone Company] belonged to the Commonwealth of Puerto Rico." Morales Hernandez Response at 2.<br><br>The Morales Hernandez Response encloses documents showing proof of Morales Hernandez's employment with the Telephone Company. Morales Hernandez Response, Exhibit 1. |

| Fredesvinda Ortiz Otero | 176244 | 1.18.22 / 19821 | Ortiz Otero asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years that [the Telephone Company] belonged to the Commonwealth of P.R.." Ortiz Otero Response at 2. The Ortiz Otero Response encloses documents showing proof of Ortiz Otero's employment with the Telephone Company. Ortiz Otero Response, Exhibit 1. |
|---|---|---|---|
| Jacqueline Rosado Colon | 174471 | 1.14.22 / 19801 | Rosado Colon asserts that their claim should not be disallowed, as their claim is for "money owed for pay raises from laws that were signed during the period in which the [Telephone Company] was still owned by the government of the Commonwealth of P.R.." Rosado Colon Response at 2. The Rosado Colon Response encloses documents showing proof of Rosado Colon's employment with the Telephone Company. Rosado Colon Response, Exhibit 1. |
| Gladys Santos Martinez | 174107 | 2.07.22 / 20061 | Santos Martinez asserts that their claim should not be disallowed, as their claim is for "money owed for pay raises under laws that were signed during the years that the [Telephone Company] belonged to the government of P.R.." Santos Martinez Response at 2. The Santos Martinez Response encloses documents showing proof of Santos Martinez's employment with the Telephone Company. Santos Martinez Response, Exhibit 1. |
| Alicia Beniquez Toro | 175665 | 1.10.22 / 19729 | Toro asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years the [Telephone Company] belonged to the Commonwealth of P.R.." Toro Response at 2. The Toro Response encloses documents showing proof of Toro's employment with the Telephone Company. Toro Response, Exhibit 1. |
| Lillian I. Torres Orraca | 176310 | 1.18.22 / 19826 | Torres Orraca asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws enacted during the time that the Puerto Rico Telephone Company was still an agency of the Commonwealth." Torres Orraca Response at 2. The Torres Orraca Response encloses documents showing proof of Torres Orraca's employment with the Telephone Company. Torres Orraca Response, Exhibit 1. |

4

| Emerina Torres Torres | 176046 | 1.21.22 / 19878 | Torres Torres asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Torres Torres Response at 2.<br><br>The Torres Torres Response does not enclose documentation showing proof of their employment with the Telephone Company. |
|---|---|---|---|
| Carmen D. Valdez Peralta | 174966 | 1.21.22 / 19881 | Valdez Peralta asserts that their claim should not be disallowed, as their claim is for "amounts owed for pay raises under laws that were signed during the period when [the Telephone Company] belonged to the Government of Puerto Rico (Commonwealth)." Valdez Peralta Response at 3.<br><br>The Valdez Peralta Response encloses documents showing proof of Valdez Peralta's employment with the Telephone Company. Valdez Peralta Response, Exhibit 1. |
| Maria Isabel Velazquez | 175171 | 1.14.22 / 19802 | Velazquez asserts that their claim should not be disallowed, as their claim is for "money owed under laws that were enacted during the period that [the Telephone Company] was an agency of the Commonwealth." Velazquez Response at 2.<br><br>The Velazquez Response does not enclose documentation showing proof of their employment with the Telephone Company. |
| Leticia Velez | 176054 | 1.18.22 / 19829 | Velez asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Velez Response at 2.<br><br>The Velez Response encloses documents showing proof of Velez's employment with the Telephone Company. Velez Response, Exhibit 1. |
| Maria T. Ydrach Vivoni | 175538 | 1.11.22 / 19753 | Ydrach Vivoni asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years when the Telephone Company was [part of the] government." Ydrach Vivoni Response at 3.<br><br>The Ydrach Vivoni Response encloses documents showing proof of Ydrach Vivoni's employment with the Telephone Company. Ydrach Vivoni Response, Exhibit 1 at 2. |

| Sugar Corporation Claimants | | | |
|---|---|---|---|
| **Claimant** | **Claim No.** | **Date Response Filed/ECF No.** | **Response Assertion** |
| Jose Alicea Rivera | 169481 | 1.27.22 / 19927 | Alicea Rivera claims that "by the year 1960" they worked for the Ballester Hermanos sugar mill. Alicea Rivera Response at 1. Therein, Alicea Rivera reiterates their claim for allegedly accrued, but unpaid, wages, for work performed. *Id*.<br><br>The Alicea Rivera Response does not enclose documentation showing proof of their employment with the Ballester Hermanos sugar mill or the Sugar Corporation. |
| Antonio Juan Marrero Borges | 169726 | 3.09.22 / 20288 | Marrero Borges reiterates their claim for allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation to Marrero Borges', stating that his father "was employed by the [Sugar Corporation] of PR." Marrero Borges Response at 1.<br><br>The Marrero Borges Response does not enclose documentation showing proof of Marrero Borges' father's employment with the Sugar Corporation. |
| Nelida Munoz Cruz | 169432 | 1.21.22 / 19877 | Munoz Cruz claims that "by the year 1960" they worked for the Colonia Obdulia sugar mill. Munoz Cruz Response at 1. Therein, Munoz Cruz reiterates their claim for allegedly accrued, but unpaid, wages, for work performed. *Id*.<br><br>The Munoz Cruz Response does not enclose documentation showing proof of their employment with the Colonia Obdulia sugar mill or the Sugar Corporation. |

6