UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO TO RESPONSES [ECF NOS. 19824, 19832, 19886, 20121, 20270, 21234, 21235, 21236, 21237, 21238, 22358, 22884] TO THE FOUR HUNDRED FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtor pursuant to Section 315(b) of the *Puerto Rico Oversight,*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Management, and Economic Stability Act* ("PROMESA"),[2] files this reply (the "Reply") in support of the *Four Hundred Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 19553] (the "Four Hundred Fourth Omnibus Objection"), and in support of the Reply, respectfully states as follows:

1. On December 17, 2021, the Debtor filed the Four Hundred Fourth Omnibus Objection seeking to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). As set forth in the Four Hundred Fourth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed fail to comply with the applicable rules because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.

2. Any party who disputed the Four Hundred Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022, in accordance with the Court-approved notices attached to the Four Hundred Fourth Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

3. The following responses addressing the Four Hundred Fourth Omnibus Objection were interposed:

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

2

- *Reply to Omnibus Objection* [ECF No. 19824] (the "Lopez Torres Response") filed by William Lopez Torres ("Lopez Torres");

- *Reply to Omnibus Objection* [ECF No. 19832] (the "Colon Correa Response") filed by Heriberto Colon Correa ("Colon Correa");

- *Reply to Omnibus Objection* [ECF No. 19886] (the "Martinez Cole Response") filed by Yazmin Martinez Cole ("Martinez Cole");

- *Reply to Omnibus Objection* [ECF No. 20121] (the "Santiago Arce Response") filed by Olga Santiago Arce ("Santiago Arce");

- *Reply to Omnibus Objection* [ECF No. 21234] (the "Serrano Vazquez Response") filed by Maria Serrano Vazquez ("Serrano Vazquez");

- *Reply to Omnibus Objection* [ECF No. 21235] (the "Solano Response") filed by Sylvia Vila Solano ("Solano");

- *Reply to Omnibus Objection* [ECF No. 21236] (the "Cruz Davila Response") filed by Regina Cruz Davila ("Cruz Davila");

- *Reply to Omnibus Objection* [ECF No. 21237] (the "Gonzalez Response") filed by Doris Diaz de Gonzalez ("Gonzalez");

- *Reply to Omnibus Objection* [ECF No. 21238] (the "Santiago Duco Response") filed by Carmen Alicia Santiago Duco ("Santiago Duco");

- *Reply to Omnibus Objection* [ECF No. 22884] (the "Febre Santiago Response") filed by Lourdes Febre Santiago ("Febre Santiago");

- *Reply to Omnibus Objection* [ECF No. 22358] (the "Nieves Correa Response," and together with the Lopez Torres Response, the Colon Correa Response, the Martinez Cole Response, the Santiago Arce Response, the Serrano Vazquez Response, the Solano Response, the Cruz Davila Response, the Gonzalez Response, the Santiago Duco Response, and the Febre Santiago Response, the "Telephone Company Responses"), filed by Arleen J. Nieves Correa ("Nieves Correa," and together with Lopez Torres, Colon Correa, Martinez Cole, Santiago Arce, Rivera Pena, Serrano Vazquez, Solano, Cruz Davila, Gonzalez, Santiago Duco, and Febre Santiago, the "Telephone Company Claimants"); and

- A letter [ECF No. 20270] (the "Sugar Corporation Response," and together with the Telephone Company Responses, the "Responses") filed by Salvador S. Rivera Pena ("Rivera Pena," and together with the Telephone Company Claimants, the "Claimants").

3

### I. The Telephone Company Responses

4. Telephone Company Claimants filed proofs of claim against the Commonwealth purporting to assert liability associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company (the "Telephone Company Claims").[3]

5. Although the language differs slightly, the Telephone Company Claimants assert that they were employees of the Puerto Rico Telephone Company prior to its privatization in 1999 and are therefore entitled to accrued, but unpaid, wages. *See, e.g.*, Lopez Torres Response at 2; Serrano Vazquez Response at 2.

6. The Telephone Company Claimants, however, fail to provide any legal or factual basis to impute any of the pre-1999 debts of the Telephone Company —a non-debtor corporation that was owned by the Puerto Rico Telephone Authority, a non-debtor corporation—to the Commonwealth, or any other Title III Debtor. *See Anaya Serbia v. Lausell*, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the [Puerto Rico Telephone Company]," that the [Puerto Rico Telephone Company] "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); *see also* 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis 1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates

---

[3] A detailed summary of each Telephone Company Response is provided in **Appendix A**.

the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

7. The Telephone Company Responses do not address the Debtors' contention that the Telephone Company is not a Title III entity, nor have they shown that a Title III entity has assumed the debts of the Telephone Company. Accordingly, the Telephone Company Claimants' Claims should be disallowed.

## II. The Sugar Corporation Response

8. Rivera Pena filed a proof of claim against the Commonwealth on May 4, 2020, and it was logged by Prime Clerk as Proof of Claim No. 177761 (the "Rivera Pena Claim"). The Rivera Pena Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation").

9. The Rivera Pena Response, a Spanish-language letter, was filed on March 7, 2022. Therein, Rivera Pena reiterated their claim for "just and reasonable payment given the profits earned by the [Sugar Corporation] in the suit for the lands corresponding to this Corporation and at the time I worked for the [Sugar Corporation]." Rivera Pena Response at 1. The Rivera Pena Response does not enclose documentation showing proof of employment with the Sugar Corporation.

10. The Puerto Rico Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence. During its existence, the Puerto Rico Sugar Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ." *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c); Sugar Corporation Certificate of Incorporation, Article 1(b)). Upon its dissolution, the operations

5

and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority. 5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico Land] Authority shall retain the liabilities . . ."). The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941. 28 L.P.R.A. § 242(a). The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof." 28 L.P.R.A. § 242(c). Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

11. The Rivera Pena Response does not address the Debtors' contention that the Sugar Corporation is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Additionally, Rivera Pena has not—and cannot—articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations. Accordingly, the Rivera Pena Claim should be disallowed.

12. Accordingly, because the above Responses do not provide a basis for asserting liabilities associated with the Claims, the Debtors respectfully requests the Claims be disallowed, notwithstanding the Responses.

| | |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>/s/ *Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Debtors* |

7

**APPENDIX A**

| Claimant | Claim No. | Date Response Filed / ECF No. | Response |
|---|---|---|---|
| William Lopez Torres | 178015 | 1.19.22 / 19824 | Lopez Torres asserts that the Telephone Company "is an agency that belonged to the Commonwealth of Puerto Rico until the year 1999," and his claim should not be dismissed as "it has been demonstrated that [the Telephone Company] was an agency of the government" during his years of employment. Lopez Torres Response at 2.<br><br>The Lopez Torres Response encloses documents showing proof of Lopez Torres's employment with the Telephone Company. Lopez Torres Response, Exhibit 1. |
| Heriberto Colon Correa | 178701 | 1.18.22 / 19832 | Colon Correa asserts that their claim should not be considered for dismissal, as their "claim is based on money owed for wage increases under laws that were enacted during the time that the [Telephone Company] belonged to the Government of PR." Colon Correa Response at 3.<br><br>The Colon Correa Response encloses documents showing proof of Colon Correa's employment with the Telephone Company. Colon Correa Response, Exhibit 1. |
| Yazmin Martinez Cole | 177243 | 1.21.22 / 19886 | Martinez Cole asserts that their claim should not be disallowed because the Telephone Company belonged to the Commonwealth at the time of their employment with the Telephone Company. Martinez Cole Response at 2.<br><br>The Martinez Cole Response encloses documents showing proof of Martinez Cole's employment with the Telephone Company. Martinez Cole Response, Exhibit 1. |
| Olga Santiago Arce | 177932 | 2.11.22 / 20121 | Santiago Arce asserts that their claim should not be disallowed, as their claim is for "money owed for wage increases under laws that were enacted during the years that the [Telephone Company] belonged to the government of P.R. (Commonwealth)." Santiago Arce Response at 2.<br><br>The Santiago Arce Response encloses documents showing proof of Santiago Arce's employment with the Telephone Company. Santiago Arce Response, Exhibit 1. |

| Maria Serrano Vazquez | 177092 | 6.13.22 / 21234 | Serrano Vazquez asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Serrano Vazquez Response at 2.<br><br>The Serrano Vazquez Response encloses documents showing proof of Serrano Vazquez's employment with the Telephone Company. Serrano Vazquez Response, Exhibit 1. |
|---|---|---|---|
| Sylvia Vila Solano | 177099 | 6.13.22 / 21235 | Solano asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Solano Response at 2.<br><br>The Solano Response encloses documents showing proof of Solano's employment with the Telephone Company. Solano Response, Exhibit 1. |
| Regina Cruz Davila | 177215 | 6.14.22 / 21236 | Cruz Davila asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Cruz Davila Response at 2.<br><br>The Cruz Davila Response encloses documents showing proof of Cruz Davila's employment with the Telephone Company. Cruz Davila Response, Exhibit 1. |
| Doris Diaz de Gonzalez | 176671 | 6.14.22 / 21237 | Gonzalez asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Gonzalez Response at 2.<br><br>The Gonzalez Response encloses documents showing proof of Gonzalez's employment with the Telephone Company. Gonzalez Response, Exhibit 1. |
| Carmen Alicia Santiago Duco | 177513 | 6.13.22 / 21238 | Duco asserts that their claim should not be disallowed, as their claim is for allegedly accrued, but unpaid, wages earned while the Telephone Company was still a governmental entity. Duco Response at 2.<br><br>The Duco Response encloses documents showing proof of Duco's employment with the Telephone Company. Duco Response, Exhibit 1. |

| Lourdes Febre Santiago | 178025 | 11.16.22 / 22884 | Santiago does not provide evidence supporting the argument that their claim is held by a Title III entity.<br><br>The Santiago Response encloses documents showing proof of Santiago's employment with the Telephone Company. Santiago Response, Exhibit 1. |
|---|---|---|---|
| Arleen J. Nieves Correa | 178210 | 9.21.22 / 22358 | Nieves Correa does not provide evidence supporting the argument that their claim is held by a Title III entity.<br><br>The Nieves Correa Response encloses documents showing proof of Santiago's employment with the Telephone Company. Nieves Correa Response, Exhibit 1. |

3