# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF PUERTO RICO TO RESPONSES [ECF NOS. 21054, 21010] TO THE FOUR HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO DUPLICATE CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") in support of the *Four Hundred Thirty-Seventh Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Claims* [ECF No. 20495] (the "Four Hundred Thirty Seventh Omnibus Objection"), and in support of the Reply, respectfully state as follows:

1. On April 1, 2022, the Debtors filed the Four Hundred Thirty-Seventh Omnibus Objection seeking to disallow proofs of claim that are duplicative of other proofs of claim filed against the Debtors (collectively, the "Duplicate Claims"), each as listed on Exhibit A thereto.[3]

2. Any party who disputed the Four Hundred Thirty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 2, 2022, in accordance with the Court-approved notices attached to the Four Hundred Thirty-Seventh Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Thirty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 20558].

3. The following responses addressing the Four Hundred Thirty-Seventh Omnibus Objection were interposed:

- *Reply to Omnibus Objection* [ECF No. 21054] (the "Colon Vega Response") filed by Irma Colon Vega ("Colon Vega"); and

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Thirty-Seventh Omnibus Objection.

- *Reply to Omnibus Objection* [ECF No. 21010] (the "Vega Zayas Response," and together with the Colon Vega Response, the "Responses"), filed by Alberto Vega Zayas ("Vega Zayas," and together with Colon Vega, the "Claimants").

I. **The Colon Vega Response**

1. On May 24, 2022, Colon Vega filed the Colon Vega Response. Therein, Colon Vega does not dispute that Colon Vega's proof of claim filed against the Commonwealth on August 7, 2018, and logged by Prime Clerk as Proof of Claim No. 140270 (the "Colon Vega Claim"), is duplicative of a second proof of claim filed by Colon Vega against the Commonwealth on August 7, 2018 and logged by Prime Clerk as Proof of Claim No. 143397 (the "Remaining Colon Vega Claim"). Rather, the Colon Vega Response reasserts liability associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company. Colon Vega Response at 2.

2. Colon Vega will not be prejudiced by the disallowance of the Colon Vega Claim, because the Remaining Colon Vega Claim will preserve Colon Vega's right to the liabilities asserted in the Colon Vega Claim. Because Colon Vega does not dispute that the Colon Vega Claim is duplicative of the Colon Vega Remaining Claim, the Commonwealth respectfully requests that the Court grant the Four Hundred Thirty-Seventh Omnibus Objection and disallow the Colon Vega Claim in its entirety.

II. **The Vega Zayas Response**

3. On May 24, 2022, Vega Zayas filed the Vega Zayas Response. Therein, Vega Zayas does not dispute that his proofs of claim filed against the Commonwealth on August 7, 2018, and logged by Prime Clerk as Proofs of Claim Nos. 135965, 136952, 140056, and 140676 (the "Vega Zayas Claims"), are duplicative of a second proof of claim filed by Vega Zayas against the Commonwealth on August 7, 2018 and logged by Prime Clerk as Proof of Claim No. 139137 (the "Remaining Vega Zayas Claim"). Instead, the Vega Zayas Response notes Vega Zayas's service

3

as a teacher, and requests money in connection with Vega Zayas's pension. Vega Zayas Response at 2.

4. Vega Zayas will not be prejudiced by the disallowance of the Vega Zayas Claims because the Remaining Vega Zayas Claim will preserve Vega Zayas's right to the liabilities asserted in the Vega Zayas Claims. Because Vega Zayas does not dispute that the Vega Zayas Claims are duplicative of the Vega Zayas Remaining Claim, the Commonwealth respectfully requests that the Court grant the Four Hundred Thirty-Seventh Omnibus Objection and disallow the Vega Zayas Claims in their entirety.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Debtors* |