**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

**REPLY OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO RESPONSE FILED BY EFRAIN MÁRQUEZ GUZMÁN [ECF NO. 22852] TO THE FIVE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) TO DUPLICATE AND NO LIABILITY BOND CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this reply (the "Reply") to the untitled response [ECF. No. 22852] (the "Márquez Guzmán Response") filed by claimant Efraín Márquez Guzmán ("Márquez Guzmán"), in support of the *Five Hundred Thirty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Duplicate and No Liability Bond Claims* [ECF No. 22740] (the "Five Hundred Thirty-Seventh Omnibus Objection"). The Debtors respectfully represent as follows:

1. On October 28, 2022, the Debtors filed the Five Hundred Thirty-Seventh Omnibus Objection. The Five Hundred Thirty-Seventh Omnibus Objection seeks to disallow, in their entirety, certain proofs of claim, each of which purports to be based, in part, on (*a*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*b*) bond claims based on bonds issued by HTA which have been discharged pursuant to the Confirmation Order (defined below), (*c*) an ownership interest in bonds issued by the Puerto Rico Housing Finance Authority ("PRHFA") or the Puerto Rico Public Finance Authority ("PRPFC") for amounts for which the Debtors are not liable because: (*i*) the issuing entities are not Title III Debtors and have not guaranteed repayment for the bonds; (*ii*) the bonds at issue have matured; and/or (*iii*) the claimants do not sufficiently allege the Debtors were obligated with respect to such bonds; and/or (*d*) investments in mutual funds, which in turn may have invested in bonds issued by the Debtors.

2. Any party who disputed the Five Hundred Thirty-Seventh Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on November 28, 2022, in accordance with the Court-approved notice attached to the Five Hundred Thirty-Seventh Omnibus

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Five Hundred Thirty-Seventh Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Case Management Order* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 22938].

3. Claimant Márquez Guzmán filed a proof of claim against the Commonwealth on April 18, 2018, which was logged by Kroll Restructuring Administration LLC as Proof of Claim No. 7743 (the "Márquez Guzmán Claim"). The Márquez Guzmán Claim asserts liabilities in an amount of $300,000 based on an ownership interest in (a) certain mutual funds which, in turn, may have invested in various bonds issued by the Debtors; (b) certain bonds issued by the Puerto Rico Industrial Development Company ("PRIDCO"); and (c) certain bonds issued by PRPFC. The Márquez Guzmán Claim also attaches as supporting documentation a portion of Márquez Guzmán's Santander brokerage statement.

4. On November 10, 2022, Márquez Guzmán filed the Márquez Guzmán Response. Therein, Márquez Guzmán attaches certain pages from the Five Hundred Thirty-Seventh Omnibus Objection and asserts he "do[es] not agree" with the objection and "would like to have the specific reasons explained to us and if there is any opportunity to recover some of what the government defrauded us of." Márquez Guzmán Response at 1.

5. The Márquez Guzmán Response does not dispute that the Márquez Guzmán Claim is based in part on investments in mutual funds, which, in turn, may have purchased bonds issued by the Debtors. The Márquez Guzmán Response also does not dispute that, because Márquez Guzmán is an investor in one or more mutual funds that in turn may have invested in bonds issued by the Debtors, the Márquez Guzmán Claim is derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court. *See, e.g.*, *S. Blvd.,*

*Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (holding that, under the Bankruptcy Code, a creditor is one who "has a claim against the debtor or the estate" rather than "a creditor of one of the debtor's creditors."). The Márquez Guzmán Response therefore does not articulate any basis upon which Márquez Guzmán, as an investor in a mutual fund, might assert a direct claim against the Debtors in respect of her investment in such mutual funds.

6. Moreover, the Márquez Guzmán Response does not address the Debtors' contention the PRIDCO bonds are duplicative of a Master Claim. Indeed, the Five Hundred Thirty-Seventh Omnibus Objection made clear that the Márquez Guzmán Claim asserts liabilities with respect to PRIDCO Bonds that are duplicative of the PRIDCO Master Proof of Claim[3], and that any failure to disallow the portion of the Márquez Guzmán Claim pertaining to PRIDCO Bonds would result in Márquez Guzmán potentially receiving an unwarranted double recovery against the Debtors, to the detriment of other stakeholders in the Debtors' Title III Cases.

7. Likewise, the Five Hundred Thirty-Seventh Omnibus Objection established, and the Márquez Guzmán Response did not refute, that the Debtors are not liable for the portion of the Márquez Guzmán Claim asserting liabilities associated with PRPFC Bonds. The Márquez Guzmán Response does not address the Debtors' contention that PRPFC is not a Title III debtor, and is a separate, legally distinct entity from the Debtors and that none of its liabilities are guaranteed by the Commonwealth, HTA, or any other Title III Debtor. *See,* 3 L.P.R.A. § 9081(c) (referring to PRPFC as an "independent juridical entity" separate from the Commonwealth).

8. Accordingly, because Márquez Guzmán has not provided a basis for asserting the liabilities associated with the Márquez Guzmán Claim against the Debtors, the Debtors

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Five Hundred Thirty-Seventh Omnibus Objection.

respectfully request the Márquez Guzmán Claim be disallowed in its entirety and that the Court grant the Five Hundred Thirty-Seventh Omnibus Objection, notwithstanding the Márquez Guzmán Response.

Dated: April 11, 2023
      San Juan, Puerto Rico

Respectfully submitted,

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth and the Puerto Rico Highways and Transportation Authority*

5