UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to ERS.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDREDTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE GOVERNMENT OF THE EMPLOYEES RETIREMENT SYSTEM OF THE COMMONWEALTH OF PUERTO RICO TO CROSS-DEBTOR DUPLICATE CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

      1.      On December 17, 2021, the Employees Retirement System of the Commonwealth of Puerto Rico ("ERS" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of ERS pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

("PROMESA"),[2] filed the *Four Hundredth Omnibus Objection (Non-Substantive) of the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Cross-Debtor Duplicate Claims* [ECF No. 19549] (the "Four Hundredth Omnibus Objection") to various proofs of claim.

2. The Four Hundredth Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(3) and the Amended Omnibus Objection Procedures,[3] certain claims filed against ERS listed on Exhibit A thereto (collectively, the "Claims to Be Disallowed") that are duplicative of other proofs of claim (each a "Remaining Claim," and collectively, the "Remaining Claims") filed against the Commonwealth of Puerto Rico (the "Commonwealth") or the Puerto Rico Highways and Transportation Authority ("HTA"), and for which the asserted liability, if any, would be against the Commonwealth or HTA, not ERS.

3. Any party who disputed the Four Hundredth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022 in accordance with the Court-approved notice attached to the Four Hundredth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four Hundredth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

4. ERS has received the attached correspondence from:

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Four Hundredth Omnibus Objection.

- Cruz Virginia Landrau Lugo ("Landrau Lugo"), a copy of which is attached hereto as Exhibit "A" (the "Landrau Lugo Response"), regarding Proof of Claim No. 6009 (the "Landau Lugo Claim"); and

- Zenaida Zabaleta Alvarez ("Zabaleta Alvarez" and, together with Landrau Lugo, the "Claimants"), a copy of which is attached hereto as Exhibit "B" (the "Zabaleta Alvarez Response" and, together with the Landrau Lugo Response, the "Responses"), regarding Proof of Claim No. 160874 (the "Zabaleta Alvarez Claim," and together with the Landau Lugo Claim, the "Claims").

Certified translations of the Landrau Lugo Response and the Zabaleta Alvarez Response are attached hereto as Exhibits "A-1" and "B-1," respectively.

### I. The Landrau Lugo Response

5. Landrau Lugo filed a proof of claim against ERS on April 4, 2018, which was logged by Prime Clerk as Proof of Claim No. 6009 (the "Landrau Lugo Claim"). The Landrau Lugo Claim purports to assert liabilities in the amount of $71,772.01 associated with retirement contributions made by Landrau Lugo to ERS.

6. The Landrau Lugo Response consists of an undated typed, Spanish-language letter, received by Kroll Restructuring Administration on August 8, 2022, attaching (i) Landrau Lugo's Form 480.7C, Informative Return – Retirement Plan and Annuities; (ii) various copies of correspondence between Landrau Lugo and ERS (and a certified mail receipt for the same in one instance); and (iii) a copy of Landrau Lugo's Driver's License.

7. The Landrau Lugo Response does not dispute that the Landrau Lugo Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Landrau Lugo against the Commonwealth on April 4, 2018, and logged by Prime Clerk as Proof of Claim No. 3573 (the "Remaining Landrau Lugo Claim"). The Landrau Lugo Response further fails to dispute that the liabilities asserted in Landrau Lugo Claim are properly asserted, if at all, against the Commonwealth, because the Commonwealth has assumed responsibility for payment of

pensions pursuant to Act 106-2017. Rather, the Landrau Lugo Response simply reiterates Landrau Lugo's request for payment of certain pension benefits. Landrau Lugo Response at 4.

8. Accordingly, the Landrau Lugo Claim should be disallowed. Landrau Lugo will not be prejudiced by the disallowance of the Landrau Lugo Claim, because she will retain the Remaining Landrau Lugo Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Landrau Lugo Claim on any other basis whatsoever.

## II. The Zabaleta Alvarez Response

9. Zabaleta Alvarez filed a proof of claim against ERS on June 28, 2018, which was logged by Prime Clerk as Proof of Claim No. 160874 (the "Zabaleta Alvarez Claim" and, together with the Landrau Lugo Claim, the "Claims"). The Zabaleta Alvarez Claim purports to assert liabilities in the amount of $23,100.00 associated with allegedly accrued, but unpaid, wages arising from Zabaleta Alvarez's employment with the Department of Education.

10. The Zabaleta Alvarez Response consists of a Spanish-language letter, dated January 11, 2022, received by Prime Clerk on March 1, 2022. The Zabaleta Alvarez Response asserts liabilities associated with allegedly accrued but unpaid wages, as well as related pension adjustments, arising from certain employment legislation. Zabaleta Alvarez Response at 1. In addition, the Zabaleta Alvarez Response attaches excerpts from Exhibit A to the Four Hundredth Omnibus Objection. It does not, however, dispute that the Zabaleta Alvarez Claim asserts liabilities that are duplicative of the liabilities asserted by a second proof of claim filed by Zabaleta Alvarez against the Commonwealth on June 28, 2018, and logged by Prime Clerk as Proof of Claim No. 116714 (the "Remaining Zabaleta Alvarez Claim"). The Zabaleta Alvarez Response further fails to dispute that the unpaid wage liabilities asserted in the Zabaleta Alvarez Claim are properly asserted, if at all, against the Commonwealth.

4

11. Accordingly, the Zabaleta Alvarez Claim should be disallowed. Zabaleta Alvarez will not be prejudiced by the disallowance of the Zabaleta Alvarez Claim, because she will retain the Remaining Zabaleta Alvarez Claim as asserted against the Commonwealth. The Debtors reserve the right to object to the Remaining Zabaleta Alvarez Claim on any other basis whatsoever.

12. For the foregoing reasons, the Debtor respectfully requests the Court grant the Four Hundredth Omnibus Objection and disallow the Claims, notwithstanding the Responses.

[*Remainder of Page Intentionally Left Blank*]

|  |  |
|---|---|
| Dated: April 11, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Employees Retirement System of the Government of the Commonwealth of Puerto Rico* |