**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDRED THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

       1.      On December 17, 2021, the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section 315(b) of the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"),[2] filed the *Four Hundred Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 19552] (the "Four Hundred Third Omnibus Objection") to various proofs of claim.

2. The Four Hundred Third Omnibus Objection seeks to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). As set forth in the Four Hundred Third Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.[3]

3. Any party who disputed the Four Hundred Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022, in accordance with the Court-approved notices attached to the Four Hundred Third Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Third Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

4. The Debtors have received the following correspondence:

- A letter response dated January 15, 2022, from Rafael A. Fontanez Vazquez ("Fontanez Vazquez"), a copy of which is attached hereto as Exhibit "A" (the

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Third Omnibus Objection.

"Fontanez Vazquez Response"), regarding Proof of Claim No. 174895 (the "Fontanez Vazquez Claim");

- A letter response dated January 31, 2022, from Elias Martinez De Jesus ("Martinez De Jesus"), a copy of which is attached hereto as Exhibit "B" (the "Martinez De Jesus Response"), regarding Proof of Claim No. 172218 (the "Martinez De Jesus Claim");

- A letter response dated March 1, 2022 from Josè Pèrez Andino ("Pèrez Andino"), a copy of which is attached hereto as Exhibit "C" (the "Pèrez Andino Response"), regarding Proof of Claim No. 175048[4] (the "Pèrez Andino Claim"); and

- A letter response dated December 26, 2022, from Iván Soto Jimenez ("Soto Jimenez," and together with Fontanez Vazquez, Martinez De Jesus, and Pèrez Andino, the "Claimants")), a copy of which is attached hereto as Exhibit "D" (the "Soto Jimenez Response," and together with the Fontanez Vazquez Response, the Martinez De Jesus Response, and the Pèrez Andino Response, the "Responses"), regarding Proof of Claim No. 170231 (the "Soto Jimenez Claim," and together with the Fontanez Vazquez Claim, Martinez De Jesus Claim, and the Pèrez Andino Claim, the "Claims").

Certified translations of the Fontanez Vazquez Response, the Martinez De Jesus Response, the Pèrez Andino Response, and the Soto Jimenez Response are attached hereto as Exhibit "A-1," Exhibit "B-1," Exhibit "C-1," and Exhibit "D-1," respectively.

I. The Responses

    a. **The Fontanez Vazquez Response**

5.    Fontanez Vazquez filed a proof of claim against the Commonwealth on August 31, 2020, and it was logged by Prime Clerk as Proof of Claim No. 174895. The Fontanez Vazquez Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation.

6.    The Fontanez Vazquez Response, a Spanish-language letter, was filed on January 15, 2022. Therein, Fontanez Vazquez lists the various tasks he was assigned as an employee of

---

[4] The Pèrez Andino Response erroneously identifies the Pèrez Andino Claim as Proof of Claim No. 17048.

3

the Sugar Corporation. Fontanez Vazquez Response at 1. The Fontanez Vazquez Response does not enclose documentation showing proof of their employment with the Sugar Corporation.

### b. The Martinez De Jesus Response

7. Martinez De Jesus filed a proof of claim against the Commonwealth on November 4, 2019, and it was logged by Prime Clerk as Proof of Claim No. 172218. The Martinez De Jesus Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation to Martinez De Jesus' father.

8. The Martinez De Jesus Response, a Spanish-language letter, was filed on January 15, 2022. Therein, Martinez De Jesus reiterates their claim for allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation to Martinez De Jesus's father, stating that "he was an employee of the [Sugar Corporation] for many years." Martinez De Jesus Response at 1. The Martinez De Jesus Response does not enclose documentation showing proof of Martinez De Jesus' father's employment with the Sugar Corporation.

### c. The Pèrez Andino Response

9. On September 5, 2020, Pèrez Andino filed the Pèrez Andino Claim, which was logged by Prime Clerk as Proof of Claim No. 175048. The Pèrez Andino Claim purports to assert liabilities against the Puerto Rico Telephone Company, which is not part of the Title III proceedings.

10. The Pèrez Andino Response provides a pre-populated document for the Puerto Rico Telephone Company; it does not provide any information that would support a basis for asserting a claim against Commonwealth of Puerto Rico.

### d. The Soto Jimenez Response

11. Soto Jimenez filed a proof of claim against the Commonwealth on August 14, 2019, and it was logged by Prime Clerk as Proof of Claim No. 170231. The Soto Jimenez Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation.

12. The Soto Jimenez Response, a Spanish-language letter, was filed on January 5, 2023. Therein, Soto Jimenez reiterates their claim for allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation. Soto Jimenez Response at 1. The Soto Jimenez Response does not enclose documentation showing proof of their employment with the Sugar Corporation.

## II. The Commonwealth Is Not Liable for Claims against the Sugar Corporation

13. The Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence. During its existence, the Sugar Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ." *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c). Upon its dissolution, the operations and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority. 5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico Land] Authority shall retain the liabilities . . ."). The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941. 28 L.P.R.A. § 242(a). The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico

5

Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof." 28 L.P.R.A. § 242(c). Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

14. The Soto Jimenez Response, Fontanez Vazquez Response, and Martinez De Jesus Response (the "Sugar Corporation Responses") fail to address the Debtors' contention that the Sugar Corporation is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Additionally, none of the Sugar Corporation Responses articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations. Accordingly, each of the Soto Jimenez Claim, Fontanez Vazquez Claim, and Martinez De Jesus Claim should be disallowed, notwithstanding the Sugar Corporation Responses.

### III. The Commonwealth Is Not Liable for Claims against the Puerto Rico Telephone Company

15. The Puerto Rico Telephone Company is an independent public entity which has been subsequently dissolved. Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed. 11 U.S.C. § 502(b)(1). As explained in the Four Hundred Third Omnibus Objection, the Puerto Rico Telephone Company is not a Title III Debtor, but a separate and independent entity which has since been dissolved. *See Anaya Serbia v. Lausell*, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the [Puerto Rico

6

Telephone Company]," that the [Puerto Rico Telephone Company] "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); *see also* 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis 1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

16. The Pèrez Andino Response fails to address the Debtors' contention that the Puerto Rico Telephone Company is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Additionally, the Pèrez Andino Response fails to articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by the Puerto Rico Rico Telephone Company. Accordingly, the Pèrez Andino Claim should be disallowed, notwithstanding the Pèrez Andino Response.

17. For the foregoing reasons, the Debtor respectfully requests that the Court grant the Four Hundred Third Omnibus Objection and disallow the Claims.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 11, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944


*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Debtors*