UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDRED FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO EMPLOYEE CLAIMS ASSERTING LIABILITIES OWED BY ENTITIES THAT ARE NOT TITLE III DEBTORS**

To the Honorable United States District Court Judge Laura Taylor Swain:

1. On December 17, 2021, the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Four*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*Hundred Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Employee Claims Asserting Liabilities Owed By Entities That Are Not Title III Debtors* [ECF No. 19553] (the "Four Hundred Fourth Omnibus Objection") to various proofs of claim.

2. The Four Hundred Fourth Omnibus Objection seeks to disallow claims associated with allegedly unpaid wages or other employment benefits purportedly owed by entities that are not Title III debtors, each as listed on Exhibit A thereto (the "Claims to Be Disallowed"). As set forth in the Four Hundred Fourth Omnibus Objection and supporting exhibits thereto, each of the Claims to Be Disallowed fail to comply with the applicable rules, however, because they do not provide a basis for asserting a claim against the Commonwealth or any other Title III Debtor for liabilities purportedly owed by entities that are not Title III Debtors.[3]

3. Any party who disputed the Four Hundred Fourth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on January 17, 2022, in accordance with the Court-approved notices attached to the Four Hundred Fourth Omnibus Objection as Exhibit C, which were served in English and Spanish on the individual creditors subject to the Four Hundred Fourth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Fifteenth Amended Case Management Procedures* [ECF No. 17127-1]). *See Certificate of Service* [ECF No. 19706].

4. The Debtors have received the following correspondence:

- A response on January 19, 2022, from Maria Del C. Bernazard Garcia ("Bernazard Garcia"), a copy of which is attached hereto as Exhibit "A" (the "Bernazard Garcia Response"), regarding Proof of Claim No. 177508 (the "Bernazard Garcia Claim"); and

---

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Four Hundred Fourth Omnibus Objection.

2

- A response on March 17, 2021, from Ana Hilda Marin Jurado ("Marin Jurado"), a copy of which is attached hereto as Exhibit "B" (the "Marin Jurado Response"), regarding Proof of Claim No. 179150 (the "Marin Jurado Claim").

Certified translations of the Bernazard Garcia Response and the Marin Jurado Response are attached hereto as Exhibit "A-1" and Exhibit "B-1," respectively.

I. **The Responses**

    a. **The Bernazard Garcia Response**

5. Bernazard Garcia filed a proof of claim against the Commonwealth on October 21, 2020, and it was logged by Prime Clerk as Proof of Claim No. 177508. The Bernazard Garcia Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Telephone Company (the "Telephone Company").

6. The Bernazard Garcia Response was filed on January 19, 2022. Therein, Bernazard Garcia reiterates that she was an employee of the Puerto Rico Telephone Company prior to its privatization in 1999 and is therefore entitled to accrued, but unpaid, wages. The Bernazard Garcia Response encloses documents showing proof of Bernazard Garcia's employment with the Telephone Company. Bernazard Garcia Response at 4.

7. Both the Bernazard Garcia Claim and the Bernazard Garcia Response fail to provide any legal or factual basis to impute any of the pre-1999 debts of the Telephone Company—a non-debtor corporation that was owned by the Puerto Rico Telephone Authority, a non-debtor corporation—to the Commonwealth, or any other Title III Debtor. *See Anaya Serbia v. Lausell*, 646 F. Supp. 1236, 1243 (D.P.R. 1986) (concluding, upon "[a] full examination of the law that deals with the [Puerto Rico Telephone] Authority and the [Puerto Rico Telephone Company]," that the [Puerto Rico Telephone Company] "has been endowed with the power to sue or be sued and that if a judgment is rendered in favor of the plaintiffs, the funds to pay for it do not have to come from the Commonwealth's treasury"); *see also* 27 L.P.R.A. § 407(a), (e), (g), (n) (Lexis

3

1998) ("The [Telephone] Authority shall enjoy . . . the power to: (a) Exist as a corporation . . . . (g) Have complete control and supervision of all its assets . . . or of any company whose total common stock issued and outstanding, except eligible paper, are owned by the Authority . . . including . . . the power to determine the nature and the need of all of its expenses and the manner they may be incurred, allowed and paid, without taking into consideration any provision of law that regulates the spending of public funds. . . . (n) . . . Provided, however, That the Authority shall not be empowered to encumber the credit of the Commonwealth of Puerto Rico.").

8. The Bernazard Garcia Response does not address the Debtors' contention that the Telephone Company is not a Title III entity, nor has it shown that a Title III entity has assumed the debts of the Telephone Company. Accordingly, the Bernazard Garcia Claim should be disallowed.

    **b.**  **The Marin Jurado Response**

9. Marin Jurado filed a proof of claim against the Commonwealth on March 17, 2021, and it was logged by Prime Clerk as Proof of Claim No. 179150. The Marin Jurado Claim purports to assert liabilities associated with allegedly accrued, but unpaid, wages purportedly owed by the Puerto Rico Sugar Corporation (the "Sugar Corporation") to Marin Jurado's father.

10. The Marin Jurado Response, a Spanish-language letter, was filed on April 19, 2022. Therein, Marin Jurado reiterated her claim for allegedly accrued, but unpaid, wages purportedly owed by the Sugar Corporation to Marin Jurado's father. The Marin Jurado Response does not enclose documentation showing proof of Marin Jurado's father's employment with the Sugar Corporation.

11. The Puerto Rico Sugar Corporation is a former government entity which has since been dissolved and is no longer in existence. During its existence, the Puerto Rico Sugar

4

Corporation was a subsidiary of the Puerto Rico Land Authority, and "ha[d] a legal personality separate and distinct from that of the Commonwealth of Puerto Rico . . . ." *Sugar Corp. of Puerto Rico v. Environeering, Inc.*, 520 F. Supp. 996, 999 (D.P.R. 1981) (citing 28 L.P.R.A. § 242(c); Sugar Corporation Certificate of Incorporation, Article 1(b)). Upon its dissolution, the operations and liabilities of the Puerto Rico Sugar Corporation were transferred to the Puerto Rico Land Authority. 5 L.P.R.A. § 430(b), 430d ("the [Puerto Rico Land] Authority shall retain the liabilities . . ."). The Puerto Rico Land Authority is "a public corporation or an autonomous governmental instrumentality of the Commonwealth of Puerto Rico" created pursuant to Law No. 26 of April 12, 1941. 28 L.P.R.A. § 242(a). The Puerto Rico Land Authority has "legal existence and legal personality separate and apart from those of the Commonwealth of Puerto Rico, and, consequently, the debts, obligations, contracts, . . . accounts, . . . and property of the [Puerto Rico Land] Authority and of its subsidiaries . . . shall be understood as being of the said corporations and not of either the Commonwealth of Puerto Rico or any of the offices, bureaus, departments, commissions, dependencies, municipalities, branches, agents, officers, or employees thereof." 28 L.P.R.A. § 242(c). Accordingly, the Puerto Rico Land Authority also has "all the rights and powers necessary or advisable for carrying out the aforesaid purposes, including . . . [the right] to sue and be sued." 28 L.P.R.A. § 261.

12. The Marin Jurado Response does not address the Debtors' contention that the Sugar Corporation is not a Title III entity, but rather, a separate and independent entity which has since been dissolved. Additionally, the Marin Jurado Response did not—and cannot—articulate a basis to hold the Commonwealth liable for unpaid wages purportedly owed by either the Puerto Rico Sugar Corporation or the Puerto Rico Land Authority, both of which are separate, independent public corporations.

5

13. For the foregoing reasons, the Debtor respectfully requests that the Court grant the Four Hundred Fourth Omnibus Objection and disallow the Claims.

[*Remainder of Page Intentionally Left Blank*]

|  |  |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>*/s/ Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García-Benítez<br>USDC No. 203708<br>Gabriel A. Miranda<br>USDC No. 306704<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*/s/ Brian S. Rosen*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Debtors* |