# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and PBA.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDRED THIRTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO DUPLICATE AND NO LIABILITY BOND CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

  1.  On April 1, 2022, the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and HTA, the "Debtors"), by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Four Hundred Thirty-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Duplicate and No Liability Bond Claims* [ECF No. 20497] (the "Four Hundred Thirty-Ninth Omnibus Objection").

2. The Four Hundred Thirty-Ninth Omnibus Objection seeks to disallow in their entirety certain proofs of claim, each of which is based, in part, on (*a*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds, (*b*) an ownership interest in bonds issued by GDB, which is not a Title III Debtor, or (*c*) investments in mutual funds, which in turn may have invested in bonds issued by the Debtors.

3. Any party who disputed the Four Hundred Thirty-Ninth Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 2, 2022, in accordance with the Court-approved notice attached to the Four Hundred Thirty-Ninth Omnibus Objection as Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four-Hundred Thirty-Ninth Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 20558]. *See Certificate of Service* [ECF No. 20558].

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

4. On May 2, 2022, the Debtors received correspondence (the "Yolanda Rivera Response") from Carmen Yolanda Rivera ("Yolanda Rivera") in connection with the Four Hundred Thirty-Ninth Omnibus Objection. A true and correct copy of the Yolanda Rivera Response and its corresponding certified translation are attached hereto as Exhibit "A" and Exhibit "A-1," respectively.

5. Yolanda Rivera filed a proof of claim against the Commonwealth on May 24, 2018, and it was logged by Kroll Restructuring Administration LLC as Proof of Claim No. 31525 (the "Yolanda Rivera Claim"). The Yolanda Rivera Claim asserted unspecified liabilities in the amount of $121,218.00, but failed to provide any basis for asserting any such liabilities and failed to attach any supporting documentation.

6. On February 9, 2022, Yolanda Rivera responded to an information request propounded by the Debtors and provided information pertaining to certain bonds Yolanda Rivera purported to assert in the Yolanda Rivera Claim. Specifically, Yolanda Rivera provided brokerage statements from UBS and Santander, each of which asserted liabilities associated with mutual funds, which, in turn, may have invested in certain bonds issued by the Debtors. A true and correct copy of the Yolanda Rivera Information Request and its corresponding certified translation are attached hereto as Exhibit "B" and Exhibit "B-1," respectively.

7. Accordingly, the Debtors objected to the Yolanda Rivera Claim on the Four Hundred Thirty-Ninth Omnibus Objection because it purported to assert liabilities based on an investment in mutual funds.

8. The Yolanda Rivera Response asserts claimant "do[es] not agree with the decision made by you in this case." Yolanda Rivera Response at 2. The Yolanda Rivera Response further

states that "we have sent a copy of the investment transactions for evidence, but I don't understand why we are not able to receive X percent of the total." *Id.*

9. The Yolanda Rivera Response does not dispute that the Yolanda Rivera Claim is based in part on investments in mutual funds, which, in turn, may have purchased bonds issued by the Debtors. The Yolanda Rivera Response also does not dispute that, because Yolanda Rivera is an investor in one or more mutual funds that in turn may have invested in bonds issued by the Debtors, the Yolanda Rivera Claim is derivative of claims that must be asserted by the mutual funds directly for any claimed recovery to be considered by the Court. *See, e.g., S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (holding that, under the Bankruptcy Code, a creditor is one who "has a claim against the debtor or the estate" rather than "a creditor of one of the debtor's creditors."). The Yolanda Rivera Response therefore does not articulate any basis upon which Yolanda Rivera, as an investor in a mutual fund, might assert a direct claim against the Debtors in respect of her investment in such mutual funds.

10. Accordingly, the Debtors respectfully request the Yolanda Rivera Claim be disallowed in its entirety and that the Court grant the Four Hundred Thirty-Ninth Omnibus Objection, notwithstanding the Yolanda Rivera Response.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Hermann D. Bauer<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br><br>/s/ Brian S. Rosen<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority* |