UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                   Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

**NOTICE OF CORRESPONDENCE REGARDING THE FOUR HUNDRED FORTY-THIRD OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT ADR CLAIMS**

To the Honorable United States District Judge Laura Taylor Swain:

      1.      On April 1, 2022, the Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] filed the *Four Hundred Forty-Third Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient ADR Claims* [ECF No. 20501] (the "Four Hundred Forty-Third Omnibus Objection") to various proofs of claim.

2. The Four Hundred Forty-Third Omnibus Objection seeks to disallow certain deficient claims (the "Claims to Be Disallowed") which purport to assert obligations of the Commonwealth or ERS. As set forth in the Four Hundred Forty-Third Omnibus Objection, each of the Claims to Be Disallowed was transferred into the ADR Procedures[3] via the *Twenty-First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 20241]. Pursuant to Section 2 of the ADR Procedures, the Debtors mailed an Information Request to each claimant associated with a Claim to Be Disallowed to obtain documentation and/or information necessary to enable the Debtors to reconcile the proof of claim. Each of the claimants associated with a Claim to Be Disallowed either did not respond to the Information Request, or responded but failed to provide information sufficient to enable the Debtors to ascertain the nature or basis of the purported liabilities. Accordingly, the Debtors filed the Four Hundred Forty-Third Omnibus Objection to object to the Claims to Be Disallowed.

3. Any party who disputed the Four Hundred Forty-Third Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on May 2, 2022 in accordance with the Court-approved notice attached to the Four Hundred Forty-Third Omnibus Objection as

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Four Hundred Forty-Third Omnibus Objection.

Exhibit C, which was served in English and Spanish on the individual creditors subject to the Four Hundred Forty-Third Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined in the *Sixteenth Amended Case Management Order* [ECF No. 20190-1]). *See Certificate of Service* [ECF No. 20558].

4. The Debtors have received correspondence concerning the Four Hundred Forty-Third Omnibus Objection from:

- Irma Iris Arocho Vidal ("Arocho Vidal"), a copy of which is attached hereto as Exhibit "A" (the "Arocho Vidal Response"), regarding Proof of Claim No. 151713 (the "Arocho Vidal Claim");

- Ivette De Jesús Rivas ("De Jesús Rivas"), a copy of which is attached hereto as Exhibit "B" (the "De Jesús Rivas Response"), regarding Proof of Claim No. 90011 (the "De Jesús Rivas Claim");

- Rosa Margarita Sánchez ("Margarita Sánchez"), a copy of which is attached hereto as Exhibit "C" (the "Margarita Sánchez Response"), regarding Proof of Claim No. 80168 (the "Margarita Sánchez Claim"); and

- Evangelina Tenorio González ("Tenorio González"), a copy of which is attached hereto as Exhibit "D" (the "Tenorio González Response," and together with the Arocho Vidal Response, the De Jesús Rivas Response, and the Margarita Sánchez Response, the "Responses"), regarding Proof of Claim No. 125306 (the "Tenorio González Claim," and together with the Arocho Vidal Claim, the De Jesús Rivas Claim, and the Margarita Sánchez Claim, the "Claims").

Certified English translations of the Arocho Vidal Response, the De Jesús Rivas Response, the Margarita Sánchez Response, and the Tenorio González Response, each of which was submitted in Spanish, are attached hereto as Exhibits "A-1," "B-1," "C-1," and "D-1," respectively. Each of the Responses is addressed below.

**I.     The Arocho Vidal Response**

5. The Arocho Vidal Claim asserts liabilities in an unspecified amount associated with

3

case numbers KAL-1998-0532-907 and 1999-0665-505.[4] The Arocho Vidal Claim does not provide any information or documentation regarding the asserted litigations.

6. An Information Request was mailed to Arocho Vidal on March 1, 2022. Therein, the Debtors requested information regarding the asserted litigations, including the status of the cases. A response to the Information Request was due on March 24, 2022. Arocho Vidal did not respond to the Information Request.

7. The Arocho Vidal Response consists of a cover letter, a supplemental claim form, and documents related to Arocho Vidal's employment with the Puerto Rico Department of Education, including a professional development plan and a recommendation for a promotion. Arocho Vidal Response at 1-13. In the cover letter, Arocho Vidal asserts that she worked for the Department of Education from 2000 to 2016, is owed $9,115.00 in unpaid and accrued salary increases, and does not have an attorney. *Id.* at 1. In the supplemental claim form, Arocho Vidal asserts that there is a judgment awarding her $9,115.00 in unpaid and accrued salary increases under Act 158. *Id.* at 10-12. The Arocho Vidal Response does not attach a copy of the referenced judgment. Nor does it provide any information or documentation related to case numbers KAL-1998-0532-907 or 1999-0665-505.

8. Because the Arocho Vidal Response fails to provide information or documentation regarding the asserted litigations, it does not cure the Arocho Vidal Claim's deficiencies. Without this evidence, the Debtors cannot determine the validity and amount of the Arocho Vidal Claim. Accordingly, the Arocho Vidal Claim should be disallowed.

---

[4] To date, the Debtors' local counsel has been unable to locate any filed litigations associated with these case numbers in the Commonwealth court system. Although local counsel has located a filed litigation associated with case no. KAC-1998-0532, it does not appear that Arocho Vidal is a named plaintiff in that litigation.

4

## II. The De Jesús Rivas Response

9. The De Jesús Rivas Claim asserts liabilities in an unspecified amount based on "debt assigned but not received." No additional information or supporting documentation was provided with the De Jesús Rivas Claim.

10. On October 29, 2019, De Jesús Rivas submitted a supplemental claim form. Therein, De Jesús Rivas asserts that: she is a former government employee; a pending legal action underlies her claim; and, she is owed unpaid but accrued back-pay and benefits under Law 86, Law 168, and PROMESA. With respect to the pending legal action, she states that the case number is SRF-35902 and the case is subject to ongoing appellate proceedings. The supplemental claim form does not provide any additional information or supporting documentation, and neither counsel for the Oversight Board nor the applicable Commonwealth agency were able to identify a pending litigation with that case number.

11. An Information Request was mailed to De Jesús Rivas on March 1, 2022. Therein, the Debtors requested information regarding the asserted litigation, including the status of the case. A response to the Information Request was due on March 24, 2022. De Jesús Rivas did not respond to the Information Request.

12. The De Jesús Rivas Response consists of a cover letter, partial copies of Exhibits A and E to the Four Hundred Forty-Third Omnibus Objection, a partial copy of Exhibit B to the *Notice of Removal of Certain Claims from Administrative Claims Reconciliation and Alternative Dispute Resolution* [ECF No. 20480], and copies of documents related to her employment at the Puerto Rico Department of Education, including proof of employment. De Jesús Rivas Response at 1-10. The cover letter to the De Jesús Rivas Response asserts that the bases of her claim are Law 89-1979, Law 89-1995, Law 96-2000, Law 164-2003, Law 164-Sila María Caldéron, and

5

Law 109-2008. *Id.* at 1. The cover letter also asserts that De Jesús Rivas is owed $75,000 or more. *Id.* The De Jesús Rivas Response does not provide any information or supporting documentation regarding the asserted litigation.

13. Because the De Jesús Rivas Response fails to provide information or documentation regarding the asserted litigation, such as relevant pleadings, it does not cure the De Jesús Rivas Claim's deficiencies. Without this information, the Debtors cannot determine the validity and amount of the De Jesús Rivas Claim. Accordingly, the De Jesús Claim should be disallowed.

### III. The Margarita Sánchez Response

14. The Margarita Sánchez Claim asserts an unspecified amount in liabilities associated with case numbers KAL-1998-0532-907 and 1999-0665-505.[5] The Margarita Sánchez Claim does not provide any information or documentation regarding the asserted litigations.

15. An Information Request was mailed to Margarita Sánchez on March 1, 2022. Therein, the Debtors requested information regarding the asserted litigations, including the statuses of the cases. A response to the Information Request was due on March 24, 2022. Margarita Sánchez did not respond to the Information Request.

16. The Margarita Sánchez Response consists of a cover letter, a copy of a pension certification, and a copy of *Notice of Removal of Certain Claims from Administrative Claims Reconciliation and Alternative Dispute Resolution* [ECF No. 20480]. Margarita Sánchez Response at 1-7. In the cover letter, Margarita Sánchez provides a breakdown of the amounts

---

[5] To date, the Debtors' local counsel has been unable to locate any filed litigations associated with these case numbers in the Commonwealth court system. Although local counsel has located a filed litigation associated with case no. KAC-1998-0532, it does not appear that Margarita Sánchez is a named plaintiff in that litigation.

6

allegedly owed to her under Law 69 and Law 168. *Id.* at 1. According to Margarita Sánchez's calculations, she is purportedly owed $36,500 under Law 69 and $18,900 under Law 168. *Id.* The Margarita Sánchez Response does not, however, provide any information or documentation regarding the asserted litigations or how they would result in the Commonwealth owing Margarita Sánchez the calculated amounts.

17. Because the Margarita Sánchez Response fails to provide information or documentation regarding the asserted litigations, it does not cure the Margarita Sánchez Claim's deficiencies. Without this evidence, the Debtors cannot determine the validity and amount of the Margarita Sánchez Claim. Accordingly, the Margarita Sánchez Claim should be disallowed.

**IV. The Tenorio González Response**

18. The Tenorio González Claim asserts an unspecified amount in liabilities associated with case numbers KAL-1998-0532-907 and KAL-1999-0665-505.[6] The Tenorio González Claim does not provide any information or documentation regarding the asserted litigations.

19. An Information Request was mailed to Tenorio González on March 1, 2022. Therein, the Debtors requested information regarding the asserted litigations, including the status of the cases. A response to the Information Request was due on March 24, 2022. Tenorio González did not respond to the Information Request.

20. The Tenorio González Response consists of a partial copy of the Information Request, with handwritten answers to the Request's five inquiries. Tenorio González Response at 1-6. With respect to the first inquiry regarding the facts underlying the asserted cases, Tenorio

---

[6] To date, the Debtors' local counsel has been unable to locate any filed litigations associated with these case numbers in the Commonwealth court system. Although local counsel has located a filed litigation associated with case no. KAC-1998-0532, it does not appear that Tenorio González is a named plaintiff in that litigation.

7

González states that "Act #89 was passed in 80's. It established a salary increase for public employees in Puerto Rico … there was an administration change after the year '80 and the raise was not given." *Id.* at 1. With respect to the second inquiry regarding documentation relating to the cases, Tenorio González asserts that she does not have any documentation and "[s]ame is true with the offices of the Puerto Rico government." *Id.* With respect to the third inquiry regarding the asserted amount of the claim, Tenorio González asserts that she believes she is owed approximately $10,000. *Id.* With respect to the fourth inquiry regarding the statuses of the cases, Tenorio González states that she has not received the current status. With respect to the fifth and final inquiry regarding attorney representation in the asserted cases, Tenorio González states that she does not have a lawyer and has submitted the claim on her own behalf. *Id.*

21. The Tenorio González Response fails to provide sufficient information regarding the asserted litigations. Indeed, the Debtors cannot reconcile the Tenorio González Claim on the sole basis that the asserted litigations involved Act 89, which mandated salary increases for public employees, because it is impossible to determine from only that information what litigation Tenorio González intends to assert. Further, the Tenorio González Response does not provide supporting documentation or an explanation as to why Tenorio González could not provide the supporting documentation. This evidence is necessary for the Debtors to assess the validity and amount of the claim. Accordingly, the Tenorio González Response does not cure the Tenorio González Claim's deficiencies, and the Tenorio González Claim should be disallowed.

22. For the foregoing reasons, the Debtors respectfully request that the Court grant the Four Hundred Forty-Third Omnibus Objection and disallow the Claims, notwithstanding the Responses.

| | |
|---|---|
| Dated: April 11, 2023<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ *Hermann D. Bauer*<br>Hermann D. Bauer<br>USDC No. 215205<br>Carla García Benítez<br>USDC No. 203708<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>/s/ *Martin J. Bienenstock*<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board for the Puerto Rico, as representative for the Commonwealth and ERS* |