# EXHIBIT  A



**Oficina de Asuntos Legales
presentación de quejas**

Reproducido por la Oficina de Prensa y Relaciones con la Comunidad
y la Imprenta de la Administración de los Tribunales.
Rev. 2010



ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DE ADMINISTRACIÓN
DE LOS TRIBUNALES

Estado Libre Asociado de Puerto Rico
**Oficina de Administración de los
Tribunales**
Teléfonos: 787-641-6600

**Teletribunales 1-877-759-1888 /
787-759-1888**
www.ramajudicial.pr

Para información adicional comuníquese al
Centro Judicial más cercano a su residencia.

| | |
|---|---|
| **Aguadilla** | 787-891-5555 |
| **Aibonito** | 787-735-8549/7201 |
| **Arecibo** | 787-878-7530 |
| **Bayamón** | 787-785-3300 |
| **Caguas** | 787-746-5775 |
| **Carolina** | 787-752-6900 |
| **Fajardo** | 787-655-0620 |
| **Guayama** | 787-686-2000 |
| **Humacao** | 787-656-0010 |
| **Mayagüez** | 787-652-5555 |
| **Ponce** | 787-841-1510/0090 |
| **San Juan** | 787-641-6363 |
| **Utuado** | 787-894-2525/2476 |



La Rama Judicial
de Puerto Rico



**Oficina de Asuntos Legales
presentación de quejas**



La Rama Judicial
de Puerto Rico

Received
JUN 0 1 2024
Restructuring Administration



990123401147080



ESTADO LIBRE ASOCIADO DE PUERTO RICO
OFICINA DE ADMINISTRACIÓN
DE LOS TRIBUNALES

# Oficina de Asuntos Legales
presentación de quejas

## Información General

Todo ciudadano o ciudadana interesado en que se investigue la conducta de un funcionario o funcionaria de la Rama Judicial, un juez o una jueza del Tribunal de Primera Instancia o del Tribunal de Apelaciones, por conducta contraria a la ética y los procedimientos del servicio público, podrá presentar una queja a esos efectos.

## Quejas contra funcionarios de la Rama Judicial y Jueces y Juezas

Toda queja contra cualquier funcionario o funcionaria de la Rama Judicial, jueces o juezas del Tribunal de Primera Instancia y el Tribunal de Apelaciones, se puede presentar en la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales.

## Contenido de la queja

• Debe ser formulada por escrito.

• Debe indicar el nombre del funcionario de la Rama Judicial, juez o jueza contra quien se presenta la queja; el tribunal o dependencia en la que se desempeña o en el cual se alega ocurrieron los hechos; y de desconocer esta información, debe brindar suficientes datos que permitan su identificación.

• Debe exponer brevemente los hechos que motivan la queja, e indicar el nombre de cualquier testigo y/o documentos que sustenten la queja.

• Debe estar formulada bajo juramento.

## Presentación de la queja

• **Personalmente**

Si la queja es presentada personalmente deberá estar juramentada, de no ser así, se le requerirá dicha juramentación ante un abogado o abogada de nuestra oficina.

*Oficina de Asuntos Legales*
*677 Calle César González, Piso 8*
*Río Piedras, Puerto Rico 00919*

• **Por Correo**

Si la queja es enviada por correo, deberá estar juramentada ante notario mediante declaración jurada.

*Oficina de Administración de los Tribunales*
*Oficina de Asuntos Legales*
*PO Box 190917*
*San Juan, Puerto Rico 00919-0917*

## Notificación de resultados

La Oficina de Asuntos Legales notificará al ciudadano o ciudadana que presente una queja toda determinación que se tome como resultado de la investigación respecto a la queja presentada.

## Orientación

Todo proceso relacionado a las quejas presentadas en la Oficina de Asuntos Legales es de carácter confidencial.

Toda persona interesada en recibir orientación sobre el procedimiento de presentación de quejas puede acudir ante el Juez Administrador o Jueza Administradora de su Región Judicial.

Los abogados de la Oficina de Asuntos Legales ofrecerán a los ciudadanos toda la orientación necesaria sobre el procedimiento de presentación de quejas.

Oficina de Administración de los Tribunales
Oficina de Asuntos Legales

787-641-6600 Ext. 5806

www.ramajudicial.pr

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGUEZ
SALA SUPERIOR

| Maira Ivet Feliciano Rosado<br>Demandante<br><br>Vs<br><br>Aníbal Rodríguez García<br>Demandado | Civil Núm. ISRF200801755<br><br>Sobre: DIVORCIO (TC) |
|---|---|

INFORME DE PENSIONES ALIMENTARIAS Y
RECOMENDACIÓN DE ORDEN DE PENSION ALIMENTARIA
POR ESTIPULACIÓN

A la vista para fijación de pensión alimentaria celebrada el 12 de noviembre de 2008, compareció la parte demandante personalmente y representada por el Lcdo. Julio E. Vargas Rosa. La parte demandada compareció personalmente y representada por la Lcda. María del Pilar Vázquez Muñiz.

Se recomienda al Honorable Tribunal que, conforme al Artículo 14 de la Ley Especial de Sustento de Menores, Ley Núm. 86 del 17 de agosto de 1994, 8 LPRA 518, le imparta su aprobación a la estipulación sometida que consiste en que se fije al Sr. Aníbal Rodríguez García, la suma de $419.00 mensuales, a razón de $209.50 quincenales en concepto de pensión alimentaria para beneficio de un menor de 1 año de edad, efectiva al 15 de noviembre de 2008, pagada por conducto de la Administración para el Sustento de Menores (ASUME), hasta que el Tribunal disponga otra cosa sobre el particular. No es mediante orden de retención de ingresos.

Se informa que la madre provee plan médico privado a beneficio del menor.

El retroactivo se estipuló en $269.00 el que pagará el Sr. Rodríguez a razón de 4 pagos de $67.50 quincenales, comenzando el 15 de noviembre de 2008 y por conducto de la ASUME.

Notifíquese.

En Mayagüez, Puerto Rico a ___ de noviembre de 2008.

Lcda. Lynette Barnecett Minguela
Examinadora Pensiones Alimentarias

2

Anejo 3



| FECHA - DATE | NOV 18, 2006 | | | CHEQUE / CHECK # | | 09815910 |
|---|---|---|---|---|---|---|
| CASO CASE | SEGURO SOCIAL SOC. SEC. NO. | NOMBRE - NAME | ORDEN ORDER | FUENTE SOURCE | CANTIDAD AMOUNT |
| 0411528 | ████-5495 | RODRIGUEZ, ANIBAL | ISRF2006-017 | RP | $277.00 |

DEPOSITO DIRECTO. LA FORMA MAS RAPIDA Y SEGURA DE RECIBIR LA PENSION
ALIMENTARIA. PARA INFORMACION LLAMA A ASUME AL DIA AL 1-888-711-0011.



| FECHA - DATE | DEC 03, 2006 | | | CHEQUE - CHECK # | | 09823285 |
|---|---|---|---|---|---|---|
| CASO CASE | SEGURO SOCIAL SOC. SEC. NO. | NOMBRE NAME | ORDEN ORDER | FUENTE SOURCE | CANTIDAD AMOUNT |
| 0411528 | ████-5495 | RODRIGUEZ, ANIBAL | ISRF2006-017 | RP | $277.00 |

DEPOSITO DIRECTO. LA FORMA MAS RAPIDA Y SEGURA DE RECIBIR LA PENSION
ALIMENTARIA. PARA INFORMACION LLAMA A ASUME AL DIA AL 1-888-711-0011.

| FECHA - DATE | DEC 18, 2006 | | | CHEQUE - CHECK # | | 09831916 |
|---|---|---|---|---|---|---|
| CASO CASE | SEGURO SOCIAL SOC. SEC. NO. | NOMBRE NAME | ORDEN ORDER | FUENTE SOURCE | CANTIDAD AMOUNT |
| 0411528 | ████-5495 | RODRIGUEZ ANIBAL | ISRF2006-017 | RP | $344.50 |

DEPOSITO DIRECTO. LA FORMA MAS RAPIDA Y SEGURA DE RECIBIR LA PENSION
ALIMENTARIA. PARA INFORMACION LLAMA A ASUME AL DIA AL 1-888-711-0011.

ASUME
Estado Libre
Asociado de
Puerto Rico

**Anejos 2**
(G)

```
Page: 1 Document Name: untitled

PSSRDHPL    INDICE DE CHEQUES-TRANSFERENCIAS AL PARTICIPANTE        FECHA 04/07/08
USUARIO SM1673    50                                                HORA 17:54
MOT: DESPLEG                       NUM PARTIC 00017532 08            PAGINA 001
                        **  INFORMACION SENSITIVA  **
APELL/NOM FELICIANO      ROSADO     MAYRA     1 SSE ████ 4977 NAC ████ 1969

                                          NUMERO        CANTIDAD
  S  NOMBRE DEL RECEPTOR DEL TREQUE/TRANS CHEQUE/TRANS CHEQUE/TRANS STAT FECHA
  -  FELICIANO ROSADO, MAYRA             ████5586        209.50 TE 02/15/08
     FELICIANO ROSADO, MAYRA             ████5517        636.00 TE 02/08/08
     FELICIANO ROSADO, MAYRA             ████5016      1,257.00 TB 01/16/08
     FELICIANO ROSADO, MAYRA             ████5514        412.00 TB 12/10/07
     FELICIANO ROSADO, MAYRA             ████8420        209.50 TB 11/20/07
     FELICIANO ROSADO, MAYRA             ████7484        209.50 TB 10/16/07
     FELICIANO ROSADO, MAYRA             ████3999        209.50 TB 10/01/07
     FELICIANO ROSADO, MAYRA             ████3775        209.50 TB 07/03/07
     FELICIANO ROSADO, MAYRA             ████8484        209.50 TB 05/18/07
     FELICIANO ROSADO, MAYRA             ████8520        209.50 TE 06/01/07
     FELICIANO ROSADO, MAYRA             ████8452        209.50 TB 05/15/07
  -  FELICIANO ROSADO, MAYRA             ████8803        208.50 TB 05/02/07

                                                              MAS....

PROX PANTALLA=> CH1
```

Date: 4/7/2008 Time: 6:40:30 PM

Anejos

4

Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Centro Judicial de Mayagüez
Relaciones de Familia y Menores
Sala 301

Aníbal Rodríguez García
*Demandante*
Vs
Maira I. Feliciano Rosado
*Demandada*

Caso Núm. ISRF200601752

Sobre: **Desacato Civil**

## Resolución y Orden

Por Cuanto: El 7 de septiembre de 2011, se celebró vista de desacato, donde se corroboró que Maira I. Feliciano Rosado *incumplió con las Relaciones Paterno Filiales establecidas y acordadas en el presente caso y demás órdenes emitidas.*

Por Cuanto: Tal conducta ha afectado adversamente el proceso judicial, resultando además lesiva al mejor bienestar e interés del menor.

Por Cuanto: El Tribunal encuentra a dicha ciudadana incursa en Desacato Civil y la condena a:

Cumplir sentencia de 90 días, a razón de tres horas semanales de servicios al Programa Clara Lair, que ubica en el primero piso de éste Centro Judicial. Se toma conocimiento que la demandada labora hasta las 3:00 p.m., por lo que se autoriza que las tres horas se cumplan a razón de hora y media en dos días de la semana, deberá coordinar para cumplir con las horas mientras el menor se relacione con su padre. El Programa Clara Lair acreditará por escrito la asistencia de la demandada. Se le apercibe a la demandada que de incumplir, sin que acredite justa causa ni se hayan compensado las horas semanales, se ordenará su arresto e ingreso a prisión para cumplir en cárcel el resto del término impuesto.

Se mantienen las determinaciones respecto las relaciones paterno-filiales autorizadas para días en semana martes y jueves, además, fines de semanas alternos. No obstante, se concluye que ciertamente el demandante fue privado injustificadamente de su relación paterno-filial en los meses de marzo, abril y mayo de 2011 que suman los 90 días a los cuales el Tribunal sentencia a la demandada.

Se ordena y autoriza al Sr. Aníbal Rodríguez García a relacionarse con su hijo a partir de mañana 8 de septiembre de 2011 por el **término de 90 días consecutivos, entiéndase, septiembre, octubre y noviembre, en todos los días martes y jueves,** además, **todos los fines de semana en dicho término**, para compensar el tiempo que no pudo relacionarse con su hijo, en el horario posterior a la salida de empleo del mismo; **las relaciones no serán alternos.**

5

Transcurrido dicho término, se mantendrán en todo su vigor las relaciones paterno-filiales vigentes de las Resoluciones dictadas el 5 de agosto de 2011 y el 2 de febrero de 2011, inclusive las relaciones paterno-filiales los días festivos y cumpleaños. El Sr. Rodríguez García será responsable de cumplir con los cuidados de salud, citas, tratamientos médicos, tutorías, asignaciones, etc. Bajo ningún concepto se releva a la demandada de cumplir con el horario establecido para las relaciones paterno-filiales. Cualquier situación de improvisto o emergencia deberá notificarse al retén de la comandancia de Mayagüez, lugar de recogido y entrega para los fines de semana.

Durante los días de semana que el menor esté en la escuela o bajo servicio terapéutico, papá lo recogerá en la escuela o en el centro de servicios de terapia que esté debidamente coordinado.

Se le ordena a la demandada cumplir con las relaciones paterno-filiales y la sentencia de desacato civil impuesta, so pena de desacato e ingreso a prisión. Deberá cumplir puntualmente con el horario de la entrega y recogido del menor.

Se señala Vista de Seguimiento para dar por cumplida la sentencia de desacato civil y asegurar el cumplimiento con las relaciones paterno-filiales, para el 14 de diciembre de 2011, a las 8:30 a.m.

No se permitirá ningún cambio en servicios, cambio del lugar de entrega o recogido o que una de las partes unilateralmente tome cualquier determinación respecto al menor.

Regístrese y Notifíquese.

Dada en sesión pública de este Tribunal en Mayagüez, Puerto Rico a 7 de septiembre de 2011 y reducido a escrito a 2 de diciembre de 2011.

Lynette Ortiz Martínez
Juez Superior Designada

6

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ
301 SALON DE SESIONES

RODRIGUEZ GARCIA, ANIBAL

------------------------------------------    CASO NUM ISRF200601752
                        DEMANDANTE             SOBRE:   RUPTURA IRREPARABLE
                            VS
FELICIANO ROSADO, MAYRA
------------------------------------------
                        DEMANDADO
A:  MAYRA FELICIANO ROSADO

        P O BOX 379
        AGUADILLA PR 00605-0379


                        NOTIFICACION


CERTIFICO:  QUE EL 02 DE DICIEMBRE DE 2011  EL TRIBUNAL DICTO
LA RESOLUCION Y ORDEN  QUE SE ACOMPAÑA.

CERTIFICO, ADEMAS, QUE EN EL DIA DE HOY ENVIE POR CORREO COPIA DE
ESTA NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES
INDICADAS, HABIENDO EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS
COPIA DE ESTA NOTIFICACION.

LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ PR 00680
LIC. ÁNGEL GARCÍA TROCHE - PO BOX 4388
MAYAGÜEZ PR 00681
LIC. JAVIER SEPULVEDA RIVERA - PO BOX 3207
MAYAGÜEZ PR 00681-3207


MAYAGUEZ  , PUERTO RICO, A 02 DE DICIEMBRE DE 2011  .


                            LCDA. NORMA G. SANTANA IRIZARRY
                            ------------------------------------
                                        SECRETARIO


                    POR:  ROSA REYES LASÜER
                            ------------------------------------
                                    SEC AUX TRIBUNAL I


OAT 750-NOTIFICACION DE RESOLUCIONES Y ORDENES
TELETRIBUNALES:(787)759-1888/ISLA, LIBRE DE COSTO(787)1-877-759-1888

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGÜEZ
PO BOX 1210
MAYAGÜEZ PR 00681-1210

CONFIDENCIAL

00605$0G79

Anejos

Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
Tribunal de Primera Instancia
Unidad Social de Familia y Menores
Región de Mayagüez

## HOJA DE TRÁMITE

A        :        Mayra Feliciano Rosado
                   Familia y Menores

DE       :        *Janette Vidro Báez*
                   Supervisora Trabajadores Sociales
                   Unidad Social de Familia y Menores

ASUNTO : DOCUMENTOS ENTREGADOS A LA MANO
              CASO CIVIL:  ISRF 2006 01752

FECHA       17 de enero de 2012

( )    Minuta del 11 de febrero de 2011

( )    Minuta de 5 agosto de 2011

( )    Minuta-Resolución de 2 de diciembre de 2011

OBSERVACIONES: Se entrega a mano los documentos mencionados sobre Minutas del Tribunal.

Recibido por: _Jgv B. Felino Reino_              _fecha 1-12-2012_

Fecha  17 de enero de 2012

Minuta
Incursa
7 de Sept de 2011

y b

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGÜEZ
SALA DE RELACIONES DE FAMILIA 301

ANÍBAL RODRÍGUEZ GARCÍA                    CIVIL NÚM. ISRF200601752
Demandante-Promovente

        VS.                                SOBRE:

MAIRA IVET FELICIANO ROSADO                DESACATO CIVIL
Demandada-Promovida

---

## RESOLUCION Y ORDEN

**POR CUANTO:**   Hoy 14 de diciembre de 2011, se celebró Vista donde la demandada-promovida, **Maira Ivet Feliciano Rosado,** debía mostrar causa por la cual no debía ordenarse su ingreso en una institución penal por alegado incumplimiento reiterado con las relaciones paterno filiales establecidas, entre otros asuntos relacionados al menor L.A.R.F., y para ordenar que se cumpla el desacato civil emitido el 7 de septiembre de 2011 mediante auto en prisión.   Este Tribunal había ordenado que la señora Feliciano Rosado debía cumplir noventa (90) días de servicio comunitario al Programa Clara Lair, ubicado en la Sala Municipal de este Centro Judicial.   Los funcionarios del Programa Clara Lair, a través del testimonio de la trabajadora social e intercesora, Sra. Diani Pérez Pabón, certificaron que la promovida cumplió **9 horas y 22 minutos.**   La Sra. Maira Ivet Feliciano Rosado declaró, bajo juramento, razones para su incumplimiento.   La señora Feliciano Rosado tampoco cumplió con lo requerido por el Tribunal para esta vista, ya que se requirió la presencia del menor L.A.R.F. y la reanudación de las relaciones paterno filiales para el fin de semana del 2 de diciembre de 2011.   De igual forma, la promovida se mudó de residencia al Municipio de Aguadilla, cambió al niño de escuela y cambió los servicios terapéuticos que se le brindan a éste, sin previa autorización del Tribunal, como le fuera ordenado.

**POR CUANTO:**   El Tribunal ha quedado convencido del reiterado incumplimiento de la demandada- promovida, **Maira Ivet Feliciano Rosado,** con las órdenes del Tribunal.   Como madre custodia, unilateralmente, ha privado al Sr. Aníbal Rodríguez García de relacionarse con su hijo, Su comportamiento en sala y su proceder obstinado y desafiante denotan y desapasionadamente nos convencen que no es capaz de tomar decisiones que redunden en su crecimiento personal y profesional y, por ende, en el mejor bienestar de su niño menor de edad.   La Sra. Maira Ivet Feliciano Rosado no supo aprovechar la oportunidad de servir al Programa Clara Lair y beneficiarse, como conocedora del derecho y futura aspirante al ejercicio de la abogacía, de esta enriquecedora experiencia

9

ISRF200601752
Página 2

POR CUANTO:   El Tribunal convierte el término del desacato civil decretado el 7
de septiembre de 2011 a <u>TREINTA (30) DÍAS</u> de ingreso en la
Institución Penal para Mujeres en Vega Alta, término que deberá
cumplir de forma consecutiva e inmediata.

Se concede la custodia provisional del menor L.A.R.F. al padre
biológico, Sr. Aníbal Rodríguez García. Se ordena a los familiares
maternos proceder con la entrega de pertenencias personales,
documentos, equipo médico y escolar al señor Rodríguez García. Se
autoriza al padre del menor a recogerlo en la tarde de hoy en la
escuela a que asiste, por lo que se emite orden telefónica a esos
fines. Se prohíbe remover al menor de la jurisdicción de Puerto Rico
sin la autorización del Tribunal. Las relaciones maternofiliales, serán
supervisadas, de ser solicitadas y se celebrarían en la Unidad Social
del 4to Piso de este Centro Judicial, previa coordinación para ello. La
custodia provisional sobre el niño se extenderá hasta la **VISTA DE
SEGUIMIENTO Y PARA CORROBORAR EL CUMPLIMIENTO CON
EL DESACATO CIVIL** pautada para el <u>1ro de febrero de 2012, a
las 10:00 de la mañana.</u>

Queda pendiente la solicitud de traslado del caso.

**Se ordena coordinar evaluación psicológica y/o psiquiátrica a la
Sra. Maira Ivet Feliciano Rosado, a través de la Administración
de Corrección, cuyos resultados deben remitirse directamente a
la atención de la jueza que preside.**

Se ordena notificar copia de la Minuta-Resolución y de la Presente
Resolución y Orden a las partes, abogadas y al Tribunal Supremo de
Puerto Rico, Junta Examinadora para Aspirantes al Ejercicio de la
Abogacía.

**REGÍSTRESE Y NOTIFÍQUESE.**

Dada en Mayagüez, Puerto Rico a 14 de diciembre de 2011.

LYNETTE ORTIZ MARTINEZ
JUEZA SUPERIOR DESIGNADA

10

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ
301 SALON DE SESIONES

RODRIGUEZ GARCIA, ANIBAL

-------------------------------------------   CASO NUM ISRF200601752
                DEMANDANTE                     SOBRE:   RUPTURA IRREPARABLE
                    VS
FELICIANO ROSADO, MAYRA
-------------------------------------------
                DEMANDADO
A: LIC. NORMA B PEREZ MUÑIZ
   PO BOX  417

   DORADO PR 00646


                        NOTIFICACION


CERTIFICO:  QUE EL 14 DE DICIEMBRE DE 2011  EL TRIBUNAL DICTO
LA RESOLUCION Y ORDEN  QUE SE ACOMPAÑA.

CERTIFICO, ADEMAS, QUE EN EL DIA DE HOY ENVIE POR CORREO COPIA DE
ESTA NOTIFICACION  A LAS  SIGUIENTES  PERSONAS A SUS DIRECCIONES
INDICADAS, HABIENDO EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS
COPIA DE ESTA NOTIFICACION.

ANIBAL RODRIGUEZ GARCIA -
P O BOX 6067 MAYAGUEZ PR 00681
LIC. OLGA LONGORIA VELEZ - 169 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ PR 00680
MAYRA FELICIANO ROSADO - BO MANI
CALLE 154 CALLE ELENA SEGARRA MAYAGUEZ PR 00680
LIC. STEPHANIE CABRERA HERNÁNDEZ - PO BOX 6763
MAYAGÜEZ PR 00681-6763
ALGUACILES TRIBUNAL DE MAYAGUEZ - UNIDAD DE CONFINADOS
PO BOX 1210 MAYAGUEZ PR 00681-1210
ADMINISTRACION DE CORRECCION VEGA ALTA -
PO BOX 1079 VEGA ALTA PR 00692
JUNTA EXAMINADORA DE ASPIRANTES AL - COMISION DE REPUTACION
PO BOX 9022392 SAN JUAN PR 00902-2392


MAYAGUEZ   , PUERTO RICO, A 14 DE DICIEMBRE DE 2011   .


                              LCDA. NORMA G. SANTANA IRIZARRY
                              -------------------------------------
                                        SECRETARIO


                         POR:  ROSA REYES LAGUER
                              -------------------------------------
                                     SEC AUX TRIBUNAL I





12

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGÜEZ
SALÓN DE SESIONES 301

| Aníbal Rodríguez García Demandante | Civil Núm.: **ISRF200601752** |
|---|---|
| Vs. | |
| **Mayra Feliciano Rosado** Demandada | Sobre: Divorcio-Ruptura Irreparable |

## MINUTA-ORDEN

Llamado el caso de epígrafe para la celebración de **Vista de Seguimiento de Desacato**, comparece el demandante, representado por la **Lcda. Olga Longoria Vélez**. Comparece la demandada, **no así** su representante legal la **Lcda. Norma B. Pérez Muñiz**. Se encuentra presente la **Lcda. Stephanie Cabrera Hernández** y la TS-Diany Pérez Pabón en representación del Programa Clara Lair.

La magistrada hace constar que está unida autos Moción Informativa y en Solicitud de Orden pendiente de resolver por el Tribunal, radicada el 8 de diciembre de 2011. Además, a la Solicitud de Transferencia presentada por la Lcda. Norma Pérez Muñiz por voz de la Hon. Juez María I. Negrón García, la misma fue declara No Ha Lugar, por lo tanto en autos consta una Certificación de Notificación Vía Telefónica a todas las partes donde la Secretaria Auxiliar indica que notificó ayer 13 de diciembre de 2011 la orden de no ha lugar la suspensión, además, surge que al notificarle a la Lcda. Pérez Muñiz a su teléfono (787) 225-0298 a las 11:47 am la letrada indicó que no ignora la orden de la juez pero no asistirá ya que tiene caso en Bayamón.

A preguntas del Tribunal, el Alguacil informa que la Lcda. Norma Pérez Muñiz no ha comparecido ni se ha comunicado para excusar su incomparecencia.

La letrada informa que consta en autos moción por derecho propio radicada por la promovida, en la cual alega que se mudó al pueblo de Aguadilla y solicita el traslado del caso, no obstante, a pesar que certifica haberle notificado copia de la misma, nunca se le notificó dicho escrito, su dirección es la misma. No contestó dicho escrito porque al día de hoy no se le ha notificado copia, la vio al estudiar en la mañana de hoy el expediente judicial.

El 7 de septiembre de 2011 se celebró vista, las partes estuvieron presentes y la promovida debidamente representada por dos abogados, el Tribunal luego de escuchar la prueba en su fondo, encontró incursa en desacato a la promovida. Ese mismo día en corte abierta se dictó Resolución y luego reducido a escrito, se impuso 90 días de labor comunitaria en el Programa Clara Lair y no fue ingresada. Se le advirtió a la promovida que de incumplir con los 90 días y el horario de tres horas semanales a su discreción, sería ingresada. Posterior, se emitieron varias órdenes, entre ellas la vista pautada para hoy con orden a la promovida de traer el menor para la vista; la misma incumplió con dicha orden y demás órdenes.

No se le notificó las mociones radicadas por la Lcda. Stephanie Cabrera, en representación del Programa Clara Lair, al entender que su obligación era notificarle al Tribunal el incumplimiento con la sentencia de desacato; son tres mociones de dicha letrada que reitera el incumplimiento y solicitud de remedio del Tribunal. Entiende que el testimonio hoy será sobre el incumplimiento con el Desacato Civil en cuanto la Labor Comunitaria impuesta por 90 días, en adición al reiterado incumplimiento con las órdenes respecto a las relaciones paterno-filiales. Solicita el ingreso inmediato de la promovida y la entrega de la custodia del menor al demandante, para proteger el mismo.



Desglosa e informa el tracto de los incidentes interlocutorios del caso y el incumplimiento de la promovida sobre las órdenes de relaciones paterno-filiales y Resolución emitida en cuanto al desacato civil emitido:

I.   El 20 de octubre de 2011 se radicó primer escrito en solicitud de desacato en el cual se informa que en virtud de la resolución del 7 de septiembre de 2011 la promovida incumplió con las relaciones paterno-filiales por el término de 90 días, los martes y jueves, además de todos los fines de semanas.  La promovida incumplió con las relaciones del fin de semana del 30 septiembre, su cliente fue cuartel a las 3:00 pm y luego 6:00 pm pero no se compareció para la entrega del niño.  Fin de semana del 14 al 16 de octubre y el 20 de septiembre al 2 de octubre se incumplió con las relaciones paterno-filiales.

II.  El 8 de noviembre de 2011 se radicó otra moción de desacato, se informa que la promovida incumplió con las relaciones paterno-filiales del 25 y 27 octubre, fin de semana del 28 al 31 de octubre y 3 de noviembre.  El 4 noviembre el demandante va al cuartel de la policía y la promovida informó que no le entregaría el niño.

III. El 17 de noviembre de 2011 se radicó tercera moción de desacato, se informa que la promovida incumplió con las relaciones paterno-filiales del fin de semana del 4 al 6 de noviembre, 8 y 10 de noviembre de 2011.  El 15 de noviembre el demandante va al cuartel de policía y la promovida llamó al retén e informó que no le entregaría el niño, alegando que su carro estaba dañado.

Ante el reiterado incumplimiento con las relaciones paterno-filiales, entiende que la primera parte de la Resolución emitida el 7 de septiembre de 2011, se incumplió y no hay una sola moción de la promovida negando los hechos.  La segunda parte de la Resolución es en cuanto al desacato civil, la promovida incumplió con la labor comunitaria que se le ordenó realizar por el término de 90 días en tres horas semanales; está lista para pasar prueba al respecto.

Por orden del Tribunal, se les toma juramento a los litigantes, la Lcda. Stephanie Cabrera Hernández y la TS-Diany Pérez Pabón, la letrada es puesta bajo las Reglas del Tribunal y se procede a escuchar el testimonio de la TS.

La prueba documental presentada por la parte **Demandante** consistió de:

**EX 1**: Original, Certificación de Horas Mayra Feliciano Rosado, del Programa Clara Lair, firmado por la TS-Diany Pérez Pabón; consta de 1 folio.
**EX 2**: Copia, Certificado Médico (en inglés), firmado por Dr. Luis T. Boothby y fechado 26 de septiembre de 2011; consta de 1 folio.
**EX 3**: Original, Compromiso de Confidencialidad (Servicio Comunitario), no firmado, fechado 16 de septiembre de 2011; conste de 1 folio.
**EX 4**: Copia Certificada, Informe de Incidente de la PPR, fechado 18 de noviembre de 2011; consta de 2 folios.
**EX 5**: Copia Certificada, Informe de Incidente de la PPR, fechado 28 de octubre de 2011; consta de 2 folios.



La magistrada hace constar que se celebró vista el 7 de septiembre de 2011, el Tribunal mediante orden telefónica adelantó lo dispuesto en la referida vista a los funcionarios del Programa Clara Lair, indicando que la promovida debería personarse a gestionar la manera en la cual daría cumplimiento con lo ordenado por el Tribunal.  Se entendió pertinente informar el contenido de la resolución y sentencia, dado la confidencialidad de los servicios que se ofrece en dicho programa.  En dicha vista la magistrada que preside entendía que sería una oportunidad aprovechada por la promovida para beneficiarse de esa experiencia.

Minuta                          1SRF200601752                          Página 3

Se escucha el testimonio de la **TS-Diany Pérez Pabón**, quien es TS e Intercesora Legal en el Hogar Clara Lair ubicado en las facilidades de este Centro Judicial en el Tribunal Municipal; no está ubicada en el Albergue del Programa. El horario de la oficina es de 8:00 am hasta las 5:00 pm. Conoció a la promovida ante la sentencia de desacato civil emitida en la vista del 7 de septiembre por el Tribunal, la magistrada que preside llamó a la oficina y dio conocimiento de la sentencia donde se indicó el término de la sentencia por 90 días y las tres horas semanales para cumplir con la labor comunitaria impuesta. Se comunicó con la Directora del Programa para notificarle de la sentencia y la misma indicó no tener inconveniente en lograr dicho acuerdo.

El 8 de septiembre la promovida se presenta a la oficina del Programa, se presentó a las 4:20 de la tarde, indicó que fue sentenciada para la labor comunitaria, se le orientó brevemente dada la hora. El 16 de septiembre volvió a la oficina y se le atendió e informó sobre el protocolo del programa y orientación completa de los servicios que se brinde en la oficina, además, completar un documento de confidencialidad. La promovida completó 9 horas con 22 minutos en total de labor comunitaria, al día de hoy. La misma no cumplió con las tres horas semanales ordenadas toda vez que la misma compareció el 16 de septiembre, el 27 de septiembre y el 13 de octubre, se desconoce las razones por su incomparecencia posterior. La promovida manifestaba inconvenientes en la entrega del menor, enfermedad del menor y de ella y su trabajo. El 13 de octubre llevó un certificado médico del menor donde se desprende orden de descanso para el mismo, la promovida no volvió a la oficina para continuar con la labor comunitaria ordenada ni realizó gestión alguna para reponer las horas no trabajadas semanales; adeudaría días para completar las 90 días sentenciadas. La promovida fue respetuosa y cordial con su persona. Manifiesta que la Lcda. Stephanie Cabrera fue designada por la magistrada para supervisar a la promovida en la sentencia emitida.

Hace constar que de la sentencia emitida el 7 de septiembre de 2011 surge que los 90 días implicaban que en dicho periodo el demandante tendría un supervisión en las horas laborables y se relacionará con el mismo en dicho término. El demandante sería responsable de llevar al menor a sus terapias, buscarle en la escuela, estudiar con el mismo, etcétera; sería responsable de todos los asuntos del menor mientras la promovida cumplía con las tres horas semanales de su labor comunitaria. Entiende que no había impedimento para que la promovida cumpliera con la sentencia emitida.

Concluido con el testimonio de la TS-Diany Pérez Pabón, se excusa la misma de la silla testifical. Se decreta un breve receso en el caso.

**Llamado el caso nuevamente**, están presentes los arriba mencionados.

La letrada llama a su próximo testigo, la Lcda. Stephanie Cabrera Hernández.

Se escucha el testimonio de la **Lcda. Stephanie Cabrera Hernández**, quien es abogada y con acuerdo colaborativo entre el Programa Clara Lair y la FDEMH-Unidad de Violencia Domestica de Mayagüez, propuesta de la Procuradora de las Mujeres, comparte la misma oficina con la TS-Diany Pérez en las facilidades de este Centro Judicial en el Tribunal Municipal. Sus funciones son representar legalmente a las victimas de violencia doméstica, se le brinda apoyo emocional y asesoría en conjunto con la TS.

Conoce a la promovida toda vez que es egresada en la institución donde ambas estudiaron Derecho, en una ocasión se le dio representación legal y por la orden del Tribunal emitida en la sentencia del 7 de septiembre de 2011 y donde se le asigna para supervisar la labor comunitaria ordenada por 90 días a cumplirse a razón de tres horas semanales.

Recibió llamada telefónica de la magistrada que preside el 7 de septiembre sobre la sentencia emitida, el 8 de septiembre la promovida acude a la oficina y se le orienta toda vez que la misma expresa las razones por las cuales no podrá cumplir con lo ordenado, se llama a la juez para informarlo y se busca alternativas para que se pueda cumplir con la sentencia y aprovechar la oportunidad brindada. Al día de hoy la promovida no cumplió con la sentencia impuesta de 90 días.



La misma se rehusó en firmar cualquier documento como el de Confidencialidad, tampoco ofreció servicio comunitario para su supervisión; alega que se rehusó por razones de ser un documento de la Facultad y no estaba dispuesta firmar nada de dicha institución y que eso no se discutió en la vista. El documento de Confidencialidad le es requerido por la Facultad al ser abogada y atender asuntos y datos confidenciales. Dicho documento de Confidencialidad fue preparado por su persona y aprobado por el Lcdo. Rodríguez Sierra-Decano de la Institución y su Asistente. Sólo fue a Clara Clair dos días que estuvo presente y la vio, el día de la orientación no se completó la hora por tener una alegada discrepancia. Según la TS la promovida sólo cubrió 9 horas con 22 minutos de labor y no volvió a la oficina, sólo la vio en dos ocasiones en la oficina. La promovida es egresada de la Facultad y Consejera, labora en la Escuela Superior Vocacional de Mayagüez.

Radicó escritos como abogada que representa al Hogar Clara Lair y otro en conjunto con la TS-Diany, total de tres escritos donde solicita el Auxilio del Tribunal ante el incumplimiento reiterado de la promovida, el ambiente hostil de trabajo creado por la misma ante una actitud desafiante cuando estaba en la oficina y ante la llegada de su persona. Era incómoda su actitud ante los clientes víctimas de maltrato, no cumplía con la hora acordada para su llegada, ante su ausencia y la carga fuerte por delegarse una responsabilidad para que la misma cumpla con la sentencia emitida. La promovida le expresó a la TS-Diany que no podía cumplir por razones religiosas, por la salud del niño y de ella, entre otras razones. Respecto la razón de religión la promovida indicó que es Adventista y no podía trabajar los viernes ni sábado, además, no podía los martes ni jueves por las citas del menor; mostró documento por razón de religión a la TS. Tiene conocimiento de la sentencia emitida y que la promovida podía cumplir sus tres horas a su comodidad y conveniencia, además, en conversaciones con la magistrada se impartieron instrucciones sobre la labor comunitaria ordenada. Entiende que no hay excusas para cumplir toda vez que el menor estaría con papá y el mismo atendería todos los asuntos del menor. Se certificó 9 horas con 22 minutos de horas comunitarias trabajadas, no obstante, no se cumplió con la sentencia emitida ante el incumplimiento de la promovida.

El Tribunal toma conocimiento judicial de los escritos presentados por la Lcda. Stephanie Cabrera y la TS-Diany Pérez.

La letrada informa que su cliente se encuentra presente para declarar sobre lo informado en los escritos que radicó y las querellas Certificadas de la Policía donde se desprende que la promovida incumplió con las órdenes emitidas el 7 de septiembre de 2011 respecto las relaciones paterno-filiales; no se llevó el menor al Cuartel para las relaciones. La promovida incumplió con la Resolución y Orden emitida el 7 de septiembre y reducido a escrito el 2 de diciembre. Su cliente no se relacionó con el menor en el periodo ordenado. Manifiesta que se le ordenó a la promovida traer para la vista de hoy al menor y tampoco lo hizo, sus incumplimientos son reiterados.

Se escucha el testimonio de la promovida **Sra. Mayra Feliciano Rosado**, quien expresa que no trajo al menor toda vez que el mismo cumple año hoy, lo llevó a la escuela y le dará su regalo en la tarde de hoy. Manifiesta que no recibió las notificaciones del Tribunal, cuando recibió las notificaciones vía telefónica nunca se le indicó que trajera el menor para la vista de hoy.

Respecto las órdenes y sentencia de la vista del 7 de septiembre, expresa que ha hecho lo indecible para cumplir con las mismas, con la labor comunitaria, la entrega y recogido del menor en el cuartel; a pesar de estar presente en el Programa el 7 de diciembre no recuerda las determinaciones. Las veces que incumplió fueron porque el niño ha estado enfermo o percances que le comunicó a papá. Sobre la creencia religiosa, le informó al Tribunal la dificultad para cumplir con las horas, al entregar el niño al cuartel llegaba después de las 4:20 de la tarde y no podía cumplir con la hora completa; por tal razón radicó su Declaración Jurada sobre la hora hábil en su desventaja y solicita que el Programa le permitiera hacer las horas los domingos en el Hogar; no utiliza la religión como excusa para incumplir.



Reconoce que estuvo presente en la vista del 7 de septiembre, sabe del desacato y labor comunitaria impuesta por 90 días a razón de tres horas laborables. Respecto las relaciones tal vez no cumplió según ordenado. Manifiesta que estudió en la FEMDH y es abogada aun no ha revalidado.

La letrada expresa que se le ordenó a la promovida que no realizar cambió de escuela, de residencia y de las terapias del menor, no obstante, la misma incumplió y realizó dichos cambios sin notificarlo. Para la vista del 7 de septiembre la promovida vivía en Mayagüez y luego se mudó para el pueblo de Aguadilla sin autorización del Tribunal. El niño estudiaba en Cabo Rojo y la promovida lo cambió a la Escuela Sabanetas, además, le cambió las terapias al menor. Cada uno de los cambios contrario a lo ordenado, sin notificar al demandante y sin autorización del Tribunal, además, radicó escrito en el cual solicitó el traslado del expediente judicial al Tribunal de Aguadilla, no se le notificó copia de dicho escrito.

Solicita que el Tribunal observe el demeanor de la promovida quien demuestra lo desafiante que es. Solicita que se ordene el arresto e ingreso de la promovida y cumpla en una institución penal los 81 días no cumplidos de la sentencia emitida el 7 de septiembre de 2011, que se entregue hoy el menor con sus pertenencias personales, escolares y de terapias. Además, que éste asunto sea inmediatamente elevado a la Junta de Aspirantes al Ejercicio de la Abogacía y Notaría.

La magistrada hace constar que se desprende de los autos que todas las órdenes, resoluciones y sentencias fueron notificadas a la promovida a su dirección que consta en el expediente judicial, no consta correspondencia devuelta en autos. Se toma en consideración el testimonio de las partes y el comportamiento en sala.

Desfilada la prueba, la letrada argumenta y solicita el ingreso inmediato de la promovida ante su reiterado incumplimiento con las órdenes del Tribunal. Somete el caso ante la consideración del Tribunal.

El Tribunal dispone mediante minuta/orden:

## ORDEN

Se emite **Orden para Mostrar Causa** en contra de la **Lcda. Norma B. Pérez Muñiz**, para que en el **término de 10 días** exprese las razones por la cual éste Tribunal no deba sancionarla o ser encontrada incursa en desacato ante su incomparecencia en la mañana de hoy.

Ante lo expresado, se admiten en evidencia los documentos sometidos por la parte demandada, por la prueba testifical admitida, el Tribunal declara **CON LUGAR** la Solicitud de Desacato.

Se convierte la Sentencia de Desacato Civil emitida el 7 de septiembre de 2011, en vez de los 90 días de labor comunitaria ordenadas, acreditándose las 9 horas con 22 minutos certificados de labor. **Se encuentra incurso en Desacato Civil a la demandada**, Sra. Mayra Feliciano Rosado, por su incumplimiento con las órdenes del Tribunal y las Relaciones Paterno-Filiales estructuradas en la vista del 7 de septiembre del 2011. **Se ordena su arresto e ingreso a prisión, por el término de 30 días, ha cumplirse en la Institución Carcelaria de Vega Alta.**

Se entrega la **Custodia Provisional** del menor, Leonardo Rodríguez Feliciano, al demandante, Sr. Aníbal Rodríguez García, hasta la próxima vista de seguimiento. Se prohíbe la remoción del menor de la jurisdicción de Puerto Rico, sin previa autorización del Tribunal.

El Sr. Aníbal Rodríguez García será responsable de todo asunto académico, servicios de terapias, asuntos de salud y atender las circunstancias personales del menor.

**Se emite orden** al Director(a) y/o Funcionarios de la Escuela Sabaneta Maní, del Maní en Mayagüez, Puerto Rico, para que entreguen en la tarde de hoy al menor, L.R.F., al demandante, Sr. Aníbal Rodríguez García, so pena desacato.

**Se ordena a los abuelos maternos** del menor entregar al demandante: las pertenencias del menor, medicamentos, todo documento respecto la salud y educación, entiéndase terapias del mismo.

**Se señala Vista de Seguimiento para el 1 de febrero del 2012, a las 8:30 a.m.** Citados en corte abierta los litigantes. Excusadas de comparecer la Lcda. Stephanie Cabrera Hernández y la TS-Diany Pérez Pabón del Programa Clara Lair.

**Se ordena a la Unidad de Alguaciles** de éste Centro Judicial coordinar con la institución carcelaria de Vega Alta para la comparecencia de la demandada.

**Se queda pendiente** el escrito presentado por la Sra. Mayra Feliciano Rosado respecto a su solicitud de traslado del expediente judicial a la jurisdicción del Tribunal de Aguadilla; toda vez que provisionalmente la custodia estará con el padre quien reside en esta jurisdicción judicial.

De interesar la promovida, Sra. Mayra Feliciano Rosado, las relaciones materno-filiales, una vez en la libre comunidad, deberá solicitar las mismas. De interesarlas de manera supervisadas, mientras cumpla en la institución penal, de igual manera deberá solicitarlas por escrito.

£            £            £            £            £

**Fuera de Récord,** la magistrada ordena lo siguiente:

Se ordena a Secretaría remitir copia de ésta a la Junta de Aspirantes al Ejercicio de la Abogacía y Notaría del Tribunal Supremo de Puerto Rico.

Se ordena a la Administración de Corrección realizar evaluación sicológica y/o siquiátrica a la promovida, se notificará dichos informes a la magistrada que presidió.

Sin otro asunto que discutir se retira la letrada con la anuencia del Tribunal.

**Notifíquese.**

Dada en Mayagüez, Puerto Rico, hoy el 20 de diciembre de 2011.

**HON. LYNETTE ORTIZ MARTINEZ
JUEZ SUPERIOR DESIGNADA**

18

Certifico haber notificado copia de ésta, según ordenado, a las direcciones que constan en autos.

Lcda. Olga Longoria Vélez: 149 Cale Enrique Vázquez Báez, Mayagüez PR 00680.

Lcda. Norma B. Pérez Muñiz: PO Box 417, Dorado PR 00646.

Mayra Feliciano Rosado: Bo. Mani, Calle 154 calle Elena Segarra, Mayagüez PR 00680.

Junta de Aspirantes al Ejercicio de la Abogacía y Notaría: Comisión de Reputación, PO Box 9022392, San Juan PR 00902-2392.

Administración de Corrección de Vega Alta: PO Box 1079, Vega Alta PR 00692.

En Mayagüez, Puerto Rico a, _20_ de diciembre de 2011.



Por: Janet Colón Cuevas
Secretaria Servicios A Sala

| Juez: **LYNETTE ORTIZ MARTINEZ** **Juez Superior** | Alguacil: Fernando L. Rosado Vega |
|---|---|
| Operadora FTR: Janet Colón Cuevas | Por: Janet Colón Cuevas Secretaria Servicios A Sala-At Large |
| Núm. Salón: **301** | |
| Fecha Vista: **14 de diciembre de 2011** | Transcrita en: 20 de diciembre de 2011 |
| OAT-838 Minuta Civil (Tribunal de Primera Instancia) (Relaciones de Familia) (Rev. Febrero/2008) | **CERTIFICO**: Lcda. Norma G. Santana Irizarry Secretaria Regional II |

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGUEZ
RELACIONES DE FAMILIA Y MENORES
SALA 301

Aníbal Rodríguez García
*Demandante*
VS
Maira Ivet Feliciano Rosado
*Demandada*

Civil Núm. **ISRF200601752**

Sobre: *Divorcio*

**Resolución y Orden**

Celebrada la Vista en el día de hoy y atendida la *Moción Solicitando se deje Sin Efecto el Arresto y se Ordene Excarcelación*, presentada el 15 de diciembre de 2011, por la demandada por conducto de su representación legal, *Lcdo. Carlos F. Vere Muñoz*, este Tribunal resuelve lo siguiente:

1. Se enmienda la Resolución y Orden emitida el *14 de diciembre de 2011* para disponer que la *Sra. Maire I. Feliciano Rosado* deberá cumplir diez(10) días por Desacato en la Institución Penal para Mujeres en Vega Alta, por lo tanto, *se ordena su excarcelación efectivo el 23 de diciembre de 2011*. Además se condena al pago de multa por $500.00 a beneficio del *Hogar Clara Lair*, los cuales la señora Feliciano deberá consignar en el término de treinta(30) días. De incumplir con este pago de multa, se convertiría en un día de cárcel por cada $25.00 que deje de pagar.

2. Queda citada personalmente para el 1ro. de febrero de 2012, a las 10:00 AM, en la Sala 301.

3. La *Sra. Maire I. Feliciano Rosado* deberá cumplir con cualquier requerimiento de comparecencia a la *Unidad Social* ubicada en el cuarto piso de este Centro Judicial, para la investigación encomendada.

4. El Auto de Prisión emitido el 14 de diciembre de 2011 queda enmendado conforme a lo aquí dispuesto.

Regístrese y Notifíquese.

Dada en Mayagüez, Puerto Rico a 21 de diciembre de 2011.

Lynette Ortiz Martínez
Juez Superior Designada

2º

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES**
**SALA DE HUMACAO**

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCÍA**<br>DEMANDANTE | **CIVIL NUM.:  HSRF201601308**<br><br>**SOBRE:   SOLICITUD PARA HACER CUMPLIR ORDEN DE ASUME** |
| **VS.** | **ASUME:** 0516701 |
| **MAYRA FELICIANO ROSADO**<br>DEMANDADO | **SALA 303** |

## ORDEN DE EXCARCELACIÓN

Se le ordena al ALCAIDE DE LA INSTITUCIÓN PENAL BAYAMÓN 308 Y/O CUALQUIER OTRA INSTITUCIÓN PENAL DEL PAÍS que ponga inmediatamente en libertad a **MAYRA FELICIANO ROSADO**, sino estuviere detenida por otro delito, **por emitir pago de $1,000.00.**

La señora Feliciano Rosado queda citada para la **Vista de Seguimiento el 15 de marzo de 2017 a las 8:30 a.m.** y se apercibe a pagar la deuda de pensión existente.

Dada en Humacao, Puerto Rico, a **21 de febrero de 2017.**

**MARILUZ CRUZ MORALES**
**JUEZ SUPERIOR**





**OMBUDSMAN**
—— 1977 ——
Gobierno de Puerto Rico
Hon. Iris Miriam Ruiz Class
Procuradora

# OFICINA DEL PROCURADOR
## DEL CIUDADANO

17 de mayo de 2013

Sra María I. Feliciano Rosado
PO Box 4471
Aguadilla, PR 00603

RE:   MAY-13-02473 - María I. Feliciano Rosado

Estimado(a) señor(a) Feliciano:

Recientemente usted suministró copia de comunicado fechado 9 de mayo de 2013 dirigido a
la Lcda. Rosabelle Padín Batista de la A.S.U.M.E. solicitando su intervención con relación a
la situación planteada.

Nuestra Oficina sólo tiene autoridad para intervenir con agencias de gobierno de la Rama
Ejecutiva, en caso de que éstas incurran en dilación en tramitar los casos conforme al
procedimiento y términos administrativos. No obstante, no tenemos autoridad en ley para
revocar o dejar sin efecto decisiones administrativas, ni somos un foro apelativo para revisar
las mismas. Por lo antes expuesto, en caso de que la ASUME incurra en dilación para
tramitar su caso, se puede comunicar a nuestra Oficina para el seguimiento correspondiente.
Gracias por comunicarse a nuestra Oficina y nos reiteramos a sus órdenes para servirle en el
futuro.

Cordialmente,

Linda Hernandez
Investigador(a)

Formulario Rapido Ciudadano - OPC-112
Revisado 2010

OFICINA DEL PROCURADOR DEL CIUDADANO

Oficina Regional Mayagüez
Apartado 1373
Hormigueros, PR 00660

OMBUDSMAN

Hon. Iris Miriam Ruiz Class
Procuradora



SRA MARIA I. FELICIANO ROSADO
PO BOX 4471
AGUADILLA PR 00603

006054471

27 de ju



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ

| | |
|---|---|
| ANIBAL RODRIGUEZ GARCIA | CIVIL NUMERO:  ISRF 2006-01752 |
| DEMANDANTE | NÚMERO DE CASO ASUME:  0516701 |
| VS. | SOBRE: |
| MAIRA I. FELICIANO ROSADO | ALIMENTOS  (INCUMPLIMIENTO) |
| DEMANDADO | |

MOCION INFORMATIVA Y
EN SOLICITUD DE TRASLADO

AL HONORABLE TRIBUNAL:

Comparece la Administración para el Sustento de
Menores representada por la abogada que suscribe y ante
este Honorable Tribunal muy respetuosamente EXPONE, ALEGA Y
SOLICITA:

1. Que el Sr. ANIBAL RODRIGUEZ GARCIA es el padre

custodio de los menores de este caso y reside en:

**Residencial:**

URB. SAN CRISTOBAL II
CALLE PALMA SABAR A 3 C 1
Las Piedras, Puerto Rico, 00771

**Postal:**

PO Box 261
Las Piedras, Puerto Rico, 00771

2. Que este caso se encuentra pendiente en la ASUME

para hacer una solicitud de cobro de pensión

alimentaria en el Tribunal Superior, por lo que

solicitamos al Honorable Tribunal el traslado del

expediente de este caso al Tribunal de Primera

Instancia, Sala de HUMACAO.

POR TODO LO CUAL muy respetuosamente solicitamos a
este Honorable Tribunal ordenar el traslado del
presente caso y el envío del expediente a la Sala
Superior de HUMACAO del Tribunal de Primera Instancia,

2

con cualquier pronunciamiento que en Derecho proceda.

RESPETUOSAMENTE SOMETIDO.

En Humacao, Puerto Rico, a 27 de julio DE 2015

CERTIFICO:   Haber enviado copia de este escrito a las partes a sus direcciones de record.

LCDA. CYNTHIA E. VAZQUEZ ESTRADA
RUA 12081
Procuradora Auxiliar
Administración para el Sustento de Menores
PO Box 577
Humacao, Puerto Rico, 00752
Tel. 787 285 1535
Fax 787 650 2635

25

ASUME
PO Box 577
Humacao, PR
00792

SAN JUAN PR 009

21 AUG 2015 PM

$000.49
9001103066  AUG 21 2015
MAILED FROM ZIP CODE 00136

Maria I. Feliciano Rosado
154 Calle Elena Segarra
Bo. Mani
Mayaguez, PR   00680

006B081501

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGÜEZ
SALA SUPERIOR

| | |
|---|---|
| ANIBAL RODRIGUEZ GARCIA<br>(Demandante) | CIVIL NÚM:  ISRF200601752 |
| VS. | SOBRE: |
| MAIRA I. FELICIANO ROSADO<br>(Demandado) | DIVORCIO (R/I) |

## ORDEN DE TRASLADO

Apareciendo satisfactoriamente de los autos que esta causa es de la competencia del Tribunal de Primera Instancia, **Sala Superior de Humacao,** este Tribunal, de su propia iniciativa y en el ejercicio de la facultad que le confiere el Artículo 5.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, la Orden Administrativa Núm. OAN 2003-10, emitida el 18 de noviembre de 2003 por el Señor Juez Presidente Interino, Hon. Francisco Rebollo López, y la Regla 3.6 de las de Procedimiento Civil de 2009, ordena el traslado de la misma a dicha Sala.

El Secretario enviará, una vez registrada esta orden, todos los escritos archivados en esta causa al Secretario de la referida Sala.

NOTIFÍQUESE.

En Mayagüez, Puerto Rico, a 31 de agosto de 2015.

JOSIAN J. RIVERA TORRES
JUEZ SUPERIOR

/mom

27

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ
301 SALON DE SESIONES

01 DE OCTUBRE DE 2015

MAYRA FELICIANO ROSADO

PO BOX 4471
AGUADILLA PR 00603

RE:  CASO NUM: ISRF200601752

RODRIGUEZ GARCIA, ANIBAL

VS
FELICIANO ROSADO, MAYRA

SOBRE:  RUPTURA IRREPARABLE

ESTIMADO(A) SEÑOR(A):

A TENOR CON LA ORDEN DE TRASLADO DICTADA POR EL HONORABLE JUEZ
JOSIAN J. RIVERA TORRES , EL DIA 31 DE AGOSTO DE 2015 ,
LE REMITO EL EXPEDIENTE DEL CASO DE EPIGRAFE.

AGRADECERE ACUSE RECIBO DEL MISMO, INDICANDO EL NUMERO CON QUE
HA SIDO RADICADO EN ESA SALA.

CORDIALMENTE,

LCDA. NORMA G. SANTANA IRIZARRY
_____
SECRETARIO

POR:   ROSA REYES LAGUER
------------------------------------
SEC. TRIBUNAL I

ANIBAL RODRIGUEZ GARCIA -
P O BOX 261 LAS PIEDRAS PR 00771
LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
MAYAGÜEZ PR 00680
LIC. CYNTHIA E VÁZQUEZ ESTRADA - PO BOX 577
HUMACAO PR 00792
CENTRO JUDICIAL DE HUMACAO -
PO BOX 885 HUMACAO PR 00791

OAT 747-CARTA REMITIENDO EXPEDIENTE EN GRADO
DE TRASLADO-(REV. MAYO 1992)

18

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ

## CARTA REMITIENDO EXPEDIENTE EN GRADO DE TRASLADO

CENTRO JUDICIAL DE HUMACAO
*SECRETARIA DE RELACIONES DE FAMILIA*
PO BOX 885
HUMACAO, PR  00792-0885

Señor(a)  Secretario(a)

**RE:  ANIBAL RODRIGUEZ GARCIA VS. MAYRA I. FELICIANO ROSADO**
**(I SRF200601752)**

Estimado(a)  Señor(a):

A tenor con la Orden de Traslado del  *Hon. Josian J. Rivera Torres,* se concede

el visto bueno y se ordena el traslado inmediato del caso de referencia, al Tribunal de

Primera Instancia, Sala Superior de Humacao, ya que es de su competencia.

**En  Mayagüez, Puerto Rico, a 21  de  septiembre  de 2015.**

**AIXA ROSADO PIETRI**
**JUEZA ADMINISTRADORA REGIONAL**

ARP/mcv

29

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ
301 SALON DE SESIONES

RODRIGUEZ GARCIA, ANIBAL

------------------------------------   CASO NUM ISRF200601752
              DEMANDANTE                SOBRE:   RUPTURA IRREPARABLE
                 VS
FELICIANO ROSADO, MAYRA
------------------------------------
              DEMANDADO
    A:


                          NOTIFICACION


    CERTIFICO:  QUE EL 31 DE AGOSTO DE 2015  EL TRIBUNAL DICTO
    LA ORDEN DE TRASLADO  QUE SE ACOMPAÑA.

    CERTIFICO, ADEMAS, QUE EN EL DIA DE HOY ENVIE POR CORREO COPIA DE
    ESTA NOTIFICACION  A  LAS  SIGUIENTES  PERSONAS A SUS DIRECCIONES
    INDICADAS, HABIENDO EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS
    COPIA DE ESTA NOTIFICACION.

    LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
    MAYAGÜEZ PR 00680
    MAYRA FELICIANO ROSADO -
    PO BOX 4471 AGUADILLA PR 00603
    LIC. CYNTHIA E VÁZQUEZ ESTRADA - PO BOX 577
    HUMACAO PR 00792
    ANIBAL RODRIGUEZ GARCIA -
    P O BOX 261 LAS PIEDRAS PR 00771
    CENTRO JUDICIAL DE HUMACAO -
    PO BOX 885 HUMACAO PR 00791


    MAYAGUEZ   , PUERTO RICO, A 01 DE OCTUBRE DE 2015   .

                        LCDA. NORMA G. SANTANA IRIZARRY
                        ---------------------------------------
                                   SECRETARIO


                POR:   ROSA REYES LAGUER
                        ---------------------------------------
                                   SEC. TRIBUNAL I


OAT 750-NOTIFICACION DE RESOLUCIONES Y ORDENES

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE MAYAGÜEZ**
**MAYAGÜEZ, PUERTO RICO**

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCIA**<br>**Demandante** | CASO NUM. ISRF200601752 |
| **v.** | SOBRE: |
| **MAYRA FELICIANO ROSADO**<br>**Demandada** | DIVORCIO (R.I.) |

# C E R T I F I C A C I Ó N

Yo, Norma G. Santana Irizarry, Secretaria Regional del Tribunal de Primera Instancia, Sala Superior de Mayagüez, Puerto Rico, **CERTIFICO** que el expediente de epígrafe consta de **TRES TOMOS** y contiene **SETECIENTOS OCHENTA Y NUEVE (789) FOLIOS**, numerados en forma consecutiva, el cual remito en calidad de traslado, a tenor con la orden emitida por la Hon. Aixa Rosado Pietri, Jueza Administradora Regional, al Tribunal de Primera Instancia, Sala Superior de **Humacao**, Puerto Rico para la acción que corresponda.

En Mayagüez, Puerto Rico, a 2 de octubre de 2015.

**NORMA G. SANTANA IRIZARRY**
**Secretaria Regional II**

Por: **Rosa I. Reyes Laguer**
**Sec. del Tribunal Confidencial I**

31

32

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE MAYAGUEZ
PO BOX 1210
MAYAGUEZ PR 00681-1210

CONFIDENCIAL

SAN JUAN PR   US POSTAGE

01 OCT 2015 PM

ZIP 00681   $ 000.48
02 1W
0001374905 OCT 01 2015

OCT -8 AU 3 1

P.I.I.
SALA SUPERIOR
MAYAGUEZ

NIXIE       009   7E 1009       0010/06/15

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 00681121010       *0483-09619-01-42

00605344168101210

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO
303 SALON DE SESIONES

27 DE OCTUBRE DE 2015

TRIBUNAL DE PRIMERA INSTANCIA MAYAGUEZ
RELACIONES DE FAMILIA Y MENORES
P O BOX 1210
MAYAGUEZ PR 00681-1210

RE:   CASO NUM: HSRF201501224
RODRIGUEZ GARCIA, ANIBAL
VS
FELICIANO ROSADO, MAYRA
SOBRE:  RUPTURA IRREPARABLE

ESTIMADO(A) SEÑOR(A):

CON FECHA 21 DE OCTUBRE DE 2015  SE RECIBIO EN ESTA
SECRETARIA, EN GRADO DE TRASLADO, EL EXPEDIENTE NUMERO *ISRF 2006 01752*
, PROCEDENTE DE ESA SALA, Y EL MISMO HA SIDO
RADICADO CON EL NUMERO HSRF201501224 .

ADEMAS, INFORMO QUE HE ENVIADO COPIA DE ESTA CARTA A LAS
PARTES CORRESPONDIENTES A SUS RESPECTIVAS DIRECCIONES.

ANIBAL RODRIGUEZ GARCIA -
P O BOX 261 LAS PIEDRAS PR 00771
LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
MAYAGUEZ PR 00680
MAYRA FELICIANO ROSADO -
PO BOX 4471 AGUADILLA PR 00603
ADM PARA EL SUSTENTO DE MENORES -
PO BOX 577 HUMACAO PR 00792

CORDIALMENTE,

DOMINGA GOMEZ FUSTER
_____
SECRETARIO
POR:   BRENDA E. NIEVES MENDEZ
_____
SEC AUX. TRIBUNAL I

CARTA ACUSANDO RECIBO DE EXPEDIENTE
EN GRADO DE TRASLADO
FORMA OAT-748 (REV. OCT. 1963)
(REGLA 3 PROCEDIMIENTO CIVIL)

33

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ
SALA 302**

6 de octubre de 2015

Centro Judicial de Humacao
PO Box 885
Humacao, PR 00792-0885

Estimado(a) señor(a):

RE: ISRF200601752
ANIBAL RODRIGUEZ GARCIA VS. MAYRA FELICIANO ROSADO

Conforme a la orden de traslado dictada el 31 de agosto de 2015, por el
Hon. Josian J. Rivera Torres, Juez Superior, le remito el expediente del caso de
referencia, en **calidad de traslado**.

**Por: Maira E. Ortiz Rosario
Secretaria Auxiliar del Tribunal I**

Anejo

Recibido por: _____

Fecha: _____

(Correo interno)

Recibido por: _____

Fecha: _____

(Correo OAT)

Recibido por: _____

Fecha: _____

Número de caso en ese Tribunal _____

(Tribunal del traslado)

34

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO
SALA DE RELACIONES DE FAMILIA Y ASUNTOS DE MENORES

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCÍA**<br>DEMANDANTE | CIVIL NUM.:   **HSRF201501224** |
| VS. | SOBRE:   **DIVORCIO** |
| **MAYRA FELICIANO ROSADO**<br>DEMANDADO | **SALA 303** |

# ORDEN

El Tribunal, luego de examinar el expediente de epígrafe ordena lo siguiente:

- Se solicita al **Tribunal de Mayagüez** enviar en traslado el expediente **ISRF200601755**, al Tribunal de Humacao.

- Una vez recibido se ordena la unión del mismo a este caso.

### NOTIFÍQUESE.

En Humacao, Puerto Rico a **23 de febrero de 2017**.


**MARILUZ CRUZ MORALES**
JUEZ SUPERIOR

267
35

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201501224
    DEMANDANTE                          SALÓN NÚM.303

        VS

FELICIANO ROSADO, MAYRA                     SOBRE:
    DEMANDADO                           RUPTURA IRREPARABLE

A: FELICIANO ROSADO,MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ         PR 00680

N O T I F I C A C I Ó N

LIC. RUIZ RAMÍREZ,FRANCIS EMANUEL
PO BOX 1302
LAS PIEDRAS PR 00771

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA      ORDEN         EL
23 DE FEBRERO DE 2017.

    SE ANEJA COPIA O INCLUYE ENLACE:

                           FDO. MARILUZ CRUZ MORALES
                           JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA      ORDEN         , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 27 DE FEBRERO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 27 DE FEBRERO DE 2017.

   DOMINGA GÓMEZ FUSTER              Por:f/NICSIA M. MARTINEZ RIVERA
---------------------------------    ---------------------------------
     NOMBRE DEL (DE LA)                 NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO(A) REGIONAL           SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

268

36

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

37 (parte 2 carta)

Maira I. Feliciano Rosado
Calle Elena Segarra #154
Sector El Mani
Mayagüez, P.R. 00682



U.S. POSTAGE PAID
FCM LETTER
MAYAGUEZ, PR
00682
DEC 11, 18
AMOUNT
**$7.12**
R2307M152746-24

CERTIFIED MAIL

7018 2290 0000 4486 1721



LEONARDO ANÍBAL RODRÍGUEZ FELICIANO
Urb. San Cristobal II
Calle Palma Sabar A-3 C-1
Las Piedras, Puerto Rico, 00771





¡Feliz Cumpleaños, Hijo Mio!

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGÜEZ

MAIRA I. FELICIANO ROSADO          Civil Número:  ISRF200601755
Parte Demandante

VS

ANÍBAL RODRÍGUEZ GARCÍA          Sobre: DIVORCIO (TRATO CRUEL)
Parte Demandada

## ORDEN DE TRASLADO

De conformidad con la Orden dictada el 23 de febrero de 2017 por la Hon. Marilu Cruz

Morales, en la que solicita el traslado del expediente a la Sala Superior de Humacao, este Tribunal,

de su propia iniciativa y en el ejercicio de la facultad que le confiere el Artículo 5.005 de la Ley de

la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, la Orden

Administrativa Núm. OAN 2003-10, emitida el 18 de noviembre de 2003 por el Señor Juez

Presidente Interino, Hon. Francisco Rebollo López, y la Regla 3 de las de Procedimiento Civil de

2009, ordena el traslado de la misma a dicha Sala.

El Secretario enviará, una vez registrada esta Orden, todos los escritos archivados en esta

causa al Secretario de la referida Sala.

NOTIFÍQUESE.

Dada en Mayagüez, Puerto Rico a 8 de marzo de 2017.

VILMARY RODRÍGUEZ PARDO
JUEZA SUPERIOR

### ORDEN DE ARCHIVO POR TRASLADO

De acuerdo con la orden emitida el 8 de marzo de 2017, por (la/el) Juez(a) Superior,     Hon.

Vilmary Rodríguez Pardo, en la que ordenó el traslado del presente caso al Tribunal de Primera

Instancia, Sala Superior de Mayagüez, este tribunal autoriza el mismo y ordena la continuación del

trámite de traslado.

Se ordena a la Secretaría del Tribunal, el archivo del presente caso para fines estadísticos.

NOTIFIQUESE.

Dada en Mayagüez, Puerto Rico, hoy _14_ de ___Ulc·20___ de 2017.

LUND O. MERLE FELICIANO
JUEZ ADMINISTRADOR REGIONAL

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ-SUPERIOR

FELICIANO ROSADO, MAIRA IVET          CASO NÚM. ISRF200601755
       DEMANDANTE                      SALÓN NÚM.301

            VS

RODRIGUEZ GARCIA, ANIBAL              SOBRE:
       DEMANDADO                       TRATO CRUEL

A: FELICIANO ROSADO,MAIRA IVET
   BO MANI
   154 CALLE ELENA SEGARRA
   MAYAGUEZ      PR 00680

                    N O T I F I C A C I Ó N

   LIC. LONGORIA VELEZ,OLGA
   149 ENRIQUE VAZQUEZ BAEZ
   MAYAGÜEZ PR 00680

   CENTRO JUDICIAL DE HUMACAO
   RELACIONES DE FAMILIA Y MENORES
   PO BOX 885
   HUMACAO         PR 00792-0885

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA     ORDEN      EL
08 DE MARZO DE 2017.

     SE TRANSCRIBE LA DETERMINACIÓN A CONTINUACIÓN:

     REFIERASE A LA CONSIDERACION DEL JUEZ ADMINISTRADOR.
                              FDO. VILMARY RODRIGUEZ PARDO
                                        JUEZ

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA          ORDEN          , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 16 DE MARZO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

NOTAS DE LA SECRETARÍA:
CON RELACION A ORDEN DEL TRIBUNAL DE HUMACAO PARA TRASLADAR EXPEDIENTE A
ESA REGION.

EN MAYAGUEZ, PUERTO RICO, A 16 DE MARZO DE 2017.

   LCDA. NORMA G. SANTANA IRIZARRY          Por:f/ROSA REYES LAGUER

---------------------------------          Rosa L Reyes Laguer, Sec. Aux I.
     NOMBRE DEL (DE LA)                    NOMBRE Y FIRMA DEL (DE LA)
   SECRETARIO(A) REGIONAL                  SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGÜEZ-SUPERIOR

FELICIANO ROSADO, MAIRA IVET                    CASO NÚM. ISRF200601755
    DEMANDANTE                                  SALÓN NÚM. 301

        VS

RODRIGUEZ GARCIA, ANIBAL                         SOBRE:
    DEMANDADO                                   TRATO CRUEL

A: FELICIANO ROSADO,MAIRA IVET
   BO MANI
   154 CALLE ELENA SEGARRA
   MAYAGUEZ         PR 00680

N O T I F I C A C I Ó N

   LIC. LONGORIA VELEZ,OLGA
   149 ENRIQUE VAZQUEZ BAEZ
   MAYAGÜEZ PR 00680

   CENTRO JUDICIAL DE HUMACAO
   RELACIONES DE FAMILIA Y MENORES
   PO BOX 885
   HUMACAO          PR 00792-0885

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA        ORDEN         EL
14 DE MARZO DE 2017.

    SE ANEJA COPIA O INCLUYE ENLACE:

                    FDO. VILMARY RODRIGUEZ PARDO
                         JUEZ

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA        ORDEN          , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 16 DE MARZO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

NOTAS DE LA SECRETARÍA:
ORDEN DE TRASLADO
ORDEN DE ARCHIVO POR TRASLADO

EN MAYAGUEZ, PUERTO RICO, A 16 DE MARZO DE 2017.

  LCDA. NORMA G. SANTANA IRIZARRY          Por:f/ROSA REYES LAGUER
------------------------------------     --------------------------------------

                                        Rosa Reyes Laguer, Sec. Aux. I.
   NOMBRE DEL (DE LA)                     NOMBRE Y FIRMA DEL (DE LA)
   SECRETARIO(A) REGIONAL                 SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MAYAGUEZ
301 SALON DE SESIONES

16 DE MARZO DE 2017

MAIRA IVET FELICIANO ROSADO
BO MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ PR 00680

RE:  CASO NUM: ISRF200601755

FELICIANO ROSADO, MAIRA IVET

VS
RODRIGUEZ GARCIA, ANIBAL

SOBRE:  TRATO CRUEL

ESTIMADO(A) SEÑOR(A):

A TENOR CON LA ORDEN DE TRASLADO DICTADA POR EL HONORABLE JUEZ
VILMARY RODRIGUEZ PARDO , EL DIA 14 DE MARZO DE 2017 ,
LE REMITO EL EXPEDIENTE DEL CASO DE EPIGRAFE.

AGRADECERE ACUSE RECIBO DEL MISMO, INDICANDO EL NUMERO CON QUE
HA SIDO RADICADO EN ESA SALA.

CORDIALMENTE,

LCDA. NORMA G. SANTANA IRIZARRY
_____
SECRETARIO

POR:  ROSA REYES LAGUER
------------------------------------------
SEC. TRIBUNAL I

* LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
MAYAGUEZ PR 00680
CENTRO JUDICIAL DE HUMACAO - RELACIONES DE FAMILIA Y MENORES
PO BOX 885 HUMACAO PR 00792-0885

OAT 747-CARTA REMITIENDO EXPEDIENTE EN GRADO
DE TRASLADO-(REV. MAYO 1992)

308

42

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201501224
    DEMANDANTE                              SALÓN NÚM. 303

            VS

FELICIANO ROSADO, MAYRA                     SOBRE:
    DEMANDADO                               RUPTURA IRREPARABLE

A: FELICIANO ROSADO, MAYRA
   SECTOR EL MANI
   154 CALLE ELENA SEGARRA
   MAYAGUEZ         PR 00682

                    N O T I F I C A C I Ó N

    LIC. RUIZ RAMÍREZ, FRANCIS EMANUEL
    PO BOX 1302
    LAS PIEDRAS PR 00771

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA      ORDEN         EL
23 DE MARZO DE 2017.

    SE TRANSCRIBE LA DETERMINACIÓN A CONTINUACIÓN:

    TRANSCURRIDO EN EXCESO TERMINOS CONCEDIDOS, SIN QUE LA
    DEMANDADA HAYA EXPRESEADO SU POSICION, SE ARCHIVA SU
    SOLICITUD.

                            FDO. MARILUZ CRUZ MORALES
                                 JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA       ORDEN         , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 28 DE MARZO DE 2017 , Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 28 DE MARZO DE 2017.

    DOMINGA GÓMEZ FUSTER            Por:f/NICSIA M. MARTINEZ RIVERA
---------------------------------  -------------------------------------
    NOMBRE DEL (DE LA)                  NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO(A) REGIONAL             SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

48
355

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

US POSTAGE

0068206123 C018

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO
303 SALON DE SESIONES

29 DE MARZO DE 2017

MAIRA IVET FELICIANO ROSADO
BO EL MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ PR 00680

RE:   CASO NUM: HSRF201700301
      FELICIANO ROSADO, MAIRA IVET
                   VS
      RODRIGUEZ GARCIA, ANIBAL
      SOBRE:  RUPTURA IRREPARABLE

ESTIMADO(A) SEÑOR(A):

     CON FECHA 28 DE MARZO DE 2017  SE RECIBIO EN ESTA
SECRETARIA, EN GRADO DE TRASLADO, EL EXPEDIENTE NUMERO
PROCEDENTE DE ESA SALA, Y EL MISMO HA SIDO
RADICADO CON EL NUMERO HSRF201700301 .

     ADEMAS, INFORMO QUE HE ENVIADO COPIA DE ESTA CARTA A LAS
PARTES CORRESPONDIENTES A SUS RESPECTIVAS DIRECCIONES.

LIC. OLGA LONGORIA VELEZ - 149 ENRIQUE VAZQUEZ BAEZ
MAYAGUEZ PR 00680
CENTRO JUDICIAL DE MAYAGUEZ -
P O BOX 1210 MAYAGUEZ PR 00681-1210

                    CORDIALMENTE,

                    DOMINGA GÓMEZ FUSTER
                         SECRETARIO

          POR:  WALESKA DIAZ ESQUILIN

                         SEC. AUX. TRIB. I

CARTA ACUSANDO RECIBO DE EXPEDIENTE
EN GRADO DE TRASLADO
FORMA OAT-748 (REV. OCT. 1963)
(REGLA 3 PROCEDIMIENTO CIVIL)

45
357

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

006B2$6123 C018

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
        DEMANDANTE                          SALÓN NÚM.303

            VS

FELICIANO ROSADO, MAYRA                     SOBRE:
        DEMANDADO                           SOLICITUD PARA HACER CUMPLIR ORDEN ASUME

A: FELICIANO ROSADO,MAYRA
   BO MANI
   CALLE 154 CALLE ELENA SEGARRA
   MAYAGUEZ         PR 00680

                    N O T I F I C A C I Ó N

   LIC. RODRIGUEZ ACOSTA,CAMILLE
   PO BOX 8958
   HUMACAO PR 00792

   ADM PARA EL SUSTENTO DE MENORES
   LCDA CYNTHIA E VAZQUEZ ESTRADA
   PO BOX 577
   HUMACAO          PR 00792-0577

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]:MOCIÓN: SOLICITANDO LA DESESTIMACION DE MOCION EN AUXILIO DE JURISDICCI
DE ASUME Y SOLICITANDO LA PARALIZACION DE COBRO DE PENSION ALIMEN
ESTE TRIBUNAL EMITIÓ UNA ORDEN EL 24 DE ENERO DE 2017.

        SE ANEJA COPIA O INCLUYE ENLACE:

                        FDO. MARILUZ CRUZ MORALES
                        JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA    ORDEN        , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 26 DE ENERO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 26 DE ENERO DE 2017.

    DOMINGA GÓMEZ FUSTER            Por:f/NICSIA M. MARTINEZ RIVERA
------------------------------     ------------------------------
    NOMBRE DEL (DE LA)                 NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO(A) REGIONAL             SECRETARIO(A) AUXILIAR DEL TRIBUNAL

                                                        47

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO
SALA DE RELACIONES DE FAMILIA Y ASUNTOS DE MENORES

**ANIBAL RODRIGUEZ GARCÍA**
DEMANDANTE

VS.

**MAYRA FELICIANO ROSADO**
DEMANDADO

CIVIL NUM.:  **HSRF201601308**

SOBRE:  **ALIMENTOS**

**SALA 303**

# ORDEN

El Tribunal, luego de examinar la "Moción Solicitando la Desestimación de Moción en Auxilio de Jurisdicción de ASUME y Solicitando la Paralización del Cobro de Pensión Alimentaria" presentada el 19 de enero de 2017 por la parte demandada, dispone lo siguiente:

- No ha lugar a la Moción de Desestimación o Paralización del Cobro de Pensión alimentaria.
- Todo asunto sobre custodia, patria potestad <u>no</u> será atendido en caso de alimentos. Debe radicarlo en caso que corresponda que en esta causa es el caso **HSRF201501224**.
- En la causa, HSRF201501224 surge se le privó de la Patria Potestad del menor, por lo tanto en cuanto a la solicitud de orden prohibiendo que el menor salga de la Isla, No ha lugar. Véase resolución del 12 de julio de 2013.
- Exprese su posición la otra parte en cuanto a solicitud de custodia y patria potestad que ha realizado la parte demandada, en diez (10) días.
- Se desglosa anejos los cuales la demandada deberá recoger toda vez que son parte del expediente y parte de ellos sujetan sujetos a descubrimiento de prueba y no a ser presentados mediante moción.
- Se advierte a la señora Feliciano que este Tribunal está impedido de revisar determinaciones de un Tribunal de igual jerarquía por lo que debe cesar de hacer manifestaciones sobre el proceso anterior, ya que eso es cosa juzgada. De desear custodia que se reinstale la patria potestad o relaciones filiales su solicitud debe ser bajo situación actual y no por lo que usted entiende debió pasar en el otro caso el cual usted decidió en ese momento no comparecer.
- De entender se debe revisar la pensión debe radicar moción correspondiente.

**NOTIFÍQUESE a las partes y abogada de ASUME.**

En Humacao, Puerto Rico a **24 de enero de 2017**.

**MARILUZ CRUZ MORALES**
JUEZ SUPERIOR

49
5 9

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO
SALA DE RELACIONES DE FAMILIA Y ASUNTOS DE MENORES

**ANIBAL RODRIGUEZ GARCÍA**
DEMANDANTE

VS.

**MAYRA FELICIANO ROSADO**
DEMANDADO

CIVIL NUM.:  **HSRF201601308**

SOBRE:  **ALIMENTOS**

**SALA 303**

# ORDEN

El Tribunal, luego de examinar la "Moción" presentada el 26 de enero de 2017 por la parte demandada, dispone lo siguiente:

- Se advierte nuevamente a la señora Feliciano que este caso es solo de alimentos no de asuntos de custodia o patria potestad.

- El señor Rodriguez tiene patria potestad del menor y podrá salir de Puerto Rico si es su deseo.

- Este Tribunal no tiene competencia sobre proceso que se llevó a cabo en un momento dado ante ASUME.  De tener alguna objeción al mismo debe llevar querella administrativa correspondiente.

- Sugerimos encarecidamente busque asistencia legal.

- A lo solicitado, No ha lugar.

**NOTIFÍQUESE.**

En Humacao, Puerto Rico a **31 de enero de 2017**.

**MARILUZ CRUZ MORALES**
JUEZ SUPERIOR

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE Humacao

Nombre: Anibal Rodriguez Garcia

VS

Nombre: Maira Ivet Feliciano Rosado

CIVIL NÚM. HSRF-2016-01308

SOBRE: Solicitud para hacer
cumplir orden de ASUME

MOCIÓN

AL HONORABLE TRIBUNAL:

Comparece Maira Ivet Feliciano Rosado por su propio
derecho y respetuosamente alego, expongo y solicito:
Soy la parte ☐ promovente ☑ promovida en este incidente.
Esta moción es sobre:
El temor fundado de la madre-desgarrada, de que
el padre demandado, Sr. Anibal Rodriguez
Garcia desaparezca forzadamente al ejercer
L.A.P.F. fuera de la jurisdicción del
E.L.A. de Puerto Rico, luego de tener en
sus manos la copia del cartapacio
con los procuevos originales que le entregué
a la Procuradora del ASUME, et al.
personalmente (Ver Anexo) el 19 de enero de 2017
a las 2:40 p.m. en su Oficina de Fiscalía de
Humacao. Por si fuera poco el Sr. Rodriguez Garcia
sacó el cartapacio original de la oficina
sin ningún tipo de control o fiscalización
de la secretaria de la Procuradora, supra.
Este hecho es alarmante pues sugiere o o
que tiene influencias indebidas a tanto
POR TODO LO CUAL, solicito de este Honorable Tribunal que:  (preferencial como)
1. Que exista Orden Urgente para  (ej Mayaguez).
2. prohibirle al Sr. Rodriguez Garcia
3. que sague de Puerto Rico a Humacao.
4. Dicte cualquier otra providencia que proceda conforme a Derecho.

En Humacao, Puerto Rico, a 26 de enero de 2017.

CERTIFICO: Que estoy enviando copia de esta moción a la otra parte, en esta misma fecha
☐ POR CORREO REGULAR,
☐ POR CORREO CERTIFICADO CON ACUSE DE RECIBO,
☐ PERSONALMENTE,
☑ OTRO (EXPLIQUE) A ninguna de las
partes pues es una petición
especial de AUXILIO.           Maira I. Feliciano Rosado
Dirección de la otra parte          Firma

_____          Dirección:
_____          Maira I. Feliciano Rosado
_____          Calle Elena Segura #154
_____          Sector El Maja
_____          Mayaguez, P.R.
                                 00680 88
Teléfono:                        Teléfono:

P.D. Luego de pasar por el rigor estricto de Secretaría para ver
los expedientes del caso, y por contraste, ver con que que
que el Sr. Rodriguez Garcia sacó el original de mis escritos.
51
96

*de la Oficina de la Procuradora de ASUME, et al,
no confío ni en esta funcionaria del Tribunal.
Temo que lo estén ayudando ilícitamente como hizo la
mafia de Mayagüez*

## JURAMENTO

Yo, Maira Ivet Feliciano Rosado, mayor de edad, ☐ casado(a), ☑ soltero (a),

número de seguro social  XXX-XX- 4877  . de ocupación

Jubilada  y vecino(a) de  Mayagüez  bajo juramento

declaro que:

1. Mi nombre y circunstancias personales son las indicadas anteriormente.

2. Soy la parte ☐ promovente ☑ promovida en este caso.

3. Todo lo expresado en el presente documento es cierto.

En Mayagüez , Puerto Rico, a 26 de enero de 20 17

Maira E. Feliciano Rosado
Firma de la parte que presenta la moción

26 de enero de 2017
Fecha

## AFFIDÁVIT

Affidávit Número: _____

Jurado y suscrito ante mí por la parte antes mencionada y cuya identidad ha sido
acreditada conforme a los mecanismos de ley,
mediante: Lic # PR48115

En Humacao , Puerto Rico, a 26 de enero de
20 17.

Dominga Gómez Fusta
Secretaria Regional
Secretaria(o) de Tribunal
o Notario(a) Público
WALESKA DIAZ ESQUILIN
SEC. AUX. REG.I
Por: _____
Secretaria(o) Auxiliar

52                                                                  97

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
        DEMANDANTE                          SALÓN NÚM.303

        VS

FELICIANO ROSADO, MAYRA                     SOBRE:
        DEMANDADO                           SOLICITUD PARA HACER CUMPLIR ORDEN ASUME

A: FELICIANO ROSADO,MAYRA
   BO MANI
   CALLE 154 CALLE ELENA SEGARRA
   MAYAGUEZ        PR 00680

                        N O T I F I C A C I Ó N

   LIC. RODRIGUEZ ACOSTA,CAMILLE
   PO BOX 8958
   HUMACAO PR 00792

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]:MOCIÓN: POR DERECHO PROPIO
ESTE TRIBUNAL EMITIÓ UNA ORDEN EL 31 DE ENERO DE 2017.

        SE ANEJA COPIA O INCLUYE ENLACE:

                        FDO. MARILUZ CRUZ MORALES
                        JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA       ORDEN          , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 02 DE FEBRERO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 02 DE FEBRERO DE 2017.


   DOMINGA GÓMEZ FUSTER                  Por:f/NICSIA M. MARTINEZ RIVERA
------------------------------------    ------------------------------------
    NOMBRE DEL (DE LA)                      NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO(A) REGIONAL                  SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

53
125

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

$00.46
US POSTAGE

0058285123 C018

126

54

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE HUMACAO
SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCÍA**<br>DEMANDANTE | CASO NUM.: **HSRF201601308**<br>**SALA 303** |
| vs. | SOBRE: **ALIMENTOS** |
| **MAYRA FELICIANO ROSADO**<br>DEMANDADO | **ASUME NÚM.:** 0516701 |

## ORDEN DE INGRESO

**EL PUEBLO DE PUERTO RICO AL ALCAIDE DE LA PENITENCIARIA ESTATAL DE BAYAMON O CUALQUIER OTRA INSTITUCIÓN PENAL DEL PAIS.**

Por el presente mandamiento se servirá usted recibir y detener bajo su custodia a **SRA. MAYRA FELICIANO ROSADO** motivo de incumplimiento en el pago de la Pensión Alimentaria.

Adeuda la cantidad de **$27,454.65 al mes de febrero de 2017 por concepto de pensión alimentaria.**

Podrá ser excarcelada si deposita **$1,000.00** a la deuda.

**Se señala Vista de Seguimiento para el 15 de marzo de 2017 a las 8:30 de la mañana.**

**POR ORDEN DEL TRIBUNAL,**

En Humacao, Puerto Rico, a **15 de febrero de 2017.**

**MARILUZ CRUZ MORALES**
**Juez Superior**

55
225

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
        DEMANDANTE                          SALÓN NÚM.303

               VS

FELICIANO ROSADO, MAYRA                     SOBRE:
        DEMANDADO                           SOLICITUD PARA HACER CUMPLIR ORDEN ASUME

A: FELICIANO ROSADO, MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ        PR 00680

              N O T I F I C A C I Ó N

   PROCURADORA PARA ASUNTOS DE FAMILIA
   PO BOX 8958
   HUMACAO        PR 00792-8958

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]:MOCIÓN: POR DERECHO PROPIO
ESTE TRIBUNAL EMITIÓ UNA ORDEN EL 08 DE MARZO DE 2017.

       SE ANEJA COPIA O INCLUYE ENLACE:

                              FDO. MARILUZ CRUZ MORALES
                                   JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA        ORDEN            , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 09 DE MARZO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

NOTAS DE LA SECRETARÍA:
ANEJADOS: 1) ORDEN DE INGRESO DEL 15 FEB 17 2) MINUTA DEL 10 FEB 17 Y
3) CITACION PARA EL 10 FEB 17 A MAIRA IVET FELICIANO ROSADO

EN HUMACAO, PUERTO RICO, A 09 DE MARZO DE 2017.


       DOMINGA GÓMEZ FUSTER                Por:f/NICSIA M. MARTINEZ RIVERA
------------------------------------      ------------------------------------
       NOMBRE DEL (DE LA)                       NOMBRE Y FIRMA DEL (DE LA)
       SECRETARIO(A) REGIONAL                   SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

56

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885



0068286123 C018

5/3/2017

| | |
|---|---|
| **Subject:** | Salí de la cárcel ayer a la 4:41p.m. Seguiré mi lucha por recuperar a mi HIJO. |
| **From:** | Feliciano Maira (mfeducderec@yahoo.com) |
| **To:** | wilma.gonzalez@ramajudicial.pr; |
| **Date:** | Wednesday, February 22, 2017 8:02 AM |

Gracias por darle seguimiento a este asunto. Ya el daño está hecho. No obstante, le haré llegar la copia original como le prometí. Aprovecho la oportunidad para informarle que N U N C A me dieron copia de mi sentencia o resolución bajo la cual me encarcelaron en el Tribunal de Humacao el día 15 de febrero de 2017. ?Podría enviarme por correo la copia a la cual tengo derecho con su respectiva notificación del archivo en autos? Me extrañó muchísimo que el alguacil que tramitó mi traslado a la cárcel, muy amable por cierto, se negara a entregarme la copia de la misma. Todas las confinadas tenían su copia en las respectivas celdas. Yo era la única que no tenía la mía. La primera vez que fui arrestada en Mayagüez en el 2011 me enviaron para Vega Alta con la copia en mano de mi auto de encarcelación. Podría, por favor, ayudarme con esto. Al día de hoy yo no tengo la copia que legalmente me pertenece.

---- Forwarded Message ----
**From:** Wilma Gonzalez Collazo <Wilma.Gonzalez@ramajudicial.pr>
**To:** Feliciano Maira <mfeducderec@yahoo.com>
**Sent:** Wednesday, February 15, 2017 9:26 AM
**Subject:** RE:

Buenos días

Recibí el documento que envió. Con esta copia no podemos hacer nada. Tiene que presentar el original en el Tribunal para poder darle curso.

## Wilma Z. González Collazo

**Secretaria del Tribunal Confidencial**
**Familia y Menores**
**787-656-0010  Ext. 2140**
Wilma.Gonzalez@ramajudicial.pr



La Rama Judicial
de Puerto Rico

5-8
about:blank

260
1/2

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES
SALA DE HUMACAO

| | |
|---|---|
| **ANIBAL RODRIGUEZ GARCÍA**<br>Demandante<br><br>VS.<br><br>**MAYRA FELICIANO ROSADO**<br>Demandado | Civil. Núm. **HSRF201601308**<br><br>SALA 303<br><br>Sobre:<br>**SOLICITUD HACER CUMPLIR ORDEN DE ASUME** |

## SENTENCIA

Llamado el caso para Vista de Desacato de Alimentos, comparece el demandante representado por las Procuradoras de Asuntos de Familia, Lcda. Gloemy Vega Torres y Lcda. María Orsini Candal. La demandada comparece por derecho propio.

Luego de atender los argumentos expuestos en corte abierta, el Tribunal resuelve lo siguiente:

➢ La pensión alimentaria fijada es de $239.28 quincenal, ASUME certifica una deuda de $27,454.65 a febrero de 2017.

➢ Se ordena el ingreso de la demandada. Podrá ser excarcelada con el pago de $1,000.00.

➢ Se refiere el caso a Examinador de Pensiones Alimentarias para revisión de pensión.

➢ Se señala **Vista de Seguimiento** para el **15 de marzo de 2017 a las 8:30am.**

**NOTIFÍQUESE.**

Dada en Humacao, Puerto Rico a **15 de febrero de 2017**.
Transcrita hoy 28 de junio de 2017.


**MARILUZ CRUZ MORALES**
**Juez Superior**

Número Identificador: SEN2017_____

5 9
693

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                CASO NÚM. HSRF201601308
    DEMANDANTE                          SALÓN NÚM. 303

        VS

                                        SOBRE:
FELICIANO ROSADO, MAYRA                 SOLICITUD PARA HACER CUMPLIR ORDEN ASUME
    DEMANDADO

A: FELICIANO ROSADO,MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ        PR 00680

                N O T I F I C A C I Ó N

    ADM PARA EL SUSTENTO DE MENORES
    PO BOX 577
    HUMACAO         PR 00792

    LIC. VEGA TORRES,GLOEMY
    glvega@justicia.pr.gov,gvtny@yahoo.com

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA    SENTENCIA    EL
15 DE FEBRERO DE 2017.

    SE ANEJA COPIA O INCLUYE ENLACE:

                            FDO. MARILUZ CRUZ MORALES
                            JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA     SENTENCIA     , USTED PUEDE PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 29 DE JUNIO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 29 DE JUNIO DE 2017.

    DOMINGA GÓMEZ FUSTER            Por:f/NICSIA M. MARTINEZ RIVERA
------------------------------    ----------------------------------
    NOMBRE DEL [DE LA]                 NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO[A] REGIONAL             SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

694

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885



00682$6123 C018

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES**
**SALA DE HUMACAO**

**ANIBAL RODRÍGUEZ GARCÍA**
Demandante

CASO NÚM: **HSRF201601308**
SALA 303

VS.

**MAYRA FELICIANO ROSADO**
Demandado

SOBRE: **ALIMENTOS**

# RESOLUCIÓN

Expirado el término concedido sin que la señora Feliciano Rosado haya comparecido y examinada la totalidad del expediente, este Tribunal determina lo siguiente:

Se fija pensión provisional del 20 de marzo de 2017, de 62.50 quincenales a ser depositada a través de ASUME, como la pensión fija.

**NOTIFÍQUESE.**

En Humacao, Puerto Rico a **28 de junio de 2017**.

**MARILUZ CRUZ MORALES**
Juez Superior

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
       DEMANDANTE                           SALÓN NÚM.303

       VS

                                            SOBRE:
FELICIANO ROSADO, MAYRA                     SOLICITUD PARA HACER CUMPLIR ORDEN ASUME
       DEMANDADO

A: FELICIANO ROSADO,MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ          PR 00680


                 N O T I F I C A C I Ó N

   ADM PARA EL SUSTENTO DE MENORES
   PO BOX 577
   HUMACAO          PR 00792

   RODRIGUEZ GARCIA,ANIBAL
   P O BOX 261
   LAS PIEDRAS      PR 00771


EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA     RESOLUCIÓN     EL
26 DE JUNIO DE 2017.

   SE ANEJA COPIA O INCLUYE ENLACE:

                              FDO. MARILUZ CRUZ MORALES
                              JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA    RESOLUCIÓN        , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O CERTIORARI, DE  CONFORMIDAD  CON  EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 29 DE JUNIO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 29 DE JUNIO DE 2017.


     DOMINGA GÓMEZ FUSTER           Por:f/NICSIA M. MARTINEZ RIVERA
-------------------------------    ------------------------------------
   NOMBRE DEL [DE LA]                   NOMBRE Y FIRMA DEL (DE LA)
   SECRETARIO[A] REGIONAL              SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas

_____


(Noviembre 2016)

691

63



Anejo Presentado con mociones del 19 de enero de 2017

# Documentos, Mociones 13, 15 y 16

15 de marzo de 2017- Luego de la vista ante el Examinador de Pensión Alimentaria, se celebró una vista de seguimiento ante la Jueza Mariluz Ortiz Morales en la que se le devolvió a la Sra. Maira Ivet Feliciano Rosado el expediente de los Anejos que presentó al Tribunal de Humacao para sostener sus alegaciones en las mociones del 19 y 26 de enero de 2017, prohibiéndole la presentación de anejos para futuros escritos. Razón por la cual este caso tiene que ser trasladado a otro tribunal de instancia de la Isla.

*"Por otro lado, la Regla 8.4 de Procedimiento Civil, supra, establece que la petición para que se expida una orden se hace mediante moción, la cual deberá venir acompañada de cualquier documento o affidávit que sea necesario para su resolución. Debe tenerse en cuenta que los documentos que se acompañan en apoyo a una moción interlocutoria, como fue en el presente caso la de remedios provisionales, pueden ser pertinentes a ese remedio interlocutorio pero no a la controversia central del caso [...]". Casasnovas Gandarilla V. Contreras Moreno*, 2008 TA 1093.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**
**DEL TRIBUNAL DE CIRCUITO DE APELACIONES**

Aníbal Rodríguez García            * Núm. de caso T. Supremo:
Apelado o Recurrido                *            MC-2017-0114
                                   *
                                   * Núm. de caso en T.A.:
        v.                         *            KLCE201700237
                                   * Núm. de caso T.I.:  HSRF-2015-
                                   *            01224-DIVORCIO
Maira Ivet Feliciano Rosado        *
Apelante o Recurrente              * ASUME NÚM.:    HSRF-2016-01308
                                   *                      ALIMENTOS
*******************************

**ESCRITO DE APELACIÓN**

Materia: FAMILIA: CUSTODIA, PATRIA
POTESTAD Y PENSIÓN ALIMENTARIA A
COSTA DEL SECUESTRO DEL MENOR POR
REPRESALIAS Y DISCRIMEN CONTRA SU
MADRE, NULIDAD DE PROCEDIMIENTO

Asunto: Resolución *NO HA LUGAR* a Petición
Certiorari al Tribunal Apelativo,
Paralización Procedimiento de
Cobro de Pensión Alimentaria en el
Tribunal de Humacao por NULIDAD y
Petición de Solicitud de Orden
contra Tribunal de Mayagüez de NO
viciar, ni intervenir, ni emplazar
procedimientos del caso de autos
actuales para esclarecimiento de
la verdad y la LIBERACIÓN del niño
que raptaron allí, desde el 2011.



¿Cómo es posible que dos (2)
Tribunales de puntos cardinales
tan opuestos y distantes de la Isla
de P.R. se unan para sostener lo
insostenible? A saber, el macabro
R A P T O del niño L.A.R.F.

Abogado(a) de la Apelante          Abogada(a) del Apelado

Nombre: _Derecho Propio/Pauperis_   Nombre: Bufete de
                                    Abogados & Asociados PSC
                                    Lcdo. Francis E. Ruiz
                                    Ramírez

Dirección: _____          Dirección: P.O. Box 1302
                                    Las Piedras, Puerto
                                    Rico, 00771
Teléfono:_____            Teléfono:(787)733-2341
Telefax: _____            Telefax: (787)502-2590
Dirección Electrónica:_____       Dirección Electrónica:
lcdo.f.ruiz@gmail.com               ruizramirezasociados@gmail.com

Número de Colegiado(a):_____      Número de Colegiado(a):
                                                    RUA 18638

        Nombre:  Maira Ivet Feliciano Rosado
        Dirección Postal:  Calle Elena Segarra #154
                    Sector El Maní Mayagüez, P.R. 00682
        Teléfonos:(787) 242-1302
                  (787) 242-1063 (786) 371-6770

*(quedó al revés)* 64
405

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES
SALA DE HUMACAO

ANIBAL RODRÍGUEZ GARCÍA
DEMANDANTE

VS.

MAYRA FELICIANO ROSADO
DEMANDADO

CASO CIVIL: HSRF201601308
Unido al:      HSRF201501224
SALA 303

SOBRE:

ALIMENTOS

# R E S O L U C I Ó N

Se acoge el Informe rendido por el Lcdo. Fernando G. Marrero Coll, Examinador de Pensiones Alimentarias, con fecha del 15 de marzo de 2017, mediante la vista celebrada a tenor con lo dispuesto en el Artículo 18 de la Ley Especial de Sustento de Menores, 8 L.P.R.A., Sección 501 y siguientes.  Evaluado el expediente en su totalidad, este Tribunal establece lo siguiente:

1. Se fija pensión alimentaria **provisional** de **$62.50 quincenales,** a ser depositada por la Sra. Feliciano Rosado en la **Unidad de Servicios de ASUME** a favor del menor Leonardo Aníbal Rodríguez Feliciano, **efectivo al 15 de marzo de 2017.**

2. Se señala vista para el 12 de mayo de 2017, a las 10:00 a.m., Sala 302.

NOTIFÍQUESE.

Dada en Humacao, Puerto Rico a **20 de marzo de 2017**.

MARILUZ CRUZ MORALES
Juez Superior

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
          DEMANDANTE                        SALÓN NÚM.303

                    VS

FELICIANO ROSADO, MAYRA                     SOBRE:
          DEMANDADO                         SOLICITUD PARA HACER CUMPLIR ORDEN ASUME

A: FELICIANO ROSADO,MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ            PR 00680

                    N O T I F I C A C I Ó N

   RODRIGUEZ GARCIA,ANIBAL
   P O BOX 261
   LAS PIEDRAS        PR 00771

   ADM PARA EL SUSTENTO DE MENORES
   PO BOX 577
   HUMACAO            PR 00792

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA    RESOLUCION    EL
20 DE MARZO DE 2017.

      SE ANEJA COPIA O INCLUYE ENLACE:

                         FDO. MARILUZ CRUZ MORALES
                         JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA     RESOLUCION      , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O CERTIORARI, DE CONFORMIDAD CON EL PROCEDIMIENTO Y EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 24 DE MARZO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 24 DE MARZO DE 2017.

   DOMINGA GÓMEZ FUSTER              Por:f/NICSIA M. MARTINEZ RIVERA
-----------------------------     -----------------------------
   NOMBRE DEL (DE LA)                 NOMBRE Y FIRMA DEL (DE LA)
   SECRETARIO(A) REGIONAL             SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

67

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE HUMACAO
PO BOX 885
HUMACAO PR 00792-0885

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE RELACIONES DE FAMILIA Y ASUNTO DE MENORES
SALA DE HUMACAO

| | |
|---|---|
| **ANIBAL RODRÍGUEZ GARCÍA**<br>DEMANDANTE<br><br>VS.<br><br>**MAYRA JOSÉ RIVERA MORALES**<br>DEMANDADO | **CASO CIVIL:** HSRF201601308<br>**Unido al:**  HSRF201501224<br>**SALA 303**<br><br>**SOBRE:  SOLICITUD PARA HACER CUMPLIR ORDEN DE ASUME** |

## ORDEN

Considerado el Informe presentado el 12 de mayo de 2017 por el Lcdo. Fernando Marrero Coll, Examinador de Pensiones Alimentarias, mediante la vista celebrada a tenor con lo dispuesto en el Artículo 18 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. Sección 501 y siguientes y examinado el expediente en su totalidad, este Tribunal dicta la siguiente orden:

1. Se conceden **diez (10) días** a la parte demandada para que exprese las razones por las cuales no deba restablecerse la pensión provisional de **$239.28 quincenales** fijada en la Resolución del 17 de enero de 2013 en el caso HSRF201501224.

**NOTIFÍQUESE.**

Dada en Humacao, Puerto Rico a 15 de mayo de 2017.

**MARILUZ CRUZ MORALES**
**Juez Superior**

69

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE HUMACAO-SUPERIOR

RODRIGUEZ GARCIA, ANIBAL                    CASO NÚM. HSRF201601308
    DEMANDANTE                              SALÓN NÚM.303

        VS

                                            SOBRE:
FELICIANO ROSADO, MAYRA                     SOLICITUD PARA HACER CUMPLIR ORDEN ASUME
    DEMANDADO

A: FELICIANO ROSADO,MAYRA
   SECTOR EL MANI
   154 ELENA SEGARRA
   MAYAGUEZ        PR 00680

            N O T I F I C A C I Ó N

   RODRIGUEZ GARCIA,ANIBAL
   P O BOX 261
   LAS PIEDRAS     PR 00771

EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN
AL[A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA      ORDEN        EL
15 DE MAYO DE 2017.

        SE ANEJA COPIA O INCLUYE ENLACE:

                            FDO. MARILUZ CRUZ MORALES
                            JUEZ SUPERIOR

SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A
ESTA      ORDEN        , USTED PUEDE  PRESENTAR UN RECURSO DE APELACIÓN,
REVISIÓN O  CERTIORARI, DE  CONFORMIDAD  CON EL  PROCEDIMIENTO Y  EN EL TÉRMINO
ESTABLECIDO POR LEY, REGLA O REGLAMENTO.

CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA
Y ARCHIVADA HOY 16 DE MAYO DE 2017 ,Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN
A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO CONFORME
A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA
NOTIFICACIÓN.

EN HUMACAO, PUERTO RICO, A 16 DE MAYO DE 2017.

    DOMINGA GÓMEZ FUSTER              Por:f/NICSIA M. MARTINEZ RIVERA
------------------------------------  ---------------------------------------
    NOMBRE DEL [DE LA]                    NOMBRE Y FIRMA DEL (DE LA)
    SECRETARIO[A] REGIONAL               SECRETARIO(A) AUXILIAR DEL TRIBUNAL

OAT1812-Formulario Único de Notificación- Sentencias,Resoluciones,Órdenes y Minutas
(Noviembre 2016)

70

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACION PARA EL SUSTENTO DE MENORES

*¡ Devuélvanme a mi hijo !*

10-07-2019

FELICIANO MAIRA  (45)

NUMERO DE PARTICIPANTE: 0001753309
SOBRE: ALIMENTOS

BO MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ PR 00680

OBJECION A LA NOTIFICACION DE LA ADMINISTRACION PARA EL SUSTENTO DE
MENORES DE CERTIFICAR Y REFERIR DEUDA DE PENSION ALIMENTARIA A ENTIDADES
FEDERALES, ESTATALES Y PRIVADAS PARA EL COBRO.

FELICIANO MAIRA                COMPARECE  _X_  POR DERECHO PROPIO
___ A TRAVES DE SU REPRESENTACION LEGAL Y ANTE  EL ADMINISTRADOR, EXPONE,
ALEGA Y SOLICITA:

PRIMERO:  EL *Maira I. Feliciano* RECIBI LA "NOTIFICACION SOBRE INTENCION
          DE REFERIR DEUDA A ENTIDADES FEDERALES, ESTATALES Y PRIVADAS
          PARA EL COBRO", EN LA QUE SE CERTIFICA UNA DEUDA DE $ *21,783.00*
          POR CONCEPTO DE PENSIONES ALIMENTARIAS ATRASADAS.

SEGUNDO:  OBJETO EL QUE SE REFIERA MI NOMBRE A ENTIDADES FEDERALES,
          ESTATALES Y PRIVADAS PARA LA RETENCION DE MI REINTEGRO
          CONTRIBUTIVO POR EL/LOS SIGUIENTE(S) FUNDAMENTOS(S): *No consigo
          trabajo por esta*
          _X_ QUE NO SOY EL/LA ALIMENTANTE DEUDOR(A).      *deuda y el*
          ___ QUE LA CANTIDAD QUE SE CERTIFICA ES INCORRECTA. *descrédito de la*
          _X_ QUE NO EXISTE LA DEUDA QUE SE CERTIFICA.    *ENCARCELACIÓN.*

TERCERO:  ACOMPANO CON ESTE DOCUMENTO LA EVIDENCIA PARA SUSTENTAR LA *ENCARCELACIÓN.*
          OBJECION. *Ya me han encarcelado 2 veces siendo inocente!*

POR TODO LO CUAL, SOLICITO DEL ADMINISTRADOR QUE CONSIDERE Y REVISE LA
OBJECION Y DE PROCEDER LA MISMA NO REFIERA EL NOMBRE DE *Maira I. Feliciano
Rosado* _____ A ENTIDADES FEDERALES, ESTATALES Y PRIVADAS
PARA EL COBRO, CON CUALQUIER OTRO PRONUNCIAMIENTO QUE EN DERECHO PROCEDA.

EN SAN JUAN PUERTO RICO, A 10-07-2019   *¡ Que más quieren de mi !*

*¡ Por favor !, Díganme
cdónde tienen a mi hijo?
¿ En qué lugar de E. U. lo
están escondiendo? Me
estoy muriendo lentamente
de desesperación.
¡ Ayúdenme a recuperar a mi hijo!
¡ Yo quiero a mi hijo!*

*Maira I. Feliciano Rosado*
FIRMA DEL ALIMENTANTE

████ 4877
SEGURO SOCIAL

*N/A*
FIRMA DEL REPRESENTANTE LEGAL
(SI ALGUNO)

*N/A*
NUMERO DE COLEGIADO

26240

72

12 de diciembre de 2019

Lcda. Stephanie L. García Vidal
Administradora Interina
Boulevard Office Building Piso 4, Boulevard del Río de Humacao
Administración para el Sustento a los Menores
Oficina Regional de Humacao
P.O. Box 577, Humacao, Puerto Rico 00792

Saludos, Sra. García Vidal.

Soy Maira Ivet Feliciano Rosado, cuyo número de caso ASUME es el 0516701 y vecina de
Mayagüez. La presente misiva tiene el propósito de aclarar que la evidencia documental y testifical
que he puesto ante la consideración de ASUME y el Tribunal de Humacao, a partir de enero de
2017, ha sido rechazada de forma arbitraria, caprichosa, selectiva, obstinada e irrazonable. Toda
vez que no son pruebas de mi inocencia lo que buscaban o buscan, sino mi condena, en castigo *ad
infinitum* por haber denunciado actos de corrupción judicial que datan del 2011, que desembocan
en el SECUESTRO Y DESAPARICIÓN FORZADA DEL MENOR. ▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (L.A.R.F.). Por tal razón, he sido arrestada y encarcelada dos (2)
veces siendo inocente e impedida, muchas veces, de obtener un empleo en Puerto Rico de acuerdo
con mi preparación profesional.

Ciertamente, los actos y procedimientos que configuran corrupción judicial emanan de la sanción
penal nula de 90 días de SERVICIOS COMUNITARIOS del 7 de septiembre de 2011, que NO
existe en el ordenamiento jurídico puertorriqueño. *Por consiguiente, una sentencia así dictada es
nula e inexistente, ya que los estatutos de penalidad son jurisdiccionales"*, Pueblo v. Lozano Díaz,
88 DPR 834 (1963). Así y todo, la Rama Judicial de Puerto Rico ha sostenido, ratificado y
extendido encanalladamente los efectos del dictamen aludido, que produjo la deuda en cuestión,
valiéndose de una lógica aplastante que le otorga impunidad e inmunidad a la mafia de raptores
del menor. No cabe duda que los jueces solo defienden la infabilidad judicial tanto como la
infabilidad papal, retrocediendo así el derecho puertorriqueño a los horrores de la Edad Media.

He repetido *ad nauseam* (Ver Anejos del tracto de objeciones) que la deuda acumulada en ASUME
por concepto de pensión alimentaria del menor, contada a partir del 21 de diciembre de 2011, se
trata de *"...una sentencia dictada contrario a lo que dispone la ley, por tanto, es nula e inexistente.
El tribunal [carecía y] carece de poder para dictarla"*, Pueblo v. Lozano, supra, [Corchetes
nuestros]. *"En atención a ello, una sentencia nula no puede afectar, menoscabar ni crear
derechos"*, Pueblo v. Tribl. de Distrito y Colón, Int., 74 DPR 833 (1953), citando a *State v. Bates*,
61 Pac. 905, 83 A.S.R. 768, 772 (1900). Esto quiere decir que *"lo nulo nunca tuvo eficacia alguna,
nunca 'nació' en Derecho, nunca existió"*.

Peor aún, la deuda referida es un mecanismo de represión y encubrimiento del crimen de
TRÁFICO INFANTIL POR PENSIÓN ALIMENTARIA perpetrado y perpetuado por poderosos
e intocables corruptos de la Rama Judicial de Puerto Rico. Una injusticia cometida contra un solo
niño como el mío, es una injusticia cometida contra toda la grey infantil de Puerto Rico.

1

$72^b$

En virtud de lo anterior, solicito que me LIBERE de tal obligación de tracto sucesivo atemperando el sistema mecanizado de ASUME a la más reciente CERTIFICACIÓN NEGATIVA DE CASO DE PENSIÓN ALIMENTARIA, fechada el 14 de noviembre de 2019. Máxime cuando la única solución justiciera en el caso ante vos consiste en que ME DEVUELVAN A MI HIJO ÚNICO, a quien mantienen bajo SECUESTRO Y DESAPARICIÓN FORZADA, contada a partir del 14 de diciembre de 2011 hasta hoy, bajo una modalidad de TRÁFICO INFANTIL POR PENSIÓN ALIMENTARIA que a nadie parece importarle. Cada interpelación contra mí redobla la impunidad de los culpables del crimen de lesa humanidad de DESAPARICIÓN FORZADA DEL MENOR.

Esperando una respuesta institucional más justa para las víctimas de delito y corrupción, mi hijo y yo, queda de usted, la madre que le suplica que haga lo posible para que cesen ya las interpelaciones de ASUME.

Atentamente,

*Maira I - Feliciano Rosado*

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Maní
Mayagüez, P.R. 00682
Teléfonos (787) 242-1302/(786) 371-6770
mfeducderec@yahoo.com



# ¡DEVUÉLVANME A MI HIJO!
# ¿DÓNDE ESTÁ MI HIJO?
# ¿A QUÉ DIRECCIÓN DE E.E.U.U. USTEDES ENVIARÍAN EL COBRO DE LA ALEGADA DEUDA? ¡AYÚDENME A LOCALIZAR A ████████! ¡YO QUIERO A MI HIJO!

# ¡FREE !

2

72ᶜ



Administración para el Sustento de Menores
Gobierno de Puerto Rico

**Gobierno de Puerto Rico**
Government of Puerto Rico
**Departamento de la Familia**
Department of the Family
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
ADMINISTRATION FOR CHILD SUPPORT ENFORCEMENT
Región de HUMACAO
Region of HUMACAO

**ANIBAL RODRIGUEZ GARCIA**
Persona Custodia
Custodial Person

Número de caso ASUME:
ASUME Case Number:

**MAIRA I FELICIANO ROSADO**
Persona No Custodia
Non-Custodial Person

**Resolución sobre objeción a la Notificación de la ASUME sobre intención de certificar la deuda por concepto de pensión alimentaria y de referirla para el cobro a entidades federales, estatales y privadas**
Decision on objection to the Notification of the ASUME of intention to certify debt for child support and be referred for collection to federal, state and privates entities.

El 1 DE NOVIEMBRE DE 2019, MAIRA I FELICIANO ROSADO presentó ante el Administrador de la ASUME, una objeción a la Notificación de la ASUME sobre intención de certificar la deuda de pensión alimentaria y de referirla para el cobro a entidades federales, estatales y privadas.
On N/A, MAIRA I FELICIANO ROSADO, filed before the Administrator of the ASUME an objection to the Notification of the agency of intention to certify debt for child support and to be referred for collection to federal, state and privates entities

**Evaluada la objeción, el expediente del caso y la evidencia sometida se determina que la objeción no procede porque:**
After evaluating the objection, the record of the case and the evidence submitted, it is determined that the objection does not proceed due to:

__ Usted es la Persona No Custodia en el caso de epígrafe y tiene un atraso equivalente o mayor a un mes en el pago de la pensión alimentaria.
You are the Non-Custodial Person in the case of heading and have arrears equivalent or greater to one month in the payment for child support.

X Usted no presentó evidencia alguna en apoyo de su objeción.
You did not file evidence to support your objection.

__ Usted no invocó ninguna razón para objetar la notificación.
You did not invoke any reason to object the notification.

__ La cantidad que se indicó en la Notificación que usted objeta, es correcta.
The amount indicated in the Notification objected is correct.

__ A pesar de que se le concedió un plan de pago para el pago de la deuda por concepto de pensión alimentaria usted no está cumpliendo con el mismo.
Despite being granted a payment plan for the payment of the debt for child support, you are not in compliance.

En consecuencia, en el término de treinta (30) días a partir de la notificación de esta orden, la ASUME certificará la deuda y la referirá para el cobro a entidades federales, estatales y privadas.
Therefore, within the term of thirty (30) days counting from the notification of this order, the ASUME will certify the debt and will refer the same for collection to federal, state and private entities.

ASUME OFICINA LOCAL DE REGION HUMACAO, PO BOX 577,
HUMACAO PR  00792 ▪ Tel: (787) 285-1535 Fax: N/A ▪ Email: CNIEVES@ASUME.PR.GOV
**www.asume.pr.gov** ▪ (SM1501)

ASM447
Rev. 12/2018

73

ESTAD. LIBRE ASOCIADO DE PUERTO RICO
Administración para el Sustento de Menores
PO BOX 577
HUMACAO, PR 00792



DEPARTAMENTO DE LA
# FAMILIA
GOBIERNO DE PUERTO RICO

ASUME

## Servicios Personalizados

Bienvenido(a) al Portal

Regresar (PagosOnline/PortalPrincipal.asp

## Su petición de servicio fue recibida exitosamente

Número de confirmación del servicio: **SP-2021040950378**

Recuerde guardar este numero para futura referencias. Se le notificara por correo electrónico seguimientos del servicio así como los acceso para la radicación de formulario electrónico según aplique por el tipo de servicio notificado. .

**Documentos a radicar:**

Para completar la forma electrónica: Moción (Formulario): Oprima aqui (https://serviciosenlinea.asume.pr.gov/screferidos/citizen/referidos/validate?id=50378&p=participante&tkn=88ac501f-4ef5-4824-b2a7-7fb170e8f700&from=response)

**Advertencia:** Usted podrá completar este documento de manera electrónica a través del enlace provisto. De manera conveniente, el borrador del documento será guardado por un periodo de 10 días para brindarle la oportunidad de completar el mismo. No obstante, no se considerará que el documento ha sido radicado a menos que haya presionado Someter y se le haya entregado un número de confirmación.

Será responsabilidad del participante presentar cualquier documento o acciones dentro de los términos correspondientes. Bajo ninguna circunstancia se podrá interpretar que la disponibilidad del borrador de un documento implica que la ASUME ha tomado conocimiento de su intención y solamente se considerará radicado una vez ha sido sometido.

**Warning:** You may complete this document electronically through the link provided. Conveniently, the draft of the document will be kept for a period of 10 days to give you the opportunity to complete it. However, the document will not be considered to have been filed unless you have pressed Submit and have been given a confirmation number.

It will be the participant's responsibility to present any document or actions within the corresponding terms. Under no circumstances can it be interpreted that the availability of a document's draft implies that ASUME has become aware of your intention and it will only be considered filed once it has been submitted.

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

Aníbal Rodríguez García       *   Núm. de caso ASUME: 0516701
PADRE DEL MENOR           *
                          *
                          *
          v.              *
                          *
                          *
Maira Ivet Feliciano Rosado   *
MADRE DEL MENOR           *
*****************************



LIBEREN YA A ▮▮▮
del monstruo ALIEN de la
CORRUPCIÓN JUDICIAL,
que lo mantiene bajo
FREE ▮ DESAPARICIÓN FORZADA.

## MOCIÓN DE RECONSIDERACIÓN

AL HONORABLE TRIBUNAL ADMINISTRATIVO DE ASUME:

Comparece la parte afectada por la Resolución en el caso de autos, representada por derecho propio y en interés óptimo de su hijo, que suscribe y respetuosamente alega, expone y solicita:

1. Que la declarada madre-alimentante, es la Sra. Maira Ivet Feliciano Rosado, hoy de 52 años, jubilada de Consejera Escolar del Departamento de Educación de Puerto Rico (en adelante D.E.) por razones no relacionadas al empleo, desde el 4 de diciembre de 2014, soltera y vecina de Mayagüez. Una abogada, aún sin revalidar su título, que surgió del seno de la pobreza y sacrificio, madre antes que abogada, y creyente y practicante de las creencias de la Iglesia Adventista del Séptimo (7mo) Día; y guardadora del sábado como Día de Reposo.

2. Que, muy esperanzada y respetuosamente se presenta, mediante esta **"MOCIÓN DE RECONSIDERACIÓN: "FREE ▮▮▮!" como un grito de auxilio; un desesperado intento por "LIBERAR A ▮▮▮ de las garras del MONSTRUO ALIEN de la corrupción judicial.** Sujeta a la respectiva acogida que el Magistrado de ASUME juzgue conveniente, puesto que el nombre no hace la cosa, ante este escenario tan atípico cuyo remedio más justiciero es que se devuelva el hijo a su madre. La parte perjudicada se presenta por derecho propio, toda vez que este caso es un desafío rehuido por los abogados, y está constituida por la Sra. Feliciano Rosado, la madre biológica y en **re**presentación del menor ▮▮▮▮ (en adelante L.A.R.F.), hoy de 16 años, que nació el 14 de diciembre de 2004 y lleva 9 años sin ver a su mamá por el *"yo mando aquí"*.

3. Que la Sra. Feliciano Rosado, respetuosamente y muy agradecida por la buena fe de aquéllos que a hurtadillas han tratado de auxiliarle por miedo a represalias, extensivas a los suyos, del poder opresor dominante o **la mafia**, un **MONSTRUO ALIEN,** *insiste en que no se debe tratar este caso como asunto concluido; no queda más que la sumisión y el cumplimiento dogmático. Por más que se quiera dorar lo ocurrido, en este caso **SE SACRIFICAN** los derechos y libertades del menor L.A.R.F. para proteger a quienes cometen los crímenes graves y de lesa humanidad de su **SECUESTRO Y DESAPARICIÓN FORZADA,** juridizados como Derecho bajo un escandaloso esquema de **corrupción judicial.** Urge que la ASUME y el sistema judicial **¡LIBEREN YA A ▮▮▮▮ FREE ▮▮▮** , que ha quedado de **REHÉN DE LAS HONORABILIDADES del MONSTRUO Alien** de arbitrariedad,

**GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO**

irracionalidad, caciquismos, "*bullying*", deferencias, esnobismos, amiguismos y escapismos repudiables en sistema de justicia de Puerto Rico.

4. Que la Sra. Feliciano Rosado **¡NO ABANDONÓ A SU HIJO!** ¿Cómo pueden colocarla en una posición en que su victimario obtenga sobre ella una victoria segura para luego culparla de las mismas calamidades causadas por el **MONSTRUO ALIEN** que lo protegió, y que esta madre ha enfrentado sola con tal de salvar al hijo de sus garras? Nadie puede saber lo que ha sufrido el corazón de esta madre en los pasados 9 años, y en qué abatimiento, en qué desesperación ha caído muchas veces por no tener a su hijo consigo. En verdad, esta madre primeriza y excelente la acorralaron enemigos encarnizados, poderosos, peligrosos e intocables que subvirtieron la justicia y prejuzgaron la controversia, estando preparados para arrestarla cuando se presentase la ocasión en los subsiguientes procedimientos judiciales. Es de todos conocido que **NO HAY** forma de prevalecer una vez se está señalado por la **Lcda. Olga Longoria Vélez**, quien jinetea a la canalla la Mafia del Tribunal de Mayagüez como la Mujer a la Bestia de Apocalipsis 17. Todos se apresuran a alistarse en sus filas o a huir por su "*imperio de terror*". Ella subvierte la autoridad. Actuaba sin escrúpulos en contubernio con la **Jueza Lynette Ortiz Martínez** que tomó de rehén al menor L.A.R.F., en un arranque de furia contra su madre tras sus denuncias.

Por si fuera poco, la ira de las opulentas y poderosas perseguidoras de la Sra. Feliciano Rosado era igualada a la traición de sus siete (7) abogados, por sucesión o en conjunto y cada uno a su modo. Habida cuenta que existe una unión aberrante entre el Tribunal de Mayagüez y la Lcda. Longoria Vélez, cuya voluntad autocrática es fuente generadora de un **Derecho Nazi que asesina**, lo que llaman las "*órdenes del honorable tribunal*" que no son otra cosa que las "*órdenes de la Longoria*". Por aquellos días, la falta de legalidad y jurisdicción se suplían con ordenanzas abrumadoras que aumentaban el nivel de intensidad, extensión y horror del **terrorismo judicial**, quedando entonces reducidos a la impotencia tanto la madre como su hijo. Sumada a la impunidad de los responsables y a la negación oficial del Estado de los delitos espantosos, los daños psicológicos y continuos a las víctimas son devastadores.

5. Que es un secreto a voces que los administradores de la justicia en Puerto Rico **NO admiten nada**, por evidente que sea su revelación en la prueba, si está en oposición con el poder hegemónico represor. Sacrifican su juicio individual al descreimiento, prejuicios y mandatos de otros. Ellos tornaron las mociones, escritos y recursos extraordinarios (2011-2021) de la Sra. Feliciano Rosado totalmente ineficaces, por la obra solapada de **la mafia raptora** que instigaba la violencia y despertaba consternación contra la madre denunciante, desfigurando y abultando sus móviles para hacerla lucir odiosa. Del contexto de sus respuestas escritas puede colegirse la actitud y tono de voz en que fueron pronunciadas sus sendas determinaciones impugnadoras. En consecuencia, cuando esta madre-abogada en tiempo hábil se fue en busca de todos los agentes auxiliadores que el Estado ha señalado, la dejaron en manos de la canalla. Prefirieron emplear la fuerza

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 2

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

y echar mano a la soga de tecnicismos, deferencias y
escapismos que anegan los fines de la justicia. Entre éstos,
la madre primero llegó pidió auxilio dentro del tribunal, en
junio de 2011, ante la que entonces era Jueza Administradora
de la Región Judicial de Mayagüez, **Aixa Rosado Pietri**, cuyo
esnobismo y lealtad incondicional hacia la Lcda. Longoría
Vélez, terminó siendo un gran chasco. Resulta que esta última
había representado legalmente a la primera en su divorcio
contencioso.

Fue peor de lo esperado, cuando la Sra. Feliciano Rosado
corrió fuera del Tribunal de Mayagüez a pedir auxilio en la
**Oficina de la Procuradora de la Mujer** el 29 de septiembre de
2011, en la **Oficina de Administración de Tribunales** (O.A.T.)
el 7 de octubre de 2011, y en la oficina del **Juez Presidente**
el 5 de diciembre de 2011. Nadie, sin embargo, notó entonces
que era nula de su faz la sentencia de **90 días de servicios
comunitarios** que se llevó ante su consideración, y constituye
el entronque común de los procederes injustos que han sido
juridizados como Derecho para encubrir, con el manto de la
acción de cobro de pensión alimentaria contra la denunciante,
el crimen de **RAPTO Y DESAPARICIÓN FORZADA DEL MENOR L.A.R.F.**
Ahora este hecho resulta muy pertinente a la causa de la
**LIBERACIÓN DE ▮▮▮▮** que se marcó con **cruzacalles** de protesta,
censurados con la escalada de la violencia y la agresión.

En vista de lo anterior, resulta forzoso concluir que
*"no eran pruebas de mi inocencia lo que buscaban, sino mi
condena"*. A título de ejemplo, la **Jueza Mariluz Cruz Morales**
del Tribunal de Humacao rechazó lisa y llanamente la prueba
de la Sra. Feliciano Rosado, allá para el 15 de marzo de 2017.
En este tribunal tampoco dieron crédito alguno al testimonio
de la madre y la encarcelaron a sabiendas de su inocencia.
Las miradas que le echaban hablaban de sus rencillas contra
ésta por sus denuncias, aunque legítimas. Así lo confirmó la
Jueza Cruz Morales devolviéndole desdeñosamente el expediente
voluminoso del caso de marras que la madre recién excarcelada
había puesto ante su consideración en tiempo hábil, aduciendo
que no había cinque espacio para el mismo en la Secretaría.

6. Que los secuestradores le han hecho vivir una tragedia
de grandes proporciones a la Sra. Feliciano Rosado y al menor
L.A.R.F. Máxime cuando esta madre desconoce el paradero y la
suerte de este joven-adolescente; su único hijo. Por esa razón
esta madre comparece con la presente moción intitulada **MOCIÓN
DE RECONSIDERACIÓN: "FREE ▮▮▮▮"** "en un desesperado intento
por saber de su hijo y reunirse con él. Dado que este caso se
trata de **RESCATAR** de sus captores al menor L.A.R.F., y de que
se le restablezcan a ésta, la Sra. Feliciano, sus derechos de
custodia y patria potestad con respecto al menor, de los
cuales la despojaron en un procedimiento judicial nulo por
falta de jurisdicción y la admisión de prueba fabricada;
inextricablemente ligadas al quebranto del debido proceso de
ley y **la corrupción judicial**. No se puede aducir una sola
prueba de la ley que justifique que a esta madre, que es madre
antes que abogada, la privaran de la custodia y patria
potestad del menor, que no sea el *"yo mando aquí"*. Se trata
de una sentencia que adolece de nulidad radical, que no puede
convalidarse con el paso del tiempo. *Vázquez Ortiz v. López
Hernández*, 160 DPR 714 (2003)

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

Hoy, con fe en el **DIOS TODOPODEROSO** que nos dice: *"Aunque tu dolor no haga vibrar ninguna cuerda en ningún corazón sobre la tierra, mírame a mí y vive "* (Elena White, El Deseado de Todas las Gentes, p. 326), la Sra. Maira Feliciano Rosado como poseedora del **derecho de MADRE**, *"un derecho fundamental y de mayor jerarquía constitucional que el derecho de propiedad"*, Stanley v. Illinois, 405 U.S. 645 (1972), **RUEGA** a este Tribunal Judicial Administrativo que **RECONSIDERE** el caso ante vos número 06516705 en ASUME.

7. Que es pertinente e ineludible retrotraernos a los procesos judiciales del Tribunal de Mayagüez, allá para el 2011, para poner en posición a este honorable Foro Judicial Administrativo de ASUME de aquilatar este derrotero de la justicia. Una desgracia por demás digna de lamentarse, que sienta un mal precedente y, además, consigna el **TRÁFICO DE MENORES POR PENSIÓN ALIMENTARIA** en los Tribunales de Puerto Rico, causando un "shock" a la conciencia de toda persona dotada de inteligencia. *Máxime cuando la UNICEF, UN.GIFT y OIT (2009) han declarado en su definición *numerus apertus* que *"la **trata de menores** comporta en todo caso una *vulneración del derecho del niño a crecer en el seno de un entorno familiar"*, según el Manual de capacitación para combatir la trata de niños y niñas con fines de trabajo infantil, explotación sexual y otras formas de explotación. *"Es un derecho inalienable de los niños el poder vivir y crecer dentro del seno de un hogar feliz y al calor de sus padres"*, García v. E.L.A., 163 DPR 800 (2005).

8. Que, en el caso de marras, **LA TRATA DEL MENOR POR SU PENSIÓN ALIMENTARIA** comenzó desde que el menor L.A.R.F. fue convertido en **"botín de guerra"**, el 14 de diciembre de 2011, el mismo día en que cumplía 7 años, cuando la **Jueza Lynette Ortiz Martínez lo tomó de rehén**, movida por un sentimiento de venganza bien arraigado contra la Sra. Feliciano Rosado, su madre, y como un mecanismo de tortura y castigo *ad infinitum*. A la recién designada jueza pronto le desagradó la noticia de las denuncias formales y fundadas de la madre del menor contra ella, en los foros fiscalizadores del Estado Libre Asociado de Puerto Rico (E.L.A.), por inventarse una sentencia para forzar un dictamen preferido. A saber, la sanción penal de **90 días de servicios comunitarios** del 7 de septiembre de 2011, que abría la puerta a toda pretensión de autoridad desmedida y extravagancia opresiva, para que los más desequilibrados del tribunal pudieran a su antojo ridiculizar y oprimir a la Sra. Feliciano Rosado durante la ejecución de la pena. La habían perseguido hasta obligarla a realizar los servicios comunitarios dentro del Centro Judicial de Mayagüez, en la Oficina del Programa Clara Lair, a donde pudieran obtener por perjurio y tortura lo que era imposible lograr por medios justos. Era un castigo penal con improvisaciones e instrucciones de la jueza que llevaron a excesos a sus súbditos, activando así un *"bullying"* del tribunal con torturas contra la abogada martirizada. Ninguno puede invocar la defensa de obediencia jerárquica; hacía falta mucha imaginación para hacer algo nunca antes visto y tan cruel.

Harto bien habían aprendido lecciones de crueldad en los tribunales, con la práctica bochornosa de humillar y maltratar otro ser humano que es igual que "tú", la

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO! 4**

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

Trabajadora Social, Diany Pérez, alentada por la saña de las secuestradoras del menor, y la *abogada ad hoc*, **Lcda. Stephanie Cabrera Hernández**, en cuya familia hasta "el gato" es abogado. Esta última fue la más apresurada en participar del abuso y la más severa "*bullie*" del tribunal, aspirando a hacerse una reputación superior que la Lcda. Longoria Vélez. Llegó a tal punto su caciquismo y delinquimiento que fabricó evidencia contra la abogada-mártir. "*Lamentablemente, el ver el derecho e interpretarlo con el ánimo de llegar a un resultado preferido está causando mucho daño a nuestro ordenamiento*", *Pueblo v. Pagán*, 130 DPR 470 (1981). Está de moda la prevaricación, el "*bullying*" y el inventarse sentencias en los Tribunales de Puerto Rico. Fue en los cambios de leyes e improvisaciones que comenzó el **HOLOCAUSTO JUDÍO**.

9. Que semejante degeneración de la justicia fortaleció las manos del victimario de la Sra. Feliciano Rosado y el hijo en común de ambos, L.A.R.F. Trágicamente en 2011, el arranque de furia desenfrenada y la sed de venganza de la Jueza Ortiz Martínez se fundieron con la persecución maliciosa (2007-2011) del victimario, el **Sr. Aníbal Rodríguez García**, el padre del menor y el ex-esposo de la Sra. Feliciano Rosado, oriundo de Vieques, Maestro de Educación Especial, Técnico de Refrigeración e Inventor con patente registrada, bilingüe y académicamente sobresaliente. No empecé a que su talento y fingida mansedumbre le granjean muchos defensores, el Sr. Rodríguez García es un agresor por violencia doméstica concomitante con maltrato infantil y sus tipos. Este victimario también manifiesta **el perfil de PSICÓPATA**, aunque aún sin diagnosticar, según los criterios para el diagnóstico de F60.2, mejor conocido como Trastorno Antisocial de la Personalidad (301.7) que describe el Manual Diagnóstico y Estadístico de los Trastornos Mentales o **DSM-IV**, hoy DSM-V.

En virtud del DSM-IV y el caso de autos, lo más peligroso de este **agresor-psicópata y evasor de pensión alimentaria del menor** es su "*despreocupación imprudente por su seguridad o* **la de los demás** *[su hijo]*", "*su irresponsabilidad persistente, indicada por la incapacidad […] de hacerse cargo de obligaciones económicas*" y "**su falta de remordimientos**, *como lo indica la indiferencia o la justificación del haber dañado, maltratado o robado a otros*". [Corchetes nuestros]. **Es él el verdadero evasor de la pensión alimentaria del menor**. Ello se constata en las resoluciones y mociones del 2006-2010, por conducto de abogados o por derecho propio, que obran del expediente de este caso, antes de que la mafia subvirtiera la justicia contra las víctimas.

10. Que los obstáculos amontonados para la devolución del menor L.A.R.F. al hogar materno no solo echaban por tierra la evidencia de los múltiples cuidados médicos y recursos educativos que esta madre le ofrecía a su hijo (2004-2011), sino que eran un campo minado para la fabricación de cargos. A título de ejemplo, las juristas inescrupulosas trataron de extorsionar a la Sra. Feliciano Rosado mediante una **MEDIACIÓN VÍCTIMA-VICTIMARIO** con craso desequilibrio de poder durante su condición de rea para que, cediendo al espanto de verse tratada como delincuente, renunciara a los derechos de custodia con respecto a su hijo como condición *sine qua non* para su libertad. Sin duda alguna esto constituye una terrible

82

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

tortura, explotación del dolor y subyugación de la mujer maltratada a su agresor. Debido a los rigores de la reclusión, la víctima compareció a tal mediación bajo escarnio público por su despersonalización con el uniforme de presa, las esposas y cadenas, y los grilletes que ya herían sus tobillos lentificando sus pasos. En contraste, su victimario gozaba de trato preferencial por ser el *"ñoño"* del tribunal en virtud de su abogada, la *primus inter pares* de la mafia del Tribunal de Mayagüez.

Toda vez que la mediación supone que ambas partes comparten la culpa, en efecto, las víctimas son convertidas en parte del problema. Éstas quedan sujetas al sometimiento implícito de toda clase de designios opresivos e impugnadores, al verse obligadas a renunciar a sus derechos y defensas por contemporizar con su victimario. En consecuencia, los llamados a hacer justicia en el caso de autos dejaron al menor y a su madre en la misma indefensión jurídica en que se encontraban al momento de acudir al tribunal, para escapar de la violencia doméstica coexistente con maltrato infantil del sádico victimario.

11. Que, además de lo anterior, tras la excarcelación de la Sra. Feliciano Rosado se atizó la persecución con órdenes arbitrarias, irrazonables y caprichosas. Entre éstas, la duplicidad de **exámenes psicológicos-psiquiátricos**, o sea dentro y fuera del presidio, sin estar en controversia la salud mental de la Sra. Feliciano Rosado y con exclusión de su victimario intocable. Sumada a las improcedentes **visitas materno-filiales** en la Unidad Social de Familias y Menores *so pena de prisión a la menor resistencia*. Las amargas despedidas causaban terror y confusión en el niño, de entonces 7 años, al ver burladas, vez tras vez, sus legítimas pretensiones de volver a casa con su madre. En otra manifestación patente del delito de maltrato institucional contra un niño indefenso, las trabajadoras sociales del tribunal espiaban con ánimo prevenido, durante las visitas materno-filiales. –*"¿Mamá por qué no puedo regresar contigo pa'la ca'sha?"*, preguntó el menor previendo que no lo escucharan sus observadoras hostiles. –*"Porque una jueza ha tomado el control de nuestras vidas. Pero yo estoy luchando por recuperarte"*, le respondió esta madre compungida de dolor. Al final de la siguiente visita materno-filial, ahora con alguaciles que resguardaban en la puerta excitados por las calumnias inventadas por los poderosos raptores, el niño se paró frente a la puerta del ascensor a fin de que su madre no se fuera sin él. Leo decía: –*"Mamá, dile a la jue'sha que yo quiero irme pa'casha contigo"*, enfrente a las trabajadoras sociales y alguaciles que acrecentaban su sentido de impotencia separándolo de su madre. Nunca se mencionó tan cándida petición del menor en las mociones que presentaron éstas por acomodar sus informes a las instrucciones que dieron la jueza-raptora y la abogada-apocalíptica.

12. Que, no conformes con torturar el corazón del menor en cada despedida forzada de su madre, la **Juez Agnes Acosta,** actuando en contubernio con la **Jueza Ortiz Martínez** y la **Lcda. Longoria Vélez,** dictó una improcedente **ORDEN DE PROTECCIÓN** el 13 de febrero de 2012 contra la Sra. Feliciano Rosado, que volteó la **Ley 54** para la Prevención e Intervención con la

MOCIÓN DE RECONSIDERACIÓN: FREE LEO!  6

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

Violencia Doméstica, como cosa necesaria dizque para la protección del menor. Esto ocurrió debido a que el niño continuaba sus ruegos en el estacionamiento del Tribunal de Mayagüez, llorando y suplicando al Sr. Rodríguez García, su padre, que lo dejara regresar con "*mamá*". Habiendo entendido ya que era un rehén, el niño trataba de forzar su salida por el cristal entreabierto del carro de su papá que estaba aparcado en el estacionamiento del Tribunal de Mayagüez, allá para el 7 de febrero de 2012. Acto seguido, la Sra. Feliciano Rosado intentó grabar a su hijo con una cámara de video, mientras el victimario menospreciaba su angustia impidiéndole acercarse a ésta.

Innumerables son las manifestaciones de espantosa crueldad del Sr. Rodríguez García por su inquina implacable contra la Sr. Feliciano Rosado, toda vez que él también cree que ésta lo tiene que mantener. Él envidia su título de abogada. —"*Yo me voy a encargar de que Maira no sea abogada*", alardeaba frente a terceros (3ros) este agresor-psicópata en la acera de la esquina de enfrente a la casa de la Sra. Feliciano Rosado, allá para el 2011, donde vivía su principal informante y espía, la **Sra. Aida Ruiz López**. Ésta fue la que quitó uno de los cruzacalles con ínfulas de sabiduría.

13. Que, en este contexto tan acorralado y violento, el **Juez Edwin Nieves Troche**, a semejanza de las primeras juezas, emitió una improcedente **ORDEN DE ALEJAMIENTO** del 12 de junio de 2013 contra la Sra. Feliciano Rosado, de su faz nula. Esto quiere decir que fue una orden dictada por término indefinido y que prescinde del sello del honorable Tribunal de Mayagüez. Este tipo de improvisación judicial fue la respuesta urgente del tribunal a una moción del 10 de junio de 2013, radicada por la Lcda. Longoria Vélez. En la misma se falseaban las intenciones de la madre del menor al volver a ver a su hijo al través de la verja de su escuela elemental, allá para el 13 de mayo de 2013. En adición, dicha orden tiene el efecto de una censura previa y condenación contra la Sra. Feliciano Rosado, tras denunciar la corrupción judicial esta vez en la Corte Federal y en Fiscalía Federal del Distrito de Puerto Rico, con Rosa Emilia Rodríguez-Vélez como la Jefa de Fiscalía.

Sin duda alguna la **ORDEN DE ALEJAMIENTO** desencadenó en la **DESAPARICIÓN FORZADA DEL MENOR**, cuyo delito repudiable se logró con la acción conjunta de opositores encarnizados que se adhirieron a la causa del victimario y la mafia. Éstos fueron los siguientes: la **Lcda. Olga Longoria Vélez**, la encarnación del mal que ni la ley puede detener su ferocidad satánica, y su adlátere, el **Agente William Lugo Sepúlveda**, tan chistoso y corrupto como Idi Amin Dada. Este agente lacayo albergaba públicamente un profundo resentimiento contra la Sra. Feliciano Rosado que data del 2010, en virtud de una querella que ella presentó en su contra en el **Cuartel General de la Policía de Puerto Rico**. Tan pronto como se le presentó la oportunidad, el Agente Lugo se alienó con la mafia, y atacó nuevamente a la Sra. Feliciano Rosado socavando con difamaciones falsas su credibilidad ante los agentes de la Línea de Emergencias 911. Estos últimos investigaban el caso de marras a raíz de la llamada al 911 que la Sra. Feliciano Rosado había realizado para la protección del

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

menor, el 15 de mayo de 2013. Es más, el agente-perseguidor
estaba tan empeñado en la vil obra de hacerle daño a la
denunciante que subvirtió la autoridad de Fiscalía de
Mayagüez con citaciones e intimidaciones contra ésta.
Entretanto el Sr. Rodríguez García se desapareció con el niño.
Y fue así que el policía corrupto se vengó de esta madre
piadosa colaborando en el crimen tan atroz de la **DESAPARICIÓN
FORZADA DE SU ÚNICO HIJO.**

A estos perseguidores del Estado se les unió la Directora
Escolar **Ana Ruperto** de la Escuela S.U. Río Cañas Abajo de
Mayagüez, donde estudiaba el menor, una mujer tan perversa
como "*una bruja*", y el Policía Escolar Carrero, con una
lealtad hacia el victimario digna de mejor causa. Fue a
personas semejantes que el Sr. Rodríguez García llamó en su
ayuda, y no tardó mucho en redoblar las torturas y violencia
contra la Sr. Feliciano Rosado desapareciéndose con el hijo
en común de ambos desde el 15 de mayo de 2013 hasta hoy. ¡Una
pesadilla interminable!

14. Que, pasados los días, tras la **DESAPARICIÓN FORZADA
DEL MENOR** el Juez Nieves Troche del Tribunal de Mayagüez dictó
la **Resolución de privación de patria potestad** del 12 de julio
de 2013, en virtud de moción en ese sentido del 4 de marzo de
2013, aparentando que le daba la oportunidad a la Sra.
Feliciano Rosado de recuperar a su hijo cuando ya lo estaban
ocultando. Lo cierto es que la vista de privación de patria
potestad era un procedimiento de convalidación no sólo de las
órdenes nulas de la Jueza Ortiz Martínez, sino que allí sólo
prevalecería la Lcda. Longoria Vélez, cuya presencia de por
sí prejuzgaba el caso para la posteridad. Por aquellos días
este caso ya era la papa caliente de los abogados y esta
madre-abogada la leprosa de la clase togada; nadie los quería.
Razón por la cual la Sra. Feliciano Rosado <u>NO COMPARECIÓ a la
susodicha vista de privación de patria potestad del menor,
que representaba una amenaza a su **LIBERTAD**.</u> No obstante,
esta madre no se quedó de brazos cruzados ni mucho menos
abandonó a su hijo. Ella ya había comparecido por derecho
propio a la Corte Federal del Distrito de Puerto Rico en
demanda por derechos civiles bajo la Ley Federal 42 U.S.C.A.
Sec. 12102, desde el 14 de diciembre de 2012, y esperaba el
emplazamiento de los federales a los verdugos del Tribunal de
Mayagüez. Desgraciadamente, la demanda fue desestimada. ¡Otro
gran chasco!

15. Que, ciertamente, la crueldad de los secuestradores
y sitiadores llegó a un grado de intensidad aún mayor 4 años
más tarde al sabotear el caso tras bastidores en el Tribunal
de Humacao (2017). De esta forma lograron que se ratificaran
las sentencias nulas del Tribunal de Mayagüez (2011) con un
automatismo que se desligaba del peso deferencial que ofrece
la evidencia sustancial, en la totalidad del récord del caso
de marras. Así pues, se dictaron resoluciones que, en efecto,
acrecentaron la gravedad de la **DESAPARICIÓN FORZADA DEL
MENOR**, limitada al territorio de Puerto Rico hasta entonces,
y la violencia doméstica concurrente con maltrato infantil,
que "*salta a la vista y hiere la retina*". Y logrado esto, el
victimario, sintiéndose reforzado para perpetuar el crimen
espantoso de la **DESAPARICIÓN FORZADA** de su propio hijo, sacó
al menor del país bajo la protección y aquiescencia de agentes

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 8

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

del estado y la lealtad de una multitud de enemigos
encanallados.

16. Que esta terrorífica pesadilla de separación de
madre e hijo es similar al infierno escalofriante que sufrió
**Janet Viera**, la madre de Vega Baja que se suicidó cuando el
Estado le arrebató a sus dos (2) hijos *so* pretexto de su
impedimento por razón de su sordera. Una tragedia por demás
digna de lamentarse que sienta un mal precedente para las
madres con impedimentos. Resulta que la Sra. Feliciano Rosado
también ha sufrido en carne propia la misma desesperación y
dolor inenarrables de la madre-vegabajeña, porque también,
para colmo de males, ha arrastrado el impedimento de **Trastorno
de Ansiedad Social** diagnosticado. Tal impedimento la ha
convertido en objeto de odio, ridiculización, menosprecio y
persecución en su lucha por recuperar a su hijo. Algunos, de
por sí inclinados a la ridiculización con aires de supremacía,
coligan que esta madre-abogada (con 2 maestrías en Educación
y un *Juris Doctor*) dizque parece "*LOCA*". Endurecidos, éstos
añaden: -"*Le quitaron al hijo porque parece loca…*", como una
justificación para la remoción de su hijo; -"*El menor está
mejor con su papá…*", -"*está con su papá; está bien*", como una
banalización del silencioso cautiverio del menor; -"*Te han
dañado los nervios…pareces una loca; no puedo tomar tu caso*",
como una disculpa para negarles la justicia a estas víctimas.
Razones todas que justifican el "*bullying*" o discrimen por
razón de impedimento por **Trastorno de Ansiedad Social**, lo que
convierte a la Sra. Feliciano Rosado en **la víctima perfecta**
del agresor-psicópata. Aprovechando tal impedimento, el Sr.
Rodríguez García vituperaba a la Sr. Feliciano Rosado frente
a terceros (3ros) diciendo: -"*verdad que ella parece loca….Ja,
ja, ja…*"; aunque luego intentara tener sexo con ésta
cosificándola como la ex-esposa amante post-divorcio. No és
una exageración decir que la Sra. Feliciano Rosado estuvo
casada con **SATANÁS**.

17. Que es pertinente traer ante la atención del foro
judicial de ASUME que por adoctrinamiento **marxista-leninista**
de la mafia del Tribunal de Mayagüez contra la Sra. Feliciano
Rosado, y *so* pretexto de "*enseñarla a obedecer*", atacaron
hasta su creencia religiosa de guardar el **sábado como Día de
Reposo**, cuyo fundamento principal es la autoridad legítima de
la Biblia (Gén. 2:2,3). En adición, dicha creencia es objeto
de protección de la Enmienda I de la Constitución de E.U. y
la Sec. 3 del Artículo II de la Constitución P.R. A *contrario
sensu*, se presentó como prueba, entre otras, el Informe de
Ejecución de la sanción penal de 90 días de servicios
comunitarios, nulo de su faz, y **el asunto de conciencia** que
supone la costumbre religiosa de guardar el sábado como Día
de Reposo. La Lcda. Cabrera Hernández adujo en sala que la
Sra. Feliciano Rosado lo usaba "*como excusa para hacer lo que
le daba la gana…*". Es forzoso concluir que las órdenes *ultra
vires* en unión a la admisión de prueba fabricada, por el
efecto de la totalidad de errores cometidos, *Pueblo v.
Echevarría Rodríguez I*, 128 DPR 299 (1991); tuvieron como
consecuencia **la remoción ilegal de su hijo LEO** y la privación
ilegal de la libertad de ambos hasta hoy día. Añádase a ello
la declaración ilegal de madre-alimentante.

MOCIÓN DE RECONSIDERACIÓN: FREE LEO!   9

86

**GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO**

18. Que, con planes bien trazados, sus encarnizados perseguidores del Tribunal de Mayagüez, algunos ex compañeros de estudio de la escuela de derecho, como el **Lcdo. Eddie González Vázquez** (de quien no puedo ofrecer evidencia de su conexión con el delito de fabricación de prueba), la Lcda. Stephanie Cabrera Hernández y un profesor encanallado, el **Lcdo. Carlos Rodríguez Sierra**, entonces Decano Académico de la **Facultad de Derecho Eugenio María de Hostos** (FDEMH), hoy cerrada por instigadora de un golpe de estado comunista en la isla, *fabricaron pruebas y establecieron un alegado patrón de incumplimientos imputados contra la Sra. Feliciano Rosado.

19. Que, al examinar detenidamente el **Art. 54 de servicios comunitarios** del Código Penal 2004, entonces vigente, nos convencemos de que el Tribunal de Mayagüez nunca adquirió jurisdicción sobre la materia en la vista del 7 de septiembre de 2011. Fecha a que se retrotrae la sanción penal de 90 días de servicios comunitarios que fue dictada sólo verbalmente, contra la Sra. Feliciano Rosado. No fue hasta que después que ésta pisó la cárcel siendo inocente, que llegó a sus manos la notificación del dispositivo de la pena en cuestión el 7 de enero de 2021, o sea cuatro (4) meses después. En efecto, dicho dictamen es nulo y sus ulteriores órdenes y resoluciones **\*NO NOS OBLIGA**. Es norma reiterada que "*[l]os estatutos de penalidad son jurisdiccionales, es decir, [...] limitan el propio poder de la Corte*". De Benque v. United States, 85 F2d 202 (D.C. Cir. 1936). Pueblo v. Lozano Díaz, 88 DPR 834 (1963). Por tanto, una sentencia nula y obtenida por fraude no puede validarse con el paso del tiempo. "*Cuando una sentencia es nula nunca tuvo eficacia, ni advino a la vida jurídica, es decir, no existió como cuestión de derecho*". "*Así, si una sentencia se dicta sin jurisdicción, el tribunal \*está obligado a declararla nula y relevar a la parte afectada de los efectos de dicha sentencia*". Néter v. Ramos, 162 DPR 616, 625 (2004); Montañez v. Policía de P.R., 150 DPR 917, 921, 922 (2000).

20. Que, habiendo dicho lo anterior, resulta pertinente añadir que la Sra. Feliciano Rosado pide excusas si resulta extensiva u ofensiva al exponer los hechos del caso de marras. Confiesa, en este punto, que ha perdido la destreza de litigar desde que la sacaron de carrera quitándole a su hijo para extorsionarla, recién graduada de Derecho. Por consiguiente, le **SUPLICA** vehementemente a este Tribunal Administrativo que le ordene a la Oficina de ASUME de la Región de Humacao a informarle a esta madre-alimentante a **\*qué dirección física están enviando los pagos de la pensión alimentaria del menor L.A.R.F.**, cuyo paradero es desconocido para ésta. De modo que la Sra. Feliciano Rosado, en estricta justicia, conforme a equidad y al derecho constitucional a la información leal de la agencia, sea colocada en posición jurídica para recuperarlo. *Ello es **la cuestión cardinal**, trascendental e ineludible del caso de autos, cuya manejadora de un caso tan atípico y rehuido es la Sra. Carmen Nieves de la Oficina de ASUME de Humacao.

21. Que, como cuestión de hecho, la madre-alimentante ha recibido una resolución intitulada "*Determinación sobre la Objeción a la Notificación sobre Intención de Referir los casos Excluidos del que se Ejecuten Algunos de los Remedios*

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

*de Cumplimiento"*, que fue adjuntada dentro del mismo sobre a una carta de advertencia sobre el derecho a recurrir de una resolución u orden del juez administrativo, con sendos términos jurisdiccionales. Ambas cartas fueron fechadas el 2 de marzo de 2021, pero notificadas el 19 de marzo de 2021. En esta última fecha se recibió también la *"Notificación de la Administración para el Sustento de Menores sobre Intención de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, fechada el 3 de marzo de 2021. Esta última fue adjuntada, en el mismo sobre de la anterior notificación, a la *"Objeción a la Notificación de la Administración para el Sustento de Menores de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, cuya fecha es del 3 de marzo de 2021, pero notificada el 19 de marzo de 2021.

22. No empece a lo anterior, la Sra. Lynette Carrasquillo Cruz, Oficial de Pensión Alimentaria, y por conducto de la Sra. Carmen Nieves, Manejadora de Casos en ASUME de la Región de Humacao, en afable conversación telefónica el miércoles, 31 de marzo de 2021 (último día laborable de la Semana Santa), le aseguró a la Sra. Feliciano Rosado que ella está al día con los pagos de la pensión alimentaria del menor. –*"Dile que siga pagando que va bien"*, añadió de buena fe la Sra. Nieves por medio de su compañera, la Sra. Carrasquillo Cruz.

23. Que, con porfiado empeño, la ASUME le envió a la Sra. Feliciano Rosado otras dos (2) cartas de interpelación de cobro que llegaron a su manos el sábado, 3 de abril de 2021, intituladas *"Notificación de la Administración para el Sustento de Menores sobre Intención de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, con su correspondiente carta de *"Objeción a la Notificación de la Administración para el Sustento de Menores de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*. *Esta es la historia de nunca acabar, con un inherente ciclo de control y poder de violencia doméstica concomitante con maltrato infantil y sus tipos, que se activa con cada interpelación de ASUME y se funde con la impunidad insufrible de los secuestradores de L.A.R.F., lo que supone la desnaturalización del **derecho a la vida del menor en su corolario a su derecho a recibir alimentos**.

24. Que, en su defecto, si la parte afectada no tiene otra opción que someterse a la decisión final y firme e inapelable del juez de ASUME a los efectos de continuar como madre-alimentante, en virtud de la Resolución intitulada *"Determinación sobre la Objeción a la Notificación"*, supra, ésta solicita el remedio esperanzador que provee la Ley Núm. 55 del 1 de junio de 2020, mejor conocida como **Nuevo Código Civil 2020**, en el **Art. 668**, que reza así:

> *"El alimentante puede, a discreción del juzgador y previa autorización judicial, satisfacer los alimentos mediante el pago de la pensión fijada o ***RECIBIENDO EN SU CASA*** al que tiene derecho para ellos, siempre que resulte en el interés óptimo del alimentista. Esta última opción puede ser rechazada por el alimentista por razones de orden legal, moral o social, o por cualquier*

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

otra causa razonable". **[¡GLORIA A DIOS ALELUYA!].**
[Corchetes nuestros].

25. Que, en virtud del estado de derecho antedicho que
le da **una nueva forma al caso de marras**, sujeto a la
discreción judicial y su previa autorización, rogamos a este
honorable Tribunal Judicial Administrativo de ASUME que
reconsidere este caso y facilite a las partes afectadas y
separadas forzadamente el **RECIBIMIENTO DEL HIJO EN LA CASA** de
la madre-alimentante para que puedan ser reintegradas en sus
derechos inherentes a la condición de madre e hijo; los lazos
más sagrados al corazón humano.

26. Que, a merced de lo anterior, la agencia de ASUME
viene obligada a informar la dirección del menor a dónde envía
los pagos en cuestión, tal y como lo hizo para interpelar a
esta madre-alimentante allá para el 2015-2016 (Ver Anejos,
Moción Informativa y en Solicitud de Traslado, fechada el 27
de julio de 2017, y la Moción en Auxilio de Jurisdicción,
fechada el 21 de diciembre de 2016). Esto fue casi 3 1/2
años de la **DESAPARICIÓN FORZADA DEL MENOR** dentro de la isla,
la cual se agravó cuando lo sacaron de Puerto Rico y los
territorios del E.L.A. en el 2017, con el envalentonamiento
del victimario y sus secuaces a raíz de las órdenes en ese
sentido del Tribunal de Humacao (2017), según obra en el
expediente del caso de epígrafe. Como era de esperarse, dicho
expediente ha sido alterado por destrucción de evidencia.
Así lo constató la Sra. Feliciano Rosado, personalmente,
cuando logró revisar tal expediente dos (2) días
consecutivos, el 26 y 27 de enero de 2017, viajando en carro
alquilado de Mayagüez a Humacao.

27. Que, tan recientemente como el miércoles, 30 de marzo
de 2021, esta madre le proveyó a la Sra. Lynette Carrasquillo
Cruz, Oficial de Pensiones Alimentarias en ASUME de la Región
de Humacao, por la vía telefónica el número de celular (786)
371-6770. O sea, un número de celular adicional al que obra
del expediente del caso de epígrafe que es el (787) 242-1302.
El doble propósito de esta transparencia es que, además de
poner en posición a la agencia de ASUME de localizar a la
madre-alimentante por interpelación de pago de pensión
alimentaria so pena de prisión o de dañar su crédito, **también
le informe a ésta sobre el *paradero del menor, su hijo.**

28. Que, precisamente, por haberse enmascarado con
habilidad consumada el Sr. Rodríguez García logra que tan a
menudo que salgan en su defensa insospechados enemigos. A
título de ejemplo, este agresor-psicópata impunemente proveyó
una dirección física falsa a la ASUME de Mayagüez y Humacao,
allá para el 2015, con la intención criminal de, sin revelar
el paradero del menor, *cobrar la parte del "botín de guerra",
o sea el dinero acumulado por pensión alimentaria que se
retrotrae al 21 de diciembre de 2011. La conducta fraudulenta
del victimario también implica la destrucción de la eficacia
de los escritos, recursos extraordinarios y mociones al
rechazar arbitraria y caprichosamente las notificaciones
certificadas de los mismos, que la Sra. Feliciano Rosado le
enviaba a su correo postal en Humacao. Esto fue luego de que
la Sra. Feliciano Rosado, que estaba profundamente deseosa de
recuperar a su hijo, radicara dichos escritos en el Tribunal

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 12

89

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

de Humacao, el Tribunal Apelativo y el Tribunal Supremo de Puerto Rico, allá para el 2017. En adición, el Sr. Rodríguez García, también impidió que el menor L.A.R.F. recibiera las postales de cumpleaños que su madre le ha enviado por correo certificado desde que advino en conocimiento del supuesto paradero del menor. Por consiguiente, la Sra. Feliciano Rosado presentó las copias de los sobres devueltos en los foros referidos, incluyendo en la ASUME. Pero estos atropellos se dejaron pasar sin castigo alguno.

29. Que la madre del menor tiene buena salud mental y física y, por tanto, está en condiciones de proveer al menor un hogar estable, cristiano, sano, contando con los medios suficientes para proveerle todas sus necesidades y educarlo debidamente. También, ella goza de buena reputación moral, pese a sus dos (2) encarcelamientos ilegales e injustos (del 14 al 23 de diciembre de 2011 y del 15 al 21 de febrero de 2017), por los cuales ha sufrido graves daños y perjuicios. Toda vez que estar encarcelada injustamente, aunque por breves períodos de tiempo, para una abogada inocente, constituye un largo y angustioso período de tiempo que acarrea subsiguientes consecuencias, las cuales se decuplican con la carga de esta madre de no tener a su hijo consigo y gozar de su cariño y afecto; todos los días.

30. Que las circunstancias de la declarada madre-alimentante son modestas. Ésta recibe una pensión del Sistema de Retiro para Maestros de Puerto Rico (S.R.M.) por la cantidad de $26,390.77 anualmente, junto con la cantidad de $108.00 mensualmente por beneficios de la Administración de Desarrollo Socioeconómico de la Familia (PAN). Además, ella ostenta un *Juris Doctor* (aún sin revalidar el título) y tres (3) licencias vigentes otorgadas por el D.E., tales como: Maestra de Educación Elemental, Consejera Escolar Vitalicia y Directora Escolar, y cumple con las exigencias de sendas profesiones tomando cursos de Educación Continua. Esta madre tiene nuevas fuerzas para conseguir un empleo que paree con su sólida preparación profesional para darle una mejor calidad de vida a su hijo, lo que supone tenerlo en su casa.

31. Que su hijo, L.A.R.F., también ha sufrido los traumas de separación de la figura materna. No le cabe duda a la Sra. Feliciano Rosado que su hijo también ha sentido mucho miedo, durante los últimos 9 años (14 de diciembre de 2011 hasta el presente), al estar bajo la constante amenaza de nuevos castigos y represalias, si él se comunica con su madre, por parte de sus encargados que ostentan su custodia y patria potestad. A esta angustia y a este temor que lo mantiene abatido se agrega el peso abrumador de las mentiras que se le dicen al menor sobre su madre, asegurándole que ella dizque lo abandonó. Nada más lejos de la verdad.

32. Que no sin razón se puede afirmar que a L.A.R.F. le reprimen sus sentimientos sobre su madre y contrarrestan toda pregunta o pensamiento de interés hacia ella, por estar sujeto y a merced de sus secuestradores, el Sr. Rodríguez García y su tercera (3ra) esposa, la **Sra. Gisela María Castillo Herrera**, que lo iguala en perversidad y sadismo; personas trastornadas y obsesionadas con el poder, y contra cuyos ataques el menor no cuenta con medios eficaces para

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 13

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO

defenderse. Fueron los primeros en menospreciar su dolor de separación de su madre, cuando el menor, de entonces 3 a 7 años, pernoctaba en su residencia, según el plan de relaciones paterno-filiales. Ellos lo atormentaban cada vez que se echaba a llorar pidiendo que lo dejaran regresar a la casa con su mamá las pocas veces que me permitían hablar con él en conversación telefónica. Tan recientemente como el 25 de mayo de 2020, esta madre logró comunicarse con la Sra. Castillo Herrera para rogarle que le dejara hablar con su hijo por teléfono. Ésta no sólo le exigió extravagancias que tienen el efecto de una subyugación y ridiculización, sino que simuló haber grabado la voz del menor con un mensaje para mamá. Luego, la madrastra-sádica aseguró que dizque se borró.

33. Que al menor L.A.R.F. *"no le permiten postear fotos en las redes sociales, ni que otras personas lo retraten"*. Así lo dijo textualmente la Sra. Ruth Rodríguez a la Sra. Feliciano Rosado, cuando ésta fue a dar clases a la Academia Adventista de Viesques, de enero a marzo de 2019, con la doble intención de ser una maestra misionera e investigar el paradero de su hijo. No empece a los esfuerzos épicos de la Sra. Feliciano Rosado por saber de su hijo, *aún no ha logrado comunicarse con él por ningún medio posible*, ora por **Facebook**, ora por **WhatsApp**, ora por **Twitter**, ora por **Messenger**, ora por teléfono **celular**, ora por **correo postal certificado**. Más aquí se deja ver una nueva manifestación de maltrato infantil dentro del ciclo de control y poder de violencia doméstica del Sr. Rodríguez García, cuyos actos de tortura y crueldad espantosa no solo son justificadas, sino borradas con su fementida bonachonería. **A LOS PSICÓPATAS SÓLO LOS CONOCEN BIEN SUS VÍCTIMAS**. Los incrédulos y burladores pasan por alto que el Sr. Rodríguez García tiene una impresionante cicatriz detrás de su cabeza en la parte baja que cruza en línea recta horizontal, la cual sugiere que lo atacaron con un machete en una cruenta pelea del bajo mundo. Una cicatriz análoga respecto a la causa y el efecto se ve sobre su labio superior con afectación de su calidad de vida.

34. Que es pertinente añadir que la testigo temerosa no se atrevió a dar a esta madre una foto de su hijo actual, como lo había prometido, por miedo a la furia violenta de su propia familia, los Rodríguez-García; ahora redoblada por las conexiones e influencias poderosas y peligrosas de la Familia Castillo-Herrera, en los tribunales. No sin razón esta madre declara que la Familia Rodríguez-García tiene lazos con el bajo mundo por tráfico de drogas (es similar a la familia violenta e intimidante de la película *"Let him go"*, de Kevin Costner). De hecho, la testigo temerosa referida añadió que el menor L.A.R.F. ahora está alto y guapo. Asegura que es tímido, callado, cariñoso y de modales amables y que ora y lee la Biblia todos los días. Harto bien ha aprendido el menor L.A.R.F. a conocer la violencia y peligrosidad de la Familia Rodríguez-García y la Familia Castillo-Herrera por afinidad. Su única esperanza entre la intimidación y amenazas de sendas familias se cifra en la misericordia y protección de DIOS; su único amparo es la oración y la Palabra de Dios. Máxime cuando a los psicópatas, como su padre Aníbal Rodríguez García, sólo los conocen bien sus víctimas. El menor le tiene mucho miedo a su propio padre. Han dejado al menor en manos

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

de un agresor-psicópata, pero a nadie parece que se le importe algo.

35. Que, es preciso destacar, que a partir de las denuncias legítimas y fundadas de la Sra. Feliciano Rosado contra la jueza-raptora del Tribunal de Mayagüez se la fichó y demonizó so pretexto de que perjudicó el honor, el respeto y la confianza del pueblo en nuestro sistema judicial. Ello se debió, principalmente, por los **10 CRUZACALLES Y 5 PANCARTAS** que ésta se vio obligada a colocar para denunciar el rapto de su hijo. Esta madre puso tales afiches en lugares estratégicos del Municipio de Mayagüez, allá para principios de marzo de 2011, y tras la indiferencia criminal de los administradores de la justicia; aquéllos que lo son sólo de nombre.   En verdad, esta abogada nunca ha atacado la **AUTORIDAD JUDICIAL**, sino el abuso de poder. *Zauderer v. Office of Disciplinary Counsel of Supreme Court*, 471 U.S. 626, 655, ESC. 18 (1985).

36. En su defecto, en *In re Secretario de Justicia I*, 126 DPR 463 (1990), el Juez Asociado Negrón García da una opinión concurrente, conforme a lo resuelto en *In re Cardona Vázquez*, 116 DPR 895, 904 (1986), donde se censuró duramente al abogado Héctor Rivera Cruz, que tras ser el Secretario de Justicia fungía como Gobernador Interino, por sus expresiones fuertes contra un juez federal, y en lo pertinente citamos:
   "*El respeto hacia los tribunales y su exaltación como uno de los postulados deontológicos más hermosos, no implica el establecimiento de* **una censura previa**. *Tampoco el que no reconozcamos la más amplia y dilatada libertad de defensa al abogado en el ejercicio de su profesión. Incuestionablemente la crítica judicial sana y oportuna es un instrumento necesario y efectivo para mantener a los jueces alertas y atentos al estricto cumplimiento de sus funciones.* **Tal crítica es un interés legítimo constitucional que debemos proteger**. *Es un vehículo apropiado para producir cambios favorables en el sistema de administración de justicia. Nuestro deber es escuchar esa crítica* **sin infundada sensiblería**".

   "*Aunque por su rudeza, para algunos, las manifestaciones del Lcdo. Rivera Cruz sean susceptibles de estimarse como carentes de estilo forense y, por ende, poco ejemplarizantes, o como señala el propio Juez, Hon. Fusté, "[m]entes razonables pueden interpretar las expresiones como una violación a los cánones de ética profesional..." [...]. Ciertamente* *no rebasan el ámbito legítimo de su derecho de expresión-consustancial con la libertad de pensamiento-protegido por la sección 4 del Artículo II de nuestra Constitución y la Enmienda I de la Constitución de los Estados Unidos*".

37. A pesar de la normativa esbozada, a la Sra. Feliciano Rosado se le ha encarcelado ilegalmente y a su hijo se le ha arrancado de sus brazos por tortura, negándoles la justicia como una brutal represión del Estado; mucho antes de que esta madre pusiera los susodichos afiches en lugares públicos.  Y luego señalan todos estos males y crímenes de lesa humanidad como resultado de **los cruzacalles** que eran el grito de auxilio de esta madre.  Sin duda alguna los cruzacalles tan censurados los colocó sola la Sra. Feliciano Rosado, movida por el mismo

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

**ESPÍRITU SANTO** tras lágrimas, traiciones, traiciones y ayunos. "Es el colmo del cinismo y el descaro que los asesinos **y corruptos e intocables**' culpen a sus víctimas inocentes de las fechorías rapantes que están cometiendo en nuestro país". Ortiz Yambo vs. Mattco Foods, 96TCA1109. [Corchetes nuestros].

38. Que, en la alternativa, todo abogado en Puerto Rico esta obligado a denunciar la conducta corrupta y deshonrosa de cualquier colega o funcionario judicial (jueces, abogados, fiscales y mafias de cada tribunal) sancionada expresamente en el **Canon 38 del Código de Ética Profesional**, 4 L.P.R.A. Ap. IX, que en lo pertinente reza así:

"El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación y el honor de su profesión, aunque al así hacerlo conlleve **sacrificios personales** [...]. En su conducta como funcionario del tribunal debe hacer su propia y cabal aportación [...]. Tal participación conlleva necesariamente asumir posiciones que puedan resultarle personalmente desagradables pero que redunden en beneficio de la profesión, tales como: DENUNCIAR VALIENTEMENTE, ANTE EL FORO CORRESPONDIENTE, TODO TIPO DE CONDUCTA CORRUPTA Y DESHONROSA DE CUALQUIER COLEGA O FUNCIONARIO JUDICIAL [...]".

Ciertamente, esta madre-abogada cumplió con el deber deontológico que impone el **Canon 38**, supra, denunciando a funcionarios del tribunal por conducta corrupta ante los foros fiscalizadores del Estado más que "valientemente", "temerosamente y solitariamente", con tal de salvar a su hijo. Pero este es el "El Mundo Feliz" de Aldous Huxley (1932), es la novela "1984" de George Orwell (1947-48) y es Matrix con Neo (la película de 1999), donde todos los protagonistas estaban SOLOS por defender la verdad. Lo mismo que le ocurrió a Martín Lutero con sus 95 tesis (31 de octubre de 1517).

39. Que, por el deseo intensísimo de ver acabada esta injusticia de proporciones catastróficas que sienta un mal precedente en la Rama Judicial de Puerto Rico, y que el poder y la maldad sostenida e inexpugnable de los secuestradores sobre la vida y destino del menor llegue a su fin, rogamos que **¡LIBEREN A** ████████ de su cautiverio invisibilizado (2011-2021). No pocos olvidan que el que se mete con un niño de **DIOS**, se mete con **DIOS**; "el que os toca, toca a la niña de su ojo" (Zacarías 2:8). L.A.R.F. es un siervo de **DIOS** escogido para una gran misión. De ahí la saña furiosa del Diablo para separarlo de su madre cristiana, en la etapa en que era más impresionable a las enseñanzas bíblicas y la transmisión de valores y la cultura; lo que odia el **COMUNISMO** que domina el país. Él fue presentado en el altar de la iglesia adventista desde su tierna infancia para recibir la bendición de **DIOS**. **FREE** ████ **FREE** ████**! FREE** ████

**POR TODO LO CUAL**, la madre-alimentante solicita de este Honorable Foro Judicial Administrativo de ASUME, previo a los límites de la ley, modifique su orden de pago de la deuda acumulada por concepto de la pensión alimentaria en dinero líquido, para ajustarla al remedio adicional que provee el Nuevo Código Civil de 2020, en su Art. 668, consistente en

**GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO**

satisfacer los alimentos del menor **recibiéndolo en casa de su madre** que lo espera con los brazos abiertos.


**RESPETUOSAMENTE SOMETIDA:**

En Humacao, Puerto Rico, a 6 de abril de 2021, mediante la plataforma digital de ASUME del Departamento de la Familia de Puerto Rico, cuyo enlace es www.asume.pr.gov


*Maira I. Feliciano Rosado*

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Maní
Mayagüez, P.R. 00682
Tels. (787) 242-1302
(786)371-6770
mfeducdered@yahoo.com

Anejos:

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 17

*94*

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

1. Copia de las 6 notificaciones de A.S.U.M.E., a saber:

   a. *"Determinación sobre la Objeción a la Notificación sobre Intención de Referir los casos Excluidos del que se Ejecuten Algunos de los Remedios de Cumplimiento"*, en carta fechada el 2 de marzo de 2021, notificada el 19 de marzo de 2021.

   b. Aviso a la parte adversamente afectada de su derecho a la recurrir de la resolución u orden del juez administrativo de la A.S.U.M.E., por Moción de Reconsideración y Apelación y sendos términos jurisdiccionales, en carta fechada el 2 de marzo de 2021, notificada el 19 de marzo de 2021.

   c. *"Notificación de la Administración para el Sustento de Menores sobre Intención de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, fechada el 3 de marzo de 2021, notificada el 19 de marzo de 2021.

   d. *"Objeción a la Notificación de la Administración para el Sustento de Menores de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, fechada el 3 de marzo de 2021, notificada el 19 de marzo de 2021.

   a. *"Notificación de la Administración para el Sustento de Menores sobre Intención de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, fechada el 8 de marzo de 2021, notificada el 3 de abril de 2021.

   b. *"Objeción a la Notificación de la Administración para el Sustento de Menores de Certificar y Referir Deuda de Pensión Alimentaria a Entidades Federales, Estatales y Privadas para el Cobro"*, fechada el 8 de marzo de 2021, notificada el 3 de abril de 2021.

2. Las fotos de los cruzacalles y pancartas como un grito de auxilio para rescatar al menor L.A.R.F., y que pudo retratar una transeúnte que los contempló.

**MOCIÓN DE RECONSIDERACIÓN: FREE LEO!** 18

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO



**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

3. Un listado de algunas películas que han tocado la fibra de esta madre angustiada por la DESAPARICIÓN FORZADA DEL MENOR. Dichas películas tocan aspectos similares al caso de marras con respecto a la terrible violencia del victimario y su familia nuclear y filial, y el Estado por tolerarla o redoblarla o legitimarla. Las presento como anejos a los fines de ilustrar el temor real que ha sentido el menor L.A.R.F., en su cautiverio silencioso e invisibilizado, durante los pasado 9 años, mientras todos han seguido sus vidas; y pedir auxilio. ¡FREE ███

   a. **EL MIEDO DEL MENOR Y SU MADRE** – "*Let him go*" (2020), del director Thomas Bezuca, es una película donde se rescata al nieto de 4 años de una familia tan terroríficamente violenta y peligrosa que intimidaba hasta la policía del condado, donde cayó el menor tras el segundo (2do) matrimonio de su madre por viudez. Es dramático y épico todo lo que los abuelos tuvieron que hacer para rescatarlos a ambos. ¡Una pesadilla!

   b. **LA CORRUPCIÓN DEL SISTEMA DE JUSTICIA Y CÓMO TRATARON DE DESTRUIR A LA MADRE PORQUE SU HISTORIA MENOSCABABA LAS HONORABILIDADES DE UNOS PODEROSOS E INTOCABLES:** "*El Intercambio*" (2008), del director Clint Eastwood, es la película que muestra el calvario de una madre, cuyo único hijo desapareció. Cuando ésta va a pedir ayuda en el sistema judicial, es tachada de loca e incapacitada, a los efectos de impugnar y silenciar su testimonio para evitar el escándalo público de la ineptitud de los administradores de la justicia, en época de elecciones. A pesar de unas fuerzas del orden público que eran crasamente corruptas y de una opinión pública escéptica e indolente ante su historia trágica y real, la madre lucha sola por saber qué pasó con su hijo verdadero. ¡Una pesadilla!

   c. **UNA NIÑA VÍCTIMA DE UN PADRE AGRESOR-PSICÓPATA A QUIEN TEMÍA MUCHO, PERO ES SISTEMA JUDICIAL LA DEJÓ EN MANOS DE SU VICTIMARIO POR SUS INFLUENCIAS:** "*Todos Se Van*" (2006), del director Sergio Cabrera, es la película que muestra la historia de Nieve, una niña cubana de 8 años que se ve en medio de la lucha de sus padres para obtener su custodia. Es impresionante el terrible miedo que ella le tiene al agresor-psicópata, su propio padre, y cómo lo disimula por miedo a las represalias de él. ¡Una pesadilla!

   d. **EL PATERNALISMO NAZI DE UN GOBIERNO CON PODER PARA ARREBATARLE LOS NIÑOS A LAS MADRES CON EXCELENTES RAZONES, HOY JURIDIZADAS EN DERECHO CON LA CUSTODIA COMPARTIDA, EL REGLAMENTO DE A.S.U.M.E. Y LA LEY 246 Y ALGUNOS ARTÍCULOS SOBRE CUSTODIA Y PATRIA POTESTAD DEL NUEVO CÓDIGO CIVIL 2020:** ¿QUÉ PASARÍA SI EL GOBIERNO SECUESTRA A TUS HIJOS? Arrancadas de los brazos de sus madres, tres (3) niñas aborígenes escapan de sus captores y emprenden un viaje de

**GOBIERNO DE PUERTO RICO**
**DEPARTAMENTO DE LA FAMILIA**
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
**REGIÓN DE HUMACAO**

2,000 Kilómetros de regreso a casa. Esta película impactante es la historia de "*La Generación Robada de Australia*", que todavía sigue sufriendo las múltiples y devastadoras consecuencias del paternalismo NAZI que hubo en su país desde 1931. El Gobierno de Australia, mediante una ley especial de supuesta protección que le armaba con excelentes excusas, tenía la potestad de separar a cualquier niño de su familia de origen en cualquier punto del Estado. ¡Una pesadilla!

e. **LA DESESPERACIÓN DE UNA MADRE QUE CREYÓ POR 14 AÑOS QUE SU HIJO HABÍA MUERTO JUNTO A SU EX-ESPOSO, QUE SIMULÓ UN NAUFRAGIO:** "*Long Lost Son*" (El hijo perdido) (2006) del director Brian Trenchard-Smith Kristen perdió a su hijo cuando su ex-marido se lo llevó bajo engaño y desapareció tras simular un naufragio, aprovechando el paso de una tormenta en Florida. Luego de 14 años, la mamá vio un video grabado por unos amigos que presumían sus recientes vacaciones en una isla idílica del Caribe. Ella logró reconocer a su victimario y a su hijo, ya joven adolescente, a quienes creía muertos. Viajó hasta allá para buscar a su hijo, y lo encontró. Fue hermoso su reencuentro y reunificación.

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE LA FAMILIA
ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES
REGIÓN DE HUMACAO















MOCIÓN DE RECONSIDERACIÓN: FREE LEO!  22

Servicios Personalizados SP-2021040950378

From:   servicioalcliente@asume.pr.gov

To:   mfeducderec@yahoo.com

Date:   Monday, April 12, 2021, 08:53 AM GMT-4

**Estimado Ciudadano:**

Asume esta cumpliendo con ordenes de tribunal

**Cordialmente,**

**Administración Para el Sustento de Menores**

La información transmitida en este mensaje está destinada solamente para la persona o entidad a quien es dirigida y
puede contener información confidencial o material legalmente privilegiado. Si usted no es el destinatario del mensaje,
cualquier revisión, retransmisión, difusión u otro uso, o el tomar cualquier acción referente a esta información está
prohibido. Si usted no es el recipiente previsto, conteste, por favor, inmediatamente, al remitente por correo electrónico
o teléfono que este mensaje se ha transmitido inadvertidamente a usted y suprima este correo de su sistema. Aunque
la agencia ha tomado precauciones razonables para evitar la presencia de virus en este correo, ésta no asume
responsabilidad por pérdidas o daños que resulten del uso de este correo o de cualquier archivo adjunto.

*100*



DEPARTAMENTO DE LA

# FAMILIA

ASUME    GOBIERNO DE PUERTO RICO

## Servicios Personalizados

Bienvenido(a) al Portal

Regresar (PagosOnline/PortalPrincipal.asp

## Su petición de servicio fue recibida exitosamente

Número de confirmación del servicio: **SP-2021041450902**

Recuerde guardar este numero para futura referencias. Se le notificara por correo electrónico seguimientos del servicio así como los acceso para la radicación de formulario electrónico según aplique por el tipo de servicio notificado. .

**Documentos a radicar:**

**Advertencia:** Usted podrá completar este documento de manera electrónica a través del enlace provisto. De manera conveniente, el borrador del documento será guardado por un periodo de 10 días para brindarle la oportunidad de completar el mismo. No obstante, no se considerará que el documento ha sido radicado a menos que haya presionado Someter y se le haya entregado un número de confirmación.

Será responsabilidad del participante presentar cualquier documento o acciones dentro de los términos correspondientes. Bajo ninguna circunstancia se podrá interpretar que la disponibilidad del borrador de un documento implica que la ASUME ha tomado conocimiento de su intención y solamente se considerará radicado una vez ha sido sometido.

**Warning:** You may complete this document electronically through the link provided. Conveniently, the draft of the document will be kept for a period of 10 days to give you the opportunity to complete it. However, the document will not be considered to have been filed unless you have pressed Submit and have been given a confirmation number.

It will be the participant's responsibility to present any document or actions within the corresponding terms. Under no circumstances can it be interpreted that the availability of a document's draft implies that ASUME has become aware of your intention and it will only be considered filed once it has been submitted.

---

**LIBEREN YA A** ███
del monstruo ALIEN de la
**CORRUPCIÓN JUDICIAL,**
que lo mantiene bajo
FREE ███ **DESAPARICIÓN FORZADA.**

14 de abril de 2021

Administración para el Sustento de Menores (ASUME)
Oficina Regional
Región Judicial de Humacao

A quien pueda interesar en la Administración de ASUME:

Como cuestión de umbral a esta **RÉPLICA** la parte perjudicada se
presentó, por derecho propio y en representación del menor Leonardo
Aníbal Rodríguez Feliciano, L.A.R.F., hoy de 16 años, ante el
honorable Foro Judicial Administrativo de ASUME el viernes, 9 de
abril de 2021, mediante la **Moción de Reconsideración: FREE** ███
solicitando el remedio esperanzador que provee la Ley 55-2020,
mejor conocida como **Nuevo Código Civil 2020**, en el **Art. 668** que
reza así:

> "*El alimentante puede, a discreción del juzgador y previa
> autorización judicial, satisfacer los alimentos mediante el
> pago de la pensión fijada o* "*RECIBIENDO EN SU CASA al que
> tiene derecho para ellos, siempre que resulte en el interés
> óptimo del alimentista*. *Esta última opción puede ser
> rechazada por el alimentista por razones de orden legal, moral
> o social, o por cualquier otra causa razonable*". [**¡GLORIA A
> DIOS!**]. [Corchetes nuestros].

Pareciera que los ruegos de la Sra. Feliciano Rosado se les antojan
pretensiones ridículas. Toda vez que la Administración de ASUME y
sendos agentes escapistas del Estado Libre Asociado de Puerto Rico
(E.L.A.) (en adelante Agencia o ASUME), se hacen los desentendidos
ante las legítimas peticiones de auxilio (2016-2021) de la parte
afectada. Agrava el hecho de que la última respuesta escurridiza
que recibimos anteayer lunes, 13 de abril de 2021 de la Agencia,
cuyo formalismo es frío, insensible e impugnador, torna ineficaz
la **Moción de Reconsideración: FREE** ███ Por si fuera poco, surge
del voluminoso récord del caso **CIVIL NÚM. HSRF201501224** que en las
sentencias, resoluciones y órdenes (2011-2021) **NO HAY** un vestigio
del principio de equidad ni de la justicia más elemental para las
víctimas. Son la "*baba*" espesa del **Monstruo Alien** de la corrupción
judicial que, malogrando la justicia, subvirtió todo el peso de la
maquinaria judicial y las agencias para tener en sus garras
apresado a ███

Por tanto, nos preguntamos si la respuesta tan parca, indolente,
distante y desconfiada que la Agencia dio a esta madre tiene el
efecto de una contestación oficial a la antedicha moción, que fue
exitosamente recibida en la plataforma digital del Departamento de
la Familia de Puerto Rico, con la correspondiente confirmación del
servicio, cuyo número alfanumérico es SP-2021040950378.

De ser así, entonces tenemos derecho a recibir una determinación
final y firme de ASUME de la cual recurrir en alzada al Tribunal
Apelativo, en virtud de la **Moción de Reconsideración: FREE** ███ ,
ora por correo electrónico, si así lo dispone el estado de derecho
*ad hoc* post-COVID-19, ora por correo postal, tal y como dispone la
Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme

1

LIBEREN YA A ███████

del monstruo ALIEN de la

CORRUPCIÓN JUDICIAL,

que lo mantiene bajo

FREE.██ DESAPARICIÓN FORZADA.

("LPAU"), 3 L.P.R.A. 2101, et seq., y su progenie que aplican a la situación aquí planteada. *Kelly Temporary Services v. F.S.E.*, 142 DPR 290 (1997); *Concepción v. Taíno Motors, Inc.*, 2006 TSPR 120; *Real Estate Corporation v. Junta de Planificación*, 74 DPR 470 (1953); *Ortiz v. Adm. Sist. De Retiro Emp. Gob.*, 147 DPR 816 (1999); *Rivera Rivera v. Municipio de Carolina*, 140 DPR 131 (1999); *Misión Industrial v. Junta de Planificación*, 145 DPR 908(1998).

En lo pertinente al derecho a la notificación de la parte afectada de una respuesta final de la Agencia, en virtud de una **reconsideración** en el procedimiento administrativo, del último párrafo de la Sec. 3.14 de la LPAU, supra, exponemos *ad verbatim* que: "*La agencia deberá noticiar por correo a las partes, y a sus abogados de tenerlos, la orden o resoluciones a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación*".

Cónsono con lo anterior, la Agencia está obligada a revelar el paradero del menor, si no media **un decreto judicial** en contrario, previo a la fecha de la radicación de la **Moción de Reconsideración: FREE** ██ A los efectos de justificar el hecho de mantener en estricto secretismo el paradero del menor L.A.R.F., tal y como si fuese un secreto de estado, la Agencia tiene que probar de forma precisa e inequívoca que existe un interés apremiante de mayor jerarquía que los valores protegidos por **el derecho de libertad de información** de los ciudadanos. De ser así, entonces, la alegada madre-alimentante tiene el derecho a la información en su corolario a recibir la copia de la orden de prohibición, si alguna, de la notificación del paradero actual del menor **LEO**, con fecha anterior a la moción en cuestión. Ello implica que la orden en ese sentido con fecha posterior sería de dudosa confiabilidad por la totalidad de las circunstancias del caso de marras.

Desconociéndose el paradero del menor, el punto esencial de la **Moción de Reconsideración: Free** ██ es la remisión a la Sra. Feliciano Rosado por parte de la Agencia de la dirección postal y residencial actual, donde la ASUME está enviando los pagos de la pensión alimentaria de su hijo, hoy joven-adolescente. En su defecto, si en consideración a la actividad criminológica, los secuestradores, **el Sr. Aníbal Rodríguez García** y su tercera (3ra) esposa, **la Sra. Gisela María Castillo Herrera**, prefieren el método de pago directo de la pensión alimentaria ██ menor, el destino de tal pago constituye el lugar donde esconden a ██ bajo **DESAPARICIÓN FORZADA** (2013-2021). Por tanto, la revelación de tal destino es insoslayable. Máxime cuando de tan vital información depende esta madre, que ha sufrido ya bastante, con los obstáculos que le han puesto para impedir que pueda ejercer efectivamente el derecho a recuperar a su hijo tras 9 años de su **DESAPARICIÓN FORZADA**, un crimen de lesa humanidad que no prescribe. Luego la culpan de todo.

Toda vez que la **desaparición de personas** es una sola violación autónoma, continua, pluriofensiva e indivisible, en sus diferentes componentes tradicionales. Éstos son, el **derecho a la vida** (en el que la Agencia es perita), el derecho a la integridad personal y derecho a la libertad personal. *Tampoco prescriben los crímenes que surgen del delito base como la tortura, el tráfico de menores,

2

LIBEREN YA A ▉▉▉▉▉

del monstruo ALIEN de la
CORRUPCIÓN JUDICIAL,
que lo mantiene bajo
FREE ▉ DESAPARICIÓN FORZADA.

la corrupción, la encarcelación ilegal y el secuestro. Además, los
artículos II y III de la Convención Interamericana sobre
Desaparición Forzada de Personas de 1994, disponen lo siguiente:

"*Para los efectos de la presente Convención, se considera
**DESAPARICIÓN FORZADA** la privación de la libertad a una o más
personas, CUALQUIERA QUE FUERE SU FORMA, cometida por agentes
del Estado o por personas o grupos de personas que actúen con
la autorización, el apoyo o la aquiescencia del Estado,
seguida de LA FALTA DE INFORMACIÓN O DE LA NEGATIVA A
RECONOCER DICHA PRIVACIÓN DE LIBERTAD O DE INFORMAR sobre el
paradero de la persona, con lo cual se impide el ejercicio de
los recursos legales y de las garantías procesales
pertinentes". \*Dicho delito será considerado como continuado
o permanente mientras no se establezca el destino o paradero
de la víctima.*

En este contexto tan atípico y que atenta simultáneamente contra
varios derechos reconocidos en el Derecho Internacional y en la
Convención Americana y su progenie, y los Arts. 306 y 300 del
Código Penal 2004 y 2012 de Puerto Rico, respectivamente, mantener
en secreto el lugar donde la Agencia está enviando los susodichos
pagos, no solo es una tortura para las víctimas que desnaturaliza
**el derecho a la vida en su corolario a recibir alimentos**,
consagrado en la Carta de Derechos de la Constitución del Estado
Libre Asociado de Puerto Rico (E.L.A.), sino que configura un
encubrimiento del delito de la **DESAPARICIÓN FORZADA DEL MENOR**. Lo
que convierte en histórico el caso de autos por ser de gran interés
público e internacional.

Ahora la Sra. Feliciano Rosado ha cobrado nuevas fuerzas en virtud
del poder del **ESPÍRITU SANTO**, y el **Art. 668** del Código Civil 2020,
que provee un nuevo remedio como opción de pago de pensión
alimentaria, consistente en **RECIBIR AL MENOR EN CASA**. Una petición
que es de Derecho y es justicia. Pertinentes son todos los datos
y ayudas que puedan proveer a esta madre-abogada, que ha caído en
desgracia por cumplir con su deber de denunciar actos de corrupción
judicial, según el mandato del canon 38 de Ética Profesional, y le
arrebataron a su hijo en castigo *ad infinitum*. De modo que la
Sra. Feliciano Rosado sea colocada en posición de desenredarse del
alambre de púas de infalibilidad judicial y órdenes nulas que la
aherrojan, por el sabotaje de la mafia del Tribunal de Mayagüez,
cuya jefa es la **Lcda. Olga Longoria Vélez**, en contubernio con la
**Jueza Lynette Ortiz Martínez**. ¡Haciéndonos sufrir esta pesadilla!

Lo anterior incide en el derecho a la información que es
consustancial con el derecho a la **Libertad de Expresión**, y está
enmarcado también dentro del derecho a confrontar la prueba, que
garantiza el debido proceso de ley en todo proceso adjudicativo,
*Ramírez v. Policía*, 158 DPR 320 (2002); *Torres v. Policía*, 143 DPR
783 (1997). Reiteradamente el Tribunal Supremo de Puerto Rico ha
coligado que, y citamos:

"*La tendencia en favor del derecho de la ciudadanía a la
información es irreversible, ya que existe una estrecha
correspondencia entre el derecho a la libre expresión y la
libertad de información. La premisa es sencilla. Sin
conocimiento de hechos no se puede juzgar; tampoco se puede*

3

104

**LIBEREN YA A** ▮▮▮

del monstruo ALIEN de la

**CORRUPCIÓN JUDICIAL,**

que lo mantiene bajo

FREE ▮▮ **DESAPARICIÓN FORZADA.**

*exigir remedios a los agravios gubernamentales mediante los procedimientos judiciales o a través del proceso de las urnas cada cuatro (4) años". Noriega v. Gob., 130 DPR 919 (1992).*

Como ya se dijo, la Administración de ASUME tiene que revelar el paradero de ▮▮▮ **la víctima principal**, ora por correo postal, ora por correo electrónico, ora por la vía telefónica, habida cuenta que tal información libertadora nunca llegó ni al conocimiento ni a las manos de la Sra. Feliciano Rosado. De lo contrario, la repuesta de la Agencia no solo es un menosprecio al dolor ajeno y un insulto a la inteligencia, sino una crasa violación a la ley que tanto presumen hacer cumplir.

Después de todo es la Agencia, cuya ley habilitadora es la Ley Núm. 86 de 17 de agosto de 1994, conocida como "Ley Orgánica para la Administración para el Sustento de Menores", que principalmente debe guiarse por la estrella polar del "interés óptimo" de los **NIÑOS Y NIÑAS** puertorriqueños. Añádase a ello que la Agencia está olvidando que "*el Estado tiene, [...] el deber, no ya legal sino moral, de proteger a los menores desamparados y a las víctimas de maltrato*", pues "*[s]on éstos los sujetos jurídicos más vulnerables en nuestra sociedad*" *[y]* "*[...] el Estado tiene que hablar por ellos.*" *Ex Parte Rivera Báez*, 170 DPR 678 (2007); *Depto. Familia v. Cacho González*, 188 DPR 773 (2013). Ver Ley Núm. 388-1998, según enmendada, Carta de los Derechos de los Niños, 1 LPRA secs. 412 et seq.37. En resumen, "*aun cuando la Ley no provea una solución a una controversia que envuelva a un menor, la solución siempre favorece considerar lo que mejor convenga a su bienestar, interés, salud y seguridad*". *Vargas v. Soler*, 160 DPR 790, 800-801 (2003).

De lo contrario, si lo primordial para la Agencia que pertenece a la Rama Ejecutiva del Gobierno del E.L.A. es el obedecimiento dogmático de las otras ramas, con un automatismo que despunta en despotismo, la doctrina de separación de poderes es letra muerta. Si esto es así, nuestros hijos e hijas le pertenecen al Estado bajo un **paternalismo nazi** que destrona el ordenamiento jurídico puertorriqueño, sin que el Pueblo lo note. En efecto, se echaría por tierra lo resuelto en casos como *Rexach v. Ramírez*, 162 DPR 130 (2004), y su progenie, a los efectos de que "*los menores de edad "no son criaturas del Estado*, sujetos al "*juicio subjetivo y discrecional*" de sus funcionarios sobre lo que es mejor o más conveniente para ellos". El "*yo mando aquí*" del poder opresor dominante, el **MONSTRUO ALIEN** que capturó a ▮▮▮ encubriendo su crimen con el manto de la obligación alimentaria imputada ilegalmente contra su madre, y enconando los ánimos contra ésta, le habrá quitado su autoridad a la ASUME y derrocado el Imperio de la Ley.

Pero la peor violencia, la más indignante e inesperada, que atenta contra la dignidad humana por ser sistemática y conforme a macabros fines de terceros (3ros), es la ejercida por la propia Agencia contra las víctimas de delito al no realizar todos los esfuerzos y diligencias posibles para que Maira y Leonardo sean reintegrados en su derecho de madre e hijo, y vivir bajo el mismo techo todos los días; ahora bajo un nuevo estado de derecho. "*La violencia por el Estado incluye tanto la que perpetra como la que tolera*" (Diana

4

# LIBEREN YA A ▮▮▮
### del monstruo ALIEN de la
## CORRUPCIÓN JUDICIAL,
### que lo mantiene bajo
# FREE ▮ DESAPARICIÓN FORZADA.

Valle Ferrer, PhD. (2012). *Town of Castle Rock v. Jessica Gonzales*, 545 US 748 (2005). Máxime cuando el Tribunal Supremo de Puerto Rico ha reiterado *ad nauseam* que: "Tolerar la violencia doméstica hoy contribuye a la <u>desintegración de la familia, a fomentar la criminalidad y al debilitamiento de los valores de la convivencia humana</u>", Pueblo v. Ruíz, 159 DPR 194 (2003).



El "ciclo de la violencia" se convalida con la infradesvaloración de la ASUME ante la violencia doméstica que, en el caso marras, "*salta a la vista e hiere la retina*", por su percepción marginal de los niños como víctimas de la violencia doméstica aislándolos del problema. Al razonar así, la Agencia se aferra a la terca idea de que el agresor puede ser mal esposo, pero un buen padre. Nada más lejos de la verdad. En consecuencia, se desampara al menor L.A.R.F. a la violencia del Sr. Rodríguez García por su voracidad por el dinero, *so* pretexto de ostentar un dictamen judicial que le cedió la custodia y patria potestad y que, por ende, autoriza el **cautiverio silencioso e invisibilizado** de su hijo primogénito. Esa es la razón principal de que esta madre y el menor aún no han hallado justicia en ninguna parte en P.R. Está claro que la juridización de la **DESAPARICIÓN FORZDA DEL MENOR** es el premio que le otorgó la mafia del Tribunal de Mayagüez (2011) al Sr. Rodríguez García por participar en un repudiable esquema de **corrupción judicial**, que lo liberó de la obligación alimentaria de ▮▮▮ (2011-2021); y que también fue ratificado por el hermano Tribunal de Humacao (2017).

En adición a lo anterior, la indiferencia criminal del Estado equivale a legitimar la violencia y peligrosidad de la Familia Rodríguez-García de Vieques, P.R., por su relación con el narcotráfico; <u>hecho que a nadie se le importe algo.</u> Además, se decuplica la violencia de la Sra. Castillo Herrera, oriunda de Las Piedras, P.R., por su obra maléfica y jactanciosa de movilizar sus conexiones mafiodes en el sistema judicial para magnificar la impotencia de sus víctimas (la madre y su hijo). Todos ellos actúan de conformidad a los intereses del agresor-psicópata, pero sus atropellos se han dejado pasar sin castigo. Luego, coligan que dizque "*esta madre abandonó a su hijo*", cuando toda la maquinaria de poder, **las garras Alien del Estado**, fue subvertida para privarla no solo de la protección de la ley, sino de la posibilidad de recuperar a su hijo ▮▮▮ y ESCAPAR con él de la violencia de todos ellos. ¡Esto es una obra infernal!

Al presente, modelico es el "Dictamen del Comité Económico y Social Europeo sobre los "**Los Niños: Víctimas Indirectas de la Violencia Doméstica**" del 21 de abril de 2006. En esencia, dicho dictamen se resume así: "**La violencia que se ejerce contra la madre es una forma de violencia que se ejerce contra el niño**". Esto significa que aunque la violencia doméstica contra la madre no es una forma de violencia directa contra los hijos, la violencia que se ejerce contra ésta **SIEMPRE PERJUDICA AL NIÑO de forma directa e indirecta. El menor es SIEMPRE también víctima de violencia psíquica.** El sentido de impotencia de la madre por no poder salvar a su hijo de la violencia es correlativamente similar al sentido de desamparo,

5

*106*

**LIBEREN YA A** ███████████
del monstruo **ALIEN** de la
**CORRUPCIÓN JUDICIAL,**
que lo mantiene bajo
**FREE** ███ **DESAPARICIÓN FORZADA.**

desasosiego y abandono a su suerte del menor y también en parte
éste se siente responsable de lo que está pasando. A menudo el
menor cree que tienen la culpa e intenta proteger a su madre
(salvando su honor y defendiéndola) y sufre por ello malos tratos
y amenazas.

Como **factores de presión** del estudio aludido cabe destacar, por
ser pertinentes al caso de epígrafe, los siguientes: 1) la vida en
un entorno amenazado, 2) la impredecibilidad de nuevas agresiones,
3) la angustia por la madre, 4) **la experiencia de desamparo** ante
las situaciones violentas que se presentan, 5) el sentimiento de
aislamiento debido al mandamiento de **SILENCIO**, 6) el conflicto de
lealtad hacia los padres, 7) el deterioro de la relación padre-
hijo/madre-hijo.

No nos cansamos de repetir que en este caso **SE SACRIFICAN** los
derechos y libertades del menor **L.A.R.F.** en el altar pagano de la
infalibilidad judicial con sentencias inventadas, que se sostienen
tanto como se sostuvo la infalibilidad papal, retrotrayendo así a
los Tribunales de Puerto Rico al oscurantismo de la Edad Media.
En este contexto acorralado, a ███ se le mantiene bajo cautiverio
cruel y lejos de su madre biológica sin razón legal, con tal de
proteger a quienes cometen los crímenes graves y de lesa humanidad
de **SECUESTRO Y DESAPARICIÓN FORZADA DEL MENOR**, juridizados como
Derecho bajo un escandaloso esquema de **corrupción judicial**.

Con el ánimo puesto en **DIOS**, la Sra. Feliciano Rosado ha buscado
que alguien le ayude a rescatar a su hijo tropezando a cada paso
con las artimañas y argucias de **la mafia** del Tribunal de Mayagüez
y sus adláteres y lacayos del Estado. Empeñada en defender a los
malos, el poder hegemónico represor le ha hecho pasar de calamidad
en calamidad. Experimentó amenazas, la prisión y el terror de los
que procurando conservar su poderío, no por medios legítimos, sino
apelando a todos los medios posibles, la sacaron de carrera. El
hecho de que esta madre-abogada esté sola enfrentando el **Monstruo
Alien** de la corrupción judicial al que todos temen (2011-2021), y
que haya puesto los cruzacalles tan censurados como una petición
de auxilio, allá para el 2012, sintiéndose presa del temor y el
horror a la aprensión tras acabar de salir de la cárcel siendo
inocente, es suficiente evidencia de que **LA MADRE NUNCA ABANDONÓ
A SU HIJO LEO**. Máxime cuando el estar al día, actualmente, en los
pagos de la pensión alimentaria no detiene su lucha por recuperar
a su hijo, *so* pena de mayores represalias y encarcelaciones por
tortura y silenciamiento. Ningún argumento puede desdecir tal
evidencia de que **SÍ** esta madre-abogada ha *tenido* y *tiene* interés
de recuperar a su hijo. No obstante, ella dejó de comparecer al
Tribunal de Mayagüez por su escalonado **TERRORISMO JUDICIAL**; *"con
los terroristas NO se negocia"* (Dr. Knight (2004), Seminario de
Ética del Colegio de Mayagüez). Con todo, este crimen organizado
tampoco parece que a nadie se le importe algo. De ahí, tal poderío.

Pero el hecho más inicuo es que todos saben que la Sra. Feliciano
Rosado dice la verdad. Con todo, por temor a perder su "*sillita*",
una abrumadora mayoría de los funcionarios y agentes del Estado,
por demás amigos de la comodidad para distinguirse ejecutando cosa
digna de esfuerzo, sacrificio y riesgo, invisibilizan al menor y

6

**LIBEREN YA A** ██████

del monstruo **ALIEN** de la

**CORRUPCIÓN JUDICIAL,**

que lo mantiene bajo

**FREE** █ **DESAPARICIÓN FORZADA.**

cierran filas contra la madre al cerrar voluntariamente sus ojos a la evidencia. En verdad, **el menor L.A.R.F. NO le importa a nadie; sólo a su madre.** ¡Ello es espeluznante! Rechazar obstinadamente la verdad esbozada en las innumerables quejas de esta madre, equivale a perpetuar la tiranía y el maltrato institucional contra los niños abriendo a tan grandes impiedades una puerta aún más ancha en las Salas de Familia de los tribunales de Puerto Rico.

Para colmo de males, cada vez que esta madre trata de recuperar a su hijo no solo la culpan de todo los males y daños que les han causado, sino que además la ridiculizan o encarcelan, pero en conciencia bien saben que *era* y *es* inocente. Este hecho es lo más macabro del presente caso, en el que la madre y su hijo son **mártires** de las mafias de los Tribunales de Puerto Rico. Pero, con los ojos de la fe, podemos decir: *"No hay mejor púlpito que la hoguera de los mártires"* (El Conflicto de los Siglos de Elena White, p. 208). **DIOS DIRÁ LA ÚLTIMA PALABRA,** ¿de qué lado estará la Agencia cuando eso ocurra? En Salmos 82:3, 4, dice así: *"3Defended al débil y al huérfano; haced justicia al afligido y al menesteroso. 4Librad al afligido y al necesitado; libradlo de mano de los impíos".*

Finalmente, la Sra. Maira I. Feliciano Rosado, pide excusas si aparenta ser irrespetuosa o tener ínfulas de sabiduría por los datos que provee en esta **RÉPLICA**. Su única intención es que se le haga justicia a su hijo y se le dé la oportunidad de escapar de la violencia y recuperar a su madre. En su defecto, ¿cómo se sentirían ustedes si el Estado les robara a sus hijos e hijas, nietos o nietas, y luego nadie hiciera nada para que los rescataran por terror a las represalias, extensivas a los suyos, por parte de los agentes secuestradores del gobierno?



En espera de la respuesta oficial y final de la Administración de ASUME de Humacao a la **MOCIÓN DE RECONSIDERACIÓN: FREE** █ , y de la notificación del paradero del menor L.A.R.F., queda de ustedes, la declarada madre-alimentante desesperada por recuperar a su único hijo.

Atentamente,

*Maira I. Feliciano Rosado*

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Maní
Mayagüez, Puerto Rico 00682
(787) 242-1302 / (786) 371-6770
mfeducderec@yahoo.com

7

*109*

Servicios Personalizados SP-2021041450902

From: servicioalcliente@asume.pr.gov

To: MFEDUCDEREC@YAHOO.COM

Date: Thursday, April 15, 2021, 12:50 PM GMT-4

**Estimado Ciudadano:**

Se le informo que assume cumple con las ordenes de tribunal. no con custodia.

**Cordialmente,**

**Administración Para el Sustento de Menores**

La información transmitida en este mensaje está destinada solamente para la persona o entidad a quien es dirigida y puede contener información confidencial o material legalmente privilegiado. Si usted no es el destinatario del mensaje, cualquier revisión, retransmisión, difusión u otro uso, o el tomar cualquier acción referente a esta información está prohibido. Si usted no es el recipiente previsto, conteste, por favor, inmediatamente, al remitente por correo electrónico o teléfono que este mensaje se ha transmitido inadvertidamente a usted y suprima este correo de su sistema. Aunque la agencia ha tomado precauciones razonables para evitar la presencia de virus en este correo, ésta no asume responsabilidad por pérdidas o daños que resulten del uso de este correo o de cualquier archivo adjunto.

109

Re: Servicios Personalizados SP-2021041551023

From: Feliciano Maira (mfeducderec@yahoo.com)

To: servicioalcliente@asume.pr.gov

Date: Friday, April 16, 2021 03:19 PM GMT-4

Incluí el Atachment de la Moción que remitió el supuesto paradero del menor. Se ve
que no son sus hijos los que están bajo DESAPARICIÓN FORZADA.

On Friday, April 16, 2021, 03:14:08 PM GMT-4, Feliciano Maira <mfeducderec@yahoo.com> wrote:

Saludos.

A quien pueda interesar en la ASUME de Humacao:

El que puede lo más puede lo menos. La información del paradero del menor SÍ
está dentro de la jurisdicción de la ASUME, en virtud de la "Moción Informativa Y
Solicitud de Traslado", fechada el 27 de julio de 2015 y notificada el 23 de agosto
de 2015 (Ver Atachment), que la ASUME de Mayagüez me envió. Dicha moción me
remite las direcciones que el Sr. Aníbal Rodríguez García proveyó originalmente a
la ASUME de Mayagüez y de Humacao, para cobrar la deuda acumulada que se
libró al pagar por participar en un esquema de corrupción judicial. Tan pronto
advine en conocimiento de la conducta fraudulenta del Sr. Aníbal Rodríguez García
por devolución de las postales de cumpleaños para el menor, y de las copias de las
notificaciones de las mociones y escritos que le envié, a los fines de recuperar a mi
hijo, lo notifiqué a la ASUME en tiempo hábil. Pero sus atropellos y fraudes
quedaron sin castigo. En consecuencia, me encarcelaron siendo inocente y al
agresor-psicópata no sólo se fue con dinero, protección y envalentonado, sino que
las agentes de la ASUME le rieron sus ocurrencias espontáneas en la vista del 15
de marzo de 2017 tras mi trágica indefensión jurídica por craso desequilibrio de
poder.  Él es tan chistoso como Idi-Amín Dada.  Me pregunto, ¿cómo pueden dar
crédito al testimonio del victimario y revestirlo con una falsa aureola de veracidad
vis a vis no dar crédito alguno a mi testimonio; hoy so pretexto de no tener
jurisdicción en casos de custodia?

En su defecto, me pregunto también, por qué si la ASUME no tiene jurisdicción
para proteger a un menor de la violencia doméstica y liberarlo de su captores que
lo mantienen bajo DESAPARICIÓN FORZADA, con excelentes excusas, ¿cómo
puede la Agencia justificar su juridicción para poner en manos de su secuestrador
el expediente del caso de marras y permitirle que lo sacara fuera de la agencia, sin
supervisión alguna, con el propósito de que dispusiera de él en su casa y
planificara sus próximos ataques, allá para el 26 de enero de 2017? Esto significa
que la Agencia colocó al Sr. Aníbal Rodríguez García, el victimario, en una posición
en que tuviera la victoria segura sobre sus víctimas, con tal de no perder el favor
del poder opresor dominante, o sea la mafia, el Montruo Alien de poder
corrompido, que lo protegía desde que los procedimientos del caso de marras se
celebraban en el hermano Tribunal de Mayagüez. Ello constituye una subyugación
de la mujer y la perpetuidad del cautiverio de su hijo por trato preferencial, crasa
parcialidad, encubrimiento y encanallamiento de la Administración para el Sustento
de Menores.

Ciertamente, la Agencia y sus manejadoras del caso han violado todos los
derechos del menor y la ley que tanto presumen hacer cumplir. Esta es la historia
de nunca acabar. "A veces el discrimen mayor se funda en tratar cosas que son
diferentes, como si fueran iguales", Cardona v. Dpto. de Recreación y Deportes,
129 DPR 557 (1991). DIOS dirá la última palabra en este caso tan burlado por el
Estado.

Atentamente,

Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Maní
Mayagüez, Puerto Rico 00682
Teléfonos (787) 242-1302/(786) 371-6770.



**LIBEREN YA A** ███████
del monstruo ALIEN de la
**CORRUPCIÓN JUDICIAL,**
que lo mantiene bajo
FREE ███ **DESAPARICIÓN FORZADA.**

On Friday, April 16, 2021, 09:40:14 AM GMT-4, servicioalcliente@asume.pr.gov <servicioalcliente@asume.pr.gov>
wrote:

**Estimado Ciudadano:**

Buen día: Entendemos que su solicitud es para custodia del menor, la assume no tiene el poder, ni jurídicion para
entrar en pleito de custodia debe referise al tribunal superior.

Cordialmente,

**Administración Para el Sustento de Menores**

La información transmitida en este mensaje está destinada solamente para la persona o entidad a quien es dirigida y
puede contener información confidencial o material legalmente privilegiado. Si usted no es el destinatario del
mensaje, cualquier revisión, retransmisión, difusión u otro uso, o el tomar cualquier acción referente a esta
información está prohibido. Si usted no es el recipiente previsto, conteste, por favor, inmediatamente, al remitente
por correo electrónico o teléfono que este mensaje se ha transmitido inadvertidamente a usted y suprima este correo
de su sistema. Aunque la agencia ha tomado precauciones razonables para evitar la presencia de virus en este
correo, ésta no asume responsabilidad por pérdidas o daños que resulten del uso de este correo o de cualquier
archivo adjunto.

ANEJO, MOCIÓN INFORMATIVA Y EN SOLICITUD DE TRASLADO, 27 DE JULIO DE 2015.pdf
2.7MB

Servicios Personalizados SP-2021041551023

From:  servicioalcliente@asume.pr.gov

To:  MFEDUCDEREC@YAHOO.COM

Date:  Friday, April 16, 2021, 09:40 AM GMT-4

**Estimado Ciudadano:**

Buen dia: Entendemos que su solicitud es para custodia del menor, la assume no tiene el poder, ni jurridiccion para entrar en pleito de custodia debe referise al tribunal superior.

**Cordialmente,**

**Administración Para el Sustento de Menores**

La información transmitida en este mensaje está destinada solamente para la persona o entidad a quien es dirigida y puede contener información confidencial o material legalmente privilegiado. Si usted no es el destinatario del mensaje, cualquier revisión, retransmisión, difusión u otro uso, o el tomar cualquier acción referente a esta información está prohibido. Si usted no es el recipiente previsto, conteste, por favor, inmediatamente, al remitente por correo electrónico o teléfono que este mensaje se ha transmitido inadvertidamente a usted y suprima este correo de su sistema. Aunque la agencia ha tomado precauciones razonables para evitar la presencia de vírus en este correo, ésta no asume responsabilidad por pérdidas o daños que resulten del uso de este correo o de cualquier archivo adjunto.

112

55686-32-7-ES

# EL TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
# PARA EL DISTRITO DE PUERTO RICO



COPY
4/oct/2031

In re:

JUNTA DE SUPERVISIÓN FISCAL Y ADMINISTRACIÓN
FINANCIERA PARA PUERTO RICO
en representación de

EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al.,

Deudor

PROMESA

TÍTULO III

No. 17 BK 3283-LTS

(Administrados conjuntamente)

## BOLETA DE VOTACIÓN PARA LOS POSEEDORES DE RECLAMACIONES DE LA CLASE CLASE 51I (RECLAMACIONES DE LOS PARTICIPANTES ACTIVOS DEL SRM)

Esta Boleta de Votación es para votar para aceptar o rechazar el *Séptimo Plan de Ajuste Conjunto Enmendado bajo el Título III del Gobierno de Puerto Rico, et al,* fechado el 30 de julio de 2021 (Plan).

### FAVOR DE COMPLETAR LO SIGUIENTE:

### 📝 VOTE SOBRE EL PLAN

Posee una Reclamación en la Clase **Clase 51I (Reclamaciones de los participantes activos del SRM)**
Por la presente, yo voto (favor de marcar solamente una):

| ☐ ACEPTAR (votar A FAVOR) del Plan | ☒ RECHAZAR (votar EN CONTRA) del Plan |

Nombre del poseedor: MAIRA I FELICIANO ROSADO

Firma: *Maira I. Feliciano Rosado* *(A mano o a máquina)*

Nombre y relación del firmante con el poseedor de la reclamación: _____

Dirección: Calle Elena Segarra #154 *(Si no es el poseedor de la reclamación)*

El Maní

Mayagüez, P.R. 00682

Número de Teléfono: 0 (787) 242 - 1302

Correo electrónico: mfeducderec@yahoo.com

Fecha en la que completó el formulario: 4 de octubre de 2021

### ⚠ NOTA IMPORTANTE:

Usted puede someter su Boleta de Votación por correo, entregándola a la mano en centros localizados en Puerto Rico, o utilizando la plataforma electrónica "E-Ballot". Favor de revisar las instrucciones para Votar que acompañan esta Boleta de Votación para más información. Si usted desea someter su Boleta de Votación utilizando la plataforma electrónica, favor de visitar a cases.primeclerk.com/puertorico.

**Boletas deben ser recibidas en o antes de las 5:00 p.m. (Hora del Atlántico), el 4 de octubre de 2021.**

**Si usted desea someter su Boleta utilizando la plataforma electrónica, necesitará la siguiente información:**

# de Identificación Único de la Boleta de Votación electrónica E-Ballot: 170328300156909

**Usted o miembros de su familia podrían recibir más de una Boleta de Votación con un Número de Identificación Único diferente para el E-Ballot. Por favor complete y somete un E-Ballot por cada ID# que usted reciba.**

Si usted somete su Boleta de Votación utilizando la plataforma electrónica E-Ballot, NO deberá someter una Boleta de Votación en papel.

Voter ID: 51117732

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
170328300156909    *113*

Sistema de Retiro Para Maestros (SRM), también abogada
(aunque sin revalidar aún el título), y vecina del Pueblo de
Mayagüez, para incluir como reclamante y en representación de
su hijo unigénito, al menor L.A.R.F., hoy de 16 años (mi única
riqueza y esperanza de vida), como parte interesada y la

1

*114*

**Prime Clerk**
Grand Central Station PO Box 4850
New York, NY 10163-4850



In re Commonwealth of Puerto Rico
Case No. 17-03283
United States Bankruptcy Court for the District of Puerto Rico (San Juan)

**PRIME CLERK RECEIVED YOUR
PROOF OF CLAIM.**

Date Filed: 10/18/2021
Proof of Claim No.: 179662

For additional information, please visit
**http://cases.primeclerk.com/puertorico**, or
call us at **844.822.9231**.

Maria Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Mani
Mayaguez, PR 00682

**IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS
ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.**

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|------|---------|-----------|--------|----------------------|
| Feliciano Rosado, Maria Ivet | 179662 | 10/18/2021 | Commonwealth of Puerto Rico | $0.00 |

| Treatment: | Claim to be Disallowed |
|------------|------------------------|
| Reason: | Proof of claim was not timely filed, as claimant filed the claim after the applicable deadline set by the Bar Date Orders. |

**SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES
SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.**

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|--------|--------------------|-----------------------|--------|---------------------------------|
| Feliciano Rosado, Maria Ivet | 179662 | 10/18/2021 | Commonwealth of Puerto Rico | $0.00 |

| Tratamiento: | Reclamo a ser desestimado |
|--------------|---------------------------|
| Base para: | La Evidencia de Reclamo no se presentó a tiempo, ya que el Reclamante presentó el reclamo después de la fecha límite aplicable establecida en las Órdenes de Fecha Límite. |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at:
https://cases.primeclerk.com/puertorico. If you have questions, please contact Prime Clerk LLC at (844) 822-9231 (toll free for
U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard
Time) (Spanish available).

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de
manera gratuita, en https://cases.primeclerk.com/puertorico. Si tiene alguna pregunta, comuníquese con Prime Clerk LLC
llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el
extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).

***CUS PR 1845 SRF 59628 PackID: 15 MMLID. 2588964 - P SVO: Omn 414
Feliciano Rosado, Maria ivet
Calic Elena Segarra #154
Sector El Man
Mayaguez PR 00682

2

117

Prime Clerk, LLC
Grand Central Station
PO Box 4850
New York, NY 10163-4850

LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT/GENERAL COUNSEL.

Formulario **480.7C**
Form
Rev. 08.21

GOBIERNO DE PUERTO RICO - GOVERNMENT OF PUERTO RICO
Departamento de Hacienda - Department of the Treasury
DECLARACIÓN INFORMATIVA - PLANES DE RETIRO Y ANUALIDADES
INFORMATIVE RETURN - RETIREMENT PLANS AND ANNUITIES

Número de Confirmación de Radicación Electrónica
Electronic Filing Confirmation Number

AÑO CONTRIBUTIVO: **2021**
TAXABLE YEAR

☐ Enmendado - Amended: (___/___/___)

Indique propósito - Indicate purpose
☐ Aportaciones / Contributions ☒ Distribuciones / Distributions ☐ Ambos / Both

| INFORMACIÓN DEL PAGADOR - PAYER'S INFORMATION | INFORMACIÓN DE QUIEN RECIBE EL PAGO - PAYEE'S INFORMATION | INFORMACIÓN DEL PLAN - PLAN'S INFORMATION |
|---|---|---|
| Núm. de Identificación Patronal - Employer Identification No. | Selecciona su encasillado: - Select one box: ☒ Residente / Resident ☐ No Residente Ciudadano de EU. / Nonresident U.S. Citizen ☐ No Residente Extranjero / Nonresident Alien | Núm. de Identificación Patronal - Employer Identification No. |
| Nombre - Name ADMINSTRACIÓN SISTEMAS DE RETIRO | Núm. de Identificación - Identification No. | Nombre del Plan - Name of Plan ADMINSTRACIÓN SISTEMAS DE RETIRO |
| Dirección - Address PO BOX 42003 | Nombre - Name MAIRA FELICIANO ROSADO | Nombre de quien auspicia al plan - Plan sponsor's name ADMINSTRACIÓN SISTEMAS DE RETIRO |
| SAN JUAN PR 00940-2003 Código Postal - Zip Code | Dirección - Address | Fecha en que comenzó a recibir la pensión: Date on which you started to receive the pension: |
| Núm. de Teléfono - Telephone No. | Correo Electrónico - E-mail | Código Postal - Zip Code | Día/Day **4** Mes/Month **12** Año/Year **2014** |

Marque el encasillado correspondiente: - Check the corresponding box:

| Forma de Distribución: - Form of Distribution: | Tipo de Plan o Anualidad: - Plan or Annuity Type: |
|---|---|
| ☐ Total / Lump Sum ☐ Parcial / Partial ☒ Pagos Periódicos / Periodic Payments | ☒ Gubernamental / Governmental ☐ Privado Calificado / Qualified Private ☐ No Calificado / Non Qualified ☐ Anualidad Fija / Fixed Annuity ☐ Anualidad Variable / Variable Annuity |

| Descripción - Description | Cantidad - Amount | Distribuciones - Distributions | |
|---|---|---|---|
| 1. Aportación Vía Transferencia / Rollover Contribution | 0.00 | 16. Cantidad Distribuida / Amount Distributed | 5,905.68 |
| 2. Distribución Vía Transferencia / Rollover Distribution | 0.00 | 17. Cantidad Tributable / Taxable Amount | 5,605.68 |
| 3. Costo de la Pensión o Anualidad / Cost of Pension or Annuity | 26,390.77 | 18. Cantidad sobre la cual se Pagó por Adelantado bajo las Secciones 1023.21, 1081.01(b)(9) o 1012D(b)(9) - Amount over which a Prepayment was Made under Sections 1023.21, 1081.01(b)(9) or 1012D(b)(9) | 0.00 |
| 4. Fondo de Retiro Gubernamental / Governmental Retirement Fund | 0.00 | 19. Aportaciones Voluntarias / After-Tax Contributions | 0.00 |
| 5. Contribución Retenida sobre Pagos Periódicos de Planes Calificados o Gubernamentales - Tax Withheld from Periodic Payments of Qualified or Governmental Plans | 0.00 | 20. Ingresos Exentos / Exempt Income | 300.00 |
| 6. Contribución Retenida sobre una Distribución Total (20%) / Tax Withheld from Lump Sum Distributions (20%) | 0.00 | 21. Distribuciones por Razón de un Desastre Declarado por el Gobernador de Puerto Rico - Distributions for Reason of a Disaster Declared by the Governor of Puerto Rico | |
| 7. Contribución Retenida sobre una Distribución Total (10%) / Tax Withheld from Lump Sum Distributions (10%) | 0.00 | | |
| 8. Contribución Retenida sobre Distribuciones de Planes No Calificados - Tax Withheld from Distributions of Non Qualified Plans | 0.00 | A. Exentas / Exempt | 0.00 |
| 9. Contribución Retenida sobre Otras Distribuciones de Planes Calificados (10%) - Tax Withheld from Other Distributions of Qualified Plans (10%) | 0.00 | B. Tributables / Taxable | 0.00 |
| 10. Contribución Retenida sobre Anualidades / Tax Withheld from Annuities | 0.00 | C. Cantidad sobre la cual se Pagó por Adelantado / Amount over which a Prepayment was Made | 0.00 |
| 11. Contribución Retenida sobre Transferencia de un Plan Calificado a una Cuenta de Retiro Individual No Deducible - Tax Withheld from Rollover of a Qualified Plan to a Non Deductible Individual Retirement Account | 0.00 | D. Aportaciones Voluntarias / After-Tax Contributions | 0.00 |
| 12. Contribución Retenida sobre Distribuciones del Programa de Cuentas de Ahorro para el Retiro (10%) Tax Withheld from Distributions of the Retirement Savings Account Program (10%) | 0.00 | E. Total (Sume líneas 21A a la 21D) / Total (Add lines 21A through 21D) | 0.00 |
| 13. Contribución Retenida sobre Transferencia del Programa de Cuentas de Ahorro para el Retiro a Cuenta de Retiro Individual No Deducible (10%) - Tax Withheld from Rollover of the Retirement Savings Account Program to a Non Deductible Individual Retirement Account (10%) | 0.00 | 22. Contribución Retenida sobre Distribuciones por Razón de un Desastre Declarado por el Gobernador de Puerto Rico - Income Tax Withheld on Distributions for Reason of a Disaster Declared by the Governor of Puerto Rico | 0.00 |
| 14. Contribución Retenida sobre Distribuciones a No Residentes - Tax Withheld from Nonresident's Distributions | 0.00 | 23. Código de Distribución / Distribution Code | A |
| 15. Contribución Retenida sobre Otras Distribuciones / Tax Withheld from Other Distributions | 0.00 | Razones para el Cambio / Reasons for the Change | |

| Número de Cuenta / Account Number | Número de Control / Control Number | Número de Control de la Declaración Informativa Original / Control Number of Original Informative Return |
|---|---|---|

FECHA DE RADICACIÓN: 28 DE FEBRERO O 30 DE NOVIEMBRE, SEGÚN APLIQUE. VEA INSTRUCCIONES - FILING DATE: FEBRUARY 28 OR NOVEMBER 30, AS APPLICABLE. SEE INSTRUCTIONS

ENVIE ELECTRÓNICAMENTE AL DEPARTAMENTO DE HACIENDA. ENTREGUE DOS COPIAS A QUIEN RECIBE EL PAGO, CONSERVE COPIA PARA SUS RECORDS.
SEND TO DEPARTMENT OF THE TREASURY ELECTRONICALLY. DELIVER TWO COPIES TO PAYEE. KEEP COPY FOR YOUR RECORDS.

JUNTA DE RETIRO

119

TRAY 39  SEQ 16596  ***********AUTO**SCH 5-DIGIT 00680    P1 T35  N16596
MAIRA FELICIANO ROSADO
PARC MANI
154 CALLE ELENA SEGARRA
MAYAGUEZ PR 00682-6123

120

Government of Puerto Rico
**Departamento de la Familia**
Department of the Family
**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
ADMINISTRATION FOR CHILD SUPPORT ENFORCEMENT
**Región de HUMACAO**
Region of HUMACAO

Núm. del Caso:   **0516701**

Núm. del Caso
Intergubernamental:

**FELICIANO ROSADO MAIRA   (45)**

**OBJECIÓN A LA NOTIFICACIÓN DE INTENCIÓN DE REFERIR LOS CASOS EXCLUIDOS DEL QUE SE
EJECUTEN ALGUNOS DE LOS REMEDIOS DE CUMPLIMIENTO**

Al Administrador:

Comparece _Maira I. Feliciano_ , Persona No Custodia en el caso señalado arriba, cuyo número de
seguro social es X X X - X X - 4871, quien EXPONE, ALEGA Y SOLICITA:

PRIMERO:  El día _13_ de _abril_ de _2022_ , recibí una carta de "Notificación sobre intención de
referir los casos excluidos del que se ejecuten algunos de los remedios de cumplimiento".

SEGUNDO:  En esa notificación se me indicó que en mi caso se venció el término para evaluar y
atender las controversias presentes en éste y, por consiguiente, mi nombre y datos
personales van a ser referidos para que se ejecuten algunos de los mecanismos de
cumplimiento de la pensión alimentaria.

TERCERO:  Por la presente, objeto el referido, por la razón siguiente:

[x] Existe un error de hecho _Mi hijo está bajo cruel Desaparición Forzada (1998-2022)_
[x] Existe controversia por la deuda o la cantidad adeudada ante la Administración de Sustento de
Menores
[x] Existe controversia por la deuda o la cantidad adeudada ante el Tribunal General de Justicia
[ ] No soy el alimentante deudor o la alimentante deudora
[ ] Me acogí a la Ley de Quiebras federal
[ ] Soy participante del Proyecto IMPULSO

En _Mayagüez_ , Puerto Rico, hoy _13_ de _abril_ de _2022_

_Maira I. Feliciano Rosado_
Nombre (Letra de molde)

_Calle Elena Segarra #154 El Maní_
Dirección Postal _Mayagüez, P.R. 00682-6128_

_Maira I. Feliciano Rosado_
Firma

_(787) 242-1302_  ¡Devuélvanme!
Teléfono    a mi hijo. Díganme,
¿a qué lugar de los
Estados Unidos le
están enviando el
dinero de su pensión
alimentaria.
Rev. 07/21
(SM1501)



LIBEREN YA A ▮
del monstruo ALIEN de la
CORRUPCIÓN JUDICIAL,
que lo mantiene bajo
FREE ▮ DESAPARICIÓN FORZADA.

/ 21

**Gobierno de Puerto Rico**
Government of Puerto Rico

**Departamento de la Familia**
Department of the Family

**ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES**
ADMINISTRATION FOR CHILD SUPPORT ENFORCEMENT

**Región de HUMACAO**
Region of HUMACAO

Case Number: **0516701**

Other State
Case Number:

FELICIANO ROSADO MAIRA   (45)

### OBJECTION TO THE NOTICE OF INTENTION TO REFER CASES EXCLUDED FROM ENFORCING SOME COMPLIANCE MECHANISMS

To the Administrator:

Appears before ASUME_____,Non Custodial Parent in the above-mentioned case, whose social security number is _____,who STATES, ALLEGES AND PRAYS:

FIRST:        On _____, I received a "Notice of Intention to Refer Cases Excluded from Enforcing Some Compliance Mechanisms".

SECOND:     In that notice I was informed that the term for evaluating and addressing controversies in my case has expired and therefore, my name and personal information will be referred so that some child support compliance mechanisms can be enforced.

THIRD: I hereby object the referral for the following reason:

[  ] There is an error in fact
[  ] The debt itself or the amount due is at issue before the Administration for Child Support Enforcement
[  ] The debt itself or the amount due is at issue before the General Court of Justice
[  ] I am not the obliged debtor
[  ] I have filed a bankruptcy petition
[  ] I have enrolled in the "IMPULSO" Project

In _____, Puerto Rico, today _____ _____.

_____
Name (In print)

_____
Address

_____
Signature

_____
Telephone number

REGION HUMACAO, PO BOX 577
HUMACAO PR 00792   (787)285-1555

Rev. 07/21      8
(SM1501)

/ 2 2

**U.S. Bankruptcy Court**

**District of Puerto Rico**

Notice of Electronic Filing

The following transaction was received from Ramirez, Marian entered on 3/24/2022
at 2:17 PM AST and filed on 3/24/2022

| | |
|---|---|
| **Case Name:** | COMMONWEALTH OF PUERTO RICO and Puerto Rico Public Buildings Authority (PBA) |
| **Case Number:** | 17-03283-LTS9 |
| **Document Number:** | 20437 |

**Docket Text:**
ORDER CONCERNING [20359] APPLICATION FILED BY MAIRA I.
FELICIANO ROSADO re: [20358] Notice of Appeal. Signed by Judge Laura Taylor
Swain on 3/24/2022. (mr) s/c sent to Feliciano Rosado.

/ 2 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE COMMONWEALTH OF PUERTO RICO et<br>al., | |
| Debtors.[1] | |

ORDER CONCERNING APPLICATION FILED BY MAIRA I. FELICIANO ROSADO

The Court has received and reviewed the *Application to Proceed in District Court Without Prepaying Fees or Costs* (Docket Entry No. 20359 in Case No. 17-3283, the "Motion"), filed by Maira I. Feliciano Rosado, which the Court deems to be a motion for permission to proceed in forma pauperis with respect to Ms. Feliciano Rosado's appeal of the Court's ruling reclassifying proof of claim no. 10547 (the "Proof of Claim") as a general unsecured claim. (See Docket Entry No. 20358 in Case No. 17-3283, the "Notice of Appeal").

Ms. Feliciano Rosado's Proof of Claim form asserts that her claim is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) and is secured in whole or in part by a lien on property. At the February 16, 2022, hearing concerning the Debtors' objections to certain proofs of claim, the Court made the following ruling concerning the proof of claim filed by Ms. Feliciano Rosado:

I have reviewed the written submissions, and listened very carefully to everything that has been said today. I am terribly sorry to hear

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

124

what Ms. Feliciano-Rosado has been going through, and her concerns about her son. and the custody matters, and the treatment of the child-custody payments. Those are not matters that are properly before the Court today. What is before the Court today is the question of whether the claim that Ms. Feliciano-Rosado has filed in these Title III proceedings is entitled to priority payment classification, either because it concerns a sale of goods to the Commonwealth within a certain period of time, or because it is backed by security, money, or property set aside to pay that claim specially. Neither of those necessary facts is established with respect to this claim. Therefore, the Court sustains the 362nd Omnibus Objection as to claim no. 10547 filed by Maira I. Feliciano-Rosado. That claim is reclassified as a general unsecured claim, and it will be considered and evaluated for payment and validity along with other general unsecured claims.

(Feb. 16. 2022. Hr'g Tr. 20:3-21, Docket Entry No. 20164 in Case No. 17-3283.) The Court has reviewed the Motion and the Notice of Appeal, and nothing therein identifies any non-frivolous argument on appeal of the Court's February 16, 2022, ruling. Accordingly, the Court certifies that Ms. Feliciano Rosado's appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016) ("Good faith for purposes of § 1915(a)(3) is judged by an objective standard; i.e., whether the litigant 'seeks appellate review of any issue not frivolous.'") (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). The Motion is therefore denied.

This Order resolves Docket Entry No. 20359 in Case No. 17-3283.

SO ORDERED.

Dated: March 24, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ROOM 150 FEDERAL BLDG
SAN JUAN PR 00918-1767

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Maira I. Feliciano Rosado
Calle Elena Segarra #154, El Mani
Mayaguez, PR 00682-3987

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO / TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO

| Fill in this information to identify the case (Select only one Debtor per claim form). / Llene esta información para identificar el caso (seleccione sólo un deudor por formulario de reclamación). | | |
|---|---|---|
| ☑ Commonwealth of Puerto Rico<br>El Estado Libre Asociado de Puerto Rico | Case No. 17-bk-03283 | Petition Date:<br>May 3, 2017 |
| ☐ Puerto Rico Sales Tax Financing Corporation (COFINA)<br>La Corporación del Fondo de Interés Apremiante de Puerto Rico | Case No. 17-bk-03284 | Petition Date:<br>May 5, 2017 |
| ☐ Puerto Rico Highways and Transportation Authority<br>La Autoridad de Carreteras y Transportación de Puerto Rico | Case No. 17-bk-03567 | Petition Date:<br>May 21, 2017 |
| ☑ Employees Retirement System of the Government of the<br>Commonwealth of Puerto Rico<br>El Sistema de Retiro de los Empleados del Gobierno del Estado<br>Libre Asociado de Puerto Rico | Case No. 17-bk-03566 | Petition Date:<br>May 21, 2017 |
| ☐ Puerto Rico Electric Power Authority<br>La Autoridad de Energía Eléctrica de Puerto Rico | Case No. 17-bk-04780 | Petition Date:<br>July 2, 2017 |

Debtor [DebtorName] has listed your claim in their Creditor List in Schedule [CreditorList] as a [CUD] claim in an $[ScheduleAmount] amount. You must timely file a proof of claim or be forever barred from participating or sharing in any distribution or being treated as a claim for purposes of voting or distribution.

El deudor [DebtorName] ha listado su reclamación en la lista de acreedores en el Schedule [CreditorList] como un reclamo [CUD] por un monto de $ [ScheduleAmount]. Debe presentar una prueba de reclamación oportunamente o se le prohíba por siempre participar o compartir en cualquier distribución o ser tratado como un reclamo para fines de votación o distribución.

## Modified Official Form 410 / Formulario Oficial 410 Modificado

## Proof of Claim / Evidencia de reclamación

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a Title III case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy or subject to confidentiality on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

Lea las instrucciones antes de completar este formulario. Este formulario está diseñado para realizar una reclamación de pago en un caso en virtud del Título III. No utilice este formulario para solicitar el pago de un gasto administrativo que no sea una reclamación que reúna los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b) (9) del U.S.C. Ese tipo de solicitud debe realizarse de conformidad con el Título 11 § 503 del U.S.C.

Quienes presenten la documentación deben omitir o editar información que reúna los requisitos para ser tratada con privacidad o confidencialidad en este formulario o en cualquier otro documento adjunto. Adjunte copias editadas de cualquier otro documento que respalde la reclamación, tales como pagarés, órdenes de compra, facturas, balances detallados de cuentas en funcionamiento, contratos, resoluciones judiciales, hipotecas y acuerdos de garantías. No adjunte documentos originales, ya que es posible que los documentos adjuntos se destruyan luego de analizarlos. En caso de que los documentos no estén disponibles, explique los motivos en un anexo.

Fill in all the information about the claim as of the Petition Date.

Complete toda la información acerca de la reclamación a la fecha en la que se presentó el caso.

| Part 1 / Parte 1 | Identify the Claim / Identificar la reclamación |
|---|---|

**1. Who is the current creditor?**

**¿Quién es el acreedor actual?**

Maira I. Feliciano Rosado

Name of the current creditor (the person or entity to be paid for this claim)
Nombre del acreedor actual (la persona o la entidad a la que se le pagará la reclamación)

Other names the creditor used with the debtor
Otros nombres que el acreedor usó con el deudor

**2. Has this claim been acquired from someone else?**

¿Esta reclamación se ha adquirido de otra persona?

☐ No / No
☐ Yes. From whom? Sí. ¿De quién? *Pleito de Clase – 159 D.P.R 47 (2003) Asociación de Maestros v. Comisión de Relaciones Trabajo*

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

¿A dónde deberían enviarse las notificaciones al acreedor?

Norma federal del procedimiento de quiebra (FRBP, por sus siglas en inglés) 2002(g)

**Where should notices to the creditor be sent?**
¿A dónde deberían enviarse las notificaciones al acreedor?

*Maira I. Feliciano Rosado*
Name / Nombre

*Calle Elena Segarra #154 Sector El Maní*
Number / Número   Street / Calle

*Mayagüez   P.R. 00682*
City / Ciudad   State / Estado   ZIP Code / Código postal

*(787) 242-1302*
Contact phone / Teléfono de contacto

*mfeducderec@yahoo.com*
Contact email / Correo electrónico de contacto

**Where should payments to the creditor be sent?** (if different)
¿A dónde deberían enviarse los pagos al acreedor? (En caso de que sea diferente)

Name / Nombre

Number / Número   Street / Calle

City / Ciudad   State / Estado   ZIP Code / Código postal

*(787) 242-1063*
Contact phone / Teléfono de contacto

Contact email / Correo electrónico de contacto

**4. Does this claim amend one already filed?**

¿Esta reclamación es una enmienda de otra presentada anteriormente?

☑ No / No
☐ Yes. Claim number on court claims registry (if known)
Sí. Número de reclamación en el registro de reclamaciones judiciales (en caso de saberlo) _____
Filed on / Presentada el _____ (MM /DD/YYYY) / (DD/MM/AAAA)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

¿Sabe si alguien más presentó una evidencia de reclamación para esta reclamación?

☐ No / No
☑ Yes. Who made the earlier filing?
Sí. ¿Quién hizo la reclamación anterior? *Sra. Aracelis Rivera*

---

**Part 2 / Parte 2:**   Give Information About the Claim as of the Petition Date
Complete toda la información acerca de la reclamación desde la fecha en la que se presentó el caso.

**6. Do you have a claim against a specific agency or department of the Commonwealth of Puerto Rico?**

¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico?

☐ No / No
☑ Yes. Identify the agency or department and contact name. (A list of Commonwealth of Puerto Rico agencies and departments is available at: https://cases.primeclerk.com/puertorico/.)
Sí. Identifique el organismo o departamento y nombre del representante. (Una lista de agencias y departamentos del Estado Libre Asociado de Puerto Rico está disponible en: https://cases.primeclerk.com/puertorico/).

*Tribunal de Mayagüez por robarme a mi hijo desde el 14 de diciembre de 2011.*

**7. Do you supply goods and / or services to the government?**

¿Proporciona bienes y / o servicios al gobierno?

☑ No / No
☐ Yes. Provide the additional information set forth below / Sí. Proporcionar la información adicional establecida e continuación:

Vendor / Contract Number | Número de proveedor / contrato: _____

List any amounts due after the Petition Date (listed above) but before June 30, 2017:
Anote la cantidad que se le debe después de la fecha que se presentó el caso (mencionados anteriormente), pero antes del 30 de junio de 2017 $ _____

---

| 8. How much is the claim?<br><br>¿Cuál es el importe de la reclamación? | $ _____<br><br>*(No sé)* | Does this amount include interest or other charges?<br>¿Este importe incluye intereses u otros cargos?<br>☐ No / No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).<br>Sí. Adjunte un balance con intereses detallados, honorarios, gastos u otros cargos exigidos por la Norma de Quiebras 3001(c)(2)(A). |
|---|---|---|

| 9. What is the basis of the claim?<br><br>¿Cuál es el fundamento de la reclamación? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Por ejemplo: Venta de bienes, préstamo de dinero, arrendamiento, prestación de servicios, lesiones personales u homicidio culposo, o tarjetas de crédito. Adjunte copias editadas de cualquier documento que respalde la reclamación conforme a lo exigido por la Norma de Quiebras 3001(c). Limite la divulgación de información que reúne los requisitos para ser tratada con privacidad, tal como información sobre atención médica.<br><br>*Devolución de cuotas retenidas ilegalmente.* |
|---|---|

| 10. Is all or part of the claim secured?<br><br>¿La reclamación está garantizada de manera total o parcial? | ☐ No / No<br>☑ Yes. The claim is secured by a lien on property.<br>Sí. La reclamación está garantizada por un derecho de retención sobre un bien.<br><br>**Nature of property / Naturaleza del bien:**<br>☐ Motor vehicle / Vehículos<br><br>☑ Other. Describe:<br>Otro. Describir: *Retención en contra de mi voluntad*<br><br>Basis for perfection / Fundamento de la realización de pasos adicionales: *Nunca firmé ningún de afiliación con la Federación de Maestros de P.R.*<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>Adjunte copias editadas de documentos, si los hubiera, que demuestre la realización de pasos adicionales para hacer valer un derecho de garantía (por ejemplo, una hipoteca, un derecho de retención, un certificado de propiedad, una declaración de financiamiento u otro documento que demuestre que se ha presentado o registrado un derecho de retención.<br><br>Value of property / Valor del bien: $ _____<br><br>Amount of the claim that is secured /<br>Importe de la reclamación que está garantizado: $ _____<br><br>Amount of the claim that is unsecured /<br>Importe de la reclamación que no está garantizado: $ _____<br>(The sum of the secured and unsecured amounts should match the amount in line 7.)<br>(La suma del importe garantizado y no garantizado debe coincidir con el importe de la línea 7.)<br><br>Amount necessary to cure any default as of the Petition Date /<br>Importe necesario para compensar toda cesación de pago a la fecha que se presentó el caso : $ _____<br><br>Annual Interest Rate (on the Petition Date)<br>Tasa de interés anual (cuando se presentó el caso) _____%<br>☐ Fixed / Fija<br>☐ Variable / Variable |
|---|---|

| 11. Is this claim based on a lease?<br><br>¿Esta reclamación está basada en un arrendamiento? | ☑ No / No<br>☐ Yes. Amount necessary to cure any default as of the Petition Date.<br>Sí. Importe necesario para compensar toda cesación de pago a partir de la que se presentó el caso $ _____ |
|---|---|

| | |
|---|---|
| 12. Is this claim subject to a right of setoff?<br>¿La reclamación está sujeta a un derecho de compensación? | ☐ No / No<br>☑ Yes. Identify the property / Sí. Identifique el bien: *Negación de Devolución de Cuotas retenidas ilegalmente alegando que mi permanencia fue efectiva después del 1 de agosto de 2001* |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?<br><br>¿La reclamación, total o parcial, cumple los requisitos para ser tratada como prioridad administrativa conforme al Título 11 § 503(b)(9) del U.S.C.? | ☐ No / No<br>☑ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the Petition Date in these Title III case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.   $ _____ *(Desconozco la cantidad que se me adeuda)*<br><br>Sí. Indique el importe de la reclamación que surge del valor de cualquier bien recibido por el deudor dentro de los 20 días anteriores a la fecha de inicio en estos casos del Título III, en el que los bienes se han vendido al deudor en el transcurso normal de los negocios del deudor. Adjunte la documentación que respalda dicha reclamación. |

## Part 3 / Parte 3:

### Sign Below / Firmar a continuación

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

La persona que completa esta evidencia de reclamación debe firmar e indicar la fecha. FRBP 9011(b).

Si presenta este reclamación de manera electrónica, la FRBP 5005(a)(2) autoriza al tribunal a establecer normas locales para especificar qué se considera una firma.

Check the appropriate box / Marque la casilla correspondiente:

☑ I am the creditor. / Soy el acreedor.

☐ I am the creditor's attorney or authorized agent. / Soy el abogado o agente autorizado del acreedor.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. / Soy el síndico, el deudor o su agente autorizado. Norma de quiebra 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. / Soy el garante, fiador, endosante u otro codeudor. Norma de quiebra 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

Comprendo que una firma autorizada en esta *Evidencia de reclamación* se considera como un reconocimiento de que al calcular el importe de la reclamación, el acreedor le proporcionó al deudor crédito para todo pago recibido para saldar la deuda.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

He leído la información en esta *Evidencia de reclamación* y tengo motivos razonables para suponer que la información es verdadera y correcta.

I declare under penalty of perjury that the foregoing is true and correct. / Declaro bajo pena de perjurio que lo que antecede es verdadero y correcto.

Executed on date / Ejecutado el 04 / 27 / 2018 (MM/DD/YYYY) / (DD/MM/AAAA)

Signature / Firma *Maira L. Feliciano Rosado*

Print the name of the person who is completing and signing this claim / Escriba en letra de imprenta el nombre de la persona que completa y firma esta reclamación:

Name *Maira Ivet Feliciano Rosado*
First name / Primer nombre      Middle name / Segundo nombre      Last name / Apellido

Title / Cargo *Jubilada del Departamento de Educación*

Company / Compañía *Asociación de Maestros de P.R.*
Identify the corporate servicer as the company if the authorized agent is a servicer.
Identifique al recaudador corporativo como la compañía si el agente autorizado es un recaudador.

Address / Dirección *Calle Elena Segarra #154 Bo. Maní*
Number / Número      Street / Calle

*Mayagüez, P.R.*                     *00682*
City / Ciudad                State / Estado      ZIP Code / Código postal

Contact phone / Teléfono de contacto *787-242-1302*  Email / Correo electrónico *mfeduc&rec@yahoo.com*

Modified Official Form 410                    Proof of Claim                    page 4        130

UNITED STATES DISTRICT COURT
for the DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO<br>RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>et al., Debtors. | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br>**This filing relates to the<br>Commonwealth, HTA and ERS** |

### NOTICE OF APPEAL

TO THE HONORABLE COURT:

Notice is hereby given that Maria I. Feliciano Rosado, named above, is hereby appeals from the Treatment of "Claim to be Disallowed" of the Claim #179662 entered in the above-entitled action on  February 16, 2022.  This case was treated as follows: the original claim of May 3, 2018, was classified as Proof of Claim Case Number 10547; with the Omnibus Objection Number 362; and ECF Response (if available) 18290.

In addition to the above, the debtors exercised their right to oppose Maira Feliciano's Claim, to the detriment of their right to seek justice, alleging that the claim evidence was not submitted on time (date filed: 10/18/2021). Nothing is further from the truth. However, the "Asserted Claim Amount" to the claimant was $0.00. As a matter of fact, the additional proof was delivered on September 27, 2021, by certified mail with acknowledgment of receipt, on October 4, 2021, personally at the E.L.A. to accept deliveries, at the Bianca Convention Center in Añasco, Puerto Rico, and on February 6, 2022, by certified mail with acknowledgment of receipt. Failing that, the claimant filed a

"MOTION REQUEST FOR EXTENSION TO OBJECT WITH REPLY" on September 27, 2021.

The claimant presents himself as an individual creditor and holder of the Claim, to give voice to his son, LARF, now 17 years old, who continues to be under KIDNAPPING, since December 14, 2011, the same day he turned 7 years, and «ENFORCED DISAPPEARANCE», counted from May 13, 2012, to this day, and without anyone caring. This crime against humanity is a mechanism of repression against Mrs. Feliciano Rosado, in cruel and unusual punishment for her justified complaints against «JUDICIAL CORRUPTION», which is an «Alien Monster», since it is being perpetrated and

perpetuated with the authorization and protection of State agents, followed by the lack of information[1] on the current whereabouts of the minor. The perfect crime! Reason why the Administration for Child Support (A.S.U.M.E.) refuses to reveal to Mrs. Maira Feliciano the place where the L.A.R.F. child support payments are being sent, outside of THE COMMONWEALTH OF PUERTO RICO or E.L.A. and its territories, and at the expense of the illegal seizure of her retirement pension from the Teachers' Retirement System, which gives this case an «ORGANIZED CRIME» twist (See Annexes 1), and that grossly violate the "Racketeer Influenced and Corrupt Organization Act", 28 U.S.C. 1962 et seq. (RICO Act or Law against organized crime).

This case is atypical. In particular, for "*reflecting a seriousness that violently disrupts the pillars of integrity and justice of our MAGISTERIUM*", *Pueblo v. Álvarez*, 108

---

[1]Article III of the Inter-American Convention on Forced Disappearance of Persons, adopted on June 9, 1994, reads as follows: "Said crime shall be considered continuing or permanent until the fate or whereabouts of the victim is established." Id. Art. II reads as follows: "For the purposes of this Convention, forced disappearance is considered to be the deprivation of liberty of one or more persons, whatever its form, committed by agents of the State, or person or groups of persons, [...] State authorization."

2

DPR 112 (1978), which enjoys total impunity to keep the minor L.A.R.F. as a HOSTAGE,
for EXPLOITATION FOR THE PURPOSE OF INVOLUNTARY SERVITUDE, FOR A
NEW PROFITABLE MODALITY OF "CONSUMER SALE" FOR THE TRAFFICKING OF
MINORS IN THE TERRITORY OF THE COMMONWEALTH OF PUERTO RICO (E.L.A.),
prosecuted by Law under a sentence of amparo and as a result of a reprehensible
«JUDICIAL CORRUPTION SCHEME».   Certainly, the Fiscal Control Board has the
power to release the minor L.A.R.F. from the jaws of «the Alien Monster of Judicial
Corruption».  Free

Due to all the above, the complaining party appears before the First (1st) Circuit of
Appeals, protected by the "Puerto Rico Law for Supervision, Administration and
Economic Stability" («PROMESA»), 48 USC §§ 2101-2241, promulgated by the United
States Congress, and by virtue of Article IV, Section 3, of the Federal Constitution, and
Section 4 entitled Supremacy of «PROMESA», which reads as follows: "*The provisions
of this Law shall prevail over any specific or general provision of the territorial, state laws
or territorial or state regulations that are incompatible with this Law*".   In addition, the
claimant party invokes Section 205 of Title III, entitled Responsibility of the Fiscal
Oversight Board, of the «PROMESA» LAW, so that the Board exercises its POWER to
intervene in "*THE EFFECTS AND JUDICIAL ORDERS OF THE TERRITORY IN THE
OPERATIONS OF THE TERRITORIAL GOVERNMENT*".

Said law established a Fiscal Control Board, composed of seven members
appointed by the President of the United States, who will oversee the execution of the
provisions of «PROMESA». There is no doubt that the Board has focused its efforts on
the creation of the Fiscal Plan, the negotiations for the payment of the debt with the

3

bondholders, the recently started bankruptcy procedure and the future economic repercussions. But he has NOT attacked the serious problem of corruption in the Government of the E.L.A. In particular, the people have not been freed from JUDICIAL CORRUPTION, although the Board has the power to initiate a restructuring of the judicial system of Puerto Rico. What's more, "the debt is paid by corruption" (Lcdo. Lozada Colón (2022). How can a country be saved from its economic crisis if the corruption problem that causes it is not tackled?

For its part, regarding «PROMESA», the Puerto Rico Court of Appeals has ruled as follows:

> "These basic legal controversies are just some of the questions that need to be answered in this new legal and political framework _that has unsuspected effects on the political organization of the territory, the rights, and the lives of millions of American citizens residing in Puerto Rico_". Palacios Revera v. ELA, 2017TA1990; Torres Martinez v. ELA, 2017TA1970; Pérez Díaz v. ELA, et al, 2017TA1870.

Let our "PLEA" arrive now before the honorable judges of the Court of Appeals for the First (1st) Circuit of Boston, so that the «PROMESA» Law be a threshold of hope for Puerto Ricans. Especially, for the victims of the great institutional cruelty and the «CORRUPTION » that prevails in Puerto Rico since the victims have nowhere to go. "_But we HOPE according to his «PROMISE», "new heavens and a new earth, in which justice dwells_" (2 Peter 3:13). Free ▆ from the Alien Monster of Judicial Corruption. Free Leo! and along with-it other children and their mothers in the country, as this case creates a bad precedent for the Puerto Rico Judicial Branch. Free LEO!


RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this ___Monday___ day of ___March 14___, 2022.

4

s/signature _Maira L. Feliciano Rosado_
Appellant
Maira Ivet Feliciano Rosado
Calle Elena Segarra #154, El Maní
Mayagüez, P.R. 00682-6123
(787) 242-1302 / (939) 865-3987
mfeducderec@yahoo.com


## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of
Court using the CM/ECF system which electronically mails notice to the attorneys of
record.  Notice has been delivered by mail to:

s/signature _Maira L. Feliciano Rosado_
Appellant

5

135

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL
DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re:*<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>      como representante del ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                    Deudores.<br><br>En el asunto de:<br><br>Maira Ivet Feliciano Rosado<br>N.° DE RECLAMACIÓN 10547<br>503 (9) - INDETERMINADO | PROMESA<br>Título III<br><br>Núm. 17 BK 3283-LTS<br><br>(Administrada Conjuntamente)<br><br>**La presente reclamación guarda relación con el E.L.A.** |

**RÉPLICA**

Comparece hoy, 2 de mayo de 2022, ante la honorable Laura Taylor Swain, en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, los Abogados de la Junta de Supervisión, Proskauer Rose LLP (Counsel for the Oversight Board) y los Abogados del Comité de Acreedores, Paul Hastings LLP (Counsel of the Creditor's Committee), y la Secretaría (Clerk's Office), en el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico (en adelante la autoridad federal concernida), la parte reclamante como acreedor individual o titular de Reclamación, compuesta por la Sra. Maira Ivet Feliciano Rosado (en adelante Sra. Feliciano Rosado), con jubilación prematura por incapacidad no relacionada al empleo del Sistema de Retiro Para Maestros (SRM), también abogada (aunque sin revalidar aún el título), y vecina del Pueblo de Mayagüez, y en representación de su hijo unigénito, y en solicitud para incluir como reclamante, al menor L.A.R.F., hoy de 17 años, su única riqueza y esperanza de vida, por ser éste la víctima principal de una situación atroz de «DESAPARICIÓN FORZADA». En su defecto, el 27 de abril de 2018, la Sra. Feliciano Rosado entregó el Proof

1

of Claim personalmente en el Centro de Entrega de Añasco, Puerto Rico, del Edificio Bianca, cuya pregunta #6 lee como sigue: ¿Tiene una reclamación en contra de algún organismo o departamento específico del Estado Libre Asociado de Puerto Rico? A lo que la Sra. Feliciano Rosado contestó: EL TRIBUNAL DE MAYAGÜEZ POR ROBARME A MI HIJO DESDE EL 14 DE DICIEMBRE DE 2011. Esto significa que desde el principio fue la intención de la Sra. Feliciano Rosado traer a este pleito de clase la causa de **LIBERACIÓN DEL MENOR L.A.R.F.**, aunque en las preguntas 9 y 10, enfatizó como fundamento de su reclamación "Devolución de Cuotas Retenidas Ilegalmente" (preg. 9), por "Retención contra de mi voluntad" (preg. 10) (Ver Anejos 2018), contra la Federación de Maestros de Puerto. Añádase que en la pregunta 13 se especificó que se desconocía con exactitud la cantidad adeudada por la Asociación de Maestros.

Cabe destacar en este punto que la Sra. Feliciano Rosado también presentó la evidencia pertinente el mismo día en que entregó el Proof of Claim, o sea, el 27 de abril de 2018. Pasados los años, el 4 de octubre de 2021, ella entregó personalmente la BOLETA DE VOTACIÓN en el centro de Añasco (Ver Anejos 2021, documentos referidos con ponchador en rojo que se lee así COPY). En adición, ésta también presentó evidencia adicional y voluminosa que retrotrae los hechos del caso de marras, insoslayablemente, a la causa de su jubilación prematura y obligada, toda vez que el ente agresor que subvirtió la autoridad es el mismo Estado.

Así y todo, la Junta determinó (Ver Anejos 2022, documento titulado "If your Claim is Listed Here, One More of the Debtors Are seeking to Disallow Your Claim for the Reason Listed Below", con copia del sobre con matasello del correo del 9 de febrero de 2022). Resulta que la Corte había enviado una tarjeta con acuse de recibo intitulada: "Prime Clerk

2

Received Your Proof of Claim", con fecha del 5 de noviembre de 2021. Esto es prueba fehaciente de que la evidencia llegó en tiempo hábil a manos de los que ostentan la jurisdicción en este pleito de clase en la Corte Federal. Sin embargo, se le negó el Monto de la Reclamación Alegada (con $0.00), con un Tratamiento por Reclamo a ser desestimado, cuya base lee como sigue: "La Evidencia de Reclamo no se presentó a tiempo, ya que el Reclamante presentó el reclamo después de la fecha límite aplicable establecida en las Órdenes de Fecha Límite (Ver Anejo 2021, de Nov. 5, Prime Clerk Received Your Proof of Claim, Date Filed: 10/189/2021, Proof of Claim 179662)".

Pasados los años, resultó que, como fenómeno *in situ* del caso de marras, dicho crimen de lesa humanidad terminó siendo sufragado con la confiscación ilegal de la pensión de un empleado público, la Sra. Feliciano Rosado, que fue obligada a jubilarse prematuramente bajo el Sistema de Retiro para Maestros, precisamente, por la devastación que causó en su vida la **«TOMA DEL MENOR COMO REHÉN»**, perpetrada por jueces corruptos, y que, ciertamente, no cumple con los estándares delineados que encuadran con la tipología actual.

Lo cierto es que en los pasados 10 años (2011-2022) mi hijo y yo hemos sido separados arbitrariamente, sin saber nada de la suerte y el paradero del uno del otro, en represalias contra mí por haber denunciado a la Jueza Lynnette Ortiz Martínez, quien actuaba en contubernio con la Lcda. Olga Longoria Vélez, la jefa del grupo criminal, entre otros, a la Oficina de Administración de Tribunales (OAT), allá para el 7 de mayo de 2011, y desde entonces el sistema judicial fue subvertido para perseguirme y encarcelarme y despojarme

3

de mi hijo, como mecanismo de TORTURA, venganza, chantaje, soborno, adoctrinamiento y silenciamiento, entre otros.

## A. LA CUESTIÓN MEDULAR:

La cuestión medular de la presente controversia que es de complicada sencillez, siendo que ya no es un *caso* sino una *causa* de **LIBERACIÓN Y DERECHOS HUMANOS**, tan provocadora que causa un *"shock"* a la conciencia del Pueblo puertorriqueño *"por reflejar una gravedad que trastoca violentamente los pilares de integridad y justicia propios de nuestro «MAGISTERIO»"*, Pueblo v. Álvarez, 108 DPR 112 (1978), tratándose de la constatación de la espantosa crueldad de que injustificadamente todavía mantengan como **REHÉN AL MENOR L.A.R.F., HOY JOVEN-ADOLESCENTE, POR EXPLOTACIÓN CON FINES DE SERVIDUMBRE INVOLUNTARIA POR DEUDA AJENA**[1] **DE PENSIÓN ALIMENTARIA CONTRA SU «MADRE», PARA UNA NUEVA MODALIDAD DE TRATA DE MENORES EN EL TERRITORIO DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO (EN ADELANTE TRÁFICO INFANTIL O TRATA DE MENORES POR PENSIÓN ALIMENTARIA)**, que es bastante difícil de atajar. Esto es debido a que, entre otras cosas, la Convención Internacional para la Protección de Todas las Personas contra las Desapariciones Forzadas (ICPPED, por sus siglas en inglés), y otros instrumentos internacionales, no fueron diseñadas para atender este tipo de casos.

Esto hace necesario que esta Corte Federal y la Junta reevalúen los estándares de reparación de agravios establecidos para dar un aporte estructural importante al sistema de justicia de Puerto Rico que, finalmente, también es **REHÉN** de los grupos criminales internos, a lo que llamamos

---

[1] Artículo 159, SERVIDUMBRE INVOLUNTARIA O ESCLAVITUD, del Código Penal 2012, que fue derogado por el PS 1685 que enmienda el Código Penal, firmada como Ley 159-2020 del 28 de diciembre de 2020 en la 7ma Sesión Extraordinaria, efectiva inmediatamente. Deroga los Artículos 159 y 160, y los sustituye por los nuevos, a saber: Artículo 159-Trata Humana con fines de servidumbre involuntaria o esclavitud y otros tipos de explotación, y Artículo 160- Trata Humana con fines de explotación sexual. Define y tipifica claramente el delito de trata humana en sus distintas modalidades.

4

la «M A F I A», toda vez que los tribunales tienen sus sendas mafias descarriladuras de los procesos e instauradora del "Reino del Terror". ¡Las víctimas no tenemos adónde ir! ¡Todos tienen miedo! Es más, tuvimos la representación legal de 7 abogados, por sucesión o en conjunto, que nos traicionaron, cada uno a su modo, según obra del récord del caso epígrafe. La tragedia que siguió a estos acontecimientos todavía la están pagando estas víctimas genuinas, la madre y su hijo.

**PERDONADME** si no sé dirigirme correctamente ante esta honorable Corte Federal del Distrito de Puerto Rico y la JUNTA, ya que no tengo experiencia en la litigación. Pero, soy experimentada en quebranto, y ¡no tengo a adónde ir! Tampoco es mi intención faltarles el respeto a los jueces ni atacar su autoridad, sino el abuso de poder.

Por otro lado, no me considero una litigante de mala fe, según establece la 28 U.S.C., Sec. 1915(a)(3), *DuLaurance v. Telegen*, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016) (Good faith for purpose of Sec. 1915(a) (3) is judged by and objective standard; i.e., whether the litigant "seek apellate review of any issue not frivolous") (Ver Anejos 2022, Order Concerning Application Filed by Maira I. Feliciano Rosado, 24 de marzo de 2022). No es frívolo luchar por un hijo. Una madre hace lo que sea por un hijo. Es una verdad que la sentimos en el mismo corazón. ¡Yo anhelo que me DEVUELVAN A MI HIJO!, ya que el Estado me **LO ROBÓ** por represalias. Mientras no se reconozca el delito no tengo ninguna posibilidad de prevalecer en los tribunales estatales, ni mucho menos entablar, ahora, una demanda contra el Estado.

Más áun, deseo vehemente y fervientemente que también liberen a otras madres que, al igual que yo, fueron a los tribunales a pedir auxilio y en representación de sus hijos,

5

huyendo de la violencia doméstica coexistente con el maltrato infantil, pero terminaron siendo revictimizados, despojados y asolados. Una injusticia contra un (1) sólo niño es una injusticia contra todos los demás niños de Puerto Rico.

Espero que prevalezca la VERDAD que, en sí misma, es «CRISTO». Él dice: -"…*Yo soy el camino, y la VERDAD, y la vida*" (Juan 14:6).

### B. PROPÓSITO PRINCIPAL DE LA OBJECIÓN:

Con el propósito de **OBJTAR MEDIANTE LA PRESENTE RÉPLICA**, comparecemos nuevamente con el presente caso que, sin lugar a dudas, no está desarticulado de las disposiciones estatales y federales, ni es inconexo con los objetivos de reparación de agravios por razón de las deudas en «VENTAS DE CONSUMO» contra el Gobierno del Estado Libre Asociado de Puerto Rico (E.L.A.), bajo las disposiciones de la "*Puerto Rico Oversight, Management, and Economic Stability Act*" o PROMESA, 48 U.S.C. §§ 2101-2241, Ley Pub. Num. 114-187, que fue promulgada por el Congreso de los Estados Unidos al amparo del Art. IV, Sec. 3, de la Constitución Federal, y por la cual se nombró la **JUNTA DE CONTROL FISCAL** (en adelante JUNTA) para hacer frente a la crisis económica del país, en virtud del «**NUEVO PODER POLÍTICO**» que representa. Un poder que, ciertamente, "*no debe reducirse a una negociación entre acreedores y deudores*". *Torres Martínez v. ELA*, 2017TA1970. Hay otras voces que claman por **AUXILIO Y JUSTICIA**. A saber, los clamores de los **NIÑOS**, los sujetos jurídicos más vulnerables de la sociedad, y que en las cortes, cada vez con mayor frecuencia, son ¡SACRIFICADOS al **dios MOLOC**[2]! del egoísmo de los poderosos e intocables del país , en elaltar

---

[2]El Sacrificio moderno de niños, 16-nov.-2020, Choice42, https://www.youtube.com/watch?v=Ec6u-rFWwzU (Levítico 18:21 (abominación); 20:2 (apedrearà); 1 Reyes 11:7 (Templo); 2 Reyes 23:10; 17:17; 17:31; 19:18; 21:6; Jeremías 19:5, 32:35, 7:31; 32:35; 1 Crónicas 20:1; 2 Crónicas 3:4; Hebreos 7:27; 10:12).

del interés del poder y el dinero, cuyo ardiente fuego de honorabilidades corrompidas acallan sus gritos y los llantos[1] de los **NIÑOS** y su **«MADRES»** con crueldad espantosa, <u>aunque ello se desarrolle en la más pura y diáfana legalidad</u>.

Los **NIÑOS**, en la flor de su pureza e inocencia, siempre son los más **SACRIFICADOS** en el altar que devora. El sacrificio de niños[4] <u>NUNCA SE DETUVO</u>. Ya no los arrojamos al fuego, sino a las llamas de los experimentos ideológicos como la **«IDEOLOGÍA DE GÉNERO»** que dan bríos al mal y horrorizan a cualquier mente cuerda. La **CUSTODIA COMPARTIDA** es un ejemplo de ellos, *"al estar fuera de toda lógica de protección y cariño natural y altruista hacia los hijos, así como del mantenimiento y continuidad de una sociedad"*[5] que protege el pacto matrimonial. Más aquí se deja ver un nuevo **«TRAFICO INFANTIL POR PENSIÓN ALIMENTARIA»**. *"Habida cuenta de la naturaleza dinámica y cambiante de la «TRATA DE NIÑOS» (y sus respuestas) [...]"*. Así lo advierten la OIT, UNICEF y la Iniciativa Mundial de las Naciones Unidas para Luchar contra la **TRATA DE PERSONAS** (UN.GIFT) en el *Manual de capacitación para combatir la TRATA DE NIÑOS Y NIÑAS con fines de trabajo* del 15 de septiembre de 2009. Tal *definición impone, ahora, una lista numerus apertus para identificar y atajar las nuevas formas de* **EXPLOTACIÓN INFANTIL PARA LA TRATA,** *como en el caso de autos.*

¡**LAS VENTAS DE CONSUMO SON LOS NIÑOS**! ¡**LOS NIÑOS**! ¡**MI HIJO,** ▬▬▬ Ellos son **LA MONEDA DE CAMBIO**. Con la **CUSTODIA COMPARTIDA** el **TIEMPO** fue convertido en la **MONEDA CORRIENTE**

---

[3] -*"Mas ¡ay de los que estén encintas, y de las que crien en aquellos días!"* (Mat. 24:19) ·Es *"Raquel que lamenta por sus hijos, y no quiso ser consolada acerca de sus hijos [...]"*, (Jer. 31:15)

[4] Ramos Jonathan, ¡ABOMINACIÓN! Documental: SACRIFICIO de NIÑOS en la antigüedad [ABORTO], Historiador Jonathan Ramos, YouTube. Jonathan es historiador, filósofo, escritor y profesor de la Universidad Católica de Salta. Autor de 4 libros: «Revelaciones Filosóficas», «La antigüedad en poemas», «Historia y concepto de la autoridad en el cristianismo» y «Fundamentación de la religión cristiana». https://www.youtube.com/watch?v=NQ_KoYHEqn4

[5] Velasco Plaza, Ana María, Artículo. "El Sacrificio Infantiles Rituales", Revista Actuall, 5/5/2019.
https://www.actuall.com/criterio/vida/sacrificios-infantiles-rituales-por-ana-maria-velasco-plaza/

7

que ahoga la piedad y la vergüenza de los padres[6] (el "Efecto
Lucifer"), que buscan pasar más tiempo con sus hijos sólo por
quedar liberados de la pensión alimentaria en premio.  El
interés ahoga el llanto de los niños que anhelan pasar tiempo
de calidad con ellos. Dicha ley da bríos al mal y no sirve
más que para burlar los anhelos del alma de los niños,
hambrientos de amor y atención. Peor aún, esta ley es caldo
de cultivo para la **CORRUPCIÓN JUDICIAL**.

Por más que se quiera dorar la ocurrido, en este caso se
SACRIFICAN los derechos y libertades del menor **L.A.R.F.**, para
proteger a quienes cometen los crímenes graves contra su vida,
en el fuego de la lógica aplastante de las instrumentalidades
del E.L.A., y las honorabilidades[7]. Unas honorabilidades
corrompidas que todavía arrostran aquélla inmunda macha de su
apresado niño indefenso, de entonces 6 a 7 años, que empaña
su toga judicial, en su afán de imponerles, a él y a su madre,
el «**RÉGIMEN DE LA CUSTODIA COMPARTIDA**». Dicha utopía
totalitaria, fue instrumentada en una sentencia *ad hoc* e
inventada de 90 días de servicios comunitarios que no existe
en Derecho, pero que todavía hoy se le sigue dando pleno vigor
y eficacia desdoblada en la **SENTENCIA DE ALIMENTOS** (Ver Anejos
2011, 2017), que se usa como instrumento de persecución contra
la Sra. Feliciano Rosado. Ambos decretos son nulos ab initio.

### C. JURISDICCIÓN:

Habiendo dicho lo anterior, reconocemos que el caso de
marras plantea una causa de acción no contemplada hasta
entonces por este foro *ad hoc* de la Corte Federal de P.R. De

---

[6]"EL EFECTO LUCIFER", como la gente buena se vuelve mala.
[7]Como decía Nicolás Nogueras (1995): "¿Qué residuo de honor queda en tanto "honorable" que trafica con
la felicidad y bienestar de nuestro pueblo? ¿Cuánto honor puede haber en los honorables que con su
mezquindad, su servilismo, sus ambiciones y sus debilidades se creen dueños de la vida y hacienda de los
demás?" (Los Honorables I, Id., p. 55).

particular relevancia resulta traer ante la atención de
aquellos que ostentan jurisdicción sobre **PROMESA**, al Título
II, Sec. 205, de su ley habilitadora, ya que autoriza a la
JUNTA, sujeta a su total discreción, a intervenir en "*los
efectos de las leyes y órdenes judiciales del territorio en
las operaciones del gobierno territorial*". Entre otras cosas,
la JUNTA tiene PODER inherente para intervenir en casos que
no guardan relación alguna con el presente pleito original,
y *"*PARA HACER CAMBIOS ESTRUCTURALES EN EL ORDENAMIENTO
JURÍDICO PUERTORRIQUEÑO*" (Dr. Emmanuelli Jiménez (2016).
"*Añádase su poder para conciliar la diversidad de fuentes
jurídicas y *establecer las nuevas pautas que regirán la vida
de los puertorriqueños frente al Estado, sus derechos y la
nueva organización política del gobierno local*". Palacios
Rivera v. ELA*, 2017TA1990. En su defecto, "*quien puede lo
más, puede lo menos*". Posadas de P.R. v. Tourism Co. Of P.R.*,
478 US 328; 106 S. Ct. 2968; 92L. Ed 2d 266 (1986).

### D. ENMARCANDO EL CASO EN PROMESA:

Con ansiosa expectación de hallar justicia, la parte
reclamante comparece con el propósito de enmarcar su causa de
acción dentro de las garantías de la Ley PROMESA y su JUNTA,
cuyos poderes son tan amplios, ya que "*Puerto Rico no es un
soberano, sino que bajo el esquema constitucional de Estados
Unidos es un territorio sujeto al poder de la cláusula
territorial del Art. IV, Sec. 3 de la Constitución Federal*",
Pueblo v. Sánchez*, 193 DPR 594 (2020). Commonwealth of Puerto
Rico v. Franklin California Tax-Free Trust*, Et Al., 136 S. Ct.
1938 (2016); Puerto Rico v. Sánchez Valle*, 136 S. Ct. 1863
(2016). *De modo que a aquellos que ostentan jurisdicción
sobre PROMESA, reconozcan en esta controversia jurídica
compleja que en envuelve la vida, libertad y propiedad del

9

menor L.A.R.F., tan sólo representa "*algunos de los cuestionamientos que exigen ser allanados en este MARCO JURÍDICO Y POLÍTICO NOVEL QUE TIENE EFECTOS INSOSPECHADOS sobre la organización política del territorio, los derechos y la vida de millones de ciudadanos americanos residentes en Puerto Rico*". *Pérez Díaz v. ELA*, et al, 2017TA1870. Máxime cuando "*el dominio de la Junta está en todos LOS PODERES INCIDENTALES que posee para lograr presupuestos balanceados y que Puerto Rico mejore su situación fiscal*"[8]. Por tanto, tal soberanía "*no puede reducirse a una negociación entre acreedores y deudores*", supra, cuando existen otros problemas de mayor envergadura que destruyen al Pueblo de Puerto Rico. En especial, a la grey infantil.

El objetivo crucial de la presente OBJECIÓN es DAR VOZ, a modo de **¡UN GRITO DE AUXILIO!**, al joven-adolescente **LEO**, quien, bajo las circunstancias particulares de este caso, todavía es víctima de los graves delitos de **SECUESTRO Y DESAPARICIÓN FORZADA** (2011-2022) NO reconocidos por el Estado, lo que a *priori* le niega la justicia, y sin que a nadie se le importe algo. Máxime cuando el cautiverio silencioso e invisibilizado del menor, sumada a la violencia y represalias que se ejercen contra la madre-denunciante perseguida y encarcelada ya dos (2) veces, siendo inocente, a raíz de actos vinculados con corrupción en el Gobierno del E.L.A., en el ejercicio de su prerrogativa judicial[9], que no sólo impactan negativamente la economía del país, sino que crean una nueva vertiente de **«EXPLOTACIÓN INFANTIL»** para la **«TRATA»** en

---

[8]Díaz Sánchez, Grecia, Noticia: P.R.O.M.E.S.A.: Una derogación del Gobierno de Puerto Rico, Revista Jurídica, Universidad de Puerto Rico (2016), https://revistajuridica.uprrp.edu/inrev/index.php/2017/08/3 1/p-r-o-m-e-s-a-una-derogacion-del-gobierno-de-puerto-rico/
[9]Noticias Micro.juris- El Departamento de Justicia plantea que la pena por maltratar a un menor a través de una TERAPIA DE CONVERSIÓN no sea un término fijo de cinco años. Por el contrario, proponen que se establezca un intervalo en la pena de reclusión. Es decir «de tantos a tantos años» *para que la Judicatura pueda tener discreción para establecer la pena. 13 mayo 2021.

«VENTAS DE CONSUMO», con niños como mercadería[10], que precisa una solución urgente, aunque la JUNTA, en su defecto, <u>no sea el foro adecuado</u>.

En respuesta a lo anterior, la "Resilience Fund Supporting Community Responses to Organized Crime"[11], en su debate del 28 de agosto de 2020, intitulado: DESAPARICIONES FORZADAS: ¿QUIÉN ES EL VERDADERO PERPETRADOR?, advierte sobre las limitaciones y desarticulaciones de la ICPPED para proteger a las víctimas en escenarios donde la **GOBERNANZA CRIMINAL** continúa creciendo, y en lo pertinente citamos:

> *"<u>Las formas contemporáneas de DESAPARICIONES alrededor del mundo muestran cada vez más la relevancia de revisar cómo entendemos el papel que juegan los actores no estatales y, en particular, los grupos delictivos organizados en estos actos</u>".*

> *"El derecho internacional y sus instrumentos reconocen las **DESAPARICIONES FORZADAS** mediante la participación del Estado; aun así, la comunidad internacional generalmente puede responsabilizar a los Estados, *<u>pero solo si estas desapariciones forzadas son demostradas</u>".*

> *"<u>El hecho de que las autoridades, como autores probables, sean quienes tienen que comprobar estos crímenes, hace que numerosos casos […] sean difíciles de catalogar como</u> **DESAPARICIONES FORZADAS**. El número de personas desaparecidas en estos contextos de **GOBERNANZA CRIMINAL** continúa creciendo, al mismo tiempo que los recursos disponibles para la protección de estas víctimas disminuyen".*

> *"El énfasis en la participación del Estado <u>no tiene en cuenta la gran cantidad de contextos criminales en los que ocurren la mayoría de las desapariciones, desde el tráfico ilícito de drogas hasta **la trata de personas**".*

> *"Más de 330 solicitudes de beca de 67 países representaron LA VARIEDAD DE CONTEXTOS que permiten que ocurran desapariciones. Desde la desaparición de líderes indígenas y el secuestro de migrantes con fines lucrativos hasta EL ROBO DE NIÑOS PARA LA TRATA, estos contextos se presentan en diferentes matices y, a menudo, parecen desarticulados de las definiciones contenidas en los instrumentos internacionales". Id.*

---

[10]Otero, Herminio, Noticia: La mercadería más cruel y sin derechos, (19 de julio de 2012). https://www.panamaamerica.com.pa/opinion/ninos-la-mercaderia-mas-cruel-y-sin-derechos-basicos-828670

[11]https://resiliencefund.globalinitiative.net

No cabe duda de que estos hechos configuran los elementos del Artículo 159 SERVIDUMBRE INVOLUNTARIA O ESCLAVITUD, del Nuevo Código Penal 2012, que fue derogado por el Proyecto del Senado 1685 que enmienda el Código Penal, firmada como Ley 159-2020 del 28 de diciembre de 2020 en la 7ma Sesión Extraordinaria, efectiva inmediatamente. Por cuanto al menor se lo priva arbitrariamente de su libertad dentro del espíritu de las leyes locales y convenios internacionales aplicables al crimen de lesa humanidad de **SECUESTRO**, contado desde el 14 de diciembre de 2011, con su eventual **DESAPARICIÓN FORZADA**, contada desde el 13 de mayo de 2013 hasta hoy. *Y, que, tan recientemente como en marzo de 2017 está siendo financiada y, en efecto, perpetuada con el descuento de las pensiones mensuales por jubilación del SRM de la supuesta madre-alimentante, lo que resulta confiscatorio e ilegal. Esto quiere decir que la Administración para el Sustento de Menores (ASUME) está enviando los pagos de dinero, con el método de pago directo de la pensión alimentaria, supuestamente a favor del menor L.A.R.F., a un «PARADERO DESCONOCIDO» fuera del E.L.A. y sus territorios (2017-2022), con el concomitante ocultamiento del paradero de éste, sustrayéndola así de la ley y siguiendo un patrón de crimen organizado[12], *Pueblo v. Meliá*, 143 DPR 708 (1997), con la Jueza Mariluz Cruz Morales del Tribunal de Humacao.

---

[12] La jurisprudencia federal sobre la Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. sec. 1961 et seq., ha interpretado que una empresa o negocio, posee los términos características siguientes: (1) un propósito común o compartido entre las personas asociadas; (2) una organización cuyos miembros funcionen como una unidad continua, esto es, debe existir algún grado de continuidad estructural y de individuos participantes, o una amenaza de continuidad futura, y (3) la existencia de una estructura diferenciada de los actos específicos que configuren el patrón de crimen organizado. -La LEY CONTRA EL CRIMEN ORGANIZADO Y LAVADO DE DINERO DEL E.L.A, 25 L.P.R.A. sec.971 et seq., establece que para que se configure un patrón de actividad de crimen organizado, se requiere por lo menos dos (2) actos de actividad de crimen organizado, realizados dentro de un período de diez (10) años. Los actos constitutivos de la actividad de crimen organizado son los siguientes: cualquier acto o amenaza relacionado con asesinato, secuestro, juegos ilegales, leyes relativas a la prostitución, incendio, apropiación ilegal, robo, obscenidad, soborno, extorsión o la venta, posesión y transportación de sustancias controladas o armas, sujeto a acusación criminal bajo las leyes del E.L.A. o las de Estados Unidos.

12

Aquí es donde, específicamente, **«LA TRATA»** y el **«CRIMEN ORGANIZANDO»** comienzan a fundirse, toda vez que la negación cruel y arbitraria de la ASUME a revelarle a su **«MADRE»** el lugar donde le están enviando el dinero de la pensión alimentaria a su hijo, que también supone el lugar donde lo esconden de ella con el apoyo directo de los agentes del Estado, a los fines de mantenerlo en cautiverio silencioso e invisibilizado a perpetuidad, en la forma de una **DESAPARICIÓN FORZADA** para la **TRATA DE MENORES** por explotación de su vulnerabilidad y dependencia por minoría.

Cónsono con lo anterior, desde el punto de vista de la conducta penalizada por la **Ley Contra el Crimen Organizado y Lavado de Dinero del Estado Libre Asociado de Puerto Rico**, 25 L.P.R.A. sec. 971 et seq., "*para que se configure un patrón de actividad de crimen organizado, se requiere por lo menos dos (2) actos de actividad de crimen organizado, realizados dentro de un período de diez (10) años*". Pueblo v. Meliá León, 143 DPR 708 (1997).

En este contexto, la A.S.U.M.E. está consignando un precedente muy siniestro de complicidad en cuanto al crimen de lesa humanidad de **DESAPARICIÓN FORZADA DEL MENOR L.A.R.F.** Ante la ausencia de pagos en concepto de pensión alimentaria, los tribunales y la A.S.U.M.E. han actuado como si tuvieran ante sí el caso de una **«MADRE»** que era una deudora empedernida; que se encontraba huyendo de tal obligación de tracto sucesivo. Puesta a saco, demonizaron a la Sra. Feliciano Rosado para aplacar la conciencia de los empleados, funcionarios o agentes, cuyas actuaciones culposas o negligentes los hacen responsables por acción, omisión o encubrimiento, *Leyva vs. Aristud*, 132 DPR 489 (1993), de los actos que causaron daño o pusieron en riesgo

13

la salud e integridad física, mental y emocional de su hijo (2011-2022), y así racionalizar la consecuencia penal de encarcelarla, tal y como expone el delito intencional de incumplimiento de obligación alimentaria en el Art. 117 del Código Penal 2012, 33 L.P.R.A. §5176, en situaciones en las que, de ordinario, aplicaría imponerla. Cuando el presente caso NO ES un caso ordinario, sino ¡UNA GUERRA DE PODER MAFIOSO! muy encarnizada.

*Llegue ahora vuestra SÚPLICA delante de esta Corte Federal para que LIBEREN YA A MI HIJO ██████ ordenando al grupo criminal de secuestradores honorables su traslado inmediato al territorio del Estado Libre Asociado de Puerto Rico, antes de que la Junta de Supervisión Fiscal se vaya de Puerto Rico. Máxime cuando el congresista estadounidense Ritchie Torres, junto a sus colegas, tan recientemente como el 8 de abril de 2022, presentaron una nueva legislación bipartita que propone un proceso para la abolición de la Junta de Supervisión Fiscal, conocida como el "TRUST for Puerto Rico Act of 2022" (HR 7409), y, en efecto, nos quedemos nuevamente desamparados y a merced de un gobierno «CORRUPTO».

Cabe destacar que las siglas de la Ley P.R.O.M.E.S.A. resultan emblemáticas de las esperanzas y aspiraciones de un Pueblo oprimido, esclavizado y sitiado por los más déspotas y despiadados del Gobierno del E.L.A. *"Pero según su «PROMESA», nosotros esperamos nuevos cielos y nueva tierra, en los cuales mora LA JUSTICIA"* (2ᵈᵃ Pedro 3:13). ¡DEVUÉLVANME A MI HIJO! ¡LIBEREN A ███ ! ¡FREE ███

*Llegue ahora vuestra SÚPLICA delante de esta Corte Federal para que subsane la negación de la reparación correspondiente, aduciendo que la Evidencia de Reclamo no se presentó a tiempo, ya que el Reclamante sí presentó el reclamo

14

dentro de la fecha límite aplicable establecida en las Órdenes de Fecha Límite (Ver Anejo 2021, de Nov. 5, Prime Clerk Received Your Proof of Claim, Date Filed: 10/189/2021, Proof of Claim 179662), como ya se dijo.

POR LO QUE la parte reclamante solicita respetuosamente que se tome conocimiento de los hechos precedentemente expresados, y además SUPLICA que se conceda a estos Acreedores Individuales, que ya han sufrido bastante, cualesquiera otros remedios que se consideren justos.

Respetuosamente sometida,

*Maira L. Feliciano Rosado*
Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Maní
Mayagüez, P.R. 00682
mfeducderec@yahoo.com
(786) 371-6770
(787) 242-1063

Fecha:     2 de mayo de 2022,
           En San Juan (Puerto Rico)

Con copia a la autoridad concernida:

Secretaría (Clerk's Office) Tribunal de Distrito de los Estados Unidos (*United States District Court*), Sala 150 Edificio Federal (Federal Building), San Juan (Puerto Rico) 00918-1767

Abogados de la Junta de Supervisión (Counsel for the Oversight Board) Proskauer Rose LLP, Eleven Time Square Nueva York, Nueva York 10036-8299. Attn. Martin J. Bienenstock Brian S. Rosen

Abogados del Comité de Acreedores (*Counsel for the Creditors' Committee*) Paul Hastings LLP 200 Park Avenue Nueva York, Nueva York 10166 Attn: Lue A. Despins James Bliss James Worthington G. Alexander Bongartz

15



Caso Atípico de
DESAPARICIÓN FORZADA
DEL MENOR L.A.R.F.
PERPETRADO POR LA RAMA
JUDICIAL DE P.R.



AMENDED COMPLAINT
Proof of Claim Num. 10547
Omnibus Objection number 362
ECF No. Response (if available) 18290
Meira Ivet Feliciano Rosado and Minor L.A.R.F.,
Plaintiff(s) v. The Government of the
Commonwealth of Puerto Rico, Et. Al.
Civil No. 12-2019 CCC

Blue Summit
Supplies



Maira Ivet Feliciano Rosado
Calle Elena Segarra #154
Sector El Mani
Mayagüez, P.R. 00682-6123



$21.55

Abogados del Comité de Acreedores (*Counsel for
the Creditors' Committee*)
Paul Hastings LLP
200 Park Avenue
Nueva York, Nueva York 10 166
Attn: Lue A. Despins
James Bliss
James Worthington
G. Alexander Bongartz





PRIORITY
★ MAIL ★

TRACKED
★★★
INSURED
★

UNITED STATES
POSTAL SERVICE.
For Domestic Use Only

HANDLE WITH CARE