# EXHIBIT 43

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO**, <br><br> as representative of the <br><br> **COMMONWEALTH OF PUERTO RICO, ET. AL.,** <br> Debtors | **PROMESA TITLE III** <br><br> No. 17 BK 3283-LTS <br><br> **Claim Number: 15774** |



**REPLY TO NOTICE OF THE FORTY-THIRD (NON-SUBSTANTIVE) OMNIBUS OBJECTION OF THE COMMONWEALTH OF PUERTO RICO AND THE COMMONWEALTH OF PUERTO RICO GOVERNMENT EMPLOYEES' RETIREMENT SYSTEM TO CLAIMS ASSERTED AGAINST THE INCORRECT DEBTOR.**

**TO THE HONORABLE DISTRICT COURT JUDGE, LAURA TAYLOR SWAIN:**

The Respondent, Rafael A. Carrasquillo Nieves, acting on his own behalf, hereby appears and respectfully **STATES, ALLEGES and REQUESTS** as follows:

On April 14, 2022, we were notified that one or more debtors are requesting the reclassification of claim 15774 and that all obligations should, in any event, be borne by the Puerto Rico Electric Power Authority.

## I. INTRODUCTION

1. On January 2, 2020, we filed a reply brief to the Notice of the Commonwealth of Puerto Rico's Ninety-Seventh Omnibus (Non-Substantive) Objection to the Commonwealth of Puerto Rico's NOTICE of the Commonwealth of Puerto Rico Highway and Transportation Authority's debt and the Commonwealth of Puerto Rico Government Employees Retirement System's deficiency claims alleging interest on the basis of claims for wages, labor or services rendered.

2. After several postponements due to circumstances beyond my control and the COVID-19 pandemic, a new date was set for July 29, 2020.

3. On January 2, 2020, we requested that the Honorable District Court dismiss the Ninety-Seventh Omnibus Objection, as set forth in the document corresponding to claim number 15774.

1 | Page

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*18/JULY/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

## II. REASON FOR FILING THE REPLY BRIEF

1. I am submitting this appeal to the Honorable Judge with the aim of seeking the recognition of my constitutional rights and the fulfillment of my obligations as an employee of the Puerto Rico Electric Power Authority, as a public employee and as a citizen of the Commonwealth of Puerto Rico.

2. The foregoing seeks to establish, first of all, that I recognize that the universal basis of the courts is justice, a moral principle which favors action and adjudication in accordance with the truth and giving each their due or their right.

3. Section 7 (Article II) of the Constitution of the Commonwealth of Puerto Rico (E.L.A.P.R.) provides:

   "*The right to life, liberty and the enjoyment of property shall be recognized as a fundamental human right. There shall be no death penalty. No person shall be deprived of their liberty or property without due process of law, nor shall any person in Puerto Rico be denied equal protection of the laws.* **No laws that impair contractual obligations shall be passed**. *The laws shall determine a minimum of property and belongings not subject to seizure.*" (Emphasis ours).

4. As a general rule, participation in the Retirement System in the Electric Power Authority is mandatory. *3 L.P.R.A. Sec. 764 Calderon V. Administracion de las Sistemas de Retiro, 129 D.P.R. 1020, 1031-1032 (1992).*

5. The so-called Employees' Retirement System of the Puerto Rico Electric Power Authority receives the contributions of its members and PREPA's contribution matching the contribution of its members or employees in order to use its funds "for the benefit of all its participating members, their dependents and beneficiaries, for the payment of retirement annuities, disability and death benefits, among other benefits".

   Accordingly, deductions are made from each employee's salary for retirement purposes. The aim is that, in exchange for these deductions, employees will be entitled to receive their contributions or annuity at the time of retirement in order to have, as a minimum, a minimum subsistence income. *In re Castro y Torres Brashi*, 73 D.P.R. 564 (1952);

2 | Page

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*18/JULY/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

> ***Calderon v. Administracion de Sistemas de Retiros***, supra. One of the Constitution's most important purposes is "to protect employees after a public position with dignity for many years". In the instant case.

6. The Courts have set the guidelines and have stated: "With the advent of popular democracies and the disappearance of monarchical regimes, the pension's legal basis does not consist of an act of reward by the sovereign, but rather a moral obligation of the state."

   In consonance with the foregoing, it has been stated that:

   "*a public employee's right to a retirement pension for years of service has a respectable ethical and moral content that constitutes an assurance of dignity for the individiduals, who should not find themselves in the final stage of their life in helplessness or become the burden of relatives or the State after having dedicated their fruitful years to public service.* **Rosa Resto V. Rodriguez Solis**, III D.P.R. 89, 92 (1981). See also **Calderón v. Administración de los Sistemas de Retiro**, *supra, pp. 1041-1042 (1992);* **Ramon Mayol V. Tribunal Superior**, *101 D.P.R. 807, 811 (1973).*

   The contractual theory postulates that there is an agreement of wills between the State and the employee that produces a binding effect for both parties. **Bayrón Toro v. Serra**, supra. This renders the retirement plan under the provisions established by law part of a contract. For this reason, the legislature does not have the power to pass laws that undermine that vested right which is of a contractual nature or which has been "purchased" by that participant through compulsory contributions from their salary and fringe benefits.

7. No one can be held responsible for something over which they have no control. Both the Commonwealth of Puerto Rico and the Puerto Rico Electric Power Authority are responsible for violating my dignity and morals by jeopardizing […]

8. […] the retirement pension for which I worked during my fruitful years. Article II, the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Section I Human Dignity and Equality; discrimination prohibited.

3 | Page

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*18/JULY/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

9. I have suffered an erosion of my retirement annuities due to the non-receipt of salary increases for my labor and professional performance in the last 4 years of work (2010-2014). Due to the non-receipt of pay for overtime hours worked, hours worked during the October 2012 strike and the non-receipt of the December 2014 bonus in its entirety.

10. I have suffered a reduction of my social security annuities due to the non-receipt of emoluments as agreed and worked for. This is in violation of Article II, Bill of Rights, Constitution of the Commonwealth of Puerto Rico, Section 16 Employee Rights;

    "The right of every worker.... to receive equal pay for equal work is recognized".

11. The Medical Plan to be enjoyed at retirement underwent changes to the detriment of retirees. A plan with higher co-payments at pharmacies, laboratories, and doctors. In addition to a higher premium. While the Government Health Card has greater benefits than the Medical Plan that we pay for years or "buy" during a whole working life. This Medical Plan is not a gift from the Commonwealth of Puerto Rico or PREPA.

12. Given my concern about the government's efforts to privatize the PREPA for decades and dissolve the Employees Retirement System, I filed Claim No. 15774. By means of Act No. 120 of June 20, 2018, as amended, the "Puerto Rico Electric System Transformation Act" was created. An Act privatizing the operation of the Transmission and Distribution System, customer service, human resources, finance, tariffs, planning, reconstruction, federal funds, energy policy, power generation aspects and the Integrated Resource Plan, among others.

    The company selected through a [bid] announcement, currently known as LUMA, has announced new benefits to employees, therefore, the Retirement System will not be nourished by the contributions of these employees, which will further erode the Puerto Rico Electric Power Authority Employees' Retirement System.

4 | Page

"if the language of the law creates no doubt and is clear as to its purpose, its own text is the best expression of the legislative intent". This same Act, Section 3 (22 L.P.R.A. § 1113) provides that laws impairing legitimately agreed contractual obligations shall not be passed. Paragraph 3. Therefore, *Acknowledgement by a party dispenses with the need to provide proof.*

13. The Puerto Rico Electric Power Authority was established under the laws of the Commonwealth of Puerto Rico. This act of creation also mandated a Board of Governors made up of 7 members of which 5 are selected by the Governor and the Legislative leaders. Like any good parent (creator of a work), the Government of Puerto Rico is obliged to comply with its obligations, and it alone must ensure that the established rules and procedures are fully complied with.

14. The Government of Puerto Rico did not comply with its obligation to ensure sound administration.
    For the foregoing reasons, I hereby request that the request of the debtor (Commonwealth of Puerto Rico) to reclassify claim 15774 be DENIED, since it has violated the constitutional rights established in the Constitution of the Commonwealth of Puerto Rico.

**RESPECTFULLY SUBMITTED**

I certify that I have transmitted a copy of this brief to:

**Counsel for the Oversight Board**
Proskauer Rose LLP,
Eleven Times Square, New York
New York 10036-8299
Attn. Martin J. Bienenstock
Brian S. Rosen

**Counsel for the Creditors' Committee**,
Paul Hastings LLP
200 Park Avenue
New York, New York, 10166
Attn: Lue A. Despins
James Bliss

5 | Page

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*18/JULY/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

James Worthington
G. Alexander Bongartz

In San Juan, Puerto Rico, today ~~May 1~~, April 27, 2022

[Signature]
Rafael A. Carrasquillo Nieves,
Urb. Los Sueños 5, Calle Armonía
Gurabo, P.R. 00778-7800
Tel.: (939) 940-0807
[handwritten between lines:] nieves
Email: rcarrasquillo@gmail.com

6 | Page

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*18/JULY/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*



**TRANSLATOR'S CERTIFICATE OF TRANSLATION**

Translation from: Spanish (Puerto Rico) into English (US)
TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Claim No. 15774 DN 20641**

Signed this 18TH of July 2022



_____
Andreea I. Boscor

