UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 23700<br><br><br><br>(Jointly Administered) |

STIPULATION AND AGREED ORDER RESOLVING MARIA
DE LOS ANGELES ORTIZ–SOTO'S AND NILDA MELENDEZ–SANTANA'S
MOTION TO SET ASIDE DISCHARGE AND REQUSTING RELIEF OF STAY

The Commonwealth of Puerto Rico (the "Commonwealth"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] Maria De Los Angeles Ortiz-Soto ("Ms. Ortiz-Soto"), and Nilda Melendez-Santana ("Ms. Melendez-Santana" and together with Ms. Ortiz-Soto, "Movants") hereby stipulate and agree as follows:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

**RECITALS**

**The Commonwealth's Title III Case**

A. On May 3, 2017, the Commonwealth, by and through the Oversight Board, as the Commonwealth's representative pursuant to PROMESA Section 315(b), filed a voluntary petition with the United States District Court for the District of Puerto Rico (the "Title III Court") for relief pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

B. On January 18, 2022, the Title III Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19784] (the "Commonwealth Plan").

C. Section 92.3 of the Commonwealth Plan and decretal paragraph 59 of the Confirmation Order provide for, among other things, an injunction from and after the effective date of the Commonwealth Plan on the prosecution of claims discharged pursuant to the Commonwealth Plan (the "Discharge Injunction").

D. On March 15, 2022, the effective date of the Commonwealth Plan occurred, and the Commonwealth Plan was substantially consummated (the "Plan Effective Date"). [ECF No. 20349].

E. On October 20, 2022, the Title III Court entered the *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650] (the "Modification Order"), which, among other things, modified the Discharge Injunction

"solely to the limited extent of allowing litigation with respect to claims authorized to be asserted pursuant to 32 L.P.R.A. § 3077(a), to the extent the amount of such claim asserted is within such statutory limitation of $75,000 or $150,000, as applicable, to proceed to final judgment and execution, including any appeals." Modification Order ¶ 6.

**The Ortiz-Soto Action**

F. On February 11, 2021, Ms. Ortiz-Soto filed an action, captioned *Maria De Los Angeles Ortiz-Soto v. Municipality of San Juan*, Case No. SJ2021CV00871 (the "Ortiz-Soto Action"), in the Court of First Instance in the San Juan Superior Court (the "San Juan Court") against the Municipality of San Juan relating to an alleged slip and fall that occurred on September 13, 2020. On February 11, 2022, Ms. Ortiz-Soto filed an amended complaint adding the Commonwealth as a named defendant.

G. On April 5, 2022, the Commonwealth filed a notice of injunction (the "Ortiz-Soto Injunction Notice") in the Ortiz-Soto Action, notifying the San Juan Court of the occurrence of the Plan Effective Date and the Discharge Injunction (both as defined below). On May 19, 2022, the San Juan Court issued a partial judgment staying the Ortiz-Soto Action solely with respect to the claims against the Commonwealth.

**The Melendez-Santana Action**

H. On November 11, 2021, Ms. Melendez-Santana filed an action, captioned *Nilda Melendez-Santana v. Municipality of Guaynabo, et. al.*, Case No. BY2021CV04644 (the "Melendez-Santana Action," and together with the Ortiz-Soto Action, the "Postpetition Actions"), in the Court of First Instance in the Bayamon Court (the "Bayamon Court") against the Municipality of Guaynabo and the Commonwealth relating to an alleged slip and fall that occurred on August 21, 2021.

I. On April 11, 2022, the Commonwealth filed a notice of injunction (the "Melendez-Santana Injunction Notice," and together with the Ortiz-Soto Injunction Notice, the "Injunction Notices") in the Melendez-Santana Action, notifying the Bayamon Court of the occurrence of the Plan Effective Date and the Discharge Injunction. On May 3, 2022, the Bayamon Court issued a judgment staying the Melendez-Santana Action.

**The Proofs of Claims and the Motion**

J. Ms. Ortiz Soto filed the following proofs of claim relating to the Ortiz-Soto Action (collectively, the "Ortiz-Soto POCs"):

| Proof of Claim No. | Asserted Claim | Date Filed |
|---|---|---|
| 179979 | $120,000.00 | June 6, 2022 |
| 180386 | $120,000.00 | June 14, 2022 |
| 180389 | $120,000.00 | June 14, 2022 |

K. Ms. Melendez-Santana filed the following proof of claim relating to the Melendez-Santana Action (the "Melendez-Santana POC" and together with the Ortiz-Soto POCs, the "POCs"):

| Proof of Claim No. | Asserted Claim | Date Filed |
|---|---|---|
| 180388 | $85,000.00 | June 14, 2022 |

L. On March 7, 2023, Movants filed the *Motion to Set Aside Discharge and Requesting Relief of Stay* [ECF No. 23700] (the "Motion"), requesting relief from the Discharge Injunction to allow the Postpetition Actions to proceed.

M. The Debtors and Movants subsequently met and conferred and have resolved the Motion and the POCs, as set forth herein.

**NOW, THEREFORE,** in consideration of the foregoing, the parties hereby agree as follows:

**AGREEMENT**

1. This stipulation (the "Stipulation") shall become effective upon entry of an order of the Title III Court approving the terms and provisions hereof (the "Stipulation Effective Date").

2. The Motion is hereby withdrawn, with prejudice.

3. The POCs are hereby withdrawn, with prejudice.

4. Ms. Ortiz-Soto (i) acknowledges and agrees that any claim arising from or relating to the Ortiz-Soto Action against the Commonwealth shall not exceed $75,000 or $150,000, as applicable, pursuant to 32 L.P.R.A. § 3077(a), and (ii) shall take such actions as are necessary to effectuate subsection (i) above, including, without limitation, amending any complaint in the Ortiz-Soto Action.

5. Ms. Melendez-Santana (i) acknowledges and agrees that any claim arising from or relating to the Melendez-Santana Action against the Commonwealth shall not exceed $75,000 or $150,000, as applicable, pursuant to 32 L.P.R.A. § 3077(a), and (ii) shall take such actions as are necessary to effectuate subsection (i) above, including, without limitation, amending any complaint in the Melendez-Santana Action.

6. From and after the Stipulation Effective Date, the parties hereto acknowledge and agree that, pursuant to the acknowledgements in Paragraphs 4 and 5 above and Paragraph 6 of the Modification Order, the Discharge Injunction shall not apply to the Postpetition Actions, which shall be permitted to continue to final judgment and execution, including, without limitation, any appeal thereof.

7. The Commonwealth and Movants represent and warrant that they are properly and fully empowered to enter into and execute this Stipulation, that they know of no contractual

commitment or legal limitation of, impediment to, or prohibition against their entry into this Stipulation, and that the Stipulation is legal, valid, and binding upon them.

8. Neither this Stipulation nor any statement made, action, or position taken, or document prepared or executed in connection with the negotiation, execution, or implementation of this Stipulation shall be deemed to be, or construed as, (a) an admission by any party of any liability, wrongdoing, act, or matter or that any claim or defense has or lacks merit; or (b) a waiver of the Commonwealth's rights to dispute, contest, setoff, or recoup any claim, including any claims asserted by Movants, or assert any related rights, claims, or defenses and all such rights are reserved.

9. Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any persons or entities except as expressly provided in this Stipulation, (b) evidence of any willingness or obligation on the Commonwealth's part to consent to any other or future modifications of or relief from the Discharge Injunction or any injunction with respect to any persons or entities, or (c) altering or otherwise modifying the terms of the Plan or Confirmation Order. The Commonwealth and Movants reserve all rights, defenses, and protections with respect to any matters pending or that may arise in connection with the Plan, the Confirmation Order, and the Postpetition Actions (including, without limitation, with respect to any discovery in connection therewith).

10. This Stipulation contains the entire agreement by and between the parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

11. This Stipulation shall be construed and interpreted in accordance with the laws of Puerto Rico. For purposes of construing this Stipulation, neither of the parties shall be deemed to have been the drafter of the Stipulation.

12. This Stipulation shall be binding on the parties' successors and assigns.

13. Electronic copies of signatures on this Stipulation are acceptable, and an electronic copy of a signature on this Stipulation is deemed an original. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

14. The Title III Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

*[Remainder of Page Left Intentionally Blank]*

Dated: April 11, 2023

**STIPULATED AND AGREED TO BY:**

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Martin J. Bienenstock (pro hac vice)
Brian S. Rosen (pro hac vice)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*/s/ Juan M. Cancio Biaggi*
Juan M. Cancio-Biaggi
USDC-PR No. 229811

PMB 317
P.O. Box 70344
San Juan, P.R. 00936
Tel: (787) 763-1211
Fax: (787) 763-1215
Email: jm@canciobiaggi.com

**O'NEILL & BORGES LLC**

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704

250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and Management Board as representative for the Commonwealth*

SO ORDERED on April 12, 2023

/s/ Laura Taylor Swain
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE