## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**Re: ECF No. 23894** |
| JUDITH BERKAN,<br><br>Movant,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>Respondent. | |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO
TO MOTION FOR RELIEF FROM STAY WITH RESPECT TO SECOND
CAUSE OF ACTION (ATTORNEYS FEES) IN *ARES ET AL V.
SECRETARY OF LABOR* AFTER COMPLETION OF CONFERRAL PROCESS**

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 3

    A.    The Commonwealth's Title III Case.................................................................. 3

    B.    The Motion and Current Status of the Litigation.................................................. 4

        i.    The Litigation............................................................................................. 4

        ii.    The Lift Stay Motion ................................................................................. 6

OBJECTION ......................................................................................................................... 6

    A.    Movant Fails to Show Cause for Relief under the Sonnax Factors ....................... 6

CONCLUSION....................................................................................................................... 14

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*,
217 F. Supp. 3d 508 (D.P.R. 2016)........................................................7, 10, 11

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*,
369 B.R. 87 (D.P.R. 2007)........................................................7

*Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin.
Oversight & Mgmt. Bd.)*,
899 F.3d 13 (1st Cir. 2018)........................................................7

*Goya Foods v. Unanue-Casal (In re Unanue-Casal)*,
159 B.R. 90 (D.P.R. 1993), *aff'd without opinion sub nom. Unanue v.
Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994)......................................6, 7

*Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*,
2006 U.S. Dist. LEXIS 55284 (S.D.N.Y. Aug 4, 2006)........................................11

*In re Breitburn Energy Partners LP*,
2017 WL 1379363 (Bankr. S.D.N.Y. Apr. 14, 2017)........................................8

*In re Breitburn Energy Partners LP*,
571 B.R. 59 (Bankr. S.D.N.Y. 2017)........................................................8

*In re City of Stockton*,
484 B.R. 372 (Bankr. E.D. Cal. 2012)........................................................12

*In re Cummings*,
221 B.R. 814 (Bankr. N.D. Ala. 1998)........................................................8

*In re Fucilo*,
2002 WL 1008935 (Bankr. S.D.N.Y. Jan. 24, 2002)........................................1, 6

*In re Hemingway Trans.*,
954 F.2d 1 (1st Cir. 1992)........................................................9

*In re Motors Liquidation Co.*,
2010 WL 4630327 (S.D.N.Y. Nov. 8, 2010)........................................12

*In re Murrin*,
477 B.R. 99 (D. Minn. 2012)........................................................8

*In re Plumberex Specialty Prod., Inc.*,
311 B.R. 551 (Bankr. C.D. Cal. 2004)........................................................12

*In re Residential Cap., LLC*,
  No. 12-12020, 2012 WL 3860586 (Bankr. S.D.N.Y. Aug. 8, 2012) ................................10, 11

*In re SquareTwo Fin. Servs. Corp.*,
  2017 WL 4012818 (Bankr. S.D.N.Y. Sept. 11, 2017) ...........................................................1, 6

*In re Taub*,
  413 B.R. 55 (Bankr. E.D.N.Y. 2009) .........................................................................................8

*In re WorldCom, Inc.*,
  2007 WL 841948 (Bankr. S.D.N.Y. Mar. 12, 2007) ...........................................................1, 6

*L.F. Rothschild & Co. v. Angier*,
  84 B.R. 274 (1988) ....................................................................................................................9

*P.R. Elec. Power Auth. v. Maxon Eng'g Servs.*,
  2007 U.S. Dist. LEXIS 108880 (D.P.R. May 10, 2007) ...........................................................9

*Peaje Invs. LLC v. Garcia-Padilla*,
  2016 U.S. Dist. LEXIS 153711 (D.P.R. Nov. 2, 2016), *aff'd*, 845 F.3d 505
  (1st Cir. 2017) ..........................................................................................................................7

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*,
  907 F.2d 1280 (2d Cir. 1990) ............................................................................... passim

**STATUTES**

48 U.S.C. §§ 2101–2241 ..................................................................................................................1

11 U.S.C. § 362 ................................................................................................................................1

11 U.S.C. § 362(c)(2)(C) ................................................................................................................1

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this objection (the "Objection") to the *Motion for Relief from Stay Respecting Second Cause of Action (Attorneys Fees) in Ares et al., v. Secretary of Labor After Completion of Conferral Process* [ECF No. 23894] (the "Motion"), filed by Judith Berkan ("Movant"), counsel to the petitioners (the "Petitioners") in the case captioned *Ares et al v. Secretario del Trabajo*, Case No. SJ-2017-02199 (the "Litigation"), pending before the Puerto Rico Court of First Instance of San Juan (the "Superior Court").  In support of this Objection, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Pursuant to the Motion, Movant seeks an order modifying the automatic stay[2] pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") to allow for the second cause of action in the Litigation regarding the payment of Movant's attorneys' fees to proceed to final judgment and execution.  *See* Motion at 2, 12.  Movant's asserted attorneys' fees claim relates to her representation of Petitioners, a group of 17 long-term employees of the

---

[1]    PROMESA is codified at 48 U.S.C. §§ 2101–2241.

[2]    Pursuant to section 362(c)(2)(C) of the Bankruptcy Code, Section 92.25 of the Commonwealth Plan, and decretal paragraph 66 of the Confirmation Order, the automatic stay was replaced by the discharge injunction upon the occurrence of the effective date of the Commonwealth Plan. *See Memorandum Order Concerning Inquiry Motion of Juan Manuel Cruzado-Laureano* at 9-15 [ECF No. 22349]; *Memorandum Order Concerning Mr. Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(h) and Bankruptcy Code's Sections 362(b)(4), (d)(1)* at 8 [ECF No. 23878].

To the extent the Court interprets the Motion to seek relief from the discharge injunction, some courts have considered such relief under the *Sonnax* factors discussed below. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr. S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002); *In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007).

Department of Labor of the Commonwealth of Puerto Rico (the "Department of Labor"), in the Litigation seeking a writ of mandamus compelling the Secretary of the Department of Labor (the "Secretary of Labor") to permit Petitioners to retire from government service under a particular incentive program. Petitioners' request for mandamus in the Litigation has been resolved.

2.      The Motion should be denied because Movant failed to timely file a proof of claim or proof of administrative expense claim, as applicable, for her asserted attorneys' fees claim. Accordingly, Movant's asserted claim is discharged and barred pursuant to the Commonwealth Plan and Confirmation Order.

3.      While Movant asserts her asserted claim "did not accrue until the final resolution" of the pre-retirement claims (allegedly a month ago), the Commonwealth Plan's discharge injunction extends to claims that "arose, in whole or in part, prior to the Effective Date." Commonwealth Plan § 92.2(a); Confirmation Order ¶ 56. Further, "Claim" as defined in the Commonwealth Plan includes broadly any right to payment "***whether or not such right is reduced to judgment, liquidated, fixed***, contingent, ***matured***, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or ***asserted or unasserted***." Commonwealth Plan § 1.135 (emphasis added). Thus, notwithstanding whether Movant's claim arose pre-petition or post-petition (or in part, post-Effective Date (as defined below)), the asserted claim at the very least arose during the post-petition period, and therefore fits squarely within the discharge provision of the Commonwealth Plan and Confirmation Order. Movant was required to file a proof of claim pursuant to the Bar Date Order or a proof of administrative expense claim pursuant to the Confirmation Order and Commonwealth Plan, as applicable, yet failed to do either.

4.      Accordingly, the Motion should be denied because Movant has failed to timely file a proof of claim or proof of administrative expense claim, as applicable, with respect to her asserted

claim arising from the Litigation and Movant's claim for attorneys' fees is barred by the discharge injunction in the Commonwealth Plan and Confirmation Order. Granting Movant's request for stay relief to allow Movant to enforce the asserted claim for attorneys' fees would circumvent the proof of claim filing requirements in the Bar Date Order, the Commonwealth Plan, and the Confirmation Order, and the discharge provided in the Commonwealth Plan and Confirmation Order. Furthermore, Movant has otherwise failed to demonstrate "cause" for relief from the discharge injunction.

## BACKGROUND

### A.      *The Commonwealth's Title III Case*

5.      On May 3, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

6.      On February 15, 2018, the Court entered the *Order (A) Establishing Deadlines And Procedures For Filing Proofs Of Claim And (B) Approving Form And Manner Of Notice Thereof* [ECF No. 2521] (the "Bar Date Order"), establishing May 29, 2018 as the deadline for filing proofs of claim. On May 23, 2018, the Court entered an order [ECF No. 3131] extending the bar date to June 29, 2018.  The Debtor has not been able to locate any proof of claim filed by Movant relating to the Litigation, nor has Movant provided the Debtor a proof of claim number related to the Litigation.[3]

7.      On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,*

---

[3] Movant filed Proof of Claim No. 86060, which appears to relate to separate litigation.

3

the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [ECF No. 19813] (the "<u>Confirmation Order</u>"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19784] (the "<u>Commonwealth Plan</u>").  Section 92.2 of the Plan discharged and released the Debtor from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date."  Commonwealth Plan § 92.2(a); *see also* Confirmation Order ¶ 56.

8.    On March 15, 2022, the Commonwealth Plan became effective (the "<u>Effective Date</u>").

9.    Decretal paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligations with respect thereto."  The deadline to file proofs of Administrative Expense Claims was June 13, 2022, which was extended to January 18, 2023, solely with respect to certain claims or causes of action, pursuant to the *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650].  The Debtor has not been able to locate any administrative expense claim filed by Movant, nor has Movant asserted she filed an administrative expense claim.

**B.    *The Motion and Current Status of the Litigation***

**i.    *The Litigation***

10.    On October 31, 2017, Petitioners commenced the Litigation against the Commonwealth and Secretary of Labor alleging they were denied participation in a "voluntary pre-retirement" program pursuant to Act 211-2015 of December 8, 2015, known as the "Voluntary

4

Pre-Retirement Program Act."  The Petitioners requested that the State Court order the Secretary

of Labor to allow their retirement from government service in "compliance with Act 211."  The

complaint in the Litigation also included a second cause of action requesting payment of attorneys'

fees.

11.    On or around July 15, 2020, the Superior Court entered a judgment (the "Superior

Court Judgment") granting the mandamus petition.  However, the Superior Court stayed

determination of Movant's attorneys' fees claim.[4]

12.    The Commonwealth appealed the Superior Court Judgment to the Puerto Rico

Court of Appeals (the "Court of Appeals"), which the Court of Appeals affirmed on November 18,

2020.  However, the Court of Appeals amended the judgment and ordered the matter returned to

the Puerto Rico Office of Management and Budget (the "OMB") "to reevaluate the viability of

funds in accordance with the current economic situation of the agency." In the event the OMB was

able to identify the funds, the Court of Appeals ordered the Secretary of Labor to implement the

pre-retirement program. *See Ares et al v. Secretario del Trabajo*, Case No. SJ-2017-02199.

13.    On December 19, 2022,  Movant filed a motion in the Superior Court, informing

the Superior Court that all of the Petitioners involved in the Litigation had been enrolled in the

pre-retirement program and the underlying cause of action was otherwise resolved, except for

attorneys' fees. *See Ares et al v. Secretario del Trabajo*, Case No. SJ-2017-02199 [Dkt. No. 122].

14.    On March 20, 2023, the Superior Court issued a resolution and order declining to

reopen the Superior Court case regarding the payment of attorneys' fees until the matter is resolved

by the Title III Court.

---

[4]    Petitioners previously sought relief from the automatic stay to pursue their mandamus action.  [ECF Nos. 3476,
3751, 8720].  On September 25, 2019, the Debtor and Petitioners entered into a stipulation providing for the
mandamus action to proceed to final judgment, but provided for the automatic stay to continue to apply in all other
respects, including for any claims for money damages.  [ECF No. 8877].

### ii.   The Lift Stay Motion

15.     On March 30, 2023, Movant filed the Motion in the Commonwealth's Title III case,

seeking relief from the automatic stay so the Litigation may proceed with respect to Movant's

asserted attorneys' fees.

### OBJECTION

### A.     Movant Fails to Show Cause for Relief under the Sonnax Factors

16.     To the extent the Court interprets the Motion as a request for relief from the

discharge injunction, courts have considered such relief under the same "cause" standard as relief

from the automatic stay. *See In re SquareTwo Fin. Servs. Corp.*, 2017 WL 4012818, at *4 (Bankr.

S.D.N.Y. Sept. 11, 2017); *In re Fucilo*, 2002 WL 1008935, at *8 (Bankr. S.D.N.Y. Jan. 24, 2002);

*In re WorldCom, Inc.*, 2007 WL 841948, at *5 (Bankr. S.D.N.Y. Mar. 12, 2007). Movant fails to

establish cause exists to lift the discharge injunction.

17.     "Cause" is not defined in the Bankruptcy Code. *Goya Foods v. Unanue-Casal (In*

*re Unanue-Casal)*, 159 B.R. 90, 95–96 (D.P.R. 1993), *aff'd without opinion sub nom. Unanue v.*

*Unanue-Casal (In re Unanue-Casal)*, 23 F.3d 395 (1st Cir. 1994).  To determine whether "cause"

exists to grant stay relief, courts examine numerous factors, including those set forth in *Sonnax*

*Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d

Cir. 1990):

> (1) whether relief would result in complete or partial resolution of the issues;
>
> (2) the lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the foreign proceeding involves the debtor as fiduciary;
>
> (4) whether a specialized tribunal has been established to hear the cause of action at issue;
>
> (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6

(6) whether the action essentially involves third parties rather than the debtor;

(7) whether the litigation could prejudice the interest of other creditors;

(8) whether a judgment in the foreign action is subject to equitable subordination;

(9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor;

(10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12) the impact of the stay on the parties and the "balance of harms."

*In re Sonnax Indus.*, 907 F.2d at 1286.

18.     Courts in this Circuit have adopted these "*Sonnax* factors." *See Brigade Leveraged Cap. Structures Fund Ltd. v. Garcia-Padilla*, 217 F. Supp. 3d 508, 518 (D.P.R. 2016) ("To help guide their analysis of whether to enforce or vacate the stay, some courts, including those in this district, have relied upon a laundry list of assorted factors." (citing *Sonnax*, 907 F.2d at 1286; *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 94-95 (D.P.R. 2007)); *In re Unanue-Casal*, 159 B.R. at 95–96; *Peaje Invs. LLC v. Garcia-Padilla*, 2016 U.S. Dist. LEXIS 153711, at *13 (D.P.R. Nov. 2, 2016), *aff'd*, 845 F.3d 505 (1st Cir. 2017); *Fin. Oversight & Mgmt. Bd. v. Ad Hoc Grp. of PREPA Bondholders (In re Fin. Oversight & Mgmt. Bd.)*, 899 F.3d 13, 23 (1st Cir. 2018) ("We agree with the parties that the factors identified by the Second Circuit in *Sonnax* and recited by the Title III court provide a helpful framework for considering whether the Title III court should permit litigation to proceed in a different forum.").

19.     No one factor is dispositive; instead, courts "engage in an equitable, case-by-case balancing of the various harms at stake" and will lift the stay only if the harm engendered by allowing the stay to remain in place outstrips the harm caused by lifting it.  *Brigade*, 217 F. Supp.

7

3d at 518.  Movant bears the initial burden of establishing cause, *id.*, and when the movant is not a secured claimholder asserting a lack of adequate protection, that burden is a high one. *See In re Breitburn Energy Partners LP*, 571 B.R. 59, 65 (Bankr. S.D.N.Y. 2017).

20.     The *Sonnax* factors clearly weigh against relief from the discharge injunction. Denying the Motion would further the goal of the discharge injunction and the Confirmation Order, which provides the Debtor a "fresh start" from having to defend itself from claims that were discharged because of Movant's failure to timely file a proof of claim or proof of administrative expense claim, as applicable. The *Sonnax* factors point squarely toward maintaining the stay and against the relief Movant seeks:

21.     ***Sonnax* Factor 1**:   The first *Sonnax* factor—whether relief would result in complete or partial resolution of the issues—weighs against lifting the automatic stay. The first *Sonnax* factor does not focus on the issues in the stayed litigation.  If it did, the first *Sonnax* factor would always favor lifting the stay because every lawsuit eventually resolves the issues in that particular proceeding. Instead, the first *Sonnax* factor primarily focuses on whether the separate litigation would expeditiously resolve issues relevant to the bankruptcy case. *See, e.g.*, *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009) (lifting the stay because non-bankruptcy litigation "would resolve significant open issues in the Debtor's bankruptcy case, and would assist the Debtor in pursuing the confirmation of a [] plan"). Accordingly, many courts characterize this factor as whether the non-bankruptcy proceeding would result in "the resolution of preliminary bankruptcy issues." *See, e.g.*, *In re Murrin*, 477 B.R. 99, 109 (D. Minn. 2012) (citation omitted); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998).

22.     Here, Movant bears the high burden of establishing cause, and the Motion is devoid of such showing, as none exists. *See In re Breitburn Energy Partners LP*, 2017 WL 1379363, at

8

*4 (Bankr. S.D.N.Y. Apr. 14, 2017). Movant fails to identify any bankruptcy issue related to the Commonwealth's Title III case that would be resolved by allowing Movant to proceed with the Litigation, which Movant herself acknowledges in the Motion ("[t]here is basically no relationship between the Title III filing and the request for attorneys fees." Motion ¶ 8).  Indeed, Movant failed to timely file a proof of claim or proof of administrative expense claim, as applicable, relating to her asserted attorneys' fees.

23.    While Movant asserts that her claim did not "accrue until the final resolution" of the mandamus action (allegedly a month before the filing of the Motion), the Commonwealth Plan's discharge injunction extends to "Claims" that "arose, *in whole or in part*, prior to the Effective Date." Commonwealth Plan § 92.2(a) (emphasis added); Confirmation Order ¶ 56.[5] "Claim" as defined in the Commonwealth Plan includes broadly any right to payment "*whether or not such right is reduced to judgment, liquidated, fixed*, contingent, *matured*, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or *asserted or unasserted*."  Commonwealth Plan § 1.135 (emphasis added).[6]  Movant's asserted claim at the

---

[5]    Furthermore, state law is not determinative of when a claim arises.  *See P.R. Elec. Power Auth. v. Maxon Eng'g Servs.*, 2007 U.S. Dist. LEXIS 108880, at *18 (D.P.R. May 10, 2007):

. . . our survey of relevant case law points to the opposite conclusion, that state law is not controlling in determining when a claim arises. *See, e.g., In re Hemingway Trans.*, 954 F.2d at 8 n.9 (refusing to accept the minority approach to determining when a claim arises, which requires courts to look to non-bankruptcy state law, because it fails to "accord full breadth to the term 'claim'" which Congress intended to be defined broadly); *L.F. Rothschild & Co. v. Angier*, 84 B.R. 274 276 (1988) ("Relying on Congress' expansive definition of 'claim,' courts have applied . . . automatic stays to post-petition claims arising out of the debtor's pre-petition conduct, even when the debtor's cause of action was not mature under state law until after the bankruptcy filing." (listing cases from numerous jurisdictions that applied similar analysis)).

[6]    *See also In re Hemingway Transp.*, 954 F.2d 1, 8 (1st Cir. 1992) (internal citations omitted):

Congress eventually jettisoned the "provability" requirement to define "claim" as broadly as practicable. . . . These legislative changes were devised deliberately to permit "the broadest possible relief in the bankruptcy court" . . . and to ensure that "virtually all obligations to pay money [would] be amendable to treatment in bankruptcy." . . . [T]he term "claim" is broad enough to encompass an unliquidated, contingent right to payment . . . even though the triggering contingency does not occur until *after* the filing of the petition under the Bankruptcy Code.

very least arose during the post-petition period, and therefore fits squarely within the discharge
provision of the Commonwealth Plan and Confirmation Order.

24.      Therefore, Movant's claim is barred and discharged pursuant to the Commonwealth
Plan and Confirmation Order for failure to timely file a proof of claim or proof of administrative
expense claim, as applicable,[7] and the first Sonnax factor supports denying the Motion.

25.      ***Sonnax* Factor 2**:  The second *Sonnax* factor—the lack of any connection with or
interference with the bankruptcy case—does not support lifting the stay. Although Movant alleges
that allowing the Litigation to proceed would not interfere with the Commonwealth's Title III case
nor prejudice any other Commonwealth creditors, lifting the discharge injunction would waste the
Commonwealth's resources to litigate a claim that has been discharged because Movant failed to
timely file a proof of claim, or any claim whatsoever, with respect thereto. Further, granting the
Motion would interfere with the administration of the Title III case, and circumvent the claims
filing requirements in the Bar Date Order, the Commonwealth Plan, and the Confirmation Order,
and the discharge in the Plan and Confirmation Order. *See*, e.g., *In re Residential Cap., LLC*, No.
12-12020, 2012 WL 3860586, at *6 (Bankr. S.D.N.Y. Aug. 8, 2012) (denying lift-stay motion in
part because "[t]he new litigation in non-bankruptcy courts would hinder the Debtors' attempts to
reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in
resolution of the Debtors' chapter 11 cases."). Thus, *Sonnax* factor 2 weighs in favor of denying
the Motion. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of
establishing cause).

---

[7]   This Court has previously held an asserted pre-petition claim is discharged pursuant to the Commonwealth Plan
and is subject to a permanent injunction when no proof of claim is filed. *See Memorandum Order Concerning Mr.
Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3),
304(H) and Bankruptcy Code's Sections 362(B)(4),(D)(1)* at 9  [ECF No. 23878] ("The result of Plan confirmation
and the occurrence of the Effective Date is that all "claims" against the Commonwealth arising prior to the
Effective Date and not expressly provided for under the Plan have been discharged.").

26.     ***Sonnax* Factor 4**:  The fourth *Sonnax* factor—whether a specialized tribunal has been established to hear the cause of action at issue—does not support granting the Motion. The Litigation was filed before the Superior Court.  Movant has not demonstrated how or why the Superior Court would qualify as a specialized tribunal pursuant to the *Sonnax* factors. Thus, Sonnax factor 4 weighs in favor of denying the Motion.

27.     ***Sonnax* Factor 5**:  The fifth *Sonnax* factor—whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation—does not support granting the Motion. No insurer of the Commonwealth has assumed any financial responsibility in connection with the Litigation. Thus, *Sonnax* factor 5 weighs in favor of denying the Motion.

28.     ***Sonnax* Factor 6**: The sixth *Sonnax* factor—whether the action essentially involves third parties rather than the debtor—does not support granting the Motion. This factor is not based on whether third parties are involved, but rather, whether the prepetition action primarily involves third parties *rather than* the debtor. *See In re Residential Cap., LLC*, 2012 WL 3860586, at *7 ("The court should not grant relief from the stay under the sixth *Sonnax* Factor if the debtor is the main party to the litigation."); *Grayson v. WorldCom, Inc. (In re WorldCom, Inc.)*, 2006 U.S. Dist. LEXIS 55284, at *33 (S.D.N.Y. Aug 4, 2006) ("Grayson offers no argument or claim to show how the Bankruptcy Court abused its discretion in determining that Grayson's claim in this action did not primarily involve third parties.").

29.     Here, the Litigation does not involve *primarily* third parties. Instead, Movant filed suit against the Commonwealth itself and the Department of Labor, an agency of the Commonwealth, and fails to show how any non-debtor parties in the Litigation are the *primary parties* to the action. *See Brigade*, 217 F. Supp. 3d at 529 n.12 (holding that movant bears the burden of establishing cause). Therefore, *Sonnax* factor 6 weighs in favor of denying the Motion.

11

30.     ***Sonnax* Factor 7***: The seventh *Sonnax* factor—whether the litigation could prejudice the interest of other creditors—does not support granting the Motion. As noted above, Movant failed to timely file a proof of claim or proof of administrative expense claim, as applicable, in connection with the Litigation, and upon the entry of the Confirmation Order, any claims in connection with Movant's asserted attorneys' fees were discharged and barred. Accordingly, allowing Movant to enforce her prepetition judgment would circumvent the terms of the Bar Date Order, the Commonwealth Plan, and the Confirmation Order, and inure to the detriment of the Commonwealth's creditors through the potential dilution of their recoveries.

31.     Indeed, Courts have also denied requests to lift the automatic stay where the debtor would be required to expend its limited resources to defend against litigation. *See, e.g.*, *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 563-64 (Bankr. C.D. Cal. 2004) (rejecting effort to lift stay in part because "the cost of protracted litigation of a separate proceeding in a non-bankruptcy forum would prejudice the interests of other creditors of the estate"); *In re Motors Liquidation Co.*, 2010 WL 4630327, at *4 (S.D.N.Y. Nov. 8, 2010) (finding no abuse of discretion where bankruptcy court concluded in denying lift-stay motion that "allowing Appellant to proceed with the ERISA suit would force [debtor] to expend estate resources to defend that" and thus "would prejudice the interests of other creditors"); *see also In re City of Stockton*, 484 B.R. 372, 379 (Bankr. E.D. Cal. 2012) (declining to lift stay in part because it "will deplete the coffers of the City treasury").

32.     Here, litigating issues relating to a discharged claim would waste the Commonwealth's resources, and hinder the "fresh start" provided by the confirmation of the Commonwealth Plan. Accordingly, *Sonnax* factor 7 does not support granting the Motion.

33.     ***Sonnax* Factors 10 and 11:**  The interest of judicial economy and the status of the Litigation also weigh against stay relief. Because Movant's claim has been discharged pursuant to the Commonwealth Plan for failure to timely file a proof of claim, judicial resources would be wasted by the litigation of moot issues. Further, even if Movant were permitted to file a late proof of claim, resolution of Movant's asserted claim should be accomplished through the claims resolution process in these Title III cases to preserve judicial economy. Thus, *Sonnax* factors 10 and 11 weigh in favor of denying the Motion.

34.     ***Sonnax* Factor 12:**  Balancing of the harms clearly favors denial of the Motion. The impact on the Commonwealth if the Motion were to be granted would outweigh any harm that Movant would suffer if the discharge injunction remains in place. Movant will not suffer hardship from the discharge injunction. Movant's asserted claim is barred and discharged pursuant to the Commonwealth Plan and Confirmation Order because she failed to file a timely proof of claim in the Title III case pursuant to the Bar Date Order, or an administrative expense claim pursuant to the Confirmation Order. Movant fails to articulate how she is harmed by the stay of the Litigation for any reason that is not self-inflicted.

35.     The impact on the Commonwealth and its creditors, however, if the Motion were to be granted would outweigh any self-inflicted harm that Movant would suffer if the discharge injunction remains in place. The diversion of the Commonwealth's resources to defend against Movant's claims in the Litigation, and the prejudice to the interests of other creditors, including upsetting the Commonwealth's "fresh start" provided by the Commonwealth Plan and Confirmation Order, all weigh in favor of denying the Motion. Thus, on balance, *Sonnax* factor 12 weighs in favor of denying the Motion.[8]

---

[8]    The remaining *Sonnax* factors ((3) whether the foreign proceeding involves the debtor as fiduciary; (8) whether a judgment in the foreign action is subject to equitable subordination; and (9) whether movant's success in the

## CONCLUSION

Movant fails to establish cause to justify the relief sought in the Motion and accordingly,

and for the foregoing reasons, the Court should deny the Motion.

Dated: April 13, 2023
San Juan, Puerto Rico

Respectfully submitted,

/s/  Brian S. Rosen

Martin J. Bienenstock
Brian S. Rosen
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative of the
Debtor*

/s/  Hermann D. Bauer

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial Oversight
and Management Board as representative of
the Debtor*

---

foreign proceeding would result in a judicial lien avoidable by the debtor) are not addressed as they are inapplicable
here.

14