UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                  Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER OVERRULING RESPONSES OF ICPR JUNIOR COLLEGE
TO THE FIVE HUNDRED FOURTEENTH OMNIBUS OBJECTION

        The Court has received and reviewed the *Five Hundred Fourteenth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Claims for Which the Debtors are Not Liable* (Docket Entry No. 22251 in Case No. 17-3283)[2] (the "Omnibus Claim Objection"), filed by the Financial Oversight

---

[1]     The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]     All docket entry references are to entries in Case No. 17-3283.

and Management Board for Puerto Rico (the "Oversight Board"), the *Opposition to Debtor's Omnibus Objection "Five Hundred Fourteenth" (Substantive)* (Docket Entry No. 22770) (the "First ICPR Response"), filed by ICPR Junior College ("ICPR"), the *Motion Submitting Creditor's Opposition to Debtor's Objection "Five Hundred Fourteenth" (Substantive)* (Docket Entry No. 23079) (the "Second ICPR Response"), filed by ICPR, the *Motion Submitting Creditor's Opposition to Debtor's Objection "Five Hundred Fourteenth" (Substantive)* (Docket Entry No. 23429) (the "Third ICPR Response" and, together with the First ICPR Response and the Second ICPR Response, the "ICPR Responses"), filed by ICPR, the Informative Motion (Docket Entry No. 23313), filed by ICPR, and the *Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to the Response Filed by the ICPR Junior College [ECF No. 22770] to the Five Hundred Fourteenth Omnibus Objection (Substantive) to Claims for Which the Debtors Are Not Liable* (Docket Entry No. 22987) (the "Reply"), filed by the Oversight Board. At the omnibus hearing on February 1, 2023 (the "Hearing"), the Oversight Board acknowledged that the Oversight Board had withdrawn the Omnibus Claim Objection with respect to invoice no. 200-820, and the Court heard oral argument relating to the alleged debt documented by invoice no. 200-882 (the "Disputed Claim").[3] (Feb. 1, 2023, Hr'g Tr. 20:21-21:3, Docket Entry No. 23505.)

The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). Having considered carefully all of the submissions and arguments made in

---

[3] For the remainder of this Memorandum Order, the Court will assume the partial withdrawal of the Omnibus Claim Objection (with respect to invoice no. 200-820) and limit discussion of the Omnibus Claim Objection and the ICPR Responses to the Disputed Claim.

connection with the ICPR Responses, the Court overrules the ICPR Responses for the following reasons.

"A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim." Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.), 993 F.2d 915, 925 (1st Cir. 1993). However, if a debtor interposes an objection supported by "substantial evidence," the burden of demonstrating the validity of the claim shifts to the claimant. Id. ("Once the trustee manages the initial burden of producing substantial evidence . . . , the ultimate risk of nonpersuasion as to the allowability of the claim resides with the party asserting the claim.").

The Oversight Board seeks partial disallowance of proof of claim no. 5130 (the "Proof of Claim"), filed by ICPR, on the basis that invoice no. 200-882 does not evidence a valid debt because no valid contract was in effect during the period of time covered by that invoice (i.e., October 2014). (Reply ¶ 7.) The Oversight Board contends that, although ICPR was party to a lease agreement with a Commonwealth agency (the "OGPE") dated November 22, 2013, with a stated term of five years, that agreement was terminated pursuant to a June 3, 2014 letter from the OGPE Executive Director. (Reply ¶ 8.) The June 3, 2014 letter gave 120 days' notice of the termination of the lease (as required by the lease), and stated that the OGPE would "keep the leased unit until October 1, [2014,] the date on which the 120 days expire." (Docket Entry No. 22640-1.)

ICPR does not dispute that the OGPE gave proper notice of the termination of the lease pursuant to the terms of the lease. (See Third ICPR Response ¶ 9; Feb. 1, 2023, Hr'g Tr. 24:10-20 ("[T]here's no controversy as to the fact on June 4, 2014, the government invoked that termination right and notified ICPR of its intention to keep the lease until October 1st, the date

on which the 120 days expired.").) However, ICPR argues that OGPE tacitly renewed the lease for the month of October by continuing to occupy the leased premises for the entire month of October. (Third ICPR Response ¶¶ 6-9.)

In light of the agreed facts, the Oversight Board has met its burden of rebutting the prima facie validity of the Disputed Claim, and ICPR has not demonstrated the Disputed Claim's validity. Under Puerto Rico law, no valid claim may be asserted against the government for the use of leased premises during a period when a written lease agreement is not in effect. See Vicar Builders v. Commonwealth of Puerto Rico, 192 D.P.R. 256 (P.R. 2015). Here, the government provided the required notice of the termination of the lease, and the lease therefore terminated on October 1, 2014. While ICPR alleges that the OGPE continued to occupy the premises after the termination of the lease, Commonwealth law is clear that the continued use of real estate by the government following the expiration of a written lease is not a basis for asserting a claim against the government. See Vicar Builders, 192 D.P.R. at 270 (holding that the government cannot tacitly renew a lease by continuing to occupy premises after a lease is terminated). At the Hearing, ICPR conceded that no provision of the lease supported its argument that the OGPE's subsequent conduct waived the valid termination of the lease agreement. (Feb. 1, 2023, Hr'g Tr. 26:3-11.) In the absence of any such provision, there is no basis to imply any continuing agreement (or any revocation of the termination of the prior agreement) under Commonwealth law, as doing so would violate Puerto Rico public policy. See Vicar Builders, 192 D.P.R. at 266-68.

The ICPR Responses are therefore overruled with respect to the Disputed Claim. The Oversight Board is directed to revise the proposed order granting the Omnibus Claim Objection to reflect the disposition of the Proof of Claim, and to submit a revised proposed order

to chambers when all responses to the Omnibus Claim Objection have been resolved. This Order resolves Docket Entry Nos. 23079, 22770, and 23429 in Case No. 17-3283.

    SO ORDERED.

Dated: April 14, 2023

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge