UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>**Re: ECF No. 23938**<br><br>(Jointly Administered) |

**OBJECTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD OF PUERTO RICO TO SUCESIÓN PASTOR MANDRY MERCADO'S
MOTION DIRECTING ISSUANCE OF CHECK [DKT NO. 23938]**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Last Four Digits of Federal Tax ID: 3801) (Last Four Digits of Federal Tax ID: 3801) (Bankruptcy Case No. 19-BK-5523-LTS). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA is codified at 48 U.S.C. §§ 2101–2241.

*Sucesión Pastor Mandry Mercado's Motion Directing Issuance of Check* [Case No. 17-3283, ECF No. 23938] (the "Motion"), filed by Sucesión Mandry Mercado (as defined in the Motion) on April 5, 2023. In support of its Objection, the Commonwealth respectfully represents as follows:

## PRELIMINARY STATEMENT[3]

1. The Plan provides for the orderly resolution of all claims filed in the Commonwealth Title III case. In defiance of that process, the Motion asks this Court to allow Sucesión Mandry Mercado to jump ahead of other claimants, immediately adjudicate its Amended Claim, and receive immediate payment in the precise amount asserted by Sucesión Mandry Mercado. Specifically, the Motion requests the Court order the Commonwealth to "issue a check forthwith to the order of Sucesión Mandry Mercado for $33,897,853.96, plus the interest accrued thereon after March 31, 2023 on the basis of $4,237.23 per day." Motion at 4.

2. The Commonwealth's claims reconciliation process is ongoing, and the Oversight Board currently has until September 4, 2023 to object to claims filed against the Commonwealth. While the Oversight Board is working expeditiously to reconcile claims and file any necessary objections, pursuant to this Court's orders, the Oversight Board has another four and one-half months to do so. In connection with that process, the Oversight Board is evaluating Sucesión Mandry Mercado's proposed interest calculations. And, although it has not reached a final determination, the Oversight Board currently anticipates it will object to the Amended Claim's interest calculation. Sucesión Mandry Mercado asserts no reason why the Court should

---

[3] Terms not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them below.

circumvent that process by ordering immediate payment of the Amended Claim's full asserted amount. As a result, the Motion fails and should be denied.

## BACKGROUND

### A. Confirmation of the Plan of Adjustment for the Commonwealth

1. On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

2. Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No. 19784].

3. On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813]. In the Confirmation Order, the Court held that Eminent Domain/Inverse Condemnation Claims (as

3

defined in Section 1.212 of the Plan, and separately classified in Class 54 of the Plan) are nondischargeable and may not be impaired [ECF No. 19721]. The Plan provided a deadline for the Oversight Board to file objections to claims filed against the Commonwealth, ERS, and PBA, which has subsequently been extended to and including September 4, 2023. *See Order Granting Debtors' Motion for an Order Further Extending the Deadline to File Objections to Proofs of Claim* [ECF No. 23476] (the "Order Setting Claim Objection Deadline").

4. The Plan became effective on March 15, 2022, when the transactions contemplated therein were consummated. [ECF No. 20349].

5. On January 20, 2022, the Oversight Board, in its capacity as Title III representative for the Commonwealth, filed a notice of appeal to the United States Court of Appeals for the First Circuit, seeking review of the Court's determination that Eminent Domain/Inverse Condemnation Claims were nondischargeable.

6. On November 23, 2022, the First Circuit affirmed the Confirmation Order's determination that the Fifth Amendment precluded impairment or discharge of prepetition eminent domain or inverse condemnation claims. *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 41 F.4th 29 (1st Cir. 2022).

7. On October 17, 2022, the Oversight Board, in its capacity as Title III representative for the Commonwealth, filed a petition for certiorari with the United States Supreme Court, which was denied on February 21, 2023. *Fin. Oversight & Mgmt. Bd. for P.R. v. Cooperativa de Ahorro y Credito Abraham Rosa, et al.*, 143 S.Ct. 774 (2023).

### B. Sucesión Mandry Mercado's Claims

8. On June 10, 2017, Sucesión Mandry Mercado filed a motion seeking relief from the automatic stay imposed in *Sucesión Pastor Mandry Mercado v. Commonwealth of Puerto Rico*,

No. JAC 2008-0853 (the "Mandry Mercado Litigation"). *See Motion for Relief from Automatic Stay*, ECF No. 305 (the "Stay Relief Motion"). The Mandry Mercado Litigation alleged that Law 227-2008, which established a nature reserve, inversely condemned certain properties owned by Sucesión Mandry Mercado (the "Mandry Mercado Properties"), and sought just compensation for the value of those properties. In the Stay Relief Motion, Sucesión Mandry Mercado alleged that a final and firm partial judgment had been entered in the Mandry Mercado Litigation holding that the Commonwealth inversely condemned the Mandry Mercado Properties. The Stay Relief Motion further alleged that, at the time the automatic stay went into effect, the parties had engaged in discovery regarding the amount of just compensation to be paid, and the case was set for trial in June 2017.

9. On July 7, 2017, this Court granted the Stay Relief Motion in order to "allow the [Mandry Mercado] Litigation to proceed to a determination of damages." *See Memorandum Order*, ECF No. 600 at 1.

10. On April 19, 2018, Sucesión Mandry Mercado filed a proof of claim against the Commonwealth, and it was logged by Kroll Restructuring Associates (f/k/a Prime Clerk, LLC) ("Kroll") as Proof of Claim Number 6272 (the "Original Claim"). The Original Claim asserted $30,000,000 in liabilities purportedly arising from the Mandry Mercado Litigation.

11. On August 31, 2022, Sucesión Mandry Mercado filed a second proof of claim, which was logged by Kroll as Proof of Claim Number 179550 (the "Amended Claim"). The Amended Claim purports to amend the Original Claim and asserts liabilities in the amount of $30,496,000, purportedly arising from a judgment entered in the Mandry Mercado Litigation.

12. On October 13, 2022, Sucesión Mandry Mercado filed *Sucesión Pastor Mandry Mercado's Motion for Leave to Amend Proof of Claim Kroll Number 6272* [ECF No. 22599],

5

which sought leave to "amend its proof of claim Kroll number 179550 as to its amount as of September 30, 2022 to be $34,306,290.84 to reflect the interest accrued thereon as of such date." *See id.* at 3.

13. On October 21, 2022, the Oversight Board filed the *Limited Response and Reservation of Rights of the Financial Oversight and Management Board for Puerto Rico to Sucesión Pastor Mandry Mercado's Motion for Leave to Amend Proof of Claim Kroll Number 6272* [ECF No. 22664] (the "Limited Response"). Therein, the Oversight Board stated that it did not object to the proposed amendment of the Amended Claim, but it "reserve[d] all rights to object to the amount of the [Amended Claim] asserted by Sucesión Mandry Mercado, including, without limitation, the amount, if any, of pre-judgment, post-judgment, and/or post-petition interest that constitutes an Allowed Claim under the Plan." *Id.* at 5.

14. On November 4, 2022, the Court granted Sucesión Mandry Mercado's motion to amend, noting the Oversight Board's reservation of rights [ECF No. 22807 n.3].

15. On April 5, 2023, Sucesión Mandry Mercado filed the Motion, requesting immediate issuance of a check for $33,897,853.96,[4] plus the interest accrued thereon after March 31, 2023 on the basis of $4,237.23 per day.

## ARGUMENT

16. As the Court is well aware, the Debtors' claims reconciliation process remains ongoing, and the current deadline to object to claims filed against the Commonwealth is September 4, 2023. *See* Order Setting Claim Objection Deadline. With respect to the Amended Claim, as noted in the Limited Response, the Oversight Board, together with its advisors and the

---

[4] The Motion appears to exclude from its calculation of the proposed check amount "$1,084,451.46 [which] corresponds to Javier Mandry Mercado." Motion at 3.

6

Commonwealth, are evaluating the validity and amount of the interest sought by Sucesión Mandry Mercado to determine whether an objection is necessary. The Oversight Board currently understands that Sucesión Mandry Mercado's proposed interest calculation may inappropriately inflate the amount of interest due to Sucesión Mandry Mercado pursuant to applicable law. Under this Court's orders, however, the Oversight Board has until September 4, 2023—another four and a half months—to complete that evaluation and determine how best to proceed in reconciling the Amended Claim.

17. The Motion seeks to short-circuit this process and undermine the orderly resolution of claims. An order requiring immediate payment of the full asserted amount of the Amended Claim would allow Sucesión Mandry Mercado to jump to the front of the creditor line, while other similarly situated claimants would proceed through the claims resolution process. Such an order would also result in payment of amounts the Oversight Board may dispute, thereby prejudicing other creditors. The Motion provides no reasoned basis for such relief.

18. Of course, the Oversight Board is aware that claims seeking just compensation pursuant to the Fifth Amendment, such as the Amended Claim, are not dischargeable and must be paid in full. To that end, the Oversight Board is in active discussions with AAFAF regarding processing and paying such claims, including identifying funds necessary for payment in the Commonwealth's budget. Ordering immediate payment of the Amended Claim now—before the Oversight Board has had an opportunity to complete its evaluation of the Amended Claim and, if necessary, object to the interest asserted therein—would undermine this process and disrupt the orderly resolution of eminent domain claims.

**CONCLUSION**

19. For the foregoing reasons, the Commonwealth respectfully requests that the Court deny the Motion.

Dated: April 21, 2023
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*
Martin J. Bienenstock
Brian S. Rosen
(Admission *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtors*