ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAGUAS

| | |
|---|---|
| NESTOR RIVERA COLON, POR SI Y COMO PRESIDENTE DE LA ASOCIACION DE VECINOS PROPIEDTARIOS, EX PROPIETARIOS Y ARRENDADORES DE LA ANTIGUA CALLE ZAFIRO CONVERTIDA ILEGALMENTE EN AVENIDA/EXPRESO JOSE GARRIDO DE CAGUAS, PUERTO RICO, ENTIDAD DE FACTO Y OTROS<br>**Demandante**<br><br>vs.<br><br>MUNICIPIO DE CAGUAS REPRESENTADA POR SU ALCALDE HON. WILLIAM MIRANDA TORRES; AUTORIDAD DE CARRETERAS Y TRANSPORTACION, CORPORACION PUBLICA, REPRESENTADA POR SU PRESIDENTE O DIRECTOR EJECUTIVO ING. CARLOS CONTRERAS APONTE; Y PERSONAS X Y Z Y OTROS<br>**Demandada(s)** | CIVIL NÚM.: E DP2017-0334 (801)<br><br>SOBRE:<br><br>DAÑOS Y PERJUICIOS |

2017 DEC 19 PM 2: 13

## MOCIÓN ASUMIENDO REPRESENTACIÓN LEGAL Y EN AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS

**AL HONORABLE TRIBUNAL:**

Comparece la Autoridad de Carreteras y Transportación de Puerto Rico (en adelante, la "ACT"), de forma especial y sin que se entienda por este acto renunciada ninguna defensa, de proceder la misma, por conducto de la representación legal que suscribe, y muy respetuosamente expone y solicita:

1. Recientemente, el presente caso fue referido al suscribiente para que asuma la representación legal de ACT en todos los incidentes y trámites relacionados con éste.

2. Muy respetuosamente, se solicita a este Honorable Tribunal que autorice al suscribiente como abogado de récord de la ACT.

3. Que en el presente caso se reclama la parte demandante reclama en daños y perjuicios la cantidad de **doscientos mil dólares** ($200,000.00) por cada unidad de vivienda por hechos acontecidos desde o alrededor del 2002. [Ver alegaciones cuatro (4) y súplica número



cuatro (4) de la demanda presentada el pasado 12 de diciembre de 2017. Los hechos alegados por la parte demandante ocurrieron antes de la petición de quiebras de la **ACT**.

4. Como es de conocimiento de este Honorable Tribunal, El 30 de junio de 2016 se aprobó la ley federal conocida como "Puerto Rico Oversight, Management, and Economic Stability Act" ("**PROMESA**", por sus siglas en ingles), 48 U.S.C. § 2101 et seq.

5. De conformidad con las disposiciones de **PROMESA**, el 21 de mayo de 2017 la Junta de Control Fiscal radicó una petición de quiebra a nombre de la ACT. *Véase, In re: Puerto Rico Highways and Transportation Authority*, case no. 17-cv-01686(LTS). A la fecha en que se presenta este escrito, dicha petición está pendiente ante la Corte de Distrito de los Estados Unidos.

6. La petición de quiebra fue presentada bajo el título III de **PROMESA** el cual dispone en su Sección 301(a) la aplicación, entre otras, de las Secciones 362 y 922 del título 11 del Código Federal de los Estados Unidos, conocido como Código de Quiebra de los Estados Unidos.

7. El propósito fundamental de todo procedimiento de quiebra es que el deudor tenga oportunidad de reorganizar su actividad económica, mientras se protegen los intereses de los acreedores. Esto se logra al distribuir los activos del quebrado entre sus legítimos acreedores, de conformidad con las disposiciones de la Ley de Quiebra. *Allende v. García*, 150 D.P.R. 892, 898-899 (2000).

8. En virtud de las secciones 362 y 922 del Código de Quiebras, la presentación por la ACT de una petición de quiebra tiene el efecto inmediato y directo de paralizar toda acción civil que cualquier persona natural o jurídica haya iniciado, intente continuar o de la cual solicite la ejecución de una sentencia contra el Gobierno, mientras los procedimientos de quiebra se encuentran pendientes ante el Tribunal. 11 U.S.C. §§ 362(a), 922(a); 48 U.S.C. § 2161(a) (emphasis provided).

9. Dispuso el TSPR en *Marrero Rosado v. Marrero Rosado*, 178 D.P.R. 476, 490 (2010), que "[l]a paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste". Con la paralización automática se impide, "entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se

2

iniciara la quiebra". Id., pág. 491. Véase además, 11 U.S.C.A. sec. 362; Soares v. Brockton Credit Union, 107 F.3d 969, 975 (1er Cir. 1997).

10. Puede también impedir la ejecución de una sentencia previa o detener la creación, perfección o ejecución de un gravamen anterior a la interposición de la quiebra. *Íd.* Sus efectos se manifiestan desde que se presenta la petición de quiebra hasta que recae la sentencia final, y no se requiere una notificación formal para que surta efecto. *Jamo v. Katahdin Fed. Credit Union, 283 F.3d 392, 398* (1er Cir. 2002). Provoca también que los tribunales estatales queden privados de jurisdicción automáticamente, e incluso, es tan abarcadora que paraliza litigios que tienen poco o nada que ver con la situación financiera del deudor. *3 Collier on Bankruptcy sec. 362.03[3] (2009)*.

11. Para que esta paralización surta efecto **no se requiere notificación alguna previa** a tal persona, ya que la presentación de la solicitud de quiebra basta para producir la paralización aludida. *Morales v. Clínica Femenina de P.R., 135 D.P.R. 810, 820 n. 5 (1994)* (Sentencia). La actuación judicial que así lo disponga es meramente declarativa del estado fijado por la ley federal.

12. No obstante, por deferencia a este foro y en consideración a los señalamientos y procedimientos previamente calendarizados en el caso de autos presentamos el presente escrito en aras de que este Tribunal tome conocimiento judicial de lo antes expuesto y proceda con la paralización de todos los procedimientos ante su consideración, de conformidad con las Secciones 362(a) y 922(a) del Código de Quiebra, según incorporadas por referencia bajo la Sección 301(a) de Promesa. *48 USC § 2161(a)*.

13. Esta notificación de paralización no se debe entender como que la ACT renuncia a cualquier planteamiento adicional sobre el efecto de la aprobación de **PROMESA** al caso de autos, ni a ningún derecho o defensa que surja del Título III de **PROMESA**. Tampoco se debe entender como una renuncia a ninguna alegación o defensa que pueda levantar la **ACT** en el caso de epígrafe una vez culmine la paralización o se emita cualquier orden en los procedimientos bajo el Título III que incidan en el caso de autos.

**POR TODO LO CUAL,** se solicita muy respetuosamente a este Honorable Tribunal que acepte la representación legal de la suscribiente y tome conocimiento de lo aquí informado a los efectos de que todos los procedimientos pendientes en el caso de epígrafe están paralizados.

**RESPETUOSAMENTE SOMETIDO.**

3

*NESTOR RIVERA COLON Y OTROS VS. MUNICIPIO DE CAGUAS Y OTROS*
*ACT-EDP2017-0334*
*DAÑOS Y PERJUICIOS*

**CERTIFICO** haber enviado copia fiel y exacta de esta moción, mediante correo electrónico a los abogados de récord: **LCDO. FRANCISCO R. GONZÁLEZ COLÓN, LCDO. FRANCISCO J. GONZALEZ MAGAZ, LCDA. WILMA CADILLA:** bufetefrgonzalez@gmail.com / gonzalezmagas@gmail.com.

En San Juan, Puerto Rico a **15** de diciembre de 2017.

*[firma]*

**LCDO. ARIEL FÉLIX CINTRÓN**
**RUA NÚMERO: 15965**
Autoridad de Carreteras y Transportación de Puerto Rico
Centro Gubernamental Roberto Sánchez Vilella,
Torre Sur (Oficina de Asesoría Legal – Piso 17)
PO Box 42007, San Juan, Puerto Rico, 00940-2007
Tel. 787-722-7948 / 722-2929 ext. 2362 ó 2432
Facsímile: 787-723-2560
E-mail: afelix@dtop.pr.gov

---

La Autoridad de Carreteras y Transportación está exenta del Pago de sellos y aranceles de acuerdo a lo dispuesto en el Artículo 17(b) de su ley habilitadora, Ley Núm. 74 del 23 de junio de 1965, según enmendada, 9 L.P.R.A. Sec. 2017.

4