**Hearing Date: June 7, 2023, at 4:00 PM (Atlantic Standard Time)**
**Response Deadline: May 22, 2023, at 9:30 AM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, HTA, and PBA.** |

---

**FIVE HUNDRED SIXTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT AMOUNTS FOR WHICH THE DEBTORS ARE NOT LIABLE**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Highways and Transportation Authority ("HTA"), and the Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth and HTA, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this Five Hundred Sixty-Ninth omnibus objection (the "Five Hundred Sixty-Ninth Omnibus Objection") objecting to the proofs of claim listed on **Exhibit A** hereto, and in support of the Five Hundred Sixty-Ninth Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.     The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.     Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.     The Bar Date Orders**

3.     On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA Sections 104(j) and 206 and filed a

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

voluntary petition for relief for HTA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "HTA Title III Case").  On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case and HTA Title III Case, the "Title III Cases").  On October 9, 2019, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  [ECF No. 8829].[3]

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Commonwealth Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Commonwealth Bar Date Order"), the Court granted the relief requested in the Commonwealth Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Commonwealth Bar Date Order, the "Commonwealth Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

5. On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case. In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Time), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth Bar Date Orders, the "Bar Date Orders").

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

6.    On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and PBA, the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8–22, 2021.

7.    Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

8.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10.      The Plan became effective on March 15, 2022, when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11.      The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Confirmation of the HTA Title III Plan of Adjustment**

12.      On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1377] (the "Fifth Amended HTA Plan"). The Court considered confirmation of the Fifth

Amended HTA Plan, and objections thereto, at a hearing on August 17, 2022, after which it took the proposed order to confirm the Fifth Amended HTA Plan under submission.

13.     On September 6, 2022, in response to the Court's prior order requesting certain revisions to the Fifth Amended HTA Plan, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1404] (the "HTA Plan").

14.     On October 12, 2022, the Court confirmed the HTA Plan.  [Case No. 17-bk-3567, ECF No. 1415].

15.     The HTA Plan became effective on December 6, 2022.  [Case No. 17-bk-3567, ECF No. 1450].

**D.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

16.     To date, approximately 179,410 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

17.     Of the proofs of claim filed, approximately 118,771 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 2,303 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  Additionally, approximately 412 proofs of claim have been filed in relation to PBA.  In accordance with the terms of the Commonwealth Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtor is liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtor to determine whether the claim is valid.

18.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

19.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

20.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Electric Power Authority ("PREPA"), ERS, HTA, and/or PBA.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, over 116,000 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, PREPA, HTA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 45,317 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

21.     This Five Hundred Sixty-Ninth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

### OBJECTIONS TO PROOFS OF CLAIM

22.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.  Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims on the basis that the claims have been satisfied.

23.     This Five Hundred Sixty-Ninth Omnibus Objection seeks to modify and allow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on Exhibit A hereto (collectively, the "Claims to Be Reduced and Allowed").  Each of the Claims to Be Reduced and Allowed asserts

liabilities based on a contract entered into by the applicable Debtor and/or an invoice issued by the claimant. However, (i) the Debtors' records show that a portion of the liabilities associated with the Claims to Be Reduced and Allowed have been paid by the Debtors (*e.g.*, Claim Nos. 16582, 19098, 107672) and/or (ii) claimant fails to provide sufficient supporting documentation for a portion of the liabilities associated with the Claims to Be Reduced and Allowed, such that the Debtors are unable to determine whether that portion is a valid liability against the Debtors or any other Title III debtor (*e.g.*, Claim Nos. 11456, 28837). Absent modification of the Claims to Be Reduced and Allowed, the claimants may receive an unwarranted excess recovery from the Debtors to the detriment of other stakeholders in these Title III Cases. The claimants will retain a claim against the Commonwealth in the amount set forth in the column titled "Reduced and Allowed" in Exhibit A, which amount is being allowed and will be treated in accordance with the Plan.

24.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, dated April 20, 2023, attached hereto as **Exhibit B**.

25.     In support of the Five Hundred Sixty-Ninth Omnibus Objection, the Debtors also rely on the following declarations from the relevant Commonwealth agencies or Debtor:

i.      *Declaration of Carmen Q. Rodríguez Rodríguez in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit C**;

ii.     *Declaration of Hugo R. Jiménez Arroyo in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto*

*Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit D**;

iii.  *Declaration of Carlos Maldonado De León in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit E**;

iv.  *Declaration of José J. Díaz Pérez in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit F**;

v.  *Declaration of Enid Valentín Collazo in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit G**;

vi.  *Declaration of Zaida Rivera Hernandez in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit H**;

vii.  *Declaration of Enrique J. Rosa Torres in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit I**;

viii.  *Declaration of Yacelyn González Berríos in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit J**;

ix. *Declaration of Diana Estrella Fernández in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit K**;

x. *Declaration of José R. González De La Vega in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit L**;

xi. *Declaration of Edna A. Rivera Vargas in Support of the Five Hundred Sixty-Ninth Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtors Are Not Liable*, attached hereto as **Exhibit M**;

## **NOTICE**

26.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Five Hundred Sixty-Ninth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Sixty-Ninth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico/.  A copy of the notice for this Five Hundred Sixty-Ninth Omnibus Objection is attached hereto as **Exhibit N**.  Spanish translations of the Five Hundred Sixty-Ninth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit O**, (1) granting the relief requested herein, and (2)

granting the Debtors such other and further relief as is just.


Dated:  April 20, 2023                                    Respectfully submitted,
        San Juan, Puerto Rico


                                                          /s/ *Ricardo Burgos Vargas*
                                                          Ricardo Burgos Vargas
                                                          USDC núm. 218210
                                                          **A&S LEGAL STUDIO, PSC**
                                                          434 Ave. Hostos
                                                          San Juan, PR 00918
                                                          Tel:  (787) 751-6764
                                                          Fax:  (787) 763-8260

                                                          /s/ *Martin J. Bienenstock*
                                                          Martin J. Bienenstock (*pro hac vice*)
                                                          Brian S. Rosen (*pro hac vice*)
                                                          **PROSKAUER ROSE LLP**
                                                          Eleven Times Square
                                                          New York, NY 10036
                                                          Tel:  (212) 969-3000
                                                          Fax:  (212) 969-2900

                                                          *Attorneys for the Financial
                                                          Oversight and Management Board
                                                          for Puerto Rico, as representative for
                                                          the Commonwealth of Puerto Rico,
                                                          the Puerto Rico Highways and
                                                          Transportation Authority, and the
                                                          Puerto Rico Public Buildings
                                                          Authority*

**Fecha de la vista: 7 de junio de 2023, a las 4:00 p.m. (AST)**
**Fecha límite para responder: 22 de mayo de 2023, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número: 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA, la ACT y la AEP.** |

### QUINGENTÉSIMA SEXAGÉSIMA NOVENA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES QUE ESTÁN EN PARTE SATISFECHAS Y/O EN PARTE RECLAMAN UNOS MONTOS POR LOS QUE LOS DEUDORES NO SON RESPONSABLES

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), la Autoridad de Carreteras y

Transportación de Puerto Rico (la "ACT") y la Autoridad de Edificios Públicos de Puerto Rico

(la "AEP", y junto con el ELA y la ACT, los "Deudores"), a través de la Junta de Supervisión y

Administración Financiera para Puerto Rico (la "Junta de Supervisión") como el único

representante de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión,*

*Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente

Quingentésima sexagésima novena objeción global (la "Quingentésima sexagésima novena

objeción global") en la que objetan a las evidencias de reclamaciones que aparecen en el **Anexo**

**A** del presente documento, y en apoyo de la Quingentésima sexagésima novena objeción global

manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado

conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la ACT"). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA y el Caso de Título III de la ACT, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. [ECF Número 8829].[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite del ELA"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite del ELA"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite del ELA y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (junto con la Orden Inicial de Fecha Límite del ELA, las "Órdenes de Fecha Límite del ELA"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5.      El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) mediante la *Orden que A) extiende fechas límite para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 13403] (junto con la Orden Inicial de Fecha Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con las Órdenes de Fecha Límite del ELA, las "Órdenes de Fecha Límite").

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

6.      El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la AEP, la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre*

*Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

7.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

8.      El 18 de enero de 2022, el Tribunal confirmó el Plan.  *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado y Modificado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

9.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

10.    El Plan entró en vigor el 15 de marzo de 2022, una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan conjunto modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III conforme al Título III de PROMESA y B) ocurrencia de la Fecha de entrada en vigor* [ECF Número 20349].

11.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C.    Confirmación del Plan de Ajuste de la ACT elaborado conforme al Título III**

12.    El 13 de agosto de 2022, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1377] (el "Quinto Plan Enmendado de la ACT"). El Tribunal tuvo en consideración la confirmación del Quinto Plan Enmendado de la ACT, así como las objeciones al mismo, en una vista celebrada el 17 de agosto de 2022, tras lo cual la orden propuesta para confirmar el Quinto Plan Enmendado de la ACT quedó pendiente de resolución.

13.    El 6 de septiembre de 2022, en respuesta a la orden anterior del Tribunal en la que se solicitaban determinadas revisiones del Quinto Plan Enmendado de la ACT, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico modificado elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1404] (el "Plan de la ACT").

14.     El 12 de octubre de 2022, el Tribunal confirmó el Plan de la ACT. [Caso Número 17-BK-3567, ECF Número 1415].

15.     El Plan de la ACT entra en vigor el 6 de diciembre de 2022. [Caso Número 17-BK-3567, ECF Número 1450].

**D.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

16.     Hasta la fecha, se han radicado aproximadamente 179,410 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43,6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

17.     De las evidencias de reclamaciones radicadas, aproximadamente 118,771 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 2,303 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. Además, aproximadamente 412 evidencias de reclamaciones han sido radicadas en relación con la AEP. De conformidad con las condiciones de las Órdenes de Fecha Límite del ELA, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor sea responsable, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que el Deudor determine si la reclamación es válida.

18.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal

su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

19.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por

medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

20. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), el SRE, la ACT y/o la AEP. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, más de 116,000 reclamaciones que reivindicaban $43,6 billones en responsabilidad contra el ELA, COFINA, la AEE, la ACT, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

21. Esta Quingentésima sexagésima novena objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

22. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las

reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

23.    Esta Quingentésima sexagésima novena objeción global pretende que se modifique y conceda, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figura en el Anexo A del presente documento (conjuntamente, las "Reclamaciones que han de ser reducidas y concedidas"). Cada Reclamación que ha de ser reducida y concedida alega responsabilidades sobre la base de un contrato celebrado por el Deudor pertinente y/o una factura emitida por el reclamante. Sin embargo, i) los registros de los Deudores muestran que parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas ha sido pagada por los Deudores (por ejemplo, Reclamaciones Números 16582, 19098 y 107672), y/o ii) el reclamante no proporciona suficiente documentación justificativa por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas, de manera que los Deudores no pueden determinar si dicha parte constituye una responsabilidad válida contra los Deudores o contra cualquier otro deudor de Título III (por ejemplo, Reclamaciones Números 11456 y 28837). Si las Reclamaciones que han de ser reducidas y concedidas no son modificadas, ello resultaría en que los reclamantes pudieran obtener de los Deudores una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Los reclamantes mantendrán

una reclamación contra el ELA por un monto que aparece en la columna titulada "Reducido y Concedido" en el Anexo A, monto que es concedido y será tratado conforme al Plan.

24.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima sexagésima novena objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son responsables*, de fecha 20 de abril de 2023, adjunta al presente como **Anexo B**.

25.     En apoyo de la Quingentésima sexagésima novena objeción global, los Deudores también invocan las siguientes declaraciones de las correspondientes agencias del ELA o el Deudor:

   i.   *Declaración de Carmen Q. Rodríguez Rodríguez en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables*, adjunta al presente como **Anexo C**;

   ii.  *Declaración de Hugo R. Jiménez Arroyo en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo D**;

   iii. *Declaración de Carlos Maldonado De León en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo E**;

   iv.  *Declaración de José J. Díaz Pérez en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la*

*Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo F**;

v.   *Declaración de Enid Valentín Collazo en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo G**;

vi.   *Declaración de Zaida Rivera Hernandez en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo H**;

vii.   *Declaración de Enrique J. Rosa Torres en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo I**;

viii.   *Declaración de Yacelyn González Berríos en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo J**;

ix.   *Declaración de Diana Estrella Fernández en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo K**;

x.   *Declaración de José R. González De La Vega en apoyo de la Quingentésima sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte reclaman unos montos por los que los Deudores no son Responsables, adjunta al presente como* **Anexo L**;

xi.   *Declaración de Edna A. Rivera Vargas en apoyo de la Quingentésima
sexagésima novena Objeción Global (Sustantiva) del Estado Libre Asociado
de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto
Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones
que están en parte satisfechas y/o en parte reclaman unos montos por los que
los Deudores no son Responsables, adjunta al presente como* **Anexo M**;

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos Enmendados relativos a Objeciones
Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente
Quingentésima sexagésima novena objeción global a) a los acreedores individuales objeto de
esta Quingentésima sexagésima novena objeción global, b) al U.S. Trustee, y c) a la Lista
Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos
enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los
Deudores, en https://cases.ra.kroll.com/puertorico/. Una copia de la notificación relativa a esta
Quingentésima sexagésima novena objeción global se adjunta al presente como **Anexo N**. Las
traducciones al español de la Quingentésima sexagésima novena objeción global y de la totalidad
de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a
las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario
enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente.*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo O**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  20 de abril de 2023
          Respetuosamente sometida,
          San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC Número 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico, de la Autoridad de Carreteras y Transportación de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico.*