Hearing Date:  June 7, 2023 at 9:30AM (Atlantic Standard Time)
Response Deadline: May 22, 2023 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS and PREPA.** |

## FIVE HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO ELECTRIC POWER AUTHORITY TO DEFICIENT CLAIMS FILED WITHOUT NECESSARY CONTACT INFORMATION

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Electric Power Authority ("PREPA," and together with the Commonwealth and ERS, the "Debtors") by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Debtors pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this five hundred sixty-seventh omnibus objection (the "Five Hundred Sixty-Seventh Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, each of which fails to (1) provide a basis for the asserted claim, and (2) include necessary contact information, thereby precluding the Debtors from obtaining supporting information from the respective claimants.  In support of the Five Hundred Sixty-Seventh Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS, pursuant to PROMESA section 304(a), commencing a case under Title

---

[2]      PROMESA is codified at 48 U.S.C. §§ 2101-2241.

III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "PREPA Title III Case," and together with the Commonwealth Title III Case and the ERS Title III Case, the "Title III Cases").  On October 6, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.   On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.   PREPA**

5.   PREPA is a government-owned corporation founded in 1941.  *See* Act No. 83-1941, as amended (the "Authority Act") § 3.  PREPA generates and distributes substantially all

---

[3]      Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

the electric power used in the Commonwealth.  [Case No. 17 BK 4780, ECF No. 1 at 7].  PREPA

is one of the largest public power utilities in the U.S., serving approximately 1.5 million customers.

**C.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment
and the PRIFA and CCDA Qualifying Modifications**

6.     On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended

and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and

any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

7.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for*

*Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to*

*the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No.

19784].

8.     On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment*

*Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of*

*Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a)

the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No.

21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**D.      Proofs of Claims Filed, Omnibus Objection Procedures, and Claim Objections**

12.     To date, approximately 179,410 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

13.     Of the proofs of claim filed, approximately 118,771 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,342 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Approximately 4,582 have been filed in relation to, or reclassified to be asserted against, PREPA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

6

16.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Public Buildings Authority ("PBA"), PREPA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, over 116,000 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.   In addition, approximately 45,317 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

17.     This Five Hundred Sixty-Seventh Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

18.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

19.     The Five Hundred Sixty-Seventh Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, each of the claims listed on **Exhibit A** hereto (collectively, the "Deficient Claims").  Each of the Deficient Claims fails to (1) provide a basis for the asserted claim, and (2) include necessary contact information, thereby precluding the Debtors from obtaining supporting information from the respective claimants.

20.     Specifically, each of the Deficient Claims purports to be based on obligations owed to the applicable claimant by the Debtors, but does not provide contact information for the claimant, making it impossible for the Debtors to contact, identify, or disburse funds to the claimants, and in some instances, also either (i) fails to provide any information identifying the nature or source of the obligations or explaining why the Debtors or any other Title III Debtor is liable to the claimant, or (ii) identifies the nature or source of the obligation, but fails to explain how the Debtors or any other Title III Debtor is liable to the claimant.

21.     In addition, each of the Deficient Claims fails to include necessary contact information, thereby precluding the Debtors from obtaining supporting information from the respective claimants.  To date, the Oversight Board, on behalf of the Debtors, has been unable to contact the claimants associated with the Deficient Claims, despite employing its best efforts to do so, including (i) searching public records for claimant contact information and (ii) printing the Deficient Claims and their corresponding claimant's names in multiple publications requesting the respective claimants reach out to the Oversight Board and provide their contact information and information in support of their claim (the "Publication Notice").  *See Affidavit of Publication* [ECF No. 23022].  As set forth in the Affidavit of Publication, the Publication Notice was published in the printed editions of The Bond Buyer (in English), El Diario (in Spanish), El Nuevo Día (in Spanish), El Nuevo Herald (in Spanish), El Vocero (in Spanish), Primera Hora (in Spanish), and The San Juan Daily Star (in English) on November 14, 2022, and was published online on the website caribbeanbusiness.com (in English) from November 14, 2022 through November 27, 2022.  *Id.* at 1-2.  The Publication Notice informed the claimants associated with the Deficient Claims that if they "d[id] not respond to t[he] notice and provide documentation in support of [their] claim, the [Oversight Board] w[ould] file an objection seeking to disallow [their] claim as

deficient." *See, e.g.*, *id*. at 8.  To date, however, the claimants associated with the Deficient Claims have not responded to the Oversight Board's outreach.

22.     Because of this failure to comply with the applicable rules, the Debtors are not able to determine the validity of the Deficient Claims.  Therefore, the Deficient Claims should be disallowed in their entirety.

23.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Sixty-Seventh Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority, to Deficient Claims Filed Without Necessary Contact Information*, dated April 20, 2023, attached hereto as **Exhibit B**.

## NOTICE

24.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Five Hundred Sixty-Seventh Omnibus Objection to the individual creditors subject to this Five Hundred Sixty-Seventh Omnibus Objection via the Publication Notice.  Further, the Debtors are providing notice of this Five Hundred Sixty-Seventh Omnibus Objection to (a) the U.S. Trustee, and (b) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Sixty-Seventh Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Sixty-Seventh Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: April 20, 2023
     San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority*

**Fecha de la vista: 7 de junio de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 22 de mayo de 2023, a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

*In re*:

JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,

      como representante del

ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,

                  Deudores.[1]

PROMESA
Título III

Número: 17 BK 3283-LTS

(Administrado Conjuntamente)

**La presente radicación guarda relación con el ELA, el SRE y la AEE.**

## QUINGENTÉSIMA SEXAGÉSIMA SÉPTIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE ENERGÍA ELÉCTRICA DE PUERTO RICO A RECLAMACIONES DEFICIENTES RADICADAS SIN LA INFORMACIÓN DE CONTACTO NECESARIA

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE", y junto con el ELA y el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"), [2] radican esta quingentésima sexagésima séptima objeción global (la "Quingentésima sexagésima séptima objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento, ninguna de las cuales 1) proporciona fundamento para alegar una reclamación ni 2) incluye la información de contacto necesaria, lo cual impide a los Deudores obtener información justificativa de los respectivos reclamantes. En apoyo de la Quingentésima sexagésima séptima objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2]      PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

**ANTECEDENTES**

**A.     Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 3 de julio de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEE conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEE", y junto con el Caso de Título III del ELA y el Caso de Título III del SRE, los "Casos de Título III"). El 6 de octubre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. [ECF Número 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y*

---

[3]      Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

3

*B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar Evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     AEE**

5.     La AEE es una corporación del Gobierno creada en 1941. *Véase* la Ley Número 83-1941, en su versión enmendada (la "Ley sobre la Autoridad") § 3. La AEE genera y distribuye esencialmente la totalidad de la energía eléctrica consumida en el ELA. [Caso Número 17 BK 4780, ECF Número 1 en 7]. La AEE es una de las empresas más importantes de suministro público en los Estados Unidos; y suministra servicios a aproximadamente 1.5 millones de clientes.

**C.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

6.     El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

7.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre
las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para
el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del
Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF
Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes
del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto
Enmendado y Modificado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme
al Título III* [ECF Número 19784].

8.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia
que confirman el Octavo Plan de Ajuste Conjunto Enmendado y Modificado del Estado Libre
Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre
Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado
conforme al Título III* [ECF Número 19813].

9.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó
a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto
Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación
Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso
Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones
contenidas en el Plan.

10.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del
ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)
emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y
enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

11. Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**D. Evidencias de reclamaciones radicadas, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

12. Hasta la fecha, se han radicado aproximadamente 179,410 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43,6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

13. De las evidencias de reclamaciones radicadas, aproximadamente 118,771 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,342 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Aproximadamente 4,582 han sido radicadas en relación con la AEE, o reclasificadas como radicadas contra la AEE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

14. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "<u>Moción de Procedimientos Globales</u>"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "<u>Procedimientos Iniciales relativos a Objeciones Globales</u>"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "<u>Orden de Notificación</u>").

15. En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de*

7

*Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

16.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas y ha dictado órdenes sobre más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la AEE y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, más de 116,000 reclamaciones que reivindicaban $43,6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.  Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

17.     Esta Quingentésima sexagésima séptima objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

18.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

8

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

19.     La Quingentésima sexagésima séptima objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las reclamaciones que figura en el **Anexo A** del presente documento (conjuntamente denominadas, las "Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes 1) proporciona fundamento para la reclamación alegada ni 2) incluye la información de contacto necesaria, lo cual impide a los Deudores obtener información justificativa de los respectivos reclamantes.

20.     Más concretamente, cada una de las Reclamaciones Deficientes alega estar basada en obligaciones de los Deudores ante el correspondiente reclamante, pero no proporciona información de contacto del reclamante, lo que hace imposible que los Deudores contacten, identifiquen o desembolsen fondos a los reclamantes, y en algunos casos, o bien i) no ha proporcionado ninguna información que identifique la naturaleza o fuente de las obligaciones o que explique por qué los Deudores o cualquier otro Deudor conforme al Título III son responsables ante el reclamante, o bien ii) ha identificado la naturaleza o fuente de la obligación, pero no ha explicado por qué los Deudores o cualquier otro Deudor conforme al Título III son responsables ante el reclamante.

21.     Además, ninguna de las Reclamaciones Deficientes incluye la información de contacto necesaria, lo cual impide a los Deudores obtener información justificativa de los respectivos reclamantes. Hasta la fecha, la Junta de Supervisión (en nombre de los Deudores) no ha podido comunicarse con los reclamantes vinculados con las Reclamaciones Deficientes, a pesar

9

de los intensos esfuerzos que ha realizado para lograrlo, lo que incluye i) buscar en registros públicos información de contacto de los reclamantes e ii) incluir las Reclamaciones Deficientes y los nombres de los reclamantes relacionados en varias publicaciones en las que se solicita a los reclamantes que se pongan en contacto con la Junta de Supervisión y proporcionen su información de contacto, así como información justificativa de sus reclamación (la "Notificación Publicada"). *Véase Declaración Jurada de la Publicación* [ECF Número 23022]. Como se informa en la Declaración Jurada de la Publicación, la Notificación Publicada se publicó el 14 de noviembre de 2022 en la prensa impresa, como *The Bond Buyer* (en inglés), *El Diario* (en español), *El Nuevo Día* (en español), *El Nuevo Herald* (en español), *El Vocero* (en español), *Primera Hora* (en español) y *The San Juan Daily Star* (en inglés), y se publicó en internet en el sitio web caribbeanbusiness.com (en inglés) desde el 14 de noviembre de 2022 hasta el 27 de noviembre de 2022. *Id.* en 1-2. En la Notificación Publicada se informaba a los reclamantes vinculados con las Reclamaciones Deficientes de que "...[si] no responden a la notificación ni proporcionan documentación en apoyo de [su] reclamación, la [Junta de Supervisión] radicará una objeción en la que solicitará que [su] reclamación sea rechazada por ser deficiente". *Véase, por ejemplo*, *id*. en 8. Sin embargo, hasta la fecha los reclamantes vinculados con las Reclamaciones Deficientes no han respondido a la comunicación de la Junta de Supervisión.

22.      Como consecuencia de dicho incumplimiento de la normativa aplicable, los Deudores no pueden determinar la validez de las Reclamaciones Deficientes. En consecuencia, las Reclamaciones Deficientes deben ser rechazadas en su totalidad.

23.      En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima sexagésima séptima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre*

*Asociado de Puerto Rico y de la Autoridad de Energía Eléctrica de Puerto Rico a Reclamaciones Deficientes Radicadas sin la Información de Contacto Necesaria*, de fecha 20 de abril de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

24.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Quingentésima sexagésima séptima objeción global a los acreedores individuales objeto de esta Quingentésima sexagésima séptima objeción global mediante la Notificación Publicada. Además, los Deudores notifican esta Quingentésima sexagésima séptima objeción global a) a U.S. Trustee, y b) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima sexagésima séptima objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima sexagésima séptima objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 20 de abril de 2023
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y
Administración Financiera para Puerto
Rico, como representante del Estado
Libre Asociado de Puerto Rico, del
Sistema de Retiro de los Empleados del
Gobierno del Estado Libre Asociado de
Puerto Rico y de la Autoridad de
Energía Eléctrica de Puerto Rico.*