# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br>No. 17-BK-3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, PBA, and HTA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT OVERSTATED AMOUNTS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.   I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17–BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

A&M to assist with, *inter alia*, the claims reconciliation process for the Objecting Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth and PBA, the "Debtors").

3. I submit this declaration in support of the *Five Hundred Seventy-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and the Puerto Rico Highways and Transportation Authority to Claims that are Partially Satisfied and/or Partially Assert Overstated Amounts* (the "Five Hundred Seventy-Fifth Omnibus Objection").[3] I have personally reviewed the Five Hundred Seventy-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Five Hundred Seventy-Fifth Omnibus Objection.

2

4. In preparation for filing the Five Hundred Seventy-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Seventy-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be modified, liquidated, as applicable, and allowed, as identified in **Exhibit A** to the Five Hundred Seventy-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims identified in **Exhibit A** to the Five Hundred Seventy-Fifth Omnibus Objection (collectively, the "Claims to be Reduced and Allowed"), asserts liabilities based on litigation or invoice(s) issued by the claimant. However, (i) the Debtors' records show that a portion of the liabilities associated with certain of the Claims to Be Reduced and Allowed have been paid by the Debtors (*e.g.*, Claim Nos. 38003, 23370, 24601, 50423, 8163-1); (ii) the Debtors' records, documents attached to the Claims to Be Reduced and Allowed and/or additional documentation received from the claimant and/or the AAFAF only provide support for a lower amount than asserted in certain of the Claims to Be Reduced and Allowed (*e.g.*, Claim Nos. 8659, 49766, 50213, 42971, 91729, and 9880); or (iii) claimant fails to provide sufficient supporting documentation for a portion of the liabilities associated with the Claims to Be Reduced and Allowed, such that the Debtors are unable to determine whether that portion is a valid liability against the Debtors or any other Title III debtor (*e.g.*, Claim No. 23607). Accordingly, the Debtors seek to modify the Claims to be Reduced and Allowed, and liquidate certain of the Claims to be Reduced and Allowed, in the amounts identified in in the column titled "Reduced and Allowed" in **Exhibit A** to the Five Hundred Seventy-Fifth Omnibus Objection.

6.      To the best of my knowledge, based on the Objecting Debtors' records, proofs of claim for the Claims to be Reduced and Allowed, documents attached thereto, and/or additional documentation received from the relevant claimant and/or AAFAF, the Debtors have identified the appropriate amounts to, modify, fully liquidate, as applicable, and allow the Claims to be Reduced and Allowed.  Absent modification of the Claims to Be Reduced and Allowed, the claimants may receive an unwarranted excess recovery from the Objecting Debtors to the detriment of other stakeholders in these Title III Cases.  The Claims to Be Reduced and Allowed will be allowed against the Debtors in the amounts set forth in the column titled "<u>Reduced and Allowed</u>" in **Exhibit A** to the Five Hundred Seventy-Fifth Omnibus Objection.

7.      Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Seventy-Fifth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 20, 2023

By: /s/ *Jay Herriman*  
    Jay Herriman

4

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>   como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                                Deudores.[1] | PROMESA<br>Título III<br>Número: 17-BK-3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, la AEP y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA SEPTUAGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES QUE EN PARTE ESTÁN SATISFECHAS Y/O EN PARTE ALEGAN MONTOS SOBREESTIMADOS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores Objetantes (según se define abajo) radicados conforme a la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y la AEP, los "Deudores").

3. Realizo esta declaración en apoyo de la *Quingentésima septuagésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Edificios Públicos de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

*Rico a Reclamaciones que en parte están satisfechas y/o en parte alegan montos sobreestimados* (la "Quingentésima septuagésima quinta objeción global"). [3] He revisado personalmente la Quingentésima septuagésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima septuagésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima septuagésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente o fueron revisados y analizados por personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser modificadas, liquidadas (según proceda) y concedidas, según se identifica en el **Anexo A** de la Quingentésima septuagésima quinta objeción global.

5. A mi leal saber y entender, cada una de las reclamaciones identificadas en el **Anexo A** de la Quingentésima septuagésima quinta objeción global (conjuntamente, las "Reclamaciones que han de ser reducidas y concedidas") alega responsabilidades basadas en un litigio o una(s) factura(s) emitida por el reclamante. Sin embargo, i) los registros de los Deudores muestran que parte de las responsabilidades vinculadas con algunas de las Reclamaciones que han de ser reducidas y concedidas ha sido pagada por los Deudores (por ejemplo, Reclamaciones números 38003, 23370, 24601, 50423 y 8163-1); ii) los registros de los Deudores, los documentos adjuntos a las Reclamaciones que han de ser reducidas y concedidas y/o la documentación adicional recibida del reclamante y/o la AAFAF solo proporcionan justificación por un monto inferior al alegado en

---

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima septuagésima quinta objeción global.

3

algunas de las Reclamaciones que han de ser reducidas y concedidas (por ejemplo, Reclamaciones números 8659, 49766, 50213, 42971, 91729 y 9880); o iii) el reclamante no proporciona suficiente documentación justificativa por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas, de manera que los Deudores no pueden determinar si dicha parte constituye una responsabilidad válida contra los Deudores o contra cualquier otro deudor de Título III (por ejemplo, Reclamación número 23607). En consecuencia, los Deudores buscan modificar las Reclamaciones que han de ser reducidas y concedidas, y liquidar algunas de las Reclamaciones que han de ser reducidas y concedidas, por los montos identificados en la columna titulada "Reducidos y Concedidos" en el **Anexo A** de la Quingentésima septuagésima quinta objeción global.

6. A mi leal saber y entender, sobre la base de los registros de los Deudores Objetantes, las evidencias de reclamaciones de las Reclamaciones que han de ser reducidas y concedidas, los documentos adjuntos al presente y/o documentación adicional recibida del reclamante pertinente y/o de la AAFAF, los Deudores han identificado los montos adecuados para modificar, liquidar plenamente (según proceda) y conceder las Reclamaciones que han de ser reducidas y concedidas. Si las Reclamaciones que han de ser reducidas y concedidas no son modificadas, ello resultaría en que los reclamantes pudieran obtener de los Deudores Objetantes una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Las Reclamaciones que han de ser reducidas y concedidas serán concedidas contra los Deudores por los montos que se exponen en la columna titulada "Reducidos y Concedidos" en el **Anexo A** de la Quingentésima septuagésima quinta objeción global.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima septuagésima quinta objeción global y en sus anexos es veraz y

4

correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 20 de abril de 2023

Por: *[Firma en la versión en inglés]*
Jay Herriman

5