Hearing Date:  June 7, 2023 at 9:30AM (Atlantic Standard Time)
Response Deadline:  May 22, 2023 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

### FIVE HUNDRED SEVENTY-FIRST OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO DEFICIENT CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this five hundred seventy-first omnibus objection (the "Five Hundred Seventy-First Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto, which fail to provide a basis for the asserted claims, and in support of the Five Hundred Seventy-First Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Title III Case").  On May 21, 2017, the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for ERS pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On August

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

10, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order the "Bar Date Orders"), extending these deadlines to August 10, 2018 at 4:00 pm (Atlantic Time).

**B.       Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.       On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.       Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

---

[3]  Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.**      **Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.      To date, approximately 179,410 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.      Of the proofs of claim filed, approximately 118,771 have been filed in relation to, or reclassified to be asserted against, Commonwealth.  Approximately 53,342 have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

13.      To efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 28 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS. Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 116,000 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,317 claims have been transferred into the

Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

16.     This Five Hundred Seventy-First Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

### **OBJECTIONS TO PROOFS OF CLAIM**

17.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

18.     The Five Hundred Seventy-First Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on Exhibit A hereto (collectively, the "Deficient Claims").  Each of the Deficient Claims failed to comply with the applicable rules for filing claim by not providing a basis for asserting the claim against the Commonwealth, ERS, or any other Title III Debtor.

19.     Each of the Deficient Claims purports to be based on obligations owed to the applicable claimant the Commonwealth or ERS, but either (i) fails to provide any information identifying the nature or source of the obligations or explaining why the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant, (ii) identifies the nature or source of the obligations, but fails to explain how the Commonwealth, ERS, or any other Title III Debtor is liable to the claimant, or (iii) provides invoice numbers, but not the invoices themselves necessary to evaluate the nature, source, or extent of the claims.  Because of this failure to comply with the applicable rules, neither the Debtors nor the Court are able to determine the validity of the Deficient Claims.

20. On August 13, 2019, the Court entered the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453] (the "Authorized Mailings Order"), which authorized the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order, ¶ 3.

21. Pursuant to the Authorized Mailings Order, "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient." *Id*.

22. In accordance with the Authorized Mailings Order, the Debtors sent at least one letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order, to each claimant subject to this Five Hundred Seventy-First Omnibus Objection (the "Mailing"). Each Mailing provided, in relevant part:

> Additional information is required in order for the Debtors to continue with assessing your claim. The Debtors are unable to determine from the information you provided the basis for the claim you are attempting to assert against one or more of the Debtors. In responding to this letter, please ensure that you provide all of the information requested and as much detail as possible about your claim. The descriptions you put on your proof of claim were too vague for the Debtors to understand the claim you are trying to assert, so please provide more detail and do not simply copy over the same information.

*See* ECF No. 8453-1 at 2, 7

23. The Mailings received by the claimants subject to this Five Hundred Seventy-First Omnibus Objection directed the claimants to respond within thirty days. *See id*. Furthermore, the Mailings cautioned the Claimants that, "[i]f you do not respond to this request and do not provide

the requested information and documentation in support of your claim, the Debtors may be forced to object to your claim." *Id.*

24.     All of the Claimants identified in **Exhibit A** either (a) failed to respond to the Mailings, or (b) responded to the Mailings, but their responses (collectively, the "Returned Deficient Mailings") still failed to provide the Debtors with the information necessary to reconcile the Deficient Claims.   The Returned Deficient Mailings still failed to provide information sufficient to enable the Debtors to understand the nature or basis for the claim or why the claimant believes the Debtors are responsible for the asserted liabilities.   Accordingly, the Debtors are unable to reconcile or determine the validity of the Deficient Claims.[4]   The Deficient Claims should therefore be disallowed in their entirety.

25.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Seventy-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims*, dated April 20, 2023, attached hereto as **Exhibit B**.

## NOTICE

26.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Five Hundred Seventy-First Omnibus Objection to (a) the individual creditors subject to this Five Hundred Seventy-First Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors'

---

[4] At the January 29, 2020 omnibus hearing, the Court asked the Debtors to provide a simplified response form that Claimants could use to provide the Debtors with the information needed to process their claims. That form has been created and is attached hereto as **Exhibit E**.

case website at https://cases.ra.kroll.com/puertorico/.  A copy of the notice for this Five Hundred Seventy-First Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Seventy-First Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

27.     No prior request for the relief sought in this Five Hundred Seventy-First Omnibus Objection has been made to this or any other court.


*[Remainder of Page Intentionally Left Blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: April 20, 2023
   San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico
and the Employees Retirement
System of the Government of the
Commonwealth of Puerto Rico*

**Fecha de la vista: 7 de junio de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 22 de mayo de 2023, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número: 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y el SRE.** |

**QUINGENTÉSIMA SEPTUAGÉSIMA PRIMERA OBJECIÓN GLOBAL
(NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL
SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE
ASOCIADO DE PUERTO RICO A RECLAMACIONES DEFICIENTES**

---

[1]  Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta Quingentésima septuagésima primera objeción global (la "Quingentésima septuagésima primera objeción global") a las evidencias de reclamaciones que figuran en el **Anexo A** del presente documento, que no proporcionan una base para sostener las reclamaciones radicadas, y en apoyo de la Quingentésima septuagésima primera objeción global respetuosamente manifiestan lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III"). El 21 de mayo de 2017, la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III de dicho cuerpo legal (el "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 10 de agosto de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. [ECF Número 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 10 de agosto de 2018, a las 4:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

---

[3]   Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

5.      El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*. (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó

a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto*

*Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación*

*Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones

contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del

ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)*

*emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y*

*enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor*

[ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de

marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF

Número 84.

**C.      Evidencias de reclamaciones, procedimientos relativos a objeciones globales y
objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 179,410 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring

Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total

aproximado de $43,6 billones en reclamaciones radicadas contra los Deudores, además de los

montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,771 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,342 han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron*

*las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha 28 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 116,000 reclamaciones que reivindicaban $43.6 billones en responsabilidad

contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del

registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III.

Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de

Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos

administrativos habituales de los Deudores aplicados por los tribunales.

16.    Esta Quingentésima septuagésima primera objeción global se radica de

conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.    Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los

Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

18.    La Quingentésima septuagésima primera objeción global pretende que se rechace,

de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y

los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de

reclamaciones que figura en el Anexo A del presente documento (conjuntamente denominadas, las

"Reclamaciones Deficientes"). Ninguna de las Reclamaciones Deficientes cumplió con las normas

aplicables a la radicación de reclamaciones al no proporcionar una base para alegar la reclamación

contra el ELA, el SRE o cualquier otro Deudor conforme al Título III.

19.    Cada una de las Reclamaciones Deficientes alega estar basada en obligaciones del

ELA o del SRE ante el correspondiente reclamante, pero i) no ha proporcionado ninguna

información que identifique la naturaleza o fuente de las obligaciones o que explique por qué el

ELA, el SRE o cualquier otro Deudor de Título III son responsables ante el reclamante, ii) ha

identificado la naturaleza o fuente de las obligaciones, pero no ha explicado por qué el ELA, el SRE o cualquier otro Deudor de Título III son responsables ante el reclamante o iii) proporciona números de factura, pero no las propias facturas necesarias para evaluar la naturaleza, el origen o el alcance de las reclamaciones. Como consecuencia de dicho incumplimiento de la normativa aplicable, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones Deficientes.

20.      El 13 de agosto de 2019, el Tribunal dictó la *Orden que concedió parcialmente y levantó parcialmente la Moción de los Deudores para dictar una orden que A) autorice procedimientos alternativos de resolución de controversias, B) apruebe formas de notificación adicionales, C) apruebe envíos propuestos y D) conceda el remedio relacionado* [ECF Número 8453] (la "Orden de Envío Autorizado") que autorizó que los Deudores realizaran envíos "a cualquier reclamante que no haya proporcionado suficiente información que permitiera a los Deudores enjuiciar sus reclamaciones". Orden de Envío Autorizado, ¶ 3.

21.      Conforme a la Orden de Envío Autorizado, "[s]i los Deudores realizan el Envío Propuesto al reclamante, y este último no responde o responde pero no aporta suficiente información que permita a los Deudores reconciliar su reclamación, los Deudores tendrán derecho a oponerse a la reclamación como deficiente". *Id.*

22.      De conformidad con la Orden de Envío Autorizado, los Deudores han enviado al menos una carta a cada reclamante con sujeción a la presente Quingentésima septuagésima primera objeción global esencialmente en formato que se adjunta al presente documento como Anexo 1 (el "Envío").  Cada Envío, en la parte pertinente, rezaba lo siguiente:

> Se requiere información adicional para que los Deudores sigan examinando su reclamación. Los Deudores no pueden determinar a partir de la información que usted proporcionó cuál es la base de la reclamación que trata de alegar contra uno o más Deudores. Al

9

> responder a esta carta, rogamos se asegure de que proporciona toda
> la información solicitada, así como tantos detalles como sea
> posible aportar sobre su reclamación. Las descripciones que
> incorporó en su evidencia de reclamación eran demasiado vagas
> para que los Deudores comprendieran la reclamación que usted
> trata de alegar, de manera que rogamos proporcione más detalles y
> no se limite simplemente a copiar la misma información.

*Véase* ECF Número 8453-1 en 2, 7.

23.      Los Envíos recibidos por los reclamantes con sujeción a la presente Quingentésima

septuagésima primera objeción global exigían a los reclamantes responder en un plazo de 30 días.

*Véase id.* Además, en los Envíos se advertía a los Reclamantes de que "[s]i no responde a esta

solicitud y no proporciona la información y la documentación requeridas para justificar su

reclamación, es posible que los Deudores se vean en la obligación de oponerse a su reclamación".

*Id.*

24.      Todos los Reclamantes identificados en el **Anexo A** o bien a) no han respondido a

los Envíos, o bien b) respondieron a los Envíos pero sus réplicas (conjuntamente, los "Envíos

Deficientes Devueltos") aun así no han proporcionado a los Deudores la información necesaria

para reconciliar las Reclamaciones Deficientes. En la mayoría de los casos, los Envíos Deficientes

Devueltos tampoco han proporcionado suficiente información para que los Deudores comprendan

la naturaleza o el fundamento de la reclamación o el motivo por el que el reclamante considera que

los Deudores tienen las responsabilidades alegadas. En consecuencia, los Deudores no pueden

determinar ni reconciliar la validez de las Reclamaciones Deficientes.[4]  Por lo tanto, las

Reclamaciones Deficientes deben ser rechazadas en su totalidad.

---

[4] Durante la vista global celebrada el 29 de enero de 2020, el Tribunal solicitó a los Deudores que
proveyeran un formulario de respuesta simplificado que los Reclamantes pudieran utilizar para
proporcionar a los Deudores la información necesaria para procesar sus reclamaciones. El
formulario ha sido creado y se adjunta al presente documento como **Anexo E**.

25.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima septuagésima primera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Deficientes*, de fecha 21 de abril de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Quingentésima septuagésima primera objeción global a) a los acreedores individuales objeto de esta Quingentésima septuagésima primera objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico/. Una copia de la notificación de esta Quingentésima septuagésima primera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima septuagésima primera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## AUSENCIA DE SOLICITUDES PREVIAS

27.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima septuagésima primera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  20 de abril de 2023
        Respetuosamente sometida,
        San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*