Hearing Date: **June 7, 2023 at 9:30AM (Atlantic Standard Time)**
Response Deadline: **May 22, 2023 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

## FIVE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO UNLIQUIDATED CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") and the Puerto Rico Highways

and Transportation Authority ("<u>HTA</u>," and together with the Commonwealth, the "<u>Debtors</u>"), by

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "<u>Debtors</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Objecting Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this five hundred seventy-fourth omnibus objection (the "Five Hundred Seventy-Fourth Omnibus Objection") to liquidate the amounts asserted in the proofs of claim listed on **Exhibit A** hereto and allow the liquidated amounts.  In support of the Five Hundred Seventy-Fourth Omnibus Objection, the Objecting Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").   On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for HTA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "HTA Title III Case," and, together with the Commonwealth Title III Case, the "Title III Cases").

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

2

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof [*ECF No. 2255]<sup>3</sup> (the "<u>Bar Date Motion</u>")*.  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "<u>Initial Bar Date Order</u>"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "<u>Bar Date Orders</u>"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>"), and the Puerto Rico Public Buildings Authority ("<u>PBA</u>"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "<u>Plan</u>") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to*

---

<sup>3</sup> Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3283-LTS.

3

Case:17-03283-LTS   Doc#:24058   Filed:04/20/23   Entered:04/20/23 18:56:12   Desc: Main
Document   Page 4 of 22

the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan. See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the Qualifying Modification for the Puerto Rico Convention Center District Authority [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the Qualifying Modification for the Puerto Rico Infrastructure Financing Authority [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022. See Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

C.    **Confirmation of the HTA Title III Plan of Adjustment**

11.    On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1377] (the "Fifth Amended HTA Plan").  The Court considered confirmation of the Fifth Amended HTA Plan, and objections thereto, at a hearing on August 17, 2022, after which it took the proposed order to confirm the Fifth Amended HTA Plan under submission.

12.    On September 6, 2022, in response to the Court's prior order requesting certain revisions to the Fifth Amended HTA Plan, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1404] (the "HTA Plan").

13.    On October 12, 2022, the Court confirmed the HTA Plan.  [Case No. 17-bk-3567, ECF No. 1415].

14.    The HTA Plan became effective on December 6, 2022.  [Case No. 17-bk-3567, ECF No. 1450].

D.    **Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

15.    To date, approximately 179,410 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

16.    Of the proofs of claim filed, approximately 118,771 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 2,303 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from

some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Objecting Debtors to determine whether the claim is valid.

17.    In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

18.    In the continued interest of resolving any unnecessary proofs of claims in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection*

*Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

19.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, the Court has held over 28 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, ERS, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), HTA, the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), and/or PBA.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 116,000 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 45,317 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

20.     This Five Hundred Seventy-Fourth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **<u>OBJECTIONS TO PROOFS OF CLAIM</u>**

21.     The Amended Omnibus Objection Procedures allows the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.  For example, the Amended Omnibus Objection Procedures set forth additional grounds for objections, including authorizing objections to liquidate claims that are wholly or partially unliquidated.  [ECF No. 7440].

7

22.     In accordance with the Amended Omnibus Objection Procedures, the Five Hundred Seventy-Fourth Omnibus Objection seeks to liquidate and allow certain claims that contain unliquidated amounts.

23.     Each claim identified in **Exhibit A** hereto (collectively, the "Unliquidated Claims") are partially unliquidated because they assert liabilities in unspecified amounts.  The Objecting Debtors seek to liquidate the Unliquidated Claims in the amounts identified in the column titled "Liquidated and Allowed" in **Exhibit A** hereto based on the proofs of claim of the Unliquidated Claims, documents attached thereto, and/or additional documentation received from the relevant claimant and/or the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF").

24.     Liquidation of the Unliquidated Claims is necessary to avoid prejudice to other holders of general unsecured claims and undue delay in administration, to the detriment of other stakeholders in the Title III Cases.  The Unliquidated Claims will be allowed in the liquidated amounts against the Objecting Debtors, as set forth in the column titled "Liquidated and Allowed" in **Exhibit A** hereto, and such amounts will be treated in accordance with the Plan or HTA Plan, as applicable.

25.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Seventy-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Unliquidated Claims*, dated April 20, 2023, attached hereto as **Exhibit B**.

## NOTICE

26.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Five Hundred Seventy-Fourth Omnibus Objection to (a) the individual creditors subject to Five Hundred Seventy-Fourth Omnibus Objection, (b) the

U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.kroll.com/puertorico.  A copy of the notice for this Five Hundred Seventy-Fourth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Seventy-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form

of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and

(2) granting the Debtors such other and further relief as is just.

Dated: April 20, 2023
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and*
*Management Board for Puerto Rico, as*
*representative for the Commonwealth of*
*Puerto Rico and the Puerto Rico Highways*
*and Transportation Authority*

**Fecha de la vista: 7 de junio de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 22 de mayo de 2023, a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS
PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número: 17-BK-3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA y la ACT.** |

**QUINGENTÉSIMA SEPTUAGÉSIMA CUARTA OBJECIÓN GLOBAL (SUSTANTIVA)
DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE
CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES NO
LIQUIDADAS**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores Objetantes"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") como el único representante de Título III de los Deudores Objetantes conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta Quingentésima septuagésima cuarta objeción global (la "Quingentésima septuagésima cuarta objeción global") para que se liquiden los montos alegados en las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento y se concedan los montos liquidados. En apoyo de la Quingentésima septuagésima cuarta objeción global, los Deudores Objetantes manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

### A.      Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la ACT conforme a la sección 304(a) de PROMESA, iniciando un causo conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III").

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] [3] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.      Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

---

[3]    Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17-BK-3283-LTS.

5. El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6. Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7. El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

4

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó

a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto*

*Rico* [Caso Número 21-01493, ECF Número 72-1] (la "<u>MC de la ADCC</u>") y b) la *Modificación*

*Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

Número 21-01492, ECF Número 82-1] (la "<u>MC de la AFI</u>"), que complementan las transacciones

contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "<u>Fecha de entrada en vigor del</u>

<u>ELA</u>"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)*

*emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y*

*enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor*

[ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de

marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF

Número 84.


**C.      Confirmación del Plan de Ajuste de la AEP elaborado conforme al Título III**

11.     El 13 de agosto de 2022, la Junta de Supervisión radicó el *Quinto plan enmendado*

*de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico elaborado conforme al*

*Título III* [Caso Número 17-BK-3567, ECF Número 1377] (el "<u>Quinto Plan Enmendado de la</u>

<u>ACT</u>"). El Tribunal tuvo en consideración la confirmación del Quinto Plan Enmendado de la ACT,

así como las objeciones al mismo, en una vista celebrada el 17 de agosto de 2022, tras lo cual la

orden propuesta para confirmar el Quinto Plan Enmendado de la ACT quedó pendiente de resolución.

12.     El 6 de septiembre de 2022, en respuesta a la orden anterior del Tribunal en la que se solicitaban determinadas revisiones del Quinto Plan Enmendado de la ACT, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico modificado elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1404] (el "Plan de la ACT").

13.     El 12 de octubre de 2022, el Tribunal confirmó el Plan de la ACT. [Caso Número 17-BK-3567, ECF Número 1415].

14.     El Plan de la ACT entra en vigor el 6 de diciembre de 2022. [Caso Número 17-BK-3567, ECF Número 1450].

**D.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

15.     Hasta la fecha, se han radicado aproximadamente 179,410 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

16.     De las evidencias de reclamaciones radicadas, aproximadamente 118,771 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 2,303 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en

6

absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores Objetantes sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores Objetantes determinen si la reclamación es válida.

17.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

18.     En aras del interés constante por resolver eficazmente cualquier evidencia de reclamación innecesaria, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar

7

objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

19.    Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado más de 28 vistas y ha dictado órdenes sobre más de 500 objeciones globales radicadas por el ELA, el SRE, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") y/o la AEP. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 116,000 reclamaciones que reivindicaban $43,6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

8

20.     Esta Quingentésima septuagésima cuarta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

21.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Por ejemplo, los Procedimientos Enmendados relativos a Objeciones Globales establecen Motivos Adicionales para las objeciones, incluidas reclamaciones que indican el monto como "no liquidado". [ECF Número 7440].

22.     Conforme a los Procedimientos Enmendados relativos a Objeciones Globales, la Quingentésima septuagésima cuarta objeción global busca liquidar y conceder determinadas reclamaciones que contienen montos no liquidados.

23.     Cada reclamación identificada en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones No Liquidadas") alega montos no liquidados. Los Deudores Objetantes buscan liquidar las Reclamaciones No Liquidadas según montos identificados en la columna titulada "Liquidadas y Concedidas" en el **Anexo A** del presente documento sobre la base de las evidencias de reclamaciones de las Reclamaciones No Liquidadas, documentos adjuntos a este documento y/o documentación adicional recibida del reclamante pertinente y/o de la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico.

24.     La liquidación de las Reclamaciones No Liquidadas es necesaria para evitar perjuicios a otros tenedores de las reclamaciones generales no garantizadas y retrasos indebidos

9

en la administración en detrimento de las demás partes interesadas en los Casos de Título III. Las Reclamaciones No Liquidadas se concederán por los montos liquidados alegados contra los Deudores Objetantes, según se establece en la columna titulada "Liquidadas y Concedidas" en el **Anexo A** del presente documento, y dichos montos serán tratados de conformidad con el Plan o el Plan de la ACT, según proceda.

25.     En apoyo de lo anterior, los Deudores Objetantes invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima septuagésima cuarta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones No Liquidadas*, de fecha 20 de abril de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

26.     De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores Objetantes notifican la presente Quingentésima septuagésima cuarta objeción global a) a los acreedores individuales objeto de esta Quingentésima septuagésima cuarta objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 16* [ECF Número 20190-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.kroll.com/puertorico. Una copia de la notificación de esta Quingentésima septuagésima cuarta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima septuagésima cuarta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores Objetantes sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente*]

11

POR LO QUE los Deudores Objetantes solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores Objetantes cualesquiera otros remedios que se consideren justos.

Fecha:  20 de abril de 2023
     San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera, local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*