UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER CONCERNING MEDIATION TEAM'S FOURTH NOTICE AND REPORT

The Court has received and reviewed the *Mediation Team's Fourth Notice and Report* (Docket Entry No. 24016 in Case No. 17-3283 and Docket Entry No. 3399 in Case No.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

17-4780)[2] (the "Notice and Report"), filed by the Hon. Shelley C. Chapman (ret.) and the Hon. Brendan Linehan Shannon (collectively, the "Mediation Team").  The Notice and Report requests that the Court enter an order extending the Termination Date[3] of the Mediation by three months.  (Notice & Report ¶ 2.)  As set forth below, the Court will grant that request.  However, because the Notice and Report also states that "there are no active negotiations involving the Mediation Team taking place at this time" (Notice & Report ¶ 2), the Court takes this opportunity to comment on the parties' apparent lack of serious engagement in Mediation notwithstanding the Court's many orders specifically requiring good faith mediation efforts.

The Court is mindful of the separation between the Mediation process and the public litigation activities in PREPA's Title III case, but it appears from a review of publicly available materials that there has been little, if any, significant Mediation activity in the last few months.  (See *Mediation Team's Third Notice and Report*, Docket Entry No. 23306) (reporting that, as of January 23, 2023, "there are no active negotiations involving the Mediation Team taking place"); *Fifth Certification of Hon. Shelley C. Chapman (Ret.) Pursuant to Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator*, Docket Entry No. 23690 (reporting that the Lead Mediator and her law firm "devoted approximately 53 hours to mediation matters" in February); *Sixth Certification of Hon. Shelley C. Chapman (Ret.) Pursuant to Order (I) Ratifying Continued Appointment of Lead Mediator and (II) Appointing Willkie Farr & Gallagher LLP as Special Advisor to the Lead Mediator*, Docket Entry No. 23929 (reporting that the Lead Mediator and her law firm "devoted approximately 40 hours to mediation matters" in March).)  To the extent that Mediation activities have taken place, the public record is bereft of evidence that there has been the serious engagement that the Court would have expected in light of the current posture of the case, the enormously significant issues that will have to be litigated absent consensual resolution, and the substantial risks that all stakeholders face in the event that consensual resolutions are not achieved.

With the commencement of Mediation approximately a year ago (following AAFAF's termination of the *Definitive Restructuring Support Agreement* dated May 3, 2019), the Court has sought to structure proceedings in and relating to PREPA's Title III case in a manner that would facilitate formulation and negotiation of a plan of adjustment for PREPA with the support of as many stakeholders as possible for the benefit of PREPA, its creditors, and the people of Puerto Rico.  The Court has long viewed that goal as absolutely critical to achieving fiscal stability and access to capital markets and ensuring that the people and businesses that rely on PREPA have access to affordable and reliable electricity.  Placing PREPA on a rational, sustainable, and settled path is clearly an important foundation for growth and economic stability in Puerto Rico.  To that end, the Court arranged for the services of the eminently qualified Mediation Team, stayed the *Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee*

---

[2]   All docket entry references herein are to entries in Case No. 17-3283, unless otherwise specified.

[3]   Capitalized terms used but not defined herein have the meaning given to them in the Notice and Report or in the Appointment Order.

*Corporation, and Syncora Guarantee, Inc. to Dismiss PREPA's Title III Case, or for Relief from the Automatic Stay to Enforce Their Right to a Receiver* (Docket Entry No. 22291), permitted the parties to move forward with expedited targeted summary judgment motion practice, and directed the Oversight Board to propose a realistic and confirmable plan of adjustment that could include provisions addressing multiple potential litigation outcomes.  The Court ordered plan confirmation litigation and related proceedings to proceed along an expeditious but realistic timeframe that also provided the parties with the opportunity to devote time and resources to consensual resolutions of the many issues arising from PREPA's Title III case.

Throughout the process, and in particular following issuance of the *Opinion and Order Granting in Part and Denying in Part the Financial Oversight and Management Board for Puerto Rico's Motion for Summary Judgment and the Defendant's and Intervenor-Defendants' Cross-Motion for Summary Judgment* (Docket Entry No. 147 in Adv. Proc. No. 19-391) (the "MSJ Order"), the Court made clear and explicit its expectation that the parties would engage in good faith in the Mediation process. (See MSJ Order at 70 (directing the parties "to commence working with the Mediation Team immediately in good faith efforts to resolve consensually the outstanding disputes concerning the proposed Plan of Adjustment"); Docket Entry No. 154 in Adv. Proc. No. 19-391 at 5 ("The parties . . . are urged to begin serious work with the Mediation Team immediately . . . ."); Docket Entry No. 168 in Adv. Proc. No. 19-391 ¶ 4 ("The Court expects and directs the parties to engage in good faith mediation during the above period.").)

The apparent lack of substantial Mediation activity is puzzling to the Court considering the immense challenges ahead and the enormous risks that all parties and stakeholders face if they cannot resolve their differences absent full-blown litigation.

Confirmation of the current proposed plan is far from a certainty, and parties opposed to that plan have raised serious legal and factual issues that the Court will have to consider, including concerns about the structure and classification scheme in the plan, whether one or more classes are valid impaired accepting classes, and whether the plan is fair and equitable and in the best interests of creditors.  Furthermore, while PREPA prevailed with respect to certain summary judgment issues in the MSJ Order, it did not prevail with respect to its broadest theories, and the entire order will ultimately be subject to appellate review.  The Court has afforded PREPA the opportunity to litigate specific issues while pursuing a parallel path to achieve negotiated resolutions of critical issues.  The Court expected reasonable give and take, including evolution of proposals and counterproposals in a negotiation; if the plan that is presented for confirmation is neither substantially consensual nor reflective of such a process and is not confirmed, the Court will have to consider carefully whether it would be a reasonable use of the Court's or the parties' resources to permit PREPA to begin again at square one.  See generally 11 U.S.C. § 930.  The Court does not relish contemplating the possible dismissal of the case, as it would represent a colossal lost opportunity for PREPA, the Commonwealth government, and the people of Puerto Rico.

The bondholder parties also face substantial risks that, despite expending substantial time and resources on litigation and appeals, their ability to recover from PREPA (following confirmation of a plan, dismissal of PREPA's Title III case, or relief from the automatic stay, as the case may be) may be significantly limited by the terms of governing

documents, Commonwealth law and regulatory determinations, the terms of a plan, and/or PREPA's financial state.

Considering these risks and others, the Court still believes that a negotiated resolution is the best chance for an advantageous outcome for all parties. Accordingly, the Court having found that the Mediation Team provided adequate and appropriate notice of the Notice and Request under the circumstances and that no other or further notice is required; and the Court having found good and sufficient cause exists for granting the relief set forth herein; it is hereby ordered that:

1. The relief sought by the Notice and Request is granted as set forth herein.

2. The Court extends the Termination Date through **July 28, 2023**.

3. The Termination Date may be further extended only upon this Court's approval after notice of such additional proposed extension to parties in interest; provided, however, that the Termination Date may be extended by the Mediation Team for purposes of its involvement in any secondary or drafting items.

4. The Mediation Team is directed to file monthly status reports, beginning on May 3, 2023, concerning whether there has been genuine engagement in the Mediation process, including the number of completed scheduled mediation sessions that occurred during the preceding month and how many are at that point scheduled for the current month.

5. This Order will take immediate effect and be enforceable upon its entry.

6. The Court retains jurisdiction to hear and determine all matters arising from implementation of this Order.

7. This Order resolves Docket Entry No. 24016 in Case No. 17-3283 and Docket Entry No. 3399 in Case No. 17-4780.

SO ORDERED.

Dated: April 24, 2023

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge