## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| The Financial Oversight and Management Board for Puerto Rico, | No. 17 BK 3283 (LTS) |
| As representative of | (Jointly Administered) |
| The Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority | |
| Debtors | |

**REPLY TO THE OBJECTION OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO TO SUCESIÓN PASTOR
MANDRY MERCADO'S MOTION DIRECTING ISSUANCE OF CHECK
(DOCKET NO. 23938)**

**TO THE HONORABLE COURT:**

By counsel, Oscar Adolfo Mandry Aparicio; María del Carmen Amalia Mandry Llombart; Selma Verónica Mandry Llombart; María del Carmen Llombart Bas; Oscar Adolfo Mandry Bonilla; Gustavo Alejandro Mandry Bonilla; Yvelise Helena Fingerhut Mandry; Margaret Ann Fingerhut Mandry; Victor Robert Fingerhut Mandry; Juan Carlos Esteva Fingerhut; Pedro Miguel Esteva Fingerhut; Mariano Javier McConnie Fingerhut; Janice Marie McConnie Fingerhut, Victor Michael Fingerhut Cochran; Michelle Elaine Fingerhut Cochran; Rosa Estela Mercado Guzmán: Eduardo José Mandry Mercado; Salvador Rafael Mandry Mercado; Margarita Rosa Mandry Mercado; Adrián Roberto Mandry Mercado, members of the estate of Pastor Mandry Mercado (hereafter collectively designated as "Sucesión Pastor Mandry Mercado"), submit their reply to the objection (the "Objection") of the Financial Oversight and Management Board for Puerto Rico (the "Board") to Sucesión Pastor Mandry Mercado's motion for the issuance of a check in their favor for $33,897,853.96, plus the interest accrued thereon after March 31, 2023 on the basis of $4,237.23

per day (the "Motion") resulting from the final and unappealable inverse condemnation judgment (the "Judgment") entered in favor of Sucesión Pastor Mandry Mercado by the Court of First Instance of Puerto Rico, Superior Section of Ponce, Case Number JAC-2008-0853 (the "State Court"), against the Commonwealth of Puerto Rico (the "Commonwealth"), as directed by a final and unappealable order of this Court confirming the Commonwealth's plan of adjustment, as follows:

## I.        FACTS

1.        The Board admits that on January 18, 2022, the Court confirmed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [**ECF No. 19813**] (the "Plan") (¶ 3 of the Objection).

2.        The Board admits that in the order confirming the Plan (the "Confirmation Order"), the Court held that Eminent Domain/Inverse Condemnation Claims are nondischargeable and may not be impaired [**ECF No. 19721**] (¶ 3 of the Objection).

3.        The Board admits that the Confirmation Order's determination that the Fifth Amendment precluded the impairment or discharge of prepetition eminent domain or inverse condemnation claims was affirmed by the First Circuit on November 23, 2022, and that the Board's petition for certiorari from the decision of the First Circuit to the Supreme Court was denied on February 21, 2023 (¶ 6 and 7 of the Objection).

4.        The Board admits the filing of Sucesión Pastor Mandry Mercado's inverse condemnation claim, as amended, for $34,306,290.84 including interest as of September 30, 2022 (the "Amended Claim"), premised on the Judgment (¶ 10, 11 and 12 of the Objection).

5.        The Board admits that on November 4, 2022, the Court granted Sucesión Pastor Mandry Mercado's motion to amend its claim to the amount of $34,306,290.84 indicated in the preceding paragraph.

## II.   ARGUMENT

6.      As indicated in paragraph 13 of the Motion, the $33,897,853.96 with interest accruing thereon after March 31, 2023 on the basis of $4,237.23 per day is the net amount of the Amended Claim as indicated above with updated interest as of March 31, 2023, after deducting therefrom the $1,084,451.46 corresponding to Javier Mandry Mercado, not represented by the undersigned counsel.

7.      The claimed interest was computed in accordance to the decision of the Supreme Court of Puerto Rico in *Aut. Carreteras v. 8554.741 M/C II*, 172 D.P.R. 1050 (2008) and the Puerto Rico Court of Appeals in *ACT de P.R. v. Rexach Hermanos, Inc.*, 2021 PR App. LEXIS 3383, which has not been challenged by the Board.

8.      Section 301(a) of PROMESA incorporates Section 502(a) of the Bankruptcy Code which states: "[a] claim … proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest …. objects".

9.      A proof of claim executed and filed in accordance with the bankruptcy rules constitutes prima facie evidence of the validity and amount of the claim. The burden is upon a debtor to offer substantial evidence to support its objection to a claim. If a debtor satisfies its burden, the claimant is required to come forward with evidence to support its claim, and bears the burden of proving its claim by a preponderance of the evidence. …. To rebut a proof of claim, a debtor "bears the burden of proof that the conditions for the exceptions have been met." *In re Organogenesis, Inc.*, 316 B.R. 574 (Bankr. E.D. Mass. 1st Cir. 2004) (Citations omitted)

10.     The Board has not objected the Amended Claim. Therefore, it is deemed allowed and a debtor, such as the Commonwealth, bears the burden of establishing sufficient, credible facts to rebut a proof of claim. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000)

11.     The Amended Claim just as the Confirmation Order are premised on final and unappealable decisions, respectively of the Supreme Court of Puerto Rico and this Court. Therefore, there is nothing to

3

object as to either.

12.     The fact that the Board has until September 4, 2023, to object to claims filed against the Commonwealth can't vest the Board with free reign to do so in a manner that would cost the people of Puerto Rico millions of dollars in interest and attorney's fees, as the Board already has by its frivolous appeal process of the Confirmation Order, since interest in eminent domain and inverse condemnation claims are part of their just compensation under the Takings Clause of the Fifth Amendment to the Constitution of the United States.

13.     In consonance with the aforesaid, the Supreme Court in *Knick Knick v. Township of Scott, Pennsylvania*, 588 U.S.; 139. S. Ct. 2162; 204 L. Ed. 558 (2019) stated "[T]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner. That principle was confirmed in *Jacobs v. United States*, 290 U.S. 13 (1933), where we held that a property owner found to have a valid takings claim is entitled to compensation as it had 'been paid contemporaneously with the taking'--- that is, the compensation must generally consist of the total value of the property, when taken, plus interest from that time (citation omitted)" *Id.* In the case of Sucesión Pastor Mandry Mercado the taking took place on August 9, 2008, more than 14 years ago.

14.     The Supreme Court in *Knick*, referring to the decision of *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304 (1987), decided two years after *Williamson County*, holding that a property owner acquires an irrevocable right to just compensation immediately upon a taking, assented to a position taken by Justice Brennan earlier while dissenting in *San Diego Gas & Elec. Co. v. San Diego*, 450 U.S. 621 (1981), where Justice Brennan explained that "once there is a 'taking' compensation must be awarded" because "[a]s soon as private property has been taken, whether through final condemnation proceedings, occupancy, physical invasion, or regulation, the landowner has already suffered a constitutional violation". *Knick* at page 4.

15.     There is no reason to continue taxing the people of Puerto Rico in the case of finally

4

adjudicated eminent domain and inverse condemnation claims.

16. As to this, the Board at paragraph 16 of the Objection merely states that "with respect to the Amended Claim [the Board], together with its advisors and the Commonwealth, are evaluating the validity and amount of the interest sought by Sucesión Mandry Mercado to determine whether an objection is necessary. The Oversight Board currently understands that Sucesión Mandry Mercado's proposed interest calculation may inappropriately inflate the amount of interest due to Sucesión Mandry Mercado pursuant to applicable law. Under this Court's orders, however, the Oversight Board has until September 4, 2023— another four and a half months—to complete that evaluation and determine how best to proceed in reconciling the Amended Claim".

17. Thus, the Board has revealed its real issue with the Amended Claim, not with its principal amount, but with the computation of interest thereon, based on a speculative posture. Such a reconciliation between two capable accountants, one chosen by the Board and the other by Sucesión Pastor Mandry Mercado should take less than two (2) hours versus the daily interest of $4,237.27 that accrues on a daily basis on the Amended Claim, which for 120 days amounts to an additional $508,467.60.

18. At paragraph 18 of the Objection, while recognizing that just compensation claims, as the Amended Claim, are not dischargeable and must be paid in full, the Board further intends to excuse its delay in doing so by stating being in "discussions with AAFAF as to their processing and paying, including identifying funds necessary for payment in the Commonwealth's budget", when during the hearing on the confirmation of the Plan, the Board quantified such claims in the amount of $400,000,000.00 and represented to the Court that such funds were available[1], hopefully not a futile expression to obtain the Confirmation Order. The Board can't eat with the hounds and **run with the hares**." *In re Crockett,* 3 Bankr. 365, 367 (Bankr. N.D. Ill. 1980).

---

[1] See transcript of Confirmation Hearing at page 52, lines 7 to 13. [**ECF No. 19280**] (statement from Martin J. Bienenstock, Esq.

5

## III.    CONCLUSION

19.    For the foregoing reasons, Sucesión Pastor Mandry Mercado respectfully requests that the Objection be denied and the Motion granted.

**CERTIFICATE OF SERVICE:** I hereby certify that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the EM/ECF system, which will send a notification to all attorneys of record.

San Juan, Puerto Rico, this 26th day of April 2023

**s/CHARLES A. CUPRILL-HERNÁNDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices Counsel for
Sucesión Pastor Mandry Mercado
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel.787-977-0515
Fax: 787-977-0518
E-mail: cacuprill@cuprill.com

6