UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

ORDER GRANTING FIVE HUNDRED FIFTY-SIXTH
OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH
OF PUERTO RICO TO CLAIMS FOR WHICH THE OBJECTING DEBTOR IS NOT LIABLE

Upon the *Five Hundred Fifty-Sixth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims for which the Objecting Debtor is Not Liable* (Docket Entry No. 23091 in Case No. 17-3283) ("Five Hundred Fifty-Sixth Omnibus Objection")[2] of the Commonwealth of Puerto Rico (the "Commonwealth" or the "Objecting Debtor"), dated

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Fifty-Sixth Omnibus Objection.

December 16, 2022, for entry of an order disallowing in their entirety certain claims filed against the Commonwealth, as more fully set forth in the Five Hundred Fifty-Sixth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Five Hundred Fifty-Sixth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Five Hundred Fifty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in the column titled "Claims to Be Disallowed" in Exhibit A to the Five Hundred Fifty-Sixth Omnibus Objection (collectively, the "Claims to Be Disallowed") are claims for which the Commonwealth is not liable; and the Court having determined that the relief sought in the Five Hundred Fifty-Sixth Omnibus Objection is in the best interests of the Objecting Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Five Hundred Fifty-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Five Hundred Fifty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the Claims to Be Disallowed are CW Appropriations Claims, whose treatment was provided for by Section 67.1 of the Plan are hereby disallowed in their entirety pursuant to the Plan; and it is further

ORDERED that Kroll is authorized and directed to designate the Claims to Be Disallowed as expunged on the official claims registry in the Title III Cases; and it is further;

ORDERED that this Order resolves Docket Entry No. 23091 in Case No. 17-3283; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: May 2, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge