## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA<br>TITLE III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO | No. 17 BK 3283-LTS |
| as representative of | (Jointly Administered) |
| THE PUERTO RICO HIGHWAYS AND<br>TRANSPORTATION AUTHORITY, | **This filing relates only to HTA<br>Teresa Vizcarrondo Toro &<br>Adrián Mercado Jiménez** |
| Debtor | **And their conjugal society** |

## AMENDED PETITION REQUESTING PAYMENT OF SEVERANCE DAMAGES

**COMES NOW,** respondents, **ADRIÁN MERCADO JIMÉNEZ, TERESA VIZCARRONDO TORO, and their CONJUGAL SOCIETY,** and very respectfully allege and pray:

### I.

1. Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306; and it appearing that venue in this district is proper pursuant to PROMESA section 307.

### II.

2. That on June 1, 2018 herein appearing party filed Proof of Claim stating that The Puerto Rico Highways and Transportation Authority herein after HTA on the local expropriation case TS/SJ 2011-0240 left part of the expropriated property landlocked (enclavada). Said property is located in Canas Ward, Ponce, P. R.

3. Herein appearing party filed on 6/23/2022 Corrected Response.

4. That the landlocked property consists of 41.186 cuerdas, as can be seen by the documents previously provided to HTA.

5. That herein appearing party is the owner of 25% of the 41.186 cuerdas as per the documents previously provided to HTA.

6. That the value of each cuerda according to HTA is $17,300.00 as per the documents previously provided to HTA.

7. As the property has 41.186 cuerdas and herein appearing party owns 25% of said property or 10.29 cuerdas, his ownership is worth $17,300.00 x 10.29= $178,017.00.

8. The real property acquisition requirements apply to any acquisition of real property for a federal program or project and to programs and projects where there is federal financial assistance for any part of the costs. 42 USC §4601(4).

9. "Severance Damages in eminent domain cases consider the loss of value to the remainder (portion of property left after the taking) above and beyond the value of the land and structures taken by the government" Biersdorf & Associates, Severance Damages in Eminent Domain.

10. "Thus, interest at a proper rate to compensate for the delay in payment constitutes an element of just compensation*". "Because just compensation is a constitutional requirement* the rate of interest to be paid as delay compensation is ultimately a matter for judicial determination" Mark R. Kaptan, Interest Rates in Eminent Domain: is 6% Just Compensation in a 12% World, 12 LOYOLA L.A. L. Review 721 (1979)

11. That the property has remained landlocked (enclavada) since 2011, depriving herein appearing party all viable access to the same.

12. If the acquisition of only a portion of the property would leave the owner with an uneconomic remnant the head at the Federal agency concerned should offer to acquire that remnant 42 USCS §4651.

13. Herein appearing party has a right to interest on the money owed due to the years the property has been landlocked (enclavada) by HTA, thus interests due since 2012 to 2022 at 1.0% $1,780.00 x 12 = $20,507.52, as per Treasury Note average rates.

14. That utilizing the same formula HTA used in sister case KEF 2011-0241 previously provided to HTA and KEF 2011-0244 previously provided to HTA, we find that:

10.29 cuerdas x 17300 p/c = $178,017.00

Rent $178,017.00 x .08 = $14,241.36 annual rent

$14,241.36 x 12 years =$170,896.32

Plus, interests at 1.0% = $1,708.96 x 12 years = $20,507.52

Thus $178,017.00 + $20,507.52 + $170,896.32 = $369,420.84

15. That herein appearing party requests payment of $369,420.84.

## III.

16. That herein appearing parties owned 7.96 of parcel CAMINO.

17. In case KEF 2011-0244 the value parcel Camino's value was increased by $222,428.07 for the 57.5% corresponding to Perseverancia, Inc.

18. Thus, to my 7.96% corresponds $30,791.00.

19. Therefore, the total amount HTA owes Movants/Petitioners is $369,420.84 + $30,791.00 = $400,211.84

## IV.

20. Art. 1538 of the Civil Code of June 1, 2020, states:

> Artículo 1538. - Forma y monto del resarcimiento.
> La reparación de los daños se efectúa en dinero, mediante la reintegración específica o una combinación de los remedios anteriores, a elección del perjudicado, siempre y cuando no haya una duplicación del resarcimiento. "Código Civil de Puerto Rico" de 2020 [Ley 55-2020] Rev. 23 de septiembre de 2020 www.ogp.pr.gov Página 323 de 378 No obstante, cuando el acto u omisión constituye delito, se realiza de forma dolosa o con grave menosprecio a la vida, la seguridad y la propiedad ajena, el juzgador puede imponer una indemnización adicional que no sea superior al monto del daño causado. (Own emphasis)

21. Damages suffered by the owners of the landlocked property due to disregard, contempt, and scorn of HTA are continuous in nature and manner thus herein appearing parties have a right to the additional indemnification provided by Article 1538.

22. Thus, damages of $170,896.32 + $170,896.32 = $341,792.64.

23. Total damages plus value of property amount to $400,211.84 + $341,792.64 = $742,004.48.

## V.

24. The herein appearing parties are 85 and 81 years old respectively and thus request this petition be granted as soon as possible.

**AMENDED PETITION REQUESTING PAYMENT OF SEVERANCE DAMAGES**
**PROMESA TITLE III No. 17 BK 3283-LTS**

5

25. That it is requested that this motion be granted promptly in consideration to the advance age of herein appearing parties and an Order be issued to HTA to expedite payment of $742,004.48 payable to herein appearing parties.

26. That title of our portion of the property upon payment of the $742,004.84 will vest to HTA.

27. That all of the facts mentioned in this motion are true and have never been contested by HTA.

**WHEREFORE**, it is respectfully requested that this motion be GRANTED, and that Puerto Rico Highways and Transportation Authority be ordered to issue a check in the name of herein appearing parties for $742,004.84, with costs and attorney's fees of $35,000.00 and that title of herein appearing party of 25% of the above mentioned property be vested to the Puerto Rico Highways and Transportation Authority.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this        day of May 2023.

s/**ADRIÁN MERCADO**
USDC-PR 111304
PO Box 9023980
San Juan, PR  00902-3980
TEL.: (787) 273-0611
MOB.: (787) 567-0025
E-Mail: amercado@mercadosotolaw.com

**I HEREBY CERTIFY** that a copy of this motion was electronically filed by Movant, using the CM/EFC system, which will send notification to all the parties which have made an electronic appearance in this case.

**Also, CERTIFY** that copy of this motion has been sent by Certified and Return Receipt  Mail on this date to: 1) **Clerk's Office**, United States District Court, 150 Chardon Ave.,  Federal Building, San Juan, Puerto Rico 00918; 2) **Attorneys for the Financial Oversight and Management Board as representative for the Debtor, Martin J. Bienenstock and Brian S. Rosen, PROSKAUER ROSE LLP**,  Eleven Time Square, New York, New York 10036; 3) **Co-Attorneys for the Financial Oversight and Management Board as representative for the Debtor**, **Hermann D. Bauer, O'NEILL & BORGES** LLC 250 Muñoz Rivera Ave. Suite 800, San Juan, PR 00918-1813 4) **Counsel for the Creditors' Committee, PAUL HASTINGS LLP, Luis A. Despins,** 200 Park Avenue, New York, New York 10166; 5) **Commonwealth of Puerto Rico, Claims Processing Center c/o Kroll Restructuring Administration** LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; 6) **Bankruptcy Court Puerto Rico, Case MMLID: 168560 EPOC ID: 1703283007322**, José V. Toledo Federal Building, 300 Recinto St. S Ste 100, San Juan, PR 00901-1964.