**Objection Deadline:** May 23, 2023 at 4:00 p.m. (Atlantic Standard Time)
**Hearing Date:** June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780-LTS<br><br>**This Notice relates only to PREPA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 17-BK-4780-LTS** |

## NOTICE OF THIRTEENTH MOTION FOR ORDER ENLARGING TIME TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027

**PLEASE TAKE NOTICE** that the Puerto Rico Electric Power Authority ("PREPA"), by

and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight

Board"), is filing herewith the *Thirteenth Motion of the Puerto Rico Electric Power Authority for*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*Entry of Order to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "Motion").

**PLEASE TAKE NOTICE** that responses or objections to the Motion, if any, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283-LTS, ECF No. 20190-1] (the "Case Management Procedures"), and must be filed with the Court (a) by registered users of the Court's case filing system, electronically in accordance with rule 5 of the Local Rules for the District of Puerto Rico, and (b) by all other parties in interest, on a CDROM, in text-searchable portable document format (PDF), and served on (i) counsel for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, New York 10036-8299 (Attn: Martin J. Bienenstock, Esq., Paul V. Possinger, Esq., and Ehud Barak, Esq.), and O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918-1813 (Attn: Hermann D. Bauer, Esq.); (ii) counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, 7 Times Square, New York, New York 10036 (Attn: John J. Rapisardi, Esq., Diana M. Perez, Esq., Peter Friedman, Esq., Daniel L. Cantor, Esq., William J. Sushon, and  Maria J. DiConza, Esq., Gabriel Olivera, Esq.) and Marini Pietrantoni Muñiz LLC, 250 Ponce de León Ave., Suite 900, San Juan, Puerto Rico 00918 (Attn: Luis C. Marini-Biaggi, Esq.); and (iii) the Office of the United States Trustee for Region 21, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, Puerto Rico 00901-1922, so as to be received no later than **May 23, 2023 at 4:00 p.m. (AST)**.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.  The Case Management Procedures states Parties may request

relief without a hearing by filing a certificate of no objections ("CNO"), provided that the notice

filed with the request for relief includes a statement that the request for relief may be granted and

an order entered without a hearing unless a timely Objection is made.  After the Objection deadline

has passed, and no Objection had been filed or served in accordance with the set procedures set

forth herein, counsel to the entity that has filed the request for relief may file a CNO indicating

that no Objection has been filed or served on the party who has filed the request for relief and

submit an order granting the relief requested.  The CNO must include the date of the filing and

service of the motion or application, the deadline for filing an objection thereto, and a statement

that counsel is filing the CNO not less than forty-eight (48) hours after the expiration of such

deadline.  In filing the CNO, counsel for the moving party represents to the Court that the moving

party is unaware of any objection, responsive pleading, or request for a hearing with respect to the

motion or application, that counsel has reviewed the Court's docket not less than forty-eight (48)

hours after expiration of the time to file an objection, and that no objection, responsive pleading,

or request for a hearing with respect to the motion or applications appears on the docket.

**PLEASE TAKE FURTHER NOTICE** that, if necessary, a hearing will be held before

the Honorable Laura Taylor Swain, United States District Court Judge, in Room 3 of the United

States District Court for the District of Puerto Rico, 150 Carlos Chardón Street, Federal Building,

Office 150, San Juan, Puerto Rico 00918-1767 (the "Court"), on **June 7, 2023 at 9:30 a.m. (AST)**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and all documents filed

in this Title III case are available (a) free of charge by visiting https://cases.ra.kroll.com/puertorico

or by calling +1 (844) 822-9231, and (b) on the Court's website at http://www.prd.uscourts.gov,

subject to the procedures and fees set forth therein.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court take notice of the above.

Dated:  May 3, 2023
     San Juan, Puerto Rico

Respectfully submitted,

/s/ *Paul V. Possinger*
Martin J. Bienenstock (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036 Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for
PREPA*

/s/ *Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative for
PREPA*

4

**Objection Deadline:** May 23, 2023 at 4:00 p.m. (Atlantic Standard Time)
**Hearing Date:** June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-4780-LTS<br><br>**This Notice relates only to PREPA, and shall be filed in Case No. 17-BK-3283-LTS and Case No. 17-BK-4780-LTS** |

## THIRTEENTH MOTION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY FOR ENTRY OF ORDER PURSUANT TO RULE 9006(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH TO FILE <u>NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as PREPA's representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this motion (the "Motion"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Practice and Procedure (the "Bankruptcy Rules"), made applicable to this case pursuant to PROMESA section 310, for entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), further enlarging the time within which PREPA is required to file notices of removal of proceedings pursuant to Bankruptcy Rule 9027(a).  In support of this Motion, PREPA respectfully states as follows:

### Jurisdiction and Venue

1.     The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Motion pursuant to PROMESA section 306(a).

2.     Venue is proper in this district pursuant to PROMESA section 307(a).

3.     The statutory predicate for the relief sought herein is Bankruptcy Rule 9006(b), made applicable to this case by PROMESA section 310.

### Background

4.     On July 2, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206, and on July 2, 2017, the Oversight Board filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under title III thereof (the "Title III Case").

5.     On September 11, 2017, PREPA filed *PREPA's Motion for Entry of Order*

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

*Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*.  Case No. 17-BK-4780-LTS, ECF No. 284.

6.      On October 6, 2017, the Court entered an order enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) January 31, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).  Case No. 17-BK-4780-LTS, ECF No. 338.

7.      On October 6, 2017, the Court entered an order granting the joint administration of PREPA's Title III Case with the Commonwealth's Title III case, for procedural purposes only. Case No. 17-BK-3283-LTS, ECF No. 1417.

8.      On January 30, 2018, PREPA filed *PREPA's Motion for Entry of (i) Bridge Order and (ii) Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*. Case No. 17-BK-4780-LTS, ECF No. 556.

9.      On February 23, 2018, the Court entered an order enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) June 1, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).  Case No. 17-BK-4780-LTS, ECF No. 756.

10.      On May 17, 2018, PREPA filed *PREPA's Motion for Entry of (i) Bridge Order and (ii) Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*. Case No. 17-BK-4780-LTS, ECF No. 832.

11.      On June 11, 2018, the Court entered an order enlarging the time within which

PREPA may file notices of removal under Bankruptcy Rule 9027(a) through and including the later of: (i) November 28, 2018; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3). Case No. 17-BK-4780-LTS, ECF No. 874.

12.     On October 16, 2018, PREPA filed *PREPA's Motion for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*. Case No. 17-BK-4780-LTS, ECF No. 990.

13.     On October 30, 2018, the Court entered an order enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) May 28, 2019; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3). Case No. 17-4780-LTS, ECF No. 1003.

14.     On May 20, 2019, PREPA filed *PREPA's Motion for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*. Case No. 17-4780-LTS, ECF No. 1243.

15.     On June 3, 2019, the Court entered an order further enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) November 25, 2019; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3). Case No. 17-4780-LTS, ECF No. 1266.

16.     On November 15, 2019, PREPA filed *PREPA's Motion for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027*. Case No. 17-4780-LTS, ECF No. 1743.

4

17.     On December 3, 2019, the Court entered an order further enlarging the time within

which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

May 26, 2020; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).   Case

No. 17-4780-LTS; ECF No. 1796.

18.     On May 26, 2020, PREPA filed *Seventh Motion of the Puerto Rico Electric Power*

*Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to*

*Bankruptcy Rule 9027.*  Case No. 17-4780-LTS, ECF No. 2086.

19.     On July 22, 2020, the Court entered an order further enlarging the time within

which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

November 22, 2020; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

Case No. 17-4780-LTS; ECF No. 2008.

20.     On November 16, 2020, PREPA filed the *Eighth Motion of the Puerto Rico Electric*

*Power Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to*

*Bankruptcy Rule 9027.*  Case No. 17-4780-LTS, ECF No. 2295.

21.     On December 2, 2020, the Court entered an order further enlarging the time within

which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

May 21, 2021; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).   Case

No. 17-4780-LTS; ECF No. 2316.

22.     On May 17, 2021, PREPA filed the *Ninth Motion of the Puerto Rico Electric Power*

*Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to*

*Bankruptcy Rule 9027.*  Case No. 17-4780-LTS, ECF No. 2484.

23.     On June 8, 2021, the Court entered an order further enlarging the time within which

PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

November 17, 2021; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

Case No. 17-4780-LTS; ECF No. 2512.

24.     On November 16, 2021, PREPA filed the *Tenth Motion of the Puerto Rico Electric*

*Power Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to*

*Bankruptcy Rule 9027.*  Case No. 17-4780-LTS, ECF No. 2656.

25.     On December 14, 2021, the Court entered an order further enlarging the time within

which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

May 16, 2022; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).  Case

No. 17-4780-LTS; ECF No. 2669.

26.     On May 10, 2022, PREPA filed the *Eleventh Motion of the Puerto Rico Electric*

*Power Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to*

*Bankruptcy Rule 9027.*  Case No. 17-4780-LTS, ECF No. 2803.

27.     On June 24, 2022, the Court entered an order further enlarging the time within

which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i)

November 11, 2022; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

Case No. 17-4780-LTS; ECF No. 2863.

28.     On November 8, 2022, PREPA filed the *Twelfth Motion of the Puerto Rico Electric*

*Power Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy*

*Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027.* Case No. 17-4780-LTS, ECF No. 3071.

29.     On December 8, 2022, the Court entered an order further enlarging the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) May 10, 2023; or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).  Case No. 17-4780-LTS; ECF No. 3102.

30.     Background information regarding PREPA and the commencement of the Title III Case is contained in the *Notice of Statement of Oversight Board Regarding PREPA's Title III Case*.  Case No. 17-BK-4780-LTS, ECF No. 2.

## Relief Requested

31.     By this Motion, PREPA seeks entry of an order, substantially in the form of the Proposed Order, further enlarging the time within which PREPA is required to file notices of removal under Bankruptcy Rule 9027(a) through the later of: (i) November 6, 2023, which is 180 days after the current deadline (May 10, 2023); or (ii) such later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

## Basis for Relief Requested

32.     PROMESA section 306(d) provides for the removal of actions to this Court:

> A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce the police or regulatory power of the governmental unit, to the district court for the district in which the civil action is pending, if the district court has jurisdiction of the claim or cause of action under this section.

PROMESA § 306(d).

33.     Bankruptcy Rule 9027, which is made applicable to this Title III Case pursuant to PROMESA section 310, sets forth the time period for the filing of notices to remove claims or

causes of action.  Bankruptcy Rule 9027 provides in pertinent part:

> (a)(2)  If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> (a)(3)  If a claim or cause of action is asserted in another court after commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027.

34.     Bankruptcy Rule 9006 permits the Court to enlarge the period to remove actions provided for by Bankruptcy Rule 9027.  Bankruptcy Rule 9006(b) provides in pertinent part:

> (1)     Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect.

*Id.*  9006(b).

35.     As shown above, courts routinely extend the removal period pursuant to Bankruptcy Rule 9006.  *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 996 n.17 (3d Cir. 1984) (stating the court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 134-35 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.,* 251 B.R. 322, 325 (S.D. W.Va.

8

2000) (noting Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.),* 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (finding the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006; *In re World Fin. Servs. Ctr., Inc.,* 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting United States Supreme Court intended to give judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).[3]

36.      Courts have previously granted the same or even longer relief to that that is requested in this Motion.  *See, e.g.*, *In re Patriot Coal Corp.*, Case No. 12-12900 (SCC) (Bankr. S.D.N.Y. Oct. 5, 2012) (extending the removal deadline with respect to civil actions pending as of the petition date through and including the effective date of any plan of reorganization); *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. June 17, 2009 (extending removal deadline through plan confirmation); *In re Chemtura Corp.*, Case No. 09-11233 (REG) (Bankr. S.D.N.Y. June 16, 2009) (same); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. June 18, 2008) (extending removal deadline through effective date of any plan of reorganization).

37.      Cause exists for the Court to further enlarge the time within which PREPA may file notices of removal under Bankruptcy Rule 9027(a).  Since the commencement of the Title III Case, PREPA, the Oversight Board, and their respective professionals and advisors have been dedicating a significant amount of their time to working on PREPA's transformation and restructuring efforts. Transition of operation and maintenance of PREPA's power grid to LUMA took place on June 1,

---

[3]   In cases under title 11 of the United States Code, 28 U.S.C. § 1452 provides the authority for the removal of civil claims and actions.  PROMESA section 306(d)(1) tracks the language of 28 U.S.C. § 1452(a).

2021, and PREPA is in the process of transitioning operation and maintenance of PREPA's legacy generation assets to Genera PR, LLC.  On March 3, 2023, this Court approved the *Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*, dated March 1, 2023.  Case No. 17-BK-4780-LTS, ECF No. 3304. Since then, the Oversight Board has been working towards confirmation in July 2023. Additionally, this Court has directed the Oversight Board to continue to engage in mediation with PREPA's stakeholders with the goal of developing a substantially consensual proposed plan of adjustment for PREPA.  *See* Case No. 17-BK-4780-LTS, ECF No. 3404.  Enlarging the time for PREPA to file notices of removal will allow the Oversight Board to focus its efforts on negotiations and confirmation.

38.     As of the Petition Date, PREPA was a party in over 300 civil actions, which required a case-by-case analysis to determine the merits of seeking the removal as to each case. PREPA and its professionals are continuing to review the 300-plus civil actions to determine which civil action(s) should be removed.  No party is prejudiced by extending the time for the filing of notices to remove claims or causes of action.

39.     PREPA and the Oversight Board have continued to review these cases to determine which, if any, should be removed to the Title III Court; however, the analysis has been delayed multiple times due to pressing matters which have taken precedent, including, as examples, hurricanes, earthquakes, drought, debt restructuring, and transformation.  As a result, as of the date of this filing, the Oversight Board and PREPA lack complete information to determine which of the remaining proceedings should be removed.  Accordingly, and given the number of proceedings, the Oversight Board requires additional time to determine whether PREPA should move any such actions to this Court.

40.     Accordingly, PREPA believes cause exists for the Court to enlarge the removal period through and including the later of (i) November 6, 2023, or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3), to afford PREPA sufficient time to review and analyze the civil actions to which it is a party.[4]

### Certificate of No Objection

41.     The relief requested in the Motion may be granted without a hearing if no objection is timely filed, served, and received in accordance with the Case Management Procedures.  The Case Management Procedures state Parties may request relief without a hearing by filing a certificate of no objections ("CNO"), provided that the notice filed with the request for relief includes a statement that the request for relief may be granted and an order entered without a hearing unless a timely objection is made.  After the objection deadline has passed, and no objection has been filed or served in accordance Case Management Procedures, PREPA may file a CNO indicating that no objection has been filed or served and submit an order granting the relief requested.

### Notice

42.     PREPA has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Puerto Rico; (b) the indenture trustees and/or agents, as applicable, for PREPA's bonds; (c) any statutory committee (if any) appointed in this Title III Case; (d) the Office of the United States Attorney for the District of Puerto Rico; (e) counsel to the Puerto Rico Fiscal

---

[4] The current deadline to file notices of removal is May 10, 2023.  Pursuant to section III.W of the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [Case No. 17-3283-LTS, ECF No. 20190-1] (the "Case Management Procedures"), the filing of this Motion operates to automatically extend the deadline until the Court acts on this Motion, without the necessity for a bridge order.  *See* ECF No. 20190-1 ("Under the discretion provided to the Court by Bankruptcy Rule 9006(b), and to forestall the need for a bridge order, unless otherwise provided by the Bankruptcy Code or Bankruptcy Rules, if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or by Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.").

Agency and Financial Advisory Authority; (f) the Puerto Rico Department of Justice; and (g) all parties filing a notice of appearance in PREPA's Title III Case.  PREPA submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE the Debtor respectfully requests the Court take notice of the above.

Dated: May 3, 2023                     Respectfully submitted,
    San Juan, Puerto Rico

*/s/ Paul V. Possinger*                    

Martin J. Bienenstock (admitted *pro hac vice*)
Paul V. Possinger (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036 Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board as representative for
PREPA*

*/s/ Hermann D. Bauer*                  

Hermann D. Bauer
USDC No. 215205
O'NEILL & BORGES LLC
205 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-1813
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and
Management Board as representative for
PREPA*

13

**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>           Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**Re: __** |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT<br>BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>           Debtor. | PROMESA<br>Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(Jointly Administered)<br><br>**Re: __** |

### [PROPOSED] ORDER GRANTING MOTION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY FOR ENTRY OF ORDER PURSUANT TO RULE 9006(B) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FURTHER ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL PURSUANT TO BANKRUPTCY RULE 9027

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Upon the *Thirteenth Motion of the Puerto Rico Electric Power Authority for Entry of Order Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure Further Enlarging the Time Within Which to File Notices of Removal Pursuant to Bankruptcy Rule 9027* (the "<u>Motion</u>");[2] and the Court having found it has subject matter jurisdiction over this matter pursuant to PROMESA section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA section 307(a); and the Court having found that the relief requested in the Motion is in the best interests of PREPA, its creditors, and other parties in interest; and the Court having found that PREPA provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The deadline for PREPA to file notices of removal under Bankruptcy Rule 9027(a) is further extended through and including through the later of: (i) November 6, 2023; and (ii) such later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3).

3.      The foregoing is without prejudice to PREPA's right to seek further extensions of the time within which to remove related proceedings.

4.      Nothing herein is intended to, shall constitute, or shall be deemed to constitute PREPA's or the Oversight Board's consent, pursuant to PROMESA section 305, to this Court's interference with (a) any of the political or governmental powers of PREPA, (b) any of the property or revenues of PREPA, or (c) the use or enjoyment of PREPA of any income-producing property.

5.      Notwithstanding any applicability of any Bankruptcy Rule, the terms and

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

conditions of this Order shall be immediately effective and enforceable upon its entry.

6.     PREPA and the Oversight Board, as PREPA's representative, have consented to the relief in this Order, and are authorized to take all actions, and to execute all documents, necessary or appropriate, to effectuate the relief granted in this Order in accordance with the Motion.

7.     The Court retains exclusive jurisdiction to hear and determine any and all disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated:_____          _____

                                                     Honorable Laura Taylor Swain
                                                     United States District Judge