IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: <br><br> THE FINANCIAL OVERSHIGHT AND MANAGEMENT BOARD FOR PUERTO RICO <br><br> as representative of <br> THE COMMONWEALTH OF PUERTO RICO, et al. <br><br> Debtors[1] | PROMESA <br> Title III <br><br> No. 17 BK 3283-LTS <br><br> (Jointly Administered) |

**REPLY TO THE COMMONWEALTH OF PUERTO RICO'S OBJECTION TO NORTH SIGHT COMMUNICATIONS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF POST-PETITION ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE COURT:

COMES NOW, North Sight Communications, Inc. ("NSCI"), through its undersigned counsel, and very respectfully states and prays:

**Preliminary Statement**

1. On April 7, 2023, the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole representative pursuant to Section 315(b) of the Puerto Rico Oversight Management and Economic Stability Act ("PROMESA"), filed its *Objection of*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567- LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

*the Commonwealth of Puerto Rico to North Sight Communications, Inc.'s Motion for Allowance and Payment of Administrative Expense Claim* (ECF No. 23948) (the "Objection").

2. In its Objection, the Oversight Board essentially argues that NSCI's Motion should be denied because: (i) NSCI does not hold a liquidated claim for which it can seek recovery because the General Services Administration[2] (the "Administration"), and the Puerto Rico Police Bureau[3] (the "Bureau") have not accepted delivery of the portable radios object of the "Obligation and Purchase Order" (*Obligación y Orden de Compra*) (the "Purchase Order") for the Exceptional Purchase, for 500 Motorola APX-8000 Model 2.5 portable radios, for a total price of $1,347,500.00, issued to NSCI by the Administration on October 28, 2020; and (ii) NSCI is attempting to circumvent the process for resolving claims established pursuant to the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (ECF No. 19784) (the "Plan"). The Administration and the Bureau are all agencies of the Commonwealth and thus debtors in the Commonwealth's Title III case.

3. As will be discussed below, NSCI is entitled to the allowance of its claim because: (i) the Commonwealth breached its obligations under the Purchase Order by not receiving and paying NSCI for the portable radios and is therefore liable for the damages caused to NSCI; and (ii) NSCI filed its Motion pursuant to the Honorable Court's *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* (ECF No. 22650) (the "Extension Order") dated October 20, 2022.

## Argument

**A. The Commonwealth breached its obligations under the Purchase Order and is liable for the damages caused to NSCI.**

---

[2] "Administración de Servicios Generales".

[3] "Negociado de la Policía de Puerto Rico".

4. On June 25, 2020, the Administration awarded NSCI the Exceptional Purchase (*Compra Excepcional*) No. 20-193-DSP-PPR (the "Exceptional Purchase") for the acquisition of 500 dual band portable communication radios for the Bureau. The Administration determined that NSCI's offer complied with all the specifications, terms, and conditions, and that NSCI's price of $2,695.00 per unit was the lowest. NSCI's offer consisted of 500 units of Motorola APX-8000 Model 2.5 portable radios, at a unit price of $2,695.00 and a total price of $1,347,500.00.

5. On October 28, 2020, the Administration issued NSCI the Purchase Order for 500 Motorola APX-8000 Model 2.5 portable radios, for a total price of $1,347,500.00 (ECF No. 23351-2). The profit that NSCI was to receive from said purchase was $272,500.00. However, the Administration and the Bureau have refused to receive and pay NSCI for the portable radios.

6. Since the Purchase Order was issued on October 28, 2020, the provisions of the Puerto Rico Civil Code of 1930, 31 L.P.R.A. § 1 *et seq.* (the "Civil Code") are applicable.

7. "Every obligation consists in giving, doing, or not doing something." 31 L.P.R.A. § 2991. "Obligations are created by law, by contracts, by quasi contracts, and by illicit acts and omissions or by those in which any kind of fault or negligence occurs." 31 L.P.R.A. § 2992. "Obligations arising from law are not presumed. Those expressly determined in this Code or in special laws are the only demandable ones, and they shall be governed by the provisions of the laws which may have established them and by those of this subtitle in regard to what has not been prescribed by said laws." 31 L.P.R.A. § 2993.

8. "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994. "Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfilment of what has been expressly stipulated, but also with regard to all the consequences

which, according to their character, are in accordance with good faith, use, and law." 31 L.P.R.A. § 3375. Therefore, "[t]he courts of justice cannot release a party from complying with what it bound itself to do by contract when said contract is legal and valid and has no defect whatsoever." Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345, 351 (1984), 15 P.R. Offic. Trans. 455, 462. This axiom is applicable to both contracting between private parties and contracting between a private entity and a State agency or instrumentality or the State itself, because "[a]s a general norm, for purposes of applying the provisions and doctrines regarding contracts, the Commonwealth of Puerto Rico is considered a private contractor. **When the State contracts, the contract must be interpreted as if it were a contract between two private individuals**." Cecort Realty Dev., Inc. v. Llompart-Zeno, 100 F.Supp.3d 145, 162-163 (D.P.R. 2015) (emphasis added), citing Zequeira v. C.R.U.V., 83 D.P.R. 878, 880-881 (1961). "That means that once the State executes a contract with a private person, both are obligated by the general norms related to contracts and their corresponding interpretations in light of our applicable rulings." Cecort, 100 F.Supp.3d at 163. "[C]ontracts should be drafted, executed, performed and interpreted in good faith." Levy v. Aut. Edif. Publicos, 135 D.P.R. 382, 393 (1994), 1996 P.R.-Eng. 724, 959, P.R. Offic. Trans.

9. "The validity and fulfilment of contracts cannot be left to the will of one of the contracting parties." 31 L.P.R.A. § 3373. Therefore, the intention of the parties fixes the scope of the contractual obligations in the Civil Code. Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F.Supp. 98, 106 (D.P.R. 1993), citing Merle v. West Bend Co., 97 D.P.R. 403, 409 (1969). "In order to judge as to the intention of the contracting parties, attention must principally be paid to their acts, contemporaneous and subsequent to the contract." 31 L.P.R.A. § 3472.

10. The Civil Code provides that when a contracting party is affected by the fault or negligence of the other contracting party, the affected contracting party is entitled to the damages caused by said fault or negligence. 31 L.P.R.A. § 3018. Liability arising from fault or negligence is demandable in the fulfilment of all kinds of obligations. 31 L.P.R.A. §§ 3019 and 3120. "The fault or negligence of the debtor consists of the omission of the steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time, and place." 31 L.P.R.A. § 3021. "Indemnity for losses and damages includes not only the amount of the loss which may have been suffered, but also that of the profit which the creditor may have failed to realize." 31 L.P.R.A. § 3023.

11. The Purchase Order is considered an obligation and contract between two private individuals, to wit, the Commonwealth and NSCI. The Commonwealth beached its contractual obligations under the Purchase Order by refusing to receive the portable radios and pay NSCI the sum of $1,347,500.00 for the agreed price of the portable radios.

12. Also, by breaching its obligations under the Purchase Order, the Commonwealth is liable to NSCI for the losses and damages caused by its refusal to receive and pay for the portable radios. In this case, due to the Commonwealth's refusal to receive and pay for the portable radios: (i) NSCI was deprived of receiving its profit, which ascends to $272,500.00; (ii) NSCI had to store the portable radios in its warehouse and/or storage area for approximately over a year, which caused loss of space and/or storage area, and the radios had to be returned to Motorola in December 2021; (iii) NSCI had to incur legal expenses to compel the Commonwealth to fulfil its obligations under the Purchase Order; and (iv) NSCI's credit terms and commercial relationship with Motorola was adversely affected and since then NSCI has had to finance in advance 50% of its orders with Motorola instead of being able to obtain products from Motorola on full credit.

13. In light of the above, it is patent that, under applicable Puerto Rico law, NSCI has indeed established the Commonwealth's liability to NSCI.

14. NSCI does not have to establish that its claim meets the requirements of 11 U.S.C. § 503(b) in order for its claim to be allowed as an administrative expense claim and be entitled to recover from the Commonwealth. NSCI's post-petition cause of action and damages resulting from the Commonwealth's breach of its post-petition obligations under the Purchase Order are entitled to administrative expense status. *See* In re Hayes Lemmerz Intern., Inc., 340 B.R. 461, 480 (Bankr. D. Del. 2006) ("Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status"); and Reading Co. v. Brown, 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses). Therefore, to argue that NSCI is not entitled to present its claim as a post-petition administrative expense claim is simply unconscionable and seeks to deprive NSCI of any means to obtain reimbursement of the $1,347,500.00 for the agreed price of the portable radios (or at the very least the $272,500.00 profit it was to receive) and the resulting damages caused by the Commonwealth's refusal to receive and pay for the radios and the post-petition breach of its obligations under the Purchase Order, more so in light of the fact that the injunction provided for in Honorable Court's order and judgment confirming the Plan (ECF No. 19813), has deprived NSCI from litigating its claims and cause of action in the action captioned *North Sight Communications, Inc. v. Department of Public Safety, et al.*, Case No. SJ2020CV05478, before the Court of First Instance, San Juan Division (the "State Case").

**B. NSCI's filed its Motion as required by the Extension Order**

15. Contrary to the Oversight Board's argument, NSCI is not trying to circumvent the process established for resolving disputed claims by any means whatsoever.

16. As discussed in the Motion, the Extension Order entered by this Honorable Court extended the Administrative Claim Bar Date "to 4:00 p.m. (Atlantic Standard Time) on January 18, 2023 […], solely **with respect to any claim or cause of action:**

> (A)(1) **asserted in a litigation or action against the Commonwealth**, PBA, or ERS **commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date**, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and
>
> (B) the holder of such claim did not receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below." (Original bold omitted) (Bold added).

17. NSCI's Motion (and/or claim) is related to the claim and cause of action NSCI filed the State Case on October 9, 2020. In other words, as instructed by the Extension Order, the claim asserted by NSCI in its Motion was asserted in a litigation or action against the Commonwealth commenced after the petition date and prior the Effective Date of the Plan and relates to an action or event that occurred after the petition date and prior to the Effective Date of the Plan. Therefore, NSCI filed its Motion as instructed in the Extension Order. NSCI cannot and should not be penalized for complying with the Extension Order.

18. Notwithstanding the above, if the Honorable Court were to deem that NSCI had to file its claim by means of a "Proof of Claim", then NSCI respectfully requests that its Motion be treated and/or considered as its "Proof of Claim", given that its a matter of form, not substance, and the Motion gives notice of NSCI's claim, why NSCI is claiming, and provides the documents that supports its claim.

WHEREFORE, NSCI respectfully requests that the Honorable Court deny the Oversight Board's Objection and, consequently, grant NSCI's Motion.

CERTIFICATE OF SERVICE: I hereby certify that on this same date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notice of said filing to all ECF participants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on May 4, 2023.

                                                CORRETJER, L.L.C.
*Attorneys for NSCI*
625 Ponce de León Ave.
San Juan, PR 00917
Tel. (787) 751-4618
Fax (787) 759-6503

*s/ Rafael H. Ramírez Polanco*
Rafael H. Ramírez Polanco
USDC-PR #301114
rhr@corretjerlaw.com