**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>    Debtors.[1] | PROMESA Title III<br><br>Case No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | Case No. 17-BK-4780-LTS |

**OPPOSITION OF THE AD HOC GROUP OF PREPA BONDHOLDERS TO THE URGENT MOTION OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD TO SEAL AND FOR LEAVE TO FILE REDACTED DOCUMENT**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Pursuant to the Court's *Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* (ECF No. 3429),[2] the Ad Hoc Group of PREPA Bondholders (the "Ad Hoc Group") respectfully submits this brief urging the Court to unseal the Opening Expert Report of Glenn R. George (the "George Report") in its entirety. The contents of the George Report have been widely available since it was filed, and the Court therefore lacks any basis to seal it. The George Report contains no actual confidential information in any event.

## BACKGROUND

1. Pursuant to paragraph 25 of the Court's March 3, 2023 *Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Procedures Order") (ECF No. 3305), Opening Expert Reports "that rely on, reference, and/or are based on confidential information . . . will be filed with the confidential information redacted."

2. On April 28, 2023, the Oversight Board filed the George Report (ECF No. 3418, Ex. A). No information was redacted from the George Report, and the report was publicly available.

3. Three days later, the Financial Oversight and Management Board (the "Oversight Board") moved to seal the George Report and sought leave to file a redacted version (ECF No. 3426). The Ad Hoc Group opposed the motion the same day, explaining that the information in the George Report is not confidential information and that the George Report had already been publicly available for some time, so no sealing was warranted. ECF No. 3428.

---

[2] All ECF numbers refer to documents in Case No. 17-BK-4780-LTS unless otherwise specified.

4. The Court issued an order temporarily sealing the George Report but noted that the Oversight Board's motion "does not include sufficient information to justify sealing of the George Report." ECF No. 3429 at 2. The Court directed interested parties to file briefs regarding the continued sealing of the George Report by May 4, 2023.

**ARGUMENT**

5. The Court should unseal the George Report in its entirety and deny the Oversight Board's motion. The Court cannot seal already-public information, and no information in the George Report, or in any of the Opening Expert Reports, is confidential.

6. *First*, the Court cannot seal information that is already publicly available. Courts "lack[] power to seal information that . . . has been publicly revealed," even if that information was once sealed or should have been sealed. *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012). The George Report was, and is, public and so cannot be sealed by this Court.

7. As the Ad Hoc Group noted in its May 1 opposition, the George Report was publicly filed on the docket on April 28 and remained there until the Court temporarily sealed it on May 1. ECF No. 3428 ¶ 4. During that time, the George Report was available for download on the Kroll Restructuring website and on news and research services, including subscription-based services like Reorg. *Id.*

8. The George Report *continues* to be publicly available and has been further publicized. On May 2, for instance, Reorg published an article summarizing Opening Expert Reports, which contains a lengthy summary of the George Report and a link to the George Report. Ex. A, *PREPA Experts Highlight Chasm Between Bondholders, Oversight Board Over Revenue Capacity, Rate Affordability*, Capex Needs, Reorg, May 2, 2023, available at

3

https://app.reorg.com/v3/#/items/intel/1869?item_id=214805. Notably, that article quotes George's specific conclusions about PREPA's necessary capital expenditures, which is some of the information the Oversight Board informed the Ad Hoc Group it intends to redact from the George Report. *See id.* at 5 ("George said that the revenue envelope model estimates a total $2.425 billion shortfall in required capital expenditures beyond what is called for in the 2022 PREPA fiscal plan for the FY 2024 through FY 2051 period, which has a NPV of about $887 million. This is in addition to a $365 million capital expenditure shortfall over the next 10 years that has been identified by grid operator Luma Energy, according to the report.").

9. When information, "however confidential it may have been beforehand," has now been made public, that information is "confidential no longer," and the Court "simply do[es] not have the power . . . to make what has thus become public private again." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004); *see also id.* ("The genie is out of the bottle . . . . We have not the means to put the genie back."). On that basis alone, the Court should unseal the George Report.

10. *Second*, and in any event, none of the information in the George Report, or in any of the other Opening Expert Reports, is confidential to begin with. There is "a presumption of public access" to documents filed with a court. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 669 (3d Cir. 2019); *see also* Sixteenth Amended Case Management Procedures I.L (same); 11 U.S.C. § 107(a) (providing that bankruptcy court filings "are public records and open to examination"). A party seeking to seal information thus faces a "heavy burden." *JetAway Aviation LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 827 (10th Cir. 2014) (per curiam) (internal quotation marks omitted). Information may be sealed only if the party seeking to seal it "articulate[s] a real and substantial interest that justifies depriving

4

the public of access." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011). And the Plan Depository Protective Order defines confidential information as information that contains "personal, proprietary, or otherwise confidential information that would have a detrimental effect on the Debtor or other third parties if it was publicly disclosed." ECF No. 3132-2 ¶ 1(b).

11. The Oversight Board has not—and cannot—identify any information in the George Report that would have a detrimental effect on PREPA or third parties if it was publicly disclosed (leaving aside that the George Report has already been publicly disclosed). Nor is there any such information in Bondholders' Opening Expert Reports from Dr. Sebastian Edwards and Dr. Susan Tierney, which remain filed on the public docket only in redacted form.[3] Each of these reports discusses PREPA's financial health, including the assumptions underlying the Revenue Envelope and Legacy Charge, which are central to determining what creditors may recover and what charges Puerto Rico residents may have to pay. This sort of municipal financial information is exactly the kind of information courts see a public interest in disclosing. *See, e.g.*, Hr'g Tr. 52:21-23, ECF No. 685, *In Re City of Detroit, MI*, No. 13-53846-swr (E.D. Mich. Aug. 21, 2013) ("THE COURT: "Doesn't the city want every one of its citizens to see what the city's financial future is projected to look like?"); *T.Y. as Parent and Next Friend of P.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589-DDC-GEB, 2020 WL 59649, at *4 (D. Kan. Jan. 6, 2020) ("The public has a strong interest in information about use of public funds."). It is also in line with the Oversight Board's statutory duty to "ma[k]e public draft financial statements and other information sufficient for any

---

[3] Bondholders initially filed a redacted Opening Expert Report from Dr. Maureen Chakraborty as well. After reaching an agreement with the Oversight Board, Bondholders refiled Dr. Chakraborty's report without any redactions. ECF No. 3441. The Oversight Board has yet to inform Bondholders whether it agrees to remove redactions from the Edwards and Tierney reports.

interested person to make an informed decision with respect to a possible restructuring." PROMESA § 206(a)(2)(B).

12. Because there is no countervailing interest that justifies withholding any of this information, the public should be given access both to the George Report and the unredacted versions of the Edwards and Tierney Opening Expert Reports.

## CONCLUSION

13. The Ad Hoc Group requests that the Court deny the Oversight Board's motion to seal the George Report and file a redacted report, and allow Bondholders to file unredacted versions of the Edwards and Tierney Opening Expert Reports.

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record.

Dated: San Juan, Puerto Rico
May 4, 2023

| **TORO COLÓN MULLET P.S.C.** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
|---|---|
| /s/ Manuel Fernández-Bared | /s/ Amy Caton |
| Manuel Fernández-Bared | Amy Caton* |
| USDC-PR No. 204,204 | Thomas Moers Mayer* |
| P.O. Box 195383 | Alice J. Byowitz* |
| San Juan, PR 00919-5383 | 1177 Avenue of the Americas |
| Tel.: (787) 751-8999 | New York, New York 10036 |
| Fax: (787) 763-7760 | Tel.: (212) 715-9100 |
| E-mail: mfb@tcm.law | Fax: (212) 715-8000 |
| | Email: acaton@kramerlevin.com |
| | tmayer@kramerlevin.com |
| /s/ Linette Figueroa-Torres | abyowitz@kramerlevin.com |
| Linette Figueroa-Torres | |
| USDC-PR No. 227,104 | Gary A. Orseck* |
| E-mail: lft@tcm.law | Matthew M. Madden* |
| | 2000 K Street NW, 4th Floor |
| | Washington, DC 20006 |
| /s/ Nayda Perez-Roman | Tel: (202) 775-4500 |
| Nayda Perez-Roman | Fax: (202) 775-4510 |
| USDC–PR No. 300,208 | Email: gorseck@kramerlevin.com |
| E-mail: nperez@tcm.law | mmadden@kramerlevin.com |
| | |
| *Counsel for the Ad Hoc Group of PREPA Bondholders* | **Admitted Pro Hac Vice* |
| | *Counsel for the Ad Hoc Group of PREPA Bondholders* |

7