# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**RESPONSE OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO THE COURT'S ORDER GRANTING MOTION TO SEAL FOR LIMITED DURATION AND FOR SUPPLEMENTAL BRIEFING**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**To the Honorable United States District Court Judge Laura Taylor Swain:**

The Puerto Rico Electric Power Authority ("PREPA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole representative pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this brief in support of the continued sealing of the expert report of Glenn R. George, MBA, PE, PhD, which was included as Exhibit A to the *Debtor's Opening Expert Report and Disclosures* [ECF No. 3418] (the "Expert Report and Disclosures," and Ex. A, the "George Report").

## BACKGROUND

1. On March 3, 2023, the Court entered the *Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 3305] (the "Confirmation Procedures Order"). Among other things, the Confirmation Procedures Order modified and extended the provisions of the Protective Order[3] to apply to the confirmation proceedings. Confirmation Procedures Order, ¶ 6.

2. The Protective Order provides that documents produced and uploaded to the Plan Depository[4] that the Debtor considers in good faith to contain personal, proprietary, or otherwise

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] "Protective Order" refers to the protective order approved by the Court as Exhibit 2 to the DS Scheduling Order [ECF No. 3132], as modified by paragraph 6 of the Confirmation Procedures Order.

[4] Capitalized terms not defined herein shall have the meanings ascribed to them in the Confirmation Procedures Order.

2

confidential information that would have a detrimental effect on the Debtor or third parties if it were publicly disclosed may be deemed confidential. Protective Order, ¶ 1.b.

3. The Protective Order restricts the disclosure of documents designated "Confidential" to (i) any mediator or court (or their representatives) taking part in the administration or adjudication of the Plan or Plan Support Agreements; (ii) persons who are the authors, addressees, or recipients of documents containing Confidential Information if they have previously had lawful access to those documents; (iii) professional court reporters and their staff; and (iv) any Eligible Creditor's agents or representatives, including in house and outside counsel, professional personnel (including but not limited to IT staff), testifying or consulting experts, anticipated or actual witnesses testifying in connection with the Plan or Plan Support Agreements, and translators or other outside litigation support vendors. *Id.* ¶ 4.

4. On April 28, 2023, in accordance with paragraphs 3 and 24 of the Confirmation Procedures Order, the Oversight Board submitted the Expert Report and Disclosures in support of confirmation of the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3296] (as it may be amended, modified, or supplemented, the "Plan"). The George Report was attached as Exhibit A to the Expert Report and Disclosures, and did not include any redactions.

5. The George Report contains references to confidential information provided by LUMA Energy, LLC ("LUMA") to the Oversight Board. Such information was designated as confidential and uploaded to the Plan Depository's confidential folders, consistent with the procedure set forth in the Confirmation Procedures Order. Notwithstanding the inclusion of this information, the Oversight Board inadvertently filed the George Report on the public PREPA Title

3

III docket without any redactions or filings to inform the Court or other parties that it included such confidential information.

6. On May 1, 2023, the Oversight Board filed its *Urgent Motion to Seal and for Leave to Refile Redacted Document* on May 1, 2023 (the "Motion to Seal") [ECF No. 3426]. As stated in the Motion to Seal, the Oversight Board's counsel also contacted the clerk of Court on the morning of May 1 in order to have the George Report temporarily sealed pending its filing of the Motion to Seal and any further action by the Court.

7. On May 1, 2023, the Court entered an order temporarily granting the Motion to Seal, permitting the Oversight Board to submit supplemental briefing explaining why the George Report should remain sealed. *See Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* (the "Sealing Order") [ECF No. 3428].

8. The Oversight Board submits this brief to justify the continued sealing of two limited portions of the George Report. Specifically, as explained below, paragraphs 75 and 76 reflect LUMA's confidential, commercially sensitive, internal analyses, and the disclosure of those analyses could harm government operations. The Oversight Board otherwise does not object to the public filing of the remainder of the George Report.

**ARGUMENT**

9. Although there is a general presumption of public access to court records, 11 U.S.C. § 107(b)(1) provides that information in public filings can be protected where necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1) (2010).

10. Additionally, Fed. R. Civ. P. 26(c)(1)(G) provides courts authority to enter a protective order sealing "confidential . . . commercial information." A party seeking a protective

order sealing documents must demonstrate good cause, which requires a "particularized factual showing of the harm that would be sustained" if the documents were not sealed. *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008). "Commercial information" requiring sealing has been found to include, among other things, "long term financial projections." *IBM v. Rodrigo LIMA*, 2020 WL 6048773, at *3 (S.D.N.Y. Oct. 13, 2020); *see also Krieger v. Atheros Comm's, Inc.*, 2011 WL 2550381, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015) (sealing "draft analyst's model that contains confidential and commercially sensitive information about [company's] financials, including [company's financial forecasts"). Commercial information need not rise to the level of a trade secret to qualify for protection under section 107(b), *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994), and its protections extend beyond the debtor to protect any entity with respect to commercial information. *See In re Borders Grp., Inc.*, 462 B.R. 42, 48 (S.D.N.Y. 2011); *In re Windstream Holdings Inc.*, 614 B.R. 441, 455 (S.D.N.Y. 2020).

11. Similarly, Federal Rule of Bankruptcy Procedure 9037, which requires redaction of specified personally identifying information in documents filed in cases subject to the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 9037(a), permits the court for cause to require redaction of additional confidential information, *id*. 9037(d).

12. Courts may also require sealing of documents whose exposure may hinder government operations. *See Al Otro Lado, Inc. v. Wolf*, 2020 WL 2097598, at *4 (S.D. Cal. May 1, 2020) (finding good cause to seal documents that, while not protected by the deliberative process privilege, nevertheless contained confidential and sensitive government information that could

harm the operations of the government entity if disclosed). As LUMA is the operator of PREPA's transmission and distribution system, its analysis of PREPA's future capital expenditure needs that it shared only with counsel for the Oversight Board is the type of sensitive information "developed pursuant to government . . . contracts" that justifies sealing. *Tetravue Inc. v. St. Paul Fire & Marine Ins. Co.*, 2018 WL 1172852, at *3 (S.D. Cal. Mar. 6, 2018).

13. The George Report should remain under seal because paragraphs 75 and 76 contain information that LUMA provided to the Oversight Board on a confidential basis because such information reflects (1) LUMA's sensitive commercial analyses of capital expenditures necessary for PREPA's system, which remain preliminary and are subject to further review and revision, and (2) confidential and sensitive government operation that could be harmful to PREPA and its operations if it were publicly disclosed. Specifically, the information at issue pertains to LUMA's confidential, internal, and ongoing analysis of PREPA's future capital expenditure requirements. *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011) (sealing information including, *inter alia*, corporate analysis of "capital expenditures and development costs"). Public disclosure of these preliminary analyses, which do not yet reflect LUMA's final analyses on the subject, could be commercially harmful to LUMA because it could impact the market's perception of LUMA's business. Further, public disclosure of these preliminary analyses could harm LUMA's efforts to operate and plan for the future operation of PREPA's transmission and distribution system, including its evaluation of PREPA's future capital expenditure requirements. For those reasons, LUMA has expressed to the Oversight Board that it does not consent to the public disclosure of the information reflected in the George Report.

## **RELIEF REQUESTED**

14. For the reasons set forth above, the Oversight Board respectfully requests that the Court grant this motion and permit the George Report to remain under seal.

Dated: May 4, 2023
New York, New York

Respectfully submitted,
*/s/ Margaret A. Dale*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Julia D. Alonzo
Laura Stafford
Javier F. Sosa
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board, as representative for PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorneys for the Financial Oversight and Management Board, as representative for PREPA*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer
