# Exhibit 1

## Settlement Agreement

**COMMONWEALTH OF PUERTO RICO**
**TRIAL COURT**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**<br><br>PETITIONER<br><br>Vs.<br><br>**LUIS ALBERTO MERCADO JIMÉNEZ et al.**<br><br>PARTY IN INTEREST | CASE NO. **KEF2011-0240**<br>ROOM NO. **1003**<br><br>ABOUT:<br><br>**EMINENT DOMAIN** |

[stamp] SAN JUAN JUDICIAL CENTER 2018 JUN 26 PM 1:47

**SETTLEMENT AGREEMENT**

**TO THE HONORABLE COURT:**

The above-named parties appear before the Court through their respective attorneys, who respectfully state, allege and request:

1. In the present case the parties in interest, Mr. Adrián Mercado Jiménez, his wife Teresa Vizcarrondo Toro, and the legal partnership comprised of the two, are the only parties with an interest in parcels 021-01 and 021-04, which are not yet subject to a final and enforceable judgment.

2. This Court issued a Resolution on April 25, 2017, served on April 28, 2017, page 3, paragraph1 and footnote 1, in which it acknowledges that the above parties in interest are the only parties with any cause of action pending litigation.

   *"1. The parties in interest Luis Alberto Mercado Jiménez, Adrián Mercado Jiménez and Teresa Vizcarrondo Toro contested the compensation they would obtain for the expropriated property in their answer to the Petition and, after the judgment was entered, they participated in the proceedings aimed at determining the fair compensation for the property acquired." See page 3, paragraph 1.*

   *"2...*
   *"3...*
   *Thus, having ruled, the parties in interest now have the burden of proof to show that the fair value of the subject property is greater than the amount deposited by the ACT.$_1$"*
   See page 3, fourth paragraph.

   *"$_1$The parties in interest are understood to be Adrian Mercado Jimenez and Teresa Vizcarrondo Toro, since in substitution of Luis Alberto Mercado Jimenez, his heirs, Luis Alberto Mercado Barrera, Javier Antonio Mercado Barrera, Isabel Amalia Mercado Barrera and the widow, Isabel Barrera, filed a request with consent for the withdrawal of the allocated funds." See footnote 1 on page three.*

[Initials in left margin]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

3. We request that judicial notice be taken of said Resolution. A copy is enclosed.

4. On April 25, 2017, this Court entered a partial consent judgment with regard to Luis Alberto Mercado Barrera, Javier Antonio Mercado Barrera, Isabel Amalia Mercado Barrera and the widow of Luis Alberto Mercado Jimenez, Isabel Barrera. We request that judicial notice be taken of said judgment. A copy is enclosed.

5. This Court has jurisdiction over this agreement, which is limited to the monetary interests of the parties in interest, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo Toro, and the legal partnership comprised of the two with respect to parcels 021-01 and 021-04, subject of the present lawsuit and as described in the November 2015 Amended Exhibit A, authorized on November 24, 2015, since the Bankruptcy Court has kept the stay lifted only for those purposes.

6. Enclosed is a copy of the Bankruptcy Court's order, entitled *"Order Denying Relief Sought in Notice of Compliance and Petition for Payment of Funds (Docket Entry No. 345) and Motion Informing Status of Case and Request of Order (Docket Entry No. 406),"* dated May 29, 2018.

7. In said order, the bankruptcy court rules that the stay remain lifted so that this Court may hear as to the agreement between the petitioner and Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo and the legal partnership comprised of the two, in that case being the "movants."

> *"…HTA represents here that State Court approval is required to complete the settlement and resolve the eminent domain proceeding. This Court makes no findings and expresses no opinion as to the terms and effect of the prepetition settlement agreement, pursuant to which the Settlement Amount is purportedly to be paid. Any controversy as to what is required to resolve the Lawsuit should be taken up to the State Court.*
> **The automatic stay imposed by the filing of HTA's Title III case remains lifted to permit the resolution in the State Court of any disputes as to what is required to "allow HTA to pay movant the Settlement Amount."** *This order resolves docket entry nos. 345 and 406 in Case No. 17-3567."*   Emphasis added.
>     See Page three, third line and on.

8. Accordingly, the following appear before this Court: The Highway Authority, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo Toro, and the legal partnership comprised of the latter two, to give their approval to the present agreement putting an end to all lawsuits and causes of action regarding parcels 021-01 and 021-04.

[Initials in left margin]

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

**SETTLEMENT PROVISIONS**

a) Mr. Esteban Núñez Camacho, an appraiser by profession, was hired in substitution of Mr. Néstor Algarín López, as the petitioner's expert appraiser in this case.

b) The qualifications of the appraiser are stipulated by the party in interest hereto.

c) Mr. Núñez conducted an independent appraisal of parcels 021-01 and 021- 04, as part of the property from which they are partitioned and arrived at a unit value of $17,300.00 per *cuerda*.

d) The party in interest here has analyzed the appraisal report prepared by Mr. Núñez and without any coercion or intimidation of any kind, knowingly, freely, and voluntarily accepts the report's conclusions on unit value as correct and reasonable.

e) The party in interest here, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo, and the legal partnership comprised of the two, acknowledge having only a 25% interest in parcels 021-01 and 021-04.

f) Therefore, they recognize and accept that, from parcel 021-01 they are entitled to $20,606.00, and from parcel 021-04 they are entitled to $11,035.32.

g) The total amount due to the party in interest hereto is $31,641.32.

h) Of the above sum, $5,500.00 has already been withdrawn by the party in interest from the original allocated amount at the time the case was filed, $16,448.00 has been deposited with the court, and together with this agreement, we deposited a check for $9,693.32, for a total not yet withdrawn of $26,141.32.

i) The parties hereto, knowingly, freely, and voluntarily and without coercion or intimidation of any kind, hereby acknowledge and affirm that with the total allocation of $31,641.32, all inclusive, the petitioner has complied with the payment of fair compensation for the interest of Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo and the legal partnership comprised of the two, with regard to parcels 021-01 and 021-04.

j) Likewise, in good faith, freely and voluntarily and without coercion or intimidation of any kind, the party in interest hereto knowingly acknowledges and

affirms that there are no remaining matters in dispute of any kind in this lawsuit and if there are any, they are hereby waived with prejudice.

k) The petitioner agrees that the party in interest hereto, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo and the legal partnership comprised of the two, withdraw the $16,448.00 allocated to their name on February 23, 2018, and the $9,693.32 that we also allocated to their names today by way of check number 58234, issued on June 15, 2018, by Motion to enforce compliance with order filed at the same time as this provision.

9. By virtue of the agreements described above and considering that no matters remain pending, the parties hereto request that this Court to enter judgment by provision, concluding in its entirety any matter between the parties hereto.

**WHEREFORE,** it is respectfully requested that this Honorable Court take cognizance of the foregoing and approve the agreements described above, enter a consent judgment with regard to the parties and authorize the withdrawal of funds to the parties in interest hereto, upon compliance with the requirements of Puerto Rico Rule of Civil Procedure 58.9 of 2009, as amended.

In San Juan, Puerto Rico, on this date, June 22, 2018.

[Signature]
Adrian Mercado Jimenez
On his own behalf and in representation of Teresa Vizcarrondo Toro and the legal partnership comprised of the two
**Parties in Interest**
RUA 2,286
PO Box 9023980
San Juan, P.R. 00902-3980
Phone: (787)273-0611
Fax: (787) 273-1540
amercado@mercadosotolaw.com

[Signature]
Anita Cortés Centeno
**Petitioner**
RUA Number: 11,368
Highways and Transportation Authority
PO Box 42007
San Juan, PR 00940-2007
Phone: (787) 721-8787 Ext 1228
Fax: (787) 722-1541
lcda.anitacortescenteno@gmail.com

[Signature]
Esteban Núñez Camacho
Expert Appraiser
Petitioner

[Signature]
Soledad I. Ruscalleda Reyes
Director,
Property Acquisition Unit
Highways and Transportation Authority
PO Box 42007
San Juan, PR 00940-2007
Phone: (787) 721-8787 Ext. 1301
Fax (787)726-8023
sruscalleda@dtop.pr.gov

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
**TRIAL COURT**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY**<br>PETITIONER<br>v.<br>**SUCN. BY LUIS ALBERTO MERCADO JIMÉNEZ et al.**<br>PARTY IN INTEREST | CASE NO. **KEF2011-0240**<br>ROOM NO. **1003**<br>CIVIL ACTION OF:<br>**EMINENT DOMAIN** |

**RESOLUTION**

Having considered: 1) the *Motion to Vacate Judgment* filed by Adrián Mercado Jiménez on his own behalf on August 26, 2016; 2) the *Motion to Enforce Compliance with Order* filed on November 30, 2016, by the petitioner, Puerto Rico Highways and Transportation Authority (HTA), and; having held oral argument on these on December 7, 2016, we rule as follows:

The January 16, 2015, *Partial Consent judgment* s hereby vacated. The aforementioned ruling sought to grant the relief requested by the parties in interest, Luis Alberto Mercado Jiménez, Adrián Mercado Jiménez and Teresa Vizcarrondo Toro in the motions entitled *Request for Withdrawal of Funds,* filed on December 10, 2014, in which the parties described their interest in the expropriated property, requested disbursement of the amount deposited by the petitioner as an estimate of the Fair Value and alleged in paragraph seven (7): "[t]hat these parties accept the deposited amount." Likewise, no objection to or defense of the forced acquisition of the property was presented in the pleadings, therefore, the opportunity to

Identifying number:
RES2017 _____

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240 2

<u>present evidence as to the amount of compensation to be paid as fair value was deemed waived</u>. However, upon examining the affidavits annexed to the motions, where the parties attested before a notary to the truthfulness of the contents of the request for withdrawal of the money deposited, we notice that in paragraph number four (4) they added: "[t]hat we <u>accept the fair compensation that may be determined by this Honorable Court,</u> **but we reserve the right to claim any increase in value that may arise in our favor in the estate".** (Emphasis added.)

Said statement, besides being clearly contradictory, was contained in the affidavit requiring the parties by law to certify that the expropriation file has been reviewed and that it adequately reflects all the persons who, according to their knowledge, have a right over the property. Certainly, the text of the affidavit, a legal condition proper to the disbursement of the deposited money, should not include additional allegations by the declarant and, much less, any that are antagonistic to those formulated in the request for relief included in the accompanying motion.

However, as the matter concerns governmental intervention with the fundamental right to the enjoyment of private property (Art. II, Sec. 7, Const. of the Commonwealth, 1 L.P.R.A.), "which is not to be destroyed with levity" (<u>Mun. de Guaynabo v. Acquisition M$^2$</u>, 180 D.P.R. 206, 229 (2010)), as anticipated, the January 16, 2015 *Partial Consent judgment* is hereby vacated. To adopt a position contrary to this would be to undermine the constitutional protection that "[n]o private property shall be taken or impaired for public use except upon payment of fair compensation and in the manner provided by law." Art. II, Sec. 9, Const. of the Commonwealth, 1 L.P.R.A. In so acting, we also find that:

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

Case:17-03283-LTS Doc#:24153-1 Filed:05/05/23 Entered:05/05/23 17:40:04 Desc: Exhibit 1 Page 8 of 18

KEF2011-0240  3

1. The parties in interest Luis Alberto Mercado Jiménez, Adrián Mercado Jiménez and Teresa Vizcarrondo Toro contested the compensation they would obtain for the expropriated property in their answer to the *Petition* and, after the judgment was entered, they participated in the proceedings to determine the fair compensation for the property that was acquired.

2. The Clerk of the Court did not serve a copy of the January 16, 2015, *Partial Consent judgment* on Mr. Ricardo Pascual, the attorney who filed the *Request for Withdrawal of Funds* on behalf of Adrián Mercado Jiménez and Teresa Vizcarrondo Toro; Mr. Mercado Jiménez was instead served directly.

3. Said judgment was not entered as to Teresa Vizcarrondo Toro, owner of the expropriated right in legal partnership regime together with Adrián Mercado Jiménez.

Thus having found, the burden of proof now rests with the parties in interest to demonstrate that the fair value of the subject is greater than the amount deposited by the HTA.[1]

On the other hand, having examined the Court file, it is ordered:

1. Within a **final term of fifteen (15) days**, Anita Cortés Centeno, Esq., counsel for the petitioner, must file with the Court:

a. The *Registry Certification* for property number 47,536.

Regarding this property, the petitioner has only included a title search with the motion

---

[5] The parties in interest are Adrián Mercado Jiménez and Teresa Vizcarrondo Toro, since in substitution of Luis Alberto Mercado Jiménez, his heirs: Luis Alberto Mercado Barrera, Javier Antonio Mercado Barrera, Isabel Amalia Mercado Barrera and Isabel Barrera widow of Mercado, they requested the withdrawal of the allocated funds .

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

filed on February 1, 2012.

The relevant portion of Rule 58.3 of Civil Procedure of 2009, 32 L.P.R.A. Ap. V, provides that one of the documents to be included in the expropriation file is:

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240                                                                                                 4

> A certification issued by the Land Registry within six (6) months prior to the filing of the lawsuit. However, in cases where the certification was issued within the six (6) month period provided above, but on a date that exceeds three (3) months prior to the filing of the lawsuit, a recent title search must accompany the certification issued by the Land Registry.

Therefore, nowhere in the Rule is the requirement to file a registry certification replaced with the filing of a title search instead. Even when the Rule mandates that a title study be attached to the certification issued on a date exceeding three (3) months prior to the filing of the case, <u>both the title study and the registry certification must be attached to the expropriation file</u>.

b. The acquisition *survey plan (Exhibit B* to the *Petition)*.

The July 12, 2013 motion stated that a copy was enclosed, but same was not filed with the Court.

c. An *appraisal report* entered by an appraiser for each of the nine (9) parcels of land to be expropriated, as described in *Exhibit A of* the *Petition*.

Likewise, the July 12, 2013 motion stated that a copy of these had been submitted, but same were not filed with the Court.

d. Proof of service of process *on* Sylvia Teresa Méndez Álvarez,

*Exhibit A* to the *Petition* stated that she is the mother and sole heir of the deceased Carlos Mercado Méndez.

2. On reconsideration of the sworn motions requesting withdrawal of funds with consent, filed by 1) LUÍS ALBERTO MERCADO BARRERA[2] , 2) JAVIER ANTONIO MERCADO BARRERA[3] , 3) ISABEL AMALIA MERCADO BARRERA[4] , and; 4)

---

[2] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 18, 2016.
[3] The motion titled *Withdrawal of Funds with Consent was* filed under oath on March 14, 2016.
[4] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 15, 2016.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240

5

ISABEL BARRERA widow of MERCADO[5], all members of the estate of Luis Alberto Mercado Jiménez[6], we make the following findings:

> The disbursement of money deposited in an *in rem* eminent domain case (32 L.P.R.A. App. V R. 58.9) is not the judicial avenue available to the descendants of a registered owner of the subject property to request the partition of the estate or the division of the estate. Therefore, any sum of money deposited for their benefit will remain allocated until the co-heirs exercise the ordinary action to obtain the partition (32 L.P.R.A. § 2 or 21 *et seq.*) *or* appear proving their consent to the disbursement of the inheritance in the manner they deem fit (31 L.P.R.A. § 2877). In order to do so, **through their legal counsel (attorneys Juan Ramirez and Jose Ramirez),** the parties must submit the following documents[7]:
>
> a. *Lien Payoff Certification* issued by the Treasury Department, evidencing the release of the preferential lien established by law on the estate of the deceased Luis Alberto Mercado Jimenez. 13 L.P.R.A. § 894, 901, 31101 to 31165.
>
> b. Certification of child support debt issued by the Administration for Child Support (ASUME) of the deceased party in interest Luis Alberto Mercado Jimenez. 8 LPRA § 528a-1.
>
> c. Calculation of the commutation of the usufructuary quota of ISABEL BARRERA widow of MERCADO.
>
> d. Calculation of the participation share of each component of the estate of Luis Alberto Mercado Jiménez regarding the fair

---

[5] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 15, *2016*.
[6] The *Resolution* on *Declaration of Heirs* of Luis Alberto Mercado Jimenez was joined to the Court's file by motion filed on September 30, 2015.
[7] The certification of land tax debt issued by CRIM for the expropriated property was joined to the Court's file by motion filed on September 30, 2015.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240	6

compensation and the consent of all these to the disbursement of the inheritance in the agreed manner.

2. Furthermore, having reviewed the *Answer to the Petition* filed on December 2, 2015 by Randolph Raldiris Dominiccí, Esq., we rule as follows:

    a. Counsel has a **term of thirty (30) days** to file the resolution declaring heirs or the wills of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes, <u>thus providing proof of the transfer of the right of these parties to their represented parties: 1) Dominic Henry Valleío Chardón; 2) Desiree Felixa Valíeio Chardón, and; 3) Yanihra del Carmen Valleio Chardón.</u>

    b. The following should also be filed with the Court:

- *Lien Payoff Certification* issued by the Department of Treasury, proving the release of the preferential lien established by law on the estate of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes. 13 L.P.R.A. § 894, 901, 31161 to 31165.

- Certification of child support debt issued by the Administration for the Support of Minors (ASUME) for the deceased parties in interest: 1) Domingo A. Vallejo Ruiz, and 2) Carmen Rosa Chardon Reyes. 8 LPRA § 528a-1.

- Land tax debt certification issued by the CRIM for property 47,536; property affected by the expropriation of *Parcel 29-01*.

- Calculation of shares in the fair compensation of each component of the estates of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes; as well as the consent of all of them to the disbursement of the inheritance in the manner agreed upon.

- The deed of sale of the interest of Daisy Vallejo Hernández in the estate of Domingo A. Vallejo Ruiz.

Counsel is warned that the Court will not order the withdrawal of the funds deposited to the names of the individuals he represents until they comply with the provisions of Act No. 90 of

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　7

May 17, 2012, which amended Rule 58.9 of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V, requiring that any request for withdrawal or disbursement of money appropriated in a compulsory expropriation case be under oath. Said rule reads:

> Any request for withdrawal or disbursement of the deposited money must be under oath. **The party must certify within the request as to having reviewed the expropriation docket and that the same adequately reflects all persons known to said party to have a right in the property, including owners, occupants, lessees, usufructuaries, and mortgagees.** In the event the party has knowledge of any transaction or right over the property that does not arise from the expropriation file, that party must notify the court accordingly. (Emphasis added).

In order for the parties to comply with the ruling, the May 10, 2017 hearing is hereby adjourned. Nonetheless, counsel is warned that failure to comply with the order within the term granted will lead to sanctions being imposed on the attorneys. **The case was filed in 2011 and the laxity in complying with the procedural rules is detrimental to the fair, expeditious and cost-effective resolution of the lawsuit.**

Lastly, the parties are to proceed to exchange the reports of their respective appraisers, meet with each other and report to the Court on the outcome of said meeting within sixty (60) days. The pre-trial conference to determine the **fair value of the expropriated subject** and the **damages caused by the expropriation,** if any, shall be held on October 4, 2017, at 9:00am, in Room 1003 of the San Juan Judicial Center. Same must be attended by the parties with their respective attorneys and expert witnesses. The following matters will be discussed at the conference:

1. The possibility of a settlement of the case, <u>with the assistance of the parties, their attorneys, and experts</u>.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240

8

2. The adjudication of all pending disputes arising out of the preliminary report between counsel, including the admissibility of evidence.

3. Documentary evidence duly identified by counsel will be marked in the preliminary inter-counsel report.

4. The matter will be set down for trial.

Counsel for the parties shall meet with each other at least fifteen (15) days prior to the pretrial conference date to prepare the inter-counsel pretrial briefing. 32 L.P.R.A. App. V R. 37.4. The report, <u>which must contain abundant and specific stipulations of facts, documents and matters while avoiding to present unnecessary evidence</u>, shall be submitted to the Clerk of the Court ten (10) days prior to the scheduled date. **Attorneys are advised that these terms are to be strictly complied with, subject to sanctions pursuant to Rule 37.7 of Civil Procedure, 32 L.P.R.A. Ap. V.**

TO BE SERVED.

ENTERED IN SAN JUAN, PUERTO RICO, ON THIS [handwritten:] **25th** DAY OF APRIL 2017.

[initial]
**LETICIA D. ORTIZ FELICIANO**
**JUDGE OF THE SUPERIOR COURT**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
**TRIAL COURT**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY** <br> PETITIONER <br> v. <br> **ESTATE OF LUIS ALBERTO MERCADO JIMÉNEZ et al.** <br> PARTY IN INTEREST | CASE NO. **KEF2011-0240** <br> COURTROOM **1003** <br><br> CIVIL ACTION IN RE.: <br> **EMINENT DOMAIN** <br><br> [Seal:] COMMONWEALTH OF PUERTO RICO <br> TRIAL COURT <br> SUPERIOR COURT OF SAN JUAN <br> GENERAL COURT OF JUSTICE <br> K047 [initials] |

## PARTIAL JUDGMENT

Having considered the motions for withdrawal of funds with consent filed by: LUIS ALBERTO MERCADO BARRERA[1], JAVIER ANTONIO MERCADO BARRERA[2], ISABEL AMALIA MERCADO BARRERA[3], ISABEL BARRERA VIUDA DE MERCADO[4], the Court hereby enters a partial judgment as to these parties, ruling as follows:

1. It is hereby declared and decreed that the full dominion over *Parcel Number 021-01* and *Parcel Number 021-04* both partitioned from Property 14953, as described in the *November 2015 Amended Exhibit A* to the *Petition* on record, is hereby vested in favor of the **PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY.**

2. It is hereby decreed that fair compensation be paid for the expropriated properties in the amount of **TWENTY-TWO THOUSAND**

---

[1] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 18, 2016.
[2] The motion titled *Withdrawal of Funds with Consent was* filed under oath on March 14, 2016.
[3] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 15, 2016.
[4] The motion titled *Withdrawal of Funds with Consent was* filed under oath on March 15, 2016.

**IDENTIFICATION NUMBER: SEN2017** [Handwritten:] **26046**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF20110240                                                                                    2

**DOLLARS** ($22,000), amount deposited with the Court prior to this date.

Pursuant to Rule 42.3 of Civil Procedure of 2009, 32 L.P.R.A. App. V, it is expressly ordered that this partial judgment be filed and served, since there is no reason to postpone the ruling until the full resolution of the lawsuit.

This partial judgment is entered without costs.

TO BE FILED AND SERVED.

ENTERED IN SAN JUAN, PUERTO RICO, ON APRIL [handwritten:] **25,** 2017.

[initial]
**LETICIA D. ORTIZ FELICIANO**
**JUDGE OF THE SUPERIOR COURT**

[Illegible stamps and initials]



*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

# TRANSLATOR'S CERTIFICATE OF TRANSLATION

Translation from: Spanish (Puerto Rico) into English (US)
TARGEM Translations Inc.

I, Andreea I. Boscor, ATA-certified Spanish-English #525556, acting as translator at TARGEM Translations Inc., a NEW YORK City corporation, with its principal office at 185 Clymer Street, Brooklyn, NY, 11211, USA, certify that:

the English translated document is a true and accurate translation of the original Spanish and has been translated to the best of my knowledge.

Original Document Name: **Estipulación KEF 2011-0240**

Signed this 25th October 2022



_____
Andreea I. Boscor

