**Exhibit 2**

**Judgment of Puerto Rico Court of Appeals**

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO<br>Peticionaria<br><br>v.<br><br>SUCN. DE LUIS ALBERTO MERCADO JIMÉNEZ y OTROS<br>Parte con Interés<br><br>ADRIÁN MERCADO JIMÉNEZ, TERESA VIZCARRONDO TORO y LA SOCIEDAD LEGAL DE GANANCIALES ENTRE ELLOS COMPUESTA<br>Recurridos | KLCE201900284<br><br>cons. con<br><br>KLAN201900334 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Caso Núm.:<br>K EF2011-0240<br><br>Sobre:<br>Expropiación Forzosa |
|---|---|---|

Panel integrado por su presidenta, la Juez Gómez Córdova, la Juez Rivera Marchand y el Juez Adames Soto

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de mayo de 2019.

En respuesta a la *Moción solicitando consolidación bajo regla 80.1 del reglamento del tribunal de apelaciones*, se consolidan los recursos de epígrafe presentados por la Autoridad de Carreteras y Transportación de Puerto Rico (ACT o apelado) y por el Sr. Adrián Mercado Jiménez, la Sra. Teresa Vizcarrondo Toro y la Sociedad Legal de Bienes Gananciales compuesta por ambos (apelantes), respectivamente, por cuestionar las determinaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 23 de enero de 2019, notificadas el 30 del mismo mes y año.[1]




---

[1] A pesar de la consolidación, se hace menester señalar que el recurso de *certiorari*, KLCE201900284, presentado ante este foro apelativo el 1 de marzo de 2019 es uno prematuro debido a que para esa fecha estaba pendiente de adjudicación una moción de reconsideración presentada ante el foro primario. Aunque dicha reconsideración fue resuelta el 5 de marzo de 2019, este foro apelativo está impedido de considerar el recurso

NÚMERO IDENTIFICADOR

SEN2019_____



## I. Resumen del tracto procesal

El 25 de agosto de 2011, ACT instó un procedimiento de expropiación forzosa en contra de varias partes con interés, entre estos, los apelantes, para adquirir varias parcelas.[2] En lo que concierne a los apelantes, estos son dueños del 25% de las parcelas 021-01 y 021-04, dos de las parcelas objeto de expropiación.[3]

Luego de varios incidentes procesales, sobre el monto correspondiente de la justa compensación, el 13 de julio de 2017, ACT presentó un *Aviso de paralización de los procedimientos por virtud de la presentación de la petición de quiebra presentada por el Gobierno de Puerto Rico bajo el Título III de la Ley PROMESA*, quedándose el caso paralizado en virtud de la ley federal *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 USC sec. 2101 et seq. (Ley PROMESA).

El 8 de agosto de 2017, el TPI emitió una *Sentencia administrativa* mediante la cual ordenó la paralización de los procedimientos hasta tanto cualquiera de las partes certificara que se había levantado la paralización, ya sea por la conclusión del procedimiento de quiebras o mediante una solicitud a esos efectos de acuerdo con la Sección 362 (b) del Código Federal de Quiebras.

Posteriormente, ACT y los apelantes llegaron a un acuerdo transaccional por una suma de $16,448.00 como justo valor de la propiedad expropiada. Luego de informar dicho acuerdo transaccional al tribunal federal, el 29 de mayo de 2018, la Jueza a cargo expresó que no iba a hacer ninguna determinación con respecto al mismo[4], sin embargo,

---

de *certiorari* de conformidad con lo resuelto por nuestro Tribunal Supremo en *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015).
[2] *Recurso de apelación*, Apéndice I, Petición, págs. 1-11.
[3] No existe controversia sobre que los apelantes son dueños del 25% de participación de dichas parcelas, lo que surge de la misma *Estipulación transaccional. Recurso de apelación*, Apéndice III, Estipulación transaccional, pág. 19. También, se encuentra desglosado en el Exhibit A enmendado de noviembre de 2015. *Recurso de certiorari*, Apéndice, Exhibit A enmendado, pág. 20.
[4] "**This Court makes no findings and expresses no opinion as to the terms and effect of the prepetition settlement agreement, pursuant to which the Settlement Amount is purportedly to be paid. Any controversy as to what is required to resolve the**

indicó que se levantaba la paralización de manera parcial con respecto a los apelantes para que se resolviera cualquier controversia concerniente al pago.[5]

Después, el 26 de junio de 2018, las partes sometieron al TPI una *Estipulación transaccional*, en la cual acordaron la suma de $26,141.32[6] como justo valor del 25% de las parcelas 021-01 y 021-04 expropiadas en el 2011.[7]

Por lo anterior, los apelantes solicitaron al foro primario el retiro de $26,141.32 consignados en el tribunal por concepto de la justa compensación. En contestación a la *Solicitud de retiro de fondos*, y luego de varios incidentes procesales, el 27 de junio de 2018, el TPI emitió una *Orden* indicando que, con respecto a la *Estipulación transaccional* presentada por las partes, el caso continuaba paralizado.[8]

Tras haber instado una *Solicitud de Reconsideración*, la cual fue declarada No Ha Lugar, los apelantes comparecieron ante un panel hermano del Tribunal de Apelaciones mediante recurso de *certiorari*, KLCE201801384, imputándole al foro primario que erró al denegar el

---

**Lawsuit should be taken up with the State Court"**. (Énfasis suplido.) *Recurso de Certiorari*, Apéndice, *Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406)*, pág. 51.
[5] *The automatic stay imposed by the filing of HTA's Title III* **case remains lifted to permit the resolution in the State Court, of any disputes as to what is required to allow HTA to pay Movant the Settlement Amount**. (Énfasis suplido.) *Recurso de Certiorari*, Apéndice, *Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406)*, pág. 51.
[6] Luego de que la ACT contratara al Sr. Esteban Núñez como tasador, quien llevó a cabo una revaloración del valor de las parcelas 021-01 y 021-04, las partes estipularon una justa compensación ascendente a $26,141.32. Dicho cambio sobre el contenido de la estipulación no le fue notificado al Tribunal Federal de Quiebras por ser este asunto de jurisdicción del foro primario. *Recurso de Certiorari*, Moción en cumplimiento de orden sometiendo documentos, Anejo D, Solicitud de reconsideración de sentencia parcial. *Recurso de apelación*, Apéndice III, Estipulación transaccional, págs. 19-20.
[7] En la *Estipulación transaccional* detallaron que a la parcela 021-01 le corresponden $20,606.00 y a la parcela 021-04 la suma de $11,035.32 para un total de $31,641.32 como justa compensación correspondiente a los apelantes. Asimismo, indicaron que los apelantes ya retiraron la suma de $5,500 quedándose consignados $16,448.00 en el tribunal más $9,693.32 que ACT acordó consignar para sumar un total de $26,141.32 no retirado aun por los apelantes. *Recurso de apelación*, Apéndice III, Estipulación transaccional, págs. 19-20.
Véase: *Recurso de certiorari*, Apéndice, Pago, pág. 58.
Véase: *Recurso de certiorari*, Apéndice, pág. 110.
[8] *Recurso de certiorari*, Apéndice, Orden, pág. 99.



retiro de fondos, a pesar de haberse presentado la orden del tribunal federal sobre el levantamiento parcial de la paralización y la *Estipulación transaccional* entre las partes. ACT compareció en apoyo a lo solicitado. El 13 de noviembre de 2018, el panel hermano expidió el recurso solicitado, revocó la orden recurrida, y devolvió el caso al foro primario para que dictara sentencia parcial a base del acuerdo transaccional y ordenara el retiro de fondos. Expresó lo siguiente:

> [R]esulta claro que, si bien el caso de epígrafe se paralizó bajo PROMESA, en virtud de la estipulación transaccional entre la Autoridad de Carreteras y los peticionarios, la Hon. Juez Taylor Swain -a cargo de los procesos- levantó la paralización. Si bien dicha Orden no abarcó la totalidad del pleito, tiene el alcance de permitir que se dicte Sentencia Final respecto a los peticionarios, pues lo único pendiente respecto a ellos es determinar la suma a recibir por concepto de justa compensación, cantidad que ya las partes acordaron como parte de la estipulación aludida, la cual fue aceptada por el tribunal federal.
>
> ...
>
> Por los fundamentos antes expuestos, EXPEDIMOS el auto solicitado, y REVOCAMOS la Resolución recurrida. Regresamos el caso al foro primario para que dicte Sentencia Parcial a base del acuerdo transaccional entre los peticionarios y la AC, y ordene el retiro de los fondos, según lo dispuesto en la estipulación aludida, en virtud de la cual se levantó la paralización del caso respecto a los peticionarios.

Por consiguiente, el 9 enero de 2019, el mandato fue remitido al TPI.[9] Devuelto el caso al TPI, el 22 de enero de 2019, los apelantes presentaron una *Moción enmendada solicitando se ordene la expedición de cheque* por la suma $26,141.32 a su favor de acuerdo con la *Estipulación transaccional* y según avalado por el foro apelativo.[10]

En respuesta, el 23 de enero de 2019, notificadas el 30 del mismo mes y año, el TPI emitió una *Sentencia administrativa parcial,* una *Sentencia parcial* y una *Resolución* decretando la suma de $126,567.00 como justa compensación a pagarse por la propiedad expropiada de las parcelas 021-01 y 021-04 de acuerdo con el informe de valoración rendido

---

[9] *Recurso de apelación,* Apéndice IV, Mandato, pág. 21.
[10] *Recurso de apelación,* Apéndice V, Moción enmendada solicitando se ordene la expedición de cheque, págs. 22-23.





por el tasador de ACT[11] y ordenó la emisión de un cheque a favor de los apelantes por la suma de $10,948.00[12] en pago total de su interés en las parcelas 021-01 y 021-04, entre otras determinaciones.[13]

    Inconformes, el 14 de febrero de 2019, los apelantes instaron tanto una *Moción de reconsideración de resolución* como una *Moción de reconsideración de sentencia parcial*.[14] En esa misma fecha, ACT también presentó una *Solicitud de reconsideración de sentencia parcial, de sentencia parcial administrativa de resolución*.[15]

    El 20 de febrero de 2019, el TPI notificó una *Orden* con respecto a la *Moción enmendada solicitando se ordene la expedición de cheque* indicando que se dispuso de la misma mediante la *Resolución* del 23 de enero de 2019.[16]

    El 25 de febrero de 2019, notificada el 28 del mismo mes y año, el TPI declaró No Ha Lugar la *Moción de reconsideración de resolución*. Igualmente, el 28 de febrero de 2019, notificada 5 de marzo de 2019, declaró No Ha Lugar la *Moción de reconsideración de sentencia parcial*. También en esta última fecha, el TPI dictó No Ha Lugar la *Solicitud de reconsideración de sentencia parcial, de sentencia parcial administrativa de resolución*.

    El 1 de marzo de 2019, la apelada compareció mediante el recurso de *certiorari*, KLCE201900284, ante este Tribunal de Apelaciones.



---

[11] *Recurso de certiorari,* Informe de valoración de Esteban Núñez, págs. 133-141.
[12] El TPI en la nota al calce núm.2 en su *Resolución* indicó que la suma por concepto de justa compensación acordada en la Corte Federal era de $16,448.00 y considerando que el 23 de febrero de 2015 se expidió un cheque por la suma de $5,500.00 a favor de los apelantes, solo restaba el desembolso de $ 10,948.00 a favor de estos para completar el pago dispuesto en la orden del Tribunal Federal de Quiebras. *Recurso de apelación,* Apéndice VIII, Resolución, págs. 55-56.
[13] *Recurso de apelación,* Apéndice VI, Sentencia administrativa parcial, págs. 48-50.
*Recurso de apelación,* Apéndice VII, Sentencia parcial, págs. 51-53.
*Recurso de apelación,* Apéndice VIII, Resolución, págs. 54-58.
[14] *Recurso de apelación,* Apéndice XI, Moción de reconsideración de resolución, págs. 61-64.
*Recurso de apelación,* Apéndice XII, Moción de reconsideración de sentencia parcial, págs. 69-72.
[15] *Recurso de Certiorari,* Moción en cumplimiento de orden sometiendo documentos, Anejo D, Solicitud de reconsideración de sentencia parcial.
[16] *Recurso de apelación,* Apéndice IX, Orden y notificación, pág. 59.



Por su parte, el 27 de marzo de 2019, los apelantes presentaron una *Apelación o certiorari* ante este Tribunal de Apelaciones señalando la comisión de los siguientes señalamientos de error por el foro primario:

A. Incidió y erró el Honorable Tribunal de Primera Instancia el emitir una resolución y una sentencia parcial incompatibles con el mandato del Tribunal de Apelaciones en el caso KLCE201801384 contraria a la esencia del respeto y estabilidad del derecho bajo la regla del mandato (mandate rule).

B. Incidió y erró el Honorable Tribunal de Primera Instancia al ordenar el pago a las partes aquí comparecientes de una suma distinta a la determinada por el Honorable Tribunal de Apelaciones en el caso KLCE201801384.

C. Incidió y erró el Honorable Tribunal de Primera Instancia en hacer caso omiso a lo determinado por el Honorable Tribunal de Apelaciones e ignorar totalmente la estipulación transaccional entre las partes en el caso K EF2011-0240 avalada por el Honorable Tribunal de Apelaciones en el caso KLCE201801384.

Superados unos incidentes procesales, el 1 de abril de 2019, la apelada sometió su *Contestación a certiorari o apelación*.

El 2 de mayo de 2019, los apelantes presentaron una *Moción solicitando consolidación bajo regla 80.1 del reglamento del tribunal de apelaciones*, por lo que consolidamos los recursos KLCE201900284[17] y KLAN201900334.

## II. Exposición de Derecho

### A. Mandato y doctrina de "Ley del caso"

La Regla 84 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone acerca del mandato que "[t]ranscurridos diez (10) días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario(a) enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado".





---

[17] Como indicamos anteriormente, de conformidad con lo resuelto en *Mun. Rincón v. Velázquez Muñíz*, 192 DPR 989, 1000 (2015), este Tribunal de Apelaciones carece de jurisdicción para atender en sus méritos el recurso de *certiorari* presentado por los apelados el 1 de marzo de 2019 por ser este prematuro.

El mandato es "una orden de un tribunal superior a uno de inferior jerarquía, notificándole haber revisado el caso en apelación y enviándole los términos de su sentencia". *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 300-301 (2012) citando a I. Rivera García, *Diccionario de Términos Jurídicos*, New Hampshire, Ed. Equity Publishing Corporation, 1976, pág. 158. En este sentido, "es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado". *Id.* pág. 301. El objetivo del mandato es "lograr que el tribunal inferior actúe en forma consistente con los pronunciamientos del tribunal apelativo". *Id.; El Pueblo de Puerto Rico v Serrano Chang*, Opinión del 21 de diciembre de 2018, 2018 TSPR 205, 201 DPR ___ (2018).

Sobre el mandato y la jurisdicción del foro primario nuestro más alto foro ha indicado:

> [U]na vez se remite el mandato por el Secretario del Tribunal, el caso que estaba ante la consideración de dicho foro finaliza para todos los efectos. Así pues, el tribunal inferior adquiere la facultad de continuar con los procedimientos, según lo que haya dictaminado el tribunal apelativo...Una vez el mandato es remitido al tribunal inferior, este readquiere jurisdicción sobre el caso, a los únicos fines de ejecutar la sentencia, tal como fue emitida en apelación, y el tribunal apelativo pierde la suya.
>
> *Id. Colón y otros v. Frito Lay*, 186 DPR 135, 153-154 (2012).

También, ha expresado que "el mandato guarda una función dual que impacta la jurisdicción del tribunal de menor jerarquía. Primeramente, le reviste nuevamente con autoridad sobre el caso, a la vez que le permite disponer de éste conforme las directrices impartidas por la resolución o sentencia concernida". *Id.* pág. 155.

Una vez "recibido el mandato, lo resuelto por el tribunal apelativo constituye la ley del caso y el tribunal inferior debe limitarse a cumplir con lo ordenado". *Rosso Descartes v. BGF*, 187 DPR 184, 192 (2012). Es decir, "[e]l foro primario debe circunscribirse a lo dispuesto por el foro apelativo, lo cual constituye la ley del caso entre las partes". *Id.* De acuerdo con la



doctrina de la ley del caso "las determinaciones y asuntos decididos y considerados por un tribunal, en particular por un foro apelativo, obligan tanto a un tribunal inferior como al que las dictó e impiden que puedan ser reexaminados [, por lo cual,] [e]stos asuntos y dictámenes gozan de finalidad y firmeza". *Id.* Su propósito consiste en "velar por el trámite ordenado y pronto de los litigios, al igual que promover la estabilidad y certeza del derecho". *Id.*

A pesar de lo anterior, nuestro Tribunal Supremo ha explicado en detalle con respecto al cumplimiento del mandato emitido por el foro apelativo lo siguiente:

> **[S]i bien es cierto que los tribunales de menor jerarquía le deben obediencia y fiel cumplimiento al mandato judicial de un tribunal de mayor rango, estos mantienen discreción para reconsiderar asuntos que no fueron expresamente o implícitamente decididos por el tribunal que emitió la orden de mandato...Lo anterior no debe interpretarse como un cheque en blanco para que los tribunales inferiores actúen fuera de la orden dictada. Por ello, se debe entender que son solo aquellos asuntos que son ajenos al mandato judicial los que este foro inferior podrá revisar.** A saber, aquellos asuntos que no surgen de manera explícita o implícita. En cuanto a las explícitas, se entenderá que son aquellas que surgen de la sentencia claramente y sin espacio a ambivalencias. Sin embargo, las implícitas son las que establece el caso de *Pan American v. Tribunal Superior,* [97 DPR 435 (1969)], es decir, aquellas cuestiones que si bien no se litigaron pudieron haberlo sido y no lo fueron; o aquellas que bien se desprenden del mandato mismo, así como aquellas que se deben realizar para que resulte efecto el mandato.
>
> *Mejías et al. v. Carrasquillo et al., supra,* págs. 302-303. (Énfasis suplido.)

### III. Aplicación del Derecho a los hechos

En lo que concierne al recurso de *certiorari*, KLCE201900284, la apelada acudió el 1 de marzo de 2019 ante este foro apelativo solicitando la revocación de las determinaciones emitidas por el foro primario el 23 de enero de 2019, notificadas el 30 del mismo mes y año. No obstante, luego de notificado el dictamen, la apelada, al igual que los apelantes, presentaron sus mociones de reconsideración ante el foro primario, el 14 de febrero de 2019. Al instarse las peticiones de reconsideración quince





(15) días después de notificada la sentencia y cumpliendo con el requisito de especificidad, su presentación se reputa como oportuna, pues ocurrió dentro del término dispuesto por la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

Habiéndose presentado el recurso de *certiorari* el 1 de marzo de 2019, **la apelada acudió en alzada ante nosotros en un momento previo a que el TPI hubiese dispuesto finalmente de las mociones de reconsideración presentadas, que para esa fecha aún quedaban pendiente por resolverse**. La oportuna presentación de una moción de reconsideración, (como las presentadas en el presente caso), cumplidos los requisitos de especificidad, tuvo el efecto inmediato de paralizar los términos que las partes tenían para acudir ante este foro intermedio, hasta que el foro primario dispusiera finalmente de la misma. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015). Los términos para recurrir ante nosotros comenzaban a correr nuevamente desde la fecha en que el TPI resolvió la moción de reconsideración, y archivó en autos copia de su determinación, en este caso, el 5 de marzo de 2019. *Id.* Es decir, contrario a lo que ocurría bajo la Regla 47 de Procedimiento Civil de 1979, en la que el término para recurrir en alzada se entendía interrumpido únicamente si el tribunal consideraba la moción, **ahora la mera presentación oportuna paraliza automáticamente el término concedido en ley para acudir ante un tribunal de mayor jerarquía y comenzará a transcurrir una vez resuelva definitivamente la solicitud de reconsideración**. *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014). La consecuencia de la apelada haber presentado su recurso apelativo previo a la resolución de las peticiones de reconsideración que estaban pendiente de adjudicación ante el TPI, es la desestimación, por actuación prematura. *Mun. Rincón v. Velázquez Muñiz*, 192 DPR 989, 1000 (2015).





En el recurso de *apelación*, KLAN201900334, los apelantes señalaron que el TPI incidió al emitir una *Resolución* y *Sentencia parcial* incompatibles con el mandato del foro apelativo en el caso KLCE201801384 resuelto el 13 de noviembre de 2018. En particular, detallaron que el TPI incidió al ordenar el pago de $10,948.00 en pago total de la justa compensación por las parcelas 021-01 y 021-04, lo que es una suma distinta a la determinada por las partes en la *Estipulación transaccional* ascendente a $26,141.32 y avalada por el foro apelativo en el aludido caso. Por estar estrechamente relacionados, los errores señalados se discutirán en conjunto.

Examinada la *Sentencia* del 13 de noviembre de 2018 emitida por el foro revisor hermano, este determinó que la paralización del caso en cuestión ante el tribunal federal se levantó parcialmente con respecto a los apelantes, lo que permitía poner en vigor la *Estipulación transaccional* de las partes. También, expresó con claridad que "lo único pendiente respecto a los [apelantes] e[ra] determinar la suma a recibir por concepto de justa compensación, cantidades que ya las partes acordaron como parte de la estipulación aludida, la cual fue aceptada por el tribunal federal".[18] Por lo anterior, el foro apelativo devolvió el caso al foro primario para que dictara sentencia parcial a base de dicho acuerdo transaccional entre las partes, y que ordenara el retiro de fondos en virtud de la cual se levantó la paralización.

Una vez remitido el mandato, el foro primario con jurisdicción decretó que la suma a pagarse por concepto de justa compensación de las parcelas 021-01 y 021-04 a favor de los apelantes era de $10,948.00. Como vemos, dicha actuación por el TPI contraviene la determinación del foro apelativo que claramente ordenó que la suma a determinarse era la




---

[18] *Recurso de apelación*, Apéndice XII, Sentencia del 13 de noviembre de 2018, págs. 76-77.

que se desprendía de la *Estipulación transaccional*. Surge de la sentencia, y corroborado en la *Estipulación transaccional* entre las partes, que era de conocimiento del TPI que la suma, a la cual el foro apelativo se refería, era la de $26,141.32.[19]

El TPI partió de la suma de $16,448.00 de la estipulación inicial presentada en el tribunal federal, en virtud de la cual se había levantado parcialmente la paralización a favor de los apelantes y de esa suma restó $5,500.00, suma del cheque expedido a favor de los apelantes el 23 de febrero de 2015 para llegar a determinar la suma de $10,948.00. Su actuación contraviene e ignora la *Estipulación transaccional* que se había presentado posteriormente al TPI y sin haberse informado al tribunal federal por ser el asunto de la jurisdicción del foro estatal.[20] Del mismo modo, descontó erróneamente la suma de $5,500.00, que ya había sido cobrada anteriormente, de la suma de $16,448.00 consignada.

De la *Estipulación transaccional* avalada por nuestro foro apelativo en su *Sentencia* del 13 de noviembre de 2018, se desprende que las partes acordaron la suma de $31,641.32 como pago total de la justa compensación para las parcelas 021-01 y 021-04 a favor de los apelantes. De dicha suma, el 23 de febrero de 2015, los apelantes cobraron $5,500.00 en virtud de un cheque[21] que le fue expedido para quedar pendiente de cobro $26,141.32. La apelada había consignado $16,448.00 en el tribunal, por lo que, el 22 de junio de 2018, procedió a consignar la diferencia, es decir, la suma de $9,693.32 para completar la suma de $26,141.32.[22]

Por los fundamentos anteriormente expuestos, desestimamos el recurso de *certiorari* por falta de jurisdicción por ser uno prematuro.

---

[19] *Recurso de apelación,* Apéndice XII, Sentencia del 13 de noviembre de 2018, págs. 74, 76-77.
*Recurso de apelación,* Apéndice III, Estipulación transaccional, págs. 19-20.
[20] *Recurso de Certiorari,* Apéndice, Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406), pág. 51.
[21] *Recurso de certiorari,* Apéndice, pág. 58.
[22] *Recurso de certiorari,* Apéndice, pág. 110.



Además, en relación al recurso apelativo, ordenamos la modificación de la *Resolución* y *Sentencia parcial* emitidas por el TPI con respecto al pago por concepto de justa compensación de las parcelas 021-01 y 021-04 a favor de los apelantes. A tenor con el razonamiento aquí expuesto, devolvemos el caso al foro primario para que ordene la entrega de la suma de $15,193.32[23] en pago total de la justa compensación a favor de los apelantes.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones




---

[23] Los apelantes retiraron la suma de $10,948.00, por lo cual restan a su favor $15,193.32.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
**TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO** PETICIONARIO  v.  **SUCN. DE LUIS ALBERTO MERCADO JIMÉNEZ y otros** PARTE CON INTERÉS | CASO NÚM. **KEF2011-0240**  SALÓN NÚM. **1003**  ACCIÓN CIVIL DE: **EXPROPIACIÓN FORZOSA** |

### SENTENCIA ADMINISTRATIVA PARCIAL

Considerada la moción titulada *AVISO DE PARALIZACIÓN DE LOS PROCEDIMIENTOS POR VIRTUD DE LA PRESENTACIÓN DE LA PETICIÓN DE QUIEBRA PRESENTADA POR EL GOBIERNO DE PUERTO RICO BAJO EL TÍTULO III DE LA LEY PROMESA*, presentada el 13 de julio de 2017 por la Lcda. Anita Cortés Centeno, informando al Tribunal que "[d]e conformidad con las disposiciones de PROMESA, el 21 de mayo de 2017 la Junta de Supervisión y Administración Financiera para Puerto Rico presentó una petición de quiebra a nombre de la ACT ante la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico", en el caso titulado *In re: Puerto Rico Highways and Transportation Authority*, Caso Núm. 17-cv-1686(LTS), resolvemos:

La radicación de una acción de quiebra tiene el efecto de detener el comienzo o la continuación de cualquier proceso judicial en contra del deudor, inclusive una petición de expropiación. Así lo reconoce nuestro Tribunal Supremo en <u>Peerless Oil v. Hnos. Torres Pérez</u>, 186 D.P.R. 239, 249-255 (2012), al expresar que:

> La jurisdicción es el poder o autoridad que ostenta un tribunal para decidir casos o controversias. La falta de jurisdicción de un tribunal

Número identificador: SEN2019 _____.

incide directamente sobre el poder mismo para adjudicar una controversia. [...]

En innumerables ocasiones "hemos advertido que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". Esto responde a que "las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras". Ello es así porque "[u]na sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente". [...]
[...]
Recientemente señalamos [...] que "[l]a paralización automática es una de las protecciones más básicas que el legislador estadounidense instituyó en el Código de Quiebras para los deudores que se acogen a éste". Con la paralización automática se impide, "entre otras cosas, el comienzo o la continuación de cualquier proceso judicial, administrativo o de otra índole que fue o pudo haber sido interpuesto en contra del deudor, o para ejercitar cualquier acción cuyo derecho nació antes de que se iniciara la quiebra".
**La paralización automática no requiere notificación formal; surte efectos desde que se presenta la petición de quiebra y se extiende hasta que se dicte la sentencia final. La paralización automática impide el comienzo o la continuación de cualquier acción judicial o administrativa en contra del deudor pendiente o que pudo comenzar antes del inicio de la petición de quiebra.** (Citas omitidas.) (Énfasis suplido.)

En vista de lo anterior se dicta sentencia parcial administrativa paralizando el procedimiento en este caso, Civil Núm. KEF2011-0240, <u>Autoridad de Carreteras y Transportación de Puerto Rico v. Sucn. de Luis Alberto Mercado Jiménez y otros</u>, **en cuanto a las partes con interés incluidas en el Exhibit A de la Petición,** <u>con excepción de: 1) Adrián Mercado Jiménez,[1] 2) Teresa Vizcarrondo</u>

---

[1] La parte con interés **Adrián Mercado Jiménez** otorgó un acuerdo titulado *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY <u>AND ADRIÁN MERCADO JIMÉNEZ</u>*, que fue acogido el 5 de febrero de 2018 por la Hon. Laura Taylor Swain, en el caso número BK 3567-LTS. En éste, la Juez de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico determinó, en lo pertinente, que:
   This stipulation (the "Stipulation") is made as of February 5, 23018, by and between the Puerto Rico Highways and Transportation Authority ("HTA") and **Adrian Mercado Jimenez ("Movant")**. (Énfasis suplido.)
   [...]
1. The Title III Stay is hereby modified **solely to the limited extent necessary to allow HTA to pay Movant the Settlement Amount due under the Prepetition Stipulation** within 14 days of execution of this Stipulation; **provided, however, the Title III Stay shall continue to apply in all other respects** to the Prepetition Stipulation. (Énfasis suplido.)
2. [...]
3. [...]
4. **Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA**

Case:17-03283-LTS   Doc#:24153-2   Filed:05/05/23   Entered:05/05/23 17:40:04   Desc:
Exhibit 2   Page 16 of 19

| KEF2011-0240 | *SENTENCIA ADMINISTRATIVA PARCIAL* | 3 |

<u>Toro,</u>[2] y; 3) <u>la sociedad de bienes gananciales Mercado-Vizcarrondo compuesta por ambos</u>.[3] Las partes afectadas por la determinación podrán solicitar la reapertura de los procedimientos en este caso una vez haya concluido el trámite de quiebra, mediante sentencia final (*Final Decree*) que disponga definitivamente del caso titulado *In re: Puerto Rico Highways and Transportation Authority*, Caso Núm. 17-cv-1686(LTS) o, en la alternativa, la corte modifique el efecto de la paralización automática para permitir que continúe

---

    or any of the other Title III Debtors **of any claim or claims by anyone other than Movant as provided for herein** and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Stipulation under a plan of adjustment or otherwise in the Title III Case. (Énfasis suplido.)
5. [...]
6. [...]
7. **Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any person or entities (other than Movant as expressly provided in this Stipulation)**, or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities. (Énfasis suplido.)

[2] A esta fecha la parte con interés **Teresa Vizcarrondo Toro**, que no fue nombrada "Movant" en el acuerdo titulado *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIÁN MERCADO JIMÉNEZ*, no ha acreditado que la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico haya modificado la paralización de los procedimientos del caso de epígrafe, motivada por la presentación de la petición de quiebra presentada por la Autoridad de Carreteras y Transportación de Puerto Rico bajo el TÍTULO III de la ley *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA), en el caso número BK 3567-LTS. Sin embargo, <u>en observancia a lo dispuesto por el Tribunal de Apelaciones en la Sentencia dictada el 13 de noviembre de 2018 en el caso número KLCE201801384, se asume jurisdicción sobre la parte con interés</u> **Teresa Vizcarrondo Toro**.

[3] A esta fecha la **comunidad de bienes gananciales Mercado-Vizcarrondo**, que no fue nombrada "Movant" en el acuerdo titulado *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIÁN MERCADO JIMÉNEZ*, no ha acreditado que la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico haya modificado la paralización de los procedimientos del caso de epígrafe, motivada por la presentación de la petición de quiebra presentada por la Autoridad de Carreteras y Transportación de Puerto Rico bajo el TÍTULO III de la ley *Puerto Rico Oversight, Management, and Economic Stability Act* (PROMESA), en el caso número BK 3567-LTS. Sin embargo, <u>en observancia a lo dispuesto por el Tribunal de Apelaciones en la Sentencia dictada el 13 de noviembre de 2018 en el caso número KLCE201801384, se asume jurisdicción sobre la</u> **comunidad de bienes gananciales Mercado-Vizcarrondo**.

KEF2011-0240  *SENTENCIA ADMINISTRATIVA PARCIAL*  4

la causa de epígrafe, <u>referente al litigio *in rem* que se sigue contra la propiedad incluida en el Exhibit A de la *Petición*</u>.[4]

Esta sentencia parcial paralizando los procedimientos judiciales se dicta para fines administrativos únicamente; es decir, no adjudica los méritos de los planteamientos de las partes, ni las reclamaciones formuladas, como tampoco las controversias planteadas.

Esta sentencia parcial se dicta sin costas.

Conforme la Regla 42.3 de Procedimiento Civil, 32 L.P.R.A. Ap. V, se dispone expresamente que se registre y notifique la presente sentencia parcial, toda vez que no existe razón para posponer el dictamen hasta la solución final del pleito.

REGÍSTRESE Y NOTIFÍQUESE.

DADA EN SAN JUAN, PUERTO RICO, A __23__ DE ENERO DE 2019.

**LETICIA D. ORTIZ FELICIANO**
JUEZ SUPERIOR

---

[4] Como fuente persuasiva de derecho, véase lo resuelto el 6 de junio de 2017 por el Tribunal Supremo de Puerto Rico en el caso sobre expropiación forzosa <u>Estado Libre Asociado de Puerto Rico v. PFZ Properties, Inc.</u>, Civil Número CC-2017-0343, donde dispone que:

> Examinado el Aviso de paralización de los procedimientos **por virtud de la petición presentada por el Estado Libre Asociado de Puerto Rico bajo el Título III de PROMESA** que presentó la parte recurrida de epígrafe, **se ordena la paralización de los procedimientos**, hasta tanto una de las partes nos certifique que se ha levantado la paralización, ya sea por la conclusión del procedimiento de quiebras o mediante una solicitud a esos efectos, acorde permite la Sección 362(d) del Código de Quiebras.
> Se ordena el archivo administrativo de este asunto. (Énfasis suplido.)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
**TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO** PETICIONARIO v. **SUCN. DE LUIS ALBERTO MERCADO JIMÉNEZ y otros** PARTE CON INTERÉS | CASO NÚM. **KEF2011-0240** SALÓN NÚM. **1003** ACCIÓN CIVIL DE: **EXPROPIACIÓN FORZOSA** |

## SENTENCIA PARCIAL

Remitido el mandato judicial del Tribunal de Apelaciones, correspondiente a la *Sentencia* dictada el 13 de noviembre de 2018 en el caso número KLCE201801384, acatamos lo dispuesto por el tribunal de mayor jerarquía. Así pues, conforme a las directrices impartidas por el foro revisor, se dicta sentencia parcial por estipulación en cuanto a: ADRIÁN MERCADO JIMÉNEZ,[1] TERESA VIZCARRONDO TORO[2] y la SOCIEDAD DE BIENES

---

[1] La parte con interés **Adrián Mercado Jiménez** otorgó un acuerdo titulado *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIÁN MERCADO JIMÉNEZ*, que fue acogido el 5 de febrero de 2018 por la Hon. Laura Taylor Swain, en el caso número BK 3567-LTS. En éste, la Juez de la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico determinó, en lo pertinente, que:

> This stipulation (the "Stipulation") is made as of February 5, 23018, by and between the Puerto Rico Highways and Transportation Authority ("HTA") and **Adrian Mercado Jimenez ("Movant")**. ('Énfasis suplido.)
>
> 1. The Title III Stay is hereby modified **solely to the limited extent necessary to allow HTA to pay Movant the Settlement Amount due under the Prepetition Stipulation** within 14 days of execution of this Stipulation; **provided, however, the Title III Stay shall continue to apply in all other respects** to the Prepetition Stipulation. (Énfasis suplido.)
> 2. [...]
> 3. [...]
> 4. **Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA or any of the other Title III Debtors of any claim or claims by anyone other than Movant as provided for herein** and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the

Número identificador: SEN2019 0000393l

de la parte peticionaria para la adquisición de las parcelas 021-01 y 021-04.

Esta sentencia parcial se dicta sin costas.

Conforme la Regla 42.3 de Procedimiento Civil, 32 L.P.R.A. Ap. V, se dispone expresamente que se registre y notifique la presente sentencia parcial, toda vez que no existe razón para posponer el dictamen hasta la solución final del pleito.

REGÍSTRESE Y NOTIFÍQUESE.

DADA EN SAN JUAN, PUERTO RICO, A __23__ DE ENERO DE 2019.

**LETICIA D. ORTIZ FELICIANO**
JUEZ SUPERIOR

CERTIFICACION

Certifico que la presente es copia fiel y exacta del original que obra en autos y expido la misma a petición de:

GRISELDA RODRIGUEZ COLLADO
SECRETARIO

Por: SECRETARIO AUXILIAR
*Amarilis Rodriguez Hani*
Secretaria Auxiliar

JAN 3 2019