# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>              Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO ON BEHALF OF ITSELF AND PREPA
TO THE REQUEST OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PRODUCTION OF DOCUMENTS**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure and by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico, the Local Rules for the United States District Court for the District of Puerto Rico, and/or this Court's chambers practices and case management orders (collectively, the "Governing Rules"), and the Court's *Amended and Restated Order Establishing, Among Other things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Procedures Order") [ECF No. 3305], the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to PROMESA section 315(b), for itself and on behalf of PREPA, hereby responds and objects to the *Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico, Puerto Rico Electric Power Authority, and Puerto Rico Fiscal Agency and Financial Authority in Connection with Modified Second Amended Title III Joint Plan of Adjustment of Puerto Rico Electric Power Authority* (the "Requests," and each individual request for production of documents a "Request"), dated March 24, 2023, by the Official Committee of Unsecured Creditors (the "Committee").

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Requests for itself and on behalf of PREPA are made without prejudice to the Oversight Board's right to amend or supplement its responses herein if necessary at a later date.  The Oversight Board

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

has made reasonable efforts to respond to the Requests, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Requests.  If the Committee subsequently asserts an interpretation of the Requests that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses.  By making the Responses below, the Oversight Board does not waive and expressly reserves its right to make additional objections. Subject to the following general objections and any specific objections listed in response to the Requests below, the Oversight Board remains willing to meet and confer regarding any of the Requests.

### GENERAL OBJECTIONS

1.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they seek documents without limitation to temporal scope as vague, irrelevant, overly broad, and unduly burdensome.

2.      The Oversight Board objects to the Requests, and to each and every Request, as unduly burdensome to the extent they seek information that is neither relevant nor proportional to the Committee's assessment of the confirmability of the Plan,[3] the only issue before the Court in connection with the Confirmation Hearing.[4]

3.      Consistent with Magistrate Judge Dein's statements at the discovery dispute conference on April 5, 2023 (the "Discovery Conference"), the Oversight Board objects to the

---

[3] "Plan" refers to the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3296], as it may be amended, modified, or supplemented from time to time.

[4] "Confirmation Hearing" refers to the hearing to consider confirmability of the Plan, which is currently scheduled to begin on July 17, 2023.  Confirmation Procedures Order at 6.

Requests, and to each and every Request, as unduly burdensome to the extent they seek "Communications" because any such search will not be proportional to the needs of the case.

4.      The Oversight Board objects to the Requests, and to each and every Request, as unduly burdensome to the extent: (i) they seek information beyond the scope of appropriate discovery in connection with confirmation of the Plan; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

5.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they seek information not within the possession, custody, or control of the Oversight Board. The Oversight Board further objects to the Requests to the extent they call for publicly available, unreasonably cumulative, or duplicative information, or information obtainable from another more convenient, less burdensome, or less expensive source.

6.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they purport to impose burdens inconsistent with, not authorized by, or otherwise exceeding those required by the Governing Rules.  In responding to these Requests, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules.  The Oversight Board will construe and respond to the Requests in a manner consistent with its obligations under the Governing Rules and the Confirmation Procedures Order, and not otherwise.

7.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they expressly or impliedly seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board intends to and does

4

assert any and all such privileges with respect to all such information.  Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided.

8.      The Oversight Board objects to each Definition, Instruction and Request to the extent it seeks information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.   Subject to the Oversight Board's other objections herein, if the Oversight Board agrees to respond to the Requests, the Oversight Board will only do so pursuant to the Depository procedures, approved by the Tile III Court in the DS Hearing Scheduling Order and the Confirmation Procedures Order, and only after the Committee has executed the corresponding Protective Order Subscription.[5]

9.      The Oversight Board objects to the Requests, and to each and every Request, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions.  By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Requests.

10.     The Oversight Board objects to the Requests, and to each and every Request, as overbroad and unduly burdensome to the extent they require the Oversight Board to provide "all" or "any" information concerning a topic, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address.

---

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Confirmation Procedures Order.

11.     These Responses and Objections should not be construed as: (a) an admission as to the propriety of any Request; (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any Request; (c) an acknowledgement that documents or other items responsive to any Request exist; (d) a waiver of the General Objections or the objections asserted in response to specific Requests; (e) an admission as to the relevance or admissibility into evidence of any documents, item or information; (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation; or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

12.     To the extent any term defined or used in the Requests is used in responding to the Requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

13.     The Oversight Board objects to the definition of the term "A&M" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "A&M" to mean Alvarez & Marsal, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

14.     The Oversight Board objects to the definition of the term "AAFAF" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "AAFAF" to mean the Puerto Rico Fiscal Agency and Financial Advisory Authority, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

15.     The Oversight Board objects to the definition of the term "Ankura" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Ankura" to mean Ankura Consulting Group, LLC, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

16.     The Oversight Board objects to the definition of the term "Brattle" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Brattle" to mean Brattle Group Inc., and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

17.     The Oversight Board objects to the definition of the term "BRG" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "BRG" to mean Berkeley Research Group, LLC, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

18.     The Oversight Board objects to the definition of the term "Citigroup" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Citigroup" to mean Citigroup Global Markets Inc., and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

19.     The Oversight Board objects to the definition of the term "Commonwealth" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Commonwealth" to mean the Commonwealth of Puerto Rico and its instrumentalities, its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subjects.

20.     The Oversight Board objects to the definition of the term "Communication" to the extent it purports to impose burdens on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to producing Communications encompassing "every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, text message, web messaging, or any other form of instant messaging, or a copy thereof, and to words transmitted by telephone, radio, or any method of voice recording," which would be unduly burdensome and not proportional to the needs of this matter, as stated by the Court at the Dispute Conference.  To the extent the Oversight Board agrees to produce communications, it will use reasonable diligence to conduct a search proportional to the needs of the case to locate those files in which it reasonably expects to find non-privileged responsive communications.

21.     The Oversight Board objects to the definition of the terms "Document" and "Documents" to the extent they impose duties on the Oversight Board that differ from or exceed those imposed by the Governing Rules.  The Oversight Board further objects to searching or producing "agreements; drafts; communications; correspondence; e-mails; text messages; instant messages; web messages; WhatsApp messages; social media messages; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of

personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced," which would be unduly burdensome and not proportional to the needs of the case.  Where the Oversight Board indicates it will conduct a search for responsive documents in response to individual Requests below, it will use reasonable diligence to conduct a search proportional to the needs of the case to locate readily accessible documents in those files in which it reasonably expects to find responsive documents.

22.     The Oversight Board objects to the definition of the term "EY" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "EY" to mean Ernst & Young LLP, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

23.     The Oversight Board objects to the definition of the term "FTI" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will

9

construe "FTI" to mean FTI Consulting, Inc., and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

24.     The Oversight Board objects to the definition of the term "Fuel Oil Litigation Parties" because "any party that executed a tolling agreement" is vague and ambiguous.  In responding to the Requests, the Oversight Board will construe "Fuel Oil Litigation Parties" to mean the defendants named in the Fuel Oil Litigation.

25.     The Oversight Board objects to the definition of the term "Litigation Claims" as overbroad, as it encompasses claims, suits, and other proceedings without regard to their connection or relevance to either the confirmation of the Plan or the subject matter of the Requests. In responding to these Requests, the Oversight Board will construe "Litigation Claims" as those claims directly related to or impacting the confirmability of the Plan, or the recovery of any party under the Plan.  Further, the Oversight Board expressly objects to the definition to the extent it would require the Oversight Board to consider claims that are "unknown," "unforeseen," and "hereinafter arising," as such claims are unknowable by the Oversight Board in responding to these Requests.

26.     The Oversight Board objects to the definition of the term "McKinsey" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "McKinsey" to mean McKinsey & Company, Inc. Washington D.C., and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

27.     The Oversight Board objects to the definition of the term "O&B" because it includes individuals and entities without regard to their connection or relevance to confirmation

of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "O&B" to mean O'Neill & Borges LLC, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

28.     The Oversight Board objects to the definition of the term "Oversight Board" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Oversight Board" to mean the Financial Oversight and Management Board for Puerto Rico, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

29.     The Oversight Board objects to the definition of the term "PREPA" because it includes individuals and entities without regard to their connection or relevance to the confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "PREPA" to mean the Puerto Rico Electric Power Authority, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

30.     The Oversight Board objects to the definition of the term "Proskauer" because it includes individuals and entities without regard to their connection or relevance to confirmation of the Plan or the subject matter of the Requests.  In responding to these Requests, the Oversight Board will construe "Proskauer" to mean Proskauer Rose LLP, and its employees, officers, directors, and known agents reasonably likely to possess information relevant to said subjects.

31.     The Oversight Board objects to the definition of the terms "You" and "Your" as overbroad because they encompass additional individuals and entities without regard to their connection or relevance to either the confirmation of the Plan or the subject matter of the Requests.

11

In responding to these Requests, the Oversight Board will construe "You" and "Your" to mean: (i) the Oversight Board, and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subject and (ii) PREPA, and its present and former officials, directors, employees, and known agents reasonably likely to possess information relevant to said subject.

32.     The Oversight Board objects to the Instructions to the extent they purport to require documents be produced in a manner inconsistent with the Governing Rules and the Confirmation Procedures Order.  To the extent the Oversight Board produces documents in response to the Requests, such production will comply with the requirements of the Governing Rules and the Confirmation Procedures Order.

33.     The above General Objections are incorporated into each of the following specific Responses.

*[Remainder of page intentionally left blank]*

## SPECIFIC RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All drafts and prior versions of the Fuel Line Lender PSA and any and all term sheets and exhibits related to such drafts and prior versions.

### RESPONSE TO REQUEST NO. 1:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll drafts and prior versions" and "any and all term sheets and exhibits" is beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.   In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  Further, the Oversight Board objects to this Request because "drafts and prior versions of the Fuel Line Lender PSA" are not relevant to the confirmability of the Plan.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, and 12 and the specific objections above, the Oversight Board states that it has no non-privileged documents responsive to this Request.

### REQUEST NO. 2:

All Documents and Communications concerning the Fuel Line Lender Settlement or the Fuel Line Lender PSA, or any prior versions or drafts thereof, including Communications with (a) any member of the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any creditor or stakeholder of PREPA other than the Fuel Line Lenders, (e) any

government official or employee, (f) Citigroup, Brattle, McKinsey, A&M or FTI, or (g) any agent of or advisor to any of the foregoing.

## **RESPONSE TO REQUEST NO. 2:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because "prior versions and drafts" of the Fuel Line Lender Settlement or the Fuel Line Lender PSA are not relevant to the confirmability of the Plan.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 20, 21, 23, 26, 28, and 29 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

## **REQUEST NO. 3:**

All Documents and Communications concerning Your analysis of the impact of the Fuel Line Lender PSA on creditors of PREPA other than the Fuel Line Lenders and their recoveries under a plan of adjustment for PREPA.

14

## RESPONSE TO REQUEST NO. 3:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 20, 21, 29, and 31 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Plan Support Agreement with National" in the Plan Depository.

## REQUEST NO. 4:

All Documents considered by You in determining whether to enter into the Fuel Line Lender PSA and the Fuel Line Lender Settlement.

## RESPONSE TO REQUEST NO. 4:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that

is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks documents "considered by" the Oversight Board.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21 and 31 and the specific objections above, the Oversight Board declines to search for documents responsive to this request.

### REQUEST NO. 5:

All Documents and Communications concerning all amounts to be paid to the Fuel Line Lenders under the Second Amended Plan, the Fuel Line Lender Settlement and/or Fuel Line Lender PSA, including, without limitation: (i) interest (in the form of Series A Bonds or Cash) deemed to have accrued on the Series A Bonds during a period equal to the shorter of (a) December 1, 2022 to the Effective Date, and (b) one (1) year; (ii) the Fuel Line Lender PSA Creditors Consummation Fees; and (iii) the Fuel Line Lenders PSA Creditors Professionals' Reimbursement Fees.

### RESPONSE TO REQUEST NO. 5:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

16

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board directs the Committee to the Plan and Disclosure Statement.

### REQUEST NO. 6:

All Documents and Communications concerning the decision under the Second Amended Plan to have a deemed issuance date for the Series A Bonds of December 1, 2022 for purposes of the calculation of accrued interest, including, without limitation, any calculations or estimates of the interest that will accrue on such bonds prior to the Effective Date.

### RESPONSE TO REQUEST NO. 6:

The Oversight Board objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 7:

All Documents and Communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding the merits of the Fuel Line Lenders' claims that they are entitled to priority treatment as Current Expense under the Trust Agreement, as referred to in Section II.B.1 of the Second Amended Disclosure Statement.

**RESPONSE TO REQUEST NO. 7:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Certain Briefing Related to Litigation Settlements" in the Plan Depository.

**REQUEST NO. 8:**

All Documents and Communications concerning any determination that certain expenses qualify as Current Expenses and other expenses do not.

**RESPONSE TO REQUEST NO. 8:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects

to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding "certain expenses" and "other expenses."   The Oversight Board further objects to this Request to because it is unbounded as to time.   In addition, the Oversight Board objects to this Request to the extent it is duplicative of Request Nos. 9 and 10.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 9:

All Documents and Communications concerning payments of Current Expenses in the 24 months prior to PREPA's Petition Date.

### RESPONSE TO REQUEST NO. 9:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because records of all such "payments" are not relevant to the confirmability of the Plan.  In addition, the Oversight Board objects to this Request to the extent it is duplicative of Request Nos. 8 and 10.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 29 and the specific objections above, the Oversight Board states that it has no non-privileged documents, but will coordinate with LUMA to search for documents, if any, responsive to this Request.

### REQUEST NO. 10:

All Documents and Communications concerning payments of Current Expenses since PREPA's Petition Date.

### RESPONSE TO REQUEST NO. 10:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because records of all such "payments" are

not relevant to the confirmability of the Plan.  In addition, the Oversight Board objects to this Request to the extent it is duplicative of Request Nos. 8 and 9.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 29 and the specific objections above, the Oversight Board states that it has no non-privileged documents, but will coordinate with LUMA to search for documents, if any, responsive to this Request.

## REQUEST NO. 11:

All Documents and Communications concerning any requests by non-Fuel Line Lender claimants for payment as a Current Expense.

## RESPONSE TO REQUEST NO. 11:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because such "requests" are not relevant to the confirmability of the Plan. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding "non-Fuel Line Lender claimants" and

"requests . . . for payment as a Current Expense."  Additionally, the Oversight Board objects to this request as overly broad because it is not limited to a reasonable time frame.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board will produce readily available, non-privileged documents, if any, that are responsive to this request.

## REQUEST NO. 12:

All Documents and Communications supporting, refuting, or otherwise concerning Your statement in the Best Interest Test attached as Exhibit B to the Notice of Filing of Load Forecast and Best Interest Test Report for PREPA characterizing the estimated $800 million in General Unsecured Claims as "Pre-Petition Current Expenses."

## RESPONSE TO REQUEST NO. 12:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 29, and 31 and the specific objections above, the Oversight Board's understanding is that the statement "characterizing the estimated $800 million in General Unsecured Claims as 'Pre-

Petition Current Expense'" was an inadvertent error when preparing the Best Interest Test that was subsequently corrected.

## REQUEST NO. 13:

All Documents and Communications concerning the ability of the Oversight Board to terminate the Fuel Line Lender PSA.

## RESPONSE TO REQUEST NO. 13:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because "the ability of the Oversight Board to terminate the Fuel Line Lender PSA" is vague and not relevant to the confirmability of the Plan.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Plan Support Agreement with Fuel Line Lenders" in the Plan Depository.

## REQUEST NO. 14:

All drafts and prior versions of the National PSA and any and all term sheets and exhibits related to such drafts and prior versions.

## RESPONSE TO REQUEST NO. 14:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll drafts and prior versions" and "any and all term sheets and exhibits" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  Further, the Oversight Board objects to this Request because "drafts and prior versions of the National PSA" are not relevant to the confirmability of the Plan.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, and 12 and the specific objections above, the Oversight Board states that it has no non-privileged documents responsive to this Request.

## REQUEST NO. 15:

All Documents and Communications concerning the National Settlement or the National PSA, or any prior versions and drafts thereof, including Communications with (a) any member of the Oversight Board, (b) AAFAF, (c) PREPA or any member of its governing board, (d) any creditor or stakeholder of PREPA other than National, (e) any government official or employee, (f) Citigroup, Brattle, McKinsey, A&M, or FTI, or (g) any agent of or advisor to any of the foregoing.

### RESPONSE TO REQUEST NO. 15:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request because "prior versions and drafts" of the National Settlement or the National PSA are not relevant to the confirmability of the Plan.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 18, 20, 21, 23, 26, 28, and 29 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 16:

All Documents and Communications concerning Your analysis of the impact of the National PSA on creditors of PREPA other than National and its recoveries under a plan of adjustment for PREPA and/or the National PSA.

### RESPONSE TO REQUEST NO. 16:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in

connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request to the extent such "impact[s]" are not relevant to the confirmability of the Plan. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding "the impact" of the National PSA.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 29, and 31 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Plan Support Agreement with National" in the Plan Depository.

## REQUEST NO. 17:

All Documents and Communications considered by You in determining whether to enter into the National PSA and the National Settlement.

## RESPONSE TO REQUEST NO. 17:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks documents "considered by" the Oversight Board.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 31 and the specific objections above, the Oversight Board directs the Committee to the folders labeled "Board Meeting Minutes, UWCs, and Resolutions" and "Plan Support Agreement with National" in the Plan Depository, and otherwise states it has no non-privileged documents responsive to this Request.

## REQUEST NO. 18:

All Documents and Communications concerning all amounts to be paid to National under the Second Amended Plan, the National Settlement, and/or National PSA, including, without limitation, (i) the National Consummation Costs, (ii) the National Structuring Fees, (iii) the treatment of the National Reimbursement Claim, and (iv) National's pro rata share of the contemplated Interim Charge, including, without limitation, as it relates to the calculation of and justification for such payments.

## RESPONSE TO REQUEST NO. 18:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board directs the Committee to the Plan and Disclosure Statement.

### REQUEST NO. 19:

All Documents and Communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether National has meritorious claims that it is entitled to an allowed National Reimbursement Claim.

### RESPONSE TO REQUEST NO. 19:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Specifically, the Oversight Board objects to the production of information related to any "analysis" of "claims" as privileged.  The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding "meritorious claims."

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 20:

All Documents on which the asserted National Reimbursement Claim is based.

### RESPONSE TO REQUEST NO. 20:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding the documents on which the Claim "is based."

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21 and the specific objections above, the Oversight Board will produce readily available, non-privileged documents responsive to this request.

### REQUEST NO. 21:

All Documents and Communications from National asserting, describing, or quantifying the National Reimbursement Claim.

### RESPONSE TO REQUEST NO. 21:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board will conduct a reasonable search to locate readily accessible, non-privileged documents, if any, in those files in which it reasonably expects to find such documents.

### REQUEST NO. 22:

All documents and communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis regarding whether National has meritorious defenses that it has a valid security interest in any of PREPA's current or future assets, other than the Sinking Fund.

### RESPONSE TO REQUEST NO. 22:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll documents and communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Specifically, the Oversight Board objects to

the production of information related to any "analysis" of "defenses" as privileged.  The Oversight

Board also objects to this Request as vague and ambiguous to the extent it seeks information

regarding "meritorious defenses."  Further, the Oversight Board objects to this Request because

such analysis is not relevant to the confirmability of the Plan.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12,

14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board declines to search

for documents responsive to this request.

### REQUEST NO. 23:

All Documents detailing the amount of the National Reimbursement Claim assuming an
Effective Date occurs on a date other than July 1, 2023.

### RESPONSE TO REQUEST NO. 23:

 The Oversight Board objects to this Request because discovery of "[a]ll Documents" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in

connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects

to this Request to the extent it seeks documents outside of the Oversight Board's possession,

custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it

seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks

information regarding any future date other than July 1, 2023.

Subject to the General Objections identified in paragraphs 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, and

21 and the specific objections above, the Oversight Board states that it is willing to investigate this

Request further to determine if responsive documents exist.

## REQUEST NO. 24:

All Documents and Communications concerning payments made since PREPA's Petition Date in connection with the alleged National Reimbursement Claim.

## RESPONSE TO REQUEST NO. 24:

The Oversight Board objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks payments made "in connection with" the National Reimbursement Claim.

Subject to the General Objections identified in paragraphs 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 20, 21, and 29 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

## REQUEST NO. 25:

All Documents and Communications, including any analyses and underlying models, concerning the impact of the Interim Charge.

## RESPONSE TO REQUEST NO. 25:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it

32

seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding "the impact" of the Interim Charge. The Oversight Board further objects to this Request to the extent it is duplicative of Request No. 26.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

### REQUEST NO. 26:

All Documents, including any analyses and underlying models, concerning the total expected value of the Interim Charge.

### RESPONSE TO REQUEST NO. 26:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Request as vague and ambiguous to the extent it seeks information regarding

the "total expected value of the interim charge" without any temporal limitation.  The Oversight

Board further objects to this Request to the extent it is duplicative of Request No. 25.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12,

and 21 and the specific objections above, the Oversight Board states that it is willing to investigate

this Request further to determine if responsive documents exist.

### REQUEST NO. 27:

All Documents and Communications concerning the decision and justification to (i) turn
over to National the revenue generated by the Interim Charge and (ii) not consider such revenue
part of National's recovery under the Second Amended Plan.

### RESPONSE TO REQUEST NO. 27:

The Oversight Board objects to this Request to the extent that it does not seek information

proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in

connection with the analysis of the confirmability of the Plan.  In addition, the Oversight Board

objects to this Request on the grounds that it seeks information that is protected by the attorney-

client privilege, the attorney work product doctrine, the deliberative process privilege, the common

interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or

immunities protecting information from disclosure.  The Oversight Board further objects to this

Request because it is vague and ambiguous in so far as it seeks information regarding the "decision

and justification" for "turn[ing] over to National the revenue generated by the Interim Charge" and

for "not consider[ing] such revenue part of National's recovery."

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12,

20, and 21 and the specific objections above, the Oversight Board declines to search for documents

responsive to this request.

**REQUEST NO. 28:**

All Documents and Communications regarding Your assessment, if any, of the reasonableness of the Interim Charge.

**RESPONSE TO REQUEST NO. 28:**

The Oversight Board objects to this Request to the extent that it does not seek information

proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in

connection with the analysis of the confirmability of the Plan.  In addition, the Oversight Board

objects to this Request on the grounds that it seeks information that is protected by the attorney-

client privilege, the attorney work product doctrine, the deliberative process privilege, the common

interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or

immunities protecting information from disclosure.  The Oversight Board also objects to this

Request as vague and ambiguous to the extent it seeks information regarding "the reasonableness

of the interim charge."

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12,

20, 21, and 31 and the specific objections above, the Oversight Board declines to search for

documents responsive to this request.

**REQUEST NO. 29:**

All Documents and Communications concerning the ability of the Oversight Board to terminate the National PSA, including whether and to what extent the Oversight Board considered including a provision in the National PSA that would have permitted termination by the Oversight Board without payment of any fee or penalty.

**RESPONSE TO REQUEST NO. 29:**

The Oversight Board objects to this Request to the extent that it does not seek information

proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Further, the Oversight Board objects to this Request because "whether and to what extent the Oversight Board considered including a provision in the National PSA that would have permitted termination . . . without payment of any fee or penalty" is not relevant to the confirmability of the Plan.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Plan Support Agreement with National" and otherwise declines to search for documents responsive to this request.

## REQUEST NO. 30:

All Documents, including analyses and underlying models, concerning the net present value of the Legacy Charge Revenues totaling $5.68 billion.

## RESPONSE TO REQUEST NO. 30:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In

addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Legacy Charge Model and Related Data" in the Plan Depository.

## REQUEST NO. 31:

All Documents and Communications concerning any qualitative or quantitative analyses regarding the feasibility of the Second Amended Plan, including all Documents reviewed and/or relied upon to formulate Section VIII of the Second Amended Disclosure Statement (Certain Risk Factors to Be Considered) and Exhibit P to the Second Amended Disclosure Statement (Legacy Charge Derivation).

## RESPONSE TO REQUEST NO. 31:

The Oversight Board objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.   The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.   In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board directs the Committee to the

folder labeled "Legacy Charge Model and Related Data" in the Plan Depository and otherwise declines to search for documents responsive to this request.

## REQUEST NO. 32:

All Documents and Communications concerning any qualitative or quantitative analyses regarding the affordability of the New Bonds to be issued under the Second Amended Plan, including the calculations with respect to "share of wallet" and "energy burden" (as each such term is used in the 2022 Certified Fiscal Plan).

## RESPONSE TO REQUEST NO. 32:

The Oversight Board objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Legacy Charge Model and Related Data" in the Plan Depository and states that it is willing to investigate this Request further to determine if additional responsive documents exist.

## REQUEST NO. 33:

All Documents, including Documents in the possession of LUMA Energy, including historical data and forward-looking assessments, concerning the operations of the Puerto Rico electric system related to (a) actual 8760 Data concerning demand and dispatch of generation units for 2021 and 2022, (b) customer account data that discloses historical usage, the name or industry classification of the customer, and location, (c) requests for distributed energy resources interconnection from residential customers, (d) requests for distributed energy resources

interconnection from non-residential customers, and (e) requests for service termination or permanent disconnections.

### RESPONSE TO REQUEST NO. 33:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Factual Source Materials and Raw Data Underlying the Disclosure Statement."  The Oversight Board further states that, with respect to subparts (c) and (d), customers do not make distributed generation interconnection requests to LUMA but may submit applications under certain circumstances, and the Oversight Board is continuing to investigate this with LUMA. Notwithstanding the foregoing, the Oversight Board states that it has no non-privileged documents, but will coordinate with LUMA to search for documents, if any, responsive to this Request.

### REQUEST NO. 34:

All Documents related to the operations of the Puerto Rico generation fleet, including historical data and forward-looking assessments, including (a) fuel contracts, historical costs of fuel, (b) labor and nonlabor expenses, (c) 8760 Data concerning generation operations by unit for

2021 and 2022, and (d) annual costs for insurance, transportation costs for equipment to Puerto Rico, and labor costs for 2018 through 2022.

## RESPONSE TO REQUEST NO. 34:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "BIT Back Up Materials" in the Plan Depository for the 2022 PREPA Fiscal Plan and Model, and further states that it will conduct a reasonable search to locate readily accessible, non-privileged documents, if any, in those files in which it reasonably expects to find such documents.

## REQUEST NO. 35:

All Documents and Communications regarding (a) planned or operating customer-sited power generation facilities in Puerto Rico, including back-up power generation, cogeneration or combined heat and power installations, renewables and battery energy storage systems, and (b) industrial and commercial facilities that are relying on off-grid produced electricity.

## RESPONSE TO REQUEST NO. 35:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21 and the specific objections above, the Oversight Board directs the Committee to the 2022 PREPA Fiscal Plan and Model located in the folder labeled "BIT Back Up Materials" in the Plan Depository, and further states it will conduct a reasonable search to locate readily accessible, non-privileged documents, if any, in those files in which it reasonably expects to find such documents.

### REQUEST NO. 36:

All Documents concerning (a) any subsidies currently provided to PREPA's Customers, the magnitude and/or value of such subsidies, the reasons for those subsidies, the cost of those subsidies, analyses of alternatives to those subsidies, revenue foregone as a result of those subsidies, and data about how these subsidies are allocated among any and all Customer classes, including but not limited to subsidies to any Residential Customers, Governmental Customers, Municipalities, subsidies for tourism and hotels, subsidies to the agricultural industry, subsidies to health care and emergency services facilities, CILT payments, and subsidies provided under federal programs, and (b) analysis around future subsidies for any of PREPA's Customers, including projected value for these subsidies, projected revenue foregone as a result of these subsidies, and data about how these subsidies would be allocated among any and all Customer classes.

### RESPONSE TO REQUEST NO. 36:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board

41

further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21, and 29 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Factual Source Materials and Raw Data Underlying Disclosure Statement" in the Plan Depository.

**REQUEST NO. 37:**

All Documents compiled and prepared for (i) the draft 2023 PREPA fiscal plan and (ii) the draft 2023 Commonwealth fiscal plan.

**RESPONSE TO REQUEST NO. 37:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative

process privilege, the common interest doctrine, the mediation privilege, or any other applicable

privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12,

19, 21, and 29 and the specific objections above, the Oversight Board declines to search for

documents responsive to this Request.

## REQUEST NO. 38:

All Documents and Communications concerning Your statement in the Legacy Charge
Derivation attached as Exhibit P to the Second Amended Disclosure Statement that PREPA will
need $2.425 billion in capital expenditures that are not included in the fiscal year 2022 certified
PREPA Fiscal Plan.

## RESPONSE TO REQUEST NO. 38:

The Oversight Board objects to this Request to the extent that is factually erroneous and

does not seek information proportional or relevant to the analysis of the confirmability of the Plan.

The Oversight Board further objects to this Request because discovery of "[a]ll Documents and

Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or

necessary discovery in connection with the analysis of the confirmability of the Plan.   The

Oversight Board also objects to this Request to the extent it seeks documents outside of the

Oversight Board's possession, custody or control.   In addition, the Oversight Board objects to this

Request on the grounds that it seeks information that is protected by the attorney-client privilege,

the attorney work product doctrine, the deliberative process privilege, the common interest

doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities

protecting information from disclosure.   The Oversight Board further objects to this Request

insofar as the statement that "PREPA will need $2.425 billion in capital expenditures that are not

included in the fiscal year 2022 certified PREPA Fiscal Plan" mischaracterizes Exhibit P to the

Second Amended Disclosure Statement.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 29, and 31 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Legacy Charge Model and Related Data" in the Plan Depository.

### REQUEST NO. 39:

All Documents and Communications concerning Your analysis of PREPA's expected capital expenditures that You do not expect to be federally funded, including, without limitation, the capital expenditures identified in (i) as Exhibit P to the Second Amended Disclosure Statement and (ii) the Estimated Non-Federally Funded CAPEX FY2023-2032.xlsx (bates #: FOMB_PREPA00020190).

### RESPONSE TO REQUEST NO. 39:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 29, and 31 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Factual Source Materials and Raw Data Underlying Disclosure Statement" in the Plan Depository.

## REQUEST NO. 40:

All Documents and Communications, including underlying analyses and models, related to the PREPA Pension Claim and Recovery presentation dated January 27, 2023 (bates #: FOMB_PREPA 00020082).

## RESPONSE TO REQUEST NO. 40:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 29 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

## REQUEST NO. 41:

Documents sufficient to show the detailed weekly cash flow actuals from October 8, 2022 to current.

## RESPONSE TO REQUEST NO. 41:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board also

objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.

Subject to the General Objections identified in paragraphs 2, 5, 6, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "PREPA Financial Data" in the Plan Depository.

### REQUEST NO. 42:

Documents sufficient to show all assets of the Debtor, including the value of each asset and whether or not such value is being or could be made available for creditor recoveries.

### RESPONSE TO REQUEST NO. 42:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folders labeled "PREPA Financial Data" and "Factual Source Materials and Raw Data Underlying Disclosure Statement" in the Plan Depository, as well as the financial data available on AAFAF's website.

### REQUEST NO. 43:

All Documents and Communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analyses as to which assets of the Debtor, including HUB Advanced Networks LLC and any real property held by PREPA PropertyCo, LLC or otherwise, provide an "essential service"

(as that term is used by the Oversight Board in its Omnibus Disclosure Statement Reply) or are otherwise "essential" to the operations of the Debtor.

## RESPONSE TO REQUEST NO. 43:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

## REQUEST NO. 44:

All Documents and Communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis as to whether any assets of the Debtor, whether or not they provide an "essential service" (as that term is used by the Oversight Board in its Omnibus Disclosure Statement Reply) or are otherwise "essential" to the operations of the Debtor, could nevertheless be sold, privatized, or otherwise monetized while preserving the benefit of such assets in support of the Debtor's operations.

## RESPONSE TO REQUEST NO. 44:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Transformation," and otherwise declines to search for documents responsive to this request.

## REQUEST NO. 45:

Documents showing the current accounts receivable aging by government agency, by aging bucket (total, current, 30 days, 60 days, 90 days, 120 days, > 1 year, > 2 years, > 3 years, > 4 years, > 5 years).

## RESPONSE TO REQUEST NO. 45:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

48

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Factual Source Materials and Raw Data Underlying Disclosure Statement" in the Plan Depository and otherwise states that it is willing to investigate this Request further to determine if additional responsive documents exist.

## **REQUEST NO. 46:**

Documents showing the current accounts receivable aging by customer class, both active and inactive accounts, by aging bucket (total, current, 30 days, 60 days, 90 days, 120 days, > 1 year, > 2 years, > 3 years, > 4 years, > 5 years).

## **RESPONSE TO REQUEST NO. 46:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Request to the extent it is duplicative of Request No. 45.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Factual Source Materials and Raw Data Underlying Disclosure Statement" in the Plan Depository and otherwise states that it is willing to investigate this Request further to determine if additional responsive documents exist.

## REQUEST NO. 47:

Documents showing all efforts undertaken by the Debtor to collect on the Debtor's past-due accounts receivable or any other efforts to monetize such accounts receivable, including selling such accounts receivable on the secondary market.

## RESPONSE TO REQUEST NO. 47:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

## REQUEST NO. 48:

Documents sufficient to show the specific litigations and claims that will be transferred to the Avoidance Actions Trust under the Second Amended Plan, and all Documents concerning the basis for the Oversight Board's decisions as to which litigations and claims to include in or exclude from the Avoidance Actions Trust, including (i) the Fuel Oil Litigation and (ii) the Avoidance Actions identified and to be identified on Schedule A to the Second Amended Plan.

## RESPONSE TO REQUEST NO. 48:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the

grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to Exhibit L in the Disclosure Statement and the folder labeled "Certain Briefing Related to Litigation Settlements" in the Plan Depository.

## REQUEST NO. 49:

All Documents and Communications concerning the Oversight Board's, AAFAF's, and/or PREPA's analysis as to the potential or anticipated value of the Fuel Oil Litigation, the claims asserted in such litigation, or any other claims that could be asserted in such litigation.

## RESPONSE TO REQUEST NO. 49:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 20, 21, 28, and 29 and the specific objections above, the Oversight Board declines to search

for documents responsive to this Request because the Committee is a co-plaintiff in the Fuel Oil

Litigation and thus has less burdensome means for acquiring documents responsive to this

Request.

## REQUEST NO. 50:

All Documents and Communications relating to Your analysis, treatment, and valuation of the Fuel Oil Litigation and the actual or potential claims asserted in the Fuel Oil Litigation, including, but not limited to: (i) Documents identifying payments or transfers of funds to the Fuel Oil Litigation Parties by or on behalf of PREPA, including check numbers, check amounts, check issue dates, invoice dates, and check due dates; (ii) all contracts, purchase orders, and invoices between, among, or concerning the Fuel Oil Litigation Parties; and (iii) all bid 27 awards, certificates of eligibility, formal bids, informal bids, price bulletins, and requests for proposals by, to, or from the Fuel Oil Litigation Parties.

## RESPONSE TO REQUEST NO. 50:

The Oversight Board objects to this Request to the extent that it does not seek information

proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board

further objects to this Request because discovery of "[a]ll Documents and Communications" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in

connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects

to this Request to the extent it seeks documents outside of the Oversight Board's possession,

custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it

seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,

12, 20, 21, 24, 29, and 31 and the specific objections above, the Oversight Board declines to search

for documents responsive to this Request because the Committee is a co-plaintiff in the Fuel Oil

Litigation and thus has less burdensome means for seeking documents responsive to this Request.

## REQUEST NO. 51:

All Documents and Communications relating to the assessment, valuation and investigation of PREPA's Litigation Claims including, for the avoidance of doubt, the Fuel Oil Litigation.

## RESPONSE TO REQUEST NO. 51:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Request as vague and ambiguous insofar as it seeks information regarding "assessment, valuation and investigation of PREPA's Litigation Claims."

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, 25, and 29 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request because the Committee is a co-plaintiff in the Fuel Oil Litigation and thus has less burdensome means for seeking documents responsive to this Request. Additionally, any documents relating to the Oversight Board's "assessment, valuation and investigation" of Litigation Claims, to the extent any exist, would be privileged.

## REQUEST NO. 52:

All Documents concerning any estimate, by the Oversight Board or any other party, of the General Unsecured Claims in Class 7 of the Second Amended Plan, including all documents concerning the number and amount of such claims, the estimate in the Second Amended Disclosure Statement of approximately $800 million in general unsecured claims, all spreadsheets, charts, and analyses created by Oversight Board advisors, including BRG, relating to such estimate, and all drafts of and supporting data and sources for such spreadsheets, charts, and analyses.

## RESPONSE TO REQUEST NO. 52:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 17, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Claims and Class Recovery" in the Plan Depository, to which the Oversight Board also intends to upload a claims report.

## REQUEST NO. 53:

All Documents regarding the estimated rejection damages claim in the event the UTIER CBA is rejected.

**RESPONSE TO REQUEST NO. 53:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

**REQUEST NO. 54:**

All Documents and Communications related to the Oversight Board's determination not to include any PREPA claims in ACR.

**RESPONSE TO REQUEST NO. 54:**

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession,

custody or control. In addition, the Oversight Board objects to this Request on the grounds that it

seeks information that is protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege,

or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

The Oversight Board further objects to the characterization that there has been a "determination"

by the Oversight Board not to include PREPA claims in ACR.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,

12, 20, 21, 28, and 29 and the specific objections above, the Oversight Board states that it has no

non-privileged documents responsive to this Request.

## REQUEST NO. 55:

Documents sufficient to show the number and amount of General Unsecured Claims in
Class 7 that are (i) claims held by suppliers of goods and services, (ii) unliquidated litigation
claims, (iii) claims resulting from judgments and settlements, (iv) claims eligible to be resolved
through the ACR Procedures, (v) grievance claims, (vi) claims owed to employees for salary and
benefits, and (vii) claims held by governmental units or instrumentalities, including Documents
sufficient to show which governmental units or instrumentalities hold such claims.

## RESPONSE TO REQUEST NO. 55:

The Oversight Board objects to this Request to the extent that it does not seek information

proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board also

objects to this Request to the extent it seeks documents outside of the Oversight Board's

possession, custody or control.  In addition, the Oversight Board objects to this Request on the

grounds that it seeks information that is protected by the attorney-client privilege, the attorney

work product doctrine, the deliberative process privilege, the common interest doctrine, the

mediation privilege, or any other applicable privileges, doctrines, or immunities protecting

information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, and 21 and the specific objections above, the Oversight Board directs the Committee to the folder labeled "Claims and Class Recovery" in the Plan Depository, to which the Oversight Board also intends to upload a claims report.

## REQUEST NO. 56:

All Documents concerning the Oversight Board's decisions as to which types of unsecured claims, including those types of claims set forth in the immediately preceding Request, to include in or exclude from Class 7.

## RESPONSE TO REQUEST NO. 56:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to the folders labeled "Settlement between PREPA and Vitol" and "Plan Support Agreement with Fuel Line Lenders" in the Plan Depository, and is willing to investigate this Request further to determine if additional responsive documents exist.

## REQUEST NO. 57:

Documents sufficient to show all payments made by PREPA, the Commonwealth, or any of the Commonwealth's instrumentalities, since the commencement of the Title III Case (i.e., July 2, 2017) to creditors on account of prepetition unsecured claims, to the extent that any such payment or payments to a particular creditor exceeds $100,000 (whether a single payment or the aggregate amount of a series of payments to a particular creditor), including (i) the identity of the recipient of each such payment, (ii) the amount of each such payment and the aggregate amount of all such payments, and (iii) the nature of the services or goods provided or other basis for each such payment.

## RESPONSE TO REQUEST NO. 57:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request to the extent it seeks documents concerning the Commonwealth and its instrumentalities, which are irrelevant to and outside the scope of this proceeding.

Subject to the General Objections identified in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, 19, 21, and 29 and the specific objections above, the Oversight Board states that it is willing to investigate this Request further to determine if responsive documents exist.

## REQUEST NO. 58:

All Documents concerning the basis for PREPA, the Commonwealth, or any of the Commonwealth's instrumentalities (as applicable) paying certain prepetition unsecured claims but not other prepetition unsecured claims following the commencement of the Title III Case (i.e., July 2, 2017), including Documents relating to (i) whether or not the Oversight Board approved of such payments and (ii) the policy considerations underlying the decisions to make such payments.

## RESPONSE TO REQUEST NO. 58:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan. The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control. In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Further, the Oversight Board objects to this Request to the extent it seeks documents concerning the Commonwealth and its instrumentalities, which are irrelevant to and outside the scope of this proceeding.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 19, 21, 28, and 29 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

## REQUEST NO. 59:

All Documents concerning the Oversight Board's analysis, if any, of whether the Second Amended Plan will allow the Debtor to obtain access to capital markets.

## RESPONSE TO REQUEST NO. 59:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan because "access to capital markets" is not a requirement for confirmation under PROMESA or the Bankruptcy Code. The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly

broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21, and 28 and the specific objections above, the Oversight Board directs the Committee to the Plan and the Disclosure Statement.

### REQUEST NO. 60:

All Documents concerning the Oversight Board's assessment of whether or not the Second Amended Plan unfairly discriminates against holders of General Unsecured Claims, including any review or analysis the Oversight Board performed of the recovery rate differentials between different types of unsecured creditors (such as general unsecured creditors, unsecured lenders, and unsecured bondholders) in other bankruptcy cases.

### RESPONSE TO REQUEST NO. 60:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative

process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21, and 28 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 61:

All Documents concerning the Oversight Board's calculation of likely payments under the CVIs.

### RESPONSE TO REQUEST NO. 61:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents" is overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  The Oversight Board further objects to this Request because "likely payments" is vague and ambiguous.

In light of the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 21, and 28 and the specific objections above, the Oversight Board declines to search for documents responsive to this Request.

### REQUEST NO. 62:

All Documents and Communications requested in Document Request numbers 1, 2, 3, 4, 7, 8, 10, 18, 19, 25, 26, 27, 28, 29, 31, and 34 of the Bondholders' Joint Document Request.

### RESPONSE TO REQUEST NO. 62:

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, and 21, as well as the Oversight Board's responses and objections to Bondholders' Joint Document Requests, as set forth in the *Responses and Objections to the Joint Request of the Ad Hoc Group of PREPA Bondholders, et al for the Production of Documents*, and consistent with the Confirmation Procedures Order and past practice, the Oversight Board has made available and will continue to make available on the Depository any document produced to any party in interest in response to Document Requests.

### REQUEST NO. 63:

All Documents produced to any other party in connection with the Second Amended Plan.

### RESPONSE TO REQUEST NO. 63:

Subject to the General Objections identified in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 21, and consistent with the Confirmation Procedures Order and past practice, the Oversight Board has made available and will continue to make available on the Depository any document produced to any party in interest in response to Document Requests.

### REQUEST NO. 64:

All Documents and Communications that You intend to use as exhibits or otherwise rely on at the hearing on confirmation of the Second Amended Plan.

### RESPONSE TO REQUEST NO. 64:

The Oversight Board objects to this Request to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan.  The Oversight Board further objects to this Request because discovery of "[a]ll Documents and Communications" is

overly broad, unduly burdensome, and beyond the scope of legitimate or necessary discovery in connection with the analysis of the confirmability of the Plan.  The Oversight Board also objects to this Request to the extent it seeks documents outside of the Oversight Board's possession, custody or control.  In addition, the Oversight Board objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, the common interest doctrine, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 20, 21, and 31 and the specific objections above, the Oversight Board will make its exhibits and other evidence available in accordance with the procedures and time frame established by the Confirmation Procedures Order.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 7, 2023
New York, New York

Respectfully submitted,
*/s/ Margaret A. Dale*

Martin J. Bienenstock
Paul V. Possinger
Ehud Barak
Margaret A. Dale
Michael T. Mervis
Julia D. Alonzo
Laura Stafford
Javier F. Sosa
(Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and
Management Board, as representative for
PREPA*

*/s/ Hermann D. Bauer*

Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

*Co-Attorneys for the Financial
Oversight and Management Board, as
representative for PREPA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this same date, I caused copies of the foregoing document to be

served on the following counsel of record.

Luc A. Despins, Esq.
G. Alexander Bongartz, Esq.
Will C. Farmer, Esq.
Nicholas Bassett, Esq.
Pedro Jimenez, Esq.
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
willfarmer@paulhastings.com
nicholasbassett@paulhastings.com
pedrojimenez@paulhastings.com

*/s/ Nicole Swanson*
Nicole Swanson