**<u>Exhibit A</u>**

**Proskauer** ≫   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 8, 2023

Margaret A. Dale
Member of the Firm
d +1.212.969.3315
f 212.969.2900
mdale@proskauer.com
www.proskauer.com

<u>VIA EMAIL</u>

Counsel for the Ad Hoc Group of PREPA Bondholders
Counsel for Syncora Guarantee, Inc.
Counsel for Assured Guaranty Corp. and Assured Guaranty Municipal Corp.
Counsel for the PREPA Bond Trustee
Counsel for the Ad Hoc Committee of National Claim Assignees
Counsel for the Official Committee of Unsecured Creditors
Counsel for Unión de Trabajadores de la Industria Eléctrica y Riego, Inc.
Counsel for Sistema de Retiro de Empleados de la Autoridad de Energía Eléctrica
Counsel for the Hon. Rafael Hernández-Montañez and the Hon. José L. Dalmau-Santiago
Counsel for PV Properties, Inc.
Counsel for Creditor Manuel Gonzalez Joy
Counsel for Ahimsa Foundation
Counsel for Instituto de Competitividad y Sostenibilidad Económica de Puerto Rico
Counsel for Comité Diálogo Ambiental, Inc. et al.
Counsel for Asociación de Titulares de Condominios, Inc.

<u>Re: Depositions in PREPA Title III Confirmation, Case No. 17-04780</u>

Dear Counsel:

On behalf of the Financial Oversight and Management Board for Puerto Rico (the "<u>Oversight Board</u>"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("<u>PREPA</u>" or the "<u>Debtor</u>"), we write to inform you that any party intending to ask questions in a particular deposition of an Oversight Board witness must serve a corresponding Notice of Deposition on the Oversight Board in advance.  Failure to provide such notice is prejudicial to the Oversight Board because, without advance notice of which parties intend to question its witnesses, we are unable to properly prepare our witnesses for their depositions.

This position is consistent with my statement near the conclusion of the May 4, 2023, deposition of William Zarakas.  Counsel for UTIER and SREAEE had not filed a notice of deposition of Mr. Zarakas, nor had it been communicated to the Oversight Board that either party intended to question Mr. Zarakas.  Although we proceeded to allow counsel for UTIER and SREAEE to question Mr. Zarakas, I stated on the record that failure to notify the Oversight Board raised due process concerns.  Zarakas Tr. 267:21-269:9.

Going forward, if a party plans to question a witness at deposition, please serve a Notice of Deposition on the Oversight Board sufficiently in advance of the deposition to afford us time to

Proskauer »

Counsel for Parties in Interest
May 8, 2023
Page 2

prepare.  The failure to do so may result in the Oversight Board rejecting the party's effort to question the witness.  Our intention is to file an Informative Motion attaching this letter on the public docket so that all parties are aware of the Oversight Board's position.

Thank you.


Sincerely,

*/s/ Margaret A. Dale*

Margaret A. Dale



cc:
Counsel for SOLA LTD, Solus Opportunities Fund 5 LP, Ultra Master LTD, and Ultra NB LLC
Counsel for National Public Finance Guarantee Corporation
Counsel for Vitol Inc. and Vitol S.A.
Counsel for LUMA Energy, LLC
Counsel for the Puerto Rico Fiscal Agency and Financial Advisory Authority