UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE FINANCIAL OVERSIGHT BOARD AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY**<br><br>**Debtors**[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

**MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE PROOF OF CLAIM FILED ON FEBRUARY 4, 2023 DUE TO LACK OF NOTICE**

*[Space left blank intentionally.]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**TO THE HONORABLE COURT:**

  **COMES NOW**, Acisclo Fossas-Marxuach ("Fossas-Marxuach"), through the undersigned counsel, and respectfully STATES, ALLEGES, and PRAYS:

  1.  Fossas-Marxuach is a former Examining Officer of the Retirement Board of the Government of Puerto Rico and the Judiciary ("the Retirement Board")[2] that was terminated from his employment **on May 31, 2019**, when he was 56 years of age.

  2.  Fossas-Marxuach filed a *Charge of Age Discrimination* before the Equal Employment Opportunity Commission ("EEOC") on February 24, 2020, and received his *Notice of Right to Sue* from the EEOC on July 29, 2021.[3] Then, he filed a *Complaint* against the Retirement Board before this Honorable U.S. District Court **on October 21, 2021**. See Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary, Case No. 21-01513 (CVR), Dkt. #1.

  3.  In the *Complaint* filed before this U.S. District Court, see Case No. 21-01513 (CVR), Fossas-Marxuach alleged that the Retirement Board discriminatorily and illegally terminated him from his employment because of his age, in violation of the *Age Discrimination in Employment Act* ("ADEA") and Puerto Rico Law No. 100 of June 30, 1959 ("Law 100"), and in violation of his procedural due process rights under the 14th Amendment of the United States Constitution. Id. Fossas-Marxuach alleged that he was the oldest Examining Officer at the Retirement Board, and that he was terminated, according to the Retirement Board, because of "performance issues". However, he alleged that said reason was a pretext to discriminate against

---

[2] Pursuant to Puerto Rico Law 106 of August 23, 2017 ("Law 106-2017"), which reformed the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Retirement Board replaced the Board of Trustees as the highest governing body of the ERS. See Laws of P.R. Ann., Tit. 3, §9562.

[3] The EEOC notified both the *Charge of Age Discrimination* and the *Notice of Right to Sue* to the Retirement Board.

him because of his age, because his performance was always excellent, and he was never admonished for anything. Id. at 5, ¶29. Fossas-Marxuach also alleged that after his termination of employment, the Retirement Board hired Examining Officers that are substantially younger than him. Id. at 5, ¶26. Also, Fossas-Marxuach specifically alleged that the facts alleged [in his *Complaint*] "constitute[d] a **willful and malicious violation by the Retirement Board to [his] rights under the ADEA's anti-discrimination provisions, both disparate treatment and disparate impact**. Id. at 8, ¶44. (Emphasis ours).

4. The case was litigated for more than one (1) year and, during said period, the Retirement Board, as representative of the ERS, never raised any argument regarding any applicable stay, never filed any notice informing of any stay, never informed Fossas-Marxuach of anything he needed to do to preserve his claim in light of the Commonwealth of Puerto Rico and/or the ERS's Title III proceedings, and did not even mention PROMESA or the Title III proceedings in any of its filings.[4]

5. Fossas-Marxuach was unaware of the details, deadlines and/or proceedings of the Commonwealth of Puerto Rico's and/or the ERS' Title III cases, because he never received any notice of any of them.[5] This, despite having an active judicial case against the Retirement Board.

6. On October 31, 2022, the presiding U.S. District Judge Hon. Raúl Arias Marxuach, ordered Fossas-Marxuach and the Retirement Board to file memoranda of law, by November 28, 2022, explaining "whether the case should be subject to the PROMESA stay pursuant to 48 U.S.C. § 2161 and 11 U.S.C. §§ 362 and 922." See Case No. 21-01513 (CVR), Dkt. #26. This order took

---

[4] Needless to say, the Retirement Board has always had Fossas-Marxuach's address and contact information, not only because he was a former employee of the Retirement Board, but also because the parties had been actively litigating the case for more than one year.

[5] Up to this date, Fossas-Marxuach has received no notice or instructions of anything he needed or needs to do, nor of any order or notice issued by this Court in the Commonwealth of Puerto Rico's or the ERS' Title III proceedings.

Fossas-Marxuach by surprise because, as mentioned above, he had never, and has never, received any notice, order, or document regarding the Commonwealth of Puerto Rico's and/or the ERS' Title III proceedings.

7. The parties filed their respective memoranda of law on November 28, 2022, as ordered by the U.S. District Court. See Case No. 21-01513 (CVR), Dkt. #27 and 28.

8. In its memorandum of law, filed on November 28, 2022, the Retirement Board argued for the first time that Fossas-Marxuach's case had to be stayed pursuant to 11 U.S.C. §§ 922(a)(1) and 362(a)(3), and that the Commonwealth of Puerto Rico's filing of a petition under Title III of PROMESA "has the automatic, immediate and direct effect of paralyzing any civil action that any natural or legal person has initiated, tries to continue or which requests the execution of a judgment against the Government, while the bankruptcy proceedings are pending before the Court." See Case No. 21-01513 (CVR), Dkt. #27 at 4. Id. The Retirement Board also averred that "[f]or the automatic stay to take effect, no prior notification is required to [creditors], since the filing of the bankruptcy application is enough to produce the automatic stay." Id. at 5.

9. Furthermore, the Retirement Board incorrectly stated that the Claims Bar Date in the Title III proceedings was June 29, 2018, see Case No. 21-01513 (CVR), Dkt. #27 at 6, **even though at that time (*i.e.*, November 28, 2022) the Administrative Expenses Claims Bar Date was January 18, 2023.[6] Therefore, the Retirement Board, not only did not provide any notice to Fossas-Marxuach regarding his obligation to participate and/or file an Administrative Expenses Proof of Claim in the Title III proceedings, but even misled Fossas-Marxuach into believing that the Claims Bar Date had already expired.**

---

[6] **On October 20, 2022, this Honorable Court extended the Administrative Expenses Claims Bar Date until January 18, 2023. See Dkt. #22650.**

10. Nowhere in the Retirement Board's memorandum of law the lack of notice issue was discussed.[7]

11. In his memorandum, Fossas-Marxuach argued that "[t]he stay of litigation [under 11 U.S.C. §362(a)] is limited to actions which could have been commenced **before the commencement of the case** or which are based upon claims that arose **before the commencement of the case**." See Case No. 21-01513 (CVR), Dkt. #28 at 3. Fossas-Marxuach cited abundant case-law which establishes that 11 U.S.C. §362's automatic stay is not applicable to post-petition claims. Id. As to 11 U.S.C. §922, the other provision mentioned by Hon. Raúl Arias Marxuach (RAM) in his Order dated October 31, 2022, see Case No. 21-01513 (CVR), Dkt. #26, Fossas-Marxuach argued that §922' stay also did not apply to his case because he had not presented any action or claim against any "officer or inhabitant of the debtor".[8] See Case No. 21-01513 (CVR), Dkt. #28 at 4-5. Accordingly, Fossas-Marxuach argued that his judicial action against the Retirement Board was not subject to the stay of either Section 362 or Section 922 of the Bankruptcy Code. See Case No. 21-01513 (CVR), Dkt. #28 at 6.

---

[7] Unlike many other cases filed against the Commonwealth of Puerto Rico, in which the Commonwealth of Puerto Rico filed *Notices of Permanent Injunction Staying the Instant Case Under Title III of PROMESA*, no such Notice was filed by the Retirement Board in Fossas-Marxuach's case. In said notices, the Commonwealth of Puerto Rico informs the plaintiff that the Plan established a permanent injunction staying all cases filed prior to the Plan's Effective Date and, therefore, that the courts do not have jurisdiction to entertain the cases and, consequently, that the cases had to be stayed. The Notice, **which was not filed in Fossas-Marxuach's case**, also states that the cases will be managed through the administrative expense claim procedures and cautioned parties with administrative expense claims that the deadline to file their claims would be June 13, 2022. Contrary to many cases in which the Commonwealth of Puerto Rico filed this Notice, the Retirement Board did not file the same in Fossas-Marxuach's case, nor otherwise notified Fossas-Marxuach of his right or obligation to file an administrative expense claim.

[8] 11 U.S.C. §922(a)(1) states that "[a] petition filed under this chapter operates as a stay, in addition to the stay provided by section 362 of this title, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or **proceeding against an officer or inhabitant of the debtor** that seeks to enforce a claim against the debtor[.]"

12. On January 26, 2023, the Retirement Board filed a motion in compliance with order, see Case No. 21-01513 (CVR), Dkt. #32, where it stated that, because Fossas-Marxuach's claim arose before the Effective Date of the Plan, March 15, 2022, and he did not file a Proof of Claim by June 13, 2022, he had allegedly forever waived his claim against the Retirement Board, and asked the U.S. District Court to dismiss Fossas-Marxuach's case with prejudice. Id.

13. On January 27, 2023, this U.S. District Court (CVR) stayed, but did not dismiss, Fossas-Marxuach's case. According to the Court, it stayed the case "pursuant to the arguments made by [the Retirement Board] under PROMESA and the Confirmation Order issued by the Title III Court, applicable to post-petition cases such as the instant case." See Case No. 21-01513 (CVR), Dkt. #36.

14. **On February 4, 2023, Fossas-Marxuach filed an Administrative Expenses Proof of Claim in this case.** See Exhibit 1. The Proof of Claim was filed after the January 18, 2023 Administrative Expenses Proofs of Claim Bar Date, because Fossas-Marxuach never received any notice regarding any deadline to file Proofs of Claims or Administrative Expenses Proofs of Claim in this Title III proceeding. There was no fault of Fossas-Marxuach but, rather, a complete lack of notice and a violation of Fossas-Marxuach's due process.

15. Fossas-Marxuach's failure to file a timely Administrative Expenses Proof of Claim was due to excusable neglect because of a complete lack of notice. "[C]ourts have been most willing to find excusable neglect where the movant failed to comply with the bar date because, through no fault of its own, it had no notice of that date." In re South Atlantic Financial Corp., 767 F.2d 814, 818 (11th Cir.1985), *cert. denied sub nom.* Biscayne 21 Condominium Inc. v. South Atlantic Financial Corp., 475 U.S. 1015 (1986).; In re Arrow Air, Inc., 75 B.R. 375 (Bkrtcy.S.D.Fla.1987). See also In re Pine Associates, Inc., 35 B.R. 49 (Bkrtcy.D.C.Conn.1983)

(excusable neglect established where debtor failed to list creditor so that creditor did not receive notice by mail and lacked actual knowledge of bar date).

16. Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure establishes that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order **or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.**"

17. Excusable neglect exists because there was a complete lack of notice. The Retirement Board failed to comply with its obligation to notify Fossas-Marxuach of the deadline to file Administrative Expenses Proofs of Claim. **Therefore, Fossas-Marxuach respectfully asks the Court to allow his Administrative Expense Proof of Claim filed on February 4, 2023. See Exhibit 1.**

18. Alternatively, Fossas-Marxuach respectfully asks this Honorable Court to deem his *Complaint* against the Retirement Board filed before this same U.S. District Court on October 21, 2021, <u>Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary</u>, Case No. 21-01513 (CVR), **as a timely filed informal Administrative Expenses Proof of Claim**.

> The informal proof of claim doctrine is an equitable doctrine that rescues creditors from untimeliness and permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim. See In re Soares, 380 B.R. at 115 ("Courts ... have recognized the informal proof of claim as an equitable doctrine to ease strict enforcement of the claims bar date.") (citation omitted); see also In re MarchFIRST, Inc., 573 F.3d 414, 418 (7th Cir.2009); In re Thornlimb, 37 B.R. 874, 875 (Bankr.D.R.I.1984). The doctrine is intended to "alleviate problems with form over substance" where a creditor has "failed to adhere to the

strict formalities of the Bankruptcy Code," but has made filings that "put [ ] all parties on sufficient notice that a claim is asserted by a particular creditor." PCFS Fin. v. Spragin (In re Nowak), 586 F.3d 450, 455 (6th Cir.2009) (citation omitted). In the usual context, when a creditor has failed to file a formal proof of claim within the time period set by the court, the creditor will invoke the informal proof of claim doctrine by pointing to a document that meets the requirements for an informal proof of claim, and contending that the late-filed formal proof of claim should be deemed an amendment to the informal proof of claim. See In re Gomes, 525 B.R. 862 (Bankr.D.Mass.2015). Under this doctrine, courts apply "the so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." In re Fish, 456 B.R. at 417 (citations omitted) (internal quotation marks omitted).

. . the First Circuit acknowledges the doctrine of informal proofs of claim[.]

See In re Belser, 534 B.R. 228, 238 (BAP 1st Cir. 2015)

19. Fossas-Marxuach's *Complaint* against the Retirement Board filed before this same U.S. District Court on October 21, 2021 may be considered as a timely filed informal Administrative Expenses Proof of Claim because (1) it was filed before this same U.S. District Court, (2) it was filed before the Administrative Expenses Claims Bar Date expired, (3) it states the existence and nature of the debt, (4) it states the amount of the debt, and (5) it evidences Fossas-Marxuach's intent to hold the Retirement Board liable. See In re Belser, 534 B.R. 228, 239 (BAP 1st Cir. 2015).

## RELIEF REQUESTED

WHEREFORE, Fossas-Marxuach very respectfully requests this Honorable Court to allow and/or accept his Administrative Expenses Proof of Claim filed on February 4, 2023, see Exhibit 1, or alternatively, to accept the *Complaint* he filed against the Retirement Board before this same U.S. District Court on October 21, 2021 as an informal Administrative Expenses Proof of Claim. See Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary, Case No. 21-01513 (CVR), Dkt. #1.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today May 10, 2023.

**I HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and attorneys of record.

<u>**s/ Andrés C. Gorbea-Del Valle**</u>
Andrés C. Gorbea-Del Valle, Esq.
USDC-PR Bar No. 226313
PO Box 195191
San Juan, P.R. 00919-5191
Tel. (787) 217-2234
Email: andres_gorbea@yahoo.com