| UNITED STATES DISTRICT COURT DISTRICT OF PUERTO RICO | ADMINISTRATIVE EXPENSE PROOF OF CLAIM | Administrative Expense Claims Bar Date June 13, 2022 at 5:00 p.m. (AT) |
|---|---|---|

☐ Commonwealth of Puerto Rico / El Estado Libre Asociado de Puerto Rico — Case No. 17-bk-03283 — Petition Date: May 3, 2017

☒ Employees Retirement System of the Government of the Commonwealth of Puerto Rico / El Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico — Case No. 17-bk-03566 — Petition Date: May 21, 2017

☐ Puerto Rico Public Building Authority / El Autoridad de Edificios Públicos de Puerto Rico — Case No. 19-bk-05523 — Petition Date: September 27, 2019

Note: This form should only be used by claimants asserting an Administrative Expense Claim arising against one of the above Debtors on or after the applicable Petition Date through March 15, 2022. THIS FORM SHOULD NOT BE USED FOR ANY CLAIMS THAT ARE NOT OF A KIND ENTITLED TO PRIORITY IN ACCORDANCE WITH 11 U.S.C. §§ 503(b) and 507(a)(2).

**Name of Creditor** (The person or entity to whom the debtor owes money or property)
Acisclo Fossas Marxuach

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your administrative expense claim. Attach copy of statement giving particulars.

Check here if this claim: ☐ replaces or ☐ amends a previously filed administrative expense claim.

Claim Number (if known): _____

**Name and Addresses Where Notices Should be Sent:**
Acisclo Fossas Marxuach
810 calle José Martí
San Juan, P.R. 00907

**Name and Addresses Where Payment Should be Sent (if different):**

Dated: _____

1. **BASIS FOR CLAIM:**
   - ☐ Goods sold
   - ☐ Services performed
   - ☐ Personal Injury/Wrongful Death
   - ☐ Wages (Dates): _____
   - ☐ Money loaned
   - ☐ Taxes
   - ☐ Retiree Benefits as Defined in 11 U.S.C. § 1114(a)
   - ☒ Other (Specify): See #3

2. **DATE DEBT WAS INCURRED (IF KNOWN):** Discriminatory termination was on 05/31/2019; Complaint was filed in federal court on 10/21/2021

3. **DESCRIPTION OF CLAIM (IF KNOWN):**
   Harassment, discrimination, violation of due process, willful misconduct, gross negligence

4. **TOTAL AMOUNT OF CLAIM:** $ 1,500,000 (Total)

5. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

6. **SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. Do not send original documents. If the documents are not available, explain. If the documents are voluminous, attach a summary.

7. **TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: 02/04/2023

Sign and print the name and title, if any, of the creditor or other person authorized to file this Claim (attach copy of power of attorney, if any)

Signature: *Acisclo Fossas Marxuach*
Acisclo Fossas Marxuach (Feb 4, 2023 11:41 AST)

Email: lcdoacisclofossas@yahoo.com

Attach Supporting Documentation (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

[x] I have supporting documentation.
(attach below)

[ ] I do not have supporting documentation.

📎 Attachment

PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.

IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Kroll and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Kroll and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Kroll or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Kroll and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACISCLO FOSSAS MARXUACH<br><br>Plaintiff<br><br>v.<br><br>RETIREMENT BOARD OF THE GOVERNMENT OF PUERTO RICO AND THE JUDICIARY;<br><br>Defendant | CIVIL NO. 21-1513<br><br>RE: AGE DISCRIMINATION; VIOLATION OF DUE PROCESS;<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the Plaintiff, through the undersigned counsel, and respectfully STATES, ALLEGES AND PRAYS:

**I. Nature of the Action**

1. This action is brought by Plaintiff Acisclo Fossas Marxuach (hereinafter "Fossas" or "Plaintiff") against his former employer, the Retirement Board of the Government of Puerto Rico and the Judiciary (hereinafter "the Retirement Board"), for age discrimination and illegal termination of employment in violation of due process.

2. Plaintiff has suffered and is suffering severe economic and emotional damages as a result of Defendant's actions, as alleged herein.

**II. Jurisdiction**

3. This Honorable Court has jurisdiction to entertain this action pursuant to the *Age Discrimination in Employment Act*, as amended, ("ADEA"), Plaintiff also invokes this Honorable

1

Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 167, and seek relief under Puerto Rico Law No. 100 of June 30, 1959 ("Law 100") and under Article 1536 of the Puerto Rico Civil Code.

4. All conditions precedent to jurisdiction under the applicable federal statute have been complied with.

5. Plaintiff filed a Charge of Age Discrimination before the Equal Employment Opportunity Commission ("EEOC") on February 14, 2020, and the Notice of Right to Sue was issued by the EEOC on July 29, 2021. **See Exhibits 1 and 2.**

6. This is the proper venue to bring this action, since the facts relating to the causes of action asserted herein occurred in this District.

### III. Parties

7. Plaintiff is a 59 year-old Puerto Rican male, attorney, married and resident of Puerto Rico.

8. Defendant, the Retirement Board, is an entity separate from the Government of Puerto Rico, created by Puerto Rico Law No. 106 of August 23, 2017 ("Law 106-2017"), with capacity to sue and be sued.

### IV. Factual Allegations

9. Plaintiff began to work in 1991 as a Legislative Advisor at the Puerto Rico Legislative Services Office, where he worked until 2002.

10. On January 31, 2003, Plaintiff was appointed as an Examining Officer at the former Board of Trustees of the Retirement Systems of the Employees of the Government of Puerto Rico and the Judiciary ("Board of Trustees"), now the Retirement Board.

11. The appointment was signed by the President of the former Board of Trustees, CPA Juan López Galarza.

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 5 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 3 of 11

12. Plaintiff's primary role as Examining Officer at the Retirement Board was to resolve the appeals that pensioners, participants, and citizens with interest presented to the Retirement Board challenging the decisions of the Administrator of the Retirement System.

13. The Retirement Board is the highest governing body of the Retirement System, and is responsible, among others, for reviewing the decisions of the Retirement System Administrator that are challenged by citizens adversely affected by them.

14. At the time of his appointment, the position of Examining Officer occupied by Plaintiff was classified as one of trust ("*de confianza*" in Spanish).

15. On May 23, 2016, the Retirement Board, via referendum, approved the "*Regulation for the Administration of Human Resources in the Trust Service*" (hereinafter "the *Regulation*").

16. The *Regulation* is aimed at the internal administration of the Retirement Board, specifically, as it relates to trust employees ("*empleados de confianza*" in Spanish).

17. Section 10.04 of the *Regulation* establishes the process for termination or removal of trust employees. To that end, it provides as follows:

Section 10.04-Separation of Service

1. **The President** may freely remove trust employees from their positions without the filing of charges. The President's decision shall be notified in writing to the employee, but it shall not be necessary to indicate the grounds for such action.

2. **The President may only terminate a trust employee for just cause, after providing written notice of the charges and warning of his/her right to request a formal preliminary hearing, where he/she shall have the opportunity to be heard.** (Emphasis added; translation ours).

18. On May 31, 2019, after working for sixteen (16) years at the Retirement Board as an Examining Officer, **Ms. Irma Y. Suárez, Director of Human Resources and Labor Relations of the Administration of the Retirement System**, not the President of the Retirement

3

Board as required by the *Regulation*, notified Plaintiff in writing of his termination of employment, effective that same day. In said written notification, reference was made to a Certification signed by Mrs. Margarita Cintron Solla, Secretary of the Retirement Board.

19. The Certification signed by the Secretary of the Retirement Board, Margarita Control Solla, states as follows:

> WHEREAS, at a meeting held on May 30, 2019, a report on the status of the Adjudicative Affairs Area of the Retirement Board Office was presented to the members of the Retirement Board, and several situations related to said area's trust personnel were discussed, **including the performance of the Examining Officers**.
>
> THEREFORE, after evaluating the issues brought before the consideration of the Retirement Board in full, the Retirement Board of the Government of Puerto Rico withdraws its trust in the Examining Officers Carina Medina Morales, Solanya Vargas Gonzalez and Acisclo Fossas Marxuach.

20. This certification clearly states that the alleged withdrawal of trust was due to the Examining Officers' performance, that being the alleged just cause for termination.

21. In the Retirement Board's position letter filed before the Equal Employment Opportunity Commission ("EEOC"), the Retirement Board stated that "*Fossas' dismissal was **due to the fact that the appointing authority was dissatisfied with his performance regarding the execution of his work**. This power is at the sole discretion of the Board. The Charging Party's job as Examining Officer is one of extreme trust that affects the creation and implementation of the Board's public policy.*"

22. During the period in which Plaintiff occupied the position of Examining Officer at the Retirement Board, he was evaluated only once by his supervisor Ms. Maritza Incle. In said evaluation, Plaintiff obtained a result of 108 points, which is considered an outstanding score. Also, according to his employee file, Plaintiff was an excellent all-around employee.

4

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 7 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 5 of 11

23. Both the Certification and the Retirement Board's position letter filed before the EEOC establishes that Plaintiff's performance was the alleged "just cause" for his termination.

24. Because Plaintiff's termination was allegedly based on his performance, Plaintiff had a right to a hearing before his termination, pursuant to the *Regulation*. Said right was violated by the Retirement Board.

25. Plaintiff was the oldest Examining Officer at the Retirement Board. At the time of his termination, Plaintiff was 56 years old.

26. After Plaintiff's termination, the Retirement Board hired Examining Officers that are substantially younger than Plaintiff.

27. There were two other Examining Officers that were terminated the same day that Plaintiff was terminated, also for alleged performance issues. These other two Examining Officers, however, incurred in protected conduct under the Puerto Rico Anti-Retaliation statute, P.R. Law No. 115-1991 prior to their terminations, and their terminations were in retaliation for engaging in protected conduct. Currently, they have a judicial action against the Retirement Board in local court.

28. Plaintiff, however, did not incur in any protected conduct under any anti-retaliation statute. Plaintiff, instead, was discriminatorily and illegally terminated, in violation of the Retirement Board's own *Regulation*, because of his age.

29. Plaintiff's alleged performance issue is an inconsistent and incoherent pretext to discriminate against him because of his age, as his performance was always excellent and he had never been admonished regarding anything.

30. Prior to his termination, Plaintiff was moved from an office to a cubicle, without privacy nor space, thus affecting his work environment and productivity. Also prior to his

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 8 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 6 of 11

termination, Plaintiff began to experience a pattern of extreme vigilance and unjustified intervention with his duties from the Retirement System Administrator, Luis M. Collazo Rodríguez and/or his staff. This, even though the decisions that Plaintiff, as Examining Officer, had to review were the ones issued by the Retirement System Administration, thus creating a conflict of interest and a hostile work environment.

31. Also, for at least one year before Plaintiff's termination, the Retirement Board began to encourage and emphasize on the use of computer programs to carry-out the Examining Officer's duties in a quicker fashion. Because of Plaintiff's age, this practice, custom or policy affected Plaintiff, and older employees, more than other younger Retirement Board's employees or Examining Officers because Plaintiff and older people are not so good using computer programs.

32. Likewise, the Retirement System Administrator, improperly directed the Retirement Board's Examining Officers, including Plaintiff, to issue shorter decisions, and to summarize the evidence, instead of discussing the same in detail. These were improper instructions since the Retirement System Administration is the respondent party in the appeals that are decided by the Examining Officers. Therefore, there is a clear conflict of interest in the Retirement System Administrator intervening and giving instructions to the Retirement Board's Examining Officers. These instructions also affected older Examining Officers, such as Plaintiff, known to issue longer and more detailed decisions.

33. The ADEA prohibits intentional discrimination against older workers (known as "disparate treatment"). However, the ADEA also prohibits practices that, although facially neutral with regard to age, have the effect of harming older workers more than younger workers (known

as "disparate impact"). In this case, Plaintiff is asserting both disparate treatment and disparate impact claims against the Retirement Board.

34. In Board of Regents vs. Roth, 408 U.S. 564, (1972), the United States Supreme Court state that the liberty guaranteed by the Fourteenth Amendment of the U.S. Constitution included "not merely freedom from bodily restraint, **but also the right of the individual to contract, to engage in any of the common occupations of life**, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized (...) as essential to the orderly pursuit of happiness by free men. In a Constitution for a free people, there can be no doubt that the meaning of 'liberty' must be broad indeed. **Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and the opportunity heard is essential.**" Id. at 571.

35. The Constitutions of the United States and Puerto Rico guarantees a person's right to his/her good name, reputation, honor and integrity.

36. Plaintiff is an individual who has safeguarded and has always cared about his professional reputation, integrity and honor. For almost three decades, Plaintiff has been an excellent public servant with an unblemished record and reputation.

37. Plaintiff's discriminatory and illegal termination, allegedly based on performance issues, without providing Plaintiff the opportunity to be heard, as per Defendant's own regulations, and without providing Plaintiff any type of due process, constitutes an abusive and unfounded attack to Plaintiff's honor, integrity and reputation, which is protected under the Constitutions of Puerto Rico and the United States.

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 10 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 8 of 11

39. Plaintiff's discriminatory and illegal termination, because of his age and without due process, caused, and is causing, him severe economic damages, which are estimated in excess of $1,000,000.00. These damages include, but are not limited to, loss of salary and benefits.

40. Plaintiff's discriminatory and illegal termination, because of his age and without due process, caused, and is causing, him severe emotional damages, which are estimated in no less than $500,000.00. These damages include, but are not limited to, severe depression, uncertainty about the future, anger, shame, sadness, insomnia, damages to his reputation, and loss of quality of life.

## V. Causes of Action

### A. First Cause of Action – Age Discrimination under ADEA

41. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

42. The ADEA provides that "[i]t shall be unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623(a)(1). (Disparate treatment).

43. The ADEA also provides that "[i]t shall be unlawful for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. Sec. 623(a)(2). (Disparate impact).

44. The facts alleged herein constitute a willful and malicious violation by the Retirement Board to Plaintiff's rights under the ADEA's anti-discrimination provisions, both disparate treatment and disparate impact.

8

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 11 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 9 of 11

45. As a result of the Retirement Board's discriminatory termination of Plaintiff's employment, Plaintiff has suffered, and will continue to suffer, economic damages estimated in no less than $1,000,000.00, including but not limited to loss of salary and benefits.

**B. Second Cause of Action – Age Discrimination under PR Law 100**

46. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

47. PR Law 100 provides, in pertinent part, that "[a]ny employer who . . . discriminates against an employee with regards to his salary, wage, pay or remuneration, terms, rank, conditions or job privileges, or who fails or refuses to hire or rehire a person, or who limits or classifies his employees in any way which deprives a person of employment opportunities or affects his employee status on the grounds of age, as defined below, . . . or national origin . . . [s]hall incur in civil liability [f]or a sum equal to twice the amount of damages sustained by the employee . . . on account of such action[.]" 29 L.P.R.A. 146(a)(1).

48. The facts alleged herein constitute age discrimination under PR Law 100.

49. As a result of the Retirement Board's discriminatory termination of Plaintiff's employment, Plaintiff has suffered, and will continue to suffer, economic damages in excess of $1,000,000.00, and emotional damages estimated in no less than $500,000.00.

**C. Third Cause of Action – Illegal Termination in Violation of Due Process**

50. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

51. As alleged above, the Retirement Board's *Regulation* establishes the process for termination or removal of trust employees. Specifically, Section 10.04 establishes that "[t]he President may only terminate a trust employee for just cause, after providing written notice of the charges and warning of his/her right to request a formal preliminary hearing, where he/she shall have the opportunity to be heard."

52. In this case, Plaintiff was terminated from his employment, a trust position, not by the President of the Retirement Board, but by the Director of Human Resources and Labor Relations, alleging performance issues, but without providing him written notice of the charges, nor warning of his right to request a formal preliminary hearing, in violation of the Retirement Board's own *Regulation*.

53. Plaintiff's illegal termination, in violation of due process, has caused, and is still causing him, severe economic damages which are estimated in no less than $1,000,000.00.

54. Plaintiff's illegal termination, in violation of due process, has caused him, and is still causing him, severe emotional damages, which are estimated no less than $500,000.00.

## VI. Relief

**WHEREFORE**, Plaintiff prays to this Honorable Court to:

1. Grant this Complaint in its entirety;

2. Order Defendant to make Plaintiff whole by granting compensation for his loss of income, back pay, front pay and loss of benefits in an amount not less than $1,000,000.00;

3. Award Plaintiff compensation for his emotional damages in the amount of no less than $500,000.00;

4. Award Plaintiff compensatory damages in the amount of $1,000,000.00;

5. Order Plaintiff's reinstatement in his employment;

6. Award Plaintiff punitive damages and double damages;

7. Award Plaintiff the costs of this action, together with reasonable attorney's fees.

8. Award Plaintiff prejudgment interest.

9. Grant Plaintiff such other relief as this Honorable Court deems appropriate and just.

A jury trial is requested.

**RESPECTFULLY SUBMITTED.**

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 13 of 16
Case 3:21-cv-01513 Document 1 Filed 10/21/21 Page 11 of 11

In San Juan, Puerto Rico, on October 21, 2021.

                                                 **s/ Andrés C. Gorbea Del Valle**
                                                 Andrés C. Gorbea Del Valle
                                                 *Plaintiff's counsel*
                                                 USDC-PR Bar No. 226313
                                                 PO Box 195191, San Juan, PR00919
                                                 (787) 217-2234
                                                 andres_gorbea@yahoo.com

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 515-2020-00192 |

Puerto Rico Dept. Of Labor - Antidiscrimination Unit and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Acisclo Fossas Marxuach | (787) 638-3768 | 1962 |

Street Address: Calle Jose Marti 810, San Juan, PR 00907

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO | 500 or More | (787) 754-4545 |

Street Address: PO Box 40316, San Juan, PR 00940

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-31-2019   Latest: 05-31-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Yo comence a trabajar para el patrono en abril de 2003. Mi posicion era Oficial Examinador. Mi desempeno siempre ha sido satisfactorio. Sin embargo, fui despedido el 31 de mayo de 2019. El patrono me remplazo por empleados mas jovenes que yo.

Solicito por este medio ser reinstalado en mi empleo, compensacion por perdiodad de ingresos, por las angustias y sufrimientos emocionales asi como cualquier otro remedio al que tenga derecho por ley.

Yo creo que he sido discriminado por causa de mi edad-56, en violacion a la ADEA, segun enmendada.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb 14, 2020
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 15 of 16
Case 3:21-cv-01513 Document 1-2 Filed 10/21/21 Page 1 of 2

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Acisclo Fossas Marxuach<br>Calle Jose Marti 810<br>San Juan, PR 00907 | From: | San Juan Local Office<br>525 F D Roosevelt Ave<br>1202 Plaza Las Americas<br>San Juan, PR 00918 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*<br>      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 515-2020-00192 | Carlos Gonzalez,<br>Investigator | (787) 520-5616 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)      *[signature]* Digitally signed by William R. Sanchez Date: 2021.07.29 09:28:00 -04'00'      July 29, 2021

                       **William R. Sanchez,**      *(Date Issued)*
                       **Local Office Director**

cc:    Raquel Torres<br>
       Legal Counsel<br>
       C/O JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br>
       1126 Ashford Avenue<br>
       Suite C10<br>
       Condado, PR 00907

Case:17-03283-LTS Doc#:24183-1 Filed:05/10/23 Entered:05/10/23 14:43:23 Desc:
Exhibit Administrative Expenses Proof of Claim Page 16 of 16
Case 3:21-cv-01513 Document 1-2 Filed 10/21/21 Page 2 of 2

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*