**Exhibit A**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE BAYAMÓN
SALA SUPERIOR**

| | |
|---|---|
| **P.R. AGRO-TERRA INTERNATIONAL** | CIVIL NÚM.: **DAC 2009-0978 (506)** |
| Demandante | |
| v. | |
| **SECRETARIO DE HACIENDA; ESTADO LIBRE ASOCIADO DE PUERTO RICO** | **SOBRE:** **ACCION CIVIL, NULIDAD DE ACTUACIONES, DEBIDO PROCESO DE LEY** |
| Demandados | |

**SENTENCIA**

El caso de autos tuvo sus inicios el 29 de abril de 2009, con la presentación de una *Demanda* por parte P.R. Agro-Terra International, en contra del Secretario de Hacienda (Hacienda) y el Estado Libre Asociado de Puerto Rico (ELA). La parte demandante alegó violaciones a sus derechos constitucionales por parte de Hacienda, al notificarle deudas y deficiencias contributivas inexistentes. Solicitó la eliminación inmediata de todos los cómputos, números, deudas y que eliminen de sus libros y computadoras toda reclamación en su contra. Afirmó que las actuaciones de los demandados eran nulas e ilegales y que a su vez, violaban el debido proceso de ley, estatutario y constitucional. Manifestaron que no tienen deficiencia alguna, para año alguno y que nada adeuda a los demandados. Por esto, solicitó que se declare ha lugar la demanda presentada.

Desde el 2009, este tribunal tiene admitidos en evidencia tres documentos a favor de la parte demandante: la Forma SC 2898, presentada el 19 de abril de 2001, en el Departamento de Hacienda, estableciendo la última dirección conocida del demandante y notificándola al Secretario de Hacienda de Puerto Rico; una Certificación de Agricultor *Bona Fide,* conforme a la Ley de Incentivos Contributivos Agrícolas de Puerto Rico y su Reglamento, aprobado por el Gobernador, el Secretario de Hacienda y el Secretario de Agricultura de

Puerto Rico; y el Informe Final del Auditor Independiente para el Secretario de Agricultura y el Secretario de Hacienda, evidenciando y en la cual concluyeron que P.R. Agro-Terra International, sus accionistas e inversionistas, cumplieron con todas las normas contributivas y los requisitos pertinentes de la Ley de Incentivos Contributivos Agrícolas de Puerto Rico y su Reglamento[1].

El 18 de septiembre de 2009, este tribunal, mediante el Hon. Juez Misael Ramos Torres, dictó Sentencia Final a favor de la parte demandante y sus personas relacionadas, la cual fue notificada a todas las partes el 23 de septiembre de 2009. En dicha Sentencia, este tribunal declaró Con Lugar la demanda y anuló y dejó sin efecto todo escrito, cómputo, tasación, deuda y gestión de cobro "que exista o pueda existir del Secretario de Hacienda contra la parte demandante." Por otro lado, el ELA, presentó un recurso de *Certiorari*, ante el Tribunal de Apelaciones y dejó sin efecto dicha Sentencia.

El 10 de mayo de 2012, compareció la parte demandada a la toma de su deposición, mediante el funcionario Leonardo Galloza Ocasio, en representación y a nombre del Secretario de Hacienda y como la persona que tiene el mayor conocimiento sobre las situaciones de este caso. Dicho funcionario admitió que la parte demandada no tenía y nunca había tenido evidencia para refutar las alegaciones en la *Demanda* de falta de notificación y que no tenían evidencia o información para refutar las determinaciones de violaciones al debido proceso de ley hechas en la Sentencia Final del 18 de septiembre de 2009.[2] A raíz de esas admisiones juramentadas, el Departamento de Hacienda, mediante el mismo funcionario, Leonardo Galloza, y otros funcionarios prepararon el Modelo SC 2625, *Memorando de Cancelación*, el 14 de noviembre de 2012, en cual se reconoce que P.R. Agro-Terra es una corporación exenta y de manera final y firme afirma y determina que deja sin efecto las imputaciones respecto el año 1999, por cuanto el Secretario de Hacienda, aquí demandado, incurrió: *"En incumplimiento con el*

---

[1] Refiérase a la *Moción Urgente… y para Introducir Documentos en Evidencia,* presentada el 2 de julio de 2009, por la parte demandante.
[2] Véase Exhibit 1, *Transcripción Oficial de Procedimientos ante el Estado Libre Asociado de Puerto Rico,* y Exhibit 2, *Memorando de Cancelación y Ajuste de deuda* (observaciones, emitido el 14 de noviembre de 2012), de la *Moción Suplementaria,* presentada el 21 de octubre de 2013, por la parte demandante.

*debido proceso de Ley por la falta de notificación de la deficiencia, según Sección 6002 y por la prescripción de la misma según la Sección 6005 del Código de Rentas Internas de 1994".*[3]

El 7 de septiembre de 2012, en la *Conferencia con Antelación al Juicio* celebrada, la representación legal de la parte demandada, Lcdo. Carlos M. Fontán Meléndez, informó a este tribunal que las partes habían llegado a un acuerdo. Las partes aclararon e informaron que el acuerdo cubría todos y cada uno de los años "desde el 1996 hasta el presente." El Secretario de Hacienda determinó y acordó un *"Closing Agreement"*[4] con P.R. Agro-Terra International, sus accionistas e inversionistas.[5]

A tenor con lo anterior, el 23 de septiembre de 2013, se celebró una *Vista* en la cual las partes, en este caso, manifestaron que estaban de acuerdo en que procede dictar Sentencia. El 8 de marzo de 2013[6], el Secretario de Hacienda determinó e informó a este Tribunal que P.R. Agro-Terra, no tiene deudas tasadas por concepto de contribución sobre ingresos, por patronal y/o por arbitrios. El Secretario de Hacienda, aquí demandado, ha determinado que P.R. Agro Terra International nada adeuda al erario público.[7]

Analizado lo anterior, así como del expediente en su totalidad, el tribunal formula las siguientes:

**DETERMINACIONES DE HECHOS**

1. Las partes acordaron el cierre, de todos los años, de P.R. Agro-Terra International, desde el año 1996, hasta el presente. Sin limitación alguna, los años 1996 al 2003, con sus respectivas pérdidas, están

---

[3] Véase, Exhibit 2, *Memorando de Cancelación y Ajuste de deuda* (observaciones, emitido el 14 de noviembre de 2012), de la *Moción Suplementaria*, presentada el 21 de octubre de 2013, por la parte demandante.
[4] Véase, *Moción en Cumplimiento de Orden*, presentada el 23 de mayo de 2013, por el Estado Libre Asociado de Puerto Rico, el "*Closing Agreement*" es el Plan de Amnistía, Ley 218-2011 y sus anejos.
[5] Refiérase a la *Minuta y Orden*, de la *Conferencia con Antelación al Juicio*, celebrada el 7 de septiembre de 2012.
[6] Refiérase a la *Moción en Cumplimiento de Orden*, presentada el 25 de marzo de 2013, por la parte demandada el Estado Libre Asociado de Puerto Rico, Anejos 1 y 2.
[7] Véase, *Moción en Cumplimiento de Orden*, presentada el 7 de noviembre de 2012, por la parte demandada el Estado Libre Asociado de Puerto Rico, Anejo 1, *Certificación Negativa de Deuda*, emitida el 14 de noviembre de 2012, por el Departamento de Hacienda.

incluidos en los años permanentemente cerrados por el Secretario de Hacienda y acordados por las partes en este caso[8].

2. El Secretario de Hacienda de Puerto Rico, emitió una Certificación a favor de P.R. Agro-Terra International, sus accionistas e inversionistas que estos pagaron la cantidad global de $47,639.00, por dicho acuerdo final.[9]

3. Toda imputación contra P.R. Agro-Terra International, inclusive toda tasación, quedó eliminada de inmediato y sin efecto al 15 de junio de 2012.

4. P.R. Agro-Terra nada adeuda al erario público.

5. El Secretario de Hacienda quedó obligado a expedir y expedirá las acordadas certificaciones negativas de toda deuda y las cancelaciones totales, respecto a todos los años.

6. Las partes admitieron como evidencia, aprobada por el tribunal:[10]

   a. La Forma SC2898 del 19 de abril de 2001, Certificación de Agricultor *Bona Fide* a favor del demandante;

   b. El Informe Final del Auditor Independiente para el Secretario de Hacienda y el Secretario de Agricultura.

   c. La carta del 8 de enero de 2004, del Banco Santander a la parte demandada;

   d. La carta del 8 de enero de 2004, de Doral Financial Corporation a la parte demandada;

   e. El Memorando de Cancelación a favor de P.R. Agro-Terra International del 14 de noviembre de 2012;

   f. Los escritos presentados por la parte demandante, respecto a la toma de deposición a la parte demandada el 10 de mayo de 2012; y

   g. El *Closing Agreement*[11] del 15 de junio de 2012.

---

[8] Véase, *Moción en Cumplimiento de Orden*, presentada el 7 de noviembre de 2012, por la parte demandada el Estado Libre Asociado de Puerto Rico, Anejo 1, *Certificación Negativa de Deuda*, emitida el 14 de noviembre de 2012, por el Departamento de Hacienda.

[9] Véase, *Moción en Cumplimiento de Orden*, presentada el 25 de marzo de 2013, por el Estado Libre Asociado de Puerto Rico, Anejo 1 *Certificación* y Anejo 2, *Memorando de Cancelación*.

[10] Véase Minuta de la *Vista*, celebrada el 23 de septiembre de 2012; y la *Moción Solicitando Introducción de Evidencia de Acuerdo-13 L.P.R.A. sec.8126*, presentada el 2 de julio de 2013, por la parte demandante.

[11] Plan de Amnistía, Ley 218-2011.

## CONCLUSIONES DE DERECHO

La Constitución de Puerto Rico, en su *Sección 7 del Artículo II*, reconoce como derecho fundamental de toda persona el derecho a la vida, a la libertad y al disfrute de la propiedad. Ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, y no se puede negar en Puerto Rico a persona alguna la igual protección de las leyes. No se aprobarán leyes que menoscaben las obligaciones contractuales. Las leyes determinarán un mínimo de propiedad y pertenencias no sujetas a embargo. Específicamente, la *Sección 10 del Artículo II de la Constitución de Puerto Rico,* protege a todas las personas contra registros, incautaciones y allanamientos irrazonables que puedan afectar sus personas, casas, papeles y efectos. La *Sección 19 del Artículo II de la Constitución de Puerto Rico*, dispone la interpretación liberal y extensiva de los derechos constitucionales a favor de las personas.

En *Rivera Santiago v. Secretario de Hacienda*, 119 D.P.R. 265, 268 (1987), el Tribunal Supremo de Puerto Rico reiteró que: "El cobro de contribuciones por el Estado no es irrestricto. Está sujeto a trámites mínimos del 'debido proceso de ley', a la exigibilidad y validez de la deuda, y a los términos prescriptivos dispuestos en los diversos estatutos. Citando a *Carazo v. Srio. de Hacienda,* 118 D.P.R. 306 (1987)."

En *BBC Realty v. Secretario de Hacienda,* 166 D.P.R. 498, 511, 511-512 (2005), el Tribunal Supremo expresó que: "[e]s principio cardinal de la jurisdicción del Estado Libre Asociado de Puerto Rico que la legislación contributiva no se habrá de interpretar de forma extensiva. Por el contrario, ésta debe interpretarse de una forma justa, para así cumplir con sus propios y expresos términos. Obrar de otra forma violentaría principios básicos, de raíces firmes, en la jurisprudencia y el ordenamiento civil puertorriqueño. Es regla de hermenéutica que cuando el propósito de imponer una contribución no es claro, la duda debe resolverse a favor de la no imposición de ésta. En aquellos casos en que una ley que impone contribuciones, impuestos o arbitrios es ambigua, carente de un lenguaje claro que advierta sobre la intención del

legislador, ésta se debe interpretar restrictivamente en contra del Estado y a favor del ciudadano".

En lo pertinente, las actuaciones del Secretario de Hacienda, no pueden ser arbitrarias, infundadas o irracionales. *Rossi v. Tribunal de Contribuciones*, 66 D.P.R. 425, 429, 430 (1946): "[E]l tasador ... sin base para ello, preparó una tasación." "No existiendo tasación válida alguna por parte del Tesorero, la contribución fijada en base de esa supuesta tasación es ilegal." *Orsini García v. Srio. de Hacienda,* 177 D.P.R. 596, 642 (2009).

A su vez, el Secretario de Hacienda está obligado a respetar y a cumplir la Carta de Derechos del Contribuyente, 13 L.P.R.A. sec. 8012, y las Constituciones de Puerto Rico y de los Estados Unidos. Ninguna ley autoriza al Tesorero a entablar un litigio contra personas que no adeudan contribuciones. *Durlach Bros. v. Domenech, Tesorero,* 47 D.P.R. 654, 657 (1934): "El Tesorero de Puerto Rico no actúa como funcionario público si trata de cobrar de cualquier persona una contribución que en manera alguna dicha persona adeuda." 13 L.P.R.A. sec. 8022(a)(10). *Commissioner v. Shapiro,* 424 U.S. 614, 629 (1976); *Laing v. United States,* 423 U.S. 161 (1976); *Fuentes v. Secretario de Hacienda,* 80 D.P.R. 203, 207 (1958); *Mayagüez Sugar Co. v. Tribunal de Apelación,* 60 D.P.R. 753, 767 (1942); *Rivera Santiago v. Secretario de Hacienda,* 119 D.P.R. 265, 268, 273 (1987); *Rullán v. Fas Alzamora,* 166 D.P.R. 742, 776, 777 (2006).

Están admitidos en evidencia desde el principio de este caso en este Tribunal la Forma SC2898 del 19 de abril de 2001, la Certificación de Agricultor *Bona Fide* a favor del demandante, y el Informe Final del Auditor Independiente para el Secretario de Hacienda y el Secretario de Agricultura. Evidencia admitida tiene que ser considerada. *Viera v. Sucesión Goitía,* 60 D.P.R. 653, 655 (1942). Este Tribunal además admitió en evidencia: la carta del 8 de enero de 2004, del Banco Santander a la parte demandada, la carta del 8 de enero de 2004, de Doral Financial Corporation a la parte demandada, el Memorando de Cancelación a favor de P.R. Agro-Terra International, del 14 de noviembre de 2012, los escritos presentados por la parte demandante

respecto a la toma de deposición a la parte demandada el 10 de mayo de 2012, y el *"Closing Agreement"* del 15 de junio de 2012. Este Tribunal aprobó el *"Closing Agreement"* y los acuerdos de las partes en este caso.

En el caso de autos, la parte demandante, P.R. Agro-Terra International, es y ha sido agricultor *bona fide*, conforme a la Ley de Incentivos Contributivos Agrícolas de Puerto Rico, 13 L.P.R.A. secs. 10401-10409, y su Reglamento aprobado por el Gobernador, el Secretario de Hacienda y el Secretario de Agricultura de Puerto Rico. A su vez, P.R. Agro-Terra International, sus accionistas e inversionistas, tienen derecho a los créditos, las exenciones y los otros beneficios de la *Ley de Incentivos Contributivos Agrícolas de Puerto Rico* y su reglamentación. Entre dichas exenciones está la exención de 90% sobre ingresos, 13 L.P.R.A. sec. 10408. El Secretario de Agricultura expidió certificaciones válidas de agricultor *bona fide* a su favor. Esta certificación consta en evidencia a través de todo este caso, tal y como indica la *Ley de Incentivos Contributivos Agrícolas de Puerto Rico,* 13 L.P.R.A. sec. 10404, a saber:

> "La certificación expedida por el Secretario de Agricultura de Puerto Rico constituirá evidencia suficiente y fehaciente ante toda persona privada o pública, incluyendo ante el Gobierno de Puerto Rico, sus ramas de Gobierno, las agencias e instrumentalidades públicas, los municipios y las corporaciones públicas, de que la persona a favor de la cual está expedida esa certificación es un agricultor *bona fide* con derecho a las exenciones, deducciones, créditos y otros beneficios o derechos de este capítulo."

El Artículo 2 de la Ley de Incentivos, *supra*, 13 L.P.R.A. sec. 10401, establece como política pública de Puerto Rico, y estatuye, manda y ordena "la eliminación de cargas, restricciones, costos, contribuciones sobre la propiedad mueble e inmueble, arbitrios, y toda otra clase de contribuciones o imposiciones sobre los agricultores *bona fide* y los negocios de agricultores *bona fide*".

A través de la evidencia presentada quedó demostrado que el Secretario de Hacienda violó el Artículo II sec. 10 de la Constitución de Puerto Rico y basó sus imputaciones en contra de P.R. Agro-Terra International, en documentos e

información ilegalmente e inconstitucionalmente obtenidos. A su vez, se desprende que la parte demandada no cumplió con los requisitos constitucionales para el registro de las cuentas bancarias y financieras de P.R. Agro-Terra International.

En *Rullán v. Fas Alzamora*, 166 D.P.R. 742, 774 (2006), quedó establecido que: "El demandado cuando emite citación con el propósito de requerir información de terceros y se trata de información protegida por el derecho a la intimidad" "tiene que notificar, con una copia de la citación, a la persona investigada. Este mecanismo pretende asegurar que en estos casos los tribunales tengan la oportunidad de evaluar la razonabilidad del requerimiento y determinar su procedencia, si quien es investigado se siente agraviado en su derecho a la intimidad y decide impugnarlo. Mediante dicho trámite, se asegura que una figura neutral pueda evaluar la razonabilidad de tal requerimiento en protección del derecho a la intimidad de las personas."

En *ELA v. Coca Cola Bottling Co.*, 115 D.P.R. 197, 217 (1984), nuestro Tribunal Supremo estableció que: "Las solicitudes para la autorización de registros no pueden ser peticiones a los magistrados para que efectúen, sin base suficiente, actos de fe. Tales solicitudes tienen que fundarse en hechos concretos, particularizados, que le permitan al juez desempeñar adecuadamente su delicada función. Si la inspección corresponde a un programa, ésta debe describirse y la solicitud explicar cómo el registro requerido forma parte de él."

Asimismo, en *Blassini Cabassa v. Departamento de Recursos Naturales*, 176 D.P.R. 454, 462 (2009), nuestro más Alto Foro expresó que: "La Constitución de Puerto Rico se extiende a todo tipo de registro, sean éstos civiles, administrativos o penales." "Lo que este Tribunal no va a permitir es que [...] se infrinjan derechos tan fundamentales como lo es el derecho constitucional a la intimidad."

Las imputaciones de los demandados en contra de P.R. Agro-Terra International fueron realizadas de manera arbitraria. La parte demandada no podía utilizar información o documentación alguna, respecto a P.R. Agro-Terra

International, en ningún proceso sin observar que se cumpliera el debido proceso de ley, por cuanto dicha documentación e información fue ilegalmente e inconstitucionalmente obtenida por los demandados. Toda esa documentación tiene que ser suprimida. La Constitución de Puerto Rico, en su Artículo II sec. 10 expresamente dispone que: *"Evidencia obtenida en violación de esta sección será inadmisible"*.

Del expediente surge que las imputaciones de la parte demandada carecen de fundamento o base y son arbitrarias. *Janis v. United States*, 428 U.S. 433, 49 L. Ed. 2d 1046, 1052, 1053, 1054 (1976):'(T)he assessment 'was based in substantial part, if not completely, on illegally procured evidence ... in violation of (respondent's) Fourth Amendment rights to be free from unreasonable searches and seizures.'" "What we have is a 'naked' assessment without any foundation whatsoever if what was seized ... cannot be used in the formulation of the assessment." 'Certainly, proof that an assessment is utterly without foundation is proof that it is arbitrary and erroneous.'"

Nuestro Tribunal Supremo, estableció en *Toll y Sucn. Rivera Rojas v. Adorno Medina*, 130 D.P.R. 353, 360, 361 (1992):

> [N]o albergamos dudas de que, como mínimo, la regla de exclusión aplica por mandato constitucional en las siguientes instancias de litigación civil: cuando el Gobierno es parte en el caso y la evidencia ha sido obtenida mediante registro e incautación ilegal atribuible a un funcionario o agente gubernamental; si fue obtenida por una persona particular en confabulación con un funcionario o agente gubernamental; si fue obtenida mediante violencia o brutalidad, o si constituyó una intromisión a la zona de intimidad constitucionalmente protegida.
>
> La Sec. 10 del Art. II de la Constitución del E.L.A., L.P.R.A., Tomo 1, incluso la regla de exclusión de evidencia obtenida en violación de esa sección, opera principalmente contra el Estado. Esa protección no se limita a casos criminales, pues se aplica a todo pleito judicial en que el Gobierno sea parte.

Las imputaciones respecto el año 1999, en contra de P.R. Agro-Terra International, fueron reconocidas finalmente por el Secretario de Hacienda como nulas y prescritas. El Secretario de Hacienda canceló esas imputaciones

por incumplimiento con el debido proceso de ley y por prescripción. 13 L.P.R.A. sec. 8129. Esa cancelación también aplica a los años anteriores. *A fortiori* las imputaciones respecto los años anteriores también son nulas y estaban prescritas. 13 L.P.R.A. sec. 8025(a): "El monto de contribuciones o impuestos [...] será tasado dentro de cuatro (4) años". Por esto, las tasaciones e imputaciones de deficiencia referente a los años 1997, 1998 y 1999 de P.R. Agro-Terra International Corp., están cancelados y quedan cancelados por prescripción y por las violaciones constitucionales y estatutarias de los demandados, al debido proceso de ley. Dichas cancelaciones por prescripción y por violaciones al debido proceso de ley no pueden ser alteradas, cambiadas o reducidas por "funcionario o empleado o agente alguno del Estado Libre Asociado de Puerto Rico." 13 L.P.R.A. sec. 8126(b)(1).

Además, el Secretario de Hacienda nunca hizo las requeridas notificaciones a la última dirección conocida del demandante. *Ramos v. Secretario de Hacienda,* 88 D.P.R. 424, 428 (1962): "(S)e ha resuelto que la omisión de notificar la deficiencia dentro del término de 30 días produce la nulidad de la tasación de la contribución en peligro." Para los años 1996 al 2003, P.R. Agro-Terra International tuvo pérdidas; dichas pérdidas son deducciones de negocio arrastrables por los siete (7) años siguientes. 13 L.P.R.A. sec. 8524(b)(1).

De los autos surge que P.R. Agro-Terra International, sus accionistas e inversionistas, inducidos por el seguro del Secretario de Hacienda, pagaron al Secretario de Hacienda, y el Secretario de Hacienda aceptó, la cantidad global de $47.639.00, por el *Closing Agreement* del 15 de junio de 2012. A su vez, P.R. Agro-Terra International, sus accionistas y inversionistas, tienen derechos adquiridos y estos no pueden ser menoscabados, tomados o perjudicados. Artículo II secs. 7 y 8 de la Constitución de Puerto Rico. *Lynch v. United States,* 292 US. 571, 579 (1934); *United States v. Winstar Corp.,* 518 U.S. 839, 912, 913 (1996).

Por otro lado, el Secretario de Hacienda está impedido de ir contra sus propios actos. *García Colón v. Srio. de Hacienda,* 99 D.P.R. 779, 785-786

(1971), estableció que: "El demandado está impedido de ir contra sus propios actos. Este principio, también basado en fundamentos éticos y equitativos, permea todo el derecho." Por medio del contrato de transacción las partes "evitan la provocación de un pleito o ponen término al que había comenzado." 31 L.P.R.A. sec. 4821. Es por esto que el *Closing Agreement*, está legalmente firmado a nombre del Secretario de Hacienda y está conforme a 13 L.P.R.A. sec. 8126. Además, quedó establecido desde principios del siglo pasado: "The Secretary or his delegate is given authority to enter into binding agreements with respect to past or future tax liability. These are known as closing agreements." Erwin H. Griswold (Decano y Profesor de Derecho Contributivo de Harvard Law School), Federal Taxation 78 (University Casebook Series, 1966). El Secretario de Hacienda contrató el cierre definitivo del año 2012, y todos los años anteriores de P.R. Agro-Terra International, incluidos en dichos años cerrados de 1996 al 2003. La palabra incluye o incluyendo no es limitativa, 13 L.P.R.A. sec. 8697(b): "El término 'incluye', cuando se emplea en cualquier definición contenida en esta parte, no se interpretará en el sentido de excluir lo que de otro modo esté dentro del significado del término definido." *P.R. Glass Corp. v. Tribunal Superior*, 103 D.P.R. 223, 230-231, (1975). También estableció que para la interpretación e implementación de estipulaciones "se ha resuelto consistentemente que en caso de duda, se adoptará aquella contención que sea más favorable a la parte a cuyo favor se hizo la estipulación." La palabra "todos" claramente acuerda todos los años de P.R. Agro-Terra International.

El *Closing Agreement* es "un acuerdo por escrito con cualquier persona relativo a la responsabilidad de dicha persona, o de la persona o sucesión a nombre de quien actúe, con respecto a cualquier contribución" y "para cualquier periodo contributivo." 13 L.P.R.A. sec. 8126(a). Dicho acuerdo y toda determinación a favor de las personas privadas contratantes no pueden ser menoscabados, disminuidos o "dejados sin efecto o ignorados en litigio, acción o procedimiento alguno." 13 L.P.R.A. sec. 8126(b)(2). La conducta del Estado, aún más que la de cualquier litigante, debe caracterizarse por la estricta observancia de los principios elementales de juego limpio (fair play). Lo

contrario, conduciría a la anarquía y al caos en nuestro sistema de justicia. *Pueblo International Inc. v. Secretario de Justicia,* 117 D.P.R. 230, 248 (1996). Es por esto que todos y cada uno de los años de P.R. Agro-Terra International en y desde el 1996 al 2012, inclusive están finalmente y firmemente cerrados, con sus respectivas pérdidas, por el Secretario de Hacienda. Las partes acordaron y el Secretario de Hacienda determinó que P.R. Agro-Terra nada adeuda al erario público. En consecuencia, concluimos que no existe razón alguna para posponer dictar esta Sentencia, y las partes están de acuerdo en que procede dictar Sentencia.

## SENTENCIA

Por los fundamentos antes expuestos, se dicta **Sentencia** a favor de la parte demandante. En consecuencia, se declara **HA LUGAR** la demanda presentada por P.R. Agro-Terra International Corp., por esta no tener deficiencia alguna para año alguno y nada adeudar al erario público; las tasaciones e imputaciones de los demandados para los años 1997, 1998, 1999 de P.R. Agro-Terra International Corp., están canceladas por prescripción y por las violaciones de los demandados al debido proceso de ley. Todos y cada uno de los años de P.R. Agro-Terra International están cerrados; P.R. Agro-Terra International, sus accionistas e inversionistas, tienen derechos adquiridos; y toda imputación de los demandados al demandante es nula y queda sin efecto.

Se ordena a la parte demandada a que de inmediato elimine, cancele y deje sin efecto en todos sus papeles, archivos, libros y computadoras, inclusive a nivel central y a nivel de colecturía y del Registro de la Propiedad, todo escrito, imputación, tasación, embargo, deuda y gestión de cobro particularmente, respecto a los años 1996 al 2012, inclusive. El Secretario de Hacienda, a través de su representante, Sr. Leonardo Galloza Ocasio, ha determinado y afirmado ante este tribunal, que el demandante nada adeuda por contribución sobre ingresos, patronal y arbitrios, y la parte demandada queda obligada a cumplir e implantar esas afirmaciones; además, la parte demandada queda obligada a cumplir fielmente con el *Closing Agreement* del 15 de junio de 2012, y sus acuerdos en este caso.

D AC2009-0978
Sentencia

13

Se ordena a la parte demandada a que de inmediato proceda con la devolución, a la parte demandante, de toda la documentación e información obtenida por los demandados, ya que fue obtenida ilegal e inconstitucionalmente.

Se condena, además, a la parte demandada al pago a la parte demandante de los gastos de este proceso.

**REGÍSTRESE Y NOTIFÍQUESE.**

En Bayamón, Puerto Rico hoy día 6 de noviembre de 2013.

**MARÍA C. MARINA DURÁN**
**JUEZ SUPERIOR**