UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

ORDER DIRECTING UNSEALING OF CERTAIN FILING

Before the Court is the *Urgent Motion to Seal and for Leave to Refile Redacted Document* (Docket Entry No. 24092 in Case No. 17-3283 and Docket Entry No. 3426 in Case

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

No. 17-4780) (the "Motion to Seal"), filed by the Oversight Board.[2] The Motion to Seal seeks permission to seal the Opening Expert Report of Glenn R. George (Docket Entry No. 24088 Ex. A in Case No. 17-3283 and Docket Entry No. 3418 Ex. A in Case No. 17-4780) (the "George Report") and refile a redacted version of the George Report on the public docket. (Mot. to Seal ¶¶ 6-7.) The Court entered an *Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* (Docket Entry No. 24095 in Case No. 17-3283 and Docket Entry No. 3429 in Case No. 17-4780) (the "Temporary Sealing Order") sealing, pending adjudication of the Motion to Seal, an unredacted version the George Report. The Temporary Sealing Order permitted any party to file with the Court a short brief justifying the continued sealing of the George Report.

The Court has received and reviewed the *Opposition of the Ad Hoc Group of PREPA Bondholders to the Urgent Motion of the Financial Oversight and Management Board to Seal and for Leave to File Redacted Document* (Docket Entry No. 24141 in Case No. 17-3283 and Docket Entry No. 3447 in Case No. 17-4780) (the "AHG Response") filed by the Ad Hoc Group of PREPA Bondholders (the "AHG"),[3] as well as the *Response of the Financial Oversight & Management Board for Puerto Rico to the Court's Order Granting Motion to Seal for Limited Duration and for Supplemental Briefing* (Docket Entry No. 24143 in Case No. 17-3283 and Docket Entry No. 3449 in Case No. 17-4780) (the "FOMB Response"), and the *Reply of the Financial Oversight & Management Board for Puerto Rico to the Opposition of the Ad Hoc Group of PREPA Bondholders to the Oversight Board's Urgent Motion to Seal and for Leave to*

---

[2] Capitalized terms used but not otherwise defined herein have the meanings applicable to them in the Motion to Seal and Temporary Sealing Order.

[3] The Court considers the AHG Response to supersede the previous filing with the same title at Docket No. 3428 in Case No. 17-4780.

*File Redacted Document* (Docket Entry No. 24169 in Case No. 17-3283 and Docket Entry No. 3468 in Case No. 17-4780). The deadline to file responses has expired and no other responses have been filed.

The Court assumes familiarity with the background of the Title III case and proposed PREPA Plan. The Court has jurisdiction of this proceeding pursuant to section 306(a) of PROMESA.[4] 48 U.S.C. § 2166(a). The Court has considered carefully all of the submissions in connection with Motion to Seal. For the following reasons, the Motion to Seal is denied. However, the Court will maintain the George Report under seal for fourteen (14) days from the date hereof to permit the Oversight Board time to seek appellate extension of the sealing order and review of the denial of the Motion to Seal.

### DISCUSSION

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). That right is "a principle long-recognized in the common law and buttressed by the First Amendment" and is recognized as having "special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.), 422 F.3d 1, 7 (1st Cir. 2005) (quoting In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999)). That right has been codified as to filed material under section 107 of the Bankruptcy Code. 11 U.S.C.A. § 107(a) (Westlaw through P.L. 118-3) ("[T]he dockets of a bankruptcy court are

---

[4] The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") is codified at 48 U.S.C. section 2101 et seq. References herein to "PROMESA" section numbers are to the uncodified version of the legislation. References herein to the provisions of Title 11 of the United States Code (the "Bankruptcy Code") are to sections made applicable in these cases by section 301 of PROMESA. 48 U.S.C. § 2161.

public records and open to examination . . . .").

Section 107 of the Bankruptcy Code therefore sets forth the "framework for determining whether a paper filed in a bankruptcy case is available to the public or subject to protection." In re Gitto Glob. Corp., 422 F.3d at 7-8; see also In re Rivera, 524 B.R. 438, 442 (Bankr. D.P.R. 2015) (noting that Section 107(b) of the Bankruptcy Code creates "narrow statutory exceptions to the public access presumption"). Finally, "the judge remains the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)" even if a motion to seal is unchallenged. In re Rivera, 524 B.R. at 441 (quoting Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)).

The relevant portions of the George Report contain information pertaining to what the Oversight Board characterizes as "confidential, internal, and ongoing analysis of PREPA's future capital expenditure requirements" provided by LUMA Energy, LLC ("LUMA"), to the Oversight Board. (FOMB Resp. ¶ 13.) The Oversight Board asks that the relevant portions of the George Report be sealed pursuant to section 107(b)(1) of the Bankruptcy Code, which provides a narrow exception to the general rule of open access to court records where a restriction is necessary to "protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C.A. § 107 (Westlaw through P.L. 118-3). (FOMB Resp. ¶ 9.) The Oversight Board also invokes Federal Rule of Civil Procedure 26(c)(1)(G),[5] which provides courts with the authority to enter a protective order

---

[5] The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are made applicable in these Title III cases by section 310 of PROMESA. 48 U.S.C. § 2170. Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") is made applicable to this proceeding through Bankruptcy Rule 7026.

sealing "confidential . . . commercial information[,]" in which category it asserts the relevant information belongs, for "good cause" shown. (FOMB Resp. ¶ 10.) The Oversight Board recognizes that demonstrating "good cause" entails making a "'particularized factual showing of the harm that would be sustained' if the documents were not sealed." (FOMB Resp. ¶ 10 (quoting Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc., 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008)).)

In this instance, the Oversight Board has not carried its burden of demonstrating that the possibility of harm that would befall PREPA or LUMA were the information to be made public outstrips the codified policy favoring disclosure.

The Oversight Board has not sufficiently supported its assertion that PREPA's and LUMA's interests in maintaining confidentiality of the specific information meet the standard set by section 107(a) of the Bankruptcy Code or suffice to establish "good cause" under Federal Rule 26. The Oversight Board's filings are vague and speculative with respect to the necessity of sealing to "protect [PREPA]"; the Board's unelaborated assertions that disclosure "could hinder LUMA's operations" are insufficient to inform the Court about the likelihood or magnitude of any potential harm. See 11 U.S.C. § 107(b).

The Oversight Board cites decisions in which courts have found that documents contained "commercially sensitive information" but fails to explain why the information in each case merited sealing and how the courts' reasoning applies to the information the Oversight Board seeks to protect. (FOMB Resp. ¶ 10.) "Confidential commercial information" appropriate for sealing has been described as including, for example, "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor" or that would have a "chilling effect on [business] negotiations, ultimately

affecting the viability of" the debtor or identified third parties. In re Borders Group, Inc., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (citations omitted). The Oversight Board has not identified any advantage that could be gleaned by a competitor from public disclosure of the LUMA information or any action that could be taken on the basis of the information that would necessarily result in harm. Cf. TriQuint Semiconductor, Inc. v. Avago Techs. Ltd., 2011 WL 6182346, at *6 (D. Ariz. Dec. 13, 2011) ("TriQuint argues that disclosure of this information could harm its competitive standing because competitors could then use those strategies to target certain areas of TriQuint's operations and, thus, could compete against TriQuint more effectively and significantly harm TriQuint's business.").

Citing a decision holding that information regarding government operations that could harm those operations if disclosed could properly be sealed, the Oversight Board asserts that, because the report was developed pursuant to government contracts, exposure of the relevant information "may hinder government operations." (FOMB Resp. ¶ 12.) Such potential hindrance may indeed be grounds for sealing, but the Oversight Board does not explain how government operations would be hindered, the importance of the government operations that would be hindered, and how certain it is that the harm would result due to public disclosure. Its general references to ongoing analyses of capital expenditures necessary for PREPA's system are insufficient to indicate the magnitude or likelihood of the harm.

The Oversight Board's assertions of potential harm are, in sum, that disclosure of LUMA's preliminary analyses "could" (a) impact the market perception of LUMA's business, and (b) harm (in some unspecified way) LUMA's efforts to operate and plan for the future of PREPA's transmission and distribution system, including its evaluation of PREPA's future capital expenditure requirements. (FOMB Resp. ¶ 13.) Such vague and unsupported

speculations are not sufficient grounds for the Court to determine that allowing disclosure of the relevant information would, for example, have a "chilling effect on [business] negotiations, ultimately affecting the viability" of PREPA or LUMA. See In re Borders Group, Inc., 462 B.R. at 47; cf. Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc., 2017 WL 1653608, at *5 (N.D.N.Y. Apr. 26, 2017) ("Utica offers no grounds [] that would enable the Court to make the specific findings required to seal judicial documents, thus, its motion to seal 'expert reports' is denied."). "Evidence—not just argument—is required to support the extraordinary remedy of sealing." Motors Liquidation Co. Avoidance Action Trust v. JP Morgan Chase Bank, N.A. (In re Motors Liquidation Co.), 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016).

## CONCLUSION

Accordingly, the Motion to Seal is denied. The Oversight Board's application to direct the redacted re-filing of the AHG's opposition papers is denied in light of the Court's conclusion that the Oversight Board has failed to demonstrate that sealed filing of the information it seeks to protect is warranted.[6] However, the Court will maintain the George Report under seal for fourteen (14) days from the date hereof to permit the Oversight Board time to seek a further extension pending appellate review of the denial of the Motion to Seal.

This Order resolves Docket Entry No. 24092 in Case No. 17-3283 and Docket

---

[6] That said, in the event that future disputes of this nature are presented to the Court, the parties are asked to act with circumspection, are directed to comply with the *Sixteenth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 20190-1 in Case No. 17-3283) and the *Amended Joint Standing Order on Sealing and Redacting* (Docket Entry No. 13630 in Case No. 17-3283), and are asked to refrain from taking actions that may compound the harm sought to be avoided— the AHG's decision to include the information that is the subject of the pending Motion to Seal in its publicly filed response was inconsistent with the Court's procedural orders and with the stated purpose of the Temporary Sealing Order. (AHG Resp. ¶ 8 & Ex. A.)

Entry No. 3426 in Case No. 17-4780.

    SO ORDERED.

Dated: May 15, 2023

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        United States District Judge