UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br>The Financial Oversight and Management Board For Puerto Rico,<br>    As representative of<br>The Commonwealth of Puerto Rico, et al.,<br>    Debtors | PROMESA<br>TITLE III<br>No. 17-BK 3283-LTS<br>(Jointly Administered)<br><br>This filing relates to the Commonwealth |

### RESPONSE TO FIVE HUNDRED SEVENTY FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO REGARDING CLAIM NO. 7008

TO THE HONORABLE COURT:

COMES NOW the Creditor, Hector L. Claudio-Rosario, pro se, and respectfully responds to the Commonwealth of Puerto Rico's (hereinafter "Debtor") Five Hundred Seventy Fourth Omnibus Objection (hereinafter the "Objection") to claim number 7008:

1. Debtor's declarations that claim number 7008 is unliquidated are contrary to law and fact. The Claim should proceed to total allowance because is related to statutory attorney's fees imposed by judgment in the case of Rafael Suarez Durand v. Guardia Nacional de Puerto Rico, KPE2005-2001. **See, Exhibit C**. In the aforesaid case, the Debtor was found liable for causing willful and/or malicious (employment discrimination) injuries to the Plaintiff. The judgment on this issue by the local court after trial puts an end to litigation of dischargeability.

2. The attorney's fees are payable to the undersigned attorney, not to the Plaintiff, because Law No. 402 of May 12, 1950 prohibits any agreement in which an employee has to pay for his own attorney's fees in relation to a labor or employment claim. *See*, Berkan v. Mead Johnson

<u>Nutrition</u>, 2020 TSPR 29. Plaintiff's attorneys are prohibited from charging their clients with respect to these claims, and can be subject to double damages, as well as an ethics complaint should they do so. *Id*.

3. Therefore, Debtor cannot use this bankruptcy petition to escape the obligations imposed by the local court's judgment. Debtor's acts to inflict injury to the Plaintiff and the acts committed without just cause were determined by the judgment granting the statutory attorney's fees in favor of the undersigned Creditor.

4. Creditor has evidence to prove the attorney's fees imposed by Judgment and demands trial by jury on the Claim. In the alternative, Creditor requests that this Court transfer the Claim to Alternative Dispute Resolution.

5. On May 27th, 2005, Rafael Suárez Durand, represented by the undersigned creditor, filed claim against the Puerto Rico National Guard and the Commonwealth of Puerto Rico for illegal dismissal. He claimed that he was removed from his position in retaliation for participating and prevailing in a wage dispute filed by him and other employees against that agency. Additionally, he alleged discriminatory dismissal based on age. After a bench trial, the Court issued its judgment on November 21st, 2008. It granted Mr. Suárez's claim and ordered the National Guard to reinstate him to his former position, with the same duties and benefits he received at the time of his dismissal, and to pay him $25,000 for mental anguish, $97,986 for lost wages, an amount equivalent to twice those amounts, plus any amounts that accrue until the respondent is reinstated to his position, **in addition to 25% of all amounts awarded for attorney fees,** as well as legal interest at a rate of 6% per year on all these amounts. **See, Exhibit B.**

6. After the judgment was issued, <u>the Debtor deposited some of the funds</u>, and the Court ordered their disbursement in favor of Mr. Suárez, although **<u>it cautioned that this amount constituted the partial payment of the judgment</u>**.

7. Debtor acknowledges that amount claims by Creditor in the proof of claim. On October 28, 2016, Debtor stated in a motion that it owes $34,069.68 to the undersigned Creditor for the statutory attorney's fees imposed by judgment in case number KPE2005-2001. *See*, **Exhibit A, pages 2 and 4.**

8. As summarized by the United States Court of Appeals for the First Circuit (the "First Circuit"):

> An injury is malicious "if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." <u>Printy v. Dean Witter Reynolds, Inc.</u>, 110 F.3d [at 859] (quoting 4 Collier on Bankruptcy ¶ 523.12 (15th ed.1996)). The injury must have been committed in "conscious disregard of one's duties." Id. Willfulness requires "a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question." <u>In re Neronha, 344 B.R. 229, 231 (Bankr. D. Mass. 2006)</u>.
> <u>Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur), 737 F.3d 814, 818-19 (1st Cir. 2013)</u>.

9. As aforesaid, the amounts claimed by the undersigned creditor are correct and exempt from discharge. The attorney's fees are payable to Creditor in accordance to Law No. 402 of 1950. The amount of the debt was acknowledged by Debtor on the motion filed by Debtor in case number KPE2005-2001. **See, Exhibit A, page 2 and 4**. Moreover, the debt is exempt from discharge because of the "willful and malicious injury" exception to debt discharge.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny the Five Hundred Seventy Fourth Omnibus Objection (Substantive) and

allow the Claim in its totality on behalf of the Creditor. Creditor demands trial by jury on the causes of action, and in the alternative, requests the transfer of Claim No. 7008 to ADR.

UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Hector L. Claudio-Rosario, of legal age, married, attorney and resident of Caguas, Puerto Rico, pursuant to 28 USC Sec. 1746 hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

In Caguas, Puerto Rico, this 15th day of May, 2023.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Public may access this filing through the Court's system.

In Caguas, Puerto Rico, this 15th day of May, 2023.

/s HECTOR L. CLAUDIO/ 218514
167 Calle Pedro Flores
Urb. Monticielo
Caguas, Puerto Rico 00725
Tel: (787) 635-1220/Fax: 1(267) 392-3959
E-Mail: bufetehectorclaudio@gmail.com
Attorney for Plaintiff
Manuel Rendon-Flores