# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | Case No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | (Jointly Administered) |
| Debtors.[1] | |

-------------------------------------------------------------------x

## SUMMARY COVER PAGE TO THE FIFTH INTERIM APPLICATION OF GIERBOLINI & CARROLL LAW OFFICES, PSC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS TO THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF DEBTORS, FOR THE PERIOD OF MAY 1ST TO JUNE 30TH, 2022

| | |
|---|---|
| Name of applicant | Gierbolini & Carroll Law Offices, P.S.C. ("G&C") |
| Authorized to provide professional services to: | Financial Oversight and Management Board, as Representative for the Debtors Pursuant to PROMESA Section 315(b) |
| Time period covered by this consolidated statement: | MAY 1TO JUNE 30TH 2022 |
| Monthly Fee Statements subject to this request: | MAY AND JUNE 2022. |
| Total amount of compensation sought for legal services for this period: | $3192.00 |
| Total amount of expense reimbursement sought for this period: | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax

ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four (4) Digits of Federal Tax ID: 3747).

1

| | |
|---|---|
| Total compensation subject to objection: | N |
| Total expenses subject to objection: | None |
| Blended rate in this application for all attorneys for the period of February 1, 2019 through May 31, 2019 | $240.00 |
| Number of professionals included in this application: | 2 |
| Difference between fees budgeted and compensation: | NONE |
| Number of professionals billing fewer than 15 hours to this case: | 0 |
| Rates higher than those disclosed at retention: | None |
| Objection Deadline: | JUNE 15, 2023 |

This is an: ___ monthly(consolidated)  _X_ interim ___ final application

2

**Schedule 1**
**First Interim Compensation Period - Consolidated Fee Statements**
**October 1, 2018– January 31, 2019**

| Entity | Period | Fees requested to be paid (100%) | Fees requested to be paid (90%) | Expenses requested to be paid (100%) | Total Fees and Expenses requested to be approved for payment |
|---|---|---|---|---|---|
| Commonwealth of Puerto Rico | MAY 1 TO JUNE 30 2022 | $3192.00 | $0.00 | $0 | $3192.00 |
| **TOTAL** | | | | | **$3192.00** |

1

**Schedule 2**
**Summary of Professional Services Rendered by**
**Timekeeper for the Period May 1st through June 30, 2022**

| Professional | Position/ Title | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation | Blended Rate for Attorneys |
|---|---|---|---|---|---|---|
| Miguel E. Gierbolini | Partner | Litigation | $240.00 | 9.8 | $2352 | $240.00 |
| Courtney R. Carroll | Partner | Litigation | $240.00 | 3.3 | $840.00 | $240.00 |
| | | | | | $3192.00 | |

**Total:** $3192.00

2

**Schedule 3**
**Summary of Professional Services Rendered by Project**
**Category for the Period MAY 1ST TO JUNE 30TH 2022**

| Task Code | Matter Description | Total Hours Billed | Total Compensation Requested |
|---|---|---|---|
| **209** | **PRRADA DISCLOSURE** | 13.3 | $3192.00 |
| | | | |

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

--------------------------------------------------------------------x

In re:                                                  PROMESA
                                                        Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of                     Case No. 17 BK 3283-LTS

THE COMMONWEALTH OF PUERTO RICO, *et al.*    (Jointly Administered)

          Debtors.[1]

--------------------------------------------------------------------x

<u>**FIFTH INTERIM APPLICATION OF GIERBOLINI & CARROLL LAW OFFICES,
P.S.C. ("G&C") FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS ATTORNEYS TO THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,  AS
REPRESENTATIVE OF DEBTORS, FOR THE PERIOD OF MAY 1, 2022 THROUGH
JUNE 30TH,  2023**</u>

To the Honorable United States District Court Judge Laura Taylor Swain:

      **COMES NOW** Gierbolini & Carroll Law Offices, P.S.C. ("G&C"), attorneys for the

Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") as

representative of the Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Sales Tax

Financing Corporation ("COFINA"), Puerto Rico Highways and Transportation Authority

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four (4) Digits of Federal Tax ID: 3747).

1

("HTA"), Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), and

Puerto Rico Electric Power Authority ("PREPA," jointly with the Commonwealth, COFINA, HTA

and ERS referred to as "Debtors") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this First interim application (the "Application"), pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[3] Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Second Amended Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Dkt. No. 3269) (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by G&C for the period commencing May 1st to June 30th, 2022  (the "Compensation Period") in the amount of $3192.00, and (b) reimbursement of its actual and necessary expenses in the amount of $520.00.  In support thereof, G&C alleges and prays as follows:

### Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

---

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Bankruptcy Rules are made applicable to the Debtor's Title III case pursuant to PROMESA section 310.

3.       G&C submits this Application pursuant to PROMESA sections 316 and 317.

**Background**

4.       On June 30, 2016, the Oversight Board was established under PROMESA section

_____

101(b).  On August 31, 2016, President Barack Obama appointed the Oversight Board's seven

voting members.

5.       Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this

subchapter is the representative of the debtor" and "may take any action necessary on behalf of the

debtor to prosecute the case of the debtor, including filing a petition under section [304] of

[PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court."

48 U.S.C. § 2175.

6.       On September 30, 2016, the Oversight Board designated the Debtors as "covered

entities" under PROMESA section 101(d).

7.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth pursuant to section 304(a) of PROMESA, commencing a case under title III

thereof (the "Commonwealth's Title III Case"). Pursuant to PROMESA section 315(b), the

Oversight Board is the Debtor's representative in the Commonwealth's Title III Case.

8.       On May 5, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico

Sales Tax Financing Corporation ("COFINA") pursuant to section 304(a) of PROMESA, by and

through the Oversight Board, as COFINA's representative pursuant to PROMESA section 315(b),

commencing a case under title III thereof (the "COFINA's Title III Case"). Pursuant to PROMESA

section 315(b), the Oversight Board is CONFINA's representative in the COFINA's Title III Case.

9.      On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico Highways and Transportation Authority ("HTA") pursuant to section 304(a) of PROMESA, by and through the Oversight Board, as HTA's representative pursuant to PROMESA section 315(b), commencing a case under title III thereof (the "HTA's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is HTA's representative in the HTA's Title III Case.

10.     On May 21, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Employees Retirement System for the Commonwealth of Puerto Rico ("ERS") pursuant to section 304(a) of PROMESA, by and through the Oversight Board, as ERS's representative pursuant to PROMESA section 315(b), commencing a case under title III thereof (the "ERS's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is ERS's representative in the ERS's Title III Case.

11.     On July 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Puerto Rico Electric Power Authority ("PREPA") pursuant to section 304(a) of PROMESA, by and through the Oversight Board, as PREPA's representative pursuant to PROMESA section 315(b), commencing a case under title III thereof (the "PREPA's Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is PREPA's representative in the PREPA's Title III Case.

12.     The Commonwealth, COFINA, HTA, ERS, and PREPA Title III Cases are jointly administered for procedural purposes only, pursuant to PROMESA section 304(g) and Bankruptcy Rule 1015. See Dkt. Nos. 242, 537, 1417.

13.     On May 15th 2023 G&C served on the Notice Parties (as defined in the Interim Compensation Order) its monthly fee statement for period May8th to June 20, 2022.. G&C had no fees or expenses on behalf of FOMB for the period after June 30th, 2022 and until present day.

4

14.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, upon submitting such monthly fee statements, G&C has requested payment in the total amount of $2872.80 of its fees (payment of ninety percent (90%) of the compensation sought).

### Summary of Services Rendered by G&C During the Compensation Period

15.     This is G&C's Fifth fee interim application for compensation in the Debtors' Title III Cases.

16.     The application only covers the preparation of the Disclosure Statement pursuant to the Puerto Rico Recovery Accuracy and Disclosure Act

17.     G&C seeks an allowance, pursuant to the Interim Compensation Order, of $2872.00 as compensation for professional services rendered during the Compensation Period in connection with such professional services.

18.     G&C maintains electronic invoices in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Copies of the electronic invoices with respect to the Oversight Board as representative of the Debtors for the Compensation Period are attached hereto as **Exhibit B**.

19.     G&C's summary of itemized time records for professionals performing services for the Oversight Board with respect to the Debtors during the Compensation Period is attached hereto as **Schedule 1**.  During the Compensation Period, G&C billed the Oversight Board for time expended by attorneys based on G&C's hourly rate for each professional and paralegal as detailed in **Schedule 2**. The professional services performed by G&C during the Compensation Period resulted in 79.1 recorded hours by G&C's attorneys. Furthermore, **Schedule 3** shows, for each Project Category (as defined below), the total recorded hours for each Project Category.  In accordance with Guidelines paragraph C.3, G&C's blended hourly rates are disclosed in **Schedule**

**1**. The fees charged by G&C are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period. The rates G&C charges for the services rendered by its professionals in these Title III cases are below or consistent with the competitive market rates in Puerto Rico for bankruptcy matters, charged by the other Puerto Rico counsels who have appeared in these cases.

20. All entries itemized in G&C's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of what G&C identifies as task codes (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.

### Applicant Statement In Compliance with Appendix B Guidelines C.5

21.        The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

**Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

Response:   No.

**Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:   G&C did not prepare budgets for Oversight Board for the Compensation Period.

**Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

6

| | **Response:** | No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements. |

Response: No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

Response: No.

**Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Response: No, the Application does not include any rate increase.

**Hearings and Conferences**

22. G&C attorneys, as Puerto Rico counsel for the Oversight Board, did not attend any hearings or participated in teleconfences.

**Professionals Billing Fewer Than Five Hours per Month**

23.    Because of the limited scope of the work done in this period attorney Courtney Carroll billed less than five hours for this period.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Carroll, Courtney. | May and June 2022 | Ms. Carroll is a member of our Litigation Department. |

**Summary of Legal Services Provided During the Compensation Period**

24.    The following is a brief narrative summary, listed by Project Category, of the professional services rendered by G&C during the Compensation Period.

**(a) Adversary Proceeding (Project Category )  (Hours 13.3; Fees $3192.00)**

25.    The time spent on this Project Category includes only includes the preparation and review of the Disclosures pursuant to the Puerto Rico Recovery Accuracy and Discoluse Act ("PRRADA")

26.    The professional services performed by G&C were reasonable, necessary,

7

appropriate, and beneficial when rendered, facilitated the effective administration of the Debtors'
Title III cases, and were in the best interests of the Oversight Board and the Debtors' creditors,
residents, and other stakeholders. G&C further submits that the Compensation for which approval
is being sought is commensurate with the complexity, importance, and time-sensitive nature of the
problems, issues, and tasks involved.  The professional services of G&C were performed in an
efficient and effective manner.

        27.     Therefore, the Court should approve the compensation sought by G&C in
compliance with the requirements in the Bankruptcy Code. Namely, the fees requested are fair and
reasonable because these Title III case are complex matters that required the time spent by G&C
given the nature and extent of the services. Furthermore, G&C expertise in the bankruptcy field
together with the value of its services and the costs of comparable services in other cases show
further compliance with the Bankruptcy Code.

## Compensation Paid and Its Source

        28.     The services and expenses for which G&C is requesting approval of the Court were
performed or incurred on behalf of the Oversight Board as representative of the Debtors.  In
connection with the matters covered by this Application, G&C received no payment and no
promises of payment for services rendered, or to be rendered, from any source other than the
Debtors.  There is no agreement or understanding between G&C and any other person, other than
members of the firm, for the sharing of compensation received for services rendered in these Title
III cases.

        29.     PROMESA sections 316 and 317 provide for interim compensation of
professionals and govern the Court's award of such compensation.  48 U.S.C. §§ 2176-2177.
PROMESA section 316 provides that a court may award a professional person employed by the
Debtors or the Oversight Board under PROMESA "(1) reasonable compensation for actual,
necessary services rendered by the professional person, or attorney and by any paraprofessional

person employed by any such person; and (2) reimbursement for actual, necessary expenses." 48

U.S.C. § 2176(a).  Section 316 also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

48 U.S.C. § 2176(c).

30.     As noted above, the professional services and expenditures object of this

Application were necessary and beneficial to the Oversight Board as representative of the Debtors.

G&C worked diligently to anticipate or respond to the Oversight Board's needs and assist in the

Oversight Board's role in these Title III cases.  The compensation for which G&C is requesting

approval herein is reasonable in light of the nature, extent, and value of such services to the

Oversight Board.

## **Reservation of Rights**

31.     G&C reserves the right to request compensation for services and reimbursement of

such expenses in a future application that have not been processed in relation to the Compensation

Period object of this Application.

## Notice

32. Pursuant to the Interim Compensation Order, notice of this Application has been filed

in the Commonwealth's Title III case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Oversight Board, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Martin J. Bienenstock, Esq. (mbienenstock@proskauer.com) and Ehud Barak, Esq. (ebarak@proskauer.com), and Proskauer Rose LLP, 70 West Madison Street, Chicago, IL 60602, Attn: Paul V. Possinger, Esq. (ppossinger@proskauer.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com), Suzzanne Uhland, Esq. (suhland@omm.com), and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave, San Juan, PR 00917, Attn: Luis C. MariniBiaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (re: In re: Commonwealth of Puerto Rico);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc. A Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Ste. 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com), and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

10

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. BennazarZequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, PO Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo (elugo@edgelegalpr.com);

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler (KStadler@gklaw.com);

(m) attorneys for AAFAF in the PREPA Title III proceeding, Greenberg Taurig LLP, 200 Park Avenue, New York, NY 10166, Attn. Nathan A. Haynes, Esq., haynesn@gtlaw.com;

(n) attorneys for the U.S. Bank National Association: Maslon LLP, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, Attn: Clark T. Whitmore, Esq., clark.whitmore@maslon.com, William Z. Pentelovitch, Esq., bill.pentelovitch@maslon.com; John T. Duffey, Esq., john.duffey@maslon.com; and Jason M. Reed, Esq., jason.reed@maslon.com; and

(o) attorneys for the U.S. Bank National Association:Rivera, Tulla and Ferrer, LLC, 50 Quisqueya Street, San Juan, PR 00917, Attn: Eric A. Tulla, Esq., etulla@riveratulla.com and Iris J. Cabrera-Gómez, Esq., icabrera@riveratulla.com.

**WHEREFORE** G&C respectfully requests that the Court enter an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $18,984.00 and reimbursement for actual and necessary expenses G&C incurred in connection with such services during the Compensation Period in the amount of $520.00; (b) directing the Debtor to pay promptly to G&C the difference between (i) the amount of interim compensation for professional services rendered, and reimbursement of expenses incurred during

the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to G&C, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to G&C's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application; and (d) granting G&C such other and further relief as is just and proper.

Dated: May 15, 2023
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Miguel E. Gierbolini*

Miguel E. Gierbolini
USDC No. 212212
**GIERBOLINI & CARROLL LAW OFFICES, P.S.C.**
250 Calle Fortaleza, Suite 401
P.O.Box 9022936
San Juan, PR 00902-2936
Tel: (787) 620-0685
Fax: (787) 620-0687

*Attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico*

12

**Exhibit A**

**Certification under Guidelines**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

-------------------------------------------------------------x

In re:                                                                    PROMESA
                                                                          Title III
THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,
                                                                          No. 17 BK 3283-LTS
        as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*, (Jointly Administered)

        Debtors.[1]  ------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES
FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS
IN RESPECT OF FIRST INTERIM FEE APPLICATION OF GIERBOLINI & CARROLL
LAW OFFICES, P.S.C. FOR COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO,
FOR THE PERIOD FEBRUARY 1, 2019 THROUGH MAY 31, 2019**

Pursuant to the *United States Trustee Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger*

*Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR

Part 58, Appendix B (the "Guidelines"), together with the Local Rule 2016-1, the undersigned, a

Partner of Gierbolini & Carroll Law Offices, P.S.C. ("G&C"), attorneys for the Financial

Oversight and Management Board for Puerto Rico (the "Oversight Board") as representative of the

Commonwealth of Puerto Rico ("Commonwealth"), Puerto Rico Sales Tax Financing

---

[1]  The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

Corporation ("COFINA"), Puerto Rico Highways and Transportation Authority ("HTA"),

Employees Retirement System for the Commonwealth of Puerto Rico ("ERS"), and Puerto Rico

Electric Power Authority ("PREPA," jointly with the Commonwealth, COFINA, HTA and ERS

referred to as "Debtors"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management,*

*and Economic Stability Act* ("PROMESA"),[4] hereby certifies with respect to G&C's Fifth interim

application for allowance of compensation for services rendered and reimbursement of expenses

incurred with respect to the Debtors' Title III case, dated May 15th, 2023 (the "Application"),[5] for

the period from May 1, 2022 through and including June 30-th 2022 (the "Compensation Period")

as follows:

1.      I am the professional designated by G&C in respect of compliance with the

Guidelines and Local Rule 2016-1.

2.      I make this certification in support of the Application for interim compensation and

reimbursement of expenses incurred during the Compensation Period in accordance with the

Guidelines and Local Rule 2016-1.

3.      In respect of the Guidelines and Local Rule 2016-1, I certify that to the best of my

knowledge, information, and belief formed after reasonable inquiry:

      a.   I have read the Application;

      b.   the fees and disbursements sought fall within the Guidelines;

      c.   except to the extent that fees or disbursements are prohibited by the Guidelines,

         the fees and disbursements sought are billed at rates in accordance with

---

[4] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[5] Capitalized terms used but not defined herein have the meanings given to them in the Application.

2

practices customarily employed by G&C and generally accepted by G&C's clients; and

    d.   in providing a reimbursable service, G&C does not make a profit on that service, where the service is performed by G&C in house or through a third party.

4.    I hereby certify that no public servant of the Puerto Rico Department of Treasury is a party to or has any interest in the gains or benefits derived from the contract that is the basis of this invoice. The only consideration for providing services under the contract is the payment agreed upon with the authorized representatives of the Oversight Board. The amount of this invoice is reasonable. The services were rendered and the corresponding payment has not been made. To the best of my knowledge, Gierbolini & Carroll Law Offices, P.S.C. does not have any debts owed to the Government of Puerto Rico or its instrumentalities

5.    I certify that G&C has previously provided monthly statements of G&C's fees and disbursements by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application), except that completing reasonable and necessary internal accounting and review procedures may have, at times, precluded filing fee statements within the time periods specified in the Order.

Dated: May 15, 2023  San
Juan, Puerto Rico
Respectfully submitted,


*/s/ Miguel E. Gierbolini*

Miguel E. Gierbolini

USDC No. 212212
**GIERBOLINI & CARROLL LAW OFFICES,
P.S.C.**
250 Calle Fortaleza, Suite 401
P.O.Box 9022936
San Juan, PR 00902-2936
Tel: (787) 620-0685
Fax: (787) 620-0687
*Attorneys for the Financial Oversight
and Management Board as representative
of The Commonwealth of Puerto Rico*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

----------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

      as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*, (Jointly Administered)

          Debtors.

----------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

**ORDER APPROVING FIFTH INTERIM FEE APPLICATION OF O'NEILL & BORGES
LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT
AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE
<u>DEBTORS FOR THE PERIOD MAY 1ˢᵗ to JUNE 30th, 2022</u>**

      Upon the application (the "Application")[6] og Gierbolini and Carroll Law Offices LLC

("O&B"), as attorneys for the Financial Oversight and Management Board for Puerto Rico (the

"Oversight Board") acting as representative of the Commonwealth of Puerto Rico (the "Debtor")

under section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("<u>PROMESA</u>"),[7] seeking, pursuant to (a) PROMESA sections 316 and 317, (b) Rule 2016 of the

Federal Rules of Bankruptcy Procedure, (c) Local Rule 2016-1, (d) the *United States Trustee*

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for

the United States Trustee, 28 CFR Part 58, Appendix B, and (e) this Court's *Second Amended*

*Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of*

---

[6] Capitalized terms not defined in this order will have the meanings ascribed to them in the Application.

[7] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

*Professionals (Dkt. No. 3269)*, an allowance of interim compensation for professional services

_____

rendered by O&B for the period commencing May 1 2022 to June 30th 2022 in the amount of $3192.00, and incurred during the Compensation Period; and, this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that:

1.      The Application is APPROVED as set forth herein.

2.      Compensation to G&C for professional services rendered during the Compensation Period is allowed on an interim basis in the amount of $3192.00..

3.      The Debtor is authorized to pay G&C all fees and expenses allowed pursuant to this Order, including those that were previously held back pursuant to the Interim Compensation Order, less any amounts previously paid for such fees and expenses under the terms of the Interim Compensation Order.

4.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.


Dated: _____, 2023        _____
       San Juan, Puerto Rico                Honorable Laura Taylor Swain
                                            United States District Judge

2