**Hearing Date: June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: May 23, 2023 at 4:00 p.m. (Atlantic Standard Time)**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3567-LTS |

## DEBTOR'S NOTICE OF MOTION FOR AN ORDER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that, upon the accompanying *Debtor's Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion"), the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as Title III representative of the Puerto Rico Highways & Transportation Authority (the "Debtor" or "HTA"), pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA")[1], will move this Court on **June 7, 2023 at 9:30 AM (AST),** or as soon thereafter as counsel may be heard, before the Honorable Laura Taylor Swain, United States District Judge, United States District Court for the District of Puerto Rico, 150 Carlos Chardón Avenue, Federal Building, San Juan, Puerto Rico, for an order granting the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion and the relief requested therein shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of Puerto Rico, shall be filed with the Court (*a*) by attorneys practicing before the Court in the Debtor's Title III case, including attorneys admitted *pro hac*

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

*vice*, electronically in accordance with Rule 5 of the Local Rules for the District of Puerto Rico, and (*b*) by all other parties in interest, by submitting a hard copy via mail to the Clerk's Office, United States District Court, 150 Carlos Chardón Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall be served on the Defendants through their undersigned counsel in accordance with the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], so as to be filed and received no later than **May 23, 2023 at 4:00 PM (AST)**. The relief requested may be granted without hearing if no objection is timely filed and served in accordance with the Case Management Procedures.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Court's standing orders and the Case Management Procedures, the Debtor has provided notice of this Motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (*a*) all creditors who filed proofs of claim which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtor's case website at https://cases.ra.kroll.com/puertorico. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: May 16, 2023　　　　　　　　　　Respectfully submitted,
　　　　San Juan, Puerto Rico

　　　　　　　　　　　　　　　　　　　　*/s/ Hermann D. Bauer*
　　　　　　　　　　　　　　　　　　　　Hermann D. Bauer
　　　　　　　　　　　　　　　　　　　　USDC No. 215205
　　　　　　　　　　　　　　　　　　　　Carla García Benítez
　　　　　　　　　　　　　　　　　　　　USDC No. 203708
　　　　　　　　　　　　　　　　　　　　**O'NEILL & BORGES LLC**
　　　　　　　　　　　　　　　　　　　　250 Muñoz Rivera Ave., Suite 800
　　　　　　　　　　　　　　　　　　　　San Juan, PR 00918-1813
　　　　　　　　　　　　　　　　　　　　Tel: (787) 764-8181
　　　　　　　　　　　　　　　　　　　　Fax: (787) 753-8944

        */s/ Brian S. Rosen*
        Martin J. Bienenstock (*pro hac vice*)
        Brian S. Rosen (*pro hac vice*)
        **PROSKAUER ROSE LLP**
        Eleven Times Square
        New York, NY 10036
        Tel: (212) 969-3000
        Fax: (212) 969-2900

        *Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

**Hearing Date: June 7, 2023 at 9:30 a.m. (Atlantic Standard Time)**
**Objection Deadline: May 23, 2023 at 4:00 p.m. (Atlantic Standard Time)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>   Debtor. | PROMESA<br>Title III<br><br>Case No. 17-BK-3567-LTS |

**DEBTOR'S MOTION FOR AN ORDER EXTENDING THE**
**DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Highways & Transportation Authority (the "Debtor" or "HTA") pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[1] respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting a one hundred eighty (180) day extension of the deadline established in Section 32.1(a) of the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [ECF No. 1404],[2] dated September 6, 2022 (as amended, supplemented, or modified, the "Plan"), for the Debtor to file objections to proofs of claim, from June 2, 2023, up to and including November 29, 2023. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[2] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17-BK-3567-LTS.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA § 306(a).

2. Venue is appropriate in this District pursuant to PROMESA §§ 106(a) and 307(a) and 28 U.S.C. § 1391.

## BACKGROUND

### A. Filing of the Title III Cases and the HTA Bar Date Order

3. On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth," and together with HTA, the "Debtors") pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case"). On May 21, 2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for HTA, pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "HTA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases"). On June 29, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only. ECF No. 537 in Case No. 17-BK-3283.

4. On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255 in Case No. 17-BK-3283] (the "Bar Date Motion"). Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521 in Case No. 17-BK-3283] (the "Initial HTA Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and

2

established deadlines and procedures for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "HTA Bar Date Order"), extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

**B.     Confirmation of the HTA Title III Plan of Adjustment**

5.      Pursuant to an order, dated October 12, 2022 [ECF No. 1415] (the "Confirmation Order"), the Plan was confirmed by the United States District Court for the District of Puerto Rico.

6.      The Plan became effective on December 6, 2022 (the "HTA Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Fifth Amended Title III Joint Plan of Adjustment of the Puerto Rico Highways and Transportation Authority Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 1451].

7.      Pursuant to Section 32.1(a) of the Plan, "[u]nless otherwise ordered by the Title III Court, to the extent not already objected to by the Debtor, Reorganized HTA shall file and serve all objections to Claims as soon as practicable, but, in each instance, not later than one hundred eighty (180) days following the HTA Effective Date or such later date as may be approved by the Title III Court." Accordingly, the original deadline for the Debtor to file objections to proofs of claim filed against the Debtor was one hundred eighty (180) days following December 6, 2022, or June 2, 2023 (the "Original Claim Objection Deadline").[3]

---

[3] One hundred eighty (180) days after the HTA Effective Date was June 4, 2023, which was a Sunday. Pursuant to Section III.V. of the Case Management Procedures, which requires documents due on a day other than a business day to be filed by the first business day preceding such date, the deadline fell on June 2, 2023.

3

**C.  Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

10. To date, approximately 182,514 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

11. Of the proofs of claim filed, approximately 2,303 have been filed in relation to, or reclassified to be asserted against, HTA. In accordance with the terms of the HTA Bar Date Order, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

12. In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052 in Case No. 17-BK-3283] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230 in Case No. 17-BK-3283]; *Omnibus Objection Procedures* [ECF No. 4230-1 in Case No. 17-BK-3283] (collectively, the "Initial Omnibus Objection Procedures"). On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial

4

Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381 in Case No. 17-BK-3283].

13. In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091 in in Case No. 17-BK-3283]. On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440 in in Case No. 17-BK-3283] (the "Amended Omnibus Objection Procedures").

14. Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date, the Court has held over 35 hearings related to over 500 omnibus objections filed by HTA, the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Public Buildings Authority ("PBA"), the Puerto Rico Sales Tax Financing Corporation ("COFINA"), and the Puerto Rico Electric Power Authority ("PREPA"). Based upon rulings and orders of the Court to date, approximately 105,744 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings. In addition, approximately 45,317 claims have been

5

transferred into the ACR Procedures[4] for resolution using the Debtors' ordinary-course administrative processes.

15. As of the filing of this Motion, approximately 535 proofs of claim remain asserted against HTA (collectively, the "Remaining Claims") and are yet to be reconciled.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

16. The Debtor respectfully requests entry of the Proposed Order extending the Claim Objection Deadline by one hundred eighty (180) days, from June 2, 2023, to and including November 29, 2023. The requested extension is without prejudice to the Debtor's rights to seek a further extension of the Claim Objection Deadline upon motion filed with the Court.

17. The Court has authority to grant the relief requested herein pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006(b), made applicable to the Title III Cases by PROMESA §§ 301(a) and 310, respectively. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *see, e.g.*, *In re MF Global Holdings, Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012) (recognizing the bankruptcy court's "inherent authority 'to control disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants'") (quoting *Lester-Krebs, Inc. v. Geffen Records, Inc.*, No. 85 Civ. 6320, 1985 WL 4270, at *2 (S.D.N.Y. Dec. 4, 1985)); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676

---

[4] *See Order (A) Authorizing Administrative Reconciliation Of Claims, (B) Approving Additional Form Of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order") and the accompanying *Administrative Claims Reconciliation Procedures* [ECF No. 12274-1] (the "ACR Procedures").

F.3d 83, 96 97 (2d Cir. 2012) (same). In addition, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court for cause may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed . . . ." Fed. R. Bank. R. Proc. 9006(b)(1).

18. Moreover, extensions of the time to object to claims are frequently granted in other cases in where there are a substantial number of claims and complex issues. *See, e.g.*, *In re Ditech Holdings Corp.*, Case No. 19-10412 (JLG), (Bankr. S.D.N.Y. Feb. 27, 2020) (ECF No. 1925) (initial deadline extended by one-hundred eighty (180) days); *In re MF Global Holdings Ltd.*, Case No. 11-15059 (MG), (Bankr. S.D.N.Y. Aug. 23, 2016) (ECF No. 2290) (initial deadline extended by more than two (2) years and eight (8) months); *In re Motors Liquidation Corp.*, No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (initial deadline extended by more than two (2) years and eleven (11) months); *In re Extended Stay Inc.*, Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. Oct. 19, 2011) (ECF No. 1521) (initial deadline extended by more than one (1) year); *In re Refco Inc*., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. July 8, 2010) (ECF No. 7021) (initial deadline extended by more than three (3) years and eight (8) months).

19. For the reasons set forth herein, good cause exists to further extend the Original Claim Objection Deadline, and the Debtor submits that an additional one hundred eighty (180) day extension requested herein is appropriate and reasonable.

20. As the Court is well aware, the Title III Cases are of an unprecedented size and scope, with the Commonwealth and its instrumentalities owing approximately $74 billion in the aggregate. As noted above, over 2,303 claims have been filed against HTA alone.

7

21. The Debtor has made significant progress in reconciling claims filed against it. To date, the Debtor has objected to disallow and expunge 1,495 claims asserting $1,7034,188,998.40 in liabilities. The Debtor has also transferred over 30 claims into the ADR Procedures[5] in an effort to obtain additional information from the claimants and, if possible, negotiate consensual resolutions of as many claims as possible. In addition, the Debtor has engaged in a laborious and time-consuming process of gathering information necessary to evaluate the Remaining Claims. Because that information is dispersed across several offices within HTA, the PRDOJ, and other relevant agencies, that process has required significant time and attention. As a result of those efforts, however, the Debtor anticipates that, in the near term, dozens of additional claims may be transferred into the ADR Procedures.

22. While the Debtor has made significant progress in the claims reconciliation process, and have resolved the substantial majority of claims, 535 Remaining Claims remain outstanding. The Debtor's efforts to gather information regarding these claims remains ongoing, particularly because numerous Remaining Claims involve unique facts and legal issues that require additional time and individual attention. The Remaining Claims also represent among the most substantive and complex claims against the Debtor and require more time to analyze and develop an appropriate response. Accordingly, despite its best efforts, the Debtor understands that it will not be able to make the determination whether to object to each and every Remaining Claim by the Original Claim Objection Deadline.

23. The Debtor represents that the extension is not sought for the purposes of delay and will not prejudice any creditor in these Title III proceedings. Rather, extending the Original Claim

---

[5] "ADR Procedures" means the alternative dispute resolution procedures approved by the Court in its *Order Granting Motion of the Financial Oversight and Management Board for Puerto Rico to Amend Alternative Dispute Resolution Procedures* [ECF No. 23113].

Objection Deadline will benefit all parties in interest, as it will provide the Debtor with sufficient opportunity to review and analyze the Remaining Claims, determine the validity of each claim, and make the appropriate determination as to how to proceed with respect to each claim. If the Original Claim Objection Deadline were maintained, the Debtor may be precluded from challenging invalid and/or overstated claims, to the detriment of the Debtor and its creditors or, conversely, filing objections to preserve the Debtor's rights when such objection may not be warranted, thereby to the detriment of the asserted creditors. Extending the Original Claim Objection Deadline will ensure that only valid claims are allowed, thereby maximizing recoveries for creditors holding allowable claims.

24. The Debtor reserves the right to seek a further extension of the Claim Objection Deadline upon motion filed with the Court.

## NOTICE

25. In accordance with the Court's standing orders, the *Sixteenth Amended Case Management Procedures* (the "Case Management Procedures") [ECF No. 20190-1], the Debtor has provided notice of this motion, in the form of paper copies thereof sent by first class mail or digital copies sent by email, to (*a*) all creditors who filed proofs of claim against the Debtor which have yet to be reconciled, (*b*) the U.S. Trustee, (*c*) all creditors who filed notices of correspondence, and (*d*) the Master Service List (as defined in the Case Management Procedures), which is available on the Debtor's case website at https://cases.ra.kroll.com/puertorico. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court.

9

**WHEREFORE** the Debtor respectfully requests the Court enter an order, substantially in the form attached hereto as **Exhibit A**, extending the Original Claim Objection Deadline by one hundred eighty (180) days, from June 2, 2023, to and including November 29, 2023, and granting the Debtor such other relief as is just and proper.

Dated: May 16, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García Benítez
USDC No. 203708
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Brian S. Rosen*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for the Debtor*

**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,

    Debtor.

PROMESA
Title III

Case No. 17-BK-3567-LTS

## ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER EXTENDING THE DEADLINE TO FILE OBJECTIONS TO PROOFS OF CLAIM

Upon consideration of the *Debtor's Motion for an Order Extending the Deadline to File Objections to Proofs of Claim* (the "Motion");[1] and it appearing that (*i*) the Court has subject-matter jurisdiction over the Motion pursuant to PROMESA § 306(a)(1); (*ii*) venue of this proceeding is proper under PROMESA §§ 106(a) and 307, and 28 U.S.C. 1391(b); and (*iii*) the Court has found good cause to grant the relief requested in the Motion, it is **HEREBY ORDERED THAT**:

    1.    The Motion is **GRANTED** as set forth herein;

    2.    The Claim Objection Deadline is extended for a period of one hundred eighty (180) days, up to and including November 29, 2023;

    3.    The Debtor's right to seek further extensions of the Claim Objection Deadline is preserved;

    4.    This Order resolves docket entry No. _____;

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SO ORDERED.

Dated: _____, 2023
    San Juan, Puerto Rico

_____
LAURA TAYLOR SWAIN
United States District Judge