UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br>et al.,<br><br>                    Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the<br>Commonwealth, ERS,<br>and HTA |

## RESPONSE TO FIVE HUNDRED SEVENTY-SEVENTH OMINUBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO REGARDING CLAIM NO. 9769

To the Honorable Court:

Comes now the creditor Helen E. Costas Russell ("Creditor") through the undersigned counsel and respectfully responds to the Commonwealth of Puerto Rico's ("Debtor") Five Hundred Seventy-Seventh Omnibus Objection (Substantive) (the "Objection") to Claim No. **9769** for $1,050,000.00 (the "Claim"):

(1) The Claim is entirely valid and should proceed to total allowance. Debtor is liable to Creditor for the claimed amount. Creditor has judgments, orders and decisions in his favor against Debtor. Creditor has the evidence to prove the Claim and each and every cause of action against Debtor. Creditor demands trial by jury on the Claim and on each and every cause of action. In the alternative, Creditor requests that this Court transfer the Claim to Alternative Dispute Resolution ("ADR").

(2) The Objection and its underlying generalized, conclusory, and inapplicable Herriman Declaration are contrary to law and fact. Creditor emphatically disputes the Objection and the so - called declaration. Debtor omits disclosing to the Court that the arbitrary, illegal, and

unconstitutional attachment, lien, on Creditor's residence lasted about ten (10) years at the Property Registry of the Property of Puerto Rico (the "Registry"), and that said illegal, arbitrary, and unconstitutional attachment, lien, on Creditor's residence and that of his family continued as of the date of the filing of Debtor's Title III petition and after Creditor's filing of the Claim. Debtor continued said lien, contrary to judicial decisions and orders. Debtor on its own never made any effort to remove the lien from the Registry.

(3)    Debtor committed multiple acts and omissions against Creditor's life, liberty and property and that of his family and is liable for all those illegal, unconstitutional, and arbitrary acts and omissions. At all pertinent times Debtor continuously and unlawfully threatened Creditor and his family with ejectment from their home.

**Debtor's own internal documents reveal that Debtor knew that the assessments, impositions, accusations and attachment lien, were unsustainable, arbitrary, illegal, and unconstitutional.** At least three (3) banks warned and informed Debtor that it was acting contrary to **Article II, Section 10 of the Puerto Rico Constitution**.

(4)    The unprecedented and illegally invalid multi-million-dollar impositions, assessments, and accusations resulted in zero taxes to Debtor. However, in the meantime Debtor caused Creditor to suffer considerable expenses, damages, takings, and many years of litigation. Even after multiple Court judgments, orders and decisions against Debtor, and multiple requests to Debtor's highest officials, Debtor continued the arbitrary, illegal, and unconstitutional liens on the home of Creditor and his family. Debtor on its own never removed the liens at the Registry.

(5)    Debtor secretly made the impositions, assessments, and attachment, without any prior notice or opportunity to be heard being provided to Creditor. Debtor secretly obtained private banking records of Creditor and his wife in violation of **Article II, Section 10** of the Puerto Rico Constitution. Citi Bank, Santander Bank, and Doral Bank all told and warned Debtor that it was acting unconstitutionally and in violation of Debtor's own statutes and regulations. *Rullán v. Fas*

2

*Alzamora,* 166 DPR 742, 776, 777 (2006); *Janis v. United States,* 428 US 433, 49 L. Ed. 2d 1046, 1052, 1053, 1054 (1976):

> "(T)he assessment 'was based in substantial part, if not completely, on illegally procured evidence… in violation of (respondent's) Fourth Amendment rights to be free from unreasonable searches and seizures.'"
>
> "What we have is a 'naked' assessment without any foundation whatsoever if what was seized… cannot be used in the formulation of the assessment.
>
> "Certainly, proof that an assessment is utterly without foundation is poof that it is arbitrary and erroneous."

(6) Debtor illegally and unconstitutionally did not comply with the statutory and constitutional requirements to provide notice to Creditor's last known address within thirty (30) of each jeopardy assessment. *Baldwin v. Hale*, 68 US 223, 233 (1863): "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." *Ramos v. Secretario de Hacienda*, 88 DPR 424, 428 (1962). *Memphis Light Gas & Water Div. V. Craft*, 436 US 1, 22 (1978): "Because of the failure to provide notice reasonably calculated to apprise respondent of the availability of an administrative procedure to consider their complaint of erroneous billing, and the failure to afford them an opportunity to present their complaint to a designated employee empowered to review disputed bills and rectify error, petitioners deprived respondents of an interest in property without due process of law." *Amy v. Adm. Deporte Hipico*, 116 DPR 414 (1985); *Mennonite Board of Missions v. Adams*, 462 US 791, 795, 799 (1983):

> "In Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 314 (1950), this Court recognized that prior action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide 'notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'. (Emphasis supplied)

(7) Debtor viciously duplicated and triplicated assessments for the same year, illegally and unconstitutionally. *González v. Gromer*, 16 DPR 1, 7 (1910); *Durlach Bros. v. Domenech*,

3

*Tesorero*, 47 DPR 654, 657 (1934). *Rossi v. Tribunal de Contribuciones*, 66 DPR 425, 429, 430 (1946). *Orsini García v. Srio. de Hacienda,* 177 DPR 596, 642 (2009).

(8) Debtor violated its own statutes, rules and regulations and the Constitution of Puerto Rico. **13 LPRA §33006(d)(3)**; *Rivera Santiago v. Secretario de Hacienda*, 119 DPR 265, 268, 275 (1987).

(9) Debtor illegally and unconstitutionally, comingled, and intermingled assessments with accusations in violation of Creditor's rights to life, liberty, and property. *United States v. Scrushy*, 366 F. Supp. 2d 1134 (ND Ala. 2005); *Arroyo v. Rattan Specialties*, 117 DPR 35, 59 (1986); *Alberio Quiñones v. ELA*, 90 DPR 812, 816 (1964).

(10) Having violated Creditor's rights to life, liberty, property, and privacy Debtor is liable to Creditor. Debtor repeatedly violated due process of law; Debtor violated the constitutional and statutory provisions applicable to Creditor; accordingly, the requirements of just compensation and compensation apply to thereto and the Claim. **Article II, Section 9 of the Puerto Rico Constitution**.

(11) Debtor notified the attachment, lien, to the holder of the First Mortgage on Creditor's home; the mortgage had acceleration clauses that would trigger ejectment. Debtor never notified said mortgage holder of any cancellation of the attachment, lien, or assessment. In case number DAC2012-3309, at the Court of First Instance of Puerto Rico, Superior Section of Bayamon Section, Judge Marina Durán, on September 30, 2013, declared and adjudged by final and firm judgment that Debtor had acted illegally and unconstitutionally against Creditor. In another case DAC2009-0978, the Court of First Instance of Puerto Rico, Superior Bayamon Section, by final and firm judgment of November 6, 2013, ordered Debtor to pay all the expenses and adjudged that Debtor had to eliminate any and all writings imputations, assessments, attachments, debts, and collections actions against Creditor relative to the years 1996-2012.

4

(12) Creditor has legitimate, proper, and multiple causes of actions against Debtor, and Debtor is liable to Creditor on the Claim. *RDT Construction Corp. v. Contralor I*, 141 DPR 424, 444, 445 (1996); *Picorelli López v. Departamento de Hacienda*, 2010 TSPR 143 (2010); *In Re: Zaida Hernández Torres*, 2005 JTS 30 (15 March 2005); *Rossi v. Tribunal de Contribuciones*, 66 DPR 425, 429, 430 (1946); *ELA v. Coca-Cola Bottling Co.*, 115 DPR 197, 217 (1984); *Blassini Cabassa v. Departamento de Recursos Naturales*, 176 DPR 454, 462 (2009); *Webber Carrillo v. ELA*, 190 DPR 688, 704 (2014). **Article II, Sections 9 and 10 of the Puerto Rico Constitution**.

**WHEREFORE**, Creditor respectfully requests that this Honorable Court deny the Five Hundred and Seventy Seventh Omnibus Objection (Substantive) and allow the Claim in its totality on behalf of Creditor. Creditor demands trial by jury on all causes of actions, and in the alternative, requests the transfer of **Claim No. 9769** to ADR.

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Luis P. Costas-Elena, of legal age, married, attorney, and resident of San Juan, Puerto Rico, pursuant to 28 USC §1746 hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1) I am an attorney at law in Puerto Rico, with recommendations from Justice Abe Fortas of the United States Supreme Court, and Dean Derek Bok, of the Harvard Law School.

2) I have been counsel to the United States Treasury Department, who has utilized my research and scholarly work for its possession corporation reports.

3) I have been Professor of Law at the Interamerican University Law School and at the University of Puerto Rico School of Law.

4) According to the 2017 Bicentennial Edition of the Harvard Law School Alumni Directory I am one of the very few persons in the entire world that has two (2) graduate degrees from Harvard Law School, and I have the two (2) highest degrees that the Harvard Law School awards –Master in Law (LLM), and Doctorate in Law (SJD). As of the year 2017 only 496

5

persons in the entire world had the SJD from Harvard Law School. In Puerto Rico I am the only attorney with these credentials.

5) I have read and studied the foregoing Response which is true and correct. I know of my own personal knowledge that Creditor can prove each and every cause of action, and that Debtor is liable to Creditor.

6) Debtor's own internal documents reveal that it knew that the assessments, impositions, accusations, attachment and lien, were unsustainable, and that Debtor was acting illegally and unconstitutionally against me, and my home, including but not limited to acting in violation of Article II, Section 10 of the Constitution of Puerto Rico.

7) Despite repeated requests to Debtor's highest officials, multiple Court decisions and orders, Debtor continued its illegal assessments, impositions, attachment and lien, on my home, years after the filing by Debtor of its Title III Petition on May 3, 2017, and long after the filing of the Claim.

8) Allowance of the Claim is proper, true and correct and is in accordance with the facts and the law. Debtor's opposition is contrary to law and fact.

9) I declare under penalty of perjury under the Laws of the United States of America, that the foregoing is true and correct to the best of my knowledge and belief.

San Juan, Puerto Rico, this 22nd day of May 2023.

*[signature]*
Luis P. Costas-Elena

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

San Juan, Puerto Rico, this 22nd day of May 2023.

*s/* **CHARLES A. CUPRILL-HERNANDEZ**
**USDC-PR 114312**
Charles A. Cuprill, P.S.C. Law Offices
**Counsel for Helen E. Costas Russell**
356 Fortaleza Street, Second Floor
San Juan, PR 00901
Tel. 787-977-0515
Fax: 787-977-0518
E-Mail: cacuprill@cuprill.com