# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE COMMONWEALTH OF PUERTO RICO** *et al.* | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| **JULIO C. QUIÑONES**<br><br>Plaintiff<br><br>**VS.**<br><br>**COMMONWEALTH OF PUERTO RICO, DEPARTMENT OF NATURAL AND ENVIRONMENTAL RESOURCES, RAFAEL MACHARGO MALDONADO, ANAÍS RODRÍGUEZ VEGA, HAYDELIN RONDA TORRES, COLONEL JUAN CRUZ, SARGENT RUBÉN RODRÍGUEZ, DAMARIS I. MIRANDA MAISONAVE**<br><br>Defendant | Adv. Proc. No. _____ |

### ADVERSARY COMPLAINT TO RECOVER DAMAGES UNDER ACT 90-2020 THAT PROHIBITS AND PREVENTS WORKPLACE HARASSMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7001(1) made applicable to these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act (48 U.S.C. § 2170) ("PROMESA"), and the through its members, as representative of the Commonwealth of Puerto Rico (the "Commonwealth"), and (i)(the "Committee"), in each case by and through undersigned counsel, alleges on actual

knowledge as to its own status and actions and upon information and belief as to all other matters as follows:

## NATURE OF PROCEEDING

1. Plaintiff brings this action to recover damages related to labor harassment under Puerto Rico Law 90-2020 against the Department of Natural and Environmental Resources as a dependency of the Commonwealth of Puerto Rico.

2. The labor harassment began on July 2019 and has continued until today. This is a post-petition administrative claim for which no discharge has been provided under the approved Fiscal Plan.

## The Parties

3. The plaintiff, Julio C. Quiñones, has been a Ranger at the Department of Natural and Environmental Resources of the Commonwealth of Puerto Rico (DNER) for approximately twenty six (26) years, assigned to work in the East region of Puerto Rico.

4. The Defendant, Department of Natural and Environmental Resources of the Commonwealth of Puerto Rico is the employer of the plaintiff.

5. Rafael Machargo Maldonado was the former Secretary of the Department of Natural and Environmental Resources at the moment workplace harassment began. His address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR 00926.

6. Anaís Rodríguez Vega is the Secretary of the Department of Natural and Environmental Resources who should know about the harassment to Mr. Quiñones and the

2

hostile environment at the workplace of the plaintiff. Her address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR 00926.

7. Haydelin Ronda Torres is the Commissioner of the Department of Natural and Environmental Resources Rangers. It is the person in charge of all the Rangers who is obliged to ensure compliance with the laws, regulations and the collective agreement of the Rangers. Commissioner Ronda was personally aware of the harassment and labor situation to Mr. Quiñones and was the person who allowed the unequal treatment to disarm the plaintiff who provoked the hostile environment and harassment. Her address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR 00926.

8. Colonel Juan Cruz is the supervisor of Mr. Quiñones who knows and allows workplace harassment to Mr. Quiñones. His address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR 00926.

9. Sargent Rubén Rodríguez was the direct supervisor of Mr. Quiñones when the harassment began and allowed the hostile environment at the workplace. His address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR 00926.

10. Damaris I. Miranda Maisonave is the Human Resource Office Sub-Director and was the person who ordered the psychological evaluations knowing the medical discharge of two mental health professionals in breach of the regulations. Her address is San José Industrial Park 1375 Ave Ponce de León, San Juan, PR. 00926.

## JURISDICTION AND VENUE

11. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1) and sections 105(a) and 503 of the Bankruptcy Code and

Puerto Rico Law to recover money from the Commonwealth of Puerto Rico.

12. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to section 306(a) of PROMESA. 48 U.S.C. § 2166(a).

13. Venue is proper in this district pursuant to section 307(a) of PROMESA. 48 U.S.C. § 2167(a).

## FACTUAL BACKGROUND

14. DNER rangers have the responsibility of ensuring the protection of the natural resources for the use and enjoyment of people of Puerto Rico; monitor by observing the laws and regulations that protect the environment and prevent its contamination and exercising police functions within all areas under the jurisdiction of the DNER.

15. As part of his work equipment, Mr. Quiñones carried a firearm provided by the DNER.

16. During the month of July 2019, an administrative complaint was filed against Mr. Quiñones and Colonel Juan Cruz ordered the disarmament of the plaintiff while the investigation was being conducted.

17. Because Mr. Quiñones was not armed, he was assigned to clerical office work with no assigned duties in Humacao and Ceiba regional offices.

18. According to the Collective Labor Agreement between the Rangers and their employer, the agency was obliged to investigate the administrative complaint within a period of ninety (90) days.

19. According to the agreement, once Mr. Quiñones was disarmed, the agency was

4

obligated to refer him to a physical or psychiatric evaluation.

20. The Collective Labor Agreement also mentions that if the term for the investigation expires, the employee will be armed again once it is established that the rearmament does not affect third parties, it is not an emotional case or it can establish insecurity measures.

21. Contrary to the Collective Labor Agreement, the DENR did not send Mr. Quiñones for a psychological and psychiatric evaluation until October 17, 2019.

22. The evaluation was performed by Dr. Julio González Del Valle on November 20, 2019, where Mr. Quiñones was discharged for not having any impediment to be rearmed.

23. Unfortunately, Mr. Quiñones was not rearmed, and he continues with no assigned duties.

24. On his own initiative, on January 21, 2020, Mr. Quiñones attended a private psychiatric evaluation before Dr. Serafín Orengo Vega so that he could determine if he was capable of carrying a firearm for the purpose of rearming it by the DNER.

25. Dr. Orengo concluded that Mr. Quiñones was mentally and emotionally capable of possessing and carrying a firearm.

26. Mr. Quiñones delivered the psychiatric evaluation to the DNER but was not rearmed.

27. During July 2020, Mr. Quiñones requested to be rearmed again with no result.

28. Later in 2020, Mr. Quiñones requested an arbitration procedure, but it never took place.

29. Even though there are two psychiatric evaluations that concluded that there was

5

no impediment for Mr. Quiñones to be rearmed, contrary to the Collective Labor Agreement and without informing him of the reason, in May and June 2022, Damaris I. Miranda-Maisonave, acting as the Human Resource Director order Mr. Quiñones for a new psychiatric evaluation twice.

30. Mr. Quiñones did not attend the appointment as he understood that he was being treated differently and informed the DNER that he had already complied with the rules for rearming him and there was no reason for them to order a new psychological evaluation.

31. Even though the defendants are aware of the unequal treatment that has been conducted against Mr. Quiñones, he is currently unarmed and is assigned to a local office without any task or duties.

32. As a result of these actions, the work environment became a hostile one. His coworkers stopped talking to him and treating him differently.

33. Even though the plaintiff has 26 years work experience, his supervisors do not use him or take him into consideration for any job or task.

34. The situation has reached a point that Mr. Quiñones must go every paying period to the DNER central office in San Juan to look for his paycheck because, in breach of labor regulations, they do not deliver it to his workplace.

35. The actions of the DENR constitute labor harassment against the plaintiff. However, the agency has not taken any action or remedy to prevent it.

**First Claim for Relief**
**(Labor Harassment)**

36. Puerto Rico Law 90-2020 prohibits and prevents workplace harassment.

37. Under Puerto Rico Law 90-2020, workplace harassment generally consists of

6

repeated abusive and unwanted verbal, written or physical conduct by the employer, its supervisors, or employees, unrelated to the legitimate interests of the employer's business, and which violates the employee's constitutional rights.

38. Puerto Rico Law 90-2020 outlines examples of conduct that constitute prohibited harassment, such as unfounded threats of discharge in the presence of coworkers, rejection of work proposals or opinions in a humiliating manner, and arbitrary changes in the job functions.

39. The hostile environment, the lack of work duties and the refusal to provide work equipment, such as Mr. Quiñones firearm, are acts constituting labor harassment as established by Puerto Rico Law 90-2020.

40. Defendants are aware of and have promoted the acts of harassment against the plaintiff.

41. The actions of the defendants constitute humiliation and violation of the plaintiff's dignity, which have caused emotional damage, sadness, lack of desire to go to work and impediment to professional growth.

42. The damage caused to the plaintiff is not less than three million dollars ($3,000,000.00).

**Prayer for Relief**

**WHEREFORE,** the plaintiff respectfully request that this Court enter judgement in their favor and request relief as follow:

i. entry of an order declaring that the DNER breached the rearming procedure;

ii. entry of an order declaring that the DNER allowed and promoted harassment against the plaintiff;

7

    iii.    an award granting the plaintiff $3,000,000.00 for the emotional damages caused;

    iv.    an award granting the plaintiff expenses, cost and attorney's fees as a result of this claim;

    v.    an award granting the plaintiff punitive damages as a result of this claim; and

    vi.    such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**.

**I HEREBY CERTIFY** that that a copy of this motion has been electronically filed with the Clerk of the Bankruptcy Court using CM/ECF which will forward a copy of the same to the office of US Trustee, and to all parties in interest.

In San Juan, Puerto Rico this May 22nd, 2023.

| | |
|---|---|
| /S/Hector Figueroa Vincenty<br>Hector Figueroa Vincenty<br>Calle San Francisco 310<br>Suite 34 San Juan PR 00901<br>TEL/787-378-1154<br>quiebras@elbufetedelpueblo.com<br>USDC 120006 | S/Maria Soledad Lozada Figueroa<br>Maria Soledad Lozada Figueroa<br>Calle San Francisco 310<br>Suite 34 San Juan PR 00901<br>TEL: 787-533-1400<br>msl@lozadalaw.com<br>USDC 222811 |