SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 1 de 60

CONSEJO DE EDUCACION SUPERIOR
UNIVERSIDAD DE PUERTO RICO
Río Piedras, Puerto Rico

1973-74
Certificación número   27

Yo, Luis F. González Vales, Secretario Ejecutivo del Consejo de Educación
Superior, CERTIFICO - - - - - - - - - - - - - - - - - - - - - - - -

Que el Consejo de Educación Superior, en su reunión ordinaria del viernes
14 de septiembre de 1973, aprobó los siguientes documentos, que se hacen
formar parte de esta certificación y los cuales recogen fielmente las disposi-
ciones de la Resolución original del Consejo de Educación Superior estable-
ciendo el Sistema de Retiro de la Universidad de Puerto Rico, según ha sido
subsiguientemente enmendada·

1. Resolution of the Council on Higher Education Restructuring
   the Retirement System of the University of Puerto Rico

2. Rules and Regulations of the University of Puerto Rico Retire-
   ment System as amended effective July 1st., 1973

3. Resolución del Consejo de Educación Superior Reorganizando
   el Sistema de Retiro de la Universidad de Puerto Rico

4. Reglas y Reglamento del Sistema de Retiro de la Universidad
   de Puerto Rico según enmendado efectivo el 1ro. de julio de
   1973

Acordó por unanimidad el Consejo de Educación Superior que, en caso
de discrepancia, prevalecerá el texto en inglés, tanto de la Resolución como
de las Reglas y Reglamento, por ser el documento original sometido por los
actuarios del Sistema de Retiro de la Universidad de Puerto Rico.

CERTIFICO, además, que en dicha reunión ordinaria celebrada el viernes
14 de septiembre de 1973, el Consejo de Educación Superior aprobó ofrecer a
los participantes del Sistema de Retiro, efectivo el 1ro. de octubre de 1973, la
opción de acogerse a un plan de completa suplementación de beneficios con los
que ofrece la Ley de Seguridad Social Federal, de acuerdo con los siguientes
términos·

1. Los participantes que opten por acogerse a este plan de completa
   suplementación aportarán al Sistema de Retiro siete por ciento
   (7%) de sus salarios cotizables.  Mediante esta aportación mayor,
   sus anualidades de retiro no serán reducidas al cumplir dichos
   participantes la edad de 65 años.

1973-74
-2-                                Certificación Núm. 27

2. Los participantes activos al 1ro. de octubre de 1973 que se acojan a este plan de suplementación pagarán la aportación individual de siete por ciento (7%) de sus sueldos a partir de dicha fecha. En caso de empleados futuros, pagarán dicha aportación individual a partir de la fecha de su ingreso al Sistema.

3. A los participantes activos al 1ro. de octubre de 1973 se les concederá un máximo de seis (6) meses para acogerse a esta opción pero pagarán intereses retroactivos a la fecha de efectividad del plan de suplementación si no se acogen al mismo en el transcurso de treinta (30) días de dicha fecha de efectividad.

4. En caso de empleados futuros, contratados con posterioridad a la fecha de efectividad del plan de suplementación, se les concederá treinta (30) días a partir de la fecha de su ingreso al Sistema para acogerse a esta opción.

5. El costo de este beneficio durante su primer año de operación (1973-74) se cargará contra los fondos del Sistema.

6. En años subsiguientes la Universidad pagará, en el transcurso de los primeros diez (10) días del mes de julio, la mitad del costo del beneficio agregado por este concepto en el año inmediatamente anterior.

Las anteriores disposiciones sobre el plan de suplementación han sido incorporadas a las Reglas y Reglamentos antes citados, en la Sección 7 del Artículo III y Secciones 1 c y 2 b del Artículo VIII.

Y para que así conste, expido la presente certificación bajo el sello de la Universidad de Puerto Rico, en Río Piedras, Puerto Rico, hoy 14 de septiembre de 1973.

Luis F. González Vales
Secretario Ejecutivo

mmr

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Lcda. Magdalisse Ramos Costa
Secretaria Ejecutiva

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 3 de 60

RESOLUTION OF THE

COUNCIL ON HIGHER EDUCATION

RESTRUCTURING THE RETIREMENT SYSTEM OF THE

UNIVERSITY OF PUERTO RICO

RESOLUTION OF THE
COUNCIL ON HIGHER EDUCATION
RESTRUCTURING THE RETIREMENT SYSTEM OF THE
UNIVERSITY OF PUERTO RICO

PURSUANT TO LAW NO. 135 OF MAY 7, 1942, ACT OF THE UNIVERSITY
OF PUERTO RICO (SUPERSEDED BY LAW NO. 1 OF JANUARY 1966) AUTHO-
RIZING THE ESTABLISHMENT OF A RETIREMENT SYSTEM FOR THE EM-
PLOYEES OF THE UNIVERSITY, THE COUNCIL ON HIGHER EDUCATION, BY
ITS RESOLUTION OF FEBRUARY 21, 1945, EFFECTIVE JANUARY 1, 1945,
ESTABLISHED THE UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM AND
PROVIDED FOR ITS MAINTENANCE, FINANCING AND ADMINISTRATION. THE
SYSTEM WAS REVISED EFFECTIVE JULY 1, 1949, BY RESOLUTION OF
NOVEMBER 29, 1950, AND IS HEREBY FURTHER REVISED EFFECTIVE
JULY 1, 1973.

## ARTICLE I - PURPOSE

The purpose of the System is to provide benefits for staff
members and other employees of the University against the hazards
of old age, disability, death, and termination of employment, with
the objective of encouraging qualified persons to enter into and
remain in the service of the University, thereby contributing to
its efficient administration.

## ARTICLE II - DEFINITIONS

Terms used herein, unless a different meaning is clearly
indicated by the context, shall have the following meanings:

| | | |
|---|---|---|
| System | - | The University of Puerto Rico Retirement System. |
| University | - | The University of Puerto Rico, including its several campuses and affiliated bodies. |
| Council | - | The Council on Higher Education of the University of Puerto Rico. |
| Board | - | The Retirement Board provided for in Article III. |
| Government | - | The Government of Puerto Rico, including its agencies, instrumentalities, public corpora- tion and municipalities. |

- 3 -

of the System representing the same constituency as that of the replaced member, and his election or designation shall take place within 60 days after the vacancy occurs and in accordance with the procedure established in Article III.

Section 2 - Extended leave of Absence

A member of the Board entering upon a leave of absence to exceed a period of 90 days shall be replaced for such period, but not beyond the remainder of this term, by another member of the System representing the same constituency. Such replacement shall be appointed by the President within 30 days after the beginning of the leave, on the recommendation of the administration of such constituency.

ARTICLE VI - OFFICERS

Section 1 - Election

The Board shall elect from its own members a President, a First Vice President, and a Second Vice President, who shall represent three different jurisdictions from among those enumerated in Article III, and who shall serve terms of two calendar years.

Section 2 - Vacancy or Absence

A vacancy in the office of President or Vice President shall be filled for the remainder of the term of office by Board election from among Board members.

An officer absent on leave or for reason of incapacity for a period to exceed 90 days shall be replaced for such period, but not beyond the remainder of his term, by Board election from among Board members.

Section 3 - Duties

The President shall call, preside over, and direct meetings of the Board; be the spokesman of the Board; and represent the Board in all official acts entrusted to him by the Board.

- 4 -

The Vice Presidents shall carry out such
duties as may be assigned to them by the President or
by the Board and, in order of rank, shall replace the
President during his absence or incapacity for less
than 90 days in all functions assigned to the President.

Section 4 - Acting Officer

In the absence of the President and Vice
Presidents at a Board meeting, and acting officer to
preside over such meeting shall be elected from among
the Board members present.

Section 5 - Executive Director

The Executive Director of the System appoint-
ed by the Board shall serve as Secretary of the Board with
a voice but no vote and with responsibility for executive
and administrative direction of the System in accordance
with this Resolution and the directives of the Board.

## ARTICLE VII - DUTIES OF THE BOARD

The Board shall be entrusted with the funds of the System,
with administration of the System, and, except as otherwise
provided herein, with policy-making responsibility, and shall
be directly responsible to the Council for the discharge of those
functions in accordance with the purposes and provisions of this
Resolution.

## ARTICLE VIII - MEETINGS

Meetings shall be held at such times and places as the Presi-
dent may designate or at the written request of any three members
of the Board.  The meeting at which a President and Vice Presidents
are elected for a new term of office shall be held during the last
month of the term of office of the current officers.

## ARTICLE IX - QUORUM

The presence of a majority of the Board at a Board meeting
shall constitute a quorum.

- 5 -

## ARTICLE X - BOARD ACTIONS

All actions and decisions of the Board shall be approved at a duly constituted meeting by a majority of Board members present.

Any questions previously acted upon may be brought up for reconsideration by a petition of at least three members of the Board.

## ARTICLE XI - POLICY MAKING

Rules and regulations established by the Board shall be subject to review and approval by the Council. Proposed new rules and regulations and changes or additions to them involving membership or exclusion from membership, service credit, conditions for the payment of benefits or refunds, amounts of benefits, the custody of the Fund or its investments, the rate of member contributions, or any other proposals shall have a Council review period of 60 days. A review period shall begin on receipt of the Board's written proposal by the Council Chairman. If the Council fails to take action on changes or additions to rules or regulations proposed by the Board within the review period, the proposed change or addition shall go into effect as of the end of that review period.

Any decision or resolution of the Board may be revised at any time by the Council.

## ARTICLE XII - OBLIGATIONS OF THE UNIVERSITY

The University will furnish the Board with written information on periods of service, dates of birth, compensation, new entrants into service, deaths, withdrawals, and such other data related to the employees as may be necessary for the proper and effective operation of the System. The payment of annuities and benefits granted under the provisions of this System and of the required contributions by the University necessary to maintain the System are hereby made obligations of the University.

- 6 -

## ARTICLE VIII - RIGHTS OF THE MEMBERS OF THE BOARD

All members of the Board including the Executive Director, as members of the System, shall have the right, within the limits established by this Resolution and the rules and regulations of the Board, to request any of the benefits provided by the System.

## ARTICLE XIV - RESTRICTIONS ON MEMBERS OF THE BOARD

Section 1 - Benefits to Board Members

Any benefits, loan or other member service applied for by a Board member or the Executive Director shall be subject to approval by the Board, and the applicant shall be excluded from the meetings during consideration of an action on his applications.

Section 2 - Conflict of Interest

a. A member of the Board or the Executive Director may not have any interest in any revenues, profits, or benefits accruing from any investments of the System; receive any payments or emoluments in connection with any investments made by the Board; or act as endorser or co-signer, or assume any obligations with respect to money lent by the System, except as required to borrow and repay loans in his own name under Section 1 of this Article.

b. A member of the Board or the Executive Director shall exclude himself from a meeting while action is being taken on a matter which might involve him in a conflict of interest.

## ARTICLE XV - FUND

A Fund to be known as the University of Puerto Rico Retirement Fund is hereby created to receive income, hold monies, and make disbursements on behalf of the System in order to achieve the purposes described herein.

- 7 -

## ARTICLE XVI - INVESTMENTS

The assets of the System shall be invested with due care
and prudence.  The Board shall propose policies for the invest-
ment of assets of the System, and shall propose revisions in
these policies from time to time, such proposals to be subject
to review and approval by the Council.  The Board may delegate
the administration and the selection of investments to employees
of the System or to professional investment advisors, who shall
carry out their duties consistant with the policies established
by the Board and approved by the Council.  The marketable secu-
rities owned by the System shall be held in custody by the
Secretary of the Treasury.

A substancial portion of the investments, as determined by
the Board, shall be invested in loans to the members of the
System.

The Board shall establish from time to time any rules and
regulations as they deem necessary in the areas of investment
policy, custody of assets, administration of the investment
program, and audit of the investment of the System.

RULES AND REGULATIONS OF THE

UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM

AS AMENDED EFFECTIVE JULY 1, 1973

RULES AND REGULATIONS OF THE
UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM
AS AMENDED EFFECTIVE JULY 1, 1973

### Contents

| Article | | Page |
|---|---|---|
| I | Definitions | 1 |
| II | Service Credit | 3 |
| III | Service Retirement Annuities | 7 |
| IV | Disability Retirement | 11 |
| V | Death Benefits | 14 |
| VI | Refunds | 17 |
| VII | Return to Service | 18 |
| VIII | Contributions and Fund | 18 |
| IX | Beneficiaries under Previous Resolution | 19 |
| X | Non-assignment of Benefits | 20 |
| XI | Administration | 20 |
| XII | Investments | 23 |

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 12 de 60

RULES AND REGULATIONS OF THE
UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM
AS AMENDED EFFECTIVE JULY 1, 1973

ARTICLE 1 - DEFINITIONS

Terms used herein, unless a different meaning is clearly indicated by the context, shall have the following meanings:

University - The University of Puerto Rico, including its several campuses and affiliated bodies.

Council - The Council on Higher Education of the University of Puerto Rico.

Resolution - The Resolution of the Council on Higher Education establishing the Retirement System.

System - The University of Puerto Rico Retirement System.

Board - The Retirement Board provided for in the Resolution.

Fund - The University of Puerto Rico Retirement Fund provided for in the Resolution.

Government - The Government of Puerto Rico, including its agencies, instrumentalities, public corporations, and municipalities.

Member - With respect to service before July 1973, any person who was a member in accordance with the Resolution as in effect at the time the service was rendered. With respect to service after June 1973, any person employed by the University, other than a person who is:

-- Compensated on an hourly basis;

-- Employed in a temporary position for less than nine (9) months;

-- Regularly employed for less than 18 hours per week;

- 2 -

-- Employed in a substitute position;

-- Employed as a visiting professor;

-- Providing services under contract,
except if such contract requires the
employee to render full-time or part
time employment and is entitled to
similar benefits and obligations as
a regular employee, member of the
System;

-- Appointed after his attainment of age 55,
unless he establishes credit for service
rendered before age 55 under this or
another Government Retirement System;

-- Receiving a pension under another Govern-
ment Retirement System, unless such pension
is suspended during the period of his employ-
ment by the University; or

-- Receiving credit for his University employ-
ment as service under any Retirement System
of the Federal Government, but only to the
extent of such service.

Service

-- rendered to the University by a member for
compensation,

-- credited to a member in accordance with
Article II,

-- credited to a member in accordance with any
law of the Commonwealth of Puerto Rico
governing the crediting of a period of ser-
vice rendered under another Retirement Sys-
tem, a period of military service, or a
period of study following military service.

Full-time  -- Employment based on a work-week of 30 hours
employment     or more.

Part-time  -- Employment based on a work-week of 18 hours
employment     but less than 30 hours.

- 3 -

Compensation -   Compensation or salary paid to a member,
including amounts with respect to which
contributions are made by the member for
the purpose of purchasing service credit
in accordance with Article II and amounts
credited to the member in accordance with
any law as described in Service definition,
but excluding payments for overtime work
and other extra payments for services in
addition to his normal duties.

Average
Compensation -   Average monthly compensation paid or credit-
ed to a member during the 36 months of ser-
vice for which such average is highest, or,
in the case of a member with less than 36
months of service, during his entire period
of service.

Regular
Interest   -   Interest at such annual rate as the Board
shall from time to time determine.

Fiscal Year   -   The fiscal year of the University.

ARTICLE II - SERVICE CREDIT

Section 1 - Crediting of Service

    **a.**  A calendar month in which a member had at
least 15 days of service shall be credited as a month of
service.

    **b.**  A member shall receive credit for service
in any fiscal year on the following basis:

| Number of Months of Service in Fiscal Year | Service Credit |
|---|---|
| 9 - 12 | one year |
| 6 - 8 | 3/4 year |
| 3 - 5 | 1/2 year |
| 1 - 2 | 1/4 year |

    **c.**  Notwithstanding subsection **a,** if, during a
calendar month which would otherwise be credited as a month
of service, the member was in part-time employment (but not

- 4 -

if he was in such employment during his entire period of
service, in which case subsection a shall apply), such
month shall be credited as a fraction of a month of ser
vice equal to the ratio of the number of hours in his
work week to 30   Such fractional month of service shall
nevertheless be treated as a month of service for the
purpose of determining the member's average compensation.

Section 2 - Prior Service Credit

Every member or former member as of July 1, 1973,
shall have credit for all the service with which he is already
credited in accordance with the Resolution as in effect before
such date

Section 3   Purchasing Service Credit

a   Any member as of July 1, 1973, who has pre
viously rendered service to the University for which he did
not receive credit, but for which he was entitled under the
Resolution then in effect to receive credit subject to the
payment of a contribution, shall continue to have such right
as if such Resolution were still in effect.

b   Any member who, prior to becoming a member,
had rendered service to the University under conditions that
did not qualify him for membership shall receive credit for
such service, provided he makes a contribution to the System
on the basis of his compensation during such service and at
the combined rate of member and employer contributions then
in effect.  Unless he begins to make the required payments
within one year after the date on which he became a member,
he shall be charged regular interest from such date to the
date on which his payments begin.

c   Any member who claims credit for service in
accordance with Act 110 of June 28, 1969, and who does not
begin to make the required contribution payments within one
year after the date on which he became a member, shall be
charged regular interest from such date to the date or which
his payments begin.

d   Any member who has credit for at least ten
(10) years of service shall receive credit for any previous
service rendered on a full time basis to any Federal Agency
in Puerto Rico for which he does not have credit under any
Federal or Government Retirement System, provided he makes

- 5 -

a contribution to the System on the basis of his compen-
sation during such service and at the combined rate of
member and employer contributions then in effect.  Unless
he begins to make the required payments within one year
after the date on which he acquired 10 years of service
credit or July 1, 1969, if later, he shall be charged
regular interest from such date to the date on which his
payments begin.

  e.  Any member who has completed three (3)
years of service on the basis of full-time employment
and who has proportionate credit for service on the
basis of part-time employment shall receive full credit
for such proportionate service, provided he makes a con
tribution to the System on the basis of the additional
compensation he would have proportionately received dur-
ing such service for a 30 hour workweek and at the rate
of member contribution then in effect.  Unless he begins
to make the required payments within one (1) year after
the date on which he completed three (3) years of service
on the basis of full-time employment, he shall be charged
regular interest from such date to the date on which his
payments begin.

  f.  Any member who has completed at least
three (3) years of service credit, shall receive credit
for periods of graduate studies not to exceed four (4)
years, under the following conditions:  (1) graduate
studies shall mean those studies, pursued after obtain-
ing a Bachelor's Degree, leading to a Superior Degree;
(2) the member shall have satisfactorily completed the
requirements leading to such Superior Degree, Diploma or
Certificate, as the case may be, on a recognized Institu-
tion; (3) must have been enrolled as a regular diurnal,
full-time student; (4) must reenter, or begin, public
service within 12 months after the date such degree was
obtained and (5) provided he makes the individual and
employer's contributions in effect as of the time he
pursued such graduate studies based on the salaries earned
as a government employee, before or after such studies
depending whether he entered government service before or
after pursuing such studies, with interest as determined
by the Board.

  g.  Any member who has completed at least ten
(10) years of service credit, shall receive credit for
any active service rendered in the Armed Forces of the

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 17 de 60

- 6 -

United States during peace time under the following
conditions: (1) has been honorably discharged from
the Armed Forces; (2) such active services have not
been credited for retirement purposes in the Armed
Forces or in any other Retirement System and (3) pro-
vided he makes the individual and employer's contri-
butions in effect as of the time of such services
based on the salaries earned at such time in the
Armed Forces, with interest as determined by the
Board.

h. Any member who claims credit for ser-
vice in accordance with subsection a, b. c, d, e, f or
g, shall file a statement of such service with the Board
in such form as it may prescribe. Upon verification of
the claim, the Board shall issue a statement certifying
the lenght of service credited.

Section 4 - Leaves of Absence

a. A member shall receive service credit for
a period of approved leave of absence without pay, provid-
ed he makes a contribution to the System, on the basis of
the rate of compensation that would have been paid to him
if he had continued in the same position he held immdiately
before the beginning of such period, (1) at the rate of
member contribution then in effect, if the leave was for
the purpose of professional advancement or on account of
illness, and (2) at the combined rate of member and employ-
er contributions, if the leave was for other reasons. Un-
less he begins to make the required payments within one
year after the date he returns to employment, he shall be
charged regular interest from such date to the date on
which payments begin.

b. A member on leave of absence shall be
deemed to be a member in service during such leave for
the purpose of determining eligibility for benefits and
loans, provided (1) the leave is granted for the purpose
of professional advancement or on account of illness, or
(2) the leave is granted for any other reason and the
member is making the current contributions required to
receive credit for service during such leave.

- 7 -

ARTICLE III - SERVICE RETIREMENT ANNUITIES

Section 1 - Eligibility

     A member shall be eligible for a service retire-
ment annuity if he has:

     <u>a.</u>  completed 30 years of service,

     <u>b.</u>  attained age 58 and completed 10 years of
     service, or

     <u>c.</u>  attained age 55 and completed 25 years of
     service.

Section 2 - Payment of Annuity

     <u>a.</u>  A member's service retirement annuity shall
be payable monthly.  It shall begin as of the day next fol-
lowing the later of:  (1) the date on which he becomes eli-
gible for the annuity, and (2)  the date of his separation
from service.

     <u>b.</u>  In the case of a member of the teaching
staff whose annuity would otherwise begin during a semester,
the annuity shall begin as of the first day of the follow-
ing semester, unless otherwise authorized by the Board upon
the recommendation of the Dean or the Head of the Agency
concerned.

     <u>c.</u>  Payment of an annuity shall be made on the
filing with the Board of a written application, but in no
event shall the beginning date of the annuity be earlier than
60 days before the date of filing.

Section 3 - Amount of Annuity

     <u>a.</u>  The amount of the service retirement annuity
payable to a member with at least 30 years of service shall
be as follows:

     (1)  During the period preceding the month in
     which he attains age 65.

     (a)  If he has attained age 55 as of the
     beginning date, 75% of his average
     compensation.

- 8 -

(b)   If he has not attained age 55 as of the beginning date, 65% of his average compensation.

(c)   If he has over 30 years of service credit as of 1 July 1973, excluding any service credited after such date, 75% or 65% of his average salary in accordance with paragraphs (a) and (b) above, for the first 30 years of service credit, plus two per cent (2%) of such average multiplied by the number of his years of service in excess of 30, but not more than 85% of such average. Service credit in excess of 30 years, attained after 1 July 1973, will only be credited for the purpose of computing his average salary.

(2)   During the period beginning with the month in which he attains age 65, the amount as determined in accordance with paragraph a reduced by 1/2% of his average compensation not in excess of $350, multiplied by the number of his years of service.

b.   The amount of the service retirement annuity payable to a member with less than 30 years of service shall be as follows:

(1)   During the period preceding the month in which he attains age 65, a percentage of his average compensation depending on the number of his years of service in accordance with the following schedule, multiplied by such number of years of service:

| Number of Years of Service | Percentage |
|---|---|
| Not more than 20 | 1.50% |
| 20-1/4 - 21 | 1.55 |
| 21-1/4 - 22 | 1.60 |
| 22-1/4 - 23 | 1.65 |
| 23-1/4 - 24 | 1.70 |
| 24-1/4 - 25 | 1.75 |
| 25-1/4 - 26 | 1.80 |
| 26-1/4 - 27 | 1.85 |
| 27-1/4 - 28 | 1.90 |
| 28-1/4 - 29-3/4 | 1.95 |

- 9 -

In the case of an annuity beginning before
July 1, 1977, the amount so determined may
not be less than the amount that would have
been payable in accordance with the provi-
sions of the Resolution in effect on June 30,
1973.

(2) During the period beginning with the month in
which he attains age 65, the amount as deter-
mined in accordance with paragraph (1), reduc-
ed by 1/2% of his average compensation not in
excess of $350, multiplied by the number of
his years of service.

c. The amount determined in accordance with
paragraph a or b (2), when added to the member's primary insur-
ance amount under the Social Security Act, shall in no event
be less than the amount determined in accordance with paragraph
a (1) or b (1), respectively. For this purpose, the primary
insurance amount shall be the amount which the member would be
entitled to receive if he had filed a timely application for
it, did not begin to receive an old-age insurance benefit
before he attained age 65, and was not subject to a reduction
or withholding of benefits because of employment or other
reasons, regardless of whether he was actually receiving such
amount. An annuity adjusted in accordance with this subsection
shall not thereafter be redetermined on account of any change in
insurance amounts payable under the Social Security Act.

d. In the case of a member with less than 30 years
of service whose annuity begins before he has attained age 58,
the amount determined in accordance with subsection b, adjusted
in accordance with subsection c if applicable, shall be reduced
by 1/2% for each month or fraction of a month from the begin-
ning date of the annuity to the date of his attainment of
age 58.

e. The minimum amount of annuity shall be $125.00
per month.

Section 4 - Compulsory Retirement

A member who has attained age 65 shall be retired
from service as of the June 30 coincident with or next follow-
ing the attainment of such age, unless his retirement is defer-
red in accordance with University regulations.

- 10 -

Section 5 - Vesting

A member who terminates his service after
having completed 10 years of service but before he has
become eligible for an annuity, and who does not with-
draw his contributions, shall be eligible for an annuity
in accordance with Section 1 upon his attainment of the
applicable age specified therein, as if he  were then a
member.

Section 6 - Reversionary Annuity

a. A member may elect to accept a reduction
in the service retirement annuity otherwise payable to him,
in return for which a reversionary annuity may be paid to
a survivor annuitant.  The election and the designation of
the survivor annuitant shall be made in writing, in a manner
prescribed by the Board, at least one year before the date
as of which the retirement annuity becomes payable.  The
designated survivor annuitant may be the spouse or any per-
son within the second degree of blood relationship, direct
or collateral.

b. The election of a reversionary annuity shall
be irrevocable except that.

(1) It may be changed or revoked by a written
communication filed with the Board before
the date as of which the retirement annuity
becomes payable, in which case such annuity
may not become payable until at least one
year following the change or revocation;

(2) It shall be revoked if, before the date as
of which the retirement annuity becomes
payable, the member of the survivor annuit-
ant dies, or, if the survivor annuitant is
the spouse of the member, their marriage
is terminated by divorce, in which case the
member, if alive, shall have the right to
make a new election.

c. The amount of the reduction to be made in the
retirement annuity shall be determined by the actuary, in
accordance with actuarial tables and assumptions approved by
the Board, as the actuarial equivalent of the reversionary
annuity.  The amount of the reversionary annuity shall be
specified by the member but shall be not less than $25 nor
more than the reduced retirement annuity payable to the member.

- 11 -

    <u>d.</u> The reversionary annuity shall be payable monthly. It shall begin as of the first day of the month following the month in which the retired member dies and shall terminate as of the end of the month in which the survivor annuitant dies.

Section 7 - Full Social Security Supplementation

    <u>a.</u> Effective 1 October 1973, a member may elect to accept a full social security supplemented annuity in return for which his retirement annuity will not be reduced at age 65. If such election is made his rate of member contribution will be determined in accordance with Section 1 <u>c</u> of Article VIII.

    <u>b.</u> Any member in active service as of 1 October 1973, will have six (6) months as of such date to make this election and authorize the corresponding rate of individual contributions. If the election is made after thirty (30) days of the effective date, interest will be charged from 1 October 1973 to the date of election.

    <u>c.</u> Any person who becomes a member after 1 October 1973, will have a thirty (30) days period, from the date he became a member, to make this election.

    <u>d.</u> The annuity reduction prescribed in Section 3 <u>a</u> (2) and <u>b</u> (2) of this Article, shall not apply in the case of members who have made the election prescribed in this Section.

ARTICLE IV - DISABILITY RETIREMENT

Section 1 - Eligibility

    <u>a.</u> A disabled member whose disability is service-connected or who has completed 10 years of service shall be eligible for a disability annuity.

    <u>b.</u> A disabled member whose disability is not service-connected and who has completed less than 10 years of service shall be eligible for a one-year temporary disability annuity.

Section 2 - Disability

    A member shall be deemed to be disabled if he is found, on medical examination by a physician or physicians designated by the Board, to be totally and permanently incapacitated for the performance of the duties of his regularly

- 12 -

assigned position. He shall be deemed to have a service connected disability if the disability was incurred in line of duty and is compensated under the Workmen's Compensation Act. Otherwise, he shall be deemed to have a non-service connected disability.

Section 3 - Payment of Annuity

    a. A member's disability annuity shall be payable monthly. It shall begin as of the day next following the later of:

        (1) the date of which his disability is deemed to have begun, and

        (2) the date of his separation from service, and shall terminate as of the end of the month in which he dies, or the third month after the month in which he is found to be no longer disabled.

The termination of an annuity because the annuitant is deemed no longer to be disabled shall be without prejudice to any vested right he may have in accordance with Section 5 of Article III. If he is again employed by the University, he shall be reinstated as a member and receive credit for the service on which his annuity was based.

    b. A member's one-year temporary disability annuity shall be payable monthly. It shall begin as provided for in accordance with subsection a and shall terminate at the end of one year, or, if earlier, as of the end of the month in which he dies. If the member is alive at the end of the year, he shall receive a lump-sum payment consisting of the excess, if any, of the amount of his employee contributions over the total of the annuity payments he received.

- 13 -

        c. Payment of an annuity shall be made on the filing with the Board of a written application, but in no event shall the beginning date of the annuity be earlier than one year before the date of filing.

        d. The Board, in its discretion, may require a recipient of a disability annuity who has not yet attained age 58 to submit periodically to a medical examination, at his home or other mutually agreed upon location, by a physician or physicians designated by the Board, in order to determine whether he may still be deemed disabled. If an annuitant refuses to submit to a medical examination, his annuity shall be discontinued until he consents to submit, except that, if he does not so consent within one year after he has been notified that he is subject to re-examination, his rights to any subsequent payments of a disability annuity shall thereupon be revoked.

Section 4 - Amount of Annuity

        a. The amount of the disability annuity shall be as follows:

        (1) For the period preceding the month in which attains age 65:

            (a) If his disability is service-connected, 50% of the monthly rate of compensation applicable, as of the beginning date of the annuity, to the position he held at the time he became disabled.

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 25 de 60

- 14 -

    (b)  If his disability is not service-con-
nected, 30% of his average compensa-
tion plus one per cent (1%) of such
average multiplied by the number of
his years of service in excess of 10.

  (2)  For the period beginning with the month in
which he attains age 65, the amount payable
as a service retirement annuity in accord-
ance with Article III, Section 3, except
that such amount shall in no event be more
than the amount he was receiving before such
month, nor, when added to his primary insur-
ance amount under the Social Security Act,
be less than the amount he was receiving
before such month.

    **b**.  The amount of the disability annuity as
determined in subsection **a** shall be subject to the provi-
sions of subsection **e** of Article III, Section 3.

    **c**.  In the case of a member eligible to receive
both a disability annuity and a service retirement annuity,
the highest of the two amounts shall be payable.

    **d**.  The amount of the one-year temporary annuity
payable to a member shall be 30% of his average compensation,
but not less than $50 nor more than $100.00.

## ARTICLE V - DEATH BENEFITS

### Section 1 - Death in Service, Service-Connected

    **a**.  Upon the death of a member, if such death
is service-connected and compensated under the Workmen's
Compensation Act, benefits shall be payable to his survivors
as follows:

    (1)  To his widow, an annuity in an amount equal
to 50% of the member's monthly rate of com-
pensation at the time of his death.

    (2)  To each of his eligible children, an annuity
equal to $10 if an annuity is being paid to
the widow, and to $20 if no annuity is being
paid to a widow.

- 15 -

(3) To his designated beneficiary, or, in the
absence of a designation, to his estate,
if there is no eligible widow or child, a
lump-sum payment as determined in accord-
ance with Section 2.

b.   The total of the annuities payable in accord-
ance with subsection a may not exceed 75% of the member's
monthly rate of compensation at the time of death.

c.   For the purpose of subsection a, an eligible
child shall be a child who:

(1) has not attained age 18,

(2) has attained age 18 but not age 21 and is in
full-time attendance at a school accredited
by the Department of Education of the Common-
wealth of Puerto Rico, or

(3) is disabled.

d.   An annuity payable in accordance with subsec-
tion a shall be payable monthly.  It shall begin as of the day
following the death of the member and shall terminate:

(1) in the case of the widow, as of the end of
the month in which she dies or remarries,
and

(2) in the case of a child, as of the end of the
month in which he dies or ceases to be eli-
gible.

Section 2 - Death in Service, not Service-Connected

a.   Upon the death of a member, if such a death
is not service-connected, benefits shall be payable as follows:

(1) To his widow, an annuity in an amount equal
to 50% of the retirement annuity accrued to
him, notwithstanding that he may not yet have
become eligible for such annuity, but not less
than $50 nor more than $100, and

(2) To his designated beneficiary or, in the ab-
sence of a designation, to his widow or to

- 16 -

his estate, a lump-sum payment consist-
ing of the greater of $6,000 or the sum
of the total amount of the member's
employee contributions, and an amount
equal to his annual rate of compensation
at the time of his death.

b. The annuity payable in accordance with sub-
section a shall be payable monthly. It shall begin as of the
day following the death of the member and shall terminate as
of the end of the month in which the widow dies, remarries,
or begins to receive an insurance benefit under the Social
Security Act.

Section 3 - Death after Retirement

a. Upon the death of a member receiving an annui-
ty other than a one-year temporary disability annuity, bene-
fits shall be payable as follows:

(1) To his widow, an annuity in an amount equal
to 50% of the annuity payable to him at the
time of his death, but not less than $50 nor
more than $100, and

(2) To his designated beneficiary or, in the
absence of a designation, to his widow or
to his estate, a lump-sum payment equal to
the excess, if any, of the amount of his
employee contributions over the total of the
annuity payments he received, but not less
than $600, except that such lump-sum shall
not be payable if the member elected a
reversionary annuity.

b. The annuity payable in accordance with sub-
section a shall be payable monthly. It shall begin as of
the first day of the month following the month in which the
retired member dies and shall terminate as of the end of the
month in which the widow dies, remarries, or begins to receive
an insurance benefit under the Social Security Act.

- 17 -

   c. Upon the death of a member receiving a one year temporary annuity, there shall be paid to his designated beneficiary or, in the absence of a designation, to his widow or to his estate, a lump-sum payment equal to the excess, if any, of the amount of his employee contributions over the total of the annuity payments he received.

Section 4 - Application

   Payment of an annuity or lump-sum payment shall be made on the filing with the Board of a written application, but in no event shall the beginning date of the annuity be earlier than 60 days before the date of filing. A designated beneficiary shall be an individual designated in a written filing with the Board to receive a lump-sum payment.

ARTICLE VI - REFUNDS

Section 1 - Refund

   A member who is separated from service, provided he is not eligible for an annuity and has not entered the employment of another employer maintaning a Retirement System covered by the Reciprocity Act, shall be eligible, on filing a written application with the Board, to receive a refund of the total amount of his contributions. Upon receipt of such refund, he shall forfeit all his credited services.

Section 2 - Repayment of Refund

   A former member who has received a refund in accordance with Section 1, and who subsequently again becomes

- 18 -

a member, or who re-enters employment when he has already
attained age 55 and solely for that reason does not become
a member, may have his forfeited service credit reinstated,
provided he makes a repayment to the System of all amounts
previously refunded to him, with regular interest from the
respective date of refund to the date of repayment.

### ARTICLE VII - RETURN TO SERVICE

If the recipient of a service retirement annuity enters Govern-
ment service, his annuity shall be suspended during such service,
but shall be resumed at the same rate upon termination of such serv-
ice.  If he is employed by the University, he shall be reinstated as
a member and shall be given the option of:

Refunding to the System the total of the annuity pay-
ments he received, in which case his annuity on his sub-
sequent separation shall be recomputed on the basis of his
total service, or

Not making such refund, in which case he shall receive,
on his subsequent separation, his suspended annuity and, in
addition, an annuity based on his additional service and
determined in accordance with Article III, notwithstanding
that such additional service may be less than 10 years.

### ARTICLE VIII - CONTRIBUTIONS AND FUND

Section 1 - Rate of Member Contributions

Each member shall make a contribution to the
System each month, beginning on 1 September 1973, in an
amount equal to:

a. Four per cent (4%) of the first $350.00
of compensation paid to him for such month, and

b. Six and a half per cent (6 1/2%) of such
compensation in excess of $350.00.

c. Seven per cent (7%) of compensation paid to
him for such month if he has elected the supplemented annuity
prescribed in Article III, Section 7.

Section 2 - Employer Contributions

a. On the basis of periodic actuarial valuations
of the assets and liabilities of the System the actuary retain-
ed by the Board shall determine an employer contribution rate,
expressed as a percentage of the payroll of all members, which
he deems necessary to meet the costs of the System.  Such valua-
tions shall be prepared on the basis of accepted actuarial

- 19 -

principles and reasonable actuarial assumptions and tables approved by the Board.  Before the beginning of each fiscal year, the Board shall, through the Council, certify to the University the amount to be appropriated to the Fund for the year on the basis of the employer contribution rate determined by the actuary.

b.  The employer contributions in regards to the supplemented annuity prescribed in Article III, Section 7, shall be paid as follows:

(1) The total cost for the first year of operation (1973-74) shall be charged to the fund.

(2) In subsequent years the University shall make an annual contribution to the fund equal to one half of the aggregate cost of this benefit as determined in the inmediate previous year.  This contribution shall be made within the first ten (10) days of the month of July.

Section 3 - Fund

a.  Member and employer contributions received by the System shall be deposited in the Fund and the costs of paying benefits and administering the System shall be met by the Fund.

b.  The Fund shall receive all the assets and assume all the liabilities of the System as of June 30, 1973.

Section 4 - Member's Debt to Fund

a.  If a member has an outstanding debt due to the System or another Government Retirement System at the time of his application for a refund of contributions, the amount of such debt shall be deducted from the amount of the refund otherwise payable.

b.  If a member has an outstanding debt due to the System or another Government Retirement System at the time of his death or retirement, the amount of such debt shall be deducted from any benefits payable to him or his beneficiary.

ARTICLE IX - BENEFICIARIES UNDER PREVIOUS RESOLUTION

Any person who, as of June 30, 1973, was receiving a benefit under the Resolution then in effect shall continue to receive such benefit as if such Resolution were still in effect.

- 20 -

## ARTICLE X - NON-ASSIGNMENT OF BENEFITS

The right of any member or beneficiary to an annuity, death benefit, refund of contributions, or any other right accrued or accruing under this System shall not be assignable or subject to sale. Nothing in this provision, however, shall be deemed to prohibit the application of Article VIII, Section 4.

## ARTICLE XI - ADMINISTRATION

Section 1 - Duties of the Board

The Board shall, in a manner consistent with the purposes and requirements of the Resolution:

<u>a</u>. Appoint an Executive Director of the System, who shall be responsible to the Board.

<u>b</u>. Provide for adequate facilities and staff necessary for the efficient administration of the System.

<u>c</u>. Contract for such professional and consulting services as it considers necessary to carry out its functions, including the services of an actuary who shall be, or have on his staff, a member of the American Academy of Actuaries.

<u>d</u>. Contract for an independent audit as of the end of each fiscal year.

<u>e</u>. Approve an annual budget for the administration of the System.

<u>f</u>. Request from the University and from participating members such information as may be needed for the proper operation of the System.

<u>g</u>. Consider and take action on matters referred to it by the Executive Director.

<u>h</u>. Investigate and settle on appeal all disputes arising between the Executive Director and the members of the System.

<u>i</u>. Determine the rate of regular interest.

- 21 -

j. Approve, on the recommendation of its actuary, such actuarial tables and assumptions as may be required for the valuation of the System and the determination of benefits.

k. Submit an annual report to the Council as soon as possible following the close of the fiscal year. The report shall include statements showing the financial and actuarial conditions of the System, the income and expenditures for the year, the changes in the assets and liabilities during the year, the investments held by the System, and the investments acquired and disposed of during the year (including a description of each such investment, its purchase or sale price, the name of the vendor or vendee, and such other financial or statistical data as are necessary for a proper interpretation of the financial operations of the System).

l. Submit to the Council such other reports as it may require.

m. Publish and distribute among the members a synopsis of its annual report to the Council.

Section 2 - Duties of the Officers

a. The President shall:

(1) Approve and sign all contracts for professional and consulting services in accordance with the decisions of the Board.

(2) Appoint such committes as the Board considers necessary to carry out its functions.

(3) Ensure that the Board efficiently carries out the duties assigned to it.

b. The First Vice President, or, in his absence, the Second Vice President shall:

(1) Preside over all administrative hearings necessary to settle disputes between the Director and members of the System.

(2) Submit reports on such hearings to the Board with his recommendations.

Section 3 - Duties of the Executive Director

The Executive Director shall:

Case:17-03283-LTS Doc#:24302-4 Filed:05/24/23 Entered:05/24/23 13:30:00 Desc: Appendix Exhibit 2 to Complaint Dkt 1-2 Page 33 of 60

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 33 de 60

- 22 -

a. Send out notices of meetings and the agenda and other documents to be discussed.

b. Prepare, certify, and keep the minutes of meetings.

c. Prepare documents, including the by-laws, as directed by the Board.

d. Represent the Board in the examination and approval or disapproval of applications for benefits and for personal loans or loans on homes provided for members of the System.

e. Represent the Board in signing bonds and mortgages and loans on homes allowed by the System, in endorsing the promissory notes of such loans, and in signing promissory notes for FHA mortgages in the investment portfolio, subject to limits prescribed by the Board and Council.

f. Submit reports to the Board of benefits approved.

g. Submit for the consideration and approval of the Board proposed changes in rules, regulations and procedures.

h. Be the custodian of all System records and documents other than those for which custody is assigned elsewhere by the Board or Council.

i. Serve as secretary of the Committee established by the President unless that responsibility is otherwise assigned by the President.

j. Prepare, for the approval of the Board, its annual budget and annual and other reports.

k. Keep the members of the System informed of all decisions taken by the Board which directly affect them.

l. Draw the attention of the Board, for its final decision, to any application submitted by a member of the System not covered by established procedures.

- 23 -

m. Keep abreast of all trends and changes,
including the investment programs, which
may affect standard procedures in order
to advise the Board.

n. Establish and maintain facilities and
staff for the conduct of Board meetings
and the efficient execution of its ad-
ministrative functions.

o. Carry out any other responsibilities
assigned to him by the Board.

Section 4 - Meetings

a. The Board shall hold such meetings as it
deems necessary to fulfill its functions, and at such dates
as it shall decide.

b. Special meetings may be called, on at least three
days' notice, by the President or at the request of at least
three of its members.

Section 5 - Assistance to the Board

The Board may, at its discretion, employ such
professional and clerical service as may be required for the
proper operation of the System.

Section 6 - Administrative Expenses

Expenses incurred in the administration of the
System shall be approved by the Board and paid from the Fund.

ARTICLE XII - INVESTMENTS

Section 1 - Investment Policy

The funds of the System in excess of cash re-
quirements for current operations and for meeting members
requests for personal and mortgage loans shall be invested
in securities, notes, and other types of investment select-
ed with due care and prudence. The administrator of the
investments shall propose policies to the Board from time
to time for the investment of assets of the System. These

- 24 -

policies may include decisions as to the types of secu-
rities in which assets may be invested, definitions as to
the types of loans and the types of collateral that may
be required for such loans, the rates of interest under
which various types of loans shall be granted, and other
terms and conditions of the investments, securities and
loans.  These policies may also include the suggested
portions of the total investment fund that may be invested
in various types of securities and loans.  These policies
may also make further restrictions as to types of loans
that may not be made to certain members or employees of
the University or related entities.  Securities acquired
or sold by the Board shall be at prices not to exceed the
prevailing market values for such securities.

Section 2 - Custody of Assets

        The Secretary of the Treasury of the Commonwealth
of Puerto Rico shall be the custodian of the marketable
securities of the System.  The System shall transfer assets
in excess of the cash requirements for current operations and
members loans to the Secretary of the Treasury for invest-
ment.  Subject to direction by the Board and any employees
of the System or professional investment advisors to which
the Board may have delegated the administration and selection
of investments, the Secretary of the Treasury shall have full
power to hold, purchase, sell, assign, transfer and dispose
of any of the securities and investments of the System.  Any
transactions entered into by the Secretary of the Treasury
regarding assets of the System shall be made on behalf of the
System and all interest and dividends derived from such invest-
ments, and gains or losses from the sale of investments, shall
be credited to the account of the System.  Securities, notes
or other evidences of loans shall be clearly marked to indicate
ownership by the System and, to the extent possible, shall be
registered in the name of the System.

Section 3 - Administration

        The Board may delegate its responsibility for the
administration of the investments of the System, and the
selection of specific securities or loans, to an employee or
employees of the System or to professional investment advisors.
The Board may pay a reasonable fee to such professional invest-
ment advisors for their efforts.  Each and every employee or
advisor to whom such responsibilities are delegated shall carry
out such duties within the policies established by the Board and
approved by the Council.

- 25 -

Section 4 - Audit of the Investment

       The Board shall provide for an annual invest-
ment audit which shall include at least:

       a. A financial audit of the transactions with
respect to the investments, including an analysis of the
adherence to stated investment policies during the year,
and

       b. A review of the investment policies estab-
lish by the Board and approved by the Council.

At least once every three years, the investment audit shall
include an analysis of the investment performance of the
assets of the System. Each element of the investment audit
shall be conducted by a firm or person qualified to conduct
such a study, with a written report of their findings to be
presented to the Board and to the Council.

RESOLUCION DEL CONSEJO DE EDUCACION SUPERIOR

REORGANIZANDO EL SISTEMA DE RETIRO DE LA

UNIVERSIDAD DE PUERTO RICO

RESOLUCION DEL CONSEJO DE EDUCACION SUPERIOR
REORGANIZANDO EL SISTEMA DE RETIRO DE LA
UNIVERSIDAD DE PUERTO RICO

| Artículo | Contenido | Página |
|---|---|---|
| I | Propósito | 1 |
| II | Definiciones | 1 |
| III | La Junta de Retiro | 2 |
| IV | Término de los Miembros de la Junta | 2 |
| V | Sustitución de Miembros de la Junta antes de Completar su Término | 3 |
| VI | Oficiales de la Junta | 3 |
| VII | Deberes de la Junta | 4 |
| VIII | Reuniones | 5 |
| IX | Quórum | 5 |
| X | Decisiones de la Junta | 5 |
| XI | Formulación de Normas | 5 |
| XII | Obligaciones de la Universidad | 6 |
| XIII | Derechos de los Miembros de la Junta | 6 |
| XIV | Limitaciones de los Miembros de la Junta | 6 |
| XV | Fondo | 7 |
| XVI | Inversiones | 7 |

RESOLUCION DEL CONSEJO DE EDUCACION SUPERIOR
REORGANIZANDO EL SISTEMA DE RETIRO DE LA
UNIVERSIDAD DE PUERTO RICO

DE ACUERDO CON LAS DISPOSICIONES DE LA LEY NUMERO 135 DEL
7 DE MAYO DE 1942, LEY DE LA UNIVERSIDAD DE PUERTO RICO (SOBRE-
SEIDA POR LA LEY NUMERO 1 DEL 20 DE ENERO DE 1966) AUTORIZANDO
EL ESTABLECIMIENTO DE UN SISTEMA DE RETIRO PARA LOS EMPLEADOS
DE LA UNIVERSIDAD, EL CONSEJO DE EDUCACION SUPERIOR EN VIRTUD
DE LA RESOLUCION DEL 21 DE FEBRERO DE 1945, EFECTIVA EL 1 DE
ENERO DE 1945, ESTABLECIO EL SISTEMA DE RETIRO DE LA UNIVERSI-
DAD DE PUERTO RICO Y PROVEYO PARA SU SOSTENIMIENTO, FINANCIA-
MIENTO Y ADMINISTRACION.  EL SISTEMA FUE REVISADO EFECTIVO EL
1 DE JULIO DE 1949 POR LA RESOLUCION DEL 29 DE NOVIEMBRE DE
1950 Y ES POR LA PRESENTE NUEVAMENTE REVISADO EFECTIVO EL 1 DE
JULIO DE 1973.

ARTICULO I - PROPOSITO

El propósito del Sistema es el de proveer beneficios para
los funcionarios y empleados de la Universidad contra los riesgos
de edad avanzada, incapacidad, muerte o cesantía con el objetivo
de inducir a personas idóneas a entrar y permanecer en el servicio
de la Universidad, contribuyendo así a una administración eficiente.

ARTICULO II - DEFINICIONES

Las siguientes palabras y frases usadas en esta Resolución
tendrán los significados que a continuación se expresan a menos
que del contexto se indique claramente un significado diferente:

Sistema    -  El Sistema de Retiro de la Universidad
              de Puerto Rico.

Universidad -  La Universidad de Puerto Rico incluyendo
              sus diferentes Recintos y Dependencias.

Consejo    -  El Consejo de Educación Superior de la
              Universidad de Puerto Rico.

Junta      -  La Junta de Retiro establecida en el
              Artículo III.

- 2 -

Gobierno - El Gobierno de Puerto Rico incluyendo sus Agen-
cias, Instrumentalidades, Corporaciones Públicas
y Municipios.

ARTICULO III - LA JUNTA DE RETIRO

El Sistema será administrado por una Junta de Retiro que será
responsable directamente al Consejo y que consistirá de once (11)
miembros designados como sigue:

Dos representantes de cada uno de los Recintos Uni-
versitarios de Río Piedras, Mayaguez, Ciencias Médicas y
Administración de los Colegios Regionales.  En cada caso
un representante será electo por el Senado Académico corres-
pondiente y el otro representante será electo por referendum
entre los participantes del Sistema en la jurisdicción corres-
pondiente.

Un representante del Colegio Universitario de Cayey
electo por referendum entre los participantes del Sistema
en dicho Colegio.

Un representante del interés general de la Universidad
designado por el Presidente de la Universidad.

El Director de Finanzas de la Universidad como miembro
ex-officio y quien podrá delegar en un sustituto para repre-
sentarlo.

ARTICULO IV - TERMINO DE LOS MIEMBROS DE LA JUNTA

Los miembros de la Junta servirán por un término de cinco (5)
años.  Los miembros de la Junta en funciones el 30 de junio de 1973,
continuarán como miembros hasta la expiración del término para el
cual fueron nombrados de acuerdo con la Resolución en vigor en dicha
fecha.

Ningún miembro de la Junta electo o designado podrá servir más de
dos términos completos consecutivamente.

- 3 -

## ARTICULO V - SUSTITUCION DE UN MIEMBRO DE LA JUNTA ANTES DE COMPLETAR SU TERMINO

**Sección 1 - Vacantes en la Junta**

Cualquier miembro de la Junta que renuncie o cese como representante del Recinto, Dependencia u Oficial que lo eligió o designó será sustituído por el resto de su término por otro participante del Sistema que represente la misma Dependencia a la cual pertenecía el miembro sustituído y su elección o designación deberá efectuarse dentro de sesenta (60) días después de haber ocurrido la vacante y de acuerdo con los procedimientos establecidos en el Artículo III.

**Sección 2 - Licencia para Ausencia Prolongada**

Un miembro de la Junta que disfrute de una licencia que exceda un período de noventa (90) días será sustituído durante dicho período, pero no más allá del resto de su término, por otro participante del Sistema como representante del mismo Recinto, Dependencia u Oficial que lo eligió. El sustituto será nombrado por el Presidente dentro de treinta (30) días de haber comenzado la licencia de acuerdo con la recomendación de la administración del Recinto, Dependencia u Oficial que lo eligió.

## ARTICULO VI - OFICIALES DE LA JUNTA

**Sección 1 - Elecciones**

La Junta elegirá de su seno un Presidente, un Primer Vicepresidente y Segundo Vicepresidente, quienes deberán representar tres diferentes Dependencias de las enumeradas en el Artículo III y quienes servirán por un término de dos (2) años calendario.

**Sección 2 - Vacante o Ausencia**

La vacante del puesto de Presidente o Vicepresidente será cubierta, por el resto del término del incumbente, por elección entre los miembros de la Junta.

- 4 -

Cualquier oficial ausente por licencia o inca-
pacidad por un término en exceso de noventa (90) días será
sustituido por el período de ausencia mediante elección
entre los miembros de la Junta, pero el período de la sus-
titución no podrá exceder el remanente del término de su
cargo.

Sección 3 - Deberes

El Presidente convocará y presidirá las reunio-
nes de la Junta; será el portavoz de la Junta y representará
a ésta en todas las gestiones oficiales que la Junta le confíe.

Los Vicepresidentes desempeñarán aquellos deberes
que les sean asignados por el Presidente o por la Junta y en
orden de rango, sustituirán al Presidente durante la ausencia
o incapacidad de éste, por un período que no excederá de
noventa (90) días, en todas las funciones que correspondan al
Presidente.

Sección 4 - Oficial Interino

En casos de ausencia del Presidente y los Vicepre-
sidentes en una reunión de la Junta, se elegirá del seno de la
Junta un Presidente Interino para presidir la reunión.

Sección 5 - Director Ejecutivo

El Director Ejecutivo del Sistema, nombrado por la
Junta, servirá como Secretario de la Junta con voz pero sin
voto, y tendrá además la responsabilidad de ejecutar y adminis-
trar las disposiciones del Sistema de acuerdo con esta Resolu-
ción y las decisiones de la Junta.

ARTICULO VII - DEBERES DE LA JUNTA

La Junta será el custodio de todos los fondos del Sistema,
dirigirá la administración del Sistema y a menos que se disponga
lo contrario tendrá la responsabilidad de establecer la política
del Sistema y será directamente responsable al Consejo del des-
cargo de estas funciones de acuerdo con los propósitos y dis-
posiciones de esta Resolución.

- 5 -

### ARTICULO VIII - REUNIONES

Las reuniones de la Junta se celebrarán en los días y sitios que designe el Presidente o por solicitud escrita de por lo menos tres (3) miembros de la Junta. La reunión en que se elija el Presidente y los Vicepresidentes se celebrará en el mes en que expire el término de los oficiales en funciones.

### ARTICULO IX - QUORUM

La presencia de una mayoría de los miembros de la Junta, constituirá el quórum.

### ARTICULO X - DECISIONES DE LA JUNTA

Todas las decisiones de la Junta deberán ser aprobadas por mayoría de sus miembros presentes en reuniones debidamente constituídas.

Cualquier asunto previamente resuelto podrá ser traído para reconsideración por la Junta mediante petición de por lo menos tres (3) miembros de la Junta.

### ARTICULO XI - FORMULACION DE NORMAS

Las normas y reglamentos promulgados por la Junta estarán sujetos a la revisión y aprobación del Consejo. En casos de propuestas nuevas normas y reglamentos así como los cambios o adiciones que afecten los derechos de los participantes, crédito por servicio, condiciones para el pago de beneficios o rembolsos, cantidad de los beneficios, el custodio de los fondos o su inversión, el tipo de contribución de los participantes o cualquier otra propuesta, el Consejo tendrá un período de revisión de sesenta (60) días. El período de revisión comenzará en la fecha del recibo por el Consejo de la proposición escrita de la Junta. Si el Consejo dejara de tomar acción sobre los cambios o adiciones a las normas o reglamentos propuestos por la Junta dentro del período de revisión, los propuestos cambios o adiciones serán efectivos al finalizar el período de revisión.

Cualquier decisión o resolución de la Junta podrá ser revisada en cualquier momento por el Consejo.

- 6 -

## ARTICULO XII - OBLIGACIONES DE LA UNIVERSIDAD

La Universidad vendrá obligada a suministrar a la Junta información escrita sobre, períodos de servicio, fecha de nacimiento, salarios, nuevos ingresos al servicio, defunciones, ceses, renuncias y cualquier otra información relacionada con los empleados que sea necesaria para el funcionamiento efectivo de las operaciones del Sistema. El pago de las anualidades y beneficios que se conceden de acuerdo con las disposiciones de este Sistema, así como el pago de las aportaciones de la Universidad necesarias para sostener el Sistema, serán obligaciones de la Universidad según aquí se definen.

## ARTICULO XIII - DERECHOS DE LOS MIEMBROS DE LA JUNTA

Todos los miembros de la Junta incluyendo al Director Ejecutivo, como participantes del Sistema, tendrán el derecho dentro de los límites establecidos por esta Resolución y las reglas y reglamentos de la Junta, a solicitar cualquier beneficio que provea el Sistema.

## ARTICULO XIV - LIMITACIONES A LOS MIEMBROS DE LA JUNTA

Sección 1 - Beneficios a los Miembros de la Junta

Cualquier solicitud de préstamo, beneficios o cualquier otra petición de un miembro de la Junta o del Director Ejecutivo estará sujeta a la aprobación de la Junta. El solicitante se inhibirá de participar en la reunión donde se considere y se tome acción sobre su solicitud.

Sección 2 - Conflicto de Intereses

a. Ningún miembro de la Junta ni el Director Ejecutivo podrá estar interesado directa o indirectamente en las rentas, ganancias o beneficios de cualquier inversión realizada por la Junta; ni recibir pago o emolumento alguno por servicios en relación con inversiones hechas por la Junta, o servir de endosante o fiador u obligarse en forma alguna con respecto al dinero prestado por el Sistema con excepción del derecho a solicitar, obtener y pagar préstamos hechos a su nombre de acuerdo con las disposiciones de la Sección 1 de este Artículo.

- 7 -

b. Cualquier miembro de la Junta o el Director Ejecutivo se abstendrá de participar en cualquier reunión en donde se considere un asunto en el cual pueda existir para él un conflicto de intereses.

ARTICULO XV - FONDO

Se crea por la presente un Fondo que se conocerá como Fondo de Retiro de la Universidad de Puerto Rico autorizado para recibir y poseer dinero y a hacer desembolsos a nombre del Sistema con el propósito de realizar los fines aquí descritos.

ARTICULO XVI - INVERSIONES

Los activos del Sistema serán invertidos con el debido cuidado y prudencia. La Junta propondrá las normas para la inversión de los activos del Sistema y de cuando en cuando podrá proponer revisiones de estas pautas, pero estas proposiciones estarán sujetas a la revisión y aprobación del Consejo. La Junta podrá delegar la administración y selección de las inversiones a empleados del Sistema o a consultores profesionales sobre inversiones, quienes desempeñarán sus obligaciones en forma consistente con la política establecida por la Junta y aprobada por el Consejo. Los valores en el mercado que posea el Sistema quedarán en custodio del Secretario del Secretario de Hacienda del Gobierno de Puerto Rico.

Una parte substancial de las inversiones según lo determine la Junta constituirán préstamos a los participantes del Sistema.

La Junta deberá establecer aquellas reglas y reglamentos que estime conveniente en cuanto a política sobre inversiones, custodia de los activos, administración del programa de inversiones e intervención de las inversiones del Sistema.

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 46 de 60

## CONSEJO DE EDUCACION SUPERIOR

Apartado 23305, Estación Postal U.P.R. Río Piedras, Puerto Rico 00931
Tel (809) 758-3350



FE DE ERRATA A LA CERTIFICACION NUMERO 54 (1989-90)

Yo, Ismael Ramírez Soto, Director Ejecutivo del Consejo de Educación
Superior, CERTIFICO:------------------------------------------------------

Que en la página 1, párrafo 2 de la Certificación relacionada con el
Plan de Completa Suplementación del Sistema de Retiro, debe añadirse
una segunda oración que lea:

    Los períodos de servicio acreditables para este propósito
    serán aquellos comprendidos desde el primero de octubre de
    1973 o desde la fecha de ingreso al Sistema, si ésta fuere
    posterior.

Y para que así conste, expido la presente Fe de Errata bajo el sello de la
Universidad de Puerto Rico, en Río Piedras, Puerto Rico, hoy día nueve de
enero de mil novecientos noventa.

Ismael Ramírez Soto
Director Ejecutivo

cidj

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Lcda. Magdalisse Ramos Costa
Secretaria Ejecutiva



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 195
1994-95

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos

de la Universidad de Puerto Rico, por la presente CERTIFICO:--------------

Que la Junta de Síndicos, en su reunión extraordinaria del jueves, 22 de

junio de 1995, previa recomendación de la Junta de Retiro y del Comité de

Retiro, acordó:

1. Elevar de $32,790 a $35,000 el sueldo máximo a tomarse
   en consideración para el cómputo de la pensión y otros
   beneficios.

2. Enmendar la Sección 3.a.1 (b) de la parte A, de la
   Certificación del Consejo de Educación Superior número
   55 de 1989-90 a los efectos de:

   Reducir de un seis por ciento anual (1/2% mensual) a un
   cuatro por ciento (1/3% mensual), el factor actuarial
   en el cómputo de la pensión cuando el participante ha
   completado los 30 años de servicio y no ha cumplido los
   55 años de edad.

   Estos acuerdos serán efectivos el 1ro de julio de 1995.

Y, PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan,

Puerto Rico, hoy día 26 de junio de 1995.



Angel A. Cintrón Rivera, M.D. M.D.
Miembro y Secretario

cs

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, ___ de enero de 2018.

Joylisse Ramos Costa
Secretaria Ejecutiva



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 194
1994-95

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos de la Universidad de Puerto Rico, por la presente CERTIFICO:--------------

Que la Junta de Síndicos, en su reunión extraordinaria del jueves, 22 de junio de 1995, previa recomendación de la Junta de Retiro y del Comité de Retiro, acordó:

1. Aumentar la pensión mínima a los jubilados del Sistema de Retiro de la Universidad de Puerto Rico, de $180 a $250 mensuales.

2. Aumentar en un tres por ciento (3%) las pensiones a los jubilados al 1ro de enero de 1992, hasta un máximo de $50 y un mínimo de $10.

3. Aumentar $15 en la aportación patronal para el seguro médico de los pensionados, elevando la misma de $60 a $75 mensuales.

Estos aumentos serán efectivos el 1ro de julio de 1995. Los recursos fiscales para estos aumentos provendrán del Fondo General de la Universidad de Puerto Rico.

Y, PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan, Puerto Rico, hoy día 26 de junio de 1995.

Angel A. Cintrón Rivera, M.D.
Miembro y Secretario

cs

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 2 de enero de 2018.

Lcda. Magdalisse Ramos Costa
Secretaria Ejecutiva

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 49 de 60

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy 22 de enero de 2018.

Magdalene Ramos Costa
Secretaria Ejecutiva

JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

**CERTIFICACION NUMERO 065
1995-96**

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos de la Universidad de Puerto Rico, por la presente CERTIFICO:--------------

Que la Junta de Síndicos, en su reunión ordinaria del jueves, 14 de diciembre de 1995, previa recomendación de la Junta de Retiro, acordó:

> Extender un nuevo período para que los participantes y pensionados con menos de 65 años de edad tengan la oportunidad de acogerse al Plan de Completa Suplementación de beneficios con el Seguro Social Federal. Dicho período se extenderá desde el 1ro de febrero hasta el 31 de julio de 1996. Los pensionados y participantes que opten por acogerse a dicho plan deberán pagar la diferencia dejada de cotizar al Sistema, para completar el siete (7) por ciento de aportación que establece el Reglamento del Sistema de Retiro, más el interés anual de 7.5% retroactivo al primero de octubre de 1973, o desde la fecha de ingreso, si ésta fuere posterior. Una vez hecha la determinación y notificada a las oficinas del Sistema de Retiro, la misma será irrevocable.

> Se autoriza al Sistema de Retiro a conceder a aquellos participantes que así lo soliciten, un plan de pagos cuyo término máximo no podrá exceder del mes anterior a la fecha en que el participante cumpla la edad de 65 años, para satisfacer la diferencia en aportación.

> Los pensionados podrán pagar en forma global o mediante un plan de pago que podrá extenderse por un período de sesenta (60) meses, o el término que resta hasta un mes antes de la fecha en que cumpla la edad de sesenta y cinco (65) años. El pago será descontado mensualmente de su pensión y en caso de fallecimiento, los pagos parciales que hubiera hecho se devolverán a sus beneficiarios.

Y PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan, Puerto Rico, hoy UNAVER de diciembre de 1995.

Angel A. Cintrón Rivera
Angel A. Cintrón Rivera, M.D.
Miembro y Secretario

cs

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 50 de 60



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 138
1996-97

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos

de la Universidad de Puerto Rico, CERTIFICO:------------------------------

Que la Junta de Síndicos, en su reunión ordinaria del jueves, 12 de junio

de 1997, previa recomendación de la Junta de Retiro y del Comité de

Retiro, acordó:

Enmendar la Sección 4 - Licencias, del Artículo II del
Reglamento del Sistema de Retiro de la Universidad de Puerto
Rico, para que lea como sigue:

Sección 4 - Licencias

A. Un participante podrá recibir crédito por servicio, hasta
un máximo total de cuatro (4) años, por períodos de
Licencia Sin Sueldo concedida por la Universidad de Puerto
Rico, en los siguientes casos:

1. Para enseñanza en otras instituciones docentes.

a. La acreditación de períodos de Licencia Sin
Sueldo aprobada para enseñanza en otras
instituciones docentes, será a discreción de
la Junta de Síndicos.

2. Para proseguir estudios con o sin ayuda económica.

3. Por razones de enfermedad del participante.

4. Para ejercer funciones de Presidente de la Hermandad
de Empleados Exentos No Docentes, Sindicato de
Trabajadores, Federación Laborista o cualquier otra
organización de empleados no docentes que en el
futuro sea reconocida por la Junta.

a. Ante un cese transitorio o permanente en las
funciones del Presidente el oficial que lo
sustituya en tal capacidad, con carácter oficial,
podrá solicitar la licencia a que se refiere este
Artículo, por el período efectivo que dure tal
sustitución.

b. Este crédito se reconocerá a partir del mes de
enero de 1982.

PO Box 23400  San Juan  Puerto Rico 00931-3400

CERTIFICACION NUMERO 138
1996-97
PAGINA 2

B. Para la obtención del crédito que se describe en los
   incisos anteriores, el participante deberá pagar la
   aportación individual y patronal vigente a la fecha en que
   solicita el crédito, a base del sueldo máximo cotizable
   que devengue a la fecha de su reintegro. A menos que
   comience a hacer los pagos requeridos dentro de un año
   después de haberse reintegrado al servicio, el
   participante pagará, además, el interés normal por el
   período comprendido desde la fecha del reintegro hasta la
   fecha en que finalmente efectúa el pago. El participante
   tendrá a partir de la fecha de reintegro, un máximo de
   tres años para acreditar la Licencia Sin Sueldo.

C. Mientras el participante esté en disfrute de esa licencia,
   se considerará como un participante en servicio activo
   para determinar su elegibilidad para recibir los
   beneficios que provee el Reglamento.

Y, PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan,

Puerto Rico, hoy día 13 de junio de 1997.



Angel A. Cintrón Rivera, M.D.
Miembro y Secretario

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Lcda. Yogdalisse Ramos Costa
Secretaria Ejecutiva

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 52 de 60



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 142
1996-97

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos

de la Universidad de Puerto Rico, CERTIFICO:------------------------------

Que la Junta de Síndicos, en su reunión ordinaria del jueves, 12 de junio

de 1997, previa recomendación de la Junta de Retiro, acordó:

> Conceder permanentemente la opción a los participantes del
> Sistema de Retiro de la Universidad de Puerto Rico de acogerse
> al Plan de Completa Suplementación con el Seguro Social.

Y, PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan,

Puerto Rico, hoy día 13 de junio de 1997.



Angel A. Cintrón Rivera, M.D. M.D.
Miembro y Secretario

CERTIFICO:  Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy 22 de enero de 2018.

Lcda. Magdalisse Ramos Costa
Secretaria Ejecutiva

PO Box 23400, SAN JUAN, PUERTO RICO 00931-3400



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 045
1997-98

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos de la

Universidad de Puerto Rico, CERTIFICO:-------------------------------------------

Que la Junta de Síndicos, en su reunión ordinaria del jueves, 25 de septiembre de

1997, acordó:

Enmendar la Certificación número 138 (1996-97) relacionada con el
Reglamento del Sistema de Retiro de la Universidad de Puerto Rico,
Artículo II, Sección 4 - Licencias.

Dicha Sección 4 leerá como sigue:

A. Un participante podrá recibir crédito por servicio, hasta un máximo
total de cuatro (4) años, por períodos de Licencia Sin Sueldo
concedida por la Universidad de Puerto Rico, en los siguientes casos:

1. Para enseñanza en otras instituciones docentes.

   a. La acreditación de períodos de Licencia Sin Sueldo
      aprobada para enseñanza en otras instituciones
      docentes, será a discreción de la Junta de Síndicos.

2. Para proseguir estudios con o sin ayuda económica.

3. Por razones de enfermedad del participante.

4. Para ejercer funciones de Presidente del Sindicato de Trabajadores,
   Federación Laborista o cualquier otra organización de empleados no
   docentes que en el futuro sea reconocida por la Junta.

   a. Ante un cese transitorio o permanente en las funciones del
      Presidente el oficial que lo sustituya en tal capacidad, con
      carácter oficial, podrá solicitar la licencia a que se
      refiere este Artículo, por el período efectivo que dure tal
      sustitución.

   b. Este crédito se reconocerá a partir del mes de enero de
      1982.

PO Box 23400, San Juan, Puerto Rico 00931-3400

CERTIFICACION NUMERO 045
1997-98
PAGINA 2

B. Para la obtención del crédito que se describe en los incisos anteriores, el participante deberá pagar la aportación individual y patronal vigente a la fecha en que solicita el crédito, a base del sueldo máximo cotizable que devengue a la fecha de su reintegro. A menos que comience a hacer los pagos requeridos dentro de un año después de haberse reintegrado al servicio, el participante pagará, además, el interés normal por el período comprendido desde la fecha del reintegro hasta la fecha en que finalmente efectúa el pago. El participante tendrá, a partir de la fecha de reintegro, un máximo de tres años para acreditar la Licencia Sin Sueldo.

C. Mientras el participante esté en disfrute de esa licencia, se considerará como un participante en servicio activo para determinar su elegibilidad para recibir los beneficios que provee el Reglamento.

D. El Presidente de la Hermandad de Empleados Exentos No Docentes que esté en disfrute de Licencia Sin Sueldo para atender funciones afines con tal posición, recibirá crédito por servicios, por periodos de Licencia Sin Sueldo, mientras esté en dichas funciones y sin estar sujeto al término de cuatro (4) años a que se hace referencia en el Inciso A. Igualmente este beneficio aplicará a otro empleado universitario que sea Oficial de la Hermandad para participar en actividades propias de dicha agrupación.

   1. Ante un cese transitorio o permanente en las funciones de parte del Presidente de la Hermandad, el Oficial que lo sustituya en tal capacidad, con carácter oficial, podrá solicitar la licencia especial a que se refiere este Artículo, por el período efectivo que dure tal sustitución.

   2. Las personas en disfrute de estas licencias tendrán la opción de hacer llegar sus aportaciones a la Junta de Retiro de la Universidad de Puerto Rico para que se le acrediten esos años de servicio. La Universidad no hará aportación alguna a dicha Junta mientras el empleado esté acogido a estas licencias.

   3. Este crédito se reconocerá a partir del mes de enero de 1982.

```
                                              CERTIFICACION NUMERO 045
                                                               1997-98
                                                              PAGINA 3
```

4.  Mientras los participantes estén en disfrute de esta licencia, se
    considerará como un participante en servicio activo para determinar su
    elegibilidad para recibir los beneficios que provee el reglamento.

Y, PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan, Puerto Rico,

hoy día 26 de septiembre de 1997.



Ángel A. Cintrón Rivera, M.D.
Miembro y Secretario

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Lcda. Ivonne Ramos Costa
Secretaria Ejecutiva



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Lcda. Magdalisse Ramos Costa
Secretaria Ejecutiva

CERTIFICACIÓN NÚMERO 094
1997-98

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de
Síndicos de la Universidad de Puerto Rico, CERTIFICO:------------------
Que la Junta de Síndicos, en su reunión ordinaria del jueves, 26 de
febrero de 1998, previa recomendación de la Junta de Retiro y del Comité
de Retiro, acordó:

A. Ofrecer a los empleados participantes del Sistema de Retiro
la alternativa de elevar el sueldo máximo cotizable de
$35,000 a $50,000, efectivo el 1 de julio de 1998, bajo los
siguientes términos:

1. Los empleados participantes que opten por acogerse al
beneficio deberán pagar, retroactivo al 1 de julio de
1979 o a la fecha en que comenzó como empleado, si es
posterior, la diferencia en aportaciones individuales
más intereses de un 8%, si su salario a partir de dicha fecha
ha excedido el máximo cotizable previamente establecido.

2. A partir del 1 de julio de 1998, la aportación individual
será un 9% sobre el salario, computado hasta un máximo de
$50,000.

3. Los empleados participantes podrán acogerse al beneficio
en cualquier momento; no obstante, deberán pagar las
diferencias en aportaciones individuales e intereses,
conforme a los incisos 1 y 2.

4. Los empleados participantes que opten por acogerse al
sueldo máximo cotizable de $50,000 y deseen, además,
acogerse al plan de completa suplementación con el Seguro
Social, deberán pagar la diferencia en aportaciones
individuales a base de un 7%, e intereses a un 8% a
partir del 1 de octubre de 1973 o la fecha en que comenzó
como empleado, si es posterior, hasta el 30 de junio de
1998.

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 57 de 60

CERTIFICACIÓN NÚMERO 094
1997-98
PÁGINA 2

B. Ofrecer a todos los empleados participantes la alternativa de cotizar al 9% hasta el sueldo máximo cotizable de $50,000, a partir del 1 de julio de 1998, para evitar el pago retroactivo de los intereses en el momento en que cualifiquen y opten por acogerse al beneficio que se describe en el inciso A.

C. Aumentar a nueve (9) por ciento la aportación individual a los empleados que ingresen al Sistema a partir del 1 de julio de 1998.

Dichos empleados ingresarán bajo las disposiciones de la Certificación Núm. 55, el plan de completa suplementación con el Seguro Social Federal y el sueldo máximo cotizable de $50,000.

D. Ratificar mediante esta certificación que la aportación individual, así como los beneficios de pensión y beneficios por muerte, serán calculados sobre el salario devengado por el empleado participante, hasta un máximo de $35,000 ó $50,000, según haya cotizado.

E. Autorizar al Sistema de Retiro a conceder a aquellos empleados participantes que así lo soliciten, un plan de pagos por el término máximo de sesenta (60) meses, el cual puede continuar amortizando después de la fecha de jubilación.

F. Que la Universidad de Puerto Rico, conforme a los estudios actuariales, aportará la cantidad de $258,995 anualmente.

Y PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan, Puerto Rico, hoy día 27 de febrero de 1998.

Angel A. Cintrón Rivera, M.D.
Miembro y Secretario

CIDJ/rlo

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 58 de 60



JUNTA DE SÍNDICOS
UNIVERSIDAD DE PUERTO RICO

CERTIFICACION NUMERO 036
2000-2001

Yo, Angel A. Cintrón Rivera, Miembro y Secretario de la Junta de Síndicos

de la Universidad de Puerto Rico, CERTIFICO: --------------------------------------------

Que la Junta de Síndicos, en su reunión ordinaria del jueves, 16 de

noviembre de 2000, previa recomendación de la Junta de Retiro, adoptó el

siguiente acuerdo:

> Mediante la aprobación de la Ley Federal "Age Discrimination in
> Employment Act, Public Law 95256", según enmendada, se prohibió la
> discriminación por razón de edad. Mediante la Certificación Núm. 143,
> Serie 1987-88, del pasado Consejo de Educación Superior, emitida en
> virtud de la Ley Federal antes indicada, se enmendó el Artículo III,
> Sección 4 del Reglamento del Sistema de Retiro para dejar sin efecto
> las disposiciones sobre la edad para retiro obligatorio. Sin embargo, por
> inadvertencia no se dejó sin efecto lo referente a la edad máxima para
> ingresar al Sistema de Retiro.

> Por lo tanto, la Junta de Síndicos acordó: Enmendar el Artículo I,
> Sección 3, Inciso h (7), del Reglamento del Sistema de Retiro de la
> Universidad de Puerto Rico, para dejar sin efecto las disposiciones que
> limitan la edad para ingresar al Sistema de Retiro.

Y PARA QUE ASI CONSTE, expido la presente Certificación, en San Juan,

Puerto Rico, hoy día 31 de enero de 2001.



Angel A. Cintrón Rivera, M.D.
Miembro y Secretario

CIDJ/rlo

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra
en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi
custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 22 de enero de 2018.

Magdanisse Ramos Costa
Secretaria Ejecutiva

PO Box 23400  SAN JUAN  PUERTO RICO  00931 3400

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 59 de 60

CONSEJO DE EDUCACION SUPERIOR
Apartado F, Estación Postal U P R., Rio Piedras, Puerto Rico 00931
Tel (809) 758-3350



1987-88
Certificación número 143

Yo, Ismael Ramírez Soto, Director Ejecutivo del Consejo de Educación
Superior, CERTIFICO:--------------------------------------------------

Que el Consejo de Educación Superior, en su reunión extraordinaria
del miércoles 25 de mayo de 1988, acordó lo siguiente:

La Ley Federal sobre discriminación por razón de edad fue
enmendada recientemente en las disposiciones relativas a
los límites de edad, para disponer la eliminación de los 70
años como la edad de retiro mandatorio. Las normas de
personal de la Oficina Central de la Administración de
Personal adoptaron la aludida enmienda. Por la presente se
modifican las disposiciones de las Reglas y Reglamento del
Sistema de Retiro de la Universidad de Puerto Rico,
aprobadas mediante Certificación número 27, Serie 1973-74,
según enmendada, para eliminar la edad de 70 años como la
edad de retiro compulsorio. La Sección 4 del Artículo III
de las Reglas y Reglamento del Sistema de Retiro de la
Universidad de Puerto Rico se enmienda como sigue:

Donde dice:

"Artículo III - Anualidades de Retiro por años de Servicio

Sección 4 - Retiro Compulsorio

Un participante que haya cumplido 70 años de edad será
retirado del servicio al 30 de junio subsiguiente, o el
próximo 30 de junio que siga a la fecha en que se cumpla
tal edad."

Debe leer:

Artículo III - Anualidades de Retiro por años de Servicio

Sección 4 - Retiro Compulsorio

Todo empleado de la Universidad de Puerto Rico que
cumpla la edad de 70 años, podrá continuar trabajando si
así lo desea, siempre y cuando presente evidencia
acreditativa, a satisfacción de la autoridad nominadora, de
que se encuentra física y mentalmente capacitado para
llevar a cabo sus funciones.

SJ2023CV04406 11/05/2023 05:14:10 pm Entrada Núm. 1 Página 60 de 60



1987-88
Certificación número 143
Página 2

Esta enmienda tiene vigencia inmediata, pero podrá ser aplicable a las personas que estuvieren en servicio al momento de su aprobación.

Se deroga la Certificación número 83, Serie 1981-82 del Consejo de Educación Superior.

Y para que así conste, expido la presente certificación bajo el sello de la Universidad de Puerto Rico, en Río Piedras, Puerto Rico, hoy día 1ro de junio de mil novecientos ochenta y ocho.

Ismael Ramírez Soto
Director Ejecutivo

mrm

CERTIFICO: Que esta es una copia fiel y exacta del documento original que obra en los archivos de la Junta de Gobierno de la Universidad de Puerto Rico bajo mi custodia.

Y PARA QUE ASÍ CONSTE, expido esta certificación hoy, 2 de enero de 2018.

Lcda. Quidalisse Ramos Costa
Secretaria Ejecutiva