CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 1 of 8

Received by: <u>Government Board</u>
Date: <u>May 16, 2023</u>

PERSONALLY DELIVERED

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT OF SAN JUAN**

| | |
|---|---|
| **UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM THROUGH THE UNIVERSITY OF PUERTO RICO RETIREMENT BOARD;**<br><br>Plaintiff<br><br>vs.<br><br>**UNIVERSITY OF PUERTO RICO THROUGH THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD, CPA RICARDO DALMAU SANTANA, PRESIDENT OF THE UNIVERSITY OF PUERTO RICO GOVERNING BOARD, ENTITY XYZ**<br><br>Defendants | CIVIL NO.: SJ2023CV04406<br><br><br>MATTER:<br><br>**PRELIMINARY AND PERMANENT INJUNCTION, DECLARATORY JUDGMENT** |

**REQUEST FOR PRELIMINARY INJUNCTION**

**TO THE HONORABLE COURT:**

    **COMES NOW** the above-captioned Plaintiff, through the undersigned legal counsel, and very respectfully **STATES, ALLEGES AND REQUESTS**:

1. Today, a *Complaint and Petition for Permanent Injunction and Declaratory Judgment* ("Complaint") regarding preliminary and permanent injunction and declaratory judgment has been filed.

2. All allegations and causes of action stated in the above-referenced *Complaint* are adopted by reference.

**I. FACTS RELEVANT TO THE CASE**

3. The Governing Board, by way of Certification No. 77 (2020-21) ("Certification 77"), approved the creation and establishment of a second defined contribution retirement plan for active members of the Retirement System without acquired rights, namely, those with less than ten (10) years of service and new members. In other words, active members of the Retirement System with less than ten (10) years of service would be transferred to this new defined contribution system. This consists of 12% of the Retirement System participants. *See Appendix 1: Certification No. 77* at pp. 50-51. Under that second defined contribution retirement system, members would contribute 8.5% of their salary and the UPR would make a matching contribution of 4.25%. *See Appendix 2: Retirement Board Consultation - Defined Contribution Plan Impact and Failures to Make Contributions by UPR*. Subsequently, this was amended

*2023-1833*



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 2 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 2

in order for it to only apply to new employees under Certification 52 (2022- 23)("Certification 52"). *See Appendix 3: Certification No. 52.*

4. Furthermore, the current Retirement System, a defined benefit system, shall only be kept concurrently for current employees and pensioners. As of now, the new system is scheduled to begin on May 1, 2023. *See Appendix 3: Certification No. 52 (2022-23).* Therefore, from that date there would be **two** retirement systems in the UPR.

5. Based on the foregoing, the threshold matter is that the *UPR Act*, which enables the Retirement System and lists the powers of the Governing Board, only provides for the existence of **one retirement system for all university personnel**. *See* 18 LPRA § 602(H)(15).

6. If the matching contribution to be made by the UPR to the defined contribution plan is taken into consideration, the contribution by the UPR to the pensions of its employees shall increase to $5 million during the first year following the establishment of the second retirement system. In fiscal year 2040, that combined contribution by the UPR to the two parallel systems shall be approximately $30 million more than the contribution to the current Retirement System. In a period of twenty (20) years, this accrued cost shall be $342 million more than under the current Retirement System. Said second retirement system would worsen the financial situation of the UPR. *See Appendix 4: Memorandum regarding Comments in relation to the Defined Contribution Plan Approved by the Governing Board of the University of Puerto Rico (UPR).*

7. In light of said situation, if the UPR continues to fail to make its employer contribution to the Retirement System, as calculated and recommended by the actuary, it would put at risk the solvency of the Retirement System. *See Appendix 2: Retirement Board Consultation - Defined Contribution Plan Impact and Failures to Make Contributions by UPR.* In this regard, the UPR budgets reveal that the Governing Board has the intention of continuing to fail to comply, to the extent that it intends to retain close to $8 million of that money. *See, also, Appendix 5: 2021-22 UPR Budget; Appendix 6: 2022-23 UPR Budget.* This situation of risk to the Retirement System is imminent given the operational and accrued deficit revealed by the last financial statement of the UPR, which, additionally, contains information regarding the doubts of the auditors as to whether the UPR shall be able to continue to operate. *See Appendix 7: 2022 Financial Statement of the University of Puerto Rico at page 2.* However, the financial statements of the Retirement System reveal that the latter does not suffer from a similar condition and, in fact, it is and is projected



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 3

to be solvent under the current conditions. See Appendix 8: Financial Statement of the Retirement System at page 8.

8. Additionally, the decision to eliminate pension benefits undermines the ability of the UPR to recruit personnel and diminishes the competitiveness of the institution. *See Appendix 4: Memorandum regarding Comments in relation to the Defined Contribution Plan Approved by the Governing Board of the University of Puerto Rico (UPR); Retirement Board Consultation-Defined Contribution Plan Impact and Failures to Make Contributions by UPR*. This diminishing of its labor competitiveness undermines its academic competitiveness and, consequently, puts its sustainability as an institution at risk. This harm would be irreparable.

9. As a result of the changes that the Governing Board is proposing to implement, participants of the Retirement System and current pensioners are at risk of losing their future benefits as a result of the potential insolvency of the Retirement System, resulting from the creation of a second retirement system. This harm would be irreparable.

10. Lastly, the establishment of a second retirement system in the manner proposed by the Governing Board intervenes with and prevents compliance by the Retirement Board with its fiduciary duties, by creating illegal and unnecessary risks to the solvency of the Retirement System. This harm would be irreparable.

11. Also, the Retirement Board has consistently objected to the changes proposed by the Governing Board and has exhausted all options to stop it. All of these efforts have been fruitless and there is no other legal remedy to enforce those rights. *See Appendix 9: Press Release (2022-6-5); Exhibit 10: Out-of-court Communication: Request to Stop Establishment of New Retirement System Plan, of March 1, 2023,[1] Appendix 12: Second Notice, Out-of-court Communication: Request to Stop Establishment of New Retirement System Plan, of April 12, 2023*.

12. The illegal and arbitrary actions of the Defendants are the direct cause of the irreparable and imminent damages suffered by the Plaintiff.

---

[1] The Governing Board answered this first communication, but it never took steps to set up a meeting, so a second notice was sent. *See Appendix 11: Answer to Request to Stop Establishment of New Retirement System Plan of March 8, 2023*.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 4 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 4

## II. LAW APPLICABLE TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

13. Injunctions are regulated by Rule 57 of Civil Procedure and the *Code of Civil Procedure*. Rule 57.5 of Civil Procedure establishes the form and scope of an injunction or restraining order:

    All orders granting a temporary restraining order or preliminary or permanent injunction must state the reasons based on which it is issued. It shall be written in specific terms and describe in reasonable detail, not by making reference to the complaint or other document, the act or acts the performance of which is prohibited. It shall only be binding on the parties to the action, their officers, agents, servants, employees, and attorneys, and on those acting in accord or actively participating with them and who receive notice of the order by any form of notification. 32 LPRA App. V, R. 57.5.

14. It is "a court order issued in writing, under the seal of a court, requiring that a person abstain from doing, or allowing others to do under the intervention of the same, something which violates or harms the right of another person." 32 LPRA § 3421. Its purpose is to "prohibit or order the performance of an act, in order to prevent imminent prejudice or irreparable harm to a person, when there is no other adequate legal remedy." *Mun. Fajardo v. Srio. Justicia et al.*, 187 DPR 245, 255 (2012)(quotation omitted).

15. The main purpose of a preliminary injunction is "to maintain the status quo until the trial on the merits is held, in order to prevent a situation resulting in mootness of the judgment finally issued or in serious damages to the petitioner while litigation takes place." *Misión Indus. de P.R., Inc. v. JP de P.R. Y AAA*, 142 DPR 656, 683 (1997)(quotations omitted).

16. Rule 57.3 of Civil Procedure provides that, in order to issue a preliminary injunction order, the court must consider, among others, the following criteria:

    (a) the nature of the harm to which the petitioner is exposed; (b) the irreparability of the harm or the inexistence of an adequate legal remedy; (c) the probability that the requesting party shall prevail; (d) the probability that the cause of action shall become moot; (e) the impact on the public interest of the requested remedy, and (f) the diligence and good faith with which the petitioner has acted. Id., R. 57.3. *See, also, Vda. de Muñiz v. Criado Amunategui*, 151 DPR 355, 372 (2000).

17. In order to establish an irreparable harm, the situation must be one in which "a monetary compensation would not provide an adequate remedy." R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6th ed., San Juan, 2017, sec. 5705, page 592.

18. In this case, the facts listed in the *Complaint and Request for Permanent Injunction*, and the present motion, establish specific facts requiring the imminent [sic] granting of a

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 5 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 5

provisional remedy by the Court. Certification 77 establishes that the implementation of the Retirement System reform shall come into effect on May 1, 2023, a very near and imminent date; therefore, the Governing Board acting in an ultra vires and illegal manner must be urgently prevented. This could result in actions promoting the insolvency of the Retirement System, the establishment of a second retirement system, and/or transactions involving large sums of money; all of which would be to the detriment of the assets of the Retirement System and to the detriment of its active and retired participants.

### III. ANALYSIS OF CRITERIA TO ISSUE PRELIMINARY INJUNCTION ORDER

19. Pursuant to the legal discussion above, the Court must consider a series of essential factors to issue a preliminary injunction order.

**A. THE NATURE OF THE HARM THAT COULD BE CAUSED BY THE INJUNCTION AND THE IRREPARABILITY OF THE SAME OR INEXISTENCE OF AN ADEQUATE LEGAL REMEDY**

20. The first two factors are the nature of the harm that could be caused by the injunction and the fact that they would be irreparable or there is no other legal remedy to provide relief.

21. The Retirement Board has a fiduciary duty or legal loyalty toward protecting the assets of the Retirement System and the rights of its active and retired participants. Certification 77 and the proposal to reform the Retirement System of the Governing Board undermine the fiduciary duties of the Retirement Board to administer the Retirement System adequately. In addition, Certification 77 bifurcates the Retirement System, depriving it of income. This harms its operation irreparably. Furthermore, these changes harm the competitiveness and sustainability of the UPR.

22. Certification 77 and subsequent Certification 52 establish that the changes to the Retirement System shall be implemented from May 1, 2023. Therefore, these changes, which are totally illegal and arbitrary, are also imminent. These changes put the solvency and stability of the Retirement System at risk. This irreparable and imminent harm can only be prevented by a preliminary and permanent injunction order, since there is no other remedy in law to vindicate the rights of the Plaintiff.

**B. THE PROBABILITY THAT THE REQUESTING PARTY SHALL EVENTUALLY PREVAIL UPON RESOLUTION OF LITIGATION ON THE MERITS**

23. Under the University of Puerto Rico Act, Law No. 1 enacted on August 20, 1966 ("UPR Act"), the Governing Board of the UPR has the duty to "[m]antain a medical insurance

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 6 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 6

plan and a pension system for all university personnel, which shall include a loan plan, without intervening with the powers of the Retirement Board." *Id*. § 602(H)(15)(emphasis added).

24. Furthermore, the Retirement System was established by way of the *Rules and Regulations of the University of Puerto Rico Retirement System As Amended Effective July 1, 1973* ("Regulations of the Retirement System"), under Certification 27. *See Appendix 13: Certification No. 27 (1973-74)*. The Regulations of the Retirement System establish, among other definitions, the definition of a member of the Retirement System as a person who was a member before July of 1973 and a person who, after July of 1973, is an employee of the UPR, subject to a few exceptions. *See Appendix 13: Certification No. 27 (1973-74), at page 12*. It also establishes the method of certifying service; eligibility criteria; the amount of the defined benefit, including the minimum benefit; the definition of acquired right; disability and death benefits; etc. *See Appendix 13: Certification No. 27 (1973-74)*.

25. Additionally, according to the *UPR Act*, the Governing Board has the obligation to maintain only one Retirement System for all employees of the UPR. Therefore, as a matter of law it is not appropriate to create a parallel retirement system with rules that are separate from and contradictory to the rules of the current Retirement System. This shall harm the solvency of the current Retirement System, intervene with the fiduciary duties of the Plaintiff, and have a negative effect on the competitiveness of the UPR.

26. To that end, this Court, at the appropriate time, must issue a declaratory judgment ruling that the action proposed by the UPR is illegal.

**C. THE PROBABILITY THAT THE CAUSE OF ACTION SHALL BECOME MOOT IF THE INJUNCTION IS NOT ISSUED**

27. As has been shown, the Governing Board has already projected implementing the changes to the Retirement System from May 1, 2023. Also, the Defendants have taken actions aimed at undermining the rights of the Plaintiff, as long ago as June of 2022. *See Appendix 14: Steps to be taken in relation to the process of implementing the new Defined Contribution Plan*. Therefore, the fiduciary duties of the Retirement Board have already been undermined and the rights of the Plaintiff have already been harmed.

28. Also, the Retirement Board has consistently objected to the changes proposed by the Governing Board and has exhausted all options to stop it. All of these efforts have been

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 7 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 7

fruitless and there is no other legal remedy to enforce those rights. *See Appendix 9: Press Release (2022-6-5); Appendix 10: Out-of-court Communication: Request to Stop Establishment of New Retirement System Plan, of March 1, 2023; Appendix 12: Second Notice, Out-of-court Communication: Request to Stop Establishment of New Retirement System Plan, of April 12, 2023.*

29. The change is imminent and a delay in intervening by the Honorable Court could result in the implementation of the changes proposed in Certification 77 and the taking of actions to the detriment of the assets of the Retirement System, the undoing of which might not be possible or which could result in mootness of the lawsuit.

### D. THE POTENTIAL IMPACT ON PUBLIC INTEREST OF THE REQUESTED REMEDY

30. The acquired rights of thousands of retirees and active participants of the Retirement System are at risk under the facts of this case. The Retirement Board has a fiduciary duty to said beneficiaries of the Retirement System. Not granting the remedy requested would allow the arbitrary act of amending and creating a new retirement system in contravention of the law, which increases the financial burden of the UPR and does not generate significant savings. Furthermore, it undermines the fiduciary duties of the Retirement Board to administer the Retirement System adequately, increases the risk of insolvency of the Retirement System and, consequently, puts the benefits of retirees and active participants of the Retirement System at risk. Therefore, this case is of great public interest and requires the immediate attention of the Honorable Court. Also, the requested remedy does not have a negative effect on the public interest, since it would save the UPR expenses and efforts to implement a new retirement system in an ultra vires manner and to the detriment of the funds of the institution.

### IV. REQUESTED REMEDIES

31. Based on the grounds stated above, it is respectfully requested that, following the applicable legal process, a preliminary injunction order be issued, preventing the implementation of Certification 77 and reform of the Retirement System, while the ordinary permanent injunction lawsuit is processed. It is also requested that a reasonable sum be imposed for costs and attorney's fees, along with any other appropriate remedy in law.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on May 11, 2023.


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case:17-03283-LTS   Doc#:24302-25   Filed:05/24/23   Entered:05/24/23 13:30:00   Desc:
Appendix Request for Preliminary Injunction Dkt 2   Page 8 of 8

CERTIFIED TRANSLATION

SJ2023CV04406 05/11/2023 05:31:24 pm Entry No. 2 Page 8 of 8

*Retirement System of UPR et al. v. UPR, et al.*
Request for Preliminary Injunction | 8

                                                EMMANUELLI, C.S.P.

472 Tito Castro Ave.
Marvesa Building, Suite 106
Ponce, Puerto Rico 00716
Tel: (787) 848-0666
Fax: (787) 841-1435
notificaciones@bufete-emmanuelli.com

s/ Rafael Maldonado Pérez
Mr. Rafael Maldonado Pérez, Esq.
RUA:15717
PO Box 194669
San Juan, PR 00919
Tel. (787) 553-8293
Fax (787) 765-3043
Rmaldonadolaw@gmail.com

s/ Rolando Emmanuelli Jiménez
Mr. Rolando Emmanuelli Jiménez, Esq.
RUA: 8509 CA: 9755
rolando@emmanuelli.law

s/ Jessica E. Méndez Colberg
Ms. Jessica E. Méndez Colberg, Esq.
RUA: 19,853 CA: 19,774
jessica@emmanuelli.law

s/ Zoé C. Negrón Comas
Ms. Zoé C. Negrón Comas, Esq.
RUA: 22,276 CA: 20935
zoe@emmanuelli.law

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.