CERTIFIED TRANSLATION

**GOVERNMENT OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**JUDICIAL CENTER OF SAN JUAN**
**SUPERIOR PART**

| | |
|---|---|
| RETIREMENT SYSTEM OF THE UNIVERSITY OF PUERTO RICO BY AND THROUGH THE RETIREMENT BOARD OF THE UNIVERSITY OF PUERTO RICO<br><br>**Plaintiff**<br><br>vs.<br><br>UNIVERSITY OF PUERTO RICO BY AND THROUGH THE GOVERNING BOARD OF THE UNIVERSITY OF PUERTO RICO, CPA RICARDO DALMAU SANTANA, CHAIRMAN OF THE GOVERNING BOARD OF THE UNIVERSITY OF PUERTO RICO, ENTITY XYZ<br><br>**Defendant** | NO. SJ2023CV04406 (907)<br><br><br>ABOUT:<br><br>PRELIMINARY AND PERMANENT INJUNCTION, DECLARATORY JUDGMENT |

**REQUEST FOR DISMISSAL**

TO THE HONORABLE COURT:

Come now the co-defendants, the Governing Board of the University of Puerto Rico ("Governing Board"), its President, Ricardo Dalmau Santana, and the University of Puerto Rico, by and through the undersigned legal counsel, who very respectfully states, alleges, and prays:

### I.    Introduction

1. The University of Puerto Rico (hereinafter "UPR") is the public university system of the Government of Puerto Rico.[1]

2. The Governing Board of the University of Puerto Rico is the governing body of the UPR in accordance with Article 3 of Law No. 1 of January 20, 1966, as amended, known as the "University of Puerto Rico Act" (hereinafter "UPR Act").[2]

---

[1] 18 LPRA, sec. 601, *et seq* .
[2] 18 LPRA, sec. 602.

1


I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

Case:17-03283-LTS   Doc#:24302-39   Filed:05/24/23   Entered:05/24/23 13:30:00   Desc:
Appendix Motion to Dismiss (certified translation) Dkt 12   Page 2 of 12

3. The CPA, Ricardo Dalmau Santana, is the current President of the Governing Board, and has been included in the present case as a co-defendant.

4. The University of Puerto Rico Retirement System (hereinafter "UPR Retirement System") was created by the governing body of the UPR on November 28, 1950. Subsequently, with the passing of the UPR Act, the governing body of the UPR has the duty to maintain a pension system for all university personnel.

5. The plaintiff, the Retirement Board of the University of Puerto Rico (hereinafter "Retirement Board"), is the current trustee of the UPR Retirement System Trust.

6. On June 30, 2016, the federal law "Puerto Rico Emergency Moratorium and Rehabilitation Act" (PROMESA) went into effect.[3]

7. PROMESA established an Oversight Board (hereinafter "Oversight Board") composed of seven members with the purpose of establishing methods for Puerto Rico to achieve fiscal responsibility and access to capital markets.[4]

8. The Oversight Board operates as an entity within the Government of Puerto Rico and has broad authority over the territorial government and those government instrumentalities it designates as covered instrumentalities.[5]

9. The Oversight Board has the authority to develop, review, and approve fiscal plans and budgets for the territorial government and its instrumentalities, Id§§ 2141-2142; and to enforce said fiscal plans and budgets of the territorial government and its instrumentalities. Id. §§ 2143-2144.

---

[3] 48 USC, sec. 2101 *et seq.*
[4] 48 USC, sec. 2194(b)(1), (e)(1)(A), 48 USC, sec. 2121(a).
[5] *Id.*

 
I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

10. On May 27, 2021, the Oversight Board certified the Fiscal Plan for the University of Puerto Rico for Fiscal Years 2022 to 2026, *"Fiscal Plan for the University of Puerto Rico for Fiscal Years 2022 to 2026"* (hereinafter the "UPR Fiscal Plan").[6]

11. The UPR Fiscal Plan establishes the need for the UPR to recognize its budget limitations and reform its pension system. For these purposes, it provides in Chapter 4.1:

> "PROMESA Section 201(b)(1)(F) requires the 2021 UPR Fiscal Plan to improve fiscal governance, accountability, and internal controls. PROMESA Section 201(b)(1)(C) also requires the 2021 UPR Fiscal Plan to provide for adequate funding of public pension systems. As part of proper governance and accountability, the 2020 UPR Fiscal Plan requires UPR to adequately fund pensions. <u>This requires UPR to recognize its funding constraints and implement pension reform</u>, while correcting the failure of underfunding in the past and alignment of the employer contributions to the current defined benefit plan, as required by the Oversight Board's actuary using a 30-year amortization.
> Since 2017, the various UPR Fiscal Plans certified by the Oversight Board have consistently reiterate the necessity of implementing Pension Reform and provided the UPRRS with the actuarially required contribution (see EXHIBIT 38). The latest studies suggest that UPR has an accrued pension liability worth ~$3B, which is $1B above previous estimates. The sole intent of this Fiscal Plan is to ensure adequate funding and minimize liability risk to both UPR and its pension plan."[7] *(Emphasis ours)*

12. The UPR Fiscal Plan sets out two reform options for the UPR pension system:

> Option 1 – Freezing the defined benefits plan and moving to a defined contribution plan with no reduction in accrued benefits; o
>
> Option 2 – Freezing the defined benefits plan and moving to a defined contribution plan with a reduction in accrued benefits.[8]

13. For its part, the UPR Budget for Fiscal Year 2023, certified by the Oversight Board on June 30, 2022 ("UPR Budget"), establishes that during the current fiscal year, the UPR must adopt a reform of its pension system

---

[6] https://drive.google.com/file/d/1vFwFRjmG5rBlUt83vGYUJBF0EPH8odhD/view
[7] *UPR Fiscal Plan, Chapter 4.1, Pension Reform, Section 4.1, pg. fifty.*
[8] See *UPR Fiscal Plan, Chapter 4.1, Pension Reform, Section 4.1, pg. 51-52.*

 I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

in which the defined benefits plan is frozen and a defined contribution plan is implemented for new participants. Otherwise, the UPR must identify an additional $11.9 million in savings and also will not receive an allocation of $20 million that is conditional upon completing those steps. See Exhibit I, UPR Fiscal Year 2023 Certified Budget, Section 12 and Section 17.1.[9]

14. In compliance with the provisions of the UPR Fiscal Plan and the UPR Budget, the UPR has been taking the necessary steps to reform its pension system, establishing a defined contribution plan for new participants and freezing the defined benefits plan so that only the participants on the date of its freezing remain within it. See Exhibits II and III, Certifications No. 52 Series 2022-2023 and 142, Series 2022-2023, of the UPR Governing Board.[10]

15. In the Complaint, the Retirement Board alleges that the UPR Act only allows for the existence of a retirement plan for university employees and therefore the reforms to the pension system cannot be carried out because they entail the existence of a second retirement plan.

16. Moreover, the Retirement Board alleges that the proposed reform to the UPR pension system is arbitrary and will have a negative impact on the UPR Retirement System trust.

17. As is public knowledge, one of the measures implemented by the Fiscal Oversight Board to deal with the fiscal crisis of the Government of Puerto Rico was the reduction in the amount of transfers that the UPR receives from the General Fund. Therefore, the UPR has had to take measures to increase revenue from other sources and reduce expenses, as contemplated in the UPR Fiscal Plan, among

---

[9] https://drive.google.com/file/d/1ufIj7fowC64KCEonCJS3twbI8NDW6K1f/view
[10] https://apicertificaciones.upr.edu/file/download/26269 and https://apicertificaciones.upr.edu/file/download/26355

 I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen,

CERTIFIED TRANSLATION

Case:17-03283-LTS   Doc#:24302-39   Filed:05/24/23   Entered:05/24/23 13:30:00   Desc:
Appendix Motion to Dismiss (certified translation) Dkt 12   Page 5 of 12

them, reforming the pension system. Curiously, the Plaintiffs fail to mention that fact.

18. As a result of the foregoing, the above-captioned case must be dismissed outright. This, since this Honorable Court lacks jurisdiction over the matter, given that the plaintiffs' allegations are nothing more than an underhanded challenge against the UPR Fiscal Plan, as certified by the Fiscal Oversight Board in accordance with the provisions of PROMESA.

19. For the reasons discussed below, that the proper course of action is for the above-captioned case to be dismissed.

## II.  Applicable Law

### A. Dismissal

Rule 10.2 of Civil Procedure of Puerto Rico provides for the filing of a motion in which the defense is raised that an allegation lacks "jurisdiction over the matter ..." or "...fails[] to state a claim that justifies the granting of a remedy … ".[11] Rule 10.2 also provides that a motion to dismiss a claim that does not seek any remedy must not contain matters not included in the contested claim.[12]

For purposes of ruling on a motion to dismiss, all well-formulated allegations in the lawsuit must be considered true.[13]

In Pressure Vessels of Puerto Rico, Inc. v. Empire Gas de Puerto Rico, Inc., 137 DPR 497 (1994), the Supreme Court of Puerto Rico established the standard that must be reached for a motion of this nature to proceed. The dismissal mechanism does not allow the presentation of matters unrelated to the lawsuit filed. On the contrary, when considering a motion to dismiss, the Court "...is [ ] obligated[] to accept all the factual allegations of

---

[11] 32 LPRA App. V R. 10.2.
[12] go .
[13] Corona Brewery , Inc. v. Superior Court , 99 DPR 698, 701 (1971); Rivera Rivera v. Trinidad , 100 DPR 776, 780 (1972); Clement v. Housing Department , 114 DPR 763, 771 (1983).

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

the lawsuit filed as true and valid." [14] The movant party of a motion to dismiss must establish that, even if all of the well-established factual allegations in the complaint are true, it does not state a claim justifying the granting of any relief.[15]

A motion to dismiss is only granted if it appears "...with complete certainty that the claimant has no rights whatsoever under any state of facts that can be proven in support of his claim." [16] Our Highest Court went on to explain that the duty of a court "...is to consider whether, in light of the situation most favorable to the claimant, and resolving all doubts in favor of the claimant, the claim sufficiently constitutes a valid claim. "[17]

**B. Jurisdiction over the Matter**

A judgment handed down without jurisdiction "means nothing in terms of the facts that were intended to be litigated and consequently does not operate as res judicata (*res judicata* ). Tartak v. District Court, 74 DPR 862, 870 (1953).

Our Supreme Court of Puerto Rico established in the case Vázquez v. ARPE, 128 DPR 513, 537 ( 1991 ), that the lack of jurisdiction over the matter "brings about the following inexorably fatal consequences:

(1) this lack of jurisdiction is not capable of being corrected;

(2) the parties cannot voluntarily grant jurisdiction over the matter to a court nor can the court abrogate it;

(3) the opinions of a court without jurisdiction on the matter are null and void (absolute nullity);

(4) the courts have the unavoidable duty to examine their own jurisdiction;

---

[14] Pressure Vessels, *supra*, at p . 504-505.
[15] *Id*.
[16] *Id*.
[17] *Id*.

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

(5) the appellate courts, in addition, must examine the jurisdiction of the court from which the appeal originates; and

(6) the argument of lack of jurisdiction over the matter may be made at any stage of the proceeding by any of the parties or by the court motu proprio.

For its part, the Supreme Court of the United States has ruled that state courts may assume jurisdiction over the subject matter of a federal cause of action except when there is a statute of Congress that provides otherwise or when there is a disabling incompatibility between the federal lawsuit and its adjudication in state courts. Leyva vs. Police, 132 DPR 489, 499-500 (1993); Howlett v. Rose, 496 US 356 (1990); Gulf Offshore Co. v. Mobil Oil Corp. , 453 US 473, 477-478 (1981); Martinez v. California, 444 US 277, 283, no. 7 (1980). Hence, as a general rule, state courts have jurisdiction to address all matters under state laws and concurrent jurisdiction with federal courts to address matters arising under the umbrella of federal laws. Gonzalez Sotomayor v. Mayaguez Resort & Casino, res. Sept. 10, 2009, DPR (2009), 2009 TSPR 140, 2009 JTS; Rodriguez v. Overseas Military, supra; Cintrón v. Díaz, 159 DPR 314, 319 (2003); Acevedo Díaz v. Sec. of Social Services, 112 DPR 256, 259 (1982); Roberts v. USO Council for PR, 145 DPR 58, 69 (1998); Yellow Freight Sys., Inc. v. Donelley, 494 US 820, 823 (1990); Gulf Offshore Co. v. Mobil Oil Corp. , supra , p. 477. A contrario sensu, **state courts lack jurisdiction over a federal matter only when the United States Congress expressly provides for such jurisdictional exclusivity**, or when Congress clearly intends to deprive state courts of jurisdiction over said federal matter. Cintrón v. Díaz, supra. Semidey Ortiz v. South-Central Consortium (ASIFAL), 177 DPR 657, 679 (2009).

**C. PROMESA**

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

On June 30, 2016, PROMESA was adopted with the purpose of stabilizing the economy of Puerto Rico by establishing mechanisms to oversee the fiscal and budgetary policies of the Government of Puerto Rico and provide tools to restructure government debt. *Nevares vs. Fin. Oversight & Mgmt. (In re Fin. Oversight & Mgmt. Bd.)*, 330 F. Supp. 3d 685, 689 (DPR 2018).

PROMESA established the Oversight Board with the purpose of "providing a method for a covered territory to achieve fiscal responsibility and access capital markets." See Section 101. [18]The Oversight Board supervises and certifies the fiscal plans and budgets of the Government of Puerto Rico and its instrumentalities. *Fin. Oversight & Mgmt. Bd. for PR v. Aurelius Inv., LLC*, 140 S.Ct. 1649, 1662, 590 US _____ (2020). Furthermore, PROMESA empowers the Board, among other things, to annul executive or legislative actions inconsistent with certified fiscal plans and budgets and to initiate bankruptcy proceedings on behalf of the Government of Puerto Rico and its instrumentalities. 48 USC, secs. 2141-2152; 2175(a). *Nevares*, 330 F. Supp. 3d at 689.

The Oversight Board, at its sole discretion and at any time, may designate any instrumentality as a covered instrumentality for the purposes of PROMESA. See Section 101(d)(1)(A). Moreover, the Oversight Board may, at its sole discretion, appoint a covered territorial instrumentality to be subject to a separate Instrumentality Fiscal Plan from the applicable Territory Fiscal Plan and require the Governor to develop such Fiscal Plan for such instrumentality. Any covered territorial instrumentality that submits a separate Instrumentality Fiscal Plan shall also submit a separate Instrumentality Budget. See Section 101(d)(1)( E ). The UPR is an entity subject to the provisions of PROMESA

---

[18]See Section 101.

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

as determined by the Oversight Board at its meeting held on September 30, 2016. See Annex I. Minutes of the 1st Meeting of the FOB on September 30, 2026.[19]

Section 106(a) of PROMESA confers **exclusive jurisdiction** on the United States District Court for the District of Puerto Rico over any action against the Oversight Board, and any action derived from this Act, in whole or in part. This section established that, with the exception of Title III cases and subpoena enforcement orders, any action "derived under this Act, in whole or in part, shall be brought in a district court of the United States of the covered territory."

See v. Univ. of Puerto Rico, 266 F. Supp. 3d 590, 597 (DPR 2017). The UPR is an instrumentality of the Government of Puerto Rico covered by PROMESA, wherefore a lawsuit with the potential to affect its assets can be removed to the federal district court. *Id.*, p. 599.

Finally, no court has the power to review tax plans certified by the Oversight Board pursuant to Section 106(e) of PROMESA. In the words of the Boston Court of Appeals for the First Circuit: "PROMESA grants the Board exclusive authority to certify the fiscal plans and budget of Puerto Rico. It then isolates those certifications from judicial review under Section 106(e)… Section 106(e) is an exception to the general jurisdiction provided by Section 106(a)…" *Méndez-Núñez v. Fin. Oversight & Mgmt. Bd. for PR (In re Fin. Oversight & Mgmt. Bd. for PR)* , 916 F.3d 98, 112.

### III. Discussion

As previously mentioned, the Claimants allege that the UPR Act only allows the existence of a retirement plan for university employees and therefore the reforms to the pension system cannot be carried out because they entail the existence of a second

---

[19]Minutes of the Board meeting held on September 30, 2016.

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

retirement plan. Moreover, the Retirement Board alleges that the proposed reform to the UPR pension system is arbitrary and will have a negative impact on the UPR Retirement System trust. These allegations are aimed at challenging the validity of the reforms to the pension system that are established in the UPR Fiscal Plan. For this reason, the plaintiffs have presented their allegations in a court without jurisdiction. Let us see.

The Claimants avoid mentioning that <u>the reform of the pension system is a matter required by the UPR Fiscal Plans that the Board has certified since 2017</u>. This, since the actuarial debt of the UPR Retirement System exceeds $3 trillion. See second paragraph of Section 4.1 of the UPR Fiscal Plan, certified by the Board on May 27, 2021. Additionally, and as is public knowledge, the UPR has been subject to cuts in the funding it receives by virtue of transfers from the General Fund. Therefore, since the 2017-2018 fiscal year, the operating budget of the University has been substantially reduced. See Section 1.2 of the Fiscal Plan of the UPR, certified by the Board on May 27, 2021. *Id*.

As a result of the foregoing, the UPR Fiscal Plan, <u>certified by the Board</u> on June 12, 2020, established two alternatives to adopt the policy on the pension plan reform:

i. Freezing the defined benefits plan and moving to a defined contribution plan with no cuts to vested benefits; or

ii. Freezing the defined benefit plan and moving towards a defined contribution plan with cuts to vested benefits.

See Exhibit IV of the UPR Fiscal Plan, certified by the Board on June 12, 2020, Section 3.1.

On the other hand, the current UPR Fiscal Plan establishes two reform options for the UPR pension system:

Option 1 – Freezing the defined benefit plan and moving to a defined contribution plan with no reduction in accrued benefits; or

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

Option 2 – Freezing the defined benefit plan and moving to a defined contribution plan with a reduction in accrued benefits.[20]

It is clear that the establishment of the defined contribution plan and the freezing of the defined benefits plan are a mandate of the UPR Fiscal Plan, reaffirmed in the UPR Budget certified by the Oversight Board.

Obviously, from the alternatives approved by the Oversight Board, the UPR Governing Board chose the least onerous for the participants of the UPR Retirement System, keeping the benefits intact for all the participants of the defined benefits plan until May 31, 2023, and establishing a defined contribution plan for those who become UPR employees as of that date.

The Plaintiffs' allegations center around the determinations made by the Governing Board of the UPR to execute the reform of the pension system required by the UPR Fiscal Plan, for which reason this appeal constitutes a challenge to the UPR Fiscal Plan. In other words, what the plaintiffs are challenging are the provisions of the UPR Fiscal Plan (and the budget certified by the Fiscal Oversight Board) that require the UPR Governing Board to reform its pension system by freezing the defined benefits plan and the establishment of a defined contribution plan. **The purpose of this case being to challenge said mandate, there is no legal remedy under Section 106(e) of PROMESA and therefore this Honorable Court (or any other court) lacks jurisdiction.**

The Fiscal Plan for the UPR adopted by the Supervisory Board establishes as a minimum alternative the pension reform adopted by the Governing Board in its 2021 Fiscal Plan, for which reason the remedies sought by the plaintiffs are without legal jurisdiction to question them. However, it is important to

---

[20]See *UPR Fiscal Plan, Chapter 4.1, Pension Reform, Section 4.1, pg. 51-52.*

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

Case:17-03283-LTS   Doc#:24302-39   Filed:05/24/23   Entered:05/24/23 13:30:00   Desc:
Appendix Motion to Dismiss (certified translation) Dkt 12   Page 12 of 12

highlight the fact that the UPR Governing Board has acted prudently, within the budgetary restrictions and the guidelines approved by the Oversight Board, with the intention of protecting the participants of the UPR Retirement System. Finally, once the UPR 2021 Fiscal Plan has been approved by the Oversight Board, which adopts at least the reforms challenged by the plaintiffs, PROMESA prevents the legal challenge sought by the plaintiffs. Consequently, there is no jurisdiction over the matter of this appeal.

In conclusion, the epigraph case is dismissed because this Honorable Court lacks jurisdiction over its matter.

### IV. Appeal

**Wherefore**, we very respectfully request this Honorable Court to dismiss the Complaint and order the plaintiffs to pay costs and attorney's fees, as well as any other pronouncement to the extent permitted by law.

**I CERTIFY:** I have submitted this document through the Unified Case Management System (SUMAC), which provides adequate notice to all attorneys of record, pursuant to the the provisions of the current Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on May 22, 2023.

| **COUNSEL FOR THE PETITIONER GOVERNMENT BOARD OF THE UPR** | **COUNSEL FOR THE PETITIONER UNIVERSITY OF PUERTO RICO** |
|---|---|
| **OCASIO LAW FIRM, LLC** P.O. Box 192536 San Juan, PR 00919-2536 Phone: (787) 710-7160 | **NOLLA, PALOU & CASELLAS, LLC** P.O. Box 195287 St. John, PR 00919-5287 Phone: (787) 625-6535 Fax (787) 625-6530 |
| ***s. FERDINAND OCASIO VELEZ*** RUA 15,268 focasio@ocasiolawfirm.com | ***s. JOHN M. CASELLAS RODRIGUEZ*** RUA. 12,968 jmc@npclawyers.com |
| ***s. FRANCISCO GONZALEZ MAGAZ*** RUA 15,786 fogonzalez@ocasiolawfirm.com | ***s. LUIS E. PALOU BALSA*** RUA. 11,095 lpb@npclawyers.com |

I Juan E. Segarra USCCI #06-067/translator certify that the foregoing is a true and accurate translation to the best of my abilities of the document in Spanish which I have seen.