TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, *et al.*<br>Deudores | PROMESA Título III<br><br>Número: 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>La presente radicación guarda relación con el ELA, el SRE y la ACT. |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 MAY 19 PM 2:56

## REPLICA

AL HONORABLE TRIBUNAL:

COMPARECE WANAGET CARABALLO CEPEDA (*Claim #* **67,183**) por conducto de su abogada que suscribe y al Honorable Tribunal muy respetuosamente EXPONE, ALEGA Y SOLICITA:

1. La reclamación del Sr. Caraballo Cepeda tiene como base la Demanda Civil bajo el caso DDP-2013-1044, radicado en el Tribunal de Primera Instancia de Bayamón, PR.

2. Dicha demanda civil es por **daños y perju**icios contra el ELA y su Departamento de Corrección y Rehabilitación por el daño causado al señor Caraballo Cepeda, quien entró al sistema correccional en el 1993, siendo un menor de 15 años de edad y no se le proveyeron los servicios de enseñanza adecuada, al punto de que 25 años después de estar bajo dicho sistema, éste era totalmente analfabeta.

3. El señor Caraballo Cepeda, quien entró al sistema correccional siendo menor de edad, estuvo estado bajo la custodia del Departamento de Corrección y Rehabilitación por 25 años, con un serio problema de analfabetismo, fue arrinconado y olvidado por el sistema correccional, el cual evadió a toda costa con toda clase de excusas el derecho a educación primaria que al señor Caraballo le asiste, quien estuvo solicitando **continuamente** que se le brindaran los servicios de enseñanza adecuados, a los que tiene derecho, para aprender a escribir y leer.

4. A pesar de las múltiples peticiones y requerimientos a través de los años para que se le brindara la educación a la cual tenía derecho, sólo se le proveyeron unos servicios intermitentes e inadecuados para su nivel, que no atendían sus deficiencias, lo cual resultaba sumamente inefectivo, frustrante y desesperante para él, mostrando el sistema, cero tolerancia para su condición.

5. La excusa repetida del Departamento de Corrección y Rehabilitación era que no tenían maestros para el nivel del demandante (ABE-1). Demás está decir que tal excusa es totalmente

indefendible, ya que cualquier profesional educativo que enseñe otros grados más altos, indudablemente puede enseñar el primer grado y por supuesto, enseñar a leer y escribir al demandante.

6. Inclusive, en ocasiones le hacían firmar documentos, a sabiendas de que el señor Caraballo **no entendía lo que le daban a firmar**.

7. Según definido por el Artículo 9 sobre "Derechos de la clientela", 3 LPRA, AP XVIII del Plan de Reorganización Núm. 2 de 2011 del propio Departamento de Corrección y Rehabilitación, al demandante le asiste un derecho a la alfabetización, así como también le asiste el derecho a la educación, consagrado en el Art II, Sec. 5 de nuestra Constitución.

8. A consecuencia de tal apatía, abandono y dejadez por parte del Departamento de Corrección y Rehabilitación y el ELA, el Tribunal de Apelaciones, mediante los casos: KLEM 2013-00052 y KLCE 2016-00564, ordenó directa y específicamente al Departamento de Corrección y Rehabilitación que se le ofrecieran los servicios de alfabetización a los que tiene derecho el señor Caraballo y que se le asignara un abogado de oficio. A pesar de ello, el Departamento de Corrección y Rehabilitación ignoró los requerimientos del demandante, incumpliendo reiteradamente las órdenes de nuestro sistema judicial en cuanto a los servicios de alfabetización adecuados y atender su demanda de daños y perjuicios.

9. Como resultado directo de los incumplimientos del Departamento de Corrección y Rehabilitación a través de los años en que ha estado bajo su custodia, el señor Caraballo ha sido objeto de burlas de otros confinados que lo tildan de "bruto", haciéndolo sentir arrinconado y desmoralizado.

10. Más aún las actuaciones y omisiones del Departamento de Corrección y Rehabilitación constituyen un claro discrimen y abuso de poder para con un ser humano que a todas luces tenía las manos atadas, causándole graves daños y angustias mentales para el resto de su vida.

11. Como consecuencia de los actos y omisiones de los demandados, el demandante ha padecido y continua padeciendo daños continuos, intensas angustias mentales y sufrimientos morales, los que se estiman en una cantidad no menor de $50,000 por todo el tiempo que no se le proveyó los servicios educativos que concluyan en la alfabetización a que el señor Caraballo tenía y tiene derecho.

12. Los codemandados Departamento de Corrección y Rehabilitación y el Estado Libre Asociado de Puerto Rico han actuado con temeridad al ignorar y/o denegar una reclamación legítima, obligando al demandante a acudir al foro judicial.

13. Tanto los codemandados Departamento de Corrección y Rehabilitación, como el Estado Libre Asociado de Puerto Rico, responden mancomunada y solidariamente por todos los daños causados al demandante.

14. El 15 de noviembre de 2018, el Tribunal de Primera Instancia emitió Sentencia, en la cual claramente estableció que toda vez que el señor Caraballo Cepeda fue excarcelado el 20 septiembre 2018, la reclamación en cuanto a concederle un remedio sobre un programa educativo adecuado al demandante "ha advenido académico". Así mismo, dicho Tribunal indicó en su Sentencia que **el pleito en cuanto a la causa de acción por danos y perjuicios** por la falta de servicios educativos durante todos los años que el demandante estuvo bajo el control del Departamento de Corrección y Rehabilitación, "**continuará paralizado de manera indefinida al amparo de la Ley PROMESA**".

15. A esos efectos, se incluye y se hace formar parte integral de la presente REPLICA, la Sentencia emitida el 15 de noviembre de 2018.

16. Así las cosas, la Juez Superior Sarah Y. Rosado Morales, ordenó el archivo por academicidad respecto a la solicitud de servicios educativos, no así de **la causa de acción por daños y perjuicios, la cual permanece paralizada a tenor con el Título III de la Ley PROMESA**.

EN MERITO DE LO SEÑALADO, la parte demandante respetuosamente solicita a este Honorable Tribunal que luego de los trámites de rigor, proceda conforme a Derecho, ordenando el pago a la parte demandante la suma de $50,000, por los daños ocasionados a éste, así como también, por el Departamento de Corrección y Rehabilitación y el ELA haber actuado en todo momento de manera temeraria, pudiendo haber evitado el presente pleito.

**RESPETUOSAMENTE SOMETIDO.**

CERTIFICO haber enviado este escrito a: 1) Secretaría Tribunal de Distrito de los Estados Unidos, Sala 150 Edificio Federal, San Juan, PR 00918-1767; 2) Abogados de la Junta de Supervisión, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 (Attn: Martin J. Bienenstock, Brian S. Rosen) y 3) Abogados del Comité de Acreeores Paul Hastings LLp, 200 Park Abenue, New York, NY 10166 (Attn: Luc A. Despins, James Bliss, James Worthington, G. Alexander Bongartz).

En San Juan, Puerto Rico, a 17 de mayo de 2023.

Lcda. Aida I. Rodríguez Figueroa
PR RUA 12269
Urb. Santa Rosa, 51-49 Ave Main
Bayamón PR 00959
Tel (787)787-2236
E-mail: estudiolegal2000@gmail.com