**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE BAYAMÓN
SALA SUPERIOR**

| | |
|---|---|
| **WANAGET CARABALLO CEPEDA**<br>*Parte Demandante*<br><br>v.<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO; LCDO. JOSÉ R. NEGRÓN FERNÁNDEZ, ADMINISTRADOR DE CORRECCIÓN; ADMINISTRACIÓN DE CORRECCIÓN; SRA. LUISA RAMÍREZ CONTRERAS, DIRECTORA ÁREA ESCOLAR; INSTITUCIÓN BAYAMÓN 501; SR. EUGER PÉREZ, OFICIAL DE CUSTODIA, ENCARGADO ÁREA ESCOLAR INSTITUCIÓN BAYAMÓN 501, TODOS EN SU CARÁCTER PERSONAL Y PROFESIONAL Y SUS BIENES GANANCIALES**<br>*Parte Demandada* | CIVIL NÚM.: **D DP2013-1044**<br><br>SALA: 502<br><br>SOBRE:<br>DAÑOS Y PERJUICIOS |

**SENTENCIA**



En el presente caso se presentó una demanda por daños y perjuicios contra varios entre ellos el Departamento de Corrección y Rehabilitación (en adelante "DCR") del Estado Libre Asociado de Puerto Rico (en adelante "ELA"). Aparte de la indemnización por los daños alegados, se solicitó que se ordene al DCR proveerle servicios educativos al demandante Sr. Wanaget Caraballo Cepeda, quien es analfabeta, y está confinado en la Institución Bayamón 501.

Mediante una Sentencia Parcial emitida el 12 de septiembre de 2017, y notificada el 18 de septiembre de 2017, se ordenó la paralización del pleito respecto a la causa de acción por daños y perjuicios a tenor con el Título III de la Ley PROMESA. Sin embargo, se ordenó la continuación de los procedimientos respecto a la reclamación de servicios educativos. El Tribunal ordenó al ELA evidenciar los servicios educativos ofrecidos al demandante durante su confinamiento.

Luego de varias órdenes emitidas por haber finalizado los términos concedidos, el ELA presentó una moción en cumplimiento de orden el 13 de noviembre de 2018 con la cual incluyó varias certificaciones. De dichas certificaciones se desprende que el demandante alegó que no sabe leer ni escribir. También se desprende que el 7 de agosto de 2018 se preparó el censo escolar del

Número Identificador: SEN2018_____

*Sentencia* D DP2013-1044
2

demandante y se le notificó que el DCR no cuenta al presente con una maestra disponible para el nivel requerido, es decir, alfabetización o nivel primario (ABE-1). De los documentos presentados también surge que el 5 de septiembre de 2018 se le informó al demandante que el DCR no cuenta con la maestra requerida, pero que se solicitó esa plaza al Departamento de Educación a través de una Propuesta Federal, Educación para Adultos.

Finalmente, se incluyó una certificación de la cual surge que el 20 de septiembre de 2018 el demandante fue excarcelado por la Junta de Libertad Bajo Palabra e ingresado al programa Teen Challenge de Bayamón. Así las cosas, al presente el demandante no se encuentra confinado. Estas circunstancias impiden que el tribunal pueda conceder un remedio educativo pues la educación ofrecida por el DCR tiene lugar dentro de las instituciones carcelarias y no fuera de ellas. En este caso el demandante se encuentra en libertad bajo palabra, ingresado en un centro privado de rehabilitación. Así, cualquier remedio de clases o programa educativo que se pudiese conceder ha advenido académico. Según indicamos, en cuanto a la causa de acción por daños y perjuicios por la falta de servicios educativos, el pleito continuará paralizado de manera indefinida al amparo de la Ley PROMESA.

En consideración de los fundamentos expuestos, este Tribunal dicta Sentencia ordenando el **archivo del presente caso por academicidad** respecto a la solicitud de servicios educativos, toda vez que al presente el DCR no puede tales servicios educativos al demandante, quien se encuentra en libertad bajo palabra.

**REGÍSTRESE Y NOTIFÍQUESE**.

Dada en Bayamón, Puerto Rico, a 15 de noviembre de 2018.

**SARAH Y. ROSADO MORALES**
**JUEZA SUPERIOR**

Estado Libre Asociado de Puerto Rico
EN EL TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE BAYAMÓN
PANEL ESPECIAL

| | | |
|---|---|---|
| WANAGET CARABALLO CEPEDA<br><br>Peticionario<br><br>v.<br><br>SR. JOSÉ R. NEGRÓN FERNÁNDEZ<br>Administrador de Corrección<br><br>SRA. LUISA RAMÍREZ CONTRERAS<br>Directora del Área Escolar<br>Institución Bayamón 501<br><br>SR. OFICIAL CORRECCIONAL PÉREZ<br>Encargado del Área Escolar<br>Institución Bayamón 501<br><br>Recurridos | KLEM201300052 | Escrito misceláneo procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br>D DP2013-0786<br><br>Sobre:<br><br>Daños y perjuicios, angustias mentales, omisión en el cumplimiento del deber |

Panel especial integrado por su presidente, el Juez Morales Rodríguez, el Juez Figueroa Cabán y el Juez Rivera Colón.

### RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de noviembre de 2013.



El 16 de septiembre de 2013 Alfredo Labrador Rodríguez presentó un recurso ante el Tribunal de Primera Instancia en representación de Wanaget Caraballo Cepeda. Alegó que hizo esa representación porque el peticionario es analfabeta. Ambos se encuentran bajo la custodia del Departamento de Corrección en la Institución Correccional Bayamón 501.

KLEM201300052 2

Labrador Rodríguez solicitó el auxilio del tribunal para que se ordenara al Departamento que atendiera las solicitudes de Caraballo Cepeda para que como parte de su rehabilitación se le enseñe a leer y escribir. Alegó que desde que comenzó a cumplir su condena hace 19 años, cuando tenía apenas quince años de edad, ha solicitado que se le permita educarse. El peticionario solicitó que se emplazara a las partes concernientes y que se concediera una indemnización por los daños y angustias ocasionados.

El 30 de septiembre de 2013 el Tribunal de Primera Instancia dictó sentencia en la que desestimó la demanda. Fundamentó:

> El recurso incoado no es el correcto. Debe presentar un *mandamus* para compeler a que le decidan su Solicitud de Remedio Administrativo.
>
> En virtud de lo cual, se desestima, sin perjuicio, la demanda de epígrafe.

El 17 de octubre de 2013 se recibió en la Secretaría de este Tribunal una copia de esa sentencia junto con la demanda presentada el 16 de septiembre de 2013 y las respuestas obtenidas por Caraballo Cepeda a sus solicitudes dentro del Programa de Remedios Administrativos. La última respuesta reconoce que el peticionario ha pedido múltiples veces el servicio educativo. El expediente elevado no incluyó escrito alguno en el que especifique su impugnación o su solicitud ante este Tribunal.

La Regla 7 (B) (5) del Reglamento de este Tribunal, 4 L.P.R.A., Ap. XXII-B, R. 7 nos faculta para "...prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos [...] <u>con el propósito de lograr [el] más justo y eficiente despacho y</u>

KLEM201300052

3

proveer el más amplio acceso al tribunal, [e] impartir justicia apelativa". De ser cierto lo que se alegó en la demanda elevada ante nosotros, la más elemental sensibilidad humana obliga a prescindir de requisitos reglamentarios en este caso. Si no se ha atendido durante diecinueve años una necesidad tan básica en la rehabilitación del confinado Carballo Cepeda, el Departamento de Corrección debe explicarse y de inmediato cumplir el deber ministerial que justifica su existencia.

El artículo 2 del Plan de reorganización estableció como política pública del Estado "la creación de un sistema integrado de seguridad y administración correccional donde las funciones y deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad, así como a la custodia de los ciudadanos que han sido encontrados incursos en la comisión de un delito o falta y que establezcan procesos de rehabilitación moral y social del miembro de la población correccional o transgresor, a fin de fomentar su reincorporación a la sociedad". [Destacado nuestro].

La Comisión Interamericana de Derechos Humanos con el propósito de garantizar los derechos humanos de las personas privadas de libertad y establecer unos estándares generales a los países miembros de la Organización de Estados Americanos mediante la Resolución 1/08 adoptó los Principios y buenas prácticas sobre la protección de las personas privadas de libertad en las Américas (OEA/Ser/L/V/II.131 doc. 26). Como tratado vigente dentro de nuestra jurisdicción esa resolución es "supreme law of the land", Const. EE.UU.

KLEM201300052

4

Art. VI, Cl. 2. El principio XIII, sobre Educación y actividades culturales dispone:

> <u>Las personas privadas de libertad tendrán derecho a la educación, la cual será accesible para todas las personas, sin discriminación alguna, y tomará en cuenta la diversidad cultural y sus necesidades especiales</u>.
>
> La enseñanza primaria o básica será gratuita para las personas privadas de libertad, en particular, para los niños y niñas, y para los adultos que no hubieren recibido o terminado el ciclo completo de instrucción primaria.
>
> [...]
>
> <u>Los Estados Miembros deberán garantizar que los servicios de educación proporcionados en los lugares de privación de libertad funcionen en estrecha coordinación e integración con el sistema de educación pública; y fomentarán la cooperación de la sociedad a través de la participación de las asociaciones civiles, organizaciones no gubernamentales e instituciones privadas de educación</u>. (Énfasis nuestro)

Se ordena al Departamento de Corrección que en un término de treinta días muestre causa por la cual no debamos ordenarle que cumpla con las obligaciones establecidas en el artículo 5 incisos (e) y (f) del Plan de reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 L.P.R.A., Ap. XVIII, que específicamente disponen que la agencia tendrá el deber de:

> <u>**Establecer y evaluar periódicamente la efectividad y alcance de los distintos modelos para la rehabilitación**</u>.
>
> <u>**Ampliar los programas de educación**</u> y trabajo <u>**para que impacten a toda la población correccional que interese participar**</u> y asegure la aplicación correcta de los sistemas de bonificación por trabajo y estudio que permitan las leyes aplicables. [Destacado nuestro].

**Notifíquese inmediatamente por la vía ordinaria** a la Oficina de la Procuradora General y al Hon. José Negrón Fernández,



KLEM201300052 5

**Secretario del Departamento de Corrección y Rehabilitación con copia del expediente presentado.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Mildred Ivonne Rodriguez Rivera
Sub Secretaria del Tribunal de Apelaciones
DIMARIE ALICEA LOZADA
Secretaria del Tribunal de Apelaciones