Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE MAYAGÜEZ
PANEL VI

| | | |
|---|---|---|
| ROBERTO QUILES QUILES<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelado | KLAN201900878 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. ISCI201700375<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Surén Fuentes y el Juez Torres Ramírez.

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2019.

I.

El 13 de mayo de 2016 la Policía de Puerto Rico ocupó el vehículo de motor Toyota *Scion*, del año 2013, tablilla IDF-590, serie JTKJF5C74D3059879, por presunta violación al Art. 21 de la Ley para la Protección de la Propiedad Vehicular[1] y de la sección 6052.01 (inciso D-7) del Código de Rentas Internas de Puerto Rico.[2] El vehículo, que consta registrado a nombre de Quiles Auto Sales en el Registro de Vehículos de Motor del Departamento de Transportación y Obras Públicas (DTOP), al momento de la ocupación se encontraba en posesión del Sr. Alex Quiles Orta.

El 26 de mayo de 2016 el Negociado de Investigaciones de Vehículos Hurtados expidió el *Certificado de Inspección* del vehículo antes descrito. Del mismo surge que los números de identificación son originales del fabricante, pero que la transmisión, con número de serie JTKIF5C76C3039535 y gravamen de chatarra, no le pertenecen. Además, que el motor no le pertenece ya que era de un

---

[1] 9 LPRA § 3220.
[2] 13 LPRA § 33221.

Número Identificador
SEN2019_____

Toyota *Camry* con número de serie 4T1BF1FK3CU509823 y posee un gravamen de venta condicional.

La Junta de Confiscaciones notificó la referida confiscación mediante carta fechada 25 de mayo de 2016, **enviada** por correo certificado el 2 de junio de 2016, **al Sr. Alex Quiles Orta y a Quiles Auto Sales. Ambas personas fueron notificadas por separado a la siguiente dirección: Bo. Calabazas, Carr. 119 Km. 36.5, San Sebastián, PR 00685.** El 13 de julio de 2016 el correo devolvió ambas notificaciones por dirección insuficiente (*insufficient address*). Específicamente la carta devuelta contenía lo siguiente:

> Return to Sender
> Insufficient Address
> Unable to Forward

El 4 de abril de 2017 el Sr. Roberto Quiles Quiles d/b/a Quiles Auto Sales presentó *Demanda* de impugnación de confiscación. Informó que era un comerciante dedicado a la venta de vehículos de motor, haciendo negocios como Quiles Auto Sales con dirección física en la carreta 119 km. 36.5, San Sebastián, PR y que su dirección postal era: **Box 1337, San Sebastián, PR 00685**. Añadió que era un concesionario autorizado a realizar negocios en Puerto Rico bajo la licencia número AG2013 y que su dirección postal como concesionario registrada era **Box 1337, San Sebastián, PR 00685**. Alegó que el Estado violó su derecho constitucional a un debido proceso de ley en cuanto no le notificó sobre la confiscación y la tasación del vehículo ocupado, según dispone la Ley de Confiscaciones de Puerto Rico.

El 16 de mayo de 2017 el Estado presentó *Moción de Desestimación*. Arguyó que la *Demanda* se presentó fuera del término jurisdiccional de treinta (30) días que establece la Ley de Confiscaciones de Puerto Rico. Tras varios incidentes procesales, que incluyó la paralización y posterior reapertura del caso en virtud

<a>

<a>

<a>
<a>

<a>
<a>
<a>
<a>

<a>

<a>
<a>
<a>

<a>

<a>
<a>
<a>
<a>
<a>

<a>

<a>
<a>
<a>

<a>
<a>
<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>
<a>
<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>
<a>
<a>

<a>

<a>
<a>
<a>
<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>
<a>
<a>

<a>
<a>
<a>
<a>

<a>
<a>
<a>

<a>
<a>
<a>
<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>
<a>

<a>
<a>
<a>

<a>

<a>
<a>
<a>
<a>

<a>

<a>
<a>
<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>
<a>
<a>
<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>
<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

<a>

de la Ley Promesa, se celebró una vista para dilucidar la legitimación activa del Sr. Quiles Quiles.

El 30 de agosto de 2018, el Sr. Quiles Quiles presentó *Moción en Solicitud para que se Dicte Sentencia Sumaria*. Reiteró que el Estado no cumplió con la notificación de la confiscación requerida por ley. Arguyó que, durante los últimos treinta años su dirección postal ha sido **PO Box 1337, San Sebastián PR 00685**, mas, sin embargo, el Estado le notificó erróneamente a la dirección física de su negocio. Informó, además, que la licencia del vehículo confiscado, por error del DTOP, indicaba que su dirección física y postal eran las mismas. Por tanto, sostuvo que dicha negligencia o incumplimiento con la ley por parte del DTOP no podía imputársele a él sino a dicha agencia como agente del estado. Unió a su *Moción* varios documentos acreditando su dirección postal y una declaración jurada en apoyo de sus alegaciones.

El 17 de octubre de 2018 el Estado presentó *Oposición a Solicitud de Sentencia Sumaria*. Alegó que, al momento de los hechos, de la ocupación, de la confiscación y de la notificación, la dirección postal del titular del vehículo era: **Bo. Calabazas, Carr. 119 km 36.5, San Sebastián, PR 00685**, según surgía del sistema del DTOP. El 17 de junio de 2019, notificada el 18 de junio de 2019, el Tribunal de Primera Instancia emitió *Sentencia* desestimando sumariamente la *Demanda* por prescripción.[3]



---

[3] Consignó las siguientes Determinaciones de hechos.
1. El vehículo de motor Toyota Scion, del año 2013, tablilla IDF-590, color vino, serie JTKJF5C74D3059879, fue ocupado el 13 de mayo de 2016 por hecho ocurridos en igual fecha en el término municipal de Mayagüez.
2. El 18 de mayo se emitió una Orden de Confiscación por infracción a la Ley 120, sección 6052.01, inciso D-7 con número de querella 2016-05-700-00291.
3. Del Certificado de Inspección del vehículo de motor Toyota Scion antes descrito, expedido por el Negociado de Investigaciones de Vehículos Hurtados, con fecha del 26 de mayo de 2016, surge que los números de identificación son originales del fabricante, pero que la transmisión, con número de serie JTKJF5C76C3039535 y gravamen de chatarra, no le pertenece. Además, que el motor es de Toyota Camry con número de serie 4TIBFIFK3CU509823 y gravamen de venta condicional, tampoco le pertenece.
4. El titular registral del vehículo al momento de la ocupación y la confiscación es Quiles Auto Sales.
5. La Junta de Confiscaciones, a través de su Director, notificó sobre la confiscación mediante carta con fecha del 25 de mayo de 2016 enviada por

Inconforme, el 3 de julio de 2019, Quiles Quiles presentó *Moción en Solicitud de Reconsideración*. El 5 de julio de 2019, notificada el 11, el Tribunal de Primera Instancia emitió *Resolución* declarando No Ha Lugar la misma. Insatisfecho aún, el 12 de agosto de 2019, el Sr. Quiles Quiles recurrió ante nos mediante *Apelación*. Plantea:

> **Primer Error Señalado**: El Tribunal de Primera Instancia abusó de su discreción al darle curso a un caso en que el Tribunal no tenía jurisdicción.
>
> **Segundo Error Señalado**: El Tribunal de Primera Instancia no le dio crédito a la jurisprudencia interpretativa de la ley de confiscaciones de PR referente a que la parte demandante o afectada no se le puede castigar ni privarlo de su propiedad por errores cometidos por una agencia administrativa. En clara violación al debido proceso de ley y de propiedad que consagra la Constitución de Puerto Rico como derechos fundamentales.

El 11 de septiembre de 2019 el Estado presentó su Alegato. Con el beneficio de ambas comparecencias, estamos en posición de resolver.

II.

El procedimiento de confiscaciones en Puerto Rico, sigue siendo un acto realizado por el Estado mediante el cual ocupa y se inviste de todo derecho de propiedad sobre cualquier bien que hayan sido utilizados en la comisión de determinados delitos.[4] Si bien conserva su forma civil, su objetivo sigue siendo punitivo: disuadir

---

correo certificado el 2 de junio de 2016 a cada una de las siguientes personas: Alex Quiles Orta y Quiles Auto Sales.
6. Ambas personas fueron notificadas por separado sobre la confiscación a la siguiente dirección: Bo. Calabazas, Carr. 119 Km. 36.5, San Sebastián, PR 00685.
7. Según el sistema electrónico DAVID del Departamento de Transportación y Obras Públicas (DTOP), para el 23 de mayo de 2016, la dirección postal y residencial de Quiles Auto Sales, dueño del vehículo Toyota Scion, VIN JTKJF574D03059879 era Bo. Calabazas, Carr. 119 Km 36.5, San Sebastián, PR 00685.
8. Al momento de los hechos, entiéndase, la ocupación y confiscación del vehículo, así como al momento de la notificación, la dirección de Quiles Auto Sales era Bo. Calabazas, Carr. 119 Km 36.5, San Sebastián, PR 00685.
9. La Directoría de Servicios al Conductor del DTOP certificó que, conforme el sistema de procesamiento de datos DAVID, el 27 de junio de 2017 la dirección de Quiles Autos Sales fue modificada por el operador número 10857. La nueva dirección postal registrada fue PO Box 1337, San Sebastián, PR 00685.

[4] *Centeno Rodríguez* v. *E.L.A.*, 170 DPR 907 (2007).

para que una persona, por temor a exponerse al peligro de perder su propiedad, limite su actividad delictiva o se dificulte su realización.[5] Independientemente del carácter de la confiscación, los estatutos confiscatorios deben interpretarse restrictivamente, ya que los procedimientos instados con el propósito de confiscar la propiedad de un individuo, por razón de un delito por él cometido, aunque civil en su forma, tienen naturaleza criminal.[6]

En atención a la naturaleza civil-punitiva de este procedimiento, en el que se permite la intervención del Estado con la propiedad de los ciudadanos e incide en el derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley,[7] las personas con interés en la propiedad confiscada pueden impugnar en los tribunales el proceso de confiscación mediante una demanda civil.[8]

En tal sentido, el Art. 13 de Ley Núm. 119-2011 dispone que, el Director Administrativo de la Junta de Confiscaciones viene obligado a notificar, entre otras, a las personas siguientes y de la siguiente forma:

> (a) A la persona que tuviere la posesión física del bien al momento de la ocupación.
> (b) A aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien.
> (c) En los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito.
> (d) En los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.
> **Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se**



---
[5] *Coop. Seg. Mult. v. E.L.A.*, 180 DPR 655 (2011).
[6] *Centeno Rodríguez v. E.L.A.*, supra.
[7] Art. II, Sec. 7, Const. E.L.A., LPRA, Tomo 1.
[8] Sobre este aspecto de "personas con interés" en la propiedad confiscada, véase la Ley Núm. 252-2012. Véase, además, *Mapfre v. E.L.A.*, 188 DPR 517 (2013).

> **hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.**
>
> En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" (9 L.P.R.A. §§ 3201 et seq.), la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.
>
> En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación. (Énfasis nuestro).[9]

De manera que, la notificación se debe realizar mediante correo certificado a la dirección conocida, según consta en el expediente de confiscación, en un término jurisdiccional de treinta días siguientes a la fecha de la ocupación física del bien.[10] Este mandato legal de notificación cobra sentido si la notificación es adecuada. Así lo ha manifestado en más de una ocasión nuestro Tribunal Supremo al decretar la nulidad del proceso de confiscación por haberse notificado inadecuadamente a las partes con interés.[11] Se trata de un requisito cuyo enfoque está en la cláusula del debido proceso de ley.[12]

---

[9] 34 LPRA § 1724j.
[10] Íd. Nótese que el propio Art. 13 de la Ley Núm. 119-2011 establece dos excepciones que impactan cuándo comienza el decurso de este término de treinta días para notificar a las personas indicadas en la ley.
[11] *First Bank* v. *E.L.A.*, 164 DPR 835 (2005).
[12] Art. II § 7, Constitución del ELA de Puerto Rico; *Cooperativa de Seguros Múltiples* v. *Srio. Hacienda*, 118 DPR 115, 118 (1986); Véase, además, el Voto de

En *Srio. de Justicia v. Tribunal Superior*,[13] la carta de notificación del dueño del vehículo de motor incautado fue devuelta al Estado **porque se envió a una dirección incorrecta**. A pesar de que la parte demandante fue notificada correctamente y de que el dueño no formaba parte del pleito ni había impugnado la confiscación, el Tribunal Supremo anuló el proceso confiscatorio basado en la notificación defectuosa o incorrecta. En *Vázquez Fontánez v. Tribunal Superior*,[14] y *Colón Medina v. Srio. de Hacienda*,[15] el Tribunal Supremo reiteró su proceder de anular el proceso por la falta de notificación a alguna de las partes con interés en la propiedad confiscada.[16]

III.



En el presente caso, el Tribunal de Primera Instancia sumariamente determinó que el Estado acreditó haber notificado adecuadamente la confiscación a Quiles Auto Sales, dueño del vehículo confiscado, mediante la carta de notificación enviada con fecha 25 de mayo de 2016, así como el recibo de envío por correo certificado con fecha 2 de junio de 2016. Destacó que, según el registro electrónico conocido como sistema *DAVID* del DTOP, para la fecha en que ocurrió la ocupación y confiscación del vehículo, la dirección física y postal de Quiles Auto Sales, dueño del vehículo, era precisamente la dirección a la cual fue enviada la notificación, es decir, Bo. Calabazas, Carr. 119 Km. 36.5, San Sebastián, Puerto Rico 00685. Añadió que si bien el Sr. Quiles Quiles alegaba que ha mantenido la dirección postal PO Box 1337 en San Sebastián por más de 30 años, lo cierto era que, en cuanto a Quiles Auto Sales, dicha dirección no era la registrada ante el DTOP. Concluyó que el



---

Conformidad en parte y Disidente en parte de la Jueza Presidenta Oronoz Rodríguez en *Reliable Financial v. E.L.A.*, 197 DPR 289, 313-315 (2017).
[13] 96 DPR 116 (1968).
[14] 102 DPR 396 (1974).
[15] *Colón Medina v. Srio. de Hacienda*, 109 DPR 540 (1980).
[16] Véase; también: *CSMPR v. E.L.A.*, 196 DPR 639 (2016); *First Bank v. E.L.A.*, supra.

Estado cumplió con el requisito de notificación a la dirección que consta en el Registro de Vehículos del DTOP, según dispuesto en la Ley 119-2011 y determinó que la notificación tuvo efecto el 2 de junio de 2016 y que la presentación de la acción impugnatoria de la confiscación fue presentada el 4 de abril de 2017, fuera el término jurisdiccional de 30 días provisto por el Artículo 15 de la Ley 119-2011. Erró.

Es un hecho real e incontrovertido, que la notificación de la confiscación dirigida al Sr. Quiles Quiles se hizo a una dirección física rural sin número de apartado y no a una dirección postal como establece la Ley. Como era de esperarse, la misma fue devuelta por el servicio de correo y el Estado no realizó esfuerzo razonable alguno, como verificar si había dirección adicional o alterna, o realizar un diligenciamiento personal. Confiando en la información provista en el sistema *DAVID* del Dpto. de Transportación y Obras Públicas, el Tribunal dio total y absoluta confiabilidad a la información provista por la agencia. Pareció intimar que, basta con notificar a la dirección que aparece en el sistema para cumplir con el requisito de notificación. Ello, a pesar de que la notificación sea devuelta y no entregada a la parte interesada. Evidentemente, la notificación no fue adecuada al hacerse a una dirección errónea provista por el DTOP.

IV.

Por los fundamentos expuestos, *revocamos* el dictamen recurrido y ordenamos la devolución del vehículo o el abono de su valor tasado, según corresponda.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones