# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF No. 24183** |
| ACISCLO FOSSAS-MARXUACH,<br><br>　　　　　　　　　Movant,<br><br>　　-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO,<br><br>　　　　　　　　　Respondent. | |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 5

    I.     Movant Fails to Show "Excusable Neglect" Warranting an Extension of the Time to File His Late-Filed POC ...................................................................... 5

    II.    There is No Basis to Apply the Doctrine of Informal Proofs of Claim .................. 6

    III.   The Motion Does Not Establish Entitlement to Allowance of the Asserted Claim ....................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary*,
  Case No. 21-01513 (CVR)..................................................................................................3

*Belser v. Nationstar Mortg., LLC (In re Belser)*,
  534 B.R. 228 (1st Cir. B.A.P. 2015).............................................................................6, 7, 8

*Grogan v. Garner*,
  498 U.S. 279 (1991).............................................................................................................8

*In re Bos. Reg'l Med. Ctr.*,
  256 B.R. 212 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (1st Cir. B.A.P. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ...........................................................................................................................8

*In re Drexel Burnham Lambert Grp.*,
  134 B.R. 482 (Bankr. S.D.N.Y. 1991)................................................................................9

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
  621 B.R. 289 (D.P.R. 2020), *aff'd*, 7 F.4th 31 (1st Cir. 2021) ............................................9

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
  No. 17-bk-4780, 2022 WL 1401506 (D.P.R. May 4, 2022) ...............................................9

*In re Gomes*,
  525 B.R. 862 (Bankr. D. Mass 2015) .................................................................................6

*In re Jeans.com*,
  491 B.R. 16 (Bankr. D.P.R. 2013) .....................................................................................9

*In re Plaza de Diego Shopping Ctr., Inc.*,
  911 F.2d 820 (1st Cir. 1990)...............................................................................................6

**STATUTES & RULES**

11 U.S.C. § 503(b)(1)(A)(i) ........................................................................................................9

11 U.S.C. § 944(b) ......................................................................................................................6

48 U.S.C. §§ 2101–2241.............................................................................................................1

PROMESA § 304(a) ...................................................................................................................2

PROMESA § 308(a) ............................................................................................................8

PROMESA § 310................................................................................................................5

PROMESA § 315(b) .......................................................................................................1, 8

Fed. R. Bankr. P. 9006(b)(1)...............................................................................................5

**OBJECTION OF THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE PROOF OF CLAIM FILED ON FEBRUARY 4, 2023 DUE TO LACK OF NOTICE FILED BY ACISCLO FOSSAS-MARXUACH**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to the *Motion for Allowance of Administrative Expense Proof of Claim Filed on February 4, 2023 Due to Lack of Notice* [ECF No. 24183][3] (the "Motion"), filed by Acisclo Fossas-Marxuach ("Movant"). In support of the Objection, the Debtor respectfully represents:

**PRELIMINARY STATEMENT**

1. Movant appears to seek authority to file an untimely proof of administrative expense claim for an asserted age discrimination claim arising after the commencement of the Debtor's Title III case, or, in the alternative, to deem its October 21, 2021 complaint filed against ERS as a timely filed informal proof of claim. Pursuant to the Plan and Confirmation Order (each as defined below), the deadline to file proofs of administrative expense claims was June 13, 2022, which was extended to January 18, 2023, with respect to certain parties pursuant to the Administrative Claim Bar Date Extension Order (as defined below). On February 4, 2023, Movant filed his proof of administrative expense claim.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

[3] Docket references contained herein shall refer to the docket for Case No. 17-03283 unless otherwise specified.

2. Movant's sole contention to support his request is that Movant was not provided notice of the deadline to file proofs of administrative expense claims. The Motion should be denied because the Debtor provided sufficient and appropriate notice of the June 13, 2022 administrative claim bar date by first class mail and email service, and, to the extent the January 18, 2023 administrative claim bar date applies, through various publications pursuant to the Administrative Claim Bar Date Extension Order (as defined below), which publication notice this Court has previously determined provides adequate notice of the deadline to file proofs of claim.[4]

3. If the Court were to permit the late filing of Movant's proof of administrative expense claim, to the extent Movant seeks allowance of his asserted claim as an administrative expense claim, Movant has failed to articulate any reason the asserted claim satisfies the requirements for administrative expense priority treatment. In particular, Movant has not yet established the Debtor's liability for the asserted claim, as it remains contingent. Accordingly, the Motion should be denied in all respects.

**BACKGROUND**

4. On May 21, 2017 (the "Petition Date"), the Oversight Board filed a voluntary petition for relief for ERS pursuant to PROMESA Section 304(a) in the United States District Court for the District of Puerto Rico (the "Title III Court"), commencing a case under Title III thereof.

5. On January 31, 2019, Movant was terminated from his position as Examining Officer of the Retirement Board of the Government of Puerto Rico and the Judiciary (the

---

[4] *See Memorandum Order Concerning Mr. Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(H) and Bankruptcy Code's Sections 362(B)(4),(D)(1)* at 9 [ECF No. 23878].

"Retirement Board"). On February 14, 2020, Movant filed a *Charge of Age Discrimination* before the Equal Employment Opportunity Commission (the "EEOC").

6. On October 21, 2021, Movant commenced the action captioned *Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary*, Case No. 21-01513 (CVR) (the "Postpetition Action"), in the United States District Court for the District of Puerto Rico (the "District Court"), against the Retirement Board, seeking economic damages, including for loss of salary and benefits, related to Movant's termination. *See* Motion ¶ 3.

7. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[5]

8. On March 15, 2022, the Effective Date occurred, and the transactions contemplated by the Plan were consummated [ECF No. 20349].

9. Pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of Administrative Expense Claims was ninety (90) days after the Effective Date (*i.e.*, June 13, 2022) (the "Original Administrative Claim Bar Date").

10. In accordance with the service requirements set forth in decretal paragraph 94 of the Confirmation Order, the Debtors served the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant*

---

[5] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

3

to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349] (the "Effective Date Notice") on, among other parties, Movant's counsel in the Postpetition Action. *See* ECF No. 20511 at p. 1 of 13 (PCID_905, Andres Gorbea Del Valle), & p. 1 of 22 (same).

11. Pursuant to the *Order Extending the Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* [ECF No. 22650] (the "Administrative Claim Bar Date Extension Order"), the Original Administrative Claim Bar Date was extended to January 18, 2023, at 4:00 p.m. (prevailing Atlantic Time) (the "Extended Administrative Claim Bar Date"), **solely** for parties engaged in litigation with the Debtor, or asserting litigation claims, **to the extent such parties were not (and can establish they were not) served the notice of the Original Administrative Claim Bar Date**.

12. Following the entry of the Administrative Claim Bar Date Extension Order, the Debtor published the *Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico et al. Pursuant to Title III of PROMESA, (B) Occurrence of the Effective Date, and (C) Extension of Administrative Claim Bar Date for Certain Parties to Creditors and Other Parties in Interest* [ECF No. 22663] (the "Administrative Claim Bar Date Extension Notice") in each of (i) *El Nuevo Dia* (in Spanish), (ii) *El Nuevo Herald* (in Spanish), (iii) *The New York Times* (in English), (iv) *The Bond Buyer* (in English), (v) *El Vocero* (in Spanish), (vi) *Primera Hora* (in Spanish), and (vii) an online display banner advertisement link to the full notice on Carribeanbusiness.com, as evidenced by the certificate of publication. *See Certificate of Publication* [ECF No. 22915].

13. On February 4, 2023, Movant filed a proof of Administrative Expense Claim (POC No. 180850) in the amount of $1,500,000 for harassment, discrimination, violation of due process, willful misconduct, and gross negligence (the "Late-Filed POC").

4

14. On May 10, 2023, Movant filed the Motion, requesting authority to file its Late-Filed POC, or, in the alternative, accepting the complaint in the Postpetition Action as an informal proof of claim.

## ARGUMENT

I. **Movant Fails to Show "Excusable Neglect" Warranting an Extension of the Time to File His Late-Filed POC**

15. Movant appears to seek authority from this Court to file the Late-Filed POC pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as made applicable to the Debtor's Title III case pursuant to section 310 of PROMESA. *See* Motion ¶¶ 15-17. Bankruptcy Rule 9006(b)(1) provides that a party seeking an extension of time *after* the expiration of the time period must show that its failure to act before the deadline was a result of "excusable neglect." Movant asserts he has demonstrated excusable neglect because he did not receive notice of the Extended Administrative Claim Bar Date. Motion ¶ 17.

16. Here, Movant's counsel in the Postpetition Action received actual notice through first class mail and email service of the Effective Date Notice, which was sent on March 28, 2022—approximately **three (3) months** before the Original Administrative Claim Bar Date and **eleven (11) months** before the filing of the Late-Filed POC. *See* ECF No. 20511 at p. 1 of 13 (PCID_905, Andres Gorbea Del Valle), & p. 1 of 22 (same). Nonetheless, even if such notice were determined inadequate and the Extended Administrative Claim Bar Date were to apply to Movant's Late-Filed POC, the Debtor provided publication notice of such deadline, which this Court has determined is adequate notice of the deadline to file proofs of claim. *See* ECF No. 22915; *Memorandum Order Concerning Mr. Jose Lopez Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(H) and Bankruptcy Code's Sections 362(B)(4),(D)(1)* at 9 [ECF No. 23878] ("[T]he Debtors undertook broad publication of

5

notice of the Commonwealth's Bar Date pursuant to the Bar Date Orders, including publishing notice of the Bar Date in English and Spanish language publications circulating in Puerto Rico and the mainland United States, . . . .").

17. Accordingly, Movant received adequate notice but did not timely file a proof of administrative expense claim with respect to the Postpetition Action against ERS. Confirmation of the Plan and the occurrence of the Effective Date provided that all "claims" against ERS arising prior to the Effective Date and not expressly provided for under the Plan have been discharged. *See* 11 U.S.C. § 944(b); Plan 92.2(b); Confirmation Order ¶ 56(b). The Motion should therefore be denied, and the Late-Filed POC should be disallowed as untimely.

## II. There is No Basis to Apply the Doctrine of Informal Proofs of Claim

18. Movant requests, in the alternative, to accept its complaint filed in the Postpetition Action as a timely filed informal proof of claim. There is no basis here for the Court to accept Movant's complaint in the Postpetition Action as an *informal* proof of claim. While the First Circuit has acknowledged the doctrine of informal proofs of claim,[6] the application of this equitable doctrine in connection with the unprecedented Title III cases of the Commonwealth and related instrumentalities would hinder the effective restructuring efforts contemplated by PROMESA and is not supported in equity given Movant received actual notice of the Original Administrative Claim Bar Date. *See In re Plaza de Diego Shopping Ctr., Inc.*, 911 F.2d 820, 830-31 (1st Cir. 1990) ("Even as a court of equity, however, the bankruptcy court's equitable discretion is limited and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code." (citations omitted)); *In re Gomes*, 525 B.R. 862, 866 (Bankr. D. Mass 2015) (declining to apply informal proof of claim doctrine because "to now use the meritless Plan Objection as the

---

[6] *See Belser v. Nationstar Mortg., LLC (In re Belser)*, 534 B.R. 228, 238 (1st Cir. B.A.P. 2015).

6

foundation for a late-filed proof of claim on the grounds of equity would turn any real notion of equity on its head.").

19. Namely, given the scope of litigation against the Commonwealth and its related Title III debtors, application of the doctrine would render a claims bar date ineffective and prevent the channeling of claims through the Title III claims reconciliation process, which is meant to provide a centralized and efficient mechanism for debtors to resolve outstanding claims. Indeed, approximately 182,483 proofs of claims have been filed against the Debtor and its related Title III debtors, asserting over $43.6 trillion in liabilities. *See* ECF No. 23801 ¶ 30. The Debtors have made significant progress in reconciling those proofs of claim: approximately 116,000 claims have been disallowed and expunged from the claims registry, and an additional approximately 45,000 claims have been transferred into the Debtors' administrative claims reconciliation process for resolution using the Debtors' ordinary-course administrative processes. If this Court were to apply the doctrine of informal proofs of claim, it would further burden the complex process of reconciling the remaining proofs of claim by opening the floodgates to skads of previously unknown claims, thereby making it impossible for ERS (and its related Title III debtors) to determine how many claims remain inhibiting the restructuring process and greatly extending the time necessary to complete the claims reconciliation process.

20. Even if this Court were to apply the equitable doctrine of informal proofs of claim, Movant fails to satisfy the requirements outlined in *Belser*:

> To be an informal proof of claim a document must (1) have been timely filed with the bankruptcy court and become part of the record, (2) state the existence and nature of the debt, (3) state the amount of the claim, and (4) evidence the creditor's intent to hold the debtor liable.

*Belser*, 534 B.R. at 239 (citing *In re Soares*, 380 B.R. 109, 115 (Bankr. D. Mass. 2007)).

7

21. Specifically, the first requirement provides that the document be filed "with the bankruptcy court and become part of the record." *Id.* The First Circuit Bankruptcy Appellate Panel noted in *Belser* that, "[t]he primary theme in all these cases is notice . . . ." *Id.* at 241 (citing *Diversified Pac. Opportunity Fund I, LLC v. Cisneros (In re Riley)*, No. EDCV 12-01288 DMG, 2013 WL 4854485, at *3 (C.D. Cal. May 7, 2013)). While Movant asserts the complaint was filed in the Postpetition Action in "this same U.S. District Court," the complaint did not become part of the record of **ERS's Title III case**, which is administered separately and distinct from the U.S. District Court for the District of Puerto Rico's civil cases, such as the Postpetition Action. *See* PROMESA § 308(a) ("For cases in which the debtor is a territory, the Chief Justice of the United States shall designate a district court judge to sit by designation to conduct the case."). Furthermore, the Oversight Board serves as ERS's sole representative in its Title III case and is not a party to the Postpetition Action and could not have been on notice of Movant's asserted claims. *See id.* § 315(b). In contrast, the court in *Belser* concluded that the bankruptcy court did not err in applying the informal proof of claim doctrine where the informal proof of claim was an objection to confirmation filed **in the same bankruptcy case**. *See Belser*, 534 B.R. at 241-42.

22. Accordingly, for the foregoing reasons, the Court should decline to apply the informal proof of claim doctrine with respect to these Title III cases and deny Movant's Motion.

### III. The Motion Does Not Establish Entitlement to Allowance of the Asserted Claim

23. Moreover, even if the Court were to allow Movant to file the Late-Filed POC, Movant fails to establish that he holds an underlying valid claim against ERS under Puerto Rico law. Parties seeking administrative priority status for their claims must establish liability under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re*

*Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (1st Cir. B.A.P. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" ERS. 11 U.S.C. § 503(b)(1)(A)(i).

24. "'The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 621 B.R. 289, 296 (D.P.R. 2020), *aff'd*, 7 F.4th 31 (1st Cir. 2021), (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). Indeed, a party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted). Here, Movant must satisfy this burden since he seeks allowance of an administrative expense claim. No final judgment has been entered against ERS in the Postpetition Action, and, therefore, Movant's claim remains contingent.

25. Accordingly, Movant has not met the burden of proving entitlement to administrative expense status.

**WHEREFORE**, ERS respectfully requests the Court deny the Motion and grant it such other and further relief as is just.

Dated: May 24, 2023
San Juan, Puerto Rico

Respectfully submitted,

/s/ Brian S. Rosen
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board as representative for ERS*

/s/ Hermann D. Bauer
Hermann D. Bauer
USDC No. 215205
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Co-Attorney for the Financial Oversight and Management Board as representative for ERS*