UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

**BDO Puerto Rico, PSC's** (now known as, Old Puerto Rico, PSC) **Response to 570th Omnibus Objection, ECF No. 24050**

**TO THE HONORABLE COURT:**

COMES NOW BDO Puerto Rico PSC (now known as, **Old Puerto Rico, PSC**) represented by the undersigned attorney and respectfully sets forth and prays:

I- FACTUAL BACKGROUND

1. On June 10, 2022, BDO Puerto Rico, P.S.C. (hereinafter, "**OLD**")[2] filed *Administrative Expense Proof of Claim No. 180070* in the amount of $984,412.50 for services rendered to the Department of Education (the "Department of Education" or "DE", for its Spanish

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).
[2] BDO Puerto Rico PSC changed its corporate name to OLD Puerto Rico, PSC on April 27, 2022.

1

Acronym) and the Office of Management and Budget ("OGP", for its Spanish Acronym) under two (2) services agreements. See **Exhibit I**.

2. In support of its claim, OLD attached a letter identifying the invoices underlying each Claim, the period covered by each invoice, the amount of the same, and identifying the corresponding government contract as registered in the Office of the Comptroller of Puerto Rico. OLD also attached copies of the contracts, followed by the invoices due under each contract. Finally, OLD noted that it "continue[s] to have on file, all required supporting evidence and other relevant documents that support the validity, accuracy, completeness, and veracity of each of the invoices listed" therein.

3. With regards to the *Administrative Expense Proof of Claim No. 180070,* OLD claimed the amount of $984,412.50, consisting of the following invoices:

| Gov't. Entity | Invoice No. | Date | Period Covered | Amount | Contract No. |
|---|---|---|---|---|---|
| **Department of Education** | 149598 | 03/31/2019 | During the month ended 03/31/2019. | $234,307.50 | 2019-AF0022 |
| **Department of Education** | 151318 | 04/30/2019 | During the month ended 04/30/2019. | $228,480.00 | 2019-AF0022 |
| **Department of Education** | 153819 | 05/31/2019 | During the month ended 05/31/2019. | $250,188.75 | 2019-AF0022 |
| **Department of Education** | 154195 | 06/30/2019 | During the month ended 06/30/2019. | $195,536.25 | 2019-AF0022 |
| *SUB-TOTAL [DEPARTMENT OF EDUCATION]* | | | | *$908,512.50* | |
| **Oficina de Gerencia y Presupuesto (OGP)** | 146664 | 02/28/2019 | During the month ended 02/28/2019. | $12,525.00 | 2019-000037 |
| **Oficina de Gerencia y Presupuesto (OGP)** | 150205 | 04/30/2019 | During the month ended 04/30/2019. | $9,900.00 | 2019-000037 |

2

| Gov't. Entity | Invoice No. | Date | Period Covered | Amount | Contract No. |
|---|---|---|---|---|---|
| Oficina de Gerencia y Presupuesto (OGP) | 152352 | 05/31/2019 | During the month ended 05/31/2019. | $26,400.00 | 2019-000037 |
| Oficina de Gerencia y Presupuesto (OGP) | 154127 | 06/30/2019 | During the month ended 06/30/2019. | $27,075.00 | 2019-000037 |
| | | | *SUB-TOTAL [OGP]* | *$75,900.00* | |
| | | | **GRAND TOTAL** | **$984,412.50** | |

See **Exhibit I**.

4. OLD included copies of the invoices with its claim but did not include the detailed invoice because they were voluminous. The detailed invoices are attached hereto as **Exhibit nos. II[3] and III**.

5. On April 20, 2023, the Oversight Board filed its *Five Hundred Seventieth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Puerto Rico Public Buildings Authority to Claims for which the Debtors are Not Liable* (the "*570th Omnibus Objection*", ECF No. 24050), asserting that OLDs Claim No. 180070 be disallowed on the following grounds: "[p]roof of claim purports to assert liability on the basis of submitted invoice(s). Based on declarations attesting to a reasonable review of the agencies' books and records, there are no outstanding liabilities associated with these invoices in the agencies' systems." See ECF No. 24050-1, p. 3.

---

[3] Exhibit II of this motion is voluminous (830 pages). Given the data storage limits established by the CM/ECF system, Exhibit II is being subdivided to be filed through several notices.

3

6. On May 22, 2023, OLD filed an Urgent Motion to Extend Deadline to File a Response to the 570th Omnibus Objection. See ECF No. 24295[4]. On May 23, 2023, this Honorable Court granted OLD until **June 22, 2023** to file its response. See ECF No. 24299. In compliance with this Court's Order, the appearing party files its response to the 570th Omnibus Objection.

A. **Contracts with the Department of Education**

7. On July 31, 2018, after the Commonwealth's Petition Date, OLD and the Department of Education executed a *Contract for Professional Services*, Contract No. 2019-AF0022 (the "*Agreement No. 2019-AF0022*", **Exhibit IV**) where OLD would provide to the Department of Education support and technical assistance to different programs, data validation, risk analysis, among others.

8. *Agreement No. 2019-AF0022* was effective until June 30, 2019, in the amount of $6,363,000.00, for a total of 60,600 billing hours. See **Exhibit IV**, p. 6, ¶15.

9. On August 7, 2018, *Agreement No. 2019-AF0022* was recorded in the Comptroller's Office of the Commonwealth of Puerto Rico (Oficina del Contralor del Estado Libre Asociado de Puerto Rico). See *Details of Agreement No. 2019-AF0022* attached as **Exhibit V**.

10. On March 1, 2019, the Department of Education and OLD executed an *Amendment A to Agreement No. 2019-AF0022* (the "*Amended Agreement No. 2019-AF0022-A*", **Exhibit VI**).

11. The purpose of *Amended Agreement No. 2019-AF0022-A* was to amend Clause 14 by increasing the initial amount of *Agreement No. 2019-AF0022-A* **for an additional $1,816,500.00**, that is, for an extra 17,300 billing hours of Professional Services. See **Exhibit VI**, pp. 1-2.

---

[4] Due to technical difficulties, said motion was filed on May 22, 2023 in paper form in the United States District Court for the District of Puerto Rico.

4

12. On March 5, 2019, the *Amended Agreement No. 2019-AF0022-A* was recorded in the Comptroller's Office of the Commonwealth of Puerto Rico. See *Details of Amended Agreement No. 2019-AF0022-A* attached as **Exhibit VII**.

### B. Puerto Rico Office of Management and Budget (OGP)

13. On December 28, 2018, OLD and the Puerto Rico Office of Management and Budget ("OGP", for its Spanish Acronym) executed a *Services Agreement*, Contract No. 2019-000037 ("*Agreement No. 2019-000037*", **Exhibit VIII**), where OLD would review and update OGP's business continuity program and the requirements for hybrid computing solutions, among others.

14. *Agreement No. 2019-000037* was effective until June 30, 2019, in the amount of $195,000.00, for 1,300 billing hours. See **Exhibit VIII**, pp. 5, § 8.

15. On January 9, 2019, *Agreement No. 2019-000037* was recorded in the Comptroller's Office of the Commonwealth of Puerto Rico. See *Details of Agreement No. 2019-000037* attached as **Exhibit IX**.

### C. OLD's Collection Efforts

16. On November 15, 2019, OLD inquired with Mr. Osvaldo Guzmán López, Subsecretary of Administration of the Department of Education, about the payment status of Invoices Nos. (a) 149598, (b) 151318, (c) 153819, and (d) 154195, for the months of March, April, May, and June 2019 in connection with the *Professional Services Agreement*. See *November 15, 2019 Letter*, attached as **Exhibit X**.

17. As authorized vendor, OLD had access to the e-Settlement program platform of the Education Department of PR, which showed the stage where each invoice was found within the

5

approval process established by the Department. OLD took screenshots of the platform which reveal the following:

    *(a) Invoice No 149598 dated 03/31/2019 for $234,307.50*: The comments to the screenshots of the eSettlement read as follows:
1. Sylvia Batiz Torres at 05/30/19 – 6:43pm, "The Services were requested and certified by the different programs having to do with the management and use of federal funds. Every area coordinator signed the services requested." (our translation)
2. DE Yanin M. Dieppa Perea at 06/25/19 – 7:27 PM, "Please adjust services offered to the Restart program and pay from the Restart account obligated for this contract." (our translation)
3. Sylvia Batiz Torres at 08/14/19 – 4:34pm, "Bill is denied per instructions of the Auxiliary Secretary of Federal Affairs 08/14/2019 SBT" (our translation)

    *(b) Invoice No. 151318 dated 04/30/2019 for $228,480.00*: The comments to the screenshots of the eSettlement read as follows:
1. Sylvia Batiz Torres at 07/08/19 – 6:43pm, "The services were certified by the different Program coordinators who present the invoice. 07/08/2019 SBT"
2. DE Yanin M. Dieppa Perea at 08/13/19 – 7:04 PM, "The invoice cannot be paid, please include in debt report."
3. Sylvia Batiz Torres at 08/14/19 – 4:34pm, "Bill is denied per instructions of Auxiliary Secretary of Federal Affairs 08/14/2019."

    *(c) Invoice No. 153819 dated 05/31/2019 for $250,188.75*: The comments to the screenshots of the eSettlement read as follows:
1. Sylvia Batiz Torres at 08/14/19 – 4:34pm, "Bill is denied per instructions of Auxiliary Secretary of Federal Affairs 08/14/2019 SBT"

    *(d) Invoice No. 154195 dated 06/30/2019 for $195,536.25*: The comments to the screenshots of the eSettlement read as follows:
1. Sylvia Batiz Torres at 08/14/19 – 4:34pm, "Bill is denied per instructions of Auxiliary Secretary of Federal Affairs 08/14/2019 SBT"

See Exhibit XI.

18. The screenshots taken of the e-Settlement Program include a flowchart showing that all pending invoices were all originally approved but then denied on or about **August 14, 2019,** per instructions of the Auxiliary Secretary of Federal Affairs, and then eventually terminated in the system (**Exhibit X and XI**).

6

19. The denied invoices covered services rendered by OLD to the DE during March, April, May, and June of 2019 (**Exhibit X**).

20. On March 16, 2021, OLD issued a follow-up letter to Elba Aponte Santos, the Secretary of the Department of Education, in connection with OLDs letter of August 29, 2019, further inquiring on the amounts due for the services it had rendered in 2019, and advising that the Oversight Board's Investigation on OLD (after the accusations against members of OLD[5]) concluded that "**We did not find any matters indicating that OLD Puerto Rico's integrity in any of the services rendered was impaired or otherwise affected by the alleged activities of its former managing partner or the Commonwealth government's subsequent actions**". See *March 16, 2021, Letter* attached as **Exhibit XII**.

21. On April 15, 2021, OLD delivered the invoices to the Administration Department of the DE. Joanna Feliciano received the invoices on behalf of the Department. See *April 2021 Transmittal Letter* attached as **Exhibit XIII**.

22. On June 21, 2019, OLD submitted via email to Ms. Yashira Ocasio from the OGP the following invoice: (a) 144604 dated January 31, 2019; (b) 146664 dated February 28, 2019; (c) 150205 dated April 30, 2019; (d) 152352, dated May 31, 2019; and (e) 154127, dated June 30, 2019, through the OGPs e-billing system. See **Composite Exhibit XIV.**

23. Subsequently, on August 29, 2019, OLD issued a letter to Ms. Iris Santos, Director of OGP inquiring about the payment of the invoices. See **Exhibit XV**.

---

[5] On July 9, 2019, the United States Department of Justice (the "USDOJ") indicted various public officials, including Julia Keleher, former Secretary of the DE, Angela Avila-Marrero, former Executive Director of the Puerto Rico Health Insurance Administration ("ASES"), among others, Alberto Velazquez-Pinol, president of Azur, LLC, and Fernando Scherrer-Caillet, who at that time was the managing partner of BDO Puerto Rico PSC (now, OLD), in the case captioned as *United States v. Keleher, et al.*, Case No. 3:19-00431. On August 10, 2020, the USDOJ filed a Superseding Indictment. It is our understanding that the criminal process against one of OLD's prior officials played a role in the Department of Education's unilateral and illegal decision to erase previously approved invoices for services rendered by OLD from March through June 2019.

## II- APPLICABLE LAW AND DISCUSSION

24. Sections 501 and 502 govern the filing and allowance of creditor claims in bankruptcy proceedings." Am. Express Bank, FSB v. Askenaizer (In re Plourde), 418 B.R. 495, 502 (B.A.P. 1st Cir. 2009) (citing Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)). "When a debtor files for relief, each creditor is entitled to file a proof of claim against the debtor's estate pursuant to § 501." Id. Once a creditor has filed a proof of claim, "the bankruptcy court must determine whether the claim is 'allowed.' Id. Section 502 "provides that a proof of claim ... is allowed in the absence of objection ...." Tracey v. United States (In re Tracey), 394 B.R. 635, 638-39 (B.A.P. 1st Cir. 2008). "However, even where a party in interest objects, the court 'shall allow' the claim unless one of nine exceptions enumerated in § 502(b) applies." In re Plourde, 418 B.R. at 503 (citing 11 U.S.C. § 502(b)).

25. Bankruptcy Rule 3001 establishes "the procedural framework for the filing and allowance of claims" and "regulate[s] the form, content, and attachments for proofs of claim." Id. It provides, in pertinent part:

> **(a) Form and Content.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> **(b) Who May Execute.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.
>
> **(c) Supporting Information.**
> (1) Claim Based on a Writing. Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim […]

Fed. R. Bankr. P. 3001(a)-(c)(1).

8

26. Bankruptcy Rule 3001(f) sets forth "the evidentiary effect of a properly filed proof of claim (i.e., one that complies with the requirements of the rule and form), stating that a claim 'filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.' " In re Plourde, 418 B.R. at 504 (quoting Fed. R. Bankr. P. 3001(f)) (other citations omitted). *In re Hemingway Transp., Inc.,* 993 F.2d 915, 925 (1st Cir.1993)." In re Enron Creditors' Recovery Corp., No. 01-16034, 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007).

27. An objection does not overcome the presumption of prima facie validity of a filed claim unless supported by "substantial evidence." Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993) (emphasis omitted) (citations omitted). The objector has the "initial burden of producing substantial evidence" in opposing a claim. In re Hayes, 240 B.R. 457, 462 (Bankr. D. Mass. 1999). The degree of "substantial evidence" required to rebut the prima facie status of a properly filed proof of claim is not defined under the Bankruptcy Code or the Bankruptcy Rules. In re Williams, No. 92-50546, 1994 WL 329328, at *2 (Bankr. S.D. Ga. Mar. 30, 1994). Some courts have determined that the objecting party "must produce evidence equal in force to the *prima facie* case." In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992) (citations omitted); see also Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citation omitted). "Mere allegations, unsupported by evidence, are insufficient to rebut the [claimant's] prima facie case." Toma Steel Supply, Inc. v. TransAmerican Nat. Gas Corp. (In re TransAmerican Nat. Gas Corp.), 978 F.2d 1409, 1416 (5th Cir. 1992).

9

28. The grounds for disallowing a claim are set forth in § 502(b)(1)-(9). See 11 U.S.C. § 502(b)(1)-(9); see also Walston v. PYOD, LLC (In re Walston), 606 F. App'x 543, 547 (11th Cir. 2015). Here, KPP did not specify the statutory basis for its objection. However, we construe the substance of KPP's objection as falling under § 502(b)(1), which provides that the court may disallow a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law ...." 11 U.S.C. § 502(b)(1). Kittery Point Partners, LLC, 623 B.R. 825, 835–37 (B.A.P. 1st Cir.), aff'd sub nom. In re Kittery Point Partners, LLC, 858 F. App'x 386 (1st Cir. 2021)

29. With its filing, OLD established that it has a *prima facie* valid claim. A creditor's filing of a proof of claim that comports with Rule 3001 constitutes *prima facie* evidence of the amount and validity of such creditor's claim. See Fed.R.Bankr.P. 3001(f); In re: Planet Hollywood Int'l., 274 B.R. 391, 394 (Bankr. D. Del. 2001).

30. Once a creditor files a proper proof of claim, the burden then shifts to the debtor to produce evidence to rebut the *prima facie* validity of such claim. See Sherman v. Novak *(*In re Reilly*)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000). See also 9 Collier on Bankruptcy ¶ 3001.9[2] (stating that "[t]he party objecting to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. Such evidence must be sufficient to demonstrate a true dispute and must have probative force equal to the contents of the claim").. In meeting its burden of production, the debtor must produce evidence rebutting the filed proof of claim of "probative force equal to the contents of the claim." 9 Collier on Bankruptcy 3001.9[1]; see also In re Brown, 221 B.R. 46, 47 (Bankr. S.D. Ga. 1998) (holding that under Rule 3001(f), debtors "bear the initial burden of demonstrating 'by probative force equal to that of the allegations of the proofs of claim themselves' that Creditor's deficiency claims should not be allowed.").

10

31. To refute such *prime facie* validity, the party opposing a claim must present evidence sufficient to "negate one or more of the sworn facts in the proof of claim." In re Allegheny Int'l., Inc., 954 F.2d 167, 174 (3d Cir. 1992). An objection alone is insufficient to contest a proof of claim; the objection must contain "probative evidence to call a claim into question." In re King Resources Co., 20 B.R. 191, 198 (D. Colo. 1982); see also In re Lanza, 51 B.R. 125, 127 (Bankr. D.N.J. 1985) (finding that "the onus is on the debtor to overcome the presumption of validity").

32. In the *570th Omnibus Objection*, the Oversight Board provides no "probative evidence" supporting that OLD's *Proofs of Claim No. 180070* should be disallowed. The Oversight Board simply states that "[b]ased on declarations attesting to a reasonable review of the agencies' books and records, there are no outstanding liabilities associated with these invoices in the agencies' systems." This is insufficient to meet the Oversight Board's initial burden of refuting the *prima facie* validity of OLD's *Claim No. 180070*.

33. These summary conclusions are not sufficient to deny OLD's *Claim No. 180070*. Aside from the generic assertion that *Claim No. 180070* are not supported by the agencies' books and records, the Oversight Board's Objection provides no basis to doubt the validity of the invoices, let alone the "substantial evidence" required by Bankruptcy Rule 3001(f). See In re Enron Creditors' Recovery Corp., 2007 WL 2480531, at *3 (Bankr. S.D.N.Y. Aug. 28, 2007) ("Debtors attempt to rebut this prima facie validity by stating that neither [of their] books and records reveal a debt due and owing to [the claimant]. The court finds this does not constitute 'substantial evidence' sufficient to rebut the prima facie validity of [the claim]."). "An objecting party must provide 'substantial evidence' to rebut the prima facie presumption of validity of a proof of claim." Id at *3 (citing In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993)). See also In re

11

Cross Island Plaza, Inc., 2015 WL 4610382, at *13 (Bankr. E.D.N.Y. July 30, 2015); Matter of Michaelek, 1991 WL 222063, at *3 (W.D.N.Y. Oct. 22, 1991).

34. OLD, satisfied Bankruptcy Rule 3001 requirement by attaching the supporting documentation to *Claim No. 180070*, including an explanation, copies of the invoices and the underlying contracts, and noting that it "continue[s] to have on file, all required supporting evidence and other relevant documents that support the validity, accuracy, completeness, and veracity of each of the invoices listed therein." See **Exhibit I at 4.** See e.g., In re Minbatiwalla, 424 B.R. 104, 115 (Bankr. S.D.N.Y. 2010) ("[A] creditor could establish a *prima facie* case through the use of summaries so long as the creditor makes the underlying documents available for examination at a reasonable place and time." (internal quotations omitted)); accord In re Irons, 343 B.R. 32, 40 (Bankr. N.D.N.Y. 2006) ("Requiring transactional data for every transaction that the creditor has included within their claim could become so voluminous as to burden the parties involved. In such an instance, courts have allowed summaries of the writings that created the debt."). See also Fed. R. Evid. 1006 ("The proponent may use a summary… to prove the content of voluminous writings… The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.").

35. Under general rules of contract interpretation, as well as the laws of Puerto Rico (TA § 1301), a contract must be read as a unified whole. 31 L.P.R.A. § 3475 ("The stipulations of a contract should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together."). A court must also interpret a contract so as to give effect to each provision of the contract and avoid a reading that would render other provisions of the contract superfluous. See, e.g., N. New England Tel. Ops. LLC v. Local 2327, Int'l Brotherhood of Elec. Workers, AFL-CIO, 735 F.3d 15, 22 (1st Cir. 2013).

12

In re Fin. Oversight & Mgmt. Bd. for Puerto Rico (D.P.R. 2023), motion to certify appeal denied, (D.P.R. May 3, 2023)

36. Nonetheless, based on the same books and records that it controls, the Government tries to knock down OLD's *Claim No. 180070* by deleting OLD's invoices from the system on August 14th without explanation.

37. The Commonwealth, represented by the Oversight Board in the Title III proceedings, is the only party with knowledge of and access to those books and records, and to the information related to the denial of OLD's invoices after they had been originally approved, leading to their eventual invalid and unilateral cancellation and elimination from the eSettlement system. OLD will request this information through discovery as it is entitled to be paid for the post-petition services rendered post-petition as an administrative expense.

38. Further, *Agreement No. 2019-AF0022* between OLD and the DE, and *Agreement No. 2019-000037* between OLD and OGP, were in effect during the months of March, April, May, and June 2019 when the services were rendered. During said time and until June 30, 2019, OLD delivered professional services to the government pursuant to the terms of the referred contracts, which benefited them, as evidenced by the DE's platform.

39. Thus, the services benefited the Commonwealth and satisfy the two-prong standard of Section 503(a) of the Bankruptcy Code.

    a. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause," Administrative expenses include the "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case," 11 U.S.C.

13

§ 503(b). To qualify as an administrative expense, the claim must (1) arise from a transaction with the estate; and (2) benefit the estate in some demonstrable way. 4 *Collier on Bankruptcy*, ¶ 503.06[3]. The test for an administrative claim is two-pronged: "the expense must have arisen from a post-petition transaction between the creditor and the debtor, and the transaction must have been 'actual and necessary' to preserve the estate." In re Unidigital, Inc., 262 B.R. 283, 288 (Bankr. D. Del 2001).

40. Both *Agreement No. 2019-AF0022* between OLD and the DE, and *Agreement No. 2019-000037* between OLD and OGP were in effect during the months of March, April, May, and June 2019 when the services were rendered. The contracts lasted until June 30, 2019. During said time, OLD provided the DE and OGP professional services to their benefit pursuant to the terms of the referenced contracts. Therefore, OLD is entitled to an administrative expense claim for the four (4) months before June 30, 2019.

**WHEREFORE,** Creditor OLD hereby requests this Honorable Court to deny the 570th Omnibus Objection and allow Claim no. 180070 in its totality.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, on May 25, 2023.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the Court's Sixteenth Amended Notice, Case Management and Administrative Procedures Order (Dkt. No. 20190-1) (the "CMP Order"), I hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order

Juan R. Rivera Font, LLC<br>
27 González Giusti Ave.<br>
Suite 602<br>
Guaynabo, PR 00968<br>
<br>
Tel: 787-250-8040<br>
<br>
*s/Juan R. Rivera Font*<br>
Juan R. Rivera-Font, Esq.<br>
USDC-PR 221703<br>
juan@riverafont.com