**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor | PROMESA<br>TITLE III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates only to HTA**<br>**Teresa Vizcarrondo Toro &**<br>**Adrián Mercado Jiménez**<br>**And their conjugal society** |

**MOVANT REPLY TO THE *PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY'S* (1) OPPOSITION TO (A) MOTION REQUESTING PAYMENT OF SEVERANCE DAMAGES [ECF NO. 23612], AND (B) AMENDED PETITION REQUESTING PAYMENT OF SEVERANCE DAMAGES [ECF NO. 24103], AND (2) REPLY TO RESPONSE FILED BY CLAIMANT ADRIÁN MERCADO JIMÉNEZ [ECF NO. 21326] IN CONNECTION WITH THE FOUR HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO SATISFIED CLAIMS DOCKET #24153**

TO THE HONORABLE COURT:

**COMES NOW, MOVANTS, ADRIÁN MERCADO JIMÉNEZ, TERESA VIZCARRONDO TORO, and their CONJUGAL SOCIETY,** and very respectfully allege and pray:

**BRIEF BACKGROUND**

1. The property called Perseverancia of 459 cds. Located in Barrio Canas at the Municipality of Ponce, belonged to Partnership Mario Mercado & Sons.

2. Said property has a flat (llana) part and a sloped (escarpada) part divided by a parcel called Camino. Exhibit 1

3. On May 26, 1967, Partnership Mario Mercado & Sons was dissolved in case Margarita Mercado v Mario Mercado, Civil CS57-2295 Superior Court of Ponce.

4. That on November 11, 1976, the Perseverancia farm, among others, was divided into four parts: corresponding to the Mercado Parra family parts 1[1] & 4; to the Mercado Jimenez family part 2, and to the Mandry Mercado family part 4. Exhibit 2

## FACTS AND PROCEDURAL HISTORY

5. On August 25, 2011, a Petition for Expropriation KEF2011-0240 was filed by The Puerto Rico Highways and Transportation Authority, hereinafter HTA. Proyect ACT 00911 with 80% Federal funds.

6. Said Petition was filed using the "Quick Take" method which permits the Petitioner (HTA) obtain possession of the property before the total amount of compensation is determined[2].

7. In Puerto Rico expropriation procedure is "in rem", that means that the expropriation is directed against the property and not against its owner[3].

8. In this Petition HTA expropriated in Perseverancia parcels 021-01 of 4.7645 cds. and 021.04 of 2.515 cds. On said parcels Movants had 25%.

9. With the expropriation of parcel 021-01 the rest of the property was landlocked since day one. Exhibit 3

10. As of today, the access, illustrated in the plan under 5.40 Acces Road, has not been built as HTA knows.

---

[1] Part one was transferred to a corporation called Perseverancia, Inc.

[2] Jeremy S. Young, National Law Review, Vol. XIII, Number 140, May 20, 2023 . . . . "a quick take offers and exception to the general rule that condemning party must pay before they take possession of a given property; instead, the appropriation party pays an appraised deposit into the court registry and can begin work right away."

[3] 32 LPRA Sec. 2905

11. Thus, Movants have lost all access to the property since the filing of the expropriation on August 25, 2011, to the present day.

12. HTA knows by vast experience in Eminent Domain cases that it has to pay for the true value of the land taken and severance damages, which is the loss of value of the remainder. As a matter of fact, as of today, the issue of the amount due is being litigated by HTA in case KEF1998-1261 before the local court. This pertains also to the Perseverancia farm part 4 belonging to Mercado Parra family. Exhibit 4

13. HTA was invited by Movants to see the landlocked property in person [Exhibit 5], no answer was received.

14. The expropriation in rem of parcel 021-01 and 021-04 was filed on August 25, 2011, using the "Quick Take" procedure. The Settlement Agreement with the Movant was not signed until June 22, 2018. Seven years later.

15. It was not until February 23, 2018, that HTA deposited in case KEF2011-0240 the amount of $16,448.00 as payment for the "just compensation" of the expropriated parcels. Exhibit 6

16. It was not until August 12, 2019, that the full payment was received by Movants. [Exhibit 7] Eight years after the filing of the expropriation for parcels 021-01 and 021-04.

17. In the years between 2011 and 2019 numerous hearings take place in court, numerous meetings with HTA attorneys, severance damages, or loss of the value of the remainder was an issue from the beginning of the expropriation. See Exhibits 8, 9, 10, 11 and 12

18. This is expressly mandated in Resolution of April 25, 2017 at page 7. Exhibit 13

19. In a "Quick Take" expropriation proceeding the parties first have to withdraw the deposited amount, then reach an agreement of the "<u>just compensation</u>" of the expropriation parcels, and then proceed with the severance damages.

20. In this case none was achieved before the HTA filed for Bankruptcy and the local court issued a Partial Administrative Judgment on January 23, 2019.  Exhibit 14

## SETTLEMENT AGREEMENT

21. The Puerto Rico Civil Codes states:

Requisites of contract

> There is no contract unless the following requisites exist:
>> (1) The consent of the contracting parties.
>> (2) A definite object which may be the subject of the contract.
>> (3) The cause for the obligation which may be established.
>
> Civil Code, 1930, § 1218 (31 LPRA §3391)

22. The Settlement Agreement signed by Movant and HTA on June 22, 2018, is a contract whose object is parcels 021-01 and 021-04.  Nothing else.

23. The HTA now tries to extend the object of the contract to include the landlocked property.

24. Paragraph 5 of said agreement states:

This Court has jurisdiction over this agreement, which is <u>limited to the monetary interests</u> of the parties in interest, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo Toro, and the legal partnership comprised of the two <u>with respect to parcels 021-01 and 021-04, subject of the present lawsuit</u> and as described in the November 2015 Amended Exhibit A, authorized on November 24, 2015, since the Bankruptcy Court has kept the stay lifted only for those purposes.  (our emphasis)

Paragraph 8 states:

Accordingly, the following appear before this Court: The Highway Authority, Mr. Adrián Mercado Jiménez, Teresa Vizcarrondo Toro, and the legal partnership comprised of the latter two, <u>to give their approval to the present agreement putting an end to all lawsuits and causes of action regarding parcels 021-01 and 021-04</u>. (our emphasis)

25. The settlement provisions explain how the division of money of parcels 021-01 and 021-04 is determined.

26. In the agreement HTA states that there is no further dispute as to the amounts agreed to in respect to parcels 021-01 and 021-04 and if any remain, they are waived with prejudice.

27. The object of the Settlement Agreement is parcels 021-01 and 021-04 and the compensation due.

28. HTA now states that Movant, by virtue of the Settlement Agreement, waived any action regarding the landlocked 10.29 acres.

29. By HTA contention Movant agreed to have its property landlocked forever and **continue to pay property taxes for a property it can't access**.

30. The landlocking causes continue damages from day one to today and will continue until an access is built.

31. Furthermore, the local Law of Condemnation of Private Property refers us to Article 282 of the Civil Code which states:

> -No person shall be deprived of his ownership except it be by a competent authority and for a justified purpose of public utility or social benefit, and upon payment of just compensation which shall be fixed in the manner provided by law. '

32. Farther as we can see the HTA's contention is against the law and public order as no property can be landlocked by law unless compensation is paid.

33. As a general rule when the state totally blocks the access from a piece of land to a highway, the owner of the unpaired tenement is entitled to compensation (dictum) <u>Texaco Inc</u>. v. <u>Secretary of Public Works</u> 85 PRR 686 (1962).

34. On January 20 and January 31, 2022 HTA was reminded the property of Movants was landlocked. Exhibit 15 and 16

## COURT OF APPEALS JUDGMENT

35. HTA in paragraph 14 of their May 5, 2023 brief states:

> Thereafter, Claimants commenced various proceedings in the Commonwealth courts seeking to resolve issues in connection with calculating and withdrawing the outstanding Settlement amount. Ultimately, the Puerto Rico Court of Appeals endorsed the Settlement Agreement, conducted an accounting of HTA's deposits in performance of the Settlement Agreement Amount, and remanded the case to the lower court to "order the delivery of the [remaining] amount of $15,193.32 in full payment of just compensation in favor of the [Claimants]." May 31, 2019 Judgment of the Court of Appeals at 11-12.

36. The HTA statement gives the impression that the Court of Appeals passed judgment on the terms of the agreement resolving the issue in their favor. Far from the truth we shall see reading said Judgment. Exhibit 17

37. As the petition by Movants to withdraw the money in local expropriation court was denied, Movants filed Certiorari KLCE201801384 with HTA appearing endorsing Movants petition. Exhibit 18

38. As the second petition to remove the funds resulted in an erroneous amount to be given to movants by the expropriation court both HTA and Movants filed Certioraris. KLCE201900284 by HTA and KLAN201900334, which were consolidated.

39. The Court of Appeals ordered the payment of the correct sum. The terms of Settlement Agreement between the HTA and Movants was not an issue before this or any Court of Appeals.

## CAMINO PARCEL.

40. HTA pleads that the Camino claim was filed on May 2, 2023 untimely as it should have been filed on March 6, 2023. Obviously, such incorrect filing is my fault. Nevertheless, no harm has been done as HTA was well aware of the matter since the year 2011. We very respectfully ask this Honorable Court to accept this pleading for the benefit of justice.

## COMPENSATION

41. On June 28, 2018 Movants filed the corresponding Proof of Claim. Exhibit 19V

42. The computation for the compensation of the severance land is done using the same parameters HTA used in other parcel expropriated from Perseverancia property. We will do the math for the benefit of this Honorable Court and HTA.

43. Movants own 10.29 "cuerdas" of the landlocked property. The value of each "cuerda" is $17,300.00, thus the landlocked portion is valued at $17,300.00 x 10.29 = $178,017.00. The property has been landlock since 2011 to today or for 12 years.

44. Utilizing the same metrics HTA used in the sister case KEF2011-0241 he have:

10.29 "cuerdas" x $17,300.00 = **$178,017.00**

Rent:  $178,017.00 x .08 = $14,241.36 annually x 12 = **$170,896.32**

Plus, interests averaged at 1% is: $178,017.00 x 1%= $1,780.17 x 12 years = **$21,362.04**

Thus, we add:   $178,017.00 (value of landlocked property
 $170,896.32  (rent)
 $  21,362.04  (interest – not compounded)
 **$370,275.36**

45. The damages relative to Camino parcel of $30,791.00 being challenged by HTA are not included.

**WHEREFORE**, it is respectfully requested that Puerto Rico Highways and Transportation Authority's (1) Opposition to (A) Motion Requesting Payment of Severance Damages [ECF No. 23612], and (B) Amended Petition Requesting Payment of Severance Damages [ECF No. 24103], and (2) Reply to Response filed by Claimant Adrián Mercado Jiménez [ECF No. 21326] In Connection with the Four Hundred Fifty-Fourth Omnibus Objection (Non-Substantive) to Satisfied Claims **BE DENIED**, and that Movant Reply to The *Puerto Rico Highways and Transportation Authority's (1) Opposition To (A)* Motion Requesting Payment of Severance Damages [ECF No. 23612], And (B) Amended Petition Requesting Payment of Severance Damages [ECF No. 24103], and (2) Reply to Response Filed by Claimant Adrián Mercado Jiménez [ECF No. 21326] in Connection with the Four Hundred Fifty-Fourth Omnibus Objection (Non-Substantive) to Satisfied Claims Docket #24153 **BE GRANTED**, and that Puerto Rico Highways and Authority be ordered to pay Movants the sum of **$370,275.36** with costs and attorney fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 25 day of May 2023.

s/**ADRIÁN MERCADO**
USDC-PR 111304
PO Box 9023980
San Juan, PR 00902-3980
TEL.: (787) 273-0611
MOB.: (787) 567-0025
E-Mail: amercado@mercadosotolaw.com

**I HEREBY CERTIFY** that a copy of this motion was electronically filed by Movant, using the CM/EFC system, which will send notification to all the parties which have made an electronic appearance in this case.