Estado Libre Asociado de Puerto Rico
Tribunal de Primera Instancia
Centro Judicial de San Juan
Sala Superior

**EXHIBIT 9**

| | |
|---|---|
| AUTORIDAD DE CARRETERAS Y TRANSPORTACION DE PUERTO RICO<br>Peticionario<br><br>Vs.<br><br>FINCA PERSEVERANCIA INC.<br>Parte con interés | Civil Núm.: K EF2011-0244<br><br>Sobre:<br><br>Expropiación forzosa |

### MINUTA

Compareció a la Conferencia con antelación a juicio la **Lcda. Anita Cortés Centeno** en representación de la parte peticionaria, asistida por el tasador Ángel Malavé. El **Lcdo. César Hernández Colón** compareció en representación de la Finca Perseverancia, Inc. y en cuanto a las parcelas 028-01 y 028-02, a la sucesión de Pastor Mandry Mercado, asistido por el tasador Ismael Isern Suárez. El **Lcdo. Rodolfo Gluck Figueroa** compareció en representación de Ena Moure De Lis. El **Lcdo. Adrián Mercado** compareció pro-se como parte con interés.

Compareció el **Sr. Javier Mandry Mercado**, parte con interés, por derecho propio.

El Tribunal hizo constar que hay una moción firmada por Carmen Martí Matos, Josefa Martí Matos, José Luis Martí Matos, Adelita Martí Matos, Antonio Martí Matos, Gladys Martí Matos, Cristino Martí Matos y Gladys O. Matos Rodríguez en representación de Carmen M. Martí Matos. **Ordenó que la señora Gladys O. Matos Rodríguez presente un poder donde acredite que puede representar a la Sra. Carmen M. Martí Matos, además tiene que cumplir con la Regla 67 y notificarle a todos los abogados del caso y a las partes con interés que se representan por derecho propio.**

La licenciada Cortés Centeno informó que esas personas son miembros de la sucesión de Adela Torres, dueña de la parcela 25-01.

A preguntas del Tribunal los abogados presentes y el señor Mandry informaron que no objetan la enmienda al Exhibit presentada por la licenciada Cortés.

Los tasadores informaron que llegaron a un acuerdo, pero tiene que pasar por el avalúo de la agencia.

Se concedió un turno posterior, para que la licenciada Cortés Centeno haga gestiones para verificar cuando se reúne la Junta de la Autoridad de Carreteras.

..............................................................

Continuados los procedimientos del caso, la licenciada Cortés Centeno informó que la Junta no tiene fecha para reunirse.

**El Tribunal le concedió 60 días a la parte peticionaria para que informen si se llegó a un acuerdo.**

El licenciado Hernández Colón alegó que el acuerdo llegado por los tasadores no dispondría del caso, solo el unitario, porque hay una reclamación por pérdida de acceso. Indicó que la obra no está terminada.

La licenciada Cortés Centeno informó que el Exhibit B más reciente, tiene toda la data de diseño y el aumento dado en la anchura.

El Ing. Isern manifestó que es un hecho que la propiedad esté enclavada. Ya que no se puede entrar en una obra en construcción.

La licenciada Cortés Centeno alegó que la visita que hizo el ingeniero fue antes de enmendar el plano. Originalmente se le envió a la parte con interés el dibujo del plano y luego la data de construcción.

El Ing. Isern alegó que si fuera hoy a hacer una inspección ocular, hay un proyecto en construcción y no se puede llegar al remanente.

La licenciada Cortés Centeno alegó que hay forma de entrar, que es una finca rústica y la falta de acceso es temporera.

A preguntas del Tribunal, la licenciada Cortés Centeno alegó que se puede resolver el aspecto del diseño.

Ante la solicitud del señor Mandry para que informen sobre cual es la suma adicional que se está trabajando, el Ing. Isern manifestó que son $155,402, en el caso K EF2011-0244.

El ingeniero Isern informó que en el mismo término de 60 días se puede atender el acceso, pero que tiene que preparar un informe de daños. En cuanto al plano, lo puede analizar e informarle a la parte peticionaria sobre el mismo.

El Tribunal concedió 60 días para que informen las gestiones transaccionales.

El licenciado Mercado informó al Tribunal, que solamente está recibiendo la correspondencia del tribunal y de la licenciada Cortés, no así lo que radican las demás partes. Solicitó que se cumpla con la Regla 67.

**El Tribunal determinó que el que no cumpla con la Regla 67 de Procedimiento Civil y así lo acredite, no se le atenderán sus reclamos.**

El licenciado Hernández Colón manifestó que la parte que representa el licenciado Mercado tiene sentencia y no tiene otro interés en el caso, por lo que entendía a que no tenía que notificarle.

El Tribunal ordenó que lo integre a sus notificaciones.

La licenciada Cortés Centeno indicó que el licenciado Mercado se allanó a la justa compensación, pero luego informó que están pendientes los daños.

A preguntas del Tribunal, sobre que se beneficiarían del fondo de justa compensación todas las partes con interés, el licenciado Hernández Colón explicó que entiende que eso se refiere a la posición que ha asumido el señor Mandry en relación, aunque él se allanó a la justa compensación, pero entiende que le asiste derecho a beneficiarse de cualquier cantidad adicional que se logre por sus representados. Alegó que a su mejor entender, eso es a lo que se refería la orden del Tribunal.

La licenciada Cortés Centeno alegó que la parte con interés, Javier Mandry, se allanó al valor consignado y que él no está haciendo ninguna gestión para aumentar su valor. Por lo que cualquier suma adicional que se pudiese transigir con los otros miembros de la sucesión, no lo benefician a él porque no participó de la transacción.

El licenciado Hernández Colón manifestó que su posición es la misma que la de la peticionaria y que entiende que si el señor Mandry se allanó a la compensación y no debe beneficiarse de la transacción.

La licenciada Cortés Centeno explicó que el valor por el que transige, aumenta el todo y se consigna lo correspondiente a los clientes del licenciado Hernández. Lo que le hubiese correspondido al señor Mandry, la Agencia lo ahorra.

El señor Javier Mandry objetó el planteamiento de la parte peticionaria.

El Tribunal le manifestó al señor Javier Mandry que de resolver conforme a su solicitud, tiene que pagar los gastos. Si su interés es beneficiarse de cualquier cantidad adicional, tiene que pagar los servicios.

El señor Mandry propuso que se le resten los gastos de la justa compensación adicional.

El Tribunal le manifestó al señor Mandry que tiene que conseguir un abogado. Explicó, en cuanto a la solicitud hecha por Finca Perseverancia, de obtener una suma adicional, que resolvió que todas las partes se beneficiarían del fondo de justa compensación.

La licenciada Cortés Centeno solicitó que todas las partes con interés que tienen sentencia final y firme, y no han participado de ninguna transacción, no se puedan beneficiar de la misma porque ya aceptaron la consignación. Alegó que no hay asuntos pendientes con las partes con interés que se allanaron y tienen sentencia.

El licenciado Mercado informó que no tiene interés en la participación de Finca Perseverancia, Inc., pero que tiene interés en la parcela Camino.

El señor Mandry solicitó hacer una moción para plantear su opinión en cuanto a la transacción. Alegó que lo que se hace a beneficio de una sucesión, es una comunidad pro indiviso, a la vez que se distribuyen los gastos y las ganancias.

El Tribunal le concedió hacer la moción según solicitó la parte. Además, hizo constar que las Parcelas 20-01, 20-02, 20-03 y 20-04, se identifican como de Finca Perseverancia, Inc.

El Tribunal hizo constar que el señor Javier Mandry informó que no tiene interés en Finca Perseverancia.

Las partes con interés presentes informaron no tener interés en la Parcela 25-02, de la sucesión de Adela Torres.

El licenciado Hernández Colón informó que sus clientes se allanan al unitario de la Finca Camino.

A preguntas del Tribunal sobre si las negociaciones son en las parcelas 20-01, 20-02, 20-03, 20-04, 20-05-20-06, 20-07, 20-08 y 20-09, el licenciado Hernández Colón manifestó que en algunas de ellas se había hecho un allanamiento, quedan las parcelas escarpadas donde los tasadores han llegado a un acuerdo.

En cuanto a la Finca Camino, el licenciado Hernández Colón expresó que es donde tiene el posible interés el señor Mandry, la posición de sus representados, ha sido que se allanan al unitario.

La licenciada Cortés Centeno informó que el señor Javier Mandry también se allanó.

El Tribunal manifestó que no habría nada que discutir en cuanto a un posible interés del señor Mandry, porque no tiene interés en Finca Perseverancia, Inc., ni tampoco la sucesión de Adrián Mercado.

El Tribunal indicó que en las parcelas 28-01 y 28-02 se pudiese haber dictado sentencia por allanamiento en cuanto a todas las partes con interés.

El señor Mandry solicitó el retiro de fondos.

El Tribunal hizo constar que queda aclarado que hay un issue de titularidad o partes con interés, que las partes con interés que están negociando la suma adicional, la cual se considerará por la Junta en los próximos 60 días, son solamente Finca Perseverancia, Inc.

El licenciado Gluck Figueroa solicitó el retiro de fondos de su cliente, indicó que la misma tiene usufructo sobre las participaciones de José Antonio y Carlos Alfredo, de apellidos Mercado Méndez, en la cantidad de **$493.78** por cada una.

**El Tribunal ordenó que la Unidad de Cuentas emita cheque por ambas cantidades a favor de Ena Luz Moure De Lis. Esto sin objeción de las demás partes.**

La licenciada Cortés Centeno manifestó que en la página 11 del Exhibit A enmendado está desglosada la cantidad que le corresponde a la señora Moure.

El licenciado Hernández Colón solicitó el retiro de fondos de la finca Camino y el traspaso del 20.90% de los fondos consignados al caso del Tribunal de Ponce. Indicó que los fondos a traspasar serían **$10,064.76**, al caso **J JV2011-1103, Sala 603, del Tribunal de Ponce.**

**Sin objeción de las partes, el Tribunal ordenó que se expida el cheque.**

El licenciado Hernández Colón informó que cumplida la Regla 58.9 por las partes con interés, el remanente de los $46,156, se deben distribuir en la siguiente forma:

> Javier Mandry Mercado - $1,492.85, suma con la que está de acuerdo el señor Mandry, según preguntado por el Tribunal.

El Tribunal ordenó que la Unidad de Cuentas emita un cheque a favor del señor Mandry por $1,492,85.

El licenciado Hernández Colón continuó con el desglose de los fondos:

- Estrella María Aparicio Vázquez - $7,127.29
- Oscar Adolfo Mandry Aparicio - $3,780.30
- Víctor Robert Fingerhut Mandry - $3,274.65
- Yvelisse Helena Fingerhut Mandry - $3,274.65
- Margaret Ann Fingerhut Mandry - $3,274.65
- Salvador Rafael Mandry Mercado - $1,598.81
- Adrián Roberto Mandry Mercado - $1,598.81
- Eduardo José Mandry Mercado - $1,598.81
- Margarita Rosa Mandry Mercado - $1,598.81
- María del Carmen Amalia Mandry Llombalt - $1,781.80
- Selma Verónica Mandry Llombalt – $1,781.80
- Juan Carlos Esteva Fingerhut - $982.40
- Pedro Miguel Esteva Fingerhut - $987.22
- Mariano J. Mc Connie Fingerhut - $987.22
- Janice Marie Mc Connie Fingerhut - $982.40
- Víctor Michael Fingerhut Cochran - $982.40
- Michelle Elaine Figerhut Cochran - $987.22

El Tribunal determinó lo siguiente:

- La Junta tiene 60 días para considerar el acuerdo.
- Le concedió 60 días al tasador Isern para que se prepare para reaccionar en cuanto al acceso.
- Señaló vista para el 14 de septiembre de 2017, a las 10:00 a.m., fecha hábil en el calendario de los abogados, el señor Javier Mandry y para los tasadores.

Nombre Juez: HON. MABEL RAMÓN MILIÁN

MARIA Q. RIVERA RIVERA
Nombre Secretario (a) Servicios a Sala o Secretario (a) Auxiliar del Tribunal (Operador de Sistema de Grabación)

Numero de Salón 1002

OAT 838 Minuta Civil (Tribunal de Primera Instancia)
(Rev. Febrero/2008)

Nombre Alguacil: YOMARIS FAJARDO TORRES

Certifico: GRISELDA RODRÍGUEZ COLLADO
Secretaria Regional II
Por: MARIA Q. RIVERA RIVERA
Secretaria de Servicios a Sala

Fecha Vista: 2 de mayo de 2017.
Fecha de transcripción: 18 de mayo de 2017.