EXHIBIT 10

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SAN JUAN, PUERTO RICO

RECEIVED
AUG 29 2016

**AUTORIDAD DE CARRETERAS**

Peticionaria

vs.

**LUIS ALBERTO MERCADO JIMENEZ**

Partes con Interés

CASO NUM. KEF 2011-0240
Sala 1003

SOBRE:
EXPROPIACION FORZOSA

---

**SEGUNDA
MOCION RECLAMANDO COMPENSACION POR DAÑOS AL REMANENTE**

**AL HONORABLE TRIBUNAL:**

Comparecen **José A. Mercado Méndez, Sylvia Margarita Mercado Méndez, Sylvia Teresa Méndez Alvarez** y **Ena Luz Moure De Lis**, partes con interés en el presente caso, y respetuosamente exponen, alegan y solicitan:

1.- Los comparecientes José Antonio Mercado Méndez, Sylvia Margarita Mercado Méndez y Sylvia Teresa Méndez Alvarez son dueños en común proindiviso de un 50% del predio de 41.1861 cuerdas de la Porción "B" de la finca 14,953 y la compareciente Ena Luz Moure De Lis de la cuota usufructuaria sobre esa participación.

2.- Dicha finca consiste de dos porciones, una llamada Llana (Porción P2A2) de 15.1318 cuerdas, y la otra llamada Escarpada (Porcion "B") de 41.1861 cuerdas equivalentes a 161,877.4660 metros cuadrados.

3.- La Peticionaria expropió 1.4839 cuerdas de la Porción LLana y por ello consignó como justa compensación la cantidad de $219,600.00, sin incluir los daños causados al remanente.

4. La Peticionaria expropió 4.7645 y 2.5515 cuerdas de la Porción Escarpada y por ello consignó como justa compensación la cantidad de $22,700.00, sin incluir los daños causados al remanente.

5. Mediante inspección realizada por el Ing. José A. Ramos Rivera a las parcelas se encontró que las mismas sufrieron daños según se detallan:

    a. La **Parcela Llana**, por los efectos de la construcción de la carretera que construye la Peticionaria, se encuentra inundada y ha sido objeto de depósito de relleno, sin autorización de la parte compareciente, según se reclamó en junio de 2014.

    b. La **Parcela Escarpada** carece de acceso adecuado, y prácticamente está enclavada.

6. Los aquí comparecientes sostienen su derecho a compensación por los daños causados a los remanentes, por los siguientes fundamentos:

a) Uno de los efectos de toda expropiación es que el sujeto de la misma se entiende segregado desde que se radica la petición de expropiación y desde ese momento éste pasa a ser patrimonio del Estado o de la agencia expropiante.

b) El remanente sigue siendo parte del patrimonio de su propietario, pero en una finca con una cabida reducida por el tamaño de la porción expropiada.

c) En el presente caso la aceptación por parte de los aquí comparecientes de la cantidad consignada por la Peticionaria en la expropiación parcial de la Porción LLana, se limitó al área específica objeto de la expropiación, sin que se extienda al remanente.

d) En el caso que nos ocupa, los remanentes, con sus cabidas reducidas por la expropiación, constituyen una finca separada e independiente, de los aquí comparecientes.

e) La **Sec. 9 del Art. II de la Constitució**n, dispone "en cuanto prohíbe que se **tome** o **perjudique** la propiedad privada para uso público sin que medie una justa compensación."

7. Los comparecientes reclaman por el daño recibido en el remanente de sus parcelas como consecuencia de la expropiación realizada por la Peticionaria.

8. Como parte del procedimiento de una expropiación el gobierno tiene que tasar la porción de la propiedad a expropiarse y estimar si hay daños al remanente.

<u>9. Al momento de la expropiación los daños a la propiedad no habían sido causados por la Parte Peticionaria y por consiguiente no existían al momento de la compensación ni eran previsibles y la Peticionaria no los</u>

consideró al momento de determinar la justa compensación consignada en el Tribunal.

10. La parte compareciente alega que la expropiación ha perjudicado los remanentes de tal manera que equivalen a una privación substancial y permanente de su uso y disfrute.

**POR LO CUAL**, del Honorable Tribunal respetuosamente solicita se reconozca el derecho de los comparecientes a recibir compensación por los daños a los remanentes, en la proporción que les corresponde, de la cantidad del valor real de estos que se estime y/o se establezca mediante oferta de transacción con la Peticionaria.

En San Juan, Puerto Rico, a 22 de agosto de 2016.

Certifico haber enviado copia de este escrito a: **Lcda. Anita Cortes Centeno**, Minillas Station, , P.O. Box 40894, San Juan, P.R. 00940-0894, **Lcdo. Adrian Mercado**, P.O. Box 9023980, San Juan, P.R. 00902-3980, **Lcdo. Juan J. Ramirez Rivera**, P.O. Box 720, Mayaguez, P.R. 00681, **Lcdo. Cesar Hernandez Colon**, P.O. Box 331041, Ponce, P.R. 00733-1041.

**RODOLFO GLUCK FIGUEROA**
RUA 3166
P.O. BOX 70250 Suite 243
SAN JUAN, P.R. 00936
TEL. 787-764-2694
lcdo.gluck@gmail.com

**ISIS N. RAMIREZ SALCEDO**
RUA 7192  CA 8422
P.O. BOX 364033
SAN JUAN, P.R. 00936-4033
TEL.787-758-0220/593-1857
isisramirezlaw@gmail.com