

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
TRIAL COURT
SUPERIOR COURT OF SAN JUAN

**EXHIBIT 13**

| | |
|---|---|
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br>PETITIONER<br>v.<br>SUCN. BY LUIS ALBERTO MERCADO JIMÉNEZ et al.<br>PARTY IN INTEREST | CASE NO. KEF2011-0240<br>ROOM NO. 1003<br>CIVIL ACTION OF:<br>**EMINENT DOMAIN** |

## RESOLUTION

Having considered: 1) the *Motion to Vacate Judgment* filed by Adrián Mercado Jiménez on his own behalf on August 26, 2016; 2) the *Motion to Enforce Compliance with Order* filed on November 30, 2016, by the petitioner, Puerto Rico Highways and Transportation Authority (HTA), and; having held oral argument on these on December 7, 2016, we rule as follows:

The January 16, 2015, *Partial Consent judgment* s hereby vacated. The aforementioned ruling sought to grant <u>the relief requested</u> by the parties in interest, Luis Alberto Mercado Jiménez, Adrián Mercado Jiménez and Teresa Vizcarrondo Toro in the motions entitled *Request for Withdrawal of Funds*, filed on December 10, 2014, in which the parties described their interest in the expropriated property, requested disbursement of the amount deposited by the petitioner as an estimate of the Fair Value and alleged in paragraph seven (7): "[t]hat these parties accept the deposited amount." Likewise, no objection to or defense of the forced acquisition of the property was presented in the pleadings, therefore, the <u>opportunity to</u>

Identifying number:
RES2017_____

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Taraem Translations Inc.

KEF2011-0240

2

present evidence as to the amount of compensation to be paid as fair value was deemed waived. However, upon examining the affidavits annexed to the motions, where the parties attested before a notary to the truthfulness of the contents of the request for withdrawal of the money deposited, we notice that in paragraph number four (4) they added: "[t]hat we accept the fair compensation that may be determined by this Honorable Court, **but we reserve the right to claim any increase in value that may arise in our favor in the estate**". (Emphasis added.)

Said statement, besides being clearly contradictory, was contained in the affidavit requiring the parties by law to certify that the expropriation file has been reviewed and that it adequately reflects all the persons who, according to their knowledge, have a right over the property. Certainly, the text of the affidavit, a legal condition proper to the disbursement of the deposited money, should not include additional allegations by the declarant and, much less, any that are antagonistic to those formulated in the request for relief included in the accompanying motion.

However, as the matter concerns governmental intervention with the fundamental right to the enjoyment of private property (Art. II, Sec. 7, Const. of the Commonwealth, 1 L.P.R.A.), "which is not to be destroyed with levity" (Mun. de Guaynabo v. Acquisition M², 180 D.P.R. 206, 229 (2010)), as anticipated, the January 16, 2015 *Partial Consent judgment* is hereby vacated. To adopt a position contrary to this would be to undermine the constitutional protection that "[n]o private property shall be taken or impaired for public use except upon payment of fair compensation and in the manner provided by law." Art. II, Sec. 9, Const. of the Commonwealth, 1 L.P.R.A. In so acting, we also find that:

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240

3

1. The parties in interest Luis Alberto Mercado Jiménez, Adrián Mercado Jiménez and Teresa Vizcarrondo Toro contested the compensation they would obtain for the expropriated property in their answer to the *Petition* and, after the judgment was entered, they participated in the proceedings to determine the fair compensation for the property that was acquired.

2. The Clerk of the Court did not serve a copy of the January 16, 2015, *Partial Consent judgment* on Mr. Ricardo Pascual, the attorney who filed the *Request for Withdrawal of Funds* on behalf of Adrián Mercado Jiménez and Teresa Vizcarrondo Toro; Mr. Mercado Jiménez was instead served directly.

3. Said judgment was not entered as to Teresa Vizcarrondo Toro, owner of the expropriated right in legal partnership regime together with Adrián Mercado Jiménez.

Thus having found, the burden of proof now rests with the parties in interest to demonstrate that the fair value of the subject is greater than the amount deposited by the HTA.[1]

On the other hand, having examined the Court file, it is ordered:

1. Within a **final term of fifteen (15) days**, Anita Cortés Centeno, Esq., counsel for the petitioner, must file with the Court:

a. The *Registry Certification* for property number 47,536.

Regarding this property, the petitioner has only included a title search with the motion

---

[5] The parties in interest are Adrián Mercado Jiménez and Teresa Vizcarrondo Toro, since in substitution of Luis Alberto Mercado Jiménez, his heirs: Luis Alberto Mercado Barrera, Javier Antonio Mercado Barrera, Isabel Amalia Mercado Barrera and Isabel Barrera widow of Mercado, they requested the withdrawal of the allocated funds.

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

filed on February 1, 2012.

The relevant portion of Rule 58.3 of Civil Procedure of 2009, 32 L.P.R.A. Ap. V, provides that one of the documents to be included in the expropriation file is:

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

Case:17-03283-LTS Doc#:24330-13 Filed:05/25/23 Entered:05/25/23 15:46:12 Desc:
Exhibit EXHIBIT 13 - RESOLUTION Page 5 of 9

Case:17-03283-LTS Doc#:24153-1 Filed:05/05/23 Entered:05/05/23 17:40:04 Desc:
Exhibit 1 Page 11 of 18

KEF2011-0240

4

A certification issued by the Land Registry within six (6) months prior to the filing of the lawsuit. However, in cases where the certification was issued within the six (6) month period provided above, but on a date that exceeds three (3) months prior to the filing of the lawsuit, a recent title search must accompany the certification issued by the Land Registry.

Therefore, nowhere in the Rule is the requirement to file a registry certification replaced with the filing of a title search instead. Even when the Rule mandates that a title study be attached to the certification issued on a date exceeding three (3) months prior to the filing of the case, both the title study and the registry certification must be attached to the expropriation file.

b. The acquisition *survey plan* (Exhibit B to the *Petition*).

The July 12, 2013 motion stated that a copy was enclosed, but same was not filed with the Court.

c. An *appraisal report* entered by an appraiser for each of the nine (9) parcels of land to be expropriated, as described in *Exhibit A* of the *Petition*.

Likewise, the July 12, 2013 motion stated that a copy of these had been submitted, but same were not filed with the Court.

d. Proof of service of process on Sylvia Teresa Méndez Álvarez,

*Exhibit A* to the *Petition* stated that she is the mother and sole heir of the deceased Carlos Mercado Méndez.

2. On reconsideration of the sworn motions requesting withdrawal of funds with consent, filed by 1) LUÍS ALBERTO MERCADO BARRERA[2], 2) JAVIER ANTONIO MERCADO BARRERA[3], 3) ISABEL AMALIA MERCADO BARRERA[4], and; 4)

---

[2] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 18, 2016.
[3] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 14, 2016.
[4] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 15, 2016.

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

KEF2011-0240

5

ISABEL BARRERA widow of MERCADO[5], all members of the estate of Luis Alberto Mercado Jiménez[6], we make the following findings:

The disbursement of money deposited in an *in rem* eminent domain case (32 L.P.R.A. App. V R. 58.9) is not the judicial avenue available to the descendants of a registered owner of the subject property to request the partition of the estate or the division of the estate. Therefore, any sum of money deposited for their benefit will remain allocated until the co-heirs exercise the ordinary action to obtain the partition (32 L.P.R.A. § 2 or 21 *et seq.*) or appear proving their consent to the disbursement of the inheritance in the manner they deem fit (31 L.P.R.A. § 2877). In order to do so, **through their legal counsel (attorneys Juan Ramirez and Jose Ramirez)**, the parties must submit the following documents[7]:

a. *Lien Payoff Certification* issued by the Treasury Department, evidencing the release of the preferential lien established by law on the estate of the deceased Luis Alberto Mercado Jimenez. 13 L.P.R.A. § 894, 901, 31101 to 31165.

b. Certification of child support debt issued by the Administration for Child Support (ASUME) of the deceased party in interest Luis Alberto Mercado Jimenez. 8 LPRA § 528a-1.

c. Calculation of the commutation of the usufructuary quota of ISABEL BARRERA widow of MERCADO.

d. Calculation of the participation share of each component of the estate of Luis Alberto Mercado Jiménez regarding the fair

---

[5] The motion titled *Withdrawal of Funds with Consent* was filed under oath on March 15, 2016.
[6] The *Resolution on Declaration of Heirs* of Luis Alberto Mercado Jimenez was joined to the Court's file by motion filed on September 30, 2015.
[7] The certification of land tax debt issued by CRIM for the expropriated property was joined to the Court's file by motion filed on September 30, 2015.

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

KEF2011-0240

6

compensation and the consent of all these to the disbursement of the inheritance in the agreed manner.

2. Furthermore, having reviewed the *Answer to the Petition* filed on December 2, 2015 by Randolph Raldiris Dominiccí, Esq., we rule as follows:

   a. Counsel has a **term of thirty (30) days** to file the resolution declaring heirs or the wills of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes, <u>thus providing proof of the transfer of the right of these parties to their represented parties: 1) Dominic Henry Valleío Chardón; 2) Desiree Felixa Valíeio Chardón, and; 3) Yanihra del Carmen Valleio Chardón.</u>

   b. The following should also be filed with the Court:

   - *Lien Payoff Certification* issued by the Department of Treasury, proving the release of the preferential lien established by law on the estate of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes. 13 L.P.R.A. § 894, 901, 31161 to 31165.

   - Certification of child support debt issued by the Administration for the Support of Minors (ASUME) for the deceased parties in interest: 1) Domingo A. Vallejo Ruiz, and 2) Carmen Rosa Chardon Reyes. 8 LPRA § 528a-1.

   - Land tax debt certification issued by the CRIM for property 47,536; property affected by the expropriation of *Parcel 29-01*.

   - Calculation of shares in the fair compensation of each component of the estates of: 1) Domingo A. Vallejo Ruiz, and; 2) Carmen Rosa Chardón Reyes; as well as the consent of all of them to the disbursement of the inheritance in the manner agreed upon.

   - The deed of sale of the interest of Daisy Vallejo Hernández in the estate of Domingo A. Vallejo Ruiz.

Counsel is warned that the Court will not order the withdrawal of the funds deposited to the names of the individuals he represents until they comply with the provisions of Act No. 90 of

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.

KEF2011-0240

7

May 17, 2012, which amended Rule 58.9 of the 2009 Rules of Civil Procedure, 32 L.P.R.A. Ap. V, requiring that any request for withdrawal or disbursement of money appropriated in a compulsory expropriation case be under oath. Said rule reads:

> Any request for withdrawal or disbursement of the deposited money must be under oath. **The party must certify within the request as to having reviewed the expropriation docket and that the same adequately reflects all persons known to said party to have a right in the property, including owners, occupants, lessees, usufructuaries, and mortgagees.** In the event the party has knowledge of any transaction or right over the property that does not arise from the expropriation file, that party must notify the court accordingly. (Emphasis added).

In order for the parties to comply with the ruling, the May 10, 2017 hearing is hereby adjourned. Nonetheless, counsel is warned that failure to comply with the order within the term granted will lead to sanctions being imposed on the attorneys. **The case was filed in 2011 and the laxity in complying with the procedural rules is detrimental to the fair, expeditious and cost-effective resolution of the lawsuit.**

Lastly, the parties are to proceed to exchange the reports of their respective appraisers, meet with each other and report to the Court on the outcome of said meeting within sixty (60) days. The pre-trial conference to determine the **fair value of the expropriated subject** and the **damages caused by the expropriation**, if any, shall be held on October 4, 2017, at 9:00am, in Room 1003 of the San Juan Judicial Center. Same must be attended by the parties with their respective attorneys and expert witnesses. The following matters will be discussed at the conference:

1. The possibility of a settlement of the case, <u>with the assistance of the parties, their attorneys, and experts</u>.

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*
*25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556*
*By Targem Translations Inc.*

KEF2011-0240

8

2. The adjudication of all pending disputes arising out of the preliminary report between counsel, including the admissibility of evidence.

3. Documentary evidence duly identified by counsel will be marked in the preliminary inter-counsel report.

4. The matter will be set down for trial.

Counsel for the parties shall meet with each other at least fifteen (15) days prior to the pretrial conference date to prepare the inter-counsel pretrial briefing. 32 L.P.R.A. App. V R. 37.4. The report, <u>which must contain abundant and specific stipulations of facts, documents and matters while avoiding to present unnecessary evidence</u>, shall be submitted to the Clerk of the Court ten (10) days prior to the scheduled date. **Attorneys are advised that these terms are to be strictly complied with, subject to sanctions pursuant to Rule 37.7 of Civil Procedure, 32 L.P.R.A. Ap. V.**

TO BE SERVED.

ENTERED IN SAN JUAN, PUERTO RICO, ON THIS [handwritten:] **25th** DAY OF APRIL 2017.

[initial]
LETICIA D. ORTIZ FELICIANO
JUDGE OF THE SUPERIOR COURT

Certified to be a correct and true translation from the source text in Spanish to the target language English.
25/OCTOBER/2022 - Andreea I. Boscor ATA-certified Spanish-English #525556
By Targem Translations Inc.