Case:17-03283-LTS Doc#:24330-14 Filed:05/25/23 Entered:05/25/23 15:46:12 Desc:
Exhibit EXHIBIT 14 - PARTIAL ADM JUDGMENT Page 1 of 4

Case:17-03283-LTS Doc#:24330-14 Filed:05/10/23 Entered:... 23:22:23:19 Desc:
Page 14 of 20

COMMONWEALTH OF PUERTO RICO
GENERAL COURT OF JUSTICE
**COURT OF FIRST INSTANCE**
**SUPERIOR COURT OF SAN JUAN**

# EXHIBIT 14

| | |
|---|---|
| **HIGHWAYS AND TRANSPORTATION AUTHORITY OF PUERTO RICO** PETITIONER | CASE NO. **KEF2011-0240** |
| | DIVISION NO. **1003** |
| v. | CIVIL ACTION OF: **CONDEMNATION** |
| **ESTATE OF** LUIS ALBERTO MERCADO **JIMÉNEZ et al.** PARTY IN INTEREST | |

### PARTIAL ADMINISTRATIVE JUDGMENT

WHEREAS the motion entitled *NOTICE OF STAY OF PROCEEDINGS BY VIRTUE OF FILING OF BANKRUPTCY PETITION FILED BY THE GOVERNMENT OF PUERTO RICO UNDER TITLE III OF THE PROMESA ACT,* filed on July 13, 2017, by Anita Cortés Centeno, Esq., informing the Court that "[p]ursuant to the provisions of PROMESA, on May 21, 2017, the Financial Oversight and Management Board for Puerto Rico filed a bankruptcy petition on behalf of HTA before the United States District Court for the District of Puerto Rico" in the case entitled *In re: Puerto Rico Highways and Transportation Authority,* Case No. 17-cv-I 686(LTS), we resolve as follows:

The filing of a bankruptcy action has the effect of stopping the commencement or continuation of any judicial proceeding against the debtor, including a petition for condemnation. This is recognized by our Supreme Court in Peerless Oil v. Hnos. Torres Pérez, 186 Puerto Rico Decisions 239, 249-255 (2012), which stated that:

Jurisdiction is the power or authority of a court to decide cases or disputes. A court's lack of jurisdiction

Identifier number: SEN2019 _____

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*

*9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.*

**KEF2011 -0240** *PARTIAL ADMINISTRATIVE JUDGMENT*                    2

has a direct bearing on the very power to adjudicate a dispute. [...]

On countless occasions, "we have advised that courts must be zealous guardians of their jurisdiction and that they have no discretion to assume jurisdiction where they have none". This is because "questions relating to a court's jurisdiction are privileged and, as such, must be addressed and resolved in preference to any others." This is so because "[a] judgment issued by a court without jurisdiction is a judgment void in law and is, therefore, non-existent." [...]
[...]
We recently pointed out [...] that an "[a]utomatic stay is one of the most basic protections that the U.S. legislature instituted in the Bankruptcy Code for debtors who avail themselves of the Code. An automatic stay prevents, "among other things, the commencement or continuation of any judicial, administrative, or other proceeding that was or could have been brought against the debtor, or to bring any action that arose prior to the commencement of the bankruptcy".
**An automatic stay does not require formal notice; it takes effect upon the filing of the bankruptcy petition and lasts until the final judgment is issued. An automatic stay prevents the commencement or continuation of any judicial or administrative action against the debtor that is pending or could have been commenced prior to the commencement of the bankruptcy petition.** (Citations omitted.) (Emphasis added.)

In light of the foregoing, partial administrative judgment is hereby entered staying the proceedings in the case at hand, Civil Case No. KEF2011-0240, <u>Puerto Rico Highways and Transportation Authority v. Estate of Luis Alberto Mercado Jimenez et al</u>, **as to the parties in interest included in Exhibit A of the Petition**, <u>with the exception of: 1) Adrián Mercado Jiménez,</u>[1] 2) Teresa Vizcarrondo

---

[1] Party in interest **Adrián Mercado Jiménez** granted an agreement entitled *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY <u>AND ADRIÁN MERCADO J/MÉNEZ</u>*, which was accepted on February 5, 2018, by the Hon. Laura Taylor Swain in case number BK 3567-LTS. In this, the Judge of the United States District Court for the District of Puerto Rico determined, to the extent applicable, that:
This stipulation (the "Stipulation") is made as of February 5, 23018 [sic], by and between the Puerto Rico Highways and Transportation Authority ("HTA") and **Adrián Mercado Jiménez ("Movant").** (Emphasis added.)
[...]
1. The Title III Stay is hereby modified **solely to the limited extent necessary to allow HTA to pay Movant the Settlement Amount due under the Prepetition Stipulation** within 14 days of execution of this Stipulation; **provided, however, the Title III Stay shall continue to apply in all other respects** to the Prepetition Stipulation. (Emphasis added.)
2. [...]
3. [...]
4. **Nothing contained in this Stipulation shall operate as a waiver or modification of the Title III Stay so as to permit the prosecution against HTA**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*

*9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.*

**KEF2011 -0240 *PARTIAL ADMINISTRATIVE JUDGMENT***      3

Toro,[2] and 3) the Mercado-Vizcarrondo marital estate composed of both the foregoing individuals.[3] Once the bankruptcy proceeding is concluded, the parties affected by the determination may request the reopening of the proceedings in this case through a final judgment (Final Decree) that definitively resolves the case entitled *In re: Puerto Rico Highways and Transportation Authority*, Case No. 17-cv-I 686(LTS) or, in the alternative, wherein the court modifies the effect of the automatic stay to allow for the continuation

> or any of the other Title III Debtors **of any claim or claims by anyone other than Movant as provided for herein** and HTA reserves all rights, defenses, and protections with respect to any matters pending or that may arise in the Title III Case, including the treatment of any claim arising from the Prepetition Stipulation under a plan of adjustment or otherwise in the Title III Case. (Emphasis added.)
> 5. […]
> 6. […]
> 7. **Nothing in this Stipulation shall be deemed or construed as (a) creating or conferring any right upon any person or entities (other than Movant as expressly provided in this Stipulation)**, or (b) evidence of any willingness or obligation on HTA's part to consent to any other or future modifications of or relief from the Title III Stay with respect to any persons or entities. (Emphasis added.)

[2] As of this date, the party in interest, **Teresa Vizcarrondo Toro**, who was not named as a "Movant" in the agreement entitled *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIÁN MERCADO JIMÉNEZ*, has failed to show that the United States District Court for the District of Puerto Rico has modified the stay of the proceedings in the aforementioned case, which stay resulted from the filing of the bankruptcy petition filed by the Puerto Rico Highways and Transportation Authority under TITLE III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA) in case number BK 3567-LTS. However, pursuant to the judgment issued by the Court of Appeals on November 13, 2018, in case number KLCE201801384, jurisdiction is assumed over the party in interest, **Teresa Vizcarrondo Toro.**

[3] As of this date, the **Mercado-Vizcarrondo marital estate**, which was not named "Movant" in the agreement entitled *STIPULATION MODIFYING THE AUTOMATIC STAY AND ALLOWING PAYMENT OF FUNDS BETWEEN PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY AND ADRIÁN MERCADO JIMÉNEZ*, has failed to show that the United States District Court for the District of Puerto Rico has modified the stay of the proceedings in the aforementioned case, motivated by the filing of the bankruptcy petition filed by the Puerto Rico Highways and Transportation Authority under TITLE III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), in case number BK 3567-LTS. However, in observance of the provisions of the Court of Appeals in the Judgment issued on November 13, 2018, in case number KLCE201801384, jurisdiction is assumed over the **Mercado-Vizcarrondo marital estate.**

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*

*9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.*

Case:17-03283-LTS Doc#:24339-1 Filed:08/10/23 Entered:05/22/23 15:46:12 Desc:
Exhibit A Page 17 of 20

**KEF2011 -0240** *PARTIAL ADMINISTRATIVE JUDGMENT*                                        4

of the case above referenced <u>concerning the litigation *in rem* against the property included in Exhibit A of the *Petition*</u>.[4]

    This partial judgment staying the judicial proceedings is issued for administrative purposes only; i.e., it does not adjudicate the merits of the parties' claims, the claims made, nor the disputes raised.

    This partial judgment is issued without costs.

    Pursuant to Rule 42.3 of the Code of Civil Procedure, 32 L.P.R.A. App. V, this partial judgment is expressly ordered to be recorded and notice served, inasmuch as there is no reason to postpone the ruling until the final resolution of the lawsuit.

IT IS ORDERED THAT THIS BE RECORDED AND NOTICE GIVEN.

GIVEN AT SAN JUAN, PUERTO RICO, ON JANUARY <u>23</u>, 2019.

[*Signature*]

**LETICIA D. ORTIZ FELICIANO**
SUPERIOR JUDGE

---

[4] As a persuasive source of law, see the Supreme Court of Puerto Rico decision on June 6, 2017, in the condemnation case <u>Commonwealth of Puerto Rico v. PFZ Properties, Inc.</u>, Civil Case Number CC-2017-0343, which provided that:

    Upon review of the Notice of Stay of Proceedings **pursuant to the petition filed by the Commonwealth of Puerto Rico under Title III of PROMESA**, which was filed by the appellee above referenced, **it is ordered that the proceedings be stayed** until such time as one of the parties certifies to us that the stay has been lifted, either by the conclusion of the bankruptcy proceeding or by a petition to that effect, as permitted by Section 362(d) of the Bankruptcy Code.

    The administrative closure of this matter is hereby ordered. (Emphasis added.)

*Certified to be a correct and true translation from the source text in Spanish to the target language English.*

*9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.*