Commonwealth of Puerto Rico
COURT OF APPEALS
Panel VII

**EXHIBIT 17**

| | | |
|---|---|---|
| PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY<br>Petitioner<br><br>v.<br><br>ESTATE OF LUIS ALBERTO MERCADO JIMÉNEZ ET AL<br>Party in Interest<br><br>ADRIÁN MERCADO JIMÉNEZ, TERESA VIZCARRONDO TORO, and THE MARITAL ESTATE BETWEEN THEM<br>Appellees | KLCE201900284<br><br>cons. with<br><br>KLAN201900334 | *Certiorari* from the Court of First Instance, Superior Chamber of San Juan<br><br>Case No. KEF2011-0240<br><br>About:<br>CONDEMNATION |

Panel composed of its chair, Judge Gómez Córdova, Judge Rivera Marchand, and Judge Adames Soto

Adames Soto, Judge Rapporteur

## JUDGMENT

At San Juan, Puerto Rico, on May 31, 2019.

In response to the *Motion for Consolidation under Rule 80.1 of the Rules of Procedure of the Court of Appeals*, the appeals filed by the Puerto Rico Highways and Transportation Authority (HTA or appellee) and by Mr. Adrián Mercado Jiménez, Mrs. Teresa Vizcarrondo Toro, and the marital estate composed of both individuals (appellants), respectively, for challenging the determinations issued by the Court of First Instance, Superior Court of San Juan (CFI) on January 23, 2019, which were notified on January 30, 2019.[1]

---

[1] Notwithstanding the consolidation, it is necessary to point out that the writ of *certiorari*, KLCE201900284, filed before this appellate court on March 1, 2019, is premature, inasmuch as a motion for reconsideration filed before the trial court was pending adjudication by that date. Although said reconsideration was resolved on March 5, 2019, this appellate court is precluded from considering the writ

IDENTIFYING NUMBER
SEN2019 _____

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334

2

## I. Summary of the procedural course

On August 25, 2011, HTA instituted condemnation proceedings against several parties in interest, including the appellants, to acquire several parcels of land.[2] As far as the appellants are concerned, they are owners of 25% of parcels 021-01 and 021-04, two of the parcels subject to condemnation.[3]

After several ancillary proceedings on the corresponding amount of just compensation, on July 13, 2017, HTA filed a *Notice of Stay of Proceedings by virtue of the filing of the bankruptcy petition filed by the Government of Puerto Rico under Title III of the PROMESA Act*, the case being stayed pursuant to the federal *Puerto Rico Oversight, Management, and Economic Stability Act*, 48 USC sec. 2101 et seq. (PROMESA Act).

On August 8, 2017, the CFI issued an *Administrative Ruling* whereby it ordered the stay of the proceedings until such time as either party certified that the stay had been lifted, either by the conclusion of the bankruptcy proceedings or by a petition to that effect pursuant to Section 362(b) of the Federal Bankruptcy Code.

Subsequently, HTA and the appellants reached a settlement agreement for a sum of $16,448.00 as the fair value of the condemned property. After reporting said settlement agreement to the federal court, on May 29, 2018, the assigned Judge stated that she was not going to rule on it[4]. However,

---

of *certiorari* pursuant to the decision of our Supreme Court in *Mun. Rincón, v. Velázquez Muñiz*, 192 Puerto Rico Decisions 989, 1000 (2015).

[2] *Appeal*, Appendix I, Petition, pp. 1-11.

[3] There is no dispute that the appellants own a 25% interest in said parcels, which arises from the same *Settlement Agreement. Appeal*, Appendix III, Settlement Agreement, p. 19. Also, it is broken down in the Amended Exhibit A of November 2015. *Writ of certiorari*, Appendix, Amended Exhibit A, p. 20.

[4] "This Court mates no findings and expresses no opinion as to the terms and effect of the prepetition settlement agreement, pursuant to which the Settlement Amount is purportedly to be paid. Any dispute as to what is required to resolve the

[three signatures in left margin]

KLCE201900284 cons. with KLAN201900334     3

she indicated that the stay was partially lifted with respect to the appellants so that any dispute concerning payment could be resolved.[5]

Later, on June 26, 2018, the parties submitted a *Settlement Agreement* to the CFI, in which they agreed to the sum of $26,141.32[6] as the fair value of 25% of parcels 021-01 and 021-04, which were condemned in 2011.[7]

In light of the foregoing, the appellants requested of the lower court the withdrawal of $26,141.32 that had been deposited with the court for just compensation. In response to the *Request for Withdrawal of Funds*, and after several ancillary proceedings, on June 27, 2018, the CFI issued an *Order* stating that, with respect to the *Settlement Agreement* filed by the parties, the case would remain stayed.[8]

After having filed a *Request for Reconsideration*, which was denied, the appellants appeared before a sister panel of the Court of Appeals by writ of *certiorari*, KLCE201801384, arguing that the trial court had erred in denying the

---

**Lawsuit should be taken up with the State Court."** (Emphasis added.) *Writ of Certiorari, Appendix, Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406)*, p. 51.

[5] *The automatic stay imposed by the filing of HTA's Title III* **case remains lifted to permit the resolution in the State Court, of any disputes as to what is required to allow HTA to pay Movant the Settlement Amount.** (Emphasis added.) *Writ of Certiorari, Appendix, Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406)*, p. 51.

[6] After the TCA hired Mr. Esteban Núñez as appraiser, who performed a revaluation of the value of parcels 021-01 and 021-04, the parties stipulated to a just compensation in the amount of $26,141.32. Said change in the contents of the stipulation was not notified to the Federal Bankruptcy Court, inasmuch as this matter is within the jurisdiction of the trial court. *Writ of Certiorari*, Motion for Compliance with Order Submitting Documents, Attachment D, Request for Reconsideration of Partial Judgment. *Appeal*, Appendix III, Settlement Agreement, pp. 19-20.

[7] In the *Settlement Agreement*, they indicated that the appellants are entitled to $20,606.00 for parcel 021-01 and $11,035.32 for parcel 021-04 for a total of $31,641.32 as just compensation. They also indicated that the appellants have already withdrawn the sum of $5,500, leaving $16,448.00 on deposit with the court plus $9,693.32 that HTA agreed to deposit for a total of $26,141.32 not yet withdrawn by the appellants. *Appeal*, Appendix III, Settlement Agreement, pp. 19-20.
See: *Writ of certiorari*, Appendix, Payment, p. 58.
See: *Writ of certiorari*, Appendix, p. 110.

[8] *Writ of certiorari*, Appendix, Order, p. 99.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334 4

withdrawal of funds, despite the filing of the federal court order on the partial lifting of the stay and the *Settlement Agreement* between the parties. HTA appeared in support of the request. On November 13, 2018, the sister panel issued the requested remedy, reversed the appealed order, and remanded the case to the trial court so the trial court could issue a partial judgment based on the settlement agreement and order the withdrawal of funds. It stated the following:

> [I]t is clear that, although the case in question was stayed under PROMESA, by virtue of the settlement agreement between the Highway Authority and the petitioners, the Honorable Judge Taylor Swain, who presided over the proceedings, lifted the stay. Although said Order did not cover the entire lawsuit, it has the scope of allowing a final judgment to be issued with respect to the petitioners, since the only thing pending with respect to them is to determine the amount to be received as just compensation, an amount that the parties have already agreed upon as part of the agreement above referenced, which was accepted by the federal court.
>
> ...
>
> For the reasons set forth above, we GRANT the requested order, and REVERSE the challenged decision. We return the case to the lower court so the lower court can issue a partial judgment based on the settlement agreement between the petitioners and the HA and order the withdrawal of the funds, as provided in the stipulation in quetsion, by virtue of which the stay of the case was lifted with respect to the petitioners.

Accordingly, on January 9, 2019, the order was remanded to the CFI.[9] The case having been remanded to the CFI, the appellants filed an *amended motion* on January 22, 2019, *requesting that a check be issued* to them in the amount of $26,141.32 in accordance with the *Settlement Agreement* and as endorsed by the appellate court.[10]

In response, on January 23, 2019, the CFI issued a Partial Administrative Judgment, a Partial Judgment, and a Resolution ordering payment of the amount of $126,567.00 as just compensation for the condemned property of parcels 021-01 and 021-04 in accordance with the appraisal report prepared

---

[9] *Appeal*, Appendix IV, Mandate, p. 21.
[10] *Appeal*, Appendix V, Amended motion requesting the issuance of check, pp. 22-23.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334     5

by HTA's appraiser[11] and ordered the issuance of a check to the appellants in the amount of $10,948.00[12] as payment in full of their interest in parcels 021-01 and 021-04, among other determinations.[13]

Dissatisfied, on February 14, 2019, the appellants filed a *Motion for Reconsideration of Resolution*, as well as a *Motion for Reconsideration of Partial Judgment*.[14] On that same date, HTA also filed a *Request for Reconsideration of Partial Judgment, a Decisive Administrative Partial Judgment*.[15]

On February 20, 2019, the CFI served an *Order* with respect to *the amended motion requesting an order for a check to be issued* and stating that this was provided for by the *Resolution* dated January 23, 2019.[16]

On February 25, 2019, with notice served on February 28, 2019, the CFI denied *the Motion for Reconsideration of Resolution*. Likewise, on February 28, 2019, with notice served on March 5, 2019, it denied the *Motion for Reconsideration of Partial Judgment*. Also on that latter date, the CFI denied the *Request for Reconsideration of Partial Judgment, a Decisive Administrative Partial Judgment*.

On March 1, 2019, appellee appeared by writ of *certiorari*, case no. KLCE201900284, before this Court of Appeals.

---

[11] *Writ of certiorari*, valuation report by Esteban Núñez, pp. 133-141.
[12] In footnote 2 of its Resolution, the CFI stated that the amount for just compensation agreed upon in federal court was $16,448.00, and considering that on February 23, 2015, a check in the amount of $5,500.00 was issued to the appellants, the only outstanding balance of the payment awarded to the appellants by the United States Bankruptcy Court was $10,948.00. *Appeal*, Appendix VIII, Resolution, pp. 55-56.
[13] *Appeal*, Appendix VI, Partial Administrative Ruling, pp. 48-50.
*Appeal*, Appendix VII, Partial Judgment, pp. 51-53.
*Appeal*, Appendix VIII, Resolution, pp. 54-58.
[14] *Appeal*, Appendix XI, Motion for Reconsideration of Resolution, pp. 61- 64.
*Appeal*, Appendix XII, Motion for Reconsideration of Partial Judgment, pp. 69-72.
[15] *Writ of Certiorari*, Motion for Compliance with Order Submitting Documents, Attachment D, Request for Reconsideration of Partial Judgment.
[16] *Appeal*, Appendix IX, Order and Notice, p. 59.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334

6

On March 27, 2019, the appellants filed an appeal or writ of *certiorari* on their own behalf with this Court of Appeals, in which they pointed out the following errors allegedly committed by the trial court:

A. The Honorable Court of First Instance acted in error in issuing a ruling and a partial judgment that are incompatible with the mandate of the Court of Appeals in case number KLCE201801384 contrary to the essence of the respect and stability of the law under the mandate rule.

B. The Honorable Court of First Instance acted in error in ordering the payment to the parties herein of an amount different from the amount determined by the Honorable Court of Appeals in case number KLCE201801384.

C. The Honorable Court of First Instance acted in error in disregarding the findings of the Honorable Court of Appeals and in totally ignoring the settlement agreement between the parties in case number K EF2011-0240 as endorsed by the Honorable Court of Appeals in case number KLCE201801384.

After some motions were resolved, on April 1, 2019, the appellee submitted its *Response to Certiorari or Appeal*.

On May 2, 2019, the appellants filed a *Motion Requesting Consolidation under Rule 80.1 of the Rules of the Court of Appeals*, whereupon we consolidated appeals KLCE201900284[17] and KLAN201900334.

## II. Statement of Law

### A. Mandate and "Law of the Case" Doctrine

With regard to the mandate, Rule 84 (E) of the Rules of Procedure of the Court of Appeals, 4 LPRA App. XXII-B, provides that "[t]en (10) working days after the decision of the Court of Appeals has become final and enforceable, the Clerk shall send the mandate to the court of first instance or to the corresponding agency, together with the entire original record, when it has been recorded."

---

[17] As stated above, and as decided in *Mun. Rincón v. Velázquez Muñiz*, 192 Puerto Rico Decisions 989, 1000 (2015), this Court of Appeals lacks jurisdiction to hear on its merits the petition for *certiorari* filed by appellees on March 1, 2019, inasmuch as it is premature.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334

7

A mandate is "an order from a higher court to a lower court, notifying it of having reviewed the case on appeal and sending it the terms of its judgment". *Mejias et al. v. Carrasquillo et al.*, 185 Puerto Rico Decisions 288, 300-301 (2012) citing I. Rivera García, *Diccionario de Términos Jurídicos*, New Hampshire, Ed. Equity Publishing Corporation, 1976, p. 158. In this sense, "it is the official means possessed by an appellate court to communicate to a lower court the provision of the judgment under review and to order it to comply with what has been agreed". Id. p. 301. The purpose of the mandate is "to have the lower court act in accordance with the appellate court's pronouncements". *Id; El Pueblo de Puerto Rico v Serrano Chang*, Opinion of December 21, 2018, 2018 TSPR 205, 201 Puerto Rico Decisions ___ (2018).

On the mandate and jurisdiction of the lower court, the Supreme Court of Puerto Rico has stated as follows:

> [O]nce the mandate is remitted by the clerk of the court, the case before said court is finalized for all intents and purposes. Thus, the lower court acquires the power to continue with the proceedings, as ruled by the appellate court... Once the mandate is remitted to the lower court, the lower court regains jurisdiction over the case for the sole purpose of issuing the judgment, just as it was issued on appeal, and the appellate court loses its jurisdiction.

*Id. Colón et al. v. Frito Lay*, 186 Puerto Rico Decisions 135, 153-154 (2012).

The Supreme Court has further stated that "the mandate has a dual function that impacts the jurisdiction of the lower court. First, it gives it authority over the case once again while at the same time allowing it to resolve the case in accordance with the guidelines provided by the resolution or judgment in question. *Id.* p. 155.

Once "the mandate is received, the decision of the appellate court constitutes the law of the case, and the lower court must limit itself to complying with what has been ordered." *Rosso Descartes v. BGF*, 187 Puerto Rico Decisions 184, 192 (2012). In other words, "[t]he lower court must confine itself to what was ordered by the appellate court, which constitutes the law of the case between the parties." *Id.* According to the

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334

8

law of the case doctrine, "the determinations and matters decided and considered by a court, particularly by an appellate court, bind both a lower court and the court that issued them and preclude reexamination[. Therefore,] [t]hese matters and rulings aere final and enforceable". *Id.* Their purpose is "to ensure the orderly and prompt processing of litigation and to promote the stability and certainty of the law". *Id.*

Notwithstanding the foregoing, the Supreme Court of Puerto Rico has provided the following detailed explanation regarding compliance with a mandate issued by the appellate court:

> [W]hile it is true that lower courts are required to adhere to and faithfully comply with the judicial mandate of a higher court, they retain discretion to reconsider matters that were not expressly or implicitly decided by the court that issued the mandate... This should not be interpreted as a blank check for the lower courts to act outside the directive that was issued. Therefore, it is to be understood that the lower courts may only review those matters not covered by the mandate, to wit, those matters that do not arise explicitly or implicitly therefrom. As to the explicit matters, they are understood to be those matters that arise from the judgment clearly and without room for ambivalence. However, the implicit ones are those established in the case of *Pan American v. Superior Court*, [97 Puerto Rico Decisions 435 (1969)], to wit, those matters that, although they were not litigated, could have been litigated and were not; or those that arise from the mandate itself, as well as those that must be carried out in order to give effect to the mandate.

*Mejías et al. v. Carrasquillo et al., supra*, pp. 302-303. (Emphasis added.)

### III. Application of the law to the facts

Regarding the writ of *certiorari*, case no. KLCE201900284, the appellee went before this appellate court on March 1, 2019, requesting the revocation of the determinations made by the trial court on January 23, 2019, with notice thereof having been served on January 30, 2019. However, after notice of the ruling, the appellee, as well as the appellants, filed their motions for reconsideration before the trial court on February 14, 2019. The motions for reconsideration were filed

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334                                                         9

fifteen (15) days after notice of the judgment was issued and in compliance with the requirement of specificity. The filing is therefore considered timely, as it occurred within the deadline provided by Rule 47 of the Rules of Civil Procedure, 32 LPRA App. V, R. 47.

Having filed the writ of *certiorari* on March 1, 2019, **the appellee appealed before us at a time before the CFI had finally ruled on the motions for reconsideration that were filed, which by that date were still pending**. The timely filing of a motion for reconsideration (such as the ones filed in this case), once the requirements of specificity were met, had the immediate effect of suspending the deadlines that the parties had for resorting to this appellate court until the trial court issued a final ruling on the motion. *Mun. Rincón v. Velázquez Muñiz*, 192 Puerto Rico Decisions 989, 1000 (2015). The clock for appealing before us began to run again from the date on which the CFI resolved the motion for reconsideration and entered its ruling in the record, in this case on March 5, 2019. *Id*. In other words, unlike what used to happen under Rule 47 of Civil Procedure of 1979, in which the deadline to appeal was understood to be suspended only if the court considered the motion, **now the mere timely filing automatically stops the statutory clock for going before a higher court. The clock will begin to run again upon issuance of a final ruling on the request for reconsideration.** *Morales et al. v. The Sheraton Corp*, 191 Puerto Rico Decisions 1 (2014). The consequence of the appellee having filed its appeal prior to the resolution of the petitions for reconsideration that were pending adjudication before the CFI is dismissal for premature action. *Mun. Rincón v. Velázquez Muñiz*, 192 Puerto Rico Decisions 989, 1000 (2015).

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.


KLCE201900284 cons. with KLAN201900334                                     10

In the *appeal* under case number KLAN201900334, the appellants stated that the CFI erred by issuing a *Resolution* and a *Partial Judgment* that were incompatible with the mandate of the appellate court in case number KLCE201801384, which was resolved on November 13, 2018. In particular, they stated that the CFI had erred by ordering the payment of $10,948.00 as full payment of just compensation for parcels 021-01 and 021-04, which is a different amount from the amount of $26,141.32 that was determined by the parties in the *Settlement Agreement*, and which was endorsed by the appellate court in said case. Since they are closely related, the errors in question will be discussed together.

Upon review of judgment issued by the sister reviewing court on November 13, 2018, said court determined that the stay of the case in question before the federal court was partially lifted with respect to the appellants, thus allowing the parties' *Settlement Agreement* to be put into effect. The court also clearly stated that "the only pending matter with respect to the [appellants was] to determine the amount to be received as just compensation, amounts that the parties had already agreed upon as part of the aforementioned agreement, which was accepted by the federal court". [18] Therefore, the appellate court remanded the case to the trial court for the trial court to issue a partial judgment based on said settlement agreement between the parties and to order the withdrawal of funds, by virtue of which the stay was lifted.

Once the mandate was remitted, the trial court with jurisdiction ruled that the amount to be paid to the appellants as just compensation for parcels 021-01 and 021-04 was $10,948.00. As we can see, said action by the CFI violates the determination of the appellate court, which clearly ordered that the amount to be determined was the amount

---

[18] *Appeal*, Appendix XII, Judgment of November 13, 2018, pp. 76-77.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.

KLCE201900284 cons. with KLAN201900334                                11

set forth in the *Settlement Agreement*. It appears from the judgment, and is corroborated in the *Settlement Agreement* between the parties, that it was known to the CFI that the amount referred to by the appellate court was $26,141.32.[19]

The CFI started from the amount of $16,448.00 from the initial agreement filed in federal court, by virtue of which the stay had been partially lifted in favor of the appellants. From that sum, it subtracted $5,500.00, the amount of the check issued in favor of the appellants on February 23, 2015, arriving at the sum of $10,948.00. The CFI acted in violation of and without regard to the *Settlement Agreement* that had been subsequently submitted to the CFI, and which was not reported to the federal court because the matter fell under the jurisdiction of the state court.[20] Likewise, it erroneously deducted the sum of $5,500.00, which had already been previously collected, from the sum of $16,448.00 that had been deposited.

Based on the *Settlement Agreement* endorsed by our appellate court in its November 13, 2018 *Judgment*, the parties agreed to the sum of $31,641.32 as full payment to the appellants of just compensation for parcels 021-01 and 021-04. Of that amount, on February 23, 2015, the appellants cashed a check[21] that had been issued in the amount of $5,500.00, leaving an outstanding amount of $26,141.32. The appellee had deposited $16,448.00 with the court; thus, on June 22, 2018, it proceeded to deposit the difference—i.e., the sum of $9,693.32—for a total amount of $26,141.32.[22]

For the foregoing reasons, we dismiss the petition for *certiorari* for lack of jurisdiction as premature.

---

[19] *Appeal*, Appendix XII, Judgment of November 13, 2018, pp. 74, 76-77.
*Appeal*, Appendix III, Settlement Agreement, pp. 19-20.
[20] *Writ of Certiorari*, Appendix, Order denying relief sought in notice of compliance and petition for payment of funds (docket entry no. 345) and motion informing status of case and request of order (docket entry no. 406), p. 51.
[21] *Writ of certiorari*, Appendix, p. 58.
[22] *Writ of certiorari*, Appendix, p. 110.

[three signatures in left margin]

KLCE201900284 cons. with KLAN201900334    12

Furthermore, in connection with the appeal, we order the amendment of the *Resolution and Partial Judgment* issued by the CFI with respect to the payment of just compensation for parcels 021-01 and 021-04 in favor of the appellants. In accordance with the reasoning herein, we remand the case to the trial court to order the delivery of the amount of $15,193.32[23] in full payment of just compensation to the appellants.

So pronounced and so ordered by the Court and certified by the Clerk.

[signature]
Lilia M. Oquendo Solís
Clerk of the Court of Appeals

---

[23] The appellants withdrew the sum of $10,948.00; hence, $15,193.32 remains in their favor.

[three signatures in left margin]

Certified to be a correct and true translation from the source text in Spanish to the target language English.

9 / MAY / 2023 – Nikolaj D. Widenmann | ATA-certified Spanish-English translator, certification number 482804 by Targem Translations Inc.