UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

SECOND AMENDED AND RESTATED[2] ORDER ESTABLISHING, AMONG
OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING
OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

Upon the motion (Docket Entry No. 23100 in Case No. 17-3283 and Docket Entry No. 3114 in Case No. 17-4780, the "Motion")[3] dated December 16, 2022, of the Puerto Rico Electric Power Authority ("PREPA"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" and in its capacity as representative of PREPA, the "Debtor"), as sole Title III representative of the debtors under PROMESA Section 315(b), requesting entry of an order establishing, among other things, procedures and deadlines concerning objections to confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to PROMESA Section 306(a); and it appearing that venue in this district is proper pursuant to PROMESA Section 307(a); and due and proper notice of the Motion having been provided and it appearing that no other or further notice need be provided; and the Court

---

[2]   This Second Amended and Restated Order modifies the prior amended and restated order issued by the Court (Docket Entry No. 23676 in Case No 17-3283 and Docket Entry No. 3305 in Case No. 17-4780) by (i) modifying the schedule for confirmation proceedings in the manner requested in the *Joint Urgent Motion of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Syncora Guarantee, Inc., U.S. Bank National Association as PREPA Bond Trustee, and the Financial Oversight and Management Board for Puerto Rico for an Extension of Certain Confirmation Deadlines* (Docket Entry No. 24333 in Case No. 17-3283 and Docket Entry No. 3550 in Case No. 17-4780) and (ii) removing and replacing the provisions in paragraphs 25 and 26 that permitted the filing of redacted expert reports in a manner inconsistent with the *Sixteenth Amended Notice, Case Management and Administrative Procedures* § I.L (Docket Entry No. 20190-1 in Case No. 17-3283) and the *Amended Joint Standing Order on Sealing and Redacting* § A.3 (Docket Entry No. 13630 in Case No. 17-3283). The modifications in this Order to the schedule for confirmation proceedings are deemed to modify the Court's order approving the disclosure statement (Docket Entry No. 23675 in Case No. 17-3283 and Docket Entry No. 3304 in Case No. 17-4780).

[3]   Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion.

having determined the relief sought in the Motion is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and in accordance with the Court's *Order Concerning Modifications to Proposed Discovery and Confirmation Schedule* (Docket Entry No. 23636 in Case No. 17-3283 and Docket Entry No. 3284 in Case No. 17-4780) entered on February 27, 2023, (the "February 27 Order") it is hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. Except to the extent provided herein, any remaining Objections are overruled.

**Summary of Deadlines for Discovery and Confirmation**

3. In accordance with the February 27 Order and subject to additional instructions provided in the remainder of this Order, the following deadlines shall apply to discovery and confirmation of the Plan:

| Summary of Discovery Deadlines[4] | |
|---|---|
| **March 1, 2023** | Conversion of Disclosure Statement depository to Plan Depository |
| **Five Business Days After Entry of DS Approval Order** | Deadline for Confirmation Hearing Notice to be served. |
| **March 11, 2023** | Deadline for the Debtor to upload all documents to the Plan Depository. |
| | Deadline for the Debtor to file a preliminary fact witness list and topics about which each witness will testify ("Debtor's Preliminary Fact Witness List"). |
| **28 Days After Entry of DS Approval Order** | Deadline for Debtor to complete mailing of solicitation materials. |

---

[4] The confirmation deadlines approved in connection with the Disclosure Statement Motion are highlighted below in grey shading.

| | |
|---|---|
| **April 7, 2023** | Deadline for parties in interest to file a "Notice of Intent to Participate in Discovery," (hereafter, a "<u>Discovery Notice</u>"). Only parties in interest who file a timely Discovery Notice can propound discovery, but failure to do so does not preclude a party from objecting to confirmation of the Plan. |
| **April 14, 2023** | Deadline for all parties to serve requests for production of non-depository documents ("<u>Production Requests</u>"). Parties in interest may serve Production Requests only following their filing of a timely Discovery Notice.<br><br>Parties may serve up to one additional round of Production Requests, provided that they are served on or before May 8, 2023.<br><br>Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
| | Deadline for parties in interest to file a preliminary fact witness list and topics about which each witness is expected to testify (a "<u>Party in Interest's Preliminary Fact Witness List</u>," and together with the Debtor's Preliminary Fact Witness List, the "<u>Preliminary Fact Witness Lists</u>"). |
| | Deadline for all parties to file opening expert disclosures ("<u>Opening Expert Disclosures</u>"). |
| **April 21, 2023** | Deadline for all parties to serve up to fifteen (15) interrogatories ("<u>Interrogatories</u>"), including subparts. Responses and objections to such Interrogatories shall be served within ten (10) days of service of such Interrogatories. |
| **April 28, 2023** | Deadline for all parties to file opening expert reports ("<u>Opening Expert Reports</u>"). |
| | Deadline for all parties to serve initial notices of deposition, topics and requested times for depositions ("<u>Initial Notices of Deposition</u>") (all depositions are limited to a seven (7)-hour time limit). Subsequent notices are allowed provided discovery is completed by the Fact Discovery Deadline or Expert Discovery Deadline, as applicable. |
| **May 8, 2023** | Deadline for all parties to file rebuttal expert disclosures ("<u>Rebuttal Expert Witness Disclosures</u>"). |

|  | Deadline for parties who have served a Production Request on or before April 14, 2023 to serve up to one additional round of Production Requests. Responses and objections to any Production Requests shall be served within seven (7) days of service of such Production Requests. |
|---|---|
| **May 15, 2023** | Deadline for all parties to file rebuttal expert reports ("Rebuttal Expert Reports"). |
| **May 17, 2023** | Deadline for the Debtor to file the form of the New Master Indenture. |
| **May 26, 2023** | Deadline for all parties to serve requests for admission, limited to authentication of documents ("Admission Requests"). Responses and objections to such Admission Requests shall be served within four (4) business days of service of such Admission Requests. |
|  | Deadline for completion of fact discovery (the "Fact Discovery Deadline"). |
|  | Deadline for parties in interest who solely want access to documents in the Plan Depository to file a Discovery Notice. |
| **May 31, 2023** | Deadline for the Debtor to file initial proposed confirmation order (the "Proposed Confirmation Order"). |
| **June 2, 2023** | Deadline for completion of expert discovery (the "Expert Discovery Deadline"). |
|  | Deadline for all parties to file Daubert motions and motions *in limine*. |
| **June 7, 2023** | Voting Deadline & Election Deadline |
|  | Deadline for parties in interest to file:<br>• Objections to Proposed Confirmation Order. |
| **June 9, 2023** | Deadline for all parties to file oppositions to Daubert motions and motions *in limine*. |
| **June 12, 2023** | Deadline for parties in interest to file:<br>• Objections to confirmation of the Plan ("Plan Objections"). |
| **June 16, 2023** | Deadline for all parties to file replies in support of Daubert motions and motions *in limine*. |
|  | Deadline for all parties to file finalized witness lists, exhibit lists, and deposition designations. |

| | |
|---|---|
| **June 23, 2023** | Deadline for all parties to file counter-designations, objections to deposition designations, or objections to exhibit lists. |
| **June 26, 2023** | Deadline for Debtor to file:<br>• Memorandum of law in support of confirmation of the Plan.<br>• Omnibus reply to Plan Objections and objections to the Proposed Confirmation Order.<br>• Witness Declarations.<br>• Vote Tabulation.<br>• Initial proposed findings of fact and conclusions of law ("Proposed Findings of Fact and Conclusions of Law"). |
| | Deadline for parties in interest to file statements or joinders in support of confirmation of the Plan. |
| | Deadline for non-Debtor parties to file witness declarations. |
| **June 30, 2023** | Deadline for all parties to file objections to counter designations. |
| **July 3, 2023** | Deadline for parties in interest to file objections to the (i) Vote Tabulation and/or (ii) Proposed Findings of Fact and Conclusions of Law. |
| **July 10, 2023** | Deadline for Debtor to reply to objections to the (i) the Vote Tabulation and (ii) Proposed Findings of Fact and Conclusions of Law. |
| **Week of July 10, 2023**<br><br>**(or a date convenient for the court)** | Virtual hearing on motions *in limine* / pre-trial conference. |
| **July 17–21, 24–28, 2023** | Confirmation Hearing |

### **Designation of Fact Witnesses**

4. On or before the date that is ten (10) days following entry of this Order, the Debtor shall file the Debtor's Preliminary Fact Witness List. The deadline for parties in interest to file a Party in Interest's Preliminary Fact Witness List is **April 14, 2023**. The Preliminary Fact

Witness Lists shall set forth (a) the names of the witnesses that such party anticipates presenting at the Confirmation Hearing and (b) the topics for which the testimony of any such witness shall be offered.

5. Notwithstanding the designation of a person on a Preliminary Fact Witness List, the party filing such witness list would not be (a) required to present any such witness during the Confirmation Hearing, (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Preliminary Fact Witness Lists to rebut testimony offered or adduced at the Confirmation Hearing, or (c) precluded from amending their Preliminary Fact Witness List on or before **May 17, 2023**, so long as the party amending the list provides an opportunity for any new witness to be deposed prior to the start of the Confirmation Hearing.

6. For purposes of the Confirmation Hearing, the Debtor and any party in interest may present the testimony of any designated person by either the submission of a declaration of such person or use of deposition testimony in accordance with Bankruptcy Rule 7032, subject to (a) the rights of the Debtor or any party that has filed an objection to confirmation of the Plan on or before the Objection Deadline, as applicable, to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. In the event that parties intend to introduce such testimony by the submission of one or more declarations, (i) such declarations shall be filed with the Court and served in accordance with the Local Rules no later than **June 26, 2023**, and (ii) any such declarant shall be present at the Confirmation Hearing and be available for cross-examination.

**Plan Depository**

7. The procedures set forth in **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached to the Court's *Order (I) Scheduling a Hearing to Consider the Adequacy of Information Contained in the Disclosure Statement, (II) Establishing the Deadline for Filing Objections to the Disclosure*

*Statement and Replies Thereto, (III) Approving Form of Notice Thereof, (IV) Establishing Document Depository Procedures in Connection Therewith, and (V) Granting Related Relief* (Docket Entry No. 23159 in Case No. 17-3283 and Docket Entry No. 3132 in Case No. 17-4780, the "DS Hearing Scheduling Order") shall apply in equally full force and effect to the Depository and be unmodified except to the extent set forth herein:

    a. To the extent not already uploaded to the Depository, on or before the date that is ten (10) days following entry of this Order, the Debtor shall populate the Depository to include, in addition to the documents previously residing in the Depository, at least the following documents (collectively, the "Documents"):

        i. Debtor's relevant non-privileged documents relied upon by the Debtor in analyzing its assets and the various claims asserted against it; and

        ii. Debtor's relevant non-privileged documents concerning the Best Interests Test Report set forth in the Disclosure Statement.

    8. Any party in interest who (a) provides the information requested on the Depository website and attests to the truth of such information shall be provided access to the Depository, and (b) executes the Protective Order by submitting an electronic version of the subscription in the form annexed to the DS Hearing Scheduling Order as **Exhibit 3** (a "Protective Order Subscription") on the Depository website shall be provided access to documents in the Depository that have been designated as Confidential. In addition, any representative of a party in interest who executes a Protective Order Subscription shall receive access to documents in the Depository that have been designated as Confidential.

    9. Notwithstanding the placement of any document in the Depository and the review of any such document by a party in interest, the Debtor shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of

Evidence and applicable law; <u>provided</u>, <u>however</u>, that, to the extent that a document contained in the Depository has been created by the Debtor, it shall have waived the right to object to the use or introduction of such document on the basis of authenticity. Additionally, to the extent that the Debtor inadvertently includes privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege. Such protective measures are necessary to provide the requesting parties access to relevant materials in a timely and efficient manner.

10. Consistent with the Terms and Conditions Order, as amended from time to time, no "Settlement Proposals" (as defined therein) received by the Debtor from any of the Mediation Parties, shall be included in the Depository or has been produced to any party in interest. Prior to producing any Documents received by the Debtor from any of the Mediation Parties, the Debtor agrees to (i) confirm that such Documents have not been designated to constitute a "Settlement Proposal" under the Terms and Conditions Order and (ii) provide such producing party or parties two (2) business days' notice of its intent to produce such Documents, during which the producing party or parties may review and confirm that the Documents do not constitute a "Settlement Proposal" as defined in the Terms and Conditions Order. Additionally, to the extent that the Debtor inadvertently includes any "Settlement Proposals" in the Depository, it shall not be deemed to comprise any waiver of any applicable rights or privileges.

**Discovery**

11. Parties in interest that wish to participate in discovery and/or obtain access to the Depository must file a Discovery Notice.

12. Parties in interest who file a Discovery Notice on or before **April 7, 2023** shall be able to (i) access documents in the Depository, and (ii) to participate in other discovery, including serving their own discovery requests and participating in questioning at depositions, as set forth in the schedule listed above and in paragraphs 12 through 22 below.

13. Nothing herein shall preclude (i) parties in interest who do not file a Discovery Notice from filing an Objection to confirmation of the Plan on or before the Objection Deadline and (ii) parties in interest from seeking discovery of any party, other than the Debtor, in connection with a properly filed objection to confirmation of the Plan and the party from whom discovery is sought objecting thereto.

**Additional Discovery**

14. In addition to being provided access to the Depository, subject to the requirements outlined above, any party in interest who has filed a Discovery Notice by **April 7, 2023**, may serve upon or notice the Debtor the following types of discovery requests in connection with the Confirmation Hearing (collectively, the "Permitted Discovery"), as set forth in paragraphs 14 through 22 below. Fact discovery will conclude on **May 26, 2023** (the "Fact Discovery Deadline").

15. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014, parties in interest who have filed a Discovery Notice by **April 7, 2023** may serve requests for production of non-depository documents ("Production Requests") on or before **April 14, 2023**; provided, however, if a party in interest has served a Production Request on or before April 14, 2023, such party in interest may serve one (1) additional Production Request on or before **May 8, 2023**. Parties in interest may serve Production Requests only following their filing of a Discovery Notice. Notwithstanding anything otherwise contained here, recipients of Production Requests shall be required to respond to such Production Requests, including any objections thereto, within seven (7) days after being served with such Production Requests; provided, however, that recipients of Production Requests may respond later than seven (7) days after being served, should (a) the parties to the Production Requests agree on an alternative

deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline. Production Requests do not need to be accompanied by any certification regarding the lack of any documents responsive to such requests in the Depository. Nevertheless however, if the Debtor believes that documents or information requested in a Production Request are already in the Depository, the Debtor's responses and objections to such Production Request shall direct the requesting party to such documents with specificity.

16. Nothing contained herein shall inhibit the rights of (a) a recipient of a discovery request to object or respond as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules, as made applicable by PROMESA Section 310; or (b) a party from serving up to two (2) Production Requests in accordance with the applicable deadlines established pursuant to this Order.

17. Under Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7033 and 9014, parties in interest may serve up to fifteen (15) interrogatories ("Interrogatories"), including subparts, on or before **April 21, 2023**. The deadline for recipients of Interrogatories to respond to such Interrogatories, including any objections thereto, is ten (10) days after being served with such Interrogatories; provided, however, that recipients of Interrogatories may respond later than ten (10) days after being served, should (a) the parties to the Interrogatories agree on an alternative deadline, and (b) such responses and objections are served on or before the Fact Discovery Deadline.

18. Under Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7036 and 9014, parties in interest may serve requests for admission ("Admission Requests") on or before **May 26, 2023** solely with respect to the authentication of documents

intended to be offered as exhibits at the Confirmation Hearing. Recipients of Admission Requests shall serve their responses within four (4) business days of service of such Admission Requests.

19. Pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014, parties in interest may serve Initial Notices of Deposition on or before **April 28, 2023**. Notwithstanding the deadline for Initial Notices of Deposition, the Debtor or parties in interest who have filed Objection Notices may file Follow-up Deposition Notices; provided, however, that all depositions, whether pursuant to an Initial Deposition Notice or a Follow-Up Deposition Notice, must be completed by the Fact Discovery Deadline for fact witnesses and the Expert Discovery Deadline for expert witnesses; and provided, further, that an Eligible Creditor who has timely filed a Discovery Notice on or before **April 7, 2023**, may participate at such deposition by remote means or in-person. Any party in interest that files an Objection to confirmation of the Plan during the period up to and including the Objection Deadline, shall be entitled to attend (by remote means or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice. With regard to depositions, and the exhibits thereto, in which the witness will testify about Confidential Information (as defined in the DS Hearing Scheduling Order) and which is subject to the Protective Order for the Depository, the noticing party shall take all necessary steps to ensure that parties in interest attending such deposition and who will have access to the exhibits have signed the Protective Order Subscription on the Depository website.

20. Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, unless otherwise agreed to by the parties or as directed by the Court, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties; provided,

however, that, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate.

21. Any documents produced between non-Debtor parties in interest shall be contemporaneously produced to the Debtor and included by the Debtor in the Depository.

**Discovery Disputes**

22. In the event that a discovery dispute (a "Discovery Dispute") arises, the parties to the Discovery Dispute shall meet and confer in an attempt to resolve the Discovery Dispute (the "Dispute Conference"). If the parties to the Discovery Dispute are not able to resolve the Discovery Dispute during the Dispute Conference, (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall inform the Court of the existence of such Discovery Dispute via the filing of a joint informative motion in Case No. 17-4780 and the Court shall schedule a chambers conference, telephonic, virtual or in-person conference, as soon as possible to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) within three (3) business days of the Dispute Conference, each of the parties to such Discovery Dispute shall provide the Court with a letter, via email to deindprcorresp@mad.uscourts.gov, describing the issues associated therewith and setting forth the legal support for the position taken by such party. Upon resolution of a Discovery Dispute, the Court shall file an order on the docket in Case No. 17-4780. Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

23. Notwithstanding the above, the parties may adjust specific deadlines set by the Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with the Court, or (b) hearing dates.

**Expert Witnesses and Reports**

24. On or before **April 14, 2023**, the Debtor and parties in interest shall file Opening Expert Disclosures setting forth the names of the initial expert witnesses that such party anticipates presenting at the Confirmation Hearing.

25. Notwithstanding the requirement under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7026, to disclose an expert report at the time of disclosure of the identity of expert witnesses, the Debtor and any party in interest who has timely disclosed the identity of an expert witness on its Fact Witness List or Opening Expert Disclosure, shall file its Opening Expert Report(s) on or before **April 28, 2023**. Requests to file unredacted documents under seal must comply with the *Sixteenth Amended Notice, Case Management and Administrative Procedures* § I.L (Docket Entry No. 20190-1 in Case No. 17-3283) and the *Amended Joint Standing Order on Sealing and Redacting* § A.3 (Docket Entry No. 13630 in Case No. 17-3283).

26. On or before **May 8, 2023**, the Debtor and each party in interest shall file Rebuttal Expert Witness Disclosures, setting forth the names of the rebuttal expert witnesses that such party anticipates presenting at the Confirmation Hearing. The Debtor and each party in interest who has timely disclosed the identity of an expert witness in a Rebuttal Expert Witness Disclosure shall file the accompanying Rebuttal Expert Report on or before **May 15, 2023**. Requests to file unredacted documents under seal must comply with the *Sixteenth Amended Notice, Case Management and Administrative Procedures* § I.L (Docket Entry No. 20190-1 in Case No.

17-3283) and the *Amended Joint Standing Order on Sealing and Redacting* § A.3 (Docket Entry No. 13630 in Case No. 17-3283).

**Pre-Confirmation Hearing Conference**

27. During **the week of July 10, 2023**, the Court shall hold a pre-trial conference in advance of the Confirmation Hearing to discuss any outstanding motions *in limine*, the schedule for the Confirmation Hearing and presentation of testimony in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Witness Lists, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

28. For purposes of the Confirmation Hearing, direct testimony shall be by Witness Declaration or deposition transcript, in accordance with the deadlines set forth above. Such presentation of direct testimony by the Debtor shall be subject to (a) the rights of any party that has filed an Objection to confirmation of the Plan on or before the Objection Deadline to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. Such presentation of direct testimony by any party in interest shall be subject to (a) the rights of the Debtor to object to the presentation thereof, and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. Any such declarant shall be present at the Confirmation Hearing and be available for cross-examination and rebuttal testimony, if any.

29. Notwithstanding the deadlines set forth above for the Debtor to file a Proposed Confirmation Order and Proposed Findings of Fact and Conclusions of Law, the Debtor shall file a final proposed confirmation order and final proposed findings of fact and conclusions

of law shortly after conclusion of the Confirmation Hearing, in accordance with further instructions by the Court, and which shall be annotated to the transcript of the Confirmation Hearing.

**Confidentiality**[5]

30. The Protective Order governing Confidential Information attached as **Exhibit 2** to the DS Hearing Scheduling Order shall remain in full force and effect.

31. In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information by the Debtor in connection with this Title III Case shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

32. **No Warranty of Accuracy.** Each party accessing the Depository understands that the Debtor will endeavor to include in the Confidential folders in the Depository materials relevant for the purpose of evaluation of the Plan, but each party acknowledges that the Debtor does not make any representation or warranty as to the accuracy or completeness of any Confidential Information so provided, and the Debtor shall not have any liability to any party or its Representatives resulting from the use of such information by a party or its Representatives.

33. **No Waiver.** No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

---

[5] Capitalized terms used in this "Confidentiality" section, but not otherwise defined herein shall have the meaning ascribed to those terms in the Protective Order.

**Notice**

34. Within five (5) Business Days of entry hereof, or as soon as practicable thereafter, the Debtor shall cause the Balloting Agent (as defined in the Disclosure Statement Motion) to complete the mailing of this Order, together with a copy of the *Notice of Intent to Participate in Discovery for Confirmation of PREPA Plan of Adjustment*, a copy of which is attached hereto as **Exhibit 1**, in accordance with the Bankruptcy Rules and the Local Rules.

**Jurisdiction**

35. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

36. This Order resolves Docket Entry No. 23100 in Case No. 17-3283 and Docket Entry No. 3114 in Case No. 17-4780.

SO ORDERED.

Dated: May 26, 2023

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

# **EXHIBIT 1**

**Form of Discovery Notice**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**NOTICE OF INTENT TO PARTICIPATE IN DISCOVERY
FOR CONFIRMATION OF PREPA PLAN OF ADJUSTMENT**

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

_____ ("Participant") hereby submits this notice of intent to participate in discovery for confirmation of the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. \_\_\_\_\_], as may be amended, modified, or supplemented, pursuant to the Court's *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. _____] and respectfully states as follows:

1. **Participant's contact information, including email address, and that of its counsel:**

Participant's Name

Participant's Address

Names and Addresses of Counsel:

Email Addresses of Counsel:

2. **Participant's Claim number and the nature of Participant's Claim:**

Claim Number:

Nature of Claim:

Respectfully submitted,

Dated: _____