## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br>*Junta de Supervisión y Administración Financiera para Puerto Rico*<br><br>*como representante del*<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *el al.*<br>*Deudores* | PROMESA<br>Titulo III<br><br>**Núm. 17 BK3283-LTS**<br>(Administrado Conjuntamente)<br><br>La presente radicación guarda relación con el ELA y el SRE |

## REPLICA A LA QUINIENTA SETENTA Y UNA OBJECION NO SUSTANTIVA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DEFICIENTES

Comparece José A. Soler Vargas representado por conducto de la abogada que suscribe y muy respetuosamente Expone, Alega y Solicita:

1) Debido a que el Señor José Soler Vargas posee una causa de acción bajo el Titulo VII en su Sección 1983 contra el Gobierno de Puerto Rico y sus funcionarios en su carácter personal, considera que es violatorio de sus derechos constitucionales que se desestime su reclamación. Es esta una reclamación que alega violación del principio del mérito por discrimen político. Véase en el Anejo A. copia de esta.

2) Esta demanda se incoa a causa de que el Departamento de la Familia y varios funcionarios allí citados[1], privaron al Demandante y a otros seis empleados Públicos que fungían como trabajadores sociales en la Unidad de Investigaciones Especiales. (UIE), antes conocida como Programa de Emergencia Sociales (PES). Esa demanda como se puede apreciar aduce todas las cuestiones de contenido y forma que las

---

[1] Se traen al pleito en su carácter personal a las entonces secretarias del Departamento de la Familia Idalia Colon Rodón y Yanitza Irizarry Méndez, y las ayudantes de estas Brenda Liz González Méndez y María Luisa Torres Colon

Reglas de Procedimiento Civil requiere para evaluar la naturaleza y alcance de sus reclamaciones conforme al Debido proceso de Ley.

3) Es evidente que contrario a lo aquí a su última donde se queja de falta de notificación adecuada de una reclamación que ha litigado temerariamente), el Gobierno de Puerto Rico, en lo especifico su Poder Ejecutivo conoce este proceso que ha litigado casi hasta la etapa final de Vista Administrativa, pues como cuestión de hecho y derecho el litigio quedo detenido en su última etapa y fecha de gestión puesta en la tarea conjunta del informe de Conferencia con Antelación a vista administrativa sometido por las partes el 23 de noviembre del 2015. Véase Anejo III.

4) A partir de esta fecha el Departamento de Justicia se dedicó a presentar Mociones dispositivas para Desestimar la querella llegando incluso a forzar a el demandante a una apelación y varios procedimientos de impugnación de jurisdicción, que, como cuestión de ley y derecho, no podía ganar porque de manera temeraria defendió las malas ejecutorias de una política pública del poder Ejecutivo contenidas en el Memorando General Núm. 5-86. **Hoy sabemos que la política pública allí adoptada por decreto era inconstitucional y además una controversia de derecho que por su naturaleza afectaba los derechos de los empleados demandantes a igual paga por igual trabajo y el principio del mérito. Estos derechos son fundamentales y protegidos por la Catorceava Enmienda. La aplicación de este Memorando eroga la cláusula de protección de los pactos y privilegios adquiridos bajo la Ley laboral Federal y bajo la ley 100 de Derechos Civiles de Puerto Rico. De hecho, la aplicación de este decreto contra la letra de la ley Federal es nulo de raíz**[2].



5) Consideramos que ante esta situación el gobierno ha actuado contra su deber de fiducia, informando a este tribunal razones flacas para solicitar un remedio de la naturaleza que implica la solicitud de desestimación sometida por el deudor de

---

[2] Véase Beltrán Cintrón vs ELA 2020 DTS donde se recoge la falta de jurisdicción sobre la materia para legislar contra la ley federal y reducir los derechos de la parte demandante a disfrutar de la cláusula de contratos y privilegios levantando defensas para protección de sus derechos políticos. Bajo La ley matriz, .Equal Pay Opportonity, se obliga el gobierno local a actuar, so pena de nulidad absoluta de ese contrato de Trabajo porque los deberes y funciones del demandante son esenciales y elementales ya que apoya el derecho a la vida de la población que sirven. Los y las ciudadanos puertorriqueños americanos en riesgo y que requieren del cuido y tutela de nuestro representado.

tantas acreencias, ante lo que a todas luces son expresiones espurias ante la contundencia de lo que ya no pueden razonablemente negar sin entrar en conflictos éticos gravísimos.

6) Se somete en apoyo a esta replica los siguientes documentos;

   I. Anejo con Copia de las Alegaciones de Querella presentada a Comisión Apelativa del Servicio Público,
   II. Copia de Informe de conferencia conjunto
   III. Resolución del Tribunal de Apelaciones Región Judicial De Mayagüez

Por tanto, se solicita que se tome conocimiento de lo aquí documentado y que se nos escuche en la Vista del 7 de junio de 2023 para ventilar nuestras razones de hecho y derecho. El número de reclamación que aquí se suplementa es **14510**.

**CERTIFICO HABER <u>ENVIADO POR CORREO regular , CERTIFICADO</u> la siguiente copia integra de documentos a SECRETARIA( CLERCK OFFICE) TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS SALA150 EDIFICIO FEDERAL SAN JUAN, P.R.00918-1767; ABOGADOS de la Junta de Supervision; ProsKauer ROSE LLP, Eleven Times Square, Nueva York 10036-8299/ ATTN Martin J. Bienestock; y Paul Hasting LLP, 200 Park Avenue, Nueva York 10166/ATT Luc A Despins, James Bliss, James Worthington and G. Alexander Bongartz.**

Respetuosamente sometido hoy 22 de mayo de 2023.

F/JOSE A Soler Vargas

José A Soler Vargas
solervargas@yahoo.com
POBOX Boquerón , Puerto Rico
Teléfono 787- 380-3304
Por conducto

Firmado/
Attorney MICHELLE DE Silvestriz Alejandro
RUA13220
POBOX13282
939-397-1146
msilvestriz @gmail.com
San Juan P.R. 00908