**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**COMISION APELATIVA DEL SERVICIO PÚBLICO**
P.O. Box 41149
San Juan, P. R. 00940-1149
Tel. (787) 723-4242 / Fax (787) 723-4699
www.casp.pr.gov

|  |  |
|---|---|
| **IRMA PAGÁN PAGÁN**<br>& otros (5)<br>Apelante<br><br>v.<br><br>**DEPARTAMENTO DE LA FAMILIA**<br>Apelada | Caso Núm.: **2013-07-0035**<br><br>Sobre:<br>**Reclutamiento & Selección**<br><br>Comisionada Asociada:<br>**Carmen T. Lugo Somolinos** |

## INFORME DE CONFERENCIA CON ANTELACIÓN A LA VISTA PÚBLICA

**Al Ilustre Tribunal**
**P/C de la Honorable Comisionada Asociada**

A tenor con lo dispuesto en la Sección 4.1 (b) del Reglamento Núm. 7313 del 2007, mejor conocido como "Reglamento Procesal" de la Comisión Apelativa del Sistema de Administración de Recursos Humanos, los abogados se reunieron mediante llamada en conferencia el día 31 de marzo de 2015, para lograr la preparación de éste Informe de Conferencia con Antelación a Vista Pública, a los fines de que este Ilustre Foro impartiese su aprobación.



1. **IDENTIFICACIÓN DE LA(S) CONTROVERSIA(S) DE HECHO(S) Y DE DERECHO**

   **Apelante:**

   a. Si el proceso de selección de candidatos a un puesto se realizó conforme a derecho y a la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.], o si por el contrario se le violentó el derecho a los apelantes durante este proceso calado de irregularidades e ilegalidades.

   b. Si los candidatos que fueron seleccionados al Puesto de Trabajador Social I en vez de los apelantes, fue basado en su afiliación política ya que eran miembros del Partido Nuevo Progresista, en violación a la Declaración de Política Pública (§2.1(1)) de la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.], y no por el sistema de mérito que corresponde.

Irma Pagán Pagán & otr.... v. Depto. de la Familia:  Caso Núm. 2013-07-003...
Informe de Conferencia con Antelación a la Vista Pública

c. Si se discriminó en contra de los apelantes, quienes sobrepasaban a los candidatos en preparación académica y experiencia en el empleo.

d. Si el Departamento de la Familia violó la Constitución del Estado Libre Asociado de Puerto Rico y la Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.] al seleccionar candidatos en base a su afiliación política, en total menosprecio por los derechos civiles y constitucionales de los apelantes.

e. Si el Departamento de la Familia violó el Artículo 8(a) de la Ley de Compensación Extraordinaria [Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.] en donde se establece que "todo trabajador irregular empleado por el Gobierno del Estado Libra Asociado de Puerto Rico... adquirirá la condición de empleado regular... (si ha) prestado servicios continuos al Gobierno del Estado Libra Asociado de Puerto Rico por espacio de tres (3) años o más, en una agencia..."

f. Si por las actuaciones ilegales del Departamento de la Familia, los apelantes no recibieron un nombramiento regular como correspondía en derecho y corresponde sean nombrados como tal conforme a derecho.

g. Los daños emocionales y morales que sufrieron los apelantes y la desconfianza en la metodología de selección de empleados para puestos regulares que ignoraron todos los preceptos del sistema de mérito; la cuantía de los daños.




h. Los daños emocionales y morales que sufrieron los apelantes por la humillación de tener que entrenar los candidatos seleccionados, demostrando que ellos [los apelantes] tenían mayor preparación académica y experiencia que los candidatos seleccionados; la cuantía de los daños.

i. La pérdida de ingresos y beneficios dejados de devengar por las ilegalidades del Departamento de la Familia y su cuantía.

**Apelada:**

a) Que esta Honorable Comisión determine si cuenta con jurisdicción para hacer determinaciones en contra de funcionarios públicos en su capacidad personal.

2

Case:17-03283-LTS   Doc#:24362-1   Filed:05/22/23   Entered:05/30/23 15:03:59   Desc:
Exhibit   Page 3 of 65

Irma Pagán Pagán & ot... v. Depto. de la Familia:  Caso Núm. 2013-07-00...
Informe de Conferencia con Antelación a la Vista Pública

b) Que la Honorable Comisión determine si cuenta con jurisdicción para atender la impugnación de nombramiento sin que se le haya notificado a las personas seleccionadas copia de la Apelación o se les haya hecho parte en el proceso.

c) Que esta Honorable Comisión determine conforme al derecho aplicable, la política pública y la evidencia presentada si el proceso mediante el cual se reclutó a cinco personas para el puesto de Trabajador Social I, es válido por haberse llevado a cabo conforme a las normas aplicables al proceso de selección y reclutamiento de empleados.

d) Que esta Honorable Comisión determine conforme al derecho aplicable, la política pública y la evidencia presentada si los Apelantes tienen derecho a ser nombrados en un puesto de carrera.

e) Que esta Honorable Comisión determine si la apelación cumple con el Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos en el Servicio Publico Núm. 7313 del 7 de marzo de 2007

f) Que esta Honorable Comisión determine si la apelación de epígrafe cumple con el Reglamento para Atender Apelaciones de Discrimen con Solicitud de Daños y Perjuicios ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público.

g) Que esta Honorable Comisión determine si conforme al derecho aplicable, la política pública y la evidencia presentada tiene jurisdicción para entretener la apelación de epígrafe.




Nos reservamos el derecho de enmendar las controversias de hecho y de derecho planteadas, de ser necesario, antes de la vista con suficiente antelación a la misma.

2. **IDENTIFICACIÓN DE TODAS AQUELLAS PERSONAS NATURALES Y/O JURÍDICAS QUE PODRÍAN VERSE AFECTADAS POR LA RESOLUCIÓN FINAL QUE EMITA ESTA COMISIÓN EN EL CASO, Y LAS RAZONES DE HECHO Y DERECHO PARA ELLO.**

**Apelante:**

A. Irma Pagán Pagán;

B. Adrieliz Chaparro Ríos;

C. Lizbeth M. Velázquez Nieves;

3

Irma Pagán Pagán & otros...  Depto. de la Familia:  Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

        D.  Vivian Vázquez Castro;

        E.  José A. Soler Vargas;

        F.  Brenda Lee Santiago Galarza,

**Apelada:**

De concedérsele a la parte Apelante la impugnación de los puestos, con ello se afectan aquellas personas que fueron reclutadas bajo la convocatoria número DF-2011-04.  Los nombres de las personas reclutadas son los siguientes:

    a.  Javier Ayala Carraballo – Nombrado en el puesto número 12303846.

    b.  Brendaliz Chaparro Vargas – Nombrada en el puesto número 12303879

    c.  Margarita Burgos Cruz – Nombrada en el puesto número 12303950

    d.  Zaymí Toro Gotay – Nombrada en el puesto número 12303880

    e.  Margarita Castaños Rodríguez – Nombrada en el puesto número 2302333.

**3.  BREVE EXPOSICIÓN DE LA TEORÍA DE CADA UNA DE LAS PARTES**

**Apelante:**



En el presente caso, todos los apelantes laboran para el Departamento de la Familia, en la Unidad de Investigaciones Especiales (UIE), antes conocida como Programa de Emergencias Sociales (PES), ocupando puestos como Trabajador Social I o Técnico de Servicios a la Familia I.  Éstos ocupan una posición transitoria por un periodo de entre 4 y 8 años.

El 11 de marzo de 2011, se publicó la Convocatoria número DF-2011-04, para la posición de Trabajador Social I, con una escala salarial de $1,344.00 - $2,102.00.  Según la convocatoria DF-2011-04, los requisitos mínimos de preparación académica y experiencia eran tener la licencia provisional como Trabajador Social y ser miembro activo del Colegio de Trabajadores Sociales.  La convocatoria DF-2011-04 señala que el nombramiento tendrá un periodo probatorio de seis (6) meses.

Cada uno de los apelantes sometió una solicitud a la convocatoria de Trabajador Social I, con la documentación requerida ya que éstos poseen la preparación académica y experiencia mínima, para cualificar para la misma.  Los apelantes sobrepasan los requisitos mínimos requeridos para este puesto.  Los

4

Case:17-03283-LTS  Doc#:24362-1  Filed:05/22/23  Entered:05/30/23 15:03:59  Desc:
Exhibit  Page 5 of 65

Irma Pagán Pagán & otro... .. Depto. de la Familia: Caso Núm. 2013-07-005.
Informe de Conferencia con Antelación a la Vista Pública

apelantes Irma Pagán Pagán, Adrieliz Chaparro Ríos, Vivian Vázquez Castro y José A. Soler Vargas recibieron un Aviso de Calificación; las apelantes Lizbeth M. Velázquez Nieves y Brenda Lee Santiago Galarza no recibieron tal Aviso; los apelantes Irma Pagán Pagán, Adrieliz Chaparro Ríos y José A. Soler Vargas comparecieron a una entrevista. A la apelante Lizbeth M. Velázquez Nieves, quien compareció a la entrevista, le indicaron que se marchara y su entrevista sería reprogramada. Esto nunca ocurrió. Las apelantes Vivian Vázquez Castro y Brenda Lee Santiago Galarza no fueron citados a entrevista y no fueron incluidas en la Certificación de Elegibles [no fueron notificadas que habían sido incluidas en el Registro de Elegibles].

Los apelantes Irma Pagán Pagán, Adrieliz Chaparro Ríos y José A. Soler Vargas recibieron una notificación de que no fueron seleccionados para el puesto solicitado, esto a pesar de poseer la preparación y experiencia necesaria para ocupar dicha posición. Esta notificación no cumplió con los requisitos de ley para ser una notificación valida. Los apelantes Irma Pagán Pagán, Adrieliz Chaparro Ríos y José A. Soler Vargas solicitaron una reconsideración de la determinación adversa y a la fecha de hoy, no han recibido respuesta alguna.

En octubre de 2011 y como resultado de esta convocatoria, cinco personas, con menor experiencia o preparación académica que los apelantes, fueron seleccionados. Inclusive varios apelantes tuvieron que entrenar a los seleccionados. El 13 de abril de 2012, según expresiones hechas por uno de los candidatos seleccionados, los nombramientos de los cinco seleccionados se debieron a consideraciones políticas, porque eran miembros del Partido Nuevo Progresista.

Por las expresiones hechas por candidatos que fueron seleccionados al Puesto de Trabajador Social I en vez de los apelantes, han indicado que su selección se basó en el hecho de que eran miembros del Partido Nuevo Progresista. Los apelados, en clara violación a la Declaración de Política Pública (§2.1(1)) de la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.], procedieron a seleccionar a los candidatos por la afiliación política que los candidatos expresaron y no por el sistema de mérito que corresponde. De esta



Case:17-03283-LTS   Doc#:24362-1   Filed:05/22/23   Entered:05/30/23 15:03:59   Desc:
Exhibit   Page 6 of 65

Irma Pagán Pagán & otros v. Depto. de la Familia:  Caso Núm. 2013-07-005
Informe de Conferencia con Antelación a la Vista Pública

forma discriminaron en contra de los apelantes, quienes sobrepasaban a los candidatos en preparación académica y experiencia en el empleo.  En adición, los apelados violaron la Constitución del Estado Libre Asociado de Puerto Rico y la Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.] al seleccionar candidatos en base a su afiliación política, en total menosprecio por los derechos civiles y constitucionales de los apelantes.

Como resultado de las actuaciones ilegales de los apelados en su carácter oficial, incluyendo discriminación en su contra, los apelados han causado y continúan causando daños emocionales y económicos a los apelantes quienes reclaman como remedio una compensación por una cuantía no menor de $25,000.00 cada uno.  Los apelados, en su carácter personal, han actuado con menosprecio y deliberada indiferencia por los derechos constitucionales de los apelantes, daños que se valoran en una cuantía no menor de $25,000.00, cuantía reclamada por los apelantes.  Por violaciones a la Ley 100, supra., los apelados responden por una suma igual al doble del importe de los daños causados a los apelantes.

Los apelantes solicitan remedios bajo los Artículos 1802 y 1803 del Código Civil de Puerto Rico ya que participaron en una convocatoria, que a todas luces estaba impregnada por discrimen político, lo que les ha provocado, daños emocionales y desconfianza en la metodología de selección de empleados para puestos regulares que ignoraron todos los preceptos del sistema de mérito.  En adición, los apelantes sufrieron la humillación de tener que entrenar los candidatos seleccionados, demostrando que ellos [los apelantes] tenían mayor preparación académica y experiencia que los candidatos seleccionados.  Como resultado de las actuaciones ilegales de los apelados, éstos le han causado y continúan causando daños emocionales a los apelantes en una cuantía no menor de $75,000.00 cada uno.

Por otro lado, el Artículo 8(a) de la Ley de Compensación Extraordinaria [Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.] establece que "todo trabajador irregular empleado por el Gobierno del Estado Libra Asociado de Puerto Rico… adquirirá la condición de empleado regular… (si ha)



prestado servicios continuos al Gobierno del Estado Libra Asociado de Puerto Rico por espacio de tres (3) años o más, en una agencia..."

Todos y cada uno de los apelantes han ocupado un puesto transitorios por un término mínimo de 5 o más años en el DF, cumpliendo los deberes y responsabilidades de forma diligente, eficiente y alta calidad. Como resultado de las actuaciones ilegales de los apelados, los apelantes no recibieron un nombramiento regular como correspondía en derecho y se solicita sean nombrados como tal conforme a derecho.

En Pérez Villanueva vs. Junta de Apelaciones del Sistema de Administración de Personal, 139 DPR 588 (1995), nuestro más alto foro tuvo la oportunidad de determinar que las agencias, instrumentalidades o autoridades nominadoras del E.L.A. que se encuentran reguladas por la legislación referente a empleados en el servicio público, tienen el **deber** de notificar a los ciudadanos que hayan sido certificados como elegibles, que la plaza por ellos solicitada no les fue adjudicada. Ello como parte del proceso de reclutamiento y selección final de empleados públicos.

En el caso de Pérez Villanueva, supra., el Supremo determinó que, como parte del proceso de reclutamiento y selección de empleados, las agencias del ELA tienen el "deber de notificar a los ciudadanos que hayan sido certificados como elegibles..., que la plaza por ellos solicitada no les fue adjudicada. Deberán también notificar a dichos ciudadanos su derecho a interponer una apelación ante la [Comisión Apelativa del Servicio Público], así como el término para llevar a cabo dicho trámite. Ello a los fines de que éstos tengan oportunidad de determinar si ejercen o no su derecho a apelar."

El Supremo enfatizó que es imprescindible "apercibir a las personas sobre los derechos que le asisten sin que tenga ello que quedar supeditado al arbitrio de la autoridad nominadora. En ese sentido, se logra un equilibrio justo entre los derechos de las partes envueltas en el proceso, y se garantizan las exigencias del debido proceso de ley" y la falta de notificación enerva el derecho que tiene una parte a cuestionar la determinación adversa de la agencia, violentando así su debido proceso de ley . Id. a la pág. 598.

En el caso de las co-apelantes Lizbeth M. Velázquez-Nieves, Brenda Lee Santiago-Galarza y Vivian Vázquez-Castro, el Departamento de Familia nunca les notificó la decisión adversa, su derecho a solicitar la revisión administrativa.

En el caso particular de los co-apelantes Irma Pagán-Pagán, Adrieliz Chaparro-Ríos y José A. Soler-Castro, la notificación que recibieron fue inadecuada ya que la agencia les informó que podían solicitar una revisión 1) a la División de Reclutamiento de la propia agencia; o, 2) ante la Comisión Apelativa del servicio Público. La notificación, en la parte pertinente, lee:

> *"Si usted es un empleado(a) no cubierto(a) por el Convenio Colectivo o es un(a) solicitante externo(a) al Departamento, puede solicitar reconsideración por escrito, a la División de Reclutamiento, dentro del término de diez (10) días a partir de esta determinación o apelar ante la Comisión Apelativa del Servicio Público dentro del término de treinta (30) días, contados a partir del recibo de la presente, a la siguiente dirección: Apartado 90223990, San Juan, PR 00902-3990. Usted tiene la obligación de enviar copia de su apelación a la Secretaria del Departamento de la Familia, a la Oficina de Asesoramiento Legal, PO Box 11398, San Juan, PR 00910-1398 o entregarla personalmente en el Cuarto Piso del Secretariado, Edificio Lila Mayoral, Avenida Barbosa 306, Hato Rey. [Énfasis suplido]"*

Los co-apelantes, conforme a la instrucciones que recibieron en sus respectivas carta, procedieron con la primera opción, o sea, solicitar una revisión directamente en el Departamento de la Familia. Esta notificación también fue inadecuada y violó el derecho al debido proceso de ley de los co-apelantes, ya que les informó que podían escoger uno de dos métodos de revisión y éstos optaron por el proceso interno de la agencia.

Previo a la aprobación del Plan de Reorganización Núm. 2 de 26 de julio de 2010 sobre el Plan de Reorganización de la Comisión Apelativa del Servicio Publico, la Ley para la Administración de los Recursos Humanos en el Servicio Público [3 LPRA §1301, et. seq.] en su Sección 13.14(4) "[e]n aquellos casos en que la Comisión pudiera tener jurisdicción, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito, a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una apelación ante la Comisión." Esta sección le permitía al solicitante recurrir en revisión tanto a

Irma Pagán Pagán & ot... v. Depto. de la Familia:  Caso Núm. 2013-07-0...
Informe de Conferencia con Antelación a la Vista Pública

Comisión como a la agencia.  No obstante, la sección 13 de la Ley 184 fue derogada en su totalidad por el antes referido Plan de Reorganización.

Desafortunadamente, las cartas *"boilerplate"* que envió el Departamento de la Familia no reflejaban los cambios en el derecho vigente.  Por tanto, no proveyeron una notificación adecuada y conforme a derecho a los apelantes para que éstos tuviesen la oportunidad de ejercer su derecho a apelar en el foro correspondiente, vulnerando de esta manera su derecho a un debido proceso de ley.  Ahora, el ELA (Departamento de la Familia) pretende beneficiarse de la transgresión que cometió contra los co-apelantes alegando falta de jurisdicción.

Los apelantes, quienes laboran para el Departamento de la Familia, en la Unidad de Investigaciones Especiales (UIE), antes conocida como Programa de Emergencias Sociales (PES), ocupando puestos como Trabajador Social I o Técnico de Servicios a la Familia I en posiciones transitorias por un periodo de entre 4 y 8 años, solicitaron para la posición de Trabajador Social I, conforme a una Convocatoria publicada el 11 de marzo de 2011.

Éstos, a pesar de que éstos sobrepasan la preparación académica y experiencia mínima para cualificar para la misma, no fueron seleccionados.  Cinco candidatos, quienes no poseían ni la experiencia ni preparación académica equivalente al de los apelantes fueron seleccionados.  Como si fuera poca la injuria de tal selección, hubo seleccionados quienes tenían casos de negligencia radicados en la propia agencia.

CASP es la entidad con jurisdicción y a los apelantes les corresponde la aplicación de la doctrina de "equitable tolling" o interrupción en equidad debido a las actuaciones ilegales del DF.  La doctrina de "equitable tolling" o interrupción en equidad se invoca cuando un patrono o agencia administrativa ha actuado de manera activa contra el querellante para provocar la no radicación o una tardía de su querella.  El Tribunal de Apelaciones del Primer Circuito en <u>Mercado v. Ritz-Carlton San Juan Hotel</u>, 410 F.3d 41 (1st Cir. 2005), examino varios factores para determinar si procede la doctrina de "equitable tolling":

i. que el apelante no tenía notificación actual o adecuada de los requisitos de radicación;

ii.  que el apelante no tenía conocimiento constructivo de los requisitos de
radicación;

iii.  la diligencia del apelante en vindicar sus derechos;

iv.  la ausencia de perjuicio contra el apelado;

v.  la razonabilidad del apelante de permanecer ignorante de los requisitos de
notificación.

Id. a la pág. 48.

Es claro que los apelantes cumplen los requisitos de la doctrina de "equitable
tolling".  En primer lugar, las co-apelantes Lizbeth M. Velázquez-Nieves, Brenda
Lee Santiago-Galarza y Vivian Vázquez-Castro, el Departamento de Familia
nunca les notificó la decisión adversa, su derecho a solicitar la revisión
administrativa.   En el caso particular de los co-apelantes Irma Pagán-Pagán,
Adrieliz Chaparro-Ríos y José A. Soler-Castro, la notificación que recibieron fue
inadecuada ya que la agencia les indujo a creer que podían solicitar una revisión a
la División de Reclutamiento de la propia agencia.

Los apelantes procedieron a solicita la revisión directamente con el DF y
cuando transcurrieron 6 meses de no recibir respuesta de la agencia.  Los apelados
no han sufrido perjuicio alguno ya que la Demanda, les ha informado con
suficiente particularidad las reclamaciones que tienen los apelantes en su contra.

El Primer Circuito en Bonilla v. Muebles JJ Alvarez, Inc., 194 F.3d 275,
279 (1st Cir 1999) destacó que **"[g]enerally speaking... equitable tolling is not
appropriate unless a claimant misses a filing deadline because of
circumstances effectively beyond her control (such as when her employer
actively misleads her, and she relies on that misconduct to her detriment.** See
Mack, 871 F2d at 185; Earnhardt v Puerto Rico, 691 F2d 69, 71 (1st Cir 1982); see
also  Kelley v NLRB, 79  F3d  1238,  1248  (1st  Cir  1996)."  [Énfasis
suplido]**Apelada:**

La *Solicitud de Apelación, Reclamación de Discrimen con Solicitud de Daños
y Perjuicios* de epígrafe  fue presentada el 21 de julio de 2013 por los co-apelantes,
Trabajadoras Sociales: Sra. Irma Pagan Pagan, Sra. Adrieliz Chaparro Ríos, Sra.
Lizbeth M. Velázquez Nieves, Sra. Vivian Vázquez Castro y Sra. Brenda Lee
Santiago Galarza; y por el Técnico de Servicios a la Familia I: Sr. José A. Soler

Vargas, quienes laboran para el Departamento de la Familia, en la Unidad de Investigaciones Especiales (UIS), antes conocida como Programa de Emergencias Sociales (PES).  La misma fue presentada en contra del Estado Libre Asociado de Puerto Rico, el Departamento de la Familia (en adelante el Departamento o la agencia) y varios funcionarios del Departamento en su carácter personal, a saber: Idalia Colón Rondón, Secretaria del Departamento; Yanitsia Irizarry Méndez, ex-Secretaria del Departamento; Brendaliz González Méndez, Ayudante Especial de la Secretaria del Departamento; y Maria Luisa Torres, Secretaria Auxiliar de Recursos Humanos y Relaciones Laborales del Departamento.

Con relación a la solicitud de apelación a la determinación adversa de empleo de los apelantes Irma Pagan, Adrieliz Chaparro y Jose Soler en la Apelación no se indica la fecha en que se envió la misma ni se aneja evidencia que sustente dichas alegaciones.

Sobre los hechos alegados en la Apelación sobre la Sra. Lizbeth Velázquez, no se aneja ningún documento que sustente los hechos alegados. Tampoco se alega que esta haya solicitado reconsideración ante la agencia al no ser seleccionada para el puesto. Además, las fechas indicadas en la Apelación son confusas y sin sentido.  Según las alegaciones, la co-apelante fue entrevistada el 1 de agosto de 2011 pero sometió la solicitud de empleo dos meses después el 3 de octubre de 2011.

Con relación a los hechos alegados en la Apelación sobre la Sra. Vivan Vázquez, no se aneja ningún documento que sustente los hechos alegados. Simplemente se limitan a anejar carta del 8 de febrero sobre un estudio de su expediente de personal, según solicitado por esta. Tampoco se alega que esta haya solicitado reconsideración ante la agencia al no ser seleccionada para el puesto. Además, las fechas indicadas en la Apelación son confusas y sin sentido.  Según las alegaciones, la co-apelante fue entrevistada el 1 de agosto de 2011 pero recibió Aviso de Calificación el 13 de septiembre de 2011, un mes antes de sometida la solicitud de empleo.

En cuanto a los hechos alegados en la Apelación sobre la Sra. Brenda Lee Santiago, no se aneja ningún documento que sustente los hechos alegados.



**Simplemente se limitan a anejar carta del 9 de febrero sobre un estudio de su expediente de personal, según solicitado por esta. Tampoco se alega que esta haya solicitado reconsideración ante la agencia al no ser seleccionada para el puesto ni se aneja evidencia alguna que demuestre lo contrario.**

Además, con relación a la alegación que todos los Apelantes indican sobre que "[l]os apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.", ninguno de estos indica que sometieron una reclamación ante la Agencia por el alegado discrimen ni anejan evidencia que demuestre lo contrario. Como indicamos anteriormente, estos solo se limitan a alegar en la parte <u>III. Hechos Generales a Todas las Causas de Acción</u> de la Apelación, párrafo veinte cuatro (24), página 4, que "[e]l **13 de abril de 2012**, según expresiones hechas por uno de los candidatos seleccionados, los nombramientos de los cinco seleccionados se debieron a consideraciones políticas, porque eran miembros del Partido Nuevo Progresista." (Énfasis suplido)

Es necesario detallar que la Apelación fue radicada el 29 de julio de 2013, aproximadamente un (1) año y tres (3) meses y medio más tarde de alegadamente haber entrado en conocimiento del discrimen por razones políticas mediante la alegada expresión hecha por el candidato seleccionado el 13 de octubre de 2012.

Todos los apelantes solicitan indemnización por los alegados daños económicos y emocionales sufridos y los salarios sin devengar **"desde octubre 2011 hasta el día de hoy"**, entendiéndose por hoy 23 de julio de 2013, fecha en que los apelantes indican firmaron la Solicitud de Apelación. Sin embargo, no se aneja ningún documento para ninguno de los apelantes que sustente las cuantías reclamadas por estos.

Es evidente que esta Honorable Comisión carece de jurisdicción para entretener la misma por varias razones que desglosaremos a continuación:

a. Los co-apelantes no cumplieron con el procedimiento establecido en el Reglamento de Daños y Perjuicios debido a la acumulación de partes apeladas. Estos se tenían que limitar en su Apelación en apelar solo en contra de la agencia o su principal funcionario, pero no lo hicieron. En vez incluyeron al

Case:17-03283-LTS   Doc#:24362-1   Filed:05/22/23   Entered:05/30/23 15:03:59   Desc:
Exhibit   Page 13 of 65

Irma Pagán Pagán & others v. Depto. de la Familia:  Caso Núm. 2013-07-0...
Informe de Conferencia con Antelación a la Vista Pública

ELA, al Departamento de la Familia y a cuatro funcionarios del Departamento por lo que es evidente que hubo un incumplimiento del procedimiento apelativo.

b. Los co-apelantes no cumplieron con el procedimiento establecido en el Reglamento de Daños y Perjuicios debido a que no se detalla en forma clara los hechos específicos que dan margen a su alegación.  Tampoco someten copia de documentos que sustenten las alegaciones discriminatorias ni las cuantías de daños y perjuicios reclamadas.  Los documentos anejados no sustentan ninguna de las alegaciones de discrimen ni de daños y perjuicios.

c. Los co-apelantes no cumplieron con el procedimiento establecido en el Reglamento de Daños y Perjuicios debido a que radicaron su apelación el 29 de julio de 2013, pasado el termino jurisdiccional "de treinta (30) días consecutivos a partir de la fecha de notificación o conocimiento de la acción o decisión discriminatoria objeto de apelación" de haber sido notificado por escrito o "desde que advino en conocimiento de la acción o decisión por otros medios." Véase Reglamento de Daños y Perjuicios Articulo II, Sección 2.3a. Tampoco surge de la demanda que estos hayan cursado una misiva a la Agencia reclamando el alegado discrimen según dispone en dicho Artículo II Sección 2.3b, por lo que debemos concluir que en este caso aplica exclusivamente el termino de 30 días dispuesto en la Sección 2.3a.

Ahora bien, de tomarse como cierta la alegación de la demanda, párrafo veinticuatro (24) donde los apelantes alegan que el "13 de abril de 2012, según expresiones hechas por uno de los candidatos seleccionados no identificado por la parte apelante, los nombramientos de los cinco seleccionados se debieron a consideraciones políticas, porque eran miembros del Partido Nuevo Progresista". Sin renunciar al hecho de que la alegada expresión es prueba de referencia inadmisible en evidencia, podemos asumir que fue en dicha fecha que los apelantes entraron en conocimiento del alegado discrimen. Por tanto, siendo el 13 de abril de 2012 última fecha de un alegado acto adverso contra los apelantes, según sus propias alegaciones y considerando dicha fecha en beneficio de la parte Apelante, su Solicitud de Apelación



esta prescrita pues fue radicada, aproximadamente, un (1) año y dos meses y medio (2 ½) más tarde.

Por otro lado, si fuésemos a considerar las fechas provistas por los co-apelantes que sometieron escritos de reconsideración a la decisión adversa sobre la solicitud de empleo, asumiendo que de hecho la Agencia no contesto dicha reconsideración, también fue radicada la Solicitud de Apelación pasado el termino dispuesto en el Articulo II Sección 2.3b del Reglamento de Daños y Perjuicios. Siendo este el caso, al ser los referidos términos para presentar la Solicitud de Apelación, unos de término jurisdiccional, procede que esta Honorable Comisión desestime la Apelación de epígrafe conforme con el Reglamento de Daños y Perjuicios y el Reglamento Procesal y proceda con el archivo con perjuicio de la misma conforme con el derecho aplicable anteriormente citado.

Además, es la posición de la Agencia que la Solicitud de Apelación presentada por los apelantes es improcedente en derecho. De los hechos alegados en la apelación y los escritos posteriormente presentados por la parte apelante no se desprende que los co-apelantes notificaron a la parte apelada su escrito de apelación dentro de del término jurisdiccional de treinta días para la radicación del escrito de apelación. Tampoco evidencian en sus escritos que hayan notificado la impugnación de los nombramientos realizados a los funcionarios nombrados para el puesto de Trabajador Social I. Los co-apelantes tampoco certifican ante esta Honorable Comisión que hayan notificado a los funcionarios seleccionados ni los motivos para no hacerlo.

Además, esta Honorable Comisión no tiene jurisdicción para conceder a la parte Apelante una cuantía en daños a base de la Ley Núm. 100 del 1959, supra. Conforme el Tribunal Supremo, dicho estatuto no debe ser aplicado a empleados que trabajan para el Estado Libre Asociado de Puerto Rico. Tampoco tiene jurisdicción para conceder cuantía en daño a base de los artículos 1802 y 1803 del Código Civil, conforme la doctrina de poderes delegados y el Plan de Reorganización Núm. 2 del 2010. Por las mismas razones, no cuenta con jurisdicción para determinar que funcionarios públicos son responsables de manera solidaria de daños que alegadamente sufrieron los Apelantes.

14

Irma Pagán Pagán & o..os v. Depto. de la Familia: Caso Núm. 2013-07-0..5
Informe de Conferencia con Antelación a la Vista Pública

El proceso mediante el cual se seleccionó a las cinco personas antes mencionadas para ocupar puestos de Trabajador Social se hizo conforme a derecho, contrario a las alegaciones de la parte Apelante. Los Apelantes fueron incluidos en la décima, se les entrevistó y no fueron seleccionados por el entrevistador quien tiene discreción para seleccionar cualquier persona que se encuentre en le décima. Nunca se utilizó como criterio de selección la afiliación política de los candidatos.

Por último, los Apelantes no cumplen con todos los requisitos establecidos en la Ley Núm. 110 del 1958, según enmendada, para obtener una posición de carrera. El único requisito que alegan haber cumplido es el de trabajar por espacio de tres años consecutivos en el Departamento, más no han puesto a esta Comisión en posición de determinar si han acumulado las horas requeridas en la ley para obtener el puesto, el cual también está sujeto a la capacidad presupuestaria de la agencia.

4. **ALEGACIONES ENMENDADAS Y RAZONES QUE JUSTIFICAN LA ENMIENDA**

**Apelante:**

Ninguna por el momento. La parte apelante se reserva el derecho de enmendar las alegaciones con suficiente antelación a la vista pública.

**Apelada:**

No se enmienda ninguna de las contestaciones hechas previamente o las defensas afirmativas previamente presentadas. Sostenemos que la Apelación ha caducado ya que la misma fue presentada de manera tardía.




5. **IDENTIFICACIÓN DE LOS PERITOS A PRESENTARSE, ASÍ COMO LOS TESTIGOS QUE SERÁN UTILIZADOS POR CADA PARTE DURANTE LA VISTA PÚBLICA,**

**Apelante:**

La parte apelante en estos momentos no utilizará testigos periciales pero se propone llamar como testigos a:

    a. **IRMA PAGÁN PAGÁN**

        i. DIRECCIÓN: PO Box 383, Cabo Rojo, Puerto Rico, 00623-0383

15

ii.  PUESTO:       Departamento de la Familia, Unidad de Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

iii.  TIEMPO PARA DECLARAR:  2 HORAS

iv.  RESUMEN DECLARACIÓN:  Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citada o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionada al puesto, haber sometido una solicitud de apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

b.  **ADRIELIZ CHAPARRO RÍOS**



i.  DIRECCIÓN:  PO Box 621, Aguada, Puerto Rico, 00602-062

ii.  PUESTO:       Departamento de la Familia, Unidad de Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

iii.  TIEMPO PARA DECLARAR:  2 HORAS

iv.  RESUMEN DECLARACIÓN:  Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citada o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la

16

Case:17-03283-LTS   Doc#:24362-1   Filed:05/22/23   Entered:05/30/23 15:03:59   Desc:
Exhibit   Page 17 of 65

Irma Pagán Pagán & ot... v. Depto. de la Familia:  Caso Núm. 2013-07-00...
Informe de Conferencia con Antelación a la Vista Pública

que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionada al puesto, haber sometido una solicitud de apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

c. **LIZBETH M. VELÁZQUEZ NIEVES**

   i. DIRECCIÓN:   Urb. Sagrado Corazón, 824 Calle amistad, Peñuelas, Puerto Rico, 00624

   ii. PUESTO:   Departamento de la Familia, Unidad de Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

   iii. TIEMPO PARA DECLARAR: 2 HORAS

   iv. RESUMEN DECLARACIÓN:  Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citada o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionada al puesto, haber sometido una solicitud de apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal



de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

d. **VIVIAN VÁZQUEZ CASTRO**

   i. DIRECCIÓN:   Res. La Torre Machuchal B2 34, Sabana Grande, Puerto Rico, 00637

   ii. PUESTO:   Departamento de la Familia, Unidad de Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

   iii. TIEMPO PARA DECLARAR:  2 HORAS

   iv. RESUMEN DECLARACIÓN:  Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citada o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionada al puesto, haber sometido una solicitud de apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

e. **JOSÉ A. SOLER VARGAS**

   i. DIRECCIÓN:  PO Box 7, Boquerón, Puerto Rico, 00622

   ii. **PUESTO:   Departamento de la Familia, Unidad de** Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

Irma Pagán Pagán & otros v. Depto. de la Familia: Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

iii. TIEMPO PARA DECLARAR: 2 HORAS

iv. RESUMEN DECLARACIÓN: Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citado o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionado al puesto, haber sometido una solicitud de apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

f. **BRENDA LEE SANTIAGO GALARZA**

i. DIRECCIÓN: Urb. Vistas de Sabana Grande, Buzón 125, Calle Montebello, Sabana Grande, Puerto Rico, 00637

ii. PUESTO: Departamento de la Familia, Unidad de Investigaciones Especiales (UIE), Trabajador Social I o Técnico de Servicios a la Familia I

iii. TIEMPO PARA DECLARAR: 2 HORAS

iv. RESUMEN DECLARACIÓN: Declarará sobre el proceso de selección desde que sometió la solicitud de empleo bajo la Convocatoria número DF-2011-04, haber recibido o no el Aviso de Calificación, haber sido citada o no a una entrevista, haber comparecido o no a dicha entrevista y la forma irregular en la que se llevó a cabo, haber recibido o no la notificación de que no fue seleccionada al puesto, haber sometido una solicitud de



apelación siguiendo las instrucciones que proveyó dicha notificación, la inacción del Departamento de la Familia de atender la solicitud de apelación, las deficiencias de la notificación de que no fue seleccionado al puesto, la ineficiencia de los candidatos que fueron seleccionado vis-a-vis su preparación académica y experiencia, la intervención ilegal de preferencia o afiliación política para la selección de candidatos al puesto, su expectativa de empleo y las pérdidas económicas, daños y perjuicios.

La parte apelante se reserva el derecho de anunciar prueba testifical adicional con suficiente antelación a la vista pública.

**Apelada:**

a.      Víctor Vélez Toro

(a) Director de Recursos Humanos.

(b) Testificara respecto a las normas relacionadas al reclutamiento y selección de personal, así como el proceso que se siguió para hacer los nombramientos que se impugnan en esta Apelación. Igualmente testificará respecto a los requerimientos para convertirse en un empleado de carrera en virtud de la Ley 110.

(c) Cuatro horas

(d) P.O. Box 194090, San Juan, P.R. 00919-4090

Nos reservamos el derecho a anunciar evidencia testifical adicional, de ser necesario, antes de la vista, con suficiente antelación a la misma.

**6.      IDENTIFICACIÓN ESPECÍFICA DE TODAS AQUELLAS DISPOSICIONES LEGALES Y/O REGLAMENTO QUE, A LA LUZ DE LAS CONTROVERSIAS IDENTIFICADAS, APLICAN AL CASO.**

**Apelante:**

Esta Apelación se hace al amparo de la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.]; la Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.]; la Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.]; de los Artículos 1802 y 1803 del Código




Case:17-03283-LTS   Doc#:24362-1   Filed:05/22/23   Entered:05/30/23 15:03:59   Desc:
Exhibit    Page 21 of 65

Irma Pagán Pagán & otros v. Depto. de la Familia:  Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

Civil de Puerto Rico (31 L.P.R.A. §5141 y 5142) sobre responsabilidad civil extracontractual, su jurisprudencia interpretativa y por violaciones a sus derechos civiles y constitucionales.

La parte apelante se reserva el derecho de enmendar las disposiciones legales y reglamentarias aplicables con suficiente antelación a la vista pública.

**Apelada:**

a. Ley Núm. 184 del 2004, según enmendada, conocida como "Ley para la administración de los recursos humanos en el servicio público del Estado Libre Asociado de Puerto Rico" 3 L.P.R.A. §§ 1301, et seq.

b. Ley Núm. 110 del 1958, según enmendada, conocida como "Ley de Empleados Irregulares" 3 L.P.R.A. §§ 711, et seq.

c. Reglamento Núm. 5455 del 1996, conocido como "Reglamento de Personal de Empleados en el Servicio de Carrera (Departamento de Familia)

d. Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos en el Servicio Publico Núm. 7313 del 7 de marzo de 2007

e. Reglamento para Atender Apelaciones de Discrimen con Solicitud de Daños y Perjuicios ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Publico

El <u>Plan de Reorganización de la Comisión Apelativa del Servicio Público,</u> Plan de Reorganización Núm. 2 de 26 de julio de 2010, fusionó a la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público.  Para sustituirlos se creó la Comisión Apelativa del Servicio Público; un organismo cuasi-judicial, especializado en asuntos laborales, relacionados al principio del mérito.  Entre aquellas funciones, deberes y facultades que le fueron asignadas por la Legislatura, se encuentra la jurisdicción primaria exclusiva para atender asuntos en los que tenga que interpretar, aplicar y hacer cumplir las disposiciones de la Ley Núm. 184, supra, Artículo 8(l).



El **Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos en el Servicio Publico** Núm. 7313 del 7 de marzo de 2007, (en adelante 'el Reglamento Procesal') fue adoptado con el propósito

21

de "establecer y actualizar los mecanismos y normas procesales que regirán el descargo de la función de la Comisión Apelativa del Sistema de Administración de Recursos Humanos y que aplicará en todos los procedimientos ante la Comisión, complementado con... el 'Reglamento para Atender Apelaciones de Discrimen con Solicitud de Daños y Perjuicios'... de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público."

En cuanto a reclamaciones por discrimen en las que se solicita la concesión de daños y perjuicios y/o multas administrativas, radicadas ante la Comisión, como lo es la reclamación de epígrafe, la Comisión aprobó el **Reglamento para Atender Apelaciones de Discrimen con Solicitud de Daños y Perjuicios ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público** (en adelante Reglamento Daños y Perjuicios).  El mismo fue adoptado de conformidad a la autoridad expresamente conferida a la Comisión por el Artículo 13, Sec. 13.10 (04) de la Ley Núm. 184, supra., según enmendada por la Ley Núm. 64 de 17 de febrero de 2006, "la cual dispone que la Comisión adoptará la reglamentación que en virtud de esa Ley sea necesaria, la cual incluirá garantías de debido proceso de ley suficientes que regirán el procedimiento adjudicativo, la presentación de evidencia y el descubrimiento de prueba." Véase **Base Legal y Propósito** del Reglamento de Daños y Perjuicios.

El **Reglamento de Daños y Perjuicios**, en su **Artículo I – Jurisdicción** establece que "[l]a Comisión tendrá jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos, y por las circunstancias que se especifican en el Artículo 13, sección 13.13 de la Ley Núm. 184, supra."

Las circunstancias que se especifican en el Artículo 13, sección 13.13 de la Ley Núm. 184, supra. son las siguientes:

"**Sección 13.13.- Jurisdicción Apelativa**

Esta Comisión tendrá jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se especifican a continuación:

1. Cuando un empleado dentro del Sistema de Administración de los Recursos Humanos, no cubiertos por la Ley de Relaciones del Trabajo para Servicio Público, alegue que una acción o decisión que le afecta viola cualquier




22

derecho que se le conceda en virtud de las disposiciones de esta Ley, de la Ley de Municipios Autónomos, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a esta Ley.

2. …

3. Cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos de conformidad al Principio de Mérito.

4. Cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera según dispone la Ley de Empleados Irregulares, Ley Núm. 110 de 26 de junio de 1958, según enmendada.

5. …
6. …

7. La Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de esta ley y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de este organismo. El procedimiento y costo para que éstos puedan acogerse a esta jurisdicción se establecerá mediante reglamento.

8. La Comisión fomentará el uso de métodos alternos de solución de disputas como mecanismo para resolver controversias que surjan de esta ley."

En su **Artículo II – Procedimiento de Apelación**, se establece que el escrito de apelación podrá ser radicado por el apelante, por si o en conducto de abogado, en la Secretaria de la Comisión. Además especifica el procedimiento a seguir para la radicación de la misma.

"**2.1 Partes**

a. Toda apelación se tramitara a nombre de la(s) persona(s) que por ley tenga el derecho o remedio que se reclama bajo la Ley Núm. 184, supra, Artículo 13, sección 13.13…

b. **La parte apelada en una apelación radicada ante la Comisión Apelativa <u>se limitara a la agencia o municipio, o su principal funcionario ejecutivo en su carácter oficial</u>, contra el cual se alega violación a la Ley Núm. 184, supra,…**

**2.2 Contenido adicional de la Apelación en reclamación de discrimen, daños
          y Perjuicios**

a. **Cuando un apelante solicite un remedio a la Comisión alegando la existencia de cualquier tipo de discrimen la petición <u>deberá detallar en forma clara los hechos específicos que dan margen a su alegación, sometiendo copia de todos los documentos disponibles para sostener sus alegaciones.</u>  La Comisión <u>solo asumirá jurisdicción</u> sobre la controversia <u>cuando del escrito de apelación surjan alegaciones específicas</u> que establezcan de su faz la existencia de la actuación discriminatoria.**

23

b. **En cuanto al reclamo de daños y perjuicios, deberá surgir de la faz del escrito de apelación, especificando la cuantía reclamada y el concepto de las distintas partidas.** _Deberá acompañar documentos que tenga disponible para sostener la cuantía reclamada..._

**2.3 Radicación de la Apelación**

a. **La apelación se radicará en la Secretaría de la Comisión** _dentro del término de treinta (30) días consecutivos a partir de la fecha de notificación o conocimiento de la acción o decisión discriminatoria objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios._

b. **En aquellos casos en que la Comisión pudiera tener jurisdicción, y la parte afectada hubiese hecho un planteamiento o reclamo por escrito a la Autoridad Nominadora, y no recibe respuesta alguna en los siguientes sesenta (60) días desde que curso la misiva, la parte afectada tendrá un plazo de treinta (30) días jurisdiccionales, contados a partir del vencimiento del termino de sesenta (60) días, para presentar una apelación ante la Comisión.**
...**" (Énfasis suplido)**

Por último, y en lo que aquí nos concierne, el **Artículo VII – Interpretación y Complementación** del **Reglamento de Daños y Perjuicios** establece que "Todo asunto y definición no tratado específicamente en este Reglamento, será complementado con el Reglamento #6883[1]..." (Referencia nuestra). Además incluye que el mismo será "interpretado de conformidad con lo dispuesto en la Ley Núm. 184 del 3 de agosto de 2004, según enmendada, y la Ley Núm. 170 del 12 de agosto de 1988, según enmendada."

Por su parte, el **Reglamento Procesal** define el término _Jurisdicción_ y dispone el proceso a seguir para la radicación de una Solicitud de Apelación ante esta Honorable Comisión. En su **Artículo IX – Secretaría, Sección 14. Jurisdicción** nos define dicho término como el "[á]mbito de autoridad de la Comisión **para adjudicar controversias dentro de los límites de tiempo,** materia y personas establecidos por ley." (Énfasis suplido) Por su parte, el **Artículo I – Jurisdicción Apelativa y Termino Jurisdiccional, Sección 1.2 – Radicación de solicitud de Apelación, término jurisdiccional** dispone lo siguiente:



c. "La solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha

---

[1] El Reglamento #6883, conocido como el "Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Publico del Estado Libre Asociado de Puerto Rico fue derogado y sustituido por el Reglamento #7313 del 7 de marzo de 2007 – Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CASARH). En el mismo se establece en su sección Base y Propósito que este aplicara en todos los procedimientos ante la Comisión y complementara el Reglamento para Atender Apelaciones de Discrimen con Solicitud de Daños y Perjuicios.

de notificación de la acción o decisión objeto de la apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.

d. **De no existir una determinación final escrita**, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta días (60) desde que curso la misiva, **la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento de sesenta días, para presentar una solicitud de apelación ante la Comisión.**" (Énfasis suplido)

En su **Artículo II – Procedimiento de solicitud de Apelación... Sección Contenido y Forma: 2.1a(viii) Reclamación de Discrimen** establece que en reclamaciones de discrimen como la que aquí nos ocupa se deberá "[e]xpresar detalladamente en el escrito original los hechos específicos en que se basa su alegación, los cuales tienen que establecer de su faz la existencia de actuación discriminatoria." Añade que de reclamarse daños y perjuicios hay que referirse al Reglamento de Daños y Perjuicios anteriormente discutido.

Por su parte en su inciso **2.1b Fecha de radicación de documentos...** dispone que "[p]ara determinar la fecha de radicación del escrito de solicitud de apelación y cualquier otro escrito, se atenderá única y exclusivamente la fecha en la que el escrito de apelación es sellado en la Secretaria de la Comisión durante horas laborables." Concluye la **Sección 2.1(g)** indicando que "las partes deberán cumplir con todas las formalidades dispuestas en el presente reglamento".

Más adelante, en su **Artículo III – Archivo o Desestimación** dispone que "[l]a Comisión podrá decretar el archivo total o parcial de una apelación, o desestimar una oposición o defensa levantada contra la misma por frivolidad, **incumplimiento, abandono** o prematuridad, entre otros." (Énfasis suplido) Con relación a la desestimación de una solicitud de apelación, el Reglamento en su **Artículo VIII – Disposiciones Generales, Sección 8.5 – Desestimientos** dispone que "[c]omo regla general todo desistimiento será con perjuicio".

Reiteradamente se ha resuelto por el Tribunal Supremo que "la apelación es un remedio que sólo existe cuando es concedido por estatuto o por algún precepto constitucional." *Aponte v. Policía de P.R.*, supra; *Concepción v. Junta de Contabilidad*, 80 D.P.R. 194 (1958); *Quilichini v. Comisión de Servicio Público*, 63 D.P.R. 681 (1944). "Por razones similares, los términos para la apelación administrativa son de carácter mandatorio, y las agencias concernidas no tienen



Irma Pagán Pagán & otros v. Depto. de la Familia: Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

autoridad para prorrogarlos por su cuenta. Al igual que en el foro judicial, en el ámbito

administrativo no existe discreción para asumir jurisdicción donde no la hay. Martínez

v. Junta de Planificación, 109 D.P.R.839 (1980)." Véase *Aponte v. Policía de P.R.*,

supra. Por eso el Honorable Tribunal Supremo de Puerto Rico ha resuelto:

> "que "[l]a jurisdicción es el poder o autoridad de un tribunal para considerar y
> decidir casos y controversias". S.L.G. Solá Maldonado v. Bengoa Becerra, 182
> D.P.R. 675, 682 (2011). Véase, además, Asoc. Punta las Marías v. A.R.P.E.,
> 170 D.P.R. 253, 263 esc. 3 (2007). Por ello, la ausencia de jurisdicción trae
> consigo las consecuencias siguientes:(1) **no es susceptible de ser subsanada;**
> (2) **las partes no pueden voluntariamente conferírsela a un tribunal** como
> tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes
> emitidos; (4) **impone a los tribunales el ineludible deber de auscultar su
> propia jurisdicción;** (5) impone a los tribunales apelativos el deber de
> examinar la jurisdicción del foro de donde procede el recurso, y (6) **puede
> presentarse en cualquier etapa del procedimiento,** a instancia de las partes o
> por el tribunal motu proprio. Íd. Véanse, además, González v. Mayagüez
> Resort & Casino, 176 D.P.R. 848, 855 (2009); Pagán v. Alcalde Mun. de
> Cataño, 143 D.P.R. 314, 326 (1997).

> Así, cuando un tribunal determina que no tiene jurisdicción, "**está obligado a
> desestimar el caso**". Íd. Su ausencia es insubsanable. Íd., pág. 683." Véase
> *Acosta Rodríguez v. Ghigliotti Lagares*, 2012 TSPR 152 (Sentencia con
> Opinión de Conformidad).

7.   **IDENTIFICACIÓN CON NÚMERO DE EXHIBIT, TÍTULO Y FECHA DE
     TODOS Y CADA UNO DE LOS DOCUMENTOS QUE LAS PARTES
     PRETENDEN PRESENTAR COMO EVIDENCIA DURANTE LA VISTA**

**Apelante:**

a. **MARCADA**



| Exh. | Título | Fecha | Folio |
|---|---|---|---|
| Exh. 1. | Convocatoria Trabajador Social I [Núm. DF-2011-04] | 11 mar 2011 | 1-2 |
| Exh. 2. | Carta de determinación final contrario a derecho de José A. Soler Vargas | 3 oct 2011 | 3 |
| Exh. 3. | Carta/Solicitud de Reconsideración al DF de José A. Soler Vargas | 13 oct 2011 | 4 |
| Exh. 4. | Carta de determinación final contrario a derecho de Irma Pagán Pagán | 3 oct 2011 | 5 |
| Exh. 5. | Carta/Solicitud de Reconsideración al DF de Irma Pagán Pagán | 13 oct 2011 | 6 |
| Exh. 6. | Carta de Cualificaciones de José A. Soler Vargas | 25 abr 2012 | 7 |
| Exh. 7. | Carta de Cualificaciones de Vivian Vázquez Castro | 8 feb 2012 | 8 |
| Exh. 8. | Carta de Cualificaciones de Brenda Lee Santiago Galarza | 9 feb 2012 | 9 |
| Exh. 9. | Expediente de Recursos Humanos de Irma Pagán Pagán | Según provisto por los apelados | 10-70 |
| Exh. 10. | Expediente de Recursos Humanos de Adrieliz Chaparro Ríos | Según provisto por los apelados | 71-146 |
| Exh. 11. | Expediente de Recursos Humanos de Lizbeth M. Velázquez Nieves | Según provisto por los apelados | 147-207 |

26

Irma Pagán Pagán & otros v. Depto. de la Familia:  Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

| Exh. 12. | Expediente de Recursos Humanos de Vivian Vázquez Castro | Según provisto por los apelados | 208-273 |
| Exh. 13. | Expediente de Recursos Humanos de José A. Soler Vargas | Según provisto por los apelados | 274-346 |
| Exh. 14. | Expediente de Recursos Humanos de Brenda Lee Santiago Galarza | Según provisto por los apelados | 347-414 |
| Exh. 15. | Certificación de Elegibles | Según provisto por los apelados | 415-420 |
| Exh. 16. | Informe preparado por el Director de División Clasificación y Retribución | 23 oct 2013 | 421-422 |
| Exh. 17. | Página de Facebook de Margarita Burgos Cruz con fecha de 4/17/12 [pp. 6-7] | 17 abr 2012 | 423-439 |

#### b. ESTIPULADA

Debido a que a la fecha de hoy el Departamento de Familia no ha producido adecuadamente los documentos que se le requirieron en el *Primer Pliego de Interrogatorios* y *Requerimiento de Producción de Documentos* desde el 20 de octubre de 2014 y la falta de comunicación de éstos, la parte apelante se encuentra imposibilitada de poder marcar de forma adecuada o estipular prueba documental y por tanto reserva el derecho de anunciar prueba documental adicional con suficiente antelación a la vista pública.

Certifico que la prueba documental hasta ahora aquí desglosada fue puesta a la disposición de la parte apelada para ser examinada.

#### c. CONOCIMIENTO JUDICIAL

Se solicita, que a tenor con las Reglas de Evidencia de Puerto Rico se tome conocimiento de 2013TA4924 - Pagán Pagán v. ELA

**Apelada:**



| Exh. 1. | Expediente de personal de Irma Pagán Pagán |
| Exh. 2. | Expediente de personal de Adrieliz Chaparro Ríos |
| Exh. 3. | Expediente de personal de Lizbeth M. Velázquez Nieves |
| Exh. 4. | Expediente de personal de Vivian Vázquez Castro |
| Exh. 5. | Expediente de personal de José A. Soler Vargas |
| Exh. 6. | Expediente de personal de Brenda Lee Santiago Galarza |
| Exh. 7. | Certificación de Elegibles número 2011-13. |
| Exh. 8. | Sentencia: Irma Pagan y otros v. ELA caso núm. ISCI201200631 |

Nos reservamos el derecho a anunciar evidencia documental adicional, de ser necesario, antes de la vista, con suficiente antelación a la misma. Nos reservamos el derecho de utilizar la prueba presentada por la parte apelante.

CERTIFICO: Haber puesto a disposición de la parte contraria toda la evidencia documental aquí anunciada.

**8. CUALQUIER OTRA INFORMACIÓN ADICIONAL QUE FACILITE Y AGILICE EL PROCEDIMIENTO Y AYUDE A SIMPLIFICAR LA CONTROVERSIA.**

**Apelante:**

**OFERTA TRANSACCIONAL**

El 31 de marzo de 2015, durante la conferencia entre abogados, la Lcda. Claudia M. Izurieta Berríos rehusó escuchar ofertas transaccionales ya que entiende que queda por resolverse una solicitud de reconsideración de su Moción de Desestimación, cosa que los apelantes niegan rotundamente. No obstante y según acordado en dicha conferencia, el 14 de abril de 2015, se le notificó la oferta transaccional autorizada por la parte apelante y la cual se detalla a continuación:

A. Nombramiento a plaza regular retroactivo al 2011 al Puesto Trabajador Social II o mayor según la preparación académica y años de servicio de cada uno.

B. Abonar al sistema de retiro desde 2011 al presente.

C. Compensación monetaria en daños y perjuicios en una cantidad no menor de $25,000.00 cada uno.

D. Honorarios de abogado.

E. Salarios y beneficios dejados de devengar:

    a. **IRMA PAGÁN PAGÁN**

        i. DIFERENCIA SALARIAL – de $332.00 mensuales desde octubre de 2011 hasta abril de 2015 para un total de $13,944.00.

        ii. BENEFICIOS - $11,975.00 más el salario de 9 días; PUESTO: Trabajador Social I (debería ser mínimo Trabajador Social II)

    b. **ADRIELIZ CHAPARRO RÍOS**

        i. DIFERENCIA SALARIAL – de $758.00 mensuales desde octubre de 2011 hasta abril de 2015 para un total de $31,836.00.

Irma Pagán Pagán & otros v. Depto. de la Familia: Caso Núm. 2013-07-0035
Informe de Conferencia con Antelación a la Vista Pública

Al momento consta ante la revisión de esta Honorable Comisión Moción de Reconsideración presentada por la parte apelada el lunes 24 de noviembre de 2014 y continuamos en espera de que la misma sea resuelta. Deseamos informar que en nuestro expediente no consta que este Honorable Foro se haya expresado con respecto a la misma.

Respetuosamente sometida, en Moca y San Juan, Puerto Rico, hoy día 16 de noviembre de 2015.

**CÉSAR MIRANDA RODRÍGUEZ**
Secretario de Justicia Designado

**MARTA ELISA GONZÁLEZ Y.**
Secretaria Auxiliar de lo Civil

**CARLOS R. QUIÑONES CRUZ**
RUA Núm. 13,971
Director, División Laboral

**CLAUDIA M. IZURIETA BERRIOS**
RUA Núm. 17,755
Departamento de Justicia
División Laboral
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
☎ (787) 721-2900, ext. 2202, 2223
🖨 (787) 725-2475
📧 cizurieta@justicia.pr.gov

**JUDITH TORRES-DE JESÚS**
RUA: 13210 / CAPR: 14409
HC-2, Box 11750
Moca, Puerto Rico  00676
Tel/Fax: 787-877-2171
judithtorresdejesus@gmail.com



30

ESTADO LIBRE ASOCIADO   PUERTO RICO
COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
PO BOX 41149 SAN JUAN, PR 00940-1149

| | |
|---|---|
| **IRMA PAGÁN PAGÁN; ADRIELIZ CHAPARRO RÍOS; LIZBETH M. VELÁZQUEZ NIEVES; VIVIAN VÁZQUEZ CASTRO; JOSÉ A. SOLER VARGAS; BRENDA LEE SANTIAGO GALARZA,** | Caso Núm.: |
| **APELANTES,** <br> vs. | Sobre: <br><br> Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.]; |
| **ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE LA FAMILIA; IDALIA COLÓN RONDÓN, Secretaria del Departamento de la Familia; YANITSIA IRIZARRY MÉNDEZ, ex Secretaria del Departamento de la Familia; BRENDALIZ GONZÁLEZ MÉNDEZ, Ayudante Especial de la Secretaria del Departamento de la Familia, MARÍA LUISA TORRES COLÓN, Secretaria Auxiliar de Recursos Humanos y Relaciones Laborales del Departamento de la Familia** | Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.]; <br><br> Daños y Perjuicios (Artículos 1802 and 1803 del Código Civil de Puerto Rico [31 LPRA §§5141 y 5142]; <br><br> Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.]. |

## SOLICITUD DE APELACIÓN, RECLAMACIÓN DE DISCRIMEN CON SOLICITUD DE DAÑOS Y PERJUICIOS

**A LA ILUSTRE COMISIÓN APELATIVA DEL SERVICIO PÚBLICO:**

 **COMPARECE**, la parte apelante, representada por la abogada que suscribe y ante este Ilustre Tribunal, muy respetuosamente **EXPONE, ALEGA** y **SOLICITA**:

## I.     INTRODUCCIÓN

1.     Esta Apelación se hace al amparo de la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.]; la Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.]; la Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.]; de los Artículos 1802 y 1803 del Código Civil de Puerto Rico (31 L.P.R.A. §5141 y 5142) sobre responsabilidad civil extracontractual, su jurisprudencia interpretativa y por violaciones a sus derechos civiles y constitucionales.

2. Esta entidad tiene jurisdicción ya que los apelantes no han sido debidamente notificados conforme la ley y por lo que el término para apelar aún no ha comenzado.

## II.  LAS PARTES

3. La coapelante IRMA PAGÁN PAGÁN, es mayor de edad, soltera, Trabajadora Social y vecina de Cabo Rojo, Puerto Rico, siendo su dirección: PO Box 383, Cabo Rojo, Puerto Rico, 00623-0383 y su teléfono: 787-538-6139.

4. La coapelante ADRIELIZ CHAPARRO RÍOS, es mayor de edad, soltera, Trabajadora Social y vecina de Aguada, Puerto Rico, siendo su dirección: PO Box 621, Aguada, Puerto Rico, 00602-0621 y su teléfono: 787-431-2555.

5. La coapelante LIZBETH M. VELÁZQUEZ, es mayor de edad, casada con Lionel Rivera Torres, Trabajadora Social y vecina de Peñuelas, Puerto Rico, siendo su dirección: Urb. Sagrado Corazón, 824 Calle amistad, Peñuelas, Puerto Rico, 00624 y su teléfono: 787-672-5073.

6. La coapelante VIVIAN VÁZQUEZ CASTRO, es mayor de edad, soltera, Trabajadora Social y vecina de Sabana Grande, Puerto Rico, siendo su dirección: Res. La Torre Machuchal B2 34, Sabana grande, Puerto Rico, 00637 y su teléfono: 787-447-5723.

7. El coapelante JOSÉ A. SOLER VARGAS, es mayor de edad, casado con Joannie Vélez, Técnico de Servicios a la Familia I y vecino de Cabo Rojo, Puerto Rico, siendo su dirección: PO Box 7, Boquerón, Puerto Rico, 00622 y su teléfono: 787-380-3304.

8. La coapelante BRENDA LEE SANTIAGO GALARZA, es mayor de edad, casada con Jeffrey Velázquez Quiñones, Trabajadora Social y vecina de Sabana Grande, Puerto Rico, siendo su dirección: Urb. Vistas de Sabana Grande, Buzón 125, Calle Montebello, Sabana Grande, Puerto Rico, 00637 y su teléfono: 787-384-9455.

9. El ESTADO LIBRE ASOCIADO DE PUERTO RICO, el DEPARTAMENTO DE LA FAMILIA [en adelante DF] y su

- 2 -

Secretaria, IDALIA COLÓN RONDÓN, responden por los daños culposos o negligentes de sus funcionarios, agente o empleados.

10. YANITSIA IRIZARRY MÉNDEZ, fue la Secretaria del Departamento de la Familia para la fecha de los eventos alegados en esta Apelación. En dicha capacidad, fue la autoridad nominadora de la agencia apelada. Se incluye en esta apelación en su capacidad personal por los hechos alegados en la presente Demanda y los daños y perjuicios que sus actuaciones ilegales provocaron.

11. BRENDALIZ GONZÁLEZ MÉNDEZ, fue la Ayudante Especial de la Secretaria para la fecha de los eventos alegados en esta Apelación. En dicha capacidad tuvo autoridad sobre todos los empleados del DF incluyendo a los apelantes. Se incluye en esta apelación en su capacidad personal por los hechos alegados en la presente Demanda y los daños y perjuicios que sus actuaciones ilegales provocaron.

12. MARÍA LUISA TORRES COLÓN, fue la Secretaria Auxiliar de Recursos Humanos y Relaciones Laborales del DF para la fecha de los eventos alegados en esta apelación. En dicha capacidad, fue la encargada de todas las transacciones de personal del DF. Se incluye en esta apelación en su capacidad personal por los hechos alegados en la presente Demanda y los daños y perjuicios que sus actuaciones ilegales provocaron.

13. Por ser cocausantes de los daños causados a los apelantes responden de forma solidaria.


III.   HECHOS GENERALES A TODAS LAS CAUSAS DE ACCIÓN

14. Todos los apelantes laboran para el Departamento de la Familia, en la Unidad de Investigaciones Especiales (UIE), antes conocida como Programa de Emergencias Sociales (PES), ocupando puestos como Trabajador Social I o Técnico de Servicios a la Familia I.

15. Todos los apelantes ocupan una posición transitoria por un periodo de entre 4 y 8 años.

- 3 -

16. Con fecha del 11 de marzo de 2011, se publicó la Convocatoria número DF-2011-04, para la posición de Trabajador Social I, con una escala salarial de $1,344.00 - $2,102.00.

17. Según la convocatoria DF-2011-04, los requisitos mínimos de preparación académica y experiencia eran tener la licencia provisional como Trabajador Social y ser miembro activo del Colegio de Trabajadores Sociales.

18. La convocatoria DF-2011-04 señala que el nombramiento tendrá un periodo probatorio de seis (6) meses.

19. Cada uno de los apelantes sometieron una solicitud a la convocatoria de Trabajador Social I, con la documentación requerida ya que éstos poseen la preparación académica y experiencia mínima, para cualificar para la misma. Los apelantes sobrepasan los requisitos mínimos requeridos para este puesto.

20. Los apelantes recibieron un Aviso de Calificación; fueron citados y comparecieron a una entrevista de la Certificación de Elegibles.

21. Todos los apelantes recibieron una notificación de que no fueron seleccionados para el puesto solicitado, esto a pesar de poseer la preparación y experiencia necesaria para ocupar dicha posición. Esta notificación no cumplió con los requisitos de ley para ser una notificación valida.

22. Los apelantes solicitaron una reconsideración de la determinación adversa y a la fecha de hoy, no han recibido respuesta alguna.

23. En octubre de 2011 y como resultado de esta convocatoria, cinco personas, con menor experiencia o preparación académica que los apelantes, fueron seleccionados. Inclusive varios apelantes tuvieron que entrenar a los seleccionados.

24. El 13 de abril de 2012, según expresiones hechas por uno de los candidatos seleccionados, los nombramientos de los cinco seleccionados se debieron a consideraciones políticas, porque eran miembros del Partido Nuevo Progresista.

25. Los apelados responden a los apelantes por sus actuaciones torticeras e ilegales.

- 4 -

## IV.   HECHOS PARTICULARES A LA COAPELANTE IRMA PAGÁN PAGÁN

26.   La coapelante PAGÁN PAGÁN comenzó a trabajar para el Departamento de la Familia el día 11 de abril de 2007, ocupando el puesto de Trabajadora Social I.  Desde esa fecha, el puesto que ocupa la apelante ha sido uno de carácter transitorio.

27.   Desde que comenzó a laborar parar el DF, ésta ha recibido evaluaciones superiores y excelentes.

28.   El 3 de mayo de 2011, la apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

29.   El 24 de mayo de 2011 la apelante recibió un Aviso de Calificación con una puntuación de 80.94.

30.   El 23 de junio de 2011, la apelante solicitó una revisión de la calificación.

31.   El 9 de agosto de 2011, la apelante fue entrevistada por las coapeladas BRENDALIZ GONZÁLEZ MÉNDEZ y MARÍA LUISA TORRES COLÓN.

32.   El 28 de septiembre de 2011, se le notifica a la apelante que su calificación fue revisada y se determinó que era 81.94.

33.   El 3 de octubre de 2011, la apelante recibe una notificación de que fue eliminada del registro de elegibles por no haber comparecido a la entrevista.  Esta determinación era errónea ya que había comparecido a entrevista el 9 de agosto de 2011.

34.   El 7 de noviembre de 2011, la apelante recibe una notificación de que fue incluida en el registro de elegibilidad pero que no fue seleccionada para el puesto solicitado.

35.   La apelante solicitó una apelación de la determinación adversa de empleo pero a la fecha de hoy no ha recibido respuesta alguna.

36.   La apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Trabajadora Social I por más de 5 años.

37.   Los apelados no seleccionaron a la apelante para el puesto de Trabajadora Social I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

38.   Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

39.   Actualmente el ingreso mensual recibido por la apelante PAGÁN PAGÁN es de $1,770.00; esto constituye $332.00 menos de lo que la convocatoria indica la candidato recibiría. Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $2,324.00, con incrementos mensuales de no menos de $332.00.

## V.   HECHOS PARTICULARES A LA COAPELANTE ADRIELIZ CHAPARRO RÍOS

40.   La coapelante CHAPARRO RÍOS comenzó a trabajar para el Departamento de la Familia el día 27 de mayo de 2004, ocupando el puesto de Trabajadora Social I. Desde esa fecha, el puesto que ocupa la apelante ha sido uno de carácter transitorio.

41.   Desde que comenzó a laborar parar el DF, ésta ha recibido evaluaciones excelentes.

42.   El 3 de mayo de 2011, la apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

43.   El 24 de mayo de 2011, la apelante recibió un Aviso de Calificación con una puntuación de 89.55.

44.   El 9 de agosto de 2011, la apelante fue entrevistada por las coapeladas BRENDALIZ GONZÁLEZ MÉNDEZ y MARÍA LUISA TORRES COLÓN.

45.   El 3 de octubre de 2011, la apelante recibe una notificación de que no fue seleccionada para el puesto solicitado.

46.   La apelante solicitó una apelación de la determinación adversa de empleo pero a la fecha de hoy no ha recibido respuesta alguna.

- 6 -

47. La apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Trabajadora Social I por más de 8 años.

48. Los apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

49. Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

50. Actualmente el ingreso mensual recibido por la apelante CHAPARRO RÍOS es de $1,344.00; esto constituye $758.00 menos de lo que la convocatoria indica la candidato recibiría. Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $5,306.00 con incrementos mensuales de no menos de $758.00.

## VI. HECHOS PARTICULARES A LA COAPELANTE LIZBETH M. VELÁZQUEZ NIEVES

51. La coapelante VELÁZQUEZ NIEVES comenzó a trabajar para el Departamento de la Familia el día 2 de febrero del 2006, ocupando el puesto de Trabajadora Social. Desde esa fecha, el puesto que ocupa la apelante ha sido uno de carácter transitorio.

52. Desde que comenzó a laborar parar el DF, ésta ha recibido evaluaciones excelentes.

53. El 3 de octubre de 2011, la apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

54. La apelante nunca fue notificada del Aviso de Calificación.

55. La apelante compareció a una entrevista el 1 de agosto de 20111, para ser entrevistada por las coapeladas BRENDALIZ GONZÁLEZ MÉNDEZ y MARÍA LUISA TORRES COLÓN. Mientras la apelante esperaba ser llamada, una empleada salió de la sala de entrevista y le indicó a VELÁZQUEZ NIEVES que se marchara que luego se reprogramaba la entrevista, cosa que nunca ocurrió.

- 7 -

56.   La apelante no recibió una notificación de que fuera o no seleccionada para el puesto solicitado.

57.   La apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Trabajadora Social I por más de 6 años.

58.   Los apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

59.   Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

60.   Actualmente el ingreso mensual recibido por la apelante VELÁZQUEZ NIEVES es de $1,770.00; esto constituye $332.00 menos de lo que la convocatoria indica la candidato recibiría.  Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $2,324.00, con incrementos mensuales de no menos de $332.00.

## VII.   HECHOS PARTICULARES A LA COAPELANTE VIVIAN VÁZQUEZ CASTRO

61.   La coapelante VÁZQUEZ CASTRO comenzó a trabajar para el Departamento de la Familia el día 29 de enero del 2008, ocupando el puesto de Trabajadora Social.  Desde esa fecha, el puesto que ocupa la apelante ha sido uno de carácter transitorio.

62.   Desde que comenzó a laborar parar el DF, ésta ha recibido evaluaciones superiores.

63.   El 3 de octubre de 2011, la apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

64.   El 13 de septiembre de 2011 la apelante recibió un Aviso de Calificación con una puntuación de 77.49.

65.   A pesar de que la apelante sometió la solicitud y documentación requerida para la convocatoria, ésta nunca fue citada a una entrevista.

- 8 -

66.   La apelante no recibió una notificación de que fuera o no seleccionada para el puesto solicitado.

67.   El 30 de enero de 2012, la apelante solicitó una evaluación de expediente personal.  El 8 de febrero de 2012, ésta recibió una misiva informándole que conforme a su preparación académica y experiencia de empleo, ella reunía los requisitos mínimos para el puesto de Trabajador Social II y Oficial Administrativo III.

68.   La apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Trabajadora Social I por más de 4 años.

69.   Los apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

70.   Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

71.   Actualmente el ingreso mensual recibido por la apelante VÁZQUEZ CASTRO es de $1,770.00; esto constituye $332.00 menos de lo que la convocatoria indica la candidato recibiría.  Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $2,324.00, con incrementos mensuales de no menos de $332.00.

**VIII.   HECHOS PARTICULARES AL COAPELANTE JOSÉ A. SOLER VARGAS**

72.   El coapelante SOLER VARGAS comenzó a trabajar para el Departamento de la Familia el día 5 de abril del 2004, ocupando el puesto de Técnico de Servicios a la Familia I.  Desde esa fecha, el puesto que ocupa El apelante ha sido uno de carácter transitorio.

73.   Desde que comenzó a laborar parar el DF, éste ha recibido evaluaciones superiores y excelentes.

74.   El 3 de mayo de 2011, el apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

- 9 -

75. El 24 de mayo de 2011 el apelante recibió un Aviso de Calificación con una puntuación de 87.79.

76. El apelante solicitó una revisión de la calificación. No obstante, el 20 de julio de 2011, le notificaron al apelante que su puntuación anterior prevalecería.

77. El 9 de agosto de 2011, el apelante fue entrevistada por las coapeladas BRENDALIZ GONZÁLEZ MÉNDEZ y MARÍA LUISA TORRES COLÓN.

78. El 3 de octubre de 2011, el apelante recibe una notificación de que no fue seleccionada para el puesto solicitado.

79. El apelante solicitó una apelación de la determinación adversa de empleo pero a la fecha de hoy no ha recibido respuesta alguna.

80. El apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Técnico de Servicios a la Familia I por más de 8 años.

81. Los apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

82. Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

83. Actualmente el ingreso mensual recibido por el apelante SOLER VARGAS es de $1,271.00; esto constituye $831.00 menos de lo que la convocatoria indica el candidato recibiría. Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $5,817.00, con incrementos mensuales de no menos de $831.00.

## IX. HECHOS PARTICULARES A LA COAPELANTE BRENDA LEE SANTIAGO GALARZA

84. La coapelante SANTIAGO GALARZA comenzó a trabajar para el Departamento de la Familia el día 18 de febrero del 2007, ocupando el puesto de Trabajadora Social. Desde esa fecha, el puesto que ocupa la apelante ha sido uno de carácter transitorio.

- 10 -



Secretaría Auxiliar de Recursos Humanos
y Relaciones Laborales

8 de febrero de 2012

SRA VIVIAN VÁZQUEZ CASTRO
RES LA TORRE MACHUCAL
D-2 CALLE 1 BZ 34
SABANA GRANDE PR  00637

Carmín Rodríguez Negrón
Gerente de Recursos Humanos

**ESTUDIO DE EXPEDIENTE**

Analizamos su expediente de personal, según solicitado.

De acuerdo a su preparación académica y experiencia de empleo, determinamos que **reúne** los requisitos mínimos establecidos para las clases de **Trabajadora Social II y Oficial Administrativo III**, del Plan de Clasificación del Departamento de la Familia.

Nos reiteramos a su disposición.

BAG/NNR/cq

P O Box 11898, San Juan PR  00910-1398     Teléfonos (787) 294-4900  Exts. 2364, 2267, 2531, 2127



Secretaría Auxiliar de Recursos Humanos
y Relaciones Laborales

9 de febrero de 2012

SRA BRENDA L SANTIAGO GALARZA
URB VISTAS DE SABANA GRANDE A-13
125 CALLE MONTE BELLO
SABANA GRANDE PR  00637

Carmín Rodríguez Negrón
Gerente de Recursos Humanos

**ESTUDIO DE EXPEDIENTE**

Analizamos su expediente de personal, según solicitado.

De acuerdo a su preparación académica y experiencia de empleo,
determinamos que **reúne** los requisitos mínimos establecidos para
las clases de **Trabajadora Social II y Oficial Administrativo III**,
del Plan de Clasificación del Departamento de la Familia.

Nos reiteramos a su disposición.

BAG/NNR/cq

# FAMILIA

**Secretaria Auxiliar de Recursos Humanos**
**y Relaciones Laborales**

25 de abril de 2012

Sr. José A. Soler Vargas
PO Box 7
Boqueron, Puerto Rico 00622

## ESTUDIO DE EXPEDIENTE

Analizamos su expediente de personal, según solicitado.

De acuerdo a su preparación académica y experiencia de empleo, determinamos que reúne los requisitos mínimos establecidos para las clases de Técnico de Servicios a la Familia II, Técnico de Asistencia Social y Familiar III, Oficial Administrativo III, Supervisor de Licenciamiento y Supervisor de Trabajo Social I, del Plan de Clasificación del Departamento de la Familia.

Esta evaluación sustituye la enviada el 6 de febrero de 2012.

Nos reiteramos a su disposición.

Carmin Rodríguez Negrón
Gerente de Recursos Humanos

BAG/lcv

Fecha: 13 de octubre de 2011


A: Sra. Carmín Rodríguez Negrón
   Gerente de Recursos Humanos
   Departamento de la Familia

De: Irma Pagán Pagán
   P. O. Box 383
   Cabo Rojo, P. R. 00623-0383

El propósito de esta carta es solicitar que se me reinstale en el registro de elegible de Trabajo Social del Departamento de la Familia en ADFAN. Durante el día 12 de agosto de 2011, recibí una notificación oficial en donde se me informa que he sido excluida del registro oficial de Trabajo Social de ADFAN. Según la *misma el motivo de la exclusión se debe a la no comparecencia a la entrevista de empleo.*

Es mi intención demostrarle que he asistido a la entrevista según ustedes indicaron. La primera cita para dicha entrevista fue pautada para el día 2 de agosto de 2011, pero la misma fue suspendida debido a las inclemencias del tiempo. Por lo cual la cita fue cambiada para el día 9 de agosto de 2011, a la cual comparecí en compañía de el Sr. Jose Soler, Sr. Jose Alicea, Sra. Sandra Avilés y la Sra. Adrieliz Chaparro.

Dichas entrevistas fueron realizadas por la Sra. Brenda Liz González, Ayudante de la Secretaria y la Sra. María Luisa Torres, Directora de Recursos Humanos. En el proceso de las entrevistas se utilizó la documentación que fuera entregada el día 3 de mayo del 2011. En mi caso en particular dichos documentos no se encontraban disponibles al momento, pese a eso la Sra. Torres y la Sra. González, procedieron a entrevistarme. Cabe señalar que antes de recibir la cita para la entrevista de empleo, esta suscribiente había enviado una carta solicitando una cita para revisión de la decima otorgada.

Por lo cual solicito que se realicen las debidas gestiones para localizar mi expediente y se me reinstale al registro oficial de Trabajo Social del Departamento de la Familia en ADFAN.


Gracias por las gestiones a realizar


Sra. Irma Pagán Pagán



**Secretaría Auxiliar de Recursos Humanos
y Relaciones Laborales**

3 de octubre de 2011

IRMA PAGAN PAGAN
PO BOX 383
CABO ROJO, PUERTO RICO 00623

Su nombre fue incluido en la Certificación de Elegibles número **2011-13**, para cubrir un puesto de **Trabajador/a Social I**, en la Administración de Familias y Niños, **Unidad de Investigaciones Especiales (UIE) – Mayaguez.**

El entrevistador nos informó que usted no **compareció a entrevista**, *por lo que se le informa* que su nombre ha sido eliminado del Registro de Elegibles.

Si usted es un(a) empleado(a) cuyo puesto está comprendido dentro de las unidades apropiadas cubiertas por el Convenio Colectivo y no está de acuerdo con ésta determinación, puede solicitar por escrito, reconsideración a la División de Reclutamiento, dentro del término de diez (10) días laborales, contados a partir del recibo de ésta comunicación. Una vez la División de Reclutamiento conteste su petición, de no estar de acuerdo con la acción tomada, podrá acudir, *por escrito y dentro del término* de quince (15) días, contados a partir del recibo de la notificación, al Comité de Quejas y Agravios, Secretaría Auxiliar de Recursos Humanos y Relaciones Laborales, PO Box 11398, San Juan, PR 00910-1398 o entregar su querella personalmente en el Secretariado, Ave. Barbosa #306, Edificio Lila Mayoral, Tercer piso, Hato Rey.  Le apercibo de su obligación de enviar copia de su escrito a Servidores Públicos Unidos, según la unidad apropiada.

Si usted es un empleado(a) no cubierto(a) por el Convenio Colectivo o es un(a) solicitante externo(a) al Departamento, puede solicitar reconsideración por escrito, a la División de Reclutamiento, dentro del término de diez (10) días a partir de ésta determinación o apelar ante la *Comisión Apelativa* del Sistema de Administración de Recursos Humanos del Servicio Público dentro del término de treinta (30) días, contados a partir del recibo de la presente, a la siguiente dirección, Apartado 90223990, San Juan, PR 00902-3990.  Usted tiene la obligación de enviar copia de su apelación a la Honorable Secretaria del Departamento de la Familia, a la Oficina de Asesoramiento Legal, PO Box 11398, San Juan, PR 00910-1398 o entregarla personalmente en el Cuarto Piso del Secretariado, Edificio Lila Mayoral, Avenida Barbosa 306, Hato Rey.

Carmin Rodriguez Negron
Gerente de Recursos Humanos

nnr/icv

Fecha: 13 de octubre de 2011



DEPTO DE LA FAMILIA
SEC. ...            ...NOS
Y REL ...           ...ALES
...              ...RTO

2011 OCT 14  AM 10: 49

A: Sra. Carmín Rodríguez Negrón
Gerente de Recursos Humanos
Departamento de la Familia

De: José A. Soler Vargas
    P. O. Box 7
    Boquerón P.R 00622

Por la presente solicito una cita para reconsideración a mi solicitud para el puesto de Trabajador

Social I, ubicada en la Administración de Familias y Niños, Unidad de Investigaciones

Especiales del Departamento de la Familia, Región de Mayagüez. Esto debido a que fui

notificado, que no fui seleccionado para ocupar dicho puesto.

Gracias por las gestiones a realizar.

Sr. José A. Soler Vargas



**Secretaría Auxiliar de Recursos Humanos**
**y Relaciones Laborales**

3 de octubre de 2011

JOSE A. SOLER VARGAS
PO BOX 7
BOQUERON, PUERTO RICO 00622

Usted fue entrevistado de la Certificación de Elegibles número 2011-13 del 8 de julio de 2011, para ocupar un puesto de **Trabajador/a Social I,** ubicado en la Administración de Familias y Niños, **Unidad de Investigaciones Especiales (UIE) - Mayaguez.** Le notificamos que usted **no fue seleccionado** para ocupar dicho puesto.

Su nombre fue reingresado al Registro de Elegibles correspondiente.

Si usted es un(a) empleado(a) cuyo puesto está comprendido dentro de las unidades apropiadas cubiertas por el Convenio Colectivo y no está de acuerdo con ésta determinación, puede solicitar por escrito, reconsideración a la División de Reclutamiento, dentro del término de diez (10) días laborales, contados a partir del recibo de ésta comunicación. Una vez la División de Reclutamiento conteste su petición, de no estar de acuerdo con la acción tomada, podrá acudir, por escrito y dentro del término de quince (15) días, contados a partir del recibo de la notificación, al *Comité de Quejas y Agravios, Secretaría Auxiliar de Recursos Humanos y Relaciones Laborales,* PO Box 11398, San Juan, PR 00910-1398 o entregar su querella personalmente en el Secretariado, Ave. Barbosa #306, Edificio Lila Mayoral, Tercer piso, Hato Rey. Le apercibo de su obligación de enviar copia de su escrito a Servidores Públicos Unidos, según la unidad apropiada.

Si usted es un empleado(a) no cubierto(a) por el Convenio Colectivo o es un(a) solicitante externo(a) al Departamento, puede solicitar reconsideración por escrito, a la División de Reclutamiento, dentro del término de diez (10) días a partir de ésta determinación o apelar ante la Comisión Apelativa del Servicio Público dentro del término de treinta (30) días, contados a partir del recibo de la presente, a la siguiente dirección, Apartado 90223990, San Juan, PR 0 0902-3990. Usted tiene la obligación de enviar copia de su apelación a la Honorable Secretaria del Departamento de la Familia, a la Oficina de Asesoramiento Legal, PO Box 11398, San Juan, PR 00910-1398 o entregarla personalmente en el Cuarto Piso del Secretariado, Edificio Lila Mayoral, Avenida Barbosa 306, Hato Rey.

Carmín Rodríguez Negrón
Gerente de Recursos Humanos

NNR/lcv

P.O. Box 11398, San Juan, P.R. 00910-1398   Teléfono: (787) 294-4900 exts. 2531, 2533, 2426, 2364, 2267, 2127

EXHIBIT 1

**IRMA PAGÁN PAGÁN**

**TORRES-DE JESÚS LAW OFFICES**
PO Box 1116
Moca, Puerto Rico  00676
Tel/Fax: 787-877-3807
torresjud-law@yahoo.com

**ADRIELIZ CHAPARRO RÍOS**

**JUDITH TORRES-DE JESÚS**
RUA: 13210 / CAPR: 14409

**LIZBETH M. VELÁZQUEZ NIEVES**

**VIVIAN VÁZQUEZ CASTRO**

**JOSÉ A. SOLER VARGAS**

**BRENDA LEE SANTIAGO GALARZA**

    d.  Carta/Solicitud de Reconsideración al DF de Irma Pagán Pagán;

    e.  Carta de Cualificaciones de José A. Soler Vargas;

    f.  Carta de Cualificaciones de Vivian Vázquez Castro;

    g.  Carta de Cualificaciones de Brenda Lee Santiago Galarza.

**EN MÉRITO DE LO CUAL**, se solicita este Ilustre Tribunal declare **CON LUGAR** la presente **DEMANDA** y en consecuencia:

a.    Por violaciones a las Leyes 184 y 100:  i) se le otorgue a los apelantes un puesto regular; ii) se le pague los salarios y beneficios dejados de devengar; y iii) imponga responsabilidad civil a los apelados en su carácter oficial, por una cuantía no menor de $25,000.00 cada uno.

b.    Por el menosprecio y la deliberada indiferencia que los apelados, en su carácter personal, han demostrado en contra de los apelantes se imponga responsabilidad por estos daños que se valoran en una cuantía no menor de $75,000.00.

c.    Por las violaciones a la Ley de Compensación Extraordinaria [Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.], que todos y cada uno de los apelantes sean nombrados empleados regulares del DF;

d.    Por violaciones a la Ley 100, supra., los apelados, en su carácter personal y oficial, responden por una suma igual al doble del importe de los daños causados a los apelantes.

e.    Por los daños emocionales causados a los apelantes se les imponga una cuantía de daños no menor de $75,000.00 cada uno.

f.    Imposición de costas, gastos de litigio, y honorarios de abogado, con cualquier otro remedio que en derecho proceda.

**CERTIFICO:** Haber notificado copia fiel y exacta de la presente por correo certificado con acuse de recibo número 7007-2560-0000-2254-0099, al Departamento de Justicia, PO Box 9020-0192, San Juan, Puerto Rico, 00902-0192; y por correo certificado con acuse de recibo número 7007-2560-0000-2254-0051, al Departamento de la Familia, PO Box 11398, San Juan, Puerto Rico, 00910-1398.

**RESPETUOSAMENTE SOMETIDO** en Moca, Puerto Rico, hoy  23 de julio de 2013.

Estado Libra Asociado de Puerto Rico... adquirirá la condición de empleado regular... (si ha) prestado servicios continuos al Gobierno del Estado Libra Asociado de Puerto Rico por espacio de tres (3) años o más, en una agencia..."

102. Todos y cada uno de los apelantes han ocupado un puesto transitorio por un término mínimo de 5 o más años en el DF, cumpliendo los deberes y responsabilidades de forma diligente, eficiente y alta calidad.

103. Como resultado de las actuaciones ilegales de los apelados, los apelantes no recibieron un nombramiento regular como correspondía en derecho y se solicita sean nombrados como tal conforme a derecho.

## XII.    TERCERA CAUSA DE ACCIÓN - Daños y Perjuicios

104. Se incorporan y hacen formar parte de esta causa de acción las alegaciones anteriores.

105. Los apelantes participaron en una convocatoria, que a todas luces estaba impregnada por discrimen político, lo que les ha provocado daños emocionales y desconfianza en la metodología de selección de empleados para puestos regulares que ignoraron todos los preceptos del sistema de mérito.

106. En adición, los apelantes sufrieron la humillación de tener que entrenar los candidatos seleccionados, demostrando que ellos [los apelantes] tenían mayor preparación académica y experiencia que los candidatos seleccionados.

107. Como resultado de las actuaciones ilegales de los apelados en su carácter oficial y personal, éstos le han causado y continúan causando daños emocionales a los apelantes en una cuantía no menor de $75,000.00 cada uno.

108. Se incluyen los siguientes documentos:

   a. Carta de determinación final contrario a derecho de José A. Soler Vargas;

   b. Carta/Solicitud de Reconsideración al DF de José A. Soler Vargas;

   c. Carta de determinación final contrario a derecho de Irma Pagán Pagán;

94. Se incorporan y hacen formar parte de esta causa de acción las alegaciones anteriores.

95. Por las expresiones hechas por candidatos que fueron seleccionados al Puesto de Trabajador Social I en vez de los apelantes, han indicado que su selección se basó en el hecho de que eran miembros del Partido Nuevo Progresista.

96. Los apelados, en clara violación a la Declaración de Política Pública (§2.1(1)) de la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.], procedieron a seleccionar a los candidatos por la afiliación política que los candidatos expresaron y no por el sistema de mérito que corresponde. De esta forma discriminaron en contra de los apelantes, quienes sobrepasaban a los candidatos en preparación académica y experiencia en el empleo.

97. En adición, los apelados violaron la Constitución del Estado Libre Asociado de Puerto Rico y la Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.] al seleccionar candidatos en base a su afiliación política, en total menosprecio por los derechos civiles y constitucionales de los apelantes.

98. Como resultado de las actuaciones ilegales de los apelados en su carácter oficial, incluyendo discriminación en su contra, los apelados han causado y continúan causando daños emocionales y económicos a los apelantes en una cuantía no menor de $25,000.00 cada uno.

99. Los apelados, en su carácter personal, han actuado con menosprecio y deliberada indiferencia por los derechos constitucionales de los apelantes, daños que se valoran en una cuantía no menor de $25,000.00.

100. Por violaciones a la Ley 100, supra., los apelados responden por una suma igual al doble del importe de los daños causados a los apelantes.

**XI.    SEGUNDA CAUSA DE ACCIÓN** - LEY 110 DE 26 DE JUNIO DE 1958, SEGÚN ENMENDADA [3 LPRA §711, ET. SEQ.].

101. El Artículo 8(a) de la Ley de Compensación Extraordinaria [Ley 110 de 26 de junio de 1958, según enmendada [3 LPRA §711, et. seq.] establece que "todo trabajador irregular empleado por el Gobierno del

85. Desde que comenzó a laborar parar el DF, ésta ha recibido evaluaciones superiores y excelentes.

86. El 3 de octubre de 2011, la apelante sometió una solicitud con la documentación en apoyo de la Convocatoria número DF-2011-04, para la posición de Trabajador Social I.

87. La Apelante nunca recibió un Aviso de Calificación.

88. A pesar de que la apelante sometió la solicitud y documentación requerida para la convocatoria, ésta nunca fue citada a una entrevista, notificada si estaba en lista de elegibilidad o si fue seleccionada o no para el puesto.

89. El 30 de enero de 2012, la apelante solicitó una evaluación de expediente personal.  El 9 de febrero de 2012, ésta recibió una misiva informándole que conforme a su preparación académica y experiencia de empleo, ella reunía los requisitos mínimos para el puesto de Trabajador Social II y Oficial Administrativo III.

90. La apelante ha tenido y continúa teniendo una expectativa de empleo ya que ha ocupado el puesto de Trabajadora Social I por más de 5 años.

91. Los apelados no seleccionaron a la apelante para el puesto de Trabajadora I con carácter de empleo regular por favorecer otros candidatos con los cuales compartían una afiliación política.

92. Las actuaciones negligentes e intencionales de los apelados le ha causado y continúa causando a la coapelante daños económicos y emocionales, por lo que responden por dichos daños.

93. Actualmente el ingreso mensual recibido por la apelante SANTIAGO GALARZA es de $1,770.00; esto constituye $332.00 menos de lo que la convocatoria indica la candidato recibiría.  Se reclaman los salarios sin devengar desde octubre de 2011 hasta el día de hoy en una cuantía no menor de $2,324.00 con incrementos mensuales de no menos de $332.00.

X.   **PRIMERA CAUSA DE ACCIÓN** - Violación a la Ley 184 de 3 de Agosto de 2004, según enmendada [3 LPRA §1301, et. seq.] y Ley 100 de 30 de Junio de 1959, según enmendada [29 LPRA §146, et. seq.];



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $2.52 |
| Certified Fee | | $3.10 |
| Return Receipt Fee (Endorsement Required) | | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $8.17 |

COMISIÓN APELATIVA DEL SERVICIO PÚBLICO
PO BOX 41149
SAN JUAN, PR 00940-1149

PS Form 3800, August 2006          See Reverse for Instructions
PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

☐ Agent
☐ Addressee
C. Date of Delivery
☐ Yes
☐ No

☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.
(Extra Fee)   ☐ Yes

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.52 |
| Certified Fee | | $3.10 |
| Return Receipt Fee (Endorsement Required) | | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $7.17 |

DEPARTAMENTO DE JUSTICIA
PO BOX 9020-0192
SAN JUAN, PUERTO RICO, 00902-0192

PS Form 3800, August 2006          See Reverse for Instructions
102595-02-M-1540

☐ Agent
☐ Addressee
C. Date of Delivery
☐ Yes
☐ No

☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.
(Extra Fee)   ☐ Yes

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $1.52 |
| Certified Fee | | $3.10 |
| Return Receipt Fee (Endorsement Required) | | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $7.17 |

DEPARTAMENTO DE LA FAMILIA
PO BOX 11398
SAN JUAN, PUERTO RICO, 00910-1398

JUL 31 2013

☐ Agent
☐ Addressee
C. Date of Delivery
☐ Yes
☐ No

☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.
(Extra Fee)   ☐ Yes

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
REGION JUDICIAL DE MAYAGUEZ

PAGAN PAGAN, IRMA

_____

                V.

E L A DE PR

_____

CASO NUM KLCE201300094
SOBRE: CERTIORARI INTERLOCUTORIO CIVIL

LIC. JUDITH TORRES DE JESUS
PO BOX 1116

MOCA PR 00676-1116

N O T I F I C A C I O N

CERTIFICO QUE EN RELACION CON EL DOCUMENTO PRESENTADO EL
22 DE ENERO DE 2013 PETICION DE CERTIORARI
EL DIA 29 DE ABRIL DE 2013 EL TRIBUNAL DICTO LO QUE SE TRANSCRIBE
A CONTINUACION:

VEASE RESOLUCION (Y SIENDO USTED O REPRESENTANDO USTED LA
PARTE PERJUDICADA POR ESTA RESOLUCION DE LA CUAL PUEDE
ESTABLECERSE RECURSO DE APELACION O CERTIORARI, DIRIJO A
USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE
ESTE CASO COPIA DE ELLA EN EL DIA DE HOY.)

CERTIFICO ADEMAS QUE EN EL DIA DE HOY ENVIE POR CORREO COPIA DE
ESTA NOTIFICACION A LAS SIGUIENTES PERSONAS A SUS DIRECCIONES
INDICADAS, HABIENDO EN ESTA MISMA FECHA ARCHIVADO EN LOS AUTOS
COPIA DE ESTA NOTIFICACION.

LIC. JANNELLE M LAFORET MATOS - DEPARTAMENTO DE JUSTICIA
P.O. BOX 9020192 SAN JUAN PR 00902-0192
TRIBUNAL DE PRIMERA INSTANCIA MAYAGUEZ - LIC NORMA G SANTANA - SEC REGIO
PO BOX 1210 MAYAGUEZ PR 00681-1210
LIC. ISABEL PADILLA ZAPATA - DEPARTAMENTO DE JUSTICIA
P O BOX 179 MAYAGÜEZ PR 00681-0179

SAN JUAN , PUERTO RICO, A 06 DE MAYO DE 2013 .

DIMARIE ALICEA LOZADA
_____
SECRETARIO

POR:  VERONICA ROSADO LORA

_____
SECRETARIA SERV SALA
CONT. CASO NUM. KLCE201300094

PAG. 02


OAT -750-1 NOTIFICACION DE RESOLUCION Y ORDENES
TRIBUNAL DE APELACIONES
WWW.RAMAJUDICIAL.PR
TELETRIBUNALES:(787)759-1888/ISLA 1-877-759-1888 LIBRE DE COSTO

ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACI ONES
REGION JUDICIAL DE MAYAGUEZ, AGUADILLA Y UTUADO
PANEL X

| | | |
|---|---|---|
| IRMA PAGÁN PAGÁN; ADRIELIZ CHAPARRO RÍOS; LIZBETH M. VELÁLQUEZ CASTRO; JOSÉ A. SOLER VARGAS; BRENDA LEE SANTIAGO GALARZA<br><br>RECURRIDA<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE LA FAMILIA; YANITSIA IRIZARRY MÉNDEZ; BRENDALIZ GONZÁLEZ MÉNDEZ, MARÍA LUISA TORRES COLÓN<br><br>PETICIONARIO | KLCE20130094 | CERTIORARI procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. ISCI2012-00631 |

Panel integrado por su presidente, el Juez González Vargas, la Jueza Surén Fuentes y la Jueza Soroeta Kodesh.

González Vargas, Troadio, Juez Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de abril de 2013.

Comparece ante este Tribunal Sra. María Luisa Torres Colón (la peticionaria), en su carácter personal y representada por la Oficina de la Procuradora General, mediante el presente recurso de *certiorari*. En él nos solicita que revoquemos la *Resolución y Orden* emitida el 17 de



KLCE20130094                                                                    2

diciembre de 2012 y notificada el 20 de diciembre de 2012 por el Tribunal

de Primera Instancia, Sala de Mayagüez (TPI), mediante la cual el

referido foro declaró No Ha Lugar la *Moción en Solicitud de*

*Desestimación* presentada por la peticionaria dentro un pleito sobre

daños y perjuicios por discrimen político.

Por las razones expresadas, se deniega la expedición del auto

solicitado.

I.

El 4 de mayo de 2012, Irma Pagán Pagán, Adrieliz Chaparro Ríos,

Lizbeth M. Velázquez, Vivian Vázquez Castro, José E. Soler Vargas y

Brenda Lee Santiago Galarza (en conjunto, los recurridos) presentaron

una *Demanda* sobre Daños y Perjuicios contra el Estado Libre Asociado

de Puerto Rico, el Departamento de la Familia y su antigua Secretaria,

Yanitsia Irizarry Méndez, Brendaliz González Méndez y la peticionaria,

quien era la Secretaria Auxiliar de Recursos Humanos y Relaciones

Laborales del Departamento de la Familia.



En la referida *Demanda*, alegaron los recurridos que el 11 de

marzo de 2011, el Departamento de Familia publicó una convocatoria de

empleo para el puesto de Trabajador Social I. Sostuvieron los recurridos

que éstos sometieron una solicitud que incluía toda la documentación

requerida por la agencia, que fueron a una entrevista a la que los citaron

y que, finalmente, recibieron una notificación de que no habían sido



KLCE20130094                                                    3

seleccionados para el puesto. Adujeron, también, que en octubre de 2011 se seleccionó a cinco (5) empleados con menor experiencia y preparación académica que ellos[1] y que, por expresiones hechas el 13 de abril de 2012 por uno de los empleados seleccionados, advinieron en conocimiento de que "los nombramientos de los cinco seleccionados se debieron a consideraciones políticas, porque eran miembros del Partido Nuevo Progresista."[2] En síntesis y en cuanto a la peticionaria, aseveraron que ésta, como encargada de todas las transacciones de personal del Departamento de la Familia, entrevistó a algunos de ellos y evitó entrevistar a otros, que discriminó en su contra por su afiliación política, en violación de la Constitución de Puerto Rico, de la Ley 184 de 3 de agosto de 2004, según enmendada, 3 L.P.R.A. sec. 1301, et seq., y de la Ley 100 de 30 de junio de 1959, según enmendada, 29 L.P.R.A. sec. 146, et seq.

El 13 de septiembre de 2012, la peticionaria presentó una *Moción en Solicitud de Desestimación* en la que alegó que la *Demanda* presentada no aducía una causa de acción que justificara la concesión de un remedio en su contra en su carácter personal. Lo anterior, puesto que "[l]as alegaciones que se hacen son respecto al ejercicio de sus funciones como empleada y/o funcionario del Departamento de la





---

[1] Inclusive, alegaron que varios de los recurridos se vieron obligados a adiestrar a estos empleados seleccionados.
[2] Véase, *Demanda*, Apéndice del recurso de *certiorari*, a la pág. 4.

KLCE20130094

4

Familia. No existen alegaciones contra ésta en su carácter personal".[3] El 17 de diciembre de 2012, el TPI emitió una *Resolución y Orden*, en la que declaró No Ha Lugar la moción de desestimación presentada por la peticionaria.

Inconforme con tal determinación, el 22 de enero de 2013, la peticionaria acudió ante este Tribunal mediante el presente recurso de *certiorari*, en el que señaló la comisión de los siguientes errores por parte del foro de instancia:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación que instara la Sra. María Luisa Torres Colón cuando de los hechos alegados surge que las actuaciones de ésta fueron actualizadas en su carácter oficial y en el exclusivo ejercicio de sus funciones como Secretaria Auxiliar de Recursos Humanos del Departamento de la Familia

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de desestimación incoada por la Sra. María Luisa Torres Colón cuando en la demanda no existen alegaciones en su contra, por actuaciones intencionales de las cuales pueda responder en su carácter personal.

El 4 de febrero de 2013, los recurridos comparecieron mediante *Oposición a Petición de Certiorari*, por lo que con el beneficio de las comparecencias de las partes y el expediente del caso, procedemos a resolver.

---

[3] Véase, *Moción en Solicitud de Desestimación*, Apéndice del recurso de *certiorari*, a la pág. 21.

KLCE20130094                                                                        5

## II.

El auto de *certiorari*, 32 L.P.R.A. sec. 3491 et seq., es el vehículo
procesal extraordinario utilizado para que un tribunal de mayor jerarquía
pueda corregir un error de derecho cometido por un tribunal inferior.
*Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 637 (1999). Distinto al
recurso de apelación, el tribunal al que se recurre tiene la facultad de
expedir el auto de *certiorari* de manera discrecional, por tratarse de
ordinario de asuntos interlocutorios.

Con el fin de que podamos ejercer de una manera sabia y
prudente nuestra facultad discrecional de entender o no en los méritos de
los asuntos que nos son planteados mediante el recurso de *Certiorari*, la
Regla 40 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-B, señala
los criterios que debemos tomar en consideración al atender una solicitud
de expedir de este recurso.  La referida Regla dispone en lo pertinente lo
siguiente:

El Tribunal tomará en consideración los siguientes criterios al
determinar la expedición de un auto de *Certiorari* o de una orden de
mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a
diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para
el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y
manifiesto en la apreciación de la prueba por el Tribunal de
Primera Instancia.

. . .

KLCE20130094

6

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

. . .

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La Regla antes transcrita le impone a este Tribunal el deber de ejercer su discreción y evaluar si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención en una etapa temprana de los procedimientos. De no ser ese el caso, procede que este Tribunal se abstenga de expedir el auto solicitado, de manera que se continúe con los procedimientos del caso sin mayor dilación en el foro de instancia.

Por otro lado, es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del foro primario, sobre todo en asuntos interlocutorios, salvo en caso de "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 D.P.R. 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario, de manera que no se interrumpa el curso de los casos ante ese foro, causando con ello un disloque en el manejo de los mismos y en los calendarios judiciales.



KLCE20130094                                                                 7

## B.

La Regla 10.2 (5) de Procedimiento Civil, 32 L.P.R.A. Ap. V R 10.2
(5), autoriza la desestimación de una demanda que no expone "una
reclamación que justifique la concesión de un remedio". La jurisprudencia
ha establecido que a los fines de resolver una desestimación por este
fundamento, los tribunales tienen que dar por ciertas las alegaciones
contenidas en la demanda y considerarlas de la manera más favorable
para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.* 174
D.P.R. 409, 428-429 (2008); *García v. E.L.A.,* 163 D.P.R. 800, 814
(2005); *Dorante v. Wrangler of P.R.,* 145 D.P.R. 408, 413 (1998). De
igual manera, el tribunal "tomará como ciertos todos los hechos bien
alegados en la demanda y que hayan sido aseverados de manera clara y
concluyente, y que de su faz no den margen a dudas." *Colón v. Lotería,*
167 D.P.R. 625, 649 (2006); *Sánchez v. Aut. de los Puertos,* 153 D.P.R.
559, 569 (2001); *Montañez v. Hosp. Metropolitano,* 157 D.P.R. 96, 103-
104 (2002). De ahí que los tribunales deben descartar la desestimación
si la demanda, vista de la manera más favorable al demandante, puede
contener una reclamación válida, a la luz de las alegaciones que formula.
*Pressure Vessels P.R. v. Empire Gas P.R.,* 137 D.P.R. 497, 505 (1994);
*Unisys v. Ramallo,* 128 D.P.R. 842 (1991). Sólo procederá la
desestimación cuando se tenga la certeza de que el demandante no
tiene derecho a remedio alguno bajo cualquiera de los hechos alegados
que pueda probar. *Aut.Tierras v. Moreno & Ruiz Dev. Corp.,* supra, a la

KLCE20130094

8

pág. 429; *Perfect Cleaning v. Cardiovascular*, 172 D.P.R. 139, 149 (2007); *Candal v. CT Radiology Office, Inc.,* 112 D.P.R. 227, 231 (1982); *Moa v. E.L.A.*, 100 D.P.R. 573, 586 (1972).

En específico, "permite al demandado solicitar que se desestime la demanda en su contra cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará." *Sánchez v. Aut. de los Puertos,* 153 D.P.R. 559, 569 (2001). Cuando se presenta una moción de desestimación porque la demanda no contiene una reclamación que justifique un remedio y en la moción se exponen materias no contenidas en la alegación impugnada, "la moción deberá ser considerada como una solicitud de sentencia sumaria." 32 L.P.R.A. Ap. V, R. 10.2. De esa manera, la moción estará sujeta al rigor que establece la Regla 36 sobre sentencia sumaria, "y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla." *Id.*

## C.

Mediante la Ley de Pleitos contra el Estado, Ley Núm. 104, de 29 de junio de 1955, según enmendada, 32 L.P.R.A. sec. 3077, et seq., el Estado autoriza a ser demandado en los casos de daños y perjuicios causados por actuaciones culposas o negligentes de sus agentes o empleados en el descargo de sus funciones oficiales, renunciando así a la inmunidad que históricamente se le había reconocido en esta materia. Al mismo tiempo, este estatuto establece ciertos límites a su



KLCE20130094

9

responsabilidad en materia de indemnización. *Defendini Collazo et al. v. E.L.A.,* 134 D.P.R. 28 (1993). Asimismo, impone ciertas condiciones o criterios a fin de que prospere una acción contra el Estado, principalmente que el funcionario, agente o empleado se desempeñara dentro del marco de su función pública y que no actuó de manera intencional *Leyva et al. v. Aristud et al,* 132 D.P.R. 489 (1993); *Galarza Soto v. ELA,* 109 D.P.R. 179 (1979). Cónsono con lo anterior, la citada Ley le confiere inmunidad al ELA cuando los daños y perjuicios son consecuencia de una actuación intencional, maliciosa o criminal, de un funcionario, agente o empleado suyo. Específicamente el Artículo 6 de la Ley Núm. 104, 32 L.P.R.A. sec. 3081, establece que:

> Nada en las secs. 3077 a 3092(a) autoriza las acciones por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado:
>
> [...]
>
> (b) En el desempeño de una función de carácter discrecional, aún cuando hubiere abuso de discreción.
>
> [...]
>
> (d) Constitutivo de acometimiento, agresión u otro delito contra la persona, encarcelación ilegal, persecución maliciosa, calumnia, libelo, difamación y falsa representación e impostura.

III.

En sus señalamientos de error la peticionaria esencialmente alega que incidió el foro de instancia al declarar No Ha Lugar su moción de desestimación, puesto que las únicas alegaciones de la *Demanda* en su





KLCE20130094

10

contra se refieren a actuaciones realizadas en el ejercicio de sus funciones como Secretaria Auxiliar de Recursos Humanos del Departamento de la Familia. Sostiene la peticionaria que sólo se le imputó haber entrevistado a los recurridos durante el proceso de selección de candidatos para el puesto de Trabajador Social I y que no se adujo que sus actuaciones se llevaron a cabo en su carácter personal, por lo que la demanda presentada debió haber sido desestimada al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra*.

De un estudio del expediente del caso concluimos que no medió prejuicio, pasión, parcialidad o error manifiesto en la determinación tomada por el TPI, por lo que no se justifica nuestra intervención con la misma. Tampoco está presente alguno de los otros criterios contenidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 40, que requiera la expedición del auto de *certiorari* solicitado.



De una simple lectura de la *Demanda* presentada por los recurridos surge que las alegaciones, interpretadas de manera conjunta, liberal y favorable a la parte demandante, claramente le imputan a la peticionaria actuaciones relacionados con la selección de determinados candidatos y el rechazo de otros, incluyendo a la peticionaria, por consideraciones ajenas al principio del mérito basadas en criterios de afiliación política. En consecuencia, las referidas alegaciones imputan a la peticionaria actuaciones contrarias a la Constitución de Puerto Rico y

KLCE20130094

11

otros estatutos antes mencionados que prohíben el discrimen por razones políticas.

Recordemos que una demanda sólo tiene que contener "una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio." Regla 6.1 (1) de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 6.1 (1). La *Demanda* presentada contiene alegaciones contra la peticionaria en su carácter personal en la medida que el discrimen alegado se configura y nace ordinariamente de las ideas políticas propias y personales del funcionario público que ejecuta el acto discriminatorio. Se trata de un tipo de alegación que generalmente, en el caso de funcionarios gubernamentales, involucran necesariamente una conjunción de acciones personales y oficiales. Así lo entendió el TPI al denegar la moción de desestimación presentada por ésta y, por los fundamentos expresados anteriormente, no procede que intervengamos con la sana discreción del juzgador de instancia en el referido dictamen.

IV.

Por las razones anteriormente expresadas, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

HILDRED IVONNE RODRIGUEZ RIVERA
SUB SECRETARIA
DEL TRIBUNAL DE APELACIONES
Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones