UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>**THE FINANCIAL OVERSIGHT BOARD AND MANAGEMENT BOARD FOR PUERTO RICO,**<br><br>As representative of<br><br>**THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY**<br><br>**Debtors**[1] | **PROMESA**<br>**Title III**<br><br>**No. 17 BK 3283-LTS**<br><br>(Jointly Administered) |

**REPLY TO THE ERS' OBJECTION TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE PROOF OF CLAIM FILED ON FEBRUARY 4, 2023 DUE TO LACK OF NOTICE**

**TO THE HONORABLE COURT:**

**COMES NOW**, Acisclo Fossas-Marxuach ("Fossas-Marxuach"), through the undersigned counsel, and respectfully STATES, ALLEGES, and PRAYS:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283- LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**PRELIMINARY STATEMENT**

1. On May 10, 2023, Fossas-Marxuach filed a *Motion for Allowance of Administrative Expenses Proof of Claim filed on February 4, 2023 Due to Lack of Notice ("the Motion")*. See ECF No. 24183. Fossas-Marxuach asked this Honorable Court to allow his Administrative Expenses Proof of Claim filed on February 4, 2023, because he never received any notice of any details, deadlines and/or proceedings of the Commonwealth of Puerto Rico's and/or the ERS' Title III cases, despite having an ongoing litigation in federal court against the Retirement Board of the Government of Puerto Rico and the Judiciary ("the Retirement Board").[2] See Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary, USDC-PR Case No. 21-01513 (CVR). Alternatively, Fossas-Marxuach requested this Honorable Court to deem his judicial complaint, filed on October 21, 2021 in this same U.S. District Court against the Retirement Board as a timely filed informal Administrative Expenses Proof of Claim.

2. On May 24, 2023, the Employees Retirement System ("ERS") filed an *Objection* to Fossas-Marxuach's *Motion.* See ECF No. 24307. The ERS argued that Fossas-Marxuach's motion should be denied "because the Debtor provided sufficient and appropriate notice of the June 13, 2022 administrative claim bar date by first class mail and email service, and, to the extent the January 18, 2023 administrative claim bar date applies, through various publications pursuant to the Administrative Claim Bar Date Extension Order [ ], which publication notice this Court has previously determined provides adequate notice of the deadline to file proofs of claims." See ECF 24307 at 6. The ERS also argued that Fossas-Marxuach's request to deem his judicial complaint against the Retirement Board, filed on October 21, 2021, as a timely filed informal Administrative

---

[2] Pursuant to Puerto Rico Law 106 of August 23, 2017 ("Law 106-2017"), which reformed the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Retirement Board replaced the Board of Trustees as the highest governing body of the ERS. See Laws of P.R. Ann., Tit. 3, §9562.

Expenses Proof of Claim should be denied because, although the First Circuit has recognized the validity of the informal proof of claim doctrine, "the application of this equitable doctrine in connection with the unprecedented Title III cases of the Commonwealth and related instrumentalities would hinder the effective restructuring efforts contemplated by PROMESA and is not supported given Movant received actual notice of the Original Administrative Claim Bar Date." See ECF No. 24307 at 10.

3. As discussed below, the ERS arguments are incorrect, misleading and have no merit. As such, its objection should be denied and Fossas-Marxuach's motion should be granted.

## DISCUSSION

**A. No adequate notice was given to Fossas-Marxuach**

4. The ERS does not dispute the facts that during the litigation between Fossas-Marxuach and the Retirement Board, the latter never raised any argument regarding any applicable stay, never filed any notice informing of any stay, never informed Fossas-Marxuach or his counsel of anything Fossas-Marxuach needed to do to preserve his claim against the Retirement Board in light of the Commonwealth of Puerto Rico's and/or the ERS' Title III proceedings, and did not even mention PROMESA in any of its filings. The ERS also does not dispute that it knew Fossas-Marxuach's contact information, not only because Fossas-Marxuach was a former employee of the Retirement Board, but also because Fossas-Marxuach and the Retirement Board were in active litigation in federal court.

5. What the ERS argued in its Objection is that "Movant's counsel in the Postpetition Action received actual notice through first class mail and email service of the Effective Date Notice, which was sent on March 28, 2022[.]" See ECF No. 24307 at 9, ¶16. In support of said averment, the ERS made reference to ECF No. 20511, which is a Certificate of Service issued

under penalty of perjury by Moheen Ahmad, employee of Kroll Restructuring Administration LLC ("Kroll"), on March 30, 2022, in which Mr. Ahmad stated as follows:

> On March 18, 2022, at my direction and under my supervision, employees of Kroll caused the following document to be served (1) via first class email on the **Notice Party Service List** attached hereto as Exhibit A; and (2) via email on **Notice Parties Email Service List** attached hereto as Exhibit B:
>
> \* Notice of (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date [Docket No. 20349].

See ECF at 20511 (Emphasis ours). Exhibits A and B of the Certificate of Service cited above are two tables titled "Notice Party Service List" and "Notice Parties Email Service List", respectively. In both lists the undersigned's name, Andrés Gorbea Del Valle, appears in the column corresponding to the **Parties' Names**, and Fossas-Marxuach is nowhere to be found. It is clear that Fossas-Marxuach received no notice, either directly or through counsel. We respectfully submit that a notice directed and addressed to the undersigned counsel, **as a party and without any reference to any client**, cannot be deemed as adequate notice to the real party, which is Fossas-Marxuach.

6. In contrast, let us analyze the notice sent to Fossas-Marxuach of the Objection filed by the ERS on May 24, 2023 (i.e., ECF No. 24307). Said Objection was notified to Fossas-Marxuach via first class mail, both through counsel and directly to Fossas-Marxuach's address. See Exhibit 1. **Even the notice that was sent through counsel has Fossas-Marxuach's name.** See Exhibit 1. That is the correct way to do it. If not, how can the undersigned counsel know or identify to which client or case does a notice relates to, if the notice does not include the party's name? Evidently, the alleged notice to which the ERS refers to, ECF No. 20511, was not addressed to Fossas-Marxuach, either directly or through counsel. Fossas-Marxuach does not appear in the

list of parties. Therefore, the ERS' argument that Fossas-Marxuach was notified through the undersigned counsel of the (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date [Docket No. 20349], is meritless.

7. Alternatively, the ERS argued that "even if such notice [*i.e.*, the Notice discussed above allegedly sent to the undersigned counsel, as a party] were determined inadequate and the Extended Administrative Claim Bar Date were to apply to Movant's Late-Filed POC, the Debtor provided publication notice of such deadline, which this Court has determined is adequate notice of the deadline to file proofs of claim." See ECF No. 24307 at 9, ¶16. This statement is incorrect. The decision of this Honorable Court to which the ERS refers to is the *Memorandum Order Concerning Mr. José López Medina's Motion for Relief from the Automatic Stay Pursuant to PROMESA's Sections 4, 7, 301(c)(3), 304(H) and Bankruptcy Code's Sections 362(B)(4), (D)(1)*. See ECF No. 23878. In that case, Movant was Mr. José López Medina, who had filed a judicial action against the Puerto Rico Police Department ("PRPD") on October 4, 2017. See ECF No. 23878 at 3. **As part of the judicial action filed by Mr. José López Medina against the PRPD, "[o]n February 8, 2018, the Department of Justice of the Commonwealth of Puerto Rico filed a notice of the automatic stay."** See ECF No. 23878 at 4 and 9.[3] In addition, this Court noted that "Debtors undertook broad publication of notice of the Commonwealth's Bar Date pursuant to the Bar Date Orders, including publishing notice of the Bar Date in English and Spanish language publications circulating in Puerto Rico and the mainland United States, as well as running radio advertisements throughout Puerto Rico." Id. at 9. In other words, this Honorable Court ruled that

---

[3] Notably, no such notice, or similar, was ever filed in Fossas-Marxuach's case against the Retirement Board.

notice was adequate because **both** the Puerto Rico Department of Justice had filed a notice of automatic stay in López-Medina's judicial action **and** notice by publication was made.

8. The difference between José López Medina's case and Fossas-Marxuach's case is clear. In Fossas-Marxuach's case, the Retirement Board never filed any notice informing Fossas-Marxuach that the case had to be stayed and that he needed to file a Proof of Claim in the Title III proceedings. Notice by publication alone is insufficient and inadequate.

9. The United States Supreme Court has held that notice by publication was "constitutionally defective as to known persons whose whereabouts were also known, because it was not 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" See Dusenbery v. U.S., 534 U.S. 161, 168 (2002).

10. In Mullane v. Central Hanover Trust Co., 339 U.S. 306, 319 (1950), the United States Supreme Court held that published notice is normally inadequate when the intended recipient of such notice "could easily be informed by other means at hand":

> [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.... It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts.

Id. at 315; see also United States v. 125.2 Acres of Land, 732 F.2d 239 (1st Cir. 1984).

11. In the present case, it is uncontested that the Retirement Board and the ERS knew that Fossas Marxuach had an active litigation against the Retirement Board. They also knew Fossas-Marxuach's contact information. Therefore, to comply with constitutional due process requirements, Fossas-Marxuach had to be notified directly or through counsel. Notice by publication alone is insufficient and inadequate. As such, the ERS' arguments should be rejected

by this Honorable Court and Fossas-Marxuach's *Motion for Allowance of Administrative Expenses Proof of Claim filed on February 4, 2023 Due to Lack of Notice* [ECF No. 24183], should be granted.

11. The ERS also objected to Fossas-Marxuach's alternative request for relief, to wit, that the judicial action he filed against the Retirement Board before the U.S. District Court for the District of Puerto Rico on October 21, 2021, be deemed as a timely filed informal Administrative Expenses Proof of Claim. According to the ERS, Fossas-Marxuach's judicial action cannot be deemed as an informal proof of claim because said action was not filed in the Title III case, but rather in another case (although in the same Court). This Honorable Court has discretion to allow Fossas-Marxuach's judicial action as a timely filed informal Administrative Expenses Proof of Claim, particularly under the circumstances established above where Fossas-Marxuach received no notice of his obligation to file a Proof of Claim. In addition, the requirements established by the First Circuit in In re Belser, 534 B.R. 228, 238 (BAP 1st Cir. 2015), for the application of the informal proof of claim doctrine are all satisfied in Fossas-Marxuach's case. For example, (1) the document must be in writing; (2) the document must contain a demand by the creditor on the debtor's estate; (3) the document must express an intent to hold the debtor liable for the debt; (4) the document must be filed with the court; and (5) based on the facts of the case, it would be equitable to allow the amendment. See In re Belser, 534 B.R. 228, 240 (BAP 1st Cir. 2015). Therefore, the ERS argument that Fossas-Marxuach's judicial action against the Retirement Board cannot be deemed as a timely filed informal Administrative Expenses Proof of Claim is also meritless and should be rejected by this Honorable Court.

12. Finally, the ERS argued that "even if the Court were to allow [Fossas-Marxuach] to file the Late-Filed POC, [Fossas-Marxuach] fails to establish that he holds an underlying valid

claim against ERS[. . .] No final judgment has been entered against ERS in the Postpetition Action, and, therefore, Movant's claim remains contingent." See ECF No. 24307 at 12, ¶23, and at 13, ¶24. This argument is also meritless because Fossas-Marxuach's administrative expense claim can be managed through the administrative expenses claim procedures established in the Notice of Effective Date. the administrative expenses claims

## RELIEF REQUESTED

**WHEREFORE**, Fossas-Marxuach very respectfully requests this Honorable Court to deny the ERS' Objection, and allow or accept Fossas-Marxuach's Administrative Expenses Proof of Claim filed on February 4, 2023 or, alternatively, to accept the *Complaint* he filed against the Retirement Board before this same U.S. District Court on October 21, 2021 as an informal Administrative Expenses Proof of Claim. See Acisclo Fossas-Marxuach v. Retirement Board of the Government of Puerto Rico and the Judiciary, Case No. 21-01513 (CVR), Dkt. #1.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today May 31, 2023.

**I HEREBY CERTIFY** that on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants and attorneys of record.

**s/ Andrés C. Gorbea-Del Valle**
Andrés C. Gorbea-Del Valle, Esq.
USDC-PR Bar No. 226313
PO Box 195191
San Juan, P.R. 00919-5191
Tel. (787) 217-2234
Email: andres_gorbea@yahoo.com
