*[Proskauer Draft – 5/31/23]*

**GUC TRUST AGREEMENT**

between

Puerto Rico Electric Power Authority

and

[●], as trustee of the GUC Trust

_____

Dated as of [●], 2023

_____

## TABLE OF CONTENTS

**Page**

BACKGROUND ...................................................................................................................1

TRUST AGREEMENT .........................................................................................................2

ARTICLE I. ..............................................................................**Error! Bookmark not defined.**

    1.1.    Definitions .........................................................................................2

ARTICLE II. DECLARATION OF TRUST........................................................................3

    2.1.    Creation of Trust ...............................................................................3
    2.2.    Purpose of GUC Trust ......................................................................3
    2.3.    Transfer of GUC Trust Assets .........................................................3
    2.4.    No Rights of Debtor ..........................................................................4
    2.5.    Appointment and Acceptance of GUC Trustee ................................4
    2.6.    Liquidation of the GUC Trust Assets ...............................................4
    2.7.    No Reversion to Debtor .....................................................................4
    2.8.    Incidents of Ownership .....................................................................5

ARTICLE III. GUC TRUST BENEFICIARIES ..................................................................5

    3.1.    Conflicting Claims ............................................................................5
    3.2.    Rights of GUC Trust Beneficiaries ..................................................5
    3.3.    Evidence of GUC Trust Interest ......................................................5
    3.4.    Transfers of GUC Trust Interests.....................................................6
    3.5.    Limited Liability ...............................................................................6

ARTICLE IV. DURATION AND TERMINATION OF GUC TRUST ...............................7

    4.1.    Duration ............................................................................................7
    4.2.    Dissolution of the GUC Trust ..........................................................7
    4.3.    Continuation of GUC Trust for Winding Up ...................................7

ARTICLE V. ADMINISTRATION OF GUC TRUST .........................................................7

    5.1.    Payment of Claims, Expenses and Liabilities .................................7
    5.2.    Distributions......................................................................................8
    5.3.    Undeliverable and Unclaimed Distributions ....................................9
    5.4.    Treatment of Unclaimed Distributions .............................................9
    5.5.    Setoffs ...............................................................................................9
    5.6.    Distributions After the Effective Date ............................................10
    5.7.    Compliance with Laws ...................................................................10
    5.8.    Fiscal Year ......................................................................................10
    5.9.    Books and Records .........................................................................10
    5.10.    Cash Payments ...............................................................................10
    5.11.    Insurance .........................................................................................10
    5.12.    Reports ............................................................................................11
    5.13.    Disputes...........................................................................................12

ARTICLE VI. TAX MATTERS............................................................................................12

6.1.  Tax Treatment ............................................................................................12
6.2.  GUC Trust Assets Treated as Owned by GUC Trust Beneficiaries ...................12
6.3.  Tax Reporting ...........................................................................................12
6.4.  Tax Withholdings by GUC Trustee ............................................................13

ARTICLE VII. POWERS AND LIMITATIONS ON THE GUC TRUSTEE ...........................14

7.1.  GUC Trustee ............................................................................................14
7.2.  Powers of the GUC Trustee .....................................................................15
7.3.  Limitations on GUC Trustee .....................................................................17
7.4.  Establishment of GUC Trust Board ...........................................................17
7.5.  Actions Taken on Other Than a Business Day .............................................20
7.6.  Agents, Employees, and Professionals ......................................................20
7.7.  Investment of GUC Trust Monies ..............................................................20
7.8.  Termination ............................................................................................21

ARTICLE VIII. CONCERNING THE GUC TRUSTEE AND
GUC TRUST BOARD ......................................................................................21

8.1.  Reliance by the GUC Trustee and the Members of the GUC Trust Board ...........21
8.2.  Liability to Third Persons .........................................................................21
8.3.  Nonliability of GUC Trustee and GUC Trust Board for Acts of Others .............21
8.4.  Exculpation ............................................................................................22
8.5.  Limitation of Liability ...............................................................................23
8.6.  Indemnity ..............................................................................................23
8.7.  Compensation and Expenses ....................................................................23

ARTICLE IX. SUCCESSOR GUC TRUSTEE ....................................................................23

9.1.  Resignation ............................................................................................23
9.2.  Removal .................................................................................................24
9.3.  Effect of Resignation or Removal ..............................................................24
9.4.  Appointment of Successor ........................................................................24
9.5.  Acceptance of Appointment by Successor GUC Trustee ...............................24

ARTICLE X. MISCELLANEOUS PROVISIONS ...............................................................25

10.1.  Governing Law .......................................................................................25
10.2.  Jurisdiction ...........................................................................................25
10.3.  Severability ...........................................................................................25
10.4.  Notices .................................................................................................25
10.5.  Headings ...............................................................................................26
10.6.  Relationship to the Plan ..........................................................................26
10.7.  Entire Trust Agreement ...........................................................................26
10.8.  Cooperation ..........................................................................................26
10.9.  Amendment and Waiver ..........................................................................27
10.10. Confidentiality .......................................................................................27
10.11. Rules of Construction .............................................................................27
10.12. Counterparts .........................................................................................27
10.13. Intention of Parties to Establish GUC Trust ...............................................28
10.14. Binding on the Debtor .............................................................................28

10.15.  Third Party Beneficiaries ........................................................................................28



## GUC TRUST AGREEMENT

This GUC TRUST AGREEMENT is made and entered into as of [●], 2023 (this "Trust Agreement"), between (a) Puerto Rico Electric Power Authority (the "Debtor"), and (b) [●], as trustee of the GUC Trust, so long as such entity continues in such capacity, and all other entities or individuals who have been duly elected and qualify as liquidating trustee of the GUC Trust hereunder pursuant to ARTICLE IX.  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan (as defined below).

## BACKGROUND

A.      On July 2, 2017, the Financial Oversight and Management Board for the Commonwealth of Puerto Rico (the "FOMB"), as the sole Title III representative the Debtor, filed a voluntary petition for relief under Title III of the Puerto Rico Oversight, Management and Economic Stability Act.

B.      On March 1, 2023, the Debtor filed the *Modified Second Amended Title III Joint Plan of Adjustment of Puerto Rico Electric Power Authority* (as amended, confirmed, and/or modified from time to time, including by the Confirmation Order (as defined below), the "Plan").

C.      On [●], 2023, the Title III Court entered an order confirming the Plan (the "Confirmation Order").

D.      The Plan provides for the creation of a grantor trust on the Effective Date to hold, manage, and administer the GUC Trust Assets and distribute the proceeds thereof, if any, to the GUC Trust Beneficiaries, in accordance with the terms of this Trust Agreement, the Plan, and the Confirmation Order.

E.      The GUC Trust is being created on behalf of, and for the benefit of, the GUC Trust Beneficiaries.

F.      The GUC Trust is organized for the sole purpose of liquidating and distributing the GUC Trust Assets, and not to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the GUC Trust.

G.      The GUC Trust is intended to qualify as a "liquidating trust" under the Internal Revenue Code of 1986, as amended (the "IRC") and the regulations promulgated thereunder (the "Treasury Regulations"), specifically Treasury Regulations section 301.7701-4(d) and, as such, as a "grantor trust" for United States federal income tax purposes, with the GUC Trust Beneficiaries treated as the grantors and owners of the GUC Trust.

H.      In accordance with the Plan, the GUC Trust is further intended to be exempt from the requirements of (i) the Securities Exchange Act of 1934, as amended, and any applicable state and local laws requiring registration or qualification of securities, pursuant to section 1145 of the Bankruptcy Code, and (ii) the Investment Company Act of 1940, as amended, pursuant to sections 7(a) and 7(b) of that Act and section 1145 of the Bankruptcy Code.

## <u>TRUST AGREEMENT</u>

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants contained herein, the Debtor and the GUC Trustee hereby agree as follows:

### **ARTICLE I.**

1.1.   <u>Definitions</u>.

(a)      "**Administrative Funding**" has the meaning set forth in <u>Section 2.3</u>.

(b)      "**Bankruptcy Code**" means chapter 11 of title 11 of the United States Code.

(c)      "**Book Entry System**" has the meaning set forth in <u>Section 3.3</u>.

(d)      "**Budget**" has the meaning set forth in <u>Section 5.12(b)</u>.

(e)      "**Confidential Party**" has the meaning set forth in <u>Section 10.10</u>.

(f)      "**Confirmation Order**" has the meaning set forth in the Recitals.

(g)      "**Debtor**" has the meaning set forth in the Preamble.

(h)      "**Dispute Resolution**" has the meaning set forth in <u>Section 3.1</u>.

(i)      "**Exchange Act**" has the meaning set forth in <u>Section 3.4(c)</u>.

(j)      "**FOMB**" has the meaning set forth in the Recitals.

(k)      "**GUC Trust Board**" has the meaning set forth in <u>Section 7.4(a)</u>.

(l)      "**GUC Trustee Professionals**" has the meaning set forth in <u>Section 7.6(a)</u>.

(m)      "**Holder**" has the meaning set forth in <u>Section 3.3</u>.

(n)      "**Indemnified Party**" has the meaning set forth in <u>Section 8.6</u>.

(o)      "**IRC**" has the meaning set forth in the Recitals.

(p)      "**Notice**" has the meaning set forth in <u>Section 10.4</u>.

(q)      "**Permissible Investments**" has the meaning set forth in <u>Section 7.7</u>.

(r)      "**Plan**" has the meaning set forth in the Recitals.

(s)      "**Treasury Regulations**" has the meaning set forth in the Recitals.

(t)      "**Trust Disbursing Agent**" has the meaning set forth in <u>Section 5.2(a)</u>.

## ARTICLE II.

## DECLARATION OF TRUST

2.1.    <u>Creation of Trust</u>.  Effective as of the Effective Date, the Debtor and the GUC Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the applicable provisions of Title III of PROMESA, hereby constitute and create the GUC Trust, which shall bear the name "PREPA GUC Trust".  In connection with the exercise of the GUC Trustee's power hereunder, the GUC Trustee may use this name or such variation thereof as the GUC Trustee sees fit.

2.2.    <u>Purpose of GUC Trust</u>.  The sole purpose of the GUC Trust is to implement the Plan on behalf, and for the benefit, of the GUC Trust Beneficiaries, and to serve as a mechanism for liquidating, converting to Cash, and distributing the GUC Trust Assets in accordance with Treasury Regulations section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the GUC Trust.

2.3.    <u>Transfer of GUC Trust Assets</u>.

(a)    On the Effective Date, the Debtor shall transfer, for the sole benefit of the GUC Trust Beneficiaries, and in accordance with the Plan and the Confirmation Order, all the GUC Trust Assets (subject to any reserve of GUC New Bonds and GUC CVI as determined by the FOMB in its sole discretion pending the final determination of the amount of the Allowed General Unsecured Claims) to the GUC Trust, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other Persons to the maximum extent contemplated by and permissible pursuant to the Plan and the Confirmation Order.  In this regard, the GUC Trust Assets will be treated as transferred, for United States federal as well as state and local income tax purposes, in the manner set forth pursuant to <u>Section 6.2</u>.  The transfer of the GUC Trust Assets shall be exempt from any stamp, real estate transfer, mortgage reporting, sale, use or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.  Upon delivery of the GUC Trust Assets to the GUC Trust, the Debtor and each other Entity released pursuant to Article XXVII of the Plan shall be discharged and released from all liability with respect to the delivery of such assets, and exculpated as provided in Section XXVII.D of the Plan.

(b)    The Debtor shall fund the GUC Trust, on a one time basis, in the amount of One Million U.S. Dollars ($1,000,000) (the "<u>Administrative Funding</u>") by transferring such funds to the GUC Trust within two business days of receiving written transfer instructions for such purpose from the GUC Trustee. The GUC Trust Assets and all other property held from time to time by the GUC Trust under this Trust Agreement and any earnings, including interest, on any of the foregoing are to be applied by the GUC Trustee in accordance with the terms hereof, the Plan and the Confirmation Order for the benefit of the GUC Trust Beneficiaries, and for no other party, subject to the further covenants, conditions, and terms hereinafter set forth.  In the event of any conflict among this Trust Agreement, the Plan and the Confirmation Order, the provisions of <u>Section 10.6</u> shall control. The Debtor shall reasonably cooperate with the reasonable requests of the GUC Trustee in connection with the transfer by the Debtor of the GUC Trust Assets pursuant to this <u>Section 2.3</u>.

2.4.     No Rights of Debtor.  Following the Effective Date and the transfer of the GUC Trust Assets to the GUC Trust, the Debtor shall have no authority or control over the GUC Trust Assets, except as may be necessary to ensure, and for the sole purpose of ensuring, the full transfer of control and authority over the GUC Trust Assets to the GUC Trust.  The Debtor shall take whatever actions may be reasonably necessary, including seeking the amendment of complaints or the restatement of tolling agreements, to ensure that all such authority and control over the GUC Trust Assets are so transferred to the GUC Trust.

2.5.     Appointment and Acceptance of GUC Trustee.  As set forth in the Plan, the members of the GUC Trust Board hereby designate [●] to serve as the initial GUC Trustee under the Plan.  The GUC Trustee shall be deemed to be appointed as the sole and exclusive representative of the Debtor's Estates pursuant to the Confirmation Order and the Plan.  The GUC Trustee accepts the GUC Trust created by this Trust Agreement and the grant, assignment, transfer, conveyance, and delivery by the Debtor of all its right, title, and interest in the GUC Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order, to the GUC Trustee, on behalf, and for the benefit, of the GUC Trust Beneficiaries.  The GUC Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the GUC Trust, including the Treasury Regulations, and not otherwise.  The GUC Trustee shall have the authority to bind the GUC Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity as GUC Trustee, and not individually.

2.6.     Liquidation of the GUC Trust Assets.  The GUC Trustee shall, in an expeditious but commercially reasonable manner and subject to the provisions of the Plan (including Article XXII of the Plan), the Confirmation Order and the other provisions of this Trust Agreement, liquidate and convert to Cash the GUC Trust Assets, make timely distributions in accordance with the terms hereof and the Plan, and not unduly prolong the existence of the GUC Trust.  The GUC Trustee shall exercise reasonable business judgment and liquidate the GUC Trust Assets to maximize net recoveries; provided, however, that the GUC Trustee shall be entitled to take into consideration the risks, timing and costs of potential actions in making determinations as to the maximization of recoveries, and the determinations and actions of the GUC Trustee shall in all cases be subject to the conditions and limitations provided elsewhere herein.  Subject to the terms of this Trust Agreement, such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment, or dismissal of any or all claims, rights or causes of action of the GUC Trust or through the sale, lease, license or other disposition of the GUC Trust Assets (in whole or in combination, and including the sale of any claims, rights, or causes of action of the GUC Trust).  The GUC Trustee may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the GUC Trust Assets into Cash or in connection with the administration of the GUC Trust and, to the extent that any Administrative Funding is available, such expenses shall be deducted first from the Administrative Funding, and thereafter from the other GUC Trust Assets, subject in all cases to the prior written approval of the GUC Trust Board.

2.7.     No Reversion to Debtor.  Except as otherwise provided for herein, in no event shall any part of the GUC Trust Assets revert to or be distributed to the Debtor or Reorganized Debtor.

2.8.    <u>Incidents of Ownership</u>.   The GUC Trust Beneficiaries shall be the sole beneficiaries of the GUC Trust and the GUC Trust Assets, and the GUC Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan, and in the Confirmation Order, including those powers set forth in <u>Section 7.2</u>.

## ARTICLE III.

## GUC TRUST BENEFICIARIES

3.1.    <u>Conflicting Claims</u>.  If any conflicting claims or demands are made or asserted with respect to a GUC Trust Interest, the GUC Trustee shall be entitled, in its sole and absolute discretion, to refuse to comply with any such conflicting claims or demands.  In so refusing, the GUC Trustee, at its sole election, may elect to make no payment or distribution with respect to the GUC Trust Interest subject to the claims or demands involved, or any part thereof, and the GUC Trustee shall refer such conflicting claims or demands to the Title III Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  In so doing, the GUC Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands.  The GUC Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Title III Court (or such other court of proper jurisdiction) or (b) all differences have been resolved by a written agreement among all of such parties and the GUC Trustee, which agreement shall include a complete release of the GUC Trust and the GUC Trustee (the occurrence of either (a) or (b) of this <u>Section 3.1</u> being referred to as a "<u>Dispute Resolution</u>").  Promptly after a Dispute Resolution is reached, the GUC Trustee shall transfer the payments and distributions, if any, in accordance with the terms of such Dispute Resolution.  Any payment of any interest or income should be net of any taxes attributable thereto in accordance with <u>Section 6.4</u>.

3.2.    <u>Rights of GUC Trust Beneficiaries</u>.  Each GUC Trust Beneficiary shall be entitled to participate in the rights and benefits due to a GUC Trust Beneficiary hereunder according to the terms of its GUC Trust Interest.  The interest of a GUC Trust Beneficiary is hereby declared and shall be, in all respects, personal property.  A GUC Trust Beneficiary shall have no title to, right to, possession of, management of, or control of the GUC Trust or the GUC Trust Assets, or to any right to call for a partition or division of such assets or to require an accounting.  No surviving spouse, heir, or devisee of any deceased GUC Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the GUC Trust Assets, but the whole title to the GUC Trust Assets shall be vested in the GUC Trustee and the sole interest of the GUC Trust Beneficiaries shall be the rights and benefits given to such Person under this Trust Agreement, the Conformation Order, and the Plan.

3.3.    <u>Evidence of GUC Trust Interest</u>.  Ownership of a GUC Trust Interest in the GUC Trust will be evidenced by the recording of such ownership in an electronic book-entry system (the "<u>Book Entry System</u>") maintained either by the GUC Trust or an agent of the GUC Trust and containing information provided by the Debtor or an agent of the Debtor.  A GUC Trust Beneficiary shall be deemed a "Holder of record" (hereinafter "<u>Holder</u>") of such GUC Trust Beneficiary's GUC Trust Interest(s) for purposes of all applicable United States federal and state laws, rules and regulations, including all applicable Commonwealth laws, rules and regulations. The GUC Trustee shall, upon the written request of a Holder of a GUC Trust Interest, provide

reasonably adequate documentary evidence of such Holder's GUC Trust Interest, as indicated in the Book Entry System.  The expense of providing such documentation shall be borne by the requesting Holder.

3.4.    Transfers of GUC Trust Interests.

(a)    General.  GUC Trust Interests shall not be transferable or assignable except by will, intestate succession or operation of law.

(b)    Book Entry System.  Pursuant to the Book Entry System, the GUC Trust shall maintain, or cause an agent of the GUC Trust to maintain, a register (which may be electronic) setting forth the names and addresses of the GUC Trust Beneficiaries, and the amount and class of their GUC Trust Interests from time to time.  Any transfer or assignment of a GUC Trust Interest by will, intestate succession or operation of law shall not be effective unless and until such transfer or assignment is recorded in the Book Entry System, which shall be completed as soon as practicable.  Subject to Section 3.4(d), the entries in the Book Entry System shall be conclusive absent manifest error, and the GUC Trust and the GUC Trustee shall treat each Person whose name is recorded in the Book Entry System pursuant to the terms hereof as the owner of GUC Trust Interests indicated therein for all purposes of this Trust Agreement, notwithstanding notice to the contrary.

(c)    Registration.  If the GUC Trustee, with the prior written approval of the GUC Trust Board and upon advice of counsel, determines that any class of GUC Trust Interests may be subject to registration pursuant to Section 12 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the GUC Trustee shall pursue relief from such registration by obtaining either an exemptive order, a no-action letter or an interpretive letter from the Securities and Exchange Commission or its staff or, absent its ability to achieve that objective or in lieu thereof, shall register such class pursuant to Section 12 of the Exchange Act (it being understood and agreed that the GUC Trustee with the prior written approval of the GUC Trust Board shall be authorized, among other things, to register such class and to seek relief from one or more of the requirements then applicable subsequent to such registration and to de-register such class).  Any expenses that are associated with such application for relief and/or registration shall be paid first from the Administrative Funding, and thereafter from the other GUC Trust Assets, subject to the prior written approval of the GUC Trust Board.

(d)    Further Limitations on Transfer.  Notwithstanding any other provision to the contrary, the GUC Trustee may disregard any purported transfer or assignment of GUC Trust Interests by will, intestate succession or operation of law if sufficient necessary information (as reasonably determined by the GUC Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the GUC Trustee.

3.5.    Limited Liability.  No provision of this Trust Agreement, the Plan or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any GUC Trust Beneficiary, shall give rise to any liability of such GUC Trust Beneficiary solely in its capacity as such, whether such liability is asserted by the Debtor, by creditors, employees or equity interest holders of the Debtor, or by any other Person (except to the extent of the GUC Trust Beneficiary's fraud, gross negligence or willful misconduct).  The GUC Trust Beneficiaries are deemed to

receive the GUC Trust Assets in accordance with the provisions of this Trust Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims, without further obligation or liability of any kind (except to the extent of any GUC Trust Beneficiary's fraud, gross negligence or willful misconduct), but subject to the provisions of this Trust Agreement, the Confirmation Order, and the Plan.

## ARTICLE IV.

## DURATION AND TERMINATION OF GUC TRUST

4.1.    Duration.  The GUC Trust shall become effective upon the Effective Date of the Plan and shall remain and continue in full force and effect until dissolved as provided for in Section XXII.O of the Plan.

4.2.    Dissolution of the GUC Trust.  The GUC Trustee and the GUC Trust shall be wound up and dissolved upon all the GUC Trust Assets having been distributed pursuant this Trust Agreement, the Confirmation Order, and the Plan.

4.3.    Continuation of GUC Trust for Winding Up.  After the dissolution of the GUC Trust and solely for the purpose of liquidating and winding up the affairs of the GUC Trust, the GUC Trustee shall continue to act as such until its duties have been fully performed, and all remaining GUC Trust Assets, if any, shall be distributed to the PREPA PayGo Trust.  Upon distribution of all the GUC Trust Assets, the GUC Trustee shall retain the books, records and files that shall have been delivered to or created by the GUC Trustee.  At the GUC Trustee's discretion, all such records and documents may be destroyed at any time following the date that is six (6) years after the final distribution of the GUC Trust Assets, subject to any joint prosecution and common interests agreement(s) to which the GUC Trustee may be party.  Provisions with respect to the destruction of documents in this Section 4.3 shall not limit the GUC Trustee's right, prior to the dissolution of the GUC Trust, to destroy documents that the Trustee considers no longer necessary to retain, subject to applicable law, the Plan, the Confirmation Order, and this Trust Agreement.

## ARTICLE V.

## ADMINISTRATION OF GUC TRUST

5.1.    Payment of Claims, Expenses and Liabilities.

(a)    Subject to the Budget from time to time approved by the GUC Trust Board in accordance with Section 5.12(b), and except as otherwise provided herein, the GUC Trustee shall use the GUC Trust Assets:  (i) to pay reasonable costs and expenses of the GUC Trust that are incurred (including any taxes imposed on the GUC Trust, the actual reasonable out-of-pocket fees and expenses incurred by GUC Trustee Professionals in connection with the administration and liquidation of the GUC Trust Assets, as provided in Section 7.6, and the preservation of books and records of the GUC Trust); (ii) to satisfy other obligations or other liabilities incurred or assumed by the GUC Trust (or to which the GUC Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order or this Trust Agreement, including reasonable fees and costs

incurred in connection with the protection, preservation, liquidation and distribution of the GUC Trust Assets; (iii) as reasonably necessary to meet contingent liabilities and to maintain the value of the GUC Trust Assets during liquidation; and (iv) to satisfy any other obligations of the GUC Trust expressly set forth in this Trust Agreement, the Confirmation Order, and the Plan.

(b)      Notwithstanding anything to the contrary herein, until such time as the first Budget is approved, the GUC Trustee shall be allowed to pay reasonable costs and expenses of the GUC Trust, up to $[●] (or such greater amount as approved by the GUC Trust Board), including necessary GUC Trust Professionals for transition and wind-down activities, using the GUC Trust Assets. The GUC Trustee shall submit, no later than thirty (30) days after the Effective Date of the Plan, an interim budget, which shall set forth in reasonable detail the expenses, including the expenses of the GUC Trustee Professionals, associated with conducting the affairs of the GUC Trust, already incurred through the submittal of such interim budget along with the anticipated expenses through the submittal of the first annual Budget (as described below).

5.2.    Distributions.

(a)      Generally.   Except as otherwise provided in the Plan or this Trust Agreement, all distributions shall be made to the GUC Trust Beneficiaries, at the election and direction of the GUC Trustee with notice to the Debtor, by either (i) the Disbursing Agent selected by the Debtor under the Plan or (ii) such other disbursing agent as may be selected by the GUC Trustee (the disbursing agent selected under either (i) or (ii) being the "Trust Disbursing Agent"), in either case in accordance with the terms and provisions of Article XXIV of the Plan. The Trust Disbursing Agent shall be deemed to hold all property to be distributed hereunder in trust for the Entities entitled to receive the same. The Trust Disbursing Agent shall not hold an economic or beneficial interest in such property. The Debtor will direct the Trust Disbursing Agent to share information with and otherwise reasonably cooperate with the Trustee to generate administrative efficiencies and reduce duplication of effort in the distribution processes contemplated hereunder and under the Plan, including by sharing claimant tax information with the Trustee and providing access to the Debtor's Claims register.

(b)      Classes of Liquidation, Trust Interests; Allocation and Payment of Distributions.   Each GUC Trust Beneficiary's share of the GUC Trust Interests as determined pursuant to the Plan (including any Cash and other property to be received on account of any GUC Trust Interest) shall be allocated and distributed, and the GUC Trust Assets shall be allocated and distributed, in accordance with Article XXIV of the Plan.

(c)      De Minimis Distributions.   No Distribution shall be required to be made pursuant to the Plan and this Trust Agreement to any Holder of a Claim unless such Holder is to receive in such Distribution GUC Trust Assets having a value of at least $1,000.00. Any such Distribution not made in accordance with the provisions of Article XXIV of the Plan shall be retained by the GUC Trustee and invested as provided in the Plan and this Trust Agreement. Any Distribution not made in accordance with Article XXIV of the Plan to such Holder, shall be held in trust for the relevant Holder until the date the next Distribution is scheduled to be made to such Holder; provided, however, that such subsequent Distribution, taken together with amounts retained hereby, equals at least $1,000.00.

8

5.3.    Undeliverable and Unclaimed Distributions.  If the Distribution to any Holder of an Allowed Claim is returned to the GUC Trustee as undeliverable or is otherwise an Unclaimed Distribution, no further Distributions shall be made to such Holder unless and until the GUC Trustee is notified in writing of such Holder's then-current address, at which time all missed Distributions shall be made to such Holder without interest.  If a Distribution is returned as undeliverable, the GUC Trustee shall, with the prior written approval of the GUC Trust Board, use reasonable efforts to determine such Creditor's then-current address.  Unclaimed Distributions shall be returned to the GUC Trust until such Distributions are claimed.  The GUC Trustee, with the prior written approval of the GUC Trust Board, may periodically publish notice of Unclaimed Distributions.

5.4.    Treatment of Unclaimed Distributions.

(a)    For purposes of this Trust Agreement, an "undeliverable" distribution shall include a check that is sent to a holder in respect of a distribution to such holder, which check has not been negotiated within 120 days following the date on which such check was issued, or any other form of distribution to a holder that is otherwise undeliverable or that has become an Unclaimed Distribution.  If any distribution to the Holder of a GUC Interest is undeliverable, the GUC Trustee (or its duly authorized agent) shall, on or prior to the date that is 180 days from (i) the Effective Date, with respect to all Allowed Claims as of the Effective Date, and (ii) the date that a distribution is made with respect to any Disputed Claim that becomes an Allowed Claim subsequent to the Effective Date, file a list with the Title III Court setting forth the names of those Entities for which distributions have been made hereunder that have not been negotiated or have been returned as undeliverable as of the date thereof.

(b)    Any Holder of an Allowed Claim on such list that does not identify itself and assert its rights pursuant to the Plan to receive a distribution within six (6) months from the date so listed shall have its entitlement to such undeliverable distribution discharged and shall be forever barred from asserting any entitlement pursuant to the Plan, against the Reorganized Debtor or the GUC Trustee, or their respective agents, attorneys, representatives, employees or independent contractors, and/or any of its and their property, and any (i) Cash in the possession of the GUC Trustee or the trustee with respect to existing securities, as the case may be, shall be released to the Reorganized Debtor for use to discharge operating expenses of the Reorganized Debtor, and (ii) the New Bonds and CVI in the possession of the GUC Trustee, shall be released to the Reorganized Debtor for cancellation or deposit into the treasury of the Reorganized Debtor, or transferred to the PREPA PayGo Trust as determined by Reorganized Debtor in its sole and absolute discretion.  Except as required by law, the Trustee (or its duly authorized agent) shall not be required to attempt to locate any Holder of a GUC Trust Interest.

5.5.    Setoffs.  Except as otherwise set forth in the Plan or the Confirmation Order, the GUC Trustee may, pursuant to applicable bankruptcy or non-bankruptcy law, set off against any GUC Trust Interest and the Distributions to be made pursuant to the Plan on account thereof (before any Distribution is made on account of such GUC Trust Interest by the GUC Trustee), the claims, rights and causes of action of any nature that the GUC Trustee, the Debtor or the Reorganized Debtor may have or hold against the Holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the GUC Trustee, the Debtor or the Reorganized Debtor of

9

any claim, right or cause of action that it may possess against such Holder; provided further, however, that nothing contained herein is intended to limit the ability of any Creditor to effectuate rights of setoff or recoupment preserved or permitted by the provisions of sections 553, 555, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment; provided further, however, that nothing in this Section 5.5 shall affect the releases and injunctions provided in Article XXVII of the Plan.

5.6.    Distributions After the Effective Date.  Distributions made after the Effective Date to holders of GUC Trust Interests on account of Claims that are not Allowed Claims as of the Effective Date, but which later become Allowed Claims, shall be deemed to have been made in accordance with the terms and provisions of Article XXIV of the Plan.

5.7.    Compliance with Laws.  Any and all distributions of GUC Trust Assets shall be in compliance with applicable laws, including applicable federal and state tax and securities laws.

5.8.    Fiscal Year.  Except for the first and last years of the GUC Trust, the fiscal year of the GUC Trust shall be the calendar year.  For the first and last years of the GUC Trust, the fiscal year of the GUC Trust shall be such portion of the calendar year that the GUC Trust is in existence.

5.9.    Books and Records.  The GUC Trustee shall retain and preserve the Debtor's books, records and files that shall have been delivered to or created by the GUC Trustee.  Subject to Section 4.3, the GUC Trustee shall maintain, in respect of the GUC Trust and the GUC Trust Beneficiaries and all others to receive distributions under this Trust Agreement, books and records relating to the assets and the income of the GUC Trust and the payment of expenses of, liabilities of, and claims against or assumed by, the GUC Trust and the GUC Trustee, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Trust Agreement and applicable provisions of law.  Except as otherwise provided herein, in the Confirmation Order or in the Plan, nothing in this Trust Agreement requires the GUC Trustee to file any accounting or seek approval of any court with respect to the administration of the GUC Trust, or as a condition for making any payment or distribution out of the GUC Trust Assets.  The GUC Trustee shall provide any member of the GUC Trust Board with access to such books and records during normal business hours as may be reasonably requested with three (3) Business Days' advance notice.

5.10.   Cash Payments.  All distributions required to be made by the GUC Trustee to the GUC Trust Beneficiaries shall be made in Cash denominated in United States dollars by checks drawn on a domestic bank selected by the GUC Trustee or, at the option of the GUC Trustee, by wire transfer from a domestic bank selected by the GUC Trustee or as otherwise required or provided in applicable agreements; provided, however, that Cash payments to foreign holders of GUC Trust Interests may be made, at the option of the GUC Trustee, in such funds as and by such means as are necessary or customary in a particular foreign jurisdiction.

5.11.   Insurance.  The GUC Trust shall maintain customary insurance coverage for the protection of the GUC Trustee, the members of the GUC Trust Board, employees and any such other persons serving as administrators and overseers of the GUC Trust on and after the Effective Date.  The GUC Trustee also may obtain insurance coverage it deems necessary and appropriate with respect to real and personal property that may become GUC Trust Assets, if any.  To the

10

extent practical, the GUC Trust shall add the GUC Trustee and GUC Trust Board as additional named insureds on any existing insurance policies.

5.12.   Reports.

(a)   The GUC Trustee shall deliver reports to members of the GUC Trust Board, the Debtor, the FOMB, and AAFAF not later than thirty (30) days following the end of each fiscal quarter.  Such reports shall specify in reasonable detail (i) the status of any Causes of Action, Claims and litigation involving the GUC Trust or the GUC Trust Assets, (ii) the costs and expenses of the GUC Trust that are incurred (including any taxes imposed on the GUC Trust or actual reasonable out-of-pocket fees and expenses incurred by GUC Trustee Professionals in connection with the administration and liquidation of the GUC Trust Assets and preservation of books and records as provided in Section 5.9) during the preceding fiscal quarter and the remaining amounts (if any) of the Administrative Funding, (iii) the amounts listed in clause (ii) incurred since the Effective Date, (iv) the amount of Cash and other assets received by the GUC Trust during the prior fiscal quarter, (v) the aggregate amount of Cash and other assets received by the GUC Trust since the Effective Date, (vi) the calculation of the estimated amount of the Cash and other assets to be distributed on the next Distribution Date, including any Cash on hand that is not to be distributed pursuant to Section 5.2, (vii) the aggregate amount of distributions from the GUC Trust to the GUC Trust Beneficiaries since the Effective Date, and (viii) such other information as the GUC Trust Board may reasonably request from time to time.  The GUC Trustee also shall timely prepare, file, and distribute such additional statements, reports and submissions (A) as may be necessary to cause the GUC Trust and the GUC Trustee to be in compliance with applicable law, or (B) as may be otherwise reasonably requested from time to time by the GUC Trust Board.

(b)   The GUC Trustee shall prepare and submit to the GUC Trust Board for approval an annual plan and budget at least thirty (30) days prior to commencement of each fiscal year of the GUC Trust; provided, however, that the first such annual plan and budget shall be submitted no later than ninety (90) days after the Effective Date of the Plan.  Such annual plan and budget shall set forth in reasonable detail: (i) the GUC Trustee's anticipated actions to administer and liquidate the GUC Trust Assets; and (ii) the anticipated expenses, including the expenses of the GUC Trustee Professionals, associated with conducting the affairs of the GUC Trust.  Such annual plan and budget shall be updated and submitted to the GUC Trust Board for review and approval on a quarterly basis, and each such quarterly update shall reflect the differences between the anticipated actions described in the annual report and actual operations of the GUC Trust to date.  Any such annual plan and budget as approved by the GUC Trust Board is referred to herein as the "Budget".  All actions by the GUC Trustee must be substantially consistent with the then current Budget, provided that the GUC Trustee may take action outside the Budget with the prior approval of the GUC Trust Board.

(c)   In accordance with the Plan, the GUC Trust is intended to be exempt from the requirements of (i) the Exchange Act and any applicable state and local laws requiring registration or qualification of securities, pursuant to section 1145 of the Bankruptcy Code, and (ii) the Investment Company Act of 1940, as amended, pursuant to Sections 7(a) and 7(b) of the Investment Company Act of 1940, as amended, and section 1145 of the Bankruptcy Code. Notwithstanding the forgoing, if required to do so, and until such time as the GUC Trust is dissolved in accordance with Section XXII.O of the Plan (or otherwise in accordance with this

11

Trust Agreement), the GUC Trust shall file with (or furnish to, as the case may be) the SEC such periodic reports as the GUC Trust is required to file pursuant to the Exchange Act.

5.13. Disputes. To the extent a dispute arises between the GUC Trustee and the GUC Trust Board concerning the performance of any of the powers, duties or obligations herein, the GUC Trustee or the GUC Trust Board may file a motion or other pleadings with the Title III Court and obtain advice and guidance or such other relief as may be appropriate concerning a resolution of the matter(s) in dispute between the parties. In the event of a dispute, the GUC Trustee and the GUC Trust Board, as applicable, shall have the right to engage legal counsel to advise it with respect to the matter(s) in dispute and the reasonable fees and expenses of such legal counsel shall be reimbursed by the GUC Trustee first from the Administrative Funding, and thereafter from the other GUC Trust Assets, subject to the prior written approval of the GUC Trust Board and subject to Section 8.6. A motion or other pleading described in this Section 5.13 filed by the GUC Trust Board may only be filed upon the consent of a majority of its members.

## ARTICLE VI.

## TAX MATTERS

6.1. Tax Treatment. For all United States federal income tax purposes, all parties (including the Debtor, the GUC Trustee, and the GUC Trust Beneficiaries) will treat the GUC Trust as a "liquidating trust" within the meaning of section 301.7701-4(d) of the Treasury Regulations.

6.2. GUC Trust Assets Treated as Owned by GUC Trust Beneficiaries. For all United States federal income tax purposes, all parties (including the Debtor, the GUC Trustee and the GUC Trust Beneficiaries) shall treat the transfer of the GUC Trust Assets to the GUC Trust as (a) a transfer of the GUC Trust Assets (subject to any obligations relating to those assets) directly to the GUC Trust, followed by (b) the transfer by the GUC Trust Beneficiaries to the GUC Trust of the GUC Trust Assets in exchange for GUC Trust Interests. Accordingly, the GUC Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the GUC Trust Assets. The foregoing treatment also shall apply, to the extent permitted by applicable law, for state and local income tax purposes. The establishment of the GUC Trust under United States law shall not, by itself, be deemed to subject the GUC Trust Beneficiaries to United States federal income taxes.

6.3. Tax Reporting.

(a) The GUC Trustee shall prepare and file (or cause to be prepared and filed) tax returns for the GUC Trust treating the GUC Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this ARTICLE VI. To the extent and in the manner required by applicable law, the GUC Trustee also will annually send to each Holder of a GUC Trust Interest a separate statement regarding the receipts and expenditures of the GUC Trust as relevant for United States federal income tax purposes and will instruct all such Holders to use such information in preparing their United States federal income tax returns or to forward the appropriate information to such Holder's underlying beneficial Holders with instructions to utilize such information in preparing their United States federal income tax returns. The GUC Trustee

also shall file (or cause to be filed) any other statement, return or disclosure relating to the GUC Trust that is required by any governmental unit.

(b)     The GUC Trustee, in consultation with the GUC Trust Board, shall then in good faith value all the GUC Trust Assets, and shall make all such values (including the Tax Refund values) publicly available from time to time (by posting on a website or otherwise), to the extent relevant, and such values shall be used consistently by all parties to the GUC Trust (including the Debtor, the GUC Trustee and the GUC Trust Beneficiaries) for all United States federal income tax purposes.

(c)     To the extent and in the manner required by applicable law, allocations of GUC Trust taxable income among the GUC Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash representing such taxable income would be distributed (were such Cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the GUC Trust had distributed all its assets to the Holders of the GUC Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the GUC Trust.  Similarly, to the extent and in the manner required by applicable law, taxable loss of the GUC Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining GUC Trust Assets.  To the extent and in the manner required by applicable law, the tax book value of the GUC Trust Assets for purposes of this Section 6.3(c) shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(d)     Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the GUC Trustee of a private letter ruling if the GUC Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the GUC Trustee), the GUC Trustee shall (i) timely elect to treat any reserve for disputed claims as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9, and (ii) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  All parties (including the GUC Trustee and the GUC Trust Beneficiaries) shall report for United States federal, state and local income tax purposes consistently with the foregoing.

(e)     The GUC Trustee shall be responsible for payment, out of the GUC Trust Assets, of any taxes imposed on the GUC Trust or its assets.  If, and to the extent, any Cash retained on account of Disputed Claims is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of Disputed Claims, such taxes may be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the GUC Trustee as a result of the resolution of such Disputed Claims.

6.4.     Tax Withholdings by GUC Trustee.

(a)     The GUC Trustee may withhold and pay to the appropriate tax authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state, or local tax law with respect to any payment or distribution to the Holders of GUC Trust Interests.  All such amounts withheld and paid to the appropriate tax authority (or placed in escrow pending resolution of the need to withhold) shall be treated as amounts distributed to such Holders of GUC Trust Interests for all purposes of the Trust Agreement, it being understood that any such amount withheld shall reduce the amount actually realized by the applicable Holder upon distribution.  The GUC Trustee shall be authorized to collect such tax information from the Holders of GUC Trust Interests (including social security numbers or other tax identification numbers) as in its sole discretion the GUC Trustee deems necessary to effectuate the Plan, the Confirmation Order and the Trust Agreement.  In order to receive distributions under the Plan, all Holders of GUC Trust Interests shall be required to identify themselves to the GUC Trustee and provide tax information and the specifics of their holdings, to the extent the GUC Trustee deems appropriate in the manner and in accordance with the procedures from time to time established by the GUC Trustee for these purposes.  To the extent the Trust Disbursing Agent collects such tax information in performance of its duties under the Plan, the Debtor agrees to direct the Trust Disbursing Agent to provide such tax information concerning GUC Trust Beneficiaries to the Trust Disbursing Agent for use in accordance with this Trust Agreement. This identification requirement generally applies to all Holders, including those who hold their Claims in "street name".  The GUC Trustee may refuse to make a distribution to any Holder of a GUC Trust Interest that fails to furnish such information in a timely fashion, and until such information is delivered may treat such Holder's GUC Trust Interests as disputed; provided, however, that, if such information is not furnished to the GUC Trustee within six (6) months of the original request to furnish such information, no further distributions shall be made to the Holder of such GUC Trust Interest; provided further, however, that, upon the delivery of such information by a Holder of a GUC Trust Interest, the GUC Trustee shall make such distribution to which the Holder of the GUC Trust Interest is entitled, without additional interest occasioned by such Holder's delay in providing tax information; provided further, however, that, if the GUC Trustee fails to withhold in respect of amounts received or distributable with respect to any such Holder and the GUC Trustee is later held liable for the amount of such withholding, such Holder shall reimburse the GUC Trustee for such liability (to the extent such amounts were actually distributed to such Holder).

(b)     Notwithstanding Section 6.4(a), and without limiting any of the other obligations of the Debtor or the rights of the GUC Trustee described herein, (i) the Debtor shall be required to supply the GUC Trustee such tax information of the Holders of the GUC Trust Interests that is in the possession or control of the Debtor or any of its agents, representatives or professionals, including the Trust Disbursing Agent, and that the GUC Trustee may reasonably request be provided to it by the Debtor, and (ii) the Trust Parties shall be entitled to rely on, and shall not be held liable for any omission or inaccuracy with respect to, such tax information so supplied to the GUC Trustee.

## ARTICLE VII.

## POWERS AND LIMITATIONS ON THE GUC TRUSTEE

7.1.    GUC Trustee.  References herein to the GUC Trustee shall refer to the entity or individual serving as the GUC Trustee solely in its capacity as trustee hereunder.  Subject to

ARTICLE IX, the GUC Trustee shall hold office until disability, death, resignation or the termination of the GUC Trust in accordance with the terms set forth herein. Subject to the express conditions and limitations set forth herein, any actions of the GUC Trustee contemplated by this Trust Agreement shall be decided and conducted by the GUC Trustee only.

     7.2.   <u>Powers of the GUC Trustee</u>.

     (a)   Pursuant to the terms of the Plan, the Confirmation Order and this Trust Agreement, the GUC Trustee shall have various powers, duties and responsibilities concerning the disposition of GUC Trust Assets, the administration of the GUC Trust and the GUC Trust Assets, and to make Distributions from the GUC Trust in accordance with the Plan, the Confirmation Order, and this Trust Agreement. The GUC Trustee shall be obligated to provide prompt written responses to FOMB's questions, from time to time, regarding the GUC Trustee's progress in the administration of the GUC Trust.

     (b)   The GUC Trustee shall have only such rights, powers and privileges expressly set forth in Trust Agreement, the Confirmation Order, and the Plan and as otherwise provided by applicable law. Subject to the oversight and approvals by and of the GUC Trust Board provided herein, the GUC Trustee shall be expressly authorized to undertake the following actions with respect to the GUC Trust Assets:

     (i)   To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and make Distributions to Holders of Allowed Claims and GUC Trust Interests as provided for or contemplated by the Plan and take other actions consistent with Confirmation Order or the Plan and the implementation thereof, in the name of the Debtor or the GUC Trustee, even in the event of the dissolution of the Debtor;

     (ii)   To make or have made a good faith valuation of the GUC Trust Assets, as soon as possible after the Effective Date;

     (iii)   Subject to the prior approval of the GUC Trust Board to borrow funds and to take all actions necessary to preserve and maximize the value of the GUC Trust Assets;

     (iv)   To make decisions, after consultation with and approval by the GUC Trust Board, regarding the retention or engagement of professionals, employees and consultants by the GUC Trust and to pay the charges incurred by the GUC Trust on or after the Effective Date for services of professionals, without application to the Title III Court;

     (v)   To cause, on behalf of the GUC Trust, to prepare and file all necessary tax returns and all other appropriate or necessary documents related to municipal, State, Federal or other tax law;

     (vi)   To invest Cash as deemed appropriate by the GUC Trustee in accordance with the investment and deposit guidelines set forth in this Trust Agreement;

(vii)   To enter into any agreement or execute any instrument or document required by or consistent with the Confirmation Order and the Plan and perform all the obligations of the GUC Trustee hereunder;

(viii)   To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization approved by the GUC Trust Board, any assets that the GUC Trustee determines, at the conclusion of the Title III Cases, are of no benefit to creditors of the Debtor or too impractical to distribute, provided, however, that Title III Court approval, upon notice and a hearing, shall be required for any abandonment or donation of assets with a value of ten thousand dollars ($10,000) or more;

(ix)   To implement or enforce all provisions of the Plan, subject to the advice and consent of the GUC Trust Board;

(x)   To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the GUC Trust Assets, provided, however, that any abandonment or destruction of books and records shall require Title III Court approval, upon notice and a hearing, unless otherwise provided herein;

(xi)   To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Title III Court quarterly post-confirmation financial reports for the Debtor until such time as such reports are no longer required, the Title III Court orders otherwise or a final decree is entered closing the Title III Case;

(xii)   Subject to approval of the GUC Trust Board, to dissolve the GUC Trust if the GUC Trustee determines, in reasonable reliance on such professionals as it may retain, that the expense of administering the GUC Trust so as to make a final distribution to GUC Trust Beneficiaries is likely to exceed the value of the remaining GUC Trust Assets; and

(xiii)   To do all other acts or things consistent with the provisions of the Confirmation Order and the Plan that the GUC Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

(c)   In all circumstances, the GUC Trustee shall act in the best interests of all GUC Trust Beneficiaries and in furtherance of the purpose of the GUC Trust.

(d)   Except as otherwise provided in this Trust Agreement, the GUC Trustee will not be required to obtain the order or approval of the Title III Court, or any other court of competent jurisdiction in, or account to the Title III Court or any other court of competent jurisdiction for, the exercise of any right, power, or privilege conferred hereunder. Notwithstanding the foregoing, where the GUC Trustee determines, in its reasonable discretion, that it is necessary, appropriate or desirable, the GUC Trustee will have the right to submit to the Title III Court any question or questions regarding any specific action proposed to be taken by the GUC Trustee with respect to this Trust Agreement, the GUC Trust or the GUC Trust Assets, including the administration and distribution of GUC Trust Assets and the termination of the GUC

Trust.  Pursuant to the Plan, the Title III Court has retained jurisdiction for such purposes and may approve or disapprove any such proposed action upon motion by the GUC Trustee.

7.3.    Limitations on GUC Trustee.

(a)    The GUC Trustee shall, on behalf of the GUC Trust, hold the GUC Trust out as a trust in the process of liquidation and not as an investment company.  The GUC Trustee shall be restricted to the liquidation of the GUC Trust Assets on behalf, and for the benefit, of the GUC Trust Beneficiaries and the distribution and application of the GUC Trust Assets for the purposes set forth in, and the conservation and protection of the GUC Trust Assets and the administration thereof in accordance with, the provisions of this Trust Agreement, the Plan and the Confirmation Order.  In no event shall the GUC Trustee receive any property, make any distribution, satisfy or discharge any claims, expenses, charges, liabilities and obligations or otherwise take any action which would jeopardize the status of the GUC Trust as a "liquidating trust" for United States federal income tax purposes within the meaning of Treasury Regulations Section 301.7701-4(d).  This limitation shall apply irrespective of whether the conduct of any such actions is deemed by the GUC Trustee to be necessary or appropriate for the conservation and protection of the GUC Trust Assets.

(b)    Notwithstanding anything in this Trust Agreement to the contrary, the GUC Trustee shall submit to the GUC Trust Board for its approval the following matters and any other matters that expressly or reasonably require the prior written approval of the GUC Trust Board pursuant to the other terms of this Trust Agreement:

(i)    If all the Administrative Funding has been expended, payment to any GUC Trustee Professionals for fees and expenses;

(ii)    Any participation in or initiation of any proceeding before the Title III Court or any other court of competent jurisdiction, or any administrative, arbitrative or other non-judicial proceeding;

(iii)    After a Budget is approved, the incurrence or payment of any cost, expense or fee outside of the Budget, except however that the GUC Trustee may incur or pay any cost, expense or fee outside of the Budget if necessary for the protection or preservation of any of the GUC Trust Assets, in which instance the GUC Trustee shall provide the GUC Trust Board with contemporaneous notice of such incurrence or payment; and

(iv)    The dissolution of the GUC Trust.

The foregoing shall not limit the GUC Trustee's ability to make determinations and take actions regarding compliance with tax withholding requirements (including remittances).

7.4.    Establishment of GUC Trust Board.

(a)    The "GUC Trust Board" means the board to be appointed in accordance with, and to exercise the duties set forth in, this Trust Agreement, which duties shall be (i) to oversee the liquidation and distribution of the GUC Trust Assets by the GUC Trustee in accordance

17

with this Trust Agreement, the Plan and the Confirmation Order, (ii) to consent or approve (or withhold consent or approval) of those matters submitted to it for consent or approval in accordance with the terms of this Trust Agreement, and (iii) to remove and appoint any successor to the GUC Trustee as provided for in this Trust Agreement.

(b)     The GUC Trust Board shall consist of three (3) members appointed by the FOMB.  The initial members of the GUC Trust Board are set forth on Annex A hereto.

(c)     The authority of the members of the GUC Trust Board shall be effective as of the Effective Date and shall remain and continue in full force and effect until the GUC Trust is dissolved in accordance with Section 4.2.  The service of the members of the GUC Trust Board shall be subject to the following:

i.      the members of the GUC Trust Board shall serve until disability, death or resignation pursuant to clause (ii) below, or removal pursuant to clause (iii) below;

ii.     a member of the GUC Trust Board may resign at any time by providing a written notice of resignation to the remaining members of the GUC Trust Board.  Such resignation shall be effective when a successor is appointed as provided herein;

iii.    a member of the GUC Trust Board may be removed by unanimous vote of the other members for (A) fraud, gross negligence or willful misconduct in connection with the affairs of the GUC Trust, or (B) cause, which shall include a breach of fiduciary duty other than as specified in the foregoing clause (A).  Such removal shall be effective immediately upon such vote;

iv.     in the event of a vacancy in a member's position (whether by removal, death or resignation), a new member may be appointed by the FOMB upon ten (10) business days' notice to the remaining members of the GUC Trust Board and the GUC Trustee; and

v.      immediately upon appointment of any successor member of the GUC Trust Board, all rights, powers, duties, authority and privileges of the predecessor member of the GUC Trust Board hereunder shall be vested in and undertaken by the successor member of the GUC Trust Board without any further act.  The successor member of the GUC Trust Board shall not be liable personally for any act or omission of the predecessor member of the GUC Trust Board.

(d)     Each member of the GUC Trust Board may designate (i) one or more representatives who shall attend meetings of and participate in other activities of the GUC Trust Board, and (ii) an alternate representative to attend meetings and participate in other activities of the GUC Trust Board when the representatives designated pursuant to clause (i) above are unavailable.

(e)        Notwithstanding anything in this Trust Agreement to the contrary, the GUC Trust Board shall not take any action which will cause the GUC Trust to fail to qualify as a "liquidating trust" for United States federal income tax purposes.

(f)        A quorum for meetings of the GUC Trust Board shall consist of a majority of the non-recused, voting members of the GUC Trust Board then serving; provided, however, that, for purposes of determining whether a quorum is present at such a meeting, a member of the GUC Trust Board shall be deemed present if a representative of the member is attending in person, by telephone or by proxy; provided further, however, that to the extent practicable, reasonable notice of a meeting must be given to all members of the GUC Trust Board.  A GUC Trust Board member and its representatives shall be recused from the GUC Trust Board's deliberations and votes on any and all matters as to which such member has a conflicting interest.  If a GUC Trust Board member or its representative does not recuse itself from any such matter, that GUC Trust Board member and its representative may be recused from such matter by the unanimous vote of the remaining, voting members of the GUC Trust Board that are not recused from the matter.

(g)        Except as expressly provided herein, the affirmative vote of a majority of the members of the GUC Trust Board shall be the act of the GUC Trust Board with respect to any matter that requires the determination, consent, approval or agreement of the GUC Trust Board.  Any of or all the members of the GUC Trust Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof.  Any member of the GUC Trust Board participating in a meeting by this means is deemed to be present in person at the meeting.  Except as otherwise set forth above, in all matters submitted to a vote of the GUC Trust Board, each GUC Trust Board member shall be entitled to cast one vote, which vote shall be cast personally by such GUC Trust Board member or by proxy.  Except with respect to any proposed settlement of a claim or cause of action constituting a GUC Trust Asset, for any matter where the GUC Trustee cannot obtain direction or authority from the GUC Trust Board, after 30 days following consideration of such matter by the GUC Trust Board, the GUC Trustee may file a motion requesting such direction or authority from the Title III Court; provided, however, that any member of the GUC Trust Board may oppose such motion.

(h)        Any action required or permitted to be taken by the GUC Trust Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the GUC Trust Board as evidenced by one or more written consents describing the action taken, signed by the GUC Trust Board and filed with the minutes or proceedings of the GUC Trust Board.

(i)        The members of the GUC Trust Board shall be compensated as the GUC Trust Board shall determine in an amount not to exceed $[●] per board member per year. Any member of the GUC Trust Board shall be reimbursed by the GUC Trustee for its actual, reasonable out-of-pocket expenses, not to include outside counsel fees, incurred for serving on the GUC Trust Board in the same manner and priority as compensation and expenses of the GUC Trustee under this Trust Agreement, in accordance with the Budget.  Except as provided for in this Section 7.4, the members of the GUC Trust Board shall not be entitled to receive any other form of

compensation for their services provided as such members.  The Budget shall include a reserve for the fees and expenses of the GUC Trust Board.

7.5.    <u>Actions Taken on Other Than a Business Day</u>.  If any payment or act under the Plan or this Trust Agreement is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day but shall be deemed to have been completed as of the required date.

7.6.    <u>Agents, Employees, and Professionals</u>.

(a)    The GUC Trust may, but shall not be required to, from time to time enter into contracts with, consult with and retain members, managers, agents, representatives, employees, officers and independent contractors, including attorneys, accountants, appraisers, disbursing agents or other parties deemed by the GUC Trustee to have qualifications necessary or desirable to assist in the proper administration of the GUC Trust (collectively, the "<u>GUC Trustee Professionals</u>"), on such terms as the GUC Trustee deems appropriate, including counsel retained on a contingency-fee basis, subject to the prior written approval of the GUC Trust Board. The GUC Trustee may assume existing contracts or leases to which the Debtor is a party as of the date hereof, including employment agreements, or may enter into new arrangements on substantially similar terms.  None of the professionals that represented parties-in-interest in the Title III Case shall be precluded from being engaged by the GUC Trustee solely on account of their service as a professional for such parties-in-interest prior to the Effective Date.

(b)    After the Effective Date, the GUC Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the GUC Trustee and the GUC Trust Board, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of such person, plus an itemized statement of expenses.  The GUC Trustee shall pay such invoices thirty (30) days after such invoices are approved by the GUC Trustee.  In the event of any dispute concerning the entitlement to, or the reasonableness of any compensation or expenses of any GUC Trustee Professionals, either the GUC Trustee or the affected party may ask the Title III Court to resolve the dispute.

(c)    All payments to GUC Trustee Professionals shall be paid first from the Administrative Funding, and thereafter from the other GUC Trust Assets, subject to the prior written approval of the GUC Trust Board.

7.7.    <u>Investment of GUC Trust Monies</u>.  All monies and other assets received by the GUC Trustee as GUC Trust Assets (including the proceeds thereof as a result of investment in accordance with this <u>Section 7.7</u>) shall, until distributed or paid over as herein provided, be held in trust for the benefit of the GUC Trust Beneficiaries, and shall not be segregated from other GUC Trust Assets, unless and to the extent required by the Plan.  The GUC Trustee shall promptly invest any such monies (including any earnings thereon or proceeds thereof), in the manner set forth in this <u>Section 7.7</u>, but shall otherwise have no liability for interest or income on any monies received by the GUC Trust hereunder and held for distribution or payment to the GUC Trust Beneficiaries, except as such interest shall actually be received.  Investment of any monies held by the GUC Trust shall be administered in accordance with the general duties and obligations hereunder.  The right and power of the GUC Trustee to invest the GUC Trust Assets, the proceeds thereof, or any

income earned by the GUC Trust, shall be limited to the right and power (a) to invest the GUC Trust Assets (pending distributions in accordance with the Plan or this Trust Agreement) in a short-term direct obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof, or (b) to deposit the GUC Trust Assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments"); provided, however, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulations section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings (including Revenue Procedure 82-58, Revenue Procedure 91-15, and Revenue Procedure 94-45), other IRS pronouncements or otherwise.

7.8. Termination. The duties, responsibilities and powers of the GUC Trustee shall terminate on the date the GUC Trust is wound up and dissolved pursuant to Section 4.2 or by an order of the Title III Court; provided, however, that Sections 8.2, 8.4, 8.5, and 8.6 shall survive such winding up and dissolution, or the entry of such order of the Title III Court.

**ARTICLE VIII.**

**CONCERNING THE GUC TRUSTEE AND
GUC TRUST BOARD**

8.1. Reliance by the GUC Trustee and the Members of the GUC Trust Board. Except as otherwise provided in this Trust Agreement, the Plan or the Confirmation Order, the GUC Trustee and the members of the GUC Trust Board may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the GUC Trustee to be genuine and to have been signed or presented by the proper party or parties.

8.2. Liability to Third Persons. The GUC Trustee, the GUC Trustee Professionals, and the members of the GUC Trust Board shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any Person (including, in the case of the GUC Trustee and members of the GUC Trust Board, to any GUC Trustee Professionals retained by the GUC Trustee in accordance with this Trust Agreement) in connection with the GUC Trust Assets or the affairs of the GUC Trust and shall not be liable with respect to any action taken or omitted to be taken in good faith, except for actions and omissions determined by a final order of the Title III Court to be due to their respective gross negligence, fraud, criminal conduct or willful misconduct, and all such Persons shall look solely to the GUC Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the GUC Trust. Other than as set forth in the Plan or in the Confirmation Order, nothing in this Section 8.2 shall be deemed to release any GUC Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

8.3. Nonliability of GUC Trustee and GUC Trust Board for Acts of Others. Except as provided herein, nothing contained in this Trust Agreement, the Plan, or the Confirmation Order shall be deemed to be an assumption by the GUC Trustee, the GUC Trust Board (or its members), or the GUC Trustee Professionals of any of the liabilities, obligations or duties of the Debtor or

21

shall be deemed to be or contain a covenant or agreement by such Persons to assume or accept any such liability, obligation or duty. Any successor GUC Trustee or any GUC Trust Board member may accept and rely upon any accounting made by or on behalf of any predecessor GUC Trustee hereunder, and any statement of representation made as to the assets comprising the GUC Trust Assets or as to any other fact bearing upon the prior administration of the GUC Trust, so long as it has a good faith basis to do so. The GUC Trustee and the GUC Trust Board members shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue (except to the extent of the GUC Trustee's or the GUC Trust Board members' fraud, gross negligence or willful misconduct). The GUC Trustee, any successor GUC Trustee and the GUC Trust Board members shall not be liable for any act or omission of any predecessor GUC Trustee or any predecessor GUC Trust Board member, nor have a duty to enforce any claims against any predecessor GUC Trustee or any predecessor GUC Trust Board member on account of any such act or omission, unless directed to do so by the GUC Trust Board. No provision of this Trust Agreement shall require the GUC Trustee or any GUC Trust Board member to expend or risk its personal funds or otherwise incur any financial liability in the performance of its rights or powers hereunder if the GUC Trustee or such GUC Trust Board member has reasonable grounds to believe that the payment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it.

       8.4. <u>Exculpation</u>.

       (a)    As of the Effective Date, each of the GUC Trustee, the GUC Trustee Professionals, and the members of the GUC Trust Board shall be and hereby is held harmless and exculpated by all Persons, including the GUC Trust Beneficiaries, Holders of Claims, Holders of Interests, and other parties-in-interest, from any and all claims, causes of action and other assertions of liability arising out of or related to the discharge of its powers and duties conferred by the Plan, this Trust Agreement, any order of the Title III Court entered pursuant to or in furtherance of the Plan, applicable law or otherwise, except for any of its actions or omissions to act that are determined by final order of the Title III Court to have arisen out of its fraud, criminal conduct, gross negligence or willful misconduct.

       (b)    No GUC Trust Beneficiary, Holder of a Claim, or other party-in-interest shall have or be permitted to pursue any claim or cause of action against the GUC Trustee, the GUC Trust, the employees, professionals, or representatives of either the GUC Trustee or the GUC Trust (including the GUC Trustee Professionals) or the members of the GUC Trust Board, for making payments in accordance with, or for implementing, the provisions of the Plan, the Confirmation Order and this Trust Agreement in good faith.

       (c)    Any action taken or omitted to be taken with the express approval of the Title III Court or the GUC Trust Board shall conclusively be deemed not to constitute gross negligence or willful misconduct; <u>provided</u>, <u>however</u>, that, notwithstanding any provision herein to the contrary, the GUC Trustee shall not be obligated to comply with a direction of the GUC Trust Board, whether or not express, that would result in a change to the distribution provisions of this Trust Agreement, the Confirmation Order, and the Plan.

8.5.    Limitation of Liability.  None of the GUC Trustee, the members of the GUC Trust Board and the GUC Trustee Professionals will be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances, except for those resulting from any of its acts arising out of its own fraud, willful misconduct or gross negligence.

8.6.    Indemnity.  Each of the GUC Trustee, the members of the GUC Trust Board and their respective firms, companies, affiliates, partners, officers, directors, managers, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents and agents, and any of such Person's successors and assigns (each, an "Indemnified Party"), shall not be liable to the GUC Trust Beneficiaries for actions taken or omitted in its capacity as, or on behalf of, the GUC Trustee or the GUC Trust Board, as applicable, except for those acts arising out of its own fraud, willful misconduct or gross negligence, and each shall be entitled to indemnification and reimbursement by the GUC Trust for fees and expenses in defending any and all actions or inactions in its capacity as, or on behalf of, the GUC Trustee or the GUC Trust Board, as applicable, except for any of its actions or inactions involving fraud, willful misconduct or gross negligence. Any indemnification claim of an Indemnified Party under this Section 8.6 shall be satisfied solely from the GUC Trust Assets and shall be entitled to a priority distribution therefrom, ahead of the GUC Trust Interests and any other claim to or interest in any of the GUC Trust Assets. The Indemnified Parties shall be entitled to rely, in good faith, on the advice of their retained professionals.   The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which it is indemnified.

8.7.    Compensation and Expenses.  The GUC Trustee shall receive compensation for its services, to be paid out of the GUC Trust Assets, in the manner and amount determined by the GUC Trust Board.  In addition, the GUC Trustee shall be entitled, with the consent of the GUC Trust Board, to reimburse itself from the GUC Trust Assets on a monthly basis for all reasonable out-of-pocket expenses actually incurred in the performance of its duties in accordance with this Trust Agreement, the Confirmation Order and the Plan so long as it falls within the amounts provided for in the Budget; otherwise, prior written approval of the GUC Trust Board is required. Payment of the compensation and expenses set forth in this Section 8.7 shall be deducted first from the Administrative Funding, and thereafter from the other GUC Trust Assets, subject to the prior written approval of the GUC Trust Board.

## ARTICLE IX.

## SUCCESSOR GUC TRUSTEE

9.1.    Resignation.  At all times, the GUC Trustee may resign from the GUC Trust by giving at least sixty (60) days' prior written notice thereof to each member of the GUC Trust Board. Such resignation shall become effective on the later to occur of (a) the date specified in such written notice and (b) the effective date of the appointment of a successor GUC Trustee in accordance with Section 9.4 and such successor's acceptance of such appointment in accordance with Section 9.5.

9.2.    Removal.  The GUC Trustee may be removed by a majority vote of the members of the GUC Trust Board.  Such removal shall become effective on the date specified in such action by the GUC Trust Board.

9.3.    Effect of Resignation or Removal.  The resignation, removal, incompetency, bankruptcy or insolvency of the GUC Trustee shall not operate to terminate the GUC Trust or to revoke any existing agency created pursuant to the terms of this Trust Agreement, the Plan, or the Confirmation Order, or invalidate any action theretofore taken by the GUC Trustee.  All fees and expenses properly incurred by the GUC Trustee prior to the resignation, incompetency or removal of the GUC Trustee shall be paid from the GUC Trust Assets, unless such fees and expenses are disputed by (a) the GUC Trust Board, or (b) the successor GUC Trustee, in which case the Title III Court shall resolve the dispute, and any disputed fees and expenses of the predecessor GUC Trustee that are subsequently allowed by the Title III Court shall be paid from the GUC Trust Assets.  In the event of the resignation or removal of the GUC Trustee, such GUC Trustee shall: (i) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor GUC Trustee or directed by the Title III Court to effect the termination of such GUC Trustee's capacity under this Trust Agreement; (ii) promptly deliver to the successor GUC Trustee all documents, instruments, records and other writings related to the GUC Trust as may be in the possession of such GUC Trustee; and (iii) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor GUC Trustee.

9.4.    Appointment of Successor.  In the event of the death, resignation, removal, incompetency, bankruptcy or insolvency of the GUC Trustee, a vacancy shall be deemed to exist and a successor shall be appointed by a majority of the GUC Trust Board; provided, however, that under no circumstance shall the successor GUC Trustee be a director or officer of any Affiliate of the GUC Trust.  If a successor GUC Trustee is not appointed by the date of such vacancy, the Title III Court, upon its own motion or the motion of a GUC Trust Beneficiary or any member of the GUC Trust Board, shall appoint a successor GUC Trustee.

9.5.    Acceptance of Appointment by Successor GUC Trustee.  Any successor GUC Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Title III Court for filing and to the GUC Trust Board and, in case of the GUC Trustee's resignation, to the resigning GUC Trustee.  Thereupon, such successor GUC Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the GUC Trust with like effect as if originally named GUC Trustee and shall be deemed appointed pursuant to the Confirmation Order and the Plan.  The resigning or removed GUC Trustee shall duly assign, transfer and deliver to such successor GUC Trustee all property and money held by such resigning or removed GUC Trustee hereunder and shall, as directed by the Title III Court or reasonably requested by such successor GUC Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor GUC Trustee upon the trusts herein expressed, all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed GUC Trustee.

## ARTICLE X.

## MISCELLANEOUS PROVISIONS

10.1.   Governing Law.  This Trust Agreement shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without giving effect to principles of conflicts of laws; provided, however, that the GUC Trust Board shall be subject to Puerto Rico laws governing ethics, anti-corruption and conflicts of interest, and such laws shall be, and shall be deemed to be, incorporated into the GUC Trust Board's by-laws.

10.2.   Jurisdiction.   The parties agree that the Title III Court shall have exclusive jurisdiction over the GUC Trust and the GUC Trustee, including the administration and activities of the GUC Trust and the GUC Trustee, and, pursuant to the Confirmation Order or the Plan, the Title III Court has retained such jurisdiction.

10.3.   Severability.  If any provision of this Trust Agreement or the application thereof to any Person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Trust Agreement shall be valid and enforceable to the full extent permitted by law.

10.4.   Notices.  Any notice or other communication required or permitted to be made under this Trust Agreement (each a "Notice") shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, sent by e-mail or facsimile transmission, sent by nationally recognized overnight delivery service or mailed by first-class mail:

(a)  If to the GUC Trustee:

[Name]
[Address]
[Phone]
[E-mail]

(b)  If to the Debtor, the Reorganized Debtor or the FOMB:

Financial Oversight and Management
  Board for Puerto Rico
268 Muñoz Rivera Ave, Suite 1107
San Juan, PR 00918-1813
Attn:  Executive Director
[Phone]
[E-mail]

with a copy to

Proskauer Rose LLP

Eleven Times Square
New York, NY 10036
*Attn*:  Martin J. Bienenstock, Esq.
        Paul V. Possinger, Esq.
        Ehud Barak, Esq.
        James P. Gerkis, Esq.
Tel:  (212) 969-3000
Fax:  (212) 969-2900

(c)  If to the members of the GUC Trust Board:

[Name]
[Address]
[Phone]
[E-mail]

A Notice shall be effective and shall be deemed delivered:  (i) if by personal delivery, delivery service or courier, on the date of delivery; (ii) if by electronic mail or facsimile communication, on the date of receipt or confirmed transmission of the communication; and (iii) if by mail, on the date of receipt. Any party from time to time may change its address, e-mail address, facsimile number or other information for the purpose of Notices to that party by giving Notice specifying such change to the other parties hereto.

10.5.  <u>Headings</u>.  The headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

10.6.  <u>Relationship to the Plan</u>.  The terms of this Trust Agreement are intended to supplement the terms provided by the Plan and the Confirmation Order, and therefore this Trust Agreement incorporates the provisions of the Plan and the Confirmation Order (which may amend or supplement the Plan).  To the extent that there is a conflict between the provisions of this Trust Agreement, the provisions of the Plan, or the Confirmation Order, each document shall have controlling effect in the following rank order:  (a) *first*, this Trust Agreement; (b) *second*, the Confirmation Order; and (c) *third*, the Plan.

10.7.  <u>Entire Trust Agreement</u>.  This Trust Agreement (including the recitals and annexes hereto), the Plan, and the Confirmation Order constitute the entire agreement and understanding between the parties and supersede all prior agreements or understandings, statements or exchanges between the parties or any other Person with respect to the subject matter hereof.

10.8.  <u>Cooperation</u>.  The Debtor shall turn over or otherwise make available to the GUC Trustee at no cost to the GUC Trust or the GUC Trustee, all books and records (or copies thereof) and other information, in each case as may be reasonably requested by the GUC Trustee to carry out its duties hereunder, and agree to otherwise reasonably cooperate with the GUC Trustee in carrying out its duties hereunder, subject to the confidentiality provisions herein to preserve the confidential nature of each of the Debtor's books and records.

26

10.9.   <u>Amendment and Waiver</u>.  Any provision of this Trust Agreement may be amended or waived by the GUC Trustee with the unanimous consent of all voting members of the GUC Trust Board. Notwithstanding this <u>Section 10.9</u>, (a) any amendment to this Trust Agreement shall not be inconsistent with the purpose and intention of the GUC Trust to liquidate in an expeditious but orderly manner the GUC Trust Assets in accordance with Treasury Regulations section 301.7701-4(d) and <u>Section 2.2</u>, and (b) the prior written consent of the FOMB or the Reorganized Debtor shall be required for any amendment or waiver of any provision hereof if such amendment or waiver relates to the FOMB or the Reorganized Debtor or adversely affects the FOMB or the Reorganized Debtor, as applicable.

10.10.   <u>Confidentiality</u>.  The GUC Trustee shall hold (and shall cause its employees, members, agents, professionals and advisors, including the GUC Trustee Professionals to hold), and each member of the GUC Trust Board shall hold (each of the foregoing persons, a "<u>Confidential Party</u>"), strictly confidential and not use for personal gain any material, non-public information of which it has become aware in its capacity as a Confidential Party, of or pertaining to the Debtor, the Reorganized Debtor or the GUC Trust Assets; <u>provided</u>, <u>however</u>, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by such Confidential Party; or (b) such disclosure is required of such Confidential Party pursuant to legal process, including subpoena or other court order or other applicable laws or regulations.  If any Confidential Party is requested to divulge any material, non-public information pursuant to the foregoing clause (b), then such Confidential Party (i) promptly, in advance of making such disclosure, will provide reasonable notice of such required disclosure to the GUC Trustee (or the GUC Trust Board in the case the GUC Trustee is the disclosing party) and to the FOMB and the Reorganized Debtor in order to allow sufficient time to object to or prevent such disclosure through judicial or other means, and (ii) will cooperate reasonably with the GUC Trustee (or the GUC Trust Board), the FOMB or the Recognized Debtor, as applicable, in making any such objection to such disclosure, including appearing in any judicial or administrative proceeding in support of any objection to such disclosure, or otherwise in preventing such disclosure.

10.11.   <u>Rules of Construction</u>.  Except where the context otherwise may require, (a) words of any gender include the other gender, and (b) words importing the singular number shall include the plural number and *vice versa*.  All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the person or persons may require. All terms defined in this Trust Agreement in their singular or plural forms have correlative meanings when used herein in their plural or singular forms, respectively. All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or to any provisions of PROMESA or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Trust Agreement.  The terms "hereof", "hereto", "herein" and words of similar import refer to this Trust Agreement as a whole and not to any particular Article, Section or subdivision of this Trust Agreement.  The terms "include", "includes" and "including" shall be construed as if followed by the words "without limitation".

10.12.   <u>Counterparts</u>.  This Trust Agreement may be executed with counterpart signature pages or in any number of counterparts, each of which counterparts shall be deemed in original, but such counterparts shall together constitute but one and the same instrument.  A facsimile,

portable document file (PDF) or other electronic transmission signature of any party shall be considered to have the same binding legal effect as an original signature.

10.13.  Intention of Parties to Establish GUC Trust.  This Trust Agreement is intended to create a "liquidating trust" for United States federal income tax purposes within the meaning of Treasury Regulations section 301.7701-4(d), and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith, and, if necessary, this Trust Agreement may be amended to comply with such United States federal income tax laws, which amendments may apply retroactively.  This Trust Agreement is not intended to create and shall not be interpreted as creating a corporation, association, partnership or joint venture of any kind for United States federal income tax purposes or for any other purposes.

10.14.  Binding on the Debtor.  This Trust Agreement shall be binding on the Debtor and Reorganized Debtor and shall remain binding on the Debtor and the Reorganized Debtor, notwithstanding any dissolution of the FOMB or any other event that may cause the FOMB to cease to exist or to cease serving as a representative of the Debtor or the Reorganized Debtor.

10.15.  Third Party Beneficiaries. The FOMB, the Debtor and the Reorganized Debtor are express third party beneficiaries of this Trust Agreement.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF,** the parties hereto have duly executed this Trust Agreement as of the date first written above.

<div style="margin-left:45%">

**PUERTO RICO ELECTRIC POWER AUTHORITY**, by and through the Financial Oversight and Management Board for Puerto Rico as its sole Title III representative

By: _____
   Name:
   Title:

**[●], as Trustee**

By: _____
   Name:
   Title:

</div>

## **Annex A**

### Initial GUC Trust Board Members

[●]

