IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1]<br><br>EVERTEC GROUP, LLC,<br><br>    Movant,<br><br>    -against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Respondents. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**Re: ECF No. 21187** |

**DEBTOR'S OBJECTION TO MOVANT EVERTEC'S MOTION
FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIM**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

To the Honorable United States District Court Judge Laura Taylor Swain:

The Puerto Rico Public Buildings Authority ("PBA" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtor's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submit this objection (the "Objection") to *Evertec's Motion for Allowance of an Administrative Expense Claim* [ECF No. 21187] (the "Motion"), filed by Evertec Group, LLC ("Movant"). In support of the Objection, the Debtor respectfully represents:

## PRELIMINARY STATEMENT

1. It is axiomatic that an administrative expense claim should only be allowed if the claim's proponent demonstrates a benefit conferred onto the bankruptcy estate. Here, Movant seeks compensation for maintenance and replacement services allegedly provided pursuant to a contract with PBA. Yet, Movant cannot produce a foundational piece of information: proof these services were *actually* provided to PBA. The limited information that Movant did provide to the Debtor and the Oversight Board shows, at best, that Movant obtained goods and services to operate *its own* business, but fails to show how services were *provided to and benefitted PBA*. The Debtor also undertook, since the filing of the Motion, a review of its books and records to determine whether Movant actually provided services to PBA, but has been unable to locate relevant information that would support Movant's asserted claim. Since Movant failed to meet its burden of proving a benefit conferred onto PBA, the Motion should be denied.

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.

1

## BACKGROUND

2. On May 3, 2017, the Commonwealth filed a petition pursuant to Title III of PROMESA to commence its Title III case.

3. On September 27, 2019, PBA filed a petition pursuant to Title III of PROMESA to commence its Title III case.

4. On November 30, 2020, PBA and Movant entered into that certain Services Agreement for services to be provided during the period from November 30, 2020 to June 30, 2021[3] (the "2021 Contract"). Specifically, Movant agreed to provide "(i) maintenance for hardware & software of Fortinet and Avaya products, (ii) maintenance of hardware for the Cisco platform, [and] (iii) replacement of parts for the term specified in the pricing section [of the 2021 Contract]." Motion Ex. B at 1. In return, PBA agreed to pay Movant up to $69,017.23 as compensation. *Id.* at 2.

5. On May 27, 2021, Movant sent an invoice to the PBA for $69,017.23. Motion Ex. C at 1 (the "Invoice"). The Invoice references the 2021 Contract and lists the items for which Movant seeks reimbursement: "Avaya Maintenance" ($38,280.26); "Cisco Maintenance" ($19,054.84); "Fortinent Maintenance" ($7,601.13); and "Evertec Maintenance Labor" ($4,080.00). *Id.*

6. On January 18, 2022, the Court entered the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813] (the "Confirmation Order"), confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

---

[3] PBA did not renew the 2021 Contract following its expiration.

2

*of Puerto Rico, et al.*, [ECF No 19784] (as amended, supplemented, or modified, the "Plan").[4] Section 92.2 of the Plan discharged and released the Debtor from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." Plan § 92.2(a).

7. Decretal paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligations with respect thereto." The deadline to file proofs of Administrative Expense Claims was June 13, 2022, which was extended to January 18, 2023 for certain parties.

8. On June 11, 2022, Movant filed the Motion, seeking allowance of an administrative expense claim of $69,017.23 (the "Claim"), and a proof of Administrative Expense Claim (POC No. 180374).

## ARGUMENT

### I. The Motion Does Not Establish Entitlement to Allowance for the Asserted Claim

9. Parties seeking administrative priority status for their claims must establish a right to reimbursement under applicable law. *See Grogan v. Garner*, 498 U.S. 279, 283 (1991) ("The validity of a creditor's claim is determined by rules of state law"); *In re Bos. Reg'l Med. Ctr.*, 256 B.R. 212, 220 (Bankr. D. Mass. 2000), *aff'd sub nom. Mass. Div. of Emp. & Training v. Bos. Reg'l Med. Ctr., Inc. (In re Bos. Reg'l Med. Ctr., Inc.)*, 265 B.R. 838 (B.A.P. 1st Cir. 2001), *aff'd on other grounds*, 291 F.3d 111 (1st Cir. 2002) ("In determining whether an obligation arising under state law is a tax under the Bankruptcy Code, courts must look to state law to understand the

---

[4] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed thereto in the Plan.

3

characteristics and incidents of the obligation . . . ."); *see also In re Fin. Oversight & Mgmt. Bd. for P.R.*, No. 17-bk-4780, 2022 WL 1401506, at *4 (D.P.R. May 4, 2022) ("Motion for administrative expense treatment fails because [movant] has not demonstrated that it has a contractual right to reimbursement of the Expenses . . . ."). To the extent they are not, the asserted costs do not constitute "actual, necessary costs and expenses of preserving" the Commonwealth. 11 U.S.C. § 503(b)(1)(A)(i).

10. "'The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it,' and the Court has broad discretion in determining whether to grant a request for such priority treatment." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 631 B.R. 596, 604 (D.P.R. 2021) (quoting *Woburn Assocs. v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *see also In re Jeans.com*, 491 B.R. 16, 23 (Bankr. D.P.R. 2013). A party seeking administrative expense treatment must show a "clear relationship between the expenditures made and the benefit conferred on the estate . . . ." *In re Drexel Burnham Lambert Grp.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (citations omitted).

11. As articulated by Movant, satisfaction of this burden requires a showing that the right to payment "(1) [arose] from a transaction with the trustee or debtor in possession, rather than from a prepetition transaction with the debtor, and (2) the consideration supporting the claim must have benefitted the estate *in some demonstrable way*." Motion ¶ 10 (emphasis added) (quoting *In re FBI Distrib. Corp.*, 330 F.3d 36, 42 (1st Cir. 2003)). Here, Movant has failed to demonstrate that it actually performed the services specified in the 2021 Contract and conferred a benefit to the Debtor, despite being afforded ample opportunity to do so. Movant's inability to meet this seemingly simple request necessitates this Objection.

12. Following the filing of the Motion, the Debtor requested from Movant a report demonstrating the services were actually provided, but, Movant has failed to provide such report or otherwise provide proof Movant performed the duties for which it seeks compensation.[5] The limited information Movant did provide consists of invoices for goods and services provided to Movant from third parties. However, such information fails to show how *Movant* provided services *to PBA* and how PBA was benefitted by those purported services.

13. PBA also undertook a review of its books and records to locate any information that may support Movant's asserted claim, but was unable to find any.

14. Unless and until Movant provides evidence it performed the maintenance and replacement services contemplated in the 2021 Contract, Movant cannot satisfy the requirements for administrative priority status for its asserted claim.

WHEREFORE the Debtor respectfully requests the Court deny the Motion and grant it such other and further relief as is just.

Dated: June 2, 2023  
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Brian S. Rosen*  
Martin J. Bienenstock (*pro hac vice*)  
Brian S. Rosen (*pro hac vice*)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, NY 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

-and-

*/s/ Luis F. del Valle-Emmanuelli*  
Luis F. del Valle-Emmanuelli  
USDC-PR No. 209514  
P.O. Box 79897

---

[5] The Debtor reserves the right to supplement this objection to the extent Movant subsequently provides any additional factual support for its asserted claim.

Carolina, Puerto Rico 00984-9897
Tel: (787) 647-3503

**OF COUNSEL FOR**
**A&S LEGAL STUDIO, PSC**
434 Avenida Hostos San Juan, PR 00918
Tel: (787) 751-6764 / 763-0565
Fax: (787) 763-8260

*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*