# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>RECEIVED AND FILED<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered)   CLERK'S OFFICE USDC PR<br><br>2023 JUN 1 PM 3:08 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## MARÍA LIZARDI OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW MARÍA LIZARDI,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## **PRELIMINARY STATEMENT**

1. MARÍA LIZARDI is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, María Lizardi, am a resident of San Juan, Puerto Rico. I live in a household of two people, myself and my husband (59 and 57 years of age, respectively) and we have both been jointly clients of PREPA for more than three decades.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The expected rate increases are untenable for my household. After PREPA's transmission and distribution privatization to LUMA Energy, I have seen my household electricity bill rise considerably. But the new Plan of Adjustment's proposed increases –with an expected 30% increase (plus LUMA's Service Charges), which in my case represents an additional $30 of monthly residential electricity payments– would greatly jeopardize my household's cashflow. Specifically, this increase

would impact my family's ability to cover other everyday expenses, such as food and transportation. It would also affect my ability to care for family members who are currently suffering from grave medical conditions and rely on economic assistance from my household. In the end, it is likely that such increases, and the precarious financial position they will lead my household into, would force our family to seriously consider the unfortunate possibility of leaving Puerto Rico and establishing residence somewhere else in the United States. In this way, the proposed Plan of Adjustment runs counter to PROMESA's policy goal of ensuring economic growth and development for the people of Puerto Rico.

5. In addition, as more citizens transition to solar energy –a phenomenon that is already quickly taking place– and drive down PREPA's client demand, the burden of meeting the proposed Plan of Adjustment's expected PREPA revenues will fall on customers like myself, who have yet to transition to solar energy. The proposed increases create a perverse incentive for people to contract with private companies, many of which often employ questionable business standards, encouraging people to "disconnect from LUMA and PREPA" and binding people into onerous solar-panel payment plans. For those who have yet to transition to solar energy, there is a serious risk that PREPA will not achieve the Plan's projected future revenues, which would likely increase my household's electricity rates beyond any figure that I could estimate today.

6. For the reasons stated above –and given the concrete economic harms I, as well as other citizens, will suffer from the proposed Plan of Adjustment's electricity rate increases– I, María Lizardi, am a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   > The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment will have a gravely detrimental effect on citizens who do not quickly transition to solar energy, as we will be forced to assume the burden of meeting the Plan's expected revenues for PREPA. The Plan does not fully take into account the gravity of these onerous costs – and I expect the charges for those who delay in transitioning to solar energy to go beyond the current projections of a 30% hike in electricity prices for residential households.

10. The proposed Plan of Adjustment is and will continue driving people to contract with private solar energy companies with dubious business practices. I have already been approached by

4

multiple solar energy companies –some of which have knocked on my home's doors—forcedly trying to sell me solar panels (in their words, "an excellent opportunity to disconnect from LUMA"). These companies are trying to sell panels to Puerto Ricans through 25-year mortgages, at fixed costs of around $400 monthly. I worry that the companies are taking advantage of our vulnerable populations, all as a result of increased costs in PREPA's and LUMA's energy bill. And who knows whether, if any issues with these private solar companies arise in the future, citizens will have recourse to any legal remedies. Many people have already transitioned to solar energy through these private companies, and this Court should not underestimate the effect this phenomenon will have on meeting the Plan's expected future revenue for PREPA.

11. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

12. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

13. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

14. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as María Lizardi. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment

is not feasible.

## CONCLUSION

15. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to María Lizardi and the people of Puerto Rico.

16. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, María Lizardi respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date delivered the instant motion to the United States District Court Clerk's Office for filing and/or delivery to the presiding judge and to the parties to this case

In San Juan, Puerto Rico, this 1st day of June 2023.

María Lizardi
*Pro se*
D18 Calle Quebrada Arenas
San Juan, PR 00926
jimenezlizardi@hotmail.com
787-218-5540