# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

23 JUN 5 PM 2:19

## OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO:**

COMES NOW LIANABEL OLIVER BIGAS as parties in interest pursuant to 11 U.S.C. § 1109, on their own behalf, and respectfully requests that the Court deny the confirmation of the *MODIFIED SECOND AMENDED TITLE III PLAN OF ADJUSTMENT OF THE PUERTO RICO ELECTRIC POWER AUTHORITY*, ECF No. 3296 (THIS TITLE AND THE ECF No. CAN CHANGE IF THE OVERSIGHT BOARD FILES AN AMENDED PLAN OF ADJUSTMENT).

## PRELIMINARY STATEMENT

1. The appearing party is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. The parties in interest is married and a resident of San Juan, Puerto Rico. **MS. LIANABEL OLIVER BIGAS** is a retired CPA and management consultant, age 67 who owns a training and consulting business. As customer of AEE, I have a strong vested interest in the outcome of the debt restructuring that will destroy the economic viability of the island over the next 5-10 years.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. In February 2020, my husband and I invested around $20,000 in the installation of solar panels and batteries at our house. We were approved for net metering and after a prolonged battle with LUMA, finally managed to get a credit for the energy we were producing and selling to AEE. Though we do not have a high energy

consumption, we believed that the arrival of LUMA, with its lack of expertise on how to manage a complex electrical grid like Puerto Rico, would affect the stability and reliability of the electrical service. This prediction has been borne out by LUMA's substandard performance over the past 2 years.

The current debt restructuring plan would impose a "legacy charge" of around $19 a month, which will fluctuate according to kilowatt consumption. This legacy charge is, in effect, a sunshine tax ("impuesto al sol"), penalizing the consumer for taking measures to reduce their electrical consumption and move to clean energy. For us, it represents an additional $228 a year without taking into account the added charges if we exceed the usage thresholds imposed by AEE. It also affects people like my mother, who is 95 years old, and lives in a condominium. She cannot install solar panels and is at the mercy of AEE and whatever it chooses to charge for its services.

As a management consultant, I am also concerned about the future viability of my clients, who are small business owners and whose economic viability will be seriously threatened by this charge. The steep rise in operating costs across all categories makes it very difficult to run a profitable operation in Puerto Rico. Startups and small businesses are struggling and one of their major challenges is the cost of electricity. While many have taken steps to reduce their electrical consumption by changing to low energy appliances, lights, and installing solar panels, these actions will be cancelled with the imposition of a legacy charge.

My question to the court: Since the AEE bondholders are uninsured, why do we have to pay it? When you invest in stocks and bonds, there is always a risk – a rise in interest rates, a stock market meltdown. Consumers should not have to pay

for bad investments. When I reviewed the financial statements of the AEE in 2007, it was clear to me that they were in BIG trouble. So the question is, why did sophisticated investors keep pouring money into their bonds? Should the Puerto Rico consumer be penalized for years of mismanagement? Why aren't government officials being held accountable? Why has the debt not been audited? As an accounting and finance expert with an MBA from Stanford Business School and over 30+ years of experience, I have seen firsthand how managers and consultants work the assumptions to support the answer that they have predetermined. The court should examine <u>in depth</u> the assumptions that underlie the Fiscal Oversight & Management Board's (FOMB) financial models. I would be happy to lend my expertise to the court <u>free of charge</u> to analyze this matter.

Finally, we would like to point out to the court that if this debt restructuring is approved, we will be seriously considering moving from Puerto Rico in the next 5-10 years. So the question then becomes: if the FOMB causes the middle and professional class to leave in droves, who will be left to pay the debt?

5. Therefore, the undersigned is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the *Title III Plan of*

*Adjustment of the Puerto Rico Electric Power Authority.* On February 9, 2022, the Oversight Board filed the *First Amended Title III Plan of Adjustment of The Puerto Rico Electric Power Authority.* The current version of the Plan of Adjustment was filed on March 1, 2023 (THIS DATE CAN CHANGE IF THE OVERSIGHT BOARD FILES AN AMENDED PLAN OF ADJUSTMENT).

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

6

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

10. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Ms. LIANABEL OLIVER BIGAS.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

11. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to the appearing party and the people of Puerto Rico.

12. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, the appearing party respectfully requests that the Court take notice of

the above stated and deny the confirmation of the Plan of Adjustment.

**WE HEREBY CERTIFY** that on this same date delivered the instant motion to the United States District Court Clerk's Office for filing and/or delivery to the presiding judge and to the parties to this case.

Filed in San Juan, this 2nd of June 2023.

*[signature]*

**LIANABEL OLIVER BIGAS**
**BORINQUEN GARDENS**
**1925 JUAN B UGALDE ST**
**SAN JUAN, PR 00926**