IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 6 AM10:44

**OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO:**

**COMES NOW Rolando Ortiz Cotto** as party in interest pursuant to 11 U.S.C. § 1109, on their own behalf, and respectfully requests that the Court deny the confirmation of the *MODIFIED SECOND AMENDED TITLE III PLAN OF ADJUSTMENT OF THE PUERTO RICO ELECTRIC POWER AUTHORITY*, ECF No. 3296 (THIS TITLE AND THE ECF No. CAN CHANGE IF THE OVERSIGHT BOARD FILES AN AMENDED PLAN OF ADJUSTMENT).

### PRELIMINARY STATEMENT

1. The appearing party is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Rolando Ortiz Cotto , vecino de Palacios Del Rio II Calle Yaguez J16 social security 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, retirado beneficiario de seguro social. Solo recibo seguro soial para pagar la casa , agua , luz ,compra mensual, gastos de sobrevivir mensualmente este aumento de 30% me deja en la insolvencia.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. [El plan de ajuste de 30% me deja en la insolvencia eonomica mensualmnte, porque me deja en la insolvencia;

| | |
|---|---|
| **Ingresos** | $3,163- seguro social |
| **Renta a pagar** | $1,320 |
| **Luz** | $170 |

2

| | |
|---|---|
| **Agua** | **$50** |
| **Mantenimiento urbanización** | **$60** |
| **Gas Licuado** | **$55** |
| **Compra** | **$250** |
| **Jardinero** | **$75** |
| **Fumigdor** | **$35** |
| **Cabletv internet** | **$134** |
| **Mantenimieto aire** | **$220** |
| **Mantenimiento enseres** | **$50** |
| **Entretenimiento** | **$30** |
| **Detergentes** | **$20** |
| **Desayunos Trabajo** | **$300** |
| **Almuerzos Trabajo** | **$600** |
| **Ropa** | **$50** |
| **Laundry** | **$100** |
| **Gasolina** | **$120** |
| **Peajes** | **$15** |
| **Aceite Gomas** | **$70** |
| **Marbetes** | **$200** |
| **Car Wash** | **$120** |
| **Comida Mascotas** | **$30** |
| **Toyal Gastos** | **$3,719** |

3

**Aumento Luz de 30% ($170 x .30) $51**

**Deficit -$607**

**El aumento seria un elemento adicional perjudicial a mi mala economía con déficit.**

5. Therefore, the undersigned is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. On February 9, 2022, the Oversight Board filed the *First Amended Title III Plan of Adjustment of The Puerto Rico Electric Power Authority*. The current version of the Plan of Adjustment was filed on March 1, 2023 (THIS DATE CAN CHANGE IF THE OVERSIGHT BOARD FILES AN AMENDED PLAN OF ADJUSTMENT).

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin.</u>

4

<u>Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

5

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

10. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **[PARTY NAME]**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

11. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to the appearing party and the people of Puerto Rico.

12. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, the appearing party respectfully requests that the Court take notice of

the above stated and deny the confirmation of the Plan of Adjustment.

**WE HEREBY CERTIFY** that on this same date delivered the instant motion to the United States District Court Clerk's Office for filing and/or delivery to the presiding judge and to the parties to this case.

Filed in San Juan, this June 5th, 2023.

Rolando Ortiz Cotto
Urb Palacios Del Rio 2
Calle Yaguez J16
Toa Alta PR 009653
Phone 787-239-8192