IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 7 PM 3:40

**EVELYN PIÑERO SEPULVEDA OBJECTION TO THE CONFIRMATION OF
THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**COMES NOW EVELYN PIÑERO SEPULVEDA,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **EVELYN PIÑERO SEPULVEDA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **EVELYN PIÑERO SEPULVEDA** is a resident of San Juan, Puerto Rico. One person household, currently retired. **EVELYN PIÑERO SEPULVEDA is the only client of the electricity account.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Telligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.**

5. **I am a retired fixed income 66-year-old, female dependent of social security, and small pensions as my income. The financial impact into my daily living as well as all other products and services also increasing is overwhelming. I object to anymore additional increases for the electricity services. I have made several financial adjustments to count for the last two years of LUMA Energy rate increases, and not able to do anymore adjustments. With the Legacy Charge proposed my electricity bill will increase in more**

2

**than $16 dollars a month or $192 dollars a year, affecting my income directly.**

6. Therefore, **EVELYN PIÑERO SEPULVEDA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

3

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **as EVELYN PIÑERO SEPULVEDA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **EVELYN PIÑERO SEPULVEDA** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, EVELYN PIÑERO SEPULVEDA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the

4

Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 7th day of June 2023.

*[signature]*

**EVELYN PIÑERO SEPULVEDA**
*Pro se*
Villa Nevárez 1041 calle 10
San Juan, P.R. 00927
e_pinero@yahoo.com
Tel: (787) 239-8883