# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 JUN 7 PM 3:42

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## RAQUEL MARIA GONZALEZ SPARKS OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW RAQUEL MARIA GONZALEZ SPARKS**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **RAQUEL MARIA GONZALEZ SPARKS** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **RAQUEL MARIA GONZALEZ SPARKS** is a resident of Guaynabo, Puerto Rico. Two persons living in the household, works from home and own her business. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Telligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

3. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. Continues the voltage fluctuation, have ruined my refrigerator and two computers. This has impacted the internet and electric connections affecting my work. Even though I have solar panels, during blackouts that have lasted days I cannot cook, wash, or dry clothes, because these household appliances are not supported by the solar system. They only work when there is electricity from the grid. The voltage peaks have also ruined an air conditioner and have impacted a solar battery causing it to shut down on multiple**

2

occasions. Therefore, the solar system itself has suffered in efficiency and storage capacity. Every time there is an extended blackout which happens at least once a week, the generators all around me kick in, causing high levels of air and noise pollution affecting my breathing and sleep patterns. The voltage peaks which happen various times during the day, have also damaged the surge protectors, and the one I am using right now has become faulty. At least once every two weeks a transformer explodes nearby and the whole neighborhood is blacked out, leading to increase in crime and general insecurity in the area. Blackouts also impact traffic lights in the area leading to horrendous traffic jams, which translate into wasted time and higher fuel costs. Also, when there is a blackout, air conditioners in the house stop working, which in these times of extreme heat waves adds to the risk of heatstroke. My mother who is 86 years old, comes to visit often and has also been affected by the afore mentioned. I work from home as an online teacher and translator independent contractor; therefore, computers and the use of internet are crucial to my livelihood. I am 56 years old, and have no expectation of a pension or a retirement package. This means I will continue working for the foreseeable future, being completely dependent on reliable electricity in my home, not only for appliances and such, but for my livelihood itself. At present I have been financially affected because of the blackouts and constant power surges, loosing around 25 percent of my income because of this as well as having to invest in new equipment. As the situation continues to deteriorate, my income will continue to be increasingly impacted. I foresee that my energy expenditures will increase 50 percent from the previous bills, resulting in close to $15 dollars more a month which will be increasingly difficult to cover as my income continues to decrease because of the bad

3

service. The increasing cost of living resulting from the higher energy costs is also damaging my quality of life. Grocery costs have doubled and all other daily expenses have become more costly. At present my health has been directly affected by the whole situation. My diet has been hard hit because I cannot cook. Being a Vegetarian, I find myself repeatedly throwing away produce that gets ruined because the refrigerator no longer works adequately thanks to a power surge. On top of this, the increase in the cost of living resulting from the increase in energy costs has made it impossible for me to acquire the type of food that I need. The pollution cause by the generators in the area is affecting my lungs and overall health. The imposition of the Legacy Charge proposed will represent over one hundred dollars out of pocket a year for the foreseeable future; money I do not have nor have a prospect of getting. I am the sole caregiver of my elderly mother who will soon need to move in with me. I fear for her health and for my future because as I get older and my income continues to shrink there will come a moment, I will not be able to cover the cost of living. I will lose my home and become homeless.

4. Therefore, **RAQUEL MARIA GONZALEZ SPARKS** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

### PROCEDURAL BACKGROUND

5. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16,

4

2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022) (citation omitted).

7. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

10. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as RAQUEL MARIA GONZALEZ SPARKS. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because

of this, the Plan of Adjustment is not feasible.

## CONCLUSION

11. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **RAQUEL MARIA GONZALEZ SPARKS** and the people of Puerto Rico.

12. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, RAQUEL MARIA GONZALEZ SPARKS** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In Guaynabo, Puerto Rico, this 7th day of June 2023.

**RAQUEL MARIA GONZALEZ SPARKS**
*Pro se*
HC 5 box 8356
Guaynabo, P.R. 00971
Rmgs1967@yahoo.com
Tel: (787) 980-9484

6