IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2023 JUN 7 PM 3:43

**RICARDO RODRIGUEZ RIVERA OBJECTION TO THE CONFIRMATION OF
THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**COMES NOW RICARDO RODRIGUEZ RIVERA,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **RICARDO RODRIGUEZ RIVERA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, RICARDO RODRIGUEZ RIVERA,** am a resident of San Juan, Puerto Rico. I live in a household of five people: myself, my wife, and three children. One of my children has a disability, downes syndrome. I have been working as a paramedic close to 10 years. Although I live in a residential home, LUMA has been charging me a commercial electricity rate for 13 months, when I moved to my current home. Though I have tried persistently to change my rate payments to residential, neither PREPA nor LUMA has been responsive. My electricity bill is under my name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** The proposed rate increases are not sustainable for my family, which includes a 2 year-old child with a disability. I am already paying an unbearable amount for electricity because I am being

2

charged a commercial rate, even though my home is residential. Last month, I paid $351 for my electricity. The proposed plan will increase my payment by $44.69, which represents a 12% increase. If the Proposed Plan is accepted, I will be unable to pay for my household's electricity payments. I will also be forced to cut payments in other areas of everyday life, such as food, transportation, and potentially healthcare for my family and my children.

5. Therefore, **RICARDO RODRIGUEZ RIVERA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

3

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **RICARDO RODRIGUEZ RIVERA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **RICARDO RODRIGUEZ RIVERA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, RICARDO RODRIGUEZ RIVERA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 7th day of June 2023.

Ricardo Rodriguez Rivera
*Pro se*
Ave Américo Miranda
1180 Reparto Metropolitano
San Juan, PR
00901
(787) 413-0406
neffi2018@gmail.com

5