CERTIFIED TRANSLATION

Commonwealth of Puerto Rico
Court of First Instance
San Juan Judicial Center
Superior Part

# EXHIBIT 9

| | |
|---|---|
| PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY<br>Petitioner<br><br>Vs.<br><br>PERSEVERANCIA FARM, INC.<br>Party With Interest | Civil No.: K EF 2011-0244<br><br><br><br>Forced Expropriation |

MINUTE

Appearing at the pre-hearing Conference was **Anita Cortés Centeno, Esq.** representing Petitioner, assisted by appraiser Ángel Malavé. **César Hernández Colón, Esq.** appeared in representation of the Perseverancia Farm, Inc. and as it regards plots 028-01 and 028-02, the Pastor Mandry Mercado estate, assisted by appraiser Ismael Isern Suárez. **Rodolfo Gluck Figueroa, Esq.** appeared in representation of Ena Moure De Lis. **Adrián Mercado, Esq.** appeared pro-se as a party with interest.

**Mr. Javier Mandry Mercado** appeared, as a party with interest, in his own right.

The Court stated that there is a motion signed by Carmen Martí Matos, Josefa Martí Matos, José Luis Martí Matos, Adelita Martí Matos, Antonio Martí Matos, Gladys Martí Matos, Cristino Martí Matos and Gladys O. Matos Rodríguez in representation of Carmen M. Martí Matos. **It ordered Mrs. Gladys O. Matos Rodríguez to present a power of attorney crediting that she can represent Mrs. Carmen M. Martí Matos, in addition to comply with Rule 67 and notify all attorneys in the case and the parties with interest who are represented in their own right.**

Attorney Cortés Centeno informed that those persons are members of the Adela Torres estate, the owner of plot 25-01.

To the questions from the Court the present attorneys and Mr. Mandry informed that they do not object to the amendment of the Exhibit presented by attorney Cortés.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF 2011-0244     2

The appraisers informed that they had reached an agreement, but it must be evaluated by the agency.

A subsequent turn was granted for attorney Cortés Centeno to verify when the Board of the Highways Authority meets.

*********************************************************************************************

After continuation of the proceedings of the case, attorney Cortés Centeno informed that the Board does not have a date to meet.

**The Court granted 60 days to petitioner to inform if an agreement had been reached.**

Attorney Hernández Colón alleged that the agreement reached by the appraisers did not dispose of the case, only the unitary, because there is a claim for loss of access. He indicated that the work is not terminated.

Attorney Cortés Centeno informed that the most recent Exhibit B, has all the data of the design and the increase given to the width.

Eng. Isern stated that it is a fact that the property is enclaved. Because entrance cannot be made in a work under construction.

Attorney Cortés Centeno alleged that the visit made by the engineer was prior to amending the blueprints. A sketch of the blueprints was originally sent to the party with interest and subsequently the construction data.

Eng. Isern alleged that if he was to perform an ocular inspection today, there is a project under construction and the remnant cannot be reached.

Attorney Cortés Centeno alleged that there is a way to enter, that it is a rustic farm and the lack of access is temporary.

To questions from the Court, attorney Cortés Centeno alleged that the aspect of the design can be resolved.

In view of Mr. Mandry´s request to inform regarding about the additional sum that is being worked on, Eng. Isern stated that it is $155,402, in case K EF2011-0244.

Eng. Isern informed that in the same term of 60 days the access can be attended,


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF2011-0244 3

but he has to prepare a report on the damages. Regarding the blueprints, he can analyze it and inform petitioner on the same.

The Court granted 60 days to inform on the arrangement of the transactions.

Attorney Mercado informed the Court that he is only receiving correspondence from the Court and attorney Cortés, but not from filings of the other parties. He requested compliance with Rule 67.

**The Court determine that whoever does not comply with Rule 67 of the Civil Procedure and is thus accredited, their claims will not be met.**

Attorney Hernández Colón stated that the party that attorney Mercado represents has a judgment and has no other interest in the case, for which reason he understood that he did not have to notify him.

The Court ordered that he be integrated in his notifications.

Attorney Cortés Centeno indicated that attorney Mercado accepted the just compensation, but subsequently informed that they are pending damages.

To questions from the Court, regarding the benefit of all the parties with interest from the fund of just compensation, attorney Hernández Colón explained that he understands that it refers to the position assumed by Mr. Mandry, although he accepted the just compensation, but he understands that he is assisted in law to benefit from any additional amounts that may be achieved for those that he represents. He alleged to the best of his understanding, that this was what the Court order referred to.

Attorney Cortés Centeno alleged that the party with interest, Javier Mandry, accepted the value consigned and that he is not negotiating increase in value. For which any additional sum that may be agreed to with the other members of the estate will not benefit him because he did not participate in the transaction.

Attorney Hernandez Colón stated that his position is the same as petitioner´s and that he understands that if Mr. Mandry accepted the compensation and should not benefit from the transaction.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF 2011-0244                                                                  4

      Attorney Cortés Centeno explained that the value for the transaction, increases everything and the corresponding amount is consigned to attorney Hernández' clients. What would have corresponded to Mr. Mandry, the Agency saves it.

      Mr. Javier Mandry objected petitioner's claim.

      The Court stated to Mr. Javier Mandry that upon resolving according to his request, he must pay the expenses. If his interest is to benefit from any additional amount, he must pay the services.

      Mr. Mandry proposed that the payments be deducted from the just additional compensation.

      The Court stated to Mr. Mandry that he has to get an attorney. It explained, that regarding the request made by Perseverancia Farm, about obtaining an additional sum, that it resolved that all parties would benefit from the just compensation fund.

      Attorney Cortés Centeno requested that all parties that have a firm and final judgment, and have not participated in any transaction, cannot benefit from the same because they had already accepted the consignment. She alleged that there are no pending matters with the parties with intertest that accepted and have a judgment.

      Attorney Mercado informed that he has no interest in participating in the Perseverancia Farm, Inc., but that he has interest in the Camino plot.

      Mr. Mandry requested filing a motion to state his opinion regarding the transaction. He alleged that what is done to benefit a succession is a pro indiviso community, while the expenses and profits are distributed.

      The Court granted him filing a motion as requested by the party. Additionally, it stated that Plots 20-01, 20-02, 20-03 and 20-04 are identified that Perseverancia Farm, Inc.

      The Court stated that Mr. Javier Mandry informed that he has no interest in the Perseverancia Farm.

      The parties with interest present informed that they do not have any interest in Plot 25-02, of the Adela Torres Estate.

      Attorney Hernández Colón informed that his clients accept the unitary of Camino

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF 2011-0244                                                                                                     5

Farm.

To questions from the Court regarding if the negotiations are in plots 20-01, 20-02, 20-03, 20-04, 20-05, 20-06, 20-07, 20-08 and 20-09, attorney Hernández Colón stated that some of them had been accepted, but there remained steep plots where the appraisers had reached an agreement.

Regarding the Camino Farm, attorney Hernández Colón stated that is where Mr. Mandry possibly has interest, his client's position, has been that they accept the unitary.

Attorney Cortés Centeno informed that Mr. Javier Mandry also accepted.

The Court stated that there would be nothing to discuss regarding the possible interest of Mr. Mandry, because he has no interest in the Perseverancia Farm, Inc., nor the Adrián Mercado Estate.

The Court stated that in plots 28-01 and 28-02 judgment for trespassing could have been entered regarding the parties with interest.

Mr. Mandry requested the withdrawal of the funds.

The Court stated that it is clear that there is an issue of ownership or parties with interest, that the parties with interest that are negotiating the additional sum, which will be considered by the Board in the following 60 days, are only Perseverancia Farm, Inc.

Attorney Gluck Figueroa requested the withdrawal of his client's funds, he indicated that it has usufruct on the participation of José Antonio and Carlos Alfredo, last names Mercado Méndez, in the amount of **$493.78** for each one.

**The Court ordered that the Accounts Unit issue a check for both amounts in favor of Ena Luz Moure De Lis. This without the objection of the other parties.**

Attorney Cortés Centeno stated that at page 11 of Exhibit A as amended the amount due to Mrs. Moure is detailed.

Attorney Hernández Colón requested the withdrawal of the funds of the Camino farm and transferring 20.90% of the funds consigned to the case at the Ponce Court. He indicated that the funds to be transferred will be **$10,064.76**, in case **J JV2011-1103, Room 603, of the Ponce Court.**

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF 2011-0244 6

**Without objection from the parties, the Court ordered the check to be issued.**

Attorney Hernández Colón informed that in compliance with Rule 58.9 by the parties with interest, the remaining $46,156, should be distributed in the following manner:

› Javier Mandry Mercado - $1,492.85, a sum that agrees with Mr. Mandry, as asked by the Court.

**The Court ordered that the Accounts Unit issue a check in favor of Mr. Mandry for $1,492.85.**

Attorney Hernández Colón continued with the detail of the funds:

› Estrella María Aparicio Vázquez - $7,127.29
› Oscar Adolfo Mandry Aparicio - $3,780.30
› Víctor Robert Fingerhut Mandry - $3,274.65
› Yvelisse Helena Fingerhut Mandry - $3,274.65
› Margaret Ann Fingerhut Mandry - $3,274.65
› Salvador Rafael Mandry Mercado - $1,598.81
› Adrián Roberto Mandry Mercado - $1,598.81
› Eduardo José Mandry Mercado - $1,598.81
› Margarita Rosa Mandry Mercado - $1,598.81
› María del Carmen Amalia Mandry Llombart - $1,781.80
› Selma Verónica Mandry Llombart - $1,781.80
› Juan Carlos Esteva Fingerhut - $982.40
› Pedro Miguel Esteva Fingerhut - $987.22
› Mariano J. McConnie Fingerhut - $987.22
› Janice Marie McConnie Fingerhut - $982.40
› Víctor Michael Fingerhut Cochran - $982.40
› Michelle Elaine Fingerhut Cochran - $987.22

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

K EF 2011-0244                                                                         7

The Court determined the following:

- ♦ The Board has 60 days to consider the agreement.
- ♦ It granted appraiser Isern 60 days to prepare to react regarding the access.
- ♦ **It scheduled a hearing for September 14, 2017, at 10:00 a.m., the available date in attorneys´ calendar, Mr. Javier Mandry and for the appraisers.**

| | |
|---|---|
| Name of the Judge: HON. MABEL RAMÓN MILIÁN MARIA Q. RIVERA RIVERA<br>Name of Chamber Services Clerk, or Assistant Court Clerk (Recording System Operator) | Name of the Court Marshal: YOMARIS FAJARDO TORRES<br><br>I CERTIFY: GRISELDA RODRÍGUEZ COLLADO<br>Regional Clerk II<br>s/ not legible<br>By: MARIA Q. RIVERA RIVERA<br>Room Services Clerk |
| Room Number 1002 | |
| OAT 838 Civil Minute (Court of First Instance)<br>(Rev. February/2008) | Date of Hearing: May 2, 2017<br>Date of transcription: May 18, 2017. |



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.