CERTIFIED TRANSLATION

1

**EXHIBIT 10**
Received Aug 29 2016

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN, PUERTO RICO

**HIGHWAYS AUTHORITY**

Petitioner

Vs.

**LUIS ALBERTO MERCADO JIMENEZ**

Party with Interest

CASE NO. KEF 2011-0240
Room 1003
FORCED EXPROPRIATION

## SECOND
## MOTION CLAIMING COMPENSATION FOR DAMAGES TO REMNANT

**TO THE HONORABLE COURT:**

Come now **José A. Mercado Méndez, Sylvia Margarita Mercado Méndez, Sylvia Teresa Méndez Alvarez** and **Edna Luz Moure De Lis**, parties with interest in the present case, and respectfully state, allege and pray:

1. The appearing parties José Antonio Mercado Méndez, Sylvia Margarita Mercado Méndez and Sylvia Teresa Méndez Alvarez are undivided common owners in 50% of the 41.1861 cuerdas of the lot of Portion "B" of the 14,953 property and appearing party Ena Luz Moure De Lis of the usufructuary portion of that participation.

2. Said property is made up of two portions, one called Llana (Flat) (Portion P2A2) of 15.1318 cuerdas, and the other called Escarpada (Rugged) (Portion "B") of 41.1861 cuerdas equivalent to 161,877.4660 square meters.

3. Petitioner expropriated 1.4839 cuerdas from the Llana (Flat) Portion and, due to this, consigned as just compensation the amount of $219,600.00, without including the damages caused to the remnant.

4. Petitioner expropriated 4.7645 and 2.5515 cuerdas from the Escarpada Portion (Rugged) and due to this consigned as just compensation the amount of $22,700.00, without including damages caused to the remnant.

5. By way of an inspection made by Eng. José A. Ramos Rivera to the plots it resulted that the same suffered damages as detailed:

    a. The **Llana (Flat) Plot**, due to the effects of the construction of the road that Petitioner is building, it is flooded and has been the object of fill materials, without

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

the authorization of the appearing party, as claimed in June 2014.

    b. The **Escarpada (Rugged) Plot** lacks adequate access and is practically enclaved.

6. The appearing parties uphold their right to a compensation for the damages caused to the remnants, for the following foundations:

   a) One defect of every expropriation is that the subject of the same is understood to be segregated from the moment that the petition for expropriation is filed and from that moment it becomes State patrimony or of the expropriating agency.

   b) The remnant continues to be part of the owner's patrimony, but in a plot with a reduced area for the size of the expropriated portion.

   c) In the present case acceptance by the appearing parties of the amount consigned by Petitioner in the partial expropriation of the Llana (Flat) Portion, was limited to the specific area that is the object of the expropriation, without extending to the remanent.

   d) In the instant case, the remnants, with their reduced areas due to the expropriation, constitute a separate and independent plot, of the appearing parties.

   e) **Sec. 9, Art. II of the Constitution**, provides "regarding prohibiting that a private property be **taken** or **harmed** for public use without just compensation."

7. The appearing parties claim the damage in the remnant of their plots due to the expropriation made by Petitioner.

8. As part of the proceedings of an expropriation the government has to appraise the portion of the property to be expropriated and calculate if there are damages on the remnant.

9. <u>At the moment of the expropriation the damages to the property had not been caused by Petitioner and consequently did not exist at the moment of the compensation nor were foreseen and Petitioner did not consider them at the time in determining the just compensation consigned in Court.</u>

10. The appearing party alleges that the expropriation has harmed the remnants in such a manner that they equal a substantial deprivation of permanent use and enjoyment.

**WHEREFORE,** this Honorable Court respectfully requests recognition of the appearing parties to receive a compensation for the damages on the remnants, in the corresponding proportion, of the amount of the real value of the same that is estimated and/or established by way of an offer for transaction with Petitioner.

    In San Juan, Puerto Rico, on August 22, 2016.

    I certify having sent a copy of this motion to **Anita Cortes Centeno, Esq.**, Minillas Station, P.O. Box 40894, San Juan, P.R. 00940-0894, **Adrian Mercado, Esq.**, P.O. Box 9023980, San Juan, P.R. 00902-3980, **Juan J. Ramirez Rivera, Esq.**, P.O. Box 720, Mayaguez, P.R. 00681, **Cesar Hernandez Colon, Esq.**, P.O. Box 331041, Ponce, P.R. 00733-1041.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

3

s/ signature not legible  
**RODOLFO GLUCK FIGUEROA**  
Bar Member No. 3166  
P.O. BOX 70250 Suite 243  
SAN JUAN, P.R. 00936  
TEL. 787-764-2694  
lcdo.gluck@gmail.com

s/ signature not legible  
**ISIS N. RAMIREZ SALCEDO**  
Bar Member No. 7192  
P.O. Box 364033  
SAN JUAN, P.R. 00936-4033  
TEL. 787-758-0220/593-1857  
Isisramirezlaw@gmail.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.