# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.<br><br>Debtors.[1] | PROMESA<br>Title III<br><br> Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| In Re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br>   as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 19-BK-5523-LTS<br><br>(THIS PLEADING RELATES TO THIS TITLE III CASE ONLY) |

## REPLY TO DEBTOR'S OBJECTION TO EVERTEC'S
## MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

**COMES NOW,** Evertec Group LLC ("Evertec"), creditor in this case, by and through the undersigned legal counsel, and respectfully submits this reply (the "Reply") to *Debtor's Objection to Movant Evertec's Motion for Allowance of Administrative Expense Claim* (the "Objection") filed on June 2, 2023. Docket No. 24395.

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

1. *Evertec's Motion for Allowance of an Administrative Expense Claim* (the "Motion") was filed on June 11, 2022, where Evertec asks the Court to enter an order allowing it an administrative expense claim in the PBA Title III case in the amount of $69,017.23, which constitutes the amount that PBA benefited from Evertec's post-petition services that allowed PBA's telephone and communication systems to be kept in good-working condition for its day-to-day use. *See* Docket No. 21187. The Motion included copies of the 2020 Contract[2] and the 2021 Contract (executed on February 2, 2020 and November 30, 2020, respectively)[3], as well as a copy of the invoice sent to PBA for services rendered under the 2021 Contract, a "Certificate of Total Waiver of Withholding at Source on Payments for Services Rendered by Corporations, Partnerships, and Other Entities" filed with the Puerto Rico Department of the Treasury, and a screenshot from the website of the Puerto Rico Office of the Comptroller showing the registration of both Contracts. *See* Docket Nos. 21187-1 through 21187-4.

2. PBA thus far has refused to pay Evertec in violation of the 2021 Contract.

3. On June 2, 2023, PBA, by and through the Financial Oversight and Management Board for Puerto Rico (the "FOMB"), filed the Objection, averring that the Motion should be denied because Evertec has purportedly failed to proffer proof as to how these services were provided to the PBA and that the invoices Evertec proffered with its Motion are insufficient to show how PBA benefitted from the services. *See* Docket No. 24395 at 2, 6. These allegations are without merit for the reasons set forth below and the Objection should be overruled.

4. Evertec was required to provide the following services to PBA under the 2021 Contract: "(i) maintenance for hardware & software of Fortinet and Avaya products, (ii)

---

[2] Capitalized terms not otherwise defined in this Response shall have the meaning ascribed to them in the Motion.

[3] Notably, Evertec was paid in full and without issue under its 2020 Contract with the PBA; and the Motion is solely requesting payment under the 2021 Contract.

2

maintenance of hardware for the Cisco platform, (iii) replacement of parts for the term specified in the pricing section." (jointly, the "Services"). *See* Docket No. 21187-2 at ¶ ONE.

5. The Avaya, Cisco, and Fortinet systems (the "Systems") require annual software licenses for their operation (the "Licenses"). If the Licenses are not updated, the Systems may fail to work as intended or, worse yet, could become completely inoperable, which would have put PBA's telephone and communication capabilities in jeopardy.

6. Because the 2021 Contract requires Evertec to provide software maintenance for the Systems, part of Evertec's Services include the procurement of the annual Licenses to ensure the Systems operate properly during the contract term.

7. The documentation attached to the Motion shows that Evertec complied with its obligation to provide the Services to PBA under the 2021 Contract. Specifically, the May 27, 2021 invoice attached at Docket No. 21187-3 lists the maintenance Services provided by Evertec to the Systems. In addition to that, the documents attached hereto as **Exhibit A** further showcase the efforts undertaken by Evertec to procure the required annual Licenses for the Systems directly from the Systems' suppliers, including payment of the same to the suppliers by Evertec.[4]

8. Evertec has more than satisfied its duties under the 2021 Contract and the Services provided by Evertec directly benefited PBA. This is evinced by the fact that the Systems operated as intended during the term of the contract, which fact has not been disputed or contested by PBA. Furthermore, and contrary to PBA's assertion in the Objection, the 2021 Contract does not require that Evertec maintain some type of report on the Services provided by Evertec to PBA, such as a log for maintenance Services and/or for the update of the Systems' Licenses.

---

[4] This documentation was provided to counsel for the FOMB on April 4, 2023.

9. The documentation included with the Motion, and attached hereto in the Reply, clearly establishes that Evertec provided post-petition maintenance Services to PBA under the 2021 Contract which yielded a benefit to PBA during the Title III case, because the Systems along with PBA's telephonic and communication capabilities remained operational and in good working order during the contract term. *See* Docket Nos. 21187-1 – 21187-4 and **Exhibit A**, *and compare it with* In re GT Advanced Technologies, Inc., 547 B.R. 3 (Bankr. D. N.H. 2016) (administrative expense request denied where movant failed to provide evidence supporting its calculation).

10. Accordingly, Evertec is entitled to an administrative expense claim in the amount of $69,017.23 under the plain language of 11 U.S.C. § 503(b)(1)(A).

**WHEREFORE**, Evertec hereby requests that the Court (i) overrule *Debtor's Objection to Movant Evertec's Motion for Allowance of Administrative Expense Claim* (Docket No. 24395); (ii) it grant in its entirety *Evertec's Motion for Allowance of an Administrative Expense Claim* (Docket No. 21187); and (iii) to enter any other relief that is just or appropriate given the circumstances.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 9th day of June 2023.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. We further certify that, on this same date, we served the foregoing upon all the Standard Parties as identified and defined in the Court's *Sixteenth Amended Notice, Case Management and Administrative Procedures Order* (Docket No. 20190-1) (the "CMP Order"), as well as upon all of the parties identified in the Master Service List maintained at https://cases.primeclerk.com/puertorico/.

**MCCONNELL VALDÉS LLC**

270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225

      Tel: 787-250-5632
      Fax: 787-759-9225

By: */s/ Nayuan Zouairabani*
   Nayuan Zouairabani
   USDC No. 226411
   E-mail: nzt@mcvpr.com

***Attorneys for Evertec Group LLC***

5