# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 8 PM 4:11

## DIGNA SOTO SOTO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686; and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW DIGNA SOTO SOTO,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **DIGNA SOTO SOTO** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **DIGNA SOTO SOTO,** am a resident of San Juan, Puerto Rico. I currently live alone. I am a former employee of the Puerto Rican Department of Education, where I worked for thirty years. I have been retired for sixteen years; however, I have been a recipient of the Puerto Rican pension system since 2007. I am currently an account holder under the company LUMA ENERGY. I am only subjected to the payment of one electricity bill, which would be my residence's.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The proposed Plan's rate increases will greatly affect my ability to cover my everyday necessities as if it were a domino effect. My electricity bill averages by $70 monthly. I hardly spend any time in my

2

apartment, since I am constantly traveling to the municipality of Arecibo to take care of my sister. Meaning that my electricity bill is too high for my consumption. However, with the projected augmentation, my bill will increase approximately to $91. This is a 30% increase to my current monthly payment.

5. I am currently aiding my family to locate my sister in a retirement home. Once she is admitted to the facility, I would not have to travel as much, meaning I will spend more time in my apartment. This means I will consume more kWh, and my electricity bill will augment greatly. In June 2021 (before my sister's health deteriorated and I spent more time in my home) I would pay around $150 monthly. This was during an era where there were no proposed electricity bill augmentations. Meaning, that I cannot calculate how much money will I spend on the bill once I spend time in my apartment full time.

6. These increases will put my personal financial viability at great risk, since I receive a government pension payment. Due to inflation, my fixed government pension's purchasing power has decreased greatly, whilst all of my household's bills and the cost of my necessities (such as gas or food) have increased. When everyone's bill increases, all services will increase (such as grocery shopping and petroleum). Since my pension is fixed, no adjustment will be made for me to adapt to all of these economic changes.

7. In addition, my sister's health is extremely weak. I assist her with her necessities. Since she lives in the municipality of Arecibo, I travel two times a week for 2 hours and 26 minutes in order to visit her. This means that I spend around $80 in gas, which will be projected to increase since electricity and petroleum increases are related.

8. In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of Living Adjustments,

3

pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age. These adjustments are not feasible to any retired person's lifestyle due to the Adjustment Plan's increases, and due to the current state of inflation.

9. Therefore, **DIGNA SOTO SOTO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

10. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

11. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

4

12. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

13. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

14. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

15. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **DIGNA SOTO SOTO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

16. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **DIGNA SOTO SOTO** and the people of Puerto Rico.

17. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, DIGNA SOTO SOTO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 7th day of June 2023.

*Digna Soto Soto*
**DIGNA SOTO SOTO**
*Pro se*
2007 calle Las Violetas
Condominio Monteflores Apt. 7B
San Juan 00915
sotodigna3@gmail.com
Tel: (407) 408-5632

6