IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 8 PM 4:12

**ARIEL AULET LEBRÓN OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ARIEL AULET LEBRÓN**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **ARIEL AULET LEBRÓN** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **ARIEL AULET LEBRÓN,** am a resident of San Juan, Puerto Rico. I currently live in an apartment building, where I am the president of the Homeowner's Association. I am also an NGO Development Coordinator. I am a former employee of the Puerto Rican Department of Family, where I worked for almost forty years. I have been retired for ten years; however, I have been a recipient of the Puerto Rican pension system since 2013. I currently do not hold an under the company LUMA ENERGY. However, I am only responsible for the payment of two electricity bills, which would be my apartment building's, and my non profit organization's.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The proposed Plan's rate

2

increases will greatly affect my NGO's and my apartment building's ability to cover our expenses. My apartment building's electricity bill is financed by the Homeowner's Association. Meaning, that each of the eight title holders do not cover their own electricity bill. The HOA collects a fee to pay for the apartment building's electricity rate as a whole. Since I am the president of the HOA, I am partially responsible for the payment of this bill. The apartment's electricity bill for the month of May 2023 was $143 monthly. With the Plan of Adjustment's projected augmentation, this bill will increase approximately to $154, if the apartment building keeps consuming 150 kWh. This is a 7% increase to the current monthly payment.

5. This increase will affect each one of the titleholders directly. This is due to the fact that, if the apartment building's electricity bill increases, our HOA fees will also increase proportionately. This not only will be a stressor for the apartment residents (who are either retired or work full time), but the apartment building's budget will also be affected. For example, as the president of the HOA, we will have to focus on spending more on electricity, rather than offering certain services or improving facilities.

6. On the other hand, I am an NGO Development Coordinator. I volunteer for the non profit organization *Movimiento Diálogo Soberanista* located in Río Piedras, Puerto Rico. On behalf of the responsibilities as the Development Coordinator I am the person that is responsible for the finances of the Río Piedras locale. I am currently aware that we pay on average from $150-$200. As an NGO, we do not have a steady income. We solely rely on donations and fundraising activities, which vary monthly. If the electricity bill keeps increasing, we will struggle to pay for it during the months where we fundraise small amounts of money. The constant bill augmentations and the Plan of Adjustment's proposal will not be feasible for

NGOs, especially those who do not receive a solid amount of donations.

7. In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age. These adjustments are not feasible to any retired person's lifestyle due to the Adjustment Plan's increases, and due to the current state of inflation.

8. Therefore, **ARIEL AULET LEBRÓN** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

9. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## **LEGAL ARGUMENT**

10. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action

4

necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

11. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

12. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

13. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

14. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ARIEL AULET LEBRÓN**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

15. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ARIEL AULET LEBRÓN** and the people of Puerto Rico.

16. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's

5

restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, ARIEL AULET LEBRÓN** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 7th day of June 2023.

ARIEL AULET LEBRÓN
*Pro se*
Calle Robles #55 Río Piedras
San Juan, P.R. 00925
arieljaulet@gmail.com
Tel: (787) 379-9141

6