IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

| | | |
|---|---|---|
| In re | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-3283-LTS |
| | : | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
| | : | |
| Debtors.[1] | : | |

---

| | | |
|---|---|---|
| In re | : | |
| | : | |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | : | PROMESA Title III |
| | : | |
| as representative of | : | Case No. 17-BK-4780-LTS |
| | : | |
| PUERTO RICO ELECTRIC POWER AUTHORITY | : | (Jointly Administered) |
| | : | |
| Debtor. | : | |

---

**SUPERMERCADOS ECONO, INC.'S OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

TO THE HONORABLE COURT:

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.).

Pursuant to the Court's *Third Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (ECF No. 24376), Supermercados Econo, Inc. ("Econo"), party-in-interest herein, respectfully submits this objection to the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (ECF No. 23663), and in support, states as follows:

## I. PRELIMINARY STATEMENT

1. Section 1128(b) of the Bankruptcy Code, made applicable in cases under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act (PROMESA), provides that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128(b). See also, 48 U.S.C. § 2161.

2. Section 1128 does not provide any guidance as to who or what constitutes a "party in interest." However, Section 1109(b) defines a party in interest to include the debtor, a trustee, a creditor, an equity security holder, a creditors' or equity security holders' committee, or an indenture trustee. See 11 U.S.C. § 1109(b) & 48 U.S.C. § 2161.

3. Courts broadly define a party in interest to include anyone with a financial interest in the case, or, in some cases, a legal interest. Savage & Assocs. v. K & L Gates (In re Teligent, Inc.), 640 F.3d 53, 60 (2nd Cir. 2011); See also In re Global Indus. Techs., Inc., 645 F.3d 201, 210-15 (3d Cir. 2011).

2

4. Econo is a party in interest with standing to object to the confirmation of the *Plan of Adjustment* as it will be directly, adversely, and pecuniarily affected by its implementation. See Section 1128 Title 11 USCA, as made applicable to PROMESA 48 USCA§ 2161(a).[2]

5. Econo is a domestic corporation organized under the Laws of the Commonwealth of Puerto Rico in August 1971, and it is owned by the owners of the supermarket stores operating under the Econo name throughout the island of Puerto Rico.

6. Econo is engaged principally in receiving the products orders from the stores to make joint purchases and finally make the product distribution at cost to those stores at better economic terms, through the operation of a Distribution Center. The owners own and operate their stores through independent corporations that do not consolidate with the operations of the Distribution Center. Altogether, Econo has over 8,500 employees and depends completely on energy cost to support the operations of its sixty-two (62) stores and the Distribution Center.

7. Econo has assessed the impact of increasing the KWPH by $0.01 on its average consumption of the last thirteen (13) months and it represents an annual increase of **approximately $106,000 to the Distribution Center and $1,273,000 to the 62 stores**. If the *Plan of Adjustment* provides for an increase of $0.08 KWPH; the annual impact is estimated at $848,000 per year for

---

[2] "Generally, any person or entity, who holds a financial stake in the outcome of the debtor's estate, is a party in interest. *See* 7 Lawrence P. King, *Collier on Bankruptcy,* ¶ 1109.02[1] 15 Revised Edition 2006. A person who has a 'significant legal stake' in the debtor's estate, as opposed to a financial stake, is also a party in interest. *Collier* ¶1109.02[1]. In *In re Overview Equities, Inc.,* 240 B.R. 683, 686-687 (Bankr. E.D.N.Y. 1999), the court followed the test set forth in *Amatex,* to determine whether a party qualifies as a 'party in interest,' a determination to be made on a case-by case basis. 'The test employed under section 1109(b) is 'whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation.'' (citing from *In re Amatex Corp.,* 755 F.2d 1034, 1042 (3d Cir. 1985)). Thus, the right of 'individual stakeholders to have a voice in the chapter 11 process is fundamental.' *Collier* ¶ 1102.02[2][a]." In re El Comandante Management Co. LLC, 359 B.R. 410, 417 (Bankr. D.P.R. 2006).

the Distribution Center and $10,177,000 to our 62 stores. An increase of this magnitude will adversely affect the finances of our Distribution Center and the 62 stores, which will impact our pricing strategy to the customers.

8. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities.

## II. FACTUAL AND PROCEDURAL BACKGROUND

9. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") initiated the instant Title III case for PREPA.

10. After various procedural filings, on December 16, 2022, the Oversight Board filed the *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (ECF No. 23094).

11. On February 9, 2022, the Oversight Board filed the *First Amended Title III Plan of Adjustment of The Puerto Rico Electric Power Authority* (ECF No. 23506).

12. On March 1, 2023, the Oversight Board filed the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (the "*Plan of Adjustment*", ECF No. 23663) and the *Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (ECF No. 23664).

13. On March 3, 2023, the Court entered an *Order* approving the adequacy of the information contained in the *Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* (the *Order Approving Disclosure Statement*" ECF No. 23675) and setting distribution, election and voting procedures as well as confirmation deadlines.

14. After various procedural filings, on May 31, 2023, the Court entered a *Third Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "*Third Amended and Restated Order*", ECF No. 24376), setting forth, among other things, the deadline to file an objection to the *Plan of Adjustment*.

15. Pursuant to the *Third Amended and Restated Order*, the deadline to file an objection to the Plan of Adjustment lapses today, June 12, 2023. Id. at 5.

16. Econo submits this objection to confirmation of the *Plan of Adjustment* in compliance with the *Third Amended and Restated Order*.

17. To confirm the *Plan of Adjustment*, the Debtors must show that the Plan complies with the applicable provisions of title 11 of the Bankruptcy Code, made applicable to this case by Section 301 of PROMESA. See 48 U.S.C. § 2174(b)(1). Additionally, the Debtors must show that the Plan complies with the provisions of title III of PROMESA. 48 U.S.C. § 2174(b)(2). The Debtors, as plan proponent, bear the burden of proving that the Plan satisfies all of these prerequisites by a preponderance of the evidence. See In re Salem Suede, Inc., 219 B.R. 922, 932 (Bankr. D. Mass. 1998)

18. The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022) (citation omitted).

19. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302- 03 (D.P.R. 2022).

20. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

21. The *Plan of Adjustment* will affect Puerto Rico's economy and ratepayers, such as Econo. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

### III. CONCLUSION

22. In conclusion, this Court should not confirm the *Plan of Adjustment* because it does not meet the requirements under PROMESA. Additionally, confirmation of the *Plan of Adjustment* would cause great prejudice to the appearing party and the people of Puerto Rico.

23. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### IV. PRAYER FOR RELIEF

WHEREFORE, Econo respectfully prays the Court take notice of the above stated and deny the confirmation of the *Plan of Adjustment*.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 12th day of June, 2023.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this same date, we electronically filed the foregoing with the Clerk of the Court, using the Next Gen CM/ECF system, which will send notification of such filing to all Next Gen CM/ECF participants in this case, including the Oversight Board's counsel, the U.S. Trustee for Region 21, and all parties that requested notice. We further certify, that in compliance with the *Sixteenth Amended Case Management Order* (the "*CMP Order*", ECF No. 20190-1) a copy of this motion will be served via regular or electronic mail to the Standard Parties listed in the *CMP Order* and the parties included in the Master Service List maintained by the Claims and Noticing Agent appointed in this Case.

**ISABEL FULLANA FRATICELLI & ASSOC, PSC**
268 Ponce De Leon Avenue, Suite 1002
San Juan, PR 00918
Phone: 787-250-7242
Fax: 787-756-7800

*/s/Isabel M Fullana*
Isabel M Fullana
USDC No. 126802
ifullana @ gaflegal.com

*Attorneys for Interested Party*
*Supermercados Econo, Inc.*