# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## SONIA SIERRA RIVERA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW SONIA SIERRA RIVERA**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **SONIA SIERRA RIVERA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **SONIA SIERRA RIVERA** is a resident of Guaynabo, Puerto Rico. She is retired and lives alone in an apartment. She worked for 32 years as a public employee including 5 years in the Education Department and 27 years in the Justice Department. Her home's electricity is under her name, and she pays for it.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. Retirees have a pension that does not increase over time with inflation, nor with increases in utility costs, nor with medical costs that themselves increase with age. Because of chronic medical conditions such as diabetes and chronic rhinitis, rising temperatures have forced Sonia Sierra Rivera to use air conditioning in order to sleep at night, because of breathing difficulties. An increase in electricity costs will

2

not only impact Sonia Sierra Rivera through increases in food costs, medical service costs, and transportation costs, but she will also be faced with the choice to either accept poor respiratory health or use air conditioning to be able to sleep and thereby avoid worsening her condition and have to cut other expenses. Given that her pension is frozen, she will not have additional income to compensate for the increased costs that will be caused by the Plan of Adjustment. Given that she lives in an apartment, she will not be able to install solar panels and, additionally, will see an increase in the maintenance costs of her apartment because of the electric rate increase. Sonia Sierra Rivera does not receive government assistance and believes it unjust to have to absorb costs for which she is not responsible. This situation will make her quality of life more precarious in her retirement after working for more than 30 years.

5. Therefore, **SONIA SIERRA RIVERA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

3

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022) (citation omitted).

8. Sonia Sierra Rivera is a cancer patient in remission, meaning that there is a possibility that the cancer will return; additionally, she suffers from Antiphospholipid syndrome, which implies medication for life and the possibility of excessive bleeding caused by the medication, as well as risks with any medical procedure that requires equipment to avoid blood coagulation due to having to interrupt the medication prior to surgical procedures. This implies the possibility of additional medical costs before, during and after surgery. Therefore, an increase in energy costs will increase not only her individual costs but also the costs of other indispensable services – and even more so if the increased costs impact the medical profession and force some to leave the island because they cannot afford the increase in costs. This would mean that she may have to leave Puerto Rico (with the costs that this would imply) for medical procedures.

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

4

debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as Sonia Sierra Rivera. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to Sonia Sierra Rivera and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE,** Sonia Sierra Rivera respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Guaynabo, Puerto Rico, this __th day of June 2023.

Sonia Sierra Rivera
*Pro se*
14 Juan Martínez,
Cond. Malaga Park apdo 131

5

Guaynabo, Puerto Rico
00971
soniasie@hotmail.com
Tel: (787) 410-4986

6