# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## WALTER ARROYO CARRASQUILLO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW WALTER ARROYO CARRASQUILLO,** as the party in interest according to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **WALTER ARROYO CARRASQUILLO** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **WALTER ARROYO CARRASQUILLO** is a resident of San Juan, Puerto Rico. Walter Arroyo Carrasquillo retired from his 30 years job in 2016 as a Telecommunications lawyer and since then is in a limited private practice from his home office. We have a Part-time assistant that helps us with administrative matters for a salary of $1,000.00..

3. We share the house expenses and mortgage with my wife, who on 2017 had to surrender her job for a temporarily limited pension plan instead of her salary due to an incapacitating back condition, fibromyalgia, and other chronic conditions that increased her impossibility of generating additional income. In the year 2026, she will be 62 years old and will be forced to depend on her social security as her only retirement income, which will be much lower than her current temporary income.

4. In 2017 our house suffered damages caused by Hurricane María, which caused substantial damages that were not covered by the existing property insurance and caused serious losses, which eventually forced a renegotiation of the mortgage with Fannie Mae, extending the mortgage for the next 40 years for a lower $1,339.00 monthly payment and a higher interest

rate. That will force us to owe the mortgage until we have 99 years and 93 years respectively. Considering the increase in the cost of living and the inevitable increase in the generation of electricity will force the majority of citizens that have a pension over the minimum federal annual income to qualify for support, to live below the federal poverty levels in Puerto Rico

5. In addition, the bankruptcy of the Government of Puerto Rico, caused by grossly negligent, delinquent practices and criminal mismanagement of the public budget and debt by politicians and the bankruptcy proceedings, there had been an uncontrollable increase in all costs and expenses in all areas of the economy, causing another disaster to the elderly citizens that will not be able to cover when they reach their age 60+, because their limited retirement income is over the current and future poverty level established by the Federal and State governments. This class of citizens is currently without effective legal representation before the Court because it is evident that the government is acting in collusion with foreign economic and creditors' interests to increase their economic and political power out of the Bankruptcy proceedings. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the bankruptcy outcome. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

6. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. As argued before in our pleadings, the imposition of a "Legacy Charge" to assure the income of non-warranteed bond holders is ilegal and the Court should not be considering this effect caused by the gross negligence of the Government and the speculation of the bond holders alleging protection

3

under PROMESA. The Bankruptcy Court must not consider any payment to these unsecured bondholders, because they assumed their risk knowingly, before and after the Bankruptcy proceeding started. Therefore, Walter Arroyo Carrasquillo is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble, and by 2016 its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

4

Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as Walter Arroyo Carrasquillo. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors ot the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

### CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to Walter Arroyo Carrasquillo and the people of Puerto Rico.

14. PREPA's restructuring is fundamental because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### RELIEF REQUESTED

**WHEREFORE,** Waklter Arroyo Carrasquillo respectfully requests that the Court take notice of the above-stated and deny the confirmation of the Plan of Adjustment.

**I hereby CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 6th day of June 2023.

WALTER ARROYO CARRASQUILLO
*Pro se*
P.O. BOX 362793
San Juan, Puerto Rico 00936-2793
(787)384-9911 phone
(787)384-9911 fax