**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS<br><br>(Jointly Administered) |

**JOINDER OF THE INSTITUTO DE COMPETITIVIDAD Y SOSTENIBILIDAD ECONÓMICA DE PUERTO RICO (ICSE) OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S ADJUSTMENT PLAN**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE COURT**

**COMES NOW** the **Colegio de Abogados y Abogadas de Puerto Rico** (Puerto Rico Bar Association), hereinafter "the CAAPR", through their undersigned attorney and **respectfully submit this joinder *to*** *Instituto De Competitividad y Sostenibilidad Económica de Puerto Rico (ICSE) Objection to the confirmation of the Puerto Rico Electric Power Authority's Adjustment Plan* ("Adjustment Plan"), Docket No. 3676, ,and respectfully aver and prays as follows:

1. CAAPR is a not-for-profit organization certified as such by the Government of Puerto Rico and the Internal Revenue Service of the United States. Its offices are located at 808 Ponce de León Avenue in San Juan, Puerto Rico, 00907. Its diverse membership comprises lawyers who are admitted to the Puerto Rico Bar, legal professionals who have yet to gain such admission, and law students hailing from the island's three law schools.

2. Beyond catering to its approximately 3,000 members, the CAAPR extends its legal expertise to the broader community of Puerto Rico. It's particularly committed to delivering legal education and services to citizens who might otherwise struggle to secure proper legal representation or counseling due to financial constraints. Furthermore, CAAPR is known as a stalwart defender of public interests. It persistently advocates for the rights of Puerto Ricans, stepping up when their human, civil, or constitutional rights are under threat, or when their welfare is at risk.

3. The CAAPR files a special appearance since its participation in the instant case is to

2

voice its objection to the potential approval of the Adjustment Plan and its impact on its operations and the overall economy of the Island, and for the reasons set forth hereinbelow. CAAPR does not seek to participate further in the instant proceedings in any way or form beyond the filing of this motion.

4. The Opposition filed by ICSE shows conclusively that the Adjustment Plan proposed by the Fiscal Oversight and Management Board (FOMB) is not feasible for Puerto Rico for the following reasons:

   a. **The Adjustment Plan is not economically viable.** It is not supported by reasonable projections and scenarios. Hence, it does not take into consideration the real detrimental impact it would have on the economic and social development of Puerto Rico, such as a reduction on employment and national gross domestic product, as well as a potential increase of the cost of living for all energy consumers. The foregoing will affect the ability of PREPA to generate enough revenue to pay its debt and finance the pension and the modernization of the electric grid.

   b. **The Adjustment Plan contravenes Puerto Rico's Public Energy Policy regarding reasonable costs, non-discriminatory rates, and renewable energy transition.** The subsidies proposed by FOMB unfairly impose higher and unreasonable burdens on unsubsidized classes such as commercial and industrial sectors, contrary to express statutory provisions that prohibit discrimination in the imposition of rates and fees. Furthermore, the Adjustment Plan does not include any concrete analysis of the legacy charge's potential impacts on the public policy goals, such as the grid modernization and the

  transition towards renewable energy.

 c. **The Adjustment Plan wrongfully interferes with the faculties delegated by state law to the Puerto Rico Energy Bureau (PREB).** The Plan is based on rate increases, rate distribution, and unilateral creation of subsidies by FOMB for which it has no authority neither in PROMESA or in other statutory provisions. Only the PREB can intervene with charges and fees, and only the Legislature can authorize subsidies.

5. The CAAPR is keenly aware of the economic frailty of the citizens it serves throughout Puerto Rico. Our members are mainly solo practitioners with offices that require the constant use of electricity to power its computers and equipment. It may not be feasible for an attorney or small firm to absorb the substantial increase in electrical rates anticipated with the approval of the Adjustment Plan, forcing many of them to pass this increase to the public it serves. This will have a detrimental effect on the practice of law insofar as many of those seeking legal representation are of limited economic means.

It is also well know that many attorneys offer *pro bono publico* services to many of the indigent citizens of the Island. An increase in the cost of electricity will severely hinder their ability to provide free or low-cost legal services to the needy, thus exacerbating the access to justice gap in Puerto Rico.

As a service institution, the CAAPR offers a myriad of services to its members, including continuing legal education (remotely and in person), counseling and training to attorneys, seminars and forums to the general public on diverse legal and social issues. Substantially all of these services are offered at the CAAPR's headquarters in

San Juan, and an increase in electricity rates will adversely impact the CAAPR, since it will raise the cost of the services provided and force it to limit or eliminate vital services to our members and the general public.

6. In conclusion, the people of Puerto Rico have a vital interest in PREPA's prompt restructuring. As the Opposition explains, the public interest would be greatly undermined if the Honorable Court were to confirm the Adjustment Plan. The relevant points of law are comprehensively discussed in the Objection filed by ICSE. Thus, the CAAPR files this **Joinder** only to reiterate ICSE's conclusion that FOMB has failed to present a sustainable Adjustment Plan for PREPA's debt restructuring, hence it must not be confirmed by the Honorable Court.

**WHEREFORE**, the CAAPR respectfully requests that the Honorable Court take notice of the above stated and deny the confirmation of the Adjustment Plan.

**WE HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Honorable Court using the CM/ECF system, which will send notification of such filing to all participants and Standard Parties.

In San Juan, Puerto Rico, this 6th day of June 2023.

/S/ WILBERT LOPEZ MORENO
1272 AVE JESUS T PINERO
SAN JUAN, PUERTO RICO, 00921
787-793-5790
Wilbert_lopez@yahoo.com
Bar number- 202707