# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO *et al.*,<br><br>    Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA Title III<br><br>No. 17 BK 4780-LTS<br><br>(Jointly Administered) |

**THE PREPA BOND TRUSTEE'S OBJECTIONS TO FORM OF PROPOSED ORDER AND JUDGMENT CONFIRMING MODIFIED SECOND AMENDED TITLE III PLAN OF ADJUSTMENT OF PUERTO RICO ELECTRIC POWER AUTHORITY**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's Federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("**Commonwealth"**) (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("**COFINA**") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("**HTA**") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("**ERS**") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("**PREPA**") (Bankruptcy Case No. 17 BK 04780-LTS) (Last Four Digits of Federal Tax ID: 3747).

U.S. Bank National Association, serves as bond trustee (the "**PREPA Bond Trustee**") under the terms of that certain Trust Agreement dated as of January 1, 1974 (as amended and supplemented from time to time, the "**Trust Agreement**"),[2] pursuant to which the Puerto Rico Electric Power Authority ("**PREPA**") has issued its Puerto Rico Electric Power Authority Power Revenue Bonds and Puerto Rico Electric Power Authority Power Revenue Refunding Bonds (together, the "**Bonds**").[3] The PREPA Bond Trustee hereby submits this Objection (the "**Objection**") to the form of Proposed Order and Judgment Confirming Modified Second Amened Title III Plan of Adjustment of Puerto Rico Electric Power Authority (the "**Proposed Confirmation Order**") submitted by the Oversight Board [ECF. No. 3587].[4]

Concurrent with this Objection the PREPA Bond Trustee is filing its Joinder and Supplemental Objection to Confirmation of Proposed PREPA Title III Plan Of Adjustment (the "**Plan Objection**"). The Plan Objection, if sustained, would obviate the need for any Proposed Confirmation Order. Nothing herein is intended to waive or limit any of the objections to confirmation set forth in the Plan Objection. With respect to the form of the Proposed Confirmation Order, the PREPA Bond Trustee respectfully states as follow:

---

[2] References herein to the Trust Agreement are to the conformed version filed in the adversary proceeding styled *Fin. Oversight & Mgmt. Bd. for Puerto Rico v. U.S. Bank National Association as Trustee*, Adversary Proceeding No. 19-00391-LTS ("**Amended Lien & Recourse Challenge**") [Joint Informative Mot., Ex. A, Adv. ECF No. 118.] References to "Adv. ECF No[s]." herein are references to the docket in Adversary Proceeding No. 19-00391-LTS.

[3] Holders of the Bonds, including beneficial holders thereof, shall be referred to herein as "**Bondholders**." Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Plan or the Disclosure Statement for the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority [ECF No. 3297] (the "**Disclosure Statement**" or "**DS**").

[4] This Objection is being submitted pursuant to this Court's Third Amended Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith [ECF No. 3565].

1

1. ***Findings of Fact Unsupported by Evidence***. All findings of fact in the Proposed Confirmation Order should be conformed to the evidence adduced and findings actually made by the Court in connection with the confirmation hearing or otherwise. *See* Proposed Confirmation Order at ¶ 3.

2. ***Plan Settlements***. The PREPA Bond Trustee together with the Ad Hoc Group of PREPA Bondholders, Assured and Syncora ("**Majority Bond Group**") have raised numerous objections to the Plan, including to the settlements with the Settling Bondholders in Class 1, the Fuel Line Lenders in Class 4, and National in Class 5. The Proposed Confirmation Order includes findings, conclusions, and procedural dispositions relating to these purported settlements that must be conformed to the record after the confirmation hearing. *See* Proposed Confirmation Order at ¶¶ 4-6.

3. ***Overbroad Effective Date Condition Waivers***. Under Article XXXI B. and Article XXXII B. of the Plan the Oversight Board spells out various conditions to both confirmation and occurrence of the Effective Date of the Proposed Plan. But the Oversight Board also purports to retain the unilateral right to waive such conditions without further notice or any right to a hearing by the PREPA Bond Trustee or Bondholders. The Oversight Board gives itself the right to waive a Final Order in the Amended Lien & Recourse Challenge. The Oversight Board also grants itself authority to waive the occurrence of other the conditions that would support the value of the New Bonds and CVI, such as obtaining approval from PREB of a sufficient Legacy Charge to fund such debt instruments. The Oversight Board should not be permitted to waive any such conditions without notice and a hearing, and it should not be permitted any discretion of the requirement of a Final Order in the Amended Lien & Recourse Challenge. The Proposed Confirmation Order should be modified by the Court to require the entry of a Final Order regarding the Amended Lien

2

& Recourse Challenge and a thirty (30) day opportunity after notice and a hearing to seek conforming changes to the Plan prior to the Effective Date.

4. ***Premature Broad Powers of Implementation.*** The Proposed Confirmation includes numerous provisions conferring broad powers of implementation for the Plan following the confirmation date and/or the Effective Date. Some of these provisions may be appropriate depending upon the circumstances that exist at the time of the confirmation, but they cannot be reviewed appropriately at this stage of the proceedings. The PREPA Bond Trustee reserves all rights with respect thereto. *See* Proposed Confirmation Order at ¶¶ 7, 23, 24, 59, 60, 61, 62.

5. ***Supplemental Hearing Prior to Effective Date***. The Oversight Board should be required to seek and obtain an order from this Court confirming that all conditions precedent to the Effective Date have been satisfied before being allowed to declare that the Effective Date of the Plan has occurred.

6. ***Binding Effect***. The Proposed Confirmation Order should be made expressly subject to the Final Order in the Amended Lien & Recourse Challenge, and without limitation, the Proposed Confirmation Order should further expressly preserve all appeal rights of the PREPA Bond Trustee and Bondholders with respect to the confirmation of the Plan. *See* Proposed Confirmation Order at ¶26.

7. ***Anticipated Fiscal Plan***. The Proposed Confirmation Order refers to the "Fiscal Plan". However, the Oversight Board has indicated that it intends to replace the 2022 Fiscal Plan with a newer one that has yet to be made publicly available. Accordingly, the PREPA Bond Trustee expressly reserves rights with respect to provisions in the Plan or the Proposed Confirmation Order relating to Fiscal Plans not yet in existence. *See*, *e.g.*, Proposed Confirmation Order at ¶ 3(N).

8. ***General Unsecured Creditors Trust***. The Plan should be clarified to provide that Class 2 Non-Settling Bondholders and Non-Settling Monolines are to receive Series B Bonds and CVI directly with respect to both their Bond Collateral Claim and their Deficiency Claim rather than indirectly as interests in the GUC Trust. The PREPA Bond Trustee objects to any possible imposition of the GUC Trust upon any Class 2 distributions because it is not needed and would increase costs, result in delays, hinder transfers, and would impair the representation of PREPA Bondholders by making them indirect "holders" of Series B Bonds. *See* Proposed Confirmation Order at ¶¶ 17,18. To the extent that Class 2 Creditors are to receive an interest in the GUC Trust, rather than receiving a direct interest in Series B Bonds or CVI (which should not be permitted), the GUC Trust Agreement should be modified in numerous respects, including to provide for distributions in kind to Bondholders, and the right for a majority of the GUC unit holders to appoint and remove the GUC Trustee and GUC Board and to provide for the ready transfer of GUC Units.

9. ***Operational Restructuring Not Adequately Detailed.*** The Proposed Confirmation Order includes vague provisions ordering and approving an Operational Restructuring of the Reorganized PREPA following the Effective Date. The PREPA Bond Trustee reserves all rights to object to these provisions based upon the record as of the confirmation hearing. *See* Proposed Order at ¶ 11.

10. ***Cancellation of Trust Agreement and PREPA Bonds***. As set forth in its Plan Objection, the provisions in the Plan regarding the cancellation of the Trust Agreement and the PREPA Bonds, as well as the related effect on post Effective Date Claims against Monoline Insurance are inadequate. As set forth therein, the PREPA Bond Trustee suggested that the following language be include in the Plan with respect to the cancellation of the PREPA Revenue Bonds and Trust Agreement and the remaining duties and rights of the PREPA Bond Trustee:

4

Notwithstanding anything in the Plan or the Confirmation Order to the contrary, and subject to prior entry of a Final Order in the Amended Lien & Recourse Challenge and any related order of the Title III Court on remand if applicable, then on the Effective Date thereafter, (i) the Trust Agreement and PREPA Revenue Bonds will be deemed automatically cancelled and terminated as against the Debtor expressly subject to the preservation of all rights of any Insured Bondholder as against any Non-Settling Monoline Insurer with respect to any monoline insurance applicable thereto, and subject to Article XX herein and the elections made thereunder with respect to the National Insured Bonds, (ii) the PREPA Bond Trustee in all capacities under the Trust Agreement and any related documents and instruments, including with respect to any Monoline insurance policies for the PREPA Revenue Bonds, shall be discharged and released of all duties under the Trust Agreement, the PREPA Revenue Bonds and any Monoline Insurance Agreements, except for (a) the retention and distribution of collateral consistent with the outcome of the Amended Lien & Recourse Challenge in accordance with the Trust Agreement, including in the Sinking Fund, in each case subject to its charging lien rights, (b) the distribution of Series B Bonds and CVI or other Plan consideration to Bondholders and/or Monoline Insurers in accordance with the written instructions of the Distribution Agent, subject to payment of the PREPA Bond Trustee's reasonable fees and expenses incurred in connection therewith, the preservation of its charging lien rights and exculpation in an order of the Court in form and substance satisfactory to the PREPA Bond Trustee. With respect to the National Insurance Policies, the PREPA Bond Trustee in its capacity as such or in any related paying agency or fiscal agency shall cooperate with the Reorganized PREPA and National in the implementation of Article XX hereunder, subject to payment of its fees and expenses and indemnity reasonably acceptable to the PREPA Bond Trustee. Absent a new agreement with any Non-Settling Monoline, the PREPA Bond Trustee shall have no duty to make monoline insurance claims after the Effective Date and each Non-Settling Monoline Insurer shall be responsible for making bond insurance payments to Bondholders directly in the amounts and at the times set forth in their respective Monoline Insurance policies. The Debtor and the Distribution Agent agree to cooperate with the PREPA Bond Trustee in the surrender and cancelation of PREPA Bonds at DTC, (including the provision of post Effective Date distributions through DTC) and with the distribution of any Series B Bonds of CVI though DTC, and that all reasonable fees and expense of the PREPA Bond Trustee in connection therewith shall be paid by the Reorganized PREPA. All rights, privileges and protections of the PREPA Bond Trustee under the Trust Agreement as against the holders of PREPA Revenue Bonds shall remain in full force and effect. Subject to the foregoing rights, privileges and protections, the PREPA Bond Trustee is and shall remain authorized to pursue any appeal of this Order or any order entered in the Amended Lien & Recourse Challenge.

For the avoidance of doubt, nothing in the Plan or in this Order shall affect, limit or impair the right of the PREPA Bond Trustee and Bondholders to appeal this Order, and if the Effective Date of the Plan occurs prior to the entry of a Final Order in the Amended Lien & Recourse Challenge, the PREPA Bond Trustee and

5

>Bondholders shall retain the right to seek a Final Order therein and to enforce the same in all respects.

11. ***Provisions Requiring Actions by the PREPA Bond Trustee***. The Proposed Confirmation Order includes a number of decretal paragraphs directing actions of the PREPA Bond Trustee that are not set forth in the Plan itself. For example, paragraph 29 orders PREPA to cause the PREPA Bond Trustee to deposit or cause the deposit of the applicable National Insurance Policies and any agreements, documents and instruments relating to coverage of the applicable National Insured Bond Claims into the National Trust. Other paragraphs order the PREPA Bond Trustee to take actions through DTC or to make distributions to National. The PREPA Bond Trustee objects to the disclosure in the Proposed Confirmation Order, for the first time and without the opportunity for input, of actions that the Oversight Board or PREPA expect the PREPA Bond Trustee to take. The PREPA Bond Trustee requests that the Court merely approve agreements reached between the Oversight Board and the PREPA Bond Trustee regarding the implementation transactions necessary for the occurrence of the Effective Date, to the extent such date occurs.

12. ***Plan Distributions***. The provisions in paragraph 37 dealing with distributions related to Disputed Claims mirrors provisions of the Plan that are similarly objectionable. These provisions in the Proposed Confirmation Order and Plan discriminate against the PREPA Bond claims by treating them as Disputed Claims that would be ineligible for distributions until the Amended Lien & Recourse Challenge has concluded by entry of a Final Order. No appropriate provision is made for a disputed claims reserve to prevent the over distribution of limited Plan securities to other classes. Moreover, the Proposed Confirmation Order should clarify that the Distribution Record Date is inapplicable to the Bonds without regard to the type of distribution being made. It should further clarify that not only the initial but subsequent Plan distributions to

6

the Bondholders shall be made by the Distribution Agent to the PREPA Bond Trustee or with the consent of the PREPA Bond Trustee.

13. ***National and Fuel Line Lender Payments***. The provisions in paragraphs 42 and 43 of the Proposed Confirmation Order authorizing the Creditor Amounts to be paid to the Fuel Line Lenders are objectionable for the reasons set forth in the PREPA Bond Trustee's Plan Objection as well as the objections of the members of the Majority Bond Group.

14. ***Release, Discharge, Exculpation and Injunction Provisions***. As described in the Plan Objection, portions of the release, discharge, exculpation and injunction provisions violate the Bankruptcy Code and should be modified or removed. Paragraph 52 of the Proposed Order should remove both National and the Fuel Line Lenders as exculpated parties. Additionally, this paragraph should clarify that (a) National is not being relieved of any monoline insurer duties except solely to the extent that its insured Bondholders have elected such treatment in accordance with Article XX of the Plan; and (b) that National shall remain fully obligated to the National Trust and to National Insured Bondholders electing Option 2A.

The Proposed Confirmation Order should further provide,

> "Notwithstanding anything to the contrary in this Order (including in sections 52, 54, 55, and 56 hereunder) or in the PREPA Plan, nothing in this Order or the PREPA Plan, including any preemptions, discharges, cancellation of notes, preclusions, exculpations, releases, or injunctions granted hereunder or thereunder, shall (i) impair the rights of the PREPA Bond Trustee or any Bondholder to pursue an Amended Lien & Recourse Challenge Final Resolution, (ii) impair the PREPA Bond Trustee or any Bondholders' ability to pursue constitutional claims under the Contracts and Takings clauses of the Constitutions of the United States and/or Puerto Rico for actions taken by the Commonwealth of Puerto Rico, AAFAF, or other government parties related to the PREPA Revenue Bonds, (iii) be deemed to release, exculpate, or otherwise protect, including by means of an injunction, Released Claims against any of the Released Parties other than Released Claims that are based upon, attributable to, arising out of or relating to the following:

7

      a.      In the case of the Oversight Board and AAFAF, any actions taken in the Title III Case;

      b.      In the case of Vitol, entering into the Vitol Settlement Agreement;

      c.      In the case of the Fuel Line Lender PSA Creditors, entering into the Fuel Line Lender PSA; and

      d.      In the case of National, entering into the National PSA.

15.    ***Reversal***. Paragraph 64 of the Proposed Confirmation Order also improperly attempts to hamstring appellate review by undermining the effect of any First Circuit decision that could reverse the Confirmation Order. The Plan should not be allowed to go effective until a Final Order is entered in the Amended Lien & Recourse Challenge. In the alternative the Proposed Confirmation Order should expressly preserve all rights of appeal by the PREPA Bond Trustee and Bondholders of the confirmation of the Plan and in connection with seeking any Final Order in the Amended Lien & Recourse Challenge.

16.    ***The Master Indenture***. A sentence should be added to Paragraph 66 of the Proposed Confirmation Order as follows:

> Notwithstanding any provision of this Order, the Plan or the New Master Indenture to the contrary, the New Master Trustee shall have the right to specific performance before or after an Event of Default, and the New Master Trustee and the Holders of the Secured Obligations: (i) shall have full recourse to the Authority and its property to the extent the Authority fails to impose, charge, collect or apply the Legacy Charge or Remaining Legacy Charge or any other portion of the Trust Estate in accordance with (or otherwise breaches any covenants or obligations contained in) the New Master Indenture, any Ancillary Agreement, the Plan, or this Order, (ii) to the extent any secured claim to which they may be entitled to in a future Bankruptcy Proceeding is less than the amount owed under the Secured Obligations, the New Master Indenture and any Ancillary Agreements, shall be entitled to, and shall not be deemed to have waived, any rights that could arise in any Bankruptcy Proceeding to any unsecured claim based on any equitable rights of performance the Trustee and/or the Holders of the Secured

8

Obligations may have, including, without limitation, any claim that could arise under 11 U.S.C. § 101(5)(B).

17. **_Modifications after Confirmation_**. Paragraph 67 of the Proposed Confirmation Order should require the Oversight Board to obtain Court approval for any material or substantive change to the Plan occurring after the confirmation date.

18. **_Joinder in Ad Hoc Group Objections to Proposed Confirmation Order_**. The PREPA Bond Trustee incorporates the objections of the Ad Hoc Group of PREPA Bondholders to the form of Proposed Confirmation Order filed on the date hereof except to the extent directly inconsistent with the objections contained herein.

## CONCLUSION

19. For the reasons stated herein the Proposed Confirmation Order should be denied, or in the alternative revised in accordance with this Objection.

***

We hereby certify that, on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will notify the attorneys of record. Respectfully submitted,

In San Juan, Puerto Rico, today June 12, 2023.

| **RIVERA, TULLA AND FERRER, LLC** | **MASLON LLP** |
|---|---|
| | By: /s Clark T. Whitmore |
| By: /s Eric A. Tulla | Clark T. Whitmore (admitted *pro hac vice*) |
| Eric A. Tulla, USDC-DPR No. 118313 | Michael C. McCarthy (admitted *pro hac vice*) |
| Rivera Tulla & Ferrer Building | John T. Duffey (admitted *pro hac vice*) |
| 50 Quisqueya Street | Jason M. Reed (admitted *pro hac vice*) |
| San Juan, PR 00917-1212 | 90 South Seventh Street, Suite 3300 |
| Tel: (787)753-0438 | Minneapolis, MN 55402 |
| Fax: (787)767-5784 | Telephone: 612-672-8200 |
| Email: etulla@riveratulla.com | Facsimile: 612-642-4800 |
| | Email: clark.whitmore@maslon.com |
| | mike.mccarthy@maslon.com |

9

john.duffey@maslon.com
jason.reed@maslon.com

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS PREPA BOND TRUSTEE**

10