# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                           Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 12 AM9:20

### JORGE LUIS RIVERA RODRIGUEZ d/b/a LULA'S MINIMARKET OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

***[Space intentionally left blank]***

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JORGE LUIS RIVERA RODRIGUEZ d/b/a LULA'S MINIMARKET**, as

party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and

respectfully requests that the Court deny the confirmation of the Modified Second Amended Title

III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of

Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **JORGE LUIS RIVERA RODRIGUEZ d/b/a LULA'S MINIMARKET** is a party in
   interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11
   U.S.C. § 1109(b).

2. I, **JORGE LUIS RIVERA RODRIGUEZ d/b/a LULA'S MINIMARKET,** am a resident of
   San Juan, Puerto Rico. I have a retail business under the name of Lula's Minimarket located at
   Calle Orta 15 pda. 18.5 Figueroa neighborhood in San Juan. I am the owner and the only one
   who works in the business.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. I have a grocery
   business in the Figueroa neighborhood in Santurce, operating since 1940 by my parents
   and later by me. In the early 2000's, with the deteriorating economy, I had to reduce my**

**inventory and number of refrigerators to be able to deal with the high costs of electricity, since I could not pay bills that were coming in for more than a thousand dollars. I removed a lot of equipment, and my business does not have air conditioning, because I cannot pay for the electricity that it consumes. I have survived making adjustments but if the cost of electricity continues to increase, I will be forced to close the business because it does not produce enough to pay for more increases in electricity. Even with all the measures that I have taken, with these increases my electric energy will again be about or more of $400.00 per month. In an increasingly deteriorated economy, costs cannot continue to grow in this way. Traders are fighting. They can't keep penalizing us for the mismanagement of the government, we merchants can't take it anymore.**

5. Therefore, **JORGE LUIS RIVERA RODRIGUEZ d/b/a LULAS MINIMARKET** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## **LEGAL ARGUMENT**

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations
   under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
    debtor and to meet the obligations contemplated in the Plan without the significant probability
    of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JORGE
    LUIS RIVERA RODRIGUEZ d/b/a LULAS MINIMARKET**. Therefore, PREPA will not
    be able to generate enough revenue and comply with its obligations to creditors or to the people
    of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet

4

the requirements under PROMESA. Additionally, confirmation of the Plan of Adjustment would cause great prejudice to **JORGE LUIS RIVERA RODRIGUEZ d/b/a LULAS MINIMARKET** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **JORGE LUIS RIVERA RODRIGUEZ d/b/a LULAS MINIMARKET** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 12th day of June 2023.

**JORGE LUIS RIVERA RODRIGUEZ
d/b/a LULAS MINIMARKET** *Pro se*
Apartado 7632,
BO Obrero Sta.
San Juan, P.R., 00916
Email address(es) –
Jorgeriverarodriguez1946@gmail.com
migyuli@gmail.com
Tel: 787-518-9881
Fax: n/a

| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | Title III |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Case No. 17 BK 3283-LTS |
| Debtors. | (Jointly Administered) |
| In re: | PROMESA |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | Title III |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2023 JUN 12  AM 8:44

## TERESITA RODRÍGUEZ LOYOLA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW** TERESITA RODRÍGUEZ LOYOLA, as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. Teresita Rodríguez Loyola is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **TERESITA RODRÍGUEZ LOYOLA** is a resident of San Juan, Puerto Rico. I am living with my son Daniel Román Rodríguez and both work from home. For us, it is vital to have a reliable and affordable electrical system to continuing with our business. If this plan is approved as presented, it will put a burden so high that must of the business (small and medium) in Puerto Rico cannot bear.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The imposition of this Plan of Adjustment to the consumer, will have a negative impact in our quality of life as we have seen it happening. As a result of the electrical bill increment, I have notice significant increase in areas such as: electrical bill, groceries and all kind of professional services. A 30% increase in the electricity bill would represent an impact that would make it very difficult for the business to prevail. This is because our business profit would be severely diminished. We have been providing professional services for the past thirty-nine years and it would be very sad if we have to close our business, because energy costs swallow our revenue.**

5. Therefore, Teresita Rodríguez Loyola is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.     "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10.    This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11.    The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as Teresita Rodríguez Loyola. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12.    In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **TERESITA RODRÍGUEZ LOYOLA** and the people of Puerto Rico.

13.    PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, TERESITA RODRÍGUEZ LOYOLA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this  9th day of June 2023.

Teresita Rodríguez Loyola
*Pro se*
Ext. Roosevelt
528 calle Arrigoitía
tere@tgpr.com
Tel: (787) 661-0371

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                         Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS  |

### VICTOR A. COLÓN SOTO OBJECTION TO THE CONFIRMATION OF THE
### PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **VICTOR A. COLÓN SOTO**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **VICTOR A. COLÓN SOTO** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **VICTOR A . COLÓN SOTO** is a resident of **MOCA**, Puerto Rico. **THREE MORE FAMILY MEMBERS LIVING IN HIS HOUSEHOLD. I ALSO OWN A CAFETERIA BUSINESS IN DOWNTOWN MOCA, PR.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below of the median per household income respect to the nation. So, a significant increase of the electricity bill as proposed by the Financial and Oversight Management Board (FOMB) will put and additional weight in our capacity to generate prosperity. In other words, this will put in danger our capacity to overcome the disadvantage of our household**

2

**economic situation, not only because of an immediate bill increase, but also because the raise of goods and services prices on the market. This situation will affect our purchase power, and as a domino effect this will harm the economy of all puertoricans. In my case I also run a business, and this electricity bill increase will raise the cost of making business, so this will affect my operating costs and sales.**

5. Therefore, **VICTOR A. COLÓN SOTO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

3

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **VICTOR A. COLÓN SOTO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **VICTOR A. COLÓN SOTO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

WHEREFORE, **VICTOR A. COLÓN SOTO** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 10th day of June 2023.


**VICTOR A. COLÓN SOTO**
*Pro se*
**PO BOX 2345**
**MOCA PR, 00676**
**CAFETERIALOPEZ2012@GMAIL.COM**
**Tel: (787) 312-1177**

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



**JORGE IVAN MENDEZ AROCHO** OBJECTION TO THE CONFIRMATION OF
THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **JORGE IVAN MENDEZ AROCHO**, as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **JORGE IVAN MENDEZ AROCHO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **JORGE IVAN MENDEZ AROCHO** is a resident of **MOCA**, Puerto Rico. **FOUR MORE
   FAMILY MEMBERS LIVING IN HIS HOUSEHOLD. I ALSO OWN A MENS CLOTH
   AND ACCESORY BUSINESS IN DOWNTOWN MOCA, PR.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below of the
   median per household income respect to the nation. So, a significant increase of the
   electricity bill as proposed by the Financial and Oversight Management Board (FOMB)
   will put and additional weight in our capacity to generate prosperity.  In other words,
   this will put in danger our capacity to overcome the disadvantage of our household**

2

**economic situation, not only because of an immediate bill increase, but also because the raise of goods and services prices on the market. This situation will affect our purchase power, and as a domino effect this will harm the economy of all puertoricans. In my case I also run a business, and this electricity bill increase will raise the cost of making business, so this will affect my operating costs and sales.**

5. Therefore, **JORGE IVAN MENDEZ AROCHO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

3

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JORGE IVAN MENDEZ AROCHO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JORGE IVAN MENDEZ AROCHO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **JORGE IVAN MENDEZ AROCHO** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 10th day of June 2023.


**JORGE IVAN MENDEZ AROCHO**
*Pro se*
**BARBOSA 206**
**MOCA PR, 00676**
**NO EMAIL**
**Tel: (787) 818-5149**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

### IVONNE M. GONZALEZ ROMAN OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW IVONNE M. GONZALEZ ROMAN,** as party in interest pursuant to 11 U.S.C.
§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court
deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto
Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **IVONNE M. GONZALEZ ROMAN** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **IVONNE M. GONZALEZ ROMAN** is a resident of MOCA, Puerto Rico.  WE ARE THREE
   PEOPLE IN OUR HOME.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>
   <u>v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. THESE
   INCREASES WOULD AFFECT US SIGNIFICANTLY. THE COST OF LIVING
   KEEPS GOING UP, WHILE INCOME STAYS THE SAME. AN ADDICIONAL COST
   WILL CAUSE THE FAMILY ECONOMY TO BE AFFECTED AND WE WILL NOT
   BE ABLE TO MEET THE REST OF THE DEBTS WE HAVE.**

5. Therefore, **IVONNE M. GONZALEZ ROMAN** is a party in interest that "may raise and may
   appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

3

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **IVONNE M. GONZALEZ ROMAN**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **IVONNE M. GONZALEZ ROMAN** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **IVONNE M. GONZALEZ ROMAN** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In MOCA Puerto Rico, this 7th day of June 2023.

**IVONNE M. GONZALEZ ROMAN**
*Pro se*
PO BOX 626 MOCA, PR 00676
Tel: (787) 672-9594

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>         Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>         Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## ARIEL MUNIZ NIEVES OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ARIEL MUNIZ NIEVES**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1.  **ARIEL MUNIZ NIEVES** is a party in interest in the Puerto Rico Electric Power Authority's
    ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2.  **ARIEL MUNIZ NIEVES** is a resident of MOCA, Puerto Rico. WE ARE THREE PEOPLE
    IN OUR HOME.

3.  The question of who is a "party in interest" should be answered on a case-by-case basis. The
    definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
    legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
    v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
    who will be significantly impacted.

4.  **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
    residential and commercial customers for the next 35 years or more. THESE
    INCREASES WOULD AFFECT US SIGNIFICANTLY. THE COST OF LIVING
    KEEPS GOING UP, WHILE INCOME STAYS THE SAME. AN ADDICIONAL COST
    WILL CAUSE THE FAMILY ECONOMY TO BE AFFECTED AND WE WILL NOT
    BE ABLE TO MEET THE REST OF THE DEBTS WE HAVE.**

5.  Therefore, **ARIEL MUNIZ NIEVES** is a party in interest that "may raise and may appear and
    be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ARIEL MUNIZ NIEVES**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

<h3 style="text-align:center">CONCLUSION</h3>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ARIEL MUNIZ NIEVES** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

<h3 style="text-align:center">RELIEF REQUESTED</h3>

**WHEREFORE, ARIEL MUNIZ NIEVES** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In MOCA Puerto Rico, this 7th day of June 2023.

4

Ariel Muniz Nieves

**ARIEL MUNIZ NIEVES**
*Pro se*
PO BOX 626 MOCA, PR 00676
Tel: (939

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                 Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



## Zaida Elias OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

**Zaida Elias** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **Zaida Elias is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Zaida Elias is** a resident of Ssn Juan, Puerto Rico. [INCLUDE ADDITIONAL DETAILS, SUCH AS THE NUMBER OF PERSONS IN THE HOUSEHOLD AND ANY BUSINESS OWNED, IF APPLICABLE / INCLUIR DETALLES ADICIONALES, COMO EL NÚMERO DE PERSONAS EN SU HOGAR Y SU NEGOCIO SI APLICA].

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

   **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. I do not recognize the debt.** Therefore,

4. **Zaida Elias** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

5.   For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.   Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7.   The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8.   "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9.   This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

3

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.,The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Zaida Elias**, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Zaida Elias and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Zaida Elias respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.     In San Juan Puerto Rico, this 11 day of June 2023.

Zaida Elias

*Pro se*

9546 cale Diaz Way Apto 210
Carolina PR 00979
917-579-1157
felipzaida@gmail.com

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Case No. 17 BK 3283-LTS (Jointly Administered) |
| Debtors.[1] | |
| In re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | Case No. 17 BK 4780-LTS |
| Debtor. | |



### Rosa Pizarro Pizarro OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

## COMES NOW

**Rosa Pizarro Pizarro** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **Rosa Pizarro Pizarro** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Rosa Pizarro Pizarro** is a resident of San Juan, Puerto Rico. [INCLUDE ADDITIONAL DETAILS, SUCH AS THE NUMBER OF PERSONS IN THE HOUSEHOLD AND ANY BUSINESS OWNED, IF APPLICABLE / INCLUIR DETALLES ADICIONALES, COMO EL NÚMERO DE PERSONAS EN SU HOGAR Y SU NEGOCIO SI APLICA].

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. I do not recognize the debt.** Therefore, **Rosa Pizarro Pizarro** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

5.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9.  This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.,The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Rosa Pizarro Pizarro** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Rosa Pizarro Pizarro** and the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Rosa Pizarro Pizarro respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 day of June 2023.

**Rosa Pizarro Pizarro**

*Pro se*
Calle 1 #76 Vista Alegre
San Juan PR 00925
Gamalier.crz@gmail.com
Tel: 787-297-0141

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



**Gamalier Cruz Pizarro OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

## COMES NOW

0 as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Gamalier Cruz Pizarro** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Gamalier Cruz Pizarro** is a resident of San Juan, Puerto Rico. [INCLUDE ADDITIONAL DETAILS, SUCH AS THE NUMBER OF PERSONS IN THE HOUSEHOLD AND ANY BUSINESS OWNED, IF APPLICABLE / INCLUIR DETALLES ADICIONALES, COMO EL NÚMERO DE PERSONAS EN SU HOGAR Y SU NEGOCIO SI APLICA].

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

    **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. I do not recognize the debt.** Therefore,

4. **Gamalier Cruz Pizarro** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

5. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Rosa Pizarro Pizarro** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Rosa Pizarro Pizarro** and the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Gamalier Cruz Pizarro respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.   In San Juan Puerto Rico, this 11 day of June 2023.

**Gamalier Cruz Pizarro**

*Pro se*
Calle 1 #76 Vista Alegre
San Juan PR 00925
Gamalier.crz@gmail.com
Tel: 787-297-0141

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Felipe Acosta Dominguez OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW**

**0** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654,

and respectfully requests that the Court deny the confirmation of the Modified Second Amended

Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of

Adjustment").

## <u>PRELIMINARY STATEMENT</u>

1. **Felipe Acosta Dominguez** is a party in interest in the Puerto Rico Electric Power Authority's

   ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **Felipe Acosta Dominguez** is a resident of Carolina, Puerto Rico. [INCLUDE ADDITIONAL

   DETAILS, SUCH AS THE NUMBER OF PERSONS IN THE HOUSEHOLD AND ANY

   BUSINESS OWNED, IF APPLICABLE / INCLUIR DETALLES ADICIONALES, COMO

   EL NÚMERO DE PERSONAS EN SU HOGAR Y SU NEGOCIO SI APLICA].

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>

   <u>v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

   **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. I do not recognize the
   debt.** Therefore,

4. **Felipe Acosta Dominguez** is a party in interest that "may raise and may appear and be heard

   on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

5.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9.  This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.,The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Rosa Pizarro Pizarro** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Felipe Acosta Dominguez**  and the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Felipe Acosta Dominguez  respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.  **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.   In San Juan Puerto Rico, this 11 day of June 2023.

**Felipe Acosta Domínguez**

*Pro se*
9546 cale Diaz Way Apto 210
Carolina PR 00979
917-579-1157
felipzaida@gmail.com

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Gamalier Cruz Castro OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

**Gamalier Cruz Castro** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **Gamalier Cruz Castro** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Gamalier Cruz Castro** is a resident of San Juan, Puerto Rico. [INCLUDE ADDITIONAL DETAILS, SUCH AS THE NUMBER OF PERSONS IN THE HOUSEHOLD AND ANY BUSINESS OWNED, IF APPLICABLE / INCLUIR DETALLES ADICIONALES, COMO EL NÚMERO DE PERSONAS EN SU HOGAR Y SU NEGOCIO SI APLICA].

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. I do not recognize the debt.** Therefore, **Gamalier Cruz Castro** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

5.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority.* This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9.  This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.,The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Gamalier Cruz Castro** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Carlos R. Torres Torres** and the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Gamalier Cruz Castro respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 day of June 2023.

**Gamalier Cruz Castro**

*Pro se*
Calle 1 #76 Vista Alegre
San Juan PR 00925
Gamalier.crz@gmail.com
Tel: 787-297-0141

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                              Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS  |

## VIVIANA RAMIREZ MORALES OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW VIVIANA RAMIREZ MORALES**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **VIVIANA RAMIREZ MORALES** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **VIVIANA RAMIREZ MORALES** is a resident of [BAYAMON], Puerto Rico. [The impact of an additional and significant raise in electricity doesn't justify the service received. The electricity in my home is intermiten, requiering me to use my saving account for bateries, ice, and fastfoods. As a family of 4 this is already affecting our monthly budget.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** In the month of May, I consumed 1,170 kWh, with a daily average of $9.55; if the increase would be applied that would represent a daily average of $13.21. Basically, I will pay the same amount of my mortgage payment.

5. Therefore, **VIVIANA RAMIREZ MORALES** is a party in interest that "may raise and may

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **VIVIANA RAMIREZ MORALES**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **VIVIANA RAMIREZ MORALES** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, VIVIANA RAMIREZ MORALES respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In [Bayamón] Puerto Rico, this 7th day of June 2023.

Viviana Ramírez' Morales
*Pro se*
Urb. Santa Rosa, C. Boundary 57-22
Bayamón Puerto Rico 00959
Vivianaramirez2007@gmail.com
(787) 241-9743

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                       Debtors. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ISRAEL JOSE RIVERA GOMEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW, ISRAEL JOSE RIVERA GOMEZ** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ISRAEL JOSE RIVERA GOMEZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **ISRAEL JOSE RIVERA GOMEZ** is a resident of Carolina, Puerto Rico. Including five (5) person in the household, me, my wife, my son and daughter and a grandson.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Telligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The electrical cost is going to go up significantly. As a retiree I have no way to increase my income to be able to afford it.**

5. Therefore, **ISRAEL JOSE RIVERA GOMEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed

the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been

amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7.      Section 314 of PROMESA has the requirements for the confirmation of a Plan of

Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are
> met, including that: the debtor is not prohibited by law from taking any action necessary
> to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary
> under applicable law in order to carry out any provision of the plan has been obtained,
> or such provision is expressly conditioned on such approval; . . . [and] the plan is
> feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc.
> (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation
> omitted).

8.      The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of

Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

9.      "Under PROMESA, a plan of adjustment must be supported by financial projections that

are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10.     This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

debtor and to meet the obligations contemplated in the Plan without the significant probability of

a default?" Id.

11.     The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as

**ISRAEL JOSE RIVERA GOMEZ**.  Therefore, PREPA will not be able to generate enough

revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of

this, the Plan of Adjustment is not feasible.

## CONCLUSION

12.     In conclusion, this Court should not confirm the Plan of Adjustment because it does not

meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment

would cause great prejudice to **ISRAEL JOSE RIVERA GOMEZ** and the people of Puerto Rico.

13.     PREPA's restructuring is very important, because electric power is necessary both for

consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's

restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect

any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **ISRAEL JOSE RIVERA GOMEZ** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In Cayey, Puerto Rico, this 11ᵗʰ day of June 2023.

Signer's Name **ISRAEL JOSE RIVERA GOMEZ**
*Pro se*
PO BOX 370462
Cayey, Puerto Rico 00737-0462
Email: Ijrivera@live.com
CEL: (850) 276-2622

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## MARILYN LAGUNA ORTIZ- OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW MARILYN LAGUNA ORTIZ as** party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **MARILYN LAGUNA ORTIZ is** a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **MARILYN LAGUNA ORTIZ is** a resident of San Juan, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. It will negatively
   alter my family budget, preventing me from meeting the rest of my monthly obligations.
   I will have to choose what bills to pay, as I will not be able to afford them all.  The
   proposed increase affects my budget.  I am a person with health conditions who need
   monthly maintenance drugs, due to the proposed increase would give me a choice
   between paying the bill or my medications. Also, I will have to choose between buying
   groceries. I already pay a lot for this service and another increase would be too much, I
   could not afford it. It seems to me that I will enter extreme poverty.**

5. Therefore, **MARILYN LAGUNA ORTIZ is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority.* This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
    debtor and to meet the obligations contemplated in the Plan without the significant probability
    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **AS
    MARILYN LAGUNA ORTIZ**   Therefore, PREPA will not be able to generate enough
    revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because
    of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet
    the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment
    would cause great prejudice to **MARILYN LAGUNA ORTIZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for
    consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's
    restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will
    affect any possibility of economic growth and development.

## RELIEF REQUESTED

   **WHEREFORE**, **MARILYN LAGUNA ORTIZ respectfully** requests that the Court take
notice of the above stated and deny the confirmation of the Plan of Adjustment.

   **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the
Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MARILYN LAGUNA ORTIZ,  Puerto** Rico, this 11 day of June 2023.

4

**MARILYN LAGUNA ORTIZ**
*Pro se*
Condominio Torres de Cervantes 502-B
Calle Eider #49
San Juan, PR 00924
Email address: marlagunao@gmail.com
Tel: (787 237-1147

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Dennis Rivera Guzman OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**Dennis Rivera Guzman as** party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se*
pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the
Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power
Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Dennis Rivera Guzman is** a party in interest in the Puerto Rico Electric Power Authority's
   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Dennis Rivera Guzman is** a resident of Bayamon, Puerto Rico and Elderly homeowner. The
   question of who is a "party in interest" should be answered d on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly **impacted. The Plan of Adjustment proposes to impose a Legacy
   Charge on the electric bills of residential and commercial customers for the next 35 years
   or more. The rise in energy costs jeopardizes the operation of the business. My clients
   need electrical equipment 24/7 to survive.**

3. **Dennis Rivera Guzman is** a party in interest that "may raise and may appear and be heard on
   any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
   became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
   et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

5. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

6. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

7. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

> This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as

8. **Dennis Rivera Guzman,** PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of

Adjustment is not feasible.

## **CONCLUSION**

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

9. **Dennis Rivera Guzman and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

**Dennis Rivera Guzman respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 <sup>day</sup> of June 2023.

**Dennis Rivera Guzman** *Pro se*
Calle Miguel Gonzalez #22
Urb. Perello
Humacao, PR 00791
787-439-1101
hogarpalmirapr@gmail.com

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br><div align="right">Debtors.[1]</div> | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br><div align="right">Debtor.</div> | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## BENJAMIN LUGO VARGAS - OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW BENJAMIN LUGO VARGAS as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **BENJAMIN LUGO VARGAS is** a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **BENJAMIN LUGO VARGAS is** a resident of San Juan, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. It will negatively
   alter my family budget, preventing me from meeting the rest of my monthly obligations.
   I will have to choose what bills to pay, as I will not be able to afford them all. The
   proposed increase affects my budget. I will have to choose between buying groceries or
   medications for my Father in law, an elderly man with chronic conditions, who needs
   medical equipment on a daily basis. I already pay a lot for this service and another
   increase would be too much, I could not afford it. It seems to me that I will enter extreme
   poverty.**

5. Therefore, **BENJAMIN LUGO VARGAS is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority.* This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **AS BENJAMIN LUGO VARGAS**   Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **BENJAMIN LUGO VARGAS** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

**WHEREFORE, BENJAMIN LUGO VARGAS respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In **BENJAMIN LUGO VARGAS, Puerto** Rico, this 11 day of June 2023.

**BENJAMIN LUGO VARGAS**
*Pro se*
20 Camino Lourdes
San Juan, PR 00926
Email address: bengielugo@gmail.com
Tel: (787) 612-2301

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                           Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



### Raymond Morales OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**Raymond Morales as** party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Raymond Morales is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Raymond Morales is** a resident of San Juan, Puerto Rico. The question of who is a "party in interest" should be answered d on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly **impacted. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. High electricity costs affect the family budget.**

3. **Raymond Morales is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

2

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

*Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

5. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements
are met, including that: the debtor is not prohibited by law from taking any action
necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
necessary under applicable law in order to carry out any provision of the plan has
been obtained, or such provision is expressly conditioned on such approval; . . .
[and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
(1st Cir. 2022)(citation omitted).

6. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

7. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability of
a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such
as

8. **Raymond Morales,** PREPA will not be able to generate enough revenue and comply with its

obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment

is not feasible.

3

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

9. **Raymond Morales and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

   **Raymond Morales respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 ᵈᵃʸ of June 2023.

**Raymond Morales**
*Pro se*
Urb. Venus Garden AD 10
Calle Tijuana
San Juan, PR 00926
787-396-2966
Raymor81@hotmail.com

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Miguel Angel Cordero Colon OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**Miguel Angel Cordero Colon as** party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Miguel Angel Cordero Colon is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Miguel Angel Cordero Colon is** a resident of San Juan, Puerto Rico. The question of who is a "party in interest" should be answered d on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly **impacted. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. High electricity costs affect the family budget.**

3. **Miguel Angel Cordero Colon is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

2

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

*Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

5. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

6. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

7. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

> This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
> Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
> debtor and to meet the obligations contemplated in the Plan without the significant probability of
> a default?" <u>Id.</u>, The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such
> as

8. **Miguel Angel Cordero Colon,** PREPA will not be able to generate enough revenue and

comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the

Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

9. **Miguel Angel Cordero Colon and** the people of Puerto Rico. PREPA's restructuring is very

important, because electric power is necessary both for consumers and businesses alike. It is

the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too

burdensome on the people and businesses of Puerto Rico, it will affect any possibility of

economic growth and development.

**Miguel Angel Cordero Colon respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 $^{day}$ of June 2023.

**Miguel Angel Cordero Colon**
*Pro se*
Calle 18 NE 1229
Urb Puerto Nuevo
San Juan, PR 00920
939-226-5410
occima@gmail.com

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## MARGARITA CORDERO COLON OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**MARGARITA CORDERO COLON as** party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **MARGARITA CORDERO COLON is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **MARGARITA CORDERO COLON is** a resident of San Juan, Puerto Rico. The question of who is a "party in interest" should be answered d on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly **impacted. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. High electricity costs affect the family budget.**

3. **MARGARITA CORDERO COLON is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

2

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

*Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

5.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements
are met, including that: the debtor is not prohibited by law from taking any action
necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
necessary under applicable law in order to carry out any provision of the plan has
been obtained, or such provision is expressly conditioned on such approval; . . .
[and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76
(1st Cir. 2022)(citation omitted).

6.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

7.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability of
a default?" <u>Id.</u>, The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such
as

8.  **MARGARITA CORDERO COLON,** PREPA will not be able to generate enough revenue

and comply with its obligations to creditors or to the people of Puerto Rico. Because of this,

the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to to my personal finances.

9. **MARGARITA CORDERO COLON and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

**MARGARITA CORDERO COLON respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 11 <sup>day</sup> of June 2023.

**MARGARITA CORDERO COLON** *Pro se*
Po box 366763
San Juan, PR 00936
939-439-2916
Marggiemargg.corderoc@gmail.com

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

**FRANCESKA HERNÁNDEZ BRIGNONI** OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **FRANCESKA HERNÁNDEZ BRIGNONI**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **FRANCESKA HERNÁNDEZ BRIGNONI** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **FRANCESKA HERNÁNDEZ BRIGNONI** is a resident of **SAN SEBASTIÁN**, Puerto Rico. **THREE MORE FAMILY MEMBERS LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below of the median per household income respect to the nation. So, a significant increase of the electricity bill as proposed by the Financial and Oversight Management Board (FOMB) will put and additional weight in our capacity to generate prosperity. In other words, this will put in danger our capacity to overcome the disadvantage of our household economic situation, not only because of an immediate bill increase, but also because the**

2

raise of goods and services prices on the market. This situation will affect our purchase power, and as a domino effect this will harm the economy of all puertoricans.

5. Therefore, **FRANCESKA HERNÁNDEZ BRIGNONI** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

3

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **FRANCESKA HERNÁNDEZ BRIGNONI.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **FRANCESKA HERNÁNDEZ BRIGNONI** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **FRANCESKA HERNÁNDEZ BRIGNONI** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

4

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 10th day of June 2023.

Franceska Hernández Brignoni

**FRANCESKA HERNÁNDEZ BRIGNONI**
*Pro se*
**HC-03 BOX 36320**
**SAN SEBASTIAN PR, 00685**
**HERNANDEZFRANCESKA04@GMAIL.COM**
**Tel: (939) 243-6049**

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                              Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

**SAUDY ACEVEDO CALVENTE** OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **SAUDY ACEVEDO CALVENTE**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **SAUDY ACEVEDO CALVENTE** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **SAUDY ACEVEDO CALVENTE** is a resident of **MOCA**, Puerto Rico. **ONE MORE
   FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below of the
   median per household income respect to the nation. So, a significant increase of the
   electricity bill as proposed by the Financial and Oversight Management Board (FOMB)
   will put and additional weight in our capacity to generate prosperity. In other words,
   this will put in danger our capacity to overcome the disadvantage of our household
   economic situation, not only because of an immediate bill increase, but also because the**

2

raise of goods and services prices on the market. **This situation will affect our power of
purchase, and as a domino effect this will harm the economy of all puertoricans.**

5.  Therefore, **SAUDY ACEVEDO CALVENTE** is a party in interest that "may raise and may
    appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
    et seq. It created Title III to allow the territory access to bankruptcy relief for its
    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
    Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
    Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **SAUDY ACEVEDO CALVENTE.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **SAUDY ACEVEDO CALVENTE** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **SAUDY ACEVEDO CALVENTE** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

4

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 10th day of June 2023.

**SAUDY ACEVEDO CALVENTE**
*Pro se*
**HC-3 BOX 8385**
**MOCA, PR 00676**
**SAUDY.ACEVEDO@UPR.EDU**
**Tel: (787) 202-3130**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Cristima Peralta  OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW

**Cristima Peralta** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to

28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified

Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF

No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Cristima Peralta is** a party in interest in the Puerto Rico Electric Power Authority's
   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Cristima Peralta is** a resident of Ssn Juan, Puerto Rico. Beauty salon owner may lose
   customer due to high energy costs.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

   **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. I do not recognize the
   debt.** Therefore,

4. **Cristima Peralta** is a party in interest that "may raise and may appear and be heard on any
   issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

5. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

2

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

9.  This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability

3

of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Cristima Peralta** , PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Cristima Peralta and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Cristina Peralta respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.   In San Juan Puerto Rico, this 11 day of June 2023.

**Cristima Peralta** *Pro se*
Americo Miranda 1259
San Juan PR 00925
787-775-0200
Cristinaperalta40@gmail.com

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## JOHNNY E. CORTES ROMAN OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JOHNNY E. CORTES ROMAN**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **JOHNNY E. CORTES ROMAN** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **JOHNNY E. CORTES ROMAN** is a resident of ARECIBO, Puerto Rico.  OUR HOUSEHOLD
   IS COMPOSED OF FOUR MEMBERS AND WE HAVE AN ADMINISTRATIVE OFFICE
   IN OUR HOME FOR OUR SMALL BUSINESS.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.  WE ALREADY
   PAY ONE OF THE HIGHEST ELECTRICITY RATES FOR A SERVICE THAT IS
   GETTING WORSE EVERY DAY.  INCREASES IN THE COST OF ELECTRICITY
   ALSO CAUSE NEW INCREASE IN THE COST OF SERVICES AND FOOD.  THE
   FISCAL CONTROL BOARD'S PROPOSED PLAN DOES NOT OFFER AN**

2

**ANALYSIS OF ITS VIABILITY AND IMPACT ON PUERTO RICO'S RESIDENTS AND BUSINESSES. IT TAKES AWAY RESOURCES TO REPAIR THE SYSTEM AND DOES NOT GUARANTEE BETTER ELECTRIC SERVICE FOR THE PEOPLE, NOR DOES IT SAY HOW IT WILL ENCOURAGE ECONOMIC DEVELOPMENT TO GET OUT OF THE CRISIS.**

5.  Therefore, **JOHNNY E. CORTES ROMAN** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

3

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JOHNNY E. CORTES ROMAN**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JOHNNY E. CORTES ROMAN** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE, JOHNNY E. CORTES ROMAN** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In ARECIBO, Puerto Rico, this 7ᵗʰ day of June 2023.

Johnny E. Cortés Román
*Pro se*
PO Box 420
Sabana Hoyos, PR 00688
johnny.cortes@tutanota.com
(787) 412-4438

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## YESENIA ROSA RODRIGUEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW YESENIA ROSA RODRIGUEZ**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **YESENIA ROSA RODRIGUEZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **YESENIA ROSA RODRIGUEZ** is a resident of ARECIBO, Puerto Rico. OUR
   HOUSEHOLD IS COMPOSED OF FOUR MEMBERS AND WE HAVE AN
   ADMINISTRATIVE OFFICE IN OUR HOME FOR OUR SMALL BUSINESS.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.  WE ALREADY
   PAY ONE OF THE HIGHEST ELECTRICITY RATES FOR A SERVICE THAT IS
   GETTING WORSE EVERY DAY.  INCREASES IN THE COST OF ELECTRICITY
   ALSO CAUSE NEW INCREASE IN THE COST OF SERVICES AND FOOD.  THE
   FISCAL CONTROL BOARD'S PROPOSED PLAN DOES NOT OFFER AN
   ANALYSIS OF ITS VIABILITY AND IMPACT ON PUERTO RICO'S RESIDENTS**

**AND BUSINESSES. IT TAKES AWAY RESOURCES TO REPAIR THE SYSTEM AND DOES NOT GUARANTEE BETTER ELECTRIC SERVICE FOR THE PEOPLE, NOR DOES IT SAY HOW IT WILL ENCOURAGE ECONOMIC DEVELOPMENT TO GET OUT OF THE CRISIS.**

5. Therefore, **YESENIA ROSA RODRIGUEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

3

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **YESENIA ROSA RODRIGUEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **YESENIA ROSA RODRIGUEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, YESENIA ROSA RODRIGUEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In ARECIBO, Puerto Rico, this 7ᵃ day of June 2023.

Yesenia Rosa Rodríguez
*Pro se*
PO Box 420
Sabana Hoyos, PR 00688
yesenia.rosa@tutanota.com
(787) 396-8209

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

### Jose Aponte Perez OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

**Jose Aponte Perez as**  party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Jose Aponte Perez is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Jose Aponte Perez is** a resident of Ssn Juan, Puerto Rico. Beauty salon owner may lose customer due to high energy costs.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

**The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. I do not recognize the debt.** Therefore,

4. **Jose Aponte Perez is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

5. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability

of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Jose Aponte Perez**, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Jose Aponte Perez and** the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Jose Aponte Perez respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.     In San Juan Puerto Rico, this 11 <sup>day</sup> of June 2023.

> **Jose Aponte Perez** *Pro se*
> Urb. Contry Club calle Zaida #925
> San Juan PR 00924
> 787-365-8718
> Joseaaponte6474@gmail.com

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**NILKA B. ALERS RAMOS** OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **NILKA B. ALERS RAMOS**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **NILKA B. ALERS RAMOS** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **NILKA B. ALERS RAMOS** is a resident of **AGUADA**, Puerto Rico.   **ONE MORE
   FAMILY MEMBER LIVING IN HIS HOUSEHOLD. I ALSO RUN A  HEALTH FOOD
   AND NATURAL SUPPLEMENTS STORE IN DOWNTOWN AGUADA.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below the
   median per household income with respect to the nation. So, a significant increase of the
   electricity bill, as proposed by the Financial and Oversight Management Board (FOMB),
   will put an additional weight in my capacity to generate prosperity.  In other words, this
   will put in danger our capacity to overcome the disadvantage of our household economic**

2

**situation, not only because of an immediate bill increase, but also because of the rise of goods and services prices on the market. This situation will affect our purchase power and, as a domino effect, this will harm the economy of the entire island of Puerto Rico. In my case I also run a business, and this electricity bill increase will raise the cost of making business, so this will affect my operating costs and sales.**

5. Therefore, **NILKA B. ALERS RAMOS** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **NILKA B. ALERS RAMOS.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **NILKA B. ALERS RAMOS** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

WHEREFORE, **NILKA B. ALERS RAMOS** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

**NILKA B. ALERS RAMOS**
*Pro se*
**HC-58 Box 14708**
**AGUADA PR, 00602**
**nikkiyah@gmail.com**
**Tel: (787) 392-7974**

5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## EDWIN MARRERO TORRES -  OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW EDWIN MARRERO TORRES as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **EDWIN MARRERO TORRES** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **EDWIN MARRERO TORRES** is a resident of Dorado, Puerto Rico

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. It will negatively
   alter my family budget, preventing me from meeting the rest of my monthly obligations.
   I will have to choose what bills to pay, as I will not be able to afford them all. It will be
   harder for me to get food home. I already pay a lot, and another increase would be too
   much. It seems to me that I will enter extreme poverty.**

5. Therefore, **EDWIN MARRERO TORRES** is a party in interest that "may raise and may
   appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **EDWIN MARRERO TORRES.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **EDWIN MARRERO TORRES** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, EDWIN MARRERO TORRES** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In **EDWIN MARRERO TORRES** Puerto Rico, this 7th day of June 2023.

**EDWIN MARRERO TORRES**
*Pro se*
Carr. 694 Km. 3.2
Sector Martell Barrio Maguayo
Dorado PR, 00646
Email address: imorodri@yahoo.com
Tel: (787)364-6612

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

**MILAGROS SILVA VARGAS** OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **MILAGROS SILVA VARGAS**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **MILAGROS SILVA VARGAS** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **MILAGROS SILVA VARGAS** is a resident of **AGUADA**, Puerto Rico.  **ONE MORE FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below the median per household income with respect to the nation. So, a significant increase of the electricity bill, as proposed by the Financial and Oversight Management Board (FOMB), will put an additional weight in my capacity to generate prosperity.  In other words, this will put in danger our capacity to overcome the disadvantage of our household economic situation, not only because of an immediate bill increase, but also because of the rise of**

2

**goods and services prices on the market. This situation will affect our purchase power and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5. Therefore, **MILAGROS SILVA VARGAS** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **MILAGROS SILVA VARGAS.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **MILAGROS SILVA VARGAS** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### RELIEF REQUESTED

WHEREFORE, **MILAGROS SILVA VARGAS** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

**MILAGROS SILVA VARGAS**
*Pro se*
**PO BOX 1550**
**AGUADA PR, 00602**
**Vegaedison58@gmail.com**
**Tel: (787) 517-9109**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                     Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**OVIDIO LÓPEZ HERNÁNDEZ** OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **OVIDIO LÓPEZ HERNÁNDEZ**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **OVIDIO LÓPEZ HERNÁNDEZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **OVIDIO LÓPEZ HERNÁNDEZ** is a resident of **AGUADA**, Puerto Rico. **ONE MORE
   FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below the
   median per household income with respect the nation. So, a significant increase of the
   electricity bill, as proposed by the Financial and Oversight Management Board (FOMB),
   will put an additional weight in my capacity to generate prosperity.  In other words, this
   will put in danger our capacity to overcome the disadvantage of our household economic
   situation, not only because of an immediate bill increase, but also because of the rise of**

**goods and services prices on the market. This situation will affect our purchase power and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5. Therefore, **OVIDIO LÓPEZ HERNÁNDEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

### PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

### LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

3

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **OVIDIO LÓPEZ HERNÁNDEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **OVIDIO LÓPEZ HERNÁNDEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

WHEREFORE, **OVIDIO LÓPEZ HERNÁNDEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

**OVIDIO LÓPEZ HERNÁNDEZ**
*Pro se*
**HC-58 Box 14708**
**AGUADA PR, 00602**
**YONAHLOPEZ@GMAIL.COM**
**Tel: (787) 252-4878**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

### IRIS M. OCASIO RODRIGUEZ -  OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW IRIS M. OCASIO RODRIGUEZ** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **IRIS M. OCASIO RODRIGUEZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **IRIS M. OCASIO RODRIGUEZ** is a resident of Dorado, Puerto Rico

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. It will negatively alter my family budget, preventing me from meeting the rest of my monthly obligations. I will have to choose what bills to pay, as I will not be able to afford them all. It will be harder for me to get food home. I already pay a lot, and another increase would be too much. It seems to me that I will enter extreme poverty.**

5. Therefore, **IRIS M. OCASIO RODRIGUEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **IRIS M. OCASIO RODRIGUEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **IRIS M. OCASIO RODRIGUEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### RELIEF REQUESTED

**WHEREFORE, IRIS M. OCASIO RODRIGUEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In **IRIS M. OCASIO RODRIGUEZ** Puerto Rico, this 7th day of June 2023.

4

**IRIS M. OCASIO RODRIGUEZ**
*Pro se*
Carr. 694 Km. 3.2
Sector Martell Barrio Maguayo
Dorado PR, 00646
Email address: imorodri@yahoo.com
Tel: (787)364-6612

5