# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



### EDISON VEGA MENDOZA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **EDISON VEGA MENDOZA**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **EDISON VEGA MENDOZA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **EDISON VEGA MENDOZA** is a resident of **AGUADA**, Puerto Rico.  **ONE MORE FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below the median per household income with respect to the nation. So, a significant increase of the electricity bill, as proposed by the Financial and Oversight Management Board (FOMB), will put an additional weight in my capacity to generate prosperity.  In other words, this will put in danger our capacity to overcome the disadvantage of our household economic situation, not only because of an immediate bill increase, but also because of the rise of**

**goods and services prices on the market. This situation will affect our purchase power**

**and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5. Therefore, **EDISON VEGA MENDOZA** is a party in interest that "may raise and may appear

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

3

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are
    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations
    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
    debtor and to meet the obligations contemplated in the Plan without the significant probability
    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **EDISON
    VEGA MENDOZA.** Therefore, PREPA will not be able to generate enough revenue and
    comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the
    Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet
    the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment
    would cause great prejudice to **EDISON VEGA MENDOZA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for
    consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's
    restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will
    affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **EDISON VEGA MENDOZA** respectfully requests that the Court take
notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

**EDISON VEGA MENDOZA**
*Pro se*
**PO BOX 1550**
**AGUADA PR, 00602**
**VEGAEDISON58@gmail.com**
**Tel: (787) 390-7229**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                          Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

**RAFAEL VILLANUEVA RUIZ** OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **RAFAEL VILLANUEVA RUIZ**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **RAFAEL VILLANUEVA RUIZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **RAFAEL VILLANUEVA RUIZ** is a resident of **AGUADA**, Puerto Rico.  **ONE MORE
   FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below the
   median per household income with respect to the nation. So, a significant increase of the
   electricity bill, as proposed by the Financial and Oversight Management Board (FOMB),
   will put an additional weight in my capacity to generate prosperity.  In other words, this
   will put in danger our capacity to overcome the disadvantage of our household economic
   situation, not only because of an immediate bill increase, but also because of the rise of**

2

**goods and services prices on the market. This situation will affect our purchase power**

**and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5. Therefore, **ELSIE CORTÉS SAMALOT** is a party in interest that "may raise and may appear

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **RAFAEL VILLANUEVA RUIZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **RAFAEL VILLANUEVA RUIZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **RAFAEL VILLANUEVA RUIZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

4

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.


*Rafael Villanueva Ruiz*

**RAFAEL VILLANUEVA RUIZ**
*Pro se*
**HC-61 BOX 5217**
**AGUADA PR, 00602**
**RAFAELVILLANUEVA@gmail.com**
**Tel: (787) 810-0599**

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**Jose J. Cardona   OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

### COMES NOW

**Jose J. Cardona** **as** party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **Jose J. Cardona**    **is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **Jose J. Cardona** **is** a resident of Ssn Juan, Puerto Rico. The question of who is a "party in interest" should be answere d on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. My son who needs to use oxygen and needs energy. This increase would be catastrophic for family finances.**

3. **Jose J. Cardona**    **is** a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

### PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority.* This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

5. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

6. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

7. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

> This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>, The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as

3

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as

9. **Jose J. Cardona**  , PREPA will not be able to generate enough revenue and comply with its

obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment

is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Jose J. Cardona**  **and** the people of Puerto Rico. PREPA's restructuring is very important,

because electric power is necessary both for consumers and businesses alike. It is the driving

force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the

people and businesses of Puerto Rico, it will affect any possibility of economic growth and

development.

## RELIEF REQUESTED WHEREFORE,

**Jose J. Cardona**  **respectfully** requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment. **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.     In San Juan Puerto Rico, this 11 <sup>day</sup> of June 2023.

**Jose J. Cardona** *Pro se*
Calle Santa Ines 1703
Urb. Alta Mesa -
-San Juan PR 00921

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |



## ELSIE CORTÉS SAMALOT OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **ELSIE CORTÉS SAMALOT**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ELSIE CORTÉS SAMALOT** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **ELSIE CORTÉS SAMALOT** is a resident of **AGUADA**, Puerto Rico.  **ONE MORE FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below the median per household income with respect the nation. So, a significant increase of the electricity bill, as proposed by the Financial and Oversight Management Board (FOMB), will put an additional weight in my capacity to generate prosperity.  In other words, this will put in danger our capacity to overcome the disadvantage of our household economic situation, not only because of an immediate bill increase, but also because of the rise of**

**goods and services prices on the market. This situation will affect our purchase power**

**and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5.  Therefore, **ELSIE CORTÉS SAMALOT** is a party in interest that "may raise and may appear

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

*Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ELSIE CORTÉS SAMALOT.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ELSIE CORTÉS SAMALOT** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **ELSIE CORTÉS SAMALOT** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

*Elsie m. Cortés Samalot*

**ELSIE CORTÉS SAMALOT**
*Pro se*
**HC-61 BOX 5217**
**AGUADA PR, 00602**
**elsiecortes@gmail.com**
**Tel: (939) 497-2053**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

### FRANCISCO MÉNDEZ ARROYO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **FRANCISCO MÉNDEZ ARROYO**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **FRANCISCO MÉNDEZ ARROYO** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **FRANCISCO MÉNDEZ ARROYO** is a resident of **AGUADA**, Puerto Rico. **THREE MORE FAMILY MEMBER LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more, will be seriously harmful for our household economy. Currently, our household income is below the median per household income with respect the nation. So, a significant increase of the electricity bill, as proposed by the Financial and Oversight Management Board (FOMB), will put an additional weight in my capacity to generate prosperity. In other words, this will put in danger our capacity to overcome the disadvantage of our household economic situation, not only because of an immediate bill increase, but also because of the rise of**

2

**goods and services prices on the market. This situation will affect our purchase power
and, as a domino effect, this will harm the economy of the entire island of Puerto Rico.**

5. Therefore, **FRANCISCO MÉNDEZ ARROYO** is a party in interest that "may raise and may
appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
et seq. It created Title III to allow the territory access to bankruptcy relief for its
instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **FRANCISCO MÉNDEZ ARROYO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## <u>CONCLUSION</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **FRANCISCO MÉNDEZ ARROYO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## <u>RELIEF REQUESTED</u>

WHEREFORE, **FRANCISCO MÉNDEZ ARROYO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.


**FRANCISCO MÉNDEZ ARROYO**
*Pro se*
**HC-58 BOX 14876**
**AGUADA PR, 00602**
**FRANCISCOMENDEZ55@YAHOO.COM**
**Tel: (787) 238-5924**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANEGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANEGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

### Maritza Colon  OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

## COMES NOW

**Maritza Colon** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **Maritza Colon is** a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **Maritza Colon** is a resident of Ssn Juan, Puerto Rico. The question of who is a "party in interest" should be answere d on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. My son who needs to use oxygen and needs energy. This increase would be catastrophic for family finances.**

3. **Maritza Colon** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

4. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

2

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability

3

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id., The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **Maritza Colon** , PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to

10. **Matitza Colon**   and the people of Puerto Rico. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED WHEREFORE,

**Maritza Colon**   respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.  **I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.      In San Juan Puerto Rico, this 11 ᵈᵃʸ of June 2023.

**Maritza Colon** *Pro se*
Calle Santa Ines 1703
Urb. Alta Mesa -
-San Juan PR 00921

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**IRIS E. CUBERO MAISONET** OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **IRIS E. CUBERO MAISONET**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **IRIS E. CUBERO MAISONET** is a party in interest in the Puerto Rico Electric Power

   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **IRIS E. CUBERO MAISONET** is a resident of **AGUADILLA**, Puerto Rico.  **SHE IS THE**

   **ONLY MEMBER IN HER HOUSEHOLD. SHE IS RETIRED.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.

   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

   **residential and commercial customers for the next 35 years or more, will be seriously**

   **harmed for our household economy. Currently, our household income is below of the**

   **median per household income respect to the nation. So, a significant increase of the**

   **electricity bill as proposed by the Financial and Oversight Management Board (FOMB)**

   **will put an additional weight in my capacity to generate prosperity.  In other words, this**

   **will put in danger my capacity to overcome the disadvantage of my household economic**

   **situation, not only because of an immediate bill increase, but also because of the raise of**

2

**goods and services prices on the market. This situation will affect our purchase power,
and as a domino effect this will harm the economy of all puertoricans.**

5. Therefore, **IRIS E. CUBERO MAISONET** is a party in interest that "may raise and may
appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
et seq. It created Title III to allow the territory access to bankruptcy relief for its
instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **IRIS E. CUBERO MAISONET.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **IRIS E. CUBERO MAISONET** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **IRIS E. CUBERO MAISONET** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **AGUADA** Puerto Rico, this 11th day of June 2023.

**IRIS E. CUBERO MAISONET**
*Pro se*
**RESIDENCIAL AGUSTIN STAHL EDIFICIO #70 APT. 392**
**AGUADILLA PR, 00603**
**IRISCUBERO21@GMAIL.COM**
**Tel: (787) 431-9078**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## PEDRO COLON CARRASQUILLO- OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW PEDRO COLON CARRASQUILLO as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **PEDRO COLON CARRASQUILLO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **PEDRO COLON CARRASQUILLO** is a resident of Carolina, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. It will negatively
   alter my family and business budget, preventing me from meeting the rest of my monthly
   obligations. I will have to choose what bills to pay, as I will not be able to afford them all.
   It will be harder for me to get food home. I already pay a lot, and another increase would
   be too much. This will increase the cost I already have for the raw material for I use in
   my business. This increase will represent a domino effect, so I will have to increase the
   prices for the customers with a projections of a high possibility of losing customers,
   downsizing the company and with a possible reduction in the workforce.  It seems to me**

**that I will enter extreme poverty.**

5. Therefore, **PEDRO COLON CARRASQUILLO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority.* This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **AS PEDRO COLÓN CARRASQUILLO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **PEDRO COLON CARRASQUILLO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **PEDRO COLON CARRASQUILLO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

4

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **PEDRO COLON CARRASQUILLO** Puerto Rico, this 11 day of June 2023.

**PEDRO COLON CARRASQUILLO**
*Pro se*
Boca Ruso Km. 9.8
Carr. 857
Carolina, PR 00987
Email address: pincolon@gmail.com
Tel: (939) 416-6153

5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## YAZMIN BANKS OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

COMES NOW YAZMIN BANKS, as party in interest pursuant to 11 U.S.C. § 1109, appearing

*pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. YAZMIN BANKS is a party in interest in the Puerto Rico Electric Power Authority's

   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. YAZMIN BANKS is a resident of AGUADA, Puerto

   Rico. ELECTRICITY COST IS ALREADY TOO HIGH THIS WILL CREATE AN IMPACT

   ON EVERY FAMILY AND BUSINESS IN PUERTO RICO. IN A HOUSEHOLD OF 5

   MEMBERS THE ELECTRICITY COST IS ALREADY TOO HIGH AND NOW EVER

   MORE WITH THE 30% INCREASE.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.

   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

   **residential and commercial customers for the next 35 years or more.** THIS IS WILL

   CREATE A BIG IMPACT IN THE FAMILY BUDGET FOR HOUSEHOLD

   EXPENSES AS IT IS ALREADY TOO HIGH THE ELECTRICITY BILL. NOW

   THE 30% WILL IMPACT NOT ONLY AT HOME BUT EVERYWHERE AS

   THE SCHOOL COSTS SUCH AS SUPPLIES, SNACKS, OTHER UTILITIES ETC.

Y/O SU NEGOCIO].

5. Therefore, YAZMIN BANKS is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as YAZMIN BANKS. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## <u>CONCLUSION</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to YAZMIN BANKS and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, YAZMIN BANKS respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In AGUADA Puerto Rico, this 7th day of June 2023.

YAZMIN BANKS
*Pro se*
PO BOX 754
AGUADA. PUERTO RICO 00602
yazminbanks2015@gmail.com
Tel: (484-554-3967

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                        Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

**ABEL JAMIL MARRERO OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW ABEL JAMIL MARRERO, as party in interest pursuant to 11 U.S.C. § 1109,
appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the
confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **ABEL JAMIL MARRERO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **ABEL JAMIL MARRERO** is a resident of MOCA, Puerto Rico. ONLY ONE MEMBER
   LIVING IN MY HOUSEHOLD.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs, P.C.</u>
   <u>v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric
   bills of residential and commercial customers for the next 35 years or more,
   will be seriously harmful for our household economy. Currently, our household
   income is below of the median per household income respect to the nation. So,
   a significant increase of the electricity bill as proposed by the Financial and
   Oversight Management Board (FOMB) will put and additional weight in our
   capacity to generate prosperity. In other words, this will put in danger our
   capacity to overcome the disadvantage of our household economic situation,**

2

**not only because of an immediate bill increase, but also because the raise of goods and services prices on the market. This situation will affect our purchase power, and as a domino effect this will harm the economy of all puertoricans. In my case I also run a business, and this electricity bill increase will raise the cost of making business, so this will affect my operating costs and sales**.

5. Therefore, **ABEL JAMIL MARRERO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76

3

(1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ABEL JAMIL MARRERO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ABEL JAMIL MARRERO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

<u>**RELIEF REQUESTED**</u>

**WHEREFORE, ABEL JAMIL MARRERO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 7th day of June 2023.

_____

**ABEL JAMIL MARRERO**
*Pro se*
Calle Barbosa #213 Moca, PR 00676
ya1000marrero@gmail.com
(787) 642-2965

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>              Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

### **ROBERTO M. HERNÁNDEZ GONZÁLEZ** OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW **ROBERTO M. HERNÁNDEZ GONZÁLEZ**, as party in interest pursuant to 11

U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the

Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the

Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **ROBERTO M. HERNÁNDEZ GONZÁLEZ** is a party in interest in the Puerto Rico Electric
   Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **ROBERTO M. HERNÁNDEZ GONZÁLEZ** is a resident of **MOCA**, Puerto Rico. **THREE
   MORE FAMILY MEMBERS LIVING IN HIS HOUSEHOLD.**

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more, will be seriously
   harmful for our household economy. Currently, our household income is below of the
   median per household income respect to the nation. So, a significant increase of the
   electricity bill as proposed by the Financial and Oversight Management Board (FOMB)
   will put and additional weight in our capacity to generate prosperity.  In other words,
   this will put in danger our capacity to overcome the disadvantage of our household
   economic situation, not only because of an immediate bill increase, but also because the**

2

raise of goods and services prices on the market. This situation will affect our purchase power, and as a domino effect this will harm the economy of all puertoricans.

5. Therefore, **ROBERTO M. HERNÁNDEZ GONZÁLEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alàmeda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.,</u> 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ROBERTO M. HERNÁNDEZ GONZÁLEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ROBERTO M. HERNÁNDEZ GONZÁLEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **ROBERTO M. HERNÁNDEZ GONZÁLEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In **MOCA** Puerto Rico, this 10th day of June 2023.

**ROBERTO M. HERNÁNDEZ GONZÁLEZ**
*Pro se*
**HC-5 BOX 10610**
**MOCA, PR 00676**
**RMHG.ROB@GMAIL.COM**
**Tel: (939) 271-6398**

5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                                Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                                Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



## DAMARIS ORTIZ LABOY OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW DAMARIS ORTIZ LABOY**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **DAMARIS ORTIZ LABOY** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **DAMARIS ORTIZ LABOY** is a resident of HUMACAO, Puerto Rico. Married, mother of two children and teacher.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **DAMARIS ORTIZ LABOY** is a party in interest that "may raise and may appear

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
    et seq. It created Title III to allow the territory access to bankruptcy relief for its
    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
    Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are
    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **DAMARIS ORTIZ LABOY**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **DAMARIS ORTIZ LABOY** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, DAMARIS ORTIZ LABOY** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 8th day of June 2023.

*Damaris Ortiz Laboy*
Damaris Ortiz Laboy
*PRO SE*
19 Calle Honduras
Urb. Ciudad Cristiana
Humacao, P.R. 00791
damarisortiz78@yahoo.com
Tel: (787) 934-9777

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## YESENIA ROSARIO HERNANDEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW YESENIA ROSARIO HERNANDEZ**, as party in interest pursuant to 11 U.S.C.
§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court
deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto
Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **YESENIA ROSARIO HERNANDEZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **YESENIA ROSARIO HERNANDEZ** is a resident of **LAS PIEDRAS**, Puerto Rico. Married,
   mother of two children and teacher.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

2

5. Therefore, **YESENIA ROSARIO HERNANDEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **YESENIA ROSARIO HERNANDEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **YESENIA ROSARIO HERNANDEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, **YESENIA ROSARIO HERNANDEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 9th day of June 2023.

Yesenia Rosario Hernández
*PRO SE*
Urb. Olimpic Court
Calle Tebas 194
Las Piedras, P.R. 00771
yrh2013@yahoo.com
Tel: (787) 604-8427

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>  Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>  Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ISMAEL ORTIZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ISMAEL ORTIZ,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ISMAEL ORTIZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **ISMAEL ORTIZ** is a single man, resident of San Juan, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyonewho will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **ISMAEL ORTIZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **ISMAEL ORTIZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ISMAEL ORTIZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **ISMAEL ORTIZ** respectfully requests that the Court take notice of the

above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.


                                        **ISMAEL ORTIZ**

                                        *PRO SE*

                                        414 Rabal  Lama

                                        Urb. Roosevelt

                                        San Juan, PR. 00918

                                        isma_ortiz@mac.com

                                        Tel: (787)539-4337

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



## JANISSE RIVERA SIERRA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JANISSE RIVERA SIERRA**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **JANISSE RIVERA SIERRA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **JANISSE RIVERA SIERRA** is a resident of **HUMACAO**, Puerto Rico. Married, mother of one children and teacher.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **JANISSE RIVERA SIERRA** is a party in interest that "may raise and may appear

2

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
    et seq. It created Title III to allow the territory access to bankruptcy relief for its
    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
    Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are
    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JANISSE RIVERA SIERRA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JANISSE RIVERA SIERRA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE, JANISSE RIVERA SIERRA** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 9th day of June 2023.

Janisse Rivera Sierra
*PRO SE*
H.C. 04 Box 4838
Humacao, P.R. 00791
janisse_rivera@yahoo.com
Tel: (787) 378-7863

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

<table>
<tr><td>

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

     as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*

                  Debtors.[1]

</td><td>

PROMESA
Title III

Case No. 17 BK 3283-LTS
(Jointly Administered)

</td></tr>
<tr><td>

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO

     as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

                  Debtor.

</td><td>

PROMESA
Title III

Case No. 17 BK 4780-LTS

</td></tr>
</table>



## MARINELY ORTIZ LEBRÓN OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW MARINELY ORTIZ LEBRON**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **MARINELY ORTIZ LEBRON** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **MARINELY ORTIZ LEBRON** is a resident of **MAUNABO**, Puerto Rico. Married, mother
   of two children and teacher.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **MARINELY ORTIZ LEBRÓN**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **MARINELY ORTIZ LEBRÓN** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **MARINELY ORTIZ LEBRÓN** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 8th day of June 2023.

Marinely Ortiz Lebrón
*PRO SE*
C-7
Urb. San Pedro
Maunabo, P.R. 00707
ortizmarinely@gmail.com
Tel: (787) 486-9281

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>            Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>            Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



## ENEIDY ALMODOVAR FEBRES OBJECTION TO THE CONFIRMATION OF
## THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ENEIDY ALMODOVAR FEBRES**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").


## PRELIMINARY STATEMENT


1. **ENEIDY ALMODOVAR FEBRES** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **ENEIDY ALMODOVAR FEBRES** is a resident of LAS PIEDRAS, Puerto Rico. Single and
   clerk.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **ENEIDY ALMODOVAR FEBRES** is a party in interest that "may raise and may

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ENEIDY ALMODOVAR FEBRES**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ENEIDY ALMODOVAR FEBRES** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **ENEIDY ALMODOVAR FEBRES** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Eneidy Almodovar Febres
*PRO SE*
298 Estancias Los Artesanos
Las Piedras, P.R. 00771
eneidy12@gmail.com
Tel: (787)900-5058

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                           Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |



## DENIS G. BAEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW DENIS G. BAEZ**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **DENIS G. BAEZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **DENIS G. BAEZ** is a single man, resident of Toa Baja, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyonewho will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **DENIS G. BAEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such **DENIS G. BAEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **DENIS G. BAEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **DENIS G. BAEZ** respectfully requests that the Court take notice of the

above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

**DENIS G. BAEZ**
*PRO SE*
JU-16 Rufino Ramírez Levittown
Toa Baja, PR. 00950
Mustangboy311@hotmail.com
Tel: (787)222-2795

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>              Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>              Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## NYDIA VELAZQUEZ MENDEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

COMES NOW NYDIA VELAZQUEZ MENDEZ, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").


## PRELIMINARY STATEMENT


1.  **NYDIA VELAZQUEZ MENDEZ** is a party in interest in the Puerto Rico Electric Power
    Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2.  **NYDIA VELAZQUEZ MENDEZ** is a resident of HUMACAO, Puerto Rico. Married,
    mother of two childrens and educational advisor.

3.  The question of who is a "party in interest" should be answered on a case-by-case basis. The
    definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
    legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
    v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
    who will be significantly impacted.

4.  **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
    residential and commercial customers for the next 35 years or more. These increases
    would impact my family dramatically. It would force me to decide whether to pay the
    electricity or go to the supermarket to buy food for my family. Our salary is committed
    to basic needs and is not left over to pay more increases.**

5.  Therefore, **NYDIA VELAZQUEZ MENDEZ** is a party in interest that "may raise and may

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **NYDIA VELAZQUEZ MENDEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **NYDIA VELAZQUEZ MENDEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **NYDIA VELAZQUEZ MENDEZ** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Nydia Velázquez Méndez
*PRO SE*
Urb. Villas del Río,
90 Río Yágüez
Humacao, P.R. 00791
nvelazquez375@gmail.com
Tel: (787)678-6476

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | |
| THE COMMONWEALTH OF PUERTO RICO, *et al.* | Case No. 17 BK 3283-LTS (Jointly Administered) |
| Debtors.[1] | |
| In re: | PROMESA |
| | Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | |
| as representative of | Case No. 17 BK 4780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY, | |
| Debtor. | |



## SAMMY ALMODOVAR LOPEZ OBJECTION TO THE CONFIRMATION OF
## THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW SAMMY ALMODOVAR LOPEZ**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **SAMMY ALMODOVAR LOPEZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **SAMMY ALMODOVAR LOPEZ** is a resident of LAS PIEDRAS, Puerto Rico. Married,
   father of two childrens and retired.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **SAMMY ALMODOVAR LOPEZ** is a party in interest that "may raise and may

2

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **SAMMY ALMODOVAR LOPEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **SAMMY ALMODOVAR LOPEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **SAMMY ALMODOVAR LOPEZ** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Sammy Almodóvar López
*PRO SE*

298 Estancias Los Artesanos
Las Piedras, P.R. 00771
sammy.almodovar08@gmail.com
Tel: (787)378-4499

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>          Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## MARITELLY DIAZ HERNANDEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW MARITELLY DIAZ HERNANDEZ**, as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **MARITELLY DIAZ HERNANDEZ** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **MARITELLY DIAZ HERNANDEZ** is a resident of HUMACAO, Puerto Rico. Married, and
   purchasing manager.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **MARITELLY DIAZ HERNANDEZ** is a party in interest that "may raise and may

2

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
   became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
   et seq. It created Title III to allow the territory access to bankruptcy relief for its
   instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
   Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
   Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
   Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
   filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **MARITELLY DIAZ HERNANDEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **MARITELLY DIAZ HERNANDEZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

### RELIEF REQUESTED

**WHEREFORE**, **MARITELLY DIAZ HERNANDEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Maritelly Diaz Hernández
*PRO SE*
H.C. 11 Box 12372
Humacao, P.R. 00791
diazm23@live.com
Tel: (787) 451-1732

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et<br>al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## JUAN M. ALICEA OBJECTION TO THE CONFIRMATION OF THE PUERTO
## RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4)
digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico
(Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax
Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID:
8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS)
(Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the
Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax
ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last
Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software
limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JUAN M. ALICEA**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **JUAN M. ALICEA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **JUAN M. ALICEA** is a resident of Juncos, Puerto Rico. Married, father, grandfather and unemployed.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **JUAN M. ALICEA** is a party in interest that "may raise and may appear and be

2

heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability
of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JUAN M.
ALICEA**. Therefore, PREPA will not be able to generate enough revenue and comply with its
obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment
is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet
the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment
would cause great prejudice to **JUAN M. ALICEA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for
consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's
restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will
affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, JUAN M. ALICEA** respectfully requests that the Court take notice of

the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Juan M. Alicea
*PRO SE*
P.O. Box 634
Juncos, P.R. 00777
manuelalicea290@gmail.com
Tel: (787)556-1704

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## DANIEL BRYANT OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW DANIEL BRYANT**, as party in interest pursuant to 11 U.S.C. § 1109, appearing

*pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation

of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **DANIEL BRYANT** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **DANIEL BRYANT** is a resident of GURABO, Puerto Rico. Married, father, grandfather and retired.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **DANIEL BRYANT** is a party in interest that "may raise and may appear and be

2

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **DANIEL BRYANT**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **DANIEL BRYANT** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, DANIEL BRYANT** respectfully requests that the Court take notice of

the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Daniel L Bryant
Daniel Bryant
*PRO SE*
H.C. 02 Box 12275
Gurabo, P.R. 00778
carmenebryant1954@gmail.com
Tel: (917)669-1934

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |



**YARIELIZ RODRIGUEZ RIVERA OBJECTION TO THE CONFIRMATION OF
THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW YARIELIZ RODRIGUEZ RIVERA**, as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **YARIELIZ RODRIGUEZ RIVERA** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **YARIELIZ RODRIGUEZ RIVERA** is a resident of HUMACAO, Puerto Rico. Single and
   college student.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. This increase
   threatens my future goals of having a family and being able to keep it stable. The salary
   that you can earn should not be to pay a debt that does not correspond to us.**

5. Therefore, **YARIELIZ RODRIGUEZ RIVERA** is a party in interest that "may raise and may
   appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

2

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **YARIELIZ RODRIGUEZ RIVERA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **YARIELIZ RODRIGUEZ RIVERA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **YARIELIZ RODRIGUEZ RIVERA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 7th day of June 2023.

Yarieliz Rodriguez Rivera
*PRO SE*
P.O. Box 9248
Humacao, P.R. 00792
yarieliz.rodriguezrivera@gmail.com
Tel: (787)314-8661

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |



**GLENDA E. ORTIZ SORANDO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW GLENDA E. ORTIZ SORANDO**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **GLENDA E. ORTIZ SORANDO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **GLENDA E. ORTIZ SORANDO** is a resident of **HUMACAO**, Puerto Rico. Married, mother
   of one children and teacher.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **GLENDA E. ORTIZ SORANDO** is a party in interest that "may raise and may

2

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
et seq. It created Title III to allow the territory access to bankruptcy relief for its
instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **GLENDA E. ORTIZ SORANDO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **GLENDA E. ORTIZ SORANDO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

**WHEREFORE, GLENDA E. ORTIZ SORANDO** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 9th day of June 2023.

Glenda E. Ortiz Sorando
*PRO SE*
Urb. Villa Universitaria
Calle 24 R-25
Humacao, P.R. 00791
glendaortiz962@gmail.com
Tel: (787) 225-5292

5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>                Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## JOSE R. GUZMAN SANTIAGO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JOSE R. GUZMAN SANTIAGO**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **JOSE R. GUZMAN SANTIAGO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **JOSE R. GUZMAN SANTIAGO** is a resident of YABUCOA, Puerto Rico. Married, father
   of two childrens and paramedic.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **JOSE R. GUZMAN SANTIAGO** is a party in interest that "may raise and may

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
   became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
   et seq. It created Title III to allow the territory access to bankruptcy relief for its
   instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
   Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
   Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
   Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
   filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability
of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JOSE R.
GUZMAN SANTIAGO**. Therefore, PREPA will not be able to generate enough revenue and
comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the
Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet
the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment
would cause great prejudice to **JOSE R. GUZMAN SANTIAGO** and the people of Puerto
Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for
consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's
restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will
affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **JOSE R. GUZMAN SANTIAGO** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Jose R. Guzman Santiago
*PRO SE*
H.C. 06 Box 11532
Yabucoa, P.R. 00767
guzmanjose1705@outlook.com
Tel: (787)310-4366

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## MADELAINE FEBRES SILVA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW MADELAINE FEBRES SILVA**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **MADELAINE FEBRES SILVA** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **MADELAINE FEBRES SILVA** is a resident of LAS PIEDRAS, Puerto Rico. Married,
   mother of three childrens and retired.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. These increases
   would impact my family dramatically. It would force me to decide whether to pay the
   electricity or go to the supermarket to buy food for my family. Our salary is committed
   to basic needs and is not left over to pay more increases.**

5. Therefore, **MADELAINE FEBRES SILVA** is a party in interest that "may raise and may

2

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
    et seq. It created Title III to allow the territory access to bankruptcy relief for its
    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
    Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are
    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **MADELAINE FEBRES SILVA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.


<u>**CONCLUSION**</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **MADELAINE FEBRES SILVA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **MADELAINE FEBRES SILVA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Madelaine Febres Silva
*PRO SE*
298 Estancias Los Artesanos
Las Piedras, P.R. 00771
madelainefebres6@gmail.com
Tel: (787) 930-2281

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ZUJEILY ALEJANDRO DIAZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ZUJEILY ALEJANDRO DIAZ**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").


**PRELIMINARY STATEMENT**


1. **ZUJEILY ALEJANDRO DIAZ** is a party in interest in the Puerto Rico Electric Power

   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **ZUJEILY ALEJANDRO DIAZ** is a resident of Juncos, Puerto Rico. Married, mother of two

   childrens and medical plan biller.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.

   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

   **residential and commercial customers for the next 35 years or more. These increases**

   **would impact my family dramatically. It would force me to decide whether to pay the**

   **electricity or go to the supermarket to buy food for my family. Our salary is committed**

   **to basic needs and is not left over to pay more increases.**

5. Therefore, **ZUJEILY ALEJANDRO DIAZ** is a party in interest that "may raise and may

appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

    et seq. It created Title III to allow the territory access to bankruptcy relief for its

    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power*

    *Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

    filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ZUJEILY ALEJANDRO DIAZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.


## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ZUJEILY ALEJANDRO DIAZ** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **ZUJEILY ALEJANDRO DIAZ** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Zujeily Alejandro Diaz
*PRO SE*
Urb. Brisas del Prado
144 Calle Nilo
Juncos, P.R. 00777
alejandrozujeily@yahoo.com
Tel: (939)655-0554

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## CARMEN BRYANT OBJECTION TO THE CONFIRMATION OF THE
## PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW CARMEN BRYANT**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

**PRELIMINARY STATEMENT**

1. **CARMEN BRYANT** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **CARMEN BRYANT** is a resident of GURABO, Puerto Rico. Married, mother, grandmother and retired.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. These increases would impact my family dramatically. It would force me to decide whether to pay the electricity or go to the supermarket to buy food for my family. Our salary is committed to basic needs and is not left over to pay more increases.**

5. Therefore, **CARMEN BRYANT** is a party in interest that "may raise and may appear and be

2

heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

3

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **CARMEN BRYANT**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

### CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **CARMEN BRYANT** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE**, **CARMEN BRYANT** respectfully requests that the Court take notice of

the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to all case participants.

In HUMACAO, Puerto Rico, this 10th day of June 2023.

Carmen Bryant
*PRO SE*
H.C. 02 Box 12275
Gurabo, P.R. 00778
carmenebryant1954@gmail.com
Tel: (860)796-5930