# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 JUN 12 AM11:19

## ADALBERTO QUINTANA VAZQUEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ADALBERTO QUINTANA VAZQUEZ**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ADALBERTO QUINTANA VAZQUEZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **ADALBERTO QUINTANA VAZQUEZ** is a resident of Juncos, Puerto Rico. He lives in a household of two, including himself and his wife, Gloria E. Torres Baez. Adalberto is 69 years old and his wife is 63 years old. Adalberto is retired since 2005, and Gloria since 2014. Gloria, who obtained master's and PhD degree, was a teacher at the Department of Education for 33 years, and Adalberto worked for 29 years in the pharmaceutical industry. As a retired teacher, Gloria receives $2,028/month of pension benefit, and Adalberto receives $2,000/month. Together, they rely on less than $4,100/month to survive and cover basic expenses. Adalberto suffers from high-blood pressure, arthritis, and prostrate treatment (which requires daily medication). Gloria is also suffering from fibromyalgia, arthritis, and skin conditions. Their household's electricity bill is under Adalberto's name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. **ADALBERTO QUINTANA VAZQUEZ** and his wife will be severely impacted by this Plan of Adjustment's proposed increases in electricity and its Legacy Charge. They currently live under a precarious financial situation, despite having worked for decades. Their monthly payments include $856 for their home and around $350 for food. Despite their $216/month payment for medical insurance, they often have to incur in out-of-pocket expenses for their medical treatment, such as arthritis injections, and physical therapy. They regularly pay between $60 - $80 per month for their home's electricity. This is without owning an air conditioning, and being extremely careful not to turn lights on unless it is necessary. If this Plan is approved, Adalberto's household will be unable to cover the most basic expenses of everyday life. He and his wife already live with a very limited amount of money and struggle with the inflationary pressures of the Puerto Rican economy.

5. Because this Plan will also raise business' electricity costs and further propel inflation, the Plan will make it extremely difficult for Adalberto's household to afford gas, food, electricity, and other basic goods. As elderly and retired citizens, they are especially vulnerable to this Plan's financial effects, because they are unable to gain further income as they grow older. This will leave them at risk of being unable to treat their medical conditions, exposing them to life threatening risks. The Plan's proposed increases in energy costs, in short, gravely threaten against their financial and physical well-being. Adalberto does not understand why –despite never having consented to PREPA's bankruptcy, and having had nothing to do with this corporation's mismanagement– he and his wife, like other vulnerable and poor citizens in Puerto Rico, will be forced to bear the costs of this debt restructuring.

6. Therefore, **ADALBERTO QUINTANA VAZQUEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

4

under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ADALBERTO QUINTANA VAZQUEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ADALBERTO QUINTANA VAZQUEZ** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, ADALBERTO QUINTANA VAZQUEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Juncos, Puerto Rico, this 12th day of June 2023.

**ADALBERTO QUINTANA VAZQUEZ**
*Pro se*
HC20 BOX 17621
Juncos, Puerto Rico
00777-9614
Aqv54@icloud.com
(787) 910-0106

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                         Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## ADRIANA SANTANA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ADRIANA SANTANA,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ADRIANA SANTANA** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **ADRIANA SANTANA,** am a resident of Carolina, Puerto Rico. I live in a household of three, including myself, my partner, and my child, who is 16 years old. I own a business called Centro Educativo Prático, Inc. ('CEP'), which provides educational services for students from 8 to 15 years old. The CEP has been operating for four years, and it is based in Santurce, Puerto Rico from a rented commercial location. The business is comprised of five professional service associates, including myself.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** These additional charges threaten against my livelihood, the operation of my small business, and that of all other small to medium business owners in Puerto Rico. Over the past two years, I have confronted

2

two rent increases in my business' location because of the increase of electricity. That is, the property's owner's electricity bill increases, and he then passes on the costs to me and my business. I want from paying $500/month for electricity in my commercial bill, to $700/month today. And this is all without adding any additional electric equipment to my business operation. That is, I already employ conservative energy saving practices, and still am paying an exorbitant amount. This increase is simply unsustainable for my business' operation. I manage two classrooms at the CEP, and only one of them has an A/C. Right now, because of the increase in energy rates, I am forced to shut down the room with the A/C, thus depriving students from the opportunity to take classes in a comfortable and adequate setting. If this Plan is confirmed, I face the most serious risk of simply losing my business. It has been well documented that the Plan will lead to increased costs in all spheres of everyday life in Puerto Rico. Students and young people are and will continue leaving Puerto Rico if the proposed Plan is approved. My business will simply not have enough enrollment to sustain itself. In short, by depriving me of the opportunity to provide affordable and effective education to our children, this proposed Plan's rate increases will have the perverse effect of contracting Puerto Rico's economy, our labor force, and our ability to construct a stable and dignified future.

5. Therefore, **ADRIANA SANTANA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

3

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

   under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

    debtor and to meet the obligations contemplated in the Plan without the significant probability

    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ADRIANA

    SANTANA**. Therefore, PREPA will not be able to generate enough revenue and comply with

4

its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ADRIANA SANTANA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, ADRIANA SANTANA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 12ʰ day of June 2023.

**ADRIANA SANTANA**
*Pro se*
Villa Carolina, Calle 429
Casa 1553
Carolina, Puerto Rico
00985
Adrianasantanacotto4@gmail.com
(787) 224-6116

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 JUN 12 AM 11:20

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>                Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ALICE ACEVEDO NAVARRO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ALICE ACEVEDO NAVARRO,** as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **ALICE ACEVEDO NAVARRO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **ALICE ACEVEDO NAVARRO** am a resident of Bayamón, Puerto Rico. I live in a two
   person household with my mother who is 92 years old and bedbound. I am 69 years old and
   retired whose income is $1,700/ month from Social Security. I used to work in the House of
   Representatives in Capitol Hill and the House of Representatives of the Commonwealth of
   Puerto Rico. I am currently a patient that requires the use of medical equipment powered by
   electricity. Eleven months ago, because of the high energy costs and the risks of power outages
   that would affect my mother's and my wellbeing, I decided to install solar panels in my home.
   Despite this, I still have to pay LUMA a range of $35-$70 because of the high energy
   consumption that my mother's medical needs require. This includes 24 air conditioning.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>
   <u>v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

**residential and commercial customers for the next 35 years or more.** The Plan's proposed
energy increases will surely increase the costs of living in Puerto Rico, which in turn will affect
my acquisition power. I would have less income available for the payment of other utilities
and like gas and any recreational activities. The additional costs of energy I would have to pay
would mean less money to pay for my mother's caretaker. The increase in my energy bill will
also cut into my household and also for my mother's food budget. Additional energy costs also
take a toll on my emotional wellbeing because of the anxiety it causes me, something that
simply cannot be calculated.

5.  Therefore, **ALICE ACEVEDO NAVARRO** is a party in interest that "may raise and may
    appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt
    became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101
    et seq. It created Title III to allow the territory access to bankruptcy relief for its
    instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto
    Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the
    Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power
    Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was
    filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
    48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action

necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ALICE ACEVEDO NAVARRO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ALICE ACEVEDO NAVARRO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for

consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### RELIEF REQUESTED

**WHEREFORE, ALICE ACEVEDO NAVARRO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

ALICE ACEVEDO NAVARRO
*Pro se*
Urb. Santa Rosa
Bloque 56 #8 Calle 32
Bayamón, Puerto Rico
00959
acealicia@gmail.com
(787) 314-3753

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## ALVIN RAMOS SANTIAGO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**COMES NOW ALVIN RAMOS SANTIAGO**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court
deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the
Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ALVIN RAMOS SANTIAGO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, ALVIN RAMOS SANTIAGO,** am a resident of Bayamon Puerto Rico. I am currently a
   truck driver and live in a household comprises of four people, including my mother of 62
   years old and my father of 63 years old Alvin Ramos Santiago that has the electricity bill
   under his name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs.
   P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean
   anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more. The proposed
   adjustment is not sustainable for my family considering the total household income. My
   sister and I both live with my parents to help them cover their basic needs since their only
   income is social security that is not enough for them to pay for their medical bills and basic
   expenses. We currently pay around $63.70 for a minimum consumption of 300 kWh. A
   proposed increase of around 24% along with the other increases in cost of living will be an

unfeasible for my family and we will be unable to consider the option of paying for caretakers for our parents.

5. Therefore, **ALVIN RAMOS SANTIAGO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

3

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ALVIN RAMOS SANTIAGO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ALVIN RAMOS SANTIAGO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, ALVIN RAMOS SANTIAGO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

4

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with

the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.


**ALVIN RAMOS SANTIAGO**
*Pro se*
RR8 Box 9479
Bayamon, PR 00956
alvinintegra@gmail.com
Tel: (787) 943-7006

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                   Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## AMARILYS GUZMAN ANDINO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW AMARILYS GUZMAN ANDINO**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **AMARILYS GUZMAN ANDINO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, AMARILYS GUZMAN ANDINO,** am a resident of Guaynabo, Puerto Rico. I am an
   elderly caretaker who currently lives on my own and pay for the electricity bill under my name
   to the company LUMA Energy.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential
   and commercial customers for the next 35 years or more. This plan will have an adverse effect
   on my ability to cover my monthly household expenses. My current electricity bill is
   approximately $80.00 and if that proposed adjustment is approved that expense could represent
   an increase of at least 15% more. The increases in prices for all necessities such as food,
   energy, among others are making very difficult to live in Puerto Rico for citizens like me who
   receive the minimum wage. The rising cost of living is also not letting us any purchasing

2

power and that is why I consider this plan detrimental to my quality of life.

5. Therefore, **AMARILYS GUZMAN ANDINO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

3

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **AMARILYS GUZMAN ANDINO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **AMARILYS GUZMAN ANDINO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **AMARILYS GUZMAN ANDINO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**AMARILYS GUZMAN ANDINO**

*Pro se*
*HC01 Box 6228*
*Guaynabo, Puerto Rico 00971*
guzmana134@gmail.com
Tel: (787) 969-1489

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 JUN 12 AM11:20

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## CRUZ VIRGINIA LANDRAU OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW CRUZ VIRGINIA LANDRAU**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **CRUZ VIRGINIA LANDRAU** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. I, **CRUZ VIRGINIA LANDRAU**, am a resident of Carolina, Puerto Rico. I live in a
   household of one person, just myself. I am 71 years old. I worked for the municipality of San
   Juan as Supervisor of Social Work for 19 years. I am currently retired. My government pension
   amounts to $235 every 15 days, which makes a total of $470 every month, as well as Social
   Security ($1,790/month). In sum, I rely on less than $3,000/month for my everyday living
   expenses. I also suffer from medical conditions such as diabetes type 2, hypertension,
   neuropathy, tendonitis, insomnia, anxiety, depression, vein insufficiency, heart problems,
   severe osteoporosis, all of which requires frequent medication and strict diets.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** This increased energy

2

costs will not only raise my own home's electricity rates, but also that of all businesses', in Puerto Rico, thus increasing costs for everyday living expenses –gas, food, basic commodities– in Puerto Rico. As a retired pensioner, I rely on a fixed number of benefits that will not increase over time. This means that as costs of everyday life increase in Puerto Rico, I will be increasingly unable to cover my basic life expenses. Last month, my bill came $240 for energy, and I am just one person in my home. I have never in my life had to pay such a high-energy bill. I have so far been unable to paid this past bill because I don't have sufficient money to cover all my expenses at the same time, and all the medications that I need for all my medical conditions. I am 71 years old and I have many medical conditions to cover. I require 25 medications, and right now Medicaid is reviewing my coverage, with the possibility that I will have to cover medication costs myself. The plan's Proposed increases will make it impossible for me to cover medication and food expenses. As I write, I do not have food in my fridge because I have been unable to afford groceries. On June 1st of this year, I had to declare Chapter 7 bankruptcy in the US Bankruptcy Court for the District of Puerto Rico. My financial situation is extremely precarious and the Plan's increases will send me into deep poverty. I have seen energy costs increasing every month. But the island's energy grid has become more and more unreliable. Just this week, for example, I have lost power in my home around 2 times a day for short periods of time. The Proposed Plan will fail to improve the system's reliability and will simply continue depleting the resources of vulnerable populations like myself, who depend on fixed number of benefits and require electricity as an essential service to survive.

5. In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in

Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age.

6. Therefore, **CRUZ VIRGINIA LANDRAU**, is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

4

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022)

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **CRUZ VIRGINIA LANDRAU**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **CRUZ VIRGINIA LANDRAU** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, CRUZ VIRGINIA LANDRAU** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to case participants.

In Carolina Puerto Rico, this 12th day of June 2023.

CRUZ VIRGINIA LANDRAU
*Pro se*
Urb. Loma Alta
Calle 13 L6
Carolina, Puerto Rico
00987-5451
cruzvirginia.landrau@gmail.com
Tel: (939) 645-4359

6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                          Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                          Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## CYNTHIA IGLESIAS QUIÑONES OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW CYNTHIA IGLESIAS QUIÑONES,** as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **CYNTHIA IGLESIAS QUIÑONES** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, CYNTHIA IGLESIAS QUIÑONES,** am a resident of Guaynabo, Puerto Rico. I live in a household by myself. I am 64 years old and receive around $1,240/monthly of Social Security. I retired two years ago, and worked in the Department of Justice of Puerto Rico for 14 years. I have an 89-year-old mother who is suffering from cognitive impairments.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** I already live a quite frugal and spartan life in my home, and have almost no electricity consumption. I have no A/C and have opted not to use my washing and drying machine, nor my water heater. I barely turn on the lights in my house. I have to cover my medical expenses by myself. I am quite concerned about the energy rate increases that I have seen throughout the past months, and worry that –

2

given my fixed social security benefits– any increases in energy costs, as this Plan will surely lead to, will place me in an untenably precarious financial situation. I have considered transitioning to solar energy, as so many other Puerto Ricans are already doing. But this transition is extremely costly and is not feasible, given my current rate of consumption (ebbing from 90 kHw – 100 kHW). As such, the Plan will force me to endure energy costs that are unfeasible. In addition, this Plan will lead to increased costs in other everyday products in Puerto Rico –such as food, gas, housing, and any consumption of ordinary goods. My monthly benefits' purchasing power will greatly decrease over time if this Plan is approved. This will make it extremely difficult to keep up with the health and personal expenses that I will have to incur in as I growing older. It will also make it difficult for me to, if needed, provide my mother with the financial and health support she might require.

5. Therefore, **CYNTHIA IGLESIAS QUIÑONES** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

3

## **LEGAL ARGUMENT**

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.
48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements
> are met, including that: the debtor is not prohibited by law from taking any action
> necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
> necessary under applicable law in order to carry out any provision of the plan has
> been obtained, or such provision is expressly conditioned on such approval; . . .
> [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
> Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
> (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations
under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability
of a default?" Id.

11. The Plan's Legacy Charge corresponds to an unsecured debt. Being so, there should be no
guarantee of its payment. Creditors in this class –who now seek to benefit from the Legacy
Charge—assumed financial risks when they lent money to PREPA. If this Court irremediably
decides to impose the Legacy Charge, then being a resident of Puerto Rico should not be the
sole criterion to impose that charge. The Court should consider inspecting the list of registered
electors in Puerto Rico, and identifying those who indeed voted during the period in which the

4

public debt was accumulated, much like the IRS binds US citizens to pay their taxes regardless of where they find themselves. Similarly, citizens who voted in local elections during the period of debt accumulation –and, indeed, elected the leaders who indebted our country– should also bear a portion of this debt.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **CYNTHIA IGLESIAS QUIÑONES.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **CYNTHIA IGLESIAS QUIÑONES** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

WHEREFORE, **CYNTHIA IGLESIAS QUIÑONES** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 12th day of June 2023.

**CYNTHIA IGLESIAS QUIÑONES**
*Pro se*
Urb. Terranova
E7 Calle 2
Guaynabo, Puerto Rico
cyiglesias@yahoo.com
00969-5427
(787) 616-8556

6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## DR. BRAULIO GONZÁLEZ RODRÍGUEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW DR. BRAULIO GONZÁLEZ RODRÍGUEZ**, as party in interest pursuant to

11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that

the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of

the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** is a party in interest in the Puerto Rico Electric

   Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** is a resident of San Juan, Puerto Rico and

   owner of a chiropractic practice located in Caguas, Puerto Rico.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.

   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential

   and commercial customers for the next 35 years or more. This will particularly impact **DR.**

   **BRAULIO GONZÁLEZ RODRÍGUEZ** through the business that he owns, putting in

   jeopardy the future of this business and income source for **DR. BRAULIO GONZÁLEZ**

   **RODRÍGUEZ**. During the last several years, his office has confronted a series of difficulties

   that have threatened its continued ability to operate. First, Hurricane María resulted in

   significant damages, which led to repair costs and delayed the re-opening of the business. At

   the same time, there were pending obligations, such as wages to employees and rent payments,

among others. **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** did not receive a salary for a year to be able to comply with these obligations. After that, earthquakes occurred in the area which resulted in a significant decline in the number of patients and, consequently, income. The lack of certainty with respect to resumption of operations resulted in the business losing patients. The pandemic also obligated the business to completely close for several months, resulting in an accumulation of loans and obligations. At the same time, the business had difficulty in communicating with the financial institutions that had originated the loans, resulting in an excess of payments of around $400 and a lack of insurance to protect the facilities. For several months the office did not receive patients or income.

5. After the arrival of LUMA Energy ('LUMA'), the business has experienced constant outages and voltage fluctuations that have required it to cancel appointments with patients and close the office for days in which there is no electricity. Office equipment (including the hot water heater needed to treat patients with hot pads, computers, and other equipment needed to treat patients) also have suffered damages and some have had to be replaced. The infrastructure of the site does not allow them to have a generator or other means of energy supply, which has resulted in the loss of patients in income. In spite of this, the office has continued fulfilling its obligations and paying the wages of its employees.

6. Finally, the constant rate increases under LUMA have affected the business substantially, given that there have been 7 increases in less than a year. This situation has put the business in a precarious situation, coming at a time in which it has already suffered significant losses. If another rate increase is imposed, even just one additional, **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** will not be able to continue to operate his business. This will directly impact the income not only of **DR. BRAULIO GONZÁLEZ RODRÍGUEZ**, but also of his

employees.

7. Therefore, **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

8. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

9. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

10. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

11. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

12. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

13. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **DR. BRAULIO GONZÁLEZ RODRÍGUEZ.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

14. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **DR. BRAULIO GONZÁLEZ RODRÍGUEZ** and the people of Puerto Rico.

15. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, DR. BRAULIO GONZÁLEZ RODRÍGUEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

5

Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 11ᵗʰ day of June 2023.


*Braulio Gon Fdm*

**DR. BRAULIO GONZÁLEZ RODRÍGUEZ**
*Pro se*
Condominio Segovia
650 C. Ing. Sergio Cuevas Bustamante
Apt.1211
San Juan, Puerto Rico
00918
dc.bgonzalez@gmail.com
(787) 367-6900

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

*RECEIVED AND FILED*

*CLERK'S OFFICE USDC PR*

*2023 JUN 12 PM 1:40*

**EMIL NIEVES-MOUNIER OBJECTION TO THE CONFIRMATION OF THE
PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

COMES NOW EMIL NIEVES-MOUNIER, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

**PRELIMINARY STATEMENT**

1. **EMIL NIEVES-MOUNIER** is a party in interest in the Puerto Rico Electric Power

   Authority's ("PREPA") Title III Bankruptcy. *See* 11 U.S.C. § 1109(b).

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

2.  I, **EMIL NIEVES-MOUNIER,** am a resident of San Juan, Puerto Rico. I am (age 65) part of a four-member family (from now on "Our Family") composed by my wife Carmen E. Vargas-González (age 70), our two daughters Lyana Y. Nieves-Vargas (age 30), and Ylenia Y. Nieves-Vargas (age 29). My wife and I are both retirees from the Government of Puerto Rico, where we worked for over 35 years. Our principal source of income comes from government pensions and Social Security. The government pensions have been frozen since our retirement, my wife since 2019 and mine since 2017. There has not been any cost-of-living adjustment (COLA), as The Financial Oversight and Management Board (Control Board) opposes vehemently any COLA in government pensions. Although our daughters work and study, they cannot afford to live by themselves due to Puerto Rico's underlying economic conditions and low wages. We are the owners of our home.

3.  We are a low-income middle-class family by US standards. When compared to US median income ($98,487 for years 2022-23) for 4 person families, the head of family income is just 43%. As most puertorrican families, during 2022 we struggled to deliver food to our table as we were faced with increasing food prices. More than 40% of head of family income was spent on food items.

4.  My wife and I are both recipients of Medicare and like most people over 60 years of age, we have our health issues. Due to Medicare's health coverage limitations, we have to source private market health insurance to cover these limitations. When needed, we have also covered health insurance and related medical expenses for our daughters. During 2022, over 21% of head of family income went to these expenses.

5.  As to our electricity bill during 2022, we were faced with increasing prices that took more than 5% of head of family income. That is more than twice the corresponding percentage (2%) for a middle-class family in the US. While we paid 28¢ per kWh during 2022, the prevailing US average price was 13.7¢ per kWh during 2021. That means that our family paid over 175% of the US average price per kWh during 2022.

6.  The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

7.  The Plan of Debt Adjustment (PDA) as proposed by the Control Board will impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. The Legacy Charge will increase our family's electricity bill. The Legacy Charge is composed of three parts: a fixed charge of $13 per household connected to the electrical grid; 7.5¢ per kWh of consumption up to 500 kWh and 3¢ per kWh beyond the 500 threshold. If the Legacy Charge had been in place during 2022, our bill would have reached almost $3,000. That means that our electricity bill during 2022 would have jumped to almost 10% of head family income. In terms of the electricity rate, we would have paid 36¢ per kWh, more than 8¢ per kWh of what we paid during 2022. That means that our family would have paid over 227% of the US average price (13.7¢) per kWh during 2022. Had the legacy charge been in place during the previous 5 months (January-May) of the current year, our family electricity bill would have been $1,056 instead of the $791 that we paid, that's more than 34% increase. The electricity rate would have jumped from the actual 26¢ per kWh to 36¢ per kWh.

8.  The extreme increases in electricity rates due to the Legacy Charge will have direct financial consequences to our family, given that our family's main source of income will not change over the coming years. We would have to decrease expenses in food, health and other expenditures in order to pay for the Legacy Charge.

9.  It also means that the Legacy Charge will be paid out of stagnant pensions that will fall sooner or later below the US Poverty Level (currently at $30,000 for 4 person families), contradicting the stated purpose of the Plan of Adjustment of "minimizing the strain of increased rates on low-income and vulnerable customers". The high possibility of our relative impoverishment is one example of what should be expected to happen for hundreds of thousands of puertorrican low-income middle-class families.

10. The Legacy Charge will also have an indirect financial consequence to our family as other sectors of the economy are expected to see increases in its' electricity rates. Given the very high Legacy Charge that will be imposed upon the private and public sectors of the economy, it will have an inflationary effect or shock throughout Puerto Rico's economy. That means that upon its' imposition, Our Family will be facing higher prices for food and other goods and services. With stagnant pensions, these price increases will only put more stress on our limited income and make our daily living in Puerto Rico unnecessarily worse.

11. I must emphasize that the electricity rate increases described above do not consider possible

3

increases in international petroleum prices, which have occurred in the recent past and are bound to occurred in the near future. This will only put more strain to Our Family main source of income.

12. As it is, Our Family is facing a continuous uphill daily struggle in dealing with frequent black outs and power shortages, which affects our psychological wellbeing. The cost of the Legacy Charge will only worsen this situation, as it will make it harder to cover other financial needs. The Legacy Charge will only mean more hardship and cause severe financial difficulties to Our Family.

13. Therefore, **EMIL NIEVES-MOUNIER** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

14. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

15. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

16. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

17. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

18. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

19. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **EMIL NIEVES-MOUNIER**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

20. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to me, my family, and to the people of Puerto Rico.

21. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

**WHEREFORE**, I, **EMIL NIEVES-MOUNIER** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

EMIL NIEVES-MOUNIER
*Pro se*
7 RIO PIEDRAS VLY
URB. RIO PIEDRAS VALLEY
MOUNIER57@GMAIL.COM
Tel. 939-732-0312
787-274-2378

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                       Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                       Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

### ENID GONZALEZ FERRER OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ENID GONZALEZ FERRER,** as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **ENID GONZALEZ FERRER** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. I, **ENID GONZALEZ FERRER,** am is a resident of Salinas, Puerto Rico. I live in a household
   by myself. I am 53 years old, and am legally disabled since 2008. I have been unemployed
   since then. My only sources of income are $900/month from Social Security and around
   $130/month from Puerto Rico's Nutritional Assistance Program (PAN).

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** As a disabled woman
   who lives off of less than $1,200 a month, the Proposed Plan's energy cost increases will be
   severely detrimental to my financial stability and well-being. Last month, I paid $28.32 for
   energy, and under the Proposed Plan I would be paying $42.12/month. This 48% increase in
   my monthly energy payment is untenable for me, as it would jeopardize my ability to cover

2

costs for other everyday expenses, such as food, and transportation. In addition, as a disable woman, I often have to make payments of hundreds of dollars to attend my health care needs. For example, I pay $210 every month for neutralizing vaccines. If energy costs increase any further in Puerto Rico, I, as well as other thousands of elderly and vulnerable people, will not be able to afford our basic needs. This becomes especially true when considering the rising costs of living in Puerto Rico, whose economy is not exempt from inflationary pressures. The proposed Plan's increased energy costs thus materially harms me and my financial as well as physical well-being.

5. Therefore, I, **ENID GONZALEZ FERRER**, am a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action

3

necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **ENID GONZALEZ FERRER**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## <u>CONCLUSION</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ENID GONZALEZ FERRER** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's

4

restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

**RELIEF REQUESTED**

**WHEREFORE, ENID GONZALEZ FERRER,** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 1**0**th day of June 2023.

**ENID GONZALEZ FERRER**
*Pro se*
Extensión Urb. La Carmen
Calle Agustín Colón Pacheco, A7
Salinas, Puerto Rico
00751
Enid.gonzalez822@gmail.com
Tel: (787) 341-8040

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>RECEIVED AND FILED<br><br>CLERK'S OFFICE USDC PR<br><br>2023 JUN 12 AM 11:21<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## FELIPE DEL VALLE MARTINEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW FELIPE DEL VALLE MARTINEZ,** as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **FELIPE DEL VALLE MARTINEZ** is a party in interest in the Puerto Rico Electric Power

   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **FELIPE DEL VALLE MARTINEZ,** am a resident of Carolina, Puerto Rico. I live in

   household of three, including myself, my partner's, and my child, who is 16 years old. I worked

   for the Puerto Rico Electric Power Authority as an Auxiliary Equipment Operator II for 31

   years, and retired in 2016. I currently receive $2,400/pension. I pay $800/month in child

   support, leaving me with only $1,600/month to cover everyday expenses. It is from these

   $1,600/month that I have to make due payments of housing, electricity, food, transportation,

   health, and other miscellaneous costs.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.

   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

   **residential and commercial customers for the next 35 years or more.** The proposed Plan's

   increases threaten against my financial and physical well-being. Over the past years, I have

seen a radical increase in my household's electricity payment, despite the fact that I am drastically limiting the use of electricity in my home. I go through the day without turning on any fans, lights, or air conditioning. I am already barely to cover the most basic expenses of everyday life: food, transportation, and housing. If this Plan is accepted, it will literally force me and my family to choose between paying for electricity or paying for other essential services. In short, it will make it impossible for me to survive in Puerto Rico. As a retired pension holder who is not able to make any further revenues in the future, the Plan especially affects me because my monthly benefits will be worth less and less as costs of living in Puerto Rico (in large part due to these energy rate increases) continue rising. I am already suffering from a serious emotional and psychological burden in the precarious financial condition that I, as so many other, find myself. If this Plan is approved, it will have a devastating effect on my health, my well-being, and my quality of life.

5. In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age.

6. Therefore, **FELIPE DEL VALLE MARTINEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## **LEGAL ARGUMENT**

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   > The Title III court shall confirm a plan of adjustment so long as certain requirements
   > are met, including that: the debtor is not prohibited by law from taking any action
   > necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   > necessary under applicable law in order to carry out any provision of the plan has
   > been obtained, or such provision is expressly conditioned on such approval; . . .
   > [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   > Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   > (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

   Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

    debtor and to meet the obligations contemplated in the Plan without the significant probability

    of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **FELIPE**

**DEL VALLE MARTINEZ**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **FELIPE DEL VALLE MARTINEZ** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, FELIPE DEL VALLE MARTINEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San juan, Puerto Rico, this 12th day of June 2023.

**FELIPE DEL VALLE MARTINEZ**
*Pro se*
Villa Carolina, Calle 429, Casa 1553
Carolina, Puerto Rico, 00985
delvalle.fello@gmail.com
(939) 327-6009

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                 Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## HECTOR LUIS GONZALEZ MOSEÑAT OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW HECTOR LUIS GONZALEZ MOSEÑAT**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **HECTOR LUIS GONZALEZ MOSEÑAT** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **HECTOR LUIS GONZALEZ MOSEÑAT** am a resident of San Juan, Puerto Rico. I live in a two-person household with my wife, Juanita Ortíz De Jesús. I am 77 years old and my wife Juanita is 84 years old. I used to work with the municipality of San Juan and retired in 2003. I am a cancer patient survivor and have other conditions such as high blood pressure and arthritis for which I have to pay deductibles. My wife Juanita also has high blood pressure and arthritis patient. Before the privatization of the electrical grid, our monthly energy bill was around $80. However, now our electrical bill costs run up $120. The voltage problems we've had recently have damaged some of my appliances such as my stove. Because of this, I had to buy a new stove that cost us $800. I have reported complaints because of the voltage problems and have heard no response from them.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

2

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** The Plan's proposed energy increases will leave us with less income for me and my wife's medical expenses. Currently, my wife and I have two mortgages. Any increase in the electric bill means less income saved over for finally closing our mortgage payments. If the electrical rates go up we will have less money for food that is already very expensive here in Puerto Rico. Increased electrical rates will also mean less money for gas, which we need because we only use our car to transport ourselves. We would also have less money for recreational activities. Me and my wife also try to help her uncle who lives in extreme poverty with $20 from time to time but will not be able to continue to do so if the increases are approved. The proposed increases have caused me and my wife anxiety. We fear not being able to pay our bill which will in turn cause our electrical service to be suspended or not being able to pay our mortgages and be out of a home.

5. Therefore, **HECTOR LUIS GONZALEZ MOSEÑAT** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations
   under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
    debtor and to meet the obligations contemplated in the Plan without the significant probability
    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **HECTOR
    LUIS GONZALEZ MOSEÑAT**. Therefore, PREPA will not be able to generate enough
    revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because
    of this, the Plan of Adjustment is not feasible.

4

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **HECTOR LUIS GONZALEZ MOSEÑAT** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, HECTOR LUIS GONZALEZ MOSEÑAT** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 12th day of June 2023.

HECTOR LUIS GONZALEZ MOSEÑAT
*Pro se*
Urb. Sevilla
Calle Paganini 940
San Juan, Puerto Rico
00924
juanitaortizpr@hotmail.com
(787) 751-5026

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## ILUMINADA ROSARIO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW ILUMINADA ROSARIO**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **ILUMINADA ROSARIO** is a party in interest in the Puerto Rico Electric Power Authority's
   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **ILUMINADA ROSARIO**, am a resident of San Juan, Puerto Rico. I am a 97-year-old
   woman and live by myself. My home's electricity bill is under my own name. I worked for 16
   years as a teacher for the Puerto Rico Department of Education, and retired in 1983. I currently
   receive only $500/month as a pension payment and no Social Security benefit.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** These proposed
   electricity cost increases will have a grave impact on my financial and physical well-being. As
   a 97-year-old woman, I depend on many medications to sustain my health. These health care
   treatments are costly, and with only $500/month to live off, it is no surprise that I can barely
   afford other everyday expenses (such as food, electricity, and housing). My monthly electricity

bill is, on average, $170. I have seen this bill rising sharply in the past months. But I do not understand where these increases are coming from, since my electricity consumption has remained the same throughout the months. In fact, I find myself being extremely cautious not to use electric equipment in my home unless it is totally necessary. If the Plan is approved, it will be unreasonably difficult for me to afford my home's electricity and other essential services.

5. Therefore, **ILUMINADA ROSARIO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de

Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
(1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.
Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín
Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are
'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations
under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of
Adjustment, will be able to sustainably provide basic municipal services to the citizens of the
debtor and to meet the obligations contemplated in the Plan without the significant probability
of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as
**ILUMINADA ROSARIO**. Therefore, PREPA will not be able to generate enough revenue
and comply with its obligations to creditors or to the people of Puerto Rico. Because of this,
the Plan of Adjustment is not feasible.

12. PREPA's inability to generate revenue, and to maintain an adequate and reliable energy service
for all communities, threatens against the safety of citizen such as **ILUMINADA ROSARIO.**
During the past years, **ILUMINADA ROSARIO**'s community has become increasingly
dangerous because there is no adequate lighting in her public streets, thus debilitating her
community's security. The Plan of Adjustment, as expert Mr. Tom Sanzillo, ECF No. 3416,
has stated, does not account for capital investments for PREPA. As such, it will fail to improve,
and even perhaps augment, the absence of physical security that citizens such as
**ILUMINADA ROSARIO** and others are now facing.

4

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **ILUMINADA ROSARIO** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, ILUMINADA ROSARIO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 12th day of June 2023.

_Iluminada Rosario_
**ILUMINADA ROSARIO**
*Pro se*
Calle 29, SE #949
Reparto Metrapolitano
San Juan, Puerto Rico
00921
Edrod_69@yahoo.com
787-783-1178

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## JHASIRIS HOLGUIN REED OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JHASIRIS HOLGUIN REED,** as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **JHASIRIS HOLGUIN REED** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **I, JHASIRIS HOLGUIN REED,** am a resident of San Juan Puerto Rico. I live in a household
   of three people: myself and two children. I am currently an account holder with the company
   LUMA energy and the electricity bill is under my name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>
   <u>v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential
   and commercial customers for the next 35 years or more. I am currently receiving electricity
   bills for approximately $73.58 for a consumption of 301 kWh which I cannot afford to pay
   with my part-time job of 20 hours a week. I also already have an amount due for previous
   months because of my inability to cover all my household expenses. Therefore, an adjustment
   that could result in paying at least $15.26 more for that bill will negatively affect the quality
   of life of my family and will make unsustainable to live in Puerto Rico. The proposed

adjustment will leave me and my family with less disposable income to cover essential needs

such as out-of-pocket healthcare expenses for my children. Currently both of my dependents

have medical conditions that require us to pay for medications. They are also both students

and I need to cover educational expenses such as supplies, clothing, and others. I am concerned

that I will not be able to pay for essential services as electricity or will have to choose among

that and healthcare or educational expenses for myself and my children.

5. Therefore, **JHASIRIS HOLGUIN REED** is a party in interest that "may raise and may appear

and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt

became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

et seq. It created Title III to allow the territory access to bankruptcy relief for its

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements
are met, including that: the debtor is not prohibited by law from taking any action
necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
necessary under applicable law in order to carry out any provision of the plan has
been obtained, or such provision is expressly conditioned on such approval; . . .
[and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de

3

Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JHASIRIS HOLGUIN REED**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JHASIRIS HOLGUIN REED** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

4

## RELIEF REQUESTED

**WHEREFORE, JHASIRIS HOLGUIN REED** respectfully requests that the Court take

notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**JHASIRIS HOLGUÍN REED**
*Pro se*
27 Calle Villamil
San Juan, PR 00907-5531
syjreed19@gmail.com
Tel: (787) 587-0793

5

FOR THE DISTRICT OF PUERTO RICO

*RECEIVED AND FILED*
*CLERK'S OFFICE USDC PR*

*2023 JUN 12 AM11:34*

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                               Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>      as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                             Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## JOSÉ LUIS VIRUET ACEVEDO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JOSÉ LUIS VIRUET ACEVEDO** as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

### PRELIMINARY STATEMENT

1. **JOSÉ LUIS VIRUET ACEVEDO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **JOSÉ LUIS VIRUET ACEVEDO**, am a resident of Bayamón, Puerto Rico. I worked for
   20 years as an employee for the Urban Train (*Tren Urbano de Puerto Rico*) before retiring
   from public service. I live alone but, nevertheless, my monthly payment for the electric service
   is expensive for me, up to the point where I don't dare to turn on a window air conditioner in
   my bedroom, even with the life-threatening heat wave that we have been experiencing in the
   last weeks in Puerto Rico. During this period, the heat index in Puerto Rico has reached or
   exceeded 110°F as reported in media news and the National Weather Service.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential
   and commercial customers for the next 35 years or more. These increases in the electric bill
   are a heavy burden, especially for a retired and old person like myself. It is not easy to sustain

2

myself with the amount of social security retirement benefit payments that I receive monthly. At times it is difficult to pay my monthly electric bill that is usually around $50.00. When I cannot pay a monthly electric bill, the following month the amount that I have to pay increases to $100, or more, making it more difficult for me to pay in full the electricity. As I mentioned before, I don't dare to turn on my window air conditioner because I am afraid of the increase in the electric bill even with the poor service the people of PR gets with power shortages and sometimes with no service at all. Its not just for anybody to have a poor power service and be santioned with higher power rates. All this situation on the long run makes people poorer and continue getting federal economic assistant in order to survive economically. I respectfully urge the Court to conduct a survey of power rates per family through the PR Bar Association so that, if we are to pay for a higher rate of power service, it should be of less than 19% as it is considered.

5. Therefore, **JOSÉ LUIS VIRUET ACEVEDO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

3

## **LEGAL ARGUMENT**

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JOSÉ LUIS VIRUET ACEVEDO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet

4

the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JOSÉ LUIS VIRUET ACEVEDO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

**RELIEF REQUESTED**

**WHEREFORE**, **JOSÉ LUIS VIRUET ACEVEDO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**JOSÉ LUIS VIRUET ACEVEDO**
*Pro se*
RR-08 Box 1675
Bayamón, Puerto Rico 00956-9613
joseviruet351@gmail.com
Tel: (787) 604-3650

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## JULIO A. SEGARRA SANTIAGO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW JULIO A. SEGARRA SANTIAGO**, as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **JULIO A. SEGARRA SANTIAGO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **JULIO A. SEGARRA SANTIAGO**, am a resident of Bayamón, Puerto Rico. I live in a
   household of three people, including myself, my wife, Marta Torres, and my son. I am 59 years
   old and work at the *Centro Médico de Puerto Rico*, the island's primary public hospital, since
   1995. My wife is retired since 2019. And my son is 26 years old. My household's electricity
   bill is under my wife's name. My wife is a cancer patient and receives chemotherapy. She
   receives a Social Security benefit of only $1,800/month.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** I have spent fourteen
   years without any salary increases in my work the *Centro Médico de Puerto Rico*, despite our
   essential work as medical workers.  My coworkers and I do not rely on a secure retirement

2

plan, which will force me to continue working until I am 65-67 year. As I grow older, my household's financial situation is becoming more and more precarious. Perversely, this Plan of Adjustment's electricity increases will greatly impact my family's quality of life and will make it difficult for vulnerable people like myself, coming into the third age, to survive. My wife, as a cancer patient, requires a home that is fresh and well energized. If this Plan is approved, and we are forced to pay more for electricity, we will be unable to cover essential costs in our home, such as my wife's medical expenses. This Plan's electricity rate increases threaten against my household's ability to continue residing in Puerto Rico. This Plan will greatly augment the costs of everyday life in Puerto Rico. With business also having to pay more for commercial electricity bills, they will increase their costs: me and my family will have to pay much more for food, gas, and other goods than we already do. Since last year, we installed solar panels in our home in an attempt to ensure our access to electricity, especially because my wife depends on electric power in order to continue receiving her medical treatment. If this Plan is approved, it will force us to pay an additional amount for electricity that I simply cannot afford. That is, this Plan –instead of incentivizing and rewarding people who seek to transition to solar energy– punishes us and charges us even further. The Plan's proposed increases, in short, greatly threaten against my family's financial and physical well-being. As me and my wife grow older, we will have to incur in crucial expenses that, if this Plan is approved, we will not be able to afford. The Plan will lead my family to seriously consider the possibility of having to leave Puerto Rico to reside somewhere else. The Plan would lead to catastrophic effects for me, my family, and the Puerto Rican economy.

5. Therefore, **JULIO A. SEGARRA SANTIAGO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **JULIO A. SEGARRA SANTIAGO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

<u>**CONCLUSION**</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **JULIO A. SEGARRA SANTIAGO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

<u>**RELIEF REQUESTED**</u>

**WHEREFORE, JULIO A. SEGARRA SANTIAGO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Bayamón, Puerto Rico, this 11th day of June 2023.

*[See signature block in the next page]*

**JULIO A. SEGARRA SANTIAGO**
*Pro se*
Calle Susana, AA19
Extensión Villa Rica
Bayamón, Puerto Rico
00959
familiajm@live.com
(787) 667-3954

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                    Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## LUCILA HERNANDEZ VIDAL OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW LUCILA HERNANDEZ VIDAL,** as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **LUCILA HERNANDEZ VIDAL** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **LUCILA HERNANDEZ VIDAL,** am a resident of Bayamón, Puerto Rico. I live alone in
   my household. I am 76 years old, and recently underwent surgery after fracturing my ankle. I
   am currently in a wheelchair and will be unable to walk for months. I am secluded in my home.
   I worked for 25 years in the Puerto Rico Department of Health, where I developed a
   recruitment program for the Department across the whole island. Before that, I worked for 5
   years for what was the local government's Central Office of Personnel Administration. I retired
   in 1999. I receive a monthly pension of $1,900, and a Social Security of around $1,560/month.
   In sum, I rely on only about $3,406/month to live. My home's electricity bill is under my
   name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

2

residential and commercial customers for the next 35 years or more. All of Puerto Rico's citizenry will be gravely impacted by the Proposed Plan's energy rate increases. The energy increases for small business, households, and vulnerable populations will gravely affect the quality of life, health, and even livelihood of people in Puerto Rico. Crucially, this Plan's energy increases will gravely affect the mental health of all Puerto Ricans, including myself. As an elderly disabled woman, I depend on energy to survive and attend to my medical conditions. And any further increases in my own household's electricity rate will greatly impact my ability to cover fundamental living expenses. In order to have a plentiful and adequate life, I –and all other Puerto Ricans– depend on robust and stable economy that fosters access to public resources for health, leisure, entertainment, and business development. This Proposed Plan will severely debilitate our Island's public infrastructure – withering away access to all these public resources (since businesses will shut down, residents will leave the Island, and vulnerable populations will be unable to afford adequate care). As such, the Proposed Plan's increases will gravely affect my financial, physical, and emotional health, as well as that of most residents of Puerto Rico.

5. Therefore, **LUCILA HERNANDEZ VIDAL** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

3

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **LUCILA HERNANDEZ VIDAL**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the

4

Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **LUCILA HERNANDEZ VIDAL** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, LUCILA HERNANDEZ VIDAL** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Bayamón, Puerto Rico, this _10_ th day of June 2023.

LUCILA HERNANDEZ VIDAL
*Pro se*
Río Hondo II
Calle Río Herrera AD23
Bayamón, Puerto Rico
00961
guariken@yahoo.com
(787) 518-5275

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2023 JUN 12 AM 9:46

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## Luis Hernandez   OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW** Luis Hernandez, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1.  Luis Hernandez is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA")

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2.   Luis Hernandez is a resident of Bayamon , Puerto Rico. Which includes Nina Hernandez, John Hernandez and Nilsa Denizac

2.   The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

3.   **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** Nina Hernandez and John Hernandez are handicaped   we live on a small budget which is of pension and S.S. and a rate like this would be impossible to  pay we live now with no dryer no electic stove and no Aire condition and pay almost $200.00 a month and this would be far worse and and lets not talk about the service right now my home has been without partcial light I have light in the kitchen but not for my frige

4.   Therefore, Luis C Hernandez  is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

5.   For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

6.   Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval

necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

7. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

8. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

9. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

10. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as Luis C Hernandez ]. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

11. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to Lui C Hernandez and the people of Puerto Rico.

12. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, Luis C Hernandez respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In Bayamon  Puerto Rico, this 7th day of June 2023.

3

Luis C Hernandez

Mailing address Line  same as below
Mailing address Urb . Forest View O-170  Calle Honduras Bayamon PR.00956-2804
Email address(es) / Jomyni64@yahoo.com
Tel: 787 -269-3273
Cel 787-368-1484

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>RECEIVED AND FILED<br>CLERK'S OFFICE USDC PR<br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) 2023 JUN 12 AM11:20 |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## LUIS ENRIQUE SALGADO CONCEPCION OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW LUIS ENRIQUE SALGADO CONCEPCION**, as party in interest pursuant to

11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that

the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of

the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **LUIS ENRIQUE SALGADO CONCEPCION** is a party in interest in the Puerto Rico
   Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. I, **LUIS ENRIQUE SALGADO CONCEPCION,** am a resident of San Juan, Puerto Rico. I
   live in a household by myself. I am 67 years old cancer patient and receive $790/month from
   Social Security. I used to work as dental technician and retired in 2018. I was forced to retire
   because I lost all but one of my clients (dentists) after Hurricane María in 2017. I did not want
   to retire, but today there are less than 400 dentists in Puerto Rico, so there is barely any business
   for dental technicians like myself. In the past, before the privatization of PREPA's
   Transmission & Distribution System to LUMA Energy, my monthly electricity payments were
   about $90/month. As energy costs have increased in Puerto Rico during the past years, I
   decided to install solar panels in my home. Despite this, I am currently paying a double bill for
   my energy: LUMA continues charging around $110/month for electricity (this energy bill is
   under my name), on top of my monthly payment of $143 for solar panels. I have tried
   contacting LUMA Energy multiple times to prevent this double charge, but they have not been
   responsive. I am thus paying a total of $215-220/month for my home's electricity. I also suffer
   from depression and am currently seeing both a psychiatrist and a psychologist.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** The Plan's proposed energy increases will leave me without the income necessary to cover basic life services. As a cancer patient, I incur in multiple out-of-pocket medical expenses, including a cancer-related injection which costs $241 every three months. I also have to incur in other expenses such as food, transportation, and daily radiation cancer treatment. Crucially, the Plan's proposed increases will amplify the exponentially increasing costs of life in Puerto Rico. We have seen food, gas, and other basic commodities rising dramatically in recent times. For a retired, elderly citizen like myself, this Plan's proposed increases will simply leave me without any disposable income for ordinary activities. Already, I live under a financially uncertain condition where I cannot even afford eating at a restaurant with my family. The Plan's proposed increases, in short, will severely deteriorate my already precarious financial and personal well-being, up to the point where I will be at risk of being unable to pay for the most basic elements of everyday life. I do not exaggerate when I say that the financial situation which I am under –and which will undoubtedly worsen if this Plan is approved– has placed me under an enormous amount of psychological and emotional stress, leading me to an increased dependency in psychological and psychiatric medical treatment.

5. Therefore, **LUIS ENRIQUE SALGADO CONCEPCION**, is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. §

1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

4

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as , **LUIS ENRIQUE SALGADO CONCEPCION**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to, **LUIS ENRIQUE SALGADO CONCEPCION** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, LUIS ENRIQUE SALGADO CONCEPCION** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan, Puerto Rico, this 12th day of June 2023.

**LUIS ENRIQUE SALGADO CONCEPCION**
*Pro se*
Calle Portugués Núm. 1691
Urb. Río Piedras Height
San Juan, Puerto Rico
00926
lesdentallabsalgado@gmail.com
(787) 510-6675

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

### LUZ RAQUEL ROMÁN OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW LUZ RAQUEL ROMÁN,** as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **LUZ RAQUEL ROMÁN** is a party in interest in the Puerto Rico Electric Power Authority's

   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, LUZ RAQUEL ROMÁN,** am a resident of Bayamón, Puerto Rico. I live in a household of

   two, including myself and my husband, José A. Soto Pérez. I am 87 years old and my husband

   is 91 years old. My household's electricity bill arrives under my name. I worked for the

   Department of Education of Puerto Rico, where I was in charge of school cafeterias, for around

   10 years. And my husband is US veteran – he served at the Korean War. I receive only

   $500/month from my pension, and about $800/month from Social Security.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>

   <u>v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**

   **residential and commercial customers for the next 35 years or more.** Over the past years,

   I have seen a dramatic increase in everyday costs of life in Puerto Rico. My pension and Social

   Security benefits barely allow for me to purchase basic necessities, such as food. Last month,

I paid $167 for electricity. This is all while I actively avoid using electricity in my home, constraining the use of washing machines once every 15 days, and avoiding turning on any fans or air conditionings. Despite the extreme heat of Puerto Rico's weather, we are forced to avoid using any electric supply to minimize costs. Under the proposed Plan, my household electricity payments would rise by $21.00, or a 13% increase. Because my pension is fixed, and because both me and my husband are elderly and unable to gain further revenues, the Plan's electricity increases would greatly harm our ability to cover other everyday expenses. Crucially, the Plan's proposed increases will have a domino effect on the Puerto Rican economy: everything (businesses, gas, food), will surely become more expensive. All of my household's indispensable expenses, as well as any additional payments I would want to make, say, for my family, will be under threat under the proposed Plan. As a couple of elderly, vulnerable citizens, the proposed Plan will have a seriously detrimental effect on my livelihood.

5.  Therefore, **LUZ RAQUEL ROMÁN** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

3

filed on March 1, 2023.

## **LEGAL ARGUMENT**

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **LUZ RAQUEL ROMÁN**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## **CONCLUSION**

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **LUZ RAQUEL ROMÁN** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

**WHEREFORE, LUZ RAQUEL ROMÁN** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Bayamón, Puerto Rico, this _10_ th day of June 2023.

_Luz Raquel Román_

**LUZ RAQUEL ROMÁN**
*Pro se*
Calle 28, UU8
Urb. Jardines de Caparra
Bayamón, Puerto Rico
00959
raquel.roman3@gmail.com
(787) 565-6480

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                   Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                  Debtor. | PROMESA<br>Title III<br><br>Case No. 17 BK 4780-LTS |

## LYDIA RÍOS MATOS OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW LYDIA RÍOS MATOS**, as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **LYDIA RÍOS MATOS** is a party in interest in the Puerto Rico Electric Power Authority's
   ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **LYDIA RÍOS MATOS**, am a resident of San Juan, Puerto Rico. I currently live alone. I am
   currently retired. I used to work for a private insurance company for twenty eight years. I also
   receive a Social Security income. I am currently an account holder under the company LUMA
   ENERGY. I am only responsible for the payment of two electricity bills, which would be my
   residence's, and my brother's residence (I am his legal guardian).

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** The proposed Plan's
   rate increases will greatly affect my ability to cover for my and my brother's personal expenses.
   My household's electricity bill for the month of May 2023 was $4. This is due to the fact that
   I own solar panels. I decided to transition from fossil fuel energy to solar energy because my

2

local electricity grid is unreliable. I also suffer from a disability, therefore having to depend on an electrical power plant was not feasible for someone like me. On the header, for those of us who own solar panels, our electricity bill will increase up to $13. This is a 38% increase to my current monthly payment. I would also like to add that, since I am a consumer of solar energy, the government is subjecting me to pay for fossil fuel energy, a type of energy that I do not consume.

5. I would also like to add that I am my brother's legal guardian. My brother suffers from Alzheimer's disease. As his guardian, I am legally obligated to cover all of his necessary expenses, ranging from food to medical necessities. One of these expenses is his house's electricity bill, which is approximately around $40. My brother receives a monthly Social Security income of $600, which is not enough for him to cover all of his expenses; therefore, I have to spend my money to aid him. This is an important detail to point out, since the Plan proposes an increase to the electricity bill that will increase the cost of living of every Puerto Rican— and my brother is already struggling economically.

6. The Plan of Adjustment will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age. These adjustments are not feasible to any retired person's lifestyle due to the Adjustment Plan's increases, and due to the current state of inflation.

7. Therefore, **LYDIA RÍOS MATOS** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

8. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101

3

et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

9. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

10. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

11. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

12. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

13. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **LYDIA RÍOS MATOS**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

<strong><u>CONCLUSION</u></strong>

14. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **LYDIA RÍOS MATOS** and the people of Puerto Rico.

15. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

<strong><u>RELIEF REQUESTED</u></strong>

**WHEREFORE, LYDIA RÍOS MATOS** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**LYDIA RÍOS MATOS**
*Pro se*
Calle Génova 1827 Urb. College Park
San Juan, Puerto Rico
00921
lydiarios1@icloud.com
Tel: (787) 671-1952

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## MELISSA CARTAGENA CASTRO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

## TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**COMES NOW [MELISSA CARTAGENA CASTRO]**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **MELISSA CARTAGENA CASTRO** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **MELISSA CARTAGENA CASTRO** is a resident of Ceiba Puerto Rico. I am 51 year old woman, who lives with her 21 year old daughter. I have been working 10 years as a nurse in the Pavian hospital of Fajardo. My monthly salary is of 2,800 and have never gotten a raised for my salary. I run with all the expenses of the house, water, electricity, purchase, telephone, car, gasoline and cable. I don't receive any kind of government help. I have been going threw a divorce for two years which means that I have also been making extra expenses because of that, investing in the psychologist and expensive lawyers. Besides that, I have an injured in the asian nerve which requires me medications , and massages that sometimes my medical plan doesn't cover.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

2

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** I believe this increase rate will impact me very much directly , since I mentioned before, my salary is fixed and has never been increased by a penny. Which means that the lifestyle in Puerto Rico is increasing but not the salary. I now that is going to be very hard for me to pay everything, because if right now it is, I can't imagine how it would be if they approve that violent adjustment plan.

5. Therefore, **MELISSA CARTAGENA CASTRO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements
are met, including that: the debtor is not prohibited by law from taking any action
necessary to carry out the plan; . . . any legislative, regulatory, or electoral

3

approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.),</u> 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id</u>.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **[MELISSA CARTAGENA CSTRO]**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **[MELISSA CARTAGENA CASTRO]** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for

consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE,** [MELISSA CARTAGENA CASTRO] respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Ceiba Puerto Rico, this 12th day of June 2023.

Melissa Cartagena Castro
*Pro se*
Condominio Costa Brava
Edificio 18 apartamento 101
Ceiba PR,00735
Meli2415@gmail.com
Tel: 787-710-1200

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>　　　as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>　　　　　　　　　　　　　Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>　　　as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>　　　　　　　　　　　　　Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## NILSA ORENGO ROHENA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**OMES NOW NILSA ORENGO ROHENA,** as party in interest pursuant to 11 U.S.C. § 1109,

appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the

confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **NILSA ORENGO ROHENA** is a party in interest in the Puerto Rico Electric Power

   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **I, NILSA ORENGO ROHENA,** am a resident of Carolina, Puerto Rico. I worked 35 years

   as a Clerk for the Autoridad de Energía Eléctrica (Puerto Rico Electric Power Authority). I

   have been retired for 18 years and receive a monthly pension and social security income. I am

   currently an account holder under the company LUMA Energy and I am the one responsible

   to pay for the electricity bill under my name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The

   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant

   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>

   <u>v. K&L Gates LLP (In re Teligent, Inc.)</u>, 640 F.3d 53 (2d Cir. 2011). That should mean anyone

   who will be significantly impacted. In addition to the financial side effects of the rate increases,

   as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of

   Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the

   Plan will increase the cost of living in Puerto Rico while depriving me and my family of the

   benefit of cost-of-living increases, leaving me more vulnerable in my old age.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential

2

and commercial customers for the next 35 years or more. The mentioned plan of adjustment if approved can negatively impact my quality of life and the ability to pay for my basic and essential medical expenses. My medical conditions including sleep apnea, chronic obstructive pulmonary disease, hypothyroidism, diabetes, high blood pressure, arthritis, among others requires essential equipment and the constant use of electricity in my residence. I am also responsible of taking care of my grandsons while my daughter works full-time as a nurse. Therefore, an increase in the electricity bill can be detrimental to my quality of life. The electricity bill for my residence is on average $107.28. That means that with the proposed plan I will have an increase in my monthly bill of approximately $16.20. This increase along with my other basic expenses will limit my ability to pay for out-of-pocket medical expenses and deductibles. The cost of living in Puerto Rico has already increased a lot and will continue to do so as this proposed increase in the electricity bill, making unsustainable to live here in Puerto Rico.

5. Therefore, **NILSA ORENGO ROHENA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## **PROCEDURAL BACKGROUND**

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

7.  Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

8.  The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

9.  "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

    debtor and to meet the obligations contemplated in the Plan without the significant probability

    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **NILSA**

    **ORENGO ROHENA**. Therefore, PREPA will not be able to generate enough revenue and

    comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the

    Plan of Adjustment is not feasible.

4

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **NILSA ORENGO ROHENA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, NILSA ORENGO ROHENA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**NILSA ORENGO ROHENA**
*Pro se*
Urb. Jardines de Country Club
Calle 27 P5 Carolina, PR 00983
nitzu41@gmail.com
Tel: (787) 344-1982

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>  as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>          Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>  as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>          Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## NORMA I. RODRIGUEZ OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW NORMA I. RODRIGUEZ**, as party in interest pursuant to 11 U.S.C. § 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **NORMA I. RODRIGUEZ** is a party in interest in the Puerto Rico Electric Power Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **NORMA I. RODRIGUEZ** is a resident of Caguas, Puerto Rico. She is a retired employee of the Department of Agriculture, and her husband is a PREPA pension holder.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The definition is non-exhaustive. It generally refers to anyone with a financial stake or significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more. Because of the constant rate increases and the instability of LUMA's service (which damaged her refrigerator), **NORMA I. RODRIGUEZ** decided to invest in solar panels, taking out loans to do so, with a monthly cost of $526.03. The Plan of Adjustment would impose additional charges, including a fixed monthly charge, which she will be paying for the rest of her life (given that she does not expect to live for an additional 35 years). This situation is unsustainable for **NORMA I. RODRIGUEZ**.

2

5. **NORMA I. RODRIGUEZ** is suffering from depression and anxiety given the possibility that the PREPA Retirement System will stop paying her husband's pensions. In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce Norma's husband's pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving **NORMA I. RODRIGUEZ** and her family of the benefit of cost-of-living increases, leaving her more vulnerable in her old age.

6. Therefore, **NORMA I. RODRIGUEZ** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; ... any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has

been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as Norma I. Rodriguez. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## <u>CONCLUSION</u>

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **NORMA I. RODRIGUEZ** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will

affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, NORMA I. RODRIGUEZ** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to all case participants.

In San Juan, Puerto Rico, this 11th day of June 2023.

**NORMA I. RODRIGUEZ**
*Pro se*
Hacienda San José
#274
Vía Cañada
Caguas, Puerto Rico
00727-3042
Rodriguezrodriguez.norma@gmail.com
(787) 568-7247

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                     Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

**PURA M. GILESTRA DÁVILA OBJECTION TO THE CONFIRMATION OF
THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT**

***[Space intentionally left blank]***

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

COMES NOW [PURA M. GILESTRA DÁVILA], as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>PRELIMINARY STATEMENT</u>

1. **PURA M. GILESTRA DÁVILA** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. **[PURA M. GILESTRA DÁVILA]** is a resident of [SAN JUAN], Puerto Rico. I live in a
   household of 2, my caretaker and myself. I am retired and receive Social Security at $5,000
   a month. I pay $2,500 a month for a full-time caretaker and I have medical conditions such
   as atrial fibrillation, severe arthritis and high blood pressure and blood circulation
   problems in the brain, and for these medical conditions sometimes I have to pay because
   my Medicare doesn't cover so it is another extra expense besides the daily basic ones.

3. The question of who is a "party in interest" should be answered on a case-by-case basis.
   The definition is non-exhaustive. It generally refers to anyone with a financial stake or
   significant legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage
   & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That
   should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** I am 89 years
   old and I believe this rate increase will affect not only me but everyone. My daughter had

2

to buy me a power plant because of the blackouts that I have been experiencing.
Sometimes I don't understand the electricity bill. The last one came of almost $250 and
we are only two persons in the house. I have seen these costs increasing every month, all
the while the island's energy grid becomes more and more unreliable. All this week the
power has gone several times and I have had the extra expenses of fuel for the generator
and maintenance costs. I definitely do not agree with this adjustment plan at all, it's terrible
and has no benefit for us.

5. Therefore, **PURA M. GILESTRA DÁVILA** is a party in interest that "may raise and may
appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive
debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C.
§ 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its
instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for
Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16,
2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority*. This has been amended 3 times. The current version of the Plan
of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of
Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements
are met, including that: the debtor is not prohibited by law from taking any action

necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **PURA M. GILESTRA DÁVILA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **PURA M. GILESTRA DÁVILA** and the people of Puerto Rico.

4

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

### RELIEF REQUESTED

**WHEREFORE**, **PURA M. GILESTRA DÁVILA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

By **PURA M. GILESTRA DÁVILA** in San Juan, Puerto Rico, this 12th day of June 2023.

PURA M. GILESTRA DÁVILA
*Pro se*
Parque Señorial
Calle 2 #C-12,
SJ PR 00926
Puragilestra@gmail.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                     Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                     Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## PURA M. REYES GILESTRA OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW [PURA M. REYES GILESTRA]**, as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **PURA M. REYES GILESTRA** is a party in interest in the Puerto Rico Electric Power

    Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **[PURA M. REYES GILESTRA]** is a resident of [SAN JUAN], Puerto Rico. I live in a

    household of 2, just me and my husband. For the moment I work because I am a business

    owner. But still, I do receive a pension for my social security which is 1,234 per month.

    My business goes between $800- $2000, depending on the days. This means that my range

    of money is less than $4,000 per month for all my expenses.  I receive no benefits from

    the government and I have medical conditions such as diabetic type 2, severe arthritis and

    some complications with my lungs, and for these medical conditions sometimes I have to

    pay because my Medicare doesn't cover so it is another extra expense besides the daily

    basic ones.


3. The question of who is a "party in interest" should be answered on a case-by-case basis.

    The definition is non-exhaustive. It generally refers to anyone with a financial stake or

    significant legal or practical stake in the outcome of bankruptcy. See, for example, Savage

    & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That

    should mean anyone who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential and commercial customers for the next 35 years or more.** I am 69 years old and I believe this rate increase will affect not only me but everyone. I had to buy two power plants because of the blackouts that I have been experiencing. Sometimes I don't understand the electricity bill. The last one came of almost $500 and we are only two persons in the house, who honestly are never home. I have seen these costs increasing every month, all the while the island's energy grid becomes more and more unreliable. All this week the power has gone several times and I have lost money in the food I purchase and other extra expenses. I also had to invest in a power generator for my mother who is 89 years old, because of the blackouts she was having every week for long hours. This investment cost me $15,000 which I am still paying because I took it with a loan. I definitely do not agree with this adjustment plan: at all, it's terrible and has no benefit for us.

5. Therefore, **PURA M. REYES GILESTRA** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico*

3

*Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## **LEGAL ARGUMENT**

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **PURA M. REYES GILESTRA**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of

this, the Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **PURA M. REYES GILESTRA** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE**, **PURA M. REYES GILESTRA** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

By **PURA M. REYES GILESTRA** in San Juan, Puerto Rico, this 12th day of June 2023.

PURA M. REYES GILESTRA
*Pro se*
Reparto Landrau
1444 calle Duina,
SJ PR 00921
Purareyes220@gmail.com

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## RAFAELA BERRIOS ROSADO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW RAFAELA BERRIOS ROSADO,** as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

<u>**PRELIMINARY STATEMENT**</u>

1. **RAFAELA BERRIOS ROSADO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. I, **RAFAELA BERRIOS ROSADO**, am a resident of Naranjito, Puerto Rico. I live in a
   household of two: myself, 70 years old, and my husband, Roberto Ortiz, who is 71. My
   husband and I are both retired government pension holders. I worked for the Puerto Rico
   Department of Treasury and my husband retired from PREPA in 2008. Our only sources of
   monthly income are our Social Security benefits (collectively around $3,000), and our
   pensions.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.</u>
   <u>v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of**
   **residential and commercial customers for the next 35 years or more.** The Plan of
   Adjustment's proposed energy rate increases threaten against my household's financial and
   physical well-being. My husband and I are elderly, retired citizens suffering from multiple

medical conditions. We are both diabetic, and my husband suffers from hypertension. Together, we take 15 permanent medications. We live by ourselves and have no family to take care of us. We are of very scarce economic resources and rely on electricity –which is already very costly– to stay physically well in hour homes. For example, my husband uses a machine for sleep apnea, which requires affordable and reliable electricity, and without which he cannot rest.

5.   If this Plan is approved, energy costs will be untenable for my household, quite literally putting us at risk of falling into a grave medical state, especially as we continue growing older. We already spend $250 to $400 per month on food. We have been spending around $150/month on electricity. Costs of everyday life in Puerto Rico continue increasing, in part as a result of global inflationary pressures. This Plan of Adjustment has the perverse effect of forcing ordinary citizens –like myself and my husband– to assume the costs of PREPA's bankruptcy, which we had nothing to do with in the first place. This is not only fundamentally unjust, but also collectively unviable. I cannot afford to pay any more for electricity in my home. And one only has to drive around this Island, look at our living conditions and speak to ordinary citizens (not just to that small minority of people who may reside in wealthy communities) to realize that this is the reality for the majority of Puerto Ricans. And if people like myself are forced to do pay more in electric bills (plus assume the inflationary costs the Legacy Charge will lead to), as this Plan attempts to do, then we –as well as so many other elderly and vulnerable people, who often do not have enough family to take care of us because young people continue leaving Puerto Rico and move to the United States mainland – will face catastrophic financial, social, and medical burdens.

6.   In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment

3

will reduce my husband's pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age.

7. Therefore, **RAFAELA BERRIOS ROSADO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

8. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

9. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment. 48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

10. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

4

Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

11. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

12. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" Id.

13. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **RAFAELA BERRIOS ROSADO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

14. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **RAFAELA BERRIOS ROSADO** and the people of Puerto Rico.

15. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

**WHEREFORE, RAFAELA BERRIOS ROSADO** respectfully requests that the Court

take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the

Clerk of the Court. A copy of this document will be emailed to case participants.

In Naranjito, Puerto Rico, this 11th day of June 2023.

**RAFAELA BERRIOS ROSADO**
*Pro se*
PO BOX 876
Naranjito, Puerto Rico
00719
anabel87_@hotmail.com
(787) 671-1952

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>                      Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>    as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>                      Debtor. | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 4780-LTS |

## SONIA MALDONADO OTERO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW SONIA MALDONADO OTERO,** as party in interest pursuant to 11 U.S.C. §

1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny

the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico

Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

**PRELIMINARY STATEMENT**

1. **SONIA MALDONADO OTERO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. I, **SONIA MALDONADO OTERO,** am is a resident of Gurabo, Puerto Rico. I live in a
   household of two, including myself and my husband. We are both retired. I worked as a
   Secretary in the Puerto Rico Electric Power Authority for 27 years, and retired in 2008. My
   government pension amounts to $2,500/month, as well as Social Security ($1,300/month). In
   sum, I rely on less than $4,000/month for my everyday living expenses. I also suffer from
   medical conditions which require frequent medication, and my plan insurance often does not
   cover these expenses.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. **The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of
   residential and commercial customers for the next 35 years or more.** According to
   PROMESA, the FOMB's role is to improve Puerto Rico's economy. However, economists and

2

different experts have already made it clear that this Proposed Plan runs counter to PROMESA's goal – the Plan will very clearly depress Puerto Rico's economy, which is an effect that will last for decades. These increased energy costs will not only rise my own home's electricity rates, but also all businesses', thus augmenting costs for everyday living expenses. As a retired pensioner, I rely on fixed benefits that will not augment over time. This means that as costs of everyday life increase in Puerto Rico, I will be increasingly unable to cover my basic life expenses. Last month, I paid $250 for energy. But I have seen these costs increasing every month, all the while the island's energy grid becomes more and more unreliable. Just this week, for example, I have lost power in my home three times. The Proposed Plan will fail to improve the system's reliability, and will simply continue depleting the resources of vulnerable populations like myself, who depend on fixed benefits and require electricity as an essential service to survive.

5.  In addition to the financial side effects of the rate increases, as a retiree, the Plan of Adjustment will reduce my pension benefits by eliminating Cost of Living Adjustments, pursuant to the Pension Claim treatment of Class 3. This means that the Plan will increase the cost of living in Puerto Rico while depriving me and my family of the benefit of cost-of-living increases, leaving me more vulnerable in my old age.

6.  Therefore, **SONIA MALDONADO OTERO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

7.  For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its

3

instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto

Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the

Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power

Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was

filed on March 1, 2023.

## LEGAL ARGUMENT

8. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

    48 U.S.C. § 2174(b).

    The Title III court shall confirm a plan of adjustment so long as certain requirements
    are met, including that: the debtor is not prohibited by law from taking any action
    necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
    necessary under applicable law in order to carry out any provision of the plan has
    been obtained, or such provision is expressly conditioned on such approval; . . .
    [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
    Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
    (1st Cir. 2022)(citation omitted).

9. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

    Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

    Irizarry, ECF No. 3414.

10. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

    'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

    under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

11. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

    debtor and to meet the obligations contemplated in the Plan without the significant probability

    of a default?" Id.

12. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **SONIA MALDONADO OTERO**. Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## CONCLUSION

13. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **SONIA MALDONADO OTERO** and the people of Puerto Rico.

14. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## RELIEF REQUESTED

WHEREFORE, **SONIA MALDONADO OTERO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

I HEREBY CERTIFY that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Gurabo, Puerto Rico, this 10th day of June 2023.

**SONIA MALDONADO OTERO**
*Pro se*
Calle Jasmín Núm. 3
Alturas de Santa Bárbara

5

Gurabo, Puerto Rico
00778
smaldonado56.sm@gmail.com
Tel: (787) 308-2291

6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## SYLVIA CORREA DELGADO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
COMES NOW SYLVIA CORREA DELGADO,** as party in interest pursuant to 11 U.S.C. §
1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court deny
the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto Rico
Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## <u>PRELIMINARY STATEMENT</u>

1. **SYLVIA CORREA DELGADO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. <u>See</u> 11 U.S.C. § 1109(b).

2. I, **SYLVIA CORREA DELGADO,** am a resident of Carolina, Puerto Rico. I live in a
   household by myself. I am 63 years old. I worked for the Heard Start Program for 15 years,
   and retired just this year. I do not benefit from a pension because I was not a permanent
   employee of the Government. My only source of income is $770 of Social Security, as well as
   around $130/month from the Puerto Rico Nutritional Assistance Program (PAN) for food. I
   suffer from high blood pressure, asthma, pre-diabetes, high cholesterol, neuropathy, vertigo,
   and chronic arm pain after a workplace accident in June of 2022. This last illness is what led
   me to retire. I depend on medication for my many health conditions.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. <u>See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.),</u> 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential
   and commercial customers for the next 35 years or more. This Proposed Plan will severely

weaken my ability pay for my required medications, cover medical expenses, and obtain basic goods, including food. I already pay around $126/month for electricity. Under the Proposed Plan, my electricity rate would likely rise by $14.28, which 11% increase. This is all while I make strict attempts to avoid consuming energy in my home – I do not turn on lights, fans or A/C and have to bear the hear the day, all to reduce the monthly payment of electricity. These increased costs are going to force us to live in further misery. I rely on less than only $900/month to live. And I already have to pay $609/month for my home. Under the proposed Plan, the costs of everyday life in Puerto Rico will increase dramatically. This will put me –a retired, disabled woman with no ability to gain further revenues– in an economically precarious position that literally threatens against my physical health, my ability to pay rent and secure a roof over my head, and my well-being.

5. Therefore, I, **SYLVIA CORREA DELGADO**, am a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

   48 U.S.C. § 2174(b).

   The Title III court shall confirm a plan of adjustment so long as certain requirements
   are met, including that: the debtor is not prohibited by law from taking any action
   necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval
   necessary under applicable law in order to carry out any provision of the plan has
   been obtained, or such provision is expressly conditioned on such approval; . . .
   [and] the plan is feasible. Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de
   Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 32 F.4th 67, 76
   (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr.

   Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín

   Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are

   'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations

   under the Plan.'" In re Fin. Oversight & Mgmt. Bd., 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of

    Adjustment, will be able to sustainably provide basic municipal services to the citizens of the

    debtor and to meet the obligations contemplated in the Plan without the significant probability

    of a default?" Id.

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **SYLVIA**

    **CORREA DELGADO**. Therefore, PREPA will not be able to generate enough revenue and

    comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the

    Plan of Adjustment is not feasible.

## CONCLUSION

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet

the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **SYLVIA CORREA DELGADO** and the people of Puerto Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will affect any possibility of economic growth and development.

## **RELIEF REQUESTED**

**WHEREFORE, SYLVIA CORREA DELGADO** respectfully requests that the Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the Clerk of the Court. A copy of this document will be emailed to case participants.

In Carolina, Puerto Rico, this _10_ th day of June 2023.

*Sylvia Correa Delgado*
**SYLVIA CORREA DELGADO**
*Pro se*
Ubr. Loma Alta
Calle 1, F5
Carolina, Puerto Rico
00987
sylviacorrea1311@gmail.com
(787) 372-7305

5

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>Case No. 17 BK 3283-LTS<br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>Case No. 17 BK 4780-LTS |

## VIVIAN E. ACEVEDO NAVARRO OBJECTION TO THE CONFIRMATION OF THE PUERTO RICO ELECTRIC POWER AUTHORITY'S PLAN OF ADJUSTMENT

*[Space intentionally left blank]*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations.)

**TO THE HONORABLE DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

**COMES NOW VIVIAN E. ACEVEDO NAVARRO,** as party in interest pursuant to 11 U.S.C.

§ 1109, appearing *pro se* pursuant to 28 U.S.C. § 1654, and respectfully requests that the Court

deny the confirmation of the Modified Second Amended Title III Plan of Adjustment of the Puerto

Rico Electric Power Authority, ECF No. 3296 ("Plan of Adjustment").

## PRELIMINARY STATEMENT

1. **VIVIAN E. ACEVEDO NAVARRO** is a party in interest in the Puerto Rico Electric Power
   Authority's ("PREPA") Title III Bankruptcy. See 11 U.S.C. § 1109(b).

2. **I, VIVIAN E. ACEVEDO NAVARRO,** am a resident of Bayamón, Puerto Rico. Our
   household is composed of two people: myself and my husband, William Rios Ruiz. We are
   both retired and the bill of this primary residence is under my husband name. We also have
   another property in the municipality of Vega Alta, Puerto Rico and we are also subjected to
   pay that electricity bill that is under my name.

3. The question of who is a "party in interest" should be answered on a case-by-case basis. The
   definition is non-exhaustive. It generally refers to anyone with a financial stake or significant
   legal or practical stake in the outcome of bankruptcy. See, for example, Savage & Assocs. P.C.
   v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53 (2d Cir. 2011). That should mean anyone
   who will be significantly impacted.

4. The Plan of Adjustment proposes to impose a Legacy Charge on the electric bills of residential
   and commercial customers for the next 35 years or more. This proposed adjustment will
   significantly impact my ability to cover our monthly household expenses. My electricity bill
   for May 2023 was around $200.00 for an approximate minimum consumption of 800 kWh.
   That means that the proposed plan will increase my payments by at least $26.75 for my primary

residence. The monthly expense for our second property is around $100.00 with an approximate minimum consumption of 400 kWh. That represents an increase of around at least $16.00. The total increase could then represent an additional monthly expense of approximately $42.75. Besides these basic expenses I am currently responsible to cover for my mother's home care expenses. As a bedbound patient that expense is around $26,000 per year. The cost of living in Puerto Rico has already increased a lot and will continue to do so as this proposed increase in the electricity bill. As retired citizens we received a fixed income and we do not expect any increase, so it won't be feasible to cover for the inflation and to have any remaining purchasing power. Therefore, it will become unsustainable to live in Puerto Rico as retired citizens.

5. Therefore, **VIVIAN E. ACEVEDO** is a party in interest that "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

## PROCEDURAL BACKGROUND

6. For over a decade, Puerto Rico's economy has been in trouble and, by 2016, its massive debt became unsustainable. On June 30, 2016, PROMESA was signed into law. 48 U.S.C. § 2101 et seq. It created Title III to allow the territory access to bankruptcy relief for its instrumentalities. On July 2, 2017, the Financial Oversight and Management Board for Puerto Rico ("Oversight Board") initiated a Title III case for PREPA. On December 16, 2022, the Oversight Board filed the first *Title III Plan of Adjustment of the Puerto Rico Electric Power Authority*. This has been amended 3 times. The current version of the Plan of Adjustment was filed on March 1, 2023.

## LEGAL ARGUMENT

7. Section 314 of PROMESA has the requirements for the confirmation of a Plan of Adjustment.

3

48 U.S.C. § 2174(b).

> The Title III court shall confirm a plan of adjustment so long as certain requirements are met, including that: the debtor is not prohibited by law from taking any action necessary to carry out the plan; . . . any legislative, regulatory, or electoral approval necessary under applicable law in order to carry out any provision of the plan has been obtained, or such provision is expressly conditioned on such approval; . . . [and] the plan is feasible. <u>Fin. Oversight & Mgmt. Bd. for P.R. v. Federacion de Maestros de P.R., Inc. (In re Fin. Oversight & Mgmt. Bd. for P.R.)</u>, 32 F.4th 67, 76 (1st Cir. 2022)(citation omitted).

8. The Plan of Adjustment is not feasible for the reasons stated in the expert declarations of Mr. Tom Sanzillo, ECF No. 3416; Dr. José I. Alameda Lozada, ECF No. 3417, Mr. Agustín Irizarry, ECF No. 3414.

9. "Under PROMESA, a plan of adjustment must be supported by financial projections that are 'reasonable and demonstrate a probability that the debtor will be able to satisfy its obligations under the Plan.'" <u>In re Fin. Oversight & Mgmt. Bd.</u>, 637 B.R. 223, 302-03 (D.P.R. 2022).

10. This means asking: "Is it likely that the debtor, after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic municipal services to the citizens of the debtor and to meet the obligations contemplated in the Plan without the significant probability of a default?" <u>Id.</u>

11. The Plan of Adjustment will affect Puerto Rico's economy and ratepayers, such as **VIVIAN E. ACEVEDO NAVARRO.** Therefore, PREPA will not be able to generate enough revenue and comply with its obligations to creditors or to the people of Puerto Rico. Because of this, the Plan of Adjustment is not feasible.

## <u>CONCLUSION</u>

12. In conclusion, this Court should not confirm the Plan of Adjustment because it does not meet the requirements under PROMESA. Additionally, the confirmation of the Plan of Adjustment would cause great prejudice to **VIVIAN E. ACEVEDO NAVARRO** and the people of Puerto

4

Rico.

13. PREPA's restructuring is very important, because electric power is necessary both for
consumers and businesses alike. It is the driving force of Puerto Rico's economy. If PREPA's
restructuring becomes too burdensome on the people and businesses of Puerto Rico, it will
affect any possibility of economic growth and development.

### RELIEF REQUESTED

**WHEREFORE, VIVIAN E. ACEVEDO NAVARRO** respectfully requests that the
Court take notice of the above stated and deny the confirmation of the Plan of Adjustment.

**I HEREBY CERTIFY** that on this same date I conventionally filed the foregoing with the
Clerk of the Court. A copy of this document will be emailed to case participants.

In San Juan Puerto Rico, this 12th day of June 2023.

**VIVIAN E. ACEVEDO NAVARRO**
*Pro se*
Urb. Santa Rosa 35-23 Calle 25
Bayamon, PR 00959
acevedovivian1117@gmail.com
787-785-5761

5