# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered) |

**RESPONSES AND OBJECTIONS OF THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO TO NOTICE OF DEPOSITION OF <u>UNSECURED CREDITORS PURSUANT TO 30(b)(6)</u>**

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Pursuant to Rule 26 and Rule 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure and by section 310 of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] the Local Rules for the United States Bankruptcy Court for the District of Puerto Rico, the Local Rules for the United States District Court for the District of Puerto Rico, and/or this Court's chambers practices and case management orders (collectively, the "Governing Rules"), and the Court's *Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (the "Confirmation Procedures Order") [ECF No. 3305], the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the sole Title III representative of the Puerto Rico Electric Power Authority ("PREPA") pursuant to PROMESA section 315(b), for itself and on behalf of PREPA, hereby responds and objects to the *Notice of Official Committee of Unsecured Creditors Regarding Depositions, Pursuant to Fed. R. Civ. P. 30, in Connection with PREPA's Title III Plan of Adjustment*, dated April 28, 2023 [ECF No. 3419] (the "Deposition Notice," and each individual request for production of documents a "Topic"), served by the Official Committee of Unsecured Creditors (the "Committee").

## PRELIMINARY STATEMENT

The Oversight Board's responses and objections (the "Responses and Objections") to the Deposition Notice are made without prejudice to the Oversight Board's right to amend or supplement its responses herein if necessary at a later date. The Oversight Board has made reasonable efforts to respond to the Deposition Notice, to the extent it has not objected thereto, as the Oversight Board understands and interprets the Deposition Notice. If the Committee

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

subsequently asserts an interpretation of the Deposition Notice that differs from that of the Oversight Board, the Oversight Board reserves the right to supplement its Responses. By making the Responses below, the Oversight Board does not waive and expressly reserves its right to make additional objections.

**GENERAL OBJECTIONS**

1. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent they seek information that is neither relevant nor proportional to the Committee's assessment of the confirmability of the Plan,[3] the only issue before the Court in connection with the Confirmation Hearing.[4]

2. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome because: (i) they seek information beyond the scope of appropriate discovery in connection with confirmation of the Plan; and/or (ii) the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case.

3. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they purport to impose burdens inconsistent with, not authorized by, or otherwise exceeding those required by the Governing Rules. In responding to this Deposition Notice, and unless otherwise noted, the Oversight Board will construe all words in accordance with their ordinary English meaning, as informed by the Governing Rules. The Oversight Board will

---

[3] "Plan" refers to the *Modified Second Amended Title III Plan of Adjustment of the Puerto Rico Electric Power Authority* [ECF No. 3296], as it may be amended, modified, or supplemented from time to time.

[4] "Confirmation Hearing" refers to the hearing to consider confirmability of the Plan, which is currently scheduled to begin on July 17, 2023. Confirmation Procedures Order at 6.

3

construe and respond to the Deposition Notice in a manner consistent with its obligations under the Governing Rules and the Confirmation Procedures Order, and not otherwise.

4. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they expressly or impliedly seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board intends to and does assert any and all such privileges with respect to all such information. Nothing in these Responses and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided.

5. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent that it lacks the "reasonable particularity" required by Rule 30(b)(6) of the Federal Rules of Civil Procedure, so as to make it impossible to identify the limits of the inquiry, and to make the topics so overbroad as to be impossible to address by deposition testimony.

6. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent they request the Oversight Board provide testimony on topics that are beyond its knowledge.

7. The Oversight Board incorporates by reference, as if fully set forth herein, its objections to the Definitions used in the *Official Committee of Unsecured Creditors' First Set of Document Requests to Financial Oversight and Management Board for Puerto Rico, Puerto Rico Electric Power Authority, and Puerto Rico Fiscal Agency and Financial Authority in Connection with Modified Second Amended Title III Joint Plan of Adjustment of Puerto Rico Electric Power*

4

*Authority*, dated March 24, 2023 (the "Committee Document Requests"). *See Responses and Objection of the Financial Oversight and Management Board for Puerto Rico on Behalf of Itself and PREPA to the Request of the Official Committee of Unsecured Creditors First Request for the Production of Documents*, dated April 7, 2023. The Oversight Board incorporates by reference, as if fully set forth herein, its objections to the Definitions used in the *Official Committee of Unsecured Creditors' First Set of Interrogatories to Financial Oversight and Management Board for Puerto Rico, Puerto Rico Electric Power Authority, and Puerto Rico Fiscal Agency and Financial Authority in Connection with Modified Second Amended Title III Joint Plan of Adjustment of Puerto Rico Electric Power Authority*, dated April 21, 2023 (the "Committee Interrogatories"). *See Responses and Objections of the Financial Oversight and Management Board for Puerto Rico on Behalf of Itself and PREPA to the Official Committee of Unsecured Creditors' First Set of Interrogatories*, dated May 1, 2023 (the "Interrogatory Responses and Objections").

8. The Oversight Board objects to each Definition and Topic to the extent they seek information that is confidential or proprietary in nature, or otherwise constitutes protected commercial, strategic, financial or competitively sensitive or trade secret information, including but not limited to information or models created by the Oversight Board's current or former financial advisors.

9. The Oversight Board objects to the Deposition Notice, and to each and every Topic, to the extent they (i) imply the existence of facts or circumstances that do not or did not exist, or (ii) state or assume legal or factual conclusions. By providing these Responses, the Oversight Board does not admit any factual or legal premise in the Deposition Notice.

10. The Oversight Board objects to the Deposition Notice, and to each and every Topic, as unduly burdensome to the extent that it is cumulative or duplicative of other discovery requests. The Oversight Board further objects to the Deposition Notice in its entirety, and to each and every Topic, to the extent that the Committee may obtain the information sought through less burdensome means.

11. To the extent any term defined or used in the Deposition Notice is used in responding to the Deposition Notice, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

12. The above General Objections are incorporated into each of the following specific Responses.

[*Remainder of page intentionally left blank*]

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The estimated value, range of potential values, and cap applicable to General Unsecured Claims.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

The Oversight Board objects to this Topic to the extent that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board also objects to this Topic to the extent it seeks testimony regarding the "cap applicable to General Unsecured Claims" because it mischaracterizes the Plan. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and without waiving the specific objections above, the Oversight Board will designate Mark Shankweiler to testify regarding this Topic.

### DEPOSITION TOPIC NO. 2:

Legacy Charge Revenues and post-Petition modifications of rates (including the structure of rates) charged to PREPA customers.

### RESPONSE TO DEPOSITION TOPIC NO. 2:

The Oversight Board objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-

7

client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories. In addition, the Oversight Board objects to this Topic's request for testimony regarding "post-*Petition* modification of rates . . . charged to PREPA's customers" (emphasis added), on the grounds that such Topic does not seek information proportional or relevant to the analysis of the confirmability of the Plan.

Subject to the General objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and without waiving the specific objections above, the Oversight Board informed the Committee by email on May 2, 2023 that it was designating William Zarakas to testify regarding Legacy Charge Revenues and post-confirmation modifications of rates (including the structure of rates) charged to PREPA's customers. Mr. Zarakas was deposed in his individual capacity on May 4, 2023, pursuant to notices of deposition filed by, among others, the Committee. *See Notice of Official Committee of Unsecured Creditors Regarding Depositions, Pursuant to Fed. R. Civ. P. 30, in Connection with PREPA's Title III Plan of Adjustment* [ECF No. 3419], at 2. Counsel for the Committee attended Mr. Zarakas's deposition but did not examine him, either on an individual basis or in connection with his designation as the Oversight Board's representative on this Topic. Accordingly, the Oversight Board will not designate another witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 3:**

Characteristics of the Series A Bonds and Series B Bonds, including in comparison of each's attributes to the other.

8

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Interrogatories and Committee Document Requests. The Oversight Board further objects to this Topic as vague and ambiguous insofar as it seeks testimony regarding the "comparison of each's attributes to the other."

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and without waiving the specific objections above, the Oversight Board will designate David Brownstein to testify regarding this Topic.

**DEPOSITION TOPIC NO. 4:**

The Fuel Line Lender PSA, including all of the proposed settlements embodied within the Fuel Line Lender PSA, qualification of any claim by the Fuel Line Lenders and Committee as Current Expenses (as defined in the Trust Agreement), applicability or inapplicability of Current Expenses to the Committee, PREPA's determination of (and discretion in determining qualification of) claims as Current Expenses, and whether the Fuel Line Lender PSA is in the best interests of creditors.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic to the extent it seeks information regarding the bases of the Oversight Board's legal positions, which is not proper testimony for a deposition. The Oversight Board further objects to this topic as vague

9

and ambiguous, to the extent it requests testimony on "applicability or inapplicability of Current Expenses to the Committee" and PREPA's determination of (and discretion in determining qualification of) claims as Current Expenses. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and without waiving the specific objections above, the Oversight Board will designate David Brownstein to testify regarding the negotiation and terms of the Fuel Line Lender PSA.

**DEPOSITION TOPIC NO. 5:**

The rationale for treating the general unsecured creditors differently from the Fuel Line Lenders as it relates to payment of, or priority of, Current Expenses.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. In addition, the Oversight Board objects to this Topic to the extent it seeks information regarding the bases of the Oversight Board's legal positions, which is not proper testimony for a deposition. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation

10

privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and the specific objections above, the Oversight Board will not designate any witnesses to testify regarding this Topic.

### DEPOSITION TOPIC NO. 6:

The National PSA and National Settlement, including whether the foregoing are in the best interests of creditors, the components of the foregoing (*e.g.,* the National Reimbursement Claim, National Insured Bonds Claims, and the structuring fees described in Article II.D.2 of the Plan), and the explanation for the change in position as to National being entitled to any recovery or recourse beyond the Sinking Fund.

### RESPONSE TO DEPOSITION TOPIC NO. 6:

The Oversight Board objects to this Topic to the extent it seeks information regarding the bases of the Oversight Board's legal positions, which is not proper testimony for a deposition. The Oversight Board also objects to this Topic as it assumes a "change in position" regarding "National being entitled to any recovery or recourse beyond the Sinking Fund." Further, the Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories. In addition, the Oversight Board objects to this Topic's request for testimony regarding "the explanation for the change in position as to National being entitled to any recovery or recourse

11

beyond the Sinking Fund," on the grounds that such Topic does not seek information proportional or relevant to the analysis of the confirmability of the Plan.

Subject to the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and without waiving the specific objections above, the Oversight Board will designate David Brownstein to testify regarding the negotiation and terms of the National PSA and National Settlement.

**DEPOSITION TOPIC NO. 7:**

Assets of PREPA available for the repayment of creditors, including whether assets are "essential" to operations of, or provide an "essential service" of, the Debtor.

**RESPONSE TO DEPOSITION TOPIC NO. 7:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Interrogatories and the Committee Document Requests. The Oversight Board further objects to this Topic through its reference to assets that are "'essential' to operations of, or provide an 'essential service' of, the Debtor," to the extent that the Committee is referencing the Oversight Board's use of "essential" in the Oversight Board's Omnibus Disclosure Statement and Reply; for the same reason as stated in the Interrogatory Responses and Objections, at Interrogatory No. 9,

the Oversight Board objects to this Topic because it mischaracterizes the use of the term "essential" in the Oversight Board's Omnibus Disclosure Statement Reply.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and the specific objections above, the Oversight Board will not designate a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 8:**

The Avoidance Actions Trust, including the litigations and claims transferred and not transferred to that trust (and the estimated value thereof).

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories. Further, the Oversight Board objects to this Topic because the Committee is a co-plaintiff in certain of the litigations at issue in this Topic and therefore equally well-positioned to evaluate their estimated value. The Oversight Board also objects to this Topic as it would result in testimony duplicative of information in the Plan.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and the specific objections above, the Oversight Board will not designate a witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 9:**

ACR Procedures.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

The Oversight Board objects to this Topic on the grounds that it is vague and ambiguous and does not identify the topic with sufficient particularity. The Oversight Board further objects on the grounds that this Topic does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case. The Oversight Board objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the common interest privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board further objects to this Topic because the ACR Procedures are governed by the *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274] (the "ACR Order"), and accordingly, any testimony regarding the ACR Procedures would be duplicative in light of the ACR Order.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10, and the specific objections above, the Oversight Board will not designate any witness to testify regarding this Topic.

**DEPOSITION TOPIC NO. 10:**

Payments made relating to pre-Petition unsecured claims, including records and documents memorializing such payments, and decisions to pay, or not to pay, any pre-Petition unsecured claims.

**RESPONSE TO DEPOSITION TOPIC NO. 10:**

The Oversight Board objects to this Topic on the grounds that it does not seek information proportional or relevant to the analysis of the confirmability of the Plan. The Oversight Board further objects that having to prepare a witness on this Topic would be unduly burdensome and disproportionate to the needs of the case as the Oversight Board is not the entity responsible for making such payments. The Oversight Board further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the executive and deliberative process privileges, the common interest privilege, the mediation privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. The Oversight Board also objects to this Topic because it is unreasonably cumulative and duplicative of other discovery requests served by the Committee, including the Committee Document Requests and the Committee Interrogatories. The Oversight Board objects to this Topic because it is the subject of ongoing document discovery that concerns the subject matter underlying this Topic. In particular, the Oversight Board refers the Committee to 13-week cash flow reports prepared on behalf of PREPA that have been uploaded to the "PREPA Financial Data" folders in the Plan Depository at FOMB_PREPA 00022592 through FOMB_PREPA00022939 and FOMB_PREPA00024980 through FOMB_PREPA00024987, and which are presently current through the week ending April 14, 2023.

In light of the General Objections identified in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, and 10 and the specific objections above, the Oversight Board will not designate any witness to testify regarding this Topic.

15

| | |
|---|---|
| Dated: May 8, 2023<br>New York, New York | Respectfully submitted,<br>*/s/ Margaret A. Dale*<br><br>Martin J. Bienenstock<br>Paul V. Possinger<br>Ehud Barak<br>Margaret A. Dale<br>Michael T. Mervis<br>Julia D. Alonzo<br>Laura Stafford<br>Javier F. Sosa<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board, as representative for PREPA*<br><br>*/s/ Hermann D. Bauer*<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board, as representative for PREPA* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 9, 2023, I caused copies of the foregoing document to be served on the following counsel of record.

Luc A. Despins, Esq. (Pro Hac Vice)
lucdespins@paulhastings.com

G. Alexander Bongartz, Esq. (Pro Hac Vice)
alexbongartz@paulhastings.com

Juan J. Casillas Ayala, Esq.
(USDC - PR 218312)
jcasillas@cstlawpr.com

Israel Fernández Rodríguez, Esq.
(USDC - PR 225004)
ifernandez@cstlawpr.com

Juan C. Nieves González, Esq.
(USDC - PR 231707)
jnieves@cstlawpr.com

Cristina B. Fernández Niggemann, Esq.
(USDC – PR 306008)
crernandez@cstlawpr.com

/s/ *Massimo B. Capizzi*
Massimo B. Capizzi