**Estimated Hearing Date:** August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>     Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

## SUMMARY SHEET TO
## FIFTEENTH INTERIM FEE APPLICATION OF PROSKAUER
## ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND
## REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE
## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,
## AS TITLE III REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF
## PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2022 THROUGH MARCH 15, 2022

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**<u>Schedule 1</u>**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and
Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("<u>Proskauer</u>") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Title III Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2022 through March 15, 2022 (the "Compensation Period") |
| Amount of Fees Sought for the Compensation Period: | $5,024,011.40 |
| Gross-Up Amount:[2] | -- |
| Amount of Expense Reimbursement Sought for the Compensation Period: | $352,150.68 |
| Total Fees and Expenses Sought for the Compensation Period: | $5,376,162.08 |

This is a(n)  ____ Monthly  <u>X</u>  Interim __ Final Fee Application

This is the Fifteenth interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2]  Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "<u>Gross-Up Amount</u>") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "<u>Withholding</u>").  Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2021, and is not currently requesting its approval.

**Fifteenth Interim Compensation Period**
**February 1, 2022 – March 15, 2022**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Fifty-Ninth** 3/22/2022 | 2/1/22 to 2/28/22 | $2,968,680.20 | $2,671,812.18 | $164,529.60 | $2,671,812.18 | $164,529.60 |
| **Sixtieth** 4/27/2022 | 3/1/22 to 3/15/22 | $2,017,545.00 | $1,815,790.50 | $152,249.57 | $1,815,790.50 | $152,249.57 |
| **Sixtieth (Puerto Rico)** [3] 4/27/2022 | 3/1/22 to 3/15/22 | $37,786.20 | $34,007.58 | $0.00 | $34,007.58 | $0.00 |
| **Sixty-First** 5/26/2022 | Expenses prior to 3/15/22 | $0.00 | $0.00 | $721.51 | $0.00 | $721.51 |
| **Sixty-Second** 9/14/2022 | Expenses prior to 3/15/22 | $0.00 | $0.00 | $34,650.00 | $0.00 | $34,650.00 |
| | **Totals:** | **$5,024,011.40** | **$4,521,610.26** | **$352,150.68** | **$4,521,610.26** | **$352,150.68** |

---

[3]  For purposes of assisting AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate monthly fee statements for any such services.

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $878.71[4] |
| Blended Rate in This Application for All Timekeepers: | $792.49 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $4,521,610.26 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $352,150.68 |
| Number of Professionals Included in this Application:[5] | 88 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 20 |
| Any Rates Higher than Those Approved or Disclosed when Retained? If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2). Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, |

---

[4] This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5] As used herein, the term "professionals" includes all timekeepers. The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6] As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 115, and thus the actual number of timekeepers was 27 fewer than anticipated.

|  | and associates) of \$887 per hour, for e-discovery attorneys of \$438 per hour, and for paraprofessionals of \$303 per hour.<br><br>Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing sworn certifications, attached to Proskauer's eighth and tenth interim applications as Exhibit A [Case No. 17-3283, ECF Nos. 12831 and 16143].  In addition, on December 9, 2021, Proskauer filed the *Notice of Annual Hourly Rate Adjustment Pursuant to Engagement Letter, Dated November 25, 2016, of Proskauer Rose LLP, as Attorneys for the Financial Oversight and Management Board for Puerto Rico* [Case No. 17-3283, ECF No. 19457], providing additional notice of Proskauer's automatic 2022 rate adjustment pursuant to the Engagement Letter. Rates have not increased during the Compensation Period. |

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2022 through March 15, 2022**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Barak, Ehud | BSGR&B[8] – 2010 | $887 | 204.00 | $180,948.00 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $887 | 222.30 | $197,180.10 |
| Brenner, Guy | Labor & Employment – 2002 | $887 | 97.10 | $86,127.70 |
| Cooper, Scott P. | Litigation – 1981 | $887 | 26.50 | $23,505.50 |
| Dale, Margaret A. | Litigation – 1990 | $887 | 17.10 | $15,167.70 |
| Firestein, Michael A. | Litigation – 1983 | $887 | 128.80 | $114,245.60 |
| Garnett, Karen J. | Corporate – 1990 | $887 | 3.00 | $2,661.00 |
| Gerkis, James P. | Corporate – 1984 | $887 | 113.80 | $100,940.60 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $887 | 12.10 | $10,732.70 |
| Hamilton, Martin T. | Tax – 2004 | $887 | 22.80 | $20,223.60 |
| Harris, Mark D. | Litigation – 1992 | $887 | 33.50 | $29,714.50 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $887 | 155.70 | $138,105.90 |
| Martinez, Carlos E. | Corporate – 1988 | $887 | 36.20 | $32,109.40 |
| Mervis, Michael T. | Litigation – 1990 | $887 | 13.30 | $11,797.10 |

---

[7]  In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. The Engagement Letter provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2022, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.  Rates have not increased during this Compensation Period.

[8]  Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Mungovan, Timothy W. | Litigation – 1994 | $887 | 202.20 | $179,351.40 |
| Phelps, Whitney M. | Health Care – 2003 | $887 | 14.80 | $13,127.60 |
| Piccirillo, Antonio N. | Corporate – 1996 | $887 | 94.80 | $84,087.60 |
| Possinger, Paul V. | BSGR&B – 1993 | $887 | 190.70 | $169,150.90 |
| Ramachandran, Seetha | Litigation – 2001 | $887 | 3.60 | $3,193.20 |
| Rappaport, Lary Alan | Litigation – 1979 | $887 | 63.00 | $55,881.00 |
| Richman, Jonathan E. | Litigation – 1984 | $887 | 117.60 | $104,311.20 |
| Roberts, John E. | Litigation – 2009 | $887 | 195.90 | $173,763.30 |
| Rosen, Brian S. | BSGR&B – 1983 | $887 | 320.90 | $284,638.30 |
| Rosenthal, Marc E. | Litigation – 1990 | $887 | 1.60 | $1,419.20 |
| Snell, Dietrich L. | Litigation – 1983 | $887 | 4.50 | $3,991.50 |
| Triggs, Matthew | Litigation – 1990 | $887 | 37.80 | $33,528.60 |
| Waxman, Hadassa R. | Litigation – 2001 | $887 | 22.20 | $19,691.40 |
| **Total for Partners:** | | | **2,355.80** | **$2,089,594.60** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $887 | 109.40 | $97,037.80 |
| Munkittrick, David A. | Litigation – 2011 | $887 | 0.40 | $354.80 |
| Scott, Natalie K. | Corporate – 2013 | $887 | 27.00 | $23,949.00 |
| Stafford, Laura | Litigation – 2012 | $887 | 262.20 | $232,571.40 |
| **Total for Senior Counsel:** | | | **399.00** | **$353,913.00** |
| *ASSOCIATES* | | | | |
| Burroughs, Timothy E. | Litigation – 2020 | $887 | 31.60 | $28,029.20 |
| Deming, Adam L. | Litigation – 2018 | $887 | 117.60 | $104,311.20 |
| Desatnik, Daniel | BSGR&B – 2018 | $887 | 6.90 | $6,120.30 |
| Esses, Joshua A. | BSGR&B – 2017 | $887 | 14.40 | $12,772.80 |
| Fassuliotis, William G. | Litigation – 2020 | $887 | 60.80 | $53,929.60 |
| Gordon, Amy B. | Litigation – 2021 | $887 | 87.40 | $77,523.80 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Gottlieb, Brooke G. | Litigation – 2020 | $887 | 0.40 | $354.80 |
| Greenberg, Maximilian A. | BSGR&B – 2022 | $887 | 26.50 | $23,505.50 |
| Griffith, Jessica M. | Litigation – 2021 | $887 | 19.60 | $17,385.20 |
| Guggenheim, Michael | Litigation – 2021 | $887 | 40.60 | $36,012.20 |
| Habenicht, Yomarie S. | Tax – 2010 | $887 | 33.90 | $30,069.30 |
| Hartunian, Joseph S. | Litigation – 2019 | $887 | 32.60 | $28,916.20 |
| Hughes, Sarah E. | Corporate – 2019 | $887 | 93.60 | $83,023.20 |
| Jones, Erica T. | Litigation – 2018 | $887 | 20.30 | $18,006.10 |
| Kim, Joan | Litigation – 2021 | $887 | 46.50 | $41,245.50 |
| Kim, Mee R. | Litigation – 2016 | $887 | 20.50 | $18,183.50 |
| Klein, Reuven C. | BSGR&B – N/A[9] | $887 | 103.80 | $92,070.60 |
| Kowalczyk, Lucas | Litigation – 2017 | $887 | 219.10 | $194,341.70 |
| Lefebvre, Antonieta P. | Litigation – 2015 | $887 | 72.60 | $64,396.20 |
| Ma, Steve | BSGR&B – 2014 | $887 | 183.50 | $162,764.50 |
| McGowan, Shannon D. | Litigation – 2020 | $887 | 83.60 | $74,153.20 |
| Meyer, Tony R. | Tax – 2022 | $887 | 18.90 | $16,764.30 |
| Osaben, Libbie B. | BSGR&B – 2021 | $887 | 106.80 | $94,731.60 |
| Ovanesian, Michelle M. | Litigation – 2018 | $887 | 59.70 | $52,953.90 |
| Palmer, Marc C. | Litigation – 2018 | $887 | 107.90 | $95,707.30 |
| Perdiza, Andre F. | Corporate – 2015 | $887 | 77.10 | $68,387.70 |
| Rainwater, Shiloh A. | Litigation – 2017 | $887 | 162.50 | $144,137.50 |
| Rogoff, Corey I. | Litigation – 2019 | $887 | 125.80 | $111,584.60 |
| Ruben, Jillian L. | Corporate – 2019 | $887 | 4.50 | $3,991.50 |
| Samuels, Reut N. | Litigation – 2021 | $887 | 15.40 | $13,659.80 |
| Sazant, Jordan | BSGR&B – 2018 | $887 | 108.00 | $95,796.00 |

---

[9] Reuven C. Klein is a first year associate who was not yet admitted to the bar during the Compensation Period.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Seyarto Flores, Briana M. | Litigation – 2021 | $887 | 25.40 | $22,529.80 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $887 | 94.20 | $83,555.40 |
| Sosa, Javier F. | Litigation – 2019 | $887 | 27.10 | $24,037.70 |
| Stevens, Elliot R. | BSGR&B – 2018 | $887 | 68.50 | $60,759.50 |
| Tocicki, Alyson C. | Litigation – 2021 | $887 | 18.00 | $15,966.00 |
| Volin, Megan R. | BSGR&B – 2020 | $887 | 147.40 | $130,743.80 |
| Weringa, Ashley M. | BSGR&B – 2021 | $887 | 13.20 | $11,708.40 |
| Westbrook, Matthew J. | Corporate – 2016 | $887 | 10.90 | $9,668.30 |
| Wheat, Michael K. | BSGR&B – 2019 | $887 | 28.70 | $25,456.90 |
| **Total for Associates:** | | | **2,535.80** | **$2,249,254.60** |
| ***E-DISCOVERY ATTORNEYS*** | | | | |
| Ike, Yvonne O. | Professional Resources – 2009 | $438 | 5.70 | $2,496.60 |
| Kay, James | Professional Resources – 1978 | $438 | 93.50 | $40,953.00 |
| Peterson, Cathleen P. | Professional Resources – 1991 | $438 | 0.30 | $131.40 |
| **Total for e-Discovery Attorneys:** | | | **99.50** | **$43,581.00** |
| ***PARAPROFESSIONALS*** | | | | |
| Asnis, Griffin M. | Litigation Paralegal – N/A | $303 | 93.80 | $28,421.40 |
| Chernus, Eric R. | Professional Resources – N/A | $303 | 16.60 | $5,029.80 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $303 | 93.00 | $28,179.00 |
| Cooper, David C. | Corporate Paralegal – N/A | $303 | 12.60 | $3,817.80 |
| Henderson, Laurie A. | Professional Resources – N/A | $303 | 7.90 | $2,393.70 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Hoffman, Joan K. | Litigation Paralegal – N/A | $303 | 59.80 | $18,119.40 |
| Klock, Joseph | Professional Resources – N/A | $303 | 3.60 | $1,090.80 |
| McPeck, Dennis T. | Litigation Paralegal – N/A | $303 | 147.20 | $44,601.60 |
| Monforte, Angelo | Litigation Paralegal – N/A | $303 | 112.60 | $34,117.80 |
| Oloumi, Nicole | BSGR&B Paralegal – N/A | $303 | 99.30 | $30,087.90 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $303 | 80.90 | $24,512.70 |
| Rubin, Abigail | Litigation Paralegal – N/A | $303 | 2.60 | $787.80 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $303 | 60.40 | $18,301.20 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $303 | 159.10 | $48,207.30 |
| **Totals for Paraprofessionals:** | | | **949.40** | **$287,668.20** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **6,339.50** | **$5,024,011.40** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2022 through March 15, 2022**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 116.00 | $102,892.00 |
| 202 | Legal Research | 196.60 | $172,223.40 |
| 203 | Hearings and Other Non-Filed Communications with the Court | 38.80 | $33,072.40 |
| 204 | Communications with Claimholders | 33.30 | $29,537.10 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 44.70 | $39,648.90 |
| 206 | Documents Filed on Behalf of the Board | 508.80 | $451,305.60 |
| 207 | Non-Board Court Filings | 37.30 | $33,085.10 |
| 208 | Stay Matters | 1.60 | $1,419.20 |
| 210 | Analysis and Strategy | 2,062.50 | $1,787,456.00 |
| 211 | Non-Working Travel Time | 2.50 | $2,217.50 |
| 212 | General Administration | 888.50 | $270,025.50 |
| 213 | Labor, Pension Matters | 22.20 | $19,691.40 |
| 214 | Legal/Regulatory Matters | 3.60 | $3,193.20 |
| 215 | Plan of Adjustment and Disclosure Statement | 833.50 | $739,314.50 |
| 216 | Confirmation | 42.00 | $37,254.00 |
| 217 | Tax | 75.60 | $67,057.20 |
| 218 | Employment and Fee Applications | 64.00 | $21,202.40 |
| 219 | Appeal | 1,367.30 | $1,212,795.10 |
| 220 | Fee Applications for Other Parties | 0.70 | $620.90 |
| | **Total for All Project Categories:** | **6,339.50** | **$5,024,011.40** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2022 through March 15, 2022**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Airplane | $2,833.74 |
| Data Base Search Services | $2,573.78 |
| Filing and Court Costs | $7,062.25 |
| Expert Witness | $8,750.00 |
| HIGHQ Licensing | $185.00 |
| Lexis/Westlaw | $62,993.00 |
| Local Meals | $103.17 |
| Lodging | $1,800.00 |
| Messenger/Delivery | $115.53 |
| Out of Town Meals | $335.61 |
| Out of Town Transportation | $39.00 |
| Practice Support Vendors | $164,687.57 |
| Reproduction | $980.40 |
| Professional Services | $25,900.00 |
| Taxi, Carfare, Mileage and Parking | $238.24 |
| Transcripts & Depositions | $8,754.00 |
| Translation Service | $64,799.39 |
| **Total:** | **$352,150.68** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br>**In this fee application[10]** |
| Partners | $1,370 | $887 |
| Senior Counsel | $1,141 | $887 |
| Associates (7 or more years since first admission) | $1,100 | $887 |
| Associates (4–6 years since first admission) | $980 | $887 |
| Associates (1–3 years since first admission) | $789 | $887 |
| E-Discovery Attorneys | $850 | $438 |
| Paraprofessionals | $368 | $303 |
| **All Timekeepers Aggregated:** | **$1,020** | **$792.49** |

---

[10] *See supra* note 7.

**Estimated Hearing Date:** August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |

### FIFTEENTH INTERIM FEE APPLICATION OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE OF THE DEBTOR, THE COMMONWEALTH OF PUERTO RICO, FOR THE PERIOD FEBRUARY 1, 2022 THROUGH MARCH 15, 2022

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as Title III representative of the Commonwealth of Puerto Rico (the "Debtor" or "Commonwealth") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this fifteenth interim application (the "Application"),[3] pursuant to PROMESA sections 316

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3] The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule

2016–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of

Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by*

*Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee,

28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Third*

*Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of*

*Expenses of Professionals* [ECF No. 20546] [5] (the "Interim Compensation Order"), for

(a) allowance of interim compensation for professional services performed by Proskauer for the

period commencing February 1, 2022 through and including March 15, 2022 (the "Compensation

Period") in the amount of **$5,024,011.40**, and (b) reimbursement of its actual and necessary

expenses in the amount of **$352,150.68** incurred during the Compensation Period.  In support of the

Application, Proskauer respectfully avers as follows:

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has

subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316

and 317.

---

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case
No. 17-BK-3283-LTS.

### Background

4.       On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.       Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.       On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.       On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.       On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.       On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period May 3, 2017 through September 30, 2017* [ECF No. 2068] (the "First Interim Application").

3

10.     On April 9, 2018, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2868] (the "Second Interim Application").

11.     On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3588] (the "Third Interim Application").

12.     On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4280] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7045] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8734] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9624] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12831] (the "Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14348] (the "Ninth Interim Application").

18.     On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2020 through September*

*30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No. 16143] (the "Tenth Interim Application").

19.     On July 29, 2021, Proskauer filed the *Eleventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17587] (the "Eleventh Interim Application").

20.     On January 5, 2022, Proskauer filed the *Twelfth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period February 1, 2021 through May 31, 2021* [ECF No. 19689] (the "Twelfth Interim Application").

21.     On March 31, 2023, Proskauer filed the *Thirteenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Title III Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period June 1, 2021 through September 30, 2021* [ECF No. 23907 (the "Thirteenth Interim Application").

22.     On April 14, 2023, Proskauer filed the *Fourteenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Title III Representative of the Debtor, the Commonwealth of Puerto Rico, for the Period October 1, 2021 through January 31, 2022* [ECF No. 23997] (the "Fourteenth Interim Application").

23.     On March 22, 2022 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its fifty-ninth monthly fee statement for the period February 1, 2022 through February 28, 2022.  On April 27, 2022, Proskauer served on the Notice Parties its sixtieth monthly fee statement for the period March 1, 2022 through March 15, 2022 (the Effective Date).  On May 26, 2022, Proskauer served on the Notice Parties its sixty-first monthly fee statement and on September 14, 2022, its sixty-second monthly fee statement covering additional pre-Effective Date expenses.

24.     In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$4,873,760.94** (payment of approximately ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$4,873,760.94** with respect to fee statements filed during the Compensation Period.

### Summary of Services Rendered by Proskauer During the Compensation Period

25.     The instant Application is Proskauer's Fifteenth application for interim compensation in the Debtor's Title III Case.

26.     During the Compensation Period, the main focus of Proskauer was on consummation and implementation of the Title III plan of adjustment for the Commonwealth, ERS, and PBA.  On January 18, 2022, the Court confirmed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, dated January 14, 2022 [ECF No. 19784] (the "Modified Eighth Amended Plan").  On March 15, 2022, the Modified Eighth Amended Plan became effective, reducing the Commonwealth's debt by nearly eighty percent (80%) and concluding the largest debt restructuring in the history of the municipal bond market and the first restructuring of a territory's debt in the history of the United States. In connection therewith, the

Commonwealth distributed approximately $10 billion in cash, in excess of $7 billion of new general obligation bonds, and contingent value instruments to various creditor groups. The services rendered by Proskauer were also essential to significant progress in PREPA and HTA's Title III cases. The continuing coronavirus pandemic affecting Puerto Rico and the global economy during this Compensation Period imposed additional economic and administrative challenges to the Commonwealth and its covered instrumentalities. The Oversight Board remained focused on protecting the health and welfare of the people of Puerto Rico, while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island. The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and to cover the expenses related to the pandemic. Proskauer continued to provide legal and strategic advice to the Oversight Board to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico. Among others, Proskauer's notable undertakings during this Compensation Period included:

- <u>Consummation of Amended Joint Plan of Adjustment</u>. On January 18, 2022, Judge Swain issued the order confirming the plan, *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

  Following confirmation, the Oversight Board was in constant contact with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("<u>AAFAF</u>") and related governmental entities to identify, prepare for, and implement the transactions required by the Modified Eighth Amended Plan. On February 3, 2022, Proskauer, on behalf of the Oversight Board filed the Third Amended Plan Supplement and related documents [ECF No. 20019], and on March 14, 2022, Proskauer filed the Fourth Amended Plan Supplement and related documents [ECF No. 20353]. The Modified Eighth Amended Plan became effective on March 15, 2022.

In addition to finalizing the various documents and transactions necessary for the substantial consummation of the Modified Eighth Amended Plan, the Oversight Board was also focused on stay requests and the appeals from the Confirmation Order, taken by several groups of creditors and certain credit unions (the "Cooperativas").[6] On February 17, 2022, Proskauer, on behalf of the Oversight Board, filed a cross-appeal from the portion of the Confirmation Order and corresponding portions of the Findings and Conclusions holding that claims arising under the Takings Clause of the United States Constitution are nondischargeable and must be paid in full.[7] The Teachers' and Judges' Associations and Cooperativas also filed motions to stay implementation of the plan pending their appeals with the Title III Court,[8] and after their motions were denied, the Teachers' Associations filed a similar motion with the First Circuit. After Proskauer opposed the motion on behalf of the Oversight Board, the First Circuit also denied the Teachers' Associations' motion to stay.

- Certified Fiscal Plans. The Oversight Board, in consultation with AAFAF and the Puerto Rico Governor, worked to modify the 2022 fiscal plan to incorporate the terms of the Modified Eighth Amended Plan and, on January 27, 2022, the Oversight Board certified the updated 2022 fiscal plan for the Commonwealth. During the Compensation Period, the Oversight Board began the process of making corresponding amendments to the 2022 budget for the Commonwealth.

- PRRADA. On January 20, 2022, President Biden signed Public Law No. 117-82, the Puerto Rico Recovery Accuracy in Disclosures Act ("PRRADA"), mandating certain disclosures for professionals applying for compensation pursuant to sections 316 and 317 of PROMESA. On January 21, 2022, the Title III Court entered an order directing the Oversight Board, Fee Examiner, and Office of the United States

---

[6] See *Notice of Appeal*, filed by Cooperativa de Ahorro y Crédito Abraham Rosa, Cooperativa de Ahorro y Crédito de Ciales, Cooperativa de Ahorro y Crédito de Juana Díaz, Cooperativa de Ahorro y Crédito de Rincón, Cooperativa de Ahorro y Crédito de Vega Alta, and Cooperativa de Ahorro y Crédito Dr. Manuel Zeno Gandía (collectively, the "cooperativas") [ECF No. 19938]; *Notice of Appeal*, filed by Federación de Maestros de Puerto Rico, Inc., Grupo Magisterial Educadores(as) por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., and Unión Nacional de Educadores y Trabajadores de la Educación, Inc. (collectively, the "Teachers' Associations") [ECF No. 19941]; *Notice of Appeal*, filed by Suiza Diary Corp. [ECF No. 20016]; *Notice of Appeal*, filed by Luis F. Pabón Bosques, Raul Martinez Perez, Elvin A. Rosado Morales, Carlos A. Rojas Rosario y Rafael Torres Ramos [ECF No. 20166]; and *Notice of Appeal*, filed by Asociación Puertorriqueña de la Judicatura, Inc. [ECF No. 20031], voluntary dismissed on February 11, 2022 [ECF No. 20103].

[7] See *Notice of Appeal* [ECF No. 20155].

[8] *Teachers' Associations' Motion for Stay Pending Appeal Regarding: Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813]* [ECF No. 19969], *Credit Union's Joint Motion for Stay Pending Appeal of Order and Judgment Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et. al[]* [ECF No. 20035], and *Asociación Puertorriqueña de la Judicatura's Motion for Stay Pending Appeal Regarding: Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employee Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [Docket No. 19813]* [ECF No. 20033], later denied due to the voluntary withdrawal of the judges' appeal [ECF No. 20103].

Trustee to meet and confer to discuss PRRADA's requirements [ECF No. 19860]. On January 31, 2022, after meeting and conferring, the parties filed an informative motion containing their proposals to ensure compliance with PRRADA [ECF No. 19964]. The informative motion proposed procedures and timelines for the Oversight Board to create and present for the Court's approval the list of material interested parties required by PRRADA (the "MIP List"). On February 2, 2022, the Title III Court directed the Oversight Board to file a motion seeking approval of the MIP List for each Debtor and a threshold claim amount for the determination of which creditors to include on the MIP List for each Title III case [ECF No. 19980]. Proskauer attorneys analyzed a wide variety of issues in connection with PRRADA and participated in multiple discussions with the Oversight Board regarding the Board's position with respect to the MIP List and proposed MIP disclosure strategy. After conducting diligent research and analysis, in compliance with the Court's order, Proskauer, on behalf of the Oversight Board, filed the *Motion of Financial Oversight and Management Board for Puerto Rico Requesting Order Approving Proposed List of Material Interested Parties Pursuant to the Puerto Rico Recovery Accuracy in Disclosures Act* [ECF No. 20194] on February 22, 2022. On March 8, 2022, the U.S Trustee submitted a limited objection to the proposed MIP List, and Proskauer replied on March 11, 2022. On March 21, 2022, the Court ordered the Oversight Board to expand and resubmit the MIP List to include holders of inactive claims [ECF No. 20419]. In compliance with the Court's order, Proskauer conducted additional analysis of inactive claims and prepared an amended MIP List, and on March 29, 2022, filed the *Notice of Filing Amended List of Material Interested Parties Pursuant to Puerto Rico Recovery Accuracy in Disclosure Act* [ECF No. 20458]. On March 30, 2022, the Title III Court approved the Oversight Board's amended MIP List [ECF No. 20467].

27. Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests in fair distributions to all stakeholders by analyzing and objecting to duplicative, incorrectly filed, and otherwise deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer communications with claimants to achieve the best possible outcome. Among the major claims-related matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

- Claim Objections. In connection with proofs of claim filed against the Debtors,[9] Proskauer filed a total of 14 omnibus objections between February 1, 2022 and March 15, 2022. Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus

---

[9] Pursuant to the Bar Date Orders [Case No. 17-BK-3283, ECF Nos. 2521, 3160, 12260, and 13403], approximately 188,814 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC).

objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.

- Alternative Dispute Resolution ("ADR"). To promote the timely and cost-effective resolution of claims, Proskauer, on behalf of the Debtors, requested that the Title III Court approve amended procedures for alternative dispute resolution (the "ADR Procedures").  On April 1, 2020, the final ADR Procedures were approved by the Court.[10] During the Fifteenth Interim Compensation Period, Proskauer filed its *Twentieth* and *Twenty-First Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 20012 and 20241], transferring over 450 additional claims to the ADR process. On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed its *Tenth Alternative Dispute Resolution Status Notice* [ECF No. 20205], providing an update to the Court regarding the status of the claims transferred into the ADR process.

- Administrative Reconciliation of Claims ("ACR").  To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes.  The Court approved proposed ACR Procedures on March 12, 2020.[11] During the Fifteenth Interim Compensation Period, Proskauer filed its *Twenty-Third Notice of Transfer of Claims to Administrative Claims Reconciliation* [ECF No. 20204], transferring three additional claims into Administrative Claims Reconciliation.

28.  First Circuit Appeals. During this Compensation Period, Proskauer defended a number of significant matters before the First Circuit Court of Appeals on behalf of the Oversight Board as Title III representative of the Debtors.  Some of the appellate matters where Proskauer attorneys represented the Oversight Board during the Compensation Period included:

- First Circuit Appeals:

    (1) Cooperativa de Ahorro y Crédito Abraham Rosa v. FOMB, Case No. 22-1079.  Several groups of creditors and certain credit unions filed appeals from the Confirmation Order asking the First Circuit to prevent consummation and implementation of the confirmed plan of adjustment.  The First Circuit docketed an appeal by the Cooperativas on February 8, 2022 (Case No. 22-1079), and an appeal by Suiza Dairy Corporation on February 17, 2022 (Case No. 22-1092). On March 1,

---

[10] See *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[11] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

2022, an appeal was filed by Luis F. Pabón Bosques, Raul Martinez Perez, Elvin A. Rosado Morales, Carlos A. Rojas Rosario y Rafael Torres Ramos (Case No. 22-1120). On February 24, 2022, Proskauer, on behalf of the Oversight Board, filed its cross-appeal (Case No. 22-1119). On March 8, 2002, the cases were consolidated for the purposes of briefing and oral argument. The appellants filed their opening briefs on March 22, 23 and 29, 2022. On April 1, 2022, Proskauer, on behalf of the Oversight Board, filed its principal appellate brief and opposition, and on April 22, 2022, filed its reply brief in support of the cross-appeal. The case was fully briefed and argued on April 28, 2022. On July 18, 2022, the First Circuit affirmed the provisions of the Confirmation Order in relation to the Oversight Board's cross-appeal in Case No. 22-1119. On November 29, 2022, in the appellate Case No. 22-1048, the First Circuit affirmed the Title III Court's dismissal of the Cooperativas' adversary proceeding, and consequently dismissed the Cooperativas' appeal in Case No. 22-1079 as moot.

(1) Federacion De Maestros De Puerto Rico, Inc. v. FOMB, Case No. 22-1080. On February 11, 2022, the First Circuit docketed an appeal by Puerto Rico Teachers' Associations from the confirmation order and Findings of Fact and Conclusions of Law in Connection with confirmation of the Modified Eight Amended Plan and from the Confirmation Order. The appellants requested an expedited briefing schedule and filed their opening brief on March 1, 2022. On March 3, 2022, they also filed an urgent motion asking the First Circuit to stay the implementation of the Confirmation Order while the appeal was pending. On March 6, 2022, Proskauer filed the opposition to the motion to stay on behalf of the Oversight Board, which was joined by other parties. On March 9, 2022, Proskauer defended the Oversight Board's position at the remote oral argument on the motion, and on March 11, 2022, the motion to stay was denied. On March 15, 2022, Proskauer submitted the Oversight Board's responsive appellate brief, joined by certain parties to plan support agreements and the DRA Parties. On April 26, 2022, the First Circuit affirmed the provisions of the Confirmation Order in relation to the Teachers' Associations' appeal. On May 10, 2022, the Teachers' Associations' petition for rehearing en banc was denied and on August 15, 2022, the Teachers' Associations' appealed to the U.S. Supreme Court (Case No. 22-142). The Supreme Court denied *certiorari* on November 21,2022.

(2) Asociación Puertorriqueña de Profesores Universitarios v. University of Puerto Rico, Case No. 21-1690. On August 30, 2021, Asociación Puertorriqueña de Profesores Universitarios ("APPU") and its certain individual members filed an appeal from the Title III Court order dismissing their complaint for lack of subject matter jurisdiction under PROMESA and lack of Article III standing, and deeming futile their requests to re-plead. During the Compensation Period, Proskauer conducted research and analysis and prepared for drafting of the Oversight Board's opposition brief. On February 10, 2022, the appellants submitted their opening brief. Proskauer submitted the opposition brief on April 13, 2022. The appeal has been fully briefed and was argued on November 7, 2022.

29.     In addition to the above, Proskauer has represented the Oversight Board and Title

III Debtors in numerous adversary proceedings and other contested matters.  The following is a

summary of major litigation matters in which Proskauer served as lead counsel for the Title III

Debtor during this Compensation Period:

- Motions to Stay Confirmation Order. On February 1, 2022, the Puerto Rico Teachers' Associations filed their motion requesting the Title III Court to stay the implementation of the confirmed Modified Eighth Amended Plan pending the First Circuit decision on the Associations' appeal [ECF No. 19969].  On February 4, 2022, similar motions were filed by the Puerto Rico Judges' Association [ECF No. 20033] and Cooperativas [ECF No. 20035]. Upon the Judge's Association's voluntary withdrawal of its appeal, their motion was denied by the Title III Court on February 11, 2022 [ECF No. 20103].  Proskauer, on behalf of the Oversight Board, opposed the Cooperativas' and Teachers' Associations' motions [ECF Nos. 20085 and 20115].  On March 3, 2022, the Title III Court denied both motions.

- Administrative Expense Claims Motions. [12]  Several groups of creditors filed motions requesting the Title III Court order payment of their alleged administrative expense claims. Proskauer attorneys conducted legal research concerning the effects of technical non-compliance and claimants' breach of post-petition contract on administrative expense claims, in connection with developing the Oversight Board's strategy for opposition to the motions and drafting responses to the motions [ECF Nos. 20220 and 20221].

- R&D Master Enterprises, Inc. v. FOMB, Case No. 21-cv-01317-RAM (D.P.R.).  On July 8, 2021, three Puerto Rico private corporations and two private citizens filed a complaint in the United States District Court for the District of Puerto seeking an order requiring the Oversight Board to evaluate the loan sale agreement under which their loans had been transferred from The Economic Development Bank for Puerto Rico (the "BDE") to a private entity PR Recovery and Development JV, LLC.  On September 3, 2021, Proskauer filed the Oversight Board's and Natalie Jaresko's motion to dismiss plaintiffs' complaint for lack of jurisdiction, which has been fully briefed. On February 14, 2022, a group of private citizens and clients of the BDE filed a motion to intervene in the R&D Master Enterprises dispute. On February 25, 2022, Proskauer filed the Oversight Board's and Natalie Jaresko's opposition to the putative intervenors' motion. On April 12, 2022, the Oversight Board's and Natalie

---

[12] See Urgent Motion Requesting Order for Allowance and Immediate Payment of Administrative Expense Priority Claim Filed by Judgment Claimants of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico [ECF No. 18239] and Urgent Motion for Allowance and I[m]mediate Payment of Administrative Expense Pursuant to Section 503(b)(1)(A) (i) and (ii) of the Bankruptcy Code Filed by Group Wage Creditors in the Litigation Caption Nilda Agosto Maldonado et. al[]. Case No. K PE 2005-0608 [ECF No. 18277].

Jaresko's motion to dismiss was granted. On April 25, 2022, plaintiffs appealed the Title III Court's decision.

30.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

31.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$5,024,011.40**, as compensation for professional services rendered, and (b) **$352,150.68** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.   Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $16,710.30 and $8,559.71, respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing in the Compensation Period up to 53% discounts on the hourly rates of its most senior partners.

32.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.   Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

33.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibits D-1 and D-2**.

34.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 2,754.80 recorded hours by Proskauer's partners and senior counsel; 2,535.80 recorded hours by associates; 99.50 recorded hours by e-discovery attorneys; and 949.40 recorded hours by paraprofessionals.   As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.   In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

35.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed,

15

and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.  In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 10 hours are included in **Exhibit B**.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

36.    The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

> **Question**:  Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:  No.
>
> **Question**:  If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?
>
> Response:  The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 12.2% below the budgeted fees).
>
> **Question**:  Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?
>
> Response:  No.
>
> **Question**:  Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

16

Response:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of monthly fee statements.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

Response:   No time was spent redacting time records on account of privilege concerns. However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 0.60 hours and billed $181.80 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's Fourteenth interim fee application.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:   Yes.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1–2).   Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour. Rates have not increased during this Compensation Period.

**Gross-Up Amount**

37.     Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

38.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.

Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

39.     For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement Letter and understandings with the Commonwealth government.   In prior Fee Applications, Proskauer requested approval for periods prior to October 2020.  If it becomes necessary to request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a at a subsequent time.

## Professionals Billing Fewer Than Five Hours per Month

40.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services.  Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the

urgency of certain briefing schedules required pulling in professionals from different work streams

to assist on time-sensitive matters.[13]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Cooper, David C. | March | Mr. Cooper is a paralegal in Proskauer's corporate department who assisted with various case management related tasks. |
| Desatnik, Daniel | February, March | Mr. Desatnik is an associate in Proskauer's BSGR&B group who assisted with a variety of issues related to the implementation of the Debtors' confirmed plan of adjustment. |
| Garnett, Karen J. | February | Ms. Garnett is a partner in Proskauer's corporate department who advised on a variety of issues related to the implementation of the Debtors' confirmed plan of adjustment. |
| Gottlieb, Brooke C. | February | Ms. Gottlieb is an associate in Proskauer's litigation department who assisted with analysis of pending litigation in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Griffith, Jessica M. | March | Ms. Griffith is an associate in Proskauer's litigation department who assisted with analysis of pending litigation in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Hamburger, Paul M. | March | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on pensions and benefits related issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Hamilton, Martin T. | March | Mr. Hamilton is a partner in Proskauer's tax department who advised on a variety of tax related issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |

---

[13] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III. Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Hartunian, Joseph | March | Mr. Hartunian is an associate in Proskauer's litigation department who assisted with drafting the Oversight Board's opposition to the Teachers' Associations' appeal of the Confirmation Order. |
| Henderson, Laurie A. | February, March | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Jones, Erica T. | March | Ms. Jones is an associate in Proskauer's litigation department who assisted with a variety of issues related to the implementation of the Debtors' confirmed plan of adjustment. |
| Kim, Mee R. | March | Ms. Kim is an associate in Proskauer's litigation department who assisted with a variety of issues related to the implementation of the Debtors' confirmed plan of adjustment. |
| Klock, Joseph | February, March | Mr. Klock is an e-discovery project coordinator at Proskauer who assisted with various document review related issues. |
| Mervis, Michael T. | March | Mr. Mervis is a partner in Proskauer's litigation department who advised on a wide variety of issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Munkittrick, David A. | February | Mr. Munkittrick is a senior counsel in Proskauer's litigation department who advised on developing the Oversight Board's litigation strategy and drafting the Board's opposition to the Teachers' Associations' motion to stay confirmation of the Debtors' plan of adjustment pending their appeal of the Confirmation Order. |
| Peterson, Cathleen P. | February | Ms. Peterson is a senior consultant of e-discovery services at Proskauer who assisted with utilizing and preparing for archiving the plan confirmation data repository. |
| Ramachandran, Seetha | February, March | Ms. Ramachandran is a partner in Proskauer's litigation department who advised on a wide variety of issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Ruben, Jillian L. | February, March | Ms. Ruben is an associate in Proskauer's corporate department who assisted with a variety of issues related to the implementation of the Debtors' confirmed plan of adjustment. |
| Rubin, Abigail G. | February | Ms. Rubin is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Rosenthal, Marc E. | February, March | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on a variety of insurance related issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Snell, Dietrich L. | February, March | Mr. Snell is a partner in Proskauer's litigation department who advised on a wide variety of issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Waxman, Hadassa R. | March | Ms. Waxman is a partner in Proskauer's litigation department who advised on a wide variety of issues in connection with the implementation of the Debtors' confirmed plan of adjustment. |
| Westbrook, Matthew J. | March | Mr. Westbrook is an associate in Proskauer's litigation department who assisted with legal research related to the Community Health Foundation's motion for payment of its administrative expense claim. |

**Summary Description of Professional Services**

41.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.   Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.   Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

I.      **Matter Nos. 33260.0002 (PROMESA Title III: Commonwealth) and 33260.0024 (PROMESA Title III: Commonwealth – Puerto Rico)**

21

42.     These matter numbers cover time spent relating to the core Commonwealth Title III case, including, for example, time spent regarding fiscal plan issues and work on implementation of the confirmed plan of adjustment.  To assist AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate matter numbers and monthly fee statements for any such services.

(a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants
        (Project Category 201)
        (Fees:  $98,811.80; Hours:  111.40)

43.     This Project Category includes time spent communicating with the Oversight Board and its representatives, agents, and consultants, as well as preparing for and advising on public meetings, litigation, and related issues.  Specifically, Proskauer attorneys spent time:

- Participating in meetings and discussions with the Oversight Board and its other advisors regarding Puerto Rico economic recovery from  the COVID-19 pandemic, recent increases in federal funding, and economic transactions necessary for the consummation of the Modified Eighth Amended Plan of Adjustment;

- Participating in meetings and discussions with the Oversight Board and its other advisors regarding amendments to the FY2022 certified budget for the Commonwealth reflecting confirmation of the Plan of Adjustment, and advising on various reprogramming and reapportionment requests;

- Participating in meetings and discussions with the Oversight Board and Executive Director Natalie Jaresko regarding Ms. Jaresko's stepping down from the position of the Board's Executive Director, and related next steps;

- Participating in meetings and discussions with the Oversight Board regarding the Board's position with respect to the list of material interested parties ("MIP List") under PRRADA and communications with members of the U.S. Congress concerning their interpretation of PRRADA;

- At the request of the Oversight Board, preparing for and attending the Oversight Board's public meetings, reviewing and revising related demonstrative materials and press releases, and assisting with the Oversight Board's responses to public comments and media inquiries during the public meetings and related press conferences; and

- Preparing for and participating in weekly strategy calls with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, attending

monthly Board strategy sessions, preparing daily litigation updates for the Oversight Board, developing further litigation strategy in the Debtor's Title III Case, and drafting related status reports at the request of the Title III Court.

(b)  Legal Research (Project Category 202)
     (Fees: $146,766.50; Hours: 167.90)

44.  This Project Category includes time spent researching and analyzing legal issues, as well as drafting internal memoranda and/or briefs related to such research and analysis, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Analyzing and researching a variety of issues arising from the confirmation of the Plan of Adjustment, including, among others, opposing motions to stay plan implementation pending appeal, dischargeability of claims as to individual Commonwealth officers in their official capacity, and treatment and discharge of various unsecured claims; and

- Researching and analyzing a wide variety of issues in connection with disclosure requirements pursuant to PRRADA.

(c)  Hearings and Other Non-Filed Communications with the Court (Project Category 203)
     (Fees: $33,072.40; Hours: 38.80)

45.  This Project Category includes time spent communicating with the Court and reviewing the Court's communications and procedures.  Specifically, Proskauer attorneys spent

- Communicating with the Court regarding rules and requirements, scheduling, and procedural matters;

- Communicating with the Court regarding omnibus hearing dates and omnibus hearing agendas and informative motions;

- Preparing for and participating in omnibus hearings and hearings in  adversary proceedings;

- Reviewing and analyzing transcripts of court hearings.

(d)  Communications with Claimholders (Project Category 204)
     (Fees: $24,569.90; Hours: 27.70)

46.  This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys spent time:

23

- Communicating with the Oversight Board's claims management and reconciliation consultant Alvarez & Marsal North America, LLC ("A&M") on a variety of issues related to the claims management, analysis, and reconciliation;

- Conducting further analysis of various claims filed against the Debtors, drafting additional omnibus objections to claims, reviewing, analyzing, and tracking claimants' responses to the Debtors' omnibus objections, drafting replies in support of omnibus objections, and revising replies based on further information from A&M;

- Drafting multiple meet-and-confer letters and emails to claimholders and their counsel and responding to information requests from individual claimholders;

- Drafting numerous ADR offers to claimants, reviewing and analyzing claimants' responses to the offers, and drafting and revising ADR and ACR notices and settlement letters;

- Preparing for and participating in meet and confer and mediation sessions with various claimholders and the UCC, analyzing settlement proposals, and drafting stipulations withdrawing objections to certain claims.

(e) <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees: <u>$11,974.50</u>; Hours: <u>13.50</u>)
(Fees for work performed in Puerto Rico: <u>$7,096.00</u>; Hours: <u>8.00</u>)
(Aggregate Fees: <u>$19,070.50</u>; Aggregate Hours: <u>21.50</u>)

47.     This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Analyzing and advising the Oversight Board on its communications with the Puerto Rico Government and the leaders of the Puerto Rico Legislature regarding certification of the FY2022 budget for the Commonwealth, development of the amended FY2023 budget, and on plan of adjustment implementation related issues; and

- Advising the Oversight Board and drafting communications and notices of violation to various governmental entities related to the Board certified budgets.

(f) <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees: <u>$352,405.10</u>; Hours: <u>397.30</u>)

48.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Conducting research and analysis, evaluating the impact of the COVID-19 pandemic, and drafting the Oversight Board's status reports to the Title III Court on the condition of the Commonwealth and its instrumentalities and related activities of the Oversight Board;

- Drafting the Oversight Board's notice of the entry of Title III Order confirming the Debtors' Plan of Adjustment and the occurrence of the effective date of the Plan, notices of submission of the third and fourth amended Plan Supplements and related documents, and an informative motion concerning designation of Prime Clerk LLC as the Disbursing Agent pursuant to the Plan;

- Conducting research and analysis and drafting the Oversight Board's opposition to motions to stay the Plan effective date pending appeal filed by the Puerto Rico Teachers' Associations and Cooperativas;

- Conducting research and analysis and drafting the Oversight Board's motion submitting and seeking Court approval of the MIP List in compliance with PRRADA, reviewing the related limited objection filed by the US Trustee, and drafting a reply in support of the motion;

- Designating certain claims for the ACR and ADR processes and drafting notices of transfer of claims to ADR and ACR and related ADR and ACR status reports to the Title III Court;

- Conducting research and analysis and drafting motions and objections related to claims and replies in support of omnibus objections;

- Conducting research and analysis and drafting oppositions, motions, notices, and other pleadings related to various matters not specifically covered by other Project Categories; and

- Drafting omnibus hearing agendas and informative motions as directed by the Court, and multiple pleadings related to scheduling and extensions of deadlines.

(g)  Non-Board Court Filings (Project Category 207)
(Fees:  $32,464.20; Hours:  36.60)

49.    This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing various filings by other parties and related Court orders entered in the Debtor's Title III Case, including among others, motions to stay the Plan effective date pending appeal filed by the Puerto Rico Judges' Association, Teachers' Associations, and Cooperativas, the

Title III Court order denying the motions, the US Trustee's limited objection to the Oversight Board's motion submitting the MIP List, and status reports and informative motions filed by various parties.

    (h)   <u>Analysis and Strategy (Project Category 210)</u>
               (Fees: <u>$1,260,578.00</u>; Hours: <u>1,468.50</u>)
               (Fees for work performed in Puerto Rico: <u>$30,690.20</u>; Hours: <u>34.60</u>)
               (Aggregate Fees: <u>$1,291,268.20</u>; Aggregate Hours: <u>1,503.10</u>)

    50.    This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; and (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, press releases, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in weekly Proskauer internal litigation calls on further developing litigation, appellate, and discovery strategy and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in weekly Proskauer internal restructuring calls on the confirmation and implementation of the Debtors' plan of adjustment, and drafting internal memoranda to Proskauer litigation and restructuring teams. Among other things, Proskauer attorneys spent time on legal analysis and strategic discussions relating to: (i) a wide variety of issues related to the confirmation and implementation of the amended plan of adjustment; (ii) plan related amendments to the FY2022 certified budgets and related Oversight Board resolutions; (iii) the Oversight Board's strategy for opposing motions to stay the plan effective date pending appeal filed by the Puerto Rico Judges' Association, Teachers' Associations, and Cooperativas; (iv) the Oversight Board's compliance with

PRRADA, disinterestedness analysis, the MIP List, and disclosure strategy; (v) claims

reconciliation and objections; and (vi) preparing for omnibus and other court hearings.

(i)     General Administration (Project Category 212)
        (Fees: $253,845.30; Hours: 835.10)

51.     This Project Category includes time spent on general administration of the Debtor's

Title III Case, including (a) case status and coordination activities, including maintaining the case

calendar; (b) tasks relating to the filing of documents in court, including affidavits of service and

service mailings; and (c) internal filing and organization of case documents to ensure easy, fast and

free accessibility by the Proskauer team, the Debtor, and other parties in interest. Specifically,

Proskauer attorneys and paraprofessionals spent time, at the request of the Oversight Board,

reviewing and analyzing a wide variety of pleadings, court orders, and litigation and appellate

dockets, drafting and updating charts of litigation deadlines, reviewing, analyzing, and compiling

materials for court hearings and Proskauer internal meetings, and addressing matters related to the

ACR and ADR claims processes.

(j)     Labor, Pension Matters (Project Category 213)
        (Fees: $19,691.40; Hours: 22.20)

52.     This Project Category includes time spent addressing the Debtor's employee and

retiree benefits issues. Specifically, Proskauer attorneys spent time conferring with the Oversight

Board and its other advisors on a variety of pension and benefits related issues and communicating

with counsel for teachers' unions on the treatment of pension related issues in the Debtors' amended

plan of adjustment.

(k)     Plan of Adjustment and Disclosure Statement (Project Category 215)
        (Fees: $737,185.70; Hours: 831.10)

53.     This Project Category includes time spent on issues related to the terms of the

Debtor's proposed Title III plan of adjustment. Specifically, Proskauer attorneys spent time:

- Conferring with the Oversight Board and its other advisors and experts and drafting the third and fourth amended plan supplements and related trust agreements, stipulations, and other documents;

- Analyzing the Commonwealth's current financials and best interest test analyses, analyzing materials on macroeconomic issues, and preparing for and participating in discussions with the Board's other advisors, AAFAF, parties to plan support agreements, Prime Clerk as the disbursing agent, and other parties concerning the process for implementation of the confirmed plan of adjustment and satisfying the conditions precedent to the effective date of the plan;

- Conducting research and analysis concerning the motions by the Puerto Rico judges and teachers' unions and Cooperativas to stay the plan effective date pending appeal, conferring with the Oversight Board's other advisors, and preparing the Oversight Board's response and supporting declarations;

- Conducting research and analysis concerning the notices of appeal of the Title III Court order confirming the Debtors' plan of adjustment, conferring with the Oversight Board's other advisors, and preparing the Oversight Board's cross-appeal;

- Analyzing the status of current litigation in the Debtors' Title III cases and evaluating the impact of the plan confirmation and the effective date on pending litigation and appellate matters; and

- Drafting informative motions to the Title III Court reporting on the status of the plan implementation, and the steps undertaken and contemplated by the Board.

   (l)   <u>Confirmation (Project Category 216)</u>
        (Fees:  <u>$37,076.60</u>; Hours:  <u>41.80</u>)

54.     This Project Category includes time spent relating to plan confirmation. Specifically, Proskauer attorneys spent time conducting research and analysis concerning the motions to stay the plan effective date pending appeal and preparing the Oversight Board's response and supporting declarations, reviewing and analyzing contract counterparties' objections to proposed cure costs, and preparing amended plan supplements.

   (m)  <u>Tax (Project Category 217)</u>
        (Fees: <u>$67,057.20</u>; Hours: <u>75.60</u>)

55.     This Project Category includes time spent on tax matters involving the Debtor. Specifically, Proskauer attorneys spent time conferring with the Oversight Board's other advisors and reviewing and analyzing a wide variety of tax related issues in connection with implementation

of the Debtors' confirmed plan of adjustment, including the issuance of new bonds and contingent value instruments, and pension reserve fund structure.

(n)  Employment and Fee Applications (Project Category 218)
     (Fees: $21,202.40; Hours: 64.00)

56.    This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of interim fee applications.  Specifically, Proskauer attorneys and paraprofessionals spent time:

- Drafting Proskauer's Thirteenth and Fourteenth interim fee applications; and
- Reviewing the Fee Examiner's correspondence and reports relating to Proskauer's pending interim fee applications, and preparing for and participating in conferences with the Fee Examiner on issues relevant to the same.

(o)  Appeal (Project Category 219)
     (Fees: $1,160,373.40; Hours: 1,308.20)

57.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time:

- Conducting research and analysis of a variety of legal and factual issues related to the appeal of the Confirmation Order by several parties, including, among others, the Puerto Rico Teachers' and Judges' Associations and Cooperativas and their related motions to stay the effective date of the plan pending appeal, developing the Oversight Board's litigation and appellate strategy, and drafting the Oversight Board's opposition to the motions and appeals and related declarations in support of the opposition,
- Preparing for and participating in oral argument on the Teacher Associations' urgent motion to stay the effective date pending appeal in the First Circuit;
- Conducting research and analysis on dischargeability of claims, and drafting the Oversight Board's cross-appeal from the portions of the Findings of Fact and Conclusions of Law and Confirmation Order holding that claims arising under the Takings Clause of the United States Constitution are nondischargeable and must be paid in full; and

- Preparing for and participating in Proskauer appellate team meetings analyzing and further developing the Oversight Board's post-confirmation appellate strategy across multiple appellate cases.

## II.  **Matter No. 33260.0034 (Commonwealth Title III – Healthcare)**

58.     This matter number covers time spent working on the proofs of claim filed by various Federally Qualified Health Centers ("FQHCs"), FQHCs' comments and objections to the proposed plan of adjustment, and on the administrative expense claim motion filed by Community Health Foundation, *Community Health Foundation of P.R. Inc.'s Motion for Allowance and Payment of Administrative Expense* [Case No. 17-3283, ECF No. 18602].

(a)   Analysis and Strategy (Project Category 210)
         (Fees: $40,181.10; Hours: 45.30)

59.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time conferring with the Oversight Board's other advisors, reviewing materials related to the treatment of the FQCH claims in the confirmed plan of adjustment, preparing for and participating in related meetings with Puerto Rico Department of Justice and Department of Health, and responding to information requests from Centers for Medicare and Medicaid Services employees.

(b)   General Administration (Project Category 212)
         (Fees: $11,120.10; Hours:  36.70)

60.     This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and

organization of case documents to ensure easy, fast and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

### III.  Matter No. 33260.0036 (Commonwealth Title III – UPR)

61.    This matter number covers time spent working on various matters involving the University of Puerto Rico ("UPR") in the Debtor's Title III Case.

(a)  Analysis and Strategy (Project Category 210)
(Fees: $33,883.40; Hours: 38.20)

62.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing the labor arbitration award against UPR, the UPR petition to set aside the reward, and the Oversight Board's position with respect to the award and its impact on the Debtor's Title III case.

### IV.  Matter No. 33260.0040 (Commonwealth Title III – Cooperativas)

63.    This matter number covers time spent working on challenges and adversary proceedings brought by the Cooperativas in the Debtor's Title III Case, including *Cooperativa de Ahorro y Credito Abraham Rosa v. Commonwealth*, Adv. Proc. No. 18-0028, and related appeal Case No. 22-1048 (1st Cir.).

(a)  Appeal (Project Category 219)
(Fees: $27,497.00; Hours: 31.00)

64.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time

reviewing and analyzing the Cooperativas' appeal from the Confirmation Order, conducting related research, and drafting the Oversight Board's brief in opposition.

**V.**     **Matter No. 33260.0041 (Commonwealth Title III – Miscellaneous)**

65.     This matter number covers time spent working on miscellaneous motions and adversary proceedings not covered by another Project Category, and any appeals related thereto. In this Compensation Period, items billed to this matter included, among other things, work on *Urgent Motion Requesting Order for Allowance and Immediate Payment of Administrative Expense Priority Claim Filed by Judgment Claimants of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico* [ECF No. 18239] and *Urgent Motion for Allowance and I[m]mediate Payment of Administrative Expense Pursuant to Section 503(b)(1)(A) (i) And (ii) of the Bankruptcy Code Filed by Group Wage Creditors in the Litigation Caption Nilda Agosto Maldonado et. al[]. Case No. K PE 2005-0608* [ECF No. 18277] (collectively, the "Administrative Expense Claim Motions").

    (a)    Legal Research (Project Category 202)
           (Fees: $8,870.00; Hours: 10.00)

66.     This Project Category includes time spent researching and analyzing legal issues, as well as time spent drafting internal memoranda and/or draft briefs related to such research and analysis, to the extent that such is not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting legal research concerning the effect of technical non-compliance and claimants' breach of post-petition contracts on administrative expense claims in connection with developing the Oversight Board's strategy for opposition to the Administrative Expense Claims Motions.

    (b)    Documents Filed on Behalf of the Board (Project Category 206)
           (Fees: $33,528.60; Hours:  37.80)

32

65.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time conducting research and analysis and drafting the Oversight Board's opposition to the Administrative Expense Claims Motions.

(c)   Analysis and Strategy (Project Category 210)
        (Fees: $54,994.00; Hours: 62.00)

66.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing a variety of materials and correspondence related to the Administrative Expense Claims Motions.

## VI.   Matter No. 33260.0069 (Commonwealth – APPU v. University of Puerto Rico)

67.     This matter number covers time spent related to the challenge by the Asociación Puertorriqueña de Profesores Universitarios ("APPU") to the modifications made to the Retirement System of the University of Puerto Rico pursuant to the Oversight Board's recommendations, including *Asociación Puertorriqueña de Profesores Universitarios v. University of Puerto Rico*, Adv. Proc. No. 19-0034 (the "APPU Adversary Proceeding"), and related appeal, Case No. 21-1690 (1st Cir.).

(a)   Appeal (Project Category 219)
        (Fees: $22,529.80; Hours: 25.40)

68.     This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category.   Specifically, Proskauer attorneys spent time

conducting research and analysis of underlying pleadings in the appeal by APPU and its certain individual members from the Title III Court order dismissing their complaint for lack of subject matter jurisdiction under PROMESA and lack of Article III standing and deeming futile their requests to re-plead, and drafting of the Oversight Board's opposition brief.

## VI.   Matter No. 33260.0100 (Commonwealth – Challenge to Pension Laws)

88.     This matter number covers time spent relating to Oversight Board's efforts to nullify and prevent implementation of three statutes enacted by the Puerto Rico Legislature designated as Acts 80-2020, 81-2020, 82-2020 (collectively, the "Pension Laws"), inconsistent with the certified Commonwealth fiscal plans and in violation of PROMESA, including *FOMB v. Pierluisi Urrutia*, Adv. Proc. No. 21-0072 and *FOMB v. Pierluisi Urrutia*, Adv. Proc. No. 21-0119.

(a)   Analysis and Strategy (Project Category 210)
      (Fees: $33,883.40; Hours: 38.20)

89.     This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.  Among other things, Proskauer attorneys spent time reviewing and analyzing stipulations resolving the Pension Laws related adversary proceeding, communicating with the Puerto Rico Government and AAFAF regarding steps for implementation of Act 80, and drafting a related informative motion to the Title III Court.

## XII.   Matter No. 33260.0104 (Commonwealth – Section 204 Correspondence and Related Matters)

90.     This matter number covers time spent relating to Oversight Board's efforts to ensure the Puerto Rico Government entities' and municipalities' compliance with their respective certified fiscal plans and budgets and with related reporting requirements under PROMESA section 204.

34

   (a)   <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of
the Commonwealth or its Instrumentalities (Project Category 205)</u>
(Fees:  <u>$13,393.70</u>; Hours:  <u>15.10</u>)

91.     This Project Category includes time spent communicating with the Debtor's

representatives in various Title III related matters, to the extent not expressly covered by another

Project Category.  Specifically, Proskauer attorneys spent time reviewing, analyzing, and advising

the Oversight Board on its numerous communications with the Puerto Rico Government,

Legislature,  and AAFAF concerning Puerto Rico legislative initiatives and the implementation of

already enacted laws in violation of the certified Commonwealth fiscal plans and PROMESA,

including, among others, SB 571, SB 573, SB 580, JR 217, and Acts 78 and 136, and concerning

issues of federal funding and municipal debt.

   (c)  <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
(Fees:  <u>$34,415.60</u>; Hours:  <u>38.80</u>)

92.     This Project Category includes time spent drafting various pleadings filed on behalf

of the Debtor, to the extent not expressly covered by another Project Category.  Specifically,

Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with

the Oversight Board and its other advisors, developing the Oversight Board's litigation strategy,

and drafting the Oversight Board's proposed complaints for injunctive relief requesting the Title III

Court prevent the enactment by the Puerto Rico Government and Legislature of House Bill 3

intended to modify the Puerto Rico Labor Transformation and Flexibility Act, and House Bills 513

and 573, proposing to increase the base salary for Puerto Rico teachers and to lift the wage freeze,

in violation of the certified Commonwealth fiscal plans and PROMESA.

   (d)  <u>Analysis and Strategy (Project Category 210)</u>
(Fees: <u>$322,424.50</u>; Hours: <u>363.50</u>)

93.     This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto,

including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing numerous communications between the Oversight Board and the Puerto Rico Government and its agencies, municipalities and Legislature, participating in related conferences with the Oversight Board and its other advisors, and developing the Oversight Board's strategy for potential litigation related to the violation of the certified Commonwealth fiscal plans and PROMESA by the Puerto Rico Government and Legislature.

**XIII.   Matter No. 33260.0114 (Commonwealth – R&D Master Enterprises v. FOMB)**

94.    This matter number covers time spent relating to the complaint in the District Court of Puerto Rico for declaratory and injunctive relief filed by three Puerto Rico private corporations and two private citizens for entry of an order requiring the Oversight Board to evaluate the loan sale agreement under which their loans had been transferred from The Economic Development Bank for Puerto Rico (by its Spanish acronym, "BDE") to a private entity PR Recovery and Development JV, LLC ("R&D"), *R&D Master Enterprises v. FOMB.*, No. 21-cv-1317 (D.P.R. 2021) (the "R&D Master Enterprises Action"), and any appeals related thereto.

(a)    Documents Filed on Behalf of the Board (Project Category 206)

(Fees:  $23,328.10; Hours:  26.30)

95.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis, conferring with the Oversight Board and its other advisors, developing the Oversight Board's litigation strategy, and drafting the Oversight Board's opposition to the motion to intervene by certain R&D creditors, clients of the BDE, in support of the plaintiffs' complaint.

\*       \*       \*       \*

88.     The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

89.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

**Actual and Necessary Expenses of Proskauer**

90.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

91.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) out-of-town travel and lodging, (d) out-of-town meals, (e) delivery services and couriers, (f) transcription and translation services, (g) litigation support, (h) court fees, and (i) professional services.  All expense entries detailed in **Exhibit B**

37

comply with the requirements set forth in the Guidelines, including an itemization of the expenses

by category, the date the expense was incurred, and the individual incurring the expense, where

available.  The reasons for the expenses are self-explanatory.  In compliance with Appendix B

Guidelines  paragraph  C.13,  the  requested  expenses  are  of  the  kind  customarily  charged  to

Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

92.    Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page

for photocopying expenses.  The rates charged by the firm for Westlaw and Lexis computerized

research vary according to the type of research conducted and the specific files researched, but, in

any event, Proskauer does not profit from the use of computer assisted legal research, as set forth

in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of

expenses  related  to  overhead  charges,  such  as  secretarial  services  and  proofreading.    The

expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all

of the type customarily billed to clients.

93.    During the Compensation Period, Proskauer has disbursed **$352,150.68** as necessary

and reasonable expenses.  These charges cover Proskauer's direct operating costs, which costs are

not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon

clients  who  do  not  benefit  from  extensive  photocopying  and  other  facilities  and  services).

Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual

expenses  incurred  in  providing  professional  services  were  necessary,  reasonable,  and  justified

under the circumstances to effectively serve the needs of the Debtor in its Title III case.

**Compensation Paid and Its Source**

94.    All services for which Proskauer seeks compensation, and expenses for which it

seeks reimbursement, were performed on behalf of the Oversight Board as representative of the

Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

95.     PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

96.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

**Reservations**

97.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

**Notice**

98.     Pursuant to the Interim Compensation Order and the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1], notice of this Application has been filed in the Debtor's Title III Case and served upon:

(a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

(b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com) and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com);

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, P.O. Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com) and

(l)   attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$5,024,011.40**, and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$352,150.68**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 16, 2023
    San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M. Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and
Management Board as Representative of the
Debtor*