**Estimated Hearing Date:** August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 17–BK–4780–LTS<br><br>**This Application relates only to PREPA, and shall be filed in the lead Case No. 17–BK–3283–LTS and PREPA's Title III Case (Case No. 17–BK–4780–LTS)** |

## SUMMARY SHEET TO
## FIFTEENTH INTERIM FEE APPLICATION
## OF PROSKAUER ROSE LLP FOR COMPENSATION
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
## INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
## MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE
## OF THE DEBTOR, PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE
## <u>PERIOD FEBRUARY 1, 2022 THROUGH MAY 31, 2022</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Title III Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | February 1, 2022 through May 31, 2022 (the "Compensation Period") |
| Amount of Fees Sought: | $4,245,847.80 |
| Gross-Up Amount:[2] | -- |
| Amount of Expense Reimbursement Sought: | $133,935.28 |
| Total Fees and Expenses Sought for Compensation Period: | $4,379,783.08 |

This is a(n)  ____ Monthly  _X_ Interim __ Final Fee Application

This is the Fifteenth interim fee application filed by Proskauer in the Debtor's Title III Case. The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2] Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257-2018) starting December 10, 2018 (the "Withholding"). Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount. Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal year that commenced November 1, 2021, and is not currently requesting its approval.

**Fifteenth Interim Compensation Period**
**February 1, 2022 – May 31, 2022**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Fifty-Seventh** 3/22/2022 | 2/1/22 to 2/28/22 | $842,707.50 | $758,436.75 | $29,458.20 | $758,436.75 | $29,458.20 |
| **Fifty-Eighth** 4/27/2022 | 3/1/22 to 3/31/22 | $921,091.20 | $828,982.08 | $19,653.05 | $828,982.08 | $19,653.05 |
| **Fifty-Ninth** 5/26/2022 | 4/1/22 to 4/30/22 | $1,206,311.90 | $1,085,680.71 | $52,232.07 | $1,085,680.71 | $52,232.07 |
| **Sixtieth** 6/24/2022 | 5/1/22 to 5/31/22 | $1,271,834.40 | $1,144,650.96 | $32,591.96 | $1,144,650.96 | $32,591.96 |
| **Sixtieth (Puerto Rico)** [3] 6/24/2022 | 5/1/22 to 5/31/22 | $3,902.80 | $3,512.52 | $0.00 | $3,512.52 | $0.00 |
| | Totals: | **$4,245,847.80** | **$3,821,263.02** | **$133,935.28** | **$3,821,263.02** | **$133,935.28** |

---

[3]  For purposes of assisting AAFAF and the Puerto Rico Department of Treasury in calculating any applicable withholding taxes for services rendered by Proskauer timekeepers while physically present in Puerto Rico, Proskauer maintains separate monthly fee statements for any such services.

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $887.00[4] |
| Blended Rate in This Application for All Timekeepers: | $868.45 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $3,821,263.02 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $133,935.28 |
| Number of Professionals Included in this Application:[5] | 70 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 27 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, |

---

[4]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 72, and thus the actual number of timekeepers was 2 fewer than anticipated.

|  | and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.<br><br>Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing sworn certifications, attached to Proskauer's eighth and tenth interim applications as Exhibit A [Case No. 17-3283 ECF Nos. 12829 and 16148]. In addition, on December 9, 2021, Proskauer filed the *Notice of Annual Hourly Rate Adjustment Pursuant to Engagement Letter, Dated November 25, 2016, of Proskauer Rose LLP, as Attorneys for the Financial Oversight and Management Board for Puerto Rico* [Case No. 17-3283, ECF No. 19457], providing additional notice of Proskauer's automatic 2022 rate adjustment pursuant to the Engagement Letter.  Rates have not increased during the Compensation Period. |

<u>**Schedule 2**</u>

**Summary of Professional Services Rendered by
Timekeeper for the Period February 1, 2022 through May 31, 2022**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| *PARTNERS* | | | | |
| Barak, Ehud | BSGR&B[8] – 2010 | $887 | 535.80 | $475,254.60 |
| Bienenstock, Martin J. | BSGR&B – 1978 | $887 | 224.20 | $198,865.40 |
| Brenner, Guy | Labor & Employment – 2002 | $887 | 1.40 | $1,241.80 |
| Cooper, Scott P. | Litigation – 1981 | $887 | 10.20 | $9,047.40 |
| Dale, Margaret A. | Litigation – 1990 | $887 | 119.70 | $106,173.90 |
| Firestein, Michael A. | Litigation – 1983 | $887 | 74.00 | $65,638.00 |
| Garnett, Karen J. | Corporate – 1990 | $887 | 0.30 | $266.10 |
| Gerkis, James P. | Corporate – 1984 | $887 | 31.20 | $27,674.40 |
| Hamburger, Paul M. | Labor & Employment – 1985 | $887 | 3.80 | $3,370.60 |
| Harris, Mark D. | Litigation – 1992 | $887 | 92.10 | $81,692.70 |
| Levitan, Jeffrey W. | BSGR&B – 1983 | $887 | 54.20 | $48,075.40 |
| Mervis, Michael T. | Litigation – 1990 | $887 | 80.60 | $71,492.20 |
| Mungovan, Timothy W. | Litigation – 1994 | $887 | 38.10 | $33,794.70 |
| Possinger, Paul V. | BSGR&B – 1993 | $887 | 385.90 | $342,293.30 |
| Rappaport, Lary Alan | Litigation – 1979 | $887 | 149.30 | $132,429.10 |

---

[7] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. The Engagement Letter provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2022, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.  Rates have not increased during this Compensation Period.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("<u>BSGR&B</u>").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Richman, Jonathan E. | Litigation – 1984 | $887 | 25.50 | $22,618.50 |
| Roberts, John E. | Litigation – 2009 | $887 | 22.10 | $19,602.70 |
| Rosen, Brian S. | BSGR&B – 1983 | $887 | 4.00 | $3,548.00 |
| Rosenthal, Marc E. | Litigation – 1990 | $887 | 5.10 | $4,523.70 |
| Triggs, Matthew H. | Litigation – 1990 | $887 | 141.40 | $125,421.80 |
| Waxman, Hadassa R. | Litigation – 2001 | $887 | 5.80 | $5,144.60 |
| Weise, Steven O. | Corporate – 1974 | $887 | 101.70 | $90,207.90 |
| **Total for Partners:** | | | **2,106.40** | **$1,868,376.80** |
| *SENIOR COUNSEL* | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $887 | 9.80 | $8,692.60 |
| Stafford, Laura | Litigation – 2012 | $887 | 96.70 | $85,772.90 |
| **Total for Senior Counsel:** | | | **106.50** | **$94,465.50** |
| *ASSOCIATES* | | | | |
| Ansanelli, Julia M. | Litigation – 2017 | $887 | 15.40 | $13,659.80 |
| Capizzi, Massimo B. | Litigation – 2022 | $887 | 0.40 | $354.80 |
| Deming, Adam L. | Litigation – 2018 | $887 | 6.30 | $5,588.10 |
| Desatnik, Daniel S. | BSGR&B – 2016 | $887 | 324.10 | $287,476.70 |
| DuBosar, Jared M. | Litigation – 2018 | $887 | 61.40 | $54,461.80 |
| Esses, Joshua A. | BSGR&B – 2017 | $887 | 24.90 | $22,086.30 |
| Fassuliotis, William G. | Litigation – 2020 | $887 | 5.80 | $5,144.60 |
| Greenberg, Maximilian A. | BSGR&B – 2022 | $887 | 118.30 | $104,932.10 |
| Griffith, Jessica M. | Litigation – 2021 | $887 | 2.80 | $2,483.60 |
| Guggenheim, Michael | Litigation – 2021 | $887 | 58.10 | $51,534.70 |
| Hartunian, Joseph S. | Litigation – 2019 | $887 | 82.90 | $73,532.30 |
| Hughes, Sarah E. | Corporate  – 2019 | $887 | 27.60 | $24,481.20 |
| Kim, Joan | Litigation – 2021 | $887 | 6.90 | $6,120.30 |
| Kim, Mee R. | Litigation – 2016 | $887 | 57.90 | $51,357.30 |

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| Klein, Reuven C. | BSGR&B – N/A[9] | $887 | 220.10 | $195,228.70 |
| Kowalczyk, Lucas | Litigation – 2017 | $887 | 32.20 | $28,561.40 |
| Ma, Steve | BSGR&B – 2014 | $887 | 0.60 | $532.20 |
| McGowan, Shannon D. | Litigation – 2020 | $887 | 2.90 | $2,572.30 |
| Morris, Matthew J. | Litigation – 2000 | $887 | 0.20 | $177.40 |
| Osaben, Libbie B. | BSGR&B – 2021 | $887 | 135.40 | $120,099.80 |
| Ovanesian, Michelle M. | Litigation – 2018 | $887 | 31.00 | $27,497.00 |
| Palmer, Marc C. | Litigation – 2018 | $887 | 16.10 | $14,280.70 |
| Pedram, Shiva | Litigation – 2021 | $887 | 10.40 | $9,224.80 |
| Rogoff, Corey I. | Litigation – 2019 | $887 | 8.50 | $7,539.50 |
| Ruben, Jillian L. | Corporate – 2019 | $887 | 5.40 | $4,789.80 |
| Ruthberg, Jana R. | Litigation – 2022 | $887 | 7.70 | $6,829.90 |
| Samuels, Reut N. | Litigation – 2021 | $887 | 6.20 | $5,499.40 |
| Sazant, Jordan | BSGR&B – 2018 | $887 | 350.80 | $311,159.60 |
| Seyarto Flores, Briana M. | Litigation – 2021 | $887 | 9.20 | $8,160.40 |
| Skrzynski, Matthew A. | BSGR&B – 2017 | $887 | 69.20 | $61,380.40 |
| Sosa, Javier F. | Litigation – 2019 | $887 | 20.80 | $18,449.60 |
| Stevens, Elliot R. | BSGR&B – 2018 | $887 | 324.30 | $287,654.10 |
| Tocicki, Alyson C. | Litigation – 2021 | $887 | 4.10 | $3,636.70 |
| Volin, Megan R. | BSGR&B – 2020 | $887 | 58.00 | $51,446.00 |
| Weringa, Ashley M. | BSGR&B – 2021 | $887 | 159.50 | $141,476.50 |
| Wheat, Michael K. | BSGR&B – 2019 | $887 | 255.40 | $226,539.80 |
| **Total for Associates:** | | | **2,520.80** | **$2,235,949.60** |

---

[9] Reuven C. Klein is a first year associate who was not yet admitted to the bar during the Compensation Period.

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[10] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARAPROFESSIONALS** | | | | |
| Asnis, Griffin M. | Litigation Paralegal – N/A | $303 | 1.50 | $454.50 |
| Cook, Alexander N. | Corporate Paralegal – N/A | $303 | 25.60 | $7,756.80 |
| Ficorelli, Nicholas A. | Professional Resources – N/A | $303 | 0.50 | $151.50 |
| Henderson, Laurie A. | Professional Resources – N/A | $303 | 0.50 | $151.50 |
| Hoffman, Joan K. | Litigation Paralegal – N/A | $303 | 4.10 | $1,242.30 |
| Monforte, Angelo | Litigation Paralegal – N/A | $303 | 26.10 | $7,908.30 |
| Oloumi, Nicole | BSGR&B Paralegal – N/A | $303 | 15.30 | $4,635.90 |
| Petrov, Natasha | BSGR&B Paralegal – N/A | $303 | 27.90 | $8,453.70 |
| Schaefer, Shealeen E. | Labor & Employment Paralegal – N/A | $303 | 29.00 | $8,787.00 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $303 | 24.80 | $7,514.40 |
| **Total for Paraprofessionals:** | | | **155.30** | **$47,055.90** |

---

[10] In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases. Pursuant to the Appendix B Guidelines, "rate increases" "exclude annual 'step increases' historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion." Appendix B Guidelines ¶ B.2.d, n.2. Annual step increases are awarded by Proskauer in the ordinary course throughout the firm on May 1. Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates are increased on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent. As of January 1, 2022, the rate increase is 4%, yielding a new flat rate for attorneys (partners, senior counsel, associates, and lawyers) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour. Rates have not increased during this Compensation Period.

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **4,889.00** | **$4,245,847.80** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period February 1, 2022 through May 31, 2022**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 201 | Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants | 20.40 | $18,094.80 |
| 202 | Legal Research | 243.10 | $213,176.90 |
| 204 | Communications with Claimholders | 27.20 | $24,126.40 |
| 205 | Communications with the Commonwealth, its Instrumentalities or Representatives of the Commonwealth or its Instrumentalities | 17.60 | $15,611.20 |
| 206 | Documents Filed on Behalf of the Board | 654.00 | $580,098.00 |
| 207 | Non-Board Court Filings | 37.70 | $33,439.90 |
| 208 | Stay Matters | 44.30 | $39,294.10 |
| 210 | Analysis and Strategy | 2,576.50 | $2,285,355.50 |
| 211 | Non-Working Travel Time | 2.90 | $2,572.30 |
| 212 | General Administration | 124.70 | $37,784.10 |
| 213 | Labor, Pension Matters | 50.40 | $44,704.80 |
| 214 | Legal/Regulatory Matters | 0.20 | $177.40 |
| 215 | Plan of Adjustment and Disclosure Statement | 605.40 | $536,989.80 |
| 216 | Confirmation | 0.60 | $532.20 |
| 218 | Employment and Fee Applications | 28.40 | $9,773.20 |
| 219 | Appeal | 449.40 | $398,617.80 |
| 220 | Fee Applications for Other Parties | 6.20 | $5,499.40 |
| **Total for All Project Categories:** | | **4,889.00** | **$4,245,847.80** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period February 1, 2022 through May 31, 2022**

| EXPENSE CATEGORY | AMOUNT BILLED |
|---|---|
| Airplane | $448.66 |
| Food Service/ Conf. Dining | $118.67 |
| HighQ Licensing | $740.00 |
| Lexis/Westlaw | $51,892.00 |
| Lodging | $787.32 |
| Messenger/Delivery | $351.88 |
| Out of Town Transportation | $177.15 |
| Practice Support Vendors | $24,761.80 |
| Reproduction | $7,183.70 |
| Taxi, Carfare, Mileage and Parking | $107.46 |
| Translation Service | $47,366.64 |
| **Total:** | **$133,935.28** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, *excluding bankruptcy*** | **BILLED**<br><br>**In this fee application[11]** |
| Partners | $1,370 | $887 |
| Senior Counsel | $1,145 | $887 |
| Associates (7 or more years since first admission) | $1,096 | $887 |
| Associates (4–6 years since first admission) | $991 | $887 |
| Associates (1–3 years since first admission) | $811 | $887 |
| e-Discovery Attorneys | $857 | N/A |
| Paraprofessionals | $348 | $303 |
| **All Timekeepers Aggregated:** | **$1,037** | **$868.45** |

---

[11] *See supra* note 7.

**Estimated Hearing Date:** August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 17–BK–4780–LTS<br><br>**This Application relates only to PREPA, and shall be filed in the lead Case No. 17–BK–3283–LTS, and PREPA's Title III Case (Case No. 17–BK–4780–LTS)** |

# FIFTEENTH INTERIM FEE APPLICATION
# OF PROSKAUER ROSE LLP FOR COMPENSATION
# FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
# INCURRED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND
# MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE
# OF THE DEBTOR, PUERTO RICO ELECTRIC POWER AUTHORITY, FOR THE
# <u>PERIOD FEBRUARY 1, 2022 THROUGH MAY 31, 2022</u>

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as Title III representative of the Puerto Rico Electric Power Authority (the "Debtor" or "PREPA") pursuant to section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] hereby submits this fifteenth interim application (the "Application"),[3] pursuant to PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),[4] Rule 2016–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the "Local Rules"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "Guidelines"), and in accordance with this Court's *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [ECF No. 20546][5] (the "Interim Compensation Order"), for (a) allowance of interim compensation for professional services performed by Proskauer for the period commencing February 1, 2022 through and including May 31, 2022 (the "Compensation Period") in the amount of **$4,245,847.80**, and (b) reimbursement of its actual and necessary expenses in the amount of **$133,935.28** incurred during the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

---

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101–2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

[5]  Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

## Jurisdiction

1.      The United States District Court for the District of Puerto Rico (the "Court") has subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

## Background

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      On July 2, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for PREPA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's

Title III Case"). Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

9.       On December 15, 2017, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period July 2, 2017 through September 30, 2017* [ECF No. 2053] (the "First Interim Application").

10.       On April 9, 2018, Proskauer filed the *Second First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2017 through January 31, 2018* [ECF No. 2876] (the "Second Interim Application").

11.       On July 16, 2018, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2018 through May 31, 2018* [ECF No. 3582] (the "Third Interim Application").

12.       On November 16, 2018, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2018 through September 30, 2018* [ECF No. 4287] (the "Fourth Interim Application").

13.     On May 21, 2019, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2018 through January 31, 2019* [ECF No. 7052] (the "Fifth Interim Application").

14.     On September 20, 2019, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2019 through May 31, 2019* [ECF No. 8743] (the "Sixth Interim Application").

15.     On December 20, 2019, Proskauer filed the *Seventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2019 through September 30, 2019* [ECF No. 9626] (the "Seventh Interim Application").

16.     On April 15, 2020, Proskauer filed the *Eighth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12829] (the "Eighth Interim Application").

17.     On September 18, 2020, Proskauer filed the *Ninth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses*

5

*Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14354] (the "Ninth Interim Application").

18.     On March 19, 2021, Proskauer filed the *Tenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2020 through September 30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No. 16148] (the "Tenth Interim Application").

19.     On July 29, 2021, Proskauer filed the *Eleventh Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17594] (the "Eleventh Interim Application").

20.     On January 5, 2022, Proskauer filed the *Twelfth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period February 1, 2021 through May 31, 2021* [ECF No. 19690] (the "Twelfth Interim Application").

21.     On March 31, 2023, Proskauer filed the *Thirteenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as*

*Title III Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period June 1, 2021 through September 30, 2021* [ECF No. 23919] (the "Thirteenth Interim Application").

22.    On April 14, 2023, Proskauer filed the *Fourteenth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Title III Representative of the Debtor, Puerto Rico Electric Power Authority, for the Period October 1, 2021 through January 31, 2022* [17-bk-4780, ECF No. 3387] (the "Fourteenth Interim Application").

23.    On March 22, 2022 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its fifty-seventh monthly fee statement for the period February 1, 2022 through February 28, 2022.  On April 27, 2022, Proskauer served on the Notice Parties its fifty-eighth monthly fee statement for the period March 1, 2022 through March 31, 2022.  On May 26, 2022, Proskauer served on the Notice Parties its fifty-ninth monthly fee statement for the period April 1, 2022 through April 30, 2022.  On June 24, 2022, Proskauer served on the Notice Parties its sixtieth monthly fee statement for the period May 1, 2022 through May 31, 2022.

24.    In accordance with the Interim Compensation Order and as reflected in the foregoing summary, Proskauer has requested an aggregate payment of **$3,955,198.30** (payment of ninety percent (90%) of the compensation sought and reimbursement of one-hundred percent (100%) of expenses incurred) and has received **$3,955,198.30** with respect to fee statements filed during the Compensation Period.

**Summary of Services Rendered by Proskauer During the Compensation Period**

25.    The instant Application is Proskauer's Fifteenth application for interim compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications

in the pending Title III cases more efficient for the Court and other readers, paragraph 26 of the instant Application and the corresponding paragraph in Proskauer's Fifteenth interim fee application in the pending HTA Title III case are identical and cover the principal activities in both Title III cases.

26.     The services rendered during the Compensation Period were essential to achieving significant progress in PREPA and HTA's Title III cases.  The continuing coronavirus pandemic affecting Puerto Rico and the global economy during this Compensation Period imposed additional economic and administrative challenges to the Commonwealth and its covered instrumentalities.  The Oversight Board remained focused on protecting the health and welfare of the people of Puerto Rico, while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island.  The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and to cover the expenses related to the pandemic.  Proskauer continued to provide legal and strategic advice to the Oversight Board to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico.  Among others, Proskauer's notable undertakings during this Compensation Period included:

- Further Development of the HTA Joint Plan of Adjustment and Disclosure Statement.  The Oversight Board worked with the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), along with other parties in interest, to formulate and develop the plan of adjustment for HTA. On May 5, 2021, the Oversight Board, as representative of the Commonwealth and HTA in their Title III Cases, announced that, following extensive discussions guided by the court appointed Mediation Team, it had entered into the HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA") with certain holders and insurers of in excess of $2 billion of claims against HTA, including monoline bond insurers Assured Guaranty Corp. and National Public Finance Corporation. The execution and delivery of the HTA/CCDA PSA not only cleared a pathway for confirmation and consummation of the Commonwealth plan of adjustment, but also resolved

8

litigation among the parties to the HTA/CCDA PSA, set forth the terms of securities to be issued pursuant to the plans of adjustment for the Commonwealth and HTA, and set forth the agreement of the parties to support the terms of a plan of adjustment for HTA consistent with the terms of the HTA/CCDA PSA. Following the execution of the HTA/CCDA PSA, twenty-two parties executed joinders to the HTA/CCDA PSA.  As a result of the joinders, the HTA/CCDA PSA had the support of over $2.8 billion in HTA bond claims.

On May 2, 2022, Proskauer, on behalf of the Oversight Board, filed the proposed *Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03657, ECF No. 1164] (as amended, supplemented, or modified, the "HTA Plan") and *Disclosure Statement for the Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03657, ECF No. 1165] (as amended, supplemented, or modified, the "HTA Disclosure Statement").

Following the filing of the HTA Plan, the Oversight Board continued to meet with the Official Committee of Unsecured Creditors (the "UCC") with the goal of attaining an agreement and reaching a fully consensual plan of adjustment for HTA.  On May 9, 2022, the Oversight Board, as representative of HTA in its Title III Case, and the UCC entered into a letter agreement, which among other things, set forth the treatment of general unsecured claimholders of HTA and secured the UCC's support of the terms of the plan of adjustment for HTA.  On May 16, 2022, Proskauer, on behalf of the Oversight Board, filed the proposed *Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03657, ECF No. 1177] and related *Disclosure Statement for the Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-BK-03657, ECF No. 1178] which, among other things, incorporated the material terms of the letter agreement and revisions associated with the issuance of new HTA bonds.

After the conclusion of the Compensation Period, Proskauer, on behalf of the Oversight Board, filed additional amendments to the HTA Plan and HTA Disclosure Statement.  On June 17, 2022, the Court held a hearing to consider, among other things, adequacy of information contained in the Disclosure Statement and, on June 22, 2022, the Court entered an order approving the Disclosure Statement and, among other things, scheduling the hearing to consider confirmation of the HTA Plan for August 17–18, 2022 (the "HTA Confirmation Hearing").  The Confirmation Hearing took place on August 17, 2022, and the Court entered an order confirming the HTA Plan on October 12, 2022 [Case No. 17-BK-03657, ECF No. 1415].  The HTA Plan became effective on December 6, 2022.

- Communications with Stakeholders Regarding Steps Toward the Resolution of PREPA's Title III Case.  On February 18, 2022, the Ad Hoc Group of PREPA Bondholders filed the *Urgent Motion of the Ad Hoc Group of PREPA Bondholders Pursuant to Section 312 of PROMESA and Section 105 of the Bankruptcy Code to*

9

*Appoint a Mediator and Impose Deadlines for a PREPA Plan of Adjustment* [Case
No. 17-4780, ECF No. 2716], requesting the appointment of a mediator and
establishment of various deadlines in connection with a proposed plan of
adjustment for PREPA. Numerous parties submitted objections or other responses
to the motion. On February 28, 2022, Proskauer submitted the Oversight Board's
objection to certain parts of the motion, but did not object to a mediation as long as
it was inclusive of major stakeholders.

On March 8, 2022, the Title III Court entered the *Order Denying Urgent Motion of
the Ad Hoc Group of PREPA Bondholders to Appoint a Mediator and Impose
Deadlines for a PREPA Plan of Adjustment and Directing Additional Consultation
and Filings* [Case No. 17-4780, ECF No. 2748], which, among other things,
directed the Oversight Board to meet and confer with AAFAF, the Ad Hoc Group,
and all other major stakeholders and interested parties whose collaboration the
Oversight Board believed was necessary to construct a proposed plan of
adjustment for PREPA, and to file a status report regarding its progress by March
18, 2022.  Pursuant to the order, the Oversight Board and AAFAF filed the
*Government Parties' Status Report in Furtherance of March 8, 2022 Court Order
Regarding Mediation of a PREPA Plan of Adjustment* [Case No. 17-4780, ECF
No. 2761] informing the Title III Court that the Oversight Board conferred by
email with counsel to AAFAF, the UCC, the Ad Hoc Group, National Public
Finance Guarantee Corp., Assured Guaranty Corp. and Assured Guaranty
Municipal Corp., Syncora Guarantee, Inc., La Union de Trabajadores de La
Industria Electrica y Riego ("UTIER"), PREPA's retirement system, and PREPA's
Fuel Line Lenders[6], all of which were supportive of engaging in mediation
pursuant to a mediation agreement on substantially similar terms to that entered
into by the mediation parties in connection with the plan of adjustment for the
Commonwealth.

On April 8, 2022, Title III Court entered the *Order Appointing Mediation Team*
[Case No. 17-4780, ECF No. 2772], appointing the PREPA Mediation Team
comprised of the Honorable Shelley C. Chapman as lead mediator, the Honorable
Robert D. Drain, and the Honorable Brendan L. Shannon to facilitate confidential
negotiations among the PREPA mediation parties.  On the same date, the Court
entered its *Order Establishing the Terms and Conditions of Mediation* [Case No.
17-4780, ECF No. 2773].  The Oversight Board participated in mediation
throughout the Compensation Period.

- Claim Objections.  In connection with proofs of claim filed against the HTA and
  PREPA, Proskauer filed a total of 24 omnibus objections between February 1,
  2022 and May 31, 2022.  Proskauer professionals dedicated a significant amount
  of time and effort to the careful review and analysis of the filed claims and

---

[6] Cortland Capital Market Services LLC, as successor administrative agent under a Credit Agreement, dated May 4,
2012, among PREPA, Scotiabank de Puerto Rico and certain lenders, and certain lenders under a Trade Finance
Facility Agreement, dated July 20, 2012, between PREPA and Citibank, N.A. (collectively, the "Fuel Line
Lenders").

preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.

- <u>First Circuit Appeal. FOMB v. Vitol S.A, Case No. 21-1987</u>.  On December 8, 2021, Proskauer, on behalf of the Oversight Board as sole representative of PREPA, appealed from the Title III Court rulings granting in part and denying in part the Oversight Board's and Vitol's cross-motions for summary judgment. Proskauer submitted the appellate opening brief on May 2, 2022. During the pendency of the appeal, the parties worked in good faith to resolve the dispute and on July 20, 2022, filed the joint motion to hold the appeal in abeyance pending settlement.    On August 31, 2022, the appeal was voluntary dismissed with prejudice by stipulation between the parties.

- <u>PV Properties, Inc.'s Motion for Relief from Automatic Stay [Case No. 17-4780, ECF No. 2779]</u>. On April 20, 2022, PV Properties, Inc. filed its third motion for relief from stay, attempting to compel PREPA to buy renewable energy credits PV Properties generates. On June 6, 2022, Proskauer, on behalf of the Oversight Board as Title III representative of PREPA, submitted its opposition to the motion and on June 29, 2022, the motion was denied.

- <u>Mediation in connection with Cobra Acquisitions LLC's Motion for Allowance and Payment of Administrative Expense Claims [Case No. 17-3283, ECF No. 8789]</u>.  On September 30, 2019, Cobra Acquisitions LLC filed its *Motion for Allowance and Payment of Administrative Expense Claims* seeking a Title III Court order allowing payment of expenses incurred pursuant to two post-petition contracts with PREPA for the restoration of Puerto Rico's power grid devastated by hurricanes Irma and Maria.  On October 10, 2019, the Oversight Board, PREPA and AAFAF filed a joint motion to stay litigation related to the Administrative Expense Motion, due to, among other reasons, the criminal indictment of certain Cobra and FEMA officials in relation to the contracts. Cobra unsuccessfully attempted to lift the stay on several occasions. During the Compensation Period, Proskauer, on behalf of the Oversight Board, engaged in negotiations with Cobra representatives in an effort to reach an agreement and resolve the dispute.

27.    As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

28.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$4,245,847.80**, as compensation for professional services rendered, and (b) **$133,935.28** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  Notably, the Application reflects aggregate voluntary reductions made during the Compensation Period to Proskauer's requests for compensation and for reimbursement of expenses in the amount of $8,991.70 and $1,576.33 respectively, on top of the sizeable discount embedded in its Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing in the Compensation Period up to 53% discounts on the hourly rates of its most senior partners.

29.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.  Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

30.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

31.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 2,212.90 recorded hours by Proskauer's partners and senior counsel; 2,520.80 recorded hours by associates; and 155.30 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this

Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred. In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**. The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board. The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents. **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees. No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

32.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. Each Project Category is organized in accordance with Guidelines paragraph C.8.b. If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future. In addition, only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized in the

13

Application.   Project Categories for which Proskauer billed less than 10 hours are included in

**Exhibit B**.

**Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5**

33.   The following answers are provided in response to the questions set forth in

Guidelines paragraph C.5:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?   If so, please explain. |
| Response: | No. |
| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 13.6% below the budgeted fees). |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees. |
| Response: | No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements. |
| **Question**: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees. |
| Response: | No time was spent redacting time records on account of privilege concerns.    However, the Application does include time related to reviewing time records to redact certain time entries pursuant to Court-ordered mediation confidentiality.  Proskauer paraprofessionals expended 0.70 hours and billed $212.10 for redacting mediation related entries in Proskauer's monthly fee statements related to Proskauer's Fourteenth |

14

Interim Application.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:   Yes.  Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.   Rates have not increased during this Compensation Period.

### Gross-Up Amount

34.   Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.  Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

35.   On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.  Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

36.   For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement

Letter and understandings with the Commonwealth government.   In prior Fee Applications, Proskauer requested approval for periods prior to October 2020.   If it becomes necessary to request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a subsequent time.

## Professionals Billing Fewer Than Five Hours per Month

37.   The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.   As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services. Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.   Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.[7]

---

[7]   Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.   Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Alonzo, Julia D. | March, April | Ms. Alonzo is a senior counsel in Proskauer's litigation department who advised on review of claims filed against the Debtor and drafting the Debtor's omnibus objections to claims. |
| Asnis, Griffin A. | April | Mr. Asnis is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Brenner, Guy | April, May | Mr. Brenner is a partner in Proskauer's labor & employment department who analyzed Puerto Rico legislative actions related to PREPA's transformation and proposed plan of adjustment. |
| Capizzi, Massimo B. | May | Mr. Capizzi is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Cook, Alexander N. | May | Mr. Cook is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Cooper, Scott P. | March, April | Mr. Cooper is a partner in Proskauer's litigation department who advised on developing the Oversight Board's litigation strategy in the UTIER CBA appeal and in connection with Cobra Administrative Expense Motion related mediation. |
| Deming, Adam L. | February – May | Mr. Deming is an associate in Proskauer's litigation department who assisted with review of claims filed against the Debtor and drafting the Debtor's omnibus objections to claims. |
| Esses, Joshua A. | April, May | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with drafting best interest test analyses for the Debtor's proposed plan of adjustment. |
| Ficorelli, Nicholas A. | April | Mr. Ficorelli is a senior managing clerk in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Garnett, Karen J. | February | Ms. Garnett is a partner in Proskauer's corporate department who advised on a restructuring support agreement. |

17

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Gerkis, James P. | March, April | Mr. Gerkis is a partner in Proskauer's corporate department who advised on drafting the Debtor's proposed plan of adjustment and related review of the Transmission and Distribution System Operation and Maintenance Agreement. |
| Griffith, Jessica M. | February, March | Ms. Griffith is an associate in Proskauer's litigation department who assisted with drafting litigation updates for the disclosure statement for the Debtor's proposed plan of adjustment. |
| Guggenheim, Michael M. | March | Mr. Guggenheim is an associate in Proskauer's litigation department who assisted with research for and drafting of the Oversight Board's opening brief in the Vitol appeal. |
| Hamburger, Paul M. | March, May | Mr. Hamburger is a partner in Proskauer's labor & employment department who advised on various benefits and pension related issues in connection with PREPA's court ordered mediation and proposed plan of adjustment. |
| Henderson, Laurie A. | February, April | Ms. Henderson is a docketing administrator in Proskauer's litigation department who assisted with docket research and electronic filing. |
| Hoffman, Joan K. | April | Ms. Hoffman is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Hughes, Sarah | March, May | Ms. Hughes is an associate in Proskauer's corporate department who assisted with drafting the Debtor's proposed plan of adjustment and related trust agreements. |
| Kim, Joan | February – April | Ms. Kim is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Levitan, Jeffrey W. | February | Mr. Levitan is a partner in Proskauer's BSGR&B group who advised on further developing the Oversight Board's litigation strategy in the Vitol adversary and appellate proceedings. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Ma, Steve | February, April, May | Mr. Ma is an associate in Proskauer's BSGR&B group who assisted with developing the Oversight Board's litigation strategy in connection with PV Properties, Inc.'s request to lift the automatic stay. |
| McGowan, Shannon D. | February, March, May | Ms. McGowan is an associate in Proskauer's litigation department who assisted with drafting litigation updates for the disclosure statement for the Debtor's proposed plan of adjustment. |
| Monforte, Angelo | February, May | Mr. Monforte is a paralegal in Proskauer's litigation department who assisted with various case management related tasks. |
| Morris, Matthew J. | February | Mr. Morris is an associate in Proskauer's litigation department who assisted with analysis of the Title III Court order granting the Debtor's motion to dismiss the UTIER CBA Adversary Proceeding. |
| Oloumi, Nicole K. | February, March, May | Ms. Oloumi is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Ovanesian, Michelle M. | February, May | Ms. Ovanesian is an associate in Proskauer's litigation department who assisted with analysis of the proofs of claim filed against the Debtor and with resolution of claims. |
| Palmer, Marc C. | February, March, May | Mr. Palmer is an associate in Proskauer's litigation department who assisted with further developing the Oversight Board's litigation strategy in the Vitol adversary and appellate proceedings. |
| Petrov, Natasha | May | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with drafting Proskauer's Thirteenth and Fourteenth interim fee applications. |
| Richman, Jonathan E. | April, May | Mr. Richman is a partner in Proskauer's litigation department who advised on a wide variety of issues further developing the Oversight Board's litigation strategy in connection with PREPA's court ordered mediation and proposed plan of adjustment. |
| Roberts, John E. | February, March | Mr. Roberts is a partner in Proskauer's litigation department who advised on further developing the Oversight Board's litigation strategy in the Vitol adversary and appellate proceedings. |

19

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Rogoff, Corey I. | February, May | Mr. Rogoff is an associate in Proskauer's litigation department who assisted with review of Puerto Rico legislative actions related to PREPA's transformation and their potential impact on fiscal plans and the proposed plan of adjustment. |
| Rosen, Brian S. | March – May | Mr. Rosen is a partner in Proskauer's BSGR&B group who advised on the analysis of claims filed against the Debtor and on developing the Oversight Board's strategy in connection with PREPA's court ordered mediation. |
| Rosenthal, Marc E. | April, May | Mr. Rosenthal is a partner in Proskauer's litigation department who advised on insurance related issues in connection with further developing the Oversight Board's litigation and appellate strategy. |
| Ruthberg, Jana R. | May | Ms. Ruthberg is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Samuels, Reut N. | February – May | Ms. Samuels is an associate in Proskauer's litigation department who assisted with legal research for PREPA's court ordered mediation and with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Schaefer, Shealeen E. | March | Ms. Schaefer is a paralegal in Proskauer's labor & employment department who assisted with various case management related tasks. |
| Seyarto Flores, Briana M. | February – May | Ms. Seyarto Flores is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Singer, Tal J. | February, March, May | Mr. Singer is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Skrzynski, Matthew A. | February, March | Mr. Skrzynski is an associate in Proskauer's BSGR&B group who assisted with developing the Oversight Board's litigation strategy in connection with the Cobra Administrative Expense Motion. |

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Sosa, Javier | March, April | Mr. Sosa is an associate in Proskauer's litigation department who assisted with the review of claims filed against the Debtor and drafting the Debtor's omnibus objections to claims. |
| Tocicki, Alyson C. | February – May | Ms. Tocicki is an associate in Proskauer's litigation department who assisted with drafting the disclosure statement for the Debtor's proposed plan of adjustment. |
| Waxman, Hadassa R. | April, May | Ms. Waxman is a partner in Proskauer's litigation department who advised on analysis of the criminal proceeding and further developing the Oversight Board's litigation strategy in the Cobra Acquisitions LLC related matters. |

**Summary Description of Professional Services**

38.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period. Only Project Categories for which Proskauer billed more than 10 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 10 hours during the Compensation Period are listed in **Exhibit B**.

I.     **Matter Nos. 33260.0022 (PROMESA Title III: PREPA) and 33260.0030 (PROMESA Title III: PREPA – Puerto Rico)**

39.     This matter number covers time spent relating to the core PREPA Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

   (a)   Tasks Relating to the Board, its Members, its Staff, its Advisors or its Consultants (Project Category 201)
         (Fees:  $18,094.80; Hours: 20.40)

40.     This Project Category includes time spent communicating with the Oversight Board and its representatives, agents, and consultants, as well as preparing for and advising on

21

public meetings, litigation, and related issues. Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors regarding the status of the Debtor's Title III Case, restructuring support agreement, and ongoing court-ordered mediation, evaluating PREPA's restructuring strategy, discussing formulation and further development of the Debtor's proposed plan of adjustment, and preparing related presentations to the Oversight Board.

    (b)  <u>Legal Research (Project Category 202)</u>
          (Fees: <u>$211,225.50</u>; Hours: <u>240.90</u>)

       41.    This Project Category includes time spent researching and analyzing legal issues, as well as drafting internal memoranda and/or briefs related to such research and analysis, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time researching and analyzing a wide variety of issues related to the Debtor's proposed restructuring, formulation and further development of the PREPA proposed plan of adjustment, and ongoing PREPA mediation, including, among multiple others, treatment of collective bargaining agreements in bankruptcy, the ultra vires doctrine and issuance of bonds, special revenue claims, best interest test analysis, and mediation privilege issues.

    (c)  <u>Communications with Claimholders (Project Category 204)</u>
          (Fees: <u>$23,771.60</u>; Hours: <u>26.80</u>)

       42.    This Project Category includes time spent communicating with the Debtor's various claimholders. Specifically, Proskauer attorneys spent time preparing for and participating in court-ordered mediation sessions and in claims settlement discussions with certain PREPA creditors.

    (d)  <u>Communications with the Commonwealth, its Instrumentalities, or Representatives of the Commonwealth or its Instrumentalities (Project Category 205)</u>
          (Fees: <u>$15,079.00</u>; Hours: <u>17.00</u>)

       43.    This Project Category includes time spent communicating with the Debtor's representatives in various Title III related matters, to the extent not expressly covered by another

Project Category. Specifically, Proskauer attorneys spent time analyzing and advising the Oversight Board on its multiple communications with the Puerto Rico Government, AAFAF, and the Puerto Rico Legislature regarding various plan of adjustment related issues and ongoing court-ordered mediation.

    (e)   <u>Documents Filed on Behalf of the Board (Project Category 206)</u>
           (Fees: <u>$547,899.90</u>; Hours: <u>617.70</u>)

44.    This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time:

- Conducting research and analysis and drafting the Oversight Board's opposition to the Ad Hoc Group of PREPA Bondholders' motion to appoint a mediator and impose deadlines for a PREPA plan of adjustment, drafting the relevant portions of the Government Parties' joint status report concerning the status of the Oversight Board's engagement with parties in interest towards a consensual resolution of outstanding issues in the PREPA's Title III case and proposed mediation, drafting the Oversight Board's related mediation statement, and, at the request of the Mediation Team, drafting urgent motions requesting that the Title III Court extend the May 2, 2022 and June 1, 2022 Path Forward Deadlines and a reply in support;

- Conducting legal and factual research, conferring with the Oversight Board's other advisors and with counsel for PREPA and AAFAF, and drafting relevant portions of the Government Parties' March 2022 status report apprising the Court of the Debtor's condition in connection with the COVID-19 pandemic, the status of efforts to implement PREPA's restructuring support agreement, and progress on other PREPA key objectives;

- Conducting research and analysis and drafting the Rule 9019 motion for entry of an order approving settlement with Whitefish Energy Holdings, LLC, resolving its administrative expense claim;

- Conducting further analysis of multiple creditors' claims filed against the Debtor and the claimants' responses to the Debtor's omnibus objections, and drafting additional omnibus objections and replies in support of the previously filed ones; and

- Drafting multiple informative motions and pleadings related to scheduling and extensions of deadlines.

(f)   Non-Board Court Filings (Project Category 207)
    (Fees:  $29,093.60; Hours:  32.80)

45.    This Project Category includes time spent reviewing and commenting on proposed Court orders and filings made by other parties in the Debtor's Title III Case, to the extent not expressly covered by another Project Category.  Specifically, Proskauer attorneys spent time reviewing and analyzing various filings by other parties and related Court orders entered in the Debtor's Title III Case, including among others, the Ad Hoc Group of PREPA Bondholders' motion to appoint a mediator and impose deadlines for a PREPA plan of adjustment, joinders thereto by National Public Finance Guarantee Corporation, the Fuel Line Lenders, and U.S. Bank National Association in its capacity as PREPA Bond Trustee, related reservations of rights by UTIER and SREAEE, objections to the motion by the UCC and Speaker of Puerto Rico House of Representatives, and PREPA mediation-related Title III Court orders.

(g)   Analysis and Strategy (Project Category 210)
    (Fees:  $2,154,523.00; Hours: 2,429.00)

46.    This Project Category includes time spent related to legal analysis on, and strategic approach to, the Debtor's Title III Case and various issues relating thereto, including (a) meetings to discuss strategic case considerations, the status of various work streams, and next steps; (b) all Proskauer internal meetings, to the extent not expressly covered by another Project Category; and (c) preparing for and participating in discovery, including collection, review, and production of responsive non-privileged materials, and analyzing document production by other parties. Specifically, Proskauer attorneys spent time reviewing and analyzing a wide variety of reports, memoranda, financial analyses, pleadings, and court orders, drafting and updating tasks and issues lists, preparing for and participating in Proskauer internal meetings on further developing litigation, appellate, and discovery strategy, and on litigation and appellate issues pending in these complex and time sensitive Title III cases, preparing for and participating in Proskauer internal

24

meetings on issues related to (i) the status of PREPA's restructuring support agreement and formulation and further development of the proposed PREPA plan of adjustment, (ii) the ongoing court ordered PREPA mediation, and (iii) the status of PREPA related claims and their resolution, and drafting internal memoranda to Proskauer litigation and restructuring teams.

(h)   General Administration (Project Category 212)
      (Fees: $31,118.10; Hours: 102.70)

47.   This Project Category includes time spent on general administration of the Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to the filing of documents in court, including affidavits of service and service mailings; and (c) internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

(i)   Labor, Pension Matters (Project Category 213)
      (Fees: $44,704.80; Hours: 50.40)

48.   This Project Category includes time spent addressing the Debtor's employee and retiree benefits issues.  Specifically, Proskauer attorneys spent time conducting research and analysis and conferring with the Oversight Board's other  advisors on benefits and pension related issues, reviewing documents received from the PREPA pension fund, and drafting proposed pension related legislation.

(j)   Plan of Adjustment and Disclosure Statement (Project Category 215)
      (Fees: $533,087.00; Hours: 601.00)
      (Fees for work performed in Puerto Rico:  $3,902.80; Hours:  4.40)
      (Aggregate Fees:  $536,989.80; Aggregate Hours:  605.40)

49.   This Project Category includes time spent on issues related to the formulation and further development of the Debtor's proposed Title III plan of adjustment.  Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors, researching and analyzing a wide variety of factual and legal issues and materials related to the

25

restructuring and transformation of the Debtor, participating in strategy meetings with the
Oversight Board's advisors, experts, and consultants, drafting and revising the Debtor's proposed
plan of adjustment and disclosure statement, preparing best interest test analyses and litigation
updates, and amending PREPA's restructuring support agreement and related term sheet.

    (k)   Employment and Fee Applications (Project Category 218)
          (Fees:  $9,773.20; Hours: 28.40)

       50.    This Project Category includes time spent on issues related to the compensation of
Proskauer, and the retention and compensation of other Oversight Board professionals, including
the preparation of interim fee applications. Specifically, Proskauer attorneys and
paraprofessionals spent time drafting Proskauer's Thirteenth and Fourteenth interim fee
applications.

**II.    Matter No. 33260.0054 (PREPA Title III – PREC)**

       51.    This matter number covers time spent relating to the complaint for  declaratory and
injunctive relief filed by the Puerto Rico Energy Commission ("PREC") seeking a Title III Court
order prohibiting PREPA from taking substantive electricity related actions and the Oversight
Board from authorizing such actions without the PREC's assessment and approval, *PREPA v.
PREC,* Adv. Proc. No. 17-0256 (the "PREC Adversary Proceeding"), and any appeals related
thereto.

    (a)   Analysis and Strategy (Project Category 210)
          (Fees: $9,579.60; Hours: 10.80)

       52.    This Project Category includes time spent related to legal analysis on, and
brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating
thereto, including engaging in meetings to discuss strategic case considerations, the status of
various work streams and next steps, and all Proskauer internal meetings, except those
specifically dealing with an issue covered by another Project Category.  Specifically, Proskauer

attorneys spent time conferring with the LUMA and Puerto Rico Energy Bureau counsel and the

Oversight Board's other advisors, analyzing related pleadings and communications, and drafting

the proposed stipulation resolving the PREC Adversary Proceeding and motions for extension of

time to submit a status report to the Title III Court.

**III.**   **Matter No. 33260.0055 (PREPA Title III – Vitol)**

53.      This matter number covers time spent working on adversary proceedings involving

Vitol S.A., including *Autoridad de Energia Electrica de P.R. v. Vitol Inc.*, Adv. Proc. No.

19-00453 (the "Vitol Adversary Proceeding"), and the related appeal, *FOMB v. Vitol S.A.*, Case

No. 21-1987 (1st Cir.).

   (a)   Analysis and Strategy (Project Category 210)
         (Fees: $41,777.70; Hours: 47.10)

54.      This Project Category includes time spent related to legal analysis on, and

brainstorming strategic approaches to, the Debtor's Title III Case and various issues relating

thereto, including engaging in meetings to discuss strategic case considerations, the status of

various work streams and next steps, and all Proskauer internal meetings, except those

specifically dealing with an issue covered by another Project Category.  Specifically, Proskauer

attorneys spent time reviewing and analyzing a wide variety of materials, participating in

Proskauer internal meetings on further developing the appellate and settlement strategy regarding

Vitol, and preparing for and participating in settlement discussions with Vitol's counsel.

   (b)   General Administration (Project Category 212)
         (Fees: $4,908.60; Hours:  16.20)

55.      This Project Category includes time spent on general administration of the

Debtor's Title III Case, including (a) case status and coordination activities; (b) tasks relating to

the filing of documents in court, including affidavits of service and service mailings; and (c)

internal filing and organization of case documents to ensure easy, fast, and free accessibility by the Proskauer team, the Debtor, and other parties in interest.

   (c)   Appeal (Project Category 219)
         (Fees: $389,215.60; Hours: 438.80)

56.    This Project Category includes time spent preparing appeals and participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conferring with the Oversight Board and its other advisors regarding the Board's appeal of the Title III Court ruling granting in part and denying in part the Oversight Board's and Vitol's cross-motions for summary judgment, analyzing related pleadings and Title III Court orders, conducting related legal and factual research, further developing the Oversight Board's appellate strategy, and drafting the Oversight Board's motion to amend the case caption and appellate opening brief.

**IV.    Matter No. 33260.0056 (PREPA Title III – UTIER CBA)**

57.    This matter number covers time spent relating to the challenge brought by UTIER to the PREPA and Commonwealth fiscal plans and budgets related to the alleged impairment of the UTIER collective bargaining agreement caused by certain legislative acts, including *UTIER v. PREPA*, Adv. Proc. No. 17-0229 (the "UTIER CBA Adversary Proceeding"), and related appeal, *UTIER v. PREPA*, Case No. 22-1164 (1st Cir.).

   (a)   Appeal (Project Category 219)
         (Fees: $9,313.50; Hours: 10.50)

58.    This Project Category includes time spent participating in appellate proceedings on behalf of the Oversight Board as representative of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time reviewing and analyzing the notice of appeal by UTIER from the Title III Court order granting the Oversight

Board's and individual defendants' joint motion to dismiss the UTIER CBA Adversary Proceeding and UTIER's related motion to dismiss the appeal on jurisdictional grounds.

IV.     **Matter No. 33260.0059 (PREPA Title III – Miscellaneous)**

59.     This matter number covers time spent working on miscellaneous motions and adversary proceedings, including motions for relief from the Title III stay and any appeals related thereto.

(a)     Stay Matters (Project Category 208)
(Fees: $38,673.20; Hours: 43.60)

60.     This Project Category includes time spent analyzing and researching stay issues in the Debtor's Title III Case and drafting various pleadings related to stay issues.  Specifically, Proskauer attorneys spent time reviewing PV Properties, Inc.'s request to lift the automatic stay to commence an inverse condemnation proceeding against PREPA, conducting legal and factual research, and drafting related Oversight Board's opposition to the motion.

V.     **Matter No. 33260.0085 (PREPA Title III – Cobra Acquisitions LLC)**

61.     This matter number covers time spent relating to Cobra Acquisitions LLC's *Motion for Allowance and Payment of Administrative Expense Claims* seeking a Title III Court order allowing payment of expenses incurred pursuant to two post-petition contracts with the Debtor for the restoration of Puerto Rico's power grid devastated by hurricanes Irma and Maria [Case No. 17-3283, ECF No. 8789] (the "Cobra Administrative Expense Motion"), and any appeals related thereto.

(a)     Documents Filed on Behalf of the Board (Project Category 206)
(Fees:  $27,674.40; Hours:  31.20)

62.     This Project Category includes time spent drafting various pleadings filed on behalf of the Debtor, to the extent not expressly covered by another Project Category. Specifically, Proskauer attorneys spent time conducting legal and factual research and analysis

and drafting the Oversight Board's mediation statement for the Cobra Administrative Expense
Motion related mediation.

(b)   Analysis and Strategy (Project Category 210)
       (Fees: $66,525.00; Hours: 75.00)

63.     This Project Category includes time spent related to legal analysis on, and
brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating
thereto, including engaging in meetings to discuss strategic case considerations, the status of
various work streams and next steps, and all Proskauer internal meetings, except those
specifically dealing with an issue covered by another Project Category.  Specifically, Proskauer
attorneys spent time reviewing and analyzing a wide variety of background materials,
participating in Proskauer internal meetings on further developing the Oversight Board's
mediation strategy regarding Cobra Administrative Expense Motion, and preparing for and
participating in Cobra Administrative Expense Motion mediation related discussions with Cobra's
counsel.

*       *       *       *

64.     The foregoing professional services performed by Proskauer on behalf of the
Oversight Board as representative of the Debtor during the Compensation Period were reasonable,
necessary, appropriate, and beneficial when rendered, facilitated the effective administration of
the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's
creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested
is commensurate with the complexity, importance, and time-sensitive nature of the problems,
issues, and tasks involved.  The professional services were performed with expedition and in an
efficient manner.

65.     In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Proskauer

66.     Pursuant to the Guidelines, **Schedule 4** is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

67.     In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in **Schedule 4**, Proskauer seeks reimbursement for its necessary and reasonable expenses, including: (a) reproduction, (b) online research, (c) out-of-town travel and lodging, (d) out-of-town meals, (e) conference services, (f) delivery services and couriers, (g) translation services, and (h) professional services.  All expense entries detailed in **Exhibit B** comply with the requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.  The reasons for the expenses are self-explanatory.   In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

68.     Proskauer generally charges from $0.10 (black and white) to $0.30 (color) per page for photocopying expenses. The rates charged by the firm for Westlaw and Lexis computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal

31

research, as set forth in **Schedule 4**.  As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.  The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

69.    During the Compensation Period, Proskauer has disbursed **$133,935.28** as necessary and reasonable expenses. These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services).  Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

### Compensation Paid and Its Source

70.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.  In connection with the matters covered by this Application, Proskauer received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

71.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight

Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

72.    As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

33

### Reservations

73.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Notice

74.     Pursuant to the Interim Compensation Order and the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1], notice of this Application has been filed in the Debtor's Title III Case and the lead Commonwealth of Puerto Rico's Title III Case and served upon:

> (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;
>
> (b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);
>
> (c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com) and Diana M. Perez, Esq. (dperez@omm.com);
>
> (d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com);
>
> (e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com);

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, P.O. Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

75.   Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$4,245,847.80**, and allowing reimbursement for actual and necessary

expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$133,935.28**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation and expenses previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: June 16, 2023
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
ppossinger@proskauer.com
ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and*
*Management Board as Representative of the*
*Debtor*