**Estimated Hearing Date**: August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>Case No. 19–BK–5523-LTS<br><br>**This Application relates only to PBA, and shall be filed in the lead case No. 17-BK-3283-LTS and PBA's Title III Case (Case No. 19-BK-5523-LTS)** |

## SUMMARY SHEET TO
## SEVENTH INTERIM FEE APPLICATION
## OF PROSKAUER ROSE LLP FOR COMPENSATION FOR
## SERVICES RENDERED AS ATTORNEYS FOR THE FINANCIAL
## OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III
## REPRESENTATIVE OF THE DEBTOR, THE PUERTO RICO PUBLIC BUILDINGS
## AUTHORITY, FOR THE PERIOD OCTOBER 1, 2021 THROUGH MARCH 15, 2022

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

**Schedule 1**

**Summary of Fees and Expenses Paid to Date and the Balance of Fees and Expenses for which Allowance and Payment is Requested for the Compensation Period**

| | |
|---|---|
| Name of Applicant: | Proskauer Rose LLP ("Proskauer") |
| Retained to Provide Professional Services to: | The Financial Oversight and Management Board for Puerto Rico as Title III Representative of the Debtor Pursuant to PROMESA Section 315(b) |
| Period for Which Compensation is Sought: | October 1, 2021 through March 15, 2022 (the "Compensation Period")[2] |
| Amount of Fees Sought: | $22,393.80 |
| Gross-Up Amount:[3] | -- |
| Amount of Expense Reimbursement Sought: | $1,674.98 |
| Total Fees and Expenses Sought for Compensation Period: | $24,068.78 |

This is a(n)  ____ Monthly  _X_ Interim __ Final Fee Application

This is the Seventh interim fee application filed by Proskauer in the Debtor's Title III Case.  The total time expended in connection with the preparation of this interim application is not included herein, as additional time was expended after the Compensation Period.

---

[2] This fee application covers the Seventh Interim Compensation Period (October 1, 2021 – January 31, 2022) and Eighth Interim Compensation Period (February 1, 2022 – March 15, 2022).  Because Proskauer billed only 5.2 hours and $2,334.80 to the PBA Title III case during the Eighth Interim Compensation Period, Proskauer submits that the preparation and filing of a single fee application for the Seventh and Eighth Interim Compensation Periods is an efficient use of the Debtor's resources and will make the review of Proskauer's fee applications in the PBA Title III case more efficient for the Court and other parties in interest.

[3] Previously, Proskauer has requested approval, as part of its fees and expenses, of the amount required to gross up the additional tax withholding (the "Gross-Up Amount") introduced by the Commonwealth legislation (Act 257–2018) starting December 10, 2018 (the "Withholding").  Proskauer would only request payment of the Gross-Up Amount from the Debtor if and when Proskauer partners receive a determination or objection from the Internal Revenue Service that the Withholding does not result in tax credits offsetting the Gross-Up Amount.  Based on the registration of Proskauer's Engagement Letter together with discussions with the Puerto Rico government, Proskauer believes it will not need a Gross-Up Amount for its fiscal years that commenced November 1, 2020 and November 1, 2021, and is not currently requesting its approval.

**Seventh and Eighth Interim Compensation Periods**
**October 1, 2021 – March 15, 2022**

| Statement and Date Served | Period Covered | Total Fees Incurred | Fees Requested (90%) | Expenses Requested | Fees Paid (90%) | Expenses Paid |
|---|---|---|---|---|---|---|
| **Twenty-Fourth** 12/1/2021 | 10/1/21 to 10/31/21 | $13,352.80 | $12,017.52 | $1,668.00 | $12,017.52 | $1,668.00 |
| **Twenty-Fifth** 12/31/2021 | 11/1/21 to 11/30/21 | $4,139.50 | $3,725.55 | $0.00 | $3,725.55 | $0.00 |
| **Twenty-Sixth** 1/24/2022 | 12/1/21 to 12/31/21 | $950.30 | $855.27 | $6.98 | $855.27 | $6.98 |
| **Twenty-Seventh** 2/16/2022 | 1/1/22 to 1/31/22 | $1,616.40 | $1,454.76 | $0.00 | $1,454.76 | $0.00 |
| **Totals for Seventh Interim Compensation Period:** | | **$20,059.00** | **$18,053.10** | **$1,674.98** | **$18,053.10** | **$1,674.98** |
| **Twenty-Eighth** 3/21/2022 | 2/1/22 to 2/28/22 | $2,122.70 | $1,910.43 | $0.00 | $1,910.43 | $0.00 |
| **Twenty-Ninth** 4/27/2022 | 3/1/22 to 3/15/22 | $212.10 | $190.89 | $0.00 | $190.89 | $0.00 |
| **Totals for Eighth Interim Compensation Period:** | | **$2,334.80** | **$2,101.32** | **$0.00** | **$2,101.32** | **$0.00** |
| **TOTALS FOR COMPENSATION PERIOD:** | | **$22,393.80** | **$20,154.42** | **$1,674.98** | **$20,154.42** | **$1,674.98** |

Additional information required pursuant to the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the Executive Office for the United States Trustee:

| | |
|---|---|
| Blended Rate in This Application for All Attorneys: | $854.74[4] |
| Blended Rate in This Application for All Timekeepers: | $592.43 |
| Compensation Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $20,154.42 |
| Expenses Sought in this Application Already Paid Pursuant to Monthly Compensation Statements but Not Yet Allowed: | $1,674.98 |
| Number of Professionals Included in this Application:[5] | 13 |
| Number of Professionals in This Application NOT Included in Staffing Plan Approved by Client:[6] | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for This Application Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During This Application Period: | 13 |
| Any Rates Higher than Those Approved or Disclosed when Retained?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed at retention. | No.  Proskauer's November 25, 2016 engagement letter with the Oversight Board (the "Engagement Letter") provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2).  Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective |

---

[4]  This rate excludes non-attorneys (*e.g.*, paralegals) and includes e-discovery attorneys.

[5]  As used herein, the term "professionals" includes all timekeepers.  The term "paraprofessionals," as used in this Application, only includes non-attorneys.

[6]  As noted in the Staffing Plan for the Compensation Period at Exhibit D-2 of the Application, the number of timekeepers expected to work on this matter during the Compensation Period was 32, and thus the actual number of timekeepers was 19 fewer than anticipated.

| | January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.<br><br>Proskauer gave notice of this rate increase by filing its Engagement Letter on the ECF system and providing sworn certifications, attached to Proskauer's First and Third interim applications as Exhibit A [Case No. 17-3283, ECF Nos. 12835 and 16150].  In addition, Proskauer filed the *Notice of Annual Hourly Rate Adjustment Pursuant to Engagement Letter, Dated November 25, 2016, of Proskauer Rose LLP, as Attorneys for the Financial Oversight and Management Board for Puerto Rico* [Case No. 17-3283, ECF No. 19457], providing additional notice of Proskauer's automatic 2022 rate adjustment pursuant to the Engagement Letter. |

**Schedule 2**

**Summary of Professional Services Rendered by
Timekeeper for the Period October 1, 2021 through March 15, 2022**

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Firestein, Michael A. | Litigation – 1983 | $853 | 1.30 | $1,108.90 |
| | | $887 | 1.00 | $887.00 |
| Hamilton, Martin T. | Tax – 2004 | $853 | 0.50 | $426.50 |
| Levitan, Jeffrey W. | BSGR&B[8] – 1983 | $853 | 0.60 | $511.80 |
| Mervis, Michael T. | Litigation – 1990 | $853 | 1.10 | $938.30 |
| Mungovan, Timothy W. | Litigation – 1994 | $853 | 0.40 | $341.20 |
| Rosen, Brian S. | BSGR&B – 1983 | $853 | 4.30 | $3,667.90 |
| **Total for Partners:** | | | **9.20** | **$7,881.60** |
| **SENIOR COUNSEL** | | | | |
| Alonzo, Julia D. | Litigation – 2009 | $853 | 1.00 | $853.00 |
| **Total for Senior Counsel:** | | | **1.00** | **$853.00** |
| **ASSOCIATES** | | | | |
| Esses, Joshua A. | BSGR&B – 2017 | $853 | 6.20 | $5,288.60 |
| Osaben, Libbie B. | BSGR&B – 2021 | $853 | 1.80 | $1,535.40 |

---

[7] The lower rates listed in the column entitled "Hourly Rate" for each professional are the billing rates for Proskauer professionals in effect from October through December 31, 2021, and the higher rates are the billing rates for Proskauer professionals in effect beginning January 1, 2022.  Certain professionals have only one rate listed in the column entitled "Hourly Rate" because they only worked on PBA's Title III case before or after January 1, 2022. In the ordinary course of business, the standard hourly billing rates for Proskauer professionals and paraprofessionals are adjusted annually as of the commencement of the firm's fiscal year on November 1 to reflect economic and other conditions and apply to matters in and out of bankruptcy cases.  The Engagement Letter provides that Proskauer's rates are increased annually on January 1 (rather than on November 1) by the lower of the percentage rate increase announced as of November 1 and four percent.

Furthermore, the Engagement Letter provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent."  (Engagement Letter at 1–2). As of January 1, 2022, the rate increase was 4%, yielding a flat rate for attorneys (partners, senior counsel, and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.

[8] Business Solutions, Governance, Restructuring & Bankruptcy ("BSGR&B").

| NAME OF PROFESSIONAL (in alphabetical order) | DEPARTMENT AND YEAR ADMITTED | HOURLY RATE[7] | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|
| | | $887 | 0.70 | $620.90 |
| Volin, Megan R. | BSGR&B – 2020 | $853 | 0.60 | $511.80 |
| | | $887 | 0.50 | $443.50 |
| **Total for Associates:** | | | **9.80** | **$8,400.20** |
| *PARAPROFESSIONALS* | | | | |
| Cook, Alexander N. | Corporate Paralegal – N/A | $303 | 1.90 | $575.70 |
| Petrov, Natasha B. | BSGR&B Paralegal – N/A | $291 | 7.20 | $2,095.20 |
| | | $303 | 4.70 | $1,424.10 |
| Singer, Tal J. | BSGR&B Paralegal – N/A | $291 | 4.00 | $1,164.00 |
| **Total for Paraprofessionals:** | | | **17.80** | **$5,259.00** |

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| **Attorneys and Paraprofessionals Total:** | **37.80** | **$22,393.80** |

**Schedule 3**

**Summary of Professional Services Rendered by Project
Category for the Period October 1, 2021 through March 15, 2022**

| PROJECT CATEGORY | DESCRIPTION | HOURS | FEES SOUGHT |
|---|---|---|---|
| 202 | Legal Research | 0.30 | $266.10 |
| 204 | Communications with Claimholders | 6.80 | $5,800.40 |
| 206 | Documents Filed on Behalf of the Board | 3.70 | $3,162.90 |
| 207 | Non-Board Court Filings | 0.80 | $709.60 |
| 210 | Analysis and Strategy | 5.70 | $4,875.70 |
| 212 | General Administration | 4.00 | $1,164.00 |
| 215 | Plan of Adjustment and Disclosure Statement | 1.40 | $1,194.20 |
| 217 | Tax | 0.50 | $426.50 |
| 218 | Employment and Fee Applications | 14.60 | $4,794.40 |
| | **Total for All Project Categories:** | **37.80** | **$22,393.80** |

**Schedule 4**

**Summary of Actual and Necessary Expenses Incurred
for the Period October 1, 2021 through March 15, 2022**

| EXPENSE CATEGORY | AMOUNTS |
|---|---|
| Data Base Search Services | $6.98 |
| Westlaw | $1,668.00 |
| **Total:** | **$1,674.98** |

**Schedule 5**

**Blended Rate Chart**

| CATEGORY OF TIMEKEEPER | BLENDED HOURLY RATE | |
|---|---|---|
| | **BILLED**<br><br>**Domestic offices in which timekeepers collectively billed at least 10% of the hours to the bankruptcy case during the application period, for preceding year, _excluding bankruptcy_** | **BILLED**<br><br>**In this fee application[9]** |
| Partners | $1,360 | $853/$887 |
| Senior Counsel | $1,148 | $853 |
| Associates (7 or more years since first admission) | $1,077 | $853/$887 |
| Associates (4–6 years since first admission) | $986 | $853/$887 |
| Associates (1–3 years since first admission) | $793 | $853/$887 |
| e-Discovery Attorneys | $859 | N/A |
| Paraprofessionals | $346 | $291/$303 |
| **All Timekeepers Aggregated:** | **$1,048** | **$592.43** |

---

[9] _See supra_ note 7.

**Estimated Hearing Date:** August 30, 2023 at 9:30 a.m. (Atlantic Standard Time)
**Objection Deadline**: August 10, 2023 at 4:00 p.m. (Atlantic Standard Time)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17–BK–3283–LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO PUBLIC BUILDINGS AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br>Case No. 19–BK–5523-LTS<br><br>**This Application relates only to PBA, and shall be filed in the lead Case No. 17-BK-3283-LTS, and PBA's Title III Case (Case No. 19-BK-5523-LTS)** |

# SEVENTH INTERIM FEE APPLICATION
## OF PROSKAUER ROSE LLP FOR COMPENSATION FOR SERVICES RENDERED AS ATTORNEYS FOR THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS TITLE III REPRESENTATIVE OF THE DEBTOR, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, FOR THE PERIOD OCTOBER 1, 2021 THROUGH MARCH 15, 2022

Proskauer Rose LLP ("Proskauer"), attorneys for the Financial Oversight and

Management Board for Puerto Rico (the "Oversight Board" or "FOMB") as Title III

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case

representative of the Puerto Rico Public Buildings Authority (the "<u>Debtor</u>" or "<u>PBA</u>") pursuant to

section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act*

("<u>PROMESA</u>"),[2] hereby submits this seventh interim application (the "<u>Application</u>"),[3] pursuant to

PROMESA sections 316 and 317, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"),[4] Rule 2016–1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the District of Puerto Rico (the "<u>Local Rules</u>"), and the *United States*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* issued by the

Executive Office for the United States Trustee, 28 CFR Part 58, Appendix B (the "<u>Guidelines</u>"),

and in accordance with this Court's *Third Amended Order Setting Procedures for Interim and*

*Final Compensation and Reimbursement of Expenses of Professionals* [ECF No. 20546][5] (the

"<u>Interim Compensation Order</u>"), for (a) allowance of interim compensation for professional

services performed by Proskauer for the period commencing October 1, 2021 through and

including March 15, 2022 (the "<u>Compensation Period</u>") in the amount of **$22,393.80**, and (b)

reimbursement of its actual and necessary expenses in the amount of **$1,674.98** incurred during

the Compensation Period.  In support of the Application, Proskauer respectfully avers as follows:

<u>**Jurisdiction**</u>

1.    The United States District Court for the District of Puerto Rico (the "<u>Court</u>") has

subject matter jurisdiction over this Application pursuant to PROMESA section 306(a).

---

No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]  PROMESA has been codified in 48 U.S.C. §§ 2101-2241.

[3]  The Application solely pertains to fees and expenses incurred with respect to the Debtor's Title III Case and does not address fees or expenses incurred with respect to other services performed for the Oversight Board (a) on behalf of other Title III debtors, or (b) outside the Title III process.

[4]  The Bankruptcy Rules are made applicable to the Debtor's Title III Case by PROMESA section 310.

2.      Venue is proper in this district pursuant to PROMESA section 307(a).

3.      The statutory predicates for the relief requested herein are PROMESA sections 316 and 317.

**Background**

4.      On June 30, 2016, the Oversight Board was established under PROMESA section 101(b).  On August 31, 2016, President Obama appointed the Oversight Board's first seven voting members.

5.      Pursuant to PROMESA section 315, "[t]he Oversight Board in a case under this subchapter is the representative of the debtor" and "may take any action necessary on behalf of the debtor to prosecute the case of the debtor, including filing a petition under section [304] of [PROMESA] . . . or otherwise generally submitting filings in relation to the case with the court." PROMESA § 315(a), (b).

6.      On September 30, 2016, the Oversight Board designated the Debtor as a "covered entity" under PROMESA section 101(d).

7.      On November 25, 2016, the Oversight Board retained Proskauer at substantial discounts to its normal hourly rates, as shown by the Engagement Letter and by **Schedule 5** above.

8.      By the letter dated September 25, 2019, and in light of the ongoing efforts in connection with the Joint Plan, as defined below, the Governor of Puerto Rico requested that the Oversight Board file a petition for PBA under Title III of PROMESA.

9.      On September 27, 2019, the Oversight Board issued the Debtor's restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for

---

[5] Unless otherwise expressly indicated, ECF Numbers refer to the docket of the Commonwealth's Title III Case, Case No. 17-BK-3283-LTS.

relief for PBA pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Debtor's Title III Case").  Pursuant to PROMESA section 315(b), the Oversight Board is the Debtor's representative in the Debtor's Title III Case.

10.     On April 15, 2020, Proskauer filed the *First Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Puerto Rico Public Buildings Authority, for the Period September 1, 2019 through January 31, 2020 and Notice of Deferral of Request for Payment of Rate Increase* [ECF No. 12835] (the "First Interim Application").

11.     On September 18, 2020, Proskauer filed the *Second Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Puerto Rico Public Buildings Authority, for the Period February 1, 2020 through May 31, 2020* [ECF No. 14356] (the "Second Interim Application").

12.     On March 19, 2021, Proskauer filed the *Third Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered as Attorneys for the Financial Oversight and Management Board for Puerto Rico, as Representative of the Debtor, the Puerto Rico Public Buildings Authority, for the Period June 1, 2020 through September 30, 2020 and Notice of Annual Rate Adjustment Provided in Original Engagement Letter* [ECF No. 16150] (the "Third Interim Application").

13.     On July 29, 2021, Proskauer filed the *Fourth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico as Representative*

*of the Debtor, the Puerto Rico Public Buildings Authority, for the Period October 1, 2020 through January 31, 2021* [ECF No. 17596] (the "Fourth Interim Application").

14.     On January 5, 2022, Proskauer filed the *Fifth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered as Attorneys for the Financial Oversight and Management Board for Puerto Rico as Representative of the Debtor, the Puerto Rico Public Buildings Authority, for the Period February 1, 2021 through May 31, 2021* [ECF No. 19692] (the "Fifth Interim Application").

15.     On March 31, 2023, Proskauer filed the *Sixth Interim Fee Application of Proskauer Rose LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Attorneys for the Financial Oversight and Management Board for Puerto Rico as Title III Representative of the Debtor, the Puerto Rico Public Buildings Authority, for the Period June 1, 2021 through September 30, 2021* [ECF No. 23921] (the "Sixth Interim Application").

16.     On December 1, 2021, Proskauer served on the Notice Parties its twenty-fourth monthly fee statement for the period October 1, 2021 through October 31, 2021.  On December 31, 2021, Proskauer served on the Notice Parties its twenty-fifth monthly fee statement for the period November 1, 2021 through November 30, 2021.  On January 24, 2022, Proskauer served on the Notice Parties its twenty-sixth monthly fee statement for the period December 1, 2021 through December 31, 2021.  On February 16, 2022, Proskauer served on the Notice Parties its twenty-seventh monthly fee statement for the period January 1, 2022 through January 31, 2022. On March 22, 2022 Proskauer served on the Notice Parties (as defined in the Interim Compensation Order) its twenty-eighth monthly fee statement for the period February 1, 2022 through February 28, 2022.  On April 27, 2022, Proskauer served on the Notice Parties its twenty-

ninth monthly fee statement for the period March 1, 2022 through March 15, 2022 (the Effective

Date.

17.     In accordance with the Interim Compensation Order and as reflected in the

foregoing summary, Proskauer has requested an aggregate payment of **$21,829.40** (payment of

ninety percent (90%) of the compensation sought and has received **$21,829.40** with respect to fee

statements filed during the Compensation Period.

### Summary of Services Rendered by Proskauer During the Compensation Period

18.     The instant Application is Proskauer's Seventh application for interim

compensation in the Debtor's Title III Case.  To make the review of Proskauer's fee applications

in all the pending Title III cases more efficient for the Court and other readers, paragraphs 19

through 22 of the instant Application and the corresponding paragraphs 25 through 28 in each of

Proskauer's Fourteenth interim fee applications in the pending Commonwealth, HTA, and

PREPA Title III cases are identical and cover the principal activities in all the Title III cases.

19.     The services rendered during the Compensation Period were integral to the

confirmation of a largely consensual Title III plan of adjustment for the Commonwealth, ERS,

and PBA, with the confirmation hearing concluding on November 23, 2021 and the plan being

confirmed by the Court on January 18, 2022.  The overwhelmingly consensual nature of the

restructuring was the product of extraordinary efforts and results achieved by the Oversight Board

and its advisors, including Proskauer.  The confirmed plan reduces Puerto Rico's debt by 80%

and saves Puerto Rico more than $50 billion in debt payments—the Commonwealth now has

approximately $7.4 billion of remaining bond debt compared to $30.5 billion when the

Commonwealth Title III case commenced, and annual debt service has been reduced from

approximately $2.1 billion per year to $666 million per year for the Commonwealth.  The services

rendered by Proskauer were also essential to significant progress in PREPA and HTA's Title III cases, and during the Compensation Period Proskauer engaged with the parties to those cases to advance PREPA and HTA's restructurings. The continuing global coronavirus pandemic affecting Puerto Rico and significant rise in COVID-19 cases during this Compensation Period imposed acute economic and administrative challenges to the Commonwealth and its covered instrumentalities. The Oversight Board remained focused on protecting the health and welfare of the people of Puerto Rico while ensuring that critical businesses remained open to provide for the needs of the citizens of the Island. The Oversight Board continued developing strategies for reducing the negative impact of the pandemic on the Island's economy and worked collaboratively with the Puerto Rico Government and its agencies to effectively utilize the federal funding intended to provide relief and cover the expenses related to the pandemic. The Oversight Board concentrated on achieving its mandates under PROMESA, advancing structural reforms that would promote economic growth and improve the quality of life for the people of Puerto Rico so that fiscal responsibility, access to capital markets, and economic prosperity could return to the Island. Proskauer continued to provide legal and strategic advice to the Oversight Board to help carry out its priority of protecting the health, safety, and economic welfare of the people of Puerto Rico. Among others, Proskauer's notable undertakings during this Compensation Period included:

- Further Development and Confirmation of the Amended Joint Plan of Adjustment. During the Compensation Period, Proskauer, on behalf of the Oversight Board, spent significant time on matters related to confirmation of the Commonwealth, ERS, and PBA's plan of adjustment. These efforts culminated in a three-week confirmation hearing in November 2021, and confirmation of the plan in January 2022. As described in detail below, Proskauer's efforts included preparing for and participating in depositions and discovery, drafting, negotiating, and filing plan-related documents including the Plan Supplement, the amended plan of adjustment, responses to various objections to plan confirmation, fact and expert witness declarations, and the proposed confirmation order and findings of fact and

conclusions of law, among other things, and preparing for and participating in the confirmation hearing.

On October 11, 2021, Proskauer, on behalf of the Oversight Board, filed the *Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al.* [ECF No. 18470], which was amended on November 4, 2021 [ECF No. 19062] (as further amended from time to time, the "Plan Supplement").  Proskauer attorneys worked with counsel and other advisors to various parties in interest in negotiating and preparing documents to be included in the Plan Supplement, including, among others, several trust agreements and related trust documents, a Schedule of Executory Contracts and Unexpired Leases to be Assumed, a Supplemental Ambac Election Notice, and draft legislation.  The Plan Supplement was later amended again to include additional documents and revisions to certain documents contained in the original Plan Supplement [ECF Nos. 19326, 20019, and 20353].

On October 14, 2021, Judge Swain issued the *Order Regarding Procedures for Hearing on Confirmation of Plan of Adjustment* [ECF No. 18502], scheduling the hearing to consider confirmation of the Debtors' plan of adjustment beginning on November 8, 2021 (the "Confirmation Hearing"). The order was amended on October 28, 2021 [ECF No. 18877], and further amended on November 2, 2021 [ECF No. 19012].  Proskauer attorneys devoted a significant amount of time and effort to preparing for the Confirmation Hearing, including the drafting of opening and closing arguments, drafting witness declarations in support of confirmation and preparing witnesses for their testimony, compiling exhibits in support of the Oversight Board's position, and drafting multiple revisions to the plan, and related proposed confirmation order and findings of fact and conclusions of law reflecting the status of negotiations with multiple parties.

During the Compensation Period, Proskauer attorneys and paraprofessionals devoted significant amount of time and effort to discovery related to the proposed plan of adjustment and its confirmation. They reviewed numerous documents for responsiveness and privilege in preparation for production, drafted responses and objections to interrogatories and production requests, and prepared for and participated in numerous meet-and-confer communications and depositions of fact and expert witnesses. They also filed numerous status reports with the Title III Court on the progress of discovery and defended the Oversight Board's position in discovery disputes in the Title III Court.

Proskauer attorneys reviewed and analyzed numerous objections to confirmation of the proposed plan of adjustment filed by various parties.  They also engaged in the negotiations with certain objectors, including participation in numerous meet-and-confer communications with creditors, bondholders, the Puerto Rico Government, unions, and other parties, which resulted in the resolution of various objections.  On October 27, 2021, Proskauer filed the *Memorandum of Law in Support of Confirmation of Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 18869] (the "Confirmation

Brief") and on October 28, 2021, Proskauer filed the *Omnibus Reply of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority to Objections to Seventh Amended Title III Joint Plan of Adjustment* [ECF No. 18874] (the "Omnibus Reply").   Proskauer attorneys devoted a significant amount of time and effort to the drafting of the Confirmation Brief, which set forth the Oversight Board's position in support of confirmation of the plan, and the Omnibus Reply, which responded to the many objections to confirmation.

In connection with negotiations and multiple informal communications with parties in interest, on November 3, 2021, Proskauer, on behalf of the Oversight Board, filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19053] (as modified from time to time, the "Eighth Amended Plan"), and *Amended Plan Supplement and Plan Related Documents of the Commonwealth of Puerto Rico, et al.* [ECF No. 19062]. As negotiations progressed, on November 7, 2021, Proskauer filed the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF 19114], which was modified again on November 12, 2021 [ECF No. 19184], November 21, 2021 [ECF No. 19323], November 28, 2021 [ECF No. 19365], and December 21, 2021 [ECF No. 19568]. In response to the Title III Court *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], Proskauer attorneys filed the sixth *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No.  19784] on January 14, 2022, which was confirmed on January 18, 2022.

On October 8, 2021, pursuant to the *Order Establishing Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 17640] (the "Confirmation Procedures Order"), Proskauer filed the proposed *Order and Judgment Confirming Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 18447] (as amended from time to time, the "Proposed Confirmation Order").   Proskauer attorneys reviewed and responded to several objections to the Proposed Confirmation Order, conducted related negotiations, and drafted revisions to the Proposed Confirmation Order.   On November 3, 2021, Proskauer filed the proposed *Order and Judgment Confirming Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19061], which reflected revisions in response to objections and informal comments from various parties, and changes to conform to the Eighth Amended Plan.   The Proposed Confirmation Order was further amended on November 7, 2021 [ECF No. 19118], November 12, 2021 [ECF No. 19188], November 21, 2021 [ECF No. 19325], and November 28, 2021 [ECF No. 19368], reflecting revisions in response to further objections and informal comments from various parties, and agreements reached between the Oversight Board, various creditors, and the Puerto Rico Government.

On December 21, 2021, after the conclusion of the Confirmation Hearing, Proskauer, on behalf of the Oversight Board, filed another version of the Proposed Confirmation Order [ECF No. 19571], reflecting revisions in response to the *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517]. On January 18, 2022, Judge Swain issued the order confirming the plan, the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

On October 25, 2021, Proskauer, on behalf of the Oversight Board, filed the *Notice of Filing Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 18739] (as amended from time to time, the "Findings of Fact and Conclusions of Law"). On November 28, 2021, Proskauer submitted *Notice of (I) Filing Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. and (II) Deadline for Objections Thereto* [ECF No. 19366], which was subsequently revised in response to objections, negotiations, and the Title III Court's directions on December 6, 2021, *Notice of Filing Revised Proposed Findings of Fact and Conclusions of Law in Connection with Confirmation of the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19427], December 21, 2021 [ECF No. 19570], and January 18, 2022 [ECF No. 19812].

Due to COVID-19 related restrictions, the pretrial conference and Confirmation Hearing took place virtually via videoconferencing, with the Title III Court presiding from the courthouse in Hato Rey, Puerto Rico. On November 1, 2021, Proskauer attorneys participated in pretrial arguments on the Debtors' motions in limine to exclude the testimony of the DRA Parties'[6] proposed experts and the DRA Parties' motions to exclude certain expert testimony offered by the Debtors, and in discussions regarding proposed confirmation hearing witnesses and exhibits and submission of modifications to the proposed plan. The Confirmation Hearing took place from November 8, 2021 through November 23, 2021. During the eight days of the Confirmation Hearing, Proskauer attorneys presented and defended the Oversight Board's position on multiple plan related issues, including, among others, treatment of various classes of creditors, issues related to pension benefits, employee retirement accounts, and the creation of the Pension Reserve Trust and various funds to support the proposed restructuring, treatment of bonds and bond priorities, PROMESA's preemption of certain statutes, the application of the Takings Clause of the United States Constitution, and third-party release, exculpation, and injunction provisions of the plan.

---

[6] AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC (collectively, the "DRA Parties")

Upon conclusion of the Confirmation Hearing and modifications to the plan of adjustment made in response to discussions, negotiations, and directions of the Title III Court, the Debtors' modified amended plan of adjustment was confirmed on January 18, 2021, and became effective on March 15, 2022. While the Title III Court overruled most all confirmation objections that were not consensually resolved, it sustained the objection that Fifth Amendment takings claims cannot be discharged unless paid in full, but preserved FOMB's appellate rights on that issue. The First Circuit affirmed on that issue and FOMB has filed a petition for certiorari because there is a conflict in the circuits, the issue is a constitutional issue, and the issue impacts over $300 million of Commonwealth money. The petition for certiorari was subsequently denied.

- <u>Certified Fiscal Plans</u>. During the Compensation Period, Proskauer continued to advise the Oversight Board in its efforts on developing and certifying fiscal plans and budgets for fiscal year 2022. On December 31, 2021, the Oversight Board announced that the certified 2022 Fiscal Plan would be modified and revised to, among other things, incorporate the terms of the Modified Eighth Amended Plan. The Board, in consultation with the AAFAF and Puerto Rico Governor, certified the updated 2022 Fiscal Plan for the Commonwealth at a public meeting on January 27, 2022.

- <u>PREPA Plan of Adjustment</u>. During the Compensation Period, the Oversight Board moved forward with the settlement set forth in the May 2019 Restructuring Support Agreement (the "<u>PREPA RSA</u>"), which would have enabled filing a plan of adjustment for PREPA by the end of March 2022. Proskauer attorneys expended time conferring with the Oversight Board and its other advisors regarding formulation of the proposed PREPA plan of adjustment, researching and analyzing a wide variety of factual and legal issues and materials related to the proposed PREPA restructuring and transformation, drafting and revising best interest test analyses, participating in strategy meetings with the Oversight Board's other advisors, experts, and consultants, and drafting and revising a PREPA plan of adjustment and related disclosure statement. However, on March 8, 2022, the Governor of Puerto Rico and AAFAF's executive director announced that the Government of Puerto Rico had exercised its right to terminate the RSA[7], and the Title III Court subsequently appointed a mediation team in the PREPA III case.

- <u>HTA Plan of Adjustment</u>. During the Compensation Period, The Oversight Board worked actively to prepare a plan of adjustment for HTA and received related comments from various parties in the process. As part of this process, on December 24, 2021, the Oversight Board requested proposals for an independent, third-party analysis of the socioeconomic effects of toll increases in Puerto Rico. Proskauer attorneys devoted significant amount of time and effort to conferring with the Oversight Board and its other advisors and experts regarding formulation of HTA's proposed plan of adjustment and Plan Support Agreement (the "<u>HTA</u>

---

[7] *See AAFAF's Informative Motion Regarding Termination of the PREPA RSA* [Case No. 17-4870, ECF No. 2747].

PSA"), developing the Oversight Board's strategy for the proposed plan of adjustment, HTA PSA, and confirmation, reviewing and analyzing HTA fiscal plans, budgets, and a wide variety of financial documents, researching a wide variety of plan related issues, including bondholders' and creditors' rights and Puerto Rico laws regulating toll increases and eminent domain, reviewing and analyzing plan comments and proposals from various parties, drafting and reviewing best interest test analyses and related charts, and drafting the HTA proposed plan of adjustment, related disclosure statement, and voting and solicitation materials.

20.     Throughout the Compensation Period, Proskauer continued its defense of the Title III Debtors' interests by analyzing and objecting to duplicative, incorrectly filed, and otherwise deficient or invalid claims against the Debtors, negotiating and participating in meet-and-confer communications with claimants to achieve the best possible outcome for the Debtors.  Among the major claims-related matters in which Proskauer represented the Title III Debtors during the Compensation Period are the following:

- Claim Objections.  In connection with proofs of claim filed against the Debtors,[8] Proskauer filed a total of 20 omnibus objections between October 1, 2021 and January 31, 2022.  Proskauer professionals dedicated a significant amount of time and effort to the careful review and analysis of the filed claims and preparing omnibus objections to those claims, as well as reviewing multiple responses and preparing replies in support of the objections.  Due to COVID-19 pandemic-related restrictions, including the inability of the Court to hold in-person hearings, the Debtors were unable to prosecute certain pending omnibus objections to claims and Proskauer worked with the Title III Court to adjourn hearings on omnibus claim objections. During the Compensation Period, Proskauer organized an additional hearing on January 19 and 20, 2022 at the satellite location at the Prime Clerk collection center in San Juan, where claimants were able to appear and speak at a hearing following strict public health and safety measures, with remote access for attorneys and the satellite site available to those claimants who chose to appear in person.

- Alternative Dispute Resolution ("ADR").   To promote the timely and cost-effective resolution of claims, Proskauer requested, on behalf of the Debtors, that the Title III Court approve amended procedures for alternative dispute resolution (the "ADR Procedures").  On April 1, 2020, the ADR Procedures were approved

---

[8] Pursuant to the Bar Date Orders [Case No. 17-BK-3283-LTS, ECF Nos. 2521, 3160, 12260, and 13403], approximately 189,971 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC (formerly, Prime Clerk LLC).

by the Court.[9] During the Compensation Period, Proskauer filed its *Seventeenth through Nineteenth Notices of Transfer of Claims to Alternative Dispute Resolution* [ECF Nos. 19169, 19594, and 19671], transferring 23 additional claims to the ADR process. On behalf of the Debtors, Proskauer professionals prepared offer letters to the claimants listed in the ADR Notices. Proskauer also filed the *Eighth* and *Ninth Alternative Dispute Resolution Status Notices* [ECF Nos. 18981 and 19624], providing an update to the Court regarding the status of the claims transferred into the ADR process.

- Administrative Reconciliation of Claims ("ACR"). To further facilitate the efficient and cost-effective resolution of the claims, Proskauer, on behalf of the Debtors, submitted to the Court that certain types of claims, such as claims for pension or retiree benefits, tax refunds, salaries and benefits owed to public employees, and union grievances, should remain within the auspices of the Debtors' administrative processes. The Court approved proposed ACR Procedures on March 12, 2020.[10] During the Compensation Period, Proskauer filed its *Eighteenth* through *Twenty-Third Notices of Transfer of Claims to Administrative Claims Reconciliation* [ECF Nos. 18413, 18956, 19490, 19626, 19675, and 19945], transferring over 12,700 additional claims into Administrative Claims Reconciliation. On November 30, 2021, Proskauer filed the *Eighth Administrative Claim Reconciliation Status Notice* [ECF No. 19380], and on January 28, 2022, the *Ninth Administrative Claim Reconciliation Status Notice* [ECF No. 19945], providing an update to the Court regarding the status of the claims transferred into the ACR Procedures pursuant to the ACR transfer notices and reporting that in total, over 26,127 of ACR transferred claims had been successfully resolved by the end of the Compensation Period.

21. First Circuit and Supreme Court Appeals. During this Compensation Period, Proskauer defended a number of significant matters before the appellate courts, obtaining several critical judgments on behalf of the Oversight Board as Title III representative of the Debtors. Some of the appellate matters where Proskauer attorneys represented the Oversight Board included:

- U.S. Supreme Court *Certiorari* Petition:

  (1) Hermandad de Empleados del Fondo del Seguro del Estado, Inc. v. FOMB, Case No. 21-718. On November 10, 2021, two Puerto Rico labor unions representing

---

[9] See *Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [ECF No. 12576].

[10] See *Order (A) Authorizing Administrative Reconciliation of Claims, (B) Approving Additional Form of Notice, and (C) Granting Related Relief* [ECF No. 12274].

employees of Puerto Rico's State Insurance Fund Corporation, and a member of one of the unions, appealed the First Circuit opinion denying them Article III standing to challenge the constitutionality of PROMESA and seek to invalidate the actions of the Oversight Board. On January 18, 2022, Proskauer, on behalf of the Oversight Board, responded in opposition, and on February 22, 2022, the petition was denied.

- First Circuit Appeals:

  (1) Pinto Lugo v. Government of the United States of America, Case No. 21-1283. On April 27, 2021, an individual plaintiff René Pinto-Lugo and certain non-profit corporations and labor unions appealed from the Title III Court opinion dismissing their underlying second adversary complaint for lack of Article III standing and deeming futile their request to re-plead.[11]  On August 18, 2021, the appellants submitted their opening brief, which was re-filed on October 13, 2021 to conform with the rules of the Court.  On January 7, 2022, Proskauer, on behalf of the Oversight Board, submitted its responsive appellate brief.

  (2) Hernández Montañez v. FOMB, Case No. 21-1581.  On August 4, 2021, the Hon. Rafael Hernández-Montanez, in his official capacity as the Speaker of the Puerto Rico House of Representatives, together with various other current and former members of the Puerto Rico Government in their official capacities, appealed the Title III Court order dismissing the underlying adversary complaint for lack of subject matter jurisdiction.[12]  During the Compensation Period, Proskauer, on behalf of the Oversight Board, reviewed and analyzed the notice of appeal and related appellants' motion to dismiss all initial plaintiffs with exception of the Speaker of the House, conducted legal research, and advised the Oversight Board on developing its appellate strategy.  The First Circuit granted motions to voluntary dismiss all appellants except for the Speaker in May of 2022. The opening brief was filed by the Speaker on August 1, 2022.

  (3) Johnson v. FOMB, Case No. 21-1611.  On August 27, 2021, individual creditor Obe Johnson, appearing pro se,  appealed the Title III Court orders denying his multiple motions for relief from the automatic stay.[13] Mr. Johnson subsequently filed with the First Circuit two motions to lift the automatic stay and a motion for permission to appeal in forma pauperis.[14]  On behalf of the Oversight Board, Proskauer filed its opposition to the appellant's first lift stay motion on October 4, 2021, and its opposition to the in forma pauperis request and the second lift stay

---

[11] See Memorandum Order Overruling Objections and Adopting Report and Recommendations [Adv. Proc. No.18-0041; ECF No. 124].

[12] See Opinion and Order Dismissing Certain Claims for Lack of Subject Matter Jurisdiction and Granting Motion to Dismiss Count I of the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Adv. Proc. No. 18-0090].

[13] See Memorandum Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 12772, Order Denying Obe E. Johnson's Motion for Relief from the Automatic Stay (Docket Entry No. 13510), Order Granting in Part and Denying in Part Obe E. Johnson's Motion for Relief from the  Automatic Stay (Docket Entry No. 16942) [ECF Nos. 13316, 13599, and 17184].

[14] See Order Denying Motion for Permission to Appeal in Forma Pauperis [ECF No. 18220].

motion on November 29, 2021. On August 22, 2022, First Circuit affirmed the Title III Court's decision.

(4) <u>Obe E. Johnson v. FOMB, Case No. 21-1982</u>. On December 7, 2021, individual creditor Obe Johnson, appearing pro se, appealed the Title III Court order denying him permission to appeal *in forma pauperis*.  On January 21, 2022, Proskauer, on behalf of the Oversight Board, filed a motion to dismiss the appeal for lack of appellate jurisdiction.  On August 22, 2022, First Circuit dismissed this appellate matter as duplicative.

22.     In addition to the above, Proskauer has represented the Oversight Board and Title III Debtors in numerous adversary proceedings and other contested matters.  The following is a summary of major litigation matters in which Proskauer served as lead counsel for the Title III Debtors during this Compensation Period:

- <u>UTIER v. PREPA, Adv. Proc. No. 17-00229</u>.  On March 12, 2021, UTIER filed its third amended complaint in the adversary action against PREPA, the Oversight Board, and individual executive defendants, alleging in its surviving claims that certain Puerto Rico laws negatively affected the UTIER collective bargaining agreement in violation of the Contract Clauses of the United States and Puerto Rico Constitutions. On June 1, 2021, Proskauer, jointly with counsel for individual executive defendants, filed the joint motion for summary judgment. On July 2, 2021, UTIER filed its own amended motion for summary judgment. On September 10, 2021, Proskauer, together with counsel for individual executive defendants, filed the defendants' opposition to UTIER's summary judgment motion and, and on December 8, 2021, the defendants' joint reply in support of their motion for summary judgment. On February 4, 2022, the Title III Court granted PREPA's and the individual defendants' motion and dismissed the surviving claims of UTIER's third amended complaint against them with no further leave to amend.[15]   On March 3, 2022, UTIER appealed the Title III Court decision.  On September 20, 2022, the Title III Court granted the Defendants' motion for summary judgment and closed the adversary proceeding.

- <u>FOMB v. Pierluisi Urrutia, Adv. Proc. No. 21-00119</u>.  On December 21, 2021, Proskauer, on behalf of the Oversight Board, filed a complaint against the Governor of Puerto Rico, AAFAF, the Administrator of the Retirement System for Employees of the Government of Puerto Rico, and the Director of the Office of Management and Budget (the "<u>OMB</u>") seeking to nullify and to enjoin from implementation certain Puerto Rico pension laws as inconsistent with the certified fiscal plan and plan of adjustment.  On December 24, 2021, the Proskauer filed an informative motion concerning the status of Act 80-2020 and JR 33-2021.

---

[15] *See Memorandum Opinion and Order Granting PREPA's and Individual Defendants' Motion to Dismiss Plaintiff's Third Amended Adversary Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [Adv. Proc. No. 17-0299; ECF No. 218].

Proskauer, on behalf of the Oversight Board, engaged in negotiations with the defendants, as a result of which the parties reached an agreement to provide enhanced retirement benefits to Puerto Rico police officers and teachers by means consistent with the plan of adjustment and certified fiscal plan. On December 27, 2021, the Board, the Governor of Puerto Rico, AAFAF and the OMB filed the stipulation resolving the complaint, which was approved by the Title III Court the next day.

23.     As part of Proskauer's involvement in the above matters, Proskauer (a) prepared and filed numerous pleadings and briefs in litigation matters; (b) participated in and prepared for hearings; (c) researched jurisprudence regarding legal and factual issues, including bankruptcy and U.S. Constitutional issues; and (d) performed a myriad of other professional services as described in this Application and reflected in **Schedule 3** and **Exhibit B**.

24.     By this Application, Proskauer seeks an allowance, pursuant to the Interim Compensation Order, of (a) **$22,393.80**, as compensation for professional services rendered, and (b) **$1,674.98** as reimbursement for actual and necessary expenses incurred during the Compensation Period in connection with such professional services.  The Application reflects the sizeable discount embedded in Proskauer's Engagement Letter with the Oversight Board, in which it fixed hourly rates at levels providing in the Compensation Period up to 54% discounts on the hourly rates of its most senior partners.

25.     Proskauer maintains computerized records of the time spent by all Proskauer attorneys and paraprofessionals in connection with the firm's representation of the Oversight Board as representative of the Debtor.   Subject to redaction where necessary to preserve mediation confidentiality, copies of the computerized records for the Compensation Period are attached hereto as **Exhibit B**.

26.     Proskauer's budget and staffing plan for the Compensation Period are attached hereto as **Exhibit D**.

27.     Proskauer's summary of itemized time records for professionals and paraprofessionals performing services for the Oversight Board with respect to the Debtor during the Compensation Period is set forth on **Schedule 2**.  The professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period required an aggregate expenditure of 10.20 recorded hours by Proskauer's partners and senior counsel; 9.80 recorded hours by associates; and 17.80 recorded hours by paraprofessionals.  As required by the Guidelines, **Exhibit C** to this Application shows, for each Project Category (as defined below), a list of professionals who performed services in each Project Category and the aggregate recorded hours each professional incurred.  In accordance with Guidelines paragraph C.3, Proskauer's blended hourly rates are disclosed in **Schedules 1** and **5**.  The fees charged by Proskauer, as set forth in **Schedule 2**, are in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period, as revised to reflect Proskauer's arrangement with the Oversight Board.  The standard rates Proskauer charges for the services rendered by its professionals and paraprofessionals in these Title III cases have been reduced to reflect the unique circumstances of PROMESA and the position of the Commonwealth of Puerto Rico, its instrumentalities, and its residents.  **Schedules 2** and **5** show the rates Proskauer charges on an hourly basis are below the competitive market rates for bankruptcy and non-bankruptcy matters charged by the other professionals representing the Commonwealth and statutory committees.  No Proskauer rates are increased as a result of the geographic location of a bankruptcy case (or a Title III case).

28.     All entries itemized in Proskauer's time records comply with the requirements set forth in the Guidelines, including, without limitation, (a) the utilization of project categories (each a "Project Category"), (b) a description of each activity or service that each individual performed,

and (c) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services.  Each Project Category is organized in accordance with Guidelines paragraph C.8.b.  If a Project Category does not appear in a particular application, Proskauer did not bill time or expenses for that Project Category during the Compensation Period, but may bill time for that Project Category in the future.  In addition, only Project Categories for which Proskauer billed more than 5 hours during the Compensation Period are summarized in the Application.  Project Categories for which Proskauer billed less than 5 hours are included in **Exhibit B**.  While Proskauer billed only 32.60 hours to PBA during the Compensation Period, Proskauer has billed substantially more time to PBA during prior Compensation Periods.  In addition, during the Compensation Period, substantial work was done to advance PBA's restructuring in connection with confirmation of the Commonwealth, ERS, and PBA plan of adjustment, which provides for a comprehensive restructuring of PBA's debt, but which work was billed to other Project Categories related to the Commonwealth as it involved multiple Debtors.

### Applicant Statement In Compliance with Appendix B Guidelines Paragraph C.5

29.     The following answers are provided in response to the questions set forth in Guidelines paragraph C.5:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |
| Response: | No. |
| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The total fees sought in this Application did not exceed the total budgeted fees for the Compensation Period (the fees sought in this Application are 40.3% below the budgeted fees). |

**Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).   If so, please quantify by hours and fees.

Response:   No, the Application does not include time or fees related to reviewing time records or preparing, reviewing or revising invoices in connection with the preparation of monthly fee statements.

**Question**:   Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?   If so, please quantify by hours and fees.

Response:   No time was spent redacting time records on account of privilege concerns.

**Question**:   If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?   If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

Response:   Yes. Proskauer's Engagement Letter with the Oversight Board provides that Proskauer's rates increase each year "on January 1 by the lower of the percentage rate increase we announce, and four percent." (Engagement Letter at 1–2).   Pursuant to the Engagement Letter, Proskauer's rates increased 4% effective January 1, 2022, yielding a new flat rate for attorneys (partners, senior counsel, and associates) of $887 per hour, for e-discovery attorneys of $438 per hour, and for paraprofessionals of $303 per hour.

### Gross-Up Amount

30.   Prior to December 10, 2018, Puerto Rico taxed Proskauer's fees differently depending on whether Proskauer's timekeepers performed work while physically present in Puerto Rico or off-island.   Specifically, a 7% withholding tax was assessed (at time of payment) on fees derived from work performed while the timekeeper was physically present in Puerto Rico, but not on fees derived from work performed outside of Puerto Rico.

19

31.     On December 10, 2018, Puerto Rico enacted Act 257–2018, amending the Puerto Rico tax code and eliminating the differences in tax treatment based on where work was performed.  Under Act 257–2018, all Proskauer fees incurred on or after December 10, 2018—regardless of the timekeepers' physical location—are assessed with a 10% withholding tax at the time of payment.

32.     For certain periods prior to Proskauer's fiscal year beginning November 1, 2020, Proskauer requested approval of Gross-Up Amounts which it would request payment of if it did not receive federal tax credits offsetting the withholding tax.  Proskauer is not requesting such approval for periods subsequent to October 31, 2020 based on the registration of its Engagement Letter and understandings with the Commonwealth government. In prior Fee Applications, Proskauer requested approval for periods prior to October 2020. If it becomes necessary to request approval of a Gross-Up Amount for October 2020 or subsequent Compensation Periods, Proskauer will make that application at a subsequent time.

**Professionals Billing Fewer Than Five Hours per Month**

33.     The following chart indicates, solely with respect to the Debtor's Title III Case, (a) professionals who billed fewer than five hours per month, (b) the months for which fewer than five hours were billed by the professional, and (c) an explanation of why the use of such professional was reasonable and necessary.  As a general matter, because of the size and complexity of the Debtor's Title III Case, it was reasonable and necessary to consult with professionals with specific practice area expertise to assist Proskauer's core restructuring professionals in providing the Debtor with necessary and beneficial professional services. Moreover, it was often necessary to consult with professionals more familiar with other aspects of the restructuring of Puerto Rico and with specific adversary proceedings to deal with global

20

strategic issues and ensure that positions taken by the Oversight Board are consistent across all the Title III cases.  Furthermore, occasionally the urgency of certain briefing schedules required pulling in professionals from different work streams to assist on time-sensitive matters.   In addition, given the limited number of total hours spent on PBA's Title III case during this Compensation Period, certain professionals billed fewer than five hours in certain months.[16]

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Alonzo, Julia D. | October | Ms. Alonzo is senior counsel in Proskauer's litigation group who advised on developing the Oversight Board's litigation strategy in the PBA/DRA Avoidance Action. |
| Cook, Alexander N. | January | Mr. Cook is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Esses, Joshua A. | November | Mr. Esses is an associate in Proskauer's BSGR&B group who assisted with analysis related to the extension of the Debtor's time to assume or reject unexpired leases of non-residential property pursuant to Bankruptcy Code section 365(d)(4). |
| Firestein, Michael A. | October, January, February | Mr. Firestein is a partner in Proskauer's litigation department who advised on developing the Oversight Board's litigation strategy in the PBA/DRA Avoidance Action, on analysis related to the extension of the Debtor's time to assume or reject unexpired leases of non-residential property pursuant to Bankruptcy Code section 365(d)(4), and on issues related to the stay of adversary proceedings in light of confirmation of the Debtor's plan of adjustment. |
| Levitan, Jeffrey W. | October | Mr. Levitan is a partner in Proskauer's BSGR&B group who advised on developing the Oversight Board's litigation strategy in the PBA/DRA Avoidance Action. |
| Hamilton, Martin T. | October | Mr. Hamilton is a partner in Proskauer's tax department who analyzed the PBA trust agreement. |

---

[16] Many of the professionals listed below have billed substantially more time on other matters related to Proskauer's representation of the Oversight Board, including matters within and outside of PROMESA Title III.  Many of these professionals have also billed substantially more time on matters related to Proskauer's representation of the Oversight Board during prior Compensation Periods.

| Professional | Month(s) in which less than 5 hours were billed | Explanation of Why Services Were Reasonable and Necessary |
|---|---|---|
| Mervis, Michael T. | November | Mr. Mervis is a partner in Proskauer's litigation department who advised on issues related to the filing and management of new adversary proceedings. |
| Mungovan, Timothy W. | October | Mr. Mungovan is a partner in Proskauer's litigation department who advised on developing the Oversight Board's litigation strategy in the PBA/DRA Avoidance Action. |
| Osaben, Libbie B. | November – February | Ms. Osaben is an associate in Proskauer's BSGR&B group who assisted with analysis related to the extension of the Debtor's time to assume or reject unexpired leases of non-residential property pursuant to Bankruptcy Code section 365(d)(4) and with drafting related pleadings. |
| Petrov, Natasha | October – March | Ms. Petrov is a paralegal in Proskauer's BSGR&B group who assisted with drafting Proskauer's Fifth and Sixth Interim Fee Applications. |
| Rosen, Brian S. | October, November | Mr. Rosen is a partner in Proskauer's BSGR&B group who advised on developing the Oversight Board's litigation strategy in the PBA/DRA Avoidance Action. |
| Singer, Tal J. | October | Mr. Singer is a paralegal in Proskauer's BSGR&B group who assisted with various case management related tasks. |
| Volin, Megan R. | October, December – February | Ms. Volin is an associate in Proskauer's BSGR&B group who assisted with analysis related to the extension of the Debtor's time to assume or reject unexpired leases of non-residential property pursuant to Bankruptcy Code section 365(d)(4) and with drafting of Proskauer's Fifth and Sixth Interim Fee Applications. |

**Summary Description of Professional Services**

34.     The following is a brief narrative summary, listed by Project Category, of the professional services rendered by Proskauer during the Compensation Period.   Only Project Categories for which Proskauer billed more than 5 hours during the Compensation Period are summarized below.  Project Categories for which Proskauer billed less than 5 hours during the Compensation Period are listed in **Exhibit B**.

I.    **Matter No. 33260.0083 (PROMESA Title III: PBA)**

35.    This matter number covers time spent relating to the core PBA Title III case, including, for example, time spent regarding mediation, fiscal plan issues, and work on disclosure statements or plans of adjustment.

(a)    Communications with Claimholders (Project Category 204)
      (Fees:  $5,800.40; Hours:  6.80)

36.    This Project Category includes time spent communicating with the Debtor's various claimholders.  Specifically, Proskauer attorneys spent time preparing for and participating in meet-and-confer communications with opposing counsel in *FOMB v. AmeriNational Community Services, LLC*, Adv. Proc. No. 21-0100 (the "PBA/DRA Avoidance Action").

(b)    Analysis and Strategy (Project Category 210)
      (Fees: $4,875.70; Hours: 5.70)

37.    This Project Category includes time spent related to legal analysis on, and brainstorming strategic approaches to, the Debtor's Title III Case and varied issues relating thereto, including engaging in meetings to discuss strategic case considerations, the status of various work streams and next steps, and all Proskauer internal meetings, except those specifically dealing with an issue covered by another Project Category.  Specifically, Proskauer attorneys spent time engaging in strategic discussions regarding the PBA/DRA Avoidance Action and the extension of the Debtor's time to assume or reject unexpired leases of non-residential property pursuant to Bankruptcy Code section 365(d)(4).

(c)    Employment and Fee Applications (Project Category 218)
      (Fees: $4,794.40; Hours: 14.60)

38.    This Project Category includes time spent on issues related to the compensation of Proskauer, and the retention and compensation of other Oversight Board professionals, including the preparation of interim fee applications.  Specifically,  Proskauer  attorneys  and

paraprofessionals spent time drafting Proskauer's Fifth, and Sixth, and Seventh Interim Fee Applications.

*       *       *       *

39.    The foregoing professional services performed by Proskauer on behalf of the Oversight Board as representative of the Debtor during the Compensation Period were reasonable, necessary, appropriate, and beneficial when rendered, facilitated the effective administration of the Debtor's Title III Case, and were in the best interests of the Oversight Board and the Debtor's creditors, residents, and other stakeholders.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.  The professional services were performed with expedition and in an efficient manner.

40.    In accordance with the factors enumerated in the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Debtor's Title III Case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (e) Proskauer's established expertise in the bankruptcy field; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

<strong><u>Actual and Necessary Expenses of Proskauer</u></strong>

41.    Pursuant to the Guidelines, <strong><u>Schedule 4</u></strong> is Proskauer's summary of actual and necessary expenses incurred on behalf of the Oversight Board as representative of the Debtor during the Compensation Period.

42.    In accordance with paragraph C.13 of the Appendix B Guidelines and as more fully itemized in <strong><u>Schedule 4</u></strong>, Proskauer seeks reimbursement for its necessary and reasonable expenses, including online research.  All expense entries detailed in <strong><u>Exhibit B</u></strong> comply with the

24

requirements set forth in the Guidelines, including an itemization of the expenses by category, the date the expense was incurred, and the individual incurring the expense, where available.   The reasons for the expenses are self-explanatory.   In compliance with Appendix B Guidelines paragraph C.13, the requested expenses are of the kind customarily charged to Proskauer's chapter 11 and non-bankruptcy clients and by other comparable professionals.

43.    The rates charged by the firm for Westlaw and other computerized research vary according to the type of research conducted and the specific files researched, but, in any event, Proskauer does not profit from the use of computer assisted legal research, as set forth in **Schedule 4**.   As per the Appendix B Guidelines, Proskauer has not requested reimbursement of expenses related to overhead charges, such as secretarial services and proofreading.   The expenditures Proskauer is seeking reimbursement for and which are reflected on **Schedule 4** are all of the type customarily billed to clients.

44.    During the Compensation Period, Proskauer has disbursed **$1,674.98,** as necessary and reasonable expenses.   These charges cover Proskauer's direct operating costs, which costs are not incorporated into the firm's hourly billing rates (because to do so would impose that cost upon clients who do not benefit from extensive photocopying and other facilities and services).   Proskauer has made every effort to minimize its expenses in the Debtor's Title III Case.   The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to effectively serve the needs of the Debtor in its Title III case.

## Compensation Paid and Its Source

45.    All services for which Proskauer seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Oversight Board as representative of the Debtor.   In connection with the matters covered by this Application, Proskauer received no

payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor.  There is no agreement or understanding between Proskauer and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this Title III case.

46.    PROMESA sections 316 and 317 provide for interim compensation of professionals and govern the Court's award of such compensation.  PROMESA section 316 provides that a court may award a professional person employed by the Debtor or the Oversight Board under PROMESA "(1) reasonable compensation for actual, necessary services rendered by the professional person, or attorney and by any paraprofessional person employed by any such person; and (2) reimbursement for actual, necessary expenses."  PROMESA § 316(a).  Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;
>
> (3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;
>
> (4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this subchapter or title 11.

PROMESA § 316(c).

47.     As noted above, the professional services and expenditures for which Proskauer seeks compensation and reimbursement in this Application were necessary and beneficial to the Oversight Board, as representative of the Debtor, and included, among other things, anticipating or responding to the Oversight Board's needs and assisting in the Oversight Board's navigation of the Debtor's very complex Title III case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Oversight Board.  The Oversight Board has reviewed and approved this Application.

### Reservations

48.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Proskauer has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Proskauer reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Notice

49.     Pursuant to the Interim Compensation Order and the *Sixteenth Amended Notice, Case Management and Administrative Procedures* [ECF No. 20190-1], notice of this Application has been filed in the Debtor's Title III Case and the lead Commonwealth of Puerto Rico's Title III Case and served upon:

> (a) the Financial Oversight and Management Board, 40 Washington Square South, Office 314A, New York, NY 10012, Attn: Professor Arthur J. Gonzalez, Oversight Board Member;

> (b) attorneys for the Financial Oversight and Management Board as representative of The Commonwealth of Puerto Rico, O'Neill & Borges LLC, 250 Muñoz Rivera Ave., Suite 800, San Juan, PR 00918, Attn: Hermann D. Bauer, Esq. (hermann.bauer@oneillborges.com);

27

(c) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036, Attn: John J. Rapisardi, Esq. (jrapisardi@omm.com) and Diana M. Perez, Esq. (dperez@omm.com);

(d) attorneys for the Puerto Rico Fiscal Agency and Financial Advisory Authority, Marini Pietrantoni Muñiz LLC, MCS Plaza, Suite 500, 255 Ponce de León Ave., San Juan, PR 00917, Attn.: Luis C. Marini-Biaggi, Esq. (lmarini@mpmlawpr.com) and Carolina Velaz-Rivero, Esq. (cvelaz@mpmlawpr.com;

(e) the Office of the United States Trustee for the District of Puerto Rico, Edificio Ochoa, 500 Tanca Street, Suite 301, San Juan, PR 00901 (*In re: Commonwealth of Puerto Rico*);

(f) attorneys for the Official Committee of Unsecured Creditors, Paul Hastings LLP, 200 Park Ave., New York, NY 10166, Attn: Luc A. Despins, Esq. (lucdespins@paulhastings.com);

(g) attorneys for the Official Committee of Unsecured Creditors, Casillas, Santiago & Torres LLC, El Caribe Office Building, 53 Palmeras Street, Suite 1601, San Juan, PR 00901, Attn: Juan J. Casillas Ayala, Esq. (jcasillas@cstlawpr.com) and Alberto J.E. Añeses Negrón, Esq. (aaneses@cstlawpr.com;

(h) attorneys for the Official Committee of Retired Employees, Jenner & Block LLP, 919 Third Ave., New York, NY 10022, Attn: Robert Gordon, Esq. (rgordon@jenner.com) and Richard Levin, Esq. (rlevin@jenner.com); and Jenner & Block LLP, 353 N. Clark Street, Chicago, IL 60654, Attn: Catherine Steege, Esq. (csteege@jenner.com) and Melissa Root, Esq. (mroot@jenner.com);

(i) attorneys for the Official Committee of Retired Employees, Bennazar, García & Milián, C.S.P., Edificio Union Plaza, PH-A, 416 Ave. Ponce de León, Hato Rey, PR 00918, Attn: A.J. Bennazar- Zequeira, Esq. (ajb@bennazar.org);

(j) the Puerto Rico Department of Treasury, P.O. Box 9024140, San Juan, PR 00902-4140, Attn: Reylam Guerra Goderich, Deputy Assistant of Central Accounting (Reylam.Guerra@hacienda.pr.gov); Omar E. Rodríguez Pérez, CPA, Assistant Secretary of Central Accounting (Rodriguez.Omar@hacienda.pr.gov); Angel L. Pantoja Rodríguez, Deputy Assistant Secretary of Internal Revenue and Tax Policy (angel.pantoja@hacienda.pr.gov); Francisco Parés Alicea, Assistant Secretary of Internal Revenue and Tax Policy (francisco.pares@hacienda.pr.gov); and Francisco Peña Montañez, CPA, Assistant Secretary of the Treasury (Francisco.Pena@hacienda.pr.gov);

(k) attorneys for the Fee Examiner, EDGE Legal Strategies, PSC, 252 Ponce de León Avenue, Citibank Tower, 12th Floor, San Juan, PR 00918, Attn: Eyck O. Lugo, Esq. (elugo@edgelegalpr.com); and

(l) attorneys for the Fee Examiner, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Katherine Stadler, Esq. (KStadler@gklaw.com).

47.     Proskauer submits that, in light of the foregoing, no other or further notice need be provided.

WHEREFORE Proskauer respectfully requests that the Court issue an order (a) allowing interim compensation for professional services rendered during the Compensation Period in the amount of **$22,393.80,** and allowing reimbursement for actual and necessary expenses Proskauer incurred in connection with such services during the Compensation Period in the amount of **$1,674.98**; (b) authorizing and directing the Debtor to pay promptly to Proskauer the difference between (i) the amount of interim compensation for professional services rendered and reimbursement of expenses incurred during the Compensation Period allowed hereunder, and (ii) the amounts for such compensation previously paid to Proskauer, consistent with the provisions of the Interim Compensation Order; (c) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred without prejudice to Proskauer's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application or which arise from the accrued incremental fees from increased rates in the Engagement Letter; and (d) granting Proskauer such other and further relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:  June 16, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Martin J. Bienenstock*

Martin J. Bienenstock (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
Ehud Barak (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
      ppossinger@proskauer.com
      ebarak@proskauer.com

-and-

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205

*/s/ Ubaldo M.  Fernández*
Ubaldo M. Fernández
USDC No. 224807
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*Attorneys for the Financial Oversight and*
*Management Board as Representative of the*
*Debtor*