UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------ x
: 
In re: :
:
THE FINANCIAL OVERSIGHT AND : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO, : Title III
:
    as representative of : Case No. 17-BK-3283 (LTS)
:
THE COMMONWEALTH OF PUERTO RICO, *et al.*, : (Jointly Administered)
:
Debtors.[1] :
------------------------------------------------------------------------ x

**FOURTEENTH SUPPLEMENTAL DECLARATION OF LUC A. DESPINS REGARDING RETENTION OF PAUL HASTINGS LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Luc A. Despins, hereby declare under penalty of perjury:

    1.    I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings") with offices worldwide, including 200 Park Avenue, New York, New York 10166, and am admitted to practice in the State of New York. The facts set forth in this supplemental declaration (the "Fourteenth Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2. On July 10, 2017, I submitted a declaration (the "Initial Declaration") in support of the *Application for Order Pursuant to Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing the Employment and Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors, Effective as of June 26, 2017* [Docket No. 610] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors of the Commonwealth of Puerto Rico in the above-captioned cases.

3. By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"), Paul Hastings' retention as counsel for the Committee was approved effective as of June 26, 2017. The Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order." On August 25, 2017, the U.S. Trustee expanded the role of that Committee to be the official committee for HTA, ERS, and PREPA. Accordingly, Paul Hastings' retention extends to the representation of the Committee as the official committee for HTA, ERS, and PREPA.[3]

4. Since filing the Initial Declaration on July 10, 2017, I have submitted a total of thirteen (13) supplemental declarations [Docket Nos. 1357, 2485, 3712, 4134, 5823, 8286, 9089, 12479, 14598, 20117, 20826, 21463, and 22712] (together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Retention Application.

[3] The "Committee" refers to the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

2

**Additional Disclosures**

5. In accordance with the Puerto Rico Recovery Accuracy in Disclosures Act (the "PRRADA") and the Court's related orders [Docket Nos. 19859, 19980, 20419, and 20467], on February 22, 2022, the Oversight Board submitted an initial List of Material Interested Parties, as defined in the PRRADA (the "Initial MIP List"), which the Oversight Board amended on March 28, 2022 [Docket No. 20455] (the "Amended MIP List" and, together with the Initial MIP List, the "MIP List"). On March 21 and 30, 2022, the Court directed that, "to the extent any professional persons (as identified in PRRADA) have already complied with the requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, any future disclosures by such professional persons as required by PRRADA must supplement, but need not duplicate, what has already been filed by those professional persons." *See* Docket Nos. 20419 and 20467. Consistent with the Court's orders, Paul Hastings submitted the *Eleventh Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 20826], the *Twelfth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 21463], and the *Thirteenth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 22712] (the "Thirteenth Supplemental Declaration").

6. Since the filing of the Thirteenth Supplemental Declaration, Paul Hastings has continued to review its conflicts check system for new relationships with the MIP List parties. The results have been compiled and analyzed by Paul Hastings attorneys acting under my supervision.[4] To the extent the conflicts check searches indicated a new connection with parties

---

[4] While certain individuals and entities may be involved in more than one capacity in the Title III cases of the Commonwealth, COFINA, ERS, HTA, PREPA, and PBA (collectively, the "Title III Cases"), *e.g.*, as a creditor

3

on the MIP List, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Exhibit A hereto.[5] Exhibit A reflects parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters ***unrelated*** to the matters on which the Committee has retained Paul Hastings. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities listed on Exhibit A hereto, Paul Hastings will not represent any such entity or individual in the Title III Cases.

7. Each of the entities identified on Exhibit A hereto as a "current client" accounted for less than one percent (1%) of Paul Hastings' fees collected for the firm's fiscal year ending January 31, 2023.

8. To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the parties on the MIP List, except as described in the Prior Declarations or in this Fourteenth Supplemental Declaration (including the Exhibits hereto). Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined; out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under PROMESA, the Bankruptcy Code, or applicable standards of professional ethics.

9. Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with any party on the MIP List, except as set

---

in one or multiple Title III Cases and as a party that has filed a notice of appearance, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case. Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

[5] Exhibit A does not include relationships with interested parties or their parents or affiliates that were previously disclosed in the Prior Declarations.

forth in the Prior Declarations or this Fourteenth Supplemental Declaration (including the Exhibits hereto).

### New Hires

10. Since filing the Thirteenth Supplemental Declaration, a number of individuals, including attorneys, legal interns, paralegals, and other paraprofessionals (collectively, the "New Hires") have joined Paul Hastings. Except as detailed below per their disclosure to the firm in the hiring process, these New Hires neither (i) worked on matters related to the Debtors or to the MIP List parties in the Title III Cases nor (ii) were exposed to confidential information related to the Debtors or to the MIP List parties in the Title III Cases in connection with their prior positions.

  i. New Hires *Not* Exposed to Confidential Information in Prior Position and, Out of an Abundance of Caution, Subject to an Ethical Wall

11. Based on their disclosure to the firm, the New Hires identified on Exhibit B hereto did not represent, and were not exposed to confidential information related to, the Debtors; however, out of an abundance of caution, Paul Hastings has imposed an ethical wall on these New Hires.

  ii. New Hires *Not* Exposed to Confidential Information in Prior Position and *Not* Subject to an Ethical Wall

12. For the New Hires identified on Exhibit C hereto, Paul Hastings has determined that it is not necessary to set up an ethical wall due to a variety of factors (in addition to the fact that these New Hires did not work on matters related to the Debtors and were not exposed to confidential information related to the Debtors). Among these factors are that these New Hires are not expected to work on the Puerto Rico matter, they generally had a low level of seniority at their prior employment, and/or their prior employment long predates the Title III Cases.

5

      iii.      <u>Other New Hires</u>

13. As disclosed in the *Tenth Supplemental Declaration of Luc A. Despins Regarding Retention of Paul Hastings LLP as Counsel to Official Committee of Unsecured Creditors* [Docket No. 20117] (the "<u>Tenth Supplemental Declaration</u>"), Alexandre Miranda was a 2021 Summer Associate at Paul Hastings. In October 2022, Mr. Miranda joined Paul Hastings as an associate in the New York office. In the summer of 2020, Mr. Miranda was an intern at Wolf Popper LLP. Mr. Miranda has informed Paul Hastings that, while at Wolf Popper, he performed limited work (a total of 15.5 hours) for the PREPA Employees Retirement System, the Oklahoma Firefighters Pension and Retirement System, the Plymouth County Retirement Association, and the Electrical Workers Pension Fund, Local 103, I.B.E.W in connection with Case Number 2:19cv8237-SDW before the U.S. District Court for the District of New Jersey. Mr. Miranda has further informed Paul Hastings that he did not work on matters related to the Debtors or the Title III Cases while he was at Wolf Popper. For the avoidance of doubt, Mr. Miranda has not represented, and will not represent, the PREPA Employees Retirement System, the Oklahoma Firefighters Pension and Retirement System, the Plymouth County Retirement Association, or the Electrical Workers Pension Fund, Local 103, I.B.E.W at Paul Hastings. Out of an abundance of caution, Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Miranda and the firm's representation of the Committee in the Title III Cases.

14. In January 2023, Alexander Horstmann-Caines joined Paul Hastings as a partner in the London office. Mr. Horstmann-Caines was a partner (from January 2022 to January 2023), counsel (from January 2020 to January 2022), and an associate (from March 2015 to January 2020) in London at Weil, Gotshal & Manges LLP ("<u>Weil</u>"), which represents the National Public Finance Guarantee Corporation (the "<u>NPFGC</u>") in the Title III Cases. Mr.

6

Horstmann-Caines has informed Paul Hastings that, while at Weil, he represented the NPFGC in connection with the Title III Cases, but his involvement was limited to advising NPFGC in respect of (a) the terms of the new GO bonds issued under the Commonwealth plan of adjustment and (b) the terms of new bonds issued by HTA under the HTA plan of adjustment. For the avoidance of doubt, Mr. Horstmann-Caines has not represented, and will not represent, the NPFGC at Paul Hastings. Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Horstmann-Caines and the firm's representation of the Committee in the Title III Cases.

15. In February 2023, Ryan Montefusco joined Paul Hastings as Of Counsel in the New York office. Previously Mr. Montefusco was a partner (from January 2020 to February 2023) and an associate (from March 2012 to August 2014, and from September 2016 to December 2019) at Kasowitz Benson & Torres ("Kasowitz").[6] Mr. Montefusco has informed Paul Hastings that, from March 2017 to September 2017, while at Kasowitz, he represented Whitebox Multi-Strategy Partners, LP, Whitebox Asymmetric Partners, LP, Whitebox Institutional Partners, LP, and Pandora Select Partners, LP (collectively, "Whitebox") in the Title III Cases. For the avoidance of doubt, Mr. Montefusco has not represented, and will not represent, Whitebox at Paul Hastings. Paul Hastings has imposed (and will continue to impose) an ethical wall between Mr. Montefusco and the firm's representation of the Committee in the Title III Cases.

\* \* \*

---

[6] Kasowitz represents or represented Aristeia Capital, LLC, Farmstead Capital Management, FCO Advisors LP, Goldentree Asset Management LP, Monarch Alternative Capital LP, Taconic Capital Advisors L.P., Whitebox Advisors L.L.C., Whitebox Asymmetric Partners, LP, Whitebox Caja Blanca Fund, LP, Whitebox Multi-Strategy Partners, LP, and Whitebox Term Credit Fund I, LP in the Title III Cases.

16. Based on the foregoing and the Prior Declarations, and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not represent or hold any interest adverse to the Committee with respect to the matters on which the Committee has employed Paul Hastings, and Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code (made applicable by PROMESA section 301(a)) in that Paul Hastings:

(a) is not a creditor, equity security holder, or insider of the Debtors;

(b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

17. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Title III Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21th day of June 2023

/s/ Luc A. Despins
Luc A. Despins
