# Teresa Jiménez Meléndez
**Attorney at Law**

tjimenezlaw@gmail.com

February 4, 2015

Mr. Miguel A. Torres Díaz
Secretary of the Department of Transportation
and Public Works
San Juan, P.R.

Cancellation of SIMONE Contract

Dear Mr. Secretary:

International Traffic Systems LLC demands that you preserve all documents, tangible things and electronically stored information relevant to the issue of reference. As used in this document, "you" and "yours" refers to The Government of the Commonwealth of Puerto Rico, The Puerto Rico Highways and Transportation Authority, the Department of Transportation and Public Works, and its successors, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored such as:

* Digital communications (ie., e-mail, voice mail, instant messaging);
* Word processed documents (ie., Word or Word Perfect documents and drafts);
* Spreadsheets and tables (ie., Excel or Lotus 123 worksheets);
* Accounting Application Data (ie., QuickBooks, Money, Peachtree data files);
* Image and Facsimile Files (ie., PDF, TIFF, JPG, GIF images);
* Sound Recordings (ie., WAV and MP3 files);
* Video and Animation (ie., AVI and MOV files);
* Databases (ie., Access, Oracle SQL, Service Sata, SAP, DAVID);
* Contact and Relationship Management Data (ie., Outlook, ACT);
* Calendar and Diary Application Data (ie., Outlook PST, Yahoo, Google, blog tools;
* Online Access Data (ie., Temporary Internet Files, History, Cookies);
* Presentations (ie., PowerPoint, Corel Presentations);
* Network Access and Server Activity Logs);
* Project Management Application Data;
* Computer Aided Design/Drawing Files; and,
* Back up and Archival Files (ie., Zip, GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to

preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

You must act immediately to preserve potentially relevant ESI including, without limitation, any information before, during and after the closing of the Contract with International Traffic Systems through the date of this demand.

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity of other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server of IM logging; and,
- Executing drive or file defragmentation or compression programs

You should anticipate that your employees, officers or others may seek to hide, destroy or alter ESI and act to prevent or guard against such actions. Especially where the agency's machines have been used for internet access of personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing and, in doing so, may also delete or destroy potentially relevant ESI. This concern is not one unique to you or your employees and officers. It's simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence.

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that officers and employees have sent or received potentially relevant e-mails of created or reviewed potentially relevant documents away from the office, you must

preserve the contents of systems, devices and media used for these purposes, including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-D disks and the user's PDA, smart phone, voice mailbox or other forms of ESI storage. Similarly, if employees and officers used online or browser-based email accounts or services (such as AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, **even through a personal account**, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters or the like.

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

I'm available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss of delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence.

Please confirm by the next 15 days that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to the referenced matter. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Respectfully,

Teresa Jiménez Meléndez