**ITS INTERNATIONAL TRAFFIC SYSTEMS**

PO Box 9897
San Juan, PR 00908-9897,
Tel: 800.853.7267

Andrew Fox, Chairman and Secretary

Jonathan Miller, Director, President

Michael McGrey, Director

Advisory Board:

Joel Mulder Regional Director
G4S Security USA

Ashok Sinha, CEO,
Northern Lakes Data Corp.

Dan Himes, CEO, Accordant Communications, Inc.

Andrew Ketterer, Esq., Special Counsel, Former Pres., National Assoc. of Attorneys General

**PARTNER AFFILIATE:**

NLETS
International Justice and Public Safety Network



PSC Alliance Member

January 13, 2016

Angelica Toro-Lavergne,
Popular Legal Division
BPPR/Banco Popular,
Popular Center
209 Ave. Ponce de Leon
San Juan, PR 00918

Ms. Toro-Lavergne,

I respectfully request your assistance with a matter from last year, prior to litigation commencing vs. DTOP/PRHTA and which, I am sure you will remember.

In 2014, two accounts were set up with Banco Popular by DTOP to handle collections for the SIMONE System which was operational as of July 14th that same year. One was an escrow account set up a few days later, on July 22nd, and the other, an account which was to receive local funds for deposit and immediate transfer to that same escrow account. We never understood the need for a second local account and thought that all funds from all sources should just be deposited into the escrow account but, both your bank and also DTOP insisted on that second account.

That account, (030020220), had no function other than to accept deposits and then forward them to the escrow account. The sole function of the escrow account, (75-0217-01-0), was to accept those funds and also funds from the Key Bank internet account where people paid with credit and debit cards and then, BPPR was to provide distribution to both DTOP/PRHTA and ITS, (never one but always both), at least monthly. BPPR's Damaris Vega Orriola was the Trust Officer for the escrow account.

The actions of the Secretary of DTOP in claiming that the "pilot was cancelled" were entirely false as among other things, DTOP had declared it operational and no longer a pilot, the previous July. Likewise, his claim that the sworn law enforcement officers that he had personally hired were somehow not issuing valid citations was of course, absurd. The subsequent return of funds and dismissal of citations to cover the massive failures of DTOP (not ITS, as roles defined in the ITS-PRHTA/DTOP contract make clear), were intended to fool the public and were entirely illegal.

As we prepare for trial, we need clarification of why BPPR did not transfer the funds deposited in bank account 030020220 to the escrow account 75-0217-01-0. The Secret Service has verified that funds deposited there remained and no transfer took place.

We do not seek confrontation with the bank and can only assume that it acted on instructions from DTOP. That said and to avoid confusion, can the bank please advise if those funds, as the Secret Service said, are still in place and also if there was some reason that the bank did not transfer the funds from that account to the escrow account as was required?

Part of National Public Safety Consortium, Inc., seventeen dedicated companies operational in 183 nations. Tel: 800.853.7267. thenpsc.com

Page Two, Letter of 1.13.2016 to Ms. Angelica Toro-Lavergne of Banco Popular

That DTOP acted improperly in many regards is beyond dispute but we need to determine if this too, is yet another example. We do not need to see any document from DTOP but only your response that DTOP/PRHTA instructed BPPR that the funds not be transferred. It would seem clearly in BPPR's best interest to simply advise if it was so instructed. We can initiate a request through legal channels but must wonder why that would not be confirmed.

Likewise, we again request clarification regarding your letter of 13 March of last year in which you claim that no deposits were ever made to the escrow account. Many deposits were sent by Key Bank in Ohio to the escrow account, (75-0217-01-0), as bank records we have in our possession and have provided to authorities confirm and so, we must ask why it is that BPPR refused those transfers. The escrow agreement says nothing about such refusals being authorized and in fact, makes clear that this escrow account was to accept any funds sent to it and then act as the sole account for disbursement to the two parties involved.

BPPR has yet to explain why the escrow account refused payments sent to it by Key Bank, (as that bank's records confirm) and now, why the local account, (030020220), also did not transfer collected funds over to the escrow account 75-0217-01-0 and/or why that escrow account also refused those funds.

If DTOP/PRHTA notified BPPR that the terms of the escrow agreement were changed, then we must further require the date that happened as it might add to other evidence that DTOP never intended to honor its contract with ITS. We must also ask why BPPR did not notify ITS as a party to the escrow agreement. We do not wish to infer that BPPR acted improperly on behalf of DTOP in supporting the diversion of funds but as you will appreciate, there are several substantial issues that must be addressed and only BPPR can answer these questions.

This request is made respectfully and its requirements are readily-available to you and the need for them, obvious. We wish to avoid discovery or any other legal action and believe that it is in everyone's best interest to find the truth. That said, we must be ready to proceed by COB 29 January and look forward to your response prior to that time.

Jonathan Miller, CEO

cc. all ITS Attorneys
Hector Rivera-Rivera, BPPR
Giovanna Colon, BPPR, Commercial Relationship Officer
U.S.DOJ – FBI, DHS/U.S. Secret Service – Miami, FL and San Juan, PR