## ESCROW AGREEMENT

**THIS ESCROW AGREEMENT** (this "*Agreement*") is made and entered into as of July 22, 2014, by and among Puerto Rico Highway and Transportation Authority, hereinafter "PRHTA", a public corporation and governmental instrumentality, organized and existing under the laws of the Commonwealth of Puerto Rico, represented in this act by its Executive Director, Javier E. Ramos Hernández, PE, of legal age, married and resident of San Juan, Puerto Rico" located at Centro Gubernamental Roberto Sanchez Vilella Torre Sur Parada 22 Avenida de Diego Santurce PR 00907 ; International Traffic Systems, LLC, hereinafter ITS or the Company, a Limited Liability Company organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business at 416 Ponce de Leon Ave., Suite 1701, San Juan, PR 00918, and which is the representative in Puerto Rico of the National Public Safety Consortium, a Consortium of companies dedicated to traffic control and public safety, represented by its authorized Director, Jonathan Miller, of Conyers, Georgia and Banco Popular de Puerto Rico, a banking corporation organized under the laws of the Commonwealth of Puerto Rico, a subsidiary of Popular, Inc. with principal office at 209 Muñoz Rivera Avenue, San Juan, PR 00936-2708 also referenced herein as "Escrow Agent" represented by its authorized Vice President, Héctor Rivera Rivera.

Terms used in this Agreement and not otherwise defined shall have the meanings given to them used in common legal terms of the Commonwealth of Puerto Rico.

### RECITALS

**WHEREAS**, pursuant to certain Services Contract, attached hereto as <u>Attachment A</u>, PRHTA and ITS wish to establish a special escrow account with Banco Popular de Puerto Rico acting as Escrow Agent in the name of PRHTA, to receive payment of fines initiated on its behalf by ITS.

**WHEREAS**, Banco Popular de Puerto Rico is willing to accept such appointment.

**WHEREAS**, PRHTA wishes for Escrow Agent to provide a monthly distribution of the funds in the escrow account to PRHTA and ITS as per the term and conditions provided herein.

**WHEREAS**, the system of payment collections and submission to Escrow Agent will have a protocol previously approved by the PRHTA.

1

Escrow Agreement
PRHTA, ITS and BPPR

**WHEREAS**, this protocol will not involve Escrow Agent but is intended to ensure the deposit of funds collected from the fined citizens into the escrow account.

**WHEREAS**, all the fines would be collected thru ITS, the Centros de Servicios al Conductor [CESCO] sponsored by PRHTA or , subject to further negotiations with the commercial department of the Escrow Agent, the banking network of the Escrow Agent [each one to be considered a Collection Center and collectively Collection Centers] as selected by the fined citizens.

**WHEREAS**, There is no requirement of Escrow Agent to concern itself with collection efforts.

**WHEREAS**, each Collection Center shall provide to ITS, who in turn shall provide to PRHTA and the Escrow Agent, a weekly report about the sums collected and transferred to the Escrow Account with information about the citation number involved in each such payment.

**WHEREAS**, on each fifteenth day of the month, or the next business day if such fifteen day is a non-business day, Escrow Agent shall distribute payments to ITS and PRHTA after payment of all of the account's incidental costs, bank charges, returned payments, and such other charges established from time to time as provided herein.

H.P.R.

**WHEREAS**, All funds collected by the Collection Centers must go directly to the escrow account.

**WHEREAS**, PRHTA is responsible for initiating the escrow account according to applicable legal provisions of Public Law Num. 230 of July 23, 1974, as amended, and Regulation 3282 of January 31, 1996, as amended and titled "Regulation Concerning Escrow Accounts". PRHTA is to control the account and ITS shall not have any direct involvement regarding this account. No withdrawals are permitted however and PRHTA can only be paid its share of revenues generated, as ITS is also paid. Both ITS and PRHTA, shall have on-line access to this account for monitoring purposes and retain at all times the ability to review then-current status of payments. ITS will, based on this information, prepare a monthly invoice and PRHTA must approve that invoice and provide to Escrow Agent a notice by email or telefax to process and release payments.

**WHEREAS**, as noted, Escrow Agent is to segregate the monthly deposits, net of charges mentioned above, for payments to each party according to the instructions provided by PRHTA. At no time will disbursement be made only to ITS or to PRHTA. Disbursement must be made to both simultaneously.

2

Escrow Agreement
PRHTA, ITS and BPPR

**WHEREAS**, the current relationship between ITS and PRHTA contemplates the execution and delivery of this Agreement and the deposit with Banco Popular, as the Escrow Agent, of substantial daily payments referred to in general terms as the "*Escrow Amount*," and together with any interest from time to time earned thereon, and reduced by any subsequent disbursements, referred to in general terms as the "*Escrow Fund*") to secure revenues to PRHTA and the obligations for payment of obligations under Law Number 22 of January 7, 2000.

**NOW, THEREFORE**, in consideration of the respective covenants, agreements and representations and warranties set forth herein, the parties to this Agreement, intending to be legally bound, agree as follows:

1. **Collections**

The collections of the fines will be realized in the Collection Centers. Every day, each Collection Center will deposit the funds collected in the Escrow Account following the instructions provided by Escrow Agent. Also, each Collection Center shall provide to ITS, who in turn shall provide to to Escrow Agent and PRHTA a report for each deposit with the detail of the collected fines, identified by citation number and the amount collected for each one. The Escrow Agent will ensure that each deposit agree with the corresponding report. Any difference shall be referred to ITS for clarification.

H·R·R

2. **Establishment of Escrow Fund.**

(a) **Deposit of Escrow Sums**. Simultaneously with the execution hereof and in accordance with the contractual obligations of PRHTA and ITS, funds collected by the efforts of the Collection Centers shall be deposited daily with Banco Popular as Escrow Agent. The Escrow Agent will acknowledge the receipt of the Escrow Amount in daily postings to the account. The Escrow Fund shall be held as security for the obligation of payment to both ITS and PRHTA.

(b) **Appointment of Escrow Agent**. PRHTA hereby appoints and designates the Escrow Agent to receive, hold, invest and disburse the Escrow Fund in accordance with the terms of this Agreement. Escrow Agent hereby agrees to hold, safeguard and disburse the Escrow Fund pursuant to the terms and conditions hereof.

3

Escrow Agreement
PRHTA, ITS and BPPR

(c) **Transferability**. The interests of the parties in the Escrow Fund shall not be assignable or transferable, other than by operation of law (in which case, the portion of the **Escrow Fund** so assigned or transferred shall continue to be bound by the terms of this Agreement). No assignment or transfer of any such interests by operation of law shall be recognized or given effect until ITS, PRHTA and the Escrow Agent shall have received written notice and expressed written approval -by an amendment to this contract- of such assignment or transfer and no such assignment or transfer of any such interests shall reduce or increase the funds otherwise payable to ITS and the PRHTA.

(d) **Trust Fund**. The Escrow Funds shall be free from any lien, attachment, trustee process or any other judicial process of any creditor of any party hereto. The Escrow Agent shall hold and safeguard the Escrow Fund until it is released by PRHTA. Notwithstanding the foregoing, if the Escrow Fund shall be attached, garnished, or levied upon pursuant to judicial process, or the delivery of funds held in the Escrow Fund shall be stayed or enjoined by any court order, or any court order shall be made or entered into affecting the Escrow Fund, or any part thereof, the Escrow Agent is hereby expressly authorized to obey and comply with such judicial process or court order, and shall provide ITS and PRHTA as much advance written notice as is reasonably practicable thereof. In the event the Escrow Agent obeys or complies with any judicial process or court order following ITS' and PRHTA's receipt of such advance written notice required by the preceding sentence, it shall not be liable to any party hereto or to any other person, firm or corporation by reason of such compliance, notwithstanding the subsequent reversal, modification, annulment, or setting aside of such court order.

*H.P./2.*

3. **Administration of Escrow Fund**. On each fifteen day of the month, or the next business day if such fifteen day is a non-business day, upon receive of disbursement instructions the Escrow Fund shall be disbursed by the Escrow Agent as follows:

(a) Within five (5) business days after receipt by the Escrow Agent of written instructions from PRHTA, the Escrow Agent shall disburse the Escrow Fund in accordance with such instructions.

4. **Covenant of Escrow Agent**. The Escrow Agent hereby agrees and covenants with PRHTA that it will perform all of its obligations under this Agreement and will not deliver custody or possession of any of the Escrow Fund to anyone except pursuant to the express terms of this Agreement.

4

Escrow Agreement
PRHTA, ITS and BPPR

**5. Fees and Expenses of Escrow Agent.** The Escrow Agent shall be entitled to receive from time to time fees in accordance with Attachment B. Such fees shall be borne by PRHTA. The Escrow Agent shall also be entitled to reimbursement for reasonable out-of-pocket expenses actually incurred by the Escrow Agent in performing its duties under this Escrow Agreement. The Escrow Agent is granted with a lien over the Escrow Fund for any unpaid fees and reimbursable amounts.

**6. Limitation of Escrow Agent's Liability.**

(a) The Escrow Agent undertakes to perform such duties as are specifically set forth in this Agreement only and shall have no liabilities or obligations with respect to the Escrow Fund except for any violation of law and/or regulation, willful misconduct or gross negligence. The Escrow Agent shall have no implied duties or obligations and shall not be charged with knowledge or notice of any fact or circumstance not specifically set forth herein or in any notices given to it in accordance with the notice provisions of this Agreement. The Escrow Agent shall not be required to take notice of other contractual relationship(s) between ITS and PRHTA and shall have no duty or responsibility to take any action pursuant to the terms thereof other than expressly stated as such herein. The Escrow Agent shall incur no liability with respect to any action taken by it or for any inaction on its part in reliance upon any notice, direction, instruction, consent, statement or other document believed by it to be in good faith and genuine and duly authorized, nor for any other action or inaction except for its own gross negligence or willful misconduct. The Escrow Agent may consult legal counsel selected by it in the event of any dispute or question of the construction of this Agreement or seek the assistance of a court of competent jurisdiction, and shall incur no liability and shall be fully protected in acting in accordance with the opinion or advice of such counsel or the direction of such court..

(b) PRHTA and ITS hereby agree to indemnify, jointly and severally, the Escrow Agent and its officers, directors, employees and agents for, and hold it and them harmless against, any loss, liability or expense, including legal fees, incurred without violation of law and/or regulation, gross negligence or willful misconduct on the part of Escrow Agent, arising out of or in connection with the Escrow Agent carrying out its duties hereunder. The Escrow Agent shall not be indemnified or held harmless in the event of losses, claims, damages, liabilities or expenses resulting from the Escrow Agent's gross negligence or willful

5

Escrow Agreement
PRHTA, ITS and BPPR

misconduct. This indemnity shall survive the resignation or removal of the Escrow Agent and the termination of this agreement.

7. **Termination.** This Agreement will be automatically terminated upon written instructions of such by PRHTA and following such termination, this Agreement shall be of no further force or effect, and no further fees or expenses shall be invoiced by the Escrow Agent pursuant hereto except for unbilled fees or expenses incurred by the Escrow Agent prior to such time.

8. **Successor Escrow Agent.** Escrow Agent may resign and be discharged from its duties and obligations hereunder by giving its written resignation to PRHTA. In addition, the Escrow Agent may be removed at any time, with or without cause, upon 30 days' prior written notice delivered to the Escrow Agent and executed by PRHTA. Such resignation or removal shall take effect not less than thirty (30) days after notice is given to all parties hereto. In such event, PRHTA may appoint, with the consent of ITS, which consent shall not be unreasonably withheld, a successor escrow agent, which shall be a local commercial bank, trust company or other financial institution with a combined capital and surplus in excess of $1,000,000,000 (unless otherwise agreed by the parties hereto in writing), that will be an unrelated third party with respect to each of PRHTA and ITS. If PRHTA fails to appoint a successor escrow agent within fifteen (15) days after receiving the Escrow Agent's written resignation, the Escrow Agent shall have the right to apply to a court of competent jurisdiction for the appointment of a successor escrow agent. Any fees related to the exercise of this right shall be borne by the Escrow Fund. The successor escrow agent shall execute and deliver to the Escrow Agent an instrument accepting such appointment, and the successor escrow agent shall, without further acts, be vested with all the estates, property rights, powers and duties of the predecessor Escrow Agent as if originally named as Escrow Agent herein. The Escrow Agent shall act in accordance with written instructions from PRHTA as to the transfer of the Escrow Fund to a successor escrow agent.

[Intentionally left in blank]

6

Escrow Agreement
PRHTA, ITS and BPPR

### 9. Miscellaneous.

(a) **Amendment; Waiver.** Any agreement on the part of a party to any extension or waiver of any provision hereof shall be valid only if set forth in an instrument in writing signed on behalf of such party. A waiver by a party of the performance of any covenant, agreement, obligation, condition, representation or warranty shall not be construed as a waiver of any other covenant, agreement, obligation, condition, representation or warranty. A waiver by any party of the performance of any act shall not constitute a waiver of the performance of any other act or an identical act required to be performed at a later time. This Agreement may not be amended, modified or supplemented except by written agreement of all of the parties.

(b) **Notices.** All notices, consents, waivers and other communications required or permitted by this Agreement shall be in writing and shall be deemed given to a party when (a) delivered to the appropriate address by hand or by nationally recognized overnight courier service (costs prepaid); or (b) sent by facsimile or e-mail with confirmation of transmission by the transmitting equipment confirmed with a copy delivered as provided in clause (a), in each case to the following addresses, facsimile numbers or e-mail addresses and marked to the attention of the person (by name or title) designated below (or to such other address, facsimile number, e-mail address or person as a party may designate by notice to the other parties):

If to PRHTA:
Puerto Rico Highway and Transportation Authority (PRHTA),
P.O. Box 42007
San Juan, Puerto Rico 00940-2007
Attention: Eng. Javier E. Ramos Hernández, Executive Director
E-mail: javierramos@dtop.gov.pr
with a mandatory copy to (which copy shall not constitute notice):
Legal Counsel PRHTA
Attention: Yasmín M. Santiago Zayas, Esq.,
E-mail address: yasantiago@dtop.gov.pr

7

Escrow Agreement
PRHTA, ITS and BPPR

If to ITS:
Attention: Jonathan Miller
P.O Box 9897 San Juan PR 00907
Fax: (787) 764-2420
E-mail address: jmiller@theinsurenet.com
with a mandatory copy to, (which copy shall not constitute notice):
Acosta-Ramirez, Attorneys
151 Tetuan Street, San Jose Cr.
San Juan, PR 00919- 5492,
Attention: Rafael Ramirez Ball, CPA, JD

If to Escrow Agent:
Banco Popular de Puerto Rico
Popular Fiduciary Services
Popular Center, North Building
Fourth Level
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Attn: Héctor Rivera Rivera/Jorge Velez
Emails: Hector.Rivera@Popular.com
Jorge.Velez@Popular.com
Fax: (787) 281-4099

*H.R.R.*

(c) **Interpretation.** Unless the context otherwise requires, references in this Agreement to Sections and Exhibits refer to the Sections and Exhibits to this Agreement. The words "include," "includes" and "including" when used herein shall be deemed in each case to be followed by the words "without limitation." The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. All references to dollar amounts contained in this Agreement shall mean United States dollars. References in this Agreement to any gender include references to both and references to the singular include references to the plural and vice versa. Unless the context otherwise requires, the words "hereof," "hereby" and "herein" and words of similar meaning when used in this Agreement refer to this Agreement in its entirety and not to any particular Article, Section or provision of this Agreement.

8

(d) **Entire Agreement**. This Agreement and the other agreements referred to herein constitute the entire agreement of the parties to this Agreement and supersede all prior agreements and understandings, both written and oral, among or between any of the parties with respect to the subject matter hereof.

(e) **Parties in Interest**. Except as expressly provided herein, none of the provisions of this Agreement is intended to provide any rights or remedies to any Person other than the parties hereto and their respective successors and assigns (if any).

(f) **Severability**. If any provision of this Agreement is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Agreement will remain in full force and effect. Any provision of this Agreement held invalid or unenforceable only in part or degree will remain in full force and effect to the extent not held invalid or unenforceable.

(g) **Governing Law; Jurisdiction and Venue**.

    (i)    This Agreement shall be construed in accordance with, and governed in all respects by, the internal laws and regulations of the Commonwealth of Puerto Rico (without giving effect to principles of conflicts of laws).

    (ii)    Each party to this Agreement:

        (1) irrevocably submits to the exclusive jurisdiction of the Court of First Instance, San Juan, Puerto Rico and any appellate court of the Commonwealth of Puerto Rico for the purpose of any legal proceeding directly or indirectly based upon, relating to arising out of this Agreement or any transaction contemplated hereby or the negotiation, execution or performance hereof or thereof and irrevocably agrees that all claims in respect of such action or proceeding shall be brought in, and may be heard and determined, exclusively in such courts;

        (2) irrevocably consents to the service of the summons and complaint and any other process in any other action or proceeding relating to the transactions contemplated by this Agreement, on behalf of itself or its property, by personal delivery of copies of such process to such party at the addresses set forth herein, provided that nothing in this

*[handwritten annotation in left margin: H.R.R.]*

Escrow Agreement
PRHTA, ITS and BPPR

agreement shall affect the right of any party to serve legal process in any other manner permitted by law;

(3) acknowledges and agrees that any controversy which may arise under this Agreement is likely to involve complicated and difficult issues, and therefore each such party hereby irrevocably and unconditionally waives any right such party may have to a trial by jury in any legal proceeding directly or indirectly based upon, relating to or arising out of this Agreement or any transaction contemplated hereby or the negotiation, execution or performance hereof or thereof; and

(4) certifies and acknowledges that (a) no representative, agent or attorney of any other party has represented, expressly or otherwise, that such other party would not, in the event of any legal proceeding, seek to enforce a waiver described herein. (b) each party understands and has considered the implication of such waiver, (c) each party makes such waiver voluntarily, and (d) each party has been induced to enter into this Agreement by, among other things, the mutual waivers and certifications contained and/or described herein.

(h) **Rules of Construction**. The parties hereto agree that they have been represented by counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding or rule of construction providing that ambiguities in an agreement or other document will be construed against the party drafting such agreement or document.

(i) **Assignment and Successors**. No party may assign any of its rights or delegate any of its obligations under this Agreement without the prior written consent of the other parties other than as provided for in this agreement.

(j) **Further Assurances**. Each party hereto shall execute and cause to be delivered to each other party hereto such instruments and other documents, and shall take such other actions, as such other party may reasonably request for the purpose of carrying out or evidencing any of the transactions contemplated by this Agreement.

10

Escrow Agreement
PRHTA, ITS and BPPR

**IN WITNESS WHEREOF**, the parties have duly caused this Escrow Agreement to be executed as of the day and year first above written.

**PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY**

By: _____
Mr. Javier E. Ramos Hernández, PE
Executive Director
Employer Identification # ▓▓▓▓3808

**INTERNATIONAL TRAFFIC SYSTEMS, LLC**

By: _____
Mr. Jonathan Miller
Chairman
Employer Identification # ▓▓▓▓4994

**BANCO POPULAR DE PUERTO RICO**

By: _____
Mr. Héctor Rivera Rivera
Vice President
Employer Identification # ▓▓▓▓5278

H·R·R·

11