## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>As representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>Re: ECF No. 24045 |

***BADILLO SAATCHI & SAATCHI INC.'S RESPONSE TO THE FIVE HUNDRED SIXTY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY, AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT AMOUNTS FOR WHICH THE DEBTORS ARE NOT LIABLE***

**COMES NOW,** Badillo Saatchi & Saatchi Inc. ("BSS"), by and through the undersigned legal counsel, respectfully submits this response to the *Five Hundred Sixty-Ninth Omnibus Objection (Substantive) Of The Commonwealth Of Puerto Rico, The Puerto Rico Highways And Transportation Authority, And The Puerto Rico Public Buildings Authority To Claims That Are Partially Satisfied And/Or Partially Assert Amounts For Which The Debtors Are Not Liable* (the "Objection") filed on April 20, 2023.

### RELEVANT PROCEDURAL BACKGROUND

BSS filed its Proof of Claim asserting the amount of $159,316.02 on May 17, 2018 (the "Proof of Claim"). *See* Claim Number 16582. Almost five years later, on April 20, 2023, Debtors,

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-4780 (LTS)) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801).

through the Financial Oversight and Management Board for Puerto Rico (the "FOMB") filed the Objection requesting the partial allowance of BSS's Proof of Claim in the reduced amount of $5,047.66 because, according to Exhibit A of the Objection, "[b]ased on a declaration attesting to a reasonable review of the agency's books and records, there are no outstanding liabilities associated with these invoice(s) totaling $153,074.10 in the agency's system". *See* Dkt. No. 24045-2 at 2.

BSS originally had until May 22, 2023 to respond to the Objection. *See* Dkt. No. 24045 at 1. On May 19, 2023, BSS filed an Urgent Motion requesting a thirty-day extension to respond to the Omnibus Objection until June 22, 2023 (Dkt. No. 24270), which extension was granted by the Court on May 22, 2023. *See* Dkt. No. 24283.

## LEGAL ARGUMENT

**A. Proofs of Claim under the Bankruptcy Code**

The Bankruptcy Code states that proofs of claims tend to be "deemed allowed, unless a party in interest" objects. *See* 11 U.S.C. § 502. Relatedly, the Federal Rules of Bankruptcy Procedure hold that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "An objection [to a proof of claim] does not overcome the presumption of prima facie validity of [the] claim unless [it is] supported by 'substantial evidence.'" Kittery Point Partners, LLC, 623 B.R. 825, 836 (1st Cir. BAP 2021) (quotation omitted). If the objector can meet this burden of proof, then the burden will shift to claimant to support its claims and prove them by a preponderance of the evidence. In re Santiago Ruiz, 2017 WL 3084379, at *3 (Bkrtcy. D.P.R. 2017) (quotation omitted).

### B. Obligations under Puerto Rico law

The 1930 Puerto Rico Civil Code (the "Civil Code") outlines a parties' general contractual obligations.[2] To wit, Article 1041 of the Civil Code states that "every obligation consists in giving, doing, or not doing something." P.R. Laws. Ann. Tit. 31, § 2991. Further, Article 1042 asserts that obligations are created by law, by contracts, and quasi contracts, and by illicit acts and omissions in which a kind of fault or negligence occurs. Id., § 2992. Critically, Article 1044 of the Civil Code states that "**obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations**." Id., § 2994 (emphasis added).

Article 1206 of the Puerto Rico Civil Code provides that "[a] contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or to render some service." Id., § 3371. Article 1208 also holds that the validity and fulfillment of contracts cannot be left to the will of one of the contracting parties. Id., § 3373. Accordingly, the Civil Code is clear that there is no contract unless the following exists: consent of the contracting parties, a definite object which may be the subject of the contract, and the cause for the obligation which may be established. See Id., § 3391. Notably, it clarifies that "[c]ontracts without consideration or with an illicit one have no effect whatsoever." Burk v. Paulen, 100 F. Supp. 3d, 126, 131 (D.P.R. 2015) (quoting P.R. Laws. Ann. Tit. 31, § 3432).

A contract shall be binding once the essential conditions required for their validity, as outlined above, are met. See P.R. Laws. Ann. Tit. 31, § 3451. A party has breached the contract when they have failed to uphold or abide by the terms and conditions of the binding contract. See Burk, 100 F. Supp. 3d at 133. As a result, the elements of a cause of action for breach of contract

---

[2] Article 1813 of the Puerto Rico Civil Code of 2020, 31 L.P.R.A. §11718, provides that the provisions of this Code are not applicable to ongoing contracts in execution in force at the time of its effectiveness. Because the contract at issue here was executed in 2013, the Civil Code of 1930 is the applicable law to this claim.

include a valid contract and a breach by one of the parties to the contract. Id. (*citing* Markel Am. Ins. Co. v. Diaz–Santiago, 674 F.3d 21, 31 (1st Cir.2012)).

### C. Contracts with the Puerto Rico Government

Government contracts are governed by their own set of additional requirements under Puerto Rico law. To wit, all government contracts must be: (1) in writing; (2) maintain an accurate record with the purpose of establishing their prima facie existence; (3) a copy must be sent to the Office of the Comptroller of Puerto Rico as a double proof of the execution thereof, and (4) that the remittance of the contract to the Comptroller's Office occur within fifteen (15) days. *See* Disaster Solutions, LLC v. City of Santa Isabel, Puerto Rico, 2019 WL 6719866, at *2 (D.P.R. 2019) (quotation omitted). As a result of the May 31, 2004 amendments to the Government Contract Registration Act, Act No. 18 of 1975 (the "Registration Act"), failure to register a government contract with the Comptroller's Office does not render said agreement invalid or null, but it merely prevents a private party from demanding the money that was owed until the government entity remedies that defect. *See*, Ortiz v. Municipio de Guayama, 163 D.P.R. 208 (2004).

### D. Application

Debtors fail to assert any statutory or regulatory basis, either under Bankruptcy, PROMESA, or Puerto Rico law, to support their Objection to the Proof of Claim. Rather, Debtors essentially allege that BSS' claim should be rejected because they cannot find evidence of the outstanding payments. However, Debtors do not submit sufficient evidence in their Objection to overcome the presumption of *prima facie* validity of BSS' filed claim. *See e.g.,* In re Rowlands, 2008 WL 8664766, at *4 (1st Cir. BAP Mass. 2008) ("It is often said that the objector must produce evidence equal in force to the prima facie case.") (quotation omitted). To the contrary, a review of the Proof of Claim shows that BSS amply supported its claim with:

    a. A copy of the Contract Number 2017-000126 titled "Publicity Services Contract" ("Contrato de Services de Publicidad" in Spanish) (the "Contract") executed on July 5, 2016, by and between the Puerto Rico Department of the Treasury ("Departamento de Hacienda" in Spanish or the "Treasury Department") and BSS to provide various services, including providing communications and marketing services to the Commonwealth of Puerto Rico. *See* Proof of Claim at PDF p. 6-22 (included as Attachment 1 to **Exhibit A**);

    b. Statement of Account as of May 17, 2018 of Invoices and Corresponding Amounts sent by BSS to the Treasury Department totaling $159,316.02 *See* Proof of Claim at PDF p. 5 (included as Attachment 2 to **Exhibit A**);

    c. Invoice No. 0003-000002174 dated November 23, 2016 sent by BSS to the Treasury Department for $11,800.30, which has a pending balance of $200.60. *See* Proof of Claim at PDF p. 23 (included as Attachment 3 to **Exhibit A**); and

    d. Invoice No. 0000-00007408 dated November 9, 2016 sent by BSS to the Treasury Department for $10,030.00. *See* Proof of Claim at PDF pp. 24-26 (included as Attachment 4 to **Exhibit A**).[3]

*See* Proof of Claim No. 16582 at 5-30.

Furthermore, there is no doubt that BSS strictly complied with the requirements under Puerto Rico law concerning government contracting, including the fact that the Contract was recorded without issue in the Puerto Rico Office of the Comptroller. *See* **Exhibit B**.[4] Also, the

---

[3] The Proof of Claim also contains a copy of Invoice No. 15286 and Invoice No. 15287 dated October 30, 2016 from Univision Receivables Co LLC as evidence of BSS' efforts in providing the services under to the Treasury Department under the Contract. *See* Proof of Claim at PDF pp. 26-28 (included as Attachments 5 - 6 to **Exhibit A**).

[4] The Court can take judicial notice of this document given that it stems from a government website. S*ee* Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of facts on government websites that "are not reasonably in dispute" in accordance with Fed. R. Evid. P. 201(b))

Debtors have not proffered any reason or justification as to why the Contract should not be binding to the Treasury Department. *See e.g.*, In re Evarts, 2018 WL 6584242, at *6 (Bkrtcy. D.N.H. 2018) (overruling objection in part because "the Debtor failed…to explain why she is not bound by the terms of that contract" and the Court found that Debtor did not meet her burden of providing substantial evidence to rebut the creditor's *prima facie* case.)

Finally, the documentation attached to the Proof of Claim shows BSS amply complied with its duties under the binding Contract with the Treasury Department as well as evincing the outstanding amounts due to BSS. Moreover, the attached unsworn declaration under penalty of perjury issued by Carmen Teresa León Vicéns on June 22, 2023 (the "Declaration") (**Exhibit A**) contains additional evidence supporting the Proof of Claim's unpaid debt in the amount of $159,316.02 (*See* Attachments 7 to 10 of **Exhibit A**).

As a result, BSS respectfully requests that the Court deny the *Five Hundred Seventieth Omnibus Objection*.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 22nd day of June 2023.

**CERTIFICATE OF SERVICE**: In accordance with Fed. R. Bankr. P. 9014(b), Fed. R. Bankr. P. 7004(b), and the *Sixteenth Amended Notice, Case Management and Administrative Procedures* Order (Docket No. 20190-2 of Case No. 17-03283 (LTS)) (the "CMP Order"), we hereby certify that a true and exact copy of the foregoing was sent by electronic mail upon all the parties listed in the Master Service List and by U.S. mail upon all the Standard Parties listed in the CMP Order.

**MCCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue, Suite 7
Hato Rey, Puerto Rico 00918
P.O. Box 364225
San Juan, PR 00936-4225
Tel: 787-250-5619
Fax: 787-759-9225

By: */s/ Nayuan Zouairabani Trinidad*
Nayuan Zouairabani Trinidad
USDC No. 226411
E-mail: nzt@mcvpr.com

6

        By:  */s/ Victoria Rivera Lloréns*
           Victoria Rivera Llorens
           USDC No. 307808
           E-mail: vrll@mcvpr.com

        ***Attorneys for Badillo Saatchi & Saatchi Inc.***