2017-000126
24-2017-2126

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE HACIENDA**

**CONTRATO DE SERVICIOS DE PUBLICIDAD**

**COMPARECEN**

**DE UNA PARTE: EL DEPARTAMENTO DE HACIENDA** del Estado Libre Asociado de Puerto Rico, representado en este acto por Juan Zaragoza Gómez, en su carácter Secretario del Departamento de Hacienda, casado, mayor de edad y vecino de San Juan, Puerto Rico, en adelante denominada **HACIENDA**.

**DE LA SEGUNDA PARTE:** Badillo Saatchi & Saatchi, Inc., una corporación con fines de lucro organizada bajo las leyes del Estado Libre Asociado de Puerto Rico, representada en este acto por Ana M. Echenique Gaztambide, en calidad de Presidenta de COMSTAT, una división de Badillo Saatchi & Saatchi, Inc., mayor de edad, soltera y vecina de Guaynabo, Puerto Rico, según autorizado mediante Resolución de 17 de junio de 2016, en adelante denominado la **COMPAÑÍA**.

Las **PARTES** aseguran estar capacitadas para realizar este acto y otorgamiento, lo cual se comprometen a acreditar cuando y donde fuere necesario, y en tal capacidad:

**EXPONEN**



**HACIENDA**, de conformidad con los poderes y facultades que le confiere la Constitución del Estado Libre Asociado de Puerto Rico y las leyes fiscales que administra, en particular el Código de Rentas Internas de Puerto Rico de 2011, está autorizado a contratar los servicios profesionales, técnicos y consultivos que sean necesarios y convenientes para realizar las actividades, programas y operaciones de **HACIENDA** o para cumplir con cualquier fin público autorizado por ley.

**HACIENDA** interesa contratar los servicios profesionales de la **COMPAÑÍA** para realizar las funciones que se indican más adelante. La **COMPAÑÍA** afirma que posee la experiencia necesaria y requerida para realizar los servicios contratados. A tales efectos, ambas partes acuerdan otorgar el presente Contrato y en su consecuencia lo formalizan de acuerdo a las siguientes:

**CLÁUSULAS Y CONDICIONES**

**PRIMERA:** La **COMPAÑÍA** prestará a **HACIENDA** los servicios de publicidad que se indican a continuación, así como aquellos otros que sean incidentales a su labor, según detallados en la propuesta sometida por la **COMPAÑÍA** con fecha de 1 de junio de 2016 la cual se aneja (los "Servicios"), disponiéndose que en caso de inconsistencias entre las disposiciones de la propuesta y las disposiciones de este Contrato, prevalecerán las disposiciones de este Contrato. Los Servicios incluyen los siguientes:

1. Proveer a **HACIENDA** todos los servicios usualmente provistos por agencias de publicidad, tan amplios como fuere conveniente, de acuerdo con las necesidades de **HACIENDA**. Dichos servicios se ofrecerán observando las leyes, reglamentos y las prácticas profesionales aplicables al campo de la

publicidad. Todos los servicios prestados tendrán que cumplir, entre otras, con las disposiciones de las siguientes leyes y normas aplicables:

a) Reglamento contra Prácticas y Anuncios Engañosos fiscalizado por el Departamento de Asuntos del Consumidor.

b) Ley Núm. 128 de 9 de agosto de 1995 (3 L.P.R.A. sec. 341 e-2), según enmendada. De acuerdo con esta ley, ninguno de los anuncios de HACIENDA patrocinará o se colocará en segmentos donde se transmita un programa de televisión que no esté clasificado o que se recomiende para adultos solamente, de acuerdo con el sistema de clasificación diseñado por la Junta Asesora que crea la Ley Núm. 128.

c) Código Electoral de Puerto Rico (16 L.P.R.A. secs. 4001 et seq.), según enmendada. En su Artículo 8.001, esta ley dispone sobre el control de gastos de difusión pública del gobierno.

d) Carta Circular de 8 de julio de 1999 de la Oficina del Contralor sobre Erogación de fondos públicos para la publicación de anuncios gubernamentales y gastos de publicidad (OC-2000-1).

e) Carta Circular de 12 de agosto de 2011 del Departamento de Hacienda sobre Contratación de Servicios de Publicidad (CC-1300-02-12).

2. Diseñar campañas publicitarias efectivas, colocar dichas campañas en los medios y hacer las recomendaciones pertinentes a HACIENDA.

3. Crear anuncios para los medios sujetos a comisión o para otros medios que le requiera HACIENDA.



4. Comprar todos los materiales y servicios que sean necesarios para la producción de anuncios y comerciales relacionados con los asuntos que se le hayan encomendado, según se incluyan en los estimados aprobados.

5. Ordenar espacio de publicidad y tiempo u otros medios para transmitir el material publicitario de HACIENDA en los medios sujetos a comisión con instrucciones adecuadas.

6. Elaborar algunas publicaciones de HACIENDA a requerimiento de HACIENDA.

7. Llevar a cabo otras actividades que le requiera HACIENDA relacionadas con los servicios aquí contratados, tales como, pero sin limitarse a, planificación estratégica y consultoría; investigación de mercado; desarrollo y programación (*front end* y *back end*) de portales y micrositios en la internet y en dispositivos móviles; desarrollo, programación e integración de aplicaciones (*front end* y *back end*) que faciliten la operación del Departamento de Hacienda.

8. La COMPAÑÍA deberá suministrar sin costo adicional en formato electrónico, copia electrónica o para computadora y en los formatos especificados por HACIENDA copia de los trabajos impresos y digitales.

9. La COMPAÑÍA además, reconoce y acepta que HACIENDA podrá contratar con otras personas para que le provean los servicios requeridos por HACIENDA como parte de este Contrato.

10. La **COMPAÑÍA** someterá, para la aprobación escrita del representante autorizado de **HACIENDA**, descripciones detalladas de la publicidad tradicional o digital que se le hubiere requerido, particularmente incluyendo detalles sobre la producción, proyecto o investigación a realizarse, su alcance y el estimado de costo. También someterá, para aprobación escrita, el plan de mercadeo. La **COMPAÑÍA** no colocará ningún anuncio o publicidad sin antes someter el texto, el arte y los diseños para aprobación escrita de **HACIENDA**, quien se reserva el derecho, a su entera discreción, de modificarlo o rechazarlo en todo o en parte y de dar instrucciones a la **COMPAÑÍA** de cesar en el trabajo que esté realizando. Cuando así se le instruya, la **COMPAÑÍA** cesará inmediatamente todo trabajo interno que esté realizando y notificará a colaboradores externos, tales como publicistas, imprentas, grabadistas ("engravers"), artistas, diseñadores o programadores, cesar su trabajo, salvo que **HACIENDA** le imparta instrucciones en contrario con relación a estos colaboradores externos. **HACIENDA** no será responsable de costos adicionales en que pueda incurrir la **COMPAÑÍA** o sus subcontratistas o colaboradores por la falta de acción o notificación expedita por la **COMPAÑÍA** a dichos terceros, luego de recibir instrucciones o notificación de **HACIENDA**, siempre y cuando estas cancelaciones se hayan llevado a cabo dentro de los procedimientos de cancelaciones establecidos por los subcontratistas y colaboradores externos.

11. Una vez aprobados los trabajos y sus estimados de costo, dichos costos no podrán exceder el estimado, a menos que se enmiende el estimado y el representante autorizado de **HACIENDA** apruebe por escrito la enmienda. Cuando la urgencia de la situación no permita la preparación de un documento de autorización escrita, como excepción, la **COMPAÑÍA** obtendrá la autorización oral del representante autorizado de **HACIENDA**, seguido de la confirmación escrita, cuya confirmación deberá recibirse no más tarde de un (1) día laborable luego de la autorización oral.

12. La **COMPAÑÍA** utilizará profesionales de experiencia en la realización de las tareas encomendadas en este Contrato. Expertos externos serán consultados, de tiempo en tiempo, según sea necesario, pero sólo con la previa aprobación de **HACIENDA**. En todo caso en que utilice subcontratación para ejecutar los servicios contratados o aprobados, la **COMPAÑÍA** obtendrá la autorización escrita del representante autorizado de **HACIENDA** antes de comprometerse con dichas terceras personas para efectuar trabajos a favor de **HACIENDA**.

**SEGUNDA:** Se dispone que todo material escrito, visual, gráfico o de otra índole que resulte de las tareas y gestiones que lleve a cabo la **COMPAÑÍA** en cumplimiento de las disposiciones de este Contrato o que compre o contrate para efectuar las tareas delegadas por este Contrato, son trabajos originales de o para la Agencia y se considerarán "Works made for hire" bajo el "U.S. Copyright Act" para beneficio de **HACIENDA** y serán propiedad de **HACIENDA** y por ende del Estado Libre Asociado de Puerto Rico, sin que esto conlleve compensación adicional para la **COMPAÑÍA**.

Igualmente, la **COMPAÑÍA** reconoce su obligación de entregar y devolver a **HACIENDA** todo escrito, diseño, gráfico, foto, grabación, expediente, documento o archivos digitales y de programación, informe o materiales (estén éstos o no estén sujetos a derechos de autor o "copyright") que se produzcan en relación con este Contrato o que estén en su poder como resultado de su relación contractual con **HACIENDA** tan pronto concluyan sus encomiendas, al serle requeridos los mismos o al terminar la relación contractual, según corresponda en cada caso. Si la **COMPAÑÍA** no entrega o devuelve a **HACIENDA** los mencionados escritos, documentos, fotos, grabaciones, gráficas o diseños, **HACIENDA** podrá solicitar la entrega de los mismos a la **COMPAÑÍA** o a sus sucesores mediante el procedimiento o acción judicial que proceda. Además, para facilitar esta transferencia de documentos, productos, títulos de propiedad o interés, incluyendo derechos de propiedad o autor, libres de toda carga o gravamen a **HACIENDA**, la **COMPAÑÍA** obtendrá todos los permisos, consentimientos y acuerdos necesarios y retendrá todo documento necesario para estos fines, por lo menos durante el período de uso del anuncio o promoción y los relevantes períodos prescriptivos. La **COMPAÑÍA** entregará a **HACIENDA**, sin costo adicional, tales acuerdos, consentimientos, relevos y/o documentos, así como cualquier asistencia necesaria requerida por **HACIENDA** para establecer, perfeccionar o confirmar los derechos exclusivos de **HACIENDA** sobre los trabajos y productos, incluyendo, pero sin limitarse, a la entrega de evidencia de demandas o procedimientos para obtener, mantener y reclamar derechos de marca, de autor, patentes o cualquier otro derecho relacionado con los trabajos y productos. Se entenderá que, al momento de la entrega del material, **HACIENDA** no tendrá balance pendiente de pago con la **COMPAÑÍA**.

**TERCERA:** La **COMPAÑÍA** realizará los estudios, rendirá los informes y redactará los documentos que sean necesarios para el buen desempeño de las funciones que se le encomienden bajo las disposiciones de este Contrato. La **COMPAÑÍA** coordinará y se reunirá con **HACIENDA**, o con su representante autorizado, cuantas veces fuere necesario, para discutir, planificar y tomar decisiones en relación con los servicios que son objeto de este Contrato.

**CUARTA:** La **COMPAÑÍA** no podrá divulgar, publicar, distribuir o de alguna manera utilizar, para otros propósitos que no sean los expresamente autorizados por este Contrato, la información contenida en los documentos e información que reciba o conozca como resultado de sus gestiones en virtud del mismo. Toda información se considerará confidencial por lo que la **COMPAÑÍA** se compromete a no revelar la información provista por **HACIENDA**, en relación con las encomiendas bajo este Contrato, incluyendo pero sin limitarse, a persona a persona alguna que pueda contratar los servicios de la **COMPAÑÍA**. Las **PARTES** podrán entregar información confidencial cuando así se requiera por ley o por un tribunal o ente con jurisdicción y competencia para así requerirlo, pero la **PARTE** que recibe el requerimiento u orden notificará a la otra **PARTE** inmediatamente después de recibido, para dar a dicha **PARTE** oportunidad de objetar el requerimiento o, de cualquier otro modo, participar en el proceso de entrega de la información o proceder como entienda pertinente sobre el asunto.

**QUINTA:** La **COMPAÑÍA** se asegurará que sus trabajos de comunicación y publicidad tendrán el fin público de ilustrar e informar al ciudadano objetivamente sobre la campaña asignada. La **COMPAÑÍA** tiene el deber de evitar, en coordinación con **HACIENDA**, gastos de fondos públicos que sean excesivos, extravagantes o innecesarios según definidos por las leyes y reglamentos aplicables. La **COMPAÑÍA** ejercerá su mejor juicio y criterio en la preparación de todo anuncio, promoción, publicidad u otro material preparado bajo este Contrato. Este deber conlleva el cumplimiento con todas las leyes, reglamentos y prácticas de aceptación general dentro de su campo profesional, incluyendo el nivel de diligencia y austeridad requerido en los servicios al gobierno, así como ejercer todo el cuidado y responsabilidad debidas para evitar reclamaciones, demandas o causas de acción de cualquier naturaleza por alegadas violaciones a (a) derechos de autor, patentes, marcas, (b) derechos de cualquier persona o creación artística o literaria, (c) violación de contratos, (d) violación del derecho a la privacidad o publicidad de terceras personas, u (e) otras de naturaleza similar. La **COMPAÑÍA** procurará obtener los relevos o permisos necesarios, transferibles a **HACIENDA**, de ser necesario, y durante el tiempo que sea necesario para proteger a **HACIENDA** de cualquier posible reclamación de esa índole.

**SEXTA:** La **COMPAÑÍA** releva a **HACIENDA** y al Estado Libre Asociado de Puerto Rico de toda responsabilidad que surja como consecuencia de las relaciones contractuales que contraiga la **COMPAÑÍA** con terceras personas, naturales o jurídicas, en relación con este Contrato, cuyos contratos expresamente deberán disponer que la **COMPAÑÍA** es la única financieramente responsable frente al tercero.

También será responsabilidad de la **COMPAÑÍA** asegurarse y relevar a **HACIENDA** de cualquier responsabilidad relacionada a los contratos y relevos necesarios para obtener los derechos necesarios de aquellos cuyos nombres, semejanzas, testimoniales, libretos, composiciones musicales, materiales similares o derechos sean utilizados en la promoción, publicidad, anuncios, u otros materiales preparados bajo este Contrato. Toda responsabilidad por no obtenerlos o por el incumplimiento con cualquier estipulación o acuerdo que se haya establecido será exclusivamente de la **COMPAÑÍA.**

La **COMPAÑÍA** indemnizará, defenderá y liberará de responsabilidad y daños a **HACIENDA** y al Estado Libre Asociado de Puerto Rico por cualquier reclamación, demanda, sentencia o daños (incluyendo costos de litigación y honorarios de abogados) que surjan en relación con actuaciones o fallas en el desempeño de las obligaciones de la **COMPAÑÍA** o por parte de sus oficiales, empleados, agentes, subcontratistas o representantes durante el desempeño de sus obligaciones bajo este Contrato. La **COMPAÑÍA** reconoce su exclusiva responsabilidad sobre cualquier reclamación, demanda, sentencia, daños o cantidad de dinero que tuviere que pagarse a un tercero, por cualquier concepto, incluyendo daños y perjuicios y honorarios de abogados, como consecuencia de las gestiones y trabajos realizados por la **COMPAÑÍA** para **HACIENDA** que den lugar a cualquier reclamación, demanda o procedimientos relacionados con libelo, difamación, invasión de la intimidad, piratería, plagio, competencia injusta, malversación, violación de derechos de autor u otras violaciones similares, así como cualquier



reclamación por daños a la persona o la propiedad donde no haya mediado negligencia de HACIENDA.

**SEPTIMA:** La COMPAÑÍA pagará a tiempo a todas las personas o compañías suplidoras de mercancía o servicios en relación con las campañas o programas de HACIENDA. Al comprar materiales o servicios para HACIENDA, la COMPAÑÍA actuará como agente de HACIENDA, consignándose este hecho en los contratos con los medios y otros suplidores. No obstante, y sin que ello afecte ningún derecho existente, los acuerdos y contratos de la COMPAÑÍA con tales terceros proveerán para que quede claramente establecido que la COMPAÑÍA es la única responsable por el pago de los materiales y servicios.

**OCTAVA:** La COMPAÑÍA acepta y reconoce que este Contrato, sus derechos y sus obligaciones, no podrán cederse ni traspasarse, en todo o en parte, a tercero salvo que medie previa aprobación escrita de HACIENDA.

**NOVENA:** Las PARTES contratantes hacen constar que ningún funcionario o empleado de HACIENDA, o algún miembro de su unidad familiar, tiene interés pecuniario directo o indirecto en este Contrato, según dispuesto en la Ley de Ética Gubernamental.

**DECIMA:** La COMPAÑÍA certifica que no tiene litigios judiciales en proceso contra HACIENDA o contra cualquier otra agencia o dependencia del Gobierno.

**UNDECIMA:** La COMPAÑÍA reconoce también que en el descargo de su función profesional tiene un deber de lealtad completa hacia HACIENDA, lo que incluye el no tener o representar intereses adversos a dicho organismo gubernamental. Este deber, además, incluye la obligación continua de divulgar a HACIENDA todas las circunstancias de sus relaciones con clientes y terceras personas y cualquier interés que pudiere influir en la agencia al momento de otorgar el Contrato o durante su vigencia. La COMPAÑÍA representa intereses encontrados cuando, en beneficio de un cliente, es su deber promover aquello a lo que debe oponerse o abstenerse en cumplimiento de sus obligaciones para con otro cliente anterior o actual. Representa intereses en conflicto, además, cuando su conducta es descrita como tal, en las normas éticas reconocidas en su profesión, o en las leyes y reglamentos del Estado Libre Asociado de Puerto Rico. Estos intereses adversos incluyen, la representación de clientes o productos que tengan o pudieran tener intereses encontrados con o competir por el mismo mercado que HACIENDA. Por ello, la COMPAÑÍA acepta y reconoce que durante la vigencia de este Contrato, no podrá prestar servicios de publicidad para ningún producto que esté en competencia con los productos de HACIENDA. La COMPAÑÍA evitará aún la apariencia de la existencia de intereses encontrados.

La COMPAÑÍA reconoce que constituirá una violación de esta prohibición el que alguno de sus oficiales, directores, asociados o empleados incurra en la conducta aquí descrita.

La COMPAÑÍA también acuerda que no utilizará los servicios o productos de ninguna subsidiaria o afiliada de ésta o de ninguna entidad en la que tenga algún interés pecuniario o que, dentro del mejor conocimiento de la COMPAÑÍA, alguno de sus oficiales, directores o empleados tenga algún interés pecuniario ("compañías relacionadas"), salvo

con la previa aprobación de **HACIENDA**, luego de presentar la información sobre estos intereses y sobre las tarifas o precios propuestos por las compañías relacionadas. La **COMPAÑÍA** reconoce el poder de fiscalización del Secretario de Hacienda en relación con el cumplimiento de las prohibiciones contenidas en esta cláusula.

**DUODECIMA:** La **COMPAÑÍA** certifica que ninguno de sus incorporadores, accionistas, directores o empleados es funcionario o empleado de agencia, dependencia, junta o corporación pública alguna del Estado Libre Asociado de Puerto Rico, ni de sus municipios, y que ninguno de ellos se encuentra en disfrute de licencia regular, de enfermedad o militar de las mencionadas agencias o dependencias, ni recibe pensión del Gobierno durante la vigencia de este Contrato.

**DECIMOTERCERA:** La **COMPAÑÍA** hace constar que a la fecha de la firma de este Contrato tiene relaciones contractuales con las siguientes agencias o dependencias gubernamentales:

1. Departamento de Agricultura
2. Banco Gubernamental de Fomento

La **COMPAÑÍA** certifica que dichos contratos no confligen con los deberes y obligaciones contraídos con **HACIENDA** bajo este Contrato.

**DECIMOCUARTA:** El pago de los servicios que son objeto de este Contrato, se hará según se establece a continuación:



A. La **COMPAÑÍA** facturará por concepto de servicios profesionales prestados, relacionados con la subcontratación, servicios de producción de arte, televisión, radio o cualquier otro suplidor de bienes o servicios publicitarios, y ésta recibirá una comisión máxima del valor de costo real incurrido por la **COMPAÑÍA** y debidamente documentado a satisfacción de **HACIENDA** más un cargo por servicio de un quince por ciento (15%) del total bruto facturado. Por estudios de mercadeo e investigaciones de mercadeo y opinión pública que la **COMPAÑÍA** determine que son necesarios para la preparación del plan publicitario, luego de autorizados por **HACIENDA**, serán facturados al valor de costo real incurrido por la **COMPAÑÍA** más un cargo por servicio de un quince por ciento (15%) del total bruto facturado. Por pautas en los medios publicitarios, la **COMPAÑÍA** recibirá la comisión estándar reconocida por el medio. Si un medio publicitario no especifica la comisión, la **COMPAÑÍA** tendrá derecho a facturar una comisión cuyo máximo será equivalente al 15% de la cantidad bruta facturada. La comisión máxima por concepto de servicios profesionales prestados por la agencia de publicidad relacionada con la subcontratación de servicios o con la prestación de servicios como intermediarios con los medios de comunicación, producción o cualquier otro suplidor de bienes o servicios publicitarios será de un 15%. Dicha comisión se incluirá en el estimado a ser aprobado por **HACIENDA**, de manera que se tenga una idea clara del estimado aprobado. La **COMPAÑÍA** comprende y acepta el establecimiento de un sistema de incentivo por pronto pago, mediante el cual se hará un descuento de un 2% del costo neto de las facturas

-7-

de medios publicitarios facturadas a **HACIENDA**, siempre que ésta realice el pago de todas las facturas, incluyendo aquellas que no tengan descuento, dentro de un término de treinta (30) días calendarios contados a partir de la fecha en que **HACIENDA** recibe las facturas. Las facturas por concepto de servicios internos no están sujetas al incentivo de pronto pago y de igual forma, los costos administrativos y facturas de producción y otras no relacionadas a pautas en medios publicitarios. Sin embargo, estas facturas tienen que ser pagadas simultáneamente para poder acogerse al incentivo. Todas las facturas en disputas, reclamación o devueltas para corrección tendrán derecho al incentivo de pronto pago contado desde el momento en que haya sido resuelta la disputa o corrección de las mismas. **HACIENDA** no tendrá derecho al incentivo de pronto pago si mantiene facturas o balances pendientes de pago en exceso de treinta (30) días por facturas que no están en disputa.

B. Todo trabajo extraordinario e inusual, y que sea solicitado por escrito por **HACIENDA**, será facturado a una tarifa que será acordada mutuamente por escrito antes de que el trabajo sea comenzado.

C. De acuerdo a las prácticas estándar de la Industria de Comunicaciones en Puerto Rico y el Estado Libre Asociado de Puerto Rico, la **COMPAÑÍA** se compromete a honrarle a **HACIENDA** el descuento por volumen de pautas negociado para los organismos gubernamentales por la Secretaría de Asuntos Públicos de manera que se reciban todos los beneficios, descuentos y comisiones por volumen de negocio o frecuencia de pautas, basados en el volumen de **HACIENDA** o de los organismos gubernamentales, el que sea más ventajoso. En este caso, la **COMPAÑÍA** facturará a **HACIENDA** el costo facturado por los Medios Publicitarios, menos el descuento por volumen reflejado en la factura. La **COMPAÑÍA** retendrá los descuentos por volumen y comisiones no relacionadas con este Contrato, así como cualquier descuento por volumen recibido de los Medios Publicitarios o Suplidores, basados en el volumen de negocio de la **COMPAÑÍA**.

D. Cualesquiera otros gastos administrativos u operacionales en que incurra la **COMPAÑÍA** mientras realiza gestiones relacionadas con este Contrato de servicios publicitarios podrán ser facturados a **HACIENDA** únicamente por el costo neto de los mismos, siempre que haya habido autorización previa de **HACIENDA** para haber incurrido en tales gastos.

E. Costos y Servicios

Los costos se facturarán conforme a los estimados aprobados por **HACIENDA**. Al presentar las facturas, **COMPAÑÍA** incluirá copia del último estimado aprobado al cual correspondan las facturas.

    1. La cuantía máxima sujeta a facturación bajo este Contrato será de setecientos mil dólares ($700,000) durante la vigencia del mismo, estando sujeta dicha cantidad a la disponibilidad de fondos en el presupuesto de **HACIENDA**. La **COMPAÑÍA** no tendrá derecho, ni podrá requerir el pago

de ganancias anticipadas y no recibidas, en caso de la no utilización de sus servicios o de la cancelación de este Contrato por cualquier causa. Los gastos incidentales ("out-of pocket") deberán ser previamente autorizados por escrito por **HACIENDA** para ser reembolsables. Gastos incidentales incluye, gastos tales como: impresión, envío de correspondencia y distribución de materiales, fotocopias, arte y fotografía. No se reembolsarán gastos de alimento.

2. No se efectuarán pagos por adelantado, excepto en el caso de depósitos, hasta un máximo del cincuenta por ciento (50%) de depósito típicamente requerido en la Industria Publicitaria para las Casas de Producción para dar comienzo a un trabajo de producción.

3. La **COMPAÑÍA**, a través de su división de contabilidad, mantendrá récords diarios de la cuenta y gastos a nombre de la cuenta de **HACIENDA** bajo este Contrato para mantener un control diario del presupuesto.

4. La **COMPAÑÍA** se compromete a asegurarse que sus empleados no reciban compensación separada o adicional o cualquier objeto de valor sustancial de suplidores o medios en el mercado como consideración o causa para dichos suplidores o medios de obtener negocios relacionados con los servicios provistos por la **COMPAÑÍA** bajo este Contrato.

F. **Facturación**

1. Preparará y someterá para la aprobación de **HACIENDA** los planes de la campaña publicitaria y/o estrategias de comunicación, junto a los estimados de costo de producción, conforme a las categorías establecidas en la Propuesta. La **COMPAÑÍA** no podrá, sin el consentimiento de **HACIENDA**, incurrir en ningún otro gasto u obligación del cual pueda ser responsable legal o moralmente a **HACIENDA**, excepto las situaciones de emergencia donde tal acción, en opinión de la **COMPAÑÍA**, resulte necesaria para proteger los intereses de **HACIENDA**.

2. Los servicios que son objeto de este Contrato se pagarán por **HACIENDA** previa presentación de factura mensual en la que la **COMPAÑÍA** hará constar, en forma detallada, la naturaleza de los servicios prestados, incluyendo evidencia de las facturas recibidas por la **COMPAÑÍA** de terceros y de los gastos incidentales aprobados, sometiendo copias de las mismas y evidencia de la colocación de los anuncios o promoción. Cada factura deberá someterse dentro de los treinta (30) días de terminado el mes anterior cubierto en la factura en cuestión. Facturas que sean sometidas pasados los noventa (90) días del mes en que el servicio fue ofrecido no serán pagadas. La **COMPAÑÍA** someterá, junto con la factura que someta a **HACIENDA**, evidencia de los descuentos obtenidos. Todas las facturas y documentos que evidencien los servicios prestados deberán estar certificadas por la **COMPAÑÍA** y aprobadas como correctas por el Secretario de Hacienda o su representante autorizado.

3. **HACIENDA** tendrá derecho a examinar y auditar en cualquier momento, y con notificación previa razonable, los libros y registros de la agencia de publicidad para determinar la corrección de los gastos incurridos y/o facturados sobre los servicios contratados. Los libros, registros, documentos, correspondencia, estimados, facturas y cualquier otra información que evidencie los servicios prestados y las cantidades facturadas y pagadas bajo este Contrato, deberán ser retenidos por la **COMPAÑÍA** por lo menos hasta siete (7) años desde la terminación del Contrato y estarán accesibles a **HACIENDA** para inspección y auditoría durante dicho período.

4. Las facturas además, deberán cumplir con el Boletín Administrativo Núm. OE 2001-72, aprobado el 29 de noviembre de 2001. El mismo dispone que todas las facturas que se le sometan a los jefes de las agencias y departamentos de la Rama Ejecutiva para el cobro de bienes o servicios personales o profesionales suministrados, incluyendo facturas relacionadas con obras y proyectos de construcción, deben contener la siguiente certificación:

   *"Bajo pena de nulidad absoluta certifico que ningún servidor público del Departamento de Hacienda es parte o tiene algún interés en las ganancias o beneficios producto del contrato objeto de esta factura y de ser parte o tener interés en las ganancias o beneficios producto del contrato ha mediado una dispensa previa. La única consideración para suministrar los bienes o servicios objeto del contrato ha sido el pago acordado con el representante autorizado de la agencia. El importe de esta factura es justo y correcto. Los servicios han sido prestados y no han sido pagados."*

5. El pago de los servicios de la **COMPAÑÍA** se efectuará dentro de treinta (30) días a partir del recibo de las facturas aprobadas por **HACIENDA**, excepto cuando se tenga que corregir dicha factura, en cuyo caso la fecha de recibo será cuando se reciba la factura final. En caso de dudas relacionadas con los servicios facturados, **HACIENDA** le notificará por escrito a la **COMPAÑÍA**. En tal caso, se interrumpirá el tiempo transcurrido hasta tanto se aclare la factura en cuestión y se evidencie la fecha de esclarecimiento al respecto de manera que comience a contar los días restantes para efectuar el pago. La **COMPAÑÍA** comprende y acepta el establecimiento de un sistema de pronto pago según definido en la cláusula **DECIMOCUARTA (A)**.



6. El pago de los servicios se efectuará de la cifra de cuenta número E1270-176-0240000-081-2001 hasta un máximo de setecientos mil dólares ($700,000), sujeto a la disponibilidad de fondos del presupuesto de **HACIENDA**.

7. La **COMPAÑÍA** no obtendrá comisión por pautas publicitarias que no conlleven costo para **HACIENDA**.

8. Las facturas que se sometan para pago deberán someterse no más tarde de los primeros diez (10) días del mes siguiente al cual se rindieron los

Servicios. La **COMPAÑÍA** se obliga a indicar en cada una de sus facturas la cantidad de fondos que le quedan disponibles, tomando en consideración la cantidad máxima de fondos que se pactaron en este Contrato. La **COMPAÑÍA** reconoce y acepta que **HACIENDA** no pagará facturas por servicios prestados una vez se agote la cantidad máxima de fondos asignados a este Contrato.

**DECIMOQUINTA:** A la **COMPAÑÍA** no se le efectuarán retenciones ni descuentos de sus honorarios para el pago del Seguro Social Federal.

**HACIENDA** podrá retener del pago a la **COMPAÑÍA** por servicios prestados hasta el siete (7%) por ciento que dispone la Sección 1062.03 del Código de Rentas Internas de Puerto Rico de 2011, según enmendado. **HACIENDA** retendrá también una partida equivalente al uno punto cinco (1.5%) de las partidas brutas correspondientes a comisión, de conformidad con la Ley Núm. 48 de 30 de junio de 2013. La **COMPAÑÍA** se obliga, como condición necesaria a este Contrato, a presentar las certificaciones, relevos y otros documentos que acrediten su situación contributiva, que sean requeridos por **HACIENDA** o su representante autorizado. La **COMPAÑÍA** deberá presentar cualquier certificación de relevo para cada año natural, de lo contrario, **HACIENDA** retendrá del pago el siete (7%) por ciento que dispone la Sección 1062.03 del Código de Rentas Internas de Puerto Rico de 2011, según enmendado.

La **COMPAÑÍA** es responsable de rendir sus planillas y pagar las aportaciones correspondientes al Seguro Social Federal y al Departamento de Hacienda por cualquier cantidad tributable como resultado de los ingresos devengados bajo este Contrato. **HACIENDA** notificará al Negociado de Procesamiento de Planillas los pagos y reembolsos que sean efectuados a la **COMPAÑÍA**.

**DECIMOSEXTA:** Conforme a la *Carta Circular Número 1300-16-16 del Departamento de Hacienda de Puerto Rico*, previo al otorgamiento del Contrato, la **COMPAÑÍA** deberá presentar una *Certificación de Radicación de Planilla*, expedida por el Área de Rentas Internas del Departamento de Hacienda, en la cual se haga constar que la **COMPAÑÍA** rindió planilla de contribución sobre ingresos para los cinco (5) años previos a la formalización del Contrato. Además, deberá presentar una *Certificación de Deuda*, también expedida por el Área de Rentas Internas del Departamento de Hacienda. También, previo al otorgamiento del Contrato, la **COMPAÑÍA** deberá presentar una *Certificación de Deuda por Todos los Conceptos*, expedida por el Centro de Recaudación de Ingresos Municipales (CRIM), en la cual se haga constar que la **COMPAÑÍA** no adeuda contribuciones a dicha dependencia gubernamental y una Certificación de Radicación de Planillas de Propiedad Mueble, Declaración Jurada o *Certificación Negativa de Propiedad Mueble*, (la que aplique). Además, deberá presentar una *Certificación de Deuda del Departamento del Trabajo y Recursos Humanos* por concepto de seguro por desempleo, incapacidad temporal y seguro social para chóferes, (la que aplique) y una *Certificación de la Administración para el Sustento de Menores (ASUME): que en el caso de personas naturales es la Certificación Negativa de Caso de Pensión Alimentaria o Certificación de*

-11-

*Estado de Cuenta*, y en el caso de personas jurídicas la *Certificación de Estado de Cumplimiento (la que aplique)*.

La **COMPAÑÍA** certifica que está inscrita en el Registro de Comerciantes del Departamento de Hacienda y proveerá copia de la debida certificación.

Será responsabilidad de la **COMPAÑÍA**, además, requerir de los subcontratistas, si alguno, que cumplan con las disposiciones de la referida Carta Circular y las obligaciones de formar parte del Registro de Comerciantes del Departamento de Hacienda. Cuando se vaya a formalizar un contrato con una entidad jurídica organizada como una sociedad, todos los socios residentes de Puerto Rico tienen la obligación de cumplir y notificar sobre el particular a **HACIENDA**.

**DECIMOSEPTIMA**: La **COMPAÑÍA** certifica y garantiza que:

1. Al momento de firmar este Contrato ha rendido su planilla contributiva durante los cinco (5) años anteriores a la firma de este contrato, no adeuda contribuciones, arbitrios o IVU al Estado Libre Asociado de Puerto Rico o se encuentra acogida a un plan de pagos, con cuyos términos y condiciones está cumpliendo. Certifica además que ha rendido su planilla de contribución sobre la propiedad mueble, acorde con los términos antes expuestos, o no tiene propiedad mueble y que tampoco adeuda contribuciones sobre propiedad mueble o inmueble al Centro de Recaudación de Ingresos Municipales (CRIM).

2. Al momento de suscribir este Contrato ha pagado las contribuciones de seguro por desempleo, de incapacidad temporal y de seguro social para chóferes (la que aplique); o se encuentra acogida a un plan de pago, con cuyos términos y condiciones está cumpliendo.

3. De acuerdo con la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, conocida como "Ley Orgánica de la Administración para el Sustento de Menores", está cumpliendo con las órdenes de retención emitidas como patrono, si alguna.



4. Está registrada en el Registro de Comerciantes del Departamento de Hacienda y ha presentado copia del Certificado.

5. En virtud de las disposiciones de la Ley 3-2014, la **COMPAÑÍA** certifica que no se encuentra en incumplimiento de la Ley 168-2000, según enmendada, mejor conocida como "Ley para el fortalecimiento del apoyo familiar y sustento de personas de edad avanzada". Certifica además, que no está sujeto por orden judicial o administrativa a cumplir con obligación alguna, a tenor con la Ley 168-2000, antes citada o que, de estarlo, se encuentra en cumplimiento con la obligación impuesta mediante órdenes de retención, como patrono, si alguna.

6. Está en cumplimiento con la Ley del Fondo del Seguro del Estado (Ley 45 de 18 de abril de 1935).

7. Tiene la capacidad y cumple con todas las leyes aplicables para rendir los Servicios y cualesquiera otros trabajos que realice.

Expresamente se reconoce que ésta es una condición esencial del presente Contrato y de no ser correcta en todo o en parte la anterior certificación, ello será causa suficiente para que **HACIENDA** pueda dejar sin efecto el mismo y la **COMPAÑÍA** tendrá que reintegrar a **HACIENDA** toda cantidad de dinero recibida bajo este Contrato. La

-12-

COMPAÑÍA renuncia a presentar la defensa de enriquecimiento injusto en caso de que se comprobase que la COMPAÑÍA ha certificado falsamente o con error la información sobre su situación contributiva contenida en esta cláusula. La COMPAÑÍA reconoce, que la veracidad y corrección de la información que ha certificado es un elemento esencial al otorgamiento de este Contrato por HACIENDA.

DECIMOCTAVA: La COMPAÑÍA certifica que no ha sido convicta, ni tiene conocimiento de que es objeto de investigación en un proceso civil o criminal, en el foro estatal o federal, por hechos relacionados con un delito contra el erario, la fe o función pública o que involucre fondos o propiedad pública.

La COMPAÑÍA certifica que no ha sido convicta de delitos contra la integridad pública, según definido en el Código Penal o malversación de fondos públicos y que no se ha declarado culpable de este tipo de delito en los Tribunales del Estado Libre Asociado de Puerto Rico, en los tribunales federales o los tribunales de cualquier otra jurisdicción de los Estados Unidos de América o en cualquier otro país. De resultar culpable de los delitos antes mencionados, el Contrato quedará resuelto. La COMPAÑÍA expresamente reconoce que esta certificación es una condición esencial del Contrato. De no ser correcta en todo o en parte esta certificación, será esto causa para que HACIENDA deje sin efecto el Contrato inmediatamente, sin necesidad de notificación previa.

DECIMONOVENA: Es política pública del Gobierno de Puerto Rico desalentar el uso ilegal de sustancias controladas en el sector público, por lo que HACIENDA ha establecido un programa de detección de uso ilegal de sustancias controladas para todo su personal, de acuerdo con el Reglamento del Programa de Pruebas para la Detección de Sustancias Controladas en Funcionarios y Empleados del Departamento de Hacienda (el Reglamento) de 21 de mayo de 1999, según enmendado. A tenor de ello y a solicitud de HACIENDA, la COMPAÑÍA llevará a cabo a su cuenta y costo, pruebas de detección de uso ilegal de sustancias controladas y someterá una certificación negativa, no más tarde de diez (10) días desde la fecha en que se hizo el examen. La prueba podrá ser coordinada con el Oficial de Enlace a cargo del Programa en HACIENDA, para ser llevada a cabo en un laboratorio bajo contrato con HACIENDA o en cualquier otra entidad, pública o privada, que se dedique a realizar análisis clínicos o forenses, debidamente autorizada y licenciada por el Secretario de Salud de Puerto Rico, que procese pruebas para la detección de sustancias controladas usando las guías y parámetros establecidos por el National Institute of Drug Abuse (NIDA). Para el personal trabajando en HACIENDA a la fecha de este Contrato, éstos se someterán a las pruebas siguiendo el procedimiento antes descrito, según aplique. La negativa de someterse a dicha prueba, o un resultado positivo en la misma, así certificado por el laboratorio, será causa suficiente para que la persona no pueda ser asignada o sea removida de HACIENDA, según sea el caso. HACIENDA podrá requerir pruebas periódicas adicionales según lo requiera HACIENDA para su propio personal, de acuerdo con el proceso implantado en el Reglamento adoptado.

**VIGESIMA:** La **COMPAÑÍA** tiene y mantendrá, a su propio costo, seguro de responsabilidad profesional general con un límite agregado mínimo de un millón de dólares ($1,000,000) y seguro por responsabilidad de publicista ("Advertiser's liability Insurance—agency form") con un límite mínimo por evento de un millón de dólares ($1,000,000), aceptables a **HACIENDA** y que incluyan en las respectivas cubiertas las responsabilidades de la **COMPAÑÍA** en relación con sus obligaciones bajo este Contrato, incluyendo la responsabilidad de indemnización a **HACIENDA** dispuesta en la cláusula **SEXTA** y, en el caso de la segunda póliza, cubierta por responsabilidades por libelo, calumnia, privacidad, derechos de autor y otras violaciones similares. **HACIENDA** será nombrado como asegurado adicional en dichas pólizas. Cuando le sea requerido, la **COMPAÑÍA** someterá a **HACIENDA** copias de cada una de dichas pólizas. **HACIENDA** podrá también requerir que la **COMPAÑÍA** obtenga de los terceros suplidores seguros que incluyan protección a **HACIENDA**, según sean necesarios de conformidad con los bienes o servicios a ser provistos en beneficio de **HACIENDA**.

**VIGESIMOPRIMERA:** Este Contrato estará en vigor desde la fecha en que se firma por ambas partes hasta el 30 de junio de 2017. La vigencia y validez del Contrato están supeditadas al cumplimiento de la prohibición con respecto al gasto y obligación de fondos públicos en año de elecciones generales que establece la Ley 147 de 18 de junio de 1980, según enmendada y a la aprobación de las agencias que por ley o reglamento deban intervenirlo. El mismo podrá darse por terminado antes de la fecha de expiración por cualquiera de las **PARTES**, previa notificación por escrito a la otra **PARTE** con quince (15) días de antelación por parte de **HACIENDA** y treinta (30) días de antelación por parte de la **COMPAÑÍA**, sin derecho a compensación adicional alguna, salvo lo devengado bajo el mismo hasta esa fecha, o por causa, según se establece más adelante. Si el Contrato se hubiese otorgado en contravención a las disposiciones de la Ley 147 antes mencionada, el mismo podrá resolverse inmediatamente, en la misma fecha de la notificación hecha por **HACIENDA**.

Los derechos y obligaciones de las **PARTES** de acuerdo con este Contrato, se mantendrán en vigor durante el período de treinta (30) días previo a la fecha de terminación del mismo, incluyendo la conclusión de planes para poner anuncios en cualquier medio cuyas fechas de cierre caigan dentro de esos treinta (30) días.

A la fecha de terminación de este Contrato, la **COMPAÑÍA** entregará todo trabajo realizado dentro del término de cinco (5) días, teniendo la obligación de completar el mismo, si está incompleto, internamente o mediante la contratación de terceros y de usar el material e ideas en su publicidad futura.

En caso de que se resuelva el Contrato antes de la fecha de vencimiento estipulada en el mismo, la entrega de los documentos que se indican en la cláusula **SEGUNDA** deberá efectuarse no más tarde de cinco (5) días contados a partir de la notificación de la determinación de resolver el Contrato.

Este Contrato también podrá ser cancelado por **HACIENDA** por la negligencia o incumplimiento de las disposiciones de este Contrato o conducta impropia de la **COMPAÑÍA**. Dicha cancelación será efectiva en la misma fecha de la notificación, salvo

-14-

que la notificación disponga de un período para subsanar el incumplimiento. Si **HACIENDA** opta por la resolución de este Contrato, la **COMPAÑÍA** se abstendrá de realizar gestiones ulteriores, a no ser que su inacción pueda perjudicar a **HACIENDA** o implique conducta profesional inadecuada, en cuyo caso notificará a **HACIENDA** la gestión a ser realizada.

Las disposiciones de las cláusulas **SEGUNDA, CUARTA, SEXTA** y **VIGESIMOPRIMERA**, sobrevivirán la terminación o cancelación de este Contrato por cualquier causa.

**VIGESIMOSEGUNDA:** Cualquier inacción de una **PARTE** en objetar o tomar acción afirmativa sobre el incumplimiento de este Contrato por la otra **PARTE**, no se entenderá como una renuncia a sus derechos ni como una aceptación a los actos u omisiones de la **PARTE** que incumple. Cualquier renuncia, aceptación, perdón, permiso, consentimiento o aprobación de cualquier tipo por una **PARTE** sobre incumplimientos de la otra o como resultado de algún mandato de este Contrato, deberá realizarse por escrito para que sea efectivo. Este Contrato será para beneficio de las **PARTES** y sus sucesores o cesionarios autorizados.

**VIGESIMOTERCERA:** Toda notificación requerida o permitida deberá hacerse personalmente o por correo certificado, con acuse de recibo y podrá adelantarse vía facsímil y se considerará efectiva a la fecha de recibo, con prueba de entrega. Las direcciones de las **PARTES** serán las siguientes hasta nuevo aviso escrito:

| | |
|---|---|
| **HACIENDA:** | Juan Zaragoza Gómez<br>Secretario<br>Departamento de Hacienda<br>Edificio Intendente Ramírez<br>Paseo Covadonga #10<br>San Juan, Puerto Rico 00901 |
| Con Copia a: | María E. Quintero<br>Directora<br>Oficina de Comunicaciones, Piso 8<br>Edificio Intendente Ramírez<br>Paseo Covadonga #10<br>San Juan, Puerto Rico 00901 |
| **COMPAÑÍA:** | Ana M. Echenique Gaztambide<br>Presidenta<br>Ext. Villa Caparra A16 Calle Génova<br>Guaynabo, Puerto Rico 00966-1729 |

**VIGESIMOCUARTA:** Este Contrato se regirá por las Leyes del Estado Libre Asociado de Puerto Rico. Toda reclamación que surja o esté relacionada con este Contrato será sometida única y exclusivamente ante la consideración de los tribunales del Estado Libre Asociado de Puerto Rico, quienes tendrán jurisdicción exclusiva para entender en la misma.

Este Contrato estará en todo momento sujeto a las leyes y reglamentos del Estado Libre Asociado de Puerto Rico, que se entienden incorporadas, y será interpretado de acuerdo con las mismas. Si alguna cláusula o disposición de este Contrato fuera declarada nula o ilegal por cualquier tribunal competente y con jurisdicción, dicha

cláusula o disposición se tendrá por no puesta y todas las demás cláusulas y condiciones de este Contrato seguirán teniendo plena fuerza y vigor. Queda claramente establecido que este Contrato contiene todos los acuerdos entre las **PARTES** y cualquier otro contrato o acuerdo inconsistente con este Contrato, quedará subordinado a los términos y las condiciones aquí establecidos.

**VIGESIMOQUINTA**: La **COMPAÑÍA** es un contratista independiente y ninguna cláusula de este Contrato debe interpretarse de forma que se considere que existe entre las **PARTES** una relación de sociedad o consorcio, o le convierta, o a cualquiera de sus empleados, agentes, o contratistas en empleados de **HACIENDA**. La **COMPAÑÍA** ofrece servicios profesionales en su capacidad de contratista independiente. La **COMPAÑÍA** no es empleado ni tiene derecho a acumular licencia regular, licencia por enfermedad o cualquier otra clase de licencia o beneficio de retiro, ni otros beneficios marginales debido a su condición de contratista independiente.

**VIGESIMOSEXTA**: Cualquier modificación sustancial que las **PARTES** acuerden con respecto a los términos y condiciones del Contrato deberá incorporarse al mismo mediante enmienda formal escrita, de acuerdo con las normas que rigen la contratación de servicios profesionales por las agencias del Gobierno.

**VIGESIMOSEPTIMA**: Ninguna prestación o contraprestación objeto de este Contrato podrá exigirse hasta tanto el mismo se haya presentado para registro en la Oficina del Contralor a tenor de lo dispuesto en la Ley Núm. 18 de 30 de octubre de 1975, según enmendada.

**VIGESIMOCTAVA**: La **COMPAÑÍA** certifica que ha recibido copia, entiende y reconoce que por medio de este Contrato se compromete a regirse por las disposiciones establecidas en la Ley Núm. 1 de 3 de enero de 2012, según enmendada, conocida como Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico y en la Ley Núm. 84 de 18 de junio de 2002, según enmendada, conocida como "Código de Ética para Contratistas, Proveedores de Servicios y Solicitantes de Incentivos Económicos de las Agencias Ejecutivas del Estado Libre Asociado de Puerto Rico".

**VIGESIMONOVENA**: La Ley Núm. 103 de 25 de mayo de 2006, conocida como *Ley para Implantar la Reforma Fiscal del Gobierno del Estado Libre Asociado de Puerto Rico*, según enmendada, dispone en el Artículo 20 que será política pública del Gobierno del Estado Libre Asociado de Puerto Rico incentivar el desarrollo de la tecnología estimulando que todo desembolso de fondos públicos se realice mediante métodos electrónicos. En cumplimiento con dichas disposiciones de ley, **HACIENDA** el 14 de diciembre de 2011, **HACIENDA** emitió la Carta Circular 1300-10-12 con el propósito de requerir que las agencias establezcan en sus contratos una cláusula en la cual los suplidores acepten recibir los pagos por bienes o servicios prestados mediante transferencia electrónica. A esos efectos, la **COMPAÑÍA** se obliga a completar el Modelo SC 733, "Autorización y Acuerdo para Pago Electrónico de Suplidores" para proveer información sobre la cuenta bancaria a la cual se realizará la transferencia y que contiene la siguiente autorización:

Autorizo al Departamento de Hacienda a depositar electrónicamente toda suma que adeude a este suplidor en una cuenta bancaria. En caso de haber algún sobrepago o cualquier error relacionado al pago electrónico, autorizo al Departamento de Hacienda a cargar electrónicamente la cuenta bancaria para corregir el error.

TRIGÉSIMA: La COMPAÑÍA mantendrá todos los informes, hojas, de trabajo y demás documentos relacionados con su labor para ser examinados o copiados por la Oficina del Contralor de Puerto Rico en sus intervenciones. Dichos documentos deberán mantenerse por un periodo no menor de seis (6) años o hasta que se efectúe una intervención por la Oficina del Contralor, lo que ocurra primero.

En testimonio de su aceptación, las PARTES firmamos este Contrato en San Juan, Puerto Rico, hoy 5 de julio de 2016.

JUAN ZARAGOZA GOMEZ
DEPARTAMENTO DE HACIENDA
3481

ANA M. ECHENIQUE GAZTAMBIDE
BADILLO SAATCHI & SAATCHI, INC.
3707