UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>As representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors. | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

MOTION REQUESTING ORDER TO COMPEL

TO THE HONORABLE COURT:

COMES NOW, Rose M. Flores-Perez ("Mrs. Flores-Perez" or "Movant"), through the undersigned counsel, to respectfully move the Court for an Order and, in support of her motion, states as follows:

1. On November 15, 2011, Movant filed a Claim against the Commonwealth of Puerto Rico ("Commonwealth"), ISCI 2011-00496, under 34 LPRA sec. 1724 ss, also known as the Uniform Forfeiture Act of 2011 ("UFA"), before the Court of First Instance in and for the Municipality of Mayaguez to contest the forfeiture of her automobile, as a result of a criminal investigation. On March 21, 2016, the Supreme Court of Puerto Rico granted Movant's claim and order the Commonwealth to return the seized property, or its appraisal value.

2. Nevertheless, sometime later, the Court of First Instance erroneously issued an order staying the proceedings in the case by virtue of PROMESA. It was an error because this case is not about a debt but about a confiscation of property that does not belong to the Commonwealth and must be returned.

3. For said reasons, on December 6th, 2017, Movant Flores-Perez filed a motion with this Honorable Court arguing that the automatic stay of case ISCI 2011-00496 should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(1) for cause, including but not limited to, lack of adequate protection. She also argued that the automatic stay should be lifted pursuant to 11 U.S.C. Sec. 362 (d)(2) because the Commonwealth of Puerto Rico has no equity in the forfeited vehicle and said vehicle is not necessary to an effective reorganization.

4. Pursuant to said motion, the parties entered into a stipulation agreeing to continue the proceedings in state court and that if judgment was entered, then the movant could pursue remedies against the Commonwealth of Puerto Rico under section 19 of the UFA. [DE# 2561, particularly exhibit 1, number 6]

5. Accordingly, the movant requested the continuation of the proceedings and, particularly, that the state court order the property be returned to movant, or that its appraisal value be paid. [DE#2565, at #6 of exhibit 1]

6. However, in state court, the Commonwealth argued that the matter pertained to a debt that should be paid along all debt in the adjustment plan and denied payment.

7. Although we provided copy of the order at DE# 2565 and explained that this Honorable Court had allowed the proceedings to continue and if judgment was entered that Movant could request payment pursuant to UFA article 19, on August 9th, 2021, the state court ordered the stay of proceedings. The state court stated that until one of the parties could certify that the stay was lifted, either by the end of bankruptcy proceedings or a request to those effects, it would not lift the stay.

8. Therefore, in light that the state court adopted the Commonwealth's erroneous argument, which is contrary to the agreement and order, and has not lifted the stay, we request that

this Honorable Court issue an order directing the Commonwealth to comply with the order and return the vehicle, or its appraisal value to movant.

WHEREFORE, Movant respectfully requests that the Court grant this motion and enter an order directing the Commonwealth to comply with the order at DE# 2565 and return the vehicle, or its appraisal value to movant.

Respectfully Submitted. In San Juan, Puerto Rico, this June 28th, 2023.

We certify that this motion has been filed using the CM/ECF case filing system which will notify all parties.

Olmo & Rodríguez-Matías Law Office, PSC
261 Ave. Domenech, SJ PR 00918
787.758.3570/jrolmo1@gmail.com

S/José R. Olmo-Rodríguez
José R. Olmo-Rodríguez
USDC-PR 213504