# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>*et al.*<br><br>Debtors. | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY ("PREPA")<br><br>Debtor.[1] | PROMESA<br>Title III<br><br>No. 17 BK 4780-LTS |

## INFORMATIVE MOTION OF COBRA ACQUISITIONS LLC'S IN CONNECTION WITH THE ORDER REGARDING COBRA ACQUISITIONS LLC'S MOTION TO MODIFY STAY ORDER

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

To the Honorable United States District Judge Laura Taylor Swain:

Cobra Acquisitions LLC ("Cobra") respectfully submit this informative motion (the "Motion"), in connection with the *Order Regarding Cobra Acquisitions LLC's Motion to Modify Stay Order* [Case No. 17-BK-3283, ECF No. 24547] (the "Timetable Order"). Cobra files this Motion to inform the Court of certain developments that have occurred following entry of the Timetable Order.

**BACKGROUND**

1. Cobra, one of PREPA's largest administrative creditors, is owed approximately $216 million (excluding interest) by PREPA on account of work it performed and completed over four years ago pursuant to two postpetition contracts. Including interest, which continues to accrue on the unpaid balances, Cobra's asserted administrative expense claims now total more than $375 million.

2. On May 16, 2023, Cobra filed *Cobra Acquisitions LLC's Motion to Modify Stay Order* [Case No. 17-BK-3283, ECF No. 24219] (the "Lift Stay Motion"), in order to ensure that Cobra, without further delay, received payment in full on all invoices that had been approved, and for which funds have been advanced, by FEMA, i.e. the "Approved Unpaid Invoices."[1] The Lift Stay Motion sought narrow relief from the litigation stay only with respect to the Approved Unpaid Invoices, which are a subset of all Cobra's invoices. As set out in the Lift Stay Motion, FEMA finished its determination on these invoices and made public assistance funding available to pay these invoices on March 27, 2023. By April 4, 2023, PREPA had submitted a request for reimbursement from these available funds to pay itself (for invoices that it had already paid to Cobra). Lift Stay Mot. ¶ 37. Yet, as of the filing of the Lift Stay Motion, no request for

---

[1] Unless otherwise specified, capitalized terms have the same meaning as in the Lift Stay Motion.

2

reimbursement had been made by PREPA with respect to the Approved Unpaid Invoices. In short, PREPA had acted promptly to ensure it received reimbursement from FEMA for amounts it already had paid Cobra, whereas payment on the Approved Unpaid Invoices has been subject to continuous delay and varied excuses.

3. The Government Parties opposed the Lift Stay Motion and filed an objection to the relief on May 23, 2023, contending that, among other things, such relief was unnecessary [Case No. 17-BK-3283, ECF No. 24301] (the "Lift Stay Objection"). Cobra filed a reply in support of the Lift Stay Motion on May 30, 2023 [Case No. 17-BK-3283, ECF No. 24363]. The Court held a hearing on the Lift Stay Motion on June 8, 2023.

4. After hearing argument from the parties, the Court instructed Cobra to file a notice on presentment of an order "requiring PREPA by next Wednesday [*i.e.*, June 14, 2023] to file a report as to what remains to be done, and the timetable on which PREPA proposes to do it, and PREPA's information as to the timeframe for the COR3 process." June 8, 2023 Hr'g Tr. 30:3-6. Further, the Court noted that it would "leave the July 31 reporting deadline in place" to "see where we go in terms of focus on this 99 million [*i.e.*, the Approved Unpaid Invoices] once we have a sense of the timetable." *Id.* at 30:7-10.

5. On June 13, 2023, the Court entered the Timetable Order and, in accordance with the Timetable Order, on June 14, 2023, the Government Parties filed the *Informative Motion of the Financial Oversight and Management Board for Puerto Rico, Puerto Rico Electric Power Authority, and Puerto Rico Fiscal Agency and Financial Advisory Authority Relating to Order Regarding Cobra Acquisitions LLC's Motion to Modify Stay Order* [Case No. 17-4780, ECF No. 3754] (the "Timetable Motion").

6. In the Timetable Motion, and in response to the Court's directive at the June 8, 2023 hearing, the Government Parties provided a chart summarizing the status of review for all Approved Unpaid Invoices, along with an expected completion date for such review. As noted in the Timetable Motion, PREPA represented that its expected timeframe to conclude the validation process for the Approved Unpaid Invoices was "2 weeks" (i.e., June 28, 2023) for approximately $62 million in invoices or "4 weeks" (i.e., July 12, 2023) for approximately $39 million in invoices. After the Approved Unpaid Invoices are validated by PREPA, PREPA has stated it will make a request to COR3 for reimbursement. According to the Timetable Motion, "the review process [by COR3] related to the reimbursement of funds takes an average of 60 days before the subrecipient receives the requested funds." Timetable Mot. ¶ 2.

## STATUS

### A. Approved Unpaid Invoices

7. On June 14, 2023, Cobra received approximately $10.75 million from PREPA. According to the Timetable Motion, this payment was received because "PREPA determined that . . . it [was] able to make payment of the approved amounts to Cobra in advance of submission of a request to COR3 for reimbursement." *Id.* ¶ 1. These invoices were not part of invoices for which PREPA stated it expected to conclude its review within either two weeks or four weeks, depending on the invoice.

8. On June 28, 2023, following inquiries from counsel to Cobra, Cobra was informed that the invoices that were expected to be validated and sent to COR3 within two weeks of filing the Timetable Motion (i.e., June 28, 2023) had not been sent. As of the date of this Motion, Cobra understands that these invoices still have not been submitted to COR3 for reimbursement, notwithstanding the specific timetable that PREPA itself provided to the Court and Cobra. The sole reason for the delay appears to be that, unknown to Cobra, part of PREPA's review process

4

requires final verification from an individual who is not a party to these proceedings or even currently employed by PREPA, but is a former employee of PREPA who is now employed by LUMA Energy. It is not clear whether the need to obtain LUMA Energy's cooperation in finalizing the invoice review was factored into the timetable that PREPA prepared and submitted to the Court. Cobra is highly concerned about this development.

9. *First*, the Government Parties have not satisfactorily answered Cobra's repeated questions as to why no current employee of PREPA can provide such verification or what will happen if this former employee is no longer available or accessible. As a reminder, the Approved Unpaid Invoices are invoices that PREPA submitted to FEMA and for which FEMA—following a multi-year, multi-faceted review process that examined Cobra's invoices for both the reasonableness of the costs and "whether *the actual work performed* met the requirements of and were consistent with the contract"[2]—approved and advanced funding.[3] The limited response so far has been that PREPA is considering a contingency plan whereby its "consultants" will go into the field, apparently to observe whether the work was done. Perhaps needless to say, this "field work" would come *four years after Cobra completed the work*, by an unnamed consultant with unknown qualifications and notwithstanding the voluminous documentation that Cobra provided to PREPA supporting its invoices, the contractual requirement for PREPA to have reviewed the invoices at the time Cobra performed the work more than four years ago, and FEMA's subsequent review and approval of the invoices.

---

[2] *See, e.g., Opposition of the Oversight Board, AAFAF, and PREPA to Cobra Acquisitions LLC's Motion to Lift the Stay Order* filed June 4, 2021[Case No. 17-BK-3283, ECF No.16889] ¶ 26 (emphasis in original).

[3] For the avoidance of doubt, Cobra's consistent position has been and continues to be that FEMA's conclusions are not determinative of PREPA's liability to Cobra, but that PREPA's obligations are simply what PREPA agreed to in the Contracts. For four years, however, PREPA has completely ignored these contractual obligations to Cobra.

5

10. *Second*, Cobra and the Court were not adequately informed about the need for LUMA Energy's assistance. As an initial matter, LUMA Energy has not been involved in any of the prior proceedings over the past four years between Cobra and the Government Parties, and Cobra is not aware that LUMA Energy has any background on these disputes. Cobra also is not aware of any incentive that LUMA Energy may have to cooperate in a timely manner with PREPA on its review process—and, in fact, this need for LUMA Energy's cooperation already has created unnecessary delays.[4]

11. Further, the Government Parties have simply noted PREPA's staffing shortages, not that LUMA Energy personnel would be necessary to complete PREPA's internal review process.[5] Indeed, until the Government Parties filed the Lift Stay Objection, Cobra generally was unaware of PREPA's review process (which is not required by the terms of the Contracts, as, under the terms of the Contracts, the invoices were deemed approved because they were never rejected). And, more specifically, until the Timetable Motion was filed, Cobra was unaware that many invoices lacked "confirmation of approval by authorized personnel."

12. Not only did the Court aptly recognize at the prior hearing that requiring a timetable is a useful exercise, *see* June 8 Hr'g Tr. 26:23-25-27:1-10 (Court stating that it needs to know the timetable from PREPA and its FEMA counsel), but Cobra relied specifically on PREPA's commitment to a timetable to resolve its Lift Stay Motion, which had sought relief from the stay precisely to avoid the delay in obtaining payment on invoices that FEMA has reviewed, approved

---

[4] Given these recent developments, Cobra also is concerned LUMA Energy's cooperation may be necessary for other disputes between Cobra and PREPA and that this need for cooperation may give rise to further, unanticipated delays.

[5] *See, e.g.*, Lift Stay Objection ¶ 16 (noting that "[g]iven staffing shortages resulting from the transition of grid operations to LUMA Energy, PREPA hired a third-party consulting firm on November 4, 2022 that has been specifically tasked to complete this review process[,]" and that PREPA's review process being conducted by this third-party consultant included "verification that invoices were approved by authorized personnel"—but failing to note that this verification may require the cooperation of LUMA Energy employees).

6

and advanced funds to satisfy. Timetables, however, are useful only if they reflect all relevant information. PREPA did not disclose at the hearing that LUMA Energy's cooperation would also be necessary to completing PREPA's review process; otherwise, Cobra would have sought to involve LUMA Energy in the proceedings.

13. It has now been almost four months since FEMA made funds available to pay the Approved Unpaid Invoices. Cobra needs and expects that the Government Parties to do as they have stated and continue to press forward promptly and without delay on submitting the request for reimbursement with respect to the Approved Unpaid Invoices.

14. Cobra is available should the Court have any questions on the foregoing.

**B.     Settlement Negotiations**

15. At the June 8, 2023 hearing, counsel for Cobra informed the Court that, once the issues regarding the Approved Unpaid Invoices were resolved, Cobra is "very interested in continuing a settlement dialogue with PREPA and we fully intend to do that." June 8, 2023 Hr'g Tr. 30:12-15. On June 29, 2023, Cobra informed counsel for the Oversight Board that Cobra would be amenable to beginning mediation. As of the filing of this Motion, Cobra is awaiting a response from the Oversight Board.

**WHEREFORE** Cobra respectfully requests that the Court take notice of the foregoing.

Dated: July 10, 2023

Respectfully submitted,

*/s/ Carlos R. Rivera-Ortiz*
Rafael Escalera Rodríguez (No. 122609)
Sylvia M. Arizmendi (No. 210714)
Carlos R. Rivera-Ortiz (No. 303409)
REICHARD & ESCALERA, LLC
255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, PR 00917-1913
Telephone: (787) 777-8888
Email: escalera@reichardescalera.com
arizmendis@reichardescalera.com
riverac@reichardescalera.com

Ira S. Dizengoff (*pro hac vice*)
Abid Qureshi (*pro hac vice*)
Philip C. Dublin (*pro hac vice*)
Zach D. Lanier (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1000
Fax: (214) 872-1002
Email: idizengoff@akingump.com
aqureshi@akingump.com
pdublin@akingump.com
zlanier@akingump.com

--and--

Scott M. Heimberg (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
Email: tmclish@akingump.com
sheimberg@akingump.com

*Attorneys for Cobra Acquisitions LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

/s/ *Carlos R. Rivera-Ortiz*

**REICHARD & ESCALERA**

Carlos R. Rivera-Ortiz
USDC No. 303409
riverac@reichardescalera.com

255 Ponce de León Avenue
MCS Plaza, 10th Floor
San Juan, Puerto Rico 00917-1913

PO Box 364148
San Juan, PR 00936-4148
Tel: (787) 777-8888
Fax: (787) 765-4225