IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br>Debtors. | PROMESA<br>Title III<br>Case No.: 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth, ERS, HTA, and PBA.<br><br>Claim No. 59396<br><br>Claimant: Pharma Bio Serv PR Inc. |

### RESPONSE BY CLAIMANT PHARMA-BIO SERV PR INC. TO OMNIBUS OBJECTION OF DEBTOR

TO THE HONORABLE COURT:

COME NOW creditor **Pharma Bio Serv PR Inc.** (hereinafter "Pharma" or "Claimant"), through the undersigned counsels, and very respectfully STATE and PRAY as follows:

1. The Puerto Rico government, as debtor that received services from the Claimant, have adopted a reckless conduct when trying to get numerous claims dismissed by making the **unsubstantiated and unsupported allegation** that there are no records in the government's system of the pending debt or balance with the

    Claimant, and when alleging that there are no "outstanding liabilities associated with [Pharma's] invoices in the agency's system." See **Exhibits 1, 2 & 3**.

2. Debtor's omnibus and unsupported objection to this claim is clearly meritless because it included numerous creditors without providing any evidence of payment, or even one reasonable argument supporting the opposition to the claim. Simply saying that the government has no record in its system of outstanding liabilities associated with Claimant's invoices is not only insufficient to dismiss Pharma's claim, but also preposterous and ludicrous. Especially when the government used **<u>the same unsupported and unproven allegation for multiple creditors</u>** in a **questionable omnibus objection** to numerous claims.

3. Presumptively, the lawyers of the government are trying to get numerous claims dismissed by having creditors failing to appear on time before the court, especially after having provided a faulty and belated notice concerning the omnibus objection.

4. **In response to such the omnibus objection presented before this Honorable Court, the appearing claimant Pharma-Bio Serv hereby provides all the documentary evidence and electronic communications between the parties clearly demonstrating:**

    a. that there was a valid agreement for services executed between the parties [See **Exhibit 4**];

2

  b. that the services were provided to Debtor by the Claimant [See invoices verified and approved by debtor, **Exhibit 5**];

  c. that invoices concerning such services rendered were prepared and delivered to the debtor in a timely manner [See **Exhibit 5**];

  d. that the debtor received the invoices, recognized the debt, and made partial payment for the services rendered, but missed payment of one of the invoices, which is the subject of this claim. [See emails from August 13, 2014 at 12:01 PM, Jul 15, 2014 at 10:56 AM, July 09, 2014 at 11:02 PM, Jul 7, 2014, at 9:04 AM, July 06, 2014 at 9:37 PM, and Jul 6, 2014, at 8:46 AM, all included at pages 8 and 11-13 of the PDF attached as **Exhibit 6**]; and

  e. that the debtor has not paid the invoices for the services provided according to the agreement between the parties. [See proof of claim filed, **Exhibit 1**].

5. On June 7, 2018, Pharma filed a proof of claim before this Court after bankruptcy filing by Debtor. The claim no. is 59396. See **Exhibit 1**.

6. On May 23, 2023, Pharma received **a single sheet of paper** indicating the following: "If your claim is listed here, one or more of your debtors are seeking to disallow your claim for the reason listed below." [See **Exhibit 7**; **Docket / Doc#: 24050-19 of the above-captioned case no. 17-03283-LTS, and from the Court stamp at the top of each page it seems that "Desc: Exhibit R" may also be relevant to this filing].**

7. It is clear from the evidence submitted with this response, that the invoice approved by the client concerning the services rendered, the communications between the parties regarding collection efforts, and all the evidence submitted with this motion, had been previously provided to the debtor. The attached evidence demonstrates the numerous times that the invoices were sent to the debtor and the multiple communications between the parties, showing that, contrary to the allegation made in the omnibus objection, debtor did have and/or is supposed to have such "outstanding liabilities associated with [Pharma's] invoices in the agency's system."

8. The Omnibus Objection filed before this Court, with respect to the appearing Claimant, is simply meritless because the documentation provided shows all the communications between the debtor and the Claimant, and ultimately demonstrate how baseless and unfounded is the agency's claim of "not having outstanding liabilities in its system" for the Claimant.

9. The Puerto Rico Civil Code of 1930, applicable at the time of the facts of this case, provides as follows:

> Art. 1206 - Contracts, when they exist. (31 L.P.R.A. sec. 3371)
> The contract exists since one or several persons agree to be bound by another or others, to give something, or provide some service.
> (Civil Code, 1930, Art. 1206.)

> Art. 1207 - Permissible clauses and conditions. (31 L.P.R.A. sec. 3372)
> The contracting parties can establish the agreements, clauses and conditions that they deem convenient, as long as they are not contrary to the laws, morality, or public order.

> Art. 1208 [Repealed] Validity and compliance. (31 L.P.R.A. sec. 3373)
> **The validity and fulfillment of contracts cannot be left to the discretion of one of the contracting parties.**

[Emphasis added].

10. Contracts are perfected by mere consent, and from that moment each of the parties is obliged not only to comply with what was expressly agreed, but also with the consequences that, according to their nature, are in accordance with good faith, use, and the law. Art. 1210 of the Civil Code, 31 L.P.R.A. sec. 3375; UNISYS Puerto Rico v. Ramallo Brothers Printing, 128 D.P.R. 842 (1991).

11. In the event that one of the contracting parties fails to comply with what was stipulated, the creditor party may demand specific compliance of what was agreed and a compensation for the damages suffered, plus the payment of interest on that amount. Articles 1054 and 1077 of the Civil Code, 31 LPRA secs. 3018 and 3052; Hernandez v. Padilla, 142 DPR 989, 994-995 (1997) (Judgment). And it is that, after all, "the validity and performance of contracts cannot be left to the discretion of one of the contracting parties". Article 1208, Civil Code, 31 LPRA sec. 3373.

12. Debtor is responsible of the liabilities included in Pharma's Proof of Claim [**Exhibit 1**], and must fulfill its contractual responsibility and pay Claimant in full for the invoice No. 16238 dated 04-11-2013. In addition, to complying with what was agreed between the parties and the established compensation, Debtor

5

should be held liable for damages suffered, plus the payment of interest on the amount owed. Articles 1054 and 1077 of the Civil Code, 31 LPRA secs. 3018 and 3052

13. In compliance with the Court Order at Doc#:24050-19 of the above-captioned case, it is hereby informed that the responding claimant is Pharma Bio Serv PR, Inc., and the officer in charge is Mr. Pedro Lasanta, Chief Financial Officer, with the following postal and physical address: 6 Road 696, Dorado, Puerto Rico, 00646-3306; Telephone (787) 278-2709; Email: plasanta@pharmabioserv.com. This would be "the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf."

14. **If this Honorable Court deems necessary or requires any additional information, clarification, or evidence from the appearing Claimant, to facilitate payment of the referenced debt, Pharma is available to assist the Court and will be very appreciative of the Court's assistance in collecting the pending balance of this debt.**

WHEREFORE, it is respectfully requested from this Honorable Court, that Debtor's omnibus objection with respect to the appearing Claimant is denied, and that the Debtor is ordered to immediately satisfy the full amount of the invoice No. 16238 dated 04-11-2013, together with interests on such debt, since the services were provided, and the payment of such debt remains pending.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13th day of July, 2023.

WE HEREBY CERTIFY THAT the undersigned counsels electronically filed the present document with the Clerk of the Court using the CM/ECF System, which in turn will send notification of this filing to all attorneys of record.

    Carlos R. Paula, Esq.
    Attorney for creditor Pharma Bio Serv PR Inc.

    Citibank Towers, Suite 500
    252 Ponce de León Avenue
    San Juan, Puerto Rico 00918
    Tel. (787) 758-1400
    Cel. (787) 460-3456
    paula@laborcounsels.com

    S/ CARLOS R. PAULA
    USDCPR # 212009