# EXHIBIT A

SJ2023CV04968   05/24/2023   12:10:30 PM Entree No. 1 Page 1 to 12 of 13

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SAN JUAN JUDICIAL CENTER
## SUPERIOR PART

RECEIVED
OPERATION
JUN 13 2023
UBS FINANCIAL SERVICES INC OF PR - SAN JUAN, PR
BY:_____ s/illegible

| | | |
|---|---|---|
| **GOVERNMENT OF PUERTO RICO** EX REL . | . | **CIVIL NO.:**_____ |
| **FRANCISCO PUJOLS MENESES** | . | |
| **HAROLD D. VICENTE GONZÁLEZ** | . | **COURTROOM:** |
| | . | |
| **Plaintiffs** | . | **RE:   Qui Tam Claim** |
| | . | **(Law 154-2018)** |
| vs. | . | |
| | . | |
| **UBS BANK, USA AND** | . | |
| **UBS FINANCIAL SERVICES, INC.** | . | |
| | . | |
| **Defendants** | . | |

......................................................

## <u>SWORN QUI TAM COMPLAINT</u>

**BEFORE THE HONORABLE COURT:**

COMES NOW the Plaintiff, GOVERNMENT OF PUERTO RICO EX REL.

FRANCISCO PUJOL MENESES (hereinafter "PUJOL") and HAROLD D. VICENTE

GONZÁLEZ (hereinafter "VICENTE"), through the undersigned legal

representation, and very respectfully STATE, ALLEGE AND PRAY:

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

# I. INTRODUCTION:

1.1.  PUJOL and VICENTE (hereinafter, jointly, the "Informants", appear before this Honorable Court on behalf of and for the benefit of the Government of Puerto Rico, and in the capacity of Informants of a fiscal fraud against the Government of Puerto Rico, as authorized by Law Number 154, of July 23, 2016, known as the Law of Fraudulent Claims to Programs, Contracts and Services of the Government of Puerto Rico", 32 L.P.R.A. §2931 et seq (hereinafter "Law 154").  The plaintiffs PUJOL and VICENTE have obtained, in an independent manner, evidence that demonstrates the commission by the herein defendants of violations to Law 154 and their participation in a fraud scheme to evade the payment of income tax and municipal patents of Puerto Rico.  Therefore, they resort to this Honorable Court seeking the remedies contemplated in said law. Under penalty of perjury. The Informants certify that they did not obtain the information contained in this complaint from any person that has a prohibition to present a complaint pursuant to article 1.02(g) of Law 154.

1.2.   Through this complaint (the "Complaint"), we pursue to recover and remedy the significant damages caused to the public treasury of Puerto Rico through a fraudulent scheme committed by the herein defendants since the year 2003 up until December 21, 2003.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

3

1.3     Said fraud consisted in the evasion by UBS Bank USA (hereinafter "BUSA") of the payment of income tax and municipal patent for interests earned and collected by BUSA over loans granted by BUSA in Puerto Rico, to debtors residing in Puerto Rico, which were used principally to finance the purchase or holding of closed Puerto Rican mutual fund stocks (hereinafter the "Funds"), which concentrated their investment portfolios in bonds of Puerto Rico.  These loans were collateralized of guaranteed with encumbrances over the shares of the Funds and the stocks of the Funds were maintained in accounts in their affiliate UBS Financial Services Incorporated of Puerto Rico ("UBS-PR"), in Puerto Rico.  After December 31, 2013, UBS-PR merged with UBS Financial Services, Inc. ("UBS") and UBS was the surviving entity after the merger.

1.4.    The interests collected by BUSA to resident debtors in Puerto Rico for said loans during the years 2003 to 2013 are detailed hereinafter and amounted approximately to $186.4 million, over which BUSA did not pay taxes to the Department of the Treasury of Puerto Rico nor to any municipality in Puerto Rico.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

4

| Year | Interests Charged by BUSA |
|---|---|
| 2003 | $     954,779 |
| 2004 | $   6,153,494 |
| 2005 | $ 15,164,882 |
| 2006 | $ 25,304,887 |
| 2007 | $ 25,200,588 |
| 2008 | $ 21,182,621 |
| 2009 | $ 13,692,147 |
| 2010 | $ 16,253,632 |
| 2011 | $ 19,025,391 |
| 2012 | $ 21,998,856 |
| 2013 (up to December 21) | $ 20,453,265 |
| TOTAL | $185,383,908 |

1.5.   Through letter of December 21, 2013, of the then Commissioner of Financial Institutions ("OCIF") addressed to BUSA and duly accepted by BUSA, it agreed (i) to sell and assign all of the aforementioned loans to UBS-PR (today "UBS"); and (ii) not make any similar loans in Puerto Rico.  This acceptance by BUSA, of the request that was made to OCIF is equal to a recognition of the illegality committed.

1.6.   The balance owed of loans sold and assigned by BUSA to UBS PR as of December 21, 2013, pursuant to said letter, amounted to $557,971,952 and the balance of said loans at the end of the years 2003 to 2012 was as follows:

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

5

| Year | Interests Charged by BUSA |
|------|---------------------------|
| 2003 | $153,356,084 |
| 2004 | $241,891,211 |
| 2005 | $322,263,188 |
| 2006 | $370,293,007 |
| 2007 | $358,052,102 |
| 2008 | $489,127,406 |
| 2009 | $612,624,784 |
| 2010 | $686,457,805 |
| 2011 | $770,615,962 |
| 2012 | $866,095,953 |

1.7.    It involves, as can be appreciated, loans for hundreds of million of dollars, over which the profits product of the interests collected have not paid taxes in Puerto Rico.  **The taxes and patents not paid to the treasury of Puerto Rico over said profits and volume of business is estimated in more than $50 million, without counting interests, penalties and/or surcharges.  Collecting said taxes and patents is of vital important for Puerto Rico, especially in view of the present economic situation.  That is, it involves a claim invested with a high public interest**.

1.8.    Furthermore, the Complaint in this case is an excellent opportunity for the courts of Puerto Rico to interpret the provisions of Law 154 and provide

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

6

the corresponding remedies pursuant to the same, to vindicate and penalize a multimillionaire fraud against the Government of Puerto Rico.

1.9.   Any prescriptive term has not commenced to run, because BUSA never filed in Puerto Rico the tax return over the income earned and, also, tax frauds never prescribe.

In view of all of the above, and for the additional reasons that appear hereinafter, the Plaintiffs respectfully request from this Honorable Court that it Grant this Complaint and grant all of the remedies herein requested.

## II.  THE PARTIES

2.1.   The plaintiff Francisco Pujol Meneses ("PUJOL") is of legal age, married, attorney and resident of San Juan, Puerto Rico. He appears in the present complaint in his personal capacity as Informant.  His postal address is PO Box 363042, San Juan, Puerto Rico 00936-3042.  His physical address is Suite 300, Puerta del Condado Building, #1095 Wilson Street, San Juan, Puerto Rico 00907.  His electronic address is fpujol@pujollawpr.com and his telephone is 787-724-0900.

2.2.   The plaintiff Harold D. Vicente González ("VICENTE") is of legal age, married, attorney and resident of Guaynabo, Puerto Rico.  He appears in this

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

complaint in his personal capacity as Informant.  His postal address is PO Box 11609, San Juan, Puerto Rico 00919-1609.  His physical address is Suite PH-1, Capital Center (South), #239 Arterial de Hostos Avenue, San Juan, Puerto Rico 00918.  His electronic address is hvicente@vclawpr.com and his telephone is 787-751-8000.

2.3.    On the relevant dates the defendant BUSA was an industrial bank organized and existing pursuant to the laws of the State of Utah, United States of America, with its deposits insured by the Federal Deposit Insurance Corporation ("FDIC"), regulated and supervised by the Utah Department of Financial Institutions.  Its address is 95 State Street, Suite 2200, Salt Lake City, Utah 84111.  See- https//www.ubs.com/us/en/wealth-management/who-we-serve/individuals-and-families/banking.ubs.-bank-usa.html.

2.4.    The defendant UBS Financial Services, Inc. ("UBS") is a corporation organized and existing pursuant to the laws of Delaware, United States of America, with principal offices in 1000 Harbor Boulevard, Weehawken, NJ 07086. UBS has offices in Puerto Rico, located at Muñoz Rivera Avenue number 250, PH, San Juan, Puerto Rico 00918-9998.  UBS is part of an enormous financial

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

8

conglomerate known as "UBS", with headquarters in Switzerland and offices, branches and/or affiliates in different parts of the world.  UBS appears as a defendant herein as the successor in interest of the Puerto Rican corporation UBS-PR, which merged with UBS after December 31, 2013, remaining UBS as the surviving corporation after said merger.

### III.  JURISDICTION AND COMPETENCE:

3.1    This Honorable Court has jurisdiction and competence over this Complaint pursuant to the Judicature Act of Puerto Rico, 4 L.P.R.A. §24 et seq, and Article 5.01 of Law 154, 32 L.P.R.A. §2935.

3.2    The Informants certify, under penalty of perjury, that they did not obtain the information that they disclose herein from any person whatsoever with the prohibition to file a complaint pursuant to Article 1.02(g) of Law 154. To that effect the Informants affirm and declare under oath that they are the original source of the information object of this Complaint.  Enclosed herein is the present informative allegation to give strict compliance to the applicable legal requirements pursuant to Lw 154.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

9

4.1     Law 154 is the state analog of the Federal law known as the False

Claims Act, 31 U.S.C. §3729-3733 (hereinafter "FCA"), whose objective among

others, is to motivate, through economic remuneration, the citizens to

denounce, pursue and penalize the fraud against different governmental

programs.  As stated in the Statement of Purposes of Law 154:

> The purpose of this legislation was to promote the
> participation of the citizens in those moments when
> the Government was being defrauded in the
> purchases that it had to make due to the war.  Said
> legislation provides jurisdiction to the Government of
> the United State to file complaints and civil claims for
> the recovery of losses due to fraud to Federal
> programs and the imposition of fines.  In turn, the
> Federal False Claims Act allows the citizens to file
> complaints in the name of and for the benefit of the
> Government of the United States to recover said
> losses attributable to fraud.  In exchange for this, the
> Government grants a percentage of the money
> recovered as a result of the information provided by
> these citizens pursuant to what is today known as the
> "Qui Tam Provision".  See Statement of Purposes,
> Law 154.

4.2     As to Law 154, the legislator also stated that:

> Through this Law of Fraudulent Claims to the
> Programs, Contracts and Services of the Government

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

10

of Puerto Rico we seek to create the framework to process in a civil manner the fraud to the Programs of the Government and to the service contracts.  With this mechanism we would be establishing a procedure in the Courts where the Government can submit claims to seek that the persons that have defrauded the Government receive a monetary penalty for their actions.  In a similar manner, we would be promoting the citizen participation in the proceedings by creating Qui Tam Provisions where these persons would be remunerated for the information provided. See, Idem.

4.3    Article 1.03 of Law 154 states the public policy declaration and the

statutory rule of interpretation as follows:

It constitutes a public policy of the Government to prevent, attack fraud to the Programs, Contracts and Services of the Government of Puerto Rico [...] and the injurious conduct of the good use and management of the funds assigned to said programs, contracts and services. The eradication of said conduct constitutes a priority in the agenda of this Government, since we are aware of the repercussions of the fraud in the services that are offered in Puerto Rico [...]. Certainly, we recognize that the availability of funds for said services depend on the governmental capacity to detect and prevent the fraud, and to facilitate the corresponding eventual criminal processing and/or the actions of recovery.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

11

> Pursuant to the above, the Government will make all of the necessary efforts to strengthen the structures of investigation and/or processing of fraudulent actions, and the effective and vigorous development of said investigations and procedures.  Pursuant to the above, this legislation will be interpreted in a manner that promotes and facilitates the investigation and the criminal processing and the civil actions that are pertinent to minimize the impact of the fraudulent and illegal conduct to the programs, contracts and services that are offered in Puerto Rico [...].  (32 LPRA §2931b). Emphasis provided.

4.4.    As did the FCA, Article 4.01 (1)(d) of Law 154 includes a provision of reverse false claims (in English "reverse false claims"), that imposes responsibility on whoever "[w]ith knowledge, makes, uses or causes that there be made or used a false record or a statement that is fundamental for an obligation to pay, transmit money or property to the Government, **or with knowledge conceals and improperly evades or reduces an obligation to pay or transmit money** or property, relative to any Program of the Government, or to any service contracts, as defined in this Law." (32 LPRA §2934). (Emphasis provided).

4.5    The person that violates Article 4.01(1) will be subject to paying the Government a civil penalty of not less than $11,181.00 and not more than

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

12

$22,363.00 and will be subject to paying three (3) times the amount of the damages that the Government has suffered as a result of these fraudulent actions.  Similarly, in its third clause it provides that "[T]he person that violates clauses 1(a) to 1(d) of this Article, must also pay for the attorney fees and the costs incurred to recover the civil penalty and/or the damages incurred."  (32 LPRA § 29341).

　　　4.6　　Law 154 created incentives for individuals with knowledge of fraud committed against the Government of Puerto Rico (hereinafter "Government") to provide the information without fear of reprisals and that private parties employ their resources in the persecution of the fraud on behalf of and for the benefit of the Government.  Article 4.02 (4) of Law 154 provides that "[i]f the Government decides to not intervene in the cause of action, the Secretary of Justice) could permit that the person that filed the complaint for the benefit and in favor of the Government continue to pursue the action before the Court." (32 LPRA §2934a).  Article 4.03 provides that the Informants will receive a compensation of between 25% and 30% of the transactional agreement or the judgment imposed by the Court, in addition to the necessary and reasonable expenses incurred in the litigation of the lawsuit.  (32 LPRA §2934a).

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

13

## V.  STATEMENT OF FACTS CONSTITUTING FRAUD
## BY THE DEFENDANTS HEREIN

5.1.    The defendant BUSA is a bank that has its principal offices and center of operations in Utah, United States of America, and it is an enterprise related to and affiliated to the defendant UBS.

5.2.    The defendant UBS has principal offices in New Jersey, United States of America, as well as offices or branches in several cities of that country. UBS also has offices in San Juan, Puerto Rico where it is authorized by the Office of the Commissioner of Financial Institutions ("OCIF") to conduct business as a securities broker dealer).  UBS is a company related to BUSA and UBS-PR and affiliated to UBS and to UBS-PR.

5.3.    UBS-PR was a corporation organized and existing pursuant to the laws of Puerto Rico, where it was authorized by OCIF to conduct business as a securities broker dealer, and where, during the period relevant to this case, came to be, by a lot, the largest securities brokerage firm of Puerto Rico, with a quota of more than fifty percent (50%) of the local market.

5.4.    At one time UBS-PR had approximately one hundred thirty (130) brokers and six (6) branches in Puerto Rico, of which there were two (2) in the

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

14

municipality of San Juan, one (1) in the municipality of Guaynabo, one (1) in the municipality of Ponce and one (1) in the municipality of Mayaguez**.**

5.5.    UBS-PR merged with UBS after the month of December 2013.  UBS was the surviving corporation of said merger.   Pursuant to the same, UBS assumed all of the assets and liabilities of UBS-PR.

5.6.    BUSA conducted banking business in Puerto Rico from the local offices of UBS and/or UBS-PR (today UBS), where the brokers or financial advisors employed by UBS and/or UBS/PR acted as financial facilitators or intermediaries in the negotiation, origination, execution and administration of hundreds of millions of dollars in loans that BUSA granted to hundred of clients of UBS and/or UBS-PR residents of Puerto Rico, guaranteed by encumbrances over stocks of the Funds and used to finance the purchase and ownership of said stocks.  BUSA paid UBS and/or UBS-PR fees for said services.

5.7.    Said facilitators or intermediaries, employees of UBS and/or of UBS-PR received compensation from UBS and/or UBS-PR for their aforementioned services in the negotiation, origination, execution and administration of the aforementioned loans granted by BUSA to debtors residing in Puerto Rico.

5.8.    BUSA operated in Puerto Rico and conducted banking business in Puerto Rico, without any authorization or license to do so, since the year 2003

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

15

up until December 21, 2013, when it was forced by OCIF to (i) sell or transfer to UBS-PR all of the loans then owed by clients residing in Puerto Rico to BUSA; and (ii) to commit to not effect further loans in Puerto Rico.

5.9.    Said sale or transfer of the loans of BUSA to UBS-PR (today UBS) was required by OCIF since BUSA had granted the loans without having the required license to conduct banking business in Puerto Rico.

5.10    During the approximately ten (10) years in which BUSA without a license conducted banking business in Puerto Rico, it executed more than six thousand (6,000) loans in Puerto Rico to debtors residing in Puerto Rico, for amounts which in some cases exceeded $866 million.  BUSA did not pay taxes or paid any patent whatsoever to the Government of Puerto Rico nor to the Puerto Rican municipalities where they did business for the volume of business and the income for interests that BUSA earned from said loans.  Said income from interests constitutes "gross income from sources of Puerto Rico", according to Section 1123(a) of the Internal Revenue Code of Puerto Rico of 1994, 13 L.P.R.A. §8523(a)(1), and similar provisions of the Internal Revenue Code of Puerto Rico of 2011, and were subject to taxes on income in Puerto Rico, pursuant to Section 1150 of the Internal Revenue Code of Puerto Rico of 1994,

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

16

13 L.P.R.A. §8550, Section 1231(a)(1)(A)(i), 13 L.P.R.A. §8615, of the same Code and similar provisions of the Internal Revenue Code of Puerto Rico of 2011, including, without limitation, its Section 1035.1, 13 L.P.R.A. §301511, as well as a municipal patent in Puerto Rico, pursuant to Section 651a (21 L.P.R.A. 651(a) and Section 651d (21 L.P.R.A. 651d) of the Internal Revenue Code of Puerto Rico of 1994 and similar provisions of the Internal Revenue Code of Puerto Rico of 2011.  As has been previously mentioned, the amount of said interests charged by BUSA amounted to approximately $184.5 million.

5.11.  What is denounced herein by the Informants is the fiscal fraud by BUSA, with the help and complicity of UBS and of UBS-PR (today), by evading the payment to the treasury of Puerto Rico of the taxes and patents corresponding to the interests earned and collected by BUSA for the aforementioned loans granted by BUSA in Puerto Rico to debtors residing in Puerto Rico.  These interests were clearly income for BUSA of sources from Puerto Rico.  Said interests were not exempt from the payment of income tax and patents to the Puerto Rican treasury.

5.12.  As previously stated, the aforementioned loans granted by BUSA were arranged by it in Puerto Rico through brokers or financial advisors of UBS

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

17

and/or of UBS-PR (today UBS), who acted as facilitators of the same and as financial intermediaries in the different offices of UBS and/or of UBS-PR (today UBS) in Puerto Rico, and who received compensation for said services. For this, these brokers, advisors or financial intermediaries needed a special license from OCIF, which was neither requested from OCIF nor granted by OCIF.

5.13. In addition to arranging said loans granted by BUSA to debtors residents of Puerto Rico, the brokers and financial advisors of UBS and/or UBS-PR (today UBS) in Puerto Rico opened checking accounts at BUSA for said debtors and obtained credit cards and other banking services from BUSA. They acted as agents and alter egos of BUSA, using the offices of UBS and UBS-PR (today UBS) in San Juan, Guaynabo, Ponce and Mayaguez, Puerto Rico.

5.14. By not paying taxes nor patents to the Puerto Rican Treasury over the income from interests in the aforementioned loans, BUSA, with the assistance and complicity of UBS and of UBS-PR (today UBS), was placed in a very advantageous competitive position vis a vis the local Puerto Rican banks, since BUSA did not pay taxes nor patents for interests on loans in Puerto Rico identical to those granted by the local bank, which interests the local bank did pay and continues paying taxes and patents.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

5.15. BUSA conducted business in Puerto Rico, where it made loans, opened checking accounts, granted credit cards and promoted its services, with the assistance and complicity of its affiliates UBS and/or UBS-PR (today UBS) and jointly with UBS and/or UBS-PR (today UBS).

5.16. BUSA, UBS and UBS-PR (today UBS) with knowledge and intentionally, (i) evaded the payment of income taxes and patents over the interests earned and collected by BUSA in the aforementioned loans to debtors residents of Puerto Rico; and (ii) did not inform or failed to inform the income and the volume of business generated by these interests to the Government of Puerto Rico, to the Municipality of San Juan, to the Municipality of Guaynabo, to the Municipality of Ponce and to the Municipality of Mayaguez, in detriment to the Government of Puerto Rico and to the aforementioned municipalities.

## VI.  CAUSES OF ACTION AND REMEDIES REQUESTED

### First Cause of Action
### (Qui Tam Claim under Law 154)
### Income Tax and Expenses

6.1.   The plaintiffs adopt and incorporate by reference all of the allegations and causes of action previously and/or subsequently alleged in this Complaint, for all those legal purposes that may result pertinent.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

19

6.2.    It is estimated that the income tax evaded through the fraudulent scheme of which mention is made in this Complaint amounts to, at a minimum, to $48.5 million, plus penalties, surcharges and interests.  The exact amount of said taxes will be subsequently calculated.  It is requested, therefore, that <u>in restitution to the public funds defrauded due to the lack of payment of income taxes</u> (under the provisions of Law 154 and/or any other applicable statute or standard or regulation); the herein defendants be ordered to pay the entire amount of their aforementioned fiscal obligations not complied, for income taxes to the Government of Puerto Rico, as well as the payment of an amount equal to three (3) times the damage suffered by the Government of Puerto Rico as a result of the fraudulent actions herein detailed with regard to income taxes, as well as the payment of civil penalties provided by Law 154, consisting in an amount of not less than $11,181, but not more than $22,363, for each violation incurred by the defendants herein.

6.3.    The appearing plaintiffs/informants allege, affirmatively claim and request the maximum compensation to informants allowed by Law 154, as well as the payment to the plaintiffs/informants, charged to the defendants, of the costs and expenses of this litigation, as well as of the amount provided by Law 154 for attorneys fees of the plaintiffs/informants.

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

20

### Second Cause of Action
### (Qui Tam Claim under Law 154)
### Municipal Patents and Expenses

6.4.    The plaintiffs adopt and incorporate by reference all of the previous and/or subsequent allegations and causes of action alleged in this Complaint, for all those legal purposes that could result pertinent.

6.5.    It is estimated that the municipal patents evaded through the fraudulent scheme stated in this Complaint amount to, at a minimum $1.5 million, plus penalties, surcharges and interests.   The exact amount of said patents will be calculated at the appropriate time.   It is also requested, in restitution of the public funds defrauded by the lack of payment of municipal patents previously described, to the municipalities of San Juan, Guaynabo, Ponce and Mayaguez (under the provisions of Law 154 and/or any other statute, rule or regulation applicable), that the herein defendant parties be ordered to pay the entire amount of their aforementioned non-complied fiscal obligations for municipal patents, as well as the payment of an amount equal to three (3) times the damages suffered by the aforementioned municipalities of Puerto Rico (San Juan, Guaynabo, Ponce and Mayaguez) as a result of the fraudulent actions

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

21

herein detailed with regard to municipal patents, as well as the payment of civil penalties provided by Law 154, consisting of an amount of not less than $11,181, but not more than $22,363, <u>for every violation incurred by the herein defendants.</u>

6.6.    The appearing plaintiffs/informants allege, affirmatively claim and request the maximum compensation to informants allowed by Law 154, as well as the payment to the plaintiffs/informants, charged to the defendants, of the costs and expenses of this litigation, as well as the amount provided by Law 154 for the attorneys fees of the plaintiffs/informants.

**IN WITNESS WHEREOF,** it is requested from this Honorable Court that, having satisfied the pertinent judicial process, it GRANT this Complaint and as a result of said Judgment, Resolution and/or Order ordering the defendants to pay all of the amounts required in the causes of action of this Complaint and granting the plaintiffs/informants and/or the Government of Puerto Rico any other remedy which is pertinent pursuant to law or equity.

**RESPECTFULLY SUBMITTED.**

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

22

In San Juan, Puerto Rico, on the twenty fourth (24th) of May of Two Thousand Twenty Three (2023).

> VICENTE LAW, LLC
> P.O. Box 11609
> San Juan, PR 00910-1609
> Telephone (787) 761-8000
> Fax (787) 756-5250
>
> s/Harold D. Vicente Colón
> **HAROLD D. VICENTE COLÓN**
> S.C.P.R. Number 11303
> Email: hdvc@vclawpr.com

## OATH

The undersigned, FRANCISCO PUJOL MENESES, of legal age, attorney, married and resident of San Juan, Puerto Rico, under oath, certify that, pursuant to his best knowledge and understanding, what is alleged in this complaint is true and correct.  In San Juan, Puerto Rico on the twenty fourth (24) of May of Two Thousand Twenty Three (2023).

> s/illegible
> FRANCISCO PUJOL MENESES

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com

Affidavit No. 1113

Sworn and subscribed to before me by FRANCISCO PUJOL MENESES, of the personal circumstances stated above, and whom I attest I personally know. In San Juan, Puerto Rico on the 24th of May of 2023.

Seal of FELIX R. BELLO ACEVEDO                    s/illegible
   ATTORNEY-NOTARY
Stamp for $5.00
Legal Assistance Stamp

**OATH**

The undersigned, HAROLD D. VICENTE GONZÁLEZ, of legal age, attorney, married and resident of Guaynabo, Puerto Rico, under oath, certifies that, pursuant to his best knowledge and understanding, what is alleged in this complaint is true and correct. In San Juan, Puerto Rico, on the twenty fourth (24) of May of Two Thousand Twenty Three (2023).

s/ illegible
HAROLD D. VICENTE GONZÁLEZ

Affidavit No. 1114

Sworn and subscribed to before me by HAROLD D. VICENTE GONZÁLEZ, of the personal circumstances stated above, and whom I attest I personally know.  In San Juan, Puerto Rico on the 24th of May of 2023.

SEAL OF FELIX R. BELLO ACEVEDO            s/illegible
   ATTORNEY-NOTARY                    NOTARY PUBLIC
                        Stamp for $15.00
                        Legal Assistance Seal

Certified to be a true and correct
translation from its original
Aida Torres, USCCI
Tel. 787-225-8218
aidatranslation@gmail.com