**Hearing Date**: December 6, 2023 at 8:30 a.m. (ET) / 9:30 p.m. (AST)
**Objection Deadline**: August 3, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------------- x
                                          :
In re:                                    :
                                          :
THE FINANCIAL OVERSIGHT AND               : PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,         : Title III
                                          :
     as representative of                  : Case No. 17-BK-3283 (LTS)
                                          :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,: (Jointly Administered)
                                          :
     Debtors.[1]                           :
-------------------------------------------------------------------- x

## NOTICE OF HEARING ON EIGHTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2023 THROUGH MAY 31, 2023

**PLEASE TAKE NOTICE** that a hearing on the annexed *Eighteenth Interim Fee*

*Application of Paul Hastings LLP, as Counsel to Official Committee of Unsecured Creditors, for*

*Services Rendered and Reimbursement of Expenses for Period from February 1, 2023 through*

*May 31, 2023* (the "Application") filed by Paul Hastings LLP, pursuant to section 1103(a)(1) of

the Bankruptcy Code, made applicable to these cases by section 301 of the Puerto Rico

Oversight, Management and Economic Stability Act of 2016 or "PROMESA," will be held

before the Honorable Laura Taylor Swain, United States District Judge, at the United States

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

District Court for the District of Puerto Rico, in Room 3, 150 Carlos Chardón Street, Federal
Building, Office 150, San Juan, Puerto Rico 00918-1767 on **December 6, 2023 at 8:30 a.m.
(ET) / 9:30 a.m. (AST)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections")
to the Application by any party other than the Fee Examiner shall be in writing, shall conform to
the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the District of
Puerto Rico, shall be filed with the Court (a) by attorneys practicing in the District Court,
including attorneys admitted *pro hac vice*, electronically in accordance with rule 5 of the Local
Rules for the District of Puerto Rico, and (b) by all other parties in interest, by submitting a hard
copy via mail to the Clerk's Office, United States District Court, Room 150 Federal Building,
San Juan, PR 00918-1767 or by hand delivery to the Clerk's Office, United States District Court,
150 Carlos Chardon Avenue, Room 150, San Juan, PR 00918, to the extent applicable, and shall
be served in accordance with the *Third Amended Order Setting Procedures for Interim
Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546] (the
"Interim Compensation Order"), so as to be so filed and received by the Notice Parties (as
defined in the Interim Compensation Order) no later than **August 3, 2023 at 4:00 p.m. (ET) /
4:00 p.m. (AST)** (the "Objection Deadline").


[*Remainder of page intentionally left blank.*]

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Interim

Compensation Order, if no Objections are timely filed, and if the Fee Examiner issues the Fee

Examiner Report (as defined in the Interim Compensation Order) recommending approval of the

Application in full or in part, the Court may grant the Application without a hearing.

Dated:  July 14, 2023

*/s/ Luc A. Despins*

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors*

- and -

*/s/ Juan J. Casillas Ayala*
CASILLAS, SANTIAGO & TORRES LLC
Juan J. Casillas Ayala, Esq. (USDC - PR 218312)
Israel Fernández Rodríguez, Esq. (USDC - PR
225004)
Juan C. Nieves González, Esq. (USDC - PR 231707)
Cristina B. Fernández Niggemann, Esq. (USDC - PR
306008)
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434 Fax: (787) 523-3433
jcasillas@cstlawpr.com
ifernandez@cstlawpr.com
jnieves@cstlawpr.com
cfernandez@cstlawpr.com

*Local Counsel to the Official Committee of Unsecured
Creditors*

**Hearing Date**: December 6, 2023 at 8:30 a.m. (ET) / 9:30 p.m. (AST)
**Objection Deadline**: August 3, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------------------------------------------- x
                                                   :
In re:                                             :
                                                   :
THE FINANCIAL OVERSIGHT AND                        :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                  :   Title III
                                                   :
        as representative of                       :   Case No. 17-BK-3283 (LTS)
                                                   :
THE COMMONWEALTH OF PUERTO RICO, et al.,           :   (Jointly Administered)
                                                   :
        Debtors.¹                                  :
-------------------------------------------------------------------- x
```

## EIGHTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2023 THROUGH MAY 31, 2023

## SUMMARY COVER SHEET

| | |
|---|---|
| Name of applicant: | Paul Hastings LLP ("Paul Hastings") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors (the "Committee")² |
| Date of retention: | Order entered August 10, 2017, effective as of June 26, 2017 [Docket No. 999] |
| Period for which compensation and reimbursement are sought: | February 1, 2023 through and including May 31, 2023 (the "Application Period") |

---

1   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2   The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

| | |
|---|---|
| Amount of interim compensation sought as actual, reasonable, and necessary: | \$3,576,750.25 / \$2,861,400.20[3] |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | \$32,187.26 |
| Are your fee or expense totals different from the sum of previously-served monthly statements for the Application Period? | Yes.  Fees sought to be allowed in this Application are \$31,327.50 lower than the sum of the fees in the previously-served monthly statements for the Application Period.[4] |
| Total compensation approved by interim order to date: | \$75,174,201.08 |
| Total expenses approved by interim order to date: | \$2,507,178.87 |
| Total allowed compensation paid to date: | \$61,078,791.92 |
| Total allowed expenses paid to date: | \$2,507,178.87 |
| Blended rate in this Application for all attorneys: | (a) \$1,467 /hour; (b) \$1,173 /hour[4] |
| Blended rate in this Application for all timekeepers: | (a) \$1,412 /hour; (b) \$1,130 /hour[5] |
| Compensation sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | \$1,333,767.10 |
| Expenses sought in this Application already paid pursuant to a monthly compensation order but not yet allowed: | \$11,257.50 |

---

[3]    While Paul Hastings seeks allowance of all of its fees incurred during the Application Period, the firm only seeks payment, at this time, of fees in the amount of \$2,827,725.90 (to the extent such amount has not been paid before the hearing scheduled on this Application), which is 80% of \$3,534,657.38 (*i.e.*, Paul Hastings' fees of \$3,576,750.25 minus credits of \$42,092.87 for fee reductions pursuant to the order approving Paul Hastings' Seventeenth Interim Fee Application).  By the time of the hearing on this Application, this amount should have long been paid by the Debtors pursuant to the Interim Compensation Order (as defined below), and Paul Hastings reserves its rights to seek relief from the Court to the extent any outstanding fees and expenses that are due and payable are not paid on the terms set forth in the Interim Compensation Order.

[4]    As detailed below, due to an inadvertent oversight, the monthly fee statements for February through May 2023 did not reflect the voluntary reduction in the hourly rate of Luc A. Despins (from \$1,975 to \$1,825 per hour), resulting in an overstatement of Paul Hastings' fees by \$31,327.50.  This oversight has been corrected in this Application and the monthly fee statements attached hereto.  A credit for the related overpayment will be applied to Paul Hastings' next monthly fee statement.

[5]    The calculation of the blended hourly rates reflected in (a) does <u>not</u> take into account Paul Hastings' agreement to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  The impact of the 20% end of the case write-off on the blended hourly rates cannot be calculated at this time.  However, for illustrative purposes only, we have reflected in (b) the blended hourly rate after accounting for the 20% reduction for all attorneys and for all timekeepers.

| | |
|---|---|
| The total time expended for fee application preparation during the Application Period: | Approximately 11.4 hours |
| The total compensation requested for fee application preparation during the Application Period: | Approximately $13,951.00 |
| Number of professionals included in this Application: | 21 |
| If applicable, number of professionals in this Application not included in a staffing plan approved by the client: | 1 |
| If applicable, difference between fees budgeted and compensation sought for the Application Period: | Not applicable. |
| Number of professionals billing fewer than 15 hours to the case during the Application Period: | 6 |
| Are any timekeeper's hourly rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Application using the rates originally disclosed in the retention application: | Yes.[6]  When calculated at the rates in effect during the initial fee period (June 26, 2017 through September 30, 2017), total fees for the Application Period would have been $2,337,657.15 (compared to $3,576,750.25 under the current rates).  The rate adjustments reflect not only Paul Hastings' across-the-board increases in its rate scale, but also step increases due to advancing seniority.  While $1,246,402.85 of Paul Hastings' fees for the Application Period are attributable to periodic changes in rates, $176,689.00 of this amount is attributable to step increases due to advancing seniority.[7]  Thus, only $1,069,713.85 of the fees in the Application Period are attributable to changes in the firm's rate scale since the date of retention. |

---

[6]   As is customary, and as permitted pursuant to paragraph 2 of Paul Hastings' retention order [Docket No. 999], every year Paul Hastings reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.  As detailed in the notice filed on January 12, 2023 [Docket No. 23242], Paul Hastings raised its rates for certain timekeepers working on the Puerto Rico matter as of February 1, 2023, which adjustments apply across-the-board to all Paul Hastings clients.  The Committee approved the rate adjustment on a timekeeper-by-timekeeper basis.  As a courtesy to the Committee, Paul Hastings voluntarily agreed to reduce the hourly rate of Luc A. Despins (from $1,975 to $1,825 per hour) for the Application Period in the Puerto Rico matter (adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction

## MONTHLY FEE REQUESTS TO DATE

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **First Interim Fee Period (June 26, 2017 through September 30, 2017)** | | | | | | |
| 8/25/17 | 6/26/17 - 7/31/17 | $2,612,026.60 | $128,519.42 | $2,612,026.20 | $128,519.42 | $653,006.65 |
| 10/20/17 | 8/1/17- 8/31/17 | $2,742,786.60 | ($35,965.44) | $2,742,786.60 | ($35,965.44) | $685,696.65 |
| 12/5/17 | 9/1/17 - 9/30/17 | $2,121,569.60 | $40,716.24 | $2,121,569.60 | $40,716.24 | $530,392.40 |
| **Total** | | **$7,476,382.80** | **$133,270.22** | **$7,476,382.40** | **$133,270.22** | **$1,869,095.70** |
| | | | | | | |
| **Second Interim Fee Period (October 1, 2017 through January 31, 2018)** | | | | | | |
| 12/23/17 | 10/1/17 - 10/31/17 | $915,475.60 | $14,567.93 | $915,475.60 | $14,567.90 | $228,868.90 |
| 1/5/18 | 11/1/17 - 11/30/17 | $1,445,414.80 | $27,705.47 | $1,445,414.80 | $27,705.47 | $361,353.70 |
| 1/12/18 | 12/1/17 - 12/31/17 | $1,467,883.60 | $22,557.50 | $1,467,883.60 | $22,557.50 | $366,970.90 |
| 3/16/18 | 1/1/18 - 1/31/18 | $1,824,040.20[8] | $30,631.53[9] | $1,822,932.20 | $17,909.03 | $455,733.05 |
| **Total** | | **$5,652,814.20** | **$95,462.43** | **$5,651,706.20** | **$82,739.90** | **$1,412,926.55** |
| | | | | | | |
| **Third Interim Fee Period (February 1, 2018 through May 31, 2018)** | | | | | | |
| 4/18/18 | 2/1/18 - 2/28/18 | $2,015,455.20 | $87,789.71 | $2,015,455.20 | $87,789.71 | $503,863.80 |
| 5/9/18 | 3/1/18 - 3/31/18 | $2,416,111.40 | $53,500.42 | $2,416,111.40 | $53,500.42 | $604,027.85 |
| 6/15/18 | 4/1/18 - 4/30/18 | $1,355,344.60 | $408,763.80 | $1,355,344.60 | $408,763.80 | $339,320.15 |
| 7/13/18 | 5/1/18 - 5/31/18 | $1,152,043.00 | $36,939.73 | $1,152,043.00 | $36,939.73 | $288,010.75 |
| **Total** | | **$6,938,954.20** | **$586,993.66** | **$6,938,954.20** | **$586,993.66** | **$1,735,222.55** |

---

[7]   Under the U.S. Trustee's Appendix B Guidelines, rate increases "exclude step increases historically awarded by the firm in the ordinary course to attorneys throughout the firm due to advancing seniority and promotion."

[8]   This amount reflects a credit of $13,507.00 for fee reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

[9]   This amount reflects a credit of $21,926.16 for expense reductions pursuant to the order approving Paul Hastings' First Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| | | | | | | |
| **Fourth Interim Fee Period (June 1, 2018 through September 30, 2018)** | | | | | | |
| 9/6/18 | 6/1/18 - 6/30/18 | $983,056.20 | $45,319.10 | $983,056.20 | $45,319.10 | $245,764.05 |
| 10/8/18 | 7/1/18 - 7/31/18 | $1,061,831.60 | $77,376.40 | $1,061,831.60 | $77,376.40 | $265,457.90 |
| 11/2/18 | 8/1/18 - 8/31/18 | $1,288,866.00 | $39,833.17 | $1,288,866.00 | $39,833.17 | $322,216.50 |
| 11/15/18 | 9/1/18 - 9/30/18 | $1,302,462.40 | $39,196.98 | $1,302,462.40 | $39,196.98 | $325,615.60 |
| **Total** | | **$4,636,216.20** | **$201,725.65** | **$4,636,216.20** | **$201,725.65** | **$1,159,054.05** |
| | | | | | | |
| **Fifth Interim Fee Period (October 1, 2018 through January 31, 2019)** | | | | | | |
| 12/19/18 | 10/1/18 – 10/31/18 | $968,238.40 | $17,300.41 | $968,238.40 | $17,300.41 | $242,059.60 |
| 01/07/19 | 11/1/18 – 11/30/18 | $695,795.40 | $9,071.96 | $695,795.40 | $9,071.96 | $173,948.85 |
| 02/20/19 | 12/1/18 – 12/31/18 | $932,751.60 | $24,110.50 | $932,751.60 | $24,110.50 | $233,187.90 |
| 03/15/10 | 1/1/19 – 1/31/19 | $1,040,883.79[10] | $38,921.42[11] | $1,040,883.79 | $38,921.42 | $260,220.95 |
| **Total** | | **$3,637,669.19** | **$89,404.29** | **$3,637,669.19** | **$89,404.29** | **$909,417.30** |
| | | | | | | |
| **Sixth Interim Fee Period (February 1, 2019 through May 31, 2019)** | | | | | | |
| 06/13/19 | 2/1/19 – 2/28/19 | $1,098,711.60 | $30,746.31 | $1,098,711.60 | $30,746.31 | $274,677.90 |
| 06/13/19 | 3/1/19 – 3/31/19 | $1,453,006.40 | 25,745.44 | $1,453,006.40 | $25,745.44 | $363,251.60 |
| 07/03/19 | 4/1/19 – 4/30/19 | $1,852,132.00 | $64,731.53 | $1,852,132.00 | $64,731.53 | $463,033.00 |
| 07/15/19 | 5/1/19 – 5/31/19 | $2,143,294.80 | $61,317.34 | $2,143,294.80 | $61,317.34 | $535,823.70 |
| **Total** | | **$6,547,144.80** | **$182,540.62** | **$6,547,144.80** | **$182,540.62** | **$1,636,786.20** |

---

[10]   This amount reflects a credit of $158,129.01 for fee reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

[11]   This amount reflects a credit of $6,033.82 for expense reductions pursuant to the order approving Paul Hastings' Third and Fourth Interim Fee Applications.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Seventh Interim Fee Period (June 1, 2019 through September 30, 2019)** | | | | | | |
| 08/21/19 | 6/1/19 – 6/30/19 | $1,841,416.66[12] | $300,689.64 | $1,841,416.66 | $300,689.64 | $478,122.60 |
| 09/27/19 | 7/1/19 – 7/31/19 | $1,955,942.80 | $380,030.21 | $1,955,942.80 | $380,030.21 | $488,985.70 |
| 10/31/19 | 8/1/19 – 8/31/19 | $1,051,966.00 | $127,240.87 | $1,051,966.00 | $127,240.87 | $262,991.50 |
| 11/14/19 | 9/1/19 – 9/30/19 | $1,052,167.20 | $92,968.55[13] | $1,052,167.20 | $92,968.55 | $263,041.80 |
| **Total** | | **$5,901,492.71** | **$900,929.27** | **$5,901,492.66** | **$900,929.27** | **$1,493,141.60** |
| **Eighth Interim Fee Period (October 1, 2019 through January 31, 2020)** | | | | | | |
| 12/19/20 | 10/1/19 – 10/31/19 | $1,911,593.40 | $113,178.50 | $1,911,593.40 | $113,178.50 | $477,898.35 |
| 01/09/20 | 11/1/19 – 11/30/19 | $830,350.40 | $68,843.54 | $830,350.40 | $68,843.54 | $207,587.60 |
| 02/28/20 | 12/1/19 – 12/31/19 | $8812,363.17[14] | $54,148.03[15] | $812,363.17 | $54,148.03 | $202,867.59 |
| 03/13/20 | 1/1/20 – 1/31/20 | $963,194.20 | $44,734.48 | $963,194.20 | $44,734.48 | $240,263.85 |
| **Total** | | **$4,517,501.17** | **$280,904.55** | **$4,517,501.17** | **$280,904.55** | **$1,128,617.39** |
| **Ninth Interim Fee Period (February 1, 2020 through May 31, 2020)** | | | | | | |
| 04/27/20 | 2/1/19 – 2/29/20 | $1,537,133.80 | $64,790.53 | $1,537,133.80 | $64,790.53 | $384,283.45 |
| 05/15/20 | 3/1/20 – 3/31/20 | $1,230,017.80 | $26,061.77 | $1,230,017.80 | $26,061.77 | $307,504.45 |
| 06/05/20 | 4/1/20 – 4/30/20 | $665,122.80 | $30,205.99 | $665,122.80 | $30,205.99 | $166,280.70 |
| 07/10/20 | 5/1/20 – 5/31/20 | $398,858.80 | $18,014.66 | $398,858.80 | $18,014.66 | $99,714.70 |

---

[12]   This amount reflects a credit of $88,842.17 for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[13]   This amount reflects a credit of $606.96 for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[14]   This amount reflects a credit of $145,627.04 for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[15]   This amount reflects a credit of $227.93 for expense reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| **Total** | | **$3,831,133.20** | **$139,072.95** | **$3,831,133.20** | **$139,072.95** | **$957,783.30** |
| | | | | | | |
| **Tenth Interim Fee Period (June 1, 2020 through September 30, 2020)** | | | | | | |
| 08/6/20 | 6/1/20 – 6/30/20 | $331,160.82[16] | $8,379.46[17] | $331,160.82 | $8,379.46 | $82,790.20 |
| 09/14/20 | 7/1/20 – 7/31/20 | $487,330.80 | $66,532.00 | $487,330.80 | $66,532.00 | $121,832.70 |
| 10/10/20 | 8/1/20 – 8/31/20 | $516,247.20 | $34,799.52 | $516,247.20 | $34,799.52 | $129,061.80 |
| 11/2/20 | 9/1/20 – 9/30/20 | $499,875.60 | $39,927.12 | $499,875.60 | $39,927.12 | $124,968.90 |
| **Total** | | **$1,834,614.42** | **$149,638.10** | **$1,834,614.42** | **$149,638.10** | **$458,653.60** |
| | | | | | | |
| **Eleventh Interim Fee Period (October 1, 2020 through January 31, 2021)** | | | | | | |
| 12/12/20 | 10/1/20 – 10/31/20 | $579,022.80 | $9,489.60 | $579,022.80 | $9,489.60 | $144,755.40 |
| 01/8/21 | 11/1/20 – 11/30/20 | $290,754.00 | $22,036.54 | $290,754.00 | $22,036.54 | $72,688.50 |
| 02/12/21 | 12/1/20 – 12/31/20 | $417,523.60 | $14,383.76 | $417,523.60 | $14,383.76 | $104,380.90 |
| 03/11/21 | 1/1/21 – 1/31/21 | $202,174.00 | $14,267.47 | $202,174.00 | $14,267.47 | $50,543.50 |
| **Total** | | **$1,489,474.40** | **$60,177.37** | **$1,489,474.40** | **$60,177.37** | **$372,368.60** |
| | | | | | | |
| **Twelfth Interim Fee Period (February 1, 2021 through May 31, 2021)** | | | | | | |
| 4/9/21 | 2/1/21 – 2/28/21 | $216,458.14[18] | $24,926.47 | $216,458.14 | $24,926.47 | $54,114.53 |
| 5/7/21 | 3/1/21 – 3/31/21 | $152,465.24[19] | $8,252.75[20] | $152,465.24 | $8,252.75 | $38,116.31 |

---

[16]   This amount reflects a credit of (a) $99,027.94 for fee reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $73,343.54 for fee reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[17]   This amount reflects a credit of (a) $548.31 for expense reductions pursuant to the order approving Paul Hastings' Seventh Interim Fee Application and (b) $99.18 for expense reductions pursuant to the order approving Paul Hastings' Eighth Interim Fee Application.

[18]   This amount reflects a credit of $78,764.83 for fee reductions pursuant to the order approving Paul Hastings' Ninth Interim Fee Application.

[19]   This amount reflects a credit of $162,080.45 for fee reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

[20]   This amount reflects a credit of $170.77 for cost reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 6/25/21 | 4/1/21 - 4/30/21 | $619,255.60 | $35,459.58 | $619,255.58 | $35,459.58 | $154,813.90 |
| 7/9/21 | 5/1/21 – 5/31/21 | $352,375.60 | $9,950.81 | $352,375.59 | $9,950.81 | $88,092.90 |
| **Total** | | **$1,340,554.58** | **$78,589.61** | **$1,340,554.55** | **$78,589.61** | **$335,137.64** |
| | | | | | | |
| **Thirteenth Interim Fee Period (June 1, 2021 through September 30, 2021)** | | | | | | |
| 8/21/21 | 6/1/21 – 6/30/21 | $622,676.81[21] | $50,044.06 | $622,676.81 | $50,044.06 | $194,122.80 |
| 9/17/21 | 7/1/21 – 7/31/21 | $428,374.40 | $10,110.73 | $428,374.40 | $10,110.73 | $107,093.60 |
| 10/25/21 | 8/1/21 – 8/31/21 | $157,248.40 | $932.25 | $157,248.40 | $932.25 | $39,312.10 |
| 11/12/21 | 9/1/21 – 9/30/21 | $198,100.40 | $2,855.11 | $198,100.40 | $2,855.11 | $49,525.0 |
| **Total** | | **$1,406,400.01** | **$63,942.15** | **$1,406,400.01** | **$63,942.15** | **$390,053.60** |
| | | | | | | |
| **Fourteenth Interim Fee Period (October 1, 2021 through January 31, 2022)** | | | | | | |
| 12/17/21 | 10/1/21 – 10/31/21 | $318,006.00 | $1,536.22 | $318,006.00 | $1,536.22 | $79,501.50 |
| 1/6/22 | 11/1/21 – 11/30/21 | $333,804.00 | $8,207.39 | $333,804.00 | $8,207.39 | $83,451.00 |
| 1/27/22 | 12/1/21 – 12/31/21 | $100,036.80 | $560.40 | $100,036.80 | $560.40 | $25,009.20 |
| 2/24/22 | 1/1/22 – 1/31/22 | $451,821.20 | $6,228.00 | $451,821.20 | $6,228.00 | $112,955.30 |
| **Total** | | **$1,203,668.00** | **$16,532.01** | **$1,203,668.00** | **$16,532.01** | **$300,917.00** |
| | | | | | | |
| **Fifteenth Interim Fee Period (February 1, 2022 through May 31, 2022)** | | | | | | |
| 4/15/22 | 2/1/22 – 2/28/22 | $489,901.50[22] | $7,328.55 | $489,901.50 | $7,328.55 | $122,475.38 |
| 5/6/22 | 3/1/22 – 3/31/22 | $567,123.20 | $6,196.45 | $567,123.20 | $6,196.45 | $141,780.80 |
| 6/2/22 | 4/1/22 – 4/30/22 | $652,095.20 | $9,636.29 | 652,095.20 | $9,636.29 | $163,023.80 |

---

[21]  This amount reflects a credit of $192,268.03 for fee reductions pursuant to the order approving Paul Hastings' Eleventh Interim Fee Application

[22]  This amount reflects (a) a credit of $36,526.28 for fee reductions pursuant to the order approving Paul Hastings' Twelfth Interim Fee Application and (b) a credit of 20,123.34 for fee reductions pursuant to the order approving Paul Hastings' Thirteenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 6/30/22 | 5/1/22 – 5/31/22 | $577,627.20 | $9,228.34 | $577,627.50 | $9,228.34 | $144,406.80 |
| **Total** | | **$2,286,747.10** | **$32,389.63** | **$2,286,747.10** | **$32,389.63** | **$571,686.78** |
| | | | | | | |
| **Sixteenth Interim Fee Period (June 1, 2022 through September 30, 2022)** | | | | | | |
| 8/11/22 | 6/1/22 – 6/30/22 | $318,785.60 | $1,219.84 | $318,785.60 | $1,219.84 | $79,696.40 |
| 8/31/22 | 7/1/22 – 7/31/22 | $175,320.40 | $2,233.54 | $175,320.40 | $2,233.54 | $43,830.10 |
| 10/14/22 | 8/1/22 – 8/31/22 | $164,811.60 | $2,124.83 | $164,811.60 | $2,124.83 | $41,202.90 |
| 10/28/22 | 9/1/22 – 9/30/22 | $257,279.60 | $1,778.58 | $257,279.60 | $1,778.58 | $64,319.90 |
| **Total** | | **$916,197.20** | **$7,356.79** | **$916,197.20** | **$7,356.79** | **$229,409.30** |
| | | | | | | |
| **Seventeenth Interim Fee Period (October 1, 2022 through January 31, 2023)** | | | | | | |
| 12/9/22 | 10/1/22 – 10/31/22 | $376,470.40 | $2,604.64 | $376,470.40 | $2,604.64 | $94,117.60 |
| 1/6/23 | 11/1/22 – 11/30/22 | $501,670.40 | $6,668.59 | $501,670.40 | $6,668.59 | $125,417.60 |
| 2/14/23 | 12/1/22 – 12/31/22 | $175,715.42[23] | $2,130.42 | $175,715.42 | $2,130.42 | $43,928.86 |
| 3/2/23 | 1/1/23 – 1/31/23 | $409,084.00 | $5,714.78 | $409,084.00 | $5,714.78 | $102,271.00 |
| **Total** | | **$1,462.940.22** | **$17,118.43** | **$1,462.940.22** | **$17,118.43** | **$365,735.06** |
| | | | | | | |

---

[23]   This amount reflects (a) a credit of $40,425.24 for fee reductions pursuant to the order approving Paul Hastings' Fourteenth Interim Fee Application, (b) a credit of $76,721.32 for fee reductions pursuant to the order approving Paul Hastings' Fifteenth Interim Fee Application, and (c) a credit of $38,712.66 for fee reductions pursuant to the order approving Paul Hastings' Sixteenth Interim Fee Application.

| Date Submitted | Monthly Period Covered | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| Eighteenth Interim Fee Period (February 1, 2023 through May 31, 2023) | | | | | | |
| 3/31/23 | 2/1/23 – 2/28/23 | $417,454.20 | $7,584.03 | $424,432.20 | $7,584.03 | $104,363.55 |
| 5/19/23 | 3/1/23 – 3/31/23 | $317,094.80 | $972.51 | $320,790.80 | $972.51 | $79,273.70 |
| 6/26/23 | 4/1/23 – 4/30/23 | $583,804.10[24] | $2,700.96 | $588,544.10 | $2,700.96 | $145,951.03 |
| 6/30/23 | 5/1/23 – 5/31/23 | $1,509,372.80 | $20,929.76 | $0.00 | $0.00 | $377,343.20 |
| **Total** | | **$2,827,725.90** | **$32,187.26** | **$1,333,767.10** | **$11,257.50** | **$706,931.48** |

---

[24]   This amount reflects a credit of $42,092.87 for fee reductions pursuant to the order approving Paul Hastings' Seventeenth Interim Fee Application.

## PRIOR INTERIM FEE APPLICATIONS

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 12/15/17 Docket No. 2040 | 6/26/17 - 9/30/17 | $9,345,478.50 | $133,270.22 | Docket No. 2685 | Allowed:$9,264,712.49 Paid: $7,476,382.40 Authorized to be paid: $7,465,577.20[25] | Allowed:$111,344.06 Paid: $133,270.22 Authorized to be paid: $111,344.06[26] |
| 3/19/18 Docket No. 2735 | 10/1/17 – 1/31/18 | $7,066,017.75 | $95,462.43 | Docket No. 3279 | Allowed:$6,960,689.25 Paid: $5,651,706.20 Authorized to be paid: $5,651,706.20 | Allowed: $104,666.09[27] Paid: $82,739.90 Authorized to be paid: $82,739.93 |
| 7/16/18 Docket No. 3568 | 2/1/18 – 5/31/18 | $8,676,112.75 | $586,993.66 | Docket No. 5654 | Allowed:$8,576,523.01 Paid: $6,938,954.20 Authorized to be paid: $6,861,218.41[28] | Allowed:$583,256.46 Paid: $586,993.66 Authorized to be paid: $583,256.46[29] |
| 11/16/18 Docket No. 4325 | 6/1/18 – 9/30/18 | $5,795,270.25 | $201,725.65 | Docket No. 5654 | Allowed:$5,736,730.98 Paid: $4,636,216.20 Authorized to be paid: $4,589,384.78[30] | Allowed:$199,429.03 Paid: $201,725.65 Authorized to be paid: $199,429.03[31] |
| 4/18/2019 Docket No. 5822 | 10/1/18 – 1/31/19 | $4,705,215.50 | $95,438.11 | Docket No. 8189 | Allowed:$4,509,478.17 Paid: $3,637,669.19[32] Authorized to be paid: $3,566,595.46[33] | Allowed: $94,831.15 Paid: $89,404.29[34] Authorized to be paid: $88,797.33[35] |

---

[25] Reflects fee reductions in the amount of 80% of $13,507.00 (or $10,806.40), which was credited against amounts payable under the January 2018 fee statement.

[26] Reflects expense reductions in the amount of $21,926.16, which was credited against amounts payable under the January 2018 fee statement.

[27] Prior to application of a $21,926.16 credit for expense reductions pursuant to order approving Paul Hastings' First Interim Fee Application.

[28] Reflects fee reductions in the amount of 80% of $99,589.74 (or $79,671.79), which was credited against amounts payable under the January 2019 fee statement.

[29] Reflects expense reductions in the amount of $3,737.20, which was credited against amounts payable under the January 2019 fee statement.

[30] Reflects fee reductions in the amount of 80% of $58,539.27 (or $46,831.42), which was credited against amounts payable under the January 2019 fee statement.

[31] Reflects expense reductions in the amount of $2,296.62, which was credited against amounts payable under the January 2019 fee statement.

[32] After giving effect to credits for fee reductions in the aggregate amount of 80% of $158,129.01 (or $126,503.21) pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[33] Reflects fee reductions in the amount of 80% of $88,842.16 (or $71,073.73), which was credited against amounts payable under the June 2019 fee statement.  Also, amount authorized to be paid is net of $126,503.21

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/19 Docket No. 8004 | 2/1/19 – 5/31/19 | $8,183,931.00 | $182,540.62 | Docket No. 9687 | Allowed:$7,842,124.12 Paid: $6,547,144.80 Authorized to be paid: $6,430,643.17[36] | Allowed:$182,312.69 Paid: $182,540.62 Authorized to be paid: $182,084.76[37] |
| 11/15/19 Docket No. 9219 | 6/1/19 – 9/30/19 | $7,465,708.00 | $901,536.23 | Docket No. 12861 | Allowed:$7,135,691.63 Paid: $5,901,492.66[38] Authorized to be paid: $5,733,012.71[39] | Allowed:$384,942.38 Paid: $900,929.27[40] Authorized to be paid: $385,549.34[41] |
| 3/16/20 Docket No. 12395 | 10/1/19 – 1/31/20 | $5,788,714.00 | $281,132.48 | Docket No. 13824 | Allowed:$5,641,450.42 Paid: $4,517,501.17[42] Authorized to be paid: $4,455,794.74[43] | Allowed:$281,132.48 Paid: $280,904.55[44] Authorized to be paid: $281,033.30[45] |

in credits for fee reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[34]   After giving effect to credits for expense reductions in the aggregate amount of $6,033.82 pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[35]   Reflects expense reductions in the amount of $606.96, which was credited against amounts payable under the September 2019 fee statement.  Also, amount authorized to be paid is net of $6,033.82 in credits for expense reductions pursuant to the orders approving Paul Hastings' Third and Fourth Interim Fee Applications.

[36]   Reflects fee reductions in the amount of 80% of $145,627.04 (or $116,501.63), which was credited against amounts payable under the December 2019 fee statement.

[37]   Reflects expense reductions in the amount of $227.93, which was credited against amounts payable under the December 2019 fee statement.

[38]   After giving effect to credits for fee reductions in the amount of $88,842.17 (or $71,073.74 after 20% reduction) pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[39]   Reflects (a) fee reductions in the amount of 80% of $99,027.94 (or $79,222.35), which was credited against the amounts payable under the June 2020 fee statement and (b) deferral of fees in the amount of 80% of $111,572.00 (or $89,257.60), as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $71,073.73 in credits for fee reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[40]   After giving effect to credits for expense reductions in the amount of $606.96 pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[41]   Reflects (a) expense reductions in the amount of $548.31, which was credited against amounts payable under the June 2020 fee statement and (b) deferral of expenses in the amount of $515,438.58, as agreed between Paul Hastings and the Fee Examiner.  Also, amount authorized to be paid is net of $606.96 in credits for expense reductions pursuant to the order approving Paul Hastings' Fifth Interim Fee Application.

[42]   After giving effect to credits for fee reductions in the amount of $145,627.04 (or $116,501.63 after 20% reduction) pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[43]   Reflects fee reductions in the amount of 80% of $73,343.54 (or $58,674.83), which was credited against amounts payable under the June 2020 fee statement.  Also, amount authorized to be paid is net of $116,501.63 in credits for fee reductions pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 7/15/20 Docket No. 13682 | 2/1/20 – 5/31/20 | $4,788,916.50 | $139,072.95 | Docket No. 15355 | Allowed:$4,633,541.85 Paid:$3,831,133.20 Authorized to be paid: $3,768,121.34[46] | Allowed:$139,072.95 Paid:$139,072.95 Authorized to be paid: $139,072.95 |
| 11/16/20 Docket No. 15160 | 6/1/20 – 9/30/20 | $2,465,639.50 | $150,285.59 | Docket No. 16592 | Allowed: $2,270,277.60 Paid:$1,834,614.42 Authorized to be paid: $1,704,950.06[47] | Allowed: $150,114.82 Paid:$149,638.10 Authorized to be paid: $149,467.33[48] |
| 3/15/21 Docket No. 16067 | 10/1/20 – 1/31/21 | $1,861,843.00 | $60,177.37 | Docket No. 17646 | Allowed:$1,635,017.44 Paid:$1,489,474.40 Authorized to be paid: $1,335,659.98[49] | Allowed: $60,177.37 Paid:$60,177.37 Authorized to be paid: $60,177.37 |
| 7/15/21 Docket No. 17380 | 2/1/21 – 5/31/21 | $1,916,538.50 | $78,760.38 | Docket No. 19500 | Allowed:$1,862,000.95 Paid:$1,340,554.55 Authorized to be paid: $1,311,333.56[50] | Allowed: $78,560.38 Paid:$78,589.61 Authorized to be paid: $78,560.38[51] |

[44]   After giving effect to credits for expense reductions in the amount of $227.93 pursuant to the order approving Paul Hastings' Sixth Interim Fee Application.

[45]   Reflects expense reductions in the amount of $99.18, which was credited against amounts payable under the June 2020 fee statement.

[46]   Reflects fee reductions in the amount of 80% of $78,764.83 (or $63,011.86), which was credited against amounts payable under the February 2021 fee statement.

[47]   Reflects fee reductions in the amount of 80% of $162,080.45 (or $129,664.36), which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $172,371.48 in credits for fee reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[48]   Reflects expense reductions in the amount of $170.77, which was credited against amounts payable under the March 2021 fee statement.  Also, amount authorized to be paid is net of $647.49 in credits for expense reductions pursuant to the orders approving Paul Hastings' Seventh and Eighth Interim Fee Applications.

[49]   Reflects fee reductions in the amount of 80% of $192,268.03 (or $153,814.42), which was credited against amounts payable under the June 2021 fee statement.

[50]   Reflects fee reductions in the amount of 80% of $36,526.28 (or $29,221.02), which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $240,845.28 in credits for fee reductions pursuant to the order approving Paul Hastings' Ninth and Tenth Interim Fee Applications.

[51]   Reflects expense reductions in the amount of $200.00, which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $170.77 in credits for expense reductions pursuant to the order approving Paul Hastings' Tenth Interim Fee Application.

| Date Filed [Docket No.] | Period Covered | Requested Fees | Requested Expenses | Order [Docket No.] | Fees Allowed and Paid | Expenses Allowed and Paid |
|---|---|---|---|---|---|---|
| 11/15/21 Docket No. 19238 | 6/1/21 – 9/30/21 | $1,950,268.00 | $63,942.15 | Docket No. 20412 | Allowed: $1,910,232.82 Paid: $1,406,400.01 Authorized to be paid: $1,390,301.30[52] | Allowed: $63,942.15 Paid: $63,942.15 Authorized to be paid: $63,942.15 |
| 5/26/22 Docket No. 21038 | 10/1/21 – 1/31/22 | $1,504,585.00 | $16,532.01 | Docket No. 22727 | Allowed: $1,446,234.52 Paid: $1,203,668.00 Authorized to be paid: $1,171,327.81[53] | Allowed: $16,532.01 Paid: $16,532.01 Authorized to be paid: $16,532.01 |
| 7/15/22 Docket No. 21520 | 2/1/22 – 5/31/22 | $2,915,083.50 | $32,389.63 | Docket No. 22727 | Allowed: $2,774,140.87 Paid: $2,286,747.10 Authorized to be paid: $2,225,370.06[54] | Allowed: $32,389.63 Paid: $32,389.63 Authorized to be paid: $32,389.63 |
| 11/15/22 Docket No. 22879 | 6/1/22 – 9/30/22 | $1,145,246.50 | $70,240.31 | Docket No. 23408 | Allowed: $1,075,006.19 Paid: $916,197.20 Authorized to be paid: $885,227.072[55] | Allowed: $7,356.79 Paid: $7,356.79 Authorized to be paid: $7,356.79 |
| 3/15/23 Docket No. 23813 | 10/1/22 – 1/31/23 | $1,984,534.50 | $17,118.43 | Docket No. 24548 | Allowed: $1,900,348.77 Paid: $1,462,940.22 Authorized to be paid: $1,429,265.93[56] | Allowed: $17,118.43 Paid: $17,118.43 Authorized to be paid: $17,118.43 |

---

[52]   Reflects fee reductions in the amount of 80% of $20,123.34 (or $16,098.67), which was credited against amounts payable under the February 2022 fee statement.  Also, the amount authorized to be paid is net of $192,268.03 in credits for fee reductions pursuant to the order approving Paul Hastings' Eleventh Interim Fee Applications.

[53]   Reflects fee reductions in the amount of 80% of $40,425.24 (or $32,340.19), which were credited against amounts payable under the December 2022 fee statement.

[54]   Reflects fee reductions in the amount of 80% of $76,721.32 (or $61,377.06), which were credited against amounts payable under the December 2022 fee statement.  Also, the amount authorized to be paid is net of $56,649.62 in credits for fee reductions pursuant to the order approving Paul Hastings' Twelfth and Thirteenth Interim Fee Applications.

[55]   Reflects fee reductions in the amount of 80% of $38,712.66 (or $30,970.13), which were credited against amounts payable under the December 2022 fee statement.

[56]   Reflects fee reductions in the amount of 80% of $42,092.87 (or $33,674.30), which were credited against amounts payable under the April 2023 fee statement.  Also, the amount authorized to be paid is net of $155,859.22 in credits for fee reductions pursuant to the order approving Paul Hastings' Fourteenth, Fifteenth, and Sixteenth Interim Fee Applications.

**Hearing Date**: December 6, 2023 at 8:30 a.m. (ET) / 9:30 p.m. (AST)
**Objection Deadline**: August 3, 2023 at 4:00 p.m. (ET) / 4:00 p.m. (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

--------------------------------------------------------------------- x
:
In re:                                                                 :
                                                                       :
THE FINANCIAL OVERSIGHT AND                                            :   PROMESA
MANAGEMENT BOARD FOR PUERTO RICO,                                      :   Title III
                                                                       :
      as representative of                                  :   Case No. 17-BK-3283 (LTS)
                                                                       :
THE COMMONWEALTH OF PUERTO RICO, *et al.*,                             :   (Jointly Administered)
                                                                       :
      Debtors.[1]                                           :
--------------------------------------------------------------------- x

## EIGHTEENTH INTERIM APPLICATION OF PAUL HASTINGS LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2023 THROUGH MAY 31, 2023

---

[1]    The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ...................................................................................................................... 7

COMPENSATION AND REIMBURSEMENT REQUEST ...................................................... 16

SUMMARY OF SERVICES ..................................................................................................... 21

    I.     Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico
        (Matter ID 00002) ................................................................................................ 22

    II.    PREPA (Matter ID 00006) .................................................................................. 24

    III.   Mediation (Matter ID 00010) ............................................................................. 29

ATTENDANCE AT HEARINGS ............................................................................................. 29

REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND
COMMITTEE ........................................................................................................................ 30

ACTUAL AND NECESSARY DISBURSEMENTS ................................................................ 32

REQUESTED COMPENSATION SHOULD BE ALLOWED .................................................. 33

CONCLUSION ...................................................................................................................... 36

### SUPPORTING DECLARATION, EXHIBITS, AND SCHEDULES

SUPPORTING DECLARATION OF LUC A. DESPINS

EXHIBIT A          CUSTOMARY AND COMPARABLE COMPENSATION
                   DISCLOSURES

EXHIBIT B          SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

EXHIBIT C          BUDGETS AND STAFFING PLANS FOR APPLICATION PERIOD

   EXHIBIT C-1     BUDGETS

   EXHIBIT C-2     STAFFING PLANS

EXHIBIT D          SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY

   EXHIBIT D-1     SUMMARY OF COMPENSATION REQUESTED BY PROJECT
                   CATEGORY AS COMPARED TO BUDGET

   EXHIBIT D-2     SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY
                   CATEGORY

EXHIBIT E          BREAKDOWN OF COMPENSATION AND EXPENSE
                   REIMBURSEMENT REQUESTED BY DEBTOR AND BY WHETHER
                   SERVICES WERE RENDERED IN PUERTO RICO OR OUTSIDE
                   PUERTO RICO

SCHEDULE 1         LIST OF PROFESSIONALS BY MATTER

SCHEDULE 2         MONTHLY STATEMENTS COVERED IN APPLICATION

SCHEDULE 3         PROPOSED ORDER

To the Honorable United States District Judge Laura Taylor Swain:

Paul Hastings LLP ("Paul Hastings"), counsel to the Official Committee of Unsecured
Creditors (the "Committee"),[1] for its eighteenth application (the "Application"), pursuant to
sections 316 and 317 of the Puerto Rico Oversight, Management and Economic Stability Act
of 2016 ("PROMESA"),[2] section 503(b) of Title 11, United States Code (the "Bankruptcy
Code") as made applicable to these cases by section 301(a) of PROMESA, Rule 2016 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" or "Rules"), and Rule 2016-1
of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto
Rico (the "Local Rules"), for the interim allowance of compensation for professional services
performed by Paul Hastings for the period from February 1, 2023 through and including May 31,
2023 (the "Application Period"), and for reimbursement of its actual and necessary expenses
incurred during the Application Period, respectfully represents:

## PRELIMINARY STATEMENT

1.      During the Application Period, Paul Hastings continued to handle numerous
matters that were of critical importance to the interests of PREPA and its creditors.  Most
importantly, during the Application Period, Paul Hastings led the Committee's efforts in support
of the Oversight Board's motion for summary judgment on two threshold questions with respect
to the PREPA bondholders' legal entitlements, namely (1) the scope of the bondholders' security
interest and (2) the non-recourse nature of the PREPA bonds.  Among other things, Paul
Hastings handled oral argument for the Committee at the February 1, 2023 hearing on the

---

[1]   Prior to August 25, 2017, the Committee was the official committee of unsecured creditors for the
Commonwealth's Title III case only.  On August 25, 2017, the U.S. Trustee expanded the Committee's role to
also include the Title III cases of HTA, ERS, and PREPA.

[2]   References to PROMESA are references to 48 U.S.C. §§ 2101 *et seq.*

Oversight Board's and the PREPA bondholders' summary judgment motions. Following the

Court's March 22, 2023 decision on the summary judgment motions, Paul Hastings participated

in the discovery (including attending eight depositions during May 2023) as well as the

substantive briefing with respect to the estimation of the bondholders' unsecured net revenue

claim. During these estimation proceedings, Paul Hastings closely coordinated with counsel for

the Oversight Board with respect to the discovery, merits briefing, and other related matters, all

with the view to minimizing duplication. For example, instead of filing a standalone opening

brief, Paul Hastings prepared the Committee's limited joinder in the Oversight Board's opening

brief.[3]

       2.       In addition, during the Application Period, Paul Hastings prepared the

Committee's initial and supplemental objections to the approval of the disclosure statement for

the PREPA plan of adjustment (which objections were filed on February 3 and 17, 2023,

respectively), (b) analyzed the Oversight Board's modifications to the PREPA plan of

adjustment and the related disclosure statement, (c) analyzed the disclosure statement objections

filed by other parties in interest, and (d) prepared the Committee's recommendation letter to be

included in the solicitation package. Following the Court's approval of the PREPA disclosure

statement, Paul Hastings handled all aspects of the Committee discovery efforts in connection

with its objection to confirmation of the PREPA plan of adjustment, including (i) preparing

document requests, interrogatories, and deposition notices, (ii) handling depositions of seventeen

witnesses during the month of May 2023, (iii) analyzing the various expert reports filed by other

---

[3]    As the Court is aware, the Committee's efforts contributed to this Court's June 26, 2023 decision estimating the approximately $8.5 billion in net revenue claims asserted by the bondholders in the amount of $2.388 billion.

parties in connection with plan confirmation, and (iv) preparing motions to exclude the testimony of Messrs. Skeel and Shankweiler.

3.       All the while, Paul Hastings has continued to advise the Committee on all issues bearing on the rights of unsecured creditors in these Title III cases:

      a.       holding regular Committee meetings and communicating regularly with Committee members regarding ongoing matters in the Title III cases; and

      b.       monitoring hearings, pleadings filed, and orders entered in the Title III cases and related adversary proceedings (including, where appropriate, filing objections), and representing the Committee in hearings before the Court.

4.       Paul Hastings has continued to perform these services in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. For example, the work performed by Paul Hastings was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Moreover, whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments and by delegating, to the extent practicable, questions of Puerto Rico law to local counsel.

5.       In addition, a small core group of Paul Hastings attorneys was utilized for the vast majority of the work in these Title III cases to minimize the costs of intra-Paul Hastings communication and education about the cases.  Generally, only two Paul Hastings attorneys (and, on occasion, three attorneys) attended the various hearings held during the Application Period, thereby minimizing the time billed on these hearings.  This is to be contrasted with other firms that have several partners attending such hearings.

6.      Moreover, to the extent appropriate, Paul Hastings sought to work closely with counsel to the Oversight Board, counsel to the Oversight Board's Special Claims Committee (the "Special Claims Committee") and counsel to the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF") in order to eliminate unnecessary duplication and allocate tasks in an efficient manner.  For example, with limited exceptions, the Committee did not become involved in addressing stay relief requests and, instead, deferred these matters to representatives of the Debtors.  In addition, to the extent appropriate, the Committee joined in the relief sought by other parties (as opposed to incurring the cost of preparing its own standalone motions) or concluded that no pleading was necessary at all.  The Committee has also continued to be very judicious in determining in which adversary proceedings to intervene, despite the First Circuit's ruling affirming the Committee's unconditional right to intervene in adversary proceedings.[4]

7.      Finally, we note that the blended attorney hourly rate ($1,184 after the 20% reduction) for the Application Period is not comparable to the average hourly rate of other professionals in these Title III cases.  Importantly, the Firm's blended attorney hourly rate does not reflect the numerous cost-saving measures that were put in place, including deferring a variety of matters to the Committee's local counsel, Casillas, Santiago & Torres LLC ("CST"), and the Committee's special litigation counsel, Continental PLLC ("Continental"),[5] which have significantly lower rates than Paul Hastings.  For example, certain adversary proceedings (such

---

[4]     Paul Hastings has agreed to reduce its total fees by an amount equal to 20% of the firm's case fees (with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process).  For the avoidance of doubt, at this time, Paul Hastings seeks allowance of $3,576,750.25 (*i.e.*, 100% of fees for services rendered during the Application Period), but payment of fees in the amount of $2,861,400.20 (to the extent such amount has not been paid before the hearing scheduled on this Application).

[5]     In 2022, three lawyers from Genovese, Joblove & Battista, P.A. ("Genovese") who had been primarily responsible for the representation of the Committee as special litigation counsel joined the firm of Continental. The Committee approved Continental's substitution for Genovese, effective as of February 14, 2022, as detailed in the Continental retention application, dated February 28, 2022 [Docket No. 20222], which the Court approved on March 18, 2022 [Docket No. 20407].

as the complaint against certain PREPA fuel suppliers) are being handled by Continental, even where Paul Hastings does not have a conflict.  If it were not for these cost-saving measures, Paul Hastings would have used more junior attorneys for these tasks, which would have materially reduced the blended attorney hourly rate for the Application Period.  Furthermore, Paul Hastings submits that concentrating work in small teams (that naturally involve more senior attorneys at higher rates) is more cost-efficient than spreading work out across large teams with numerous junior attorneys (which would have the effect of artificially lowering the blended hourly rate).  By comparison, on average, the Paul Hastings core teams are half the size of other firms' core teams.

8.      In sum, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases.  The results obtained to date have benefited not only the Committee but also the Debtors and their creditors.  Accordingly, in light of the nature and complexity of these Title III cases, Paul Hastings' charges for professional services performed and expenses incurred are reasonable under applicable standards.  For all these reasons, Paul Hastings respectfully requests that the Court grant the Application and allow interim compensation for professional services performed and reimbursement for expenses as requested.

9.      This Application is consistent with the Interim Compensation Order (as defined below), Local Rule 2016-1, and *Appendix B of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11*

*U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[6]  To the

extent necessary, Paul Hastings requests a waiver for cause shown of any requirements not met

by this Application.

10.     In accordance with the U.S. Trustee Guidelines, at the end of this Application are

the following Exhibits and Schedules:

- Exhibit A contains disclosures regarding "customary and comparable compensation."

- Exhibit B contains a summary of Paul Hastings' timekeepers included in this Application.

- Exhibit C-1 contains the budgets for Paul Hastings' services during the Application Period.

- Exhibit C-2 contains the staffing plans for Paul Hastings' services during the Application Period.

- Exhibit D-1 contains a summary of the compensation requested as compared to the compensation budgeted for the firm's services during the Application Period.

- Exhibit D-2 contains a summary of the expense reimbursements requested by category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements.

- Exhibit E contains a breakdown of compensation and expense reimbursement requested by Debtor and by whether the services were rendered in Puerto Rico or outside Puerto Rico.

- Schedule 1 contains a list of the professionals providing services during the Application Period by matter.

- Schedule 2 includes the monthly fee statements covered in this Application.

- Schedule 3 includes the proposed order approving this Application.

---

[6]   The Committee and Paul Hastings reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these cases.

## BACKGROUND

11.     On May 3, 2017, the Oversight Board commenced a Title III case for the

Commonwealth of Puerto Rico by filing a voluntary petition for relief pursuant to section 304(a)

of PROMESA (the "Commonwealth Title III Case").  Thereafter, the Oversight Board

commenced a Title III case for each of COFINA, the Employees Retirement System of the

Government of the Commonwealth of Puerto Rico (the "ERS Title III Case"), the Puerto Rico

Highways and Transportation Authority (the "HTA Title III Case"), and the Puerto Rico Electric

Power Authority (the "PREPA Title III Case," and, together with the Commonwealth Title III

Case, the ERS Title III Case, and the HTA Title III Case, the "Title III Cases").[7]  By orders dated

June 29, 2017 [Docket No. 537] and October 6, 2017 [Docket No. 1417], the Court approved the

joint administration of the Title III Cases.

12.     On June 15, 2017, the Office of the United States Trustee for the District of

Puerto Rico (the "U.S. Trustee") filed a *Notice Appointing Creditors Committee for Unsecured

Creditors* [Docket No. 338].  On June 26, 2017, the Committee selected Paul Hastings as counsel

to the Committee.

13.     On July 10, 2017, the Committee filed an application to retain and employ Paul

Hastings as counsel, effective June 26, 2017 [Docket No. 610] (the "Retention Application").

By order of this Court entered August 10, 2017 [Docket No. 999] (the "Retention Order"),

incorporated herein by this reference, Paul Hastings' retention as counsel to the Committee was

approved effective as of June 26, 2017.

---

[7]     Unless otherwise indicated, references to docket numbers shall be to the docket of the Commonwealth Title III
Case.

14.     On August 23, 2017, the Court entered the *Order Setting Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (as amended, the "Interim Compensation Order").[8]

15.     On August 25, 2017, the U.S. Trustee filed an *Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 1171], which expanded the role of the Committee to be the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  Paul Hastings' retention extends to the representation of the Committee as the official committee for the HTA Title III Case, the ERS Title III Case, and the PREPA Title III Case.  In particular, the Retention Order provided that "[t]he retention of Paul Hastings, as counsel to the Committee, shall be deemed to apply to the representation of the Committee if ever enlarged to include unsecured creditors of other debtors, without the need to obtain a modification of this Order."

16.     The Retention Order authorized Paul Hastings to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.[9]  The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of Paul Hastings under this Order shall be an administrative expense."  In addition, as provided in the

---

[8]     The Interim Compensation Order was most recently amended on June 24, 2022 [Docket No. 21334].  Because the Committee continues to remain in existence as to the Commonwealth and ERS cases until the order confirming the Commonwealth Plan becomes a Final Order, and the Committee also remains in existence as to the PREPA and HTA cases, this Application covers the period from June 1, 2022 through September 30, 2022 for all four cases, in accordance with footnote 6 of the *Third Amended Order Setting Procedures for Interim and Final Compensation and Reimbursement of Expenses of Professionals* [Docket No. 20546], which provision was not revised by the June 24, 2022 amendment.

[9]     Paragraph 2 of the Retention Order provides, among other things, that "Paul Hastings will charge its regular hourly rates in effected from time to time; as such rates may be increased periodically, annually or otherwise."

Retention Order, the Oversight Board has consented to the Debtors' payment of Paul Hastings' allowed fees and expenses.

17.     Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in connection with the final fee application process.  For that reason, at this time Paul Hastings seeks payment of only 80% of its fees incurred during the Application Period, but allowance of 100% of such fees.  Paul Hastings agreed to this reduction in reliance on the fact that the timing of the payment of Paul Hastings' fees and expenses would be governed by Court orders which contained strict procedures and deadlines, and that such order would be complied with.

18.     On October 6, 2017, the Court entered the *Order Pursuant to PROMESA Sections 316 and 317 and Bankruptcy Code Section 105(a) Appointing a Fee Examiner and Related Relief* [Docket No. 1416] (the "Fee Examiner Order").  The Court appointed Brady Williamson as the Fee Examiner in the Title III Cases.

19.     On December 15, 2017, Paul Hastings filed its first interim fee application with respect to the period from June 26, 2017 through September 30, 2017 [Docket No. 2040] (the "First Interim Fee Application").  In accordance with the Interim Compensation Order, Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[10]  On March 7, 2018, the Court approved the First Interim Fee Application, with the agreed-upon adjustments.

---

[10]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $67,259.01 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $13,507.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $21,926.16 (which amount also was credited against Paul Hastings' January 2018 fee statement).

20.     On March 19, 2018, Paul Hastings filed its second interim fee application with respect to the period from October 1, 2017 through January 31, 2018 [Docket No. 2735] (the "Second Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[11]  On June 8, 2018, the Court approved the Second Interim Fee Application, with the agreed-upon adjustments.

21.     On July 16, 2018, Paul Hastings filed its third interim fee application with respect to the period from February 1, 2018 through May 31, 2018 [Docket No. 3568] (the "Third Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[12]  On March 14, 2019, the Court approved the Third Interim Fee Application, with the agreed-upon adjustments.

22.     On November 16, 2018, Paul Hastings filed its fourth interim fee application with respect to the period from June 1, 2018 through September 30, 2018 [Docket No. 4325] (the "Fourth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[13]  On March 14, 2019, the Court approved the Fourth Interim Fee Application, with the agreed-upon adjustments.

---

[11]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of  $103,943.50 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $1,385.00 (which amount was credited against Paul Hastings' January 2018 fee statement), and (c) expense reductions in the amount of $12,722.50 (which amount also was credited against Paul Hastings' January 2018 fee statement).

[12]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $125,338.14 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,589.74 (which amount was credited against Paul Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $3,737.20 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[13]  These agreed-upon adjustments consisted of (a) fee reductions in the amount of $69,137.26 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $58,539.27 (which amount was credited against Paul

23.     On March 18, 2019, Paul Hastings filed its fifth interim fee application with respect to the period from October 1, 2018 through January 31, 2019 [Docket No. 5822] (the "Fifth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[14]  On July 23, 2019, the Court approved the Fifth Interim Fee Application, with the agreed-upon adjustments.

24.     On July 15, 2019, Paul Hastings filed its sixth interim fee application with respect to the period from February 1, 2019 through May 31, 2019 [Docket No. 8004] (the "Sixth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[15]  On January 2, 2020, the Court approved the Sixth Interim Fee Application, with the agreed-upon adjustments.

25.     On November 15, 2019, Paul Hastings filed its seventh interim fee application with respect to the period from June 1, 2019 through September 30, 2019 [Docket No. 9219] (the "Seventh Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[16]  On April 17,

---

Hastings' January 2019 fee statement), and (c) expense reductions in the amount of $2,296.62 (which amount also was credited against Paul Hastings' January 2019 fee statement).

[14]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $106,895.16 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $88,842.17 (which amount was credited against Paul Hastings' June 2019 fee statement), and (c) expense reductions in the amount of $606.96 (which amount also was credited against Paul Hastings' September 2019 fee statement).

[15]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $196,179.84 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $145,627.04 (which amount was credited against Paul Hastings' December 2019 fee statement), and (c) expense reductions in the amount of $227.93 (which amount also was credited against Paul Hastings' December 2019 fee statement).

[16]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $119,416.43 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $99,027.94 (which amount was credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $548.31 (which amount also was credited against Paul Hastings' June 2020 fee statement).  In addition, Paul Hastings and the fee examiner agreed to provisionally defer (a) $111,572.00 in Paul Hastings' fees related to the expert report prepared by

2020, the Court approved the Seventh Interim Fee Application, with the agreed-upon adjustments.

26.     On March 16, 2020, Paul Hastings filed its eighth interim fee application with respect to the period from October 1, 2019 through January 31, 2020 [Docket No. 12395] (the "Eighth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[17]  On July 24, 2020, the Court approved the Eighth Interim Fee Application, with the agreed-upon adjustments.

27.     On July 15, 2020, Paul Hastings filed its ninth interim fee application with respect to the period from February 1, 2020 through May 31, 2020 [Docket No. 13682] (the "Ninth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[18]  On December 7, 2020, the Court approved the Ninth Interim Fee Application, with the agreed-upon adjustments.

28.     On November 16, 2020, Paul Hastings filed its tenth interim fee application with respect to the period from June 1, 2020 through September 30, 2020 [Docket No. 15160] (the "Tenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

---

London Economics International, LLC ("LEI") and (b) $515,438.58 in expenses related to the expert report prepared by LEI.

[17]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $73,920.04 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $73,343.54 (which amount was credited against Paul Hastings' June 2020 fee statement), and (c) expense reductions in the amount of $99.18 (which amount also was credited against Paul Hastings' June 2020 fee statement).

[18]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $76,609.82 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $78,764.83 (which amount were credited against Paul Hastings' February 2021 fee statement).

Examiner and agreed to certain adjustments in its requested fees and expenses.[19]  On April 27, 2021, the Court approved the Tenth Interim Fee Application, with the agreed-upon adjustments.

29.     On March 15, 2021, Paul Hastings filed its eleventh interim fee application with respect to the period from October 1, 2020 through January 31, 2021 [Docket No. 16067] (the "Eleventh Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[20]  On August 3, 2021, the Court approved the Eleventh Interim Fee Application, with the agreed-upon adjustments.

30.     On July 15, 2021, Paul Hastings filed its twelfth interim fee application with respect to the period from February 1, 2021 through May 31, 2021 [Docket No. 17380] (the "Twelfth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[21]  On December 13, 2021, the Court approved the Twelfth Interim Fee Application, with the agreed-upon adjustments.

31.     On November 15, 2021, Paul Hastings filed its thirteenth interim fee application with respect to the period from June 1, 2021 through September 30, 2021 [Docket No. 19238]

---

[19]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $33,281.45 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $162,080.45 (which amount was credited against Paul Hastings' March 2021 fee statement), and (c) expense reductions in the amount of $170.77 (which amount also was credited against Paul Hastings' March 2021 fee statement).

[20]   These agreed-upon adjustments consisted of (a) fee reductions in the amount of $34,557.53 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $192,268.03 (which amount was credited against Paul Hastings' June 2021 fee statement).

[21]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $18,011.28 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application, (b) additional fee reductions in the amount of $36,526.28 (which amount was credited against Paul Hastings' February 2022 fee statement) and (c) expense reductions in the amount of $200.00 (which amount also was credited against Paul Hastings' February 2022 fee statement).

(the "Thirteenth Interim Fee Application").  Paul Hastings received a preliminary report from the

Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[22]  On March

18, 2022, the Court approved the Thirteenth Interim Fee Application, with the agreed-upon

adjustments.

32.      On May 26, 2022, Paul Hastings filed its fourteenth interim fee application with

respect to the period from October 1, 2021 through January 31, 2022 [Docket No. 21038] (the

"Fourteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

Examiner and agreed to certain adjustments in its requested fees and expenses.[23]  On October 28,

2022, the Court approved the Fourteenth Interim Fee Application, with the agreed-upon

adjustments.

33.      On July 15, 2022, Paul Hastings filed its fifteenth interim fee application with

respect to the period from February 1, 2022 through May 31, 2022 [Docket No. 21520] (the

"Fifteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee

Examiner and agreed to certain adjustments in its requested fees and expenses.[24]  On October 28,

2022, the Court approved the Fifteenth Interim Fee Application, with the agreed-upon

adjustments.

---

[22]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $19,911.84 to be included within
the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application
and (b) additional fee reductions in the amount of $20,123.34 (which amount was credited against Paul
Hastings' February 2022 fee statement).

[23]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $17,925.24 to be included within
the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application
and (b) additional fee reductions in the amount of $40,425.24 (which amount was credited against Paul
Hastings' December 2022 fee statement).

[24]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $64,221.31 to be included within
the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application
and (b) additional fee reductions in the amount of $76,721.32 (which amount was credited against Paul
Hastings' December 2022 fee statement).

34.     On November 15, 2022, Paul Hastings filed its sixteenth interim fee application with respect to the period from June 1, 2022 through September 30, 2022 [Docket No. 22879] (the "Sixteenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[25]  On January 27, 2023, the Court approved the Sixteenth Interim Fee Application, with the agreed-upon adjustments.

35.     On March 15, 2023, Paul Hastings filed its seventeenth interim fee application with respect to the period from October 1, 2022 through January 31, 2023 [Docket No. 23813] (the "Seventeenth Interim Fee Application").  Paul Hastings received a preliminary report from the Fee Examiner and agreed to certain adjustments in its requested fees and expenses.[26]  On June 13, 2023, the Court approved the Seventeenth Interim Fee Application, with the agreed-upon adjustments.[27]

36.     On January 19, 2022, the Court entered an order [Docket No. 19813] confirming the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* (the "Commonwealth Plan").  The Effective Date of the Commonwealth Plan occurred on March 15, 2022.  Pursuant to §90.1 of the Commonwealth Plan, and as a result of the appeals of the confirmation order, the Committee will

---

[25]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $31,527.65 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $38,712.66 (which amount was credited against Paul Hastings' December 2022 fee statement).

[26]   These agreed-upon adjustments consist of (a) fee reductions in the amount of $42,092.86 to be included within the agreed overall 20% reduction in total fees sought by Paul Hastings LLP as part of its final fee application and (b) additional fee reductions in the amount of $42,092.87 (which amount was credited against Paul Hastings' April 2023 fee statement).

[27]   [*insert footnote regarding amended order*]

remain in existence in the Commonwealth and ERS cases until the confirmation order becomes a

Final Order.  The Commonwealth Plan did not affect the continued existence of the Committee

in the PREPA and HTA cases.

37.     On October 12, 2022, the Court entered an order [Docket No. 22582] confirming

the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and

Transportation Authority*, dated September 6, 2022 [Docket No. 1404 in Case No. 17-3567] (as

amended, supplemented, or modified prior, at, or subsequent to the HTA confirmation hearing,

including the plan supplement, and as may be amended, supplemented, or modified pursuant to

section 313 of PROMESA, the "HTA Plan"). The Effective Date of the HTA Plan occurred on

December 6, 2022.  Pursuant to §39.1 of the HTA Plan, and as a result of the appeal of the

confirmation order, the Committee will remain in existence in the HTA case until the

confirmation order becomes a Final Order.  The HTA Plan did not affect the continued existence

of the Committee in the PREPA case.

## **COMPENSATION AND REIMBURSEMENT REQUEST**

38.     By this Application, Paul Hastings seeks allowance of compensation for

professional services rendered to the Committee during the Application Period in the aggregate

amount of $3,576,750.25[28] and expense reimbursements in the aggregate amount of $32,187.26.

These amounts are allocated among the Commonwealth Title III Case, the HTA Title III Case,

the ERS Title III Case, and the PREPA Title III Case, as follows:

---

[28]   As noted, Paul Hastings has agreed to reduce its fees by an amount equal to 20% of its total case fees, with the
precise fees to be waived to attain the 20% reduction to be designated by Paul Hastings (in its sole discretion) in
connection with the final fee application process.  Accordingly, the firm only seeks payment, at this time, of
fees in the amount of $2,827,725.90 (to the extent such amount has not been paid before the hearing scheduled
on this Application), which is 80% of $3,534,657.38 (*i.e.*, Paul Hastings' fees of $3,576,750.25 minus credits of
$42,092.87 for fee reductions pursuant to the order approving Paul Hastings' Seventeenth Interim Fee
Application).

| Application Period | Fees | Expenses | Total |
|---|---|---|---|
| Commonwealth Title III Case | $105,175.50[29] | $3,876.49 | $109,051.99 |
| PREPA Title III Case | $3,471,574.75 | $28,310.77 | $3,499,885.52 |
| **Total** | **$3,576,750.25** | **$32,187.26** | **$3,608,937.51** |

39.     The Committee has approved the amounts requested by Paul Hastings for services performed and expenses incurred in each of the monthly statements submitted to, among others, the Oversight Board, AAFAF, the Fee Examiner, and the U.S. Trustee during the Application Period.  All services for which compensation is requested herein were performed for or on behalf of the Committee.  Moreover, as detailed on <u>Exhibit D</u> hereto, the aggregate amount of fees incurred by Paul Hastings during the Application Period was well below the fees budgeted.

40.     To date, Paul Hastings has received payments totaling $1,345,024.60 for services rendered during the Application Period, which amount consists of (a) $1,333,767.10 (representing 80% of the fees for services invoiced during the period from February 1, 2023 through March 31, 2023) and (b) $8,556.54 (representing 100% of expenses invoiced for the same period).  In addition, Paul Hastings has billed the Debtors $1,539,950.56 for services performed during the month of May 2023, which amount consists of (a) $1,519,020.80 (representing 80% of the fees for services invoiced during the period from May 1, 2023 through May 31, 2023 and (b) $20,929.76 (representing 100% of expenses invoiced for the same period).[30]  The aggregate amount of the payments received to date plus the outstanding amounts billed (*i.e.*, $2,884,975.16) reflect an overcharge of $25,062.00 (representing 80% of the incremental fees inadvertently billed at Mr. Despins' standard rate as opposed to his agreed-upon

---

[29]   For the Application Period, the Commonwealth-related fees relate to: (a) PRRADA disclosures and professional fee applications ($61,523.50); (b) docket monitoring and general pleadings review ($26,937.50); (c) preparation for, and attendance at, omnibus hearings ($10,389.50); and (e) other case administrative matters, including maintaining case calendars and task lists ($3,613.50).

[30]   The deadline to object to Paul Hastings' May 2023 fee statement expired on July 10, 2023, without objections.

reduced rate), which amount Paul Hastings will credit on its fee statement for the month of June 2023.[31]

41.     Other than payments made in accordance with the Interim Compensation Order, Paul Hastings has received no payment and no promises of payment from any source for services rendered during the Application Period.  By this Application, Paul Hastings requests allowance of all fees and expenses incurred for services rendered during the Application Period.  At this time, however, Paul Hastings seeks payment of only (a) 80% of the fees for services invoiced during the Application Period and (b) 100% of expenses invoiced during the Application Period.

42.     In addition, as a courtesy to the Committee and based on circumstances unique to the Title III Cases, during the Application Period Paul Hastings voluntarily waived fees totaling $31,327.50.  The time billed by these timekeepers was reasonable, and Paul Hastings reserves the right to seek allowance and payment of these fees based on the facts and circumstances of these cases, including, without limitation, if objections are interposed to the allowance or payment of Paul Hastings' fees and expenses.  Paul Hastings also voluntarily waived expenses totaling $2,924.04 as a courtesy to the Committee during the Application Period.  For details regarding the waived fees and expenses, please see the Declaration of Luc A. Despins filed concurrently herewith.

43.     There is no agreement or understanding between Paul Hastings and any other person other than the attorneys, employees, and staff of Paul Hastings, for the sharing of compensation to be received for services rendered in these cases.

---

[31]   In particular, Paul Hastings invoiced time spent by Mr. Despins at his standard rate of $1,975 per hour (or $1,580 after taking into account the 20% end-of-case reduction) rather than the agreed-upon reduced rate of $1,825 per hour (or $1,460 after taking into account the 20% end-of-case reduction), resulting in an overcharge of $31,327.50 (or $25,062.00 after taking into account the 20% end-of-case reduction).  Paul Hastings has corrected this oversight in this Application and the monthly fee statements attached to this Application and, moreover, will credit the foregoing amount in its June 2023 fee statement.

44.    Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by Paul Hastings to bill its clients for services rendered and include the date that the services were rendered, a detailed, contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

45.    The fees charged by Paul Hastings in the Title III Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period with certain exceptions.  As a courtesy to the Committee and based on circumstances unique to the Title III Cases, Paul Hastings agreed to continue to charge a reduced rate for the services of the following attorney during the Application Period (adjusted to reflect, on a *pro forma* basis, the 20% end-of-case reduction):[32]

| Attorney | Standard 2023 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2023 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,580 | $1,460 |

Subject to the foregoing exception, the rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in the Title III Cases are comparable to the rates Paul Hastings charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters.  Moreover, when Paul Hastings' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate.

---

[32]    As noted above, Paul Hastings inadvertently applied the standard 2023 rate for Mr. Despins with respect to the months of February through May 2023, but that inadvertent oversight has been corrected in this Application, and, moreover, Paul Hastings will credit the overcharge on its June 2023 fee statement.

Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market.

46.     Paul Hastings' rates are set at a level designed to fairly compensate Paul Hastings for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. Paul Hastings operates in a complicated national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. Accordingly, Paul Hastings set its rates for attorneys and paraprofessionals both in the restructuring group and other practice groups within the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, Paul Hastings endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

47.     Paul Hastings' professional services during the Application Period required an aggregate expenditure of 2,532.40 recorded hours by Paul Hastings' attorneys and paraprofessionals, broken down as follows: partners (915.90 hours), counsel (658.80 hours), associates (809.70 hours), and paraprofessionals (148.00 hours).  During the Application Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $775 to $1,825 per hour (before the application of any fee reductions).

48.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period, but were not processed before the preparation of this Application, or Paul Hastings has for any other reason not sought compensation or reimbursement with respect to such services or expenses, Paul Hastings

reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

## SUMMARY OF SERVICES

49.     During the Application Period, Paul Hastings assisted and advised the Committee on a regular basis regarding legal matters relating to the restructuring of the Debtors, including related adversary proceedings, and all other matters arising in the performance of the Committee's duties.  In addition, Paul Hastings has prepared various motions, applications, orders, and other pleadings submitted to the Court for consideration, and has performed the necessary professional services that are described below and in the monthly statements attached hereto as Schedule 2.[33]  For ease of reference and transparency purposes, Paul Hastings created several matter numbers for its representation of the Committee.  The matter numbers are divided by Debtor and/or large tasks the Committee undertook, as follows:

| Matter ID | Matter Name |
|-----------|-------------|
| 00002 | Official Committee of Unsecured Creditors |
| 00004 | Communications with Creditors (other than Committee Members) |
| 00006 | PREPA |
| 00010 | Mediation |

---

[33]   The description of services in this Application is limited to those matters in which Paul Hastings provided five (5) or more hours of service during the Application Period.

I.  **Official Committee of Unsecured Creditors of Commonwealth of Puerto Rico (Matter ID 00002)**

(a)   <u>Case Administration (Task Code B110)</u>
Fees:   $3,613.50          Total Hours:   5.80

50.   During the Application Period, Paul Hastings continued to advise the Committee on general case administration.  In order to efficiently track deadlines, organize documents, and manage work streams, Paul Hastings maintained a case calendar.  Further, Paul Hastings coordinated internally and with the Committee's financial advisor, Zolfo Cooper LLP ("<u>Zolfo Cooper</u>") regarding Committee communications, case strategy, and work streams.  Paul Hastings also communicated with certain Committee members and others in connection with the administration of the Title III Cases.

51.   Furthermore, Paul Hastings undertook a variety of other tasks related to case administration, such as handling administrative matters in connection with the filing and service of pleadings.

(b)   <u>Pleadings Review (Task Code B113)</u>
Fees:   $26,937.50          Total Hours:   31.60

52.   During the Application Period, Paul Hastings continued to review and prepare summaries of pleadings filed and orders entered in the Title III Cases for internal review and review by the Committee.

(c)   <u>Court Hearings (Task Code B155)</u>
Fees:   $10,389.50          Total Hours:   11.00

53.   During the Application Period, Paul Hastings attended (a) the February 1, 2023 omnibus hearing, at which hearing Paul Hastings monitored the proceedings before the Court, (b) the April 25, 2023 hearing on omnibus claims objection, at which hearing Paul Hastings monitored the proceedings before the Court, and (c) the May 10, 2023 hearing in the litigation

between the Oversight Board and the Debt Recovery Authority related to PFC's Title VI

restructuring, at which hearing Paul Hastings monitored the proceedings before the Court.

    (d)    <u>Fee/Employment Applications (Paul Hastings) (Task Code B160)</u>
            Fees:  $53,651.00        Total Hours:  45.80

    54.     During the Application Period, Paul Hastings prepared, among other things, four

monthly fee statements for services provided during the months of December 2022 through

March 2023, the Seventeenth Interim Fee Application, and portions of this Application.  In

addition, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Puerto Rico

Recovery Accuracy in Disclosures Act (the "<u>PRRADA</u>"), and the Court's related orders [Docket

Nos. 19859, 19980, 20419, and 20467], Paul Hastings continued to identify possible connections

between the firm and parties in interest in the Title III Cases and prepared portions of its

fourteenth supplemental declaration of Luc A. Despins [Docket No. 24623] regarding the firm's

retention as Committee counsel.  Paul Hastings also reviewed reports and correspondence from

the Fee Examiner and engaged in discussions with the Fee Examiner and his counsel to resolve

questions regarding Paul Hastings' interim fee applications.

    (e)    <u>Fee/Employment Applications for Other Professionals (Task Code B165)</u>
            Fees: $7,872.50           Total Hours: 8.50

    55.     During the Application Period, Paul Hastings assisted the Committee's other

professionals, including the Committee financial advisors, Zolfo Cooper and LEI, and the

Committee's communications advisor, Kroma Advertising, Inc. ("<u>Kroma</u>"), with their fee

applications and their disclosures under PRRADA.

II.     **PREPA (Matter ID 00006)**

    (a)    <u>Meetings and Communications with Creditors (Task Code B150)</u>
           Fees:   $186,233.50          Total Hours: 151.60

56.     During the Application Period, Paul Hastings provided numerous updates to the

Committee regarding developments in the PREPA case, including as it relates to the litigation

challenging the PREPA bondholders' claims and security interest.  In addition, Paul Hastings

handled numerous update calls with the Committee on these matters.

    (b)    <u>Court Hearings (Task Code B155)</u>
           Fees:   $152,154.00          Total Hours: 96.40

57.     During the Application Period, Paul Hastings handled the February 1, 2023 oral

argument on the summary judgment motions in the lien scope / non-recourse litigation (further

detailed below).  Paul Hastings also attended the February 28, 2023 hearing on the approval of

the PREPA disclosure statement, at which hearing Paul Hastings attorneys addressed the Court

in support of the Committee's objection to the disclosure statement.  Furthermore, Paul Hastings

telephonically attended the discovery conference (related to the confirmation of the PREPA plan

of adjustment) before Judge Dein on April 5, 2023, as well as attended the May 8, 2023 status

conference before Judge Swain with respect to the PREPA confirmation process.  In addition,

Paul Hastings observed the Oversight Board's public meeting on April 21, 2023.

    (c)    <u>General Litigation (Task Code B191)</u>
           Fees:   $1,055,737.00          Total Hours: 726.00

58.     During the Application Period, Paul Hastings advised the Committee on all

matters related to the lien scope / non-recourse litigation seeking to challenge the PREPA bonds.

Following completion of briefing on summary judgment on the lien scope and non-recourse

issues, the Court held oral argument on these issues on February 1, 2023, at which hearing Paul

Hastings attorneys argued in support of the Oversight Board's motion for summary judgment.

Following oral argument, the Committee continued to work closely with the Oversight in support

of the Oversight Board efforts to challenge the PREPA bond claims while seeking to minimize

duplication, including as it relates to the Oversight Board's supplemental post-hearing brief.

59.     On March 22, 2023, the Court issued its decision on the summary judgment

motions filed in the lien scope / non-recourse litigation (the "Summary Judgment Decision").

The Summary Judgment Decision held that (a) the bondholders' security interest was limited to

funds held in certain specified accounts and (b) the bondholders' unsecured claim is limited to

the value of future net revenues that would have become collateral upon being deposited in the

specified funds (the "Net Revenue Claim")—to be estimated by the Court pursuant to separate

proceedings.  As required by the Summary Judgment Decision, Paul Hastings attended the meet

and confer with the Oversight Board's advisors and advisors to the PREPA bondholders, and

coordinated with the other parties in preparing the related joint status report.  During the

Application Period, Paul Hastings also analyzed whether to appeal the Summary Judgment

Decision and joined in the bondholders' motion seeking an interlocutory appeal of that decision

(which motion the Court denied).

60.     Following entry of the Summary Judgment Decision, Paul Hastings analyzed

numerous issues related to the Court-ordered estimation of the PREPA bondholders' Net

Revenue Claim.  At the outset, the Committee analyzed the Oversight Board's proposed

schedule for such estimation proceedings and filed a joinder in the Oversight Board's proposed

schedule (except that the Committee also believed that the estimation procedures should be put

on hold while an interlocutory appeal of the Summary Judgment Decision proceeds).[34]

---

[34]   Given that the Court denied the request for an interlocutory appeal, the Court also rejected the Committee's
proposed sequencing of the estimation proceedings.

61.     During the ensuing estimation proceedings, Paul Hastings closely coordinated with counsel for the Oversight Board with respect to the discovery, briefing, and other related matters, all with the view to minimizing duplication.  For example, instead of filing a standalone opening brief, Paul Hastings prepared the Committee's limited joinder in the Oversight Board's opening brief.  In addition, Paul Hastings prepared the Committee's response brief to the bondholders' brief on estimation.  In preparation for these briefs, Paul Hastings analyzed the parties' various expert reports filed by the parties as well as numerous legal issues related to the estimation of the Net Revenue Claim, including as it relates to the discount rate for PREPA's projected net revenue stream, the ability of a hypothetical receiver to raise PREPA's rates, and the treatment of Current Expense claims.  In this regard, Paul Hastings also worked with the Committee's financial advisors, who also prepared rebuttal expert reports.

62.     The Committee also conducted its own discovery in connection with the estimation proceedings, including preparing deposition notices and attending eight (8) depositions during the month of May 2023, including the depositions of Messrs. Young, Edwards, Plastino, as well as Mses. Tierney and Chakraborty.  In addition, Paul Hastings defended the depositions of the Committee's rebuttal experts, namely Ms. Frayer and Mr. Martinez.

63.     Separate from the estimation proceedings, the Summary Judgement Decision also directed the parties to conduct discovery as to whether the bondholders have perfected security interests in certain of PREPA's bank accounts.  Generally, the Committee did not take an active role in this discovery, although it attended the meet & confer sessions between the Oversight Board and the bondholders as well as generally monitored the status of such discovery.

64.     Finally, during the Application Period, Paul Hastings also coordinated with
counsel for the Oversight Board regarding the Oversight Board's motion to dismiss the
bondholders' counterclaims asserted in the lien scope / non-recourse litigation.

(d)     Non-Working Travel (Task Code B195)
        Fees:   $22,403.75          Total Hours: 27.90

65.     During the Application Period, certain of Paul Hastings litigators traveled to and
from Atlanta, Georgia (where their offices are located) to New York, New York for depositions
in connection with plan confirmation discovery and discovery related to the proceedings to
estimate the Net Revenue Claim.

(e)     Claims Administration and Objections (Task Code B310)
        Fees:   $27,404.00          Total Hours: 16.70

66.     During the Application Period, Paul Hastings analyzed the Oversight Board's
motion seeking administrative expense status of certain fees owed by PREPA to Genera pursuant
to an operating and management agreement related to PREPA's legacy generation assets.  While
the Committee had concerns with the relief sought in the motion, the Committee ultimately
determined not to press an objection.

(f)     Plan and Disclosure Statement (Task Code B320)
        Fees:   $1,984,592.00       Total Hours: 1,379.90

67.     During the Application Period, Paul Hastings (a) drafted the Committee's initial
and supplemental objections to the approval of the disclosure statement (which objections were
filed on February 3 and 17, 2023, respectively), (b) analyzed the Oversight Board's
modifications to the PREPA plan of adjustment and the related disclosure statement, (c) analyzed
the disclosure statement objections filed by other parties in interest, and (d) prepared the
Committee's recommendation letter to be included in the solicitation package.

27

68.     Following the Court's approval of the PREPA disclosure statement, Paul Hastings handled all aspects of the Committee discovery efforts in connection with its objection to confirmation of the PREPA plan of adjustment, including (a) developing a discovery game plan, (b) preparing document requests, interrogatories, and deposition notices, (c) reviewing documents uploaded by the Oversight Board into the plan depository, (d) reviewing discovery-related filings of other plan objectors, (e) participating in meet & confer sessions with counsel for the Oversight Board, (f) preparing a motion to inform the Court regarding pending discovery disputes, (g) reviewing the various expert reports filed by other parties in connection with plan confirmation, and (h) preparing a motion to exclude the testimony of Messrs. Skeel and Shankweiler.  Moreover, during the month of May 2023, Paul Hastings attorneys prepared for and attended seventeen (17) depositions in connection with plan discovery, including the depositions of Messrs. Skeel, Peterson, Zarakas, Shah, and Shankweiler.  With respect to the foregoing plan discovery, Paul Hastings also worked closely with the Committee's financial advisors, namely LEI and Zolfo Cooper.

69.     During the Application Period, Paul Hastings also analyzed the PREPA plan of adjustment and the settlements embedded therein (including the Oversight Board's settlement with the fuel line lenders and National), all of which culminated in the Committee's objection to confirmation of the PREPA plan of adjustment (which objection was filed on June 15, 2023).

(g)     Restructuring (Task Code B420)
        Fees:   $3,269.00          Total Hours: 2.80

70.     During the Application Period, Paul Hastings continued to update the Committee's financial advisor on PREPA matters (*i.e.*, LEI) regarding PREPA-related developments.

III.    **Mediation (Matter ID 00010)**

    (a)    Restructuring (Task Code B420)
           Fees:  $37,351.50        Total Hours: 22.10

71.    During the Application Period, Paul Hastings continued to attend to certain administrative matters related to the PREPA mediation.  However, Paul Hastings did not attend any mediation sessions during the Application Period because the Committee was not invited to participate in any such sessions.  Due to mediation confidentiality restrictions, Paul Hastings cannot publicly disclose the substance of the issues addressed in mediation.[35]

### ATTENDANCE AT HEARINGS

72.    In accordance with the presumptions set forth in the *Order on Fee Examiner's Motion* to *Impose Presumptive Standards and Timeliness Requirements for Professional Fee Applications* [Docket No. 3932] (the "Presumptive Standards Order"), Paul Hastings provides the following summary regarding the attendance of Paul Hastings professionals at Court hearings:[36]

- February 1, 2023: The February 1, 2023 oral argument on the summary judgment motions in the lien scope / non-recourse litigation, which hearing was held in person in San Juan, Puerto Rico, was attended (a) in person by Mr. Despins, Mr. Jimenez, and Mr. Maza, and (b) telephonically by Mr. Bassett, Mr. Bongartz, and Ms. Kahn.  Given the significance of this hearing to the PREPA case (including the fact that the Committee, as intervenor in the lien scope/non-recourse litigation, actively supported the Oversight Board's challenge to $8.5 billion in PREPA bonds) as well as the substantial involvement of the foregoing attorneys in preparing the substantive briefs in support of summary judgment, Paul Hastings submits that the foregoing attendance was reasonable.  In addition, it should be noted that the February 1, 2023 hearing was also an omnibus hearing, at which the Oversight Board provided a status update.

---

[35]   In addition, Paul Hastings has redacted all references to specific mediation issues in its monthly fee statements attached to this Application.  Paul Hastings will submit unredacted versions of such statements for the Court's review, if the Court so requests.  The Fee Examiner has received unredacted versions of such statements.

[36]   Among other things, the Presumptive Standards Order provides that "[f]or attendance at hearings in which a professional anticipates a speaking role, fees and expenses incurred for attendance by timekeepers other than those with meaningful speaking roles (plus one additional timekeeper per speaker) are not compensable."

- <u>February 28, 2023</u>: The February 28, 2023 hearing on the approval of the PREPA disclosure statement, which hearing was held remotely, was attended telephonically by Mr. Despins, Mr. Bongartz, and Mr. Maza.  Given the significance of the disclosure statement hearing and Mr. Bongartz and Mr. Maza's significant involvement in preparing the Committee's objection to the PREPA disclosure statement, Paul Hastings submits that it was reasonable for both Mr. Bongartz and Mr. Maza to attend the hearing (in addition to Mr. Despins).

- <u>April 5, 2023</u>:  The April 5, 2023 discovery conference in connection with confirmation of the PREPA plan of adjustment was attended telephonically by Mr. Despins and Mr. Bongartz.

- <u>April 25, 2023</u>:  The April 25, 2023 hearing on omnibus claims objection, which was held remotely, was attended (in portion) by Mr. Bongartz.

- <u>May 8, 2023</u>:  The May 8, 2023 status conference regarding PREPA mediation, which hearing was held in person in New York, New York, was attended (a) in person by Mr. Despins and Mr. Bongartz and (b) telephonically by Mr. Jimenez. Given Mr. Jimenez's substantial involvement in the PREPA confirmation litigation and related matters, it was reasonable for Mr. Jimenez to attend the May 8 hearing (in addition to Mr. Despins and Mr. Bongartz).

- <u>May 10, 2023</u>: The May 10, 2023 hearing in the litigation between the Oversight Board and the Debt Recovery Authority related to PFC's Title VI restructuring was attended telephonically Mr. Sutton.

## <u>REPORT ON MATTERS JOINTLY PURSUED BY OVERSIGHT BOARD AND COMMITTEE</u>

73.     In light of the effective date having occurred with respect to the Commonwealth Plan and the HTA Plan, and as reflected in the related confirmation orders, the various proceedings and motions jointly commenced by the Oversight Board or its Special Claims Committee, on the one hand, and the Committee, on the other hand, have been resolved.  In particular:

- <u>GO Bond Claim Objections</u>: Upon the effective date of the Commonwealth Plan, the GO Bond Claim Objection were resolved in accordance with the Commonwealth Plan.

- Adversary Proceeding Against Underwriters, etc.: Prior to the effective date of the Commonwealth Plan, Continental, the Committee's special litigation counsel, represented the Committee with respect to the adversary proceeding against various underwriters and other parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280]. Paul Hastings had no involvement in this adversary proceeding. Moreover, pursuant to the Commonwealth Plan, the underwriter litigation was transferred to the Avoidance Actions Trust. Continental continues to handle the underwriter litigation as counsel to the Avoidance Actions Trustee.

- Garden-Variety Avoidance Actions: Prior to the effective date of the Commonwealth Plan, the "garden-variety" avoidance actions were handled by CST, the Committee's local counsel. Paul Hastings' involvement in these avoidance actions was limited to reviewing and commenting on draft forms of pleadings or "case management" pleadings, and providing high-level oversight and direction with respect to these adversary proceedings. Pursuant to the Commonwealth Plan, the "garden-variety" avoidance actions (as detailed on Exhibit A to the Commonwealth Plan) were transferred to the Avoidance Actions Trust. CST and Continental handle these actions as counsel to the Avoidance Actions Trustee.

- Other Co-Plaintiff Adversary Proceedings: Upon the effective date of the Commonwealth Plan, the following adversary proceedings were resolved in accordance with the Commonwealth Plan:

    o Eight adversary proceedings seeking to recover fraudulent transfers made on account of GO bonds that were not validly issued [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; and

    o Seven adversary proceedings challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297].

- HTA-Related Co-Plaintiff Adversary Proceedings: Upon the effective date of the HTA Plan, the following co-plaintiff adversary proceedings were resolved in accordance with the HTA Plan:

    o Four adversary proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].

- ERS-Related Co-Plaintiff Adversary Proceedings: Upon the effective date of the Commonwealth Plan, the following adversary proceedings were resolved in accordance with the Commonwealth Plan:

          ○  Six adversary proceeding related to ERS bond issues [Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-359, Adv. Proc. No. 19-361, Adv. Proc. No. 19-366, and Adv. Proc. No. 19-367].

- <u>HTA Revenue Bond Co-Plaintiff Adversary Proceeding</u>: Adv. Proc. No. 20-007 has been dismissed.

## ACTUAL AND NECESSARY DISBURSEMENTS

74.     As set forth in <u>Exhibit D-2</u> hereto, Paul Hastings disbursed $32,187.26 as expenses incurred in providing professional services during the Application Period, which principally consisted of online legal research (e.g., LEXIS and WESTLAW).  Because Paul Hastings believes that online legal research is far more cost-efficient than manual research using hard-bound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

75.     The time constraints imposed by the circumstances of the matters handled by Paul Hastings during the Application Period required its attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Committee.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis, and satisfy the Committee's needs and demands.  Attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs in accordance with the Local Rules and firm policy.  Paul Hastings' regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the provision of legal services.

76.     Further, Paul Hastings believes the rates for charges incurred are the market rates that the majority of law firms charge clients for such services.  In addition, Paul Hastings believes that such charges are in accordance with the American Bar Association's

("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

77.   Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a)   In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(i)   the time spent on such services;

(ii)   the rates charged for such services;

(iii)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(iv)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(vi)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

33

78.     PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a

committee . . . may apply to the court not more than once every 120 days . . . for such

compensation for services rendered . . . ."

79.     In the instant case, Paul Hastings respectfully submits that the services for which

it seeks compensation in this Application were, at the time rendered, believed to be necessary for

and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to

protect, preserve, and maximize value for unsecured creditors during the pendency of the

Title III Cases.  The services rendered to the Committee were performed in an economic,

effective, and efficient manner commensurate with the complexity and importance of the issues

involved.  The results obtained to date have benefited not only the Committee but also the

Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation

requested herein is reasonable in light of the nature, extent, and value of such services to the

Committee, the Debtors, and all parties in interest.

80.     The work conducted was carefully assigned to appropriate professionals or

paraprofessionals according to the experience and level of expertise required for each particular

task.  Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services

to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more

routine aspects of the assignments.  A small group of the same Paul Hastings attorneys was

utilized for the vast majority of the work in order to minimize the costs of intra-Paul Hastings

communication and education about the Title III Cases.  As demonstrated by this Application,

Paul Hastings spent its time economically and without unnecessary duplication.  Accordingly,

approval of the compensation sought herein is warranted.

## NOTICE

81.     In accordance with the Interim Compensation Order, Paul Hastings will provide

notice of this Application to (i) the attorneys for the Oversight Board, Proskauer Rose LLP and

O'Neill & Borges LLC; (ii) the attorneys for the Puerto Rico Fiscal Agency and Financial

Advisory Authority, O'Melveny & Myers LLP and Marini Pietrantoni Muñiz LLC; (iii) the

Office of the United States Trustee for the District of Puerto Rico; (iv) the attorneys for the

Official Committee of Retired Employees, Jenner & Block LLP and Bennazar, García & Milián,

C.S.P.; (v) the Puerto Rico Department of Treasury; (vi) the Fee Examiner, Brady Williamson;

and (vii) counsel to the Fee Examiner, Godfrey & Kahn, S.C. and EDGE Legal Strategies, PSC.

In addition, the notice of hearing with respect to this Application will be served on all parties that

have filed a notice of appearance in the Title III Cases.

*[Remainder of page intentionally left blank.]*

## **CONCLUSION**

WHEREFORE, Paul Hastings respectfully requests entry of an order, substantially in the form attached hereto as Schedule 3, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $3,576,750.25 representing 100% of the fees billed during the Application Period, and reimbursement of $32,187.26, representing 100% of the actual and necessary expenses incurred during the Application Period, (ii) authorizing and directing the Debtors' payment of the difference between (a) the sum of 80% of the fees allowed (after taking into account any credits) and 100% of the expenses allowed and (b) the amounts previously paid by the Debtors pursuant to the Interim Compensation Order, (iii) allowing such compensation and payment for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Paul Hastings' right to seek such further compensation and/or payment for the full value of services performed and expenses incurred, and (iv) granting Paul Hastings such other and further relief as is just.

Dated: July 14, 2023

  _/s/ Luc A. Despins_

PAUL HASTINGS LLP
Luc A. Despins, Esq. (Pro Hac Vice)
Nicholas A. Bassett, Esq. (Pro Hac Vice)
G. Alexander Bongartz, Esq. (Pro Hac Vice)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
lucdespins@paulhastings.com
nicholasbassett@paulhastings.com
alexbongartz@paulhastings.com

*Counsel to the Official Committee of Unsecured Creditors*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

----------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : |  |
|  | : |  |
| THE FINANCIAL OVERSIGHT AND | : | PROMESA |
| MANAGEMENT BOARD FOR PUERTO RICO, | : | Title III |
|  | : |  |
| as representative of | : | Case No. 17-BK-3283 (LTS) |
|  | : |  |
| THE COMMONWEALTH OF PUERTO RICO, *et al.*, | : | (Jointly Administered) |
|  | : |  |
| Debtors.[1] | : |  |

----------------------------------------------------------------------- x

### DECLARATION OF LUC A. DESPINS IN SUPPORT OF EIGHTEENTH INTERIM FEE APPLICATION OF PAUL HASTINGS LLP, AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM FEBRUARY 1, 2023 <u>THROUGH MAY 31, 2023</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), I, Luc A. Despins, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am an attorney admitted and in good standing to practice in the State of New York.  I am a partner with the law firm of Paul Hastings LLP ("<u>Paul Hastings</u>"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166, and am duly authorized to make this Declaration on behalf of Paul Hastings.  I make this Declaration in

---

[1]   The Debtors in these Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "<u>Commonwealth</u>") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("<u>HTA</u>") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("<u>ERS</u>") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("<u>PREPA</u>") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("<u>PBA</u>") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

support of the *Eighteenth Interim Application of Paul Hastings LLP, Counsel to Official
Committee of Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for
the Period from February 1, 2023 through May 31, 2023* (the "<u>Application</u>").[2]

2.    The facts set forth in this Declaration are based upon my personal knowledge,
discussions with other Paul Hastings attorneys, and the firm's client/matter records that were
reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.

3.    I hereby certify that I have read the Application and, to the best of my knowledge,
information, and belief, formed after reasonable inquiry, (a) the compensation and
reimbursement of expenses sought in the Application conform with the Bankruptcy Code, the
Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local Rules, and (b) the compensation
and reimbursement of expenses are billed at rates no less favorable to the Debtors than those
customarily employed by Paul Hastings generally.

4.    Paul Hastings provides the following response to the request for information set
forth in the U.S. Trustee Guidelines:

<u>Question</u>:     Did you agree to any variations from, or alternatives to, your standard or
customary billing rates, fees, or terms for services pertaining to this
engagement that were provided during the Application Period?

<u>Response</u>:     Yes.  As a courtesy to the Committee and based on circumstances unique
to the Title III Cases, during the Application Period Paul Hastings agreed
to the following voluntary fee reductions and expense write-offs:

(i)     For services rendered during the Application Period, Paul Hastings
reduced the rate charged for the following attorney:

| Attorney | Standard 2023 Rate (adjusted to reflect 20% end-of-case reduction) | Reduced 2023 Rate (adjusted to reflect 20% end-of-case reduction) |
|---|---|---|
| Luc A. Despins | $1,580 | $1,460 |

---

[2]    Capitalized terms used but not defined herein have the meanings set forth in the Application.

The foregoing reduced rate translated into $31,327.50 in waived fees.

(ii)    Paul Hastings waived expenses totaling $2,924.04, as follows:

a.    To comply with Local Rule 2016-1(b)(1), the firm reduced color photocopy charges by 50% from 50 cents per page to 25 cents per page (even though the Fee Examiner's guidelines permit color photocopy charges of 50 cents per page), resulting in a write-off of $2,504.50.

(iii)    The aggregate amount of the foregoing reductions/write-offs is $34,251.54.

Question:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

Question:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

Question:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.)  If so, please quantify by hours and fees.

Response:    The Application does not include time for preparing, reviewing, or revising time records.  However, in the interest of full disclosure, the Application includes approximately 7.2 hours and associated fees of approximately $10,620.00 related to preparing, reviewing, and revising Paul Hastings' fee statements, including related summary tables, correspondence with notice parties, and ensuring time entries are properly categorized by matter number and task code.  On average, less than two hours were spent on each of the four monthly fee statements prepared during the Application Period.

Question:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:    No.

Question:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases?

3

If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:     As is customary, Paul Hastings adjusts its hourly rates periodically based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms. Effective February 1, 2023, with the Committee's approval, Paul Hastings adjusted its hourly rates in accordance with the Retention Order, the Retention Application, and the supporting *Declaration of Mark Richard* [Docket No. 610-3]. The Retention Order provides that Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise. As detailed in the *Declaration of Mark Richard* [Docket No. 610-3], the Committee was advised of the foregoing.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 14th day of July 2023

_/s/ Luc A. Despins_
Luc A. Despins