## **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                     Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, PBA, and HTA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO MISCLASSIFIED CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

*Act* ("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth"), the Puerto Rico Public Buildings Authority ("PBA"), and the Puerto Rico Highways and Transportation Authority ("HTA" and, together with the Commonwealth and PBA, the "Debtors").

3. I submit this declaration in support of the *Five Hundred Eighty-First Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico Puerto Rico Public Buildings Authority, and Puerto Rico Highways and Transportation Authority to Misclassified Claims* (the "Five Hundred Eighty-First Omnibus Objection"). I have personally reviewed the Five Hundred Eighty-First Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Eighty-First Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Eighty-First Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be reclassified, as identified in Exhibit A to the Five Hundred Eighty-First Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Five Hundred Eighty-First Omnibus Objection in the column titled "Asserted" (each a "Claim to Be Reclassified and Allowed," and collectively, the "Claims to Be Reclassified and Allowed") incorrectly or improperly assert that they are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9) or are secured. Counsel for the Oversight Board reviewed the legal bases asserted for claimants' assertions of administrative expense priority, and confirmed that the claims are not entitled to such priority. Accordingly, upon a reasonable review of the Claims to Be Reclassified and Allowed, the Debtors' books and records, and the legal bases asserted for claimants' assertions of priority or secured status, as reviewed by counsel for the Oversight Board, the Debtors have concluded that the Claims to Be Reclassified and Allowed are not entitled to administrative expense priority or secured status and should appropriately be classified as general unsecured claims. Reclassification of the Claims to Be Reclassified and Allowed is necessary to avoid prejudicing other holders of general unsecured claims. Further, the holders of the Claims to Be Reclassified and Allowed will retain a modified claim against the Commonwealth or PBA, as set forth in the column entitled "Modified and Allowed" on **Exhibit A** hereto, which will be allowed upon entry of an order reclassifying the Claims to Be Reclassified and Allowed as general unsecured claims.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Eighty-First Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 14, 2023 By:   /s/ *Jay Herriman*
                                                      Jay Herriman

4

## __ANEXO B__

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br>   como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br>   Deudores.[1] | PROMESA <br> Título III <br><br> Número: 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA, la AEP y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA OCTOGÉSIMA PRIMERA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA"), de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y la AEP, los "Deudores").

3. Realizo esta declaración en apoyo de la *Quingentésima octogésima primera objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, de la Autoridad de Edificios Públicos de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Erróneamente Clasificadas* (la "Quingentésima octogésima primera objeción global"). He revisado personalmente la Quingentésima octogésima primera objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

2

4.      Durante el proceso de preparación para radicar la Quingentésima octogésima primera objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima octogésima primera objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente o fueron revisados y analizados por personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las Reclamaciones que han de ser reclasificadas y admitidas, según se identifica en el Anexo A de la Quingentésima octogésima primera objeción global.

5.      A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Quingentésima octogésima primera objeción global, en la columna titulada "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificada" y conjuntamente, las "Reclamaciones que han de ser reclasificadas y admitidas") alegan incorrecta o indebidamente que tienen derecho a prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9), o que están garantizadas. El abogado de la Junta de Supervisión examinó las bases jurídicas de las alegaciones de la prioridad de gastos administrativos realizadas por los reclamantes y confirmó que las reclamaciones no tienen derecho a dicha prioridad. En consecuencia, tras un examen razonable, por parte del abogado de la Junta de Supervisión, de las Reclamaciones que han de ser reclasificadas y admitidas, de los libros y registros de los Deudores y de las bases jurídicas de las alegaciones de prioridad o estatus garantizado realizadas por los reclamantes, los Deudores han concluido que las Reclamaciones que han de ser reclasificadas y admitidas no tienen derecho a la prioridad de gastos administrativos ni al estatus garantizado, por lo que deben ser reclasificadas adecuadamente como reclamaciones generales no garantizadas. La reclasificación de las Reclamaciones que han de ser reclasificadas y admitidas es necesaria para no perjudicar a otros

3

titulares de reclamaciones generales no garantizadas. Además, los titulares de las Reclamaciones que han de ser reclasificadas y admitidas mantendrán una reclamación modificada contra el ELA o la AEP, según se establece en la columna titulada "Modificadas y Admitidas" del **Anexo A** del presente documento, reclamación que se concederá cuando se dicte una orden que reclasifique las Reclamaciones que han de ser reclasificadas y admitidas como reclamaciones generales no garantizadas.

6.  Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima octogésima primera objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

7.  Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 14 de julio de 2023

Por: *[Firma en la versión en inglés]*
Jay Herriman

4