**Hearing Date: August 30, 2023 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: August 14, 2023 at 4:00PM (Atlantic Standard Time)**

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                         Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and PBA.** |

---

**FIVE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO MISCLASSIFIED AND PARTIALLY SATISFIED AND/OR DEFICIENT CLAIMS**

---

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public

Buildings Authority ("PBA," and together with the Commonwealth, the "Debtors"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this five hundred eighty-second omnibus objection (the "Five Hundred Eighty-Second Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto that are misclassified and are partially satisfied and/or deficient, and in support of the Five Hundred Eighty-Second Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On September 27, 2019, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case," and together with the Commonwealth Title III Case, the "Title III Cases").  On October 9, 2019, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 8829.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Commonwealth Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

5.       On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"), the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case.  In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Standard Time) (the "PBA Bar Date," and together with the Commonwealth Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*

[ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth Bar Date Orders, the "Bar Date Orders").

**B.    Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

6.      On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and PBA, the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053].   The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

7.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

8.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.      Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

12.     To date, approximately 182,552 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration, LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

13.     Of the proofs of claim filed, approximately 118,807 have been filed in relation to, or reclassified to be asserted against, the Commonwealth, and  411 proofs of claim have been filed in relation to, or reclassified to be asserted against, PBA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the

Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

14.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

15.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

16.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or the ERS.  Based upon rulings and orders of the Court to date, approximately 116,000 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 45,317 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

17.     This Five Hundred Eighty-Second Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## OBJECTIONS TO PROOFS OF CLAIM

18.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

19.     This Five Hundred Eighty-Second Omnibus Objection seeks, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(5) and (d)(8), to reclassify claims that assert an incorrect or improper classification, and to reduce such claims to the extent they have been paid by the Debtors or fail to establish the Debtors are liable for a portion of the claim.

20.      As set forth in **Exhibit A** hereto, the claims identified in the column titled "Asserted" (each a "Claim to Be Reclassified, Reduced and Allowed," and collectively, the "Claims to Be Reclassified, Reduced and Allowed") have either been partially paid by the Debtors based upon a review of the Debtors' books and records (*e.g.*, Claim Nos. 4891 and 144671), and/or fail to provide supporting documentation for a portion of the liability asserted, such that the Debtors are unable to determine whether the Debtors are liable for that portion of the claim (*e.g.*, Claim Nos. 2448 and 4891).  Absent modification of the Claims to Be Reclassified, Reduced and Allowed, the applicable claimants may receive an unwarranted excess recovery from the Debtors to the detriment of other stakeholders in these Title III Cases.

21.      With respect to the remaining amount of the Claims to Be Reclassified, Reduced and Allowed, each such claim incorrectly or improperly asserts that it is secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).  Upon a reasonable review of the Debtors' books and records, the Debtors have concluded that the Claims to Be Reclassified, Reduced and Allowed are not entitled to secured status or to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9), and should appropriately be classified as general unsecured claims and allowed.

22.      Only creditors who sold goods to the Debtors that were delivered within twenty days prior to the commencement of the Debtor's Title III Case are entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9).   Based on the supporting documentation submitted with the proofs of claim, however, none of the Claims to Be Reclassified, Reduced and Allowed were filed by creditors who delivered goods within the required statutory time frame of twenty days prior to commencement of the Debtors' Title III Cases.

23.     One of the Claims to Be Reclassified, Reduced and Allowed (Proof of Claim No. 149674) also asserts secured status but the corresponding supporting documentation provides no further basis for the claimant's assertion that their claim is secured.  The claimant associated with Proof of Claim No. 149674 asserts an undetermined amount of claim purportedly secured by salary and compensation rights pursuant to Law 89-1979 (Romerazo), but fails to explain why any alleged compensation rights support a secured claim, and the books and records of the Commonwealth indicates the claimant is owed $1,215.20 for the asserted claim.  Accordingly, Proof of Claim No. 149674 should be reclassified as general unsecured claims.

24.     Accordingly, because the Claims to Be Reclassified, Reduced and Allowed do not provide a basis for a secured status and/or administrative expense priority, and have either been partially satisfied or do not establish any liability, the claims should be reclassified as general unsecured claims and the amount of such claims should be reduced, each as set forth in **Exhibit A** hereto.  Reclassification and reduction of the Claims to Be Reclassified, Reduced and Allowed is necessary to avoid prejudicing other holders of general unsecured claims.  The holders of the Claims to Be Reclassified, Reduced and Allowed will retain a modified claim against the Debtors, as set forth in the column entitled "Modified and Allowed" on **Exhibit A** hereto, which will be allowed following entry of an order reclassifying and reducing the Claims to Be Reclassified, Reduced and Allowed.

25.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and Puerto Rico Public Buildings Authority to Misclassified and Partially Satisfied and/or Deficient Claims*, dated July 14, 2023, attached hereto as **Exhibit B**.

## NOTICE

26.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Five Hundred Eighty-Second Omnibus Objection to (a) the individual creditors subject to this Five Hundred Eighty-Second Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Sixteenth Amended Case Management Procedures* [ECF No. 20190-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Five Hundred Eighty-Second Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Eighty-Second Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

27.     No prior request for the relief sought in this Five Hundred Eighty-Second Omnibus Objection has been made to this or any other court.

*[Remainder of the page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: July 14, 2023
San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority*

**Fecha de la vista: 30 de agosto de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 14 de agosto de 2023, a las 4:00 p.m. (AST)**

---

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                      Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y la AEP.** |

---

**QUINGENTÉSIMA OCTOGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y/O DEFICIENTES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor
Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Edificios Públicos
de Puerto Rico (la "AEP", y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión
y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único
representante de Título III del ELA conforme a la sección 315(b) de la *Ley para la Supervisión,
Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican la presente
quingentésima octogésima segunda objeción global (la "Quingentésima octogésima segunda
objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente
documento y que están erróneamente clasificadas y parcialmente satisfechas y/o deficientes, y en
apoyo de la Quingentésima octogésima segunda objeción global, manifiestan respetuosamente lo
siguiente:

## JURISDICCIÓN

1.    El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene
jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme
a la sección 306(a) de PROMESA.

2.    La sede judicial de este distrito es la competente conforme a la sección 307(a) de
PROMESA.

## ANTECEDENTES

**A.    Órdenes de Fecha Límite**

3.    El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de
reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF número 8829.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5.     El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la*

*manera de su notificación* [ECF número 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF. número 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) (la "Fecha Límite de la AEP", y junto con la Fecha Límite del ELA, las "Fechas Límite"), mediante la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF número 13403] (junto con la Orden Inicial de Fecha Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con las Órdenes de Fecha Límite del ELA, las "Órdenes de Fecha Límite").

**B.    Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

6.    El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y AEP, la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

7.    Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre
las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para
el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del
Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF
Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes
del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto
Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III*
[ECF Número 19784].

8.     El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia
que confirman el Octavo Plan de Ajuste Conjunto Enmendado y Modificado del Estado Libre
Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre
Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado
conforme al Título III* [ECF Número 19813].

9.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó
a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto
Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación
Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso
Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones
contenidas en el Plan.

10.    El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del
ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)
emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y
enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

11. Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

**C. Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

12. Hasta la fecha, se han radicado aproximadamente 182,552 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.6 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

13. De las evidencias de reclamaciones radicadas, aproximadamente 118,807 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA, y 411 evidencias de reclamaciones han sido radicadas en relación con (o reclasificadas como radicadas contra) la AEP. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

14. Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

15.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio

de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

16.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas y ha dictado órdenes sobre más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, aproximadamente 116,000 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

17.     Esta Quingentésima octogésima segunda objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

18.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

19.     Esta Quingentésima octogésima segunda objeción global busca (de conformidad con la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra) reclasificar reclamaciones que alegan una clasificación incorrecta o indebida, y reducir dichas reclamaciones en la medida en que haya sido pagadas por los Deudores o no demuestren que los Deudores son responsable por una parte de la reclamación.

20.     Según se expone en el **Anexo A** del presente documento, las reclamaciones identificadas en la columna titulada "Alegadas" (cada una denominada una "Reclamación que ha de ser reclasificadas, reducidas, y admitidas", y conjuntamente, las " Reclamación que ha de ser reclasificadas, reducidas, y admitidas") ya han sido parcialmente pagadas por los Deudores, sobre la base de un análisis de los registros de los Deudores (por ejemplo, Reclamaciones Número 4891 y 144671), y/o no proporcionan documentación justificativa en relación con una parte de la responsabilidad alegada, por lo que los Deudores no pueden determinar si son responsables por dicha parte de la Reclamación (por ejemplo, Reclamaciones Números 2448 y 4891). Si las Reclamación que ha de ser reclasificadas, reducidas, y admitidas no son modificadas, ello resultaría en que los correspondientes reclamantes pudieran obtener de los Deudores una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

21.     En lo que respecta al resto de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas, cada una de dichas reclamaciones alega incorrecta o indebidamente que son garantizadas o que tiene derecho a una prioridad de gastos administrativos conforme al Título 11 U.S.C., § 503(b)(9). Tras una revisión razonable de los libros y registros de los Deudores, estos

último han llegado a la conclusión de que las Reclamación que ha de ser reclasificadas, reducidas, y admitidas no tienen derecho de ser garantizada o la prioridad de gastos administrativos conforme al Título 11 U.S.C., § 503(b)(9), por lo que deben reclasificarse adecuadamente como reclamaciones generales no garantizadas y admitidas.

22.     Solo los acreedores que vendieron bienes a los Deudores que fueron entregados dentro de un plazo de 20 días antes del inicio del Caso de Título III del Deudor tienen derecho a la prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). Sin embargo, según la documentación justificativa sometida con la evidencia de reclamación, ninguna de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas fue radicada por acreedores que entregaron bienes dentro del plazo legalmente establecido de 20 días antes del inicio de los Casos de Título III de los Deudores.

23.     Una de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas (Reclamación núm. 149674) también afirma estar garantizada, pero la documentación justificativa correspondiente no proporciona ninguna base adicional para la afirmación del reclamante de que su reclamación está garantizada.  El reclamante asociado con la Reclamación núm. 149674 afirma una cantidad indeterminada de reclamación supuestamente garantizada por derechos salariales y de compensación de conformidad con la Ley 89-1979 (Romerazo), pero no explica por qué los supuestos derechos de compensación respaldan una reclamación garantizada, y los libros y registros de la Commonwealth indican que al reclamante se le deben 1.215,20 $ por la reclamación afirmada.  En consecuencia, la prueba de Reclamación núm. 149674 debe reclasificarse como reclamación general no garantizada.

24.     En consecuencia, puesto que las Reclamación que ha de ser reclasificadas, reducidas, y admitidas no proporcionan fundamento alguno para ser garantizadas y/o la prioridad

de gastos administrativos, y ya han sido parcialmente satisfechas o no establecen ninguna responsabilidad, las reclamaciones deben ser reclasificadas como reclamaciones generales no garantizadas y el monto de dichas reclamaciones debe reducirse, cada una de ellas como se establece en el **Anexo A** del presente documento. La reclasificación y reducción de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas son necesarias para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Los titulares de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas mantendrán una reclamación modificada contra los Deudores, según se establece en la columna titulada "Modificadas y Admitidas" en el **Anexo A** del presente documento, reclamación que se concederá una vez que se dicte una orden que reclasifique y reduzca las Reclamación que ha de ser reclasificadas, reducidas, y admitidas.

25.      En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima octogésima segunda objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones Erróneamente Clasificadas, Parcialmente Satisfechas y/o Deficientes*, de fecha 14 de julio de 2023, adjunta al presente como **Anexo B**.

<u>**NOTIFICACIÓN**</u>

26.      De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Quingentésima octogésima segunda objeción global a) a los acreedores individuales objeto de esta Quingentésima octogésima segunda objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 17* [ECF Número 24726-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación de esta Quingentésima octogésima segunda objeción global se adjunta al presente como **Anexo C**. Las traducciones al

español de la Quingentésima octogésima segunda objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## <u>AUSENCIA DE SOLICITUDES PREVIAS</u>

27. No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima octogésima segunda objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha:  14 de julio de 2023
        San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera,
local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico como representante del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico.*