# **EXHIBIT B**

**Declaration of Jay Herriman**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>      as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                              Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and PBA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND PUERTO RICO PUBLIC BUILDINGS AUTHORITY TO MISCLASSIFIED AND PARTIALLY SATISFIED AND/OR DEFICIENT CLAIMS**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) case filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

("PROMESA"). Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth") and the Puerto Rico Public Buildings Authority ("PBA," and, together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Five Hundred Eighty-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and Puerto Rico Public Buildings Authority to Misclassified and Partially Satisfied and/or Deficient Claims* (the "Five Hundred Eighty-Second Omnibus Objection"). I have personally reviewed the Five Hundred Eighty-Second Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Eighty-Second Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Eighty-Second Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the Claims to Be Reclassified, Reduced and Allowed, as identified in Exhibit A to the Five Hundred Eighty-Second Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Five Hundred Eighty-Second Omnibus Objection in the column titled "Modified and Allowed" (each a "Claim to Be Reclassified and Allowed," and collectively, the "Claims to Be Reclassified, Reduced and Allowed") incorrectly or improperly assert that they are secured and/or entitled to administrative expense priority pursuant to 11 U.S.C. § 503(b)(9). Counsel for the Oversight Board reviewed the legal bases asserted for claimants' assertions of secured status and/or administrative expense priority, and confirmed that the claims are not entitled to such priority. In addition, each of the Claims to Be Reclassified, Reduced and Allowed has either been partially paid by the Debtors based upon a review of the Debtors' books and records, and/or fails to provide supporting documentation for a portion of the liability asserted, such that Debtors are unable to determine whether the Debtors are liable for that portion of the claim Accordingly, upon a reasonable review of the Claims to Be Reclassified, Reduced and Allowed, the Debtors' books and records, and the legal bases asserted for claimants' assertions of priority, as reviewed by counsel for the Oversight Board, the Debtors have concluded that the Claims to Be Reclassified, Reduced and Allowed are not entitled to secured status and/or administrative expense priority and should appropriately be classified as general unsecured claims, and that the Debtors have no liability for a portion of the Claims to Be Reclassified, Reduced and Allowed. Reclassification and reduction of the Claims to Be Reclassified, Reduced and Allowed is necessary to avoid prejudicing other holders of general unsecured claims. Further, the holders of the Claims to Be Reclassified, Reduced and Allowed will retain a modified claim against the Debtors, as set forth in the column entitled "Modified and Allowed" on **Exhibit A** hereto, which will be allowed following entry of an order reclassifying and reducing the Claims to Be Reclassified, Reduced and Allowed.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Eighty-Second Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 14, 2023

By: /s/ *Jay Herriman*
Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                      Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y la AEP.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA OCTOGÉSIMA SEGUNDA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO A RECLAMACIONES ERRÓNEAMENTE CLASIFICADAS, PARCIALMENTE SATISFECHAS Y/O DEFICIENTES**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1.	Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con el caso de los Deudores (según se define abajo) radicado conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2.	En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, los "Deudores").

3.	Realizo esta declaración en apoyo de la *Quingentésima octogésima segunda objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico a Reclamaciones Erróneamente Clasificadas, Parcialmente Satisfechas y/o Deficientes* (la "Quingentésima octogésima segunda objeción global"). He revisado personalmente la Quingentésima octogésima segunda objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4.	Durante el proceso de preparación para radicar la Quingentésima octogésima segunda objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones

2

controvertidas en la Quingentésima octogésima segunda objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas, según se identifica en el Anexo A de la Quingentésima octogésima segunda objeción global.

5. A mi leal saber y entender, las reclamaciones identificadas en el Anexo A de la Quingentésima octogésima segunda objeción global, en la columna titulada "Modificadas y Admitidas" (cada una denominada una "Reclamación que ha de ser reclasificada y reducida" y conjuntamente, las "Reclamación que ha de ser reclasificadas, reducidas, y admitidas") alegan incorrecta o indebidamente que son garantizadas y/o tienen derecho a prioridad de gastos administrativos de acuerdo con el Título 11 U.S.C., § 503(b)(9). El abogado de la Junta de Supervisión examinó las bases jurídicas de las alegaciones de ser garantizadas y/o la prioridad de gastos administrativos realizadas por los reclamantes y confirmó que las reclamaciones no tienen derecho a dicha prioridad. Además, sobre la base de un análisis de los libros y registros de los Deudores, cada una de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas ya ha sido parcialmente pagada por los Deudores y/o no proporciona documentación justificativa en relación con una parte de la responsabilidad alegada, de manera que los Deudores no pueden determinar si son responsable por dicha parte de la reclamación. En consecuencia, tras un examen razonable, por parte del abogado de la Junta de Supervisión, de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas, de los libros y registros de los Deudores y de las bases jurídicas de las alegaciones de prioridad realizadas por los reclamantes, los Deudores han concluido que las Reclamación que ha de ser reclasificadas, reducidas, y admitidas no tienen derecho a ser garantizadas y/o la prioridad de gastos administrativos, por lo que deben ser

3

reclasificadas adecuadamente como reclamaciones generales no garantizadas, y que los Deudores no son responsables por una parte de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas. La reclasificación y reducción de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas son necesarias para no perjudicar a otros titulares de reclamaciones generales no garantizadas. Además, los titulares de las Reclamación que ha de ser reclasificadas, reducidas, y admitidas mantendrán una reclamación modificada contra los Deudores, según se establece en la columna titulada "Modificadas y Admitidas" en el **Anexo A** del presente documento, reclamación que se concederá una vez que se dicte una orden que reclasifique y reduzca las Reclamación que ha de ser reclasificadas, reducidas, y admitidas.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima octogésima segunda objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 14 de julio de 2023

Por: *[Firma en la versión en inglés]*
Jay Herriman