**Hearing Date: August 30, 2023, at 4:00 PM (Atlantic Standard Time)**
**Response Deadline: August 14, 2023, at 9:30 AM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                  Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

## FIVE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT AMOUNTS FOR WHICH THE DEBTOR IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as the Debtor's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred eighty-fifth omnibus objection (the "Five Hundred Eighty-Fifth Omnibus Objection") objecting to the proofs of claim listed on **Exhibit A** hereto, and in support of the Five Hundred Eighty-Fifth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.　　The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.　　Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.　The Bar Date Orders**

3.　　On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").

4.　　On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Commonwealth Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Commonwealth Bar Date Motion and established deadlines and procedures

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time).

**B.   Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA and CCDA Qualifying Modifications**

5.   On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed the *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8–22, 2021.

6.   Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.   On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority [ECF No. 19813].

8.        On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.        The Plan became effective on March 15, 2022, when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.      The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

**C.       Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

11.      To date, approximately 182,552 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.6 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

12.      Of the proofs of claim filed, approximately 118,807 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  In accordance with the terms of the Commonwealth Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which

the Debtor is liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtor to determine whether the claim is valid.

13.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

14.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection Procedures</u>").

15.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("<u>COFINA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), ERS, the Puerto Rico Highways and Transportation Authority ("<u>HTA</u>"), and/or PBA.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, over 116,000 claims asserting \$43.6 trillion in liability against the Commonwealth, COFINA, PREPA, HTA, PBA, and ERS have been disallowed and expunged from the claims registry in the Title III proceedings.   In addition, approximately 45,317 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

16.     This Five Hundred Eighty-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

## **<u>OBJECTIONS TO PROOFS OF CLAIM</u>**

17.     The Amended Omnibus Objection Procedures allow the Debtor to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.  Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).

Additionally, Federal Rule of Bankruptcy Procedure 3007(d)(5) provides for objections to claims on the basis that the claims have been satisfied.

18.     This Five Hundred Eighty-Fifth Omnibus Objection seeks to modify and allow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, each of the proofs of claim listed on Exhibit A hereto (collectively, the "Claims to Be Reduced and Allowed").  Each of the Claims to Be Reduced and Allowed asserts liabilities based on a contract entered into by the Debtor and/or an invoice issued by the claimant. However, as set forth in the declarations attached as Exhibits C through Q hereto, upon a reasonable review of the Debtors' records and the invoices underlying the Claims to Be Reduced and Allowed, (i) the Debtor's records show that a portion of the liabilities associated with the Claims to Be Reduced and Allowed have been paid by the Debtor (*e.g.*, Claim Nos. 74306, 27678, 23283) and/or (ii) claimant fails to provide sufficient supporting documentation for a portion of the liabilities associated with the Claims to Be Reduced and Allowed, such that the Debtor is unable to determine whether that portion is a valid liability against the Debtor or any other Title III debtor (*e.g.*, Claim Nos. 107701, 23140).  Absent modification of the Claims to Be Reduced and Allowed, the claimants may receive an unwarranted excess recovery from the Debtor to the detriment of other stakeholders in these Title III Cases.  The claimants will retain a claim against the Commonwealth in the amount set forth in the column titled "Reduced and Allowed" in Exhibit A, which amount is being allowed and will be treated in accordance with the Plan.

19.     In support of the foregoing, the Debtor relies on the *Declaration of Jay Herriman in Support of the Five Hundred Eighty-Fifth Objection (Substantive) of the Commonwealth of Puerto Rico to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtor Is Not Liable*, dated July 14, 2023, attached hereto as **Exhibit B**.

20.     In support of the Five Hundred Eighty-Fifth Omnibus Objection, the Debtor also

relies on the following declarations from the relevant Commonwealth agencies:

i.      *Declaration of Dializza Velez Soto in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit C**;

ii.     *Declaration of Carlos Martinez Colon in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit D**;

iii.    *Declaration of Wilmar Morales Rodríguez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit E**;

iv.     *Declaration of Maria L. Leon Rodriguez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit F**;

v.      *Declaration of Jamille E Muriente in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit G**;

vi.     *Declaration of Carmen Q. Rodriguez Rodriguez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit H**;

vii.    *Declaration of Diana Estrella Fernandez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit I**;

viii.   *Declaration of Hugo R. Jimenez Arroyo in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit J**;

ix.     *Declaration of Dania R. Frias Martinez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **Exhibit K**;

x.    *Declaration of Yacelyn González Berríos in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit L</u>**;

xi.    *Declaration of Juan J. Rivera Ayala in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit M</u>**;

xii.    *Declaration of Edna A. Rivera-Vargas in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit N</u>**;

xiii.    *Declaration of Shakira Hernandez Ramirez in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit O</u>**;

xiv.    *Declaration of Hugo R. Jimenez Arroyo in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit P</u>**; and

xv.    *Declaration of Jorge Mendoza in Support of the Five Hundred Eighty-Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Claims that are Partially Satisfied and/or Partially Assert Amounts for which the Debtors are Not Liable*, attached hereto as **<u>Exhibit Q</u>**.

<u>**NOTICE**</u>

21.    In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtor is providing notice of this Five Hundred Eighty-Fifth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Eighty-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Seventeenth Amended Case Management Procedures* [ECF No. 24726-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico/.  A copy of the notice for this Five Hundred Eighty-Fifth Omnibus Objection is attached hereto as **<u>Exhibit R</u>**.  Spanish translations of the Five Hundred Eighty-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this

objection and will be served on the parties.  The Debtor submits that, in light of the nature of the

relief requested, no other or further notice need be given.

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit S**, (1) granting the relief requested herein, and (2) granting the Debtor such other and further relief as is just.

Dated: July 14, 2023
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel:  (787) 751-6764
Fax:  (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board
for Puerto Rico, as representative for
the Commonwealth of Puerto Rico*

**Fecha de la vista: 30 de agosto de 2023, a las 4:00 p.m. (AST)**
**Fecha límite para responder: 14 de agosto de 2023, a las 9:30 a.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA
DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

---

### QUINGENTÉSIMA OCTOGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES QUE ESTÁN EN PARTE SATISFECHAS Y/O EN PARTE RECLAMAN UNOS MONTOS POR LOS QUE EL DEUDOR NO ES RESPONSABLE

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor

Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor"), a través de la Junta de

Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el

único representante de Título III del Deudor, conforme a la sección 315(b) de la *Ley para la*

*Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica la

presente quingentésima octogésima quinta objeción global (la "Quingentésima octogésima quinta

objeción global") objetando a las evidencias de reclamaciones que aparecen en el **Anexo A** del

presente documento, y en apoyo de la Quingentésima octogésima quinta objeción global

manifiesta respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene

jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme

a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de

PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de

reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición

voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

4.     El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF núm. 2255] (la "Moción de Fecha Límite del ELA"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF núm. 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite del ELA y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF núm. 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI y de la ADCC**

5.     El 3 de noviembre de 2021, en nombre del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Junta de Supervisión radicó el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF núm. 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.     Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

3

*de Puerto Rico y otros elaborado conforme al Título III* ECF núm. 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF núm. 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF núm. 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF núm. 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso núm. 21-01493, ECF núm. 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso núm. 21-01492, ECF núm. 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022, una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma el Octavo plan conjunto modificado y enmendado de ajuste del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III conforme al Título III de PROMESA y B)*

*ocurrencia de la Fecha de entrada en vigor* [ECF núm. 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de

marzo de 2022. *Véase* Caso núm. 21-01493, ECF núm. 74; Caso núm. 21-01492, ECF núm. 84.

**D.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y
objeciones a reclamaciones**

11.     Hasta la fecha, se han radicado aproximadamente 182,552 evidencias de

reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring

Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total

aproximado de $43,6 billones en reclamaciones radicadas contra los Deudores, además de los

montos no liquidados reclamados.

12.     De las evidencias de reclamaciones radicadas, aproximadamente 118,807 han sido

radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. De conformidad

con las condiciones de las Órdenes de Fecha Límite del ELA, muchas de estas reclamaciones no

tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber

sido enmendadas posteriormente, no alegar una reclamación por la que el Deudor sea responsable,

estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información

necesaria para que el Deudor determine si la reclamación es válida.

13.     Para resolver eficazmente el mayor número posible de las evidencias de

reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su

*Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a*

*objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de*

*Quiebras, y C) conceda el remedio relacionado* [ECF núm. 4052] (la "Moción de Procedimientos

Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales

mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF núm. 4230]; *Procedimientos relativos a Objeciones Globales* [ECF núm. 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF núm. 4381] (la "Orden de Notificación").

14.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF núm. 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF núm. 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

15.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), el SRE, la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o la AEP. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, más de 116,000 reclamaciones que reivindicaban $43,6 billones en responsabilidad contra el ELA, COFINA, la AEE, la ACT, la AEP y el SRE fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 45,317 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

16.     Esta Quingentésima octogésima quinta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

### OBJECIONES A EVIDENCIAS DE RECLAMACIONES

17.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten al Deudor radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales. Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Además, la regla 3007(d)(5) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of*

*Bankruptcy Procedure*) permite oponerse a reclamaciones sobre la base de que las reclamaciones han sido satisfechas.

18.     La Quingentésima octogésima quinta objeción global pretende que se modifique y conceda, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, cada una de las evidencias de reclamaciones que figura en el Anexo A del presente documento (conjuntamente, las "Reclamaciones que han de ser reducidas y concedidas"). Cada Reclamación que ha de ser reducida y concedida alega responsabilidades sobre la base de un contrato celebrado por el Deudor y/o una factura emitida por el reclamante. Sin embargo, tal y como se establece en las declaraciones adjuntas como Anexos C a Q, tras una revisión razonable de los registros de los Deudores y de las facturas subyacentes a las Reclamaciones a Reducir y Admitir, i) los registros del Deudor muestran que parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas ha sido pagada por el Deudor (por ejemplo, Reclamaciones núms. 74306, 27678 y 23283), y/o ii) el reclamante no proporciona suficiente documentación justificativa por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas, de manera que el Deudor no puede determinar si dicha parte constituye una responsabilidad válida contra el Deudor o contra cualquier otro deudor de Título III (por ejemplo, Reclamaciones núms. 107701 y 23140). Si las Reclamaciones que han de ser reducidas y concedidas no son modificadas, ello resultaría en que los reclamantes pudieran obtener del Deudor una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Los reclamantes mantendrán una reclamación contra el ELA por un monto que aparece en la columna titulada "Reducido y concedido" en el Anexo A, monto que es concedido y será tratado conforme al Plan.

19.    En apoyo de lo anterior, el Deudor invoca la *Declaración de Jay Herriman en apoyo de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, de fecha 14 de julio de 2023, adjunta al presente como **Anexo B**.

20.    En apoyo de la Quingentésima octogésima quinta objeción global, el Deudor también invoca las siguientes declaraciones de las correspondientes agencias del ELA:

   i.    *Declaración de Dializza Velez Soto en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo C**;

   ii.    *Declaración de Carlos Martinez Colon en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo D**;

   iii.    *Declaración de Wilmar Morales Rodríguez en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo E**;

   iv.    *Declaración de Maria L. Leon Rodriguez. en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo F**;

   v.    *Declaración de Jamille E Muriente en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo G**;

   vi.    *Declaración de Carmen Q. Rodriguez Rodriguez en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan*

*unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo H**;

vii.  *Declaración de Diana Estrella Fernandez en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo I**;

viii.  *Declaración de Hugo R. Jimenez Arroyo en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo J**;

ix.  *Declaración de Dania R. Frias Martinez en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo K**;

x.  *Declaración de Yacelyn González Berríos en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo L**;

xi.  *Declaración de Juan J. Rivera Ayala en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo M**;

xii.  *Declaración de Edna A. Rivera-Vargas en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo N**;

xiii.  *Declaración de Shakira Hernandez Ramirez en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo O**;

xiv.  *Declaración de Hugo R. Jimenez Arroyo en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan*

*unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo P**;

xv.    *Declaración de Jorge Mendoza en apoya de la Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable*, adjunta al presente como **Anexo Q**;

## NOTIFICACIÓN

21.    De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el Deudor notifica la presente Quingentésima octogésima quinta objeción global a) a los acreedores individuales objeto de esta Quingentésima octogésima quinta objeción global, b) al U.S. Trustee, y c) a la Lista Maestra de Notificaciones (según se define en los *Procedimientos de administración de casos enmendados núm. 17* [ECF núm. 24726-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico/. Una copia de la notificación de esta Quingentésima octogésima quinta objeción global se adjunta al presente como **Anexo R**. Las traducciones al español de la Quingentésima octogésima quinta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. El Deudor sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

*[El resto de la página se deja en blanco intencionadamente.]*

11

POR LO QUE el Deudor solicita respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo S**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda al Deudor cualesquiera otros remedios que se consideren justos.

Fecha: 14 de julio de 2023
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.:  (787) 751-6764
Fax:  (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax:  (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico.*