# **EXHIBIT B**

**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                             Debtors.¹ | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO CLAIMS THAT ARE PARTIALLY SATISFIED AND/OR PARTIALLY ASSERT AMOUNTS FOR WHICH THE DEBTOR IS NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.  I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtor's (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations)

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtor's case filed pursuant to PROMESA.  The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor").

3. I submit this declaration in support of the *Five Hundred Eighty-Fifth Objection (Substantive) of the Commonwealth of Puerto Rico to Claims That Are Partially Satisfied and/or Partially Assert Amounts for Which the Debtor Is Not Liable* (the "Five Hundred Eighty-Fifth Omnibus Objection").  I have personally reviewed the Five Hundred Eighty-Fifth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Five Hundred Eighty-Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Eighty-Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board or AAFAF (as defined below).  These efforts resulted in the identification of the claims to be modified, as identified in Exhibit A to the Five Hundred Eighty-Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, each of the claims listed on Exhibit A to the Five Hundred Eighty-Fifth Omnibus Objection (collectively, the "Claims to Be Reduced and Allowed") asserts liabilities based on a contract entered into by the Debtor and/or an invoice issued by the claimant. However, (i) the Debtor's records show that a portion of the liabilities associated with the Claims to Be Reduced and Allowed have been paid by the Debtor (*e.g.*, Claim Nos. 74306, 27678, 23283) and/or (ii) claimant fails to provide sufficient supporting documentation for a portion of the liabilities associated with the Claims to Be Reduced and Allowed, such that the Debtor is unable to determine whether that portion is a valid liability against the Debtor or any other Title III debtor (*e.g.*, Claim Nos. 107701, 23140). Absent modification of the Claims to Be Reduced and Allowed, the claimants may receive an unwarranted excess recovery from the Debtor to the detriment of other stakeholders in these Title III Cases. In determining that the Debtors do not have liability with respect to amounts reduced for Claims to Be Reduced and Allowed, I am relying upon declarations from personnel at the relevant Commonwealth agency attesting to their review of the Claims to Be Reduced and Allowed. The Oversight Board and the Puerto Rico Fiscal Agency and Financial Advisory Agency ("AAFAF") consulted with these agencies regarding these invoices, as evidenced by the included declarations supporting the objections to each of the Claims to Be Reduced and Allowed, attached to the Five Hundred Eighty-Fifth Omnibus Objection as Exhibits C through Q. The claimants will retain a claim against the Commonwealth in the amount set forth in the column titled "Reduced and Allowed" in Exhibit A, which amount is being allowed and will be treated in accordance with the Plan.

6. Based on the foregoing, and to the best of my knowledge, information, and belief, the information contained in the Five Hundred Eighty-Fifth Omnibus Objection and exhibits

thereto is true and correct, and the relief requested therein is in the best interests of the Debtor and its creditors.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 14, 2023   By:   /s/ *Jay Herriman*
                              Jay Herriman

4

## **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                      Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA OCTOGÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES QUE ESTÁN EN PARTE SATISFECHAS Y/O EN PARTE RECLAMAN UNOS MONTOS POR LOS QUE EL DEUDOR NO ES RESPONSABLE**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos del Deudor (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"). Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco del caso del Deudor radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor").

3. Realizo esta declaración en apoyo de la *Quingentésima octogésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones que están en parte satisfechas y/o en parte alegan unos montos por los que el Deudor no es responsable* (la "Quingentésima octogésima quinta objeción global"). He revisado personalmente la Quingentésima octogésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima octogésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima octogésima quinta objeción global fue examinada y analizada

2

cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fueron revisado y analizado por otra personal de otros agentes contratados por la Junta de Supervisión o de AAFAF (según se define abajo). Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser modificadas, según se expone en el Anexo A de la Quingentésima octogésima quinta objeción global.

     5.      A mi leal saber y entender, cada una de las reclamaciones que aparece en el Anexo A de la Quingentésima octogésima quinta objeción global (conjuntamente, las "Reclamaciones que han de ser reducidas y concedidas") alega responsabilidades basadas en un contrato celebrado por el Deudor y/o una factura emitida por el reclamante. Sin embargo, i) los registros del Deudor muestran que parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas ha sido pagada por el Deudor (por ejemplo, Reclamaciones núms. 74306, 27678 y 23283), y/o ii) el reclamante no proporciona suficiente documentación justificativa por una parte de las responsabilidades vinculadas con las Reclamaciones que han de ser reducidas y concedidas, de manera que el Deudor no puede determinar si dicha parte constituye una responsabilidad válida contra el Deudor o contra cualquier otro deudor de Título III (por ejemplo, Reclamaciones núms. 107701 y 23140). Si las Reclamaciones que han de ser reducidas y concedidas no son modificadas, ello resultaría en que los reclamantes pudieran obtener del Deudor una recuperación excesiva no justificada en detrimento de otras partes interesadas en dichos Casos de Título III. Al determinar que los Deudores no tienen responsabilidad con respecto a las cantidades reducidas por Reclamaciones a Reducir y Admitir, me baso en las declaraciones del personal de la agencia pertinente del Estado Libre Asociado que dan fe de su revisión de las Reclamaciones a Reducir y Admitir. La Junta de Supervisión y la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico ("AAFAF") consultaron con estas agencias en relación

3

con estas facturas, como lo demuestran las declaraciones incluidas en apoyo de las objeciones a cada una de las Reclamaciones a Reducir y Admitir, adjuntas a la Quincuagésimo Octogésima Quinta Objeción Ómnibus como Anexos C a Q. Los reclamantes mantendrán una reclamación contra el ELA por un monto que aparece en la columna titulada "Reducido y concedido" en el Anexo A, monto que es concedido y será tratado conforme al Plan.

6. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima octogésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del Deudor y de sus acreedores.

7. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 14 de julio de 2023          Por: *[Firma en la versión en inglés]*
                                         Jay Herriman