# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17-BK-4780-LTS<br><br>(Jointly Administered)<br><br>Re: ECF Nos. 3581, 3839 |
| PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Movant,<br><br>v. | |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17- BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19- BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

> AD HOC GROUP OF PREPA BONDHOLDERS, ASSURED GUARANTY CORP., ASSURED GUARANTY MUNICIPAL CORP., SYNCORA GUARANTEE, INC., U.S. BANK NATIONAL ASSOCIATION AS PREPA BOND TRUSTEE,
>
>                                     Respondents.

**REPLY IN FURTHER SUPPORT OF DEBTOR'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CHALLENGING OVERSIGHT BOARD'S CERTIFICATION DETERMINATIONS IN RESPONSE TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PARTIAL JOINDER IN BONDHOLDERS' OBJECTION**

To the Honorable United States District Court Judge Laura Taylor Swain:

The Oversight Board[2] respectfully submits this reply in further support of its *Motion in Limine to Exclude Evidence Challenging Oversight Board's Certification Determinations* [ECF No. 3581] (the "Motion") in response to the *Official Committee of Unsecured Creditors' Partial Joinder in Bondholders' Objection to Debtor's Motion in Limine to Exclude Evidence Challenging Oversight Board's Certification Determinations* [ECF No. 3839] (the "Partial Joinder").

### PRELIMINARY STATEMENT

1. At the Court's June 28, 2023 status conference, the Official Committee of Unsecured Creditors (the "Committee") requested leave to file a reply to the Motion because it claimed that, in light of forthcoming changes to the PREPA Plan, it needed to "say [its] 2-cents about [the Motion]" because it "can't rely on [the Oversight Board's and the Bondholders'] briefing." June 28, 2023 Hr'g. Tr. 47:20-48:9. The Oversight Board did not object to the Committee's request, and the Court granted the Committee leave to file a reply and the Oversight Board leave to respond.

2. To that end, on July 12, 2023, the Committee filed its Partial Joinder, in which it

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion and Reply.

2

subscribed to certain arguments in the Bondholders' Opposition.

3. The Oversight Board focuses this response on the Committee's lack of refutation of three key arguments in the Oversight Board's Motion and reply [ECF No. 3775] (the "Reply").

## PROCEDURAL HISTORY

4. Pursuant to the *Third Amended and Restated Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [ECF No. 3565], on June 2, 2023, the Oversight Board, as PREPA's sole Title III representative, filed the Motion, seeking an order excluding evidence in support of any objection to confirmation of the PREPA Plan that constitutes a challenge to the Oversight Board's certification determinations under PROMESA, including evidence contesting the debt sustainability analysis included in the PREPA Fiscal Plan.

5. Thereafter, on June 13, 2023, the Bondholders filed their Opposition [ECF No. 3746], and the Committee filed a reservation of rights with respect to the Motion [ECF No. 3736].

6. On June 20, 2023, the Oversight Board filed its Reply in support of the Motion.

7. On June 23, 2023, the Oversight Board certified PREPA's fiscal plan for fiscal year 2024.

8. At the Court's June 28, 2023 status conference, the Committee requested the opportunity to file a reply in respect of the Motion, which the Court granted, setting July 12, 2023 as the Committee's deadline to file its reply and July 19, 2023 as the Oversight Board's deadline to respond. ECF No. 3820.

9. On July 12, the Committee filed the Partial Joinder joining in paragraphs 9 through 19 of the Opposition, but not footnotes 4 and 6, paragraphs 20 through 22, and arguments about PROMESA § 203(d)(2)(A). Partial Joinder ¶ 1.

3

## ARGUMENT

10. In adopting certain arguments advanced in the Opposition, the Committee chose not to refute any arguments the Oversight Board asserted in its Reply. The Oversight Board limits this response to identifying three key arguments the Committee failed to rebut.

11. First, the Reply (¶ 12) demonstrated that because PREPA's certified fiscal plan contains a debt sustainability analysis and PROMESA § 314(b)(7) specifically requires a Title III plan of adjustment to be consistent with the applicable fiscal plan, it violates numerous canons of statutory interpretation to interpret the general fair and equitable requirement in Bankruptcy Code section 1129(b)(1) (incorporated by PROMESA § 301(a)) to mean the Court can determine the plan of adjustment cannot be confirmed on the ground it is consistent with the debt sustainability analysis in the certified fiscal plan. PROMESA cannot require the Title III plan of adjustment to be consistent with the certified fiscal plan and simultaneously provide the consistency is a ground to deny confirmation, especially when PROMESA deprives federal courts of jurisdiction to determine challenges to certified fiscal plans. The Committee nowhere explains how the Oversight Board can comply with PROMESA § 104(j)(3) and certify a plan of adjustment only if it is consistent with the fiscal plan, if the Court can refuse confirmation of the plan of adjustment because it is consistent with the fiscal plan.

12. Second, the Motion (¶¶ 18-19) explained the debt sustainability analysis is the product of many factors including judgments about how fast PREPA's decrepit and antiquated infrastructure must be overhauled and how much of a power-bill burden can be placed on consumers. The Committee nowhere explains how a federal court is authorized to substitute its own judgments for the Oversight Board's judgments on those political and social questions, even in the absence of PROMESA § 106(e). This is especially true in light of PROMESA's assignment

4

to the Oversight Board of "sole discretion" over the fiscal plan in §§ 201(c)(3) and 201(d)(2).

13. Third, the Reply (¶¶ 9-10) made clear that the debt sustainability analysis in fiscal plans certified under PROMESA Title II is applicable in Title III because otherwise it would serve no purpose. Indeed, PROMESA § 3 provides Title II is not severable from Title III and *vice versa*. The Motion (¶ 20) and Reply (¶ 11) explained that while PROMESA § 314(b)(7) requires the Court to make a determination if a Title III plan of adjustment is consistent with the applicable certified fiscal plan, there is no provision in Title III requiring the Court to make determinations about the correctness of the fiscal plan. The Committee Partial Joinder does not challenge the debt sustainability's applicability in Title III.

## **CONCLUSION**

14. The Oversight Board respectfully requests the Court enter the Proposed Order excluding all evidence that challenges the Oversight Board's certification determinations inherent in the Fiscal Plans and grant such other and further relief as is just.

[*Remainder of Page Intentionally Left Blank*]

5

| | |
|---|---|
| Dated: July 19, 2023<br>New York, New York | Respectfully submitted,<br>*/s/ Martin J. Bienenstock*<br><br>Martin J. Bienenstock<br>Paul V. Possinger<br>Ehud Barak<br>Margaret A. Dale<br>Michael T. Mervis<br>Julia D. Alonzo<br>Laura Stafford<br>Adam Farbiarz<br>(Admitted *Pro Hac Vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board, as representative for PREPA*<br><br>*/s/ Hermann D. Bauer*<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>250 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br><br>*Co-Attorneys for the Financial Oversight and Management Board, as representative for PREPA* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Hermann D. Bauer*
Hermann D. Bauer