Hearing Date: December 6, 2023, at 9:30 AM (AST)
Objection Deadline: August 10, 2023, at 4:00 PM (AST)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

as representative of

THE COMMONWEALTH OF PUERTO RICO, *et al.*,

Debtors.[1]

_____/

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

## FINAL FEE APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 19, 2019 - DECEMBER 31, 2022

**All Fees and Services included in this Final Application were performed outside of Puerto Rico**

| | |
|---|---|
| Name of applicant: | Genovese Joblove & Battista, P.A. ("GJB") |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of all Title III Debtors (other than PBA and COFINA)(the "Committee")[2] |
| Petition Date: | May 3, 2017[3] |

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

[3] The Petition Date for the Commonwealth under Title III was May 3, 2017. The petition date for COFINA under

| Date of retention: | May 31, 2019, effective as of April 16, 2019 [Docket No. 7181] |
|---|---|
| Period for which compensation and reimbursement are sought: | April 19, 2019 – December 31, 2022 (the "Application Period") |
| Amount of final compensation sought as actual, reasonable, and necessary: | $5,149,075.56 |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | $263,214.26 |
| Blended Hourly Rate for all timekeepers: | $344.37 |

**SUMMARY OF PRIOR INTERIM APPLICATIONS:**

| Date: Docket No. | Interim Fee Period ("IFP") Covered | Fees and Expenses Approved | | Date and Docket No. of Fee Order | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Date | Docket No. |
| 07/15/19 ECF No. 7994 | *First IFP* April 19, 2019- May 31, 2019 | $519,558.60 | $3,848.56 | 10/29/19 | ECF No. 9046 |
| 11/15/19 ECF No. 9213 | *Second IFP* June 1, 2019- Sept. 30, 2019 | $1,339,434.84 | $43,602.27 | 06/01/20 | ECF No. 13296 |
| 03/15/20 ECF No. 12409 | *Third IFP* October 1, 2019- January 31,2020 | $1,171,905.89 | $33,296.95 | 07/24/20 | ECF No. 13824 |
| 11/16/20 ECF No. 15142 | *Fourth IFP* February 1,2020 -August 31,2020 | $887,215.80 | $54,671.58 | 03/08/21 | ECF No. 15971 |
| 03/15/21 ECF No. 16068 | *Fifth IFP* Sept. 1, 2020 – Jan. 31, 2021 | $393,780.03 | $28,860.55 | 08/03/21 | ECF No. 17646 |
| 07/15/21 ECF No. 17365 | *Sixth IFP* Feb. 1, 2021- May 30, 2021 | $260,272.72 | $35,727.69 | 10/04/21 | ECF No. 18371 |
| 11/15/21 ECF No. 19219 | *Seventh IFP* June 1, 2021 – Sept. 30, 2021 | $163,364.88 | $30,614.97 | 03/18/22 | ECF No. 20412 |
| 08/31/22 ECF No. 21992 | *Eighth IFP* Oct. 1, 2021 – Dec. 31, 2021 | $278,543.20 | $19,344.38 | 10/28/22 | ECF No. 22727 |
| 11/15/2022 | *Ninth IFP* | $117,740.40 | $11,383.83 | 01/27/23 | ECF No. 23408 |

Title III was May 5, 2017. The petition date for ERS and HTA under Title III was May 21, 2017. The Petition Date for PREPA under Title III was July 2, 2017.

| ECF No. 22880 | January 1, 2022 – July 31, 2022 | | | | |
|---|---|---|---|---|---|
| 03/13/2023 ECF No. 23797 | ***Final***[4] August 1, 2022 – Dec. 31, 2022 | $17,259.20 | $1,863.48 | n/a | n/a |

| Total fees and expenses *approved* by interim orders to date: | $5,149,075.56 | $263,214.26 |
|---|---|---|

---

[4] On March 13, 2023, GJB filed its Final Application of Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period from August 1, 2022 through December 31, 2022 [ECF No. 23797], which was treated as an interim application.

Hearing Date: December 6, 2023, at 9:30 AM (AST)
Objection Deadline: August 10, 2023, at 4:00 PM (AST)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | **PROMESA**<br>**Title III** |
| **THE FINANCIAL OVERSIGHT AND**<br>**MANAGEMENT BOARD FOR PUERTO RICO,** | **No. 17 BK 3283-LTS** |
| as representative of | **(Jointly Administered)** |
| **THE COMMONWEALTH OF PUERTO RICO,** *et al.*, | |
| **Debtors.[5]** | |

_____ /

## FINAL FEE APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 19, 2019 - DECEMBER 31, 2022

To The Honorable United States District Judge Laura Taylor Swain:

Genovese Joblove & Battista, P.A. ("GJB"), as former special litigation counsel to the Official Committee of Unsecured Creditors (the "Committee"), in the above-captioned Title III cases (the "Title III Cases")[6] pursuant to section 315(b) of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), hereby submits its final application (the "Final Fee

---

[5] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[6] The Committee is the official committee of unsecured creditors for all Title III Debtors, other than PBA and COFINA.

Application" or "Application") pursuant to PROMESA sections 316 and 317, Rule 2016 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local
Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico (the
"Local Bankruptcy Rules"), Appendix B of the United States Trustee *Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by
Attorneys in Large Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee
Guidelines," and together with the aforementioned statutes, rules and guidelines, the
"Guidelines"), and in accordance with the *Third Amended Order Setting Procedures for Interim
and Final Compensation and Reimbursement of Expenses of Professionals* entered by this Court
on April 12, 2022 [Docket No. 20546] (the "Interim and Final Compensation Order"), seeking
entry of a an order allowing and ratifying all prior fee and expense requests during the period
commencing April 19, 2019 through and including December 31, 2022 (the "Final Fee Application
Period"). In support of this Application, GJB respectfully states the following:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction to consider and determine this Second
Interim Application pursuant to PROMESA section 306(a). Venue is proper before this Court
pursuant to PROMESA section 307(a). The statutory predicates for the relief requested herein are
PROMESA sections 316 and 317, Bankruptcy Rule 2016 and Local Rule 2016-1.

2.      This Application has been prepared in accordance with the Guidelines and the
Interim and Final Compensation Order.

## BACKGROUND

3.      On April 30, 2019, the Committee filed the *Application for Order, Pursuant to
Bankruptcy Code Section 1103(a) and Local Bankruptcy Rule 2014-1(e) Authorizing Employment
and Retention of Genovese, Joblove & Battista, P.A. as Special Litigation Counsel to Official*

*Committee Of Unsecured Creditors, Effective as of April 16, 2019* (the "Application") [Case No. 17-3283, Doc #6661](the "GJB Employment Application").

4.      On May 31, 2019, the Court entered the *Order Authorizing Employment of Genovese, Joblove & Battista, P.A., As Special Litigation Counsel to the Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 1103(A) and Local Rule 2014-1(E ), Effective As of April 16, 2019* [Doc # 7181] (the "Retention Order").

5.      The retention of a special litigation counsel was necessary and appropriate because the Committee's primary counsel, Paul Hastings, LLP ("Paul Hastings") represents certain of the Financial Party Targets (or their affiliates) in matters unrelated to the Title III Cases.

6.      As set forth in the Engagement Agreement dated April 30, 2019, GJB was retained by and authorized to represent the Committee as special litigation counsel and assist the Committee and the Special Claims Committee regarding investigation and pursuit of potential claims against certain Financial Party Targets.

7.      The Retention Order authorized GJB to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 316 and 317 of PROMESA, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. The Retention Order further provides that "[p]ursuant to Bankruptcy Code section 503(b)(1), made applicable by PROMESA section 301(a), the fees and expenses of GJB shall be an administrative expense." In addition, as provided in the Retention Order, the Committee has consented to the Debtors' payment of GJB's allowed fees and expenses.

8.      On February 15, 2022, former GJB attorneys John Arrastia ("J. Arrastia"), Jesus Suarez ("J. Suarez") and Angelo Castaldi ("A. Castaldi") formed the law firm, Continental, PLLC ("Continental") and took over representation of the Committee as special litigation counsel for the Committee.  In connection with the foregoing, Arrastia, Suarez and Castaldi filed Notices of

Appearance and Request for Notices and Papers [D.E. 20136].

9.      On February 28, 2022, Continental filed their Informative Motion Regarding Change of Firm and Address, and Proposed Substitution of Counsel [Docket No. 20225].  As a result of the foregoing, GJB ceased any further representation of the Committee as of February 15, 2022 and is no longer is representing any party in these proceedings and thereby submits its Final Fee Application.

### REQUESTED FEES AND REIMBURSEMENT OF EXPENSES

10.      By this Application, GJB seeks an order authorizing (a) allowance of final compensation for professional services rendered to the Committee during the Application Period in the aggregate amount of **$5,149,075.56** which represents the total fees approved by interim orders to date and (b) allowance of reimbursement of actual and necessary expenses incurred by GJB in the aggregate amount of **$263,214.26**.  These amounts were for legal services provided to the Committee in connection with the Commonwealth Title III case.

11.      The Application has been prepared in accordance with the Guidelines and the Interim and Final Compensation Order.  Attached hereto as Exhibit "A" is the Certification of Mariaelena Gayo-Guitian regarding compliance with the Local Guidelines.

12.      During the Application Period, GJB attorneys and paraprofessionals expended a total of **14,952.20** hours for which compensation is requested. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of the Committee.

13.      As a courtesy to the Committee and based on circumstances unique to the Title III Case, during the Application Period GJB voluntarily applied a 20% discount of its hourly rates totaling **$1,317,887.95**. For details regarding the waived fees, please see the Gayo-Guitian Declaration filed concurrently.

14.     As noted herein, by this Final Fee Application, GJB seeks final approval, and final allowance and payment of all fees and expenses incurred for services rendered during the Application Period and of all previously requested compensation (including all paid amounts and holdbacks).

15.     There is no agreement or understanding between GJB and any other person other than the attorneys, employees, and staff of GJB, for the sharing of compensation to be received for services rendered in these cases.

16.     GJB maintains computerized records, in the form of monthly statements, of the time spent by all GJB's attorneys and paraprofessionals in connection with its representation of the Committee.  The monthly statements are in the same form regularly used by GJB to bill its clients for services rendered and include the date that the services were rendered, a detailed, and contemporaneous narrative description of the services provided, the amount of time spent for each service, and the designation of the professional who performed the service.

17.     The fees charged by GJB in the Title III Case are billed in accordance with its existing billing rates and procedures in effect during the Application Period. The rates GJB charges for the services rendered by its professionals and paraprofessionals in the Title III Case are comparable to the rates GJB charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.

18.     GJB's rates are set at a level designed to fairly compensate GJB for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. GJB operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance and reputation, the nature of the work involved, and other factors.  Accordingly, GJB set its rates for attorneys and paraprofessionals both in the restructuring group and related litigation groups within

the firm by reference to market information and market adjustments by firms considered to be industry peers.  Based on this and reviews of contemporaneous time records and fee applications filed in other cases, GJB's endeavors to set the hourly rates for its attorneys and paraprofessionals at levels comparable to those of its principal competitor firms.

19.     As is customary, and as permitted pursuant to paragraph 2 of the Retention Order, every year GJB reviews its rate structure and, when appropriate, adjusts its hourly rates based upon (i) the advancing seniority of its professionals and paraprofessionals, (ii) the current market for legal services, (iii) the rates charged for comparable non-bankruptcy services, and (iv) the firm's analysis of the hourly rates being charged by professionals in other law firms.

20.     GJB's professional services during the Application Period required an aggregate expenditure of 14,952.20 hours recorded hours by GJB's attorneys and paraprofessionals. During the Application Period, GJB's billing rates for attorneys rendering services in this matter ranged from $305.00 to $765.00 per hour. As a courtesy to the Committee, no rate increases were made in January 2022 for the incoming year.

21.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed before the preparation of this Application, or GJB has for any other reason not sought compensation or reimbursement with respect to such services or expenses, GJB reserves the right to request additional compensation for such services, and reimbursement of such expenses, in a supplemental or future application.

22.     Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are attached hereto and incorporated by reference:

- Exhibit A- Declaration of Mariaelena Gayo-Guitian.

- Exhibit B- contains a summary of fees and hours billed by

professional during the Final Fee Application Period.

- Exhibit C contains a summary of fees and hours billed by matter during the Final Fee Application Period.

- Exhibit D contains a summary of expenses incurred by category during the Final Fee Application Period.

- Exhibit E contains a budget plan with a comparative analysis of budgeted and actual fees during the Final Fee Application Period.

## SUMMARY OF SERVICES PERFORMED

23.    A description of the professional services rendered by GJB during the Application Period are broken down by project category on Exhibit C and detailed in the previously filed interim fee applications (the "Interim Fee Applications") which, for the sake of brevity, are incorporated by reference.  The previously filed Interim Fee Applications contain detailed time entries describing the time spent by each professional and paraprofessional during the Final Fee Application Period.

24.    Other than with respect to those Monthly Fee Statements, and any relationships previously disclosed in our retention papers and/or related supplemental disclosures, no payments have been made to GJB, and GJB has received no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the Title III matters covered during the Compensation Period and addressed by this Application. There is no agreement or understanding between GJB and any other person, other than the members of GJB, for the sharing of compensation to be received for services rendered in these cases.

25.    GJB respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Committee, and were rendered to protect, preserve, and maximize the value for unsecured creditors during the pendency of these Title III cases. Accordingly, in light of the nature and complexity of these Title III cases, GJB's charges for professional services performed and expenses incurred are reasonable under applicable

standards.

26.      As described in the Engagement Agreement dated April 30, 2019, GJB provided
services related to the investigation and pursuit of potential claims against certain Financial Party
Targets.  GJB immediately upon its retention GJB started assisting the Committee with respect to
the Committee's motion to pursue certain causes of action on behalf of the Commonwealth, filed
with the court on April 17, 2019 [Docket No. 6325] (the "<u>926 Motion</u>"), including the reply in
further support of the 926 Motion, filed with the court on April 22, 2019 [Docket No. 6458].
Additionally, GJB evaluated and analyzed certain potential causes of actions against the Financial
Party Targets in order to file the Co-Plaintiff Adversary Proceedings against such Financial Party
Targets on or before the Commonwealth's statute of limitation deadline or after expiration or
termination of the Tolling Agreements with respect to such Financial Party Targets. These tasks
required a great deal of work in a very short period of time due to the impending statute of
limitations deadline of May 2, 2019.

27.      For ease of reference and transparency purposes, GJB created several matter
numbers for its representation of the Committee.  The matter numbers are divided as follows on
the reports:

| Matter ID | Matter Name |
|-----------|-------------|
| 001 | Official Committee of Unsecured Creditors |
| 002 | PREPA Adversary Litigation |
| 003 | ERS Adversary Litigation |
| 004 | HTA Adversary Litigation |
| 005 | Kobre & Kim Investigation Report Database Review |

28.      During the Application Period, GJB reviewed and developed general case strategy
and planning of litigation matters, attended to case management, and participated in  meetings with

Paul Hastings and Brown Rudnick.

29.    Specifically, GJB periodically monitored the docket and reviewed and analyzed pleadings and filings in the case pertaining to those matters that impacted the Co-Plaintiff Adversary litigation against the various underwriters and Financial Party Targets, Garden-Variety Avoidance Actions and challenge of liens asserted by certain holders of GO Bonds. GJB reviewed and analyzed, pleadings to prepare the factual allegations and relevant legal theories in connection with the filing of the various adversary proceedings. For example, GJB reviewed the docket and filings related to the GO Bonds objection, among others.  Additionally, GJB reviewed various pleadings related to the Plan proposed by the Oversight Board for the restructuring of the Commonwealth of Puerto Rico and its potential impact on the Co-Plaintiff Adversary litigation. Further, GJB reviewed relevant pleadings in the Title III cases, as well as, all related adversary proceedings.

30.    In connection with the foregoing, GJB attended telephone conferences, and weekly meetings, and other communications with the Committee, including preparation for such calls and meetings in order to maintain the Committee informed of the various pending litigation matters being handled by GJB.

31.    During the Application Period, GJB reviewed various pleadings related to the PREPA 9019 Motion and Plan Terms proposed by the Oversight Board for the restructuring of the Commonwealth of Puerto Rico and its potential impact on the pending Co-Plaintiff Adversary litigation.   In an effort to minimize duplication, GJB coordinated with Brown Rudnick regarding applicable theories and potential litigation targets.  GJB reviewed issues and decisions regarding the ERS bond.  GJB reviewed and analyzed ERS draft complaint in connection with the ERS bond avoidance; reviewed motions regarding joint consideration of ERS claims; revised and redlined ERS draft complaint; reviewed and analyzed revised ERS bondholder chart; conferred with local

counsel, Juan Casillas, regarding ERS complaint; and reviewed order on briefing schedule regarding ERS bonds.  GJB assisted in the filing and prosecution of the various adversary proceedings filed as a result of the investigations performed in collaboration with Brown Rudnick.

32.     During the Application Period, GJB attorneys spent time on analyzing potential claims for avoidance, including preferential transfers and fraudulent transfers with respect to limited "garden-variety" avoidance actions [Adv. Proc. Nos. 19-267, 19-275-279] and conferred with Paul Hastings and the Committee regarding litigation strategy and legal research on certain potential preference and recovery actions.   Specifically, GJB reviewed and analyzed potential main case litigation concerning matters where Paul Hastings identified conflicts with parties that were potentially adverse to the Committee including main case issues as claims objections.

33.     A substantial portion of the GJB's work during the Application Period was devoted to the investigation and participation in the joint prosecution of causes of action together with the Oversight Board/Special Claims Committee which resulted in the filing of 27 separate adversary proceedings seeking to (i) recover fraudulent transfers made on account of GO Bonds that were not validly issues [Adv. Proc. No. 19-281, Adv. Proc. No. 19-282, Adv. Proc. No. 19-283, Adv. Proc. No. 19-284, Adv. Proc. No. 19-285, Adv. Proc. No. 19-286, Adv. Proc. No. 19-287, and Adv. Proc. No. 19-288]; (ii) challenging liens asserted by certain holders of GO bonds [Adv. Proc. No. 19-291, Adv. Proc. No. 19-292, Adv. Proc. No. 19-293, Adv. Proc. No. 19-294, Adv. Proc. No. 19-295, Adv. Proc. No. 19-296, and Adv. Proc. No. 19-297]; (iii) recover fraudulent transfers made on account of ERS bonds that were not validly issued [Adv. Proc. No. 19-355, Adv. Proc. No. 19-356, Adv. Proc. No. 19-357, Adv. Proc. No. 19-358, Adv. Proc. No. 19-359, Adv. Proc. No. 19-360, and Adv. Proc. No. 19-361]; and (iv) proceedings challenging liens asserted by certain holders of HTA bonds [Adv. Proc. No. 19-362, Adv. Proc. No. 19-363, Adv. Proc. No. 19-364, and Adv. Proc. No. 19-365].  Additionally, GJB represented the Committee with respect to two

separate adversary proceedings against: (a) numerous underwriters and other financial target parties involved in the issuance of Commonwealth bonds [Adv. Proc. No. 19-280]; and (b) the claims of PREPA against fuel oil suppliers and laboratories [Adv. Pro. No. 19-00388-LTS].

34.     GJB spent considerable time reviewing and filing of those adversary proceedings seeking declarations on the scope of the liens purportedly securing the ERS bonds [Adv. Proc. No. 19-366 and Adv. Proc. No. 19-367].

35.     During the Application Period, GJB reviewed and analyzed the plan of adjustment filed by the Commonwealth and various restructuring financial analysis prepared in connection therewith and its impact on pending litigation.  GJB's role in this category was  limited to instances, if any, where Paul Hastings may have had a conflict or where GJB needed to familiarize itself with matters that may impact on the pending Co-Plaintiff Adversary litigation where GJB is serving as conflicts counsel to the Committee.

36.     During the Application Period, GJB conducted legal research and analysis with respect to the Debtors' potential avoidance actions against third parties by reviewing the Kobre & Kim report database in view of the Committee's fiduciary obligation to review the Debtors' prepetition conduct.  GJB conducted legal research and analysis with respect to the Debtors' potential avoidance actions against third parties pursuant to the findings identified in the report related to financial target claims and potential litigation targets.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

37.     Section 316 of PROMESA provides for the compensation of professionals. Specifically, section 316 provides that a court may award a professional employed by a committee under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." PROMESA § 316(a). Section 316 also sets forth the criteria for the award of such compensation and reimbursement:

(a) In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

    (i) the time spent on such services;

    (ii) the rates charged for such services;

    (iii) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

    (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

    (vi) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

PROMESA § 316(c).  Further, section 317 of PROMESA provides that "a committee may apply to the court not more than once every 120 days for such compensation for services rendered.

38.   In the instant case, GJB respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Committee, the Debtors, and their stakeholders and were rendered to protect, preserve, and maximize value for unsecured creditors during the pendency of the Title III Cases. The services rendered to the Committee were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved.  The results obtained to date have benefited not only the Committee but also the Debtors, their stakeholders, and other interested parties.  Accordingly, the compensation requested is reasonable in light of the

nature, extent, and value of such services to the Committee, the Debtors, and all parties in interest.

39.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task.  Whenever possible, GJB sought to minimize the costs of GJB's services to the Committee by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments.  A small group of the same GJB attorneys was utilized for the vast majority of the work in order to minimize the costs of intra-GJB communication and education about the Title III Cases.  As demonstrated by this Application, GJB spent its time economically and without unnecessary duplication.  Accordingly, approval of the compensation sought herein is warranted.

## <u>STATEMENTS PURSUANT TO APPENDIX B OF THE U.S. TRUSTEE GUIDELIENS</u>

40.     The following statements address information pursuant to Section C.5 of the U.S. Trustee Guidelines:

<u>Question:</u>   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees, or terms for services pertaining to this engagement that were provided during the Application Period?

<u>Response:</u>   Yes.  As a courtesy to the Committee and based on circumstances unique to the Title III Case, during the Application Period, GJB agreed to a voluntary reduction of its fees by an amount equal to 20% of the total fees sought to be paid, which reduction totals $1,317,887.95.

<u>Question:</u>   If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

<u>Response:</u>   The fees were below the budgeted amount, therefore the request is not applicable.

<u>Question:</u>   Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

<u>Response:</u>   No.

<u>Question:</u>   Does the application include time or fees related to reviewing or

revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

Response:   No.

Question:   Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response:   No.

Question:   If the application includes any rate increases since retention:  (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458?

Response:   No rate increases have occurred since the retention date.

## CONCLUSION

**WHEREFORE**, GJB respectfully requests entry of an order, (a) approving the final allowance of **$5,149,075.56** for professional services rendered and reimbursement of actual and necessary expenses incurred in the amount of **$263,214.26** for the Final Fee Application Period, (b) ratifying all prior payments made; and (c) granting such other and further relief as the Court deems just and proper.

Dated: July 21, 2023.

> */s/ Mariaelena Gayo-Guitian*
> GENOVESE JOBLOVE & BATTISTA, P.A.
> John H. Genovese, Esq. *(Pro Hac Vice)*
> Mariaelena Gayo-Guitian, Esq. (*Pro Hac Vice*)
> 100 SE 2nd Street, Suite 4400
> Miami, FL 33131
> Telephone:  (305) 349-2300
> jgenovese@gjb-law.com
> mguitian@gjb-law.com

# **EXHIBIT A**

**Declaration of Mariaelena Gayo-Guitian**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**In re:**

**MANAGEMENT BOARD FOR PUERTO RICO,**
    **as representative of**

**THE COMMONWEALTH OF PUERTO RICO,** *et al.,*

           **Debtors.**[1]

_____/

**PROMESA
Title III**

**No. 17 BK 3283-LTS**

**(Jointly Administered)**

## DECLARATION OF MARIAELENA GAYO-GUITIAN, ESQ. IN SUPPORT OF FINAL FEE APPLICATION OF GENOVESE JOBLOVE & BATTISTA, P.A., AS SPECIAL LITIGATION COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR SERVICES RENDEREDAND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM APRIL 19, 2019 – DECEMBER 31, 2022

I, Mariaelena Gayo-Guitian certify that the following is true to the best of my knowledge information, and belief:

1.      I was an attorney and partner at Genovese Joblove & Battista, P.A. ("GJB") through December 31, 2022, with four offices in Florida located at 100 SE 2nd Street, Suite 4400, Miami, FL 33131 ("Miami"); 200 East Broward Blvd, Suite 1110, Fort Lauderdale, FL 33301 ("Ft. Lauderdale"), and 100 N. Tampa Street, Suite 2600, Tampa, FL ("Tampa"). GJB also had an affiliate office in Caracas Venezuela located at Av. Francisco de Miranda, Torre Provincial "A" piso 8 oficina 81 y 82 1060 Caracas, Venezuela.

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283 (LTS)) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566 (LTS)) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567 (LTS)) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284 (LTS)) (Last Four Digits of Federal Tax ID: 8474); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523 (LTS)) (Last Four Digits of Federal Tax ID: 3801). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

2.     I am admitted to practice law in the state of Florida.  By order dated April 16, 2019,
I was admitted to appear *Pro Hac Vice* in the Debtors Title III Cases [Docket No. 6330].

3.     I am duly authorized to make this Declaration on behalf of GJB.  The facts set forth
in this Declaration are based upon my personal knowledge, my discussions with other GJB
attorneys, and the review of GJB's client/matter records by me or other GJB attorneys acting under
my supervision and direction.

4.     In accordance with (a) Local Bankruptcy Rule 2016-1 (the "Local Guidelines"), (b)
Appendix B of the United States Trustee Guidelines for Reviewing Applications for Compensation
and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective as of November 1, 2013
(the "U.S. Trustee Guidelines"), and (c) the *Third Amended Order Setting Procedures for Interim
Compensation and Reimbursement of Expenses of Professionals entered April 12, 2022* (the "Third
Interim Compensation Order"), this Declaration is made with respect to the *Final Application of
Genovese Joblove & Battista, P.A., as Special Litigation Counsel to Official Committee  of
Unsecured Creditors, for Services Rendered and Reimbursement of Expenses for the Period from
April 19, 2019 – December 31, 2022* (the "Application").[2]

5.     Pursuant to section (a)(4) of the Local Guidelines, I hereby certify that I have read
the Application and, to the best of my knowledge, information, and belief, formed after reasonable
inquiry, (a) the compensation and reimbursement of expenses sought in the Application conforms
with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, and the Local
Rules, (b) the compensation and reimbursement of expenses are billed at rates no less favorable to
the Debtors than those customarily employed by GJB generally (taking into consideration that GJB
employs a variety of fee arrangements with its clients, including hourly fees, contingency fees and

---

[2] Capitalized terms used herein shall have the same meanings given to them in the Application.

hybrid fees involving reduced hourly rates and reduced contingency fee percentages) and billed in accordance with the Engagement Letter and Retention Order; and (c) in providing a reimbursable services, GJB does not make a profit on that service, whether the service is performed by GJB in-house or through a third party.

6.      In accordance with the Engagement Letter and Retention Order, GJB agreed to a voluntary fee reduction equal to 20%, which results in a reduction in fees in the amount of **$1,317,887.95** in the Application. GJB seeks allowance of all of its fees incurred during the Application Period in the net amount of **$5,149,075.56**, to the extent such amount has not been paid before the hearing scheduled on this Application.

7.      I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 21st day of July, 2023.

*/s/ Mariaelena Gayo-Guitian*
Mariaelena Gayo-Guitian, Esq.
GENOVESE JOBLOVE & BATTISTA, P.A.
Mariaelena Gayo-Guitian, Esq. *(Pro Hac Vice)*
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Telephone:  (305) 349-2300
mguitian@gjb-law.com

# EXHIBIT B

## SUMMARY OF TIMEKEEPERS INCLUDED IN THIS APPLICATION

| Professional | Title | Total Hours | Actual Fees Billed | Blended Rate |
|---|---|---|---|---|
| Arrastia, John | Partner | 2,604.40 | $1,465,790.00 | $562.81 |
| Day, Allison | Partner | 51.10 | $31,937.50 | $625.00 |
| Elgidely, Robert | Partner | 34.60 | $21,279.00 | $615.00 |
| Friedman, Michael | Partner | 378.00 | $203,197.50 | $537.56 |
| Garno, Gregory | Partner | 15.70 | $8,599.50 | $547.74 |
| Gayo-Guitian, Mariaelena | Partner | 706.90 | $392,265.00 | $554.91 |
| Genovese, John | Partner | 1,412.50 | $1,069,852.50 | $757.42 |
| Gonzalez, Alfredo | Partner | 600.80 | $339,452.00 | $565.00 |
| Harmon, Heather | Partner | 20.60 | $11,845.00 | $575.00 |
| Jacobs, Eric | Partner | 54.90 | $25,982.50 | $473.27 |
| Suarez, Jesus | Partner | 1,716.80 | $852,700.00 | $496.68 |
| **PARTNER TOTAL** | | **7,596.30** | **$4,422,900.50** | **$582.24** |
| | | | | |
| Halsey, Brett | Of Counsel | 45.10 | $20,295.00 | $450.00 |
| Perdomo, Rose | Of Counsel | 14.00 | $4,200.00 | $300.00 |
| **OF COUNSEL TOTAL** | | **59.10** | **$24,495.00** | **$414.47** |
| | | | | |
| Bado, Jean-Pierre | Associate | 1,389.60 | $519,600.00 | $373.92 |
| Bean, Benjamin | Associate | 25.40 | $8,890.00 | $350.00 |
| Castaldi, Angelo | Associate | 1,721.00 | $642,425.73 | $373.29 |
| Delgado, Joyce | Associate | 648.40 | $203,143.50 | $313.30 |
| Fernandez-Barquin, Juan | Associate | 185.70 | $86,350.00 | $465.00 |
| Jacobs, Eric | Associate | 17.90 | $8,502.50 | $475.00 |
| Kalbac, Patrick | Associate | 8.10 | $2,511.00 | $310.00 |
| Perez, Anthony | Associate | 67.30 | $19,180.50 | $285.00 |
| Rosner, Jeremy | Associate | 18.40 | $5,612.00 | $305.00 |
| Sadovnic, Irina | Associate | 379.80 | $121,310.00 | $319.40 |
| **ASSOCIATE TOTAL** | | **4,461.60** | **$1,617,525.23** | **$362.54** |
| | | | | |
| Esser/Scavone, Carolyn | Paralegal | 96.60 | $14,490.00 | $150.00 |
| Garcia-Montes , Tricia | Paralegal | 28.70 | $3,396.00 | $118.33 |
| Hopkins, Colleen | Paralegal | 154.50 | $29,835.00 | $193.11 |
| Lambdin, Vonda | Paralegal | 5.00 | $750.00 | $150.00 |
| Sardina, Jessey | Paralegal | 161.30 | $11,850.00 | $73.47 |
| Siff, Steve | Paralegal | 1,553.20 | $301,762.50 | $194.28 |
| Traina, Brooke | Paralegal | 2.30 | $312.00 | $135.65 |

| | | | | |
|---|---|---|---|---|
| Zamora, Johanna | Paralegal | 833.60 | $162,123.00 | $194.49 |
| **PARALEGAL TOTAL** | | **2,835.20** | **$524,518.50** | **$185.00** |
| | | | | |
| **TOTAL** | | **14,952.20** | **$6,589,439.23** | |
| **FEE DISCOUNT 20%** | | | **(1,317,887.95)** | |
| **FEE REDUCTIONS** | | | **(122,475.72)** | |
| **TOTAL** | | | **$5,149,075.56** | |
| **BLENDED HOURLY RATE** | | | **$344.37** | |

# EXHIBIT C

## COMPENSATION BY TASK CODE/CATEGORY

### *Official Committee of Unsecured Creditors of Commonwealth of PR (Matter ID 001)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---:|---:|
| B110 – Case Administration | 459.20 | $118,696.50 |
| B113 – Pleadings Review | 1,974.55 | $482,894.75 |
| B150 – Meetings of Creditors | 73.40 | $41,628.00 |
| B155 – Court Hearings | 97.70 | $51,715.50 |
| B160 – Fee/Employment Applications | 727.70 | $299,468.50 |
| B161 - Budgeting | 104.20 | $61,899.00 |
| B165 – Fee/Employment Other Professionals | 25.30 | $13,694.00 |
| B170 – Fee/Employment Objections | 22.80 | $12,472.50 |
| B180 – Avoidance Action Analysis | 1,018.10 | $522,023.50 |
| B181 – Preference Analysis and Recovery Actions | 13.70 | $7,459.50 |
| B190 – Other Contested Matters | 318.90 | $159,234.50 |
| B191 – General Litigation | 5,763.55 | $2,800,150.98 |
| B195 – Non-Working Travel | 114.50 | $32,095.00 |
| B210 – Business Operations | 18.10 | $9,365.00 |
| B211 – Financial Reports (Monthly Operating Reports) | 2.30 | $345.00 |
| B260 – Meetings of and Communications with Board | 15.50 | $8,500.00 |
| B310 – Claims Administration and Objections | 0.60 | $345.00 |
| B320 – Plan and Disclosure Statement | 155.50 | $85,449.50 |
| B420 - Restructurings | 2.60 | $1,495.00 |
| **TOTAL** | **10,908.20** | **$4,708,931.73** |

### *PREPA (Matter ID 002)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---:|---:|
| B110 – Case Administration | 51.10 | $14,429.50 |
| B113 – Pleadings Review | 4.70 | $2,246.50 |
| B120 – Asset Analysis and Recovery | 0.50 | $275.00 |
| B150 – Meetings of Creditors | 24.30 | $13,212.50 |
| B155 – Court Hearings | 2.50 | $1,437.50 |
| B160 – Fee/Employment Applications | 3.20 | $1,840.00 |
| B161 - Budgeting | 6.10 | $3,507.50 |
| B165 – Fee-Employment Other  Professionals | 1.10 | $841.50 |
| B190 – Other Contested Matters | 373.70 | $199,535.50 |

| | | |
|---|---|---|
| B191 – General Litigation | 2,829.90 | $1,331,425.00 |
| B195 – Non-Working Travel | 31.20 | $8,970.00 |
| B210 – Business Operations | 0.30 | $172.50 |
| B260 – Meetings of and Communications with Board | 9.30 | $5,192.50 |
| B320 – Plan and Disclosure Statement | 0.80 | $460.00 |
| **TOTAL** | **3,338.70** | **$1,583,545.50** |

*ERS*
*(Matter ID 003)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---|---|
| B110 – Case Administration | 48.80 | $9,517.50 |
| B113 – Pleadings Review | 0.40 | $230.00 |
| B129 – Fee Employment Applications | 0.80 | $460.00 |
| B150 – Meetings of Creditors | 0.20 | $115.00 |
| B165 – Fee/Employment Other Professionals | 0.10 | $57.50 |
| B180 – Avoidance Action Analysis | 29.20 | $17,085.00 |
| B190 – Other Contested Matters | 9.60 | $3,746.00 |
| B191 – General Litigation | 438.70 | $181,582.00 |
| B260 – Meetings of and Communications with Board | 0.80 | $400.00 |
| B320 – Plan and Disclosure Statement | 0.20 | $115.00 |
| **TOTAL** | **528.80** | **$213,308.00** |

*HTA*
*(Matter ID 004)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---|---|
| B110 – Case Administration | 3.10 | $832.50 |
| B113 – Pleadings Review | 0.50 | $287.50 |
| B129 – Fee/Employment Applications | 0.50 | $287.50 |
| B180 – Avoidance Action Analysis | 41.80 | $25,847.50 |
| B191 – General Litigation | 26.30 | $10,061.50 |
| **TOTAL** | **72.20** | **$37,316.50** |

*Kobre & Kim Report*
*(Matter ID 005)*

| U.S. Trustee Task Code and Project Category | Hours Billed | Fees Sought |
|---|---|---|
| B191 – General Litigation | 104.30 | $46,337.50 |
| **TOTAL** | **104.30** | **$46,337.50** |

# EXHIBIT D

## SUMMARY OF EXPENSE REIMBURSEMENTS REQUESTED BY CATEGORY

| Category | Amount |
|---|---|
| Travel Expenses – Airfare | $10,987.26 |
| Travel Expenses – Lodging | $6,767.08 |
| Travel Expenses - Taxi / Ground Transportation | $1,001.31 |
| Travel Expenses – Parking | $302.00 |
| Meals (while working on Committee matters) | $877.00 |
| Court call | $190.00 |
| Long Distance Phone Calls | $0.00 |
| Process Service Fee | $125.00 |
| Messenger | $0.00 |
| Computer Search | $10,897.50 |
| Articles and Publications | $0.00 |
| Court Reporting Services | $0.00 |
| In-house Black and White Reproduction Charges | $9,192.30 |
| Outside Photocopies | $9.96 |
| Outside Professional Services | $0.00 |
| Postage/Express Mail | $1,029.91 |
| Data Management/Web Hosting | $227,275.03 |
| Miscellaneous- Translation / Interpreting Service | $10,204.60 |
| **SUBTOTAL** | $278,858.95 |
| **EXPENSE REDUCTION** | (15,644.69) |
| **TOTAL EXPENSES** | **$263,214.26** |

# EXHIBIT E

## BUDGET ANALYSIS

| Interim No. | Compensation Period | Interim Fees Requested | Budget Period | Budgeted Fees | Variance | Variance Percentage |
|---|---|---|---|---|---|---|
| 1 | 4/19/19 - 5/31/19 | $519,558.60 | N/A | N/A | N/A | N/A |
| 2 | 6/1/19 - 9/30/19 | $1,339,434.84 | 7/1/19-9/30/19 | $1,341,941.62 | (2,506.78) | -0.19% |
| 3 | 10/1/19 - 1/31/20 | $1,171,905.89 | 10/1/19 - 1/31/20 | $1,909,753.69 | (737,847.80) | -38.64% |
| 4 | 2/1/20 - 8/31/20 | $887,215.80 | 2/1/20 - 8/31/20 | $1,310,373.72 | (423,157.92) | -32.29% |
| 5 | 9/1/20 - 1/31/21 | $393,780.03 | 9/1/20 - 1/31/21 | $855,418.47 | (461,638.44) | -53.97% |
| 6 | 2/1/21 -5/31/21 | $260,272.72 | 2/1/21 -5/31/21 | $456,970.07 | (196,697.35) | -43.04% |
| 7 | 6/1/21 - 9/30/21 | $163,364.88 | 6/1/21 - 9/30/21 | $357,252.55 | (193,887.67) | -54.27% |
| 8 | 10/1/21 -12/31/21 | $278,543.20 | 10/1/21 -12/31/21 | $356,016.39 | (77,473.19) | -21.76% |
| 9 | 1/1/22 - 7/31/22 | $117,740.40 | 2/1/22-2/28/22 | $133,094.09 | (15,353.69) | -11.54% |
| 10 | 8/1/22 -12/31/22 | $17,259.20 | N/A | N/A | N/A | N/A |