UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

                        Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

PUERTO RICO ELECTRIC POWER
AUTHORITY,

                        Debtor.

PROMESA
Title III

No. 17 BK 4780-LTS

------------------------------------------------------------x

MEMORANDUM ORDER DENYING DEBTOR'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE CHALLENGING OVERSIGHT BOARD'S CERTIFICATION DETERMINATIONS

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Before the Court is the *Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations* (Docket Entry No. 24408 in Case No. 17-3283 and Docket Entry No. 3581 in Case No. 17-4780) (the "Motion"). The Motion, filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), requests entry of an order excluding "[t]he testimony set forth in the opening and supplemental reports of Dr. Sebastian Edwards, Dr. Susan Tierney, and Dr. Maureen Chakraborty, including any subsequent corrections and amendments thereto, that purports to challenge any certification determination of the Oversight Board reflected in any certified fiscal plan, and any other such evidence proffered by any party in interest to challenge any certified fiscal plan at the hearing on confirmation of the PREPA Plan." (Mot. Ex. A ¶ 2.) More specifically, the Motion asks the Court to determine that parties in interest may not present evidence disputing the economic forecasts (such as projections of gross national product or electricity demand) that are contained in a fiscal plan and underlie the debt sustainability analysis in such fiscal plan. (See Mot. ¶¶ 4-9; Reply ¶¶ 10-13.)

The Court has subject matter jurisdiction of this contested matter pursuant to 48 U.S.C. § 2166(a). Having considered carefully all of the submissions made in connection with the Motion,[2] the Court denies the Motion for the following reasons.

---

[2] In addition to the Motion, the Court has reviewed the *Response of the Ad Hoc Group of PREPA Bondholders, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Syncora Guarantee, Inc., and U.S. Bank National Association as PREPA Bond Trustee to Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations* (Docket Entry No. 3746 in Case No. 17-4780), *The Official Committee of Unsecured Creditors' Reservation of Rights Regarding Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations* (Docket Entry No. 24566 in Case No. 17-3283 and Docket Entry No. 3736 in Case No. 17-4780), the *Reply in Support of Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations* (Docket Entry No. 24614 in Case No. 17-3283 and Docket Entry No. 3774 in Case No. 17-4780) (the "Reply"), the

DISCUSSION

The Oversight Board principally relies on three provisions of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") in support of the relief requested in the Motion. First, section 201(b) of PROMESA provides for certain elements that are to be included in fiscal plans developed under section 201. Section 201(b) states that fiscal plans "shall . . . provide a method to achieve fiscal responsibility and access to the capital markets, and," among other things, "create independent forecasts of revenue for the period covered by the Fiscal Plan" and "include a debt sustainability analysis." 48 U.S.C.A. § 2141(b)(1)(H), (I) (Westlaw through P.L.118-7). Second, section 106(e) of PROMESA divests United States district courts of jurisdiction "to review challenges to the Oversight Board's certification determinations under [PROMESA]." 48 U.S.C.A. § 2126(e) (Westlaw through P.L.118-7). Third, section 314(b) of PROMESA provides that the "court shall confirm the plan [of adjustment] if" certain requirements are met, including a requirement that "the plan [of adjustment] is consistent with the applicable Fiscal Plan certified by the Oversight Board under [Title] II [of PROMESA]." 48 U.S.C.A. § 2174(b)(7) (Westlaw through P.L.118-7). According to the Oversight Board, these provisions preclude the Court from entertaining any challenge to the PREPA Fiscal Plan's[3] debt sustainability analysis and the projections underlying the debt

---

*Official Committee of Unsecured Creditors' Partial Joinder in Bondholders' Objection to Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations* (Docket Entry No. 3839 in Case No. 17-4780), and the *Reply in Further Support of Debtor's Motion* in Limine *to Exclude Evidence Challenging Oversight Board's Certification Determinations in Response to Official Committee of Unsecured Creditors' Partial Joinder in Bondholders' Objection* (Docket Entry No. 24784 in Case No. 17-3283 and Docket Entry No. 3855 in Case No. 17-4780) (the "Supplemental Reply").

[3] Capitalized terms used but not defined herein have the meaning given to them in the Motion.

sustainability analysis, including forecasts contained in the Commonwealth Fiscal Plan to the extent that they form the basis for analyses and projections in the PREPA Fiscal Plan. (Mot. ¶ 3.)

While section 106(e) deprives the Court of jurisdiction to adjudicate challenges to a certified fiscal plan, the presentation of information that may be inconsistent with information in or underlying a certified fiscal plan, in connection with litigation as to whether all of the statutory requirements for confirmation have been met, does not necessarily constitute a challenge to the certification of the fiscal plan. As the Oversight Board's counsel acknowledged at the February 2023 disclosure statement hearing for the then-proposed PREPA Plan, the Court is not conclusively bound to adopt a fiscal plan's debt sustainability analysis in the context of a plan confirmation proceeding, and section 106(e) "doesn't mean that the Court, when it weighs confirmation, has to find that the other confirmation requirements . . . are satisfied."[4] (Feb. 28, 2023 Hr'g Tr. 125:11-17.) Counsel argued that the Court is precluded by section 106(e) from "review[ing]" the debt sustainability analysis, but accepted that the Court "doesn't have to confirm the Plan if it doesn't like the debt sustainability amount." (Id. 124:21-125:2 ("Mr. Kirpalani's argument that the Court doesn't have to confirm the Plan if it doesn't like the debt

---

[4] Counsel's invocation during that colloquy of the potential for a judicial determination that a plan of adjustment is "inequitable" or meets the "absolute priority rule" presumably refers to the "fair and equitable" requirement contained in section 1129(b) of the Bankruptcy Code. See 11 U.S.C. § 1129(b)(1), (2) (requiring, under certain circumstances, that a plan "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan"). Counsel's remarks concerning "best interest[s]" implicate a requirement imposed by section 314(b)(6) of PROMESA. (Feb. 28, 2023 Hr'g Tr. 125:15-17.) See 48 U.S.C. § 2174(b)(6) (requiring that a plan be "in the best interests of creditors, which shall require the court to consider whether available remedies under the non-bankruptcy laws and constitution of the territory would result in a greater recovery for the creditors than is provided by such plan").

sustainability amount is technically, absolutely correct, but, as I explained, that means that the Board would have to change the debt sustainability and propose a plan it does not believe is feasible. Hopefully, we're not going to get to that situation."), 125:18-20.)

The Court previously resolved a motion in limine addressing a similar argument advanced by the Oversight Board in connection with the request for confirmation of a plan of adjustment for the Commonwealth of Puerto Rico and certain instrumentalities (Docket Entry No. 18116 in Case No. 17-3283) (the "Consistency Motion"). In the Consistency Motion, the Oversight Board requested entry of an order determining that section 106(e) deprives the Court of jurisdiction to resolve any dispute as to whether the plan of adjustment is, in fact, consistent with the applicable fiscal plan notwithstanding section 314(b)(7) of PROMESA. (Oct. 6, 2021 Omnibus Hr'g Tr. 49:6-16.) The Court denied the Consistency Motion because section 314(b)(7) requires the Court to rule on the issue of consistency as a condition to confirmation of a plan of adjustment (id. 52:20-25), and "[n]othing about [that] provision appears to allow the Court to rely on the mere existence of a certification determination" to bypass the express statutory confirmation requirements. (Id. 53:1-13.) Furthermore, the Court noted that a meritorious challenge to the consistency of the proposed plan of adjustment with the fiscal plan would not require the Court to determine that the Oversight Board's certification determination should be vacated. (Id. 53:13-15, 53:23-54:4.) Rather, to ensure that section 314(b)(7) is not deprived of meaning and to harmonize it with the rest of PROMESA, the Court must determine whether a proposed plan of adjustment is consistent with the relevant fiscal plan and adjudicate any challenges to the debtor's assertion that the plans are consistent. (Id. 53:15-54:10.) For substantially the same reasons, PROMESA does not preclude parties from

proffering evidence challenging the Oversight Board's demonstration that a plan of adjustment satisfies applicable confirmation requirements.

The Oversight Board's arguments to the contrary are unavailing. A party in interest that proffers evidence challenging the Oversight Board's economic projections is not "requesting an order determining the fiscal plan is wrong because its debt sustainability analysis comes up with a purportedly wrong debt amount" (Reply ¶ 7); such a party is, rather, merely opposing an affirmative request for judicial relief made by the Oversight Board by disputing the request's factual basis and its compliance with one or more statutory requirements.[5] Interpreting section 106(e) to bar factual challenges to the debt sustainability analysis proffered by the

---

[5] In its Reply, the Oversight Board argues that evidence tending to demonstrate that a debtor is able to incur more debt than is contemplated by a proposed plan of adjustment would not even be relevant to confirmation because "[t]here is no requirement in PROMESA Title III that a plan of adjustment issue all the debt the debtor can afford." (Reply ¶ 11 ("Indeed, that would maximize the likelihood of default. As explained above, the Commonwealth and people can make a stronger case that to attain fiscal responsibility and market access, PREPA should maximize the overhaul of its antiquated and decrepit infrastructure plaguing the people with blackouts and brownouts in a hot climate. Indeed, the law has consistently been that plans are confirmable even if they do not yield the 'best' return to creditors."); see also Mot. ¶ 1 ("[T]he statutory standards for confirmation of Title III plans of adjustment do not require any inquiry into, or consideration of the correctness of any determinations by the Oversight Board which PROMESA requires the Oversight Board to certify."); Suppl. Reply ¶ 13 ("[T]here is no provision in Title III requiring the Court to make determinations about the correctness of the fiscal plan.").) The question of the relationship between debt capacity and confirmability will no doubt be addressed vigorously by parties in the PREPA Plan confirmation proceeding. Suffice it to say at this point that the amount of debt that a debtor can satisfy is, at a minimum, relevant to the determination of feasibility, which is an express confirmation requirement. See 48 U.S.C. § 2174(b)(6); In re Fin. Oversight & Mgmt. Bd. for P.R., 637 B.R. 223, 302-303 (D.P.R. 2022) ("'[T]he Court has an independent duty to determine [feasibility] and to make specific findings of fact.' . . . The core inquiry has been articulated as follows: 'Is it likely that the [debtor], after the confirmation of the Plan of Adjustment, will be able to sustainably provide basic . . . services to the citizens of [the debtor] and to meet the obligations contemplated in the Plan without the significant probability of a default?'" (quoting In re City of Detroit, 524 B.R. 147, 220-22 (Bankr. E.D. Mich. 2014))).

Oversight Board in this context would not "harmonize" it with other provisions of PROMESA (Reply ¶ 9); rather, it would undermine the plan confirmation requirements imposed by the statute. Contrary to the Oversight Board's argument, sections 106(e) and 201 are not deprived of meaning if parties are given an opportunity to test or disprove the projections and economic assumptions upon which the Oversight Board has relied to demonstrate satisfaction of the statutory confirmation requirements.

Prior case law interpreting section 106(e) does not compel a contrary conclusion. As the Court explained in denying the Consistency Motion, "none of the earlier proceedings involved an express statutory requirement that the Court rule on an issue on which the Oversight Board has issued a certification." (Oct. 6, 2021 Omnibus Hr'g Tr. 52:20-25.) Here, to the extent that the amount of debt that PREPA is reasonably able to incur and repay is relevant to establishing that the PREPA Plan should (or should not) be confirmed, the Motion proffers no proper basis for barring parties from tendering evidence concerning such issues.

## CONCLUSION

For the foregoing reasons, the Motion is denied. This Order resolves Docket Entry No. 24408 in Case No. 17-3283 and Docket Entry No. 3581 in Case No. 17-4780.

SO ORDERED.

Dated: July 26, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge