IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | PROMESA Title III |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO | NO.: 17-BK-3283-LTS (Jointly Administered) |
| as a representative of | **This filing relates to the Commonwealth.** |
| THE COMMONWEALTH OF PUERTO RICO et al. | |
| Debtors.[1] | |

### MOTION FOR LEAVE TO AMEND EMPRESAS OMAJEDE'S PROOF OF CLAIM (KROLL CLAIM #70324), FOR LEAVE TO FILE SPANISH LANGUAGE DOCUMENTS, AND FOR ORDER GRANTING 30 DAYS TO OBTAIN CERTIFIED TRANSLATIONS

TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:

COMES NOW, EMPRESAS OMAJEDE INC. (the "Plaintiff"), by and through the undersigned counsel, and states, alleges and pleads:

1.      On May 25, 2018, Empresas Omajede Inc. filed a proof of claim on (the "Initial POC") for a claim related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of certain areas of the "La Electrónica" building (Kroll Claim #21372).[2] The Initial POC (Kroll Claim #21372) is listed in the Claims Register under the enumeration # 1539-1. *See* **Exhibit 1**, Claim #21372, which is listed in the Claims Register under # 1539-1. The Initial POC included a table that demonstrated that on May 3, 2017, the Commonwealth owed a total amount of $338,503.37, that thereafter, on May 12, 2017,

---

[1]     The Last Four Digits of the Federal Tax ID of the Commonwealth of Puerto Rico (the Debtor in Bankruptcy Case No. 17- BK-3283 (LTS)) is 3481.

[2]     *See* footnote 6.

1

the Commonwealth made a payment of $9,698.43 for the electricity bill, reducing the pre-petition amount to $328,804.94 and a post-petition June invoice of $66,666.66 that increased the total (pre and post-petition) amount due to Empresas Omajede to $395,471.60.

2.       On June 25, 2018, Empresas Omajede filed a second proof of claim (the "First Amended POC") for a claim related to debt incurred by the Commonwealth as a result of the Public Service Commission entering into a lease agreement for the rental of certain areas of the "La Electrónica" building (Kroll Claim #70324).[3] The First Amended POC (Kroll Claim #70324) is an amended claim, that amends the Initial POC (Kroll Claim #21372). As such, it is listed in the Claims Register as Claim # 1539-2, which reflects that it is an amended claim related to the Initial POC. *See* **Exhibit 2**, Claim #70324, which is listed in the Claims Register under # 1539-2. The First Amended POC also included a table that demonstrated that on May 3, 2017, the Commonwealth owed a total amount of $338,503.37, that thereafter, on May 12, 2017, the Commonwealth made a payment of $9,698.43 for the electricity bill, reducing the pre-petition amount to $328,804.94 and a post-petition June invoice of $66,666.66 that increased the total (pre and post-petition) amount due to Empresas Omajede to $395,471.60.

3.       The Initial POC[4] and the First Amended POC clearly set forth a claim for the payment of a penalty clause in the Lease Agreement, that imposes upon the

---

[3]     *See* footnote 6.
[4]     The Initial POC was later disallowed as the First Amended POC substituted it.

Commonwealth (through CSP as lessee) the obligation to pay a penalty monthly rate for every month that the leased premises are not returned to the lessor (Empresas Omajede) after the expiration of the lease until there is a new lease or until the premises are vacated in conformity with the requirements set forth in *Vicar Builders v. Commonwealth of Puerto Rico, et al.*, 192 DPR 256 (P.R. 2015).

4.      The Puerto Rico Supreme Court recently clarified the precedent set in *Vicar*, to clarify that a taking may occur when the government has retained possession of a leased premises after the expiration of the lease, in spite of the Lessors efforts to recuperate possession of the leased premises. *See Ortiz Zayas v. Estado Libre Asociado de Puerto Rico*, 2023 TSPR 43, 2023 WL 2971467**, 2023 PR Sup. LEXIS 48* (April 5, 2023). *See* **Exhibit 3**, Spanish language copy of said opinion.

5.      In *Ortiz Zayas v ELA*, 2023 WL 2971467 at pg. **17, 2023 PR Sup. LEXIS 48 at page *35, the Puerto Rico Supreme Court also reiterated the *Vicar* holding that, in a lease, the parties may set forth what will happen once the lease expires, including a penalty clause.

6.      As *Ortiz Zayas v ELA*, 2023 WL 2971467 at pg. **16, 2023 PR Sup. LEXIS 48 at pg. *32-33, sets forth additional support for Empresas Omajede's right to payment from the Commonwealth, it is necessary to supplement the First Amended POC with additional documentation to demonstrate that the Commonwealth's post-expiration occupation of the leased premises, notwithstanding

3

all of Empresas Omajede's efforts to obtain payment and/or recuperate possession, is also a taking in accordance with *Ortiz Zayas v ELA*, *supra*.

7.     On January 18, 2022, the Court entered an order (Dkt. 19813), which provides that "a proof of Claim may not be amended without the approval of the Title III Court". Dkt. 19813 at pg. 44.

8.     As such, Empresas Omajede hereby requests retroactive leave to amend First Amended POC (Kroll Claim #70324) as specified above and, therefore, to file an amended proof of claim that has attached the additional supporting documentation, together with a written explanation of the basis of the claim and a table setting forth the amounts due with respect to the pre-petition claim, the accreditation of the post-petition payment to the pre-petition claim (which results in a reduced amount due for the pre-petition claim) and the administrative expense claim.

9.     In addition, Empresas Omajede requests leave to file some of the amended proof of claim's supporting documentation in the Spanish-language and requests an order setting forth the time to submit certified translations, for which Empresas Omajede requests 30 days.

WHEREFORE, EMPRESAS OMAJEDE, INC., requests that this Honorable Court take notice of the above-informed situation, and grant Empresas Omajede leave to amend its proof of claim in the First Amended POC (Kroll Claim #70324) as specified above, together with any other relief that is proper. In addition, Empresas Omajede requests leave to file some of the amended proof of claim's supporting documentation

4

in the Spanish-language and requests an order granting 30 days to submit the certified translations.

CERTIFICATION OF SERVICE: IT IS HEREBY CERTIFIED that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a true and exact copy of this paper to all registered participants.

RESPECTFULLY SUBMITTED, in San Juan, PR, this 31st day of July, 2023.

DML |Diaz Mayoral Law
*Attorney for Empresas Omajede Inc.*

*s/ Monique Diaz Mayoral*
USDC-PR No. 225712
151 San Francisco Street
San Juan, PR 00901
(754)755-5508
m@diazmayorallaw.com

EXHIBIT A
Proposed Order

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD<br>FOR PUERTO RICO,<br><br>        as representative of<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |

## **ORDER**

This matter is before the Court on the Plaintiff's *Motion for Leave to Amend Proof of Claim, for Leave to File Spanish Language Documents, and For Time to Obtain Certified Translations* (Dkt. No. ___) (the "Motion"), which seeks retroactive leave to amend its proof of claim in the First Amended POC (Kroll Claim #70324) as specified, as well as leave to file some of the amended proof of claim's supporting documentation in the Spanish-language, and also

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

requested an order setting forth the time to submit certified translations. Upon consideration

of the Motion, after due deliberation thereon, and the Court having found that good and

sufficient cause exists for the granting of the relief set forth herein; it is hereby ORDERED THAT:

1. The Motion is GRANTED and

2. Empresas Omajede may file an amended proof of claim that amends Empresas

   Omajede's previously amended proof of claim (Kroll Claim #70324) as specified in the

   Motion, that has attached the additional supporting documentation, together with a

   written explanation of the basis of the claim and a table setting forth the amounts due.

3. Empresas Omajede may attach to the amended proof of claim documentation in the

   Spanish-language and shall file the certified translations within 30 days after filing.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the

   implementation or interpretation of this Order.

5. This Order resolves Docket Entry No. ___ in Case No. 17-BK-3283.

   SO ORDERED.

                                                    / s / Laura Taylor Swain
                                                    Laura Taylor Swain
                                                    United States District Judge

DATED:

2