# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | : |
| | : |
| EMPRESAS OMAJEDE, INC., | : Case No. 12-10113 (ESL) |
| | : |
| Debtor | : Chapter 11 |
| _____ | : |

**SECOND URGENT MOTION REQUESTING ORDER REQUIRING THE PUERTO RICO DEPARTMENT OF TREASURY, THE PUERTO RICO DEPARTMENT OF CORRECTIONS AND THE PUBLIC SERVICE COMMISSION OF PUERTO RICO TO SHOW CAUSE AS TO WHY THEY HAVE FAILED TO MAKE THE RENT AND UTILITY PAYMENTS OWED TO DEBTOR**

**TO THE HONORABLE COURT:**

**COMES NOW** Empresas Omajede, Inc. (the "Debtor"), represented by the undersigned attorney, respectfully requesting that the Court enter an order requiring the Puerto Rico Department of Treasury ("Treasury"), the Puerto Rico Department of Corrections ("Corrections") and the Public Service Commission of Puerto Rico ("PSC") to show cause as to why they have failed to make the rent and utility payments owed to Debtor.

In support of this motion, the Debtor respectfully states as follows:

1. On December 21, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee, nor committee of unsecured creditors, has been appointed. The Debtor continues in possession of its property and is operating and managing its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtor's Plan of Reorganization under Chapter 11 of the U.S. Bankruptcy Code (Docket No. 331) was confirmed by order entered on March 16, 2016 (Docket No. 366). The Debtor has commenced payments under the confirmed plan, but has elected to leave the case open. The Debtor is filing quarterly operating reports, as well as paying the U.S. Trustee's fees,

also on a quarterly basis.

3. Upon the Debtor's request and with the consent of the Puerto Rico Department of Justice, the Court retained jurisdiction over the issues related to the payment of rent and utility payments by the aforementioned government agencies.

4. As detailed in the original motion for an order to show cause, both Corrections and PSC are tenants in the Debtor's office/warehouse complex, located at 1608 Bori St., San Juan, Puerto Rico and known as La Electronica Building.

5. Since 2004, Corrections has utilized its rented space to warehouse inventory, including such things as mattresses, uniforms and all other supplies to operate a prison system. But, more importantly Corrections stores all former prisoner records and all other inactive administrative files at the Debtor's facilities.

6. Corrections pays a monthly rent of $28,000, while the PCS paid $46,000 monthly, until August 31, 2016, at which time, pursuant to the terms of the contract entered into with the Debtor, the monthly rent increased to $66,666.66. Together these two tenants generate more than 50% of the Debtor's operating income.

7. Both agencies are separately billed for electricity expenses based upon actual consumption.

8. At present, Corrections has an outstanding balance of $68,188.75. See **Exhibit A**, which is a customer ledger showing debits and credits for both rent and electricity from January 1, 2016 to October 21, 2016.

9. PSC is significantly further behind in payments, with an outstanding balance of $179,383.52. See **Exhibit B**, with is a customer ledger showing debits and credits for both rent and electricity from January 1, 2016 to October 21, 2016.

2

10. And in spite of the late and/or nonpayment of rent or electricity, both Corrections and the PSC continue to use the Debtor's facilities and the Debtor continues to provide electricity, water, security, maintenance, insurance and other services, all at the expense of the estate.

11. The Debtor's warehouse and office facilities are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, as are the accounts receivable, and the rental payments received are proceeds of the property of the estate.

12. The use of the Debtors facilities by Corrections and PSC without compensation constitutes a taking of property without compensation.

13. And while the Debtor recognizes the serious financial difficulties facing the Commonwealth of Puerto Rico, the use of the Debtor's facilities without compensation unjustly enriches the government of Puerto Rico. It is allowing the government to borrow, assuming it pays, from those without the ability to negotiate and without compensation for the lending.

14. The Debtor will be unable to satisfy its secured debt payments as of November, incur additional expenses, and thereafter become unable to meet other obligations under its confirmed plan, including the payment of its utilities and tax obligations, without the receipt of the rent generated from the properties occupied by Corrections and PSC.

15. Moreover, the Debtor does not have the financial capacity to extend credit to the Commonwealth, Corrections and PSC for utilities, security, maintenance, property taxes, etc.; all services for which they are not paying.

16. Presently, the nonpayment of rent by Treasury on behalf of Corrections and PSC jeopardizes the Debtor's First Amended Plan of Reorganization, as well as having a negative effect on all other tenants in the Debtor's office space.

17. If the rent payments are not brought current and the obligations to pay met on a

monthly basis, the Debtor will have no choice but to close operations and liquidate, leaving the Debtor's principal destitute and the other established tenants looking for other office space in very short order.

18. Prior to the filing of this motion, the Debtor made numerous efforts to collect the outstanding rent and electricity payments from both Corrections and the PSC, to no avail. The most recent letter sent to PSC was dated October 14, 2016, wherein the Debtor advised that the law allows the Debtor to discontinue the electric service to the agency for having more than three months of rent outstanding. See **Exhibit C**. The Debtor intends to send the PSC a follow-up letter demanding payment of all arrears or the Debtor will cut the electricity, effectively closing the agency.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and ordering the Puerto Rico Department of Treasury, the Puerto Rico Department of Corrections and the Public Service Commission to show cause as to why they have not paid the outstanding rent and electricity payments owed to Debtor, in the amount of $68,188.75 on behalf of Corrections and $179,383.52 on behalf of the PSC, and why they should not be ordered to make payments on a monthly basis.

**CERTIFICATE OF SERVICE:** It is hereby certified that on this same date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee and to all CM/ECF participants in this case, including Attorney Migda L. Rodriguez Collazo, who has appeared on behalf of the Puerto Rico Department of Justice, the Puerto Rico Department of Treasury, the Puerto Rico Department of Corrections and the Public Service Commission in this case.

It is further certified that notice of this motion was sent: by fax to the Puerto Rico Department of Treasury at (787) 722-6276 and (787) 722-6367 and by First Class Mail to Department of Treasury - Bankruptcy Section, 235 Ave. Arterial Hostos, Suite 1504, San Juan, PR 00918-1451; to the Puerto Rico Department of Justice by fax at (787) 723-9188; to the Puerto Rico Department of Corrections by E-mail to Maria del Carmen Rodriguez, Correction's Budget Office Director at mcmartinez@dcr.pr.gov, by E-mail to Mrs. Gilnia Rodríguez Ramos, General Services Director of the Department of Corrections at gilrodriguez@dcr.pr.gov and to Einar Ramos López, Secretary of the Department of Corrections by E-mail to mbergollo@dcr.pr.gov and by First Class U.S. Mail to P.O. Box 71308, San Juan, PR 00936; to the PSC to Omar Negrón Judice, President of Public Service Commission of Puerto Rico by E-mail to onegron@csp.pr.gov and to Rolando Meléndez Martínez, Administrator of the Public Service Commission of Puerto Rico by E-mail to rmelendez@csp.pr.gov and by First Class U.S. Mail to P.O. Box 190870, San Juan, PR 00918.

## CERTIFICATION

The Debtor has: a) carefully examined the matter and concludes that there is a true need for an urgent hearing; b) has not created the urgency through any lack of due diligence; and c) has made a bona fide effort to resolve the matter without a hearing.

**Empresas Omajede, Inc**

/s/ Antonio Betancourt Capó
Antonio Betancourt Capó
President

5

## **VERIFICATION**

I, Antonio Betancourt Capó, President of the Debtor corporation, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the allegations contained in this Urgent Motion are true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 24th day of October, 2016.

**Empresas Omajede, Inc.**

/s/ Antonio Betancourt Capó
Antonio Betancourt Capó
President

**Respectfully submitted**,

In San Juan, Puerto Rico this 24th day of October, 2016.

**G.A. Carlo-Altieri & Associates**
254 San Jose St., Third Floor,
San Juan, Puerto Rico 00901
Phone: (787) 247-6680
Fax: (787) 919-0527

/s/ Kendra Loomis
Kendra Loomis
USDC PR No. 227408
E-mail: loomislegal@gmail.com
Mobile: (787) 370-0255

6

**EMPRESAS OMAJEDE, INC**
**Customer Ledgers**
**For the Period From Jan 1, 2016 to Oct 21, 2016**

Filter Criteria includes: 1) IDs from Correccion-STG to Correccion-STG. Report order is by ID. Report is printed in Detail Format.

| Customer ID / Customer | Date | Trans No | Type | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---:|---:|---:|
| Correccion-STG | 1/1/16 | Balance Fwd | | | | 139,032.23 |
| Departamento de Finanzas | 1/1/16 | CORR STG-JAN16 | SJ | 28,000.00 | | 167,032.23 |
| | 1/26/16 | CORR AEE-JAN16 | SJ | 3,413.16 | | 170,445.39 |
| | 2/1/16 | CORR STG-FEB/16 | SJ | 28,000.00 | | 198,445.39 |
| | 2/3/16 | 16-013 | CRJ | | 11,891.26 | 186,554.13 |
| | 2/18/16 | CM AEE-JAN16/CORR | SJ | | 3,413.16 | 183,140.97 |
| | 3/1/16 | CORR STG-MAR16 | SJ | 28,000.00 | | 211,140.97 |
| | 3/11/16 | 16-028 | CRJ | | 151,294.04 | 59,846.93 |
| | 3/21/16 | 16-033 | CRJ | | 3,846.93 | 56,000.00 |
| | 3/28/16 | CORR AEE-MAR16 | SJ | 1,461.15 | | 57,461.15 |
| | 4/1/16 | CORR STG-APR16 | SJ | 28,000.00 | | 85,461.15 |
| | 4/4/16 | 16-038 | CRJ | | 28,000.00 | 57,461.15 |
| | 4/25/16 | CORR AEE-APR16 | SJ | 4,132.44 | | 61,593.59 |
| | 5/1/16 | CORR STG-MAY16 | SJ | 28,000.00 | | 89,593.59 |
| | 5/11/16 | 16-052 | CRJ | | 28,000.00 | 61,593.59 |
| | 5/20/16 | 16-056 | CRJ | | 28,000.00 | 33,593.59 |
| | 5/25/16 | CORR STG AEE-MAY16 | SJ | 4,258.62 | | 37,852.21 |
| | 6/1/16 | CORR STG-JUN16 | SJ | 28,000.00 | | 65,852.21 |
| | 6/2/16 | 16-059 | CRJ | | 1,461.15 | 64,391.06 |
| | 6/24/16 | CORR AEE-JUN16 | SJ | 4,527.70 | | 68,918.76 |
| | 7/1/16 | CORR STG-JUL16 | SJ | 28,000.00 | | 96,918.76 |
| | 7/11/16 | 16-073 | CRJ | | 4,132.44 | 92,786.32 |
| | 7/14/16 | 16-077 | CRJ | | 28,000.00 | 64,786.32 |
| | 7/26/16 | CORR AEE-JUL16 | SJ | 5,334.44 | | 70,120.76 |
| | 8/1/16 | CORR STG-AUG16 | SJ | 28,000.00 | | 98,120.76 |
| | 8/4/16 | 16-086 | CRJ | | 32,258.62 | 65,862.14 |
| | 8/18/16 | 16-091 | CRJ | | 4,527.70 | 61,334.44 |
| | 8/23/16 | CORR AEE-AGO16 | SJ | 5,468.96 | | 66,803.40 |
| | 9/1/16 | CORR STG-SEP16 | SJ | 28,000.00 | | 94,803.40 |
| | 9/27/16 | CORR/STG AEE-SEP16 | SJ | 6,719.79 | | 101,523.19 |
| | 9/28/16 | 16-107 | CRJ | | 28,000.00 | 73,523.19 |
| | 10/1/16 | CORR STG-OCT16 | SJ | 28,000.00 | | 101,523.19 |
| | 10/5/16 | 16-111 | CRJ | | 5,334.44 | 96,188.75 |
| | 10/7/16 | 16-113 | CRJ | | 28,000.00 | 68,188.75 |
| **Report Total** | | | | **315,316.26** | **386,159.74** | **68,188.75** |

**EMPRESAS OMAJEDE, INC.**
**Customer Ledgers**
**For the Period From Jan 1, 2016 to Oct 21, 2016**

Filter Criteria includes: 1) IDs from Comision-CSP to Comision-CSP. Report order is by ID. Report is printed in Detail Format.

| Customer ID / Customer | Date | Trans No | Type | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---:|---:|---:|
| Comision-CSP | 1/1/16 | Balance Fwd | | | | 36,769.68 |
| Comisión de Servicio Público | 1/1/16 | CSP JAN2016 | SJ | 46,000.00 | | 82,769.68 |
| | 1/26/16 | CSP AEE-JAN16 | SJ | 4,591.44 | | 87,361.12 |
| | 1/27/16 | 16-008 | CRJ | | 30,209.51 | 57,151.61 |
| | 2/1/16 | CSP FEB16 | SJ | 46,000.00 | | 103,151.61 |
| | 2/11/16 | 16-017 | CRJ | | 52,509.97 | 50,641.64 |
| | 2/24/16 | 16-022 | CRJ | | 50,591.44 | 50.20 |
| | 2/29/16 | CSP AEE-FEB16 | SJ | 5,818.20 | | 5,868.40 |
| | 3/1/16 | CSP MAR16 | SJ | 46,000.00 | | 51,868.40 |
| | 3/28/16 | CSP AEE-MAR16 | SJ | 6,241.72 | | 58,110.12 |
| | 3/30/16 | 16-035 | CRJ | | 51,818.20 | 6,291.92 |
| | 4/1/16 | CSP APR16 | SJ | 46,000.00 | | 52,291.92 |
| | 4/25/16 | CSP AEE-APR16 | SJ | 7,162.56 | | 59,454.48 |
| | 5/1/16 | CSP MAY16 | SJ | 46,000.00 | | 105,454.48 |
| | 5/5/16 | 16-051 | CRJ | | 52,241.72 | 53,212.76 |
| | 5/20/16 | 16-056 | CRJ | | 53,162.56 | 50.20 |
| | 5/25/16 | CSP AEE-MAY16 | SJ | 6,818.58 | | 6,868.78 |
| | 6/1/16 | CSP JUN16 | SJ | 46,000.00 | | 52,868.78 |
| | 6/20/16 | 16-065 | CRJ | | 46,000.00 | 6,868.78 |
| | 6/24/16 | CSP AEE-JUN16 | SJ | 6,591.10 | | 13,459.88 |
| | 6/29/16 | 16-069 | CRJ | | 6,818.58 | 6,641.30 |
| | 7/1/16 | CSP JULY16 | SJ | 46,000.00 | | 52,641.30 |
| | 7/21/16 | 16-080 | CRJ | | 6,591.10 | 46,050.20 |
| | 7/26/16 | CSP AEE-JUL16 | SJ | 6,436.06 | | 52,486.26 |
| | 8/1/16 | CSP AUG16 | SJ | 46,000.00 | | 98,486.26 |
| | 8/4/16 | 16-086 | CRJ | | 46,000.00 | 52,486.26 |
| | 8/23/16 | CSP AEE-AGO16 | SJ | 6,894.34 | | 59,380.60 |
| | 9/1/16 | CSP SEP16 | SJ | 46,000.00 | | 105,380.60 |
| | 9/1/16 | 16-098 | CRJ | | 13,330.40 | 92,050.20 |
| | 9/1/16 | CSP SEP16-ADJ | SJ | 20,666.66 | | 112,716.86 |
| | 9/27/16 | CSP AEE-SEP16 | SJ | 8,370.81 | | 121,087.67 |
| | 10/1/16 | CSP OCT16 | SJ | 46,000.00 | | 167,087.67 |
| | 10/1/16 | CSP OCT16-ADJ | SJ | 20,666.66 | | 187,754.33 |
| | 10/12/16 | 16-117 | CRJ | | 8,370.81 | 179,383.52 |
| **Report Total** | | | | **560,258.13** | **417,644.29** | **179,383.52** |

Case 17-03283-LTS Doc 24892-3 Filed 07/24/23 Entered 07/24/23 15:26:43 Desc:
Exhibit C-2 - Letter 3 Oct. 14 to PSC Page 9 of 13

EXHIBIT C

# EMPRESAS OMAJEDE, INC.

14 de octubre de 2016

Sr. Omar Negrón
Presidente
Comisión de Servicio Público
San Juan, Puerto Rico

Estimado señor Negrón:

Acompaño copia de la tercera página del contrato de arrendamiento número 2011-000009, que la Comisión de Servicio Público (CSP) y Empresas Omajede, Inc. (Omajede) otorgaron el 9 de marzo de 2011, alquilando el primer piso del Edificio La Electrónica para las oficinas centrales de la CSP.

En el párrafo SEGUNDO en dicha página tres (3) las partes estipularon lo siguiente:

"Este contrato entrará en vigor 30 días después de que el ARRENDATARIO advenga en posesión del inmueble y se extenderá por un período de 60 meses".

[Se aneja también copia del "Documento de Aceptación y Toma de Poseción [sic] del Local de La Electrónica – Anejo 1 al Contrato 2011-000009" a través del cual la CSP tomó posesión del local el 1ro de agosto de 2011, entrando el contrato en vigor 30 días después – el 1ro de septiembre de 2011 -- y extendiéndose el mismo por 60 meses o hasta el 31 de agosto de 2016]. Por consiguiente, el contrato de arrendamiento 2011-000009 venció y expiró el 31 de agosto de 2016 y entonces se convirtió en uno de mes a mes.

El 6 de noviembre de 2015, el administrador de la CSP, Sr. Rolando Meléndez, le escribió al suscribiente invitando a Omajede a participar en un proceso de propuestas de arrendamiento para las oficinas centrales de la CSP, la cual debía ser entregada a la CSP el 30 de diciembre de 2015 que "será la fecha límite que tendrán todas las compañías que interesen participar en dicho proceso" (dicha carta de 6 de noviembre de 2015 dice erróneamente que el contrato vigente vencerá el 30 de junio de 2016 – cuando por las razones antes expuestas sabemos que la fecha de vencimiento fue el 31 de agosto de 2016). Se aneja copia de la carta del señor Meléndez de 6 de noviembre de 2015.

El 29 de diciembre de 2015 Omajede sometió por escrito su propuesta de renovación de contrato de arrendamiento. Véase anejada copia de la propuesta de Omajede.

# EMPRESAS OMAJEDE, INC.

Sr. Omar Negrón
14 de octubre de 2016
Página 2

Al día de hoy, transcurridos casi diez (10) meses de la propuesta de Omajede, la CSP no ha dicho si acepta la propuesta de Omajede de 29 de diciembre de 2015.

También en el párrafo SEGUNDO de la tercera página del contrato 2011-000009 que venció el 31 de agosto de 2016, se estipuló por la CSP y Omajede que:

> "El ARRENDATARIO tendrá un término de ciento veinte (120) días para notificarle por escrito al ARRENDADOR su interés de permanecer en la propiedad por cinco (5) años adicionales o de desalojar la propiedad una vez terminado el contrato de arrendamiento. Si a su vencimiento ninguna de las partes ha expresado su intención de rescindir el contrato, se procederá con los trámites de otro nuevo contrato de arrendamiento, estableciéndose que la vigencia del contrato será mes por mes con un canon de arrendamiento de veinticinco (25) dólares por pie cuadrado hasta que se otorgue nuevo contrato o se proceda con la mudanza.------------------------------------------------------------

El antes citado lenguaje manda dos (2) cosas:

(1) "Si a su vencimiento ninguna de las partes ha expresado su intención de rescindir el contrato, se procederá con los trámites de otro nuevo contrato de arrendamiento." Dado que al vencimiento del contrato, el 31 de agosto de 2016, ni la CSP, ni Omajede expresó su intención de rescindir el contrato, la CSP tiene la obligación contractual de aceptar la propuesta de Omajede de renovación de contrato (los mismos términos y condiciones del contrato 2011-000009), que Omajede, a invitación de la CSP, le envió a la CSP el 29 de diciembre de 2015.

(2) "estableciéndose que la vigencia del contrato <u>será mes por mes con un canon de arrendamiento de veinticinco (25) dólares por pie cuadrado hasta que se otorgue nuevo contrato o se proceda con la mudanza</u>". (nuestro énfasis)

Por tanto, de acuerdo a esta cláusula, comenzando el 1ro de septiembre de 2016, luego del vencimiento del contrato el 31 de agosto de 2016, el canon de arrendamiento de la CSP aumentó de $17.25 dólares el pie cuadrado a $25.00 dólares, o $7.75 dólares el pie cuadrado adicionales. Al local de la CSP medir 32,000 pies cuadrados, este nuevo canon de renta de $25.00 dólares representa un aumento en el canon mensual de $20,666.66 a $66,666.66 dólares. Adjunto encontrará copia de una factura de este aumento de $20,666.66 de septiembre de 2016 y de otra factura de este aumento de $20,666.66 de octubre de 2016 y de la factura de noviembre

# EMPRESAS OMAJEDE, INC.

Sr. Omar Negrón
14 de octubre de 2016
Página 3

de 2016 por $66,666.66 – las cuales fueron entregadas a la mano en el área de finanzas de la CSP.

Aprovecho esta oportunidad para informarle que la CSP debe a Omajede la renta de agosto ($46,000), de septiembre ($46,000), más el aumento de renta de septiembre ($20,666.66), de octubre ($46,000), más el aumento de renta de octubre ($20,666.66). Estas rentas están vencidas y son líquidas y exigibles y totalizan $179,333.32 dólares.

El 13 de septiembre de 2016, enviamos un correo electrónico a la Sra. Zoé Zambrana, de la CSP, informándole que Empresas Omajede, Inc. no había recibido los pagos de renta de agosto y septiembre de 2016. Le copio este correo electrónico.

Según le comunicamos al Sr. Rolando Meléndez en nuestro correo electrónico de 3 de octubre de 2016, y a pesar de los trámites que la CSP pudo haber realizado en el Departamento de Hacienda con relación a los pagos de renta de los meses de agosto, septiembre y octubre de 2016; a esta fecha todavía no se ha recibido pago alguno. Tampoco hemos recibido de la CSP, según también se solicitó en el correo electrónico de 3 de octubre de 2016, el resultado de qué le informó Hacienda a la CSP sobre el status del pago de renta de agosto, septiembre y octubre de 2016. Vea copia adjunta de este correo electrónico.

**Mucho le agradeceré que la CSP se ponga al día en sus pagos de renta. Le advertimos que la ley número 255, sección 1, del 15 de agosto de 1999 (33 LPRA § 1881), le permite a Omajede cancelar el servicio de luz de la CSP cuando ésta tenga un atraso de renta de tres meses.**

Atentamente,

*[firma]*

Antonio Betancourt
Presidente

AB/well

Anejos

cc: Rolando Meléndez