**Exhibit 1**



*Ramón Coto-Ojeda\**
—
*\*Also admitted to the District of Columbia Bar*

*Edna Pérez-Román*
*Patricia Torres-Castellano*
*Vanellies Santiago-Rivera*

May 5, 2023

Attn:
Hermann Bauer (Hermann.Bauer@oneillborges.com)
Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)
Diana M. Perez (dperez@omm.com)
Luis C. Marini-Biaggi (lmarini@mpmlawpr.com)
Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)

"Dear all:"

> MATTER: In re: The Financial Oversight and Management Board for Puerto Rico, Case No. 17-3283 (LTS); "LIFT STAY NOTICE FOR CASE NO. 13-1360(ADC), ROBERT ANEL DÍAZ-MORALES V. LIMARIS CRUZ-VÉLEZ, ET AL."

On May 8, 2013, Robert Anel Díaz-Morales ("Movant" or "Mr. Díaz Morales") filed a Complaint for violations of his civil rights under 42 U.S.C. § 1983 against the law enforcement officer that investigated his murder charge as well as the two (2) district attorneys who prosecuted his case (Limaris Cruz-Vélez, Sergio Rubio-Paredes, and Emilio Arill-García, hereinafter jointly referred to as "Defendants"), in their individual capacity. Díaz Morales' Complaint sought compensatory and punitive damages after suffering eight and a half (8½) years of unjust imprisonment due to the illegal acts of the Defendants in the action.

On February 3, 2017, the parties reached a settlement agreement that dismissed the action, with prejudice. The settlement agreement indicated that the settlement amount would "be paid to [Mr. Díaz Morales] by the Commonwealth of Puerto Rico" because "Defendants are beneficiaries of [Puerto Rico Law 9]." It also indicated that payment was to be made in installments, with the

Suite 800, MCS Plaza, 255 Ponce de León Ave., San Juan, PR 00917 · PO Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.crlawpr.com
www.chitolaw.com

first one due by December 31, 2017. Yet, before the first installment was due, on May 3, 2017, the Financial Oversight and Management Board filed a petition for bankruptcy relief on behalf of the Commonwealth under Title III of PROMESA.

On September 4, 2017, the Defendants, invoking the alleged rights of the non-party Commonwealth, and without submitting the Commonwealth to the jurisdiction of the United States District Court of Puerto Rico ("USDC-PR"), through an informative motion, moved to stay the action solely based on the filing of the Title III case. The USDC-PR denied said motion on the grounds that the Commonwealth was never a party to the action and never waived its sovereign immunity. It also ruled that Mr. Díaz Morales did not have any debt-related claim against the Commonwealth.

Defendants appealed the USDC-PR's Order after two reconsiderations were denied, and on May 10, 2021, the United States Court of Appeals for the First Circuit affirmed the District Court's order denying the applicability of the PROMESA stay.

On June 8, 2021, after receiving the mandate from the First Circuit, Mr. Díaz Morales moved to schedule a status conference to "address pending matters and properly schedule [the action] going forward." The District Court scheduled the status conference to discuss possible solutions viable solutions.

On November 22, 2021, another settlement conference was held, and the conference report and order were issued. In hopes that the parties could or would identify alternatives for settlement, the Court instructed counsel for Defendants to meet with their superiors, including the Commonwealth's Secretary of Justice, and identify mechanisms that may bring the case to a resolution. Nevertheless, before the Court could dispose of the motion for the applicability of the stay and before the follow up conference set for December 23, Defendants appealed from the settlement conference report and order of November 22, 2021.

On April 13, 2022, the USDC-PR extended the automatic stay to this case pending the resolution of In re: The Financial Oversight and Management Board for Puerto Rico, Case No. 17-3283 (LTS) or further order from the Court. This was in response to Defendants' informative motion regarding the applicability of the automatic stay provision of PROMESA.

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Given that it is Mr. Díaz Morales intention to submit a Motion for Relief from Stay in order to lift the stay in the case under USDC-PR Civil No. 13-1360(ADC), and pursuant to the "Lift Stay Notice" of Paragraph III.R of the Fifteenth Amended Case Management Procedures, we supply the following information:

1. Identity of the movant and his contact information:
   A. Movant: Robert Anel Díaz-Morales

   B. Contact Information of Movant's Attorneys for the case under USDC-PR Civil No. 13-1360(ADC) are:

- Ramón Coto-Ojeda, USDCPR 202006, rco@crlawpr.com, Coto & Associates, PO BOX 71449, San Juan, PR 00936-8549, Tel. (787) 756-9640, Fax. (787) 756-9641.

- Ángel E. Rotger-Sabat, USDCPR 208601, arotger@scvrlaw.com, Saldaña, Carvajal & Vélez-Rivé, PSC, 166 Ave. de la Constitución, San Juan, Puerto Rico 00901, Tel: (787)289-9250, Fax: (787) 289-9253, Cel: (787) 402-5670.

2. The claim(s), lawsuit(s), or other proceeding(s) for which the movant seeks relief from the automatic stay, including the relevant case number and court information. Civil action under 42 U.S.C. § 1983 against Limaris Cruz-Vélez, Sergio Rubio-Paredes, and Emilio Arill-García, Case No. 13-1360(ADC), pending before the USDC-PR. The case was dismissed, with prejudice, after a settlement agreement was reached between the parties. Movant is seeking relief in order to execute the Judgment or continue the action against the individual Defendants to Judgment.

3. The amount of the claim(s) and the asserted causes of action The Movant MOVANT claims $1,600,000, with interest up to and including the date before the PROMESA case was filed. The asserted cause of action is civil action under 42 U.S.C. § 1983 for violation of Movant's civil rights.

4. Brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s)Since February 3, 2017, after the settlement agreement was reached, the case was dismissed, with prejudice. The USDC-PR has kept jurisdiction over the parties until the agreed-upon installments are fulfilled. After five (5) years of requesting the payments and conferring with Defendants to find alternate options, no compensation for Movant was ever accomplished. On April 13, 2022, the USDC-PR extended the automatic stay to this case pending the resolution of the PROMESA case or

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

further order from the Court. Since then, the case has been stayed and Movant has received no compensation.

    5.   Cause as to why the stay should be lifted.

Movant seeks relief from the automatic stay of Case No. 13-1360. It should be lifted pursuant to 11 U.S.C. § 362(d) and 48 U.S.C. § 2194(e) for cause shown, including but not limited to the reasons stated in this letter. In the alternative, and for the same reasons that establish just cause to lift the automatic stay, Movant seeks for the Commonwealth to take an exception and modify the automatic stay to enable Movant to obtain some recovery, and continue his action against the individual Defendants that benefitted from the dismissal in view of the Settlement, yet suffered no pecuniary loss since they were being (and still are) represented and defended by the Commonwealth under Law 9. Movant should, at the very least, be allowed to continue the action against the Defendants until Judgment is issued by the USDC-PR, since the settlement only benefitted Defendants and Movant has been deprived of his right to be compensated by Defendants for the violation of his Civil Rights.

The merits of Movant's claim are sustained by the U.S. Constitution, federal laws, and case law.
Since the Bankruptcy Code nor PROMESA offer an all-encompassing definition of "cause" to lift a stay, the term "cause" must be determined on a case-by-case basis. Courts have set forth various multi-factor tests to determine when there is just cause to lift the stay, See, e.g., In re Sonnax Indus., Inc., 907 F.2d 1280 (2nd Cir. 1990); In re Rexen Prods. Co., 141 Bankr. 574 (D. Del. 1992); In re Granati, 271 Bankr. 89 (E.D. Va. 2001); In re Johnson, 115 Bankr. 634 (D. Minn. 1989); In re Pro Football Weekly, Inc., 60 Bankr. 824 (N.D. Ill. 1986); In re Curtis, 40 Bankr. 795 (D. Utah 1984.)

"Although the reach of the automatic stay is broad, it is not unlimited," 3 Collier, On Bankruptcy ¶ 362.01. To be clear, the automatic stay does not confer absolute immunity to the filer against claims that are sustained by cause. The Court has the discretionary power to decide on a case-by-case if sufficient "cause" has been shown to lift the stay. But, as In re Kerns made clear: the court does not have "total discretion" in deciding to lift the stay because § 362(d) of the Bankruptcy Code directs the court to grant relief from the stay for cause by using the word "shall" instead of "may," and therefore, "where cause is found to exist, the courts have no discretion to deny relief," In re Unanue-

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Casal, 159 Bankr. 90, 94 (D. P. R. 1993) (quoting In re Kerns 111 Bankr. 777, 782 footnote 2 (S.D. Ind. 1990.) For this reason, the Court should engage in an equitable balancing of the various harms at stake and determine that there is more than sufficient cause to lift the stay.

In our District Court of Puerto Rico, there has been at least one case decided that provided a multi-factor test which was later affirmed by the First Circuit, that is, In re Unanue-Casal, 159 Bankr. 90 (D. P. R. 1993); later aff'd by In re Unanue-Casal, 23 F.3d 395 (1st Cir. 1994). The USDC-PR in In re Unanue-Casal, in an effort to consider the harms at stake, took guidance from the multi-factor test put forward in In re Curtis, 40 Bankr. 795 (D. Utah 1984), which consists of the following 12twelve factors:

(1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interest of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and the "balance of hurt." (Emphasis added).

Additionally, the Court relied on two (2) more factors: namely, the misconduct or bad faith of the debtor, and whether the creditor has a probability of prevailing on the merits, In re Unanue-Casal, supra, at 96.

In consideration of what has been stated by the Bankruptcy Court for the Southern District of Georgia in In re R. J. Groover Construction, 411 Bankr. 460, 464 (S.D. Ga. 2008), the Court only needs to rely on the relevant factors of its standard multi-factor

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

test as acknowledged in In re Unanue-Casal, supra, to grant the relief from stay that will be requested. In other words, the examination of all the factors of the test is unnecessary; only the relevant factors are to be taken into account considered.

Following the case law cited above, you must only consider the factors which are relevant to this proceeding and assign them the whole weight of the criterion. Selecting only those highlighted in bold above, these are our six (6) arguments that correspond to the six (6) highlighted factors above:

(1) the relief will result in a complete resolution of the issues since the only step yet taken is that the Settlement is paid, it is further settled, or that Movant may continue its claims against the individual Defendants to Judgment;

(2) Movant's claim will have no significant effect on the bankruptcy case, nor will it cause interference on the effective reorganization of the debtor because: a. The Plan has been confirmed; b. Defendants are not complying with the purpose of the automatic stay which is to give the debtor a "breathing spell"; c. the amount settled upon is insignificant compared to the estate of the debtor; d. Movant is not a secured creditor, that is, it has no interest nor lien on any property of the debtor, and e. Movant's claim will have no real effect on the effective reorganization of the debtor;

(3) other creditors' interest will be unaffected regardless of the outcome of Movant's claim;

(4) any other proceeding unrelated to the payment of the settlement reached by the parties involved, or allowing Movant to pursue the individual Defendants, would be a waste of judicial resources and an attack against the principle of judicial economy;

(5) the balance of hurt weighs heavily for the victims of civil rights violations, but not because of the issue of who will be paying for the damages (as it has been argued by the USDC-PR to support the staying of the case), rather because: (a.) staying civil rights cases under 42 U.S.C. § 1983 will provide a carte blanche to Puerto Rico's officials in their personal capacities to discriminate and to act against Federal laws and the U.S.

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

>   Constitution, and (b.) it will cut any incentive for the victims to seek reparation (in sum, civil rights actions should be categorically differentiated from other creditor-debtor actions because of the nature of the damages and the consequences of the automatic stay). Additionally, staying civil rights actions under PROMESA's automatic stay certainly implies due process issues to uphold fundamental constitutional guarantees. Conversely, lifting the stay runs parallel to the equal protection of the law that the Movant is entitled to receive under the U.S. Constitution. The Court should be flexible enough to grant the process that is due in civil rights actions and allow the action to continue to settlement or to trial against the individual defendants who are represented by the Commonwealth under Law 9. This becomes more evident when faced with the fact that here, there is no simple creditor-debtor relation, rather the relation here is more aptly defined as an injured-indemnifier one, and
>
> (6) Defendants' motives in requesting the application of the automatic stay are in bad faith since: (a.) they are simply using it to circumvent and avoid having to deliver the payments that were already settled upon, and (b.) they are not gaining a "breathing spell" by adhering to the stay as Congress intended its fundamental purpose to be.

We respectfully submit that, having met these six (6) factors of USDC-PR's multi-factor test adopted in In re Unanue-Casal, supra, it is more than enough to determine that cause exists for lifting the stay. By its general equitable powers, the Court has the inherent discretionary power to prevent the continuation of the stay if it perceives an intent to abuse the purpose of the Bankruptcy Code, see Ordin, R. L., The Good Faith Principle in the Bankruptcy Code: a Case Study, 38 BUS. LAW. 1795 (1983). The automatic stay of Case No. 13-1360, should be lifted pursuant to 11 U.S.C. § 362(d) and 48 U.S.C. § 2194(e) for cause shown, including but not limited to reasons stated in this motion for relief from stay.

For all of the above, the Movant requests a meeting (in person) to try to resolve, in whole or in part, his request for relief from the automatic stay or, in the alternative, a modification to it which permits Movant to obtain some recovery or continues his action against the Defendants. All in all, only one

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

person has been prejudiced twice: once when he was improperly incarcerated for eight and a half years for crimes that he did not commit, and twice, of being deprived of its just compensation for the damages caused to him, after the case settled. Defendants, as defended by the Commonwealth, and beneficiaries under Law 9, are walking free unharmed although they grossly violated Movant's civil rights. We are available to meet in the next fifteen (15) days after you receive this notice. Please feel free to contact us at the address and/or phone number shown below.

| | |
|---|---|
| **SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**<br>166 Ave. de la Constitución<br>San Juan, P.R. 00961<br>Tel. (787) 289-9250<br>Fax (787) 289-9253 | **COTO & ASSOCIATES**<br>P O Box 71449<br>San Juan, P. R 00936-8549<br>Tel: (787) 756-9640<br>Fax: (787) 756-9641 |
| s/ Ángel E. Rotger Sabat<br>**ANGEL E. ROTGER SABAT**<br>USDC-PR No. 208601<br>arotger@scvrlaw.com | s/ Ramón Coto Ojeda<br>**RAMON COTO-OJEDA**<br>USDC-PR No. 202006<br>rco@crlawpr.com |

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com