IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.,*<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br>(Jointly Administered) |
| LIZZETTE GARRIGA ORTIZ,<br><br>Movant,<br><br>-against-<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*,<br><br>Respondents. | Re: ECF No. 24817 |

**OBJECTION OF THE COMMONWEALTH OF PUERTO RICO TO
LIZZETTE GARRIGA ORTIZ'S MOTION FOR RECONSIDERATION**

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III Case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19 BK 5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as bankruptcy case numbers due to software limitations).

- i -

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND .................................................................................................................................2

ARGUMENT .......................................................................................................................................6

CONCLUSION ..................................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Associated Int'l Ins. Co. v. Crawford*,
　182 F.R.D. 623 (D. Colo. 1998) ...................................................................................9

*Banister v. Davies*,
　140 S. Ct. 1698 (2020)...................................................................................................6

*Chang v. Smith*,
　103 F.R.D. 401 (D.P.R. 1984),
　*aff'd*, 778 F.2d 83 (1st Cir. 1985) .................................................................................8

*Claremont Flock Corp. v. Alm*,
　281 F.3d 297 (1st Cir. 2022) .........................................................................................8

*Greenspun v. Bogan*,
　492 F.2d 375 Cir. 1974 ..................................................................................................8

*Lopez-Rosario v. Programa Seasonal Head Start/Early Head Start de la Diocesis
　de Mayaguez, Inc.*,
　140 F. Supp. 3d 214 (D.P.R. 2015)........................................................................... 7-8

*Morris v. Unum Life Ins. Co. of Am.*,
　430 F.3d 500 (1st Cir. 2005)..........................................................................................6

*Nyyssonen v. Bendix Corp.*,
　356 F.2d 193 (1st Cir. 1966)..........................................................................................7

*Scola v. Boat Frances, R, Inc.*,
　618 F.2d 147 (1st Cir. 1980)........................................................................................10

*Simon v. Navon*,
　116 F.3d 1 (1st Cir. 1997) .............................................................................................8

*Ungar v. Palestine Liberation Org.*,
　599 F.3d 79 (1st Cir. 2010)............................................................................................8

**STATUTES**

48 U.S.C. §§ 2101–2241..........................................................................................................1

**OTHER AUTHORITIES**

4B Charles Alan Wright & Arthur R. Miller, *Federal Practice. & Procedure* § 1167 (4th ed. 2023)..................6

11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2864 (3d ed. 2023)..................8

Fed. R. Bankr. P. 9024..................6

Fed. R. Civ. P. 6..................6

Fed. R. Civ. P. 59..................1, 6, 10

Fed. R. Civ. P. 60.................. *passim*

7 Moore's Federal Practice, § 60.27(1)..................8

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Commonwealth's sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] respectfully submits this objection (the "Objection") to the *Radicación Réplica a la Objeción Global* [ECF No. 24817] (the "Motion") filed by Ms. Lizzette Garriga Ortiz ("Movant"). In support of the Objection, the Commonwealth respectfully represents and states as follows:

### PRELIMINARY STATEMENT

1. Movant is a retired Commonwealth employee who filed a proof of claim in respect of her "accumulated retirement contributions." **Approximately two years and nine months after its entry**, Movant seeks relief from the Eighty-First Omnibus Objection Order[3], which disallowed numerous claims, including Movant's Claim, because they were deficient. Movant acknowledges that she failed to respond to the Eighty-First Omnibus Objection, but contends her failure to do so was due to the fact that her name was incorrectly written on Exhibit C to the objection as "Ortiz Lizzette Garriga" instead of "Garriga Ortiz, Lizzette." Mot. at 2.

2. As mentioned immediately above, the Motion was filed about *two years and nine months* after this Court entered the Eighty-First Omnibus Objection Order. While it is unclear whether Movant seeks relief from the judgment pursuant to Rule 59(e), Rule 60(b)(1), or Rule 60(b)(6), in any case, Movant's long delay in filing this Motion bars the relief she seeks. Rule 59(e) motions must be made within 28 days of entry of judgment, and motions pursuant to Rule

---

[2] PROMESA has been codified at 48 U.S.C. §§ 2101–2241.
[3] All capitalized terms used in this Preliminary Statement and not otherwise defined shall have the meanings ascribed to them below.

60(b)(1) must be made within one year of entry of judgment; neither deadline may be modified by this Court. Relief pursuant to Rule 60(b)(6) requires Movant demonstrate extraordinary circumstances entitling her to relief—but Movant alleges no such extraordinary circumstances here. Accordingly, for the reasons set forth below, the Motion must be denied.

## BACKGROUND

3. Movant filed a proof of claim against the Commonwealth on June 26, 2018, and it was logged by Prime Clerk, LLC as Proof of Claim No. 42345 (the "Claim"). The Claim purports to assert $60,362.25 in liabilities associated with "accumulated contribution in the [Teachers' Retirement System]." The Claim did not, however, provide critical information necessary to enable the Commonwealth to reconcile the Claim, such as Movant's dates of service or employee number. It also did not explain the nature or basis of Movant's claim regarding the accumulated contributions, such as whether Movant seeks reimbursement of those contributions, whether Movant seeks to preserve her right to receive her pension, or whether Movant has some other claim related to her pension contributions. Further, the Claim did not attach any supporting documentation that would enable the Debtors to determine the nature or basis of the Claim or the liabilities asserted therein.

4. On October 24, 2019, the Commonwealth, together with the Puerto Rico Highways and Transportation Authority ("HTA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with HTA and the Commonwealth, the "Debtors"), filed the *Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Miscellaneous Deficient Claims Asserting Liabilities Based on Salary Demands, Employment or Services Provided* [ECF No. 8968] (the "Eighty-First Omnibus Objection"). As set forth therein, each of

2

the claimants subject thereto, including Movant, received a letter substantially in the form of Exhibit 1 to the Authorized Mailings Order[4] but failed to submit a timely response. Accordingly, the Eighty-First Omnibus Objection sought to disallow claimants' proofs of claim for failure to comply with the applicable rules for filing a claim by not providing a basis for asserting the claim against the Commonwealth, HTA, ERS, or any other Title III debtor.

5. Any party who disputed the Eighty-First Omnibus Objection was required to file a response by 4:00 p.m. (Atlantic Standard Time) on November 26, 2019, in accordance with the Court-approved notice attached to the Eighty-First Omnibus Objection as Exhibit C (the "Notice"), which was served in English and Spanish on the individual creditors subject to the Eighty-First Omnibus Objection, the U.S. Trustee, and the Master Service List (as defined by the *Tenth Amended Case Management Procedures* [ECF No. 8027-1]). The Notice further stated as follows:

> **IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OMNIBUS OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Notice at 2 (emphasis original).

6. In addition, the Notice explained that, if claimants who received the Eighty-First Omnibus Objection had questions, they should "contact Prime Clerk LLC at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available)." Eighty-First Omnibus Objection, Ex.

---

[4] "Authorized Mailings Order" refers to the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* [ECF No. 8453], which authorizes the Debtors to send mailings "to any claimant who has not provided sufficient information to enable Debtors to process their claim." Authorized Mailings Order ¶ 3. Further, the Authorized Mailings Order provides that "[i]f the Debtors mail the Proposed Mailing to a claimant, and the claimant either does not respond or responds but fails to provide sufficient information to permit Debtors to reconcile their claim, the Debtors are authorized to object to the claim as deficient."

3

C at 3. This information was repeated at the conclusion of the Notice: in a box labeled "Additional Resources and Who to Contact with Questions," the Eighty-First Omnibus Objection stated "[i]f you require additional information regarding the Omnibus Objection, the status of your response, your claim, or this notice, please contact the Prime Clerk hotline at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Time) (Spanish available). Inquiries may also be sent via email to puertoricoinfo@primeclerk.com." *Id.* at 5-6.

7. The Certificate of Service for the Eighty-First Omnibus Objection states that a copy of the objection was served on Movant—whose name was recorded as "Ortiz, Lizzette Garriga"—at the "Address on File." *See Supplemental Certificate of Service*, ECF No. 9585 at Ex. D. The Eighty-First Omnibus Objection (Ex. A at 56) stated that Movant's address on file was "PO Box 3501, PMB 218, Juana Diaz, PR 00795." Both the Claim (at 2) and the Motion (at 1) provide the exact same address for Movant, "PO Box 3501, PMB 218, Juana Diaz, PR 00795."

8. Movant did not respond to the Eighty-First Omnibus Objection.

9. Pursuant to notices, and in light of the health emergency caused by COVID-19, the hearing on the Eighty-First Omnibus Objection was adjourned on several occasions. *See Order Regarding Adjournment of Hearing, and Translation and Interpretation Services, in Connection with Certain Responses to Eighty-First Omnibus Objection to Claims* [ECF No. 9401]; *Notice of (A) Adjournment as to Certain Claims and (B) Submission of Amended Schedule for the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 9461]; *Notice of (A) Further Adjournment as to Claims Listed in Schedule B, (B) Withdrawal of Objection to Certain Claims, and (C) Submission*

4

*of Amended Schedules for the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico* [ECF No. 11893]; *Notice of Adjournment of Omnibus Objections Scheduled for Hearing at the June 3, 2020 Omnibus Hearing to the July 29, 2020 Omnibus Hearing* [ECF No. 13232]; and *Notice of Adjournment of Omnibus Objections Scheduled for Hearing at the July 29, 2020 Omnibus Hearing to the September 16, 2020 Omnibus Hearing* [ECF No. 13702].

10. On October 6, 2020, the Debtors filed the *Notice of Presentment of Proposed Order (A) Granting in Part the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided, (B) Approving Form of Notice for Claims to Be Set for Hearing, and (C) Granting Related Relief* [ECF No. 14474] (the "Notice of Presentment"). The Certificate of Service for the Notice of Presentment provides that "Ortiz, Lizzette Garriga" was served at the "Address on File." *See Certificate of Service*, ECF No. 14589, Ex. E at 7-8.

11. On October 22, 2020, this Court entered the *First Order (A) Granting in Part the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided, (B) Approving Form of Notice, and (C) Granting Related Relief* [ECF No. 14772] (the "Eighty-First Omnibus Objection Order"), disallowing numerous claims subject to the Eighty-First Omnibus Objection, including the Claim.

5

12. Approximately two years and nine months after entry of the Eighty-First Omnibus Objection Order, this Motion followed.

## ARGUMENT

13. Movant contends the Eighty-First Omnibus Objection Order should be reconsidered because, according to Movant, her name was incorrectly written on Exhibit C to the Eighty-First Omnibus Objection as "Ortiz Lizzette Garriga" when it should have read "Garriga Ortiz, Lizzette." Mot. at 2. Movant contends her failure to respond to the Eighty-First Omnibus Objection was due to this error, and for that reason, requests the Court reconsider the decision to disallow her Claim.

14. In seeking reconsideration of the Eighty-First Omnibus Objection Order, Movant effectively asks this Court for relief pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this case pursuant to Federal Rule of Bankruptcy Procedure 9024.[5] Rule 60(b) specifies six limited grounds pursuant to which a party may move for relief from a final judgment: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

---

[5] The Motion does not specify whether Movant seeks to alter or amend the Eighty-First Omnibus Objection Order pursuant to Fed. R. Civ. P. 59(e), or whether it seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). However, motions pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id*. That deadline cannot be extended or waived: pursuant to Rule 6(b), the court "must not extend the time to act under Rule[] . . . 59(b)." This Motion was filed on July 31, 2023—well past 28 days from entry of judgment, and nearly three years after the Eighty-First Omnibus Objection Order—and a reconsideration motion pursuant to Rule 59(e) is therefore barred. *Banister v. Davies*, 140 S. Ct. 1698, 1703 (2020) (citation omitted) ("Rule 59(e) allows a litigant to file a 'motion to alter or amend a judgment.' The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension."); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice. & Procedure* § 1167 n.10 (4th ed. 2023) ("The court lacks the authority under Rule 6(b) to extend the time to file a Rule 59(e) motion for reconsideration, and 'an untimely motion for reconsideration is therefore a nullity, at least for purposes of Rule 59(e).'" (quoting *Morris v. Unum Life Ins. Co. of Am.*, 430 F.3d 500, 502 (1st Cir. 2005))).

6

judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(c) further provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Movant appears to contend that her failure to respond to the Eighty-First Omnibus Objection was the result of excusable neglect: according to Movant, although her address was correct, she received multiple notices regarding the objection, she was provided with an email address and telephone number she could contact with questions, and she was warned that failure to respond could result in disallowance of her Claim, she did not realize she needed to submit a response because her name was mistyped. Accordingly, although the Motion does not specify which grounds for relief form the basis for Movant's request, Rules 60(b)(1) and 60(b)(6) are most applicable here.

15. To the extent Movant seeks relief pursuant to Rule 60(b)(1), however, the Motion fails because it is clearly not filed within the one-year time period prescribed by Rule 60(c). Here, judgment was entered in October 2020, but the Motion was not filed until July 2023—nearly three years later. The Court may not extend or waive the one-year deadline: Rule 6(b) provides that "[a] court must not extend the time to act under Rule[] . . . 60(b)." The Motion therefore seeks relief that is indisputably time-barred, and should be denied on that ground. *Nyyssonen v. Bendix Corp.*, 356 F.2d 193, 193-94 (1st Cir. 1966).

16. The Motion also fails to demonstrate Movant is entitled to relief pursuant to Rule 60(b)(6). Rule 60(b)(6), which permits relief from a judgment for "any other reason that justifies relief," provides "a residual reservoir of equitable power to grant discretionary relief from a final judgment . . . where such relief is appropriate to accomplish justice." *Lopez-Rosario v. Programa*

7

*Seasonal Head Start/Early Head Start de la Diocesis de Mayaguez, Inc.*, 140 F. Supp. 3d 214, 219-20 (D.P.R. 2015). Several factors may be considered in evaluating a motion filed pursuant to Rule 60(b)(6), including "the timing of the request for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances." *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010). However, "a motion under Rule 60(b)(6) 'is only appropriate when none of the first five subsections pertain.'" *Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997) (citation omitted). "To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in delay. If a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'" *Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2022) (citations omitted); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2864 (3d ed. 2023) ("If the reasons for seeking relief could have been considered in an earlier motion under another subsection of the rule, then the motion will be granted only when extraordinary circumstances are present."); *Chang v. Smith*, 103 F.R.D. 401, 405 (D.P.R. 1984) ("In view of the necessity of exceptional and compelling circumstances for Rule 60(b)(6) relief failure of the movant to allege, or to prove if the allegation is controverted, an adequate reason for relief warrants denial." (quoting 7 Moore's Federal Practice, § 60.27(1) at 60-270, 71)), *aff'd*, 778 F.2d 83 (1st Cir. 1985).

17. Movant cannot demonstrate the requisite extraordinary circumstances, because she is not blameless in the delay in filing her Motion. Courts have denied motions seeking relief where, as here, parties have received and ignored several notices regarding the same proceeding. *Greenspun v. Bogan*, 492 F.2d 375, 383 1st Cir. 1974) (affirming denial of corporation's Rule

8

60(b)(1) motion to reopen a settlement judgment because corporation received numerous formal notices regarding the litigation, as well as corporate summary reports and proxy materials in which the litigation was described, but nevertheless failed to participate in the litigation); *Associated Int'l Ins. Co. v. Crawford*, 182 F.R.D. 623, 626-27 (D. Colo. 1998) (holding defendant's failure to respond to numerous court filings and a letter from plaintiff did not constitute "excusable neglect"). Movant actually **received** several notices regarding the Eighty-First Omnibus Objection and was warned that failure to respond could result in disallowance of her Claim. To the extent Movant did not understand the objection, had difficulty identifying her claim on the objection's exhibit, or had any other questions regarding the objection, the Notice informed her that a telephone hotline and an email address had been established at Prime Clerk, LLC (now known as Kroll Restructuring Associates) to answer her questions. Still, Movant waited over three and a half years after the objection was first served, and nearly three years after entry of judgment, to file her Motion.

18. Moreover, granting Movant's request risks severely prejudicing the Debtors. The Debtors have made significant progress in reconciling the over 180,000 proofs of claim filed in these enormously complex cases. To date, tens of thousands of claims have been disallowed. The Debtors have relied upon the resolution of those claims in preparing distributions pursuant to the Debtors' confirmed plan of adjustment (the "Plan"). The Debtors' budgets were also developed in reliance on the Court's orders disallowing claims suitable for resolution using the Commonwealth's ordinary-course administrative processes, which must be paid in the ordinary course. Setting aside the Court's orders disallowing and expunging those claims on account of minor typographical errors in the Debtors' schedules would upend those planning and budgeting

processes.[6] Where, as here, relief from a judgment would prejudice the non-moving party, Rule 60(b)(6) relief should be denied. *See Scola v. Boat Frances, R, Inc.*, 618 F.2d 147, 155-56 (1st Cir. 1980).

## **CONCLUSION**

19. Because Movant cannot establish her right to reconsideration pursuant to Rule 59(e) or 60(b), Movant's request for reconsideration of the Eighty-First Omnibus Objection should be denied.

---

[6] Notably, it is also unlikely that Movant has been prejudiced by the disallowance of her Claim. Based on the Claim and supporting documentation provided, it appears Movant filed her Claim in an attempt to preserve her right to continue receiving her pension. Pensioners retained their right to continue receiving their pensions pursuant to the Plan, and therefore, disallowance of Movant's Claim will not impact her right to pension payments.

10

| | |
|---|---|
| Dated: August 14, 2022<br>San Juan, Puerto Rico | Respectfully submitted,<br><br>/s/ Brian S. Rosen<br>Martin J. Bienenstock (*pro hac vice*)<br>Brian S. Rosen (*pro hac vice*)<br>Laura Stafford (*pro hac vice*)<br>**PROSKAUER ROSE LLP**<br>Eleven Times Square<br>New York, NY 10036<br>Tel: (212) 969-3000<br>Fax: (212) 969-2900<br><br>*Attorneys for the Financial Oversight and Management Board as representative for the Debtors*<br><br>/s/ Hermann D. Bauer<br><br>Hermann D. Bauer<br>USDC No. 215205<br>**O'NEILL & BORGES LLC**<br>205 Muñoz Rivera Ave., Suite 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-1813<br>Fax: (787) 753-8944<br><br>*Co-Attorney for the Financial Oversight and Management Board as representative for the Debtors* |