this case to avoid the settlement payment. This suggests that the individual defendants' motives are to circumvent and avoid delivering justice after it was established that individual defendants, and the Commonwealth in the Commonwealth action, incurred in illegal actions that cost eight and a half (8 ½) years of Movant's life. By analogy, one can see that the debtor's bad faith as cited in *In re Unanue Casal*, applies when a third party incurs in bad faith by requesting the debtor's stay.

Another clearcut indication of the individual defendants' bad faith in requesting the stay is that it does not align with the purpose which Congress enacted it for. As stated above, Congress intended for the fundamental purpose of the stay to be a "breathing spell" for debtors in bankruptcy proceedings, H.R. Rep. No. 95-595, at 340 (1977). **The individual defendants are not gaining a "breathing spell" by adhering to the debtor's stay, rather they are abusing the automatic stay by maliciously delaying the payments that were settled upon.** "It has been long recognized that one who invokes the protective provisions of the bankruptcy laws must do so in order to accomplish and further the expressed legislative aim of the particular Chapter and not for any other purpose." *In re Mogul*, 17 Bankr. 680, 681 (M.D. Fla. 1982).

In contrast, Movant's action expresses his good faith since the confidential settlement reached on February 3, 2017, in Civil No. 13-1360 (PG) before the USDC-PR with the individual defendants

Case:17-03283-LTS Doc#:24878 Filed:08/14/23 Entered:08/14/23 11:05:59 Desc: Main
Document Page 27 of 35

Limaris Cruz Vélez, Emilio Arill García, and Sergio Rubio Paredes —all sued in their individual personal capacities— benefited the Commonwealth of Puerto Rico. This is because the settlement resulted in the dismissal with prejudice of a parallel state case styled *Robert Anel Díaz Morales, et al. v. ELA, et al.*, Civil No. DDP 2013-0403 (505). In that case, the Commonwealth and some of its instrumentalities, as opposed to the action before the USDC-PR, were indeed named parties.

By disposing of all the claims against the Commonwealth and its instrumentalities after the settlement, the Commonwealth benefited since the dismissal of the Commonwealth Action was also dismissed, with prejudice, and it covered claims of Movant's relatives against the Commonwealth. There is no doubt that the aforementioned should be taken as a sign of good faith since Movant merely seeks speedy and economic justice under 42 U.S.C. § 1983, after his constitutional rights were violated by state officials.

We now bring the attention of the Court to what was stated by the Bankruptcy Court for the Southern District of Georgia in *In re R. J. Groover Construction*, *supra*, this Court only needs to rely on the relevant factors of its standard multi-factor test as acknowledged in *In re Unanue-Casal*, *supra*, to grant the relief from stay here petitioned. Moreover, the automatic stay's reach is limited, that is, it does not confer absolute immunity to the debtor against its creditors if sufficient cause for relief has

been shown as it has effectively been done here. Following both, subsection (d)(1) of section 362 of the Bankruptcy Code, 11 U.S.C. § 362(d), and section 405(e) of PROMESA, 48 U.S.C. § 2194(e), this Court "shall grant relief from the stay" if cause has been shown. As interpreted in *In re Kerns*, *supra*, if cause has been shown and found to exist, this Court has no discretion to deny relief precisely because our laws direct the courts of our country to grant relief from stay by using the word "shall" instead of "may."

Of the multi-factor test acknowledged by this Court in *In re Unanue-Casal*, *supra*, six (6) factors have been shown to be relevant and to constitute just cause for this Court to grant relief from the automatic stay. In short, it has been shown that: (1) the relief will result in a complete resolution of the issues; (2) Movant's claim will have no significant effect on the bankruptcy case nor will it cause interference on the effective reorganization of the debtor; (3) there is no more litigation needed in this case, other creditors' interest will remain unaffected regardless of the outcome of Movant's claim; (4) any other proceeding unrelated to the payment of the settlement would be a waste of judicial resources and an attack against the principle of judicial economy; (5) the balance of hurt weighs heavily for the victims of civil rights violations since it will cut any incentive to seek reparation of civil rights violations and it will provide a *carte blanche* to Puerto Rico's officials in their personal capacities to

discriminate and to act against Federal laws and the U.S. Constitution, and (6) the individual defendants' motives in requesting the application of the debtor's automatic stay are in bad faith since they are simply using it to circumvent and avoid settlement payment and they are not gaining a "breathing spell" by adhering to the stay as Congress intended its fundamental purpose to be.

We hold that, having met these six (6) factors of this Court's multi-factor test, it is more than enough for this Court to determine that just cause exists for lifting the stay. This Court has the inherent discretionary power to prevent the continuation of the stay if it perceives an intent to abuse the purpose of the Bankruptcy Code, *see* R. L. Ordin, *The Good Faith Principle in the Bankruptcy Code: a Case Study*, 38 Bus. Law. 1795 (1983). The automatic stay of Case No. 13-1360, should be lifted pursuant to 11 U.S.C. § 362(d) and 48 U.S.C. § 2194(e) *for cause shown*, including but not limited to reasons stated in this motion for relief from stay.

It is important here to highlight that the fact that the **Commonwealth is the only party that has expressly committed to paying the agreed-upon settlement amount, is immaterial for the purposes of lifting the automatic stay**. If this Court evaluates, as it has done before, the "balance of hurt" in the present case, it will find that it alone suffices to dim the *Opinion and Order*'s

reason as an argument for sustaining the stay. Thus, diminishing the consequence of whether Movant sought to enforce the Commonwealth to pay or not during the status conference on September 20, 2021, and/or any other instance. The importance of the immateriality of this point cannot be stressed enough, since it was the main reason which led the USDC-PR to grant the individual defendants' motion to stay the case under PROMESA. **ECF No. 307, at p. 7.**

### RESPONSE TO THE OBJECTION OF THE PROOF OF CLAIM

Under Title III of PROMESA, the automatic stay extends to actions brought to collect judgment issued before Title III was filed. *Autonomous Municipality of Ponce v. F.O.M.B. (In re F.O.M.B.)*, 939 F.3d 356, 360-61 (1st Cir. 2019). Said automatic stay also extends to the Commonwealth and officers in their official capacity. *Peaje Invs., LLC v. F.O.M.B. (In re F.O.M.B.)*, 899 F.3d 1, 5-6, 6 n.2 (1st Cir. 2018). The stay applies even if the payment agreement was struck before the Title III petition filing and to the remanent of any debt if payment started before Title III filing. *Colon-Torres v. Negron-Fernandez*, 997 F.3d 63, 73 (1st Cir. 2021).

There should be no doubt that the individual defendants' actions are imputable to the Commonwealth and any argument to the contrary, at this stage of the proceedings, as the Commonwealth's legal

representatives have done in the Objection, is inconsistent and
contradictory to the Commonwealth's past actions and arguments,
and, consequently, they are estopped from doing so. In this sense,
the doctrine of equitable estoppel prevents one "from denying the
consequences of his conduct where that conduct has been such as to
induce another to change his position in good faith or such that
a reasonable man would rely upon the representations made." *Clauson
v. Smith*, 823 F.2d 660, 662 (1st Cir.1987). There are four
requirements for this estoppel to apply: (1) the party to be
estopped know the facts; (2) that party must intend that his
conduct be acted upon (or must act in a way that leads the party
asserting the estoppel to believe it is so intended); (3) the
latter must be ignorant of the true facts; and (4) he must rely on
the estopping conduct to his detriment. *Id.*

In this case, this Court will find the four (4) requirements to
apply the doctrine of equitable estoppel. First, The Commonwealth
knew the facts because it was party to the State Court proceedings
in which they were defending themselves because of the individual
defendants' actions and by virtue of the settlement agreement they
consented to pay Movant a compensation in several installments.
Second, Movant voluntarily dismissed the two lawsuits pursuant to
the settlement agreement, and therefore acted on the premise that
he would be compensated for the damages he suffered as a result of
his wrongful incarceration. Third, Movant was unaware that both

the Commonwealth and the officials would use PROMESA as a subterfuge to prevent him from being properly compensated as agreed in the Settlement Agreement. Finally, there is no doubt that Movant relied on the Commonwealth's actions to his detriment. Movant agreed to have the State Court action against the Commonwealth dismissed with prejudice by virtue of a settlement between him and the Commonwealth that has not been satisfied. Now, the Commonwealth's legal representatives temerariously claim that Movant's Proof of Claim does not assert a claim against the Commonwealth because the liability asserted was between Movant and the individual defendants.

Respectfully, and in conclusion, the Objection made by the Commonwealth to Movant's Proof of Claim is reckless, frivolous, contradictory, and constitutes a vexatious action that should be punished by this Honorable Court. Originally, the PROMESA stay of the Federal Court action filed by Movant was not extended to the individual defendants, as they were government officials, and the Commonwealth was not a party to the action before the USDC-PR. Nevertheless, *Peaje Invs., LLC v. F.O.M.B. (In re F.O.M.B.)*, *supra*, confirmed PROMESA's stay was to be extended to individuals that were officers of the Commonwealth. Therefore, the counsel for the individual defendants, who were defense counsel from the Department of Justice of the Commonwealth, moved to apply the stay because they claimed that the action was against the Commonwealth

(as the Commonwealth had to pay the settlement), and because the PROMESA stay applied to the individual defendants' officers. However, on July 31, 2023, the Commonwealth made a completely contradictory argument in order to object to the Proof of Claim filed by Movant in this case.

Considering this, we respectfully submit that this Honorable Court is in a position to understand why both Movant and his counsel were flummoxed when informed of opposing counsel's grounds for objecting Movant's Proof of Claim. Therefore, we respectfully ask this Court to find the Objection to Movant's Proof of Claim to be frivolous and temerarious, find it baseless, lift the stay and allow the entire amount arising from Movant's Proof of Claim of one million six hundred thousand dollars ($1.6M) as compensation for the violation of Movant's constitutional rights settled at arm's length in the USDC-PR action.

## CONCLUSION

We respectfully submit that the Honorable Court has been positioned to deny Commonwealth's counsel's frivolous and reckless Objection to Movant's Proof of Claim, to lift the stay, and to deem the Proof of Claim to be allowed for the entire agreed upon settlement of one million six hundred thousand dollars ($1.6M).

Should this Honorable Court find our Opposition to the Commonwealth's Objection to Movant's Proof of Claim is misplaced,

we request that Movant's Claim be detached from PROMESA related procedures, and that Movant be allowed to proceed with his action against the individual defendants. This is because we would not be making a claim against Commonwealth, and there would be no obstacle to Movant's ability to seek damages for the eight and a half (8 ½) years he was unjustly and illegally incarcerated for a crime he did not commit.

Regardless of how this Honorable Court decides to exercise its wisdom in resolving Movant's present Response, we request that we be allowed to participate in and present Movant's position at the hearing to be held on August 30, 2023.

**WHEREFORE,** Movant respectfully requests that this Honorable Court DENY the Omnibus Objection filed at D.E. 24749 regarding Movant's Proof of Claim, that the stay be lifted, and his claim be deemed allowed for the entire agreed upon amount of one million six hundred thousand dollars ($1.6M). Otherwise, if this Honorable Court should find that the Objection has a legal basis, that the procedures be detached from PROMESA related procedures and Movant's Proof of Claim be allowed to pursue his claim against the individual defendants. Because of the Commonwealth's actions before the USDC-PR and before this Honorable Court, and its failure to try to reach an agreement and having forced Movant to file this Response, Movant requests that this Honorable Court awards Movant reasonable attorney's fees incurred in the filing of this Response.

34 of 36

Movant also requests that his undesigned counsel be allowed to participate in the hearing to be held on August 30, 2023.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on August 14, 2023

**IT IS HEREBY CERTIFIED** that the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification electronically to all attorneys of record.

<table>
<tr>
<td>

**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 Ave. de la Constitución
San Juan, Puerto Rico 00901
Tel: (787) 289-9250
Fax: (787) 289-9253
Cel: (787) 402-5670

*s/Ángel E. Rotger-Sabat*
ÁNGEL E. ROTGER-SABAT
USDC-PR No.208601
arotger@scvrlaw.com

</td>
<td>

**COTO & ASSOCIATES**
P O Box 71449
San Juan, P.R. 00936-8549
Tel: (787) 756-9640
Fax: (787) 756-9641

*s/Ramón Coto-Ojeda*
RAMON COTO-OJEDA
USDC-PR No. 202006
rco@crlawpr.com

</td>
</tr>
</table>

**Exhibit 1**



## COTO & ASSOCIATES

*Ramón Coto-Ojeda**

—

*Also admitted to the District of Columbia Bar

*Edna Pérez-Román*
*Patricia Torres-Castellano*
*Vanellies Santiago-Rivera*

May 5, 2023

Attn:
Hermann Bauer (Hermann.Bauer@oneillborges.com)
Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)
Diana M. Perez (dperez@omm.com)
Luis C. Marini-Biaggi (lmarini@mpmlawpr.com)
Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)

"Dear all:"

> MATTER:  In  re:  The  Financial
> Oversight  and  Management  Board  for
> Puerto  Rico,  Case  No.  17-3283  (LTS);
> "LIFT  STAY  NOTICE  FOR  CASE  NO.  13-
> 1360(ADC),  ROBERT  ANEL  DÍAZ-MORALES
> V.  LIMARIS  CRUZ-VÉLEZ,  ET  AL."

On  May  8,  2013,  Robert  Anel  Díaz-Morales  ("Movant"  or  " Mr.
Díaz  Morales")  filed  a  Complaint  for  violations  of  his  civil  rights
under  42  U.S.C.  §  1983  against  the  law  enforcement  officer  that
investigated  his  murder  charge  as  well  as  the  two  (2)  district
attorneys  who  prosecuted  his  case  (Limaris  Cruz-Vélez,  Sergio
Rubio-Paredes,  and  Emilio  Arill-García,  hereinafter  jointly
referred  to  as  "Defendants"),  in  their  individual  capacity.  Díaz
Morales'  Complaint  sought  compensatory  and  punitive  damages  after
suffering  eight  and  a  half  (8½)  years  of  unjust  imprisonment  due  to
the  illegal  acts  of  the  Defendants  in  the  action.

On  February  3,  2017,  the  parties  reached  a  settlement
agreement  that  dismissed  the  action,  with  prejudice.  The  settlement
agreement  indicated  that  the  settlement  amount  would  "be  paid  to
[Mr.  Díaz  Morales]  by  the  Commonwealth  of  Puerto  Rico"  because
"Defendants  are  beneficiaries  of  [Puerto  Rico  Law  9]."  It  also
indicated  that  payment  was  to  be  made  in  installments,  with  the

Suite 800, MCS Plaza, 255 Ponce de León Ave., San Juan, PR  00917 · PO Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.crlawpr.com
www.chitolaw.com

Page -2-

first one due by December 31, 2017. Yet, before the first installment was due, on May 3, 2017, the Financial Oversight and Management Board filed a petition for bankruptcy relief on behalf of the Commonwealth under Title III of PROMESA.

On September 4, 2017, the Defendants, invoking the alleged rights of the non-party Commonwealth, and without submitting the Commonwealth to the jurisdiction of the United States District Court of Puerto Rico ("USDC-PR"), through an informative motion, moved to stay the action solely based on the filing of the Title III case. The USDC-PR denied said motion on the grounds that the Commonwealth was never a party to the action and never waived its sovereign immunity. It also ruled that Mr. Díaz Morales did not have any debt-related claim against the Commonwealth.

Defendants appealed the USDC-PR's Order after two reconsiderations were denied, and on May 10, 2021, the United States Court of Appeals for the First Circuit affirmed the District Court's order denying the applicability of the PROMESA stay.

On June 8, 2021, after receiving the mandate from the First Circuit, Mr. Díaz Morales moved to schedule a status conference to "address pending matters and properly schedule [the action] going forward." The District Court scheduled the status conference to discuss possible solutions viable solutions.

On November 22, 2021, another settlement conference was held, and the conference report and order were issued. In hopes that the parties could or would identify alternatives for settlement, the Court instructed counsel for Defendants to meet with their superiors, including the Commonwealth's Secretary of Justice, and identify mechanisms that may bring the case to a resolution. Nevertheless, before the Court could dispose of the motion for the applicability of the stay and before the follow up conference set for December 23, Defendants appealed from the settlement conference report and order of November 22, 2021.

On April 13, 2022, the USDC-PR extended the automatic stay to this case pending the resolution of In re: The Financial Oversight and Management Board for Puerto Rico, Case No. 17-3283 (LTS) or further order from the Court. This was in response to Defendants' informative motion regarding the applicability of the automatic stay provision of PROMESA.

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Page -3-

Given that it is Mr. Díaz Morales intention to submit a Motion for Relief from Stay in order to lift the stay in the case under USDC-PR Civil No. 13-1360(ADC), and pursuant to the "Lift Stay Notice" of Paragraph III.R of the Fifteenth Amended Case Management Procedures, we supply the following information:

    1.   Identity of the movant and his contact information:
        A.  Movant: Robert Anel Díaz-Morales

        B.  Contact Information of Movant's Attorneys for the case under USDC-PR Civil No. 13-1360(ADC) are:

•   Ramón Coto-Ojeda, USDCPR 202006, rco@crlawpr.com, Coto & Associates, PO BOX 71449, San Juan, PR 00936-8549, Tel. (787) 756-9640, Fax. (787) 756-9641.

•   Ángel E. Rotger-Sabat, USDCPR 208601, arotger@scvrlaw.com, Saldaña, Carvajal & Vélez-Rivé, PSC, 166 Ave. de la Constitución, San Juan, Puerto Rico 00901, Tel: (787)289-9250, Fax: (787) 289-9253, Cel: (787) 402-5670.

    2.   The claim(s), lawsuit(s), or other proceeding(s) for which the movant seeks relief from the automatic stay, including the relevant case number and court information. Civil action under 42 U.S.C. § 1983 against Limaris Cruz-Vélez, Sergio Rubio-Paredes, and Emilio Arill-García, Case No. 13-1360(ADC), pending before the USDC-PR. The case was dismissed, with prejudice, after a settlement agreement was reached between the parties. Movant is seeking relief in order to execute the Judgment or continue the action against the individual Defendants to Judgment.

    3.   The amount of the claim(s) and the asserted causes of action The Movant   MOVANT claims $1,600,000, with interest up to and including the date before the PROMESA case was filed. The asserted cause of action is civil action under 42 U.S.C. § 1983 for violation of Movant's civil rights.

    4.   Brief description of the status of the underlying claim(s), lawsuit(s), or proceeding(s) Since February 3, 2017, after the settlement agreement was reached, the case was dismissed, with prejudice. The USDC-PR has kept jurisdiction over the parties until the agreed-upon installments are fulfilled. After five (5) years of requesting the payments and conferring with Defendants to find alternate options, no compensation for Movant was ever accomplished. On April 13, 2022, the USDC-PR extended the automatic stay to this case pending the resolution of the PROMESA case or

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR 00917 · P O Box 71449, San Juan, PR 00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Page -4-

further order from the Court. Since then, the case has been stayed and Movant has received no compensation.

    5.    Cause as to why the stay should be lifted.

    Movant seeks relief from the automatic stay of Case No. 13-1360. It should be lifted pursuant to 11 U.S.C. § 362(d) and 48 U.S.C. § 2194(e) for cause shown, including but not limited to the reasons stated in this letter. In the alternative, and for the same reasons that establish just cause to lift the automatic stay, Movant seeks for the Commonwealth to take an exception and modify the automatic stay to enable Movant to obtain some recovery, and continue his action against the individual Defendants that benefitted from the dismissal in view of the Settlement, yet suffered no pecuniary loss since they were being (and still are) represented and defended by the Commonwealth under Law 9. Movant should, at the very least, be allowed to continue the action against the Defendants until Judgment is issued by the USDC-PR, since the settlement only benefitted Defendants and Movant has been deprived of his right to be compensated by Defendants for the violation of his Civil Rights.

    The merits of Movant's claim are sustained by the U.S. Constitution, federal laws, and case law.
Since the Bankruptcy Code nor PROMESA offer an all-encompassing definition of "cause" to lift a stay, the term "cause" must be determined on a case-by-case basis. Courts have set forth various multi-factor tests to determine when there is just cause to lift the stay, See, e.g., In re Sonnax Indus., Inc., 907 F.2d 1280 (2nd Cir. 1990); In re Rexen Prods. Co., 141 Bankr. 574 (D. Del. 1992); In re Granati, 271 Bankr. 89 (E.D. Va. 2001); In re Johnson, 115 Bankr. 634 (D. Minn. 1989); In re Pro Football Weekly, Inc., 60 Bankr. 824 (N.D. Ill. 1986); In re Curtis, 40 Bankr. 795 (D. Utah 1984.)

    "Although the reach of the automatic stay is broad, it is not unlimited," 3 Collier, On Bankruptcy ¶ 362.01. To be clear, the automatic stay does not confer absolute immunity to the filer against claims that are sustained by cause. The Court has the discretionary power to decide on a case-by-case if sufficient "cause" has been shown to lift the stay. But, as In re Kerns made clear: the court does not have "total discretion" in deciding to lift the stay because § 362(d) of the Bankruptcy Code directs the court to grant relief from the stay for cause by using the word "shall" instead of "may," and therefore, "where cause is found to exist, the courts have no discretion to deny relief," In re Unanue-

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Casal, 159 Bankr. 90, 94 (D. P. R. 1993) (quoting In re Kerns 111 Bankr. 777, 782 footnote 2 (S.D. Ind. 1990.) For this reason, the Court should engage in an equitable balancing of the various harms at stake and determine that there is more than sufficient cause to lift the stay.

In our District Court of Puerto Rico, there has been at least one case decided that provided a multi-factor test which was later affirmed by the First Circuit, that is, In re Unanue-Casal, 159 Bankr. 90 (D. P. R. 1993); later aff'd by In re Unanue-Casal, 23 F.3d 395 (1st Cir. 1994). The USDC-PR in In re Unanue-Casal, in an effort to consider the harms at stake, took guidance from the multi-factor test put forward in In re Curtis, 40 Bankr. 795 (D. Utah 1984), which consists of the following 12twelve factors:

(1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether litigation in another forum would prejudice the interest of other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under section 510(c); (9) whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor; (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; (12) the impact of the stay on the parties and the "balance of hurt." (Emphasis added).

Additionally, the Court relied on two (2) more factors: namely, the misconduct or bad faith of the debtor, and whether the creditor has a probability of prevailing on the merits, In re Unanue-Casal, supra, at 96.

In consideration of what has been stated by the Bankruptcy Court for the Southern District of Georgia in In re R. J. Groover Construction, 411 Bankr. 460, 464 (S.D. Ga. 2008), the Court only needs to rely on the relevant factors of its standard multi-factor

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Page -6-

test as acknowledged in In re Unanue-Casal, supra, to grant the
relief from stay that will be requested. In other words, the
examination of all the factors of the test is unnecessary; only the
relevant factors are to be taken into account considered.

Following the case law cited above, you must only consider the
factors which are relevant to this proceeding and assign them the
whole weight of the criterion. Selecting only those highlighted in
bold above, these are our six (6) arguments that correspond to the
six (6) highlighted factors above:

(1)   the relief will result in a complete resolution of the
      issues since the only step yet taken is that the
      Settlement is paid, it is further settled, or that Movant
      may continue its claims against the individual Defendants
      to Judgment;

(2)   Movant's claim will have no significant effect on the
      bankruptcy case, nor will it cause interference on the
      effective reorganization of the debtor because: a. The
      Plan has been confirmed; b. Defendants are not complying
      with the purpose of the automatic stay which is to give
      the debtor a "breathing spell"; c. the amount settled
      upon is insignificant compared to the estate of the
      debtor; d. Movant is not a secured creditor, that is, it
      has no interest nor lien on any property of the debtor,
      and e. Movant's claim will have no real effect on the
      effective reorganization of the debtor;

(3)   other creditors' interest will be unaffected regardless
      of the outcome of Movant's claim;

(4)   any other proceeding unrelated to the payment of the
      settlement reached by the parties involved, or allowing
      Movant to pursue the individual Defendants, would be a
      waste of judicial resources and an attack against the
      principle of judicial economy;

(5)   the balance of hurt weighs heavily for the victims of
      civil rights violations, but not because of the issue of
      who will be paying for the damages (as it has been argued
      by the USDC-PR to support the staying of the case),
      rather because: (a.) staying civil rights cases under 42
      U.S.C. § 1983 will provide a carte blanche to Puerto
      Rico's officials in their personal capacities to
      discriminate and to act against Federal laws and the U.S.

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Page -7-

Constitution, and (b.) it will cut any incentive for the victims to seek reparation (in sum, civil rights actions should be categorically differentiated from other creditor-debtor actions because of the nature of the damages and the consequences of the automatic stay). Additionally, staying civil rights actions under PROMESA's automatic stay certainly implies due process issues to uphold fundamental constitutional guarantees. Conversely, lifting the stay runs parallel to the equal protection of the law that the Movant is entitled to receive under the U.S. Constitution. The Court should be flexible enough to grant the process that is due in civil rights actions and allow the action to continue to settlement or to trial against the individual defendants who are represented by the Commonwealth under Law 9. This becomes more evident when faced with the fact that here, there is no simple creditor-debtor relation, rather the relation here is more aptly defined as an injured-indemnifier one, and

(6) Defendants' motives in requesting the application of the automatic stay are in bad faith since: (a.) they are simply using it to circumvent and avoid having to deliver the payments that were already settled upon, and (b.) they are not gaining a "breathing spell" by adhering to the stay as Congress intended its fundamental purpose to be.

We respectfully submit that, having met these six (6) factors of USDC-PR's multi-factor test adopted in In re Unanue-Casal, supra, it is more than enough to determine that cause exists for lifting the stay. By its general equitable powers, the Court has the inherent discretionary power to prevent the continuation of the stay if it perceives an intent to abuse the purpose of the Bankruptcy Code, see Ordin, R. L., The Good Faith Principle in the Bankruptcy Code: a Case Study, 38 BUS. LAW. 1795 (1983). The automatic stay of Case No. 13-1360, should be lifted pursuant to 11 U.S.C. § 362(d) and 48 U.S.C. § 2194(e) for cause shown, including but not limited to reasons stated in this motion for relief from stay.

For all of the above, the Movant requests a meeting (in person) to try to resolve, in whole or in part, his request for relief from the automatic stay or, in the alternative, a modification to it which permits Movant to obtain some recovery or continues his action against the Defendants. All in all, only one

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

Page -8-

person has been prejudiced twice: once when he was improperly
incarcerated for eight and a half years for crimes that he did not
commit, and twice, of being deprived of its just compensation for
the damages caused to him, after the case settled. Defendants, as
defended by the Commonwealth, and beneficiaries under Law 9, are
walking free unharmed although they grossly violated Movant's civil
rights.   We are available to meet in the next fifteen (15) days
after you receive this notice. Please feel free to contact us at
the address and/or phone number shown below.

<table>
<tr><td><b>SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ,P.S.C.</b><br>166 Ave. de la Constitución<br>San Juan, P.R. 00961<br>Tel. (787) 289-9250<br>Fax (787) 289-9253</td><td><b>COTO & ASSOCIATES</b><br>P O Box 71449<br>San Juan, P. R 00936-8549<br>Tel: (787) 756-9640<br>Fax: (787) 756-9641</td></tr>
<tr><td>s/ Ángel E. Rotger Sabat<br><b>ANGEL E. ROTGER SABAT</b><br>USDC-PR No. 208601<br>arotger@scvrlaw.com</td><td>s/ Ramón Coto Ojeda<br><b>RAMON COTO-OJEDA</b><br>USDC-PR No. 202006<br>rco@crlawpr.com</td></tr>
</table>

Suite 800, MCS Plaza, 255 Ponce de León Ave., Hato Rey, PR  00917 · P O Box 71449, San Juan, PR  00936-8549
Office Tel.: (787) 756-9640 · Fax (787) 756-9641
www.cmtplaw.com
www.chitolaw.com

**Exhibit 2**

**From:** Angel E. Rotger-Sabat <arotger@scvrlaw.com>
**Sent:** Thursday, June 8, 2023 9:32 AM
**To:** hermann.bauer@oneillborges.com; ubaldo.fernandez@oneillborges.com; dperez@omm.com; lmarini@mpmlawpr.com; cvelaz@mpmlawpr.com
**Cc:** Ramon Coto-Ojeda <rco@crlawpr.com>; Wanda Mossetty <wmm@crlawpr.com>; Lcdo. William Maisonet Rodriguez <bufetemaisonet@yahoo.com>; Yoshira Montes <ymontes@scvrlaw.com>
**Subject:** The Financial Oversight and Management Board for PR - Lift Stay Notice for Case NO. 13-1360 // O/File no. 608-1

Greetings:

As you know, counsel Ramón Coto-Ojeda, and I represent the interests of our client, Robert A. Díaz-Morales, in the matter of Case No. 13-1360 (ADC), *Robert Anel Diaz-Morales v. Limaris Cruz-Vélez, et al.* This action was stayed under the Commonwealth's PROMESA case.

We write to you because we still have not received a response to our May 5,2023-letter giving you notice of our client's intent to file a Motion for Relief from Stay. We wish to reach an agreement in the manner of some sort of monetary compensation for our client before having to file the Motion for Relief from Stay pursuant to the latest Amended Case Management Procedure Order in the matter of Case no. 17-03283 (LTS), In re the Financial Oversight and Management Board for Puerto Rico as representative of the Commonwealth of Puerto Rico.

Attached is the Lift Stay Notice sent on May 5, 2023, for ease of reference.

Therefore, we ask you to meet and confer with us in order to try to reach an agreement.

Please, let us know your availability.

Truly,


Angel E. Rotger Sabat, Esq.



Saldaña, Carvajal & Vélez-Rivé, PSC
166 Ave. de la Constitución
San Juan, PR  00901
Tel. (787) 289-9250
Fax. (787) 289-9253
Cel. (787) 402-5670
e-mail: arotger@scvrlaw.com
http://www.scvrlaw.com

**Please consider the environment before printing this e-mail.**

CONFIDENTIALITY NOTE:   This communication contains information belonging to Saldaña,
Carvajal  &  Vélez-Rivé, P.S.C.,  which is confidential and/or  legally privileged.  The information is
intended only for the use of the individual or entity named above. If you are not the intended recipient,
you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance
on the contents of said information is strictly prohibited.  If you have received this communication by
error, please notify us immediately.

> ### IF YOUR CLAIM IS LISTED HERE, ONE OR MORE OF THE DEBTORS
> ### ARE SEEKING TO DISALLOW YOUR CLAIM FOR THE REASON LISTED BELOW.

| NAME | CLAIM # | DATE FILED | DEBTOR | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|
| Diaz-Morales, Robert Anel | 46107 | 5/25/2018 | Commonwealth of Puerto Rico | $1,600,000.00 |
| **Treatment:** | Claim to be Disallowed | | | |
| **Reason:** | Proof of Claim fails to provide a basis for asserting a claim against the Commonwealth of Puerto Rico. Proof of Claim and supporting documentation only show liability between Claimant and individuals in their personal capacities, who are not part of the Title III proceedings. | | | |

> ### SI SU RECLAMO ESTÁ INCLUIDO AQUÍ, UNO O MÁS DE LOS DEUDORES
> ### SOLICITAN QUE SU RECLAMO SEA RECHAZADO POR LA RAZÓN INDICADA AQUÍ ABAJO.

| NOMBRE | N.º DE RECLAMACIÓN | FECHA DE PRESENTACIÓN | DEUDOR | MONTO DE LA RECLAMACIÓN ALEGADA |
|---|---|---|---|---|
| Diaz-Morales, Robert Anel | 46107 | 5/25/2018 | Commonwealth of Puerto Rico | $1,600,000.00 |
| **Tratamiento:** | Reclamo a ser desestimado | | | |
| **Base para:** | La Evidencia de Reclamo no proporciona un fundamento para presentar un reclamo contra el Estado Libre Asociado de Puerto Rico. La Evidencia de Reclamo y la documentación de respaldo solo indican una obligación entre el Demandante y particulares a título personal, que no forman parte de los procedimientos iniciados al amparo del Título III. | | | |

Copies of the Omnibus Objection and all other filings in the Title III Cases are available free online at https://cases.ra.kroll.com/puertorico/. **If you have questions, please contact Kroll Restructuring Administration LLC (formerly known as Prime Clerk LLC) at (844) 822-9231 (toll free for U.S. and Puerto Rico) or (646) 486-7944 (for international callers), available 10:00 a.m. to 7:00 p.m. (Atlantic Standard Time) (Spanish available).**

Copias de la Objeción global, y todos los escritos radicados en el marco de las causas conforme al Título III, están disponibles, de manera gratuita, en https://cases.ra.kroll.com/puertorico/. **Si tiene alguna pregunta, comuníquese con Kroll Restructuring Administracion LLC (anteriormente conocido como Prime Clerk LLC) llamando al (844) 822-9231 (número gratuito para Estados Unidos y Puerto Rico) o (646) 486-7944 (para llamadas desde el extranjero), disponible entre las 10:00 a.m. y las 07:00 p.m. (AST) (hablamos español).**

\*\*\*CUST PR 1845 SRF 71422 PackID: 5 AdrID: 3288571 SVC: Omni 578
Diaz-Morales, Robert Anel
C/O Coto & Associates
Angel E. Rotger-Sabat, Esq.
PO Box 71449
San Juan PR 00936-8549

Kroll Restructuring Administration
PO Box 5293
New York, NY 10150-9998

LEGAL NOTICE ENCLOSED. DIRECT TO ATTENTION OF ADDRESSEE OR PRESIDENT/GENERAL COUNSEL.

quadient

US POSTAGE $000.63

ZIP 38103
041M11225556

RECEIVED
JUL 31 2023
COTTO & ASSOCIATES

# EXHIBIT 4



## COTO & ASSOCIATES

August 2, 2023

*Ramón Coto-Ojeda\**

—

*\*Also admitted to the District of Columbia Bar*

*Edna Pérez-Román*
*Gabriel A. Rosa-Cruz*
*Vanellies Santiago-Rivera*

Attn:

Hermann Bauer (Hermann.Bauer@oneillborges.com)
Ubaldo M. Fernández Barrera (ubaldo.fernandez@oneillborges.com)
Diana M. Perez (dperez@omm.com)
Luis C. Marini-Biaggi (lmarini@mpmlawpr.com)
Carolina Velaz-Rivero (cvelaz@mpmlawpr.com)

> MATTER: In re: The Financial Oversight and Management Board for Puerto Rico, Case No. 17-3283 (LTS); "LIFT STAY NOTICE FOR CASE NO. 13-1360(ADC), ROBERT ANEL DÍAZ-MORALES V. LIMARIS CRUZ-VÉLEZ, ET AL."

Dear all:

On May 5, 2023, we sent a communication to your offices informing you of our intention to request the lifting of the stay imposed by the United States District Court of Puerto Rico ("USDC-PR") on the claim presented by Mr. Robert Anel Díaz-Morales ("Mr. Díaz Morales"). As you may recall, through that action, the procedural process of which is outlined in detail in our previous communication, Mr. Díaz Morales claimed against various public officials who were involved in the proceedings against him for being falsely and unjustly accused, convicted, and incarcerated for a period of 8 and a half years.

Suite 800, MCS Plaza, 255 Ponce de León Ave., San Juan, PR 00917· PO Box 71449, San Juan, PR 00936-8549 Office Tel.: (787) 756-9640· Fax (787) 756-9641
www.crlawpr.com
www.chitolaw.com

In this regard, you will also recall that initially, the USDC-PR denied the request of the defendants to stay the proceedings, because the Commonwealth was not named as a party in the lawsuit. This Court's decision was appealed to the United States Court of Appeals for the First Circuit, which affirmed the inapplicability of the stay enjoyed by the Commonwealth against its creditors under PROMESA. However, following a ruling by Judge Swain that the stay provisions of PROMESA were applicable to the Commonwealth officials, on April 13, 2022, the USDC-PR extended the automatic stay to Mr. Díaz Morales' claim.

After outlining the legal reasons for the lift of the stay applied to Mr. Díaz Morales' claim, we sincerely requested to schedule an in-person meeting with you to reach a fair resolution to the claim of a person who was harmed by an unjust and erroneous judicial decision. However, to our surprise, on July 31, 2023, we received your objection to Proof of Claim number 46107, and you based it on the following:

> *"Proof of Claim fails to provide a basis for asserting a claim against the Commonwealth of Puerto Rico. Proof of Claim and supporting documentation only show liability between Claimant and individuals in their personal capacities, who are not part of the Title III proceedings."*

Not only is the reason provided as the basis for your opposition erroneous and in bad faith, but it is also frivolous and reckless. You will recall that, at the state level, it was the Commonwealth that, under the provisions of PR Law No. 104 of 1955, the Claims and Demands against the State Act, 32 LPRA § 3077 *et seq.*, assumed the legal representation of the sued public officials and, furthermore, committed through a settlement agreement to indemnify Mr. Díaz Morales for the violations of his civil rights that arose as a result of his incarceration. At the federal level, it was the USDC-PR itself that acted based on its previous decision and extended the application of the stay to the actions of the officials sued by Mr. Díaz Morales.

Upon receiving the frivolous and reckless objection to Mr. Díaz Morales' Proof of Claim and acting in accordance with the good faith that has characterized Mr. Díaz Morales throughout the proceedings in various state and federal forums, on July 31, 2023, Counselor Gabriel A. Rosa-Cruz of Coto & Associates attempted to

Suite 800, MCS Plaza, 255 Ponce de León Ave., San Juan, PR  00917· PO Box 71449, San Juan, PR  00936-8549 Office Tel.: (787) 756-9640· Fax (787) 756-9641
www.crlawpr.com
www.chitolaw.com



Case:17-03283-LTS   Doc#:24891-2   Filed:08/15/23   Entered:08/15/23 17:36:40   Desc:
Exhibit Exhibit 1B   Page 26 of 26
Case:17-03283-LTS   Doc#:24878-4   Filed:08/14/23   Entered:08/14/23 11:05:59   Desc:
Exhibit Exhibit 4   Page 3 of 3

Page 3

reach Mr. Hermann Bauer by phone, but his secretary informed him that he was not available. Counselor Rosa-Cruz left his cell phone number, hoping that Mr. Bauer would get in touch to, at the very least, arrange an in-person meeting as soon as possible and reach a resolution. However, as of the date of this communication, neither Mr. Bauer nor his team have shown good faith or had the courtesy to respond to our various communications to resolve the issue at hand.

Finally, we remind you that this claim is not merely a collection effort by a creditor. Our client was deprived of his constitutional right to freedom and to have his innocence safeguarded beyond a reasonable doubt for eight and a half years. There is no doubt that the Commonwealth's officials, acting under color of law, violated Mr. Díaz Morales' rights, then a 21-year-old accounting major, and that our judicial system failed him in one of the worst ways imaginable. This resulted in him enduring incredible horrors during his incarceration, cutting short his youth, depriving him of enjoying the fruits of his efforts, and hindering for almost ten years his willingness to be a productive and law-abiding member of our society.

Based on the above, we request an in-person meeting on or before Friday, August 11, 2023, to reach an agreement regarding the compensation to which Mr. Díaz Morales is entitled for all the damage he has been forced to endure up to this day. Otherwise, we will proceed with our objection to your opposition of the Proof of Claim and submit our Motion to Lift Stay for the Court's consideration. Please feel free to get in touch with Counselor Rosa-Cruz via the contact information provided to Mr. Bauer's secretary or any of the addresses or phone numbers provided below.

SALDAÑA, CARVAJAL & VÉLEZ
RIVÉ, P.S.C.
166 Ave. de la Constitución
San Juan, P.R. 00961
Tel. (787) 289-9250
Fax (787) 289-9253

COTO & ASSOCIATES
P O Box 71449
San Juan, P. R 00936-8549
Tel: (787) 756-9640
Fax: (787) 756-9641

*s/ Ángel E. Rotger Sabat*
ANGEL E. ROTGER SABAT
USDC-PR No. 208601
arotger@scvrlaw.com

*s/ Ramón Coto Ojeda*
RAMON COTO-OJEDA
USDC-PR No. 202006
rco@crlawpr.com

Suite 800, MCS Plaza, 255 Ponce de León Ave., San Juan, PR 00917· PO Box 71449, San Juan, PR 00936-8549 Office Tel.: (787) 756-9640· Fax (787) 756-9641
www.crlawpr.com
www.chitolaw.com