IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, 3283-LTS<br><br>as a representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors | PROMESA<br>TITLE III<br><br>NO. 17 BK 3283-LTS<br><br>(Jointly Administered) |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR

2023 AUG 15 PM 2:38

**INFORMATIVE MOTION REGARDING EXCUSABLE NEGLECT
PURSUANT TO FED. R. BANKR. P. 9006(b)(1)**

To the Honorable United States District Court Judge Laura Taylor Swain:

**COME NOW,** 2) José A. Álvarez Galarza, 4) José Ángel Betancourt Castellano, 20) Juan Manuel Cruz Morales, 27) Domingo Fantauzzi Ramos, 31) Leonardo García Pacheco, 33) Luis A. García Serrano, 43) Nelson López Laboy, 47) Benjamín Morales Pagán, 51) Henry Orta Vázquez, 52) Arnaldo L. Ortiz Mateo, 54) Jaime Luis Osorio Cepeda, 62) Francisco Reyes Colón, 70) Roberto Rodríguez-Rodríguez, 72) Pedro Ruiz Delgado, 76) Carmelo Santiago Otero, 77) Antonio Santiago Vargas, and 88) Rainiero Vázquez Fontán1 (hereinafter, "Claimants"), through the undersigned counsel, and very respectfully set forth and pray as follows:

1. Claimants had until Monday, August 14, 2023, at 4:00 P.M. to file a response to Debtors' Five-Hundred Ninety-Second Omnibus Objection (DE No. 24760), pursuant to the Honorable Court's orders.

1

2. Despite having prepared its response in a timely manner, at the time of filing, Claimants counsel mistakenly believed that he would be able to file the response before the Honorable Court after creating a PACER account for the Bankruptcy Court and completing a brief "training." However, after satisfying both requirements, to Claimants' surprise, counsel was informed that his registration and authorization to file before this Honorable Court would be completed between 24-48 hours.

3. By the time Claimants found out about the 24–48-hour delay, it was too late to travel to the Court and file the response physically. Furthermore, well into the night of August 14, 2023, Claimants attempted to find additional counsel, with all due credentials and permissions to file, to help resolve the issue. Despite its many efforts, however, Claimants were unsuccessful in this endeavor.

4. For the reasons set forth above, Claimants respectfully move the Court to accept the late filing of the Opposition to Debtors' *Five-Hundred Ninety-Second Omnibus Objection*, filed on this very day alongside the present motion, pursuant to Fed. R. Bankr. P. 9006(b)(1), which reads as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, **the court for cause shown may at any time in its discretion** (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified period** permit the act to be done where the **failure to act was the result of excusable neglect.** (*emphasis added*)

5. Claimants respectfully contend that the **excusable neglect** being alleged complies with the non-exclusive factors set forth by case law. First, no danger of prejudice is being caused to the non-moving party, as the slightly late filing does not affect the Debtors' ability to present a timely response before the upcoming hearing scheduled for August 30, 2023, at 9:30 A.M.,

2

pursuant to the Honorable Court's orders. Second, the length of the delay is minimal, and would have no foreseeable impact on judicial proceedings or the upcoming hearing on August 30th. Third, the reason for the delay (waiting period of 24-48 hours for registration after completing the required PACER training), while somewhat attributable to Counsel's ignorance on how long it takes to gain access to the Bankruptcy Court's electronic filing system, is still not a factor that is clearly informed (as far as counsel could find) in any training module or other District Court document. Fourth, Claimants' failure to comply with the deadline was due to an honest error on its part and in no way constitutes bad faith; on the contrary, Claimants, in good faith, believed that they were perfectly on time to file their opposition, only to be surprised with a lengthy delay in their ability to file electronically. Claimants' good faith extends to the current prayer for excusable neglect, as set forth in this motion. See, *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 395, 400, (1993).

6.  Considering the foregoing, Claimants respectfully move the Honorable Court to accept its Opposition to Debtors' *Five-Hundred Ninety-Second Omnibus Objection*, jointly filed with this motion, despite the slight delay in its filing due to Claimants' excusable neglect.

**RESPECTFULLY SUBMITTED**

**I HEREBY CERTIFY** that the present motion will be electronically filed by Clerk of the Court using the CM/ECF System and that it will send notification of such filing to all parties at the time of filing.

In Guaynabo, Puerto Rico, this 15th day of August 2023.

s/ *Humberto Guzmán-Rodríguez, Esq.*
HUMBERTO GUZMÁN- RODRÍGUEZ
USDC-PR 128308
PMB 733
1353 Luis Vigoreaux Ave.
Guaynabo, PR 00966

Tel: (787) 403-2292
hguzman@grllaw.net

4