Hearing Date: October 4, 2023, at 9:30 AM (Atlantic Standard Time)
Response Deadline: September 18, 2023, at 4:00 PM (Atlantic Standard Time)

---

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

---

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                        Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, PBA, and HTA.** |

**FIVE HUNDRED NINETY-FIFTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO DEFICIENT ADR CLAIMS**

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Public Buildings Authority ("PBA"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, ERS, and PBA, the "Debtors"), by and through

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the

Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight,*

*Management, and Economic Stability Act* ("PROMESA"),[2] files this five hundred ninety-fifth

omnibus objection (the "Five Hundred Ninety-Fifth Omnibus Objection") to the proofs of claim

listed on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), because the Claims to

Be Disallowed are deficient, and the claimants associated with the Claims to Be Disallowed either

have not responded to requests from the Debtors seeking to obtain information necessary to

reconcile the Claims to Be Disallowed and/or failed to provide information sufficient to enable the

Debtors to reconcile the Claims to Be Disallowed.  In support of the Five Hundred Ninety-Fifth

Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter

jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA

Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

A.      **The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant

to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the

Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a),

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017 (the "Petition Date"), the Oversight Board issued restructuring certifications pursuant to

PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA,

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

pursuant to PROMESA section 304(a), commencing cases under Title III thereof (the "ERS Title
III Case" and the "HTA Title III Case," respectively, and collectively, the "ERS and HTA Title III
Cases"). On September 27, 2019, the Oversight Board issued a restructuring certification pursuant
to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for PBA, pursuant
to PROMESA Section 304(a), commencing a case under Title III thereof (the "PBA Title III Case,"
and together with the Commonwealth Title III Case and the ERS and HTA Title III Cases, the
"Title III Cases"). On October 9, 2019, the Court entered an order granting the joint administration
of the Title III Cases for procedural purposes only. ECF No. 8829.

4.       On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255] (the "Commonwealth Bar Date Motion"). Pursuant to the *Order
(A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form
and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Commonwealth Bar Date Order"), the
Court granted the relief requested in the Bar Date Motion and established deadlines and procedures
for filing proofs of claim in the Title III Cases. Upon the informative motion of certain creditors,
and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines
for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160]
(together with the Initial Bar Date Order, the "Commonwealth Bar Date Orders"), extending these
deadlines to June 29, 2018 at 4:00 p.m. (Atlantic Time).

5.       On February 11, 2020, PBA filed its *Motion for Order (A) Establishing Deadlines
and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof*
[ECF No. 36 in 19-BK-5523-LTS] (the "PBA Bar Date Motion"). Pursuant to the *Order (A)
Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and
Manner of Notice Thereof* [ECF No. 55 in 19-BK-5523-LTS] (the "Initial PBA Bar Date Order"),

the Court granted the relief requested in the PBA Bar Date Motion and established deadlines and procedures for filing proofs of claim in the PBA Title III Case. In light of the public health emergency created by the spread of COVID-19, the Court subsequently extended this deadline to and including July 29, 2020 at 4:00 p.m. (Atlantic Standard Time) (the "PBA Bar Date," and together with the Commonwealth Bar Date, the "Bar Dates"), by the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 13403] (together with the PBA Initial Bar Date Order, the "PBA Bar Date Orders," and together with the Commonwealth Bar Date Orders, the "Bar Date Orders").

**B.** **Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and PRIFA, CCDA, PRPFC, and PRTDF Qualifying Modifications**

6.      On November 3, 2021, on behalf of the Commonwealth, ERS, and PBA, the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

7.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

8.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

9.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

10.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

11.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

12.     On December 30, 2022, pursuant to Title VI of PROMESA, the Court approved the *Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Public Finance Corporation* (the "PRPFC QM") [Case No. 21-01493, ECF No. 78].  The PRPFC QM became effective on January 12, 2023 [Case No. 21-01493, ECF No. 80] and all PRPFC indebtedness was discharged in full.

13.     On July 18, 2023, the Puerto Rico Fiscal Agency and Financial Advisory Authority commenced a Title VI proceeding for approval of the *Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Tourism Development Fund* (the "PRTDF QM") [Case

No. 23-01373, ECF No. 1]. The Oversight Board is a co-proponent of the PRTDF QM, which modifies certain debt issued by the Puerto Rico Tourism Development Fund. The Court will hold a hearing to consider approval of the PRTDF QM during the August 30, 2023 hearing.

**C.    Confirmation of the HTA Title III Plan of Adjustment**

14.    On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1377] (the "Fifth Amended HTA Plan"). The Court considered confirmation of the Fifth Amended HTA Plan, and objections thereto, at a hearing on August 17, 2022, after which it took the proposed order to confirm the Fifth Amended HTA Plan under submission.

15.    On September 6, 2022, in response to the Court's prior order requesting certain revisions to the Fifth Amended HTA Plan, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1404] (the "HTA Plan").

16.    On October 12, 2022, the Court confirmed the HTA Plan. [Case No. 17-bk-3567, ECF No. 1415].

17.    The HTA Plan became effective on December 6, 2022. [Case No. 17-bk-3567, ECF No. 1450]. On July 12, 2023, the United States Court of Appeals for the First Circuit denied the sole appeal taken from confirmation of the HTA Plan. *See Vazquez-Velazquez v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R)*, No. 22-1829 (1st Cir. July 12, 2023).

**D.    Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

18.    To date, approximately 182,599 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total

approximately $43.75 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

19.     Of the proofs of claim filed, approximately 118,837 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,369 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS, 413 proofs of claim have been filed in relation to, or reclassified to be asserted against, PBA, and 2,305 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, failing to provide information necessary for the Debtors to determine whether the claim is valid, or asserting an incorrect or improper priority or classification.

20.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

21.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on June 13, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, to approve additional forms of notice, and to object to claims asserting an improper or incorrect priority or classification.  *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

22.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held 28 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), HTA, the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 124,966 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title III proceedings.  In addition, approximately 46,230 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-courts administrative processes.

23.     This Five Hundred Ninety-Fifth Omnibus Objection is filed in accordance with the Court's Amended Omnibus Objection Procedures.

E.        **Alternative Dispute Resolution**

24.       Pursuant to the *Order (A) Authorizing Alternative Dispute Resolution Procedures,
(B) Approving Additional Forms of Notice, and (C) Granting Related Relief* [Case No. 17-BK-
03283, ECF No. 12576] (the "ADR Order"), as amended by the *Order Granting Motion of the
Financial Oversight and Management Board for Puerto Rico to Amend Alternative Dispute
Resolution Procedures* [ECF No. 23113], the Court approved procedures (the "ADR Procedures")
that streamline the reconciliation of general unsecured claims, including unliquidated litigation
claims, by (a) providing a mechanism and timetable for the exchange of offers to compromise and
settle claims, (b) providing mediation procedures designed to promote out-of-court resolution of
claims, and (c) in the absence of a settlement or successful resolution through alternative dispute
mechanisms, permitting the parties to litigate the claims before the Title III court or, upon consent,
submit the claims either to litigation in the Commonwealth courts or to binding arbitration.

25.       To date, the Debtors have filed thirty-four notices transferring claims into the ADR
Procedures (as defined in the ADR Order), (collectively, the "ADR Notices"), and have transferred
over 2,500 claims into the ADR Procedures (the "ADR Designated Claims").  For certain of the
ADR Designated Claims, the Debtors have been unable to adequately evaluate and resolve the
claims because the claimants provided only limited information in their claim forms and/or limited
supporting documentation.   As authorized by the ADR Order, the Debtors requested from these
claimants supplemental information through Information Requests.   ADR Order ¶ 2f ("The
Commonwealth or such other Debtor, as the case may be, may also request additional information
or documentation (the "Information Request") from the Designated Claimant.  The Designated
Claimant shall provide additional documentation or information in response to such Information
Request within twenty-one (21) days following receipt of such Request.").  Pursuant to the ADR

Order, the claimants were required to respond to the Information Requests within 21 days of receipt. *Id.*

## OBJECTIONS TO PROOFS OF CLAIM

26.    The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

27.    The Five Hundred Ninety-Fifth Omnibus Objection seeks to disallow in their entirety, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto. Each of the Claims to Be Disallowed purports to assert obligations of the Debtors associated with a litigation, but otherwise fails to provide sufficient information for the Debtors to determine whether any liabilities are owed by the Debtors. For example, certain of the Claims to Be Disallowed identify a case number associated with a litigation or an administrative proceeding, but fail to explain whether the claimants associated with the Claims to Be Disallowed are parties to that litigation or administrative proceeding, or otherwise explain why the proceeding may give rise to liabilities owed to the claimants. In other instances, certain of the Claims to Be Disallowed allege that the relevant claimant is a party to a litigation, but the Claims to Be Disallowed do not provide any information necessary in order to either identify the litigation or to explain the nature or basis of the litigation or why that litigation may give rise to liabilities owed.

28.    Each of the Claims to Be Disallowed was transferred into the ADR Procedures through one of the following transfers: *Twenty-First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 20241]*, Twenty-Fourth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 21685]*, Twenty-Fifth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 21913]*, Twenty-Sixth Notice of Transfer of Claims to Alternative

*Dispute Resolution* [ECF No. 22218]*, Twenty-Eighth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 23046]*, Twenty-Ninth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 23394]*, Thirtieth Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 23787]*,* or *Thirty-First Notice of Transfer of Claims to Alternative Dispute Resolution* [ECF No. 24063].  The Debtors mailed each claimant an Information Request, as authorized by section 2 of the ADR Procedures, seeking documentation and/or information necessary to enable the Debtors to reconcile the proofs of claim.  The Information Requests explained that each Claimant "shall provide additional documentation or information … within twenty-one (21) days following receipt of such Request[.]" ADR Procedures, § 2.  The Claimants associated with the Claims to Be Disallowed either failed to respond to the Information Requests, or responded, but still failed to provide sufficient information as requested by the Debtors.

29.     Because the Claims to Be Disallowed do not provide information sufficient to enable the Debtors to ascertain the nature or basis of the Claimants' claims, and because Claimants did not respond to either the Information Requests and/or responded, but failed to provide information sufficient to enable the Debtors to ascertain the nature or basis of the Claimants' claims, neither the Debtors nor the Court are able to determine the validity of the Claims to Be Disallowed.  The Claims to Be Disallowed are, therefore, deficient and should be disallowed.

30.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Ninety-Fifth Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and the Puerto Rico Highways and Transportation Authority to Deficient ADR Claims*, dated August 18, 2023, attached hereto as **Exhibit B**.

11

## NOTICE

31.      In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Five Hundred Ninety-Fifth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Ninety-Fifth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Seventeenth Amended Case Management Procedures* [ECF No. 24726-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Ninety-Fifth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Ninety-Fifth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated:  August 18, 2023
        San Juan, Puerto Rico

Respectfully submitted,

*/s/ Ricardo Burgos Vargas*
Ricardo Burgos Vargas
USDC núm. 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel: (787) 751-6764
Fax: (787) 763-8260

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial
Oversight and Management Board for
Puerto Rico, as representative of the
Commonwealth, ERS, and HTA*

**Fecha de la vista: 4 de octubre de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 18 de septiembre de 2023 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>    como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>                           Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17-BK-3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la AEP y la ACT.** |

**QUINGENTÉSIMA NONAGÉSIMA QUINTA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES DEFICIENTES DE ADR**

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, el SRE y la AEP, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta quingentésima nonagésima quinta objeción global (la "Quingentésima nonagésima quinta objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas") porque las Reclamaciones que han de ser rechazadas son deficientes, y los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no han respondido a las solicitudes de los Deudores que buscaban obtener la información necesaria para reconciliar las Reclamaciones que han de ser rechazadas y/o no han proporcionado suficiente información para que los Deudores puedan reconciliar las Reclamaciones que han de ser rechazadas. En apoyo de la Quingentésima nonagésima quinta objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

## ANTECEDENTES

**A.    Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió certificaciones de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE y la ACT, conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III del referido cuerpo legal (el "Caso de Título III del SRE" y el "Caso de Título III de la ACT", respectivamente, y conjuntamente, los "Casos de Título III del SRE y de la ACT"). El 27 de septiembre de 2019, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para la AEP conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III de la AEP", y junto con el Caso de Título III del ELA y el Caso de Título III del SRE, los "Casos de Título III"). El 9 de octubre de 2019, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 8829.

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite del ELA"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite del ELA"), el Tribunal concedió el remedio solicitado en la Moción

3

de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite del ELA"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST).

5.     El 11 de febrero de 2020, la AEP radicó su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 36 en 19-BK-5523-LTS] (la "Moción de Fecha Límite de la AEP"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 55 en 19-BK-5523-LTS] (la "Orden Inicial de Fecha Límite de la AEP"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite de la AEP y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco del Caso de Título III de la AEP. En vista de la emergencia de salud pública causada por la propagación del COVID-19, el Tribunal extendió posteriormente esta fecha límite hasta el 29 de julio de 2020 (inclusive) a las 4:00 p.m. (AST) (la "Fecha Límite de la AEP", y junto con la Fecha Límite del ELA, las "Fechas Límite"), mediante la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 13403] (junto con la Orden Inicial de Fecha Límite de la AEP, las "Órdenes de Fecha Límite de la AEP", y junto con las Órdenes de Fecha Límite del ELA, las "Órdenes de Fecha Límite").

**B.** **Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI, ADCC, CFP, y FDTPR**

6.      El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA, del SRE y de la AEP), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

7.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado y Modificado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

8.      El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

9.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto*

*Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

10.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

11.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

12.     El 30 de diciembre de 2022, conforme al Titulo VI de PROMESA, el Tribunal aprobó la *Modificación Calificada de la Corporación Para el Financiamiento Público de Puerto Rico* (la "MC de la CFP") [Caso Número 21-01493, ECF Número 78]. La MC de la CFP advino efectiva el 12 de enero de 2023 [Caso Número 21-01493, ECF Número 80] y toda la deuda de la PRPFC fue descargada en su totalidad.

13.     El 18 de julio de 2023, la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico comenzó un procedimiento para la aprobación de la *Modificación Calificada Conforme al Título VI de PROMESA del Fondo para el Desarrollo del Turismo de Puerto Rico* (la "MC de FDTPR") [Caso Número 23-01373, ECF Número 1]. La Junta de Control Fiscal es co-proponente de la MC de FDTPR, la cual modifica cierta deuda emitida por el Fondo para el

Desarrollo del Turismo de Puerto Rico. El Tribunal llevará a cabo una vista para considera la
aprobación de la MC de FDTPR durante la vista del 30 de agosto de 2023.

**C.      Confirmación del Plan de Ajuste de la ACT elaborado conforme al Título III**

14.      El 13 de agosto de 2022, la Junta de Supervisión radicó el *Quinto plan enmendado
de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico elaborado conforme al
Título III* [Caso Número 17-BK-3567, ECF Número 1377] (el "Quinto Plan Enmendado de la
ACT"). El Tribunal tuvo en consideración la confirmación del Quinto Plan Enmendado de la ACT,
así como las objeciones al mismo, en una vista celebrada el 17 de agosto de 2022, tras lo cual la
orden propuesta para confirmar el Quinto Plan Enmendado de la ACT quedó pendiente de
resolución.

15.      El 6 de septiembre de 2022, en respuesta a la orden anterior del Tribunal en la que
se solicitaban determinadas revisiones del Quinto Plan Enmendado de la ACT, la Junta de
Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y
Transportación de Puerto Rico modificado elaborado conforme al Título III* [Caso Número 17-
BK-3567, ECF Número 1404] (el "Plan de la ACT").

16.      El 12 de octubre de 2022, el Tribunal confirmó el Plan de la ACT. [Caso Número
17-BK-3567, ECF Número 1415].

17.      El Plan de la ACT entra en vigor el 6 de diciembre de 2022. [Caso Número 17-BK-
3567, ECF Número 1450]. El 12 de julio de 2023, el Tribunal de Apelaciones de los Estados
Unidos para el Primer Circuito rechazó el único recurso de apelación a la confirmación del Plan
de la ACT. *Véase Vázquez-Velázquez c. la Junta de Supervisión y Administración Financiera para
Puerto Rico (In re: Junta de Supervisión y Administración Financiera para Puerto Rico)*, Número
22-1829 (1st Cir. 12 de julio de 2023).

D.     **Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

18.     Hasta la fecha, se han radicado aproximadamente 182,599 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43,75 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

19.     De las evidencias de reclamaciones radicadas, aproximadamente 118,837 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,369 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE, 413 evidencias de reclamaciones han sido radicadas en relación con la AEP, o reclasificadas como radicadas contra la AEP, y 2,305 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no tenían que haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones, no aportar información necesaria para que los Deudores determinen si la reclamación es válida o alegar una prioridad o clasificación incorrecta o indebida.

20.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de

Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

21.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 13 de junio de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción, aprobar formas de notificación adicionales y objetar a las reclamaciones que afirmen una prioridad o clasificación indebida o incorrecta. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

22.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha 28 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la ACT, la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, más de 124,966 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III. Además, aproximadamente 46,230 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores aplicados por los tribunales.

23.     Esta Quingentésima nonagésima quinta objeción global se radica de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales del Tribunal.

**E.     Resolución Alternativa de Controversias**

24.     Conforme a la *Orden que A) autoriza procedimientos alternativos de resolución de controversias, B) aprueba formas de notificación adicionales y C) concede el remedio relacionado* [Caso Número 17-BK-03283, ECF Número 12576] (la "Orden de ADR"), en su versión enmendada por la *Orden por la que se concede la Moción de la Junta de Supervisión y Administración Financiera para Puerto Rico para enmendar los procedimientos alternativos de resolución de controversias* [ECF Número 23113], el Tribunal ha aprobado procedimientos (los "Procedimientos de ADR") que introducen mejoras en el proceso de reconciliación de las reclamaciones generales no garantizadas, incluidas reclamaciones de litigios no liquidadas, al a) proporcionar un mecanismo y calendario para el intercambio de ofertas de llegar a un acuerdo y

conciliar Reclamaciones, b) ofrecer procedimientos de mediación concebidos para fomentar la resolución extrajudicial de las reclamaciones y c) en ausencia de una conciliación o resolución exitosa a través de mecanismos alternativos de resolución de controversias, permitir que las partes sometan las reclamaciones a litigio ante el Tribunal de Título III o, previo consentimiento, sometan las reclamaciones a litigio ante los tribunales del ELA o a un arbitraje vinculante.

25.     Hasta la fecha, los Deudores han radicado 34 notificaciones que transfieren reclamaciones a Procedimientos de ADR (según se define en la Orden de ADR) (conjuntamente, las "Notificaciones de ADR"), y han transferido más de 2,500 reclamaciones a Procedimientos de ADR (las "Reclamaciones Designadas para la ADR"). En el caso de determinadas Reclamaciones Designadas para la ADR, los Deudores no ha podido evaluar adecuadamente y resolver las reclamaciones porque los reclamantes solo proporcionaron información limitada en sus formularios de reclamación y/o aportaron documentación justificativa limitada. En virtud de la autorización de la Orden de ADR, los Deudores solicitaron a dichos reclamantes información complementaria mediante Solicitudes de Información. Orden de ADR ¶ 2f ("El ELA u otro Deudor, según sea el caso, también podrá solicitar información o documentación adicionales (la 'Solicitud de Información') del Reclamante Designado. Este último proporcionará documentación o información adicionales en respuesta a dicha Solicitud de Información en un plazo de veintiún (21) días desde la recepción de tal Solicitud de Información"). Conforme a la Orden de ADR, los reclamantes tenían la obligación de responder a las Solicitudes de Información en un plazo de 21 días desde su recepción. *Id.*

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

26.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

27.    La Quingentésima nonagésima quinta objeción global pretende que se rechace, de conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser rechazadas que figuran en el **Anexo A** del presente documento. Cada una de las Reclamaciones que han de ser rechazadas pretende alegar obligaciones de los Deudores vinculadas con un litigio, pero no proporciona información suficiente para que los Deudores determinen si adeudan alguna responsabilidad. Por ejemplo, algunas de las Reclamaciones que han de ser rechazadas identifican un número de caso vinculado con un litigio o un procedimiento administrativo, pero no explican si los reclamantes vinculados con las Reclamaciones que han de ser rechazadas son partes en dicho litigio o procedimiento administrativo y tampoco explican por qué el procedimiento podría dar lugar a responsabilidades adeudadas a los reclamantes. En otras instancias, algunas de las Reclamaciones que han de ser rechazadas alegan que el reclamante pertinente es parte en un litigio, pero las Reclamaciones que han de ser rechazadas no proporcionan ninguna información necesaria para identificar el litigio o explicar la naturaleza o fundamento del litigio, y tampoco explican por qué dicho litigio podría dar lugar a responsabilidades adeudadas.

28.    Cada una de las Reclamaciones que han de ser rechazadas ha sido transferida a los Procedimientos Alternativos de Resolución de Controversias ("ADR", por sus siglas en inglés) mediante una de las siguientes transferencias: *la Vigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 20241], *la Vigésima cuarta notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 21685], *la Vigésima quinta notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 21913], *la Vigésima sexta notificación de*

*transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 22218], *la Vigésima octava notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 23046], *la Vigésima novena notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 23394], *la Trigésima notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 23787], o *la Trigésima primera notificación de transferencia de reclamaciones a la resolución alternativa de controversias* [ECF Número 24063]. Los Deudores enviaron a cada reclamante por correo postal una Solicitud de Información, conforme a lo autorizado por la sección 2 de los Procedimientos de ADR, en la que solicitaban documentación y/o información necesarias para que los Deudores pudieran reconciliar las evidencias de reclamaciones. Las Solicitudes de Información explicaban que cada Reclamante "proporcionará documentación o información adicionales ... dentro de veintiún (21) días desde la recepción de tal Solicitud[.]"...Procedimientos de ADR, § 2. Los Reclamantes vinculados con las Reclamaciones que han de ser rechazadas o bien no han respondido a las Solicitudes de información, o bien respondieron pero aun así no brindaron suficiente información solicitada por los Deudores.

29.     Puesto que las Reclamaciones que han de ser rechazadas no proporcionan suficiente información para que los Deudores comprendan la naturaleza o el fundamento de las reclamaciones de los Reclamantes, y como los Reclamantes no han respondido a las Solicitudes de Información y/o respondieron pero no brindaron suficiente información para que los Deudores puedan comprender la naturaleza o los fundamentos de las reclamaciones de los Reclamantes, ni los Deudores ni el Tribunal pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de ser rechazadas son deficientes y deben rechazarse.

30.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Quingentésima nonagésima quinta objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Edificios Públicos de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones Deficientes de ADR*, de fecha 18 de agosto de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

31.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Quingentésima nonagésima quinta objeción global a) a los acreedores individuales objeto de esta Quingentésima nonagésima quinta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 17* [ECF Número 24726-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima nonagésima quinta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima nonagésima quinta objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la orden propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 18 de agosto de 2023
San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Ricardo Burgos Vargas
USDC Número 218210
**A&S LEGAL STUDIO, PSC**
434 Ave. Hostos
San Juan, PR 00918
Tel.: (787) 751-6764
Fax: (787) 763-8260

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.:  (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del ELA, del SRE y de la ACT.*

15