**EXHIBIT B**
**Declaration of Jay Herriman**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>   as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                                Debtors.[1] | PROMESA<br>Title III<br>No. 17 BK 3283-LTS<br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, PBA, and HTA.** |

**DECLARATION OF JAY HERRIMAN IN SUPPORT OF THE FIVE HUNDRED NINETY-NINTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO CLAIMS FOR WHICH THE DEBTORS ARE NOT LIABLE**

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

1

A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, employees of various agencies within the government of the Commonwealth of Puerto Rico (the "Commonwealth"), as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS"), the Puerto Rico Public Buildings Authority ("PBA"), and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, ERS, and PBA, the "Debtors").

3. I submit this declaration in support of the *Five Hundred Ninety-Ninth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, the Puerto Rico Public Buildings Authority, and the Puerto Rico Highways and Transportation Authority to Claims for which the Debtors are Not Liable* (the "Five Hundred Ninety-Ninth Omnibus Objection").[3] I have personally reviewed the Five Hundred Ninety-Ninth Omnibus Objection and exhibits thereto and am, accordingly, familiar with the information contained therein.

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Five Hundred Ninety-Ninth Omnibus Objection.

2

4. In preparation for filing the Five Hundred Ninety-Ninth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Five Hundred Ninety-Ninth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel, or were reviewed and analyzed by personnel of other agents retained by the Oversight Board. These efforts resulted in the identification of the claims to be disallowed, as identified in **Exhibit A** to the Five Hundred Ninety-Ninth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on Exhibit A to the Five Hundred Ninety-Ninth Omnibus Objection in the column titled "Claims to Be Disallowed" (each a "Claim to Be Disallowed," collectively, the "Claims to Be Disallowed") purport to assert liabilities against the Commonwealth, ERS, PBA, or HTA, but upon a reasonable review of the proofs of claim and the Debtors' books and records, no liabilities are owed to the associated claimants.

6. For example, several of the Claims to Be Disallowed (*e.g.*, Proofs of Claim Nos. 110892, 112015, and 117452, among others) purport to assert liability on the basis of litigations in which claimants assert a right to allegedly unpaid salary increases. The Debtors' books and records, however, demonstrate that the salary increases asserted in the underlying litigation have already been paid to the claimants, and there is no further basis for liability.

7. Several other Claims to Be Disallowed (*e.g.*, Proofs of Claim Nos. 101246, 6006, and 5846, among others) purport to assert liability on the basis of litigations that have been dismissed or withdrawn. Other Claims to Be Disallowed (*e.g.*, Proofs of Claim Nos. 19092 and 334, among others) assert liabilities associated with pending litigations, but based upon either the case documents filed with the proofs of claim or other case documents obtained by the Debtors, the claimants do not appear to be parties to the pending litigations. Another Claim to Be

Disallowed (Proof of Claim No. 21830) purports to assert liabilities associated with an asset seizure, but the books and records of the Commonwealth demonstrate that the seized property has been returned, and there is therefore no other basis for liability. Another Claim to Be Disallowed (Proof of Claim No. 67458) asserts liabilities that are in the nature of precautionary reservations of rights instead of existing tax refund liabilities; as a result, there is no current basis for liability. Still other Claims to Be Disallowed assert liabilities for which the Debtors are not liable because the liabilities associated with the underlying litigation have already been paid (*e.g.*, Proof of Claim No. 34932), or because the asserted attorneys' fees owed in connection with a litigation are owed by a different party (*e.g.*, Proof of Claim No. 54615).

8. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Five Hundred Ninety-Ninth Omnibus Objection and exhibits thereto is true and correct, and the relief requested therein is in the best interests of the Debtors and their creditors.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 18, 2023

By: /s/ Jay Herriman
     Jay Herriman

**<u>ANEXO B</u>**
**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*,<br><br>Deudores.[1] | PROMESA<br>Título III<br>Número: 17 BK 3283-LTS<br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA, el SRE, la AEP y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA QUINGENTÉSIMA NONAGÉSIMA NOVENA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES POR LAS QUE LOS DEUDORES NO SON RESPONSABLES**

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, empleados de varias agencias que forman parte del gobierno del Estado Libre Asociado de Puerto Rico (el "ELA"), así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del ELA, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, el SRE y la AEP, los "Deudores").

3. Realizo esta declaración en apoyo de la *Quingentésima nonagésima novena objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de*

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

2

*los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico, de la Autoridad de Edificios Públicos de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones por las que los Deudores no son Responsables* (la "Quingentésima nonagésima novena objeción global"). [3] He revisado personalmente la Quingentésima nonagésima novena objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

4. Durante el proceso de preparación para radicar la Quingentésima nonagésima novena objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Quingentésima nonagésima novena objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente, o fue examinada y analizada por el personal de otros agentes contratados por la Junta de Supervisión. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas, según se identifica en el **Anexo A** de la Quingentésima nonagésima novena objeción global.

5. A mi leal saber y entender, las reclamaciones que aparecen en el Anexo A de la Quingentésima nonagésima novena objeción global en la columna titulada "Reclamaciones que han de ser rechazadas" (cada una denominada una "Reclamación que ha de ser rechazada" y conjuntamente, las "Reclamaciones que han de ser rechazadas") pretenden alegar responsabilidades contra el ELA, el SRE, la AEP y la ACT, pero sobre la base de un examen razonable de las evidencias de reclamaciones y los libros y registros de los Deudores, no consta que se adeuden responsabilidades a los reclamantes relacionados.

---

[3] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Quingentésima nonagésima novena objeción global.

3

6. Por ejemplo, varias Reclamaciones que han de ser rechazadas (por ejemplo, Evidencias de reclamaciones núms. 110892, 112015 y 117452, entre otras) pretenden alegar responsabilidad sobre la base de unos litigios en los que los reclamantes alegan un derecho a unos incrementos salariales supuestamente no pagados. Sin embargo, los libros y registros de los Deudores demuestran que los incrementos salariales alegados en el litigio subyacente ya han sido pagados a los reclamantes, por lo que ya no existe ningún fundamento para la responsabilidad alegada.

7. Varias otras Reclamaciones que han de ser rechazadas (por ejemplo, Evidencias de reclamaciones núms. 101246, 6006 y 5846, entre otras) pretenden alegar responsabilidad sobre la base de unos litigios que ya han sido rechazados o retirados. Otras Reclamaciones que han de ser rechazadas (por ejemplo, Evidencias de reclamaciones núms. 19092 y 334, entre otras) alegan responsabilidades vinculadas con unos litigios pendientes de resolución, pero sobre la base de los documentos de los casos radicados con las evidencias de reclamaciones u otros documentos de los casos obtenidos por los Deudores, no parece que los reclamantes sean partes en los litigios pendientes de resolución. Otra Reclamación que ha de ser rechazada (Evidencia de reclamación Número 21830) pretende alegar responsabilidades vinculadas con una incautación de activos, pero los libros y registros del ELA demuestran que los bienes incautados han sido devueltos, por lo que ya no existe ningún fundamento para la responsabilidad alegada. Otra Reclamo que ha de ser rechazada alega responsabilidades que tengan el carácter de reservas cautelares de derechos en lugar de obligaciones de devolución de impuestos existentes; como resultado, no existe una base actual para la responsabilidad. Por último, otras Reclamaciones que han de ser rechazadas alegan responsabilidades que no corresponden a los Deudores porque las responsabilidades vinculadas con el litigio subyacente ya han sido pagadas (por ejemplo, Evidencia de reclamación Número

4

34932), o porque los honorarios de abogados alegados, adeudados en relación con un litigio los adeuda una parte diferente (por ejemplo, Evidencia de reclamación Número 54615).

8. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Quingentésima nonagésima novena objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés de los Deudores y de sus acreedores.

9. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 18 de agosto de 2023

Por: *[Firma en la versión en inglés]*
Jay Herriman

5