Hearing Date:  October 4, 2023 at 9:30AM (Atlantic Standard Time)
Response Deadline:  September 18, 2023 at 4:00PM (Atlantic Standard Time)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                             Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth, ERS, and HTA.** |

## FIVE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO, THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO, AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO UNRESPONSIVE ACR CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

    The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Highways and Transportation Authority ("HTA," and together with the Commonwealth and ERS, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as sole Title III representative of the Debtors pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this five hundred ninety-fourth omnibus objection (the "Five Hundred Ninety-Fourth Omnibus Objection") to the proofs of claim listed on **Exhibit A** hereto (collectively, the "Claims to Be Disallowed"), because the claimants associated with the Claims to Be Disallowed have not responded to requests, issued by the Debtors in accordance with the ACR Order (defined below), seeking to obtain information necessary to resolve the Claims to Be Disallowed. Because of such noncompliance, the Debtor is unable to determine the validity of the Claims to Be Disallowed. In support of the Five Hundred Ninety-Fourth Omnibus Objection, the Debtors respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

### A. The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth of Puerto Rico (the "Commonwealth") pursuant to PROMESA Section 304(a),

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21,

2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to

PROMESA Sections 104(j) and 206 and filed voluntary petitions for relief for ERS and HTA,

pursuant to PROMESA Section 304(a), commencing cases under Title III thereof (the "ERS and

HTA Title III Cases," and together with the Commonwealth Title III Case, the "Title III Cases").

On September 21, 2017, the Court entered an order granting the joint administration of the Title

III Cases for procedural purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing
Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of
Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines
and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice
Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in
the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the
Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors,
the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and
(B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar
Date Order, the "Initial Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm
(Atlantic Time) (the "Initial Bar Date").

**B. Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment
and the PRIFA, CCDA, PRPFC, and PRTDF Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico

Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No.
17 BK 3283-LTS.

*III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053]. The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No. 19784].

7.     On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.     On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.     The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry*

*of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the*
*Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of*
*the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See*
Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

11.     On December 30, 2022, pursuant to Title VI of PROMESA, the Court approved the
*Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Public Finance*
*Corporation* (the "PRPFC QM") [Case No. 21-01493, ECF No. 78].  The PRPFC QM became
effective on January 12, 2023 [Case No. 21-01493, ECF No. 80] and all PRPFC indebtedness was
discharged in full.

12.     On July 18, 2023, the Puerto Rico Fiscal Agency and Financial Advisory Authority
commenced a Title VI proceeding for approval of the *Qualifying Modification Pursuant to*
*PROMESA Title VI for the Puerto Rico Tourism Development Fund* (the "PRTDF QM") [Case
No. 23-01373, ECF No. 1].  The Oversight Board is a co-proponent of the PRTDF QM, which
modifies certain debt issued by the Puerto Rico Tourism Development Fund.  The Court will hold
a hearing to consider approval of the PRTDF QM during the August 30, 2023 hearing.

**C.     Confirmation of the HTA Title III Plan of Adjustment**

13.     On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of*
*Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567,
ECF No. 1377] (the "Fifth Amended HTA Plan").  The Court considered confirmation of the Fifth
Amended HTA Plan, and objections thereto, at a hearing on August 17, 2022, after which it took
the proposed order to confirm the Fifth Amended HTA Plan under submission.

5

14.     On September 6, 2022, in response to the Court's prior order requesting certain revisions to the Fifth Amended HTA Plan, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1404] (the "HTA Plan").

15.     On October 12, 2022, the Court confirmed the HTA Plan.  [Case No. 17-bk-3567, ECF No. 1415].

16.     The HTA Plan became effective on December 6, 2022.  [Case No. 17-bk-3567, ECF No. 1450].  On July 12, 2023, the United States Court of Appeals for the First Circuit denied the sole appeal taken from confirmation of the HTA Plan.  *See Vazquez-Velazquez v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R)*, No. 22-1829 (1st Cir. July 12, 2023).

**D.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

17.     To date, approximately 182,599 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.75 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

18.     Of the proofs of claim filed, approximately 118,837 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,369 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  Additionally, approximately 2,305 proofs of claim have been filed in relation to, or reclassified to be asserted against, HTA.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of

claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

19.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

20.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice,*

*and (D) Granting Related Relief* [ECF No. 7440] (the "<u>Amended Omnibus Objection</u>
<u>Procedures</u>").

21.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus
Objection Procedures, to date the Court has held over 28 hearings related to over 500 omnibus
objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation
("<u>COFINA</u>"), the Puerto Rico Electric Power Authority ("<u>PREPA</u>"), PBA, HTA, and/or
ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain
claims pursuant to the Plan, approximately 124,966 claims asserting $43.6 trillion in liability
against the Commonwealth, COFINA, PREPA, PBA, HTA, and ERS have been disallowed and
will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

22.     This Five Hundred Ninety-Fourth Omnibus Objection is filed in accordance with
the Court's Omnibus Objection Procedures.

**E.     Administrative Claims Reconciliation**

23.     Pursuant to the *Order (A) Authorizing Administrative Resolution of Claims,
(B) Approving Additional Form of Notice, and (C) Granting Related Relief* [Case No. 17-BK-
03283, ECF No. 12274] (the "<u>ACR Order</u>") the Court approved procedures (the "<u>ACR</u>
<u>Procedures</u>") authorizing the Debtors to use their existing administrative reconciliation process
(the "<u>Administrative Claims Reconciliation</u>") for certain types of claims that have historically been
adjudicated under the auspices of Commonwealth agencies.  See ACR Order, Ex. 1.  These claims
include Pension/Retiree Claims, Tax Refund Claims, Public Employee Claims, and Grievance
Claims (each as defined in the ACR Order).

24.     To date, the Debtors have filed thirty-three notices transferring claims into
Administrative Claims Reconciliation, and have transferred approximately 46,230 claims
(collectively, the "<u>ACR Designated Claims</u>"), into Administrative Claims Reconciliation.  As of

8

August 2023, the Debtors have reported the successful resolution of approximately 24,684 ACR Designated Claims.

25.     For certain of the ACR Designated Claims, the Debtors have been unable to adequately evaluate and resolve the claims because the claimants provided only limited information in their claim forms and/or limited supporting documentation.  As authorized by the ACR Order, the Debtors requested from these claimants supplemental information.  *See* ACR Procedures ¶ 5 (requiring the Debtor to inform the Title III court of the status of claims transferred into ACR every 60 days, and specifying that such status notice shall include "[w]hether the agency responsible for processing the ACR Designated Claim has a complete administrative file for the Claim, including any follow up documentation requested from claimants").

26.     The information requested by the Debtors depended on the claim type.  For Public Employee Claims and Grievance Claims, the Debtors requested: "(1) telephone number where you can be contacted; (2) employee number; (3) social security number; (4) if your claim is/has been subject of an administrative or judicial process, provide the case file number; and (5) any document that supports your Claim."  For Tax Claims, the Debtors requested: "(1) full name; (2) telephone number where you can be contacted; (3) tax year for which you claimed a tax refund or tax credit in the Claim; (4) if a tax refund or tax credit is claimed for more than one tax year, please specify the amount claimed per tax year; (5) social security number or EIN number, as applicable; (6) if your Claim is or has been subject to an administrative or judicial process (not related to the Title III case), provide the case number; and (7) provide a duly stamped copy of the tax returns directly related to the tax refund or tax credit claimed in the Proof of Claim."

## OBJECTION TO PROOFS OF CLAIM

27.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy

Procedure 3007(d)(1)-(7), in addition to other substantive bases set forth in the Amended Omnibus Objection Procedures.

28.    The Five Hundred Ninety-Fourth Omnibus Objection seeks to disallow in their entirety, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(6) and the Amended Omnibus Objection Procedures, the Claims to Be Disallowed, as listed on **Exhibit A** hereto.  Each of the Claims to Be Disallowed was transferred into Administrative Claims Reconciliation pursuant to the ACR Order, and is associated with an incomplete administrative file, which has been the subject of repeated unanswered mailings made by the Debtors to the claimants affiliated with the Claims to Be Disallowed (collectively, the "Claimants").

29.    More specifically, as set forth in the *Declaration of Jay Herriman in Support of the Five Hundred Ninety-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Unresponsive ACR Claims*, attached hereto as Exhibit B, each Claimant received at least two mailings: (a) an initial mailing[4] requesting information necessary to complete the Claimants' administrative files, and (b) a final mailing reiterating the Debtors' request for information and informing the Claimants that "[f]ailure to respond . . . will result in your claim being removed from ACR for failure to respond and objected to, which may result in your claim being expunged."  The final mailing informed the Claimants to respond within twenty (20) or thirty (30) days.  None of the Claimants responded to any of the Debtors' outreach attempts.

---

[4] Some Claimants were mailed an initial mailing more than once before they were mailed a final mailing.

30.     Because the Claimants failed to respond, their administrative files remain incomplete, and the Debtors cannot process their claims in accordance with the ACR Procedures. As a result, the Debtors cannot determine the validity of the Claims to Be Disallowed. Accordingly, the Claims to Be Disallowed should be disallowed in their entirety.

31.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Five Hundred Ninety-Fourth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority to Unresponsive ACR Claims*, dated August 18, 2023, attached hereto as **Exhibit B**.

## NOTICE

32.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtors are providing notice of this Five Hundred Ninety-Fourth Omnibus Objection to (a) the individual creditors subject to this Five Hundred Ninety-Fourth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Seventeenth Amended Case Management Procedures* [ECF No. 24726-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  The notice for this Five Hundred Ninety-Fourth Omnibus Objection is attached hereto as **Exhibit C**.  Spanish translations of the Five Hundred Ninety-Fourth Omnibus Objection and all of the exhibits attached hereto are being filed and served with this objection.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

33.     This Five Hundred Ninety-Fourth Omnibus Objection is limited to the grounds stated herein.  Accordingly, it is without prejudice to the Debtors' rights to object to the Claims to Be Disallowed or any other claims on any ground whatsoever.  The Debtors expressly reserve all

further substantive or procedural objections.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver of the Debtors' rights under PROMESA, the Bankruptcy Code or any other applicable law.

## **NO PRIOR REQUEST**

34.     No prior request for the relief sought in this Five Hundred Ninety-Fourth Omnibus Objection has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 18, 2023
       San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico, the Employees Retirement System for the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Highways and Transportation Authority*

**Fecha de la vista: 4 de octubre de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 18 de septiembre de 2023 a las 4:00 p.m. (AST)**

---

**REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

---

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
### PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | |
| | Número: 17 BK 3283-LTS |
| como representante del | |
| | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, | |
| | **La presente radicación guarda relación con el ELA, el SRE y la ACT.** |
| Deudores.[1] | |

---

### QUINGENTÉSIMA NONAGÉSIMA CUARTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES SIN RESPUESTA DE RAR

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

El Estado Libre Asociado de Puerto Rico (el "ELA"), el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA y el SRE, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radican esta quingentésima nonagésima cuarta objeción global (la "Quingentésima nonagésima cuarta objeción global") a las evidencias de reclamaciones que aparecen en el **Anexo A** del presente documento (conjuntamente, las "Reclamaciones que han de ser rechazadas"), porque los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no han respondido a las solicitudes, enviadas por los Deudores conforme a la Orden de RAR (que se define abajo), en las que se buscaba obtener información necesaria para resolver las Reclamaciones que han de ser rechazadas.  Debido a dicho incumplimiento, los Deudores no pueden determinar la validez de las Reclamaciones que han de ser rechazadas. En apoyo de la Quingentésima nonagésima cuarta objeción global, los Deudores manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.       El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.       La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101 a 2241.

## ANTECEDENTES

### A.  Órdenes de Fecha Límite

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el Estado Libre Asociado de Puerto Rico (el "ELA") conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE y la ACT conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III de dicho cuerpo legal (los "Casos de Título III del SRE y de la ACT", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 21 de septiembre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes Iniciales de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST) (la "Fecha Límite Inicial").

**B.  Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI, ADCC, CFP, y FDTPR**

5.      El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

4

7.     El 18 de enero de 2022, el Tribunal confirmó el Plan. *Véase la Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

11.    El 30 de diciembre de 2022, conforme al Titulo VI de PROMESA, el Tribunal aprobó la *Modificación Calificada de la Corporación Para el Financiamiento Público de Puerto Rico* (la "MC de la CFP") [Caso Número 21-01493, ECF Número 78]. La MC de la CFP advino

efectiva el 12 de enero de 2023 [Caso Número 21-01493, ECF Número 80] y toda la deuda de la PRPFC fue descargada en su totalidad.

12.    El 18 de julio de 2023, la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico comenzó un procedimiento para la aprobación de la *Modificación Calificada Conforme al Título VI de PROMESA del Fondo para el Desarrollo del Turismo de Puerto Rico* (la "MC de FDTPR") [Caso Número 23-01373, ECF Número 1]. La Junta de Control Fiscal es co-proponente de la MC de FDTPR, la cual modifica cierta deuda emitida por el Fondo para el Desarrollo del Turismo de Puerto Rico. El Tribunal llevará a cabo una vista para considera la aprobación de la MC de FDTPR durante la vista del 30 de agosto de 2023.

**C.    Confirmación del Plan de Ajuste de la ACT elaborado conforme al Título III**

13.    El 13 de agosto de 2022, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1377] (el "Quinto Plan Enmendado de la ACT"). El Tribunal tuvo en consideración la confirmación del Quinto Plan Enmendado de la ACT, así como las objeciones al mismo, en una vista celebrada el 17 de agosto de 2022, tras lo cual la orden propuesta para confirmar el Quinto Plan Enmendado de la ACT quedó pendiente de resolución.

14.    El 6 de septiembre de 2022, en respuesta a la orden anterior del Tribunal en la que se solicitaban determinadas revisiones del Quinto Plan Enmendado de la ACT, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico modificado elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1404] (el "Plan de la ACT").

15.    El 12 de octubre de 2022, el Tribunal confirmó el Plan de la ACT. [Caso Número 17-BK-3567, ECF Número 1415].

16.     El Plan de la ACT entra en vigor el 6 de diciembre de 2022. [Caso Número 17-BK-3567, ECF Número 1450]. El 12 de julio de 2023, el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito rechazó el único recurso de apelación a la confirmación del Plan de la ACT. *Véase Vázquez-Velázquez c. la Junta de Supervisión y Administración Financiera para Puerto Rico (In re: Junta de Supervisión y Administración Financiera para Puerto Rico)*, Número 22-1829 (1st Cir. 12 de julio de 2023).

**D.     Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

17.     Hasta la fecha, se han radicado aproximadamente 182,599 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.75 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

18.     De las evidencias de reclamaciones radicadas, aproximadamente 118,837 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,369 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. Además, aproximadamente 2,305 evidencias de reclamaciones han sido radicadas en relación con la ACT, o reclasificadas como radicadas contra la ACT. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

19.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

20.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado*

[ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

21.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas vinculadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP, la ACT y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 124,966 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la AEE, la AEP, la ACT y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

22.     Esta Quingentésima nonagésima cuarta objeción global se radica de conformidad con los Procedimientos relativos a Objeciones Globales del Tribunal.

**E.     Reconciliación Administrativa de Reclamaciones**

23.     Conforme a la *Orden que A) autoriza la resolución administrativa de reclamaciones, B) aprueba la forma de notificación adicional y C) concede el remedio relacionado* [Caso Número 17-BK-03283, ECF Número 12274] (la "Orden de RAR"), el Tribunal aprobó los procedimientos (los "Procedimientos de RAR") que autorizan a los Deudores a hacer uso de su propio proceso administrativo de reconciliación existente (la "Reconciliación Administrativa de Reclamaciones") en el caso de determinados tipos de reclamaciones que

9

históricamente se han adjudicado bajo los auspicios de las agencias del ELA. *Véase* la Orden de RAR, Ex. 1. Dichas reclamaciones incluyen Reclamaciones por Pensiones/de los Retirados, Reclamaciones por Devolución de Impuestos, Reclamaciones de Empleados Públicos y Reclamaciones por Agravio (según se definen en la Orden de RAR).

24.     Hasta la fecha, los Deudores han radicado 33 notificaciones por las que se han transferido reclamaciones a la Reconciliación Administrativa de Reclamaciones, y han transferido aproximadamente 46,230 reclamaciones (conjuntamente, las "Reclamaciones Designadas para la RAR") a la Reconciliación Administrativa de Reclamaciones. En agosto de 2023, los Deudores notificaron la resolución exitosa de aproximadamente 24,684 Reclamaciones Designadas para la RAR.

25.     En el caso de determinadas Reclamaciones Designadas para la RAR, los Deudores no ha podido evaluar adecuadamente y resolver las reclamaciones porque los reclamantes solo proporcionaron información limitada en sus formularios de reclamación y/o aportaron documentación justificativa limitada. En virtud de la autorización de la Orden de RAR, los Deudores solicitaron a dichos reclamantes información complementaria. *Véase* los Procedimientos de RAR, ¶ 5 (que exige al Deudor informar al tribunal de Título III sobre la situación de las reclamaciones transferidas a la RAR cada 60 días, y que especifica que dicha notificación de situación debe incluir "[s]i la agencia responsable de procesar la Reclamación Designada para la RAR tiene un expediente administrativo completo relativo a la Reclamación, incluida cualquier documentación de seguimiento solicitada a los reclamantes").

26.     La información solicitada por los Deudores dependía del tipo de reclamación. En el caso de las Reclamaciones de Empleados Públicos y las Reclamaciones por Agravio, los Deudores solicitaron: "1) el número de teléfono en el que se le pueda localizar; 2) número del empleado; 3) número del seguro social; 4) si su reclamación es/ha sido objeto de un proceso

administrativo o judicial, indique el número de expediente del caso; y 5) cualquier documento que

justifique su Reclamación.". En el caso de las Reclamaciones por Devolución de Impuestos, los

Deudores solicitaron: "1) el nombre completo; 2) el número de teléfono en el que se le pueda

localizar; 3) el año fiscal por el que reclamó una devolución de impuestos o un crédito fiscal en la

Reclamación; 4) si una devolución de impuestos o un crédito fiscal se reclama en más de un año

fiscal, especifique el monto reclamado por año fiscal; 5) el número del seguro social o el número

de identificación del empleador (EIN), si procede; 6) si su reclamación es o ha sido objeto de un

proceso administrativo o judicial (que no guarde relación con el caso de Título III), indique el

número del caso; y 7) proporcione una copia debidamente sellada de las declaraciones de

impuestos directamente relacionadas con la devolución de impuestos o el crédito fiscal reclamados

en la Evidencia de Reclamación.".

## <u>OBJECIÓN A EVIDENCIAS DE RECLAMACIONES</u>

27.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los

Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las

bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de

Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas

establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

28.     La Quingentésima nonagésima cuarta objeción global pretende que se rechacen, de

conformidad con la regla 3007(d)(6) de las Reglas Federales del Procedimiento de Quiebra y los

Procedimientos Enmendados relativos a Objeciones Globales, las Reclamaciones que han de ser

rechazadas que figuran en el **<u>Anexo A</u>** del presente documento. Cada una de las Reclamaciones

que han de ser rechazadas fue transferida a la Reconciliación Administrativa de Reclamaciones

conforme a la Orden de RAR, y está asociada con un expediente administrativo incompleto, lo

cual ha sido objeto de repetidos envíos sin respuesta, realizados por los Deudores a los reclamantes

vinculados con las Reclamaciones que han de ser rechazadas (conjuntamente, los "Reclamantes").

29.     Más concretamente, como se establece en la *Declaración de Jay Herriman en*

*apoyo de la Quingentésima nonagésima cuarta objeción global (sustantiva) del Estado Libre*

*Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre*

*Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a*

*Reclamaciones sin Respuesta de RAR*, adjunta al presente documento como Anexo B, cada

Reclamante recibió al menos dos envíos: a) el envío inicial[4] en el que se solicitaba información

necesaria para completar los expedientes administrativos, y b) el envío final en el que se reiteraba

la solicitud de información por parte de los Deudores y se informaba a los Reclamantes de que

"[s]i no responde . . su reclamación se retirará de la RAR por falta de respuesta y será objeto de

impugnación, lo cual podría causar que su reclamación fuera suprimida.".  El envio final informó

a los Reclamantes que respondieran dentro de los veinte (20) o treinta (30) días. Ninguno de los

Reclamantes ha respondido a ninguno de los intentos de comunicación de los Deudores.

30.     Puesto que los Reclamantes no han respondido, sus expedientes administrativos

siguen siendo incompletos, por lo que los Deudores no pueden procesar sus reclamaciones

conforme a los Procedimientos de RAR. Por lo tanto, los Deudores no puede determinar la validez

de las Reclamaciones que han de ser rechazadas. En consecuencia, las Reclamaciones que han de

ser rechazadas deben ser rechazadas en su totalidad.

31.     En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en*

*apoyo de la Quingentésima nonagésima cuarta objeción global (sustantiva) del Estado Libre*

*Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre*

---

[4] A algunos de los Reclamantes se les realizó el envío inicial más de una vez antes de que se les
realizara el envío final.

*Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones sin Respuesta de RAR*, de fecha 18 de agosto de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

32.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores notifican la presente Quingentésima nonagésima cuarta objeción global a) a los acreedores individuales objeto de esta Quingentésima nonagésima cuarta objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 17* [ECF Número 24726-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. La notificación de esta Quingentésima nonagésima cuarta objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Quingentésima nonagésima cuarta objeción global y de la totalidad de los anexos que se adjuntan al presente se radican y envían con la presente objeción. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

## RESERVA DE DERECHOS

33.     Esta Quingentésima nonagésima cuarta objeción global se limita a los motivos expuestos en este documento. En consecuencia, esta se radica sin perjuicio de los derechos de los Deudores a objetar a las Reclamaciones que han de ser rechazadas o a cualesquiera otras reclamaciones sobre la base de los motivos que fueren. Los Deudores se reservan expresamente el derecho a radicar toda otra objeción sustantiva o procesal. Ninguna disposición contenida en el presente documento, ni ninguna acción adoptada conforme a tal remedio, tienen por objetivo, ni se interpretarán en el sentido de que: a) constituyan una admisión en cuanto a la validez de cualesquiera reclamaciones contra los Deudores; b) constituyan una renuncia a los derechos que

asisten a los Deudores a impugnar cualquier reclamación sobre la base de los motivos que fueren;
c) constituyan una promesa o requisito para pagar cualquier reclamación; d) constituyan una
solicitud o autorización a asumir cualquier acuerdo, contrato o arrendamiento anteriores a la
petición conforme al artículo 365 del Código de Quiebras; o e) constituyan una renuncia a los
derechos que asisten a los Deudores conforme a PROMESA, el Código de Quiebras o cualquier
otra normativa legal aplicable.

**<u>AUSENCIA DE SOLICITUDES PREVIAS</u>**

34.     No se ha radicado ninguna solicitud de remedio previa a la presente Quingentésima
nonagésima cuarta objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 18 de agosto de 2023
      San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera., local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Ehud Barak (*pro hac vice*)
Paul V. Possinger (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico.*