**Hearing Date: October 4, 2023, at 9:30 AM (Atlantic Standard Time)**
**Response Deadline: September 18, 2023, at 4:00 PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>               Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth.** |

### SIX HUNDREDTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO TO LITIGATION CLAIMS FOR WHICH THE DEBTOR IS NOT LIABLE

To the Honorable United States District Court Judge Laura Taylor Swain:

      The Commonwealth of Puerto Rico (the "Commonwealth" or the "Debtor"), by and

through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"),

---

[1] The Debtors in the Title III cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA," and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801)  (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

as sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] files this six hundredth omnibus objection (the "Six Hundredth Omnibus Objection") to claims that seek recovery of amounts associated with litigations in which claimants are not plaintiffs, as set forth in **Exhibit A** hereto, and in support of the Six Hundredth Omnibus Objection, respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

**A.      The Bar Date Orders**

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA Sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA Section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case")

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  Pursuant to the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of

the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs*

*of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with

the Initial Bar Date Order, the "Bar Date Orders"), extending these deadlines to June 29, 2018 at

4:00 p.m. (Atlantic Time)

**B.     Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and
the PRIFA, CCDA, PRPFC, and TDF Qualifying Modifications**

5.     On November 3, 2021, on behalf of the Commonwealth, the Employees Retirement

System of the Commonwealth of Puerto Rico ("ERS"), and the Puerto Rico Public Buildings

Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of*

*Adjustment of the Commonwealth of Puerto Rico, et al.*, (the "Eighth Amended Plan," as

subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered

confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on

November 8-22, 2021.

6.     Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for*

*Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to*

*the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the*

*Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the*

*Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight

Board filed a further revised Plan in compliance with the Court's orders.  *See Modified Eighth*

*Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al. [ECF No.

19784].

7.      On January 18, 2022, the Court confirmed the Plan.  *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated.  *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.     The CCDA QM and PRIFA QM also became effective on March 15, 2022.  *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

11.     On December 30, 2022, pursuant to Title VI of PROMESA, the Court approved the *Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Public Finance Corporation* (the "PRPFC QM") [Case No. 21-01493, ECF No. 78].  The PRPFC QM became effective on January 12, 2023 [Case No. 21-01493, ECF No. 80] and all PRPFC indebtedness was discharged in full.

12.     On July 18, 2023, the Puerto Rico Fiscal Agency and Financial Advisory Authority commenced a Title VI proceeding for approval of the *Qualifying Modification Pursuant to*

4

*PROMESA Title VI for the Puerto Rico Tourism Development Fund* (the "PRTDF QM") [Case No. 23-01373, ECF No. 1]. The Oversight Board is a co-proponent of the PRTDF QM, which modifies certain debt issued by the Puerto Rico Tourism Development Fund. The Court will hold a hearing to consider approval of the PRTDF QM during the August 30, 2023 hearing.

### C.   Proofs of Claim, Omnibus Objection Procedures, and Claim Objections

13.     To date, approximately 182,599 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll"). Such proofs of claim total approximately $43.75 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

14.     Of the proofs of claim filed, approximately 118,837 have been filed in relation to, or reclassified to be asserted against, the Commonwealth. In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

15.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion"). The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018. *See Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief [ECF No. 4230]; Omnibus Objection Procedures* [ECF No. 4230-1] (collectively,

the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures.  *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

16.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

17.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings and entered orders on over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Highways and Transportation Authority ("HTA"), the Puerto Rico Electric Power Authority ("PREPA"), PBA, and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of certain claims pursuant to the Plan, approximately 124,966 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, HTA, PREPA, ERS, and PBA have been disallowed and expunged from the claims registry in the Title

III proceedings.   In addition, approximately 46,230 claims have been transferred into the Administrative Claims Reconciliation process for resolution using the Debtors' ordinary-course administrative processes.

## OBJECTIONS TO PROOFS OF CLAIM

18.    The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

19.    The Six Hundredth Omnibus Objection seeks to disallow, in accordance with the Amended Omnibus Objection Procedures, a claim that seeks recovery for amounts associated with litigations in which the claimants are not plaintiffs, as set forth on **Exhibit A** hereto (the "Claim to Be Disallowed").

20.    Claims that are "unenforceable against the debtor and property of the debtor, under any agreement or applicable law" should be disallowed.  11 U.S.C. § 502(b)(1).  The Claims to Be Disallowed purport to assert liabilities associated with certain multi-plaintiff litigations brought against the Commonwealth, one of its component agencies, and/or one of its instrumentalities. However, based on the master proof(s) of claim filed on behalf of all plaintiffs in such litigations, the claimant(s) associated with the Claims to Be Disallowed are not named plaintiffs in the litigations asserted therein.

21.    Specifically, the attorneys representing all claimants in the following litigation (the "Litigations") have filed: (1) a master claim on behalf of all plaintiffs in the litigation captioned *Alfredo Maldonado Rodriguez et al. v. Puerto Rico Department of Corrections & Rehabilitation*, Case No. KAC-1996-1381 (the "Maldonado Rodriguez Master Claim"); (2) a master claim filed on behalf of all plaintiffs in the litigation captioned *Nilda Agosto Maldonado et al. v.*

*Commonwealth of Puerto Rico Family Department et al.*, Civil No. KPE 2005-0608 (the "Agosto Maldonado Master Claim"); and (3) a master claim on behalf of all plaintiffs in the litigation captioned *Frente Unido de Policías Organizados et al. v. Puerto Rico Police Department*, Case No. KAC-2007-4170 (the "FUPO Master Claim," and together with the Maldonado Rodriguez Master Claim and Agosto Maldonado Master Claim, the "Litigation Claims").

22.     The Maldonado Rodriguez Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Puerto Rico Department of Corrections and Rehabilitation ("DCR").  Therein, plaintiffs contend they are owed unpaid salary increases provided for in, among other things, various DCR administrative orders. On September 28, 2002, judgment was entered in favor of plaintiffs.  The Maldonado Rodriguez Master Claim asserts approximately $18 million associated with outstanding payments due in accordance with the court's judgment, was filed on behalf of all plaintiffs in the litigation, and attaches a chart identifying each individual plaintiff in the litigation.

23.     The Agosto Maldonado Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by employees of the Puerto Rico Department of the Family. Therein, plaintiffs contend they are owed, among other things, wage increases in connection with improper implementation of the federal minimum wage.  On September 16, 2010, judgment was entered in favor of plaintiffs (the "Judgment"). The Agosto Maldonado Master Claim asserts approximately $3 million associated with outstanding payments due on account of unpaid pension adjustments in accordance with the Judgment, was filed on behalf of the group of creditors named the "Agosto-Maldonado Plaintiff Group," and attaches a chart identifying each individual plaintiff in the litigation.

24.     The FUPO Master Claim asserts liabilities associated with a complaint filed in the Puerto Rico Court of First Instance by members of Frente Unido de Policías Organizados and the Concilio Nacional de Policías, alleging the Superintendent of the Puerto Rico Police Department failed to implement Act No. 227 of 2004, which provided for salary increases for Police Department employees.  The FUPO Master Claim was filed by the Concilio Nacional de Policías, Inc. on behalf of all plaintiffs in the litigation, asserts $280 million in liabilities associated with unpaid salary increases, and attaches a chart identifying each plaintiff in the litigation.

25.     As described above, each of the Litigation Claims attaches a chart or a list identifying all applicable plaintiffs in the Litigation, and/or attaches filings in the Litigations that included lists, charts, or captions identifying all named plaintiffs.  The claimants subject to the Six Hundredth Omnibus Objection assert liabilities associated with these Litigations.  In each instance, however, the names of the claimants associated with the Claims to Be Disallowed do not appear in the lists, charts or captions included in the attachments to the corresponding Litigation Claim(s). Accordingly, the claimants associated with the Claims to Be Disallowed are not plaintiffs in the Litigations, and the Debtor is therefore not liable to those claimants for the liabilities asserted by the Litigations.  Further, even if the holders of the Claims to Be Disallowed were parties to the Litigations, the liabilities asserted would be subsumed within the applicable Litigation Claims. Any failure to disallow the Claims to Be Disallowed will therefore result in the applicable claimants potentially receiving an unwarranted recovery to the detriment of other stakeholders in these Title III Cases.

26.     Because this Six Hundredth Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Litigation Claims, the Debtor reserves its right to object to the Litigation Claims on any other grounds whatsoever.

27.     In support of the foregoing, the Debtor relies on the *Declaration of Jay Herriman in Support of the Six Hundredth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico to Litigation Claims for which the Debtor Is Not Liable*, dated August 18, 2023, attached hereto as **Exhibit B**.

## NOTICE

28.     In accordance with the Amended Omnibus Objection Procedures and the Court's Notice Order, the Debtor has provided notice of this Six Hundredth Omnibus Objection to (a) the individual creditors subject to this Six Hundredth Omnibus Objection, (b) the U.S. Trustee, and (c) the Master Service List (as defined by the *Seventeenth Amended Case Management Procedures* [ECF No. 24726-1]), which is available on the case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Six Hundredth Omnibus Objection is attached hereto as Exhibit C.  Spanish translations of the Six Hundredth Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

10

WHEREFORE the Debtor respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting such other and further relief as is just.

Dated: August 18, 2023
      San Juan, Puerto Rico

Respectfully submitted,

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel:  (787) 764-8181
Fax:  (787) 753-8944

/s/ *Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel:  (212) 969-3000
Fax:  (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth*

**Fecha de la vista: 4 de octubre de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 18 de septiembre de 2023 a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

### TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.[1] | PROMESA <br> Título III <br><br> Número: 17-BK-3283-LTS <br><br> (Administrado Conjuntamente) <br><br> **La presente radicación guarda relación con el ELA.** |

### SEXCENTÉSIMA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DE LITIGIOS POR LAS QUE EL DEUDOR NO ES RESPONSABLE

---

[1] Los Deudores en el marco de los casos de Título III, junto con el respectivo número de caso radicado conforme al Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Causa de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA" o el "Deudor") a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III conforme a la sección 315(b) de la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA"),[2] radica esta sexcentésima objeción global (la "Sexcentésima objeción global") a reclamaciones que buscan recuperar montos asociados con litigios en los que los reclamantes no son demandantes, según se expone en el **Anexo A** del presente documento, y en apoyo de la propia Sexcentésima objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

A.      **Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA").

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

4.       El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar Evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Conforme a la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST)

**B.     Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI, ADCC, CFP, y FDTPR**

5.       El 3 de noviembre de 2021, la Junta de Supervisión radicó (en nombre del ELA, el Sisteam de Retiro de los empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE"), y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP")), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (el "Octavo Plan Enmendado", y en su versión enmendada y modificada posteriormente denominado, el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.       Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado*

*de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre*

*las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para*

*el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del*

*Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF

Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes

del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto*

*Enmendado y Modificado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme*

*al Título III* [ECF Número 19784].

7.     El 18 de enero de 2022, el Tribunal confirmó el Plan. Véase la *Orden y la Sentencia*

*que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de*

*Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de*

*Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título*

*III* [ECF Número 19813].

8.     El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó

a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto*

*Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación*

*Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso

Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones

contenidas en el Plan.

9.     El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del

ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A)*

*emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y*

*enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al*

*Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor*
[ECF Número 20349].

10.    Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

11.    El 30 de diciembre de 2022, conforme al Titulo VI de PROMESA, el Tribunal aprobó la *Modificación Calificada de la Corporación Para el Financiamiento Público de Puerto Rico* (la "MC de la CFP") [Caso Número 21-01493, ECF Número 78]. La MC de la CFP advino efectiva el 12 de enero de 2023 [Caso Número 21-01493, ECF Número 80] y toda la deuda de la PRPFC fue descargada en su totalidad.

12.    El 18 de julio de 2023, la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico comenzó un procedimiento para la aprobación de la *Modificación Calificada Conforme al Título VI de PROMESA del Fondo para el Desarrollo del Turismo de Puerto Rico* (la "MC de FDTPR") [Caso Número 23-01373, ECF Número 1]. La Junta de Control Fiscal es co-proponente de la MC de FDTPR, la cual modifica cierta deuda emitida por el Fondo para el Desarrollo del Turismo de Puerto Rico. El Tribunal llevará a cabo una vista para considera la aprobación de la MC de FDTPR durante la vista del 30 de agosto de 2023.

**C.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

13.    Hasta la fecha, se han radicado aproximadamente 182,599 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.75 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

14.     De las evidencias de reclamaciones radicadas, aproximadamente 118,837 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA.. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

15.     Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado [ECF Número 4230]; Procedimientos relativos a Objeciones Globales [ECF Número 4230-1]* (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

16.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

17.     Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas y ha dictado órdenes sobre más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la AEP y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 124,966 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la ACT, la AEE, el SRE y la AEP fueron rechazadas y retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al

Título III. Además, aproximadamente 46,230 reclamaciones han sido transferidas al proceso de Reconciliación de Reclamaciones Administrativas para su resolución utilizando procesos administrativos habituales de los Deudores.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

18.     Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

19.     La Sexcentésima objeción global pretende que se rechace, de conformidad con los Procedimientos Enmendados relativos a Objeciones Globales, una reclamación que busca recuperar montos asociados con litigios en los que los reclamantes no son demandantes, según se expone en el **Anexo A** del presente documento (las "Reclamaciones que han de ser rechazadas").

20.     Las reclamaciones que sean "inejecutables contra el deudor y los bienes de este, en virtud de cualquier contrato o normativa legal aplicable" deben rechazarse. Título 11 U.S.C., § 502(b)(1). Las Reclamaciones que han de ser rechazadas pretenden alegar responsabilidades vinculadas con determinados litigios iniciados por varios demandantes, radicados contra el ELA, una de sus agencias integrantes y/o una de sus instrumentalidades. Sin embargo, sobre la base de la(s) evidencia(s) de reclamaciones principales radicadas en nombre de todos los demandantes en el marco de dichos litigios, el/los reclamante(s) asociado(s) con las Reclamaciones que han de ser rechazadas no es/son el/los demandante(s) que figura(n) en los litigios alegados.

21.     Más concretamente, los abogados que representan a todos los demandantes en los siguientes litigios (los "Litigios") han radicado: 1) la reclamación principal en nombre de todos los demandantes en el litigio con epígrafe *Alfredo Maldonado Rodriguez et al. c. el Departamento de*

*Corrección y Rehabilitación de Puerto Rico,* Caso Número KAC-1996-1381 (la "Reclamación Principal Maldonado Rodriguez"); 2) una reclamación principal radicada en nombre de todos los demandantes en el litigio con epígrafe *Nilda Agosto Maldonado et al. c. el Departamento de la Familia del Estado Libre Asociado de Puerto Rico et al.*, Procedimiento Civil Número KPE 2005-0608 (la "Reclamación Principal Agosto Maldonado"); 3) la reclamación principal en nombre de todos los demandantes en el litigio con epígrafe Frente Unido de Policías Organizados et al. c. el Departamento de Policía de Puerto Rico, Caso Número KAC-2007-4170 (la "Reclamación Principal FUPO," y junto con la Reclamación Principal Maldonado Rodriguez y, Reclamación Principal Agosto Maldonado, las "Reclamaciones de Litigios")

22.     La Reclamación Principal Maldonado Rodriguez alega responsabilidades asociadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por empleados del Departamento de Corrección y Rehabilitación (el "DCR") de Puerto Rico. En ella, los demandantes sostienen que se les adeudan aumentos salariales no pagados estipulados en, entre otros, varias órdenes administrativas del DCR. El 28 de septiembre de 2002, se dictó sentencia a favor de los demandantes. La Reclamación Principal Maldonado Rodriguez, que alega responsabilidades por un monto aproximado de $18 millones asociadas con pagos pendientes adeudados conforme a la sentencia del tribunal, fue radicada en nombre de todos los demandantes en el litigio y adjunta un cuadro donde se identifica a cada uno de los demandantes en el litigio.

23.     La Reclamación Principal Agosto Maldonado alega responsabilidades asociadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por empleados del Departamento de la Familia de Puerto Rico. En dicha Reclamación los demandantes alegan que se les adeudan, entre otras cosas, unos incrementos salariales en relación con una implementación improcedente del salario mínimo federal. El 16 de septiembre de 2010, se dictó sentencia a favor

9

de los demandantes (la "Sentencia"). La Reclamación Principal Agosto Maldonado, que alega responsabilidades por un monto aproximado de $3 millones asociadas a pagos pendientes adeudados en concepto de unos ajustes de pensiones no pagados establecidos en la Sentencia, fue radicada en nombre del grupo de acreedores llamado el "Grupo de Demandantes Agosto-Maldonado", y adjunta un cuadro donde se identifica a cada uno de los demandantes en el litigio.

24.     La Reclamación Principal FUPO alega responsabilidades vinculadas con una demanda radicada ante el Tribunal de Primera Instancia de Puerto Rico por miembros del Frente Unido de Policías Organizados y el Concilio Nacional de Policías, y alegó que el Superintendente del Departamento de Policía de Puerto Rico no implementó la Ley Número 227 de 2004, que establece aumentos de salario para los empleados del Departamento de Policía. La Reclamación Principal FUPO, que fue radicada por Concilio Nacional de Policías, Inc. en nombre de todos los demandantes en el litigio, alega responsabilidades por un monto de $280 millones asociadas con aumentos salariales no pagados y adjunta un cuadro donde se identifica a cada demandante del litigio.

25.     Como se explicó anteriormente, cada Reclamación de Litigios adjunta un cuadro o una lista que identifica a todos los demandantes pertinentes en el Litigio, y/o adjunta las radicaciones en el marco de los Litigios que incluyen las listas, los cuadros o los epígrafes que identifican a todos los demandantes mencionados. Los reclamantes objeto de la Sexcentésima objeción global alegan responsabilidades vinculadas con dichos Litigios. No obstante, los nombres de los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no aparecen en ningún momento en las listas, los cuadros o los epígrafes que se incluyen en los documentos adjuntos a la(s) correspondiente(s) Reclamación(es) de Litigios. En consecuencia, los reclamantes vinculados con las Reclamaciones que han de ser rechazadas no son demandantes en el Litigio,

por lo que el Deudor no es responsable ante dichos reclamantes por las responsabilidades alegadas en los Litigios. Además, incluso si los titulares de las Reclamaciones que han de ser rechazadas fueran partes en los Litigios, las responsabilidades alegadas se incluirían en las Reclamaciones de Litigios pertinentes. Si las Reclamaciones que han de ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación no justificada en detrimento de otras partes interesadas en dichos Casos de Título III.

26.     Puesto que esta Sexcentésima objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a Reclamaciones de Litigios, el Deudor se reserva el derecho a oponerse a las Reclamaciones de Litigios sobre la base de cualesquiera otros motivos que fueren.

27.     En apoyo de lo anterior, el ELA invoca la *Declaración de Jay Herriman en apoyo de la Sexcentésima objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico a Reclamaciones de Litigios por las que el Deudor no es Responsable*, de fecha 18 de agosto de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

28.     De conformidad con los Procedimientos Enmendados relativos a Objeciones Globales y la Orden de Notificación del Tribunal, el ELA notificó la presente Sexcentésima objeción global a) a los acreedores individuales objeto de esta Sexcentésima objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 17* [ECF Número 24726-1]), disponibles en el sitio web de casos, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación relativa a esta Sexcentésima objeción global se adjunta al presente como Anexo C. Las traducciones al español de la Sexcentésima objeción global y de la totalidad de los anexos adjuntos al presente se están

radicando con la presente objeción y se trasladarán a las partes. El ELA sostiene que, dada la naturaleza del remedio solicitado, no es necesario enviar ninguna otra notificación.

[*El resto de la página se deja en blanco intencionadamente*]

POR LO QUE el ELA solicita respetuosamente que se dicte una orden, esencialmente en

la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio

solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios

que se consideren justos.

Fecha:  18 de agosto de 2023                                          Respetuosamente sometida,
         San Juan (Puerto Rico)

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera., local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión
y Administración Financiera para
Puerto Rico como representante del
ELA*