**Hearing Date: October 4, 2023 at 9:30AM (Atlantic Standard Time)**
**Response Deadline: September 18, 2023 at 4:00PM (Atlantic Standard Time)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S).**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>                 Debtors.[1] | PROMESA<br>Title III<br><br>No. 17-BK-3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and ERS.** |

### SIX HUNDRED THIRD OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND
### THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE
### COMMONWEALTH OF PUERTO RICO TO DUPLICATE CLAIMS

To the Honorable United States District Court Judge Laura Taylor Swain:

The Commonwealth of Puerto Rico (the "Commonwealth"), the Employees Retirement

System of the Government of the Commonwealth of Puerto Rico ("ERS," and together with the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Commonwealth, the "Debtors"), by and through the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as the Debtors' sole Title III representative pursuant to Section 315(b) of the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA"),[2] file this six hundred third omnibus objection (the "Six Hundred Third Omnibus Objection") to the duplicative proofs of claim listed on **Exhibit A** hereto, and in support of the Six Hundred Third Omnibus Objection, respectfully represent as follows:

## JURISDICTION

1.      The United States District Court for the District of Puerto Rico has subject matter jurisdiction to consider this matter and the relief requested herein pursuant to PROMESA Section 306(a).

2.      Venue is proper in this district pursuant to PROMESA Section 307(a).

## BACKGROUND

### A.      The Bar Date Orders

3.      On May 3, 2017, the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed a voluntary petition for relief for the Commonwealth pursuant to PROMESA section 304(a), commencing a case under Title III thereof (the "Commonwealth Title III Case").  On May 21, 2017 (the "Petition Date"), the Oversight Board issued a restructuring certification pursuant to PROMESA sections 104(j) and 206 and filed voluntary petitions for relief for ERS, pursuant to PROMESA section 304(a), commencing cases under Title III thereof (the "ERS Title III Case," and together with the Commonwealth Title III

---

[2]  PROMESA is codified at 48 U.S.C. §§ 2101-2241.

Case, the "Title III Cases").  On September 21, 2017, the Court entered an order granting the joint administration of the Title III Cases for procedural purposes only.  ECF No. 537.[3]

4.      On January 16, 2018, the Debtors filed their *Motion for Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2255] (the "Bar Date Motion").  By the *Order (A) Establishing Deadlines and Procedures for Filing Proofs of Claims and (B) Approving Form and Manner of Notice Thereof* [ECF No. 2521] (the "Initial Bar Date Order"), the Court granted the relief requested in the Bar Date Motion and established deadlines and procedures for filing proofs of claim in the Title III Cases.  Upon the informative motion of certain creditors, and the support of the Debtors, the Court subsequently entered the *Order (A) Extending Deadlines for Filing Proofs of Claim and (B) Approving Form and Manner of Notice Thereof* [ECF No. 3160] (together with the Initial Bar Date Order, the "Initial Bar Date Orders") extending these deadlines to June 29, 2018 at 4:00 pm (Atlantic Time) (the "Initial Bar Date").

**B.      Confirmation of the Commonwealth, ERS, and PBA Title III Plan of Adjustment and the PRIFA, CCDA, PRPFC, and PRTDF Qualifying Modifications**

5.      On November 3, 2021, on behalf of the Commonwealth, ERS, and the Puerto Rico Public Buildings Authority ("PBA"), the Oversight Board filed that certain *Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (as subsequently amended and modified, the "Plan") [ECF No. 19053].  The Court considered confirmation of the Plan, and any objections thereto, at a hearing for confirmation of the Plan on November 8-22, 2021.

6.      Pursuant to the Court's (1) *Order Regarding Certain Aspects of Motion for Confirmation of Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth*

---

[3] Unless otherwise stated herein, ECF citations refer to documents filed in Bankruptcy Case No. 17 BK 3283-LTS.

*of Puerto Rico, et al.* [ECF No. 19517] and (2) *Order Regarding Plan Modifications Necessary to the Entry of an Order Confirming Plan of Adjustment for the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19721], on January 14, 2022, the Oversight Board filed a further revised Plan in compliance with the Court's orders. *See Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico,* et al., [ECF No. 19784].

7.      On January 18, 2022, the Court confirmed the Plan. *See Order and Judgment Confirming the Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [ECF No. 19813].

8.      On January 20, 2022, pursuant to Title VI of PROMESA, the Court approved (a) the *Qualifying Modification for the Puerto Rico Convention Center District Authority* [Case No. 21-01493, ECF No. 72-1] (the "CCDA QM") and (b) the *Qualifying Modification for the Puerto Rico Infrastructure Financing Authority* [Case No. 21-01492, ECF No. 82-1] (the "PRIFA QM"), which complement the transactions contained in the Plan.

9.      The Plan became effective on March 15, 2022 (the "Commonwealth Effective Date"), when the transactions contemplated therein were consummated. *See Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to Title III of PROMESA and (B) Occurrence of the Effective Date* [ECF No. 20349].

10.      The CCDA QM and PRIFA QM also became effective on March 15, 2022. *See* Case No. 21-01493, ECF No. 74; Case No. 21-01492, ECF No. 84.

11.     On December 30, 2022, pursuant to Title VI of PROMESA, the Court approved the *Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Public Finance Corporation* (the "PRPFC QM") [Case No. 21-01493, ECF No. 78].  The PRPFC QM became effective on January 12, 2023 [Case No. 21-01493, ECF No. 80] and all PRPFC indebtedness was discharged in full.

12.     On July 18, 2023, the Puerto Rico Fiscal Agency and Financial Advisory Authority commenced a Title VI proceeding for approval of the *Qualifying Modification Pursuant to PROMESA Title VI for the Puerto Rico Tourism Development Fund* (the "PRTDF QM") [Case No. 23-01373, ECF No. 1].  The Oversight Board is a co-proponent of the PRTDF QM, which modifies certain debt issued by the Puerto Rico Tourism Development Fund.  The Court will hold a hearing to consider approval of the PRTDF QM during the August 30, 2023 hearing.

**C.     Confirmation of the HTA Title III Plan of Adjustment**

13.     On August 13, 2022, the Oversight Board filed the *Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1377] (the "Fifth Amended HTA Plan").  The Court considered confirmation of the Fifth Amended HTA Plan, and objections thereto, at a hearing on August 17, 2022, after which it took the proposed order to confirm the Fifth Amended HTA Plan under submission.

14.     On September 6, 2022, in response to the Court's prior order requesting certain revisions to the Fifth Amended HTA Plan, the Oversight Board filed the *Modified Fifth Amended Title III Plan of Adjustment of the Puerto Rico Highways and Transportation Authority* [Case No. 17-bk-3567, ECF No. 1404] (the "HTA Plan").

15.     On October 12, 2022, the Court confirmed the HTA Plan.  [Case No. 17-bk-3567, ECF No. 1415].

16.     The HTA Plan became effective on December 6, 2022.  [Case No. 17-bk-3567, ECF No. 1450].  On July 12, 2023, the United States Court of Appeals for the First Circuit denied the sole appeal taken from confirmation of the HTA Plan.  *See Vazquez-Velazquez v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R)*, No. 22-1829 (1st Cir. July 12, 2023).

**D.     Proofs of Claim, Omnibus Objection Procedures, and Claim Objections**

17.     To date, approximately 182,599 proofs of claim have been filed against the Debtors and logged by Kroll Restructuring Administration LLC ("Kroll").  Such proofs of claim total approximately $43.75 trillion in asserted claims against the Debtors, in addition to unliquidated amounts asserted.

18.     Of the proofs of claim filed, approximately 118,837 have been filed in relation to, or reclassified to be asserted against, the Commonwealth.  Approximately 53,369 proofs of claim have been filed in relation to, or reclassified to be asserted against, ERS.  In accordance with the terms of the Bar Date Orders, many of these claims need not have been filed at all, or suffer from some other flaw, such as being subsequently amended, not putting forth a claim for which the Debtors are liable, being duplicative of other proofs of claim, or failing to provide information necessary for the Debtors to determine whether the claim is valid.

19.     In order to efficiently resolve as many of the unnecessary proofs of claim as possible, on October 16, 2018, the Debtors filed with this Court their *Motion for Entry of an Order (A) Approving Limited Omnibus Objection Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4052] (the "Omnibus Procedures Motion").  The Court granted the relief requested in the Omnibus Procedures Motion by order dated November 14, 2018.  *See Order (A) Approving Limited Omnibus Objection*

*Procedures, (B) Waiving the Requirement of Bankruptcy Rule 3007(e)(6), and (C) Granting Related Relief* [ECF No. 4230]; *Omnibus Objection Procedures* [ECF No. 4230-1] (collectively, the "Initial Omnibus Objection Procedures").  On November 29, 2018, the Court approved English and Spanish versions of the forms of notice for omnibus objections to be filed in accordance with the Initial Omnibus Objection Procedures. *See Order Approving the English and Spanish Versions of the Form of Notice for Omnibus Objections* [ECF No. 4381] (the "Notice Order").

20.     In the continued interest of resolving any unnecessary proofs of claim in an efficient manner, on May 23, 2019, the Debtors filed an amended procedures motion seeking, among other things, to allow the Debtors to file omnibus objections on substantive bases, to further expand the number of claims that may be included on an objection, and to approve additional forms of notice. *Notice of Hearing with Respect to an Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7091].  On June 14, 2019, the Court granted the requested relief, by the *Order (A) Approving Amended Omnibus Objection Procedures, (B) Waiving Requirements of Bankruptcy Rule 3007(e), (C) Approving Additional Forms of Notice, and (D) Granting Related Relief* [ECF No. 7440] (the "Amended Omnibus Objection Procedures").

21.     Pursuant to the Initial Omnibus Objection Procedures and Amended Omnibus Objection Procedures, to date the Court has held over 28 hearings related to over 500 omnibus objections filed by the Commonwealth, the Puerto Rico Sales Tax Financing Corporation ("COFINA"), the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public Buildings Authority ("PBA"), the Puerto Rico Highways and Transportation Authority ("HTA"), and/or ERS.  Based upon rulings and orders of the Court to date, as well as the expungement of

7

certain claims pursuant to the Plan, approximately 124,966 claims asserting $43.6 trillion in liability against the Commonwealth, COFINA, PREPA, PBA, HTA, and ERS have been disallowed and will be expunged from the claims registry in the Title III proceedings upon entry of final orders.

22.     This Six Hundred Third Omnibus Objection is filed in accordance with the Court's Omnibus Objection Procedures.

## **OBJECTIONS TO PROOFS OF CLAIM**

23.     The Amended Omnibus Objection Procedures allow the Debtors to file an omnibus objection to multiple proofs of claim on any basis provided for in Federal Rule of Bankruptcy Procedure 3007(d)(1)-(7), as well as on other substantive bases set forth in the Amended Omnibus Objection Procedures.

24.     The Six Hundred Third Omnibus Objection seeks to disallow, in accordance with Federal Rule of Bankruptcy Procedure 3007(d)(1) and the Amended Omnibus Objection Procedures, claims that are substantively duplicative of other proofs of claim filed in the Title III Cases.

25.     As set forth in **Exhibit A** hereto, the claims identified in the columns titled "Claims to be Disallowed" (collectively, the "Claims to Be Disallowed") assert the same liabilities as the claims identified in the columns titled "Remaining Claims" (each a "Remaining Claim" and collectively, the "Remaining Claims").[4]  In some instances, the Claims to Be Disallowed were filed on behalf of the same claimants as the Remaining Claims, set forth the same basis for the claim, attach the same documentation, and/or assert an equal amount to the Remaining Claims.  In

---

[4] Certain Remaining Claims are subject to objections seeking to reclassify them to other debtors. Once those objections are ordered, both the Claim to Be Disallowed and the Remaining Claim will be at the same debtor.

other instances, the Claims to Be Disallowed were filed on behalf of the same claimant as the Remaining Claims, assert the same claim amount, and set forth the same basis for the claim, but the Remaining Claims provide additional supporting documentation or additional description regarding the basis for the claim that was not provided with the Claims to Be Disallowed.  In still other instances, the proof of claim forms submitted by the Remaining Claims and the Claims to Be Disallowed are not exactly identical, but the Remaining Claims and the Claims to Be Disallowed nevertheless assert the same liabilities on behalf of the same claimant and rely on the same supporting documentation.  Accordingly, the Claims to Be Disallowed are duplicative of one or more Remaining Claims.  Any failure to disallow the Claims to Be Disallowed will result in the applicable claimants potentially receiving an unwarranted double recovery against the Debtors to the detriment of other stakeholders in the Title III Cases.  The holders of the Claims to Be Disallowed will not be prejudiced by the disallowance of their claims because they will each retain a Remaining Claim against the Debtors, as set forth in **Exhibit A** hereto.  Because this Six Hundred Third Omnibus Objection to the Claims to Be Disallowed does not constitute an objection to the Remaining Claims, the Debtors reserve their right to object to the Remaining Claims on any other grounds whatsoever.

26.     In support of the foregoing, the Debtors rely on the *Declaration of Jay Herriman in Support of the Six Hundred Third Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Duplicate Claims*, dated August 18, 2023, attached hereto as **Exhibit B**.

### NOTICE

27.     In accordance with the Omnibus Objection Procedures and the Court's Notice Order, the Debtors have provided notice of this Six Hundred Third Omnibus Objection to (a) the individual creditors subject to this Six Hundred Third Omnibus Objection, (b) the U.S. Trustee,

and (c) the Master Service List (as defined by the *Seventeenth Amended Case Management Procedures* [ECF No. 24726-1]), which is available on the Debtors' case website at https://cases.ra.kroll.com/puertorico.  A copy of the notice for this Six Hundred Third Omnibus Objection is attached hereto as **<u>Exhibit C</u>**.  Spanish translations of the Six Hundred Third Omnibus Objection and all of the exhibits attached hereto are being filed with this objection and will be served on the parties.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**NO PRIOR REQUEST**</u>

28.     No prior request for the relief sought in this Six Hundred Third Omnibus Objection has been made to this or any other court.

*[Remainder of the page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit D**, (1) granting the relief requested herein, and (2) granting the Debtors such other and further relief as is just.

Dated: August 18, 2023
      San Juan, Puerto Rico

Respectfully submitted,

*/s/ Hermann D. Bauer*
Hermann D. Bauer
USDC No. 215205
Carla García-Benítez
USDC No. 203708
Gabriel A. Miranda
USDC No. 306704
**O'NEILL & BORGES LLC**
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*/s/ Martin J. Bienenstock*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for the Financial Oversight and Management Board for Puerto Rico, as representative for the Commonwealth of Puerto Rico and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico*

**Fecha de la vista: 4 de octubre de 2023, a las 9:30 a.m. (AST)**
**Fecha límite para responder: 18 de septiembre de 2023 a las 4:00 p.m. (AST)**

> **REVISE DETENIDAMENTE ESTA OBJECIÓN Y LOS DOCUMENTOS ADJUNTOS PARA DETERMINAR SI LA OBJECIÓN AFECTA A SU(S) RECLAMACIÓN(ES).**

## TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
## PARA EL DISTRITO DE PUERTO RICO

| | |
|---|---|
| *In re*: | PROMESA |
| | Título III |
| JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, | Número: 17-BK-3283-LTS |
| como representante del | (Administrado Conjuntamente) |
| ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*., | **La presente radicación guarda relación con el ELA y el SRE.** |
| Deudores.[1] | |

## SEXCENTÉSIMA TERCERA OBJECIÓN GLOBAL (NO SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEL SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO A RECLAMACIONES DUPLICADAS

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17-BK-3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17-BK-3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17-BK-3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17-BK-3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17-BK-4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de Casos de Quiebra debido a ciertas limitaciones en el programa informático).

A la atención de su señoría, Juez del Tribunal de Distrito de los Estados Unidos, Laura Taylor Swain:

El Estado Libre Asociado de Puerto Rico (el "ELA") y el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE" y junto con el ELA, los "Deudores"), a través de la Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión"), como el único representante de Título III de los Deudores conforme a la sección 315(b) de la Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico ("PROMESA"),[2] radican esta sexcentésima tercera objeción global (la "Sexcentésima tercera objeción global") a las evidencias de reclamaciones duplicadas que aparecen en el **Anexo A** del presente documento, y en apoyo de la propia Sexcentésima tercera objeción global manifiestan respetuosamente lo siguiente:

## JURISDICCIÓN

1.      El Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico tiene jurisdicción sobre la materia para atender la presente causa y el remedio en ella solicitado conforme a la sección 306(a) de PROMESA.

2.      La sede judicial de este distrito es la competente conforme a la sección 307(a) de PROMESA.

## ANTECEDENTES

**A.      Órdenes de Fecha Límite**

3.      El 3 de mayo de 2017, la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó una petición voluntaria de remedio para el ELA conforme a la sección 304(a) de PROMESA, iniciando un caso

---

[2]  PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

conforme al Título III de dicho cuerpo legal (el "Caso de Título III del ELA"). El 21 de mayo de 2017 (la "Fecha de Petición"), la Junta de Supervisión emitió una certificación de reestructuración conforme a las secciones 104(j) y 206 de PROMESA, y radicó peticiones voluntarias de remedio para el SRE conforme a la sección 304(a) de PROMESA, iniciando casos conforme al Título III de dicho cuerpo legal (los "Caso de Título III del SRE", y junto con el Caso de Título III del ELA, los "Casos de Título III"). El 21 de septiembre de 2017, el Tribunal dictó una orden por la que concedió la administración conjunta de los Casos de Título III únicamente con fines procesales. ECF Número 537.[3]

4.      El 16 de enero de 2018, los Deudores radicaron su *Moción de una orden que A) fije fechas límite y procedimientos para radicar evidencias de reclamaciones y B) apruebe la forma y la manera de su notificación* [ECF Número 2255] (la "Moción de Fecha Límite"). Por la *Orden que A) fija fechas límite y procedimientos para radicar evidencias de reclamaciones y B) aprueba la forma y la manera de su notificación* [ECF Número 2521] (la "Orden Inicial de Fecha Límite"), el Tribunal concedió el remedio solicitado en la Moción de Fecha Límite y fijó fechas límite y procedimientos para radicar evidencias de reclamaciones en el marco de los Casos de Título III. Luego de la moción informativa de determinados acreedores, y del apoyo de los Deudores, el Tribunal dictó a continuación la *Orden que A) extendió fechas límite para radicar evidencias de reclamaciones y B) aprobó la forma y la manera de su notificación* [ECF Número 3160] (conjuntamente con la Orden Inicial de Fecha Límite, las "Órdenes Iniciales de Fecha Límite"), extendiendo dichas fechas límite hasta el 29 de junio de 2018, a las 04:00 p.m. (AST) (la "Fecha Límite Inicial").

---

[3] Salvo disposición en contrario contenida en el presente documento, las citas ECF harán referencia a documentos radicados en el marco del Caso de Quiebra Número 17 BK 3283-LTS.

**B.**   **Confirmación del Plan de Ajuste del ELA, del SRE y de la AEP elaborado conforme al Título III y de las Modificaciones Calificadas de la AFI, ADCC, CFP, y FDTPR**

5.      El 3 de noviembre de 2021, la Junta de Supervisión radicó, en nombre del ELA, del SRE y de la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), el *Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* (en su versión enmendada y modificada posteriormente, denominado el "Plan") [ECF Número 19053]. El Tribunal examinó la confirmación del Plan y las objeciones formuladas a este en una vista de confirmación del Plan celebrada los días 8 a 22 de noviembre de 2021.

6.      Conforme a la 1) *Orden del Tribunal relativa a determinados aspectos de la moción para la confirmación del Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19517] y 2) *Orden sobre las modificaciones del Plan necesarias para dictar una orden que confirme el Plan de Ajuste para el Estado Libre Asociado de Puerto Rico, el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y la Autoridad de Edificios Públicos de Puerto Rico* [ECF Número 19721], el 14 de enero de 2022, la Junta de Supervisión, en cumplimiento de las órdenes del Tribunal, radicó un Plan revisado posteriormente. *Véase el Octavo Plan de Ajuste Conjunto Enmendado y Modificado del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III* [ECF Número 19784].

7.      El 18 de enero de 2022, el Tribunal confirmó el Plan.  Véase la *Orden y la Sentencia que confirman el Octavo Plan de Ajuste Conjunto Enmendado del Estado Libre Asociado de Puerto Rico, del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico y de la Autoridad de Edificios Públicos de Puerto Rico, elaborado conforme al Título III* [ECF Número 19813].

8.      El 20 de enero de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó a) la *Modificación Calificada de la Autoridad del Distrito del Centro de Convenciones de Puerto Rico* [Caso Número 21-01493, ECF Número 72-1] (la "MC de la ADCC") y b) la *Modificación Calificada de la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico* [Caso Número 21-01492, ECF Número 82-1] (la "MC de la AFI"), que complementan las transacciones contenidas en el Plan.

9.      El Plan entró en vigor el 15 de marzo de 2022 (la "Fecha de entrada en vigor del ELA"), una vez consumadas las transacciones en él contempladas. *Véase Notificación de A) emisión de orden por la que se confirma la versión modificada del Octavo plan modificado y enmendado de ajuste del Estado Libre Asociado de Puerto Rico y otros elaborado conforme al Título III, según el Título III de PROMESA, y B) acontecimiento de la Fecha de entrada en vigor* [ECF Número 20349].

10.     Tanto la CM de la ADCC como la CM de la AFI también entran en vigor el 15 de marzo de 2022. *Véase* Caso Número 21-01493, ECF Número 74; Caso Número 21-01492, ECF Número 84.

11.     El 30 de diciembre de 2022, conforme al Título VI de PROMESA, el Tribunal aprobó la *Modificación Calificada de la Corporación Para el Financiamiento Público de Puerto Rico* (la "MC de la CFP") [Caso Número 21-01493, ECF Número 78]. La MC de la CFP advino efectiva el 12 de enero de 2023 [Caso Número 21-01493, ECF Número 80] y toda la deuda de la PRPFC fue descargada en su totalidad.

12.     El 18 de julio de 2023, la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico comenzó un procedimiento para la aprobación de la *Modificación Calificada Conforme al Título VI de PROMESA del Fondo para el Desarrollo del Turismo de Puerto Rico*

(la "MC de FDTPR") [Caso Número 23-01373, ECF Número 1]. La Junta de Control Fiscal es co-proponente de la MC de FDTPR, la cual modifica cierta deuda emitida por el Fondo para el Desarrollo del Turismo de Puerto Rico. El Tribunal llevará a cabo una vista para considera la aprobación de la MC de FDTPR durante la vista del 30 de agosto de 2023.

**C.    Confirmación del Plan de Ajuste de la ACT elaborado conforme al Título III**

13.    El 13 de agosto de 2022, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1377] (el "Quinto Plan Enmendado de la ACT"). El Tribunal tuvo en consideración la confirmación del Quinto Plan Enmendado de la ACT, así como las objeciones al mismo, en una vista celebrada el 17 de agosto de 2022, tras lo cual la orden propuesta para confirmar el Quinto Plan Enmendado de la ACT quedó pendiente de resolución.

14.    El 6 de septiembre de 2022, en respuesta a la orden anterior del Tribunal en la que se solicitaban determinadas revisiones del Quinto Plan Enmendado de la ACT, la Junta de Supervisión radicó el *Quinto plan enmendado de ajuste de la Autoridad de Carreteras y Transportación de Puerto Rico modificado elaborado conforme al Título III* [Caso Número 17-BK-3567, ECF Número 1404] (el "Plan de la ACT").

15.    El 12 de octubre de 2022, el Tribunal confirmó el Plan de la ACT.  [Caso Número 17-BK-3567, ECF Número 1415].

16.    El Plan de la ACT entra en vigor el 6 de diciembre de 2022.  [Caso Número 17-BK-3567, ECF Número 1450]. El 12 de julio de 2023, el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito rechazó el único recurso de apelación a la confirmación del Plan de la ACT. *Véase Vázquez-Velázquez c. la Junta de Supervisión y Administración Financiera para*

*Puerto Rico (In re: Junta de Supervisión y Administración Financiera para Puerto Rico)*, Número

22-1829 (1st Cir. 12 de julio de 2023).

**D.    Evidencias de reclamaciones, procedimientos relativos a objeciones globales y objeciones a reclamaciones**

17.    Hasta la fecha, se han radicado aproximadamente 182,599 evidencias de reclamaciones contra los Deudores, que han sido registradas por Kroll Restructuring Administration, LLC ("Kroll"). Dichas evidencias de reclamaciones ascienden a un total aproximado de $43.75 billones en reclamaciones radicadas contra los Deudores, además de los montos no liquidados reclamados.

18.    De las evidencias de reclamaciones radicadas, aproximadamente 118,837 han sido radicadas en relación con el ELA, o reclasificadas como radicadas contra el ELA. Aproximadamente 53,369 evidencias de reclamaciones han sido radicadas en relación con el SRE, o reclasificadas como radicadas contra el SRE. De conformidad con las condiciones de las Órdenes de Fecha Límite, muchas de estas reclamaciones no deberían haber sido radicadas en absoluto o adolecen de otro tipo de vicios; por ejemplo, haber sido enmendadas posteriormente, no alegar una reclamación por la que los Deudores sean responsables, estar duplicadas en relación con otras evidencias de reclamaciones o no aportar información necesaria para que los Deudores determinen si la reclamación es válida.

19.    Para resolver eficazmente el mayor número posible de las evidencias de reclamaciones innecesarias, el 16 de octubre de 2018 los Deudores radicaron ante este Tribunal su *Moción para que se dicte una orden que A) apruebe procedimientos limitados relativos a objeciones globales, B) exima el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) conceda el remedio relacionado* [ECF Número 4052] (la "Moción de Procedimientos Globales"). El Tribunal concedió el remedio solicitado en la Moción de

Procedimientos Globales mediante la orden de fecha 14 de noviembre de 2018. *Véase la Orden que A) aprueba procedimientos limitados relativos a objeciones globales, B) exime el requisito contenido en la regla 3007(e)(6) de las Reglas de Quiebras, y C) concede el remedio relacionado* [ECF Número 4230]; *Procedimientos relativos a Objeciones Globales* [ECF Número 4230-1] (conjuntamente, los "Procedimientos Iniciales relativos a Objeciones Globales"). El 29 de noviembre de 2018, el Tribunal aprobó las versiones en inglés y en español de los formularios de notificación relativos a las objeciones globales a efectos de radicarlas de conformidad con los Procedimientos Iniciales relativos a Objeciones Globales. *Véase Orden por la que se aprobaron las versiones en inglés y en español de los formularios de notificación relativos a objeciones globales* [ECF Número 4381] (la "Orden de Notificación").

20.     En aras del interés constante por resolver eficazmente cualesquiera evidencias de reclamaciones innecesarias, el 23 de mayo de 2019 los Deudores radicaron una moción relativa a procedimientos enmendados en la que solicitaron, entre otras cosas, que se les permitiera radicar objeciones globales sobre unas bases sustantivas, aumentar el número de reclamaciones que pudieran incluirse en una objeción y aprobar formas de notificación adicionales. *Notificación de vista en relación con una Orden que A) apruebe Procedimientos Enmendados relativos a Objeciones Globales, B) exima los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) apruebe formas de notificación adicionales y D) conceda el remedio relacionado* [ECF Número 7091]. El 14 de junio de 2019, el Tribunal concedió el remedio solicitado por medio de la *Orden que A) aprueba Procedimientos Enmendados relativos a Objeciones Globales, B) exime los requisitos contenidos en la regla 3007(e) de las Reglas de Quiebras, C) aprueba formas de notificación adicionales y D) concede el remedio relacionado* [ECF Número 7440] (los "Procedimientos Enmendados relativos a Objeciones Globales").

21. Conforme a los Procedimientos Iniciales relativos a Objeciones Globales y los Procedimientos Enmendados relativos a Objeciones Globales, el Tribunal ha celebrado hasta la fecha más de 28 vistas relacionadas con más de 500 objeciones globales radicadas por el ELA, la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA"), la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"), la Autoridad de Edificios Públicos de Puerto Rico (la "AEP"), la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") y/o el SRE. Sobre la base de las resoluciones y órdenes del Tribunal dictadas hasta la fecha, y de la retirada de determinadas reclamaciones conforme al Plan, aproximadamente 124,966 reclamaciones que reivindicaban $43.6 billones en responsabilidad contra el ELA, COFINA, la AEE, la AEP, la ACT y el SRE fueron rechazadas y serán retiradas del registro de reclamaciones en el marco de los procedimientos radicados conforme al Título III una vez dictadas las órdenes finales.

22. Esta Sexcentésima tercera objeción global se radica de conformidad con los Procedimientos relativos a Objeciones Globales del Tribunal.

## OBJECIONES A EVIDENCIAS DE RECLAMACIONES

23. Los Procedimientos Enmendados relativos a Objeciones Globales permiten a los Deudores radicar una objeción global a varias evidencias de reclamaciones sobre cualquiera de las bases recogidas en las reglas 3007(d)(1) a (7) de las Reglas Federales del Procedimiento de Quiebra (*Federal Rule of Bankruptcy Procedure*), así como sobre otras bases sustantivas establecidas en los Procedimientos Enmendados relativos a Objeciones Globales.

24. La Sexcentésima tercera objeción global pretende que se rechacen, de conformidad con la regla 3007(d)(1) de las Reglas Federales del Procedimiento de Quiebra y los Procedimientos Enmendados relativos a Objeciones Globales, reclamaciones que estén sustancialmente duplicadas con respecto a otras evidencias de reclamaciones radicadas en el marco de los Casos de Título III.

25.     Como se establece en el **Anexo A** del presente documento, las reclamaciones identificadas en las columnas tituladas "Reclamaciones que han de ser rechazadas" (conjuntamente, las "Reclamaciones que han de ser rechazadas") alegan las mismas responsabilidades que las reclamaciones identificadas en las columnas tituladas "Reclamaciones Restantes" (cada una denominada una "Reclamación Restante" y conjuntamente, las "Reclamaciones Restantes"). [4] En algunos casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, establecen los mismos fundamentos para la reclamación, adjuntan la misma documentación y/o reclaman un mismo monto que las Reclamaciones Restantes. En otros casos, las Reclamaciones que han de ser rechazadas fueron radicadas en nombre de los mismos reclamantes que en las Reclamaciones Restantes, alegan el mismo monto de reclamación y establecen los mismos fundamentos de la reclamación, si bien las Reclamaciones Restantes proporcionan documentación justificativa adicional o descripción adicional relativa al fundamento de la reclamación que no se ha proporcionado con las Reclamaciones que han de ser rechazadas. Y en otros casos más, los formularios de evidencias de reclamaciones sometidos por las Reclamaciones Restantes y las Reclamaciones que han de ser rechazadas no son exactamente idénticos, pero tanto las Reclamaciones Restantes como las Reclamaciones que han de ser rechazadas alegan las mismas responsabilidades en nombre del mismo reclamante e invocan la misma documentación justificativa. En consecuencia, las Reclamaciones que han de ser rechazadas constituyen duplicados con respecto a una o más Reclamaciones Restantes. Si las Reclamaciones que han de

---

[4] Determinadas Reclamaciones Restantes quedan sujetas a unas objeciones que buscan reclasificarlas como las alegadas contra otros deudores. Una vez que dichas objeciones hayan sido ordenadas, tanto la Reclamación que ha de ser rechazada como la Reclamación Restante estarán alegadas contra un mismo deudor.

ser rechazadas no son rechazadas, ello resultaría en que los correspondientes reclamantes obtuvieran potencialmente una recuperación duplicada no justificada contra los Deudores en detrimento de otras partes interesadas en los Casos de Título III. Los titulares de las Reclamaciones que han de ser rechazadas no se verán perjudicados por el hecho de que se rechacen sus reclamaciones, puesto que cada uno de ellos mantendrá una Reclamación Restante contra los Deudores, según se establece en el **Anexo A** del presente documento. Puesto que esta Sexcentésima tercera objeción global a las Reclamaciones que han de ser rechazadas no constituye una objeción a las Reclamaciones Restantes, los Deudores se reservan el derecho a oponerse a las Reclamaciones Restantes sobre la base de cualesquiera otros motivos que fueren.

26. En apoyo de lo anterior, los Deudores invocan la *Declaración de Jay Herriman en apoyo de la Sexcentésima tercera objeción global (no sustantiva) del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico a Reclamaciones Duplicadas*, de fecha 18 de agosto de 2023, adjunta al presente como **Anexo B**.

## NOTIFICACIÓN

27. De conformidad con los Procedimientos relativos a Objeciones Globales y la Orden de Notificación del Tribunal, los Deudores han notificado la presente Sexcentésima tercera objeción global a) a los acreedores individuales objeto de esta Sexcentésima tercera objeción global, b) al U.S. Trustee, y c) a la Lista maestra de notificaciones (según se define en los *Procedimientos de administración de casos enmendados Número 17* [ECF Número 24726-1]), disponibles en el sitio web de casos de los Deudores, en https://cases.ra.kroll.com/puertorico. Una copia de la notificación relativa a esta Sexcentésima tercera objeción global se adjunta al presente como **Anexo C**. Las traducciones al español de la Sexcentésima tercera objeción global y de la totalidad de los anexos adjuntos al presente se están radicando con la presente objeción y se

trasladarán a las partes. Los Deudores sostienen que, dada la naturaleza del remedio solicitado, no

es necesario enviar ninguna otra notificación.

## **AUSENCIA DE SOLICITUDES PREVIAS**

28.     No se ha radicado ninguna solicitud de remedio previa a la presente Sexcentésima

tercera objeción global ni ante este Tribunal ni ante ningún otro órgano judicial.


*[El resto de la página se deja en blanco intencionadamente]*

POR LO QUE los Deudores solicitan respetuosamente que se dicte una orden, esencialmente en la forma de la Orden Propuesta que se adjunta al presente como **Anexo D**, 1) que conceda el remedio solicitado en el presente documento, y 2) que conceda a los Deudores cualesquiera otros remedios que se consideren justos.

Fecha: 18 de agosto de 2023
           San Juan (Puerto Rico)

Respetuosamente sometida,

*[Firma en la versión en inglés]*
Hermann D. Bauer
USDC Número 215205
Carla García-Benítez
USDC Número 203708
Gabriel A. Miranda
USDC Número 306704
**O'NEILL & BORGES LLC**
250 Avenida Muñoz Rivera., local 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

*[Firma en la versión en inglés]*
Martin J. Bienenstock (*pro hac vice*)
Brian S. Rosen (*pro hac vice*)
**PROSKAUER ROSE LLP**
Eleven Times Square
Nueva York, NY 10036
Tel.: (212) 969-3000
Fax: (212) 969-2900

*Abogados de la Junta de Supervisión y Administración Financiera para Puerto Rico, como representante del Estado Libre Asociado de Puerto Rico y del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico.*