# **EXHIBIT B**

**Declaration of Jay Herriman**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>**This filing relates to the Commonwealth and HTA.** |

## DECLARATION OF JAY HERRIMAN IN SUPPORT OF SIX HUNDRED FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO PARTIAL DUPLICATE, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

I, Jay Herriman, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am a Managing Director of Alvarez & Marsal North America, LLC ("A&M"). The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") retained A&M to assist with, *inter alia*, the claims reconciliation process for the Debtors' (as defined

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

below) cases filed pursuant to the *Puerto Rico Oversight, Management, and Economic Stability Act* ("PROMESA").[2] Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.

2. In my capacity as a Managing Director of A&M, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Debtors' cases filed pursuant to PROMESA. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of A&M employees, employees of various agencies within the government of the Commonwealth of Puerto Rico (the "Commonwealth"), as well as Proskauer Rose LLP and O'Neill & Borges LLC, counsel for the Oversight Board, the legal representative for the Commonwealth and the Puerto Rico Highways and Transportation Authority ("HTA," and together with the Commonwealth, the "Debtors").

3. I submit this declaration in support of the *Six Hundred Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Partial Duplicate, No Liability, and Incorrect Debtor Bond Claims* (the "Six Hundred Fifth Omnibus Objection").[3] I have personally reviewed the Six Hundred Fifth Omnibus Objection and exhibits thereto and I am, accordingly, familiar with the information contained therein.

4. In preparation for filing the Six Hundred Fifth Omnibus Objection, and under my direction and/or supervision, each of the claims at issue in the Six Hundred Fifth Omnibus Objection was carefully reviewed and analyzed in good faith using due diligence by the appropriate personnel. These efforts resulted in the identification of the claims to be partially disallowed, as

---

[2] PROMESA is codified at 48 U.S.C. §§ 2101-2241.

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Six Hundred Fifth Omnibus Objection.

2

identified in the column titled "Claims to Be Partially Disallowed" in **Exhibit A** to the Six Hundred Fifth Omnibus Objection.

5. To the best of my knowledge, information, and belief, the claims listed on **Exhibit A** to the Six Hundred Fifth Omnibus Objection each purport to be based, in part, on (*a*) bond claims that are duplicative of one or more master proofs of claim filed against the Debtors on behalf of the holders of certain bonds; (*b*) an ownership interest in bonds issued the Puerto Rico Public Finance Corporation ("PRPFC") or the Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("AFICA"), which are not Title III Debtors, for amounts for which the Debtors have not guaranteed repayment; (*c*) investments in mutual funds, which in turn may have invested in bonds issued by the Debtors; and/or (*d*) bond claims based on bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA"), which claims have been discharged pursuant to the Commonwealth Confirmation Order and the PRIFA QM. Further, another portion of the liabilities asserted by each proof of claim listed on **Exhibit A** is associated with general obligation bonds issued by the Commonwealth, which bonds were treated by the Plan and paid pursuant to its terms, and may be expunged pursuant to the terms of the Commonwealth Confirmation Order. The remaining liabilities asserted by each proof of claim listed on **Exhibit A** assert claims based on bonds issued by the Puerto Rico Electric Power Authority ("PREPA"); such claims should be reclassified because they are properly asserted, if at all, against PREPA.

6. Accordingly, for the reasons set forth in the Six Hundred Fifth Omnibus Objection, the Debtors request that the Claims to Be Partially Disallowed be partially disallowed.

7. Based on the foregoing, and to the best of my knowledge, information and belief, the information contained in the Six Hundred Fifth Omnibus Objection and exhibits thereto is true

3

and correct, and the relief requested therein is in the best interests of the Commonwealth, HTA, and their creditors.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: August 18, 2023
New York, NY

By: */s/ Jay Herriman*
Jay Herriman

# **ANEXO B**

**Declaración de Jay Herriman**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*:<br><br>JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO,<br><br>  como representante del<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al*.,<br><br>                    Deudores.[1] | PROMESA<br>Título III<br><br>Número: 17 BK 3283-LTS<br><br>(Administrado Conjuntamente)<br><br>**La presente radicación guarda relación con el ELA y la ACT.** |

**DECLARACIÓN DE JAY HERRIMAN EN APOYO DE LA SEXCENTÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO**

Yo, Jay Herriman, de conformidad con el Título 28 U.S.C., § 1746, por medio de la presente declaro, so pena de incurrir en falso testimonio, que lo que sigue es veraz y correcto a mi leal saber y entender:

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

1. Soy director general de Alvarez & Marsal North America, LLC ("A&M"). La Junta de Supervisión y Administración Financiera para Puerto Rico (la "Junta de Supervisión") contrató a A&M para que le ayudara, entre otras cosas, con el proceso de reconciliación de reclamaciones en relación con los casos de los Deudores (según se define abajo) radicados conforme a la *Ley para la Supervisión, Administración y Estabilidad Económica de Puerto Rico* ("PROMESA").[2] Salvo disposición en contrario en la presente declaración, tengo conocimiento personal de los hechos aquí expuestos.

2. En mi capacidad de director general de A&M, soy una de las personas responsables de supervisar el proceso de reconciliación y objeciones relativo a las reclamaciones en el marco de los casos de los Deudores radicados conforme a PROMESA. El proceso continuo de reconciliación de reclamaciones de los Deudores implica un esfuerzo colectivo de un equipo de los empleados de A&M, empleados de varias agencias que forman parte del gobierno del Estado Libre Asociado de Puerto Rico (el "ELA"), así como de Proskauer Rose LLP y de O'Neill & Borges LLC, abogados de la Junta de Supervisión, el representante legal del ELA y de la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT", y junto con el ELA, los "Deudores").

3. Realizo esta declaración en apoyo de la *Sexcentésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, en las que no existe responsabilidad y radicadas contra el deudor incorrecto* (la "Sexcentésima quinta objeción global").[3] He revisado personalmente la Sexcentésima quinta objeción global, y los anexos relativos a la misma, por lo que estoy familiarizado con la información que contienen.

---

[2] PROMESA ha sido codificada en el Título 48 U.S.C., §§ 2101-2241.

[3] Los términos en mayúscula utilizados que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Sexcentésima quinta objeción global.

2

4. Durante el proceso de preparación para radicar la Sexcentésima quinta objeción global, bajo mi dirección y/o supervisión, cada una de las reclamaciones controvertidas en la Sexcentésima quinta objeción global fue examinada y analizada cuidadosamente de buena fe aplicando la debida diligencia por parte del personal pertinente. Dichos esfuerzos resultaron en la identificación de las reclamaciones que han de ser rechazadas parcialmente, según se identifica en la columna "Reclamaciones que han de ser rechazadas parcialmente" del **Anexo A** de la Sexcentésima quinta objeción global.

5. A mi leal saber y entender, las reclamaciones que aparecen en el **Anexo A** de la Sexcentésima quinta objeción global pretenden basarse, en parte, *a*) en reclamaciones por bonos que constituyen duplicados con respecto a una o más evidencias de reclamaciones principales radicadas contra los Deudores en nombre de determinados bonistas; *b*) en una participación patrimonial en bonos emitidos por la Corporación para el Financiamiento Público de Puerto Rico (la "CFPPR") o la Autoridad para el Financiamiento de Facilidades Industriales, Turísticas, Educativas, Médicas y de Control Ambiental (la "AFICA"), que no son Deudores de Título III, por unos montos por los que los Deudores no han garantizado el reembolso; *c*) en inversiones en fondos mutuos que a su vez pudieron haber invertido en bonos emitidos por los Deudores; y/o *d*) en reclamaciones por bonos basadas en unos bonos emitidos por la Autoridad para el Financiamiento de la Infraestructura de Puerto Rico (la "AFI"), que han sido descargados conforme a la Orden de Confirmación del ELA y la MC de AFI. Además, otra parte de las responsabilidades alegadas en cada una de las evidencias de reclamaciones que aparecen en el **Anexo A** está vinculada con bonos de obligación general emitidos por el ELA, bonos que han sido tratados por el Plan y pagados conforme a sus propios términos, por lo que podrán ser eliminados conforme a los términos de la Orden de Confirmación del ELA. El resto de las responsabilidades alegadas en

3

cada una de las evidencias de reclamaciones que figuran en el **<u>Anexo A</u>** alegan reclamaciones sobre la base de unos bonos emitidos por la Autoridad de Energía Eléctrica de Puerto Rico (la "<u>AEE</u>"); dichas reclamaciones deben reclasificarse porque lo correcto sería, si acaso, alegarlas contra la AEE.

6. En consecuencia, por los motivos expuestos en la Sexcentésima quinta objeción global, los Deudores solicitan que las Reclamaciones que han de ser rechazadas parcialmente sean parcialmente rechazadas.

7. Sobre la base de lo que antecede, y a mi leal saber y entender, la información contenida en la Sexcentésima quinta objeción global y en sus anexos es veraz y correcta, y el remedio allí solicitado redunda en el mejor interés del ELA, de la ACT y de sus acreedores.

8. Declaro, so pena de incurrir en falso testimonio conforme a las leyes de los Estados Unidos de América, que lo que antecede es veraz y correcto a mi leal saber y entender.

Fecha: 18 de agosto de 2023
Nueva York, NY

Por: *[Firma en la versión en inglés]*
Jay Herriman

4