# **EXHIBIT D**

**Proposed Order**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al*.,<br><br>                    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered)<br><br>This filing relates to the Commonwealth and HTA. |

### ORDER GRANTING SIX HUNDRED FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) OF THE COMMONWEALTH OF PUERTO RICO AND THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY TO PARTIAL DUPLICATE, NO LIABILITY, AND INCORRECT DEBTOR BOND CLAIMS

Upon the *Six Hundred Fifth Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Puerto Rico Highways and Transportation Authority to Partial Duplicate, No Liability, and Incorrect Debtor Bond Claims* (the "Six Hundred Fifth Omnibus Objection")[2] filed by the Commonwealth of Puerto Rico (the "Commonwealth") and the

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA", and together with the Commonwealth, COFINA, HTA, ERS, and PREPA, the "Debtors") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Six Hundred Fifth Omnibus Objection.

Puerto Rico Highways and Transportation Authority ("HTA"), dated August 18, 2023, for entry of an order partially disallowing and partially reclassifying certain claims filed against the Commonwealth and HTA, as more fully set forth in the Six Hundred Fifth Omnibus Objection and supporting exhibits thereto; and the Court having jurisdiction to consider the Six Hundred Fifth Omnibus Objection and to grant the relief requested therein pursuant to PROMESA Section 306(a); and venue being proper pursuant to PROMESA Section 307(a); and due and proper notice of the Six Hundred Fifth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the claims identified in Exhibit A to the Six Hundred Fifth Omnibus Objection (the "Claims to Be Partially Disallowed and Partially Reclassified") seek recovery, in part, of amounts for which the Debtors are not liable; and the Court having determined that the Claims to Be Partially Disallowed and Partially Reclassified seek recovery, in part, of amounts that are duplicative of one or more Master Proofs of Claim filed in the Title III Cases; and the Court having determined that a portion of certain of the Claims to Be Partially Disallowed and Partially Reclassified should be reclassified because, to the extent they assert any liability at all, they do so against the Puerto Rico Electric Power Authority ("PREPA"); and the Court having determined that the relief sought in the Six Hundred Fifth Omnibus Objection is in the best interest of the Commonwealth, HTA, and their creditors, and all the parties in interest; and the Court having determined that the legal and factual bases set forth in the Six Hundred Fifth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Six Hundred Fifth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the portions of the claims identified in Exhibit A to the Six Hundred Fifth Omnibus Objection (the "Claims to Be Partially Disallowed") are hereby reduced and disallowed, such that the Claims to Be Partially Disallowed shall now only be considered claims asserting the amount set forth in the column titled "Corrected" in Exhibit A to the Six Hundred Fifth Omnibus Objection, respectively; and it is further

ORDERED that Kroll is authorized and directed to designate the portions of the Claims to Be Partially Disallowed as expunged on the official claims register in the Title III Case; and it is further

ORDERED that the claims identified in the column titled "Asserted" in Exhibit A to the Six Hundred Fifth Omnibus Objection (the "Partially Reclassified Bond Claims") are hereby reclassified to be claims asserted against PREPA, as indicated in the column titled "Corrected" in Exhibit A; and it is further

ORDERED that the Debtors' right to object to the Partially Reclassified Bond Claims is reserved; and it is further

ORDERED that Kroll is authorized and directed, in the official claims register in the PROMESA cases, to move the claims identified in the column titled "Asserted" in Exhibit A to the Six Hundred Fifth Omnibus Objection from the Title III case for the debtor(s) identified in the column titled "Asserted" in Exhibit A to the Six Hundred Fifth Omnibus Objection to PREPA's Title III Case (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747)); and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

SO ORDERED.

Dated: _____

                                                Honorable Judge Laura Taylor Swain
                                                United States District Judge

# **ANEXO D**

**Orden Propuesta**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DE PUERTO RICO**

| | |
|---|---|
| *In re*: <br><br> JUNTA DE SUPERVISIÓN Y ADMINISTRACIÓN FINANCIERA PARA PUERTO RICO, <br><br> como representante del <br><br> ESTADO LIBRE ASOCIADO DE PUERTO RICO *et al.*, <br><br> Deudores.¹ | PROMESA <br> Título III <br><br> Número: 17 BK 3283-LTS <br><br> (Administrado Conjuntamente) <br><br> La presente radicación guarda relación con el ELA y la ACT. |

ORDEN POR LA QUE SE CONCEDE LA SEXCENTÉSIMA QUINTA OBJECIÓN GLOBAL (SUSTANTIVA) DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DE LA AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO A RECLAMACIONES POR BONOS PARCIALMENTE DUPLICADAS, EN LAS QUE NO EXISTE RESPONSABILIDAD Y RADICADAS CONTRA EL DEUDOR INCORRECTO

Vista la *Sexcentésima quinta objeción global (sustantiva) del Estado Libre Asociado de Puerto Rico y de la Autoridad de Carreteras y Transportación de Puerto Rico a Reclamaciones por bonos parcialmente duplicadas, en las que no existe responsabilidad y*

---

[1] Los Deudores en los presentes Casos de Título III, junto con el respectivo número de caso de Título III y los últimos cuatro (4) dígitos del número de identificación contributiva federal de cada Deudor, en su caso, son i) el Estado Libre Asociado de Puerto Rico (el "ELA") (Caso de Quiebra Número 17 BK 3283-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3481); ii) la Corporación del Fondo de Interés Apremiante de Puerto Rico ("COFINA") (Caso de Quiebra Número 17 BK 3284-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 8474); iii) la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT") (Caso de Quiebra Número 17 BK 3567-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3808); iv) el Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (el "SRE") (Caso de Quiebra Número 17 BK 3566-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 9686); v) la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE") (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y vi) la Autoridad de Edificios Públicos de Puerto Rico (la "AEP", y junto con el ELA, COFINA, la ACT, el SRE y la AEE, los "Deudores") (Caso de Quiebra Número 19-BK-5523-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3801) (Los números de los casos de Título III están enumerados como números de casos de quiebra debido a ciertas limitaciones en el programa informático).

*radicadas contra el deudor incorrecto* (la "Sexcentésima quinta objeción global")[2] radicada por el Estado Libre Asociado de Puerto Rico (el "ELA") y la Autoridad de Carreteras y Transportación de Puerto Rico (la "ACT"), de fecha 18 de agosto de 2023, en la que se solicita que se dicte una orden que rechace parcialmente y reclasifique parcialmente determinadas reclamaciones radicadas contra el ELA y la ACT, según se expone con más detalle en la propia Sexcentésima quinta objeción global y los anexos justificativos de la misma; y al tener el Tribunal jurisdicción para atender la Sexcentésima quinta objeción global y para conceder el remedio en ella solicitado conforme a PROMESA, sección 306(a); y siendo la sede judicial competente conforme a PROMESA, sección 307(a); y habiéndose efectuado, en tiempo y forma, la notificación de la Sexcentésima quinta objeción global a aquellas partes que en ella se identifican, sin ser necesario efectuar ninguna otra notificación; y habiendo determinado el Tribunal que las reclamaciones identificadas en el Anexo A de la Sexcentésima quinta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente") pretenden obtener la recuperación, en parte, de montos por los que los Deudores no son responsables; y habiendo determinado el Tribunal que las Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente pretenden recuperar, en parte, montos que constituyen duplicados con respecto a una o más Evidencias de reclamaciones principales radicadas en el marco de los Casos de Título III; y habiendo determinado el Tribunal que una parte de determinadas Reclamaciones que han de ser rechazadas parcialmente y reclasificadas parcialmente debe reclasificarse porque, en la medida en que aleguen alguna responsabilidad, lo hagan contra la Autoridad de Energía Eléctrica de Puerto Rico (la "AEE"); y habiendo determinado el Tribunal que el remedio solicitado

---

[2] Los términos con mayúscula que no estén definidos en el presente documento tendrán el significado que les haya sido atribuido en la Sexcentésima quinta objeción global.

2

en la Sexcentésima quinta objeción global redunda en el mejor interés del ELA, de la ACT, de sus acreedores, así como de la totalidad de las partes interesadas; y habiendo determinado el Tribunal que las bases de hecho y de derecho establecidas en la Sexcentésima quinta objeción global establecen una causa justificada para el remedio aquí concedido; y tras la debida deliberación y concurriendo suficientes motivos para ello, por medio de la presente,

SE ORDENA que SE CONCEDA la Sexcentésima quinta objeción global, según se establece en el presente documento; además

SE ORDENA que las partes de las reclamaciones identificadas en el Anexo A de la Sexcentésima quinta objeción global (las "Reclamaciones que han de ser rechazadas parcialmente") se reduzcan y rechacen, de tal manera que de aquí en adelante las Reclamaciones que han de ser rechazadas parcialmente solo se consideren reclamaciones que alegan el monto que figura en la columna titulada "Corregidas" en el Anexo A de la Sexcentésima quinta objeción global, respectivamente; asimismo

SE ORDENA que Kroll quede autorizada, y reciba instrucciones, para designar las partes de las Reclamaciones que han de ser rechazadas parcialmente como eliminadas del registro oficial de reclamaciones en el marco del Caso de Título III; también

SE ORDENA que las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Sexcentésima quinta objeción global (las "Reclamaciones por Bonos Parcialmente Reclasificadas") queden reclasificadas como reclamaciones alegadas contra la AEE, conforme a lo identificado en la columna titulada "Corregidas" en el Anexo A; además

SE ORDENA que el derecho que asiste a los Deudores a objetar a las Reclamaciones por bonos parcialmente reclasificadas quede reservado; asimismo

3

SE ORDENA que Kroll quede autorizada, y reciba instrucciones, para trasladar, en el registro oficial de reclamaciones relativo a los casos radicados conforme a PROMESA, las reclamaciones identificadas en la columna titulada "Alegadas" en el Anexo A de la Sexcentésima quinta objeción global del caso de Título III del/de los deudor(es) identificadas en la columna titulada "Alegadas" en el Anexo A de la Sexcentésima quinta objeción global al Caso de Título III de la AEE (Caso de Quiebra Número 17 BK 4780-LTS) (Últimos cuatro dígitos de la identificación contributiva federal: 3747); y por último

SE ORDENA que este Tribunal conserve jurisdicción para atender y resolver la totalidad de las materias que surjan de, o en relación con, la implementación, interpretación o ejecución de la presente Orden.

ASÍ SE ESTABLECE.

Fecha: _____

_____
Su señoría, la juez Laura Taylor Swain
Juez de Distrito de los Estados Unidos
(*United States District Judge*)

4