UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

   as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

   Debtors.[1]

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

-------------------------------------------------------------x

ORDER CONCERNING LATE-FILED RESPONSE TO
FIVE-HUNDRED NINETY-SECOND OMNIBUS OBJECTION

      The Court has received and reviewed both the *Informative Motion Regarding Excusable Neglect Pursuant to Fed. R. Bankr. P. 9006(b)(1)* (Docket Entry No. 24920 in Case No. 17-3283) (the "Informative Motion"),[2] as well as the *Opposition to the "Five-Hundred Ninety-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which the Debtors are Not Liable"* (Docket Entry No. 24921) (the "Response"), filed by José A. Álvarez Galarza (Claim No. 34470), José Ángel Betancourt Castellano (Claim No. 39398), Juan Manuel Cruz Morales (Claim No. 36398), Domingo Fantauzzi Ramos (Claim No. 30222), Leonardo García Pacheco (Claim No. 364467), Luis A. García Serrano (Claim No. 29836), Nelson López Laboy (Claim No. 30208), Benjamín Morales Pagán (Claim

---

[1]    The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2]    Unless otherwise noted, all references herein to Docket Entry Nos. are references to Case No. 17-2383.

No. 26996), Henry Orta Vázquez (Claim No. 31812), Arnaldo L. Ortiz Mateo (Claim No. 27622), Jaime Luis Osorio Cepeda (Claim No. 26995), Francisco Reyes Colón (Claim No. 34471), Roberto Rodríguez-Rodríguez (Claim No. 31807), Pedro Ruiz Delgado (Claim No. 28660), Carmelo Santiago Otero (POC 28904), Antonio Santiago Vargas (Claim No. 29773), and Rainiero Vázquez Fontán (Claim No. 81555) (collectively, the "Claimants").

In the Informative Motion, Claimants detail their unsuccessful efforts to file timely responses to the *Five-Hundred Ninety-Second Omnibus Objection (Substantive) of the Commonwealth of Puerto Rico and the Employees' Retirement System of the Government of the Commonwealth of Puerto Rico to Claims for Which the Debtors are Not Liable* (Docket Entry No. 24760) (the "592nd Omnibus Claims Objection"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"). Claimants ask the Court to determine that the dilatory filing of the Response was an act of excusable neglect, and to accept the Response. (Info Mot. ¶¶ 6-7.)

Subdivision 9006(b)(1) of the Federal Rules of Bankruptcy Procedure,[3] provides in pertinent part that: "[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

The evaluation of excusable neglect involves an equitable balancing of several factors. These include "the danger of prejudice . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Graphic Commc'ns Int'l Union, Loc. 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The Court must also consider whether the dilatory filing was made in bad faith with the intent to disadvantage a party in interest, and whether the circumstances were within the reasonable control of the late filer, but negligence or indifference led to the delay, or if the late filer acted in good faith but was hindered by reasonably unforeseen obstacles. See generally Pioneer Inv. Servs., 507 U.S. at 385, 395-96.

Here, as recounted in the Informative Motion, Claimants made several efforts to meet the response deadline imposed by the 592nd Omnibus Claims Objection—including timely filing a physical copy of the Response, which was properly rejected as a defective filing (Docket Entry No. 24892). Although earlier inquiry into filing procedures should have been undertaken, Claimants have established that the late-filing occurred despite good faith efforts and due to the hindrance of reasonably unforeseen obstacles. Additionally, the length of the delay was negligible.

---

[3] The Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are made applicable in these Title III cases by section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). 48 U.S.C. § 2170. PROMESA is codified at 48 U.S.C. section 2101 et seq.

Accordingly, the Claimants' neglect is excused, and the Court will consider the Response.[4] However, and despite the short length of the delay, from the substance of the Response it appears that additional time for the parties to discuss resolution would be appropriate. Therefore, solely with respect to Claimants' relevant proofs of claim, the hearing on the 592nd Omnibus Claims Objection is hereby adjourned to the omnibus hearing scheduled for **October 4, 2023**, at **9:30 a.m. (Atlantic Standard Time)**.

SO ORDERED.

Dated: August 21, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[4] This Order resolves Docket Entry No. 24920, the motion requesting this relief.