UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |

<u>MEMORANDUM ORDER DENYING MOTION FOR RECONSIDERATION OF DOCKET ENTRY NO. 14772</u>

Before the Court is a motion (Docket Entry No. 24817 in Case No. 17-3283) (the "Motion"),[2] filed by pro se claimant Lizzette Garriga Ortiz (the "Movant"). The Motion appears to seek reconsideration of the *First Order (A) Granting in Part the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the*

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico ("Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] All docket entry references are to entries in Case No. 17-3283, unless otherwise specified.

*Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided, (B) Approving Form of Notice, and (C) Granting Related Relief* (Docket Entry No. 14772) (the "Order"), which disallowed Movant's Proof of Claim No. 42345 (the "Claim") against the Commonwealth of Puerto Rico (the "Commonwealth").

The Court has carefully considered the Motion and the *Objection of the Commonwealth of Puerto Rico to Lizzette Garriga Ortiz's Motion for Reconsideration* (Docket Entry No. 24882) (the "Response"), filed by the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board").[3] For the following reasons, the Motion is denied, and the Claim remains disallowed.

## Background

On June 26, 2018, Movant filed her Claim asserting $60,362.25 dollars in liabilities for her accumulated contribution in the Teachers' Retirement System. (Claim at 3; Resp. ¶ 3.) However, the Claim failed to provide information necessary for the Commonwealth to reconcile the Claim. (Resp. ¶ 3.) Consistent with the *Order Granting in Part and Adjourning in Part Debtors' Motion for Entry of An Order (A) Authorizing Alternative Dispute Resolution Procedures, (B) Approving Additional Forms of Notice, (C) Approving Proposed Mailing, and (D) Granting Related Relief* (Docket Entry No. 8453) (the "Authorized Mailings Order"), the Commonwealth sent Movant a letter, substantially in the form of Exhibit 1 to the Authorized Mailings Order (the "First Letter"), which informed Movant that the Commonwealth required additional information regarding her claim and requested that Movant provide such information

---

[3]  The Court has also carefully considered the certified English translation of the Motion filed by the Oversight Board. (See *Informative Motion Regarding Submission of Certified Translations*, Docket Entry No. 24883.)

by a date certain. (Resp. ¶ 4.) The First Letter also provided that Movant's failure to timely respond and produce additional information regarding her claim would result in the Commonwealth objecting to her claim. (Resp. ¶ 4 n.4.) Movant failed to submit a timely response to the letter. (Resp. ¶ 4.)

On October 24, 2019, the Commonwealth, together with the Puerto Rico Highways and Transportation Authority ("HTA") and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (collectively the "Debtors"), filed the *Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and the Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided* (Docket Entry No. 8968) (the "Eighty-First Omnibus Objection"), which objected to numerous claims, including Movant's Claim, for failure to provide information necessary to enable the Commonwealth to reconcile the claims. Movant was served with a copy of the notice attached to the Eighty-First Omnibus Objection as Exhibit C (the "Notice") along with a copy of Exhibit A[4] to the Eighty-First Omnibus Objection. (Resp. ¶ 5; see also *Supplemental Certificate of Service*, Docket Entry No 9585 Ex. D (providing that Movant was served by first class mail with a copy of the Notice at the address on file).)[5] The Notice was served in English and Spanish and stated that the Debtors were seeking to disallow the claims listed in the attached Exhibit A. (Resp. ¶ 5; Notice at 1.)

---

[4] The Exhibit A attached to the Notice was identical to Exhibit A to the Eighty-First Omnibus Objection, which listed the names of claimants along with the corresponding proof of claim numbers of claims that were allegedly deficient.

[5] Exhibit A to the Eighty-First Omnibus objection stated that the Movant's address on file was "PO Box 3501, PMB 218, Juana Diaz, PR 00795," which is the same address provided by Movant in the Claim and the Motion. (Claim at 2; Mot. at 1.)

Furthermore, the Notice provided that the deadline to respond to the Eighty-First Omnibus Objection was November 26, 2019, and instructed claimants to contact Prime Clerk, LLC[6] at a provided toll-free number or email if they had any questions. (Resp. ¶¶ 5-6; Notice at 2-6.) Exhibit A to the Notice listed Movant's Claim under the name "Ortiz, Lizzette Garriga" along with Movant's address and the number of her Claim. (Notice Ex. A at 57.) Movant did not file a response to the Eighty-First Omnibus Objection. (Resp. ¶ 8.)

On October 6, 2020, the Debtors filed the *Notice of Presentment of Proposed Order (A) Granting in Part the Eighty-First Omnibus Objection (Non-Substantive) of the Commonwealth of Puerto Rico, Puerto Rico Highways and Transportation Authority, and Employees Retirement System of the Government of the Commonwealth of Puerto Rico to Deficient Claims Asserting Interests Based on Salary Demands, Employment or Services Provided, (B) Approving Form of Notice for Claims to Be Set for Hearing, and (C) Granting Related Relief* (Docket Entry No. 14474) (the "Notice of Presentment"), which provided notice that the claimants associated with the claims listed in the attached Exhibit C, which included Movant's Claim, had failed to respond to the Eighty-First Omnibus Objection. (Notice of Presentment at 5; Resp. ¶ 10.) Like Exhibit A to the Notice, Exhibit C to the Notice of Presentment listed Movant's name as "Ortiz, Lizzette Garriga" along with Movant's address and the number of her Claim. (Notice of Presentment, Exhibit C at 54.) Movant was served with a copy of the Notice of Presentment. (See *Certificate of Service*, Docket Entry No 14589, Ex. E at 7-8; Resp. ¶ 10.) Movant did not file a response to the Notice of Presentment. The Court issued the Order on October 22, 2020, disallowing Movant's Claim, among others. Approximately two years and nine months after the entry of the Order, Movant filed this Motion.

---

[6] Prime Clerk, LLC is now known as Kroll Restructuring Associates.

<u>DISCUSSION</u>

Movant does not appear to dispute that she received the First Letter, the Notice, and the Notice of Presentment in the mail, nor does Movant dispute that her address and proof of claim number listed in Exhibit A to the Notice and Exhibit C to the Notice of Presentment are correct. Instead, Movant argues that she did not respond to the Eighty-First Omnibus Objection because her name was incorrectly listed on Exhibit A to the Notice and Exhibit C to the Notice of Presentment as "Ortiz, Lizzette Garriga" instead of "Garriga Ortiz, Lizzette." (Mot. at 2.) Therefore, Movant argues, whenever she searched for her Claim within the list of names in Exhibit A to the Notice or Exhibit C to the Notice of Presentment, she searched under "Garriga," her paternal last name, and not "Ortiz," her maternal last name.[7] (Mot. at 2.) In support of her argument, Movant attaches documents that appear to be from her served copy of the Notice of Presentment, which lists her name as "Ortiz, Lizzette Garriga" among a list of other names, as well as on a page on its own. (Mot. Ex. 1 at 4-5.) Based on the incorrect ordering of her last names, Movant requests that this Court reconsider its Order more than two years and nine months after its issuance.

While Movant does not specify the legal basis under which she seeks reconsideration of the Order, the Court finds that Movant is either time-barred from asserting relief or has failed to meet her burden under the applicable standards. First, because Movant waited two years and nine months to file the Motion, she is time-barred from seeking relief under

---

[7]   Puerto Ricans generally follow the Latin American naming tradition of a two-part surname consisting of the paternal surname followed by the maternal surname. <u>See generally</u>, Yvonne M. Cherena Pacheco, <u>Latino Surnames: Formal and Informal Forces in the United States Affecting the Retention and Use of the Maternal Surname</u>, 18 T. Marshall L. Rev. 1 (1992). The use of both surnames—in the correct order—is not only culturally important but is also "essential to self-identification." <u>Id.</u> at 11.

Federal Rules of Civil Procedure 59(e), 60(b)(1), 60(b)(2), and 60(b)(3).  See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the judgment."); Fed. R. Civ. P. 60(c) (providing that a motion under subsections (1), (2), or (3) of Rule 60(b), must be made within one year of the challenged order).[8]  Similarly, Movant cannot seek relief under section 502(j) of the United States Bankruptcy Code, 11 U.S.C. § 502(j), because she failed to file her motion for reconsideration within one year and, even if the motion were timely, Movant cannot meet her burden to show "cause" under section 502(j).  Finally, Movant fails to meet her burden to be granted relief under Federal Rule of Civil Procedure 60(b)(4) or 60(b)(5).

Relief under section 502(j)

To the extent Movant seeks relief under section 502(j) of the Bankruptcy Code, her motion is untimely and therefore is denied.  "While § 502(j) provides that 'a claim that has been allowed or disallowed may be reconsidered for cause,' it does not grant a court power to reconsider a claim at any time."  Pleasant v. TLC Liquidation Trust (In re Tender Loving Care Heath Servs., Inc.), 562 F.3d 158, 163 (2d Cir. 2009).  Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that the time limitations of Federal Rule of Civil Procedure 60 apply to motions for reconsideration except that a motion for "reconsideration of an order allowing or disallowing a claim against the estate *entered without a contest* is not subject to the one-year limitation prescribed in Rule 60(c)[.]"  Fed. R. Bankr. P. 9024 (emphasis added).  While the phrase "entered without a contest" is not defined by the Federal Rules of Bankruptcy

---

[8] The Federal Rules of Civil Procedure are made applicable here under section 310 of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") and rule 9023 of the Federal Rules of Bankruptcy Procedure. PROMESA is codified at 48 U.S.C. § 2101 et seq.

Procedure, courts have held that a "contest" to a claim arises once an objection to the claim is filed. See, e.g., In re Tender Loving Care Health Servs., Inc., 562 F.3d at 162; Ga. Dep't. of Revenue v. Mouzon Enters., Inc. (In re Mouzon Enters., Inc.), 610 F.3d 1329, 1333 (11th Cir. 2010). Therefore, any motion for reconsideration of an order allowing or disallowing a claim after an objection to the claim has been filed is subject to a one-year time limitation. See In re Wyatt, 368 B.R. 99, 104 (Bankr. D.N.H. 2007) (holding that a motion to reconsider an order disallowing a claim under section 502(j) was untimely where it was filed more than a year after entry of the order and the claim had been previously objected to by the debtor); In re Mouzon Enters., Inc., 610 F.3d at 1335 (holding that a motion for reconsideration of an order resolving a claim objection is subject to the one-year limitation period of Federal Rule of Bankruptcy Procedure 9024); In re Tender Loving Care Health Servs., Inc., 562 F.3d at 163 (holding that a bankruptcy court erred in reconsidering its order resolving an objection to a claim under section 502(j) more than one year after the order was entered). Here, because Movant filed the Motion seeking reconsideration of an order disallowing a contested claim over a year after the entry of the Order, the Motion is untimely.

Furthermore, even if the Motion could be considered timely, it does not establish "cause" to reconsider the disallowance of her Claim under section 502(j). In reconsidering the disallowance of a claim under section 502(j), courts in the First Circuit engage in a two-step process: (1) they consider whether there is "a showing of cause for reconsideration"; and (2) they make "a determination of the claim according to the equities of the case." Mun. of Carolina v. Gonzalez (In re Gonzalez), 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013) (citations omitted). Since "cause" as required by section 502(j) is not defined, "the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim." Id.

(citation omitted). Courts in the First Circuit have, in considering section 502(j) motions, borrowed the standards applicable to motions under Federal Rule of Civil Procedure 60(b). See, e.g., id. at 651-52; In re Funez, No. 12-01737 BKT, 2013 WL 2948920, at *1 (Bankr. D.P.R. June 14, 2013).

Here, the only standards under Federal Rule of Civil Procedure 60(b) that may be applicable to the Motion are Rules 60(b)(1), 60(b)(4), and 60(b)(6). For the reasons discussed below, Movant cannot meet her burden under Rule 60(b)(4) and 60(b)(6). Similarly, Movant cannot show excusable neglect warranting relief under the Rule 60(b)(1) standard. Rule 60(b)(1) allows an order to be set aside for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Excusable neglect encompasses "inadvertence, mistake, or carelessness," and a determination of excusable neglect requires an equitable analysis by the court. See Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39 (1st Cir. 2013). Generally, relief under Rule 60(b)(1) is reserved for "instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault." Greenspun v. Bogan, 492 F.2d 375, 382 (1st Cir. 1974). Courts have denied motions seeking relief under 60(b)(1) in cases where a party has received multiple notices regarding a proceeding and failed to respond or attend. See id. at 383 (affirming denial of corporation's Rule 60(b)(1) motion to reopen a settlement judgment where the corporation received numerous formal notices regarding the litigation but nevertheless failed to participate in the litigation); Associated Int'l Ins. Co. v. Crawford, 182 F.R.D. 623, 626-27 (D. Colo. 1998) (holding that defendant's failure to respond to numerous court filings and a letter from plaintiff did not constitute "excusable neglect").

Movant received multiple notices informing her that her Claim was deficient, and that the Commonwealth was seeking to disallow her Claim. (See Resp. ¶¶ 4-10.) Though Movant's Claim was incorrectly listed under her maternal last name on Exhibit A of the Notice and Exhibit C of the Notice of Presentment, her first name and paternal last name were listed, her correct address was listed, and her correct proof of claim number was listed. (See Notice Ex. A at 57; Notice of Presentment Ex. C at 54.) Moreover, to the extent that Movant was confused by the notices or had trouble identifying her claim in the attached exhibits, she could have called or emailed the contact information provided. Movant's failure to respond to the notices or seek relief from the disallowance of her claim for nearly three years is not excusable neglect under Rule 60(b)(1). See Greenspun, 492 F.2d at 383. For this reason, and for the reasons explained in the section below, Movant cannot meet her burden to show "cause" under section 502(j).

Relief under Rule 60(b)(4)

Movant has not met her burden of showing that the Order is void and that relief is thus warranted under Federal Rule of Civil Procedure 60(b)(4). A judgment is only "void" under Rule 60(b)(4) "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Movant has not raised any jurisdictional challenges to the Order and, to the extent Movant seeks relief under Rule 60(b)(4) for a lack of notice, she is unable to demonstrate a due process violation.

An individual need not receive actual notice to be afforded due process. Jones v. Flowers, 547 U.S. 220, 226 (2006). Rather, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections.'" United Student Aid Funds, Inc., 559 U.S. at 272.

Here, the Commonwealth's efforts in providing Movant notice were sufficient to afford her due process. The Commonwealth sent Movant three separate notices alerting her that her Claim was deficient and potentially subject to disallowance. While both Exhibit A of the Notice and Exhibit C of the Notice of Presentment incorrectly listed Movant's Claim by her maternal last name, instead of her paternal last name, both lists included her personal address and her correct proof of claim number. (See Notice, Ex. A at 57; Notice of Presentment, Exhibit C at 54.) These notices, along with the First Letter, were "reasonably calculated, under all the circumstances, to apprise [Movant] of the pendency of the action and afford [Movant] an opportunity to [respond to the Commonwealth's objection]." See United Student Aid Funds, Inc., 559 U.S. at 272. Thus, the Order is not "void" within the meaning of Rule 60(b)(4).

Relief under Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) "is designed as a catch-all, and relief under that subsection 'is only appropriate where subsections (1) through (5) do not apply.'" Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) (citation omitted). A party seeking relief under Rule 60(b)(6) "must show extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). Even "if a party is [only] partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." Id.

Here, Movant cannot show that she is blameless in the delay of filing her Motion. The Commonwealth sent—and Movant does not dispute that she received—at least three separate notices alerting her that her Claim was deficient, and that the Commonwealth was

seeking to disallow her Claim. (See Resp. ¶¶ 4-10.) Movant's failure to carefully inspect the notices she received, or call the provided contact information with any questions or concerns, makes her at least partly to blame for her delay in filing the Motion nearly three years after the entry of the Order. Thus, Movant is not entitled to relief under Rule 60(b)(6).

The Court finds that Movant has failed to establish a basis for reconsideration under any potentially applicable standard. Accordingly, the Motion is denied and the Claim remains disallowed. Because the Commonwealth's confirmed plan of adjustment includes provisions specific to pension benefits and Movant's Claim may have concerned benefits accumulated in the Teachers' Retirement System, the Court directs counsel for the Oversight Board to communicate with Movant regarding what, if any, benefits she is entitled to receive under the Teachers' Retirement System.

This Order resolves Docket Entry No. 24817 in Case No. 17-3283.

SO ORDERED.

Dated: July 1, 2024

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge