**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>        as representative of<br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>                      Debtors. | PROMESA<br>Title III<br>No. 17-bk-3283-LTS<br>(Jointly Administered) |

**SUMMARY SHEET**
**APPLICATION OF DAVID M. DALY FOR ALLOWANCE OF**
**INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES FROM FEBRUARY 2024-MAY 2024**

| | |
|---|---|
| Applicant: | David M. Daly |
| Authorized to provide services to: | Consultant to Proskauer Rose LLP in relation to its representation of FOMB |
| Effective date of retention: | December 6, 2023 |
| Compensation period: | February 1, 2024-May 31, 2024 |
| Compensation requested: | $136,370 |
| Expenses requested: | $4,867.48 |
| Total requested: | $141,237.48 |

This is a: _ monthly   X interim       _final  application

**SUMMARY OF TIME RECORDED IN COMPENSATION PERIOD**

| Name | Title | Time (Hours) | Hourly Rate | Total Fees |
|---|---|---|---|---|
| David Daly | Consultant | 209.8 | $650 | $136,370 |

**SUMMARY OF EXPENSES INCURRED IN COMPENSATION PERIOD**

| Category | Amount |
|---|---|
| Photocopies | $171.78 |
| Airfare | $663.60 |
| Ground Transportation | $357.65 |
| Lodging | $3,191.76 |
| Meals | $482.69 |

**Total:** $4,867.48

**PRIOR INTERIM FEE APPLICATIONS**

N/A.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO<br>RICO,<br>        as representative of<br>THE COMMONWEALTH OF PUERTO<br>RICO, et al.,<br>                              Debtors. | PROMESA<br>Title III<br>No. 17-bk-3283-LTS<br>(Jointly Administered) |

**APPLICATION OF DAVID M. DALY FOR ALLOWANCE OF**
**INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT**
**OF EXPENSES FROM FEBRUARY 2024-MAY 2024**

David M. Daly, consultant to Proskauer Rose LLP, counsel for The Financial Oversight and Management Board for Puerto Rico ("FOMB"), as representative of the Debtors, submits this application for allowance of interim compensation for services rendered and reimbursement of expenses from February 1, 2024-May 31, 2024 ("Compensation Period") in the amount of $136,370 and reimbursement of expenses in the amount of $4,867.48, pursuant to PROMESA §§ 316-17, FRBP 2016 and P.R. LBR 2016-1.

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider this application under PROMESA § 306(a).  Venue is proper under PROMESA § 307(a).

## BACKGROUND

2.      David M. Daly is the former President and COO and Chairman of the board of PSEG Long Island (2017-21) and interim executive advisor for PSEG New Jersey (2021).  He joined PSEG in 1983 and held a variety of positions in utility operations and support services including VP of energy acquisition and technology, division manager-merger integration, director of utility operations services, director of corporate strategy and general manager of transmission planning.

3.      He is also the former Chairman of the board of the New Jersey Utilities Association (2019-21) and a former board and executive committee member of the American Gas Association (2017-21).

4.      He is party to an independent contractor services agreement dated December 6, 2023 to serve as consultant for Proskauer Rose LLP counsel for the FOMB, attached as Exhibit 1. The project assignment (Exhibit A thereto) is to provide services relating to PREPA confirmation including services regarding negotiation, mediation and in anticipation of confirmation of a plan of adjustment as well as in anticipation of confirmation objections.  It fixed his fees at $650/hour plus reimbursement of expenses.

5.      Pursuant to § 3 of the agreement, the FOMB is solely responsible for his fees and expenses; and he is required to apply to the Court for allowance of fees and expenses.

6.      His time detail from the Compensation Period is attached as Exhibit 2 and expense summary is attached as Exhibit 3.

## BASIS FOR RELIEF REQUESTED

7.      PROMESA § 316(a) permits the Court to award a professional person employed by the debtor or the FOMB " (1) reasonable compensation for actual, necessary services rendered by the professional … and (2) reimbursement for actual, necessary expenses."

8.      Pursuant to subdivision (c):

> In determining the amount of reasonable compensation to be awarded to a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (1) the time spent on such services;
>
> (2) the rates charged for such services;

(3) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this chapter;

(4) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(5) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the restructuring field; and

(6) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title or title 11, United States Code.

9.      PROMESA § 317 and the interim compensation order [ECF No. 3269] permit professionals to apply for allowance of compensation and reimbursement of expenses on an interim basis.

10.     The relevant factors militate in favor of allowance of the requested fees.

11.     Prior to making this application, Mr. Daly served a monthly fee statement covering the fees and expenses sought herein as to which no objection was interposed.

WHEREFORE, Mr. Daly requests an order allowing interim fees of $136,370 and expenses of $4,867.48 and granting such further relief as the Court deems just and proper.

Dated: November 8, 2024                    Respectfully submitted,

                                           /s/ David M. Daly
                                           David M. Daly

                                           Prepared by:
                                           /s/ Jeffrey Chubak
                                           Jeffrey Chubak
                                           Amini LLC
                                           131 West 35th Street, 12th Floor
                                           New York, New York 10001
                                           (212) 490-4700
                                           jchubak@aminillc.com
                                           Attorneys for David M. Daly

### UNITED STATES DISTRICT COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO<br>RICO,<br>     as representative of<br>THE COMMONWEALTH OF PUERTO<br>RICO, et al.,<br><br>          Debtors. | PROMESA<br>Title III<br>No. 17-bk-3283-LTS<br>(Jointly Administered)<br>**CERTIFICATION OF DAVID M. DALY** |

I, David M. Daly, hereby certify:

1.      This certification is being submitted in support of the prefixed interim fee application.

2.      I have read the application.  To the best of my knowledge, information and belief formed after reasonable inquiry, the compensation and reimbursement of expenses sought therein conform with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the United States Trustee Guidelines, and the Puerto Rico Local Bankruptcy Rules.

3.      My billing rate under the subject independent contractor services agreement is $650/hour and was negotiated at arm's length with the FOMB which is financially responsible for my fees and expenses.  The fees billed in the compensation period of the prefixed interim fee application are billed at rates no less favorable than those currently employed by me.

4.      No compensation previously received by me has been shared with any other person, and no agreement or understanding exists between me and any other person for sharing of compensation received or to be received for services rendered in or in connection with these Title III cases.

I certify under penalty of perjury that the foregoing is true and correct.  Executed on November 8, 2024.

/s/ David M. Daly

## EXHIBIT 1

**Independent Contractor Services Agreement**



## INDEPENDENT CONTRACTOR SERVICES AGREEMENT
## FOR DAVID M. DALY

### EFFECTIVE DATE:  DECEMBER 6, 2023

THIS INDEPENDENT CONTRACTOR SERVICES AGREEMENT (the "**Agreement**") is made by and between **PROSKAUER ROSE LLP ("Proskauer")**, as legal counsel to and on behalf of THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (the "**Board**") created by the Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. chapter 20 ("**PROMESA**"), and DAVID M. DALY (the "**Contractor**").  Proskauer and Contractor hereby agree as follows:

**1.     Introduction.**  Proskauer has been retained by the Board as counsel in connection with matters relating to and arising out of implementation of the provisions of PROMESA.  Those matters include advising and representing the Board concerning the performance of its duties and activities pursuant to PROMESA, the restructuring or adjustment of the obligations of the Commonwealth of Puerto Rico and its instrumentalities, and litigation arising out of any of those matters (collectively, the "Relevant Matters").

**2.     Engagement of Services.**  The Board may offer Project Assignments to Contractor in the form attached to this Agreement as ***Exhibit A ("Project Assignment")***.  Subject to the terms of this Agreement, Contractor will render the services set forth in Project Assignment(s) accepted by Contractor by the completion dates set forth therein.

**3.     Compensation.**  Although Contractor is retained by Proskauer, the Board will be solely responsible for Contractor's fees and disbursements in accordance with this Agreement through the PROMESA Title III proceeding as described below, and Proskauer will have no responsibility or liability for them.  The Board will compensate Contractor in accordance with the terms and procedures specified in this Agreement.  The Board will pay Contractor the fees set forth in each Project Assignment for services rendered pursuant to this Agreement.  Contractor is responsible for all reasonable expenses incurred in the performance of services under this Agreement.  Contractor will be reimbursed only for expenses that are expressly provided for in a Project Assignment or that have been approved in advance in writing by Proskauer or the Board.  Contractor must furnish all documentation for authorized expenses the Board reasonably requests.  Payment of Contractor's fees and expenses will be in accordance with terms and conditions set forth in the applicable Project Assignment.  Upon termination of this Agreement for any reason, Contractor will be paid fees on the basis stated in the Project Assignment(s) for work that has been completed.  Contractor acknowledges and agrees that all fees and expenses payable hereunder will be paid through the PROMESA Title III proceeding filed on behalf of the Commonwealth that is pending in the United States District Court for the District of Puerto Rico, No. 17 BK3283-LTS, or through the appropriate PROMESA Title III proceeding of the applicable covered territorial instrumentality.  Contractor has familiarized itself with the currently applicable processes and guidelines relevant to submitting monthly statements and interim fee applications for payment of fees and expenses through the applicable Title III proceeding, including the Court's orders addressing the procedures for interim compensation and reimbursement of expenses of professionals.  Contractor acknowledges and agrees to be paid pursuant to such processes and guidelines and to file the necessary fee applications in the applicable Title III proceeding.  The Board will have no obligation to pay Contractor's fees and disbursements other than through the applicable Title III processes for submission and review of fee applications.

4.     **Independent Contractor Relationship.**

**4.1**     Contractor's relationship with Proskauer is that of a consultant to assist Proskauer in its representation of the Board.  Contractor's activities under this agreement will be at Proskauer's express direction.  Proskauer will define the scope of Contractor's work for Proskauer from time to time. If Proskauer later decides to designate Contractor as an expert witness, Contractor will be subject to applicable law governing expert witnesses.  Contractor is not authorized to make any representation, contract or commitment on behalf of Proskauer or the Board unless specifically requested or authorized in writing to do so by Proskauer or the Board.

**4.2**     Contractor shall be responsible for exercising independent discretion and judgment to achieve the results specified in this Agreement and in any Project Assignments, and no member, officer, agent or employee of Proskauer shall have the authority to direct Contractor as to the manner or means employed to achieve such results.

**4.3**     Contractor shall be responsible for providing all tools and equipment necessary to perform services under this Agreement and any Project Assignments.  Contractor shall bear all expenses associated with the provision of services under this Agreement and in any Project Assignments, except as otherwise agreed to pursuant to Section 3 of this Agreement.

**4.4**     Contractor will not be entitled to any of the benefits that Proskauer or the Board may make available to its employees, including, but not limited to, group health or life insurance, or retirement benefits.

**4.5**     Contractor is solely responsible for, and will file, on a timely basis, all tax returns and payments required to be filed with, or made to, any applicable tax authority with respect to the performance of services and receipt of fees under this Agreement.

**4.6**     Contractor's compensation will be subject to withholding by the Board for the payment of any applicable income taxes.  In no event will the Contractor be entitled to a gross-up from the Board to cover any taxes or withholdings to which the Contractor may be subject.

**4.7**     Any employees or agents of Contractor shall be the sole responsibility of Contractor, and shall not be employees or agents of, or paid by, Proskauer or the Board.  Neither the Contractor nor its employees or agents are entitled to invoke any of the laws or protections that may apply to employees of the United States government or the Commonwealth of Puerto Rico.  Contractor shall have full liability for the acts of its employees and agents.  Contractor shall bear all expenses associated with the employment of such individuals and assume sole responsibility for compliance with applicable laws, rules, regulations and orders regarding Contractor's employees.

**4.8**     Contractor is responsible for properly and thoroughly completing the Contractor Certification Requirements set forth in ***Appendix C*** hereto and for following the Board Expense Reimbursement Policy, guidelines and reporting requirements set forth in ***Appendix D*** hereto, as such Appendixes and forms may from time to time be amended.

5.     **Nondisclosure.**

**5.1     Recognition of Proskauer's and Board's Rights; Nondisclosure.**  Contractor understands and acknowledges that Proskauer and the Board have a protectable interest in their Confidential Information (defined below).  At all times during the term of this Agreement and thereafter, Contractor will hold in strictest confidence and will not disclose, use, lecture upon or publish any of Proskauer's or the Board's Confidential Information, except as such disclosure, use or publication may be

required in connection with Contractor's services for Proskauer, or unless Proskauer or the Board expressly authorizes such in writing. Contractor will obtain Proskauer's or the Board's written approval before publishing or submitting for publication any material (written, verbal, or otherwise) that relates to Contractor's services for Proskauer and/or incorporates any Confidential Information. Contractor hereby assigns to Proskauer or the Board, as applicable, any rights Contractor may have or acquire in such Confidential Information and recognizes that all Confidential Information shall be the sole property of Proskauer or the Board and its assigns. Contractor will take all reasonable precautions to prevent the inadvertent or accidental disclosure of Confidential Information. Notwithstanding the foregoing, it is understood that, if Contractor is working with other professional advisers retained by Proskauer or the Board in relation to the services set forth in Project Assignment(s), Contractor shall be permitted to disclose Confidential Information and Third-Party Information (defined below) to them, unless Proskauer or the Board instructs Contractor otherwise.

5.2    **Confidential Information.** The term "**Confidential Information**" shall mean any and all confidential and/or proprietary knowledge, data or information of or used by Proskauer or the Board, whether now existing or having existed before, or to be developed during, the term of this Agreement. By way of illustration but not limitation, "**Confidential Information**" includes (a) trade secrets, inventions, mask works, ideas, processes, formulas, source and object codes, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs and techniques and any other proprietary technology and all Proprietary Rights therein (hereinafter collectively referred to as "**Inventions**"); (b) information regarding research, analysis, development, business plans, budgets and unpublished financial statements, licenses, prices and costs, margins, credit terms, forecasts, future plans and potential strategies, financial projections and business strategies, operational plans, financing and capital-raising plans, activities and agreements, internal services and operational manuals, methods of conducting Board business, suppliers and supplier information, and purchasing; (c) information regarding any of the Board's contractors, or representatives and their services, including names, representatives, proposals, bids, contracts and their contents and parties, the type and quantity of products and services received by the Board, and other non-public information relating to Board contractors, or representatives; and (d) information regarding personnel, employee lists, compensation, and employee skills. Notwithstanding the foregoing, it is understood that, at all such times, Contractor is free to use information which is generally known publicly or in the trade or industry through no breach of this Agreement or other act or omission by Contractor.

5.3    **Third-Party Information.** Contractor understands, in addition, that Proskauer or the Board has received and in the future will receive from third parties, including the Commonwealth of Puerto Rico, confidential and/or proprietary knowledge, data, or information ("**Third-Party Information**") subject to a duty on Proskauer's or the Board's part to maintain the confidentiality of such information and to use it only for certain limited purposes. During the term of this Agreement and thereafter, Contractor will hold any Third-Party Information disclosed by Proskauer or the Board or obtained in connection with Contractor's work in the strictest confidence and will not disclose to anyone (other than Board members or Proskauer and their respective personnel who need to know such information in connection with their work for the Board) or use, except in connection with Contractor's services for Proskauer, Third-Party Information unless expressly authorized by a member of Proskauer or the Executive Director or a member of the Board in writing. Contractor shall comply with all applicable laws, rules, and regulations concerning confidentiality.

5.4    **Term of Nondisclosure Restrictions.** Contractor understands that Confidential Information and Third-Party Information is never to be used or disclosed by Contractor, as provided in this Section 5. If, however, a court decides that this Section 5 or any of its provisions is unenforceable for lack of reasonable temporal limitation, and if the Agreement or its restriction(s) cannot otherwise be enforced, Contractor and Proskauer agree that the two (2) year period after the termination of this

Agreement shall be the temporal limitation relevant to the contested restriction, provided, however, that this sentence shall not apply to trade secrets protected without temporal limitation under applicable law.

       **5.5**    **No Improper Use of Information.**  During the term of this Agreement, Contractor will not improperly use or disclose any Confidential Information of any person or entity to whom Contractor has an obligation of confidentiality, and Contractor will not bring onto the premises of Proskauer or the Board any documents or any property belonging to any person or entity to whom Contractor has an obligation of confidentiality unless consented to in writing by that person or entity. During Contractor's engagement as an independent contractor performing services for Proskauer, Contractor may also have access to "Inside" or non-public information about one or more companies associated with the Board's work.  Use of "Inside," Confidential Information or Third-Party Information in making any investment is absolutely prohibited, and Contractor represents and warrants that Contractor will comply with all applicable securities laws and regulations.

       **6.**    **Records.**  To the extent that Contractor is required to develop, review and/or analyze Confidential Information or Third-Party Information, Contractor shall store and maintain all Confidential Information in a secure place.  Such material shall at all times remain the exclusive property of Proskauer, the Board and/or the applicable third party, unless otherwise agreed to in writing by Proskauer, a Board member or the Board's Executive Director.

       **7.**    **Return of Board Property.**  On the earlier of termination of this Agreement or a request by Proskauer or the Board's Executive Director, Contractor shall return to Proskauer or the Board, as applicable, all Proskauer or Board property that Contractor obtained from Proskauer or the Board or created in the course of any Project Assignment, including any Confidential Information and Third-Party Information.  Contractor acknowledges that all such property shall at all times remain the exclusive property of Proskauer or the Board, unless otherwise agreed to in writing by Proskauer, a Board member or the Board's Executive Director.

       **8.**    **No Conflict of Interest.**

       **8.1**    **Upon Signing of Agreement and Semi-Annually Thereafter.**  At the inception of this Agreement, Contractor, on behalf of itself and its material affiliates and direct and indirect subsidiaries, shall make the Contractor Conflict of Interest Certifications set forth in Appendix B hereto and shall thereafter make similar Contractor Conflict of Interest Certifications periodically as of every July 1st and January 1st of each year of service under this Agreement and any related Project Assignments. If Contractor or any of its material affiliates or direct or indirect subsidiaries is a publicly reporting entity and files conflict-of-interest information with a regulator or similar body (e.g., Securities and Exchange Form ADV for Investment Advisors), Contractor shall share such filings with Proskauer and the Board at or around the time of each such filing.  Finally, it is of paramount importance to Proskauer and the Board that Contractor on behalf of itself and its material affiliates and direct and indirect subsidiaries disclose to Proskauer and the Board any direct or indirect investments in Puerto Rico public debt or other instruments of any kind, including such instruments issued by any Interested Party that is a Puerto Rico governmental instrumentality.  While such investments might not always constitute a potential or an actual conflict of interest, Proskauer and the Board require such disclosure to ascertain whether or not such an investment could represent a conflict of interest and/or require other action or remediation.

       **8.2.**    **During the Term of this Agreement.**  During the term of this Agreement, Contractor shall not (and shall cause its material affiliates and direct and indirect subsidiaries not to) accept work, enter into a contract, or accept an obligation from any third party inconsistent or incompatible with Contractor's obligations, or the scope of services rendered for Proskauer, under this Agreement or any Project Assignment, including specifically any existing or future potential clients that may hold material claims or are otherwise participating in proceedings under PROMESA involving the Commonwealth of

Puerto Rico or any of its covered instrumentalities.  Contractor shall not (and shall cause each of its material affiliates and direct and indirect subsidiaries not to) take actions during the term of this Agreement or any Project Assignment that would constitute or could create the appearance of a conflict of interest with the Board's mission or the work performed by the Contractor for Proskauer.  Contractor, on behalf of itself and its material affiliates and direct and indirect subsidiaries, represents that Contractor's performance of all the terms of this Agreement and any accepted Project Assignment does not and will not breach any agreement or obligation of any kind made prior to the execution of this Agreement, including any noncompete agreement or any agreement to keep in confidence information acquired by Contractor in confidence or in trust.  Contractor, on behalf of itself and its material affiliates and direct and indirect subsidiaries, represents that none of them have entered into, and shall not enter into, any agreement either written or oral in conflict herewith.  During the term of this Agreement and all related Project Assignments, Contractor shall inform Proskauer or the Board, in a proactive manner and as soon as Contractor becomes aware of it, of any new or ongoing actual or potential conflict of interest or any appearance thereof that Contractor (or any of its material affiliates and direct and indirect subsidiaries) encounters in the ordinary course of its work.

**8.3.    Indemnification.**  Contractor shall indemnify Proskauer and the Board from any and all loss or liability incurred by reason of the alleged breach by Contractor of any services agreement with any third party.  Contractor, after the termination of this Agreement, shall not provide services on the matters on which Contractor was engaged to others having interests adverse to Proskauer's or the Board's interests.

**8.4.    Other.**  From time to time, Proskauer or the Board may request that the Contractor explain in detail what its conflict-of interest-policy and conflict-mitigation procedures are, and it shall be the responsibility of Contractor to explain in appropriate and relevant detail to Proskauer or the Board why something that may appear to be a conflict of interest is not an actual or potential conflict of interest or appearance of a conflict of interest.  Proskauer and the Board will be the final arbiter of whether a particular set of facts presents a Contractor conflict of interest.  Simultaneously with the certifications it makes under Sections 8.1 and 8.2 hereunder, Contractor shall furnish Proskauer or the Board with a list of its material affiliates with a brief description of each affiliation.

**9.    Compliance with Laws, Regulations, and Contractor Code of Conduct.**  While providing services for Proskauer, Contractor shall comply with all applicable laws, rules and regulations, as well as all applicable Board policies and rules, including without limitation the Board's Contractor Code of Conduct and its disclosure certification.  A copy of the Contractor Code of Conduct and its Contractor Code of Conduct Disclosure Certification is attached as ***Appendix A*** hereto.

**10.    Term and Termination.**

**10.1    Term.**  Unless earlier terminated as provided in this Agreement or by mutual written agreement of the parties, this Agreement shall expire on the date that Contractor's services in respect of the Relevant Matters end.  The parties may renew the Agreement for an additional time period by mutual, written agreement prior to the expiration of the term.

**10.2    Termination by Proskauer or the Board.**  Proskauer or the Board may terminate this Agreement or any Project Assignment upon the earlier of (i) thirty (30) days' written notice or (ii) Contractor's material breach of either Section 5 ("Nondisclosure") or section 11 ("Noninterference with Business") of this Agreement.  Termination shall neither eliminate accrued amounts owing to Contractor nor any amounts owing to Proskauer or the Board due to Contractor's breach.

**10.3   Termination by Contractor**.  Contractor may terminate this Agreement or any Project Assignment upon thirty (30) days' written notice in the event of a material breach by Proskauer or the Board of this Agreement or any Project Assignment.

**10.4   Survival.**  The rights and obligations contained in Sections 5 ("Non-Disclosure") of this Agreement and 11 ("Noninterference with Business") shall survive the termination or expiration of this Agreement regardless of the reason, and the assignment of this Agreement by Proskauer or the Board to any successor in interest or other assignee.

**11.   Noninterference with Business.**  During this Agreement, and for a period of two (2) years immediately following its termination, Contractor shall not interfere with the business or activities of the Board in any manner.  By way of example and not of limitation, Contractor shall not:

**11.1**   solicit, induce, encourage, or participate in soliciting, inducing, or encouraging any employee of the Board to terminate his or her relationship with the Board;

**11.2**   hire, or employ, or attempt to hire or employ, any person employed by the Board or who has left the employment of the Company within the preceding six (6) months, or discuss any potential employment or business association with such person, even if Contractor does not initiate the discussion or seek out the contact;

**11.3**   solicit, induce or attempt to induce any consultant or independent contractor with whom Contractor had direct or indirect contact or whose identity Contractor learned as a result of Contractor's engagement with Proskauer, to terminate, diminish, or materially alter in a manner harmful to Proskauer or the Board its relationship with Proskauer or the Board; or

**11.4**   represent or provide assistance pertaining to matters on which Contractor was engaged to any other entity or person having interests adverse to the Board's interests.

**12.   Successors and Assigns.**  Contractor may not subcontract or otherwise delegate its obligations under this Agreement without the prior written consent of Proskauer or the Executive Director of the Board.  Subject to the foregoing, this Agreement will be for the benefit of Proskauer's successors and assigns, and will be binding on Contractor's assignees.  Notwithstanding the foregoing, nothing in this Agreement shall prevent Contractor from utilizing Contractor's employees to perform services under the Agreement or any Project Assignment.

**13.   Indemnification.** Contractor shall indemnify and hold harmless Proskauer and the Board and its members, officers, directors and employees from (a) all taxes, penalties and interest Proskauer or the Board may be required to pay as a result of Contractor's or any of Contractor's personnel's being deemed an employee of Proskauer or the Board; (b) any other tax liability or payments related to or resulting from this Agreement or the services rendered by Contractor for Proskauer; and (c) any claims, losses, actions (including attorney's fees) or liability resulting from or related to any action taken or omitted by Contractor or any of its personnel.  In no event will Proskauer or the Board be liable for any consequential, indirect, exemplary, special or incidental damages arising from or relating to this Agreement.  Proskauer's and the Board's respective total cumulative liability in connection with this Agreement, whether in contract or tort or otherwise, will not exceed the aggregate amount of fees and expenses owed by the Board to Contractor for services performed under this Agreement, to the extent granted to Contractor pursuant to the Title III fee-application processes described above.

**14.   Non-Disparagement.**  Contractor will not, during the term of the Agreement or thereafter, disparage Proskauer, the Board, or their members, officers, or employees.  Contractor shall indemnify and hold Proskauer, the Board, their members, officers, directors, and shareholders harmless from and against

any and all losses, claims, damages, or expenses, (including attorneys' and experts' fees) arising from or growing out of any disparaging statement made by Contractor in violation of this Section 14.

### 15. Reasonableness of Restrictions.

**15.1** Contractor has read this entire Agreement and understands it. Contractor acknowledges that the restrictions contained in this Agreement are reasonable, proper, and necessitated by Proskauer's and the Board's legitimate business interests.

**15.2** If and to the extent that a court finds this Agreement, or any of its restrictions, to be ambiguous, unenforceable, or invalid, Contractor and Proskauer agree that this Agreement will be automatically modified to provide Proskauer or the Board with the maximum protection of its business interests allowed by law, and Contractor shall be bound by this Agreement as modified.

### 16. Legal and Equitable Remedies.

**16.1** Contractor acknowledges it may be impossible to assess the damages caused by Contractor's violation of Sections 5 ("Non-Disclosure") and 11 ("Noninterference with Business") of this Agreement. Any threatened or actual violation of such Sections of this Agreement will constitute immediate and irreparable injury to Proskauer and/or the Board, and Proskauer and/or the Board shall have the right to enforce those Sections of this Agreement by injunction, specific performance or other equitable relief, without bond and without prejudice to any other rights and remedies that Proskauer or the Board may have for a breach or threatened breach of those Sections or any other Section of this Agreement.

**16.2** If Proskauer or the Board is successful in whole or in part in any legal or equitable action against Contractor under this Agreement, Proskauer or the Board shall be entitled to payment of all costs, including reasonable attorneys' fees, from Contractor.

**16.3** If Proskauer or the Board enforces this Agreement through a court order, the restrictions of Section 11 shall remain in effect for a period of twelve (12) months from the effective date of the Order enforcing the Agreement.

**17. Notices.** Any notices required or permitted hereunder shall be given to Proskauer as listed below, at Contractor's address as listed below, or at such other address as the party shall specify in writing. Such notice shall be deemed given upon personal delivery to the appropriate address or three (3) days after the date of mailing if sent by certified or registered mail.

**18. Governing Law; Consent to Personal Jurisdiction; Waiver of Jury Trial.** This Agreement shall be governed by the laws of the Commonwealth of Puerto Rico independent of its choice-of-law principles. This Agreement is not a United States government contract or contract of the Commonwealth of Puerto Rico. Consequently, United States and Commonwealth contracting and contract-protest laws do not apply to this Agreement. Any action against Proskauer or the Board shall be brought in accordance with PROMESA § 106. Contractor hereby expressly consents to the personal jurisdiction and venue of the federal court in Puerto Rico. Proskauer, the Board and Contractor each waive all rights to jury trial under the law of the Commonwealth of Puerto Rico law and under federal law (if applicable).

**19. Severability.** In case any one or more of the provisions, subsections, or sentences in this Agreement shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the other provisions of this Agreement, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. Moreover, if any one or more of the provisions in this Agreement shall for any reason

be held to be excessively broad as to duration, geographical scope, activity or subject, it shall be construed by limiting and reducing it, so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

20. **Waiver.** No waiver by Proskauer or the Board of any breach of this Agreement shall be a waiver of any preceding or succeeding breach. No waiver by Proskauer or the Board of any right under this Agreement shall be construed as a waiver of any other right. Neither Proskauer nor the Board shall be required to give notice to enforce strict adherence to all terms of this Agreement. Nothing herein waives any exemption from liability or other rights of the Board under PROMESA.

21. **Entire Agreement.** This Agreement is the final, complete and exclusive agreement of the parties with respect to the subject matter hereof and supersedes and merges all prior discussions between the parties. No modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, will be effective unless in writing and signed by the party to be charged.

**In Witness Whereof,** the parties have executed this Agreement as of the date first written above.

PROSKAUER ROSE LLP                           DAVID M. DALY

By:_____                By:_____

Name: Michael T. Mervis                      Name:   David M. Daly

Title: Partner                               Address:  42 Atlantic Street
                                                       Keyport, NJ  07735
Address: Eleven Times Square
         New York, NY 10036

**EXHIBIT A**

### PROJECT ASSIGNMENT #1

### UNDER INDEPENDENT CONTRACTOR SERVICES AGREEMENT
### FOR DAVID M. DALY
### TITLE III

### EFFECTIVE DATE:  DECEMBER 6, 2023

**PROJECT:**

The scope of work under this Project Assignment #1 shall be for David M. Daly ("Contractor") to perform a range of services relating to Board's work surrounding the Puerto Rico Electric Power Authority's ("PREPA") Title III proceeding (the "Services").  The Services are being requested by Proskauer on behalf of the Board regarding negotiations, mediation and in anticipation of confirmation of a plan of adjustment for PREPA, as well as in anticipation of objections to confirmation of such a plan.  The Services may include, but may not be limited to, consulting services, litigation support at the direction of outside (*e.g.*, non-Contractor) testifying experts, and the provision of fact and/or expert testimony by Contractor.

**SCHEDULE OF WORK:**

The work commenced on the effective date of Project Assignment #1 and shall continue until the earlier of: (i) effective date of plan of adjustment for PREPA, and (ii) termination in accordance with the related Independent Contractor Services Agreement dated December 6, 2023.

If an expert report or other declaration for use at confirmation is provided, then the Services will also include subsequent work in connection with potential testimony at a confirmation hearing of the corresponding Title III Plan of Adjustment for PREPA, as appropriate.

With respect to any provision of the Independent Contractor Services Agreement requiring approval or consent of Proskauer, the Board, or an Authorized Person, in writing or otherwise, the approval or consent of Proskauer, the Board, or any designee thereof shall be sufficient.

No provision restricting or mandating disclosure or use or ownership of information shall in any way abrogate the rights and obligations under the attorney-client privilege, the duty of confidentiality, or the attorney work-product doctrine.

**FEES AND REIMBUSRSMENT:**

    A.    Hourly Rates:  Contractor charges $650.00 per hour, plus valid reimbursable expenses.

    B.    Reimbursement of expenses shall be in accordance with the Board's Expense Reimbursement Policy attached as Appendix C hereto.

C.      Contractor acknowledges and agrees that all fees and expenses payable hereunder will be paid through the PROMESA Title III proceeding filed on behalf of PREPA that is pending in the United States District Court for the District of Puerto Rico, No. 17 BK-4780-LTS, or through the appropriate PROMESA Title III proceeding of the applicable covered territorial instrumentality. Contractor has familiarized itself with the currently applicable processes and guidelines relevant to submitting monthly statements and interim fee applications for payment of fees and expenses through the applicable Title III proceeding, including the Court's orders addressing the procedures for interim compensation and reimbursement of expenses of professionals. Contractor acknowledges and agrees to be paid pursuant to such processes and guidelines. Contractor acknowledges that the Board will have no obligation to pay Contractor's fees and disbursements other than through the applicable Title III processes for submission and review of fee applications.

D.      Contractor may charge reasonable fees to cover the cost of the Title III submissions required as noted in Section C above.

**IN WITNESS WHEREOF,** the parties have executed this Project Assignment as of the date first written above.

PROSKAUER ROSE LLP                          DAVID M. DALY

By:_____          By: _____

Name: Michael T. Mervis                     Name:   David M. Daly

Title: Partner                              Address:  42 Atlantic Street
                                                      Keyport NJ  07735
Address: Eleven Times Square
          New York, NY 10036

# APPENDIX A

## [CONTRACTOR CODE OF CONDUCT]

The Financial Oversight and Management Board for Puerto Rico (the "Board") is committed to ethical and lawful behavior, and to acting professionally and fairly in all of its business dealings and relationships. The Board seeks to maintain high ethical standards and to comply with all applicable laws and regulations. The Board expects its contractors, consultants, and representatives to embrace this commitment to ethical and lawful behavior by complying with and training its employees on the Board's Contractor Code of Conduct. The Board also expects its contractors to have their own codes of conduct that ensure ethical business conduct and practices.

## I.      COMPLIANCE WITH THE CONTRACTOR CODE OF CONDUCT

All contractors, consultants, and representatives and their employees, agents, and subcontractors (collectively referred to as "Contractors") must adhere to this Code of Conduct while conducting business with or on behalf of the Board. Contractors must promptly inform the Executive Director, the General Counsel, or a member of the Board when any situation develops that causes, or may cause, the Contractor to violate any provision of this Code of Conduct. Although Contractors are expected to self-monitor and demonstrate their compliance with this Code of Conduct, the Board may audit Contractors and/or inspect Contractors' facilities and records to confirm compliance.

The Board may require the immediate removal from any project or engagement of any contractor representative(s) or personnel who behave in a manner that is unlawful or inconsistent with this Code of Conduct or any Board policy.  Compliance with this Code of Conduct, as well as attendance at any training on this Code of Conduct as may be offered by the Board, is required in addition to any other contractual obligations a contractor may have to the Board.

## II.      LEGAL AND REGULATORY COMPLIANCE PRACTICES

Contractors must conduct their business activities on behalf of the Board in full compliance with the letter and spirit of all applicable laws and regulations.

- **Anti-Corruption**. The Board takes a zero-tolerance approach to bribery and corruption, and it requires its Contractors to do the same. Contractors must not participate in bribes or kickbacks of any kind, whether in dealings with the Board, government and public officials, or individuals in the private sector. Contractors must also comply with all applicable anti-corruption and anti-money laundering laws, as well as laws governing gifts and payments to public officials, political campaign contribution and lobbying laws, and other related regulations. In particular, Contractors must not:

  - Offer, promise, or allow anything of value (including travel, gifts, hospitality expenses, and charitable donations) to be given on behalf of the Board to influence a business or government decision, gain an improper advantage, or otherwise improperly promote the interests of the Board in any respect;

  - Offer, promise, or allow anything of value to be given to a Board member or employee to influence a Board decision or otherwise gain an improper advantage; or

- Ask for or accept anything of value which the Contractor knows or suspects is being offered to influence a Board decision or otherwise obtain an improper advantage in connection with the Contractor's work with or on behalf of the Board.

- **Antitrust/Fair Business Practices**. Contractors must conduct their business in full compliance with antitrust and fair competition laws that govern the jurisdictions in which they conduct business. Contractors must also uphold all standards of fair dealing and abide by all fair business practices, including truthful and accurate advertising.

- **Trade**. Contractors shall comply with all applicable trade controls, as well as any applicable export, re-export, and import laws and regulations. Contractors must not knowingly employ or do business with anyone reasonably suspected of being connected with criminal or terrorist activities or who is otherwise subject to applicable trade sanctions.

- **Freedom from Unlawful Harassment and Discrimination.** Contractors shall provide a workplace free from harassment and/or discrimination in hiring, compensation, access to training, promotion, termination, and/or retirement on the basis of race, color, creed, religion, sex, gender identity or expression, sexual orientation, pregnancy, status as a parent, age, marital status, national origin, ancestry, citizenship status, physical or mental disability or serious medical condition, protected genetic information, political beliefs, status as a veteran, or any other characteristic protected by law. Contractors shall further prohibit any form of reprisal or retaliation against any employee for reporting harassment or discrimination in good faith or for participating in good faith in a harassment or discrimination investigation.

- **Wages, Benefits and Working Hours**. Contractors must comply with local applicable laws regarding wages, overtime hours and mandated benefits.  Contractors must also communicate with workers about compensation, including any overtime pay, in a timely and honest manner.

- **Freely Chosen Employment**. No Contractor shall use any form of indentured, slave, or forced labor, including involuntary prison labor. Contractors are also prohibited from supporting or engaging in any form of human trafficking of involuntary labor through threat, force, fraudulent claims, or other coercion.

- **Child Labor**. Contractors shall comply with all local and national minimum working age laws or regulations and not use child labor. All employees shall be age 18 and over unless: (i) a country's legal age for employment or age for completing compulsory education is under 18; and (ii) the work is non-hazardous.

## III.   BUSINESS PRACTICES AND ETHICS

Contractors must conduct their business interactions and activities with integrity.

- **Honesty and Integrity**. Contractors must at all times be honest, direct, and truthful in discussions with the Board, its staff and agents, regulatory agency representatives, and government officials.

- **Business and Financial Records**. The Board expects Contractors to timely, honestly, and accurately record and report all business information, including without limitation any invoices for payment, and comply with all applicable laws regarding their creation, completion, accuracy, retention, and disposal. All invoices must be (i) timely submitted, (ii) itemized, (iii) supported by appropriate documentation, and (iv) must comply with all other requirements as set out in the relevant contract(s).

- **Conflicts of Interest**. On behalf of itself and its affiliates and direct or indirect subsidiaries, Contractors shall scrupulously avoid any conflict, real or perceived, direct or indirect, between their own individual, professional, or business interests and the interests of the Board. Among other things, Contractors must not deal directly with any Board member or *ex officio* member or employee whose spouse, domestic partner, or other family member or relative is associated with and/or holds any ownership or other financial interest in the contractor. In the course of negotiating the contractor agreement or performing the contractor's obligations, dealing directly with a contractor personnel's spouse, domestic partner, or other family member or relative employed by the Board is also prohibited. Complying with this requirement includes, but is not limited to, each contractor's completion of the Contractor Conflict of Interest Disclosure Certification attached as **Appendix B** hereto.

- **Gifts and Entertainment**. Contractors should avoid any actions with Board members or *ex officio* members or employees during any contractor selection or re-selection process that could give others the impression of favoritism or other improper advantage. Furthermore, Contractors should not offer, and Board members, *ex officio* members, and employees must not accept, gifts or entertainment that might compromise, or appear to compromise, the Board member or employee's judgment or independence. Even a well-intentioned gift might constitute or be perceived to be a bribe under certain circumstances or create a conflict of interest or the appearance of a conflict of interest. Board employees are required to conduct all business and interactions with Contractors in strict compliance with the applicable provisions of the Board's business ethics and conflict of interest policies.

- **Confidentiality, Privacy and Data Security**. Contractors shall, at all times while they are engaged by the Board and thereafter, (i) hold all proprietary and confidential information of the Board in strictest confidence, (ii) not use or disclose for any purpose any proprietary and confidential information of the Board to any person, business or entity, except as specifically authorized in writing by the Board, and (iii) not disclose for any purpose any non-public information concerning their retention by the Board or their services for the Board, except as specifically authorized in writing by the Board. Contractors shall abide by all Board requirements and procedures for protecting the proprietary and confidential information of the Board, including signing and abiding by the Board's confidentiality agreements. Contractors who handle proprietary and confidential information on behalf of the Board or belonging to the Board must apply and maintain sufficient privacy and information security safeguards. Contractors shall also be subject to an information and data security assessment.

- **Media**. Contractors are prohibited from speaking to the press or making any public statements,

oral or written, concerning their work for or on behalf of the Board without the express written authorization of the Board.

- **Reporting Concerns**. Contractors shall maintain a hotline or other reporting system for their workers to confidentially and anonymously report any information or concerns about suspected non-compliance or violations of law or improper conduct by any contractor employee or agent without threat of reprisal, intimidation or harassment. If concerns are reported, Contractors shall promptly and thoroughly investigate any such report and take corrective action as necessary and appropriate.

*[Signature Page Follows]*

I certify by my signature below that I have received and reviewed, and am authorized on Contractor's behalf to agree that Contractor shall abide by this Code of Conduct:

Contractor Name: David M. Daly

Signature of Contractor Authorized Representative     Date   April 10, 2024

David M. Daly
Senior Advisor
Printed Name and Title of Contractor Authorized Representative

## APPENDIX B

## [CONTRACTOR CONFLICT OF INTEREST DISCLOSURE CERTIFICATION]

All contractors, consultants, and or experts ("Contractors") interested in conducting business with the Financial Oversight and Management Board for Puerto Rico (the "Board") must complete and return this Contractor Conflict of Interest Disclosure Form to be eligible for a contract award. Disclosing a potential conflict of interest will not automatically disqualify the Contractor. The potential conflict of interest will be investigated to determine whether it precludes the contract award. In the event, however, that the Contractor does not disclose potential conflicts of interest and they are discovered by the Board, the Contractor will be barred from doing business with the Board.

Please note that all Contractors must comply with the Board's Contractor Code of Conduct as stated within the certification section below.

**No Conflict of Interest**: Except as otherwise fully disclosed below (attach additional pages as needed), the Contractor affirms, on behalf of itself, its material affiliates and its direct and indirect subsidiaries, to the best of its knowledge, information and belief, that no Interested Party (as defined in Schedule A hereto), nor any person associated with any Interested Party, is an employee, Director or Trustee, Officer or consultant to/of, or has any financial interest, direct or indirect, in the Contractor, or has received or will receive any financial benefit, directly or indirectly, from the Contractor or from the contract associated with this certification.

For the purposes of this certification, "associated" persons include: a spouse, domestic partner, child, parent or sibling of an Interested Party; a person with whom an Interested Party has a business or other financial relationship, including but not limited to employees of an Interested Party and/or a spouse, domestic partner, child, parent or sibling of such employees; and each firm in which an Interested Party has a present or potential interest.

| No. | To the best of your knowledge: | YES | NO |
|---|---|---|---|
| 1 | Is any Interested Party, or any person associated with any Interested Party, associated with any employee, Director or Trustee, Officer or consultant to/of the Contractor? | | X |
| If you answered "yes" to Question 1, please identify the names of the persons who are associated and describe the nature of their association below:  **[IF YES, LIST]** | | | |
| No. | To the best of your knowledge: | YES | NO |
| 2 | Does any Interested Party, or any person associated with an Interested Party, have an ownership interest in the Contractor's company? | | X |

If you answered "yes" to Question 2, please identify the name(s) of the person(s) who has/have such an ownership interest and describe the nature of the interest:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|--------------------------------|-----|-----|
| 3 | Has any Interested Party, or any person associated with an Interested Party, received, or will any Interested Party, or any person associated with an Interested Party receive, a financial benefit from the Contractor or from this contract? | | X |

If you answered "yes" to Question 3, please identify the name(s) of the person(s) who have received or will receive such a financial benefit and describe the nature of the benefit below:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|--------------------------------|-----|-----|
| 4 | Is any Interested Party, or any person associated with an Interested Party, contemporaneously employed or prospectively to be employed with the Contractor? | | X |

If you answered "yes" to Question 4, please identify the name(s) and title(s) of the person(s) who are or will be so employed below:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|--------------------------------|-----|-----|
| 5 | Is any Interested Party, or any person associated with an Interested Party, acting as a consultant for the Contractor? | | X |

If you answered "yes" to Question 5, please identify the name(s) of the person(s) acting as a consultant and describe the nature of his/her/their consulting services below:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 6 | Has the Contractor provided, or will the Contractor provide, any gifts or hospitality of any dollar value or any other gratuities to any Interested Party or elected official to obtain or maintain a contract? | | X |

If you answered "yes" to Question 6, please describe the nature of such gifts, hospitality, or other gratuities below, including (1) the recipient(s) of such gifts, hospitality, or other gratuities; (2) the date(s) on which such gifts, hospitality or other gratuities were provided; and (3) the exact (if possible) or approximate dollar value of such gifts, hospitality, or other gratuities:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 7 | Has any Interested Party, or any person associated with an Interested Party, provided any gifts of any dollar value or any other gratuities to Contractor? | | X |

If you answered "yes" to Question 7, please describe the nature of such gifts, hospitality, or other gratuities below, including (1) the recipient(s) of such gifts, hospitality, or other gratuities; (2) the date(s) on which such gifts, hospitality or other gratuities were provided; and (3) the exact (if possible) or approximate dollar value of such gifts, hospitality, or other gratuities:

**[IF YES, LIST]**

| No. | To the best of your knowledge: | YES | NO |
|-----|-------------------------------|-----|-----|
| 8 | Has the Contractor or any if its material affiliates or direct or indirect subsidiaries made any investments in any public debt obligations of the Commonwealth of Puerto Rico or any of its instrumentalities? | | X |

If you answered "yes" to Question 8, please describe the nature of such public debt investments

**[IF YES, LIST]**

*[Signature Page Follows]*

I certify that the information provided is true and correct by my signature below:


Contractor Name: David M. Daly


April 10, 2024

_____            _____
Signature of Contractor Authorized Representative            Date


David M. Daly
Senior Advisor
_____

Printed Name and Title of Contractor Authorized Representative

## **SCHEDULE A**

List of Material Interested Parties (see separate file)

## <u>APPENDIX C</u>

## <u>[CONTRACTOR CERTIFICATION REQUIREMENT]</u>

The following certification shall be provided to the Oversight Board by each Contractor under contracts submitted for review:

**1.**     The Contractor's subcontractor(s) in connection with the contract is (are) the following:

**2.**     Neither the Contractor nor any of its owners, directors, officials or employees, has agreed to share or give a percentage of the Contractor's compensation under the contract to, or otherwise compensate, any third party, whether directly or indirectly, in connection with the procurement, negotiation, execution or performance of the contract, except as follows:

(Name of individual or firm, including names of principals or owners of the latter) (Principal terms and conditions of the compensation sharing arrangement)

**3.**     To the best knowledge of the signatory (after due investigation), no person has unduly intervened in the procurement, negotiation or execution of the contract, for its own benefit or that of a third person, in contravention of applicable law.

**4.**     To the best knowledge of the signatory (after due investigation), no person has: (i) offered, paid, or promised to pay money to; (ii) offered, given, or promised to give anything of value to; or (iii) otherwise influenced any public official or employee with the purpose of securing any advantages, privileges or favors for the benefit of such person in connection with the contract (such as the execution of a subcontract with Contractor, beneficial treatment under the contract, or the written or unwritten promise of a gift, favor, or other monetary or non-monetary benefit).

**5.**     Neither the Contractor, nor any of its owners, directors, officials or employees or, to the best of its knowledge (after due investigation), its representatives or sub-Contractors, has required, directly or indirectly, from third persons to take any action with the purpose of influencing any public official or employee in connection with the procurement, negotiation or execution of the contract.

The above certifications shall be signed by the Chief Executive Officer (or other officer with equivalent position or authority to issue such certifications) of the Contractor.

In the event that a Contractor is not able to provide any of the above certifications, such Contractor shall provide a written statement setting forth the reasons therefor.

*[Signature Page Follows]*

I certify by my signature below that I have received and reviewed, and am authorized on Contractor's behalf to agree that Contractor shall abide by this Contractor Certification Requirement:


Contractor Name: David M. Daly


April 10, 2024

_____     _____
Signature of Contractor Authorized Representative     Date


David M. Daly
Senior Advisor
_____
Printed Name and Title of Contractor Authorized Representative

## APPENDIX D

## FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (FOMB)

**POLICY TITLE:**    **FOMB EXPENSE REIMBURSEMENT POLICY (REVISED)**
**WHO IT COVERS: BOARD MEMBERS, EMPLOYEES, AND CONTRACTORS**
**APPROVED BY:    FOMB BOARD MEMBERS**
**POLICY DATE:    AS REVISED SEPTEMBER 24, 2021 (ORIGINAL FROM JUNE 30, 2017)**

---

### *POLICY PURPOSE*

The purpose of this Policy is to ensure that (a) adequate cost controls are in place, (b) travel and other expenditures are appropriate, and (c) to provide a uniform and consistent approach for the timely reimbursement of authorized expenses incurred by the Board. It is the policy of the Board to reimburse only reasonable and necessary expenses incurred by board members, officers, staff, and contractors.

## 1.  Introduction

The Board of Members of the Financial Oversight and Management Board for Puerto Rico ("the Board") recognizes that board members, officers, staff, and contractors* of the Board may be required to travel or incur in other expenses from time to time to conduct Board business.

The Reimbursed Expenses Policy (the "Policy") is designed to govern the reimbursement of reasonable, defined expenses incurred on authorized Board activities.   Consequently, all reimbursed expenses must be consistent with a business objective and carried out in a timely and cost-effective manner.

This Policy applies to board members, officers, staff, and contractors* who incur authorized and approved travel and other expense items in the context of the Board's business. While exceptions are not normally permitted, there is clear recognition of certain special business needs.  In any such exceptional situations, all board members, officers, staff, and contractors* are expected to apply a high degree of common sense and good judgment.

## 2.  Purpose of the Policy

The purpose of this policy is to ensure that (a) adequate cost controls are in place, (b) travel and other expenditures are appropriate, and (c) to provide a uniform and consistent approach for the timely reimbursement of authorized expenses incurred by the Board. It is the policy of the Board to reimburse only reasonable and necessary expenses incurred by board members, officers, staff,

24

and contractors.

### 3.  Principles of the Policy

The Policy aims to provide a flexible framework for travel and other expenses based on the following principles:

**3.1**    This Policy applies to Board members, officers, staff, and contractors* undertaking travel a n d other expenses on Board related business and for the purposes of this Policy, the term "staff" shall mean employees of the Board.

**3.2**    It is the responsibility of Board members, officers, staff, and contractors* to ensure the selection of the most direct and economical travel options and that all expenses are attributable to a valid Board business purpose.

**3.3**    Board members, officers, staff, and contractors* shall be entitled to reimbursement of expenses on production of supporting vouchers and invoices meeting the requirements of an "Accountable Plan" provided under Regulation No. 8297 dated December 18, 2012 issued by the Puerto Rico Department of Treasury. No expense reimbursement will be allowed for amounts in excess of actual expenditures incurred. No expense reimbursement will be allowed for estimates of expenditures incurred. This includes coach-class airfare or train fare (or business class train fare if rates are comparable); and hotels and transportation (e.g. taxis).

**3.4**    It is the responsibility of the Board members, officers, staff, and contractors* to obtain travel authorization from the Chairman of the Board, the Executive Director or Authorized Representative prior to organizing or incurring any travel costs [See Appendix A for Authorization Authority]. Expense reimbursement is subject to having received prior authorization. Exceptions shall be made under the consideration of the Chairman, Executive Director or Authorized Representative.

**3.5**    The use of video and telephone conferencing instead of travel should always be considered to reduce travel expenses.

### 4.  Travel Expenses

### 4.1 Air Travel

**4.1.1**    Costs for air travel will be reimbursed on an actual cost incurred basis.For all flights, board members, officers, staff, and contractors* are required to travel in a cabin class no higher than premium economy class and, when possible, the cheapest fare in this class. For travel with total flight times of longer than 6 hours, business class (or first class if business class is not available) fare may be booked.

**4.1.2**    Flights should be booked to provide the best value/lowest cost and fit between cost and convenience. Board staff shall book flights through the Board's Executive Assistant.

Board members may book flights through the Board's Executive Assistant or independently. Board contractors must book flights independently, though they are allowed to consult the Board's Executive Assistant on fares the board members, officers, and staff are using.

**4.1.3**   The Board will not reimburse costs incurred due to deviations from the most direct routes taken for personal travel reasons.  In such cases, if the Board purchased the ticket, the traveler must reimburse the Board for any additional costs over and above the authorized travel.

**4.1.4**   Any alteration to original travel plans must be justified and approved in accordance with the Policy.

## 4.2 Train Travel

**4.2.1**   The Board may reimburse travelers for their economy train fares or business class train fares when those fares are comparable to the equivalent, economy class airfare on the same route.

**4.2.2**   Board staff shall book trains through the Board's Executive Assistant. Board Members may book trains through the Board's Executive Assistant or independently. Board contractors must book trains independently, though they are allowed to consult the Board's Executive Assistant on fares the board members, officers, and staff are using.

## 4.3 Hotels and Lodging

**4.3.1**   Accommodation costs may be reimbursed by the Board. Board members, officers, staff, and contractors should not exceed cost of accommodation per night published in the U.S. Government GSA Per Diem Rates (https://www.gsa.gov/perdiem). If you choose to book at a different rate, the maximum reimbursable amount will be the GSA rate. If accommodations are not available at the GSA rate, please refer to section 6.4 for additional information.

**4.3.2**   Board staff shall book hotels through the Board's Executive Assistant. Board members may book hotels through the Board's Executive Assistant or independently. Board contractors must book hotels independently, though they are allowed to consult the Board's Executive Assistant on fares the Board members, officers, and staff are using.

## 4.4 Transportation

**4.4.1**   Transportation costs during trips associated to Board business will be reimbursed. Board members, officers, and staff can expense the following transportation costs: 1) transportation to and from the airport / train station and 2) transportation to and from the meeting location. Transportation costs cover taxi services or equivalent (e.g. Uber, Lyft or any other transportation means).

**4.4.2**   Local transportation costs during trips associated to Board business will be reimbursed. Board members, officers, and staff can expense the following transportation costs: 1)

26

transportation to and from the meeting location. Transportation costs cover taxi services or equivalent (e.g. Uber, Lyft or any other transportation means).

When using personal vehicles for transportation, the Board can expense the following costs: 1) mileage as per the GSA rate in the following link https://www.gsa.gov/travel-resources , the total reimbursed for the mileage can be calculated in the following link https://www.dtop.pr.gov/calculadora-de-millaje/, 2 )parking fees, and 3) tolls. Evidence must be submitted.

## 4.5 Business Meals

**4.5.1**   When travelling to a location other than the Board members, officers, staff, and contractors'* local city, business meals and incidentals are reimbursable based on the current GSA rate (https://www.gsa.gov/perdiem).

**4.5.2**   Board members may also have the option to request a per diem allowance to cover meals and incidentals based on the current GSA rate, which will be subject to tax retention according to Puerto Rico's Internal Revenue Code and does not require submission of receipts.

## 5.   Other Expenses

**5.1** Other expenses are reimbursable provided they are legitimate, necessary, and reasonable expenses directly connected with or pertaining to the Board, such as office supplies, printing and reproduction, and messengers, among others.

## 6.   Reimbursement of Expense

**6.1** Travel arrangements are authorized in advance through the completion and approval of a travel authorization email and the validation of a travel plan between the traveler and the designated approver [See Appendix A].

**6.2** Expenses are reimbursed through the completion, approval, and validation of expense report [See Appendix B] that the members, officers, and staff must submit to the designated approver [See Appendix C].

**6.3** Expense claims should be submitted no later than thirty (30) days after the charges are made. Claims submitted after thirty (30) days will not be disbursed unless approved by the Executive Director.

**6.4** In rare circumstances, and on an exceptional basis, reimbursement in excess of stated limits may be provided when lodging options are not available below. In such rare circumstances, the need for higher reimbursement shall be indicated on the attached reimbursement form and justified in writing by the FOMB members, officers, and staff.

The Chairman of the Board or his authorized representative will have sole discretion to approve

or deny such expenditures.

**6.5** Receipts are required for all expenditures billed. No expense will be reimbursed to Board members, officers, staff and contractors* unless the individual requesting reimbursement submits, with the Expense Report, written itemized receipts from each vendor (not a credit card receipt or statement) showing the vendor's name, a description of the services provided (if not otherwise obvious), the date, and the total expenses. If a receipt is not available, a full explanation of the expense and the reason for the missing receipt is required unless a Per Diem is requested consistent with Section 4.5.2

**6.6** Alcoholic beverages will not be reimbursed under any circumstance.

28

**APPENDIX A: Travel Authorization**

| Expense to be Incurred By: | Authorization From: |
|---|---|
| Board Member | Chairman or Authorized Representative |
| Board Staff | Executive Director or Authorized Representative |
| Board Contractors | Executive Director or Authorized Representative |
| Executive Director | Chairman or Authorized Representative |
| Chairman | N/A |

29

**APPENDIX B: Expense Report**

**Financial Management and Oversight Board for Puerto Rico**

*To be completed by* members, officers, and staff *and submitted to designated approver*

| DATE | DESCRIPTION | AIR FARE | GROUND FARE | HOTEL | MEALS | OTHER | TOTAL (1) |
|------|-------------|----------|-------------|-------|-------|-------|-----------|
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
|      |             |          |             |       |       |       | $      -  |
| TOTAL |            | $     -  | $      -    | $   - | $   - | $   - | $      -  |

**Signature:**_____          **Date:**_____

**Approved by:**_____          **Date:**_____

**(1) SUBMIT RECEIPTS FOR THE AMOUNTS TO BE REIMBURSED.**

**APPENDIX C: Expense Report Approval Authority**

| Expense Incurred By: | Expense Approved By: |
|---|---|
| Board Member | Chairman or Authorized Representative |
| Board Personnel | Executive Director or Authorized Representative |
| Board Advisors | Executive Director or Authorized Representative |
| Executive Director | Chairman or Authorized Representative |
| Chairman | Executive Director or Authorized Representative |

I certify by my signature below that I have received and reviewed, and am authorized on Contractor's behalf to agree that Contractor shall abide by this Expense Reimbursement Policy:

Contractor Name: David M. Daly


_____          April 10, 2024
                                                 _____
Signature of Contractor Authorized Representative     Date

David M. Daly
Senior Advisor_____
Printed Name and Title of Contractor Authorized Representative

32

## **EXHIBIT 2**

**Time Detail**

**Timesheet for David M. Daly**

**December 2023 - March 2024**

| Day | Date | Description | Hours |
|---|---|---|---|
| Wednesday | 12/6/2023 | Call with Proskauer team (Rina Kim, Ehud Barak, Margaret Dale, Michael Mervis) on scope of expert rebuttal report and 2023 fiscal plan narrative (0.5 hours)<br><br>Call with Rina Kim (Proskauer) on scope of expert report, 2023 fiscal plan narrative, and initial documents for review (0.6 hours)<br><br>Initial Documents Review (2.1 hours)<br> - 2023 fiscal plan narrative<br> - Review/analysis of Luma OMA and Genera OMA<br> - Review/analysis of original disclosure statement related to the PREPA Plan of Adjustment<br> - Review/analysis of supplemental disclosure statement related to the PREPA Plan of Adjustment | 3.2 |
| Thursday | 12/7/2023 | Call with Rina Kim (Proskauer) on scope of expert rebuttal report (0.2 hours)<br><br>Initial Documents Review (6.5 hours)<br> - 2023 fiscal plan narrative<br> - Review/analysis of Luma OMA and Genera OMA<br> - Review/analysis of original disclosure statement related to the PREPA Plan of Adjustment<br> - Review/analysis of supplemental disclosure statement related to the PREPA Plan of Adjustment | 6.7 |
| Friday | 12/8/2023 | Initial Documents Review (7.5 hours)<br> - 2023 fiscal plan narrative<br> - Review/analysis of Luma OMA and Genera OMA<br> - Review/analysis of original disclosure statement related to the PREPA Plan of Adjustment<br> - Review/analysis of supplemental disclosure statement related to the PREPA Plan of Adjustment | 7.5 |
| Saturday | 12/9/2023 | NA | 0.0 |
| Sunday | 12/10/2023 | NA | 0.0 |
| Monday | 12/11/2023 | Initial Documents Review (7.7 hours)<br> - 2023 fiscal plan narrative<br> - 2023 fiscal plan excel model, 2023 fiscal plan alternative load model | 7.7 |
| Tuesday | 12/12/2023 | Call with Rina Kim (Proskauer) on M. Yackira expert report (0.2 hours)<br><br>Expert Report Development (12.3 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2023 fiscal plan narrative<br> - Review/alanysis of 2023 fiscal plan excel model | 12.5 |
| Wednesday | 12/13/2023 | Expert Report Development (11.2 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2023 fiscal plan narrative<br> - Review/alanysis of 2023 fiscal plan excel model<br> - Development of initial rebuttal points and outline of expert report | 11.2 |
| Thursday | 12/14/2023 | Expert Report Development (8.4 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2023 fiscal plan narrative<br> - Review/alanysis of 2023 fiscal plan excel model<br> - Development of initial rebuttal points and outline of expert report | 8.4 |
| Friday | 12/15/2023 | Expert Report Development (7.7 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2023 fiscal plan narrative<br> - Review/alanysis of 2023 fiscal plan excel model<br> - Development of initial rebuttal points and outline of expert report | 7.7 |

| | | | |
|---|---|---|---|
| Saturday | 12/16/2023 | Call with Proskauer team (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Ehud Barak) to review initial points of rebuttal (1.1 hours)<br><br>Expert Report Development (10.3 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2023 fiscal plan excel model<br>- Development of initial rebuttal points and outline of expert report | 11.4 |
| Sunday | 12/17/2023 | Expert Report Development (8.4 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2023 fiscal plan excel model<br>- Review/analysis of Round 2 expert reports (Grien, Terry, Edwards, Rivera, Ackerman, Bhatia, Nieves, Lozada, Fernandez)<br>- Development of initial rebuttal points and outline of expert report | 8.4 |
| Monday | 12/18/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report and required benchmanrking analyses, required charts and figures (2.0 hours)<br><br>Expert Report Development (7.1 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2022 and 2023 fiscal plan excel model<br>- Analysis of McKinsey reports to FOMB on 2023 fiscal plan changes from 2022 fiscal plan<br>- Development of initial rebuttal points and outline of expert report | 9.1 |
| Tuesday | 12/19/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points (2.0 hours)<br><br>Expert Report Development (6.5 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2022 and 2023 fiscal plan excel model<br>- Analysis of McKinsey reports to FOMB on 2023 fiscal plan changes from 2022 fiscal plan<br>- Development of initial rebuttal points and outline of expert report | 8.5 |
| Wednesday | 12/20/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points (1.5 hours)<br><br>Call with Proskauer team (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Ehud Barak), Brattle (Adrienna Huffman, Farooq Javed), McKinsey (Sarah Brody, Lindsey Waller, Miguel Bernal) and FOMB staff (Fausto Hernandez, Fernando Bruno Ramírez de Arellano) on 2022 and 2023 fiscal plan excel models (1.0 hour)<br><br>Expert Report Development (7.1 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2022 and 2023 fiscal plan excel models<br>- Review/analysis of Round 2 expert reports (Grien, Terry, Edwards, Rivera, Ackerman, Bhatia, Nieves, Lozada, Fernandez)<br>- Development of initial rebuttal points and outline of expert report | 9.6 |
| Thursday | 12/21/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points (1.2 hours)<br><br>Call with Adam Farbiarz (Proskauer) on initial points of expert report rebuttal (2.7 hours)<br><br>Expert Report Development (7.1 hours)<br>- Review/analysis of Yackira expert report<br>- Review/analysis of 2022 and 2023 fiscal plan excel model<br>- Review/analysis of Round 2 expert reports (Grien, Terry, Edwards, Rivera, Ackerman, Bhatia, Nieves, Lozada, Fernandez)<br>- Development of initial points of expert report rebuttal | 11.0 |

| | | | |
|---|---|---|---|
| Friday | 12/22/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Julia Schnatz) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points (1.2 hours)<br><br>Call with Rina Kim (Proskauer) on revenue envelope and legacy charge model, CVI-1 and CVI-2 impacts, and Genera and Luma OMA terms and conditions (1.3 hours)<br><br>Call with Adam Farbiarz (Proskauer) on expert report rebuttal points (0.4 hours)<br><br>Expert Report Development (7.5 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2022 and 2023 fiscal plan excel model<br> - Review/analysis of Round 1 expert reports (April/May 2023 - George, Weiss, Tierney)<br> - Finalize rebuttal points and outline of expert report | 10.4 |
| Saturday | 12/23/2023 | Expert Report Development (3.9 hours)<br> - Review/analysis of Yackira expert report<br> - Review/analysis of 2022 and 2023 fiscal plan excel model<br> - Finalize rebuttal points and outline of expert report | 3.9 |
| Sunday | 12/24/2023 | NA | 0.0 |
| Monday | 12/25/2023 | NA | 0.0 |
| Tuesday | 12/26/2023 | Expert Report Development (15.2 hours)<br>Drafting version 1.0 of expert rebuttal report<br>Review/analysis of M. Yackira backup documentation | 15.2 |
| Wednesday | 12/27/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points  (1.1 hours)<br><br>Call with Adam Farbiarz (Proskauer) on expert report rebuttal points (0.8 hours)<br><br>Drafting version 1.0 of expert rebuttal report (13.9 hours) | 15.8 |
| Thursday | 12/28/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points  (0.7 hours)<br><br>Calls (2) with Rina Kim (Proskauer) on Shared Services Agreement and information available in public reports developed by Luma (0.7 hours)<br><br>Drafting version 1.0 of expert rebuttal report (14.7 hours) | 16.1 |
| Friday | 12/29/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, overview of analyses, charts and figures to support key rebuttal points  (1.6 hours)<br><br>Call with Proskauer team (Kim, M. Rina, Dale, Margaret A, Farbiarz, Adam, Mervis, Michael, Sosa, Javier, Possinger, Paul), Brattle (Adrienna Huffman, Farooq Javed), and FOMB staff ( Fausto Hernandez, Fernando Bruno Ramírez de Arellano) on 2022 and 2023 fiscal plan excel models and Luma and Genera OMA agreements (1.0 hour)<br><br>Calls (2) with Rina Kim (Proskauer) on 2023 fiscal plan model inputs (0.6 hours)<br><br>Drafting version 1.0 of expert rebuttal report (12.1 hours) | 15.3 |
| Saturday | 12/30/2023 | Call with Brattle team (Adrienna Huffman, Farooq Javed) on first draft of expert rebuttal report, enhanced graphics, 2022 vs 2023 increase drivers analysis (1.6 hours)<br><br>Call with Rina Kim (Proskauer) on 2022 and 2023 fiscal models and CVI-2 (0.3 hours)<br><br>Drafting version 1.0 of expert rebuttal report (13.2 hours) | 15.1 |

| | | | |
|---|---|---|---|
| Sunday | 12/31/2023 | Call with Adrienna Huffman (Brattle) on first draft of expert rebuttal report, clarification of additional charts and figures (0.2 hours)<br><br>Call with Mike Beck (Brattle) on vegetation management and changes in annual fiscal plans (0.8 hours)<br><br>Call with Rina Kim (Proskauer) on CVI-2 (0.6 hours)<br><br>Call with Adam Farbiaz (Proskauer) on fiscal model inputs (0.1 hours)<br><br>Completed draft of version 1.0 of expert rebuttal report - sent to Brattle support team for internal review (15.1 hours) | 16.8 |
| Monday | 1/1/2024 | Call with Mike Beck (Brattle) on 2.0 draft of expert rebuttal report, 2022/2023 fiscal plan narratives and fiscal plan excel models (1.2 hours)<br><br>Call with Adrienna Huffman (Brattle) on drafting next steps (0.1 hours)<br><br>Revising and editing version 2.0 of draft expert rebuttal report (14.6 hours) | 15.9 |
| Tuesday | 1/2/2024 | Call with Luma (Corey Schneider), Proskauer team (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Paul Possinger), Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck) on Luma 2022 and 2023 fiscal plan inputs, future efficiencies, operational improvements achieved to date, and Luma OMA agreement (1.0 hour)<br><br>Calls (2) with Adam Farbiarz (Proskauer) on CVI-2 and expert report rebuttal points (0.9 hours)<br><br>Call with Javier Sosa (Proskauer) on 2021, 2022 and 2023 fiscal plan models (0.7 hours)<br><br>Call with Farooq Javed (Brattle) on expert report benchmarking analyses/rebuttal points (0.2 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed) on 2.0 draft of expert rebuttal report - Luma inputs and future efficiencies (0.8 hours)<br><br>Calls (3) with Mike Beck (Brattle) on Luma future efficiencies and changes in expenses between 2022 and 2023 fiscal plans (5.8 hours)<br><br>Revising and editing version 2.0 of draft expert rebuttal report (7.3 hours) | 16.7 |
| Wednesday | 1/3/2024 | Call with Proskauer team (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Paul Possinger) and Brattle (Adrienna Huffman, Farooq Javed, Mike Beck, Josh Figueroa, Anna Almonte) to discuss status and next steps in preparation of expert rebuttal report. (1.6 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on second draft of expert rebuttal report - future efficiencies, 2022 v 2023 fiscal plan expense level changes (1.2 hours)<br><br>Calls (2) with Mike Beck (Brattle) on fiscal model inputs, Luma future efficiencies, and changes in expenses between 2022 and 2023 fiscal plans (3.8 hours)<br><br>Call with Adam Farbiarz (Proskauer) on expert report rebuttal points (0.4 hours)<br><br>Revising and editing version 2.0 of draft expert rebuttal report (8.8 hours) | 15.8 |
| Thursday | 1/4/2024 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck) on punch list/assignment of tasks requiring completion for 2.0 draft of expert rebuttal report (1.3 hours)<br><br>Call with Mike Beck (Brattle) on reconciliation of excel model inputs for fiscal years 2021, 2022 and 2023 fiscal plans (0.8 hours)<br><br>Calls (2) with Farooq Javed (Brattle) on expert report rebuttal points (0.3 hours)<br><br>Call with Anna Almonte (Brattle) on enhanced graphic options for expert report (0.2 hours)<br><br>Call with Dean Pender (Brattle) on expert report audit items (0.7 hours)<br><br>Revising and editing version 2.0 of draft expert rebuttal report (12.3 hours) | 15.6 |

| | | | |
|---|---|---|---|
| Friday | 1/5/2024 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck) on punch list/assignment of tasks requiring completion for 2.0 draft of expert rebuttal report (0.8 hours)<br><br>Call with Farooq Javed (Brattle) on benchmarking section of expert report (0.2 hours)<br><br>Calls (2) with Mike Beck (Brattle) on Luma section and final edits to 2.0 draft of expert rebuttal report (2.6 hours)<br><br>Final revisions and edits to 2.0 draft of expert rebuttal report (11.6 hours) | 15.2 |
| Saturday | 1/6/2024 | Final revisions and edits to 2.0 draft of expert rebuttal report (8.4 hours)<br><br>Call with Brattle support (Adrienna Huffman and Farooq Javed) on next steps for 3.0 draft of expert rebuttal report (0.2 hours)<br><br>Completed and submitted version 2.0 of draft expert rebuttal report to Proskauer | 8.6 |
| Sunday | 1/7/2024 | Calls (2) with Mike Beck (Brattle) on Proskauer feedback on 2.0 draft of expert rebuttal report (2.8 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed) on Proskauer feedback on 2.0 draft of expert rebuttal report (0.6 hours)<br><br>Revising and editing version 3.0 of draft expert rebuttal report (8.1 hours) | 11.5 |
| Monday | 1/8/2024 | Call with Proskauer team (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Paul Possinger) and Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Josh Figueroa, Anna Almonte) to discuss feedback on version 2.0 and next steps in preparation of 3.0 draft of expert rebuttal report (1.0 hour)<br><br>Calls (3) with Mike Beck (Brattle) on expert report edits to Genera and Luma sections and followup to Proskauer call/feedback (3.2 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on Proskauer feedback on version 2.0 and next steps for 3.0 draft of expert rebuttal report (0.9 hours)<br><br>Calls (2) with Farooq Javed (Brattle) on expert report rebuttal points (0.2 hours)<br><br>Revising and editing version 3.0 of draft expert rebuttal report (11.3 hours) | 16.6 |
| Tuesday | 1/9/2024 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on finalizing 3.0 draft of expert rebuttal report (1.3 hours)<br><br>Call with Anna Almonte (Brattle) on load pocket graphic (0.3 hours)<br><br>Calls (4) with Farooq Javed (Brattle) on expert report rebuttal points (0.7 hours)<br><br>Completed and submitted version 3.0 of draft expert rebuttal report to Proskauer (13.1 hours) | 15.4 |
| Wednesday | 1/10/2024 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck) on next steps for developing 4.0 draft of expert rebuttal report (1.1 hours)<br><br>Call with Adam Farbiarz (Proskauer) on final edits to expert report (0.1 hours)<br><br>Revising and editing version 4.0 of draft expert rebuttal report (15.5 hours) | 16.5 |

| Day | Date | Description | Hours |
|---|---|---|---|
| Thursday | 1/11/2024 | Call with Adam Farbiarz (Proskauer), Brattle team (Farooq Javed, Mike Beck) and McKinsey support on 2022/2023 fiscal plan excel models (0.6 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on 4.0 draft of expert rebuttal report (1.8 hours)<br><br>Call with Adrienna Huffman on final edits to expert report (0.5 hours)<br><br>Calls (4) with Mike Beck (Brattle) on final edits to expert report - Genera, Luma, and FEMA sections (1.8 hours)<br><br>Calls (2) with Adam Farbiarz (Proskauer) on final edits to expert report and fiscal model inputs (0.6 hours)<br><br>Revising and editing FINAL version of expert rebuttal report (11.1 hours) | 16.4 |
| Friday | 1/12/2024 | Call with Proskauer  (Rina Kim, Margaret Dale, Adam Farbiarz, Michael Mervis, Javier Sosa, Paul Possinger) and Brattle (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) to discuss FEMA project and 10% cost share issues (0.3 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on FINAL draft of expert rebuttal report (1.1 hours)<br><br>Call with Adrienna Huffman (Brattle) on final edits to expert report (0.6 hours)<br><br>Calls (5) with Mike Beck (Brattle) on FEMA, Genera, and benchmarking sections of expert rebuttal report (2.6 hours)<br><br>Call with Javier Sosa (Proskauer) on final edits to expert report (0.3 hours)<br><br>Calls (4) with Farooq Javed (Brattle) on expert report rebuttal points (0.7 hours)<br><br>Call with Anna Almonte (Brattle) on enhanced graphics options for expert report (0.2 hours)<br><br>Revising and editing draft expert report (7.0 hours)<br><br>Completed FINAL version of expert rebuttal report | 12.8 |
| Saturday | 1/13/2024 | NA | 0.0 |
| Sunday | 1/14/2024 | NA | 0.0 |
| Monday | 1/15/2024 | NA | 0.0 |
| Tuesday | 1/16/2024 | NA | 0.0 |
| Wednesday | 1/17/2024 | Deposition Prep (9.1 hours)<br>  -  Review of Daly expert report and supporting materials<br>  -  Review of Yackira expert report<br>  -  Review of round 1 and 2 depositions/testimony | 9.1 |
| Thursday | 1/18/2024 | Deposition Prep (7.7 hours)<br>  -  Review of Daly expert report and supporting materials<br>  -  Review of Yackira expert report<br>  -  Review of round 1 and 2 depositions/testimony | 7.7 |
| Friday | 1/19/2024 | Call with Farooq Javed (Brattle) on fixed-cost under-recovery elasticity adjustment (0.8 hours)<br>Call with Brattle consultant James Keyte and Farooq Javed (Brattle) on deposition prep (1.8 hours)<br>Call with Javier Sosa (Proskauer) on deposition prep (0.2 hours)<br>Call with Farooq Javed (Brattle) on expert report rebuttal points (0.1 hours)<br><br>Deposition Prep (5.7 hours)<br>  -  Review of Daly expert report and supporting materials<br>  -  Review Yackira expert report<br>  -  Review round 1 and 2 expert depositions/testimony | 8.6 |

| | | | |
|---|---|---|---|
| Saturday | 1/20/2024 | Deposition Prep (11.2 hours)<br>- Review of Daly expert report and supporting materials<br>- Review Yackira expert report<br>- Review round 1 and 2 expert depositions/testimony | 11.2 |
| Sunday | 1/21/2024 | Deposition Prep (10.5 hours)<br>- Review of Daly expert report and supporting materials<br>- Review Yackira expert report<br>- Review round 1 and 2 expert depositions/testimony | 10.5 |
| Monday | 1/22/2024 | Deposition prep at Law Offices of Proskauer-Rose with Proskauer team (Adam Farbiarz, Michael Mervis, Javier Sosa) and Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) (9.5 hours) | 9.5 |
| Tuesday | 1/23/2024 | Pre and post deposition activities (2.3 hours)<br><br>Deposition held at Law Offices of White & Case (7.7 hours)<br><br>Deposition debrief call:  Sosa, Javier F., Mervis, Michael T., Farbiarz, Adam, Javed, Farooq, Mike Beck, Anna Almonte, Huffman, Adrienna (0.2 hours) | 10.2 |
| Wednesday | 1/24/2024 | Call with Javier Sosa (Proskauer) on deposition de-brief (0.2 hours) | 0.2 |
| Thursday | 1/25/2024 | NA | 0.0 |
| Friday | 1/26/2024 | NA | 0.0 |
| Saturday | 1/27/2024 | NA | 0.0 |
| Sunday | 1/28/2024 | NA | 0.0 |
| Monday | 1/29/2024 | Call with Adrienna Huffman (Brattle) on errata memorandum (0.1 hours) | 0.1 |
| Tuesday | 1/30/2024 | Call with Adrienna Huffman (Brattle) on structure and input to errata memorandum for January 12th Daly expert report (0.8 hours)<br><br>Development of errata memo, errata tables and figures, and backup materials for Daly declaration (7.5 hours) | 8.3 |
| Wednesday | 1/31/2024 | NA | 0.0 |
| Thursday | 2/1/2024 | Attended M. Yackira deposition (via zooom link)  (7.6 hours)<br><br>Call with Mike Beck (Brattle) on debrief of M. Yackira deposition (0.3 hours) | 7.9 |
| Friday | 2/2/2024 | Call with Adrienna Huffman (Brattle) on structure and input to errata memorandum for January 12th Daly expert report (1.1 hours)<br><br>Call with Javier Sosa (Proskauer) on declaration outline (0.5 hours)<br><br>Development of errata memo, errata tables and figures, and backup materials for Daly declaration (5.1 hours) | 6.7 |
| Saturday | 2/3/2024 | NA | 0.0 |
| Sunday | 2/4/2024 | Call with Adrienna Huffman (Brattle) on structure and input to errata memorandum for January 12th Daly expert report (0.8 hours)<br><br>Development of errata memo, errata tables and figures, and backup materials for Daly declaration (3.5 hours) | 4.3 |
| Monday | 2/5/2024 | NA | 0.0 |
| Tuesday | 2/6/2024 | NA | 0.0 |

| Wednesday | 2/7/2024 | Call with Javier Sosa (Proskauer) on declaration outline (0.2 hours) | 0.2 |
|---|---|---|---|
| Thursday | 2/8/2024 | Call with Adrienna Huffman (Brattle) on structure and input to errata memorandum for January 12th Daly expert report (0.8 hours)<br><br>Development of revised errata memo, errata tables and figures, and backup materials for Daly declaration (3.3 hours) | 4.1 |
| Friday | 2/9/2024 | Review Daly deposition transcript (5.1 hours)<br><br>Review and edit initial Daly draft declaration (3.3 hours) | 8.4 |
| Saturday | 2/10/2024 | Review/analyze M. Yackira deposition transcript (5.5 hours)<br><br>Review and edit initial Daly draft declaration (4.3 hours) | 9.8 |
| Sunday | 2/11/2024 | Call with Javier Sosa (Proskauer) on Daly draft declaration (0.7 hours)<br><br>Review and edit final Daly draft declaration (3.0 hours)<br><br>Review Daly deposition transcript (4.2 hours) | 7.9 |
| Monday | 2/12/2024 | Calls (3) with Adrienna Huffman (Brattle) on analyses supporting final Daly declaration (0.9 hours)<br><br>Calls (2) with Javier Sosa (Proskauer) on final Daly declaration (0.6 hours)<br><br>Final review/edits to Daly declaration (5.1 hours)<br><br>FINAL Daly declaraton submitted | 6.6 |
| Tuesday | 2/13/2024 | Review/analyze Yackira deposition transcript and declaration (3.8 hours) | 3.8 |
| Wednesday | 2/14/2024 | Review/analyze Yackira deposition transcript and declaration (5.2 hours) | 5.2 |
| Thursday | 2/15/2024 | Review/analyze Yackira deposition transcript and declaration (4.5 hours) | 4.5 |
| Friday | 2/16/2024 | NA | 0.0 |
| Saturday | 2/17/2024 | NA | 0.0 |
| Sunday | 2/18/2024 | NA | 0.0 |
| Monday | 2/19/2024 | Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on initial observations on Yackira declaration (0.4 hours)<br><br>Call with Adrienna Huffman on Yackira declaration (0.3 hours) | 0.7 |
| Tuesday | 2/20/2024 | Call with Proskauer team (Rina Kim, Adam Farbiarz, Michael Mervis, Javier Sosa) and Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) to discuss initial observations on Yackira declaration (1.0 hour)<br><br>Call with Javier Sosa (Proskauer) on initial observations on Yackira declaration (0.2 hours)<br><br>Call with Brattle team (Adrienna Huffman, Farooq Javed, Mike Beck, Anna Almonte) on initial observations on Yackira declaration (1.1 hours)<br><br>Review/analyze Yackira deposition transcript and declaration (5.7 hours) | 8.0 |
| Wednesday | 2/21/2024 | NA | 0.0 |
| Thursday | 2/22/2024 | NA | 0.0 |
| Friday | 2/23/2024 | NA | 0.0 |

| | | | |
|---|---|---|---|
| Saturday | 2/24/2024 | Trial preparation (6.5 hours)<br> - Preperation of Yackira declaration summary memo<br> - Daly and Yackira January 2024 expert reports<br> - Daly and Yackira February 2024 Declarations<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 6.5 |
| Sunday | 2/25/2024 | Calls (2) with Javier Sosa (Proskauer) on trial preparation (0.2 hours)<br>Calls (3) with Adrienna Huffman (Brattle) on new analyses and trial preparation (2.1 hours)<br>Call with Mike Beck (Brattle) on trial preparation (0.5 hours)<br>Call with Anna Almonte (Brattle) on new analyses of 22 vs 23 fiscal plans (1.2 hours)<br><br>Trial preparation (7.6 hours)<br> - Preperation of Yackira declaration summary memo<br> - Daly and Yackira January 2024 expert reports<br> - Daly and Yackira February 2024 Declarations<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 11.6 |
| Monday | 2/26/2024 | Call with Javier Sosa (Proskauer) on trial preparation (0.3 hours)<br>Call with Adrienna Huffman (Brattle) on trial preparation (0.2 hours)<br>Call with Mike Beck (Brattle) on M. Yackira declaration, new exhibits, and 22 vs 23 fiscal plans (1.0 hour)<br><br>Trial preparation (7.9 hours)<br> - Preperation of Yackira declaration summary memo<br> - Daly and Yackira January 2024 expert reports<br> - Daly and Yackira February 2024 Declarations<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 9.4 |
| Tuesday | 2/27/2024 | NA | 0.0 |
| Wednesday | 2/28/2024 | Call with Rina Kim (Proskauer) on trial prep (0.2 hours)<br>Call with Anna Almonte (Brattle) on new expense analyses and AMI industry trends (0.4 hours)<br><br>Trial preparation (7.1 hours)<br> - Daly and Yackira January 2024 expert reports<br> - Daly and Yackira February 2024 Declarations<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 7.7 |
| Thursday | 2/29/2024 | Call with Mike Beck (Brattle) on trial preparation (0.7 hours)<br>Call with Adrienna Huffman on trial preparation (0.6 hours)<br><br>Trial preparation (5.4 hours)<br> - Daly and Yackira January 2024 expert reports<br> - Daly and Yackira February 2024 Declarations<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 6.7 |
| Friday | 3/1/2024 | Call with Adam Farbiarz on trial prep (0.1 hours) | 0.1 |
| Saturday | 3/2/2024 | NA | 0.0 |
| Sunday | 3/3/2024 | NA | 0.0 |
| Monday | 3/4/2024 | Call with Mike Beck (Brattle) on trial preperation (0.3 hours)<br><br>Trial preperation (8.1 hours)<br> - Attended trial proceeding (via zoom link)<br> - Daly and Yackira Deposition Transcripts<br> - Various expert reports, models, and other supporting materials | 8.4 |

| Tuesday | 3/5/2024 | Trial preperation (7.2 hours) <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 7.2 |
|---|---|---|---|
| Wednesday | 3/6/2024 | Trial preperation (8.1 hours) <br> - Attended trial proceeding (via zoom link) <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 8.1 |
| Thursday | 3/7/2024 | Trial preperation (7.8 hours) <br> - Attended trial proceeding (via zoom link) <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 7.8 |
| Friday | 3/8/2024 | Call with Mike Beck (Brattle) on trial prep (0.4 hours) <br><br> Trial preperation (7.3 hours) <br> - Attended trial proceeding (via zoom link) <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 7.7 |
| Saturday | 3/9/2024 | NA | 0.0 |
| Sunday | 3/10/2024 | Trial preperation (4.8 hours) <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 4.8 |
| Monday | 3/11/2024 | Calls (2) with Mike Beck (Brattle) on Furure Efficiencies in 22 vs 23 fiscal plans (0.7 hours) <br> Calls (3) with Javier Sosa (Proskauer) on trial testimony schedule and prep (0.5 hours) <br> Calls (3) with Anna Almonte (Brattle) on 22 vs 23 fiscal plan variances and new analyses (1.2 hours) <br><br> Trial preperation (10.7 hours) <br> - Review of Ellen Smith trial testimorny <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 13.1 |
| Tuesday | 3/12/2024 | Trial preperation (12.3 hours) <br> - Attended trial proceeding <br> - Testimony prep with Proskauer Rose <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 12.3 |
| Wednesday | 3/13/2024 | Calls (2) with Mike Beck (Brattle) on testimony prep, Genera expense forecasts in 22/23 fiscal plans, and industry pracrtices for incorporating techincal and non-technical losses into IRP studies (1.3 hours) <br> Calls (5) with Javier Sosa (Proskauer), and Anna Almonte/Adrieena Huffman (Brattle) on trial testimony prep (0.4 hours) <br><br> Trial preperation (6.7 hours) <br> - Attended trial proceeding <br> - Testimony prep with Proskauer Rose <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 8.4 |
| Thursday | 3/14/2024 | Call with Rina Kim (Proskauer) on industry pracrtices for incorporating techincal and non-technical losses into IRP studies (0.4 hours) <br> Calls (2) with Mike Beck (Brattle) on industry pracrtices for incorporating techincal and non-technical losses into IRP studies and trial testimony prep (0.4 hours) <br> Calls (3) with Bill Zarakas (Brattle) on industry pracrtices for incorporating techincal and non-technical losses into IRP studies (0.6 hours) <br><br> Trial preperation (7.1 hours) <br> - Attended trial proceeding <br> - Testimony prep with Proskauer Rose <br> - Daly and Yackira Deposition Transcripts <br> - Various expert reports, models, and other supporting materials | 8.5 |
| Friday | 3/15/2024 | Trial testimony and follow-up (3.4 hours) | 3.4 |

| | Total Hours | 693.7 |
|---|---|---|

## **EXHIBIT 3**

**Expenses**

**Business Expenses for David M. Daly**
**December 2023 - March 2024**

| Date | Expense Category | Amount ($) | Receipt |
|---|---|---|---|
| | **Transportation** | | |
| 3/10/2024 | Airport Transportation - Keyport NJ to Newark Intl Airport | $ 152.50 | Yes - Receipt 1 |
| 3/10/2024 | Airport Transportation - San Juan Intl Airport to Condado Vanderbilt Hotel | $ 22.00 | Yes - Receipt 2 |
| 3/14/2024 | Uber - Proskauer Puerto Rico Law offices to Condado Vanderbilt Hotel | $ 13.49 | Yes - Receipt 3 |
| 3/15/2024 | Uber - Proskauer Puerto Rico Law offices to Condado Vanderbilt Hotel | $ 12.96 | Yes - Receipt 4 |
| 3/16/2024 | Airport Transportation - Condado Vanderbilt Hotel to San Juan Intl Airport | $ 23.00 | Yes - Receipt 5 |
| 3/16/2024 | Airport Transportation - Newark Intl Airport to Keyport NJ | $ 133.70 | Yes - Receipt 6 |
| 3/10/2024 | Airfare - Newark Intl to San Juan Intl | $ 344.30 | Yes - Receipt 7 |
| 3/16/2024 | Airfare - San Juan Intl to Newark Intl | $ 319.30 | Yes - Receipt 8 |
| | **Hotels** | | |
| 1/22/2024 | Archer Hotel - NYC - Deposition Prep | $ 297.26 | Yes - Receipt 9 |
| 3/10/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 539.46 | Yes - Receipt 10 |
| 3/11/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 539.46 | Yes - Receipt 10 |
| 3/12/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 539.46 | Yes - Receipt 10 |
| 3/13/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 539.46 | Yes - Receipt 10 |
| 3/14/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 539.46 | Yes - Receipt 10 |
| 3/15/2024 | Condado Vanderbilt Hotel Room - San Juan  - Trial Testimony | $ 494.46 | Yes - Receipt 10 |
| | **Meals** | | |
| 1/22/2024 | Wolfgang's New York City - Deposition Prep | $ 167.40 | Yes - Receipt 11 |
| 3/10/2024 | Condado Vanderbilt Hotel - Ola Bistro Restaurant - Trial Testimony | $ 84.55 | Yes - Receipt 12 |
| 3/11/2024 | Condado Vanderbilt Hotel - In-room Service - Trial Testimony | $ 54.79 | Yes - Receipt 13 |
| 3/11/2024 | Munchie Burger San Juan Restaurant - Trial Testimony | $ 21.67 | Yes - Receipt 14 |
| 3/12/2024 | STK San Juan Restaurant - Trial Testimony | $ 164.10 | Yes - Receipt 15 |
| 3/13/2024 | Condado Vanderbilt Hotel - In-room Service - Trial Testimony | $ 89.79 | Yes - Receipt 16 |
| 3/14/2024 | Condado Vanderbilt Hotel - In-room Service - Trial Testimony | $ 13.54 | Yes - Receipt 17 |
| 3/15/2024 | Condado Vanderbilt Hotel - In-room Service - Trial Testimony | $ 3.21 | Yes - Receipt 18 |
| 3/16/2024 | Condado Vanderbilt Hotel - In-room Service - Trial Testimony | $ 51.04 | Yes - Receipt 19 |
| | **Reproduction** | | |
| 1/19/2024 | Photocopy service - Deposition Prep | $ 94.26 | Yes - Receipt 20 |
| 2/25/2024 | Photocopy service - Trial Testimony Prep | $ 171.78 | Yes - Receipt 21 |
| | | ***Total*** | **$ 5,426.40** |