UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO
et al.,

               Debtors.[1]

---------------------------------------------------------------x

PROMESA
Title III

No. 17 BK 3283-LTS

(Jointly Administered)

ORDER REGARDING PROCEDURES FOR HEARING ON MARCH 19-20, 2025, OMNIBUS HEARING

        The Court will conduct an omnibus hearing on certain motions in the above-captioned cases and related adversary proceedings (the "Hearing"). The Hearing will be conducted on **March 19**, **2025**, from **9:30 a.m.** to **12:50 p.m. (Atlantic Standard Time)**, resume from **2:10 p.m.** to **5:00 p.m**. **(Atlantic Standard Time)**, and continue, if necessary, on

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations). On October 30, 2024, the Title III case for the Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) was closed.

**March 20**, **2025**, beginning at **9:30 a.m. (Atlantic Standard Time)**. The Court will conduct the Hearing in Courtroom 3 of the United States District Court for the District of Puerto Rico, Clemente Ruiz Nazario US Courthouse, 150 Carlos Chardón Street, Federal Building, San Juan, Puerto Rico 00918-1767 (the "Hato Rey Courtroom") and by video teleconference in Courtroom 17C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007 (the "New York Courtroom"). The Hearing shall be governed by the following procedures.

**Registration for In-Person Attendance and Listen-In Facilities for Attorneys, Members of the Public and Press**

1. **In-Person Participation**. Judge Swain will be present in the Hato Rey Courtroom. **Counsel for any party in interest (each a "Party") who are scheduled to participate in a matter scheduled to be heard at the Hearing are expected to appear in person (either in the Hato Rey Courtroom or the New York Courtroom)**. Counsel who are not scheduled to present argument have the following options to access the Hearing: (i) observe in person in the Hato Rey Courtroom; or (ii) observe a video feed of the Hearing in person in the New York Courtroom. **Counsel who have entered their appearance in the Title III proceedings and intend to participate in or observe the Hearing in person (in the Hato Rey Courtroom or the New York Courtroom) must file an informative motion**, as set forth in paragraph 4 below. Informative motions are due **no later than March 12, 2025**, at **5:00 p.m. (Atlantic Standard Time)**.[2]

---

[2] In accordance with the Court's *Notice and Order Regarding Hearing on Pro Se Responses to Omnibus Claim Objection* (Docket Entry No. 25386 in Case No. 17-3283) (the "Pro Se Claim Objection Order"), the Hearing may address certain pro se responses to pending omnibus claim objections. **For the avoidance of doubt, paragraphs 1 and 4 of this Order do not apply to the pro se claimants who appear at the Hearing pursuant to the Pro Se Claim Objection Order.**

2. **Listen-Only Public Access to the Hearing**.[3] Members of the public, press, and attorneys may **listen to but not participate in** the Hearing by dialing 1 (855) 244 - 8681, and, when prompted, entering the access code (2314 687 7241) for listen-only access. This telephonic access line for the press and the general public will be in listen-only mode at all times. Recording and retransmission of the proceedings by any means are prohibited.

3. **Live Observation of the Hearing**. Members of the public and press who wish to **view but not participate in** the Hearing may do so by appearing in person at the Hato Rey Courtroom or the New York Courtroom.

**Party Informative Motion and Exhibit List Procedures**

4. **Party Informative Motion**. In accordance with paragraph 1, a Party must file an informative motion by **March 12**, **2025,** at **5:00 p.m. (Atlantic Standard Time)**. Each Informative Motion must be accompanied by a completed Exhibit A and Exhibit B. Parties who do not plan to proffer exhibits may write "N/A" on the Exhibit B cover sheet.

   a. Party Appearance Sheet (Exhibit A). Counsel for any Party must register an appearance by completing the Party Appearance Sheet. Counsel may select one method of appearance for each attorney appearing at the Hearing. Thereafter, counsel must file an Amended Party Appearance Cover Sheet to change the method of appearance.

   b. Exhibit Cover Sheet (Exhibit B). The Exhibit Cover Sheet must include all docket entry numbers for each Exhibit that was previously filed in connection with the Exhibit List described in paragraph 5 below. Thus, a

---

[3] **Please be advised that the Court has changed teleconference service providers. Accordingly, the number for the listen-only line and access code have changed.** Individuals who wish to gain listen-only access to the Hearing must carefully follow the instructions in paragraph 2 of this Order.

> Party is only able to complete the Exhibit Cover sheet after the Party has filed their Exhibit List.

5. **Exhibit List Procedures**. Counsel for any Party, and any individual Party not represented by counsel, that wishes to proffer exhibits must file an exhibit list by **March 12, 2025**, **at 12:00 p.m**. An exhibit list is a separate filing from the Exhibit Cover Sheet, which is attached to the Party's pretrial informative motion. The exhibit list must contain: a list of the exhibits, in sequential order, with party identifiers (ex. Party ABC Ex. 1, Party DEF Ex. 10), and a description of the exhibit. The naming convention of each exhibit must adhere to the specifications indicated on the Exhibit Cover Sheet. In accordance with Local Civil Rule 5(c) and Local Bankruptcy Rule 9070-1(c), any exhibits filed that are not in the English language must be accompanied by a certified translation into English. Furthermore, Parties must deliver all proposed exhibits in electronic format on a USB flash drive to the courtroom deputy clerk for the U.S. District Court for the District of Puerto Rico.[4] The individual exhibits **must be attached to the Exhibit List**. Each Party must follow the below instructions for filing the Exhibit List.

> a. Each Party is directed to file an Exhibit List using the CM/ECF event "Motion Submitting."
>
> b. Each Party must upload each exhibit as a separate attachment to the Exhibit List. Hyperlinks may not be used in lieu of uploading an exhibit.

---

[4] Pursuant to Local Civil Rule 39, any Party intending to proffer exhibits at the Hearing must follow the Jury Evidence Recording System Guidelines ("JERS") guidelines which may be found at
https://promesa.prd.uscourts.gov/sites/default/files/Jury%20Evidence%20Recording%20System%20PROMESA%20June%202024%20%28LC%20edits%29.pdf

    c. The Exhibit List is intended to be a single filing (with multiple exhibits). If your Exhibit List and attachments exceed the upload capacity of CM/ECF,[5] a Party may divide its submission into multiple filings.

        i. **Large Exhibits**. If a single exhibit is too large to file, Parties shall divide the exhibit into separate attachments. In this scenario, the Party assigns each part of the exhibit **the same exhibit letter or number**, and types in the text field "Part 1 of [Total Number]." Parties **must** select the same exhibit letter or number to indicate to the Court that an uploaded exhibit is continued in the next attachment. For example, if "Party ABC" needs to divide Exhibit 1 into 3 attachments due to its size, "Party ABC" will upload and designate the exhibit as follows: Exhibit 1: "Part 1 of 3," the next attachment as Exhibit 1 "Part 2 of 3," and the final attachment as Exhibit 1 "Part 3 of 3." The next attachment will then proceed to Exhibit 2.

        ii. **Multiple Filings**. If a group of exhibits reaches the 20MB capacity for a single CM/ECF filing, parties must continue to file their exhibits by starting a new filing. Parties will again select the "Motion Submitting" CM/ECF Activity when filing the next set of exhibits. The main document for a continued filing should be titled "Continued Exhibits of [Party Name]" and may include a list of the exhibits attached to that single filing.

    d. **Requests to Seal Certain Exhibits**. A Party who has included an exhibit on their Exhibit List that will be subject to a sealing application **must file a placeholder for the exhibit, clearly marked as such**. The placeholder document can simply state "Exhibit Name, Exhibit Brief Description, Party [Name] will file a Motion to Seal regarding Exhibit [Letter]." The Party must still select the exhibit letter corresponding to the exhibit and type in the text field "SEALED Exhibit [Letter]."

        i. Parties must file a motion to seal an exhibit promptly after the filing of the exhibit list and attachments. Any motion to seal must be compliant with the requirements outlined in the *Nineteenth Amended Notice, Case Management and Administrative Procedures* (Docket Entry No. 27218-1 § I.M in Case No. 17-3283) (the "CMO"). **Pursuant to section I.M of the CMO, unredacted copies of the exhibit subject to the motion to seal must be emailed to chambers at SwainDPRCorresp@nysd.uscourts.gov with any proposed redactions highlighted.**

---

[5] The maximum capacity of the U.S. Bankruptcy Court for the District of Puerto Rico CM/ECF System is 20 MB for a single filing.

      ii.    When a Party files a motion to seal, the Party must select the CM/ECF designation "MOTION TO SEAL" or "URGENT MOTION TO SEAL." This is the only CM/ECF Designation that allows the Clerk's Office to unseal the document at a later date. Failure to select the appropriate designation will result in a deficient filing notification and/or termination of the motion.

   e.  **Non-PDF Exhibits**. A Party that has included an exhibit on their exhibit list that cannot be filed through the ECF system because it is a non-PDF document must file a placeholder for the exhibit which includes, where possible, a publicly available link to such non-PDF document. **Parties must also submit an electronic copy of such non-PDF document directly to chambers.** Finally, in order to comply with the Local Civil Rule 39, Parties must submit an electronic copy of any non-PDF exhibits on a USB flash drive to the courtroom deputy clerk for United States District Court for the District of Puerto Rico.

6. **Display of Exhibits or Illustrative Aids[6] in the Courtroom**. To the extent a Party intends to display an exhibit or an illustrative aid at any point during the Hearing, each Party shall contact chambers at SwainDPRCorresp@nysd.uscourts.gov by **3:00 p.m. (Atlantic Standard Time)** on **March 13, 2025**, to receive instructions on technological arrangements. Counsel will be required to bring a personal computer with internet capability to the courtroom on the date of the Hearing and the Party will be responsible for displaying documents. If a Party intends to display something other than a filed exhibit, the Party must file the document as a separate informative motion with the word "Illustrative Aid" in the title no later than **5:00 p.m. (Atlantic Standard Time)** on **March 13, 2025**. The reference material must be attached to the informative motion as a separate, text searchable document. Counsel displaying exhibits or

---

[6] Consistent with Federal Rule of Evidence 107, effective December 1, 2024, the term "illustrative aid" denotes any visual presentations that are not offered as evidence but rather offered to assist the Court in understanding a party's evidence or argument.

illustrative aids must identify which counsel will be responsible for displaying material and bring a personal computer with internet capability to the courtroom on the date of the Hearing.

7. **Agenda**. An agenda outlining the matters to be addressed and the projected timetable for the Hearing shall be filed by Debtors' counsel by **March 17, 2025**. The agenda shall also include (a) the names of the individuals who intend to appear and speak on behalf of each relevant party in connection with each motion or report, (b) the order in which the parties to the relevant motion shall present argument, and (c) time allocations for each party. Debtors' counsel shall file a revised agenda by **12:00 p.m. (Atlantic Standard Time)** on **March 18, 2025**, if circumstances have changed or if requested to do so by the Court. Debtors' counsel shall email a proposed agenda, including preliminary time allocations, to the Court by **March 14, 2025**, at **12:00 p.m. (Atlantic Standard Time)**.

8. **Status Reports**. To further promote transparency and public access to accurate and current information, the Oversight Board and AAFAF shall file written status reports by **5:00 p.m. (Atlantic Standard Time) on March 17, 2025**. The Oversight Board's report shall address (a) the general status of relations among the Oversight Board and the Commonwealth and federal governments, (b) the status of and progress made in the reconciliation and resolution of claims, including the anticipated timing and volume of objections to claims, (c) the general status of the ADR and ACR processes, including the anticipated number of matters to be directed into the ADR process and anticipated timetable for initiation of ADR procedures with respect to such matters, and (d) any other pertinent information regarding the general status and activities of the Oversight Board. AAFAF shall provide a general status report on its status and activities, including an overview of the Commonwealth's ongoing public health and infrastructure restoration activity. At the Hearing,

the Court will ask counsel to the Oversight Board and AAFAF to respond to questions and comments, if any, related to their respective status reports.

9. **Courtroom Procedures**. All persons appearing in person or by telephonic means are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of this prohibition may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The formalities of a courtroom must be observed.

10. **Electronic Device Policy in New York**. Counsel with New York bar credentials are permitted to bring one cellular telephone into the New York courthouse in accordance with the Fifth Amended Standing Order M10-468.[7] Counsel seeking to bring additional electronic devices into the New York Courtroom for the Hearing must complete the Electronic Device General Purpose Form available on the Court's website at https://www.nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose and submit the completed form to the following address: swaindprcorresp@nysd.uscourts.gov by **March 13, 2025**, at **12:00 p.m. (Atlantic Standard Time)**. Such requests must be compliant with S.D.N.Y. Standing Order M10-468. The Court directs counsel's attention to the technical and device usage restrictions detailed in the Fifth Amended Standing Order. Devices may not be used for communications purposes in the courtroom and no recording or transmission of the proceedings is permitted.

---

[7] The Fifth Amended Standing Order is available at https://nysd.uscourts.gov/sites/default/files/2022-04/20mc316%205th%20amd%20standing%20order.pdf.

11. **Electronic Device Policy in Hato Rey Courtroom**. Counsel with Puerto Rico bar credentials are permitted to bring electronic devices into the Hato Rey courthouse. Counsel authorized to appear Pro Hac Vice in the Title III proceedings shall present (i) a paper or hard copy of the order granting Pro Hac Vice admission, and (ii) a current government-issued photo identification.[8] Devices may not be used for communications purposes in the courtroom and no recording or transmission of the proceedings is permitted.

12. **Courthouse Entry Policies**. Persons intending to attend in one of the courthouses should check the relevant court website for up-to-date information and procedures.

SO ORDERED.

Dated: February 25, 2025

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

[8] The electronic devices policy for the United States District Court for the District of Puerto Rico is available at https://promesa.prd.uscourts.gov/electronic-devices-policies.